David K. Schneider (CSB 139288)
YUNKER & SCHNEIDER
655 West Broadway, Suite 1400
San Diego, California 92101
Telephone: (619) 233-5500
Facsimile: (619) 233-5535
Email: dks@yslaw.com

Attorneys for Defendant TRUMP UNIVERSITY, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TARLA MAKAEFF, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TRUMP UNIVERSITY, LLC, a New York Limited Liability Company, and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 10 CV 0940 IEG (WVG)<br><br>DECLARATION OF DAVID K. SCHNEIDER IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S COUNTERCLAIM<br><br>DATE: 8/2/10<br>TIME: 10:30 A.M.<br>CRTM: 1<br>JUDGE: HON. IRMA E. GONZALEZ |
| AND ALL RELATED CROSS-ACTIONS. | |

I, David K. Schneider, declare:

1. I am an attorney duly licensed to practice before the state and federal courts in California, and I am a partner in the law firm of Yunker & Schneider, attorneys for defendant and counterclaimant Trump University, LLC in this matter. I make this declaration of my own personal knowledge, and if called as a witness, I could and would testify competently to the facts stated herein.

2. On June 24, I left the country for a six-day trip with my family. On June 25, plaintiff's counsel, Ms. Eck, sent an email to me requesting documents to be produced the same day. At the time, Ms. Eck knew that I was out of the country, as she had signed a stipulation specifically acknowledging that fact. See Docket No. 12 . Prior to filing her motion, Ms. Eck called my office

apparently to discuss a scheduling issue. She spoke with my secretary, Betsy Bertrand, who again advised Ms. Eck that I was out of the country and unreachable. At no time did Ms. Eck request the documents from my office or Trump University nor advise Ms. Bertrand, or anyone else in my office, that she had sent an email to me requesting those documents.

3. The first time that I saw Ms. Eck's email was after I had returned to the United States, which was after Makaeff filed her motion. I then wrote Ms. Eck to ask whether anyone in my office actually "refused" a request from her about documents, and if not, why she had made that representation to the Court. She acknowledged that she had not asked my office for any documents and apologized for her misrepresentation to the Court. On July 15, I offered to exchange documents with Ms. Eck, but ironically, Ms. Eck refused, stating that plaintiff will produce documents "at the appropriate stage of the litigation."

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed by me on July 19, 2010, in San Diego, California.

/s/ David K. Schneider
David K. Schneider