**Table of Contents of Exhibits**
filed with the Declaration of Amber L. Eck in Support of Plaintiff/Counterdefendant Tarla Makaeff's Motion for Reconsideration of the Court's August 23, 2010 Order Denying Her Motion to Strike Trump University's Counterclaim

| Exhibit | Description | page |
|---|---|---|
| A | Snapshot of the homepage of the Trump University website taken on May 4, 2010; | 1 |
| B | Snapshot of the homepage of the Trump University (now called Trump Initiative) website taken on September 20, 2010; and | 2 |
| C | *Gugliotta v. Morano*, No. CV 2001-05-2114, slip op. (Court of Common Pleas, Summit County, Ohio, dated 2001). | 3 |

# EXHIBIT A



# EXHIBIT B

- My Cart
- Log In or Join Now
- Switch to Canadian Site



Call for a free consultation
888.826.5953

- Home
- Real Estate Investing
- Entrepreneurship
- Investing
- Live Training
- Trump Blog
- My Network

## Exciting News!

**Opportunities for Entrepreneurs Have Never Been Better!**

There is a wealth of opportunities now available to entrepreneurs because of the economic challenges we have all faced over the last few years. In response to your growing need for world-class training to capitalize on these opportunities, we have dramatically increased our commitment to provide YOU – the next generation of entrepreneurs, business builders, and investors - with the hands-on experience and real world skills needed to succeed. We have worked hard to earn your trust and take great pride in our exceptional 98% Student Satisfaction Rating*. Join us today and get started on the path to success.

To celebrate our leadership commitment to the growing entrepreneurial community, we are proud to announce that Trump University has officially changed its name to The Trump Entrepreneur Initiative. The new URL is www.trumpinitiative.com. This change reflects our core mission to empower you with the tools and confidence to achieve your personal and financial goals. Learn to achieve success with the world's most renowned entrepreneur, Donald J. Trump.

**Don't just be an entrepreneur -- Be a Trump Entrepreneur!**

*Based on written survey results from Trump Initiative students upon completion of their 3-day Blueprint Workshop. 80% of Workshop attendees have participated in the survey since 2007.

### Attend a Live Event

Discover new opportunities in some of today's hottest businesses.

Register Here and Attend

### Find Real Estate Deals

Get **Free** access to millions of distressed properties selling for up to **50%** below market value!

Start My Free Trial

### Get Financial Advice

Discover Donald Trump's strategies for wealth creation. Download the 201 Trump Secrets of a Rich Mindset FREE report.

**Get started**
Enter your email  [Go]

About Us Instructors Philosophy Success Stories Trump Insider Newsletter Course Catalog Store Privacy Policy FAQ Contact Us
Copyright © 2010 The Trump Entrepreneur Initiative

# EXHIBIT C

COPY

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | |
|---|---|
| JOHN D. GUGLIOTTA | CASE NO. CV 2001-05-2114 |
| Plaintiff | Judge Patricia A. Cosgrove |
| vs. | ORDER |
| MELISSA MORANO | VOL. 2583 PAGE 0435 |
| Defendant. | |

This cause came before the Court upon a motion for partial summary judgment filed by Defendant Melissa Morano. Plaintiff filed a memorandum in opposition. No request for oral hearing has been made.

Melissa Morano retained Plaintiff, Attorney John D. Gugliotta to provide legal services relating to a potential patent application for an invention idea developed by Morano. According to Morano, she received unsatisfactory legal services from Plaintiff and terminated the relationship. Morano subsequently filed a complaint with the Akron Bar Grievance Committee and a request for investigation with the Better Business Bureau of Akron.

Plaintiff filed the instant suit against Morano alleging defamation per se and defamation per quod. Morano filed a cross complaint against Plaintiff and the Society of American Inventors.

Morano asserts in her motion for summary judgment that the statements made to the Akron Bar Grievance Committee and the Better Business Bureau of Akron were privileged communications and therefore are protected.

Exhibit C
-3-

COPY

VOL. 2583 PAGE 0406

Pursuant to Civ.R. 56(C), the trial court may grant summary judgment where there is no genuine issue as to any material fact. Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346. Summary judgment will be granted if reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made. Id. An issue of fact exists when the relevant factual allegations in the pleadings, affidavits, depositions or interrogatories are in conflict. Link v. Leadworks Corp. (1992), 70 Ohio App.3d 735, 741. A dispute of fact is "material" if it affects the outcome of the litigation, and is "genuine" if demonstrated by substantial evidence going beyond the allegations of the complaint. Burkes v. Stidham (1995), 107 Ohio App.3d 363, 371.

In deciding whether there is a genuine issue of material fact, the evidence must be construed in the nonmoving party's favor. Hannah v. Dayton Power & Light Co. (1998), 82 Ohio St.3d 482, 485. Further, "the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion." Id., citing Turner v. Turner (1993), 67 Ohio St.3d 337, 341. In reviewing the moving party's motion, a trial court should award summary judgment with caution. Nevertheless, a summary judgment is appropriate where a plaintiff fails to produce evidence supporting the essential elements of his claim. Id.

In determining whether to grant summary judgment, this Court is required to determine if material issues of fact are in dispute. In making that determination, the court must construe the evidence and reasonable inferences most strongly in favor of the nonmoving party. The court may not consider the credibility of the affiants or the weight of the evidentiary material. Roger v. Kazee (1983), 10 Ohio App.3d 139, 140. A genuine issue of material fact exists when the

Exhibit C
-4-

COPY

VOL. 2583 PAGE 0407

relevant factual allegations in the pleadings, affidavits, depositions, or interrogatories are in conflict. Duke v. Sanymetal Products Co., Inc. (1972), 31 Ohio App.2d 78, 81.

Akron Bar Greivance Committee

Defendant Morano does not dispute that she made a written complaint to the Akron Bar Grievance Committee relating to the patent work performed by Plaintiff. Ohio recognizes the doctrine of absolute privilege where a statement published in a judicial proceeding cannot serve as the basis of a defamation action so long as the statement bears some reasonable relation to the subject matter of the proceeding. Surace v. Wuliger (1986), 25 Ohio St.3d 229, 232-233. Further, complaints filed with the grievance committee of a local bar association are part of a judicial proceeding. Hecht v. Levin (1993), 66 Ohio St.3d 458, paragraph 1 of the syllabus.

In the case at bar this Court finds that the statements made to the Akron Bar Association Grievance Committee are deemed absolutely privileged. Morano's motion for summary judgment is GRANTED as to the communications with the Akron Bar Grievance Committee.

Better Business Bureau of Akron

Defendant Morano argues that the statements made to the Better Business Bureau of Akron were qualifiedly privileged. For public policy reasons, it has been held that Better Business Bureaus have a qualified privilege against liability for defamation. Patio World v. Better Business Bur., Inc. (1989), 43 Ohio App.3d 6. This means that any communication made by the BBB is privileged, provided that it is made in good faith on a subject matter in which the BBB has an interest, right, or duty, is made to a person having a corresponding interest or duty (the inquiring customers), on a privileged occasion, and in a manner and under circumstances fairly warranted by the occasion and duty, right or interest. Id. at 9 citing Hahn v. Kotten (1975), 43 Ohio St.2d 237.

Exhibit C
-5-

COPY

VOL. 2583 PAGE 0438

Although this case is distinguishable from Patio World in that the BBB is not the defendant in this case but the person making the complaint to the BBB is the named Defendant, this Court finds that the reasoning in Patio World is persuasive. In the case at bar, Morano made a good faith inquiry to the BBB seeking assistance in investigating Plaintiff. Morano did not publish the complaint to any persons other than the BBB and the Akron Bar Association. To find otherwise, from a public policy perspective, would discourage other consumers from contacting the BBB with similar inquiries. Further, there has been no evidence presented that the statements made by Morano were made with actual malice.

Based on the foregoing, Defendant Morano's partial motion for summary judgment as to the claims made to the Better Business Bureau is hereby GRANTED.

This court notes that there remains pending counterclaims against Plaintiff and the Society of American Inventors. No later than December 30, 2001 Defendant's counsel shall notify the Court in writing whether she intends to proceed with the counterclaim in this case.

Furthermore, a Status Conference is hereby set for January 22, 2002 at 9:30 a.m.

**IT IS SO ORDERED.**

_____
**Judge Patricia A. Cosgrove**

cc:  Forrest Norman
     John Gugliotta
     Andrew Kabat

Exhibit C
-6-