UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRUMP UNIVERSITY, LLC, a New York Limited Liability Company, and DOES 1 though 50, inclusive,<br><br>Defendants. | **CASE NO: 10-CV-940-IEG (WVG )**<br><br>**ORDER DENYING PLAINTIFF/ COUNTERDEFENDANT  TARLA MAKAEFF'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 23, 2010, ORDER DENYING HER MOTION TO STRIKE TRUMP UNIVERSITY'S COUNTERCLAIMS**<br><br>[Doc. No. 31] |

By order filed August 23, 2010, the Court denied Plaintiff Tarla Makaeff's motion to strike Trump University's counterclaim against her for defamation pursuant to California's anti-SLAPP statute, California Code of Civil Procedure § 425.16.  Trump University filed an opposition, and Makaeff filed a reply.  This motion is suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1).  For the reasons explained herein, the Court DENIES Plaintiff's motion for reconsideration.

//

//

## BACKGROUND

The factual background of this case is fully set forth in the Court's August 23, 2010, order and will not be repeated herein.

On April 30, 2010, Makaeff filed a putative class action complaint against Trump University, alleging that it engaged in deceptive business practices. Doc. No. 1. On May 26, 2010, Trump University filed a counterclaim against Makaeff for defamation per se. Doc. No. 4. On June 30, 2010, Makaeff filed an anti-SLAPP motion to strike the counterclaim, arguing that Trump University filed that counterclaim to retaliate against her for her exercise of free speech and to intimidate her into dropping her lawsuit. Doc. No. 14. Trump University opposed the motion, and Makaeff filed a reply. Trump University also filed a surreply with leave of the Court. The Court heard oral argument on Makeff's anti-SLAPP motion to strike on August 4, 2010. The Court denied Makaeff's anti-SLAPP motion on August 23, 2010. Doc. No. 24. Makaeff filed the present motion to reconsider on September 20, 2010. Doc. No. 31.

## LEGAL STANDARD

Reconsideration of a previous order is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (internal citation omitted). "'A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (citation omitted).

## DISCUSSION

Makaeff moves for reconsideration pursuant to FED. R. CIV. P. 60(b), arguing that newly discovered facts and law related to the issues of (1) whether Trump University is a public figure for

purposes of its defamation counterclaim, and (2) whether Makeff's allegedly defamatory statements to the BBB and her bank were protected by a common interest privilege, merit the Court's reconsidering its previous decision.

An attempt to reargue an issue does not provide grounds for granting a motion for consideration. Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp., 248 F.3d 892, 898 (9th Cir. 2001) ("Because [defendants] simply reargued their case and offered no basis for withdrawal of the October 19, 1998 order, the district court did not abuse its discretion in denying the motion."). A district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration. Novato Fire Prot. Dist. v. United States, 181 F.3d 1135, 1142 n.6 (9th Cir.1999). Moreover, even assuming the Court erred in its previous order, a refusal to reconsider is not an abuse of discretion "merely because the underlying order is erroneous, rather than clearly erroneous." McDowell v. Calderon, 197 F.3d 1253, 1255 & n.4 (9th Cir.1999).

Makaeff presents neither newly discovered evidence nor an intervening change in controlling law to support her motion. Instead, she attempts to reargue her claim that Trump University is a public figure, and raises for the first time the issue of the "common issue privilege." None of the authorities upon which Makaeff relies were unavailable when she filed her initial motion, when she filed her reply to Trump University's opposition, or when counsel appeared before the Court for oral argument. Makaeff points to no intervening change in the law or to any clear error committed by the Court.

Makaeff has not met the high bar required to merit the extraordinary remedy of reconsideration. Accordingly, the motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

DATED: 12/6/2010

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**