1  David K. Schneider (CSB 139288)
   YUNKER & SCHNEIDER
2  655 West Broadway, Suite 1400
   San Diego, California 92101
3  Telephone: (619) 233-5500
   Facsimile: (619) 233-5535
4  Email: dks@yslaw.com

5  Attorneys for Defendant TRUMP UNIVERSITY, LLC

6

7

8                    **UNITED STATES DISTRICT COURT**

9            **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10  TARLA MAKAEFF, BRANDON            )  Case No. 10 CV 0940 IEG (WVG)
    KELLER, ED OBERKROM, PATRICIA     )
11  MURPHY and SHERI WINKELMANN       )
    on Behalf of Themselves and All Others )  EX PARTE MOTION TO CONFIRM
12  Similarly Situated,               )  APPELLATE STAY OR, IN THE
                                      )  ALTERNATIVE, TO REQUEST STAY
13            Plaintiffs,             )  PENDING APPEAL
                                      )
14  v.                                )
                                      )
15  TRUMP UNIVERSITY, LLC, (aka       )  CTRM: 1
    Trump Entrepreneur Initiative) a New )  JUDGE: Hon. Irma E. Gonzalez
16  York Limited Liability Company, and )
    DOES 1 through 50, inclusive,     )
17                                    )
              Defendants.             )
18  _____  )

19

20            **I.      FACTUAL BACKGROUND**

21        Plaintiff Makaeff, et al. (hereinafter "Makaeff") sued Trump University under various causes

22  of action for essentially what boils down to fraud. Makaeff complains that Trump University did not

23  provide her with the education it promised her. As a result of Makaeff's alleged dissatisfaction with

24  Trump University, Makaeff made a variety of defamatory statements in non-protected forums.

25  Those statements included many unsubstantiated and false allegations of criminal conduct by Trump

26  University. Makaeff repeated these defamatory statements in her Complaint against Trump

27  University, and indeed they form almost the entire factual basis for her Complaint. In response to

28  this defamation, Trump University filed a Counterclaim for defamation against Makaeff.

1    Makaeff attempted to avoid the consequences of her defamatory statements by filing a

2    special Motion to Strike (an anti-SLAPP motion) against Trump University. On August 23, 2010,

3    this Court denied that motion, finding that Trump University had demonstrated the required

4    probability of success on the merits of its defamation case.  On September 20, 2010, Makaeff filed a

5    Motion for Reconsideration that the Court denied on December 6, 2010.  On January 3, 2011,

6    Makaeff appealed this Court's decision to the Ninth Circuit Court of Appeal.

7    Trump University brings this Motion on two grounds: (1) that Makaeff's appeal of this

8    Court's decision on the California anti-SLAPP motion automatically stayed all underlying

9    proceedings; and (2) in the alternative, if there is any question that stay is automatic, then it is

10    appropriate and necessary for this Court to exercise its discretion to issue a stay of the underlying

11    proceedings pending resolution of Makaeff's appeal.

12    **II.    ARGUMENT**

13    **A.    MAKAEFF'S APPEAL SHOULD STAY THE UNDERLYING PROCEEDINGS
        PENDING RESOLUTION OF HER APPEAL.**

14

15    Makaeff's brought her special Motion to Strike under California's anti-SLAPP law,

16    California Code of Civil Procedure section 425.16.  The California Supreme Court, in interpreting

17    this law, has held that an appeal of a denial of an anti-SLAPP motion automatically stays all trial

18    court proceedings.  *Varian Medical Systems, Inc. v. Delfino*, 35 Cal.4th 180, 194.  In so finding, that

19    Court noted that an anti-SLAPP motion, by its very nature, goes to the merits of the case.  Allowing

20    the underlying matter to proceed in the trial court in essence improperly strips the appellate court of

21    its purpose in deciding the appeal.  *Id*.

22    The applicability of *Varian* in federal court has yet to be "formally" decided, because no

23    published federal court decision has ever addressed the question of whether to apply an automatic

24    stay when the denial of an anti-SLAPP motion is appealed.  However, several unpublished decisions

25    — including one in this Court — have decided that it does, and that the reasoning of *Varian* applies

26    with equal force in federal court as in state court.  First, the stay protects the federal appellate court's

27    jurisdiction, just as in state court.  *Id*. at 189.  Second, the trial court proceedings can affect the

28    appellate court proceeding by creating irreconcilable results, just as in a state court.  *Id*. at 190.

1    "Finally, a proceeding affects the effectiveness of the appeal if the very purpose of the appeal is to

2    avoid the need for that proceeding." *Id*. at 191.

3          Further, the applicability of an automatic stay pending the appeal of the denial of an anti-

4    SLAPP motion has already been recognized by the United States District Court for the Southern

5    District of California. *Moser v. Encore Capital Group, Inc*., 2007 U.S. Dist. LEXIS 22970.  In

6    *Moser*, Judge Burns recognized that the automatic stay required by *Varian* was a substantive right

7    and is therefore recognized by a federal court sitting in diversity. *Erie R. Co. v. Tompkins*, 304 U.S.

8    64 (1938).  Thus, an automatic stay was required "upon the causes of action affected by the [anti-

9    SLAPP] motion." *Id*.  This holding was reinforced in *All in Good Faith, Inc. v. Hain Celestial*

10   *Group, Inc*., 2009 WL 4907433, fn. 2 (N.D. Cal. 2009).  In that case, the court held that "[t]he

11   appeal of a ruling on an anti-SLAPP motion imposes an automatic stay of all further trial court

12   proceedings on the merits." *Id*.  Thus, the automatic stay provisions of California law should apply

13   in this case.[1]

14         The scope of the stay in this case should apply to Makaeff's Complaint, as well as to Trump

15   University's Counterclaim.  As *Moser* recognized, **all** causes of action affected by the appeal must

16   be stayed. *Moser*, 2007 U.S. Dist. LEXIS 22970.  Makaeff has asked the appellate court to find that

17   Trump University is not likely to succeed on the merits of its Counterclaim; that is, to declare that

18   her statements were not defamatory.  Because those same statements also form the basis of virtually

19   all of her causes of action against Trump University, the claim and counterclaim are inextricably

20   interwoven, and the decision of the appellate court will materially affect **all** of the underlying

21   proceedings.

22         For example, Makaeff's Complaint alleges that Trump University engaged in criminal

23   conduct by applying for credit in the names of its students, without the knowledge or permission of

24

---

25   [1]      In fact, only one federal case considering *Varian* has not applied an automatic stay.  In *Flores*
26   *v. Fike*, 2007 WL 963282, the United States District Court for the Eastern District of California held
     that Varian did not require an automatic stay in federal court.  However, the *Flores* court justified its
27   holding by noting that while an automatic stay <u>is</u> appropriate when the appeal is from the <u>denial</u> of
     an anti-SLAPP, in *Flores*, the anti-SLAPP motion had been granted.  In this case, of course, the anti-
28   SLAPP motion was denied.  Therefore, *Flores* is inapplicable to this case.

1   those students.  Trump University, in its Counterclaim, maintains that that statement is false and

2   defamatory.  The appellate court's determination whether Trump University is likely to prevail on its

3   argument (i.e., that this statement is false), will affect the manner in which Trump University

4   defends itself against Makaeff's claims.

5   **B.      IN THE ALTERNATIVE, TRUMP UNIVERSITY REQUESTS THAT THIS COURT EXERCISE ITS DISCRETION TO STAY THE UNDERLYING PROCEEDINGS.**

6

7        In the event this Court has any question that the appellate stay is automatically applicable in

8   the Federal District Court, Trump University respectfully requests that this Court exercise its

9   discretion to stay all proceedings in the underlying matter.  This Court has "inherent power to

10  control the disposition of the causes on its docket in a manner which will promote economy of time

11  and effort for itself, for counsel, and for litigants."  *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th

12  Cir. 1972).  Moreover, it is well established that the District Court has the authority to stay matters

13  before it pending appeal of interlocutory issues.  *U.S. v. El-O-Pathic Pharmacy*, 192 F.2d 62, 79 (9th

14  Cir. 1951).  A stay may be issued when the moving party demonstrates: (1) a probability of success

15  on the merits; (2) the likelihood of irreparable injury to the moving party if the stay isn't granted; (3)

16  that the balance of equities is in favor of moving party; and (4) that a stay is in the public interest.

17  *Winter v. National Resources Defense Council, Inc.*, 555 U.S. 7 (2008).

18       Trump University has already twice demonstrated to this Court a probability that it will

19  succeed on the merits of this case — on Makaeff's original anti-SLAPP motion and on her Motion

20  for Reconsideration.  Indeed, the basis of the appeal here is that this Court has determined that there

21  is a likelihood that Trump University will prevail in its claims against Makaeff.  Therefore, this

22  factor already has been met.

23       Trump University in also likely to suffer irreparable injury if this stay is not granted.

24  Makaeff has filed another amended Complaint against Trump University.  This Second Amended

25  Complaint, which improperly seeks to add Donald Trump as a Defendant, requires a response by

26  January 31.  Defendants will be forced to incur the time and expense to respond to the SAC, which

27  will inevitably involve the filing of one or more Motions with this Court. These expenses, which

28  include attorney's fees, are not recoverable as monetary damages, and thus constitute irreparable

1    injury.  *See*, *e.g*., *California Pharmacist's Assn. v. Maxwell-Jolly*, 563 F.3d 847, 851-52 (9th Cir.

2    2009) (where the law prohibits recovery of monetary damages, the damage is considered

3    irreparable).  Additionally, Trump University will be irreparably damaged if it is prevented from

4    proceeding on its Counterclaim while Makaeff is allowed to proceed on her Complaint.  Both the

5    Complaint and the Counterclaim are factually dependent on the false and defamatory statements

6    made by Makaeff.  If the entire matter is not stayed, Trump University will be hampered in

7    preparing its defense because it will be blocked from developing evidence which constitutes both

8    proof of its Counterclaim and its defense to Makaeff's Complaint.

9           The balance of equities in this case also favors a stay.  Makaeff chose to file her anti-SLAPP

10   motion, and to file an appeal after that Motion was denied.  Makaeff will suffer no inequity if this

11   case is stayed, especially because the Ninth Circuit has set a relatively quick briefing schedule for

12   the appeal, with briefing scheduled to be complete by May of this year — roughly 120 days.  Trump

13   University, on the other hand, will suffer prejudice if the case is not stayed in its entirely.  Again,

14   this is especially true if Makaeff is to argue that the Counterclaim is stayed while her Complaint is

15   not.[2]  The issues in the Complaint and Counterclaim are completely interwoven.  If action on the

16   Counterclaim is stayed, and action on the Complaint allowed to go forward, Trump University in

17   essence loses the right to defend itself against the Complaint by proving Makaeff's statements to be

18   false.  At best, Trump University could be forced into duplicative discovery once it is again free to

19   pursue its case.

20          Finally, a stay is in the public interest as it will avoid a potential waste of this Court's time

21   and resources.  As noted in the *Moser* case, when, as here, issues are interwoven, it is simply not

22   economical to engage in piecemeal litigation.  The issue on appeal is potentially dispositive of

23   several issues in the underlying matter.  Failure to stay the underlying case could result in

24   unnecessary and duplicative litigation, which is not in the public interest.

25

26   _____

27   [2]       In the unlikely event that the Ninth Circuit reverses and dismisses the Counterclaim, Trump
     University will have spent time and money prosecuting its case, thus it makes sense economically,
28   practically and equitably to stay the entire case until the appeal is resolved.

EX PARTE MOTION TO CONFIRM APPELLATE STAY OR, IN THE ALTERNATIVE, TO REQUEST STAY
PENDING APPEAL

1   Trump University is entitled to a stay of the underlying case pending the appeal of the denial

2   of Makaeff's anti-SLAPP motion.  This appeal encompasses issues at the heart of both Makaeff's

3   Complaint and Trump University's Counterclaim.  Trump University has already demonstrated the

4   probability that it will succeed on the merits of its suit.  Failure to stay the underlying action will

5   result in irreparable harm to Trump University, is inequitable and against the public interest.  Trump

6   University therefore requests that this Court stay the underlying action in its entirety pending

7   resolution of Makaeff's appeal.

8   **C.   TRUMP UNIVERSITY'S MOTION IS CORRECTLY HEARD ON AN EX PARTE BASIS BECAUSE TRUMP UNIVERSITY WILL BE IRREPARABLY DAMAGED**

9   **BEFORE A REGULARLY NOTICED MOTION COULD BE HEARD.**

10   As set forth in the accompanying declaration of David K. Schneider, Trump University

11   brings this motion on an ex parte basis in good faith and not due to any error on the part of Trump

12   University.  Makaeff's Notice of Appeal was filed on January 3, 2011.  This Motion has been

13   brought as soon as practical after that date.  Trump University's response to Makaeff's Second

14   Amended Complaint is due to this Court on January 31, 2011.[3]

15   At this time, defendants anticipate that their response will include a 12(b)(6) Motion and a

16   Motion to Quash Service on Donald J. Trump.  Trump University will be irreparably harmed if it

17   forced to either assume, without confirmation from this Court, that the appeal has automatically

18   stayed the underlying case or to respond to the Second Amended Complaint when the response is not

19   necessary at this time.

20   Trump University has, in good faith, notified opposing counsel in writing of its intent to

21   bring this ex parte Motion.

22   For the reasons stated above, Trump University requests that this Court either confirm the

23   automatic stay with respect to the entire underlying action or exercise its discretion to issue a stay in

24   the interest of justice.

25   / / /

26

27   [3]   Makaeff has offered new defendant Donald J. Trump until February 15, 2011, to respond to the SAC, if he does not object to jurisdiction.  Otherwise, a responsive pleading by Donald J. Trump

28   is due on January 31, 2011.  A response to the SAC by Trump University is also due by January 31.

EX PARTE MOTION TO CONFIRM APPELLATE STAY OR, IN THE ALTERNATIVE, TO REQUEST STAY
PENDING APPEAL

1

### III.   CONCLUSION

2       It is clear from the face of the Complaint and Counterclaim in this matter that the statements

3  upon which Makaeff bases her causes of action against Trump University are the same statements

4  which Trump University alleges are false and defamatory.  Staying the entire matter pending a

5  resolution of Makaeff's appeal is required under *Varian* and *Moser*.  Moreover, a complete stay will

6  promote economy of time and effort for all parties and this Court by allowing resolution of issues

7  underlying the entire case prior to proceeding on any remaining issues.  Thus, Trump University also

8  requests this Court to exercise its discretion to stay the entire case if the law of *Varian* is in any

9  doubt.

10       A stay of only the Counterclaim effectively provides plaintiffs with a significant and unfair

11  advantage in the case to pursue all of their causes of action, while limiting Trump University from a

12  full defense and from pursuing its own Counterclaim.  If Trump University is essentially

13  "hamstrung" from a full defense as well as prosecution of its own claim, it is certain that there will

14  be duplicative effort and expense, irrespective of the Ninth Circuit's ultimate determination.  On the

15  other hand, there is no prejudice to plaintiffs to stay all proceedings pending plaintiffs' appeal –

16  whether as a matter of law, or discretion, or both.

17

18                                          Respectfully submitted,

19  Dated:      January 10, 2011               YUNKER & SCHNEIDER

20                                          By:    s/ David K. Schneider
                                            Attorneys for Defendant and Counterclaimant
21                                          TRUMP UNIVERSITY, LLC
                                            E-mail: dks@yslaw.com
22

23

24

25

26

27

28

Case No. 10 CV 0940 IEG (WVG)
EX PARTE MOTION TO CONFIRM APPELLATE STAY OR, IN THE ALTERNATIVE, TO REQUEST STAY
PENDING APPEAL