1
2
3
4
5
6

ZELDES & HAEGGQUIST, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
HELEN I. ZELDES (220051)
helenz@zhlaw.com
ALREEN HAEGGQUIST (221858)
alreenh@zhlaw.com
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

7
8
9
10
11

ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
PAULA M. ROACH (254142)
proach@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

12

Attorneys for Plaintiffs and Proposed Class

13

UNITED STATES DISTRICT COURT

14

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated, ) Plaintiffs, ) vs. ) TRUMP UNIVERSITY, LLC, et al., ) Defendants. ) _____ ) TRUMP UNIVERSITY, LLC, ) Counterclaimant, ) vs. ) TARLA MAKAEFF, et al., ) Counterdefendants. ) _____ ) | No. 3:10-cv-00940-IEG(WVG)  CLASS ACTION  PLAINTIFF/COUNTERDEFENDANT TARLA MAKAEFF'S OPPOSITION TO TRUMP UNIVERSITY'S EX PARTE MOTION TO CONFIRM APPELLATE STAY OR, IN THE ALTERNATIVE, TO REQUEST STAY PENDING APPEAL  CRTM: 1 JUDGE: Honorable Irma E. Gonzalez |

594171_1

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................1

II.    DEFENDANT'S MOTION TO STAY SHOULD BE DENIED .......................................2

    A.    Federal Procedural Law Governs Plaintiff Makaeff's Appeal ..............................2

    B.    Makaeff's Appeal Does Not Affect Plaintiffs' Class Claims ..............................4

    C.    Defendant Has Not Met Its Burden of Demonstrating a Discretionary Stay of Plaintiffs' Class Claims Is Justified ..........................................................8

        1.    Trump University Has Not Shown a Likelihood on the Success as to *Plaintiffs' Class Claims* ...........................................................8

        2.    Trump University Will Not Suffer Irreparable Harm if the Stay Is Denied ..................................................................................9

        3.    The Balance of Equities Clearly Weigh in Favor of Plaintiffs .................10

        4.    A Stay of the Entire Class Action Is Not in the Public Interest.................10

III.    CONCLUSION...................................................................................11

# TABLE OF AUTHORITIES

**Page**

## CASES

*All One God Faith, Inc. v. Hain Celestial Group, Inc.*,
   No. 09-CV-03517-JF (HRL), 2009 WL 4907433
   (N.D. Cal. Dec. 14, 2009) ........................................................................4

*Batzel v. Smith*,
   333 F.3d 1018 (9th Cir. 2003) ...............................................................3, 5

*Cal. Pharmacists Ass'n v. Maxwell-Jolly*,
   563 F.3d 847 (9th Cir. 2009) ....................................................................8

*Caribbean Marine Servs. Co., Inc. v. Baldrige*,
   844 F.2d 668 (9th Cir. 1988) ....................................................................9

*Flores v. Emerich & Fike*,
   No. 05-CV-0291 OWW DLB, 2007 WL 963282
   (E.D. Cal. Mar. 29, 2007) .........................................................................4

*Greensprings Baptist Christian Fellowship Trust v. Cilley*,
   No. 09-16924, 2010 U.S. App. LEXIS 26217
   (9th Cir. Dec. 27, 2010) .........................................................................3, 5

*Hilton v. Hallmark Cards*,
   580 F.3d 874, 599 F.3d 894 (9th Cir. 2010) .............................................3

*Los Angeles Mem'l Coliseum Comm'n v. NFL*,
   634 F.2d 1197 (9th Cir. 1980) ..................................................................9

*Makaeff v. Trump Univ., LLC*,
   No. 10-CV-940-IEG (WVG), 2010 WL 3341638
   (S.D. Cal. Aug. 23, 2010) ..........................................................................7

*Midgett v. Tri-County Metro. Transp. Dist.*,
   254 F.3d 846 (9th Cir. 2001) ....................................................................9

*Mindys Cosmetics, Inc. v. Dakar*,
   611 F.3d 590 (9th Cir. 2010) .................................................................2, 3

*Moser v. Encore Capital Group, Inc.*,
   No. 04CV2085-LAB, 2007 U.S. Dist. LEXIS 22970
   (S.D. Cal. Mar. 29, 2010) ................................................................. *passim*

*Price v. Stossel*,
   590 F. Supp. 2d 1262 (C.D. Cal. 2008) ....................................................3

                                                                              **Page**

*Skrtich v. Thornton*,
    280 F.3d 1295 (11th Cir. 2002) ...........................................................10

*Tribal Village of Akutan v. Hodel*,
    859 F.2d 662 (9th Cir. 1988) ................................................................8

*Varian Medical Sys. v. Delfino*,
    35 Cal. 4th 180 (2005) ............................................................... *passim*

*Verizon Del., Inc. v. Covad Communs. Co.*,
    377 F.3d 1081 (9th Cir. 2004) ..............................................................3

*Will v. Hallock*,
    546 U.S. 345 (2006)...........................................................................5

*Winter v. NRDC, Inc.*,
    555 U.S. 7, 129 S.Ct. 365 (2008)........................................................8, 9

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 26(f) ..........................................................................................9
    Rule 56(f) ..........................................................................................3

Federal Rules of Appellate Procedure
    Rule 4(a)(4) .......................................................................................2

California Code of Civil Procedure
    §425.16...............................................................................................3
    §425.16(b)(3) .....................................................................................5
    §425.16(g)..........................................................................................3
    §425.16(i)...........................................................................................3
    §916...................................................................................................4
    §916(a) ..............................................................................................5

**SECONDARY AUTHORITIES**

Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial 13-222
    (The Rutter Group 2010) .....................................................................8

## I.      INTRODUCTION

Defendant Trump University's "motion to confirm appellate stay" misleadingly suggests there is an automatic stay of all trial proceedings in this matter pending Plaintiff Makaeff's appeal of the Court's collateral orders denying her anti-SLAPP motion.  Defendant's motion relies on faulty premises concerning federal practice and procedure and misstates California cases interpreting California state procedural rules.  *See* Ex Parte Motion to Confirm Appellate Stay or, in the Alternative, to Request Stay Pending Appeal ("Def's Mtn"), at 2 (relying on *Varian Medical Sys. v. Delfino*, 35 Cal. 4th 180 (2005)).  Federal procedural rules govern stays in this Court, not California procedural rules.

Further, the authorities upon which Trump University's motion relies clearly limit any stay to only those "***causes of action affected by the motion***" that is subject of the appeal.[1]  *Varian*, 35 Cal. 4th at 186.  However, as explained herein, the anti-SLAPP orders are collateral to, and completely independent of, the underlying class claims in this action.  The ***only*** cause of action affected by the motion in question is Trump University's counterclaim for defamation pending against Tarla Makaeff.  As such, the Court should limit the stay to Trump University's defamation counterclaim which is the subject of the anti-SLAPP motion on appeal.

Trump University has no basis for contending that the appeal affects any other claims in this action.  Indeed, none of Plaintiffs' consumer protection and contract-based class claims concerning Trump University's failure to provide promised educational and mentoring services hinges on whether or not Plaintiff Makaeff is immune from Trump University's defamation suit under the anti-SLAPP statute.  Nor do any of Plaintiffs' claims relating to Defendants' misrepresentations and omissions to the consuming public have anything to do with whether one plaintiff – Tarla Makaeff – later made any "defamatory" statements about Trump University to her bank or the Better Business Bureau ("BBB").

---

[1]      Here, as elsewhere, emphasis is added and citations are omitted, unless otherwise noted.

1    Similarly, Trump University has no credible argument that the claims of Plaintiffs Brandon

2    Keller, Ed Oberkrom, and Patricia Murphy – none of whom were countersued for defamation – are

3    affected by Makaeff's anti-SLAPP motion now up on appeal.[2]  Nor is there any basis in law or fact

4    for imposing a stay as to Plaintiffs' claims against a different defendant – Donald Trump.

5    Finally, this Court should not grant a discretionary stay as to any of Plaintiffs' claims.

6    Trump University has not carried its burden of demonstrating that the preconditions for a

7    discretionary stay are met here.  Further, any stay should be strictly confined to Defendant's

8    defamation counterclaim against Tarla Makaeff.  An indeterminate stay of Plaintiffs' class claims

9    having nothing to do with the anti-SLAPP motion or the defamation counterclaim that is the subject

10   of the appeal would cause great prejudice to the Plaintiffs and the putative Class.

11   The Court should not entertain Trump University's dilatory tactics.  Plaintiffs should be

12   permitted to proceed with the timely and orderly prosecution of their class claims.  Thus, Plaintiffs

13   respectfully request that the Court deny Trump University's motion to stay, except as it pertains to

14   Defendant's defamation counterclaim against Plaintiff Makaeff.

15   **II.    DEFENDANT'S MOTION TO STAY SHOULD BE DENIED**

16   **A.    Federal Procedural Law Governs Plaintiff Makaeff's Appeal**

17   Trump University's motion to "confirm appellate stay" improperly seeks to apply California

18   procedural rules to Plaintiff Makaeff's appeal of the anti-SLAPP orders.  Trump University seizes

19   upon California law which provides that many types of appeals in California court, including appeals

20   of anti-SLAPP denials, automatically stay proceedings as to the claims affected by the appeal.

21   Federal procedural rules rather than California rules govern these proceedings.  Indeed,

22   Makaeff's appeal arises under the federal collateral-order doctrine.  *See* Dkt. No. 43 at 1 n.1 (citing

23   *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010); F.R.A.P. 4(a)(4)).  In *Mindys*,

24

25   [2]    Trump University fails to use the proper caption for its counterclaim, which is limited to
26   Plaintiff Makaeff and instead refers to all Plaintiffs collectively as "Makaeff" in its moving papers.
     It thus attempts to sweep in the other Plaintiffs into its stay motion.  However, the claims of the other
27   Plaintiffs are not properly included in Defendant's motion and should not be lumped in with Ms.
     Makaeff because there is no defamation claim pending against the other Plaintiffs.

28

the Ninth Circuit held it had "jurisdiction to review the district court denial of [plaintiff's] anti-SLAPP motion under the collateral order doctrine." 611 F.3d at 595 (relying on *Hilton v. Hallmark Cards*, 580 F.3d 874, 599 F.3d 894, 900 (9th Cir. 2010); *Batzel v. Smith*, 333 F.3d 1018, 1024-26 (9th Cir. 2003)). Similarly, in *Batzel*, the Ninth Circuit found that, while "[i]n California state court, denial of an anti-SLAPP motion is immediately appealable" pursuant to California Code of Civil Procedure ("C.C.P.") §425.16, in federal court, the appeal arises under federal law. *See* 333 F.3d at 1024.

In *Greensprings Baptist Christian Fellowship Trust v. Cilley*, No. 09-16924, 2010 U.S. App. LEXIS 26217 (9th Cir. Dec. 27, 2010), the Ninth Circuit held it lacked jurisdiction to entertain an appeal from a grant of an anti-SLAPP motion (as opposed to denial) because the appellant's dispute with the district court's propriety of allowing leave to amend did not meet the stringent standard for a collateral order. *See id.* at *16. Notably, the Ninth Circuit held as such, despite the provision of C.C.P. §425.16(i), that "[a]n order granting or denying a special motion to strike shall be appealable under Section 904.1." C.C.P. §425.16(i). In *Verizon Del., Inc. v. Covad Communs. Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004), the Ninth Circuit refused to apply California procedural rules *specifically* pertaining to an anti-SLAPP motion where they differed from federal procedural rules. *See id.*; *Price v. Stossel*, 590 F. Supp. 2d 1262, 1270 (C.D. Cal. 2008) (applying Fed. R. Civ. P. 56(f) instead of C.C.P. §425.16(g) to anti-SLAPP motion).

Accordingly, federal courts follow federal procedural rules for an appeal from an anti-SLAPP order, not California procedural law. Tellingly, in none of the Ninth Circuit cases adjudicating an appeal from an anti-SLAPP order did the court refer to an automatic stay of proceedings pending that appeal. The reason is fairly obvious – such a stay is a California procedural device of general applicability rather than a substantive right created by the anti-SLAPP statute.

Trump University's citation to *Moser v. Encore Capital Group, Inc.*, No. 04CV2085-LAB (WMc), 2007 U.S. Dist. LEXIS 22970 (S.D. Cal. Mar. 29, 2010), is off base. *See* Def's Mtn at 3. In *Moser*, the court found a stay was appropriate where it served California's public policy of providing immunity from suit for parties subjected to a SLAPP suit. *See Moser*, 2007 U.S. Dist. LEXIS 22970. That is, the stay prevented the target of a SLAPP suit from having to defend against that suit

1    during the pendency of an appeal concerning the same claim. As the court noted in *Varian*, "[t]he

2    point of the anti-SLAPP statute is that you have a right **not to be dragged through the courts**

3    because you exercised your constitutional rights." 35 Cal. 4th at 193 (partial emphasis in original).

4    These protections apply to the petitioner until "obtaining a definitive judgment through the appellate

5    process." *Id*.

6          Here, the only party with standing to assert that a stay is appropriate to protect her

7    substantive rights under the anti-SLAPP statute is Tarla Makaeff. Trump University, as the party

8    that ***filed*** the alleged SLAPP suit in the form of a defamation counterclaim, has no standing under

9    *Moser* or otherwise to argue it is entitled to a stay.[3] Accordingly, the Court should not find a stay is

10   appropriate as to claims pending ***against*** Trump University because it has no substantive right to

11   assert such a stay under the anti-SLAPP statute.[4] However, under *Moser*, 2007 U.S. Dist. LEXIS

12   22970, the Court may decide it is appropriate to stay the one claim that ***is*** affected by the appeal –

13   Trump University's counterclaim for defamation against Plaintiff Tarla Makaeff.

14         **B.     Makaeff's Appeal Does Not Affect Plaintiffs' Class Claims**

15         Even if a stay of Trump University's counterclaim is appropriate, there is no basis in law or

16   fact to justify a stay of Plaintiffs' class claims against Trump University (much less Donald Trump).

17   Indeed, C.C.P. §916 provides that only those matters "embraced" within the appeal should be stayed:

18

19   _____

20   [3]     Defendant cites *Flores v. Emerich & Fike*, No. 05-CV-0291 OWW DLB, 2007 WL 963282,
     at *7 (E.D. Cal. Mar. 29, 2007), as the only federal case considering *Varian* yet did not apply an
21   automatic stay . Def's Mtn at 3. In fact, the court in *Flores* did grant a stay pending the anti-SLAPP
     appeal, but Plaintiffs agree that it is distinguishable. In *Flores*, plaintiffs were pro se litigants facing
22   the possibility of having a large attorneys' fee award entered against them under the anti-SLAPP
     statute. The court found that, while a district court ***may*** hear and decide an attorneys' fee petition
23   while an appeal is pending, it is not required to do so. The court ruled that fairness dictated that the
     attorneys' fee motion be stayed while plaintiffs appealed the partial judgment.

24   [4]     Defendant cites *All One God Faith, Inc. v. Hain Celestial Group, Inc.*, No. 09-CV-03517-JF
25   (HRL), 2009 WL 4907433 (N.D. Cal. Dec. 14, 2009), for the proposition that an automatic stay is
     required when an anti-SLAPP order is appealed. Def's Mtn at 3. However, this Court should not
26   rely on *Hain* as it merely dropped a footnote, without analysis, citing *Varian* for the proposition that
     the appeal of an anti-SLAPP order stays proceedings on the order appealed from. *Id.* at *2 n.2. *Hain*
27   also cited C.C.P. §916 which provides that "the trial court may proceed upon any other matter
     embraced in the action and not affected by the judgment or order." *See* C.C.P. §916.

28

[T]he perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby . . . but the ***trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order***.

C.C.P. §916(a).

In *Varian*, the court confirmed that the automatic stay in California does not reach causes of action ***not*** affected by the appeal. *See Varian*, 35 Cal. 4th at 189. In determining whether a claim is affected by the appeal, the court "must consider the appeal and its possible outcomes in relation to the proceeding and its possible results." *Id.* The question is whether, if the underlying claim proceeded, it "'would have any effect on the "effectiveness" of the appeal.'" *Id.* "'If so, the proceedings are stayed; if not, the proceedings are permitted.'" *Id.* "An appeal does not stay proceedings on "'ancillary or collateral matters which do not affect the judgment or order on appeal."'" *Id.* at 182.

Here, Plaintiffs' underlying class claims are ***not*** affected by Ms. Makaeff's anti-SLAPP appeal and thus cannot be stayed under *Varian* and its progeny. Significantly, the Ninth Circuit's jurisdiction over Makaeff's appeal arises under the ***collateral-order doctrine precisely because it is independent and separate from the underlying claims***. *See Greensprings Baptist Christian Fellowship Trust*, 2010 U.S. App. LEXIS 26217, at *6-*7. The collateral-order doctrine permits the Ninth Circuit to "review 'a "'small class'" of rulings, not concluding the litigation, but conclusively resolving "'claims of right ***separable from, and collateral to***, rights asserted in the action.'"'" *Id.* (quoting *Will v. Hallock*, 546 U.S. 345, 349 (2006)).

The Ninth Circuit has found that anti-SLAPP motions are covered by the collateral-order doctrine because denial of such motions "resolves a question separate from the merits in that it merely finds that such merits may exist, with-out evaluating whether the plaintiff's claim will succeed." *Batzel*, 333 F.3d at 1025; *see also* C.C.P. §425.16(b)(3) ("If the court determines that the plaintiff has established a probability that he or she will prevail on the claim, neither that determination nor the fact of that determination shall be admissible in evidence at any later stage of the case . . . ."). In fact, "[t]he purpose of an anti-SLAPP motion is to determine whether the defendant is being forced to defend against a meritless claim." *Batzel*, 333 F.3d at 1025.

1    Given that the very jurisdictional basis for the anti-SLAPP appeal is that it is collateral from

2  the underlying claims, it is incongruous to say that Plaintiffs' underlying claims are sufficiently

3  embraced by the appeal to justify a stay.   In fact, Plaintiffs' consumer class claims against

4  Defendants Trump University and Donald Trump will be unaffected by what the Ninth Circuit does

5  on appeal.   For example, if the Ninth Circuit reverses, Plaintiffs' claims will still proceed, but

6  without Trump University's defamation counterclaim against Makaeff.   Alternatively, if the Ninth

7  Circuit affirms, the class action will still go forward – the only difference being that Trump

8  University's counterclaim against Makaeff will also proceed.

9    Further, except with respect to the defamation counterclaim, there is no danger of

10  inconsistent outcomes.   *See Varian*, 35 Cal. 4th at 189.   Regardless of whether or not the Ninth

11  Circuit finds that Makaeff is immune from the defamation counterclaim, this Court cannot possibly

12  make an inconsistent ruling as to any of Plaintiffs' class claims.   Indeed, Plaintiffs' claims alleging

13  Defendants failed to provide promised services have nothing to do with whether Ms. Makaeff is

14  immune from a defamation suit.   Likewise, if Plaintiffs prevail on their class claims, and Trump

15  University and Donald Trump are found liable, such a result is not irreconcilable with any outcome

16  on Makaeff's interlocutory appeal as to the anti-SLAPP motion.

17    The cases cited by Trump University are easily distinguishable.   For example, in *Varian*, an

18  employer fired an employee for harassing co-workers, and other employees then posted derogatory

19  messages about the employer on the Internet.   35 Cal. 4th at 186.   Thereafter, Varian sued the

20  employees for libel and related claims.   *Id.* at 187-88.   The employees filed an anti-SLAPP motion,

21  which was denied, and they then appealed the anti-SLAPP order.   However, there, the issues on

22  appeal were co-extensive with the underlying claims because all of the claims were subject to the

23  anti-SLAPP motion.   As such, the California Supreme Court found the "anti-SLAPP motions

24  encompassed all of plaintiff's causes of actions," and thus "all of the matters on trial were embraced

25  in and affected by defendants' appeal from the denial of that motion." *Varian*, 35 Cal. 4th at 200.

26    Similarly, in *Moser*, a lawyer sued a former client for defamation, and the defendant filed an

27  anti-SLAPP motion, which was denied.   The defendant thereafter appealed.   In staying the

28  underlying defamation claims, the court found: "Should the Ninth Circuit grant the Anti-SLAPP

1   Defendants' appeal and strike the claims against them, much of Plaintiff's case against them would

2   effectively be gone." *Moser*, 2007 U.S. Dist. LEXIS 22970, at *9.  Further, the court stated: "Should

3   the Ninth Circuit grant the appeal, all Plaintiffs claims at the very least would be substantially

4   affected, and, Plaintiff would likely need to amend his complaint." *Id.*  "Thus, virtually all

5   Plaintiff's claims against the Anti-SLAPP Defendants are affected by the matters appealed." *Id.* at

6   *10. Here, by contrast, regardless of whether the Ninth Circuit affirms or reversed on appeal as to

7   the anti-SLAPP motion, Plaintiffs' underlying class claims will remain unaffected, and they will not

8   need to amend their Complaint in anyway.

9        Trump University says that Plaintiffs' claims are "inextricably interwoven" with its

10   defamation counterclaim against Ms. Makaeff because her allegedly defamatory statements "form

11   the basis of virtually all her causes of action against Trump University." *See* Def's Mtn at 3.  This is

12   not true.  The three allegedly defamatory statements highlighted in the anti-SLAPP order as false are

13   Makaeff's statements that Trump University engaged in: (1) grand larceny; (2) identity theft; and (3)

14   the unsolicited taking of personal credit information and opening credit cards without approval. *See*

15   *Makaeff v. Trump Univ., LLC*, No. 10-CV-940-IEG (WVG), 2010 WL 3341638, at *6 (S.D. Cal.

16   Aug. 23, 2010).  None of these statements appears in the Second Amended Complaint.  Further,

17   Makaeff has submitted a declaration stating that she made each of these statements about a separate

18   entity – Trump Institute.  *Id.* at *7.  Thus, regardless of whether the Ninth Circuit finds Makaeff

19   should be immune from Trump University's defamation suit, such findings have ***no bearing*** on

20   Plaintiffs' underlying class claims.

21        The Second Amended Complaint asserts consumer protection and common law claims

22   brought by four different plaintiffs on behalf of consumers nationwide alleging that Trump

23   University and Donald Trump failed to deliver promised services as to costly real estate seminars

24   and mentoring services.  This Court should reject Trump University's attempt to characterize its

25   defamation counterclaim as in anyway interwoven with Plaintiffs' underlying claims.

26        In sum, Plaintiffs' class claims are not "embraced in or affected by" Makaeff's appeal of the

27   Court's anti-SLAPP orders.  The only claim that should be stayed is ***Trump University's***

28   ***counterclaim for defamation*** in that it is the subject of Plaintiff Makaeff's appeal and the Ninth

1   Circuit could decide on appeal that it is a meritless claim and should not proceed at all.  There is no

2   basis in law or fact for staying Plaintiffs' underlying class claims.

3   **C.    Defendant Has Not Met Its Burden of Demonstrating a Discretionary**
        **Stay of Plaintiffs' Class Claims Is Justified**

4

5   Trump University also requests a discretionary stay of the entire litigation pending Makaeff's

6   appeal of the anti-SLAPP orders.  Def's Mtn at 4-6.  However, Defendant fails to carry its burden in

7   showing such a discretionary appeal is warranted.

8   In ruling on a motion for stay of an interlocutory order pending appeal, the court applies the

9   same standard for considering a motion for preliminary injunction.  *See Tribal Village of Akutan v.*

10   *Hodel*, 859 F.2d 662, 663 (9th Cir. 1988); Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed.

11   Civ. Pro. Before Trial 13-222 (The Rutter Group 2010).   As Defendant acknowledges, to grant a

12   discretionary stay, the moving party (Trump University) must establish: (1) a likelihood of success

13   on the merits; (2) a likelihood of irreparable harm to it if the stay is not granted; (3) that the balance

14   of the equities are in their favor; *and* (4) that a stay is in the public interest.  *See Winter v. NRDC,*

15   *Inc.*, 555 U.S. 7, 129 S.Ct. 365 (2008); *Cal. Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 849

16   (9th Cir. 2009).  Here, Defendant has failed to meet its burden to establish *any* of these factors, much

17   less all four requirements.

        **1.    Trump University Has Not Shown a Likelihood on the Success**
           **as to** ***Plaintiffs' Class Claims***

18

19   Trump University contends that it has "already twice demonstrated to this Court a probability

20   that it will succeed on the merits of this case."  Def's Mtn at 4.  However, its statement is misleading

21   because it can only possibly pertain to the anti-SLAPP motion.  If it is Trump University's position

22   that it has demonstrated the probability of success on its defamation counterclaim, then that is the

23   only claim that may be stayed pending the appeal of the anti-SLAPP orders.

24   As to the class claims against Trump University, this Court has not yet made a determination

25   of the merits of those claims.  However, this Court has largely upheld Plaintiffs' class claims from

26   attack by Defendant Trump University on its motion to dismiss.  *See* Dkt. No. 33.  Trump University

27   has not, and cannot, show a likelihood of success as to Plaintiffs' underlying class claims.

28

2.     **Trump University Will Not Suffer Irreparable Harm if the Stay Is Denied**

Further, Trump University has not shown irreparable harm.  A party seeking a stay must demonstrate that irreparable injury is ***likely*** in the absence of relief.  *See Winter*, 129 S. Ct. at 375. The possibility of irreparable harm is not sufficient as it is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Id.* at 375-76.  Instead, the movant must demonstrate "irreparable harm."  *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).  Irreparable harm in the indefinite future is not enough.  *Midgett v. Tri-County Metro. Transp. Dist.*, 254 F.3d 846, 850-51 (9th Cir. 2001).

Trump University argues it will be "irreparably damaged" if the class action is allowed to continue while the appeal is pending.  Def's Mtn at 4-6.  Its motives in moving to stay are transparent – this Court upheld in great part Plaintiffs' claims and Trump University now seeks to delay the class action litigation before it progresses further and before Donald Trump is required to respond to the claims against him.  Having to answer for alleged wrongdoing in the context of litigation, however, does not constitute "prejudice" or justify a stay in this case.  Moreover, Donald Trump has no standing to assert a harm that would be occasioned as to an appeal he is not party to.

Defendant also argues that if it has to prepare a response to the Second Amended Complaint, it will be "irreparably damaged" by incurring attorneys' fees.  Def's Mtn at 4-5.  However, the Ninth Circuit has made clear that monetary harm alone does not constitute irreparable harm.  *See Los Angeles Mem'l Coliseum Comm'n v. NFL*, 634 F.2d 1197, 1202 (9th Cir. 1980).

Finally, contrary to its claims, Trump University will not be "hampered in preparing its defense" in this action if the underlying claims allowed to proceed.  *See* Def's Mtn at 5.  As pointed out above, the class claims against Trump University will proceed whatever the result of the pending appeal.  Defendant could not plausibly defend against Plaintiffs' class action claims concerning its failure to deliver promised educational and mentoring services by pointing to Ms. Makaeff's alleged defamatory statements to her bank disputing credit card charges or to the BBB.  In any event, Plaintiffs stand willing and available for a Federal Rule of Civil Procedure 26(f) conference after which time both Plaintiffs and Defendants may proceed with discovery.  Defendants may serve

1    discovery requests related to their defenses to the allegations of the Second Amended Complaint;

2    they will certainly not be "blocked from developing evidence" as to those matters.

3    In sum, Trump University has failed to show that it will be irreparably harmed if this class

4    action is allowed to continue while Plaintiff Makaeff's anti-SLAPP appeal is pending.

5    **3.       The Balance of Equities Clearly Weigh in Favor of Plaintiffs**

6    Trump University has also failed to demonstrate that the balance of equities weighs in favor

7    of a stay of all proceedings pending a collateral interlocutory appeal involving one plaintiff.  In

8    contrast, Plaintiffs and Class Members would be substantially prejudiced by the delay caused if their

9    consumer class claims were stayed while the appeal is pending.  In fact, a stay would substantially

10   prejudice them by delaying their class claims for an indeterminable period of time, against not just

11   Trump University, but as to a Defendant not even involved in the appeal – Donald Trump.  *See*

12   *Skrtich v. Thornton*, 280 F.3d 1295, 1307 n.12 (11th Cir. 2002) ("[D]elay may work to the

13   disadvantage of the plaintiff . . . .   Witnesses may become unavailable, memories may fade,

14   attorneys fees and costs accumulate, and a deserving plaintiff's recovery may be delayed.  Delay is

15   also costly to the court system, demanding more time and energy from the court and retarding the

16   disposition of cases.").

17   In addition, it appears from Trump University's website and from the investigation of

18   consumers who have taken Trump University courses and contacted Trump University that it has

19   discontinued all live seminars and may be in an uncertain financial condition.  Therefore, time is of

20   the essence in allowing this class action to proceed by Plaintiffs against Defendants.

21   As for Defendant's contention that there should be minimal delay because this appeal should

22   be resolved quickly, with briefing to be completed by May 2011 (Def's Mtn at 5), this is simply

23   untrue.  Civil appeals in the Ninth Circuit seldom are heard within a year after they are docketed.

24   **4.       A Stay of the Entire Class Action Is Not in the Public Interest.**

25   Finally, Trump University has not carried its burden of showing a stay of these entire

26   proceedings is in the public interest.  Generally, the purpose of a stay pending an anti-SLAPP appeal

27   is to prevent the target of a SLAPP suit from having to defend against that suit while the appeal is

28   pending.  *Varian*, 35 Cal. 4th at 193.  But, as aforementioned, these protections are simply not

1  applicable to a party who *files* the alleged SLAPP suit – here, Trump University.  It has no right to

2  stay all proceedings against it because it later countersued one of the class representatives for

3  defamation.  Indeed, if a stay were granted, a corporate defendant in any consumer class action could

4  delay the entire case by bringing a counterclaim against a class representative to derail the litigation.

5  This would cause severe and irreparable damage to not just Plaintiffs in this case, but to all Class

6  Members and the consuming public on behalf of whom this case has been brought.

7       As for Defendant's contention based upon *Moser*, 2007 U.S. Dist. LEXIS 22970, that a stay

8  will "avoid a potential waste of this Court's time and resources," *Moser* is factually inapposite

9  because the appeal substantially affected every claim pending below.  Def's Mtn at 5.  Here, as

10  explained previously, any ruling by the Ninth Circuit on appeal will not affect the class claims

11  against Defendants.  The class claims will go forward regardless of whether the Ninth Circuit affirms

12  or reverses the anti-SLAPP orders.  Thus, there is no dispositive effect as to the underlying class

13  claims that may result from the Ninth Circuit's decision as to whether Ms. Makaeff should be

14  immune from Trump University's counterclaim for defamation.

15       In sum, the public interest favors denying a stay as to all claims other than Trump

16  University's counterclaim for defamation against Plaintiff Makaeff.

17  **III.**  **CONCLUSION**

18       For the reasons stated herein, Plaintiff Tarla Makaeff respectfully requests that the Court

19  deny Defendant Trump University's ex parte motion to stay this action pending the appeal of the

20  anti-SLAPP Orders, but requests that the Court grant the motion only as to Trump University's

21  defamation counterclaim against Plaintiff Tarla Makaeff.

22  DATED:  January 19, 2011          Respectfully submitted,

23                       ZELDES & HAEGGQUIST, LLP

                     HELEN I. ZELDES

24                       ALREEN HAEGGQUIST

                     AMBER L. ECK

25

26

                              s/ Amber L. Eck

27                       AMBER L. ECK

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

625 Broadway, Suite 906
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN
PAULA M. ROACH
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Attorneys for Plaintiffs and Proposed Class

1    <u>CERTIFICATE OF SERVICE</u>

2         I hereby certify that on January 19, 2011, I authorized the electronic filing of the foregoing

3    with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

4    the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5    caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

6    CM/ECF participants indicated on the attached Manual Notice List.

7         I certify under penalty of perjury under the laws of the United States of America that the

8    foregoing is true and correct.  Executed on January 19, 2011.

9

10                                  s/ Amber L. Eck
                                   AMBER L. ECK

11                                 AMBER L. ECK
                                   ZELDES & HAEGGQUIST, LLP
12                                 625 Broadway, Suite 906
                                   San Diego, CA  92101
13                                 Telephone:  619/342-8000
                                   619/342-7878 (fax)
14
                                   E-mail:ambere@zhlaw.com
15

16

17

18

19

20

21

22

23

24

25

26

27

28

594171_1

## Mailing Information for a Case 3:10-cv-00940-IEG -WVG

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amber Lee Eck**
  ambere@zhlaw.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Paula M. Roach**
  proach@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **David Keith Schneider**
  dks@yslaw.com,dscardino@reedscardino.com,ewb@yslaw.com,mlokey@reedscardino.com,efb@yslaw.com,jjohnson@reedscardino.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)