1   David K. Schneider (CSB 139288)
     YUNKER & SCHNEIDER
2   655 West Broadway, Suite 1400
     San Diego, California 92101
3   Telephone:  (619) 233-5500
     Facsimile:   (619) 233-5535
4   Email: dks@yslaw.com

5   Attorneys for Defendant TRUMP UNIVERSITY, LLC

6

7

8                        **UNITED STATES DISTRICT COURT**

9                   **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10  TARLA MAKAEFF, BRANDON                )   Case No. 10 CV 0940 IEG (WVG)
     KELLER, ED OBERKROM, and              )
11  PATRICIA MURPHY, on Behalf of         )   MEMORANDUM OF POINTS AND
     Themselves and All Others Similarly   )   AUTHORITIES IN SUPPORT OF
12  Situated,                             )   DEFENDANT TRUMP UNIVERSITY,
                                            )   LLC'S MOTION TO STRIKE UNDER
13              Plaintiffs,                )   FEDERAL RULE OF CIVIL
                                            )   PROCEDURE 12(f)
14  v.                                    )
                                            )   DATE:   3/21/11
15  TRUMP UNIVERSITY, LLC, (aka           )   TIME:    10:30 a.m.
     Trump Entrepreneur Initiative) a New  )
16  York Limited Liability Company,       )
     DONALD J. TRUMP, and DOES 1           )
17  through 50, inclusive,                )
                                            )
18              Defendants.                )
                                            )

19

20          Defendant Trump University hereby brings this Motion to Strike portions of Plaintiffs'

21  Second Amended Complaint as being irrelevant and immaterial to the matters before this Court. This

22  motion is brought in conjunction with Trump University's 12(b)(6) Motion to Dismiss the Second

23  Amended Complaint ("SAC"), filed concurrently.

24                        **I.      LEGAL STANDARDS**

25          Federal Rule of Civil Procedure 12(f) provides that a party may move to strike a portion of a

26  complaint when that portion is "redundant, immaterial, impertinent or scandalous." Material is

27  considered redundant not only when it is duplicative, but when it is "wholly foreign to the issues

28  involved." *California Dept. of Toxic Substances Control v. Alco Pacific, Inc.,* 217 F.Supp. 1028,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TRUMP UNIVERSITY,
LLC'S MOTION TO STRIKE UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(f)

1033.  An allegation is considered to be immaterial when it has "no bearing on the controversy before the court." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993).  In this case, Plaintiffs' 60 page, 170 paragraph SAC contains numerous allegations completely unrelated to Trump University, the causes of action or both.  Further, the SAC contains allegations unrelated to the questions before this Court.  When it is clear that the portion sought to be stricken "could have no possible bearing on the subject matter of the litigation," the motion should be granted.  *LeDuc v. Kentucky Central Life Ins. Co.,* 814 F. Supp. 820, 830 (N.D. Cal. 1992).

**II.     PLAINTIFFS' ALLEGATIONS REGARDING TRUMP UNIVERSITY'S ALLEGED ATTEMPTS TO TARGET SENIOR CITIZENS SHOULD BE STRICKEN AS REDUNDANT AND IMMATERIAL BECAUSE THIS COURT HAS ALREADY DISMISSED THE CLAIM FOR ELDER ABUSE.**

In this Court's ruling on the 12(b)(6) Motion on the First Amended Complaint ("FAC"), the Court dismissed Plaintiffs' cause of action for elder abuse and denied Plaintiffs' request to amend the Complaint to add additional Plaintiffs.  (ECF No. 33, p. 13, ll.9-11.)  Despite this ruling, the Second Amended Complaint continues to allege that Trump University "targeted" seniors.  Given that there is no cause of action for elder abuse in the SAC, or any other cause of action which would single out senior citizens, these allegations are redundant and immaterial to the SAC and should be stricken.  Trump University therefore requests that all references to senior citizens be removed from the SAC, including, but not limited to, Paragraph 12, Paragraph 35, and Paragraph 38 (phrase "including the elderly").

**III.    PLAINTIFFS' ALLEGATIONS REGARDING THE CRIMINAL AND FRAUDULENT ACTIONS OF A THIRD PARTY, NOT A PARTY TO OR RELATED TO ANY PARTY TO THIS COMPLAINT, SHOULD BE STRICKEN AS REDUNDANT AND IMMATERIAL.**

Plaintiff contends that a real estate agent in Las Vegas "fraudulently and illegally altered the real estate documents" in a transaction involving Makaeff.  SAC, ¶ 66.  However, as Makaeff is aware, the agent involved, Noah Herrera, **was not an agent or employee of Trump University.**  Trump University is in no way liable for any purported criminal or fraudulent conduct by Herrera.  Any allegations of improper conduct by Herrera are "wholly foreign" to the SAC.  The allegations regarding Herrera are therefore immaterial and Paragraph 66 of the SAC should be stricken.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TRUMP UNIVERSITY, LLC'S MOTION TO STRIKE UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(f)

1

2
3

### IV.   PLAINTIFFS' ALLEGATIONS REGARDING PATRICIA MURPHY SHOULD BE STRIKEN AS IRRELEVANT BECAUSE MURPHY NEVER ATTENDED NOR PAID FOR ANY TRUMP UNIVERSITY COURSE.

4        Finally, Trump University requests that all references to Patricia Murphy be stricken from the

5    SAC as Murphy is not a proper Plaintiff.  As Plaintiffs and their counsel are well aware, Murphy has

6    never taken a course nor paid for a course by Trump University.  Instead, she attended two real

7    estate seminars offered by the "Trump Institute," a completely separate corporation that has no

8    affiliation with Trump University.  (ECF No. 16_3, ¶ 7.)  Murphy is therefore not a proper plaintiff

9    in this action against Trump University and should have been dismissed by Plaintiffs.  Trump

10   University therefore requests that all reference to Murphy, including Paragraph 27, be stricken from

11   the SAC.

12                                   ### V.   CONCLUSION

13       Trump University respectfully requests that the Court strike the irrelevant and immaterial

14   allegations in the Second Amended Complaint identified above.

15   Dated:      February 1, 2011                    YUNKER & SCHNEIDER

16

17                                          By:    s/David K. Schneider
                                                   David K. Schneider
18                                                 Attorneys for Defendant
                                                   TRUMP UNIVERSITY, LLC

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TRUMP UNIVERSITY,
LLC'S MOTION TO STRIKE UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(f)