David K. Schneider (CSB 139288)
YUNKER & SCHNEIDER
655 West Broadway, Suite 1400
San Diego, California 92101
Telephone: (619) 233-5500
Facsimile: (619) 233-5535
Email: dks@yslaw.com

Attorneys for Defendant TRUMP UNIVERSITY, LLC

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, BRANDON KELLER, ED OBERKROM, and PATRICIA MURPHY, on Behalf of Themselves and All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>v.<br><br>TRUMP UNIVERSITY, LLC, (aka Trump Entrepreneur Initiative) a New York Limited Liability Company, DONALD J. TRUMP, and DOES 1 through 50, inclusive,<br><br>     Defendants. | Case No. 10 CV 0940 IEG (WVG)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TRUMP UNIVERSITY, LLC'S MOTION TO DISMISS UNDER RULES 12(b)(6) AND 9(b)<br><br><br>DATE:  3/21/11<br>TIME:  10:30 a.m. |

### I.    INTRODUCTION

Defendant Trump University brings this Motion to Dismiss Second Amended Complaint under Federal Rules of Civil Procedure 12(b)(6) and 9(b). This Court heard and resolved many issues with Plaintiffs' First Amended Complaint on October 10, 2010, when it decided Trump University's Motion to dismiss the First Amended Complaint. After that decision, Plaintiffs filed a Second Amended Complaint ("SAC"). Unfortunately, the SAC fails to resolve several of the same defects of the First Amended Complaint, and indeed creates a new issue regarding Plaintiffs' breach of contract causes of action.

/ / /

The Court may recall the facts of this matter as they have been fully briefed in the previous 12(b)(6) motions and Plaintiff's Anti-SLAPP motions. For purposes of judicial economy, Trump University will not repeat them here.

## II. MAKAEFF'S CAUSE OF ACTION FOR VIOLATION OF NEW YORK'S GENERAL BUSINESS LAW SECTION 349 IS BARRED AS A MATTER OF LAW BECAUSE THE COMPLAINT FAILS TO ALLEGE THE EXISTENCE OF A NEW YORK PLAINTIFF OR AN UNFAIR ACT TAKING PLACE IN NEW YORK

Plaintiffs' cause of action for violation of New York's General Business Law fails because, as this Court has already recognized, Plaintiff Patricia Murphy, an alleged resident of New York now, did not contract for or attend any Trump University classes in New York. (ECF No. 33, fn. 5.) In fact, as Plaintiffs and their counsel are well aware, Murphy never attended or paid for **any** class or seminar offered by Trump University, LLC. Instead, Murphy attended real estate seminars offered by a different company — completely unrelated to Trump University — and only in Florida and Philadelphia.[1] (ECF No. 16_3, ¶7.)

Section 349(a) provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service **in this state** are hereby declared unlawful." New York courts consistently have held that this law applies only to New York residents when the deceptive act occurs within New York. *Goshen v. Mutual Life Ins. Co. of New York*, 98 N.Y.2d 314, 324 (Ct.App. N.Y. 2002) ("the transaction in which the consumer is deceived must occur in New York" and protections of New York Business Law § 349 not available to Florida resident.); *Wiener v. Unumprovident Corp.*, 202 F.Supp.116, 120 (S.D. N.Y. 2002) (New Jersey resident who received benefits from insurance policy in New Jersey could not sue under section 349 even though insurance application was submitted in New York); *Scott v. Bell Atlantic Corp.*, 726 N.Y.S.2d 60, 63 (N.Y. App. Div. 2001) (court dismissed § 349 claim of non-New York residents who did not receive services within New York State).

/ / /

---

[1] Plaintiffs have already conceded that plaintiff Patricia Murphy attended programs only in Philadelphia and Florida. (See, ECF No. 25, p. 8.)

1  In this case, Murphy attended programs in Florida and Pennsylvania only, not in New York.
2  Further, there is no allegation in the SAC that any Plaintiff attended Trump University programs in
3  the State of New York which potentially would subject it to the terms of section 349(a).  Thus, there
4  is simply no basis in the SAC to support a cause of action for an alleged violation of New York law.
5  Accordingly, this cause of action must be dismissed.

6  **III.  MAKAEFF'S CAUSES OF ACTION FOR NEGLIGENT MISREPRESENTATION,
     FRAUD AND FALSE PROMISES SHOULD BE DISMISSED UNDER RULE 9(b)
7    BECAUSE, EVEN AFTER THREE ATTEMPTS, SHE STILL CANNOT PLEAD
     THESE CAUSES OF ACITON WITH SUFFICIENT PARTICULARITY AND
8    RELIACE WAS IMPOSSIBLE, AS A MATTER OF LAW**

9  This Court's ruling on Trump University's 9(b) Motion to Dismiss the First Amended
10 Complaint ("FAC") found that Makaeff's fraud allegations had not been pled with sufficient
11 particularity.  This Court stated:  "it is not clear from the FAC to which Plaintiffs they were made
12 and when." (ECF No. 33, p. 8, ll.20-21.)  This fatal defect still exists in the SAC.
13 As an example, Paragraph 87 of the SAC states: "At the free seminar, Keller was told that if
14 he signed up for the $1,500 seminar, he was guaranteed to make $5,000 to $10,000 within 30 days to
15 cover the cost of the seminar.  He did not."  Plaintiffs still do not identify the speaker or the
16 circumstances in which the statement was made nor whether the speaker even was a Trump
17 University employee.  Despite Plaintiffs' argument to the contrary, the statement also highlights that,
18 indeed, Plaintiffs apparently do seek damages for a "guaranteed" return on their money, despite
19 Plaintiffs' specific written confirmation <u>in the contract</u> that Trump University does not and cannot
20 guarantee outcomes or success.
21 Similarly, Paragraph 135 of the SAC alleges that representations regarding mentoring were
22 made "at the [$35,000] seminars" between August 2008 and December 2009.  Again, the identities
23 of the speakers are not identified nor whether they "represent" Trump University.  Perhaps more
24 importantly, Plaintiffs allege that these representations were made <u>at</u> the $35,000 seminars, **after she**
25 **had purchased the seminar.**  Plaintiffs could not reasonably have relied on these statements <u>for any</u>
26 <u>purpose</u> when the statements were made <u>after</u> she purchased the seminars.
27 Under California law, a fraud cause of action requires that a plaintiff actually rely upon the
28 alleged misrepresentations.  *Conrad v. Bank of America*, 45 Cal.App.4th 133, 157.  Further, reliance

can be decided as a matter of law when reasonable minds can come to only one conclusion based on the facts. *City Solutions, Inc. v. Clear Channel Communications*, 365 F.3d 835, 840 (9th Cir. 2004). It is impossible for a reasonable mind to find that Plaintiffs relied on representations made after they took the relevant actions; that is, after Plaintiffs had already signed up and paid for the courses.

See also SAC at Paragraph 138, which alleges similar purported comments by unknown speakers that Donald Trump "hand-picked" mentors. Even assuming that Trump University representatives made these statements, they cannot be the basis of a fraud cause of action because Plaintiffs <u>already</u> had purchased the product and thus <u>could</u> not have relied on them for any purpose, let alone as an inducement to contract with Trump University.

The SAC is rife with further examples of these similar defects. For example:

- Paragraph 15, which claims that Trump University misrepresented the experience of their instructors, but does not say who made any representation about the instructors' experience, when these representations were allegedly made, or even if any of the Plaintiffs heard these representations, much less relied upon them;

- Paragraphs 42 and 47, which claim Trump University promised a one year apprenticeship, apparently in addition to the one year mentoring, but again fails to mention who made the representation, when, and to whom, nor how representations <u>after</u> purchasing the seminar could be a basis for fraudulent inducement;

- Paragraph 75, which claims Trump University promised "in-person mentoring," but again fails to mention who made the representation, when, and to whom, nor how representations <u>after</u> purchasing the seminar could be a basis for fraudulent inducement;

- Paragraph 155, which alleges Trump University committed fraud by violating FTC "regulations and guidelines," but fails to identify who at Trump University allegedly committed this fraud, when the fraud allegedly was committed, or even which FTC "regulations and guidelines were supposedly violated!

Trump University is entitled to know exactly what purported "wrongdoing" is alleged in order to be able to defend itself against the complaints levied against it by Plaintiffs. After three

tries, Plaintiffs still cannot identify who made the purported misrepresentations or when, or how Plaintiffs possibly could have relied on the statements since they had purchased the product before they ever heard them.

Furthermore, Plaintiffs now admit that some representations were limited to certain seminars (i.e., at the $35,000 Gold Program) thus excluding Plaintiff Keller, Oberkrom and Murphy altogether from these causes of action. This concession further highlights that a "class" action is virtually impossible to maintain since – by Plaintiffs' own admission — different instructors made different representations to different attendees at different seminars.

Given the state of the pleadings, Trump University still cannot determine if these statements were made before or after Plaintiffs signed their respective contracts, which contain a waiver and disclaimer of any oral representations. Such questions are obviously critical to Trump University's defense, and are the reason why fraud causes of action must be plead with particularity. *Concha v. London*, 62 F.3d 1493, 1502 (9th Cir. 1995) ("The purpose of this rule is to ensure that defendants accused of the conduct specified have adequate notice of what they are alleged to have done, so they may defend against the allegations beforehand.").

The allegations of conduct against Trump University are simply too vague and general to support the three fraud causes of action. As currently alleged, they also fail as a matter of law. These three causes of action should be dismissed.

### IV.  MAKAEFF'S CAUSES OF ACTION RELATING TO BREACH OF CONTRACT SHOULD BE DISMISSED BECAUSE THE TERMS OF THE CONTRACT CANNOT BE DETERMINED FROM THE FACE OF THE COMPLAINT.

This Court considered Trump University's arguments against the breach of contract claims on its 12(b)(6) Motion on the FAC, mostly in the context of the educational malpractice claim. This Court also stated, "although the FAC could certainly be more precise as to the terms of the contract, the FAC sets forth 'enough facts to state a claim to relief that is plausible on its face'." (ECF No. 33, p. 6, ll 16-17, citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).) Trump University respectfully submits that the changes made in the SAC strip away even that thin veneer of plausibility.

Plaintiffs acknowledge the existence of a written contract between the parties, but have now added even more vague "terms" to the alleged oral "portion" of the contract, including "unlimited mentoring for an entire year" (SAC, ¶ 47); "in-person" mentoring for a year (SAC, ¶ 75); a guarantee of an income of $10,000 per month (SAC, ¶ 52); and a full one-year apprenticeship in addition to the mentoring (SAC, ¶¶ 42 and 47). Not one of these "terms" appears in the written contract. How can Plaintiffs plausibly allege <u>new</u> oral contract terms <u>nine months</u> after filing their original complaint? Trump University wonders what the alleged oral portion of the contract will look like in a Third Amended Complaint, or at trial.

Plaintiffs' claim to relief based on contract cannot be plausible when the terms of the alleged contract are a moving target. If Plaintiffs cannot <u>clearly</u> and <u>completely</u> allege the oral terms of the alleged contract, Trump University certainly cannot fairly defend itself on the contract claims. Therefore, the contract causes of action should be dismissed. Alternatively, Plaintiffs must be required to clarify whether they are suing on a written or oral contract, and if oral — or even partially oral — to specify <u>all</u> of the terms, who made them and when.

## V. THE CAUSE OF ACTION FOR FALSE ADVERTISING MUST BE DISMISSED AS TO PLAINTIFF MAKAEFF

In its ruling on the 12(b)(6) Motion on the FAC, this Court found that Plaintiffs had not stated a cause of action as to Plaintiff Makaeff for False Advertising. (ECF No. 33, p. 12, ll. 16-19.) Specifically, this Court found no allegations that Makaeff had been solicited by or relied on advertising by Trump University. (ECF No. 33, p. 12, ll. 22-24.). This is still the case in the SAC. See SAC, ¶ 24. Plaintiffs fail, however, to indicate in their SAC that the False Advertising claim is brought only by Plaintiffs Keller and Oberkrom.[2] Trump University therefore requests that the Court confirm that Makaeff is not a party to this cause of action.

/ / /

/ / /

---

[2] Patricia Murphy is not a proper Plaintiff in this case, as she has taken no classes from Trump University. Her claim of False Advertising is therefore irrelevant. That claim is addressed in the accompanying Motion to Strike.

**VI.   CONCLUSION**

Plaintiffs' cause of action for violation of New York's General Business Law fails as a matter of law because no Plaintiff meets the residency requirement of the statute.

After three times, Plaintiffs' misrepresentation causes of action remain vague.  In addition, the Second Amended Complaint still fails to satisfy the minimum pleading requirements to show reliance, since the purported misrepresentations were made <u>after</u> each Plaintiff contracted and therefore could not have been the basis to inducement the Plaintiffs to enter a contract.

Finally, Plaintiffs should be required to <u>finally</u> allege exactly <u>all</u> the terms of the oral contract, when the purported oral contract was made, and between whom.

Dated:      February 1, 2011                           YUNKER & SCHNEIDER


                                                       By:    <u>s/David K. Schneider</u>
                                                              David K. Schneider
                                                              Attorneys for Defendant
                                                              TRUMP UNIVERSITY, LLC