# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, BRANDON KELLER, ED OBERKROM, PATRICIA MURPHY, and SHERI WINKELMANN on Behalf of Themselves and All Others Similarly Situated,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>TRUMP UNIVERSITY, LLC, (aka Trump Entrepreneur Initiative) a New York Limited Liability Company, DONALD J. TRUMP, and DOES 1 though 50, inclusive,<br><br>　　　　　　　　Defendants. | **CASE NO: 10-CV-940-IEG (WVG)**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT/ COUNTERCLAIMANT TRUMP UNIVERSITY'S MOTION FOR A STAY PENDING APPEAL**<br><br>[Doc. No. 46] |
| TRUMP UNIVERSITY, LLC, (aka Trump Entrepreneur Initiative),<br><br>　　　　　　　　Counterclaimant,<br><br>vs.<br><br>TARLA MAKAEFF, and ROES 1 though 10, inclusive,<br><br>　　　　　　　　Counterdefendants. | |

　　　Presently before the Court is Defendant/Counterclaimant Trump University's request for a stay of these proceedings pending resolution of Plaintiff/Counterdefendant Tarla Makaeff's anti-SLAPP

appeal.  For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Trump University's motion.

## BACKGROUND

The factual background of this case is set forth in detail in the Court's August 23, 2010, order. [Doc. No. 24.]   The Court recounts herein only those facts necessary to decide Trump University's motion.  Plaintiffs filed this putative class action against Trump University, alleging various claims related to consumer fraud, deceptive business practices, and breach of contract.  Trump University filed a counterclaim for defamation against *one* of the named plaintiffs, Ms. Tarla Makaeff.[1]  [Doc. No. 4.] The alleged defamation includes statements claiming that Trump University engaged in consumer fraud, deceptive business practices, and breaches of contract. [See id.] Plaintiffs' action against Trump University is based on the same claims of fraud, deceptive practices, and breach of contract.  [Doc. No. 41.]  Trump University further alleges that Makaeff defamed it by stating that it also engaged in "brainwashing," teaching criminal behavior, and various other acts of criminality.  [See Doc. No. 4; Doc. No. 24.]

Makaeff moved to strike the counterclaim, alleging Trump University filed its counterclaim to retaliate against her for her exercise of free speech and to intimidate her into dropping her lawsuit in violation of California's anti-SLAPP statute, California Code of Civil Procedure § 425.16.  [Doc. No. 14.] The Court denied Makaeff's motion and her subsequent motion to reconsider, [Doc. Nos. 24 & 40], and Makaeff appealed.  [Doc. No.43.]  Trump University now moves to stay these proceedings pending resolution of Makaeff's appeal.  [Doc. No. 46.]

## DISCUSSION

**I.       Automatic Stay Pending Anti-SLAPP Appeals Under California Law**

Trump University argues that because California law imposes an automatic stay on trial proceedings when the denial of an anti-SLAPP motion is appealed, the Court should stay all proceedings in this case.  Plaintiffs argue, first, that the automatic stay under California law is a

---

[1] At the time Trump University filed its counterclaim, Makaeff was the only named plaintiff in what was still a putative class action. [Doc. No. 1.] First and Second Amended Complaints have since been filed, both of which name additional Plaintiffs.  However, Trump University has not filed counterclaims against any Plaintiff other than Tarla Makaeff.

2

procedural rule and thus does not bind this Court. Second, Plaintiffs argue that, if this Court should stay any proceedings pending Makaeff's appeal, the stay should only affect Trump University's counterclaim against Makaeff.

### A. *Legal Standard*

A Strategic Lawsuit Against Public Participation ("SLAPP") is a civil action "in which the plaintiff's alleged injury results from petitioning or free speech activities by a defendant that are protected by the federal or state constitutions." Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1109 (9th Cir. 2003). California's anti-SLAPP statute immunizes a party subject to a SLAPP suit from being "dragged through the courts [for] exercising [her] constitutional rights." Varian Med. Sys. v. Delfino, 35 Cal. 4th 180, 186 (2005). The statute therefore allows for "early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." Vess, 317 F.3d at 1109.

Under California law, an appeal of a denial of an anti-SLAPP motion automatically stays further trial court proceedings on causes of action related to the motion. Varian Med. Sys. v. Delfino, 35 Cal. 4th 180, 186 (2005). California's anti-SLAPP statute provides substantive immunity from suit, which a federal court sitting in diversity must recognize. Moser v. Encore Capital Group, Inc., 2007 WL 1114113, at *2 (S.D. Cal. Mar. 27, 2010) (citing Erie R. Co. v. Tompkins, 304 U.S. 64 (1938)). The Court therefore looks to state law to determine the scope of the automatic stay.

"In determining whether a proceeding is embraced in or affected by the appeal, [the Court] must consider the appeal and its possible outcomes in relation to the proceeding and its possible results." Id. at 189 (citation omitted). An anti-SLAPP appeal "does not stay proceedings on ancillary or collateral matters which do not affect the judgment or order on appeal even though the proceedings may render the appeal moot." Id. at 191, 195 & n.8

### B. *Trump University's Counterclaim Against Makaeff*

To permit proceedings on Trump University's counterclaim against Makaeff to continue would risk mooting her anti-SLAPP appeal by eliminating the need for immunity from suit. Varian, 35 Cal. 4th at 190 ("[A] proceeding affects the effectiveness of the appeal if the very purpose of the appeal is to avoid the need for that proceeding."). Accordingly, the Court **GRANTS** Trump University's

motion to stay proceedings on its counterclaim against Makaeff pending resolution of Makaeff's appeal.

### C. *Plaintiffs' Claims Against Trump University*

Trump University argues that proceeding on Plaintiffs' claims while the counterclaim against Makaeff is stayed may cause it to engage in duplicative discovery and to incur additional expenses related to litigation. But the rationale behind the anti-SLAPP statute is clear: to protect *parties targeted by SLAPP suits* from being forced to waste time and other resources defending against those suits. Varian, 35 Cal. 4th at 192 ("Because these meritless lawsuits seek to deplete the *defendant's* energy and drain his or her resources, the Legislature sought to prevent SLAPPs by ending them early and without great cost *to the SLAPP target*.") (emphasis added) (internal quotation marks and citations omitted). Here, the party that brought the alleged SLAPP suit, Trump University, invokes the anti-SLAPP statute to seek a stay. The anti-SLAPP statute does not protect the proponent of the alleged SLAPP suit. See Flores v. Fike, 2007 WL 963282, at *7 n.6 (E.D. Cal. Mar. 29, 2007) ("The purpose of the Anti-SLAPP statute, to prevent parties from being dragged through the courts because they exercised their constitutional rights, does not protect Plaintiffs, who filed the state law claims that are the subject of the Anti-SLAPP motion."); see also Varian, 35 Cal. 4th at 192-96 (discussing the purpose of the anti-SLAPP statute and noting that, because the statute protects defendants, its automatic stay provision may subject plaintiffs to delay or additional litigation costs). Trump University's concerns are not relevant in deciding the breadth of the automatic stay pending Makaeff's anti-SLAPP appeal.

Moreover, Makaeff's appeal raises issues distinct from those in Plaintiffs' claims. Regardless of the outcome of the appeal, Plaintiffs' claims will survive. Similarly, no potential resolution of Plaintiffs' claims can render the entire appeal moot. For example, no possible finding on Plaintiffs' allegations will address Makaeff's allegedly defamatory statements that Trump University engaged in "brainwashing," teaching criminal behavior, or any acts of criminality beyond those underlying Plaintiffs' claims. Thus, the Court need not stay Plaintiffs' claims pending the appeal. See Varian, 35 Cal. 4th at 191, 195 & n.8 (anti-SLAPP appeals do not stay proceedings on collateral matters).

Accordingly, the Court **DENIES** Trump University's motion to apply the automatic stay to proceedings on Plaintiffs' claims.

## II.     Discretionary Stay Pending Makaeff's Appeal

Trump University moves in the alternative for the Court to, in its discretion, stay all proceedings pending Makaeff's appeal. "A stay is not a matter of right, even if irreparable injury might otherwise result." Nken v. Holder, 129 S. Ct. 1749, 1761 (2009) (internal quotations omitted). Rather, the decision to grant or deny a stay is committed to the trial court's sound discretion. Id. To trigger exercise of that discretion, the moving party must demonstrate that the circumstances justify a stay. Id.

The Court looks to four factors in deciding whether a stay is appropriate: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 1756 (internal quotation marks omitted).

The first two factors—likelihood of success on the merits and irreparable injury—are the "most critical" in evaluating a request for a stay. Nken, 129 S. Ct. at 1761. A party seeking a stay must show more than "some possibility" of each of the first two factors. Id. The Court only considers the final two factors—harm to the opposing party and the weight of the public interest—if the movant satisfies the first two. Id. at 1762.

Trump University points to the Court's denial of Makaeff's anti-SLAPP motion to strike as evidence that it is likely to succeed on the merits of its counterclaim and in its defense against Plaintiffs' claims. [Doc. No. 46, at 4.] This, however, is insufficient.

First, the order denying Makaeff's anti-SLAPP motion preliminarily addressed the viability of Trump University's counterclaim only. The Court has not yet evaluated the merits of any of Plaintiffs' claims.

Second, obtaining a stay requires a more substantial showing of a likelihood of success on the merits than does successfully opposing an anti-SLAPP motion. The denial of an anti-SLAPP motion finds only that a claim is not frivolous; it does not evaluate whether the claim will ultimately succeed on the merits. Batzel v. Smith, 333 F.3d 1028, 1025 (9th Cir. 2003) ("Denial of an anti-SLAPP motion

resolves a question separate from the merits in that it merely finds that such merits may exist"); Greka Integrated, Inc. v. Lowrey, 133 Cal. App. 4th 1572, 1580 (2005) (a party opposing an anti-SLAPP motion to strike need only "state[] and substantiate[] a legally sufficient claim" by making a "prima facie showing of facts which would, if credited, support a judgment in his favor").

A party seeking a stay pending appeal, by contrast, must make a "strong" showing—"more than a mere possibility"—of likelihood of success on the merits. Nken, 129 S. Ct. at 1761 (internal quotation marks and citations omitted). To secure a stay, "[i]t is not enough that the chance of success on the merits be better than negligible." Id. (internal quotation marks and citations omitted). Thus, Trump University has failed to demonstrate a sufficient likelihood of success on the merits.

As to the second Nken factor, irreparable harm, Trump University argues that proceeding with Plaintiffs' claims will hinder its ability to defend against Plaintiffs' claims, cause it to engage in duplicative discovery, and increase its litigation costs.

Again, however, the issues on appeal are not identical to those raised by Plaintiffs' claims. Thus, regardless of the Ninth Circuit's decision, Trump University will have to defend against Plaintiffs' claims. Trump University has not adequately shown that proceeding with Plaintiffs' claims while its counterclaim is stayed will prevent it from developing evidence necessary to support its defenses. Nor has Trump University made clear the extent to which—if at all—it may incur additional litigation costs. The potential harms of which Trump University complains are too speculative to warrant a stay. See Nken, 129 S. Ct. at 1762 (showing merely "some possibility of irreparable injury fails to satisfy the second factor").

Because Trump University has failed to show sufficient likelihood of success on the merits or irreparable damage absent a stay, the Court need not address the final two factors. Id. at 1762. Trump University's motion to stay proceedings on Plaintiffs' claims is **DENIED**.

///
///
///
///
///

## **CONCLUSION**

The Court **GRANTS** Trump University's request to stay proceedings on its counterclaim only. Proceedings on Trump University's counterclaim against Tarla Makaeff are hereby **STAYED** pending resolution of Makaeff's appeal of this Court's denial of her anti-SLAPP motion. The Court **DENIES** Trump University's motion to stay proceedings on Plaintiffs' Second Amended Complaint.

**IT IS SO ORDERED.**

**DATED:** 2/11/2011

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**