ZELDES & HAEGGQUIST, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
HELEN I. ZELDES (220051)
helenz@zhlaw.com
ALREEN HAEGGQUIST (221858)
alreenh@zhlaw.com
625 Broadway, Suite 906
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

ROBBINS GELLER RUDMAN
   & DOWD LLP
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Attorneys for Plaintiffs and Proposed Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated, ) ) Plaintiffs, ) ) vs. ) ) TRUMP UNIVERSITY, LLC, et al., ) ) Defendants. ) ) | No. 3:10-cv-00940-IEG(WVG) <br><br> CLASS ACTION <br><br> PLAINTIFFS' OPPOSITION TO DEFENDANT TRUMP UNIVERSITY, LLC'S MOTION TO DISMISS UNDER RULES 12(b)(6) AND 9(b) <br><br> DATE:     March 21, 2011 <br> TIME:     10:30 a.m. <br> CTRM:    1 <br> JUDGE:  Hon. Irma E. Gonzalez |

611857_1

1    Plaintiffs Tarla Makaeff, Brandon Keller, Ed Oberkrom, and Patricia Murphy (collectively

2    "Plaintiffs") respectfully submit this memorandum in opposition to Defendant Trump University,

3    LLC's ("Defendant" or "Trump University") Motion to Dismiss under Rules 12(b)(6) and 9(b)

4    ("Motion").

5    **I.    INTRODUCTION**

6    This Court has already upheld many of Plaintiffs' claims in its previous order denying in

7    large part Trump University's motion to dismiss Plaintiffs' First Amended Class Action Complaint

8    ("FAC").  Trump University's Motion  now seeks to dismiss in part Plaintiffs' Second Amended

9    Class Action Complaint, filed December 16, 2010 ("SAC"), re-treading old ground already rejected

10   as to the breach of contract claims.  In addition, it seeks to dismiss Plaintiffs' fraud-based claims for

11   lack of specificity even though Plaintiffs have added sufficient details to put Trump University on

12   notice of their claims.  Finally, Trump University argues matters of disputed facts clearly beyond the

13   reach of a motion to dismiss.  This Court should deny its Motion as explained herein.

14   As the Court is aware, this class case concerns Trump University's use of the name and

15   reputation of its founder, Donald J. Trump, Sr., a celebrity real estate tycoon, to lure unwitting

16   consumers into purchasing real estate seminars and mentoring services at a premium.  Plaintiffs

17   bring this action because they were duped into purchasing expensive Trump University real estate

18   seminars and mentoring services whose features were grossly misrepresented.[1]

19   As explained herein, Plaintiffs have sufficiently alleged their claims for unfair competition

20   and consumer fraud, false advertising, contract-based claims, and common law fraud-based claims at

21   the pleadings stage.  Defendant's Motion should be denied.

22   **II.    LEGAL STANDARDS ON MOTION TO DISMISS**

23   As this Court correctly pointed out in its prior order denying in large part Defendant's motion

24   to dismiss, the "court must accept all factual allegations pled in the complaint as true, and must

25   _____

26   [1]    For brevity, Plaintiffs do not here repeat the factual allegations of the SAC, but refer the
27   Court to pages 2 through 8 of their opposition to Trump University's motion to dismiss the FAC.
     *See* Dkt. No. 25 at 2-8.

28

construe them and draw all reasonable inferences from them in favor of the nonmoving party." Dkt. No. 33 ("10/12/10 Order") at 3 (citing *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996)).  The "complaint need not contain detailed factual allegations, rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  If the plaintiff alleges a facially-plausible theory, the court should deny the motion to dismiss.  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir 2008) (reversing grant of motion to dismiss).

Plaintiffs have met this standard.  Thus, Defendant's motion to dismiss must be denied.

**III.  PLAINTIFFS HAVE ADEQUATELY ALLEGED THEIR CLAIMS**

**A.   As the Court Previously Found, Plaintiffs Have Adequately Alleged Their Contract-Based Claims**

The Court previously found that Plaintiffs have stated breach of contract claims against Trump University, including their claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and money had and received.  *See* 10/12/10 Order at 7.  Nevertheless, Trump University again seeks to dismiss these same claims on the basis that a couple of new allegations in the SAC, along the lines of what was already in the FAC, "strip away even that thin veneer of plausibility."  Memorandum of Points and Authorities in Support of Trump University's Motion, filed January 31, 2011 ("Def's Mem.") at 5.

But, Plaintiffs' breach of contract claims remain materially the same as they were in the FAC, which this Court has already upheld against attack.  Defendant complains that Plaintiffs have added new "vague 'terms'" to the breach of contract claims, such as allegations about the one-year mentoring program.  *See id.* at 6.  However, it need not look any further than this Court's order denying its prior motion to dismiss on the contract claims to discern that the allegations it is concerned about were in the prior FAC.  As the Court observed in its order, the FAC included allegations that "Defendant promised a year-long mentoring program, three-day field mentorship, and experienced real estate instructors and mentor hand-picked by Donald Trump," but did not deliver.  10/12/10 Order at 6.  These are the types of allegations that Defendant now takes issue with as being "new" terms of the contract.  *See* Def's Mem. at 6 (arguing that new vague terms such as

1   mentoring for a year render Plaintiffs' breach of contract claims in the SAC implausible).

2   Defendant's argument is meritless.

3        Further, Defendant apparently still misunderstands the nature of Plaintiffs' claims by arguing

4   yet again that the terms are not detailed in the contract.  However, as this Court observed in its

5   previous Order, Plaintiffs have alleged that Trump University made material promises to Class

6   Members in standardized presentations which formed the basis of their bargain.  10/12/10 Order at 6.

7   These are all spelled out in detail in the SAC.[2]  ¶¶33-57.  Plaintiffs have not changed the nature of

8   their contract claims; they have merely added detail to ensure satisfaction of pleading standards.

9        Defendant cannot feign ignorance as to the nature of Plaintiffs' contract claims.  Plaintiffs

10  have satisfied Rule 8(a) standards for alleging their contract-based claims.  Thus, Plaintiffs

11  respectfully submit that the Court should again deny its motion to dismiss as to these claims.

12  **B.    Plaintiffs Adequately Alleged Negligent Misrepresentation, Fraud and False Promises Against Trump University**

13

14       Trump University contends that Plaintiffs have not alleged with sufficient particularity their

15  claims for negligent misrepresentation, fraud, and false promises.  For the reasons below, Trump

16  University's argument fails.

17       The Court previously held that Plaintiffs' causes of action for negligent misrepresentation,

18  fraud and false promise are governed by Rule 9(b).  *See* 10/12/10 Order at 8.  Rule 9(b) requires only

19  that Plaintiffs' allegations are """specific enough to give defendants notice of the particular

20  misconduct . . . so that they can defend against the charge and not just deny that they have done

21  anything wrong."""[3]  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).  This Court

22  found "***it is not clear from the FAC to which Plaintiffs [the alleged misrepresentations] were made***

23  ***and when***."  10/12/10 Order at 8.  Plaintiffs have remedied this ambiguity in the SAC.

24       In fact, for each alleged misrepresentation, the SAC specifies ***to which Plaintiffs*** each

25  alleged misrepresentation was made – whether to Tarla Makaeff, Brandon Keller, Ed Oberkrom, or

_____

26  [2]    All "¶" and "¶¶" references are to the SAC, unless otherwise noted.

27  [3]    Here, as elsewhere, emphasis is added and citations are omitted, unless otherwise noted.

28

Patricia Murphy.  *See* ¶¶133-142.  And, for each misrepresentation, the SAC provides *when* such misrepresentation was made.  *Id.*  Specifically:

- **Misrepresentations about the year-long mentoring program**: These standardized misrepresentations were made at Trump University seminars, including to Plaintiff Brandon Keller on or about November 18, 2009, and December 6-8, 2009; Tarla Makaeff in August 2008; and Ed Oberkrom in March 2009.  ¶¶134, 135.

- **Misrepresentations about the three-day field mentorship**: These standardized misrepresentations were made at Trump University seminars, including to Plaintiff Brandon Keller on or about November 18, 2009, and December 6-8, 2009; Tarla Makaeff in August 2008; and Ed Oberkrom in March 2009.  ¶136.

- **Misrepresentations about instructors and mentors**: These standardized misrepresentations were made at Trump University seminars, including to Plaintiffs Brandon Keller on or about November 18, 2009, and December 6-8, 2009; Ed Oberkrom on or about March 2009; Tarla Makaeff in August 2008; and Patricia Murphy on or about January 27 to March 12, 2007.  ¶137.

- **Misrepresentations about prior student experiences**: Misleading testimonials were uniformly provided at Trump University seminars, including to Plaintiffs Brandon Keller on or about November 18, 2009, and December 6-8, 2009; Tarla Makaeff in August 2008; Ed Oberkrom in March 2009; and Patricia Murphy on or about January 27 to March 12, 2007.  ¶139.

- **Misrepresentations about the training provided**: These misrepresentations were uniformly made at Trump University seminars, including to Plaintiffs Brandon Keller on or about November 18, 2009, and December 6-8, 2009; Tarla Makaeff in August 2008; Ed Oberkrom in March 2009; and Patricia Murphy on or about January 27 to March 12, 2007. ¶140.

- **Misrepresentations that consumers should raise their credit card limits**: These misrepresentations were uniformly made at Trump University Seminars, including to Plaintiff Brandon Keller on or about November 18, 2009, and December 6-8, 2009; Tarla Makaeff in August 2008; Ed Oberkrom in March 2009; and Patricia Murphy on or about January 27 to March 12, 2007. ¶142.

Further, Plaintiffs allege *who* made the misrepresentations – Trump University representatives and/or Donald Trump.  Trump University complains that Plaintiffs do not allege the particular speaker at Trump University seminars who made the statement.  Def's Mem. at 3.  This is not required.  The Court previously found that the misrepresentations themselves were adequately alleged, and Plaintiffs only needed to add *to which* Plaintiffs the statements were made and *when*.  10/12/10 Order at 8.  Furthermore, the speakers worked from a standardized script and were employees or agents of Trump University (¶¶11, 133).  Defendant surely has records of which instructors spoke at the seminars on the dates listed in the Complaint, and once Plaintiffs obtain these records in discovery, they will be able to provide the names of the instructors and mentors as well.

1    In any event, the misrepresentations are alleged with sufficient detail to put Trump University on

2    notice of the misconduct alleged.  *See Committee on Children's Television, Inc. v. General Foods

3    Corp.*, 35 Cal. 3d 197, 214, 217 (1983) (finding that complaint which summarizes

4    misrepresentations is sufficient to state a misrepresentation claim, even if it does not "set out each

5    advertisement verbatim, and specif[y] the time, place and medium," and noting that the place and

6    time of advertisements is "fully known to defendant" but often only available to plaintiffs during

7    discovery).

8         Defendant also continues to make reliance arguments.  *See* Def's Mem. at 3-5.  However, this

9    Court previously found that "whether Plaintiffs relied on these alleged misrepresentations is a

10   question of fact," and "the Court declines to make this determination at this stage."  10/12/10 Order

11   at 8 (citing *Salinas v. Souza & McCue Constr. Co.*, 66 Cal. 2d 217, 223-24 (1967); *McClain v.

12   Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 794 (2008)).

13        To the extent that Defendant contends Plaintiffs paid for the seminars before the

14   misrepresentations were made and thus could not have relied upon them, that is incorrect.  As the

15   SAC makes clear, the misrepresentations are used to ***upsell*** Class Members to the next level.  In

16   addition, before attending the seminars, each Plaintiff (besides Makaeff) received and reviewed

17   advertisements and/or viewed Trump University's website promising that Donald Trump and his

18   university would teach them Donald Trump's insider success secrets, the skills for conducting real

19   estate transactions, and give them access to amazing instructors and mentors "hand-picked by

20   Donald Trump." ¶¶25-27, 34, 70, 76, 79.  Plaintiff Brandon Keller received an email advertisement

21   about Trump University in the fall of 2009, prior to attending the free seminar on November 18,

22   2009. ¶¶25, 79.  Plaintiff Ed Oberkrom reviewed an advertisement before the seminar he attended in

23   February 2009.  ¶¶26, 70.  Plaintiff Patricia Murphy heard or saw radio and/or television

24   advertisements before she took Trump seminars in January 27, 2007. ¶¶27, 76.  And, Tarla Makaeff

25   was given misrepresentations about the programs and mentorship during the three-day $1,500

26   seminar in August 2008.  ¶¶24, 59(b).  Thus, Defendant is incorrect in asserting Plaintiffs had

27   already purchased all the products and services complained of by the time the alleged

28   misrepresentations were made.

1    Finally, as to Plaintiffs' allegations that Trump University used false, misleading, and

2    sometimes completely fabricated student testimonials in violation of FTC guidelines (¶155),

3    Defendant complains that Plaintiffs fail to specify which FTC guideline was violated. Def's Mem. at

4    4. Such an allegation is unnecessary. Plaintiffs need not cite the specific guideline violated to put

5    Trump University on notice of the conduct at issue – Plaintiffs clearly allege that falsifying student

6    testimonials and guaranteeing income levels to pay back the exorbitant seminar costs is a violation of

7    the FTC Act. ¶¶17, 139, 155. In any event, the FTC Guideline Trump University violated was 16

8    C.F.R. §§255.0-255.5 (2011), concerning the use of endorsements and testimonials in advertising.

9    The allegations in ¶155 are certainly sufficient to put Trump University on notice of the misconduct

10   alleged and are thus actionable. *Kearns*, 567 F.3d at 1124.

11   The SAC alleges Plaintiffs' misrepresentation, fraud, and false promise claims with

12   """specific enough""" allegations """to give defendants notice of the particular misconduct . . . so

13   that they can defend against the charge and not just deny that they have done anything wrong.""" *Id*.

14   Plaintiffs' misrepresentation, deceit and fraud claims should be upheld.

15   **C.   Plaintiff Makaeff Has a Claim for False Advertising**

16   Trump University argues that Plaintiff Makaeff cannot state a claim under California's False

17   Advertising Law ("FAL") because she did not allege she saw or relied on its advertising before she

18   signed up for a seminar with Trump University. Def's Mem. at 6.

19   However, as the California Supreme Court recently confirmed, a violation of the UCL's

20   fraudulent prong is also a violation of the FAL. *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009).

21   Because Plaintiffs properly plead a violation of the UCL's "fraudulent" prong (*see* 10/12/10 Order at

22   10), they also properly plead a violation of the FAL and vice versa. *See Tobacco II*, 46 Cal. 4th at

23   312.

24   Further, even though Plaintiff Makaeff did not see Defendant's deceptive advertising before

25   she purchased the $1,500 seminar, she was exposed to Trump University's misleading statements

26   prior to purchasing Trump University's other products and services to which she was later upsold.

27   *See* ¶¶24, 61, 63. Notably, oral representations can constitute false advertising. *See People v. Dollar

28   Rent-A-Car Sys. Inc.*, 211 Cal. App. 3d 119, 128 (1989) (finding that FAL prohibits the use of any

1   untrue or misleading statements in selling products or services, including the use of false or

2   misleading oral statements).  Trump University made numerous false and misleading statements

3   about the $35,000 seminar during the $1,500 seminar that Ms. Makaeff attended in August, 2007,

4   prior to her purchasing the Gold Program and other services.  ¶¶24, 61-62.  This is sufficient to state

5   claims under the FAL on behalf of all Plaintiffs, including Ms. Makaeff.

6       **D.**    **Plaintiffs Adequately Allege Violations of New York Law**

7       Defendant argues that Plaintiffs fail to allege a cause of action under New York's General

8   Business Law §349 for two reasons: (1) the Trump courses Patricia Murphy took were not from

9   Trump University, but another Trump entity; and (2) Patricia Murphy took the courses in

10  Philadelphia and Florida, rather than in New York.   Def's Mem. at 2.  The first argument is

11  addressed in Plaintiffs' Opposition to Trump University's motion to strike – Plaintiffs have alleged

12  that Patricia Murphy took courses from Trump University (¶¶27, 76-77), and Plaintiffs' allegations

13  must be taken as true on a motion to dismiss.  *Cahill*, 80 F.3d at 337-38.  Indeed, the contracts

14  signed by Patricia Murphy state "Trump University" and "Trump Institute" at the top, and at all

15  times Ms. Murphy believed she was taking courses from Trump University.  Defendant's motion to

16  dismiss the New York claim on this ground should be denied.

17      As to Defendant's second argument, Defendant too narrowly interprets New York's

18  consumer protection law.[4]  Section 349 declares unlawful any "[d]eceptive acts of practices in the

19  conduct of any business, trade or commerce or in the furnishing of any service in this state."  N.Y.

20  Gen. Bus. Law §349.  Interpreting §349, the New York Court of Appeals has held that residents and

21  non-residents of New York may assert claims under §349.  *Goshen v. Mut. Life Ins. Co. of New

22  York*, 98 N.Y.2d 314, 324 (2002); *see also Ring v. AXA Fin., Inc*., No. 111869/04, 2009 NY Slip Op

23  31270U, at *7-*8 (N.Y. Sup. Ct. June 12, 2009); *People v. H&R Block, Inc.*, No. 401110/2006, 2007

24  NY Slip Op 51562U, at *8-*9 (N.Y. Sup. Ct. July 9, 2007).

25  _____

26  [4]    Plaintiffs acknowledged in their prior opposition to Trump University's motion to dismiss the
27  FAC that the Trump courses Patricia Murphy took were in Florida and Pennsylvania.  10/12/10
    Order at 10 n.5.

28

1    Here, Trump University conducted seminars and coaching sessions in New York as well as

2    the rest of the country.   ¶¶28, 29, 32-60.   Plaintiffs further allege Trump University sent

3    advertisements and correspondence to Plaintiffs and Class Members nationwide, including in the

4    State of New York.  ¶¶18(f)-(g), 34, 59(f).  Ms. Murphy, a current New York resident and former

5    Pennsylvania resident, attended and purchased Trump seminars, coaching sessions and software, and

6    received signed letters and advertisements from Trump University, as well as Donald Trump himself

7    in New York, including an advertisement by Donald Trump she viewed in the New York Post

8    asking: "Don't think you can profit in this market?  You can.  And I'll show you how," promising

9    "priceless" information from Donald Trump's "hand-picked instructors."   ¶¶18(f), 34, 58(c).

10   Murphy received a "Special Invitation from Donald Trump" to attend Trump University at any of

11   three different New York locations, and she received a signed letter from Donald Trump inviting her

12   to a "FREE Trump Training Workshop" where "[m]y hand-picked instructors and mentors will show

13   you how to use real estate strategies to . . . [s]tart profiting today!"  ¶¶18(c) & (f), 27, 34, 59(c)&(f).

14   Trump University argues that Plaintiffs have not satisfied the "residency requirement of the

15   statute" because Ms. Murphy did not contract for or physically attend any Trump University classes

16   in New York.  Def's Mem. at 7.  However, as explained above, there is no residency requirement.  A

17   "plaintiff may assert a claim under Section 349 for out-of-state deception, as long as it led him to

18   take a related action in New York."  *Gunther v. Capitol One, N.A.*, 703 F. Supp. 2d 264, 276

19   (E.D.N.Y. 2010) (court allowed plaintiff to amend complaint to assert that he was assessed improper

20   fee withdrawals of cash from ATMs in NYC).  Indeed, in *People v. Telehublink Corp.*, 301 A.D.2d

21   1006 (2003), the court found the interests of New York sufficient to invoke §349 when defendant

22   used a New York address to send and receive correspondence related to the scheme.

23   Here, the interests of New York were implicated when Trump University, located at 40 Wall

24   Street, New York, sent letters and advertisements to New York residents and non-residents alike,

25   including Murphy.  "New York has a vital interest in 'securing an honest marketplace in which to

26   transact business' and that interest was threatened when [defendant] used a New York address to

27   complete the deceptive transactions at issue here."  *Telehublink Corp.*, 301 A.D.2d at 1010 (citing

28   *New York by Abrams v. Gen'l Motors Corp.*, 547 F. Supp. 703, 705-06 (S.D.N.Y. 1982)).  Trump

1   University's use of its New York address to send nationwide misrepresentations via advertisements

2   and correspondence satisfies §349.  At the pleading stage, the New York Gen. Bus. Law §349 claims

3   should be upheld.

4   **IV.   CONCLUSION**

5         For the foregoing reasons, Plaintiffs respectfully submit that the Court should deny Trump

6   University's Motion to Dismiss.   However, should the Court decide to grant any portion of

7   Defendant's motion, Plaintiffs respectfully seek leave to amend their Complaint.[5]

8   DATED:  March 7, 2011               Respectfully submitted,

9                                          ZELDES & HAEGGQUIST, LLP
                                       HELEN I. ZELDES

10                                         ALREEN HAEGGQUIST
                                       AMBER L. ECK

11

12                                              s/ Amber L. Eck

13                                            AMBER L. ECK

14                                         625 Broadway, Suite 906
                                       San Diego, CA  92101

15                                         Telephone:  619/342-8000
                                       619/342-7878 (fax)

16

17                                           ROBBINS GELLER RUDMAN
                                          & DOWD LLP

18                                         RACHEL L. JENSEN
                                       655 West Broadway, Suite 1900

19                                         San Diego, CA  92101
                                       Telephone:  619/231-1058
                                       619/231-7423 (fax)

20

21                                         Attorneys for Plaintiffs and Proposed Class

22

23

24

25

26      [5]    *Moss v. United States Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) ("requests for leave

27  should be granted with 'extreme liberality'"; failure to dismiss "'"without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment"'").

28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 7, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 7, 2011.

         s/ Amber L. Eck
         AMBER L. ECK

ZELDES & HAEGGQUIST, LLP
625 Broadway, Suite 906
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

E-mail:ambere@zhlaw.com

## Mailing Information for a Case 3:10-cv-00940-IEG -WVG

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amber Lee Eck**
  ambere@zhlaw.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **David Keith Schneider**
  dks@yslaw.com,dscardino@reedscardino.com,ewb@yslaw.com,mlokey@reedscardino.com,efb@yslaw.com,jjohnson@reedscardino.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)