ZELDES & HAEGGQUIST, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
HELEN I. ZELDES (220051)
helenz@zhlaw.com
ALREEN HAEGGQUIST (221858)
alreenh@zhlaw.com
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Attorneys for Plaintiffs and Proposed Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRUMP UNIVERSITY, LLC, et al.,<br><br>Defendants. | No. 3:10-cv-00940-IEG(WVG)<br><br>CLASS ACTION<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT TRUMP UNIVERSITY, LLC'S MOTION TO STRIKE UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(f)<br><br>DATE: March 21, 2011<br>TIME: 10:30 a.m.<br>CTRM: 1<br>JUDGE: Hon. Irma E. Gonzalez |

611853_1

Plaintiffs Tarla Makaeff, Brandon Keller, Ed Oberkrom, and Patricia Murphy (collectively "Plaintiffs") respectfully submit this memorandum in opposition to Trump University, LLC's ("Defendant" or "Trump University") Motion to Strike under Federal Rule of Civil Procedure 12(f) ("Motion to Strike").

## I.  INTRODUCTION

Plaintiffs' Second Amended Class Action Complaint, filed December 16, 2010 ("SAC") adequately pleads Plaintiffs' claims.  Because Defendant cannot prevail under its motion to dismiss, Defendant improperly attempts to strike portions of the SAC through its motion to strike and imposes unnecessary motion practices on the Court's and the parties.

Rather than moving to strike allegations because they are irrelevant or improper, Trump University attacks portions of allegations that it does not like.  First, Defendant erroneously asserts that Patricia Murphy must be entirely stricken as a plaintiff.  Striking Patricia Murphy from the SAC is premature, as the Court has not entered an order on Plaintiffs' New York General Business Law claim.  Further, Defendant's attempt to strike Patricia Murphy at the pleadings stage before discovery is completed is highly improper.

Second, Trump University attempts to strike factual allegations that it does not like, including references to Trump University's targeting of senior citizens and references to its agent, Noah Herrera.  These allegations of fact are supported by other factual allegations in the SAC and, as shown below, cannot be stricken at this stage.

The allegations that Trump University seeks to strike are clearly relevant to Plaintiffs' causes of action (indeed, this is why Trump University wants them stricken), and are properly pleaded in conformity with the law.  The motion to strike should be denied entirely.

## II.  LEGAL STANDARDS

Although Fed. R. Civ. P. 12(f) allows courts to strike matters from pleadings that are "'redundant, immaterial, impertinent, or scandalous,'" such motions are disfavored.[1] *Steel v. City of San Diego*, 726 F. Supp. 2d 1172, 1181 (S.D. Cal. 2010).  "Courts generally grant a motion to strike

---

[1] Here, as elsewhere, citations are omitted and emphasis is added unless otherwise noted.

only where 'it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Id.*

In considering a Rule 12(f) motion, courts view the pleadings in the light most favorable to the non-moving party, here Plaintiffs, and resolve any doubt as to the relevance of the challenged allegations in favor of the non-movant. *California Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). To prevail, the moving party – here Trump University – must show that the matter sought to be stricken has "**no possible bearing** on the subject matter of the litigation." *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).

Because Trump University cannot carry its burden to show that the allegations that it seeks to strike have no possible bearing on the subject matter of the litigation, its motion must be denied.

### A.    Allegations Concerning Patricia Murphy Should Not Be Stricken

Trump University argues that Patricia Murphy should be stricken from the SAC because she did not take courses from Trump University, but instead from Trump Institute, which it claims has no affiliation with Trump University. Trump University's Memorandum of Points and Authorities in Support of Motion to Strike, at 3.

Plaintiffs have alleged that Patricia Murphy took courses from Trump University[2] (¶¶27, 76-77), and Plaintiffs' allegations must be taken as true on motion to dismiss. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Indeed, the contracts signed by Patricia Murphy state "Trump University" and "Trump Institute" at the top, and at all times Ms. Murphy believed she was taking courses from Trump University, or that they were the same institution, since both of their names and logos appeared on her contracts.

In any event, Plaintiffs' allegations are sufficient to survive motion to dismiss. If Defendants wish to argue that Murphy's courses were not provided by Trump University, but a different Trump entity, they are welcome to do so at summary judgment.

---

[2]    All "¶" and "¶¶" are to the SAC.

1    Lastly, the grounds for a motion to strike must appear on the face of the pleading under
2  attack or from matters which the court may judicially notice. *SEC v. Sands*, 902 F. Supp. 1149, 1165
3  (C.D. Cal. 1995), *aff'd sub nom*, *SEC v. First Pac. Bancorp.*, 142 F. 3d 1186 (9th Cir. 1998).
4  Defendant's basis for striking Ms. Murphy as a plaintiff is based on a declaration from Michael
5  Sexton declaring that Trump University has no record of Patricia Murphy taking a course or paying
6  Trump University any money. However, such a challenge based upon self-serving purported
7  extrinsic evidence is ineffectual at this stage. The parties will have the opportunity to take discovery
8  on these matters and then bring summary judgment motions at the appropriate time.

9    Defendant's motion to strike all references to plaintiff Patricia Murphy must be denied.

10   **B.    Plaintiffs' Allegations Regarding Trump University's Targeting of Senior Citizens Remain Relevant**

11   Trump University asks the Court to strike references to senior citizens, including ¶¶12, 35
12  and 38 of the SAC. Defendant's request to strike all references to senior citizens should be denied.

13   While it is true that the Court previously found that Plaintiffs did not state a cause of action
14  for elder abuse due to lack of standing, (Dkt. No. 33 ("10/12/10 Order") at 13), Plaintiffs' allegations
15  that Trump University targeted seniors are still relevant and should not be stricken. In *Madrigal v.
16  Tommy Bahama Group, Inc*., No. CV 09-08924 SJO (MANx), 2010 U.S. Dist. LEXIS 121573 (C.D.
17  Cal. Oct. 18, 2010), plaintiffs brought an action on behalf of themselves and all other non-exempt
18  restaurant and retail store employees of Tommy Bahama for violations of California wage orders,
19  among other claims. *Id.* at *14. The court dismissed the claims alleging violations of the wage
20  orders, but nevertheless held that the plaintiffs' allegations and claims referring to or mentioning the
21  wage orders were not dismissed. *Id*.

22   Similarly here, the Court dismissed Plaintiffs' claims alleging elder abuse in the FAC
23  because Plaintiffs have not yet proffered a class representative with standing. (10/12/10 Order at
24  13). Accordingly, Plaintiffs did not include a claim for elder abuse in the SAC, but nevertheless
25  include references regarding Trump University's targeting of seniors as it is relevant to Defendant's
26  misleading and intimidating tactics, which Plaintiffs will further develop in discovery. *See* ¶¶12, 35,
27  38. Allegations that only refer to or mention Trump University's targeting seniors should not be
28

stricken as they are still relevant to Plaintiffs' claims of Trump University's misconduct. *See Madrigal*, 2010 U.S. Dist. LEXIS 121573. As it is not clear, at the very least, that such allegations have no possible bearing upon the subject matter of the litigation, Defendant's motion to strike should be denied. *LeDuc*, 814 F. Supp. at 830.

### C. Plaintiffs Allegations Concerning Agent Noah Herrera Are Relevant

Finally, Trump University moves to strike allegations mentioning Noah Herrera on the basis that "Trump University is in no way liable for any purported criminal or fraudulent conduct by Herrera." Dkt. No. 53 at 2. Trump University misses the point.

Plaintiff Tarla Makaeff's Trump University "mentor," Defendant's representative Ted Lignell, introduced her to real estate agent Noah Herrera to purchase property in Las Vegas. However, Ted Lignell had a financial interest in referring Trump University students to Noah Herrera, which Trump University and its representatives failed to disclose to Makaeff. ¶66. These facts are relevant to Plaintiffs' allegations that Trump University did not provide the services promised, but improperly directed her to transactions that were in the interests of Trump University and its representatives, not to its students.

Regardless of whether Herrera was an employee or agent of Trump University, Noah Herrera's relationship with Trump University and its representatives is relevant to Plaintiffs' allegations of misconduct. Furthermore, as noted above, Plaintiffs **do** allege that Noah Herrera had a financial relationship with a Trump University agent or employee, Ted Lignell, and any doubt as to the relevance of the challenged allegations should be resolved in favor of Plaintiffs. *Cal. Dep't of Toxic Substances Control*, 217 F. Supp. 2d at 1033. The motion to strike should be denied.

### III.    CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court deny Trump University's Motion to Strike in its entirety.

DATED:  March 7, 2011

Respectfully submitted,

ZELDES & HAEGGQUIST, LLP
HELEN I. ZELDES
ALREEN HAEGGQUIST
AMBER L. ECK

       s/ Amber L. Eck       
AMBER L. ECK

625 Broadway, Suite 906
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Attorneys for Plaintiffs and Proposed Class

<pre>
 1                          CERTIFICATE OF SERVICE
 2        I hereby certify that on March 7, 2011, I authorized the electronic filing of the foregoing with
 3   the Clerk of the Court using the CM/ECF system which will send notification of such filing to the
 4   e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I
 5   caused to be mailed the foregoing document or paper via the United States Postal Service to the non-
 6   CM/ECF participants indicated on the attached Manual Notice List.
 7        I certify under penalty of perjury under the laws of the United States of America that the
 8   foregoing is true and correct.  Executed on March 7, 2011.
 9
                                    s/ Amber L. Eck
10                                  AMBER L. ECK

11                                  ZELDES & HAEGGQUIST, LLP
                                    625 Broadway, Suite 906
12                                  San Diego, CA  92101
                                    Telephone:  619/342-8000
13                                  619/342-7878 (fax)

14                                  E-mail:ambere@zhlaw.com
15
16
17
18
19
20
21
22
23
24
25
26
27
28
611853_1                                                           3:10-cv-00940-IEG(WVG)
</pre>

# Mailing Information for a Case 3:10-cv-00940-IEG -WVG

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amber Lee Eck**
  ambere@zhlaw.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **David Keith Schneider**
  dks@yslaw.com,dscardino@reedscardino.com,ewb@yslaw.com,mlokey@reedscardino.com,efb@yslaw.com,jjohnson@reedscardino.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`