David K. Schneider (CSB 139288)
YUNKER & SCHNEIDER
655 West Broadway, Suite 1400
San Diego, California 92101
Telephone: (619) 233-5500
Facsimile: (619) 233-5535
Email: dks@yslaw.com

Attorneys for Defendant TRUMP UNIVERSITY, LLC

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, BRANDON KELLER, ED OBERKROM, and PATRICIA MURPHY, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRUMP UNIVERSITY, LLC, (aka Trump Entrepreneur Initiative) a New York Limited Liability Company, DONALD J. TRUMP, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 10 CV 0940 IEG (WVG)<br><br>REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT TRUMP UNIVERSITY, LLC TO STRIKE UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(f)<br><br>DATE: March 21, 2011<br>TIME: 10:30 a.m.<br>CTRM: 1<br>JUDGE: Hon. Irma E. Gonzalez |

I. **DEFENDANT'S MOTION TO STRIKE UNDER RULE 12(F) SHOULD BE GRANTED BECAUSE THE MATERIAL IS NOT RELEVANT TO THESE PROCEEDINGS, AND IS INCLUDED IN THE COMPLAINT SOLELY IN AN ATTEMPT TO HARASS AND EMBARRASS TRUMP UNIVERSITY**

The purpose of a Motion to Strike under Rule 12(6) is to clean-up the pleadings, streamline litigation and avoid unnecessary discovery and arguments on immaterial matters. *NN&R, Inc. v. One Beacon Ins. Group*, 362 F.Supp.2d 514, 524 (D.N.J. 2005). This allows the Court and the parties to avoid expenditures of time and money litigating sham issues. Plaintiffs and their counsel have already posted the Complaint on the Internet in an attempt to locate more clients and smear

Trump University or its founder, Donald J. Trump. The operative complaint should reflect the actual issues before the Court.

**A.   Allegations Regarding The Alleged Targeting Of Senior Citizens Should Be Stricken As They Are Not Relevant To The Causes Of Action In The Second Amended Complaint.**

Plaintiffs allege that the claims regarding the targeting of senior citizens are still relevant as evidence of "misleading and intimidating tactics." This is simply untrue. Opposition at 3:27. The sole cause of action to which these facts might be relevant has already been dismissed by this Court.

The **unpublished** case cited by Plaintiffs, *Madrigal v. Tommy Bahama Grp., Inc.*, No. CV 09-08924 SJO (MANx), 2010 U.S. Dist. LEXIS 121573 (S.D. Cal. Oct.18, 2010), does not mandate keeping these irrelevant allegations in the Complaint. In *Madrigal*, the court dismissed a cause of action regarding wage orders, but allowed the allegations of wage order violations to remain **because other causes of action under the California labor law were still part of the Complaint**. Because the wage orders were relevant to those other causes of action, the allegations were allowed to remain.

Here, the allegations of purported "senior citizen targeting" have no relevance in the Second Amended Complaint. Indeed, this case is very similar to the situation faced by the Court in the Central District of California in *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479 (C.D.Cal. 1996). In *Bureerong*, the Court struck allegations that defendants operated "slave sweatshops," despite the fact that some of the defendants had already pled guilty to criminal charges of slavery. The court noted that the term was not materially necessary to any of the causes of action and that the term was highly prejudicial to the defendants, some of whose businesses relied on public goodwill. Similarly, the allegation that Defendants "targeted senior citizens" is inflammatory and highly prejudicial.

In addition, the purported "intimidation tactics" and "targeting seniors" allegations cannot survive as a matter of law. Plaintiffs have never provided any legal support for their theory that the statements purportedly made by Trump University representatives are even actionable. For example, Plaintiffs contend that Trump University "targeted seniors" by using such "tactics" as asking all attendees if: (1) they knew "they will need $250,000 in savings to generate $1,000 monthly income during retirement"; stating to attendees that (2) "if you're expecting to maintain your lifestyle during

retirement based on an annual income of $70,000, you need to have $1.75 million in liquid assets"; and stating that (3) the "average savings of a 50-year old American is only $2,500. . . ." These are not "scare tactics," are not inaccurate, do not constitute elder abuse, and are not actionable as a matter of law.

The allegations concerning seniors and such tactics have no relevance to the case and should be stricken.

**B.   Plaintiffs' Allegations Regarding Noah Herrera Are Irrelevant To Any Cause Of Action And Should Be Stricken**

Plaintiffs' specious and irrelevant allegations regarding Noah Herrera must also be stricken. Plaintiffs do not allege that Herrera was an employee or agent of Trump University. Instead, they allege that Herrera had some "financial relationship" with a Trump University employee. There is no allegation in the SAC that any Trump University employee made money on the transaction described by Plaintiffs.

Again, Plaintiffs' simply want to smear Trump University and Donald J. Trump with the brush of criminal conduct by discussing the purported bad acts of an unrelated third party so they can somehow argue "guilt by association." Even in *Bureerong*, where the defendants themselves had already pled guilty to the criminal conduct, the court struck the improper allegations. *Id*. The improper allegations should be stricken.

**C.   Plaintiffs' Allegations Regarding Patricia Murphy Should Be Stricken.**

Patricia Murphy is not a proper Plaintiff in this case. She remains in the case only so Plaintiffs can attempt to keep their cause of action for a violation of the New York General Law section 349 alive. For reasons fully discussed in Trump University's Motion to Dismiss the Second Amended Complaint under Rule 12(b)(6) and 9(b), the New York law cause of action fails even with Ms. Murphy in the case.

Plaintiffs are well aware that Ms. Murphy never took courses from Trump University, and that any allegation to the contrary is improper. Plaintiffs now argue that she should remain a Plaintiff even if she never actually attended a Trump University program because she "believed" she did. Plaintiffs and their counsel are being dishonest with the Court. If necessary, Trump University

can again address this issue on a summary judgment motion; however, it is Trump University's intent to streamline the pleadings and avoid additional expense for all parties. Under the unique circumstances involved here, striking the allegations regarding Patricia Murphy will serve the interests protected by Rule 12(f).

## II.  CONCLUSION

Trump University respectfully requests that the Court strike the improper allegations concerning senior citizens and Noah Herrera and strike Ms. Murphy's claim on the basis that she has never attended a Trump University program.

Respectfully submitted,

Dated:    March 14, 2011                    YUNKER & SCHNEIDER

By:    s/ David K. Schneider
Attorneys for Defendant and Counterclaimant
TRUMP UNIVERSITY, LLC
E-mail: dks@yslaw.com