David K. Schneider (CSB 139288)
YUNKER & SCHNEIDER
655 West Broadway, Suite 1400
San Diego, California 92101
Telephone: (619) 233-5500
Facsimile: (619) 233-5535
Email: dks@yslaw.com

Attorneys for Defendant TRUMP UNIVERSITY, LLC

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, BRANDON KELLER, ED OBERKROM, and PATRICIA MURPHY, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRUMP UNIVERSITY, LLC, (aka Trump Entrepreneur Initiative) a New York Limited Liability Company, DONALD J. TRUMP, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 10 CV 0940 IEG (WVG)<br><br>REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT TRUMP UNIVERSITY, LLC TO DISMISS SECOND AMENDED COMPLAINT UNDER RULES 12(b)(6), AND 9(b)<br><br>DATE: March 21, 2011<br>TIME: 10:30 a.m.<br>CTRM: 1<br>JUDGE: Hon. Irma E. Gonzalez |

In their third attempt to state a cause of action against Trump University, Plaintiffs once again resort to shotgun pleadings to paint Trump University in a bad light, while not actually alleging any actionable misrepresentations. Plaintiffs' complaints against Trump University are simply not actionable under the law as pled, and must be dismissed.

I. **PLAINTIFFS' SECOND AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION AGAINST TRUMP UNIVERSITY FOR VIOLATION OF NEW YORK GENERAL BUSINESS LAW SECTION 349 BECAUSE NO PLAINTIFF IS A NEW YORK RESIDENT AND THERE IS NO ALLEGATION THAT THE TRANSACTION TOOK PLACE IN NEW YORK**

As set forth in detail in Defendant Donald Trump's Motion to Dismiss, Plaintiffs have no cause of action under New York General Business Law section 349. Trump University respectfully

requests that this Court refer to section I(C) of Mr. Trump's reply to Plaintiffs' Opposition to Mr. Trump's Motion to Dismiss Under Rules 12(b) and 9(b).

## II. **PLAINTIFFS CLAIMS FOR FRAUD AND MISREPRESENTATION STILL FAIL BECAUSE, DESPITE THE ADDITIONAL ALLEGATIONS, PLAINTIFFS STILL DO NOT CLEARLY IDENTIFY THE FALSE STATEMENTS AND WHY THESE STATEMENTS ARE FALSE**

Federal Rule of Civil Procedure 9(b) requires that any cause of action sounding in fraud be pled with specificity. The specificity requirement is met with the allegations of the "time, place and nature of the alleged fraudulent activities. . . . When a fraudulent statement is alleged, the plaintiff must set forth **what is false or misleading about the statement, and why it is false**." *Fecht v. The Price Company*, 70 F.3d 1078, 1082 (9th Cir. 1995)(internal quotations and citations omitted).

Plaintiffs' amendments to their Complaint now very generally identify a range of dates of the alleged fraudulent statements. However, **nowhere** in the SAC do Plaintiffs allege how and why these statements are false. For example, Plaintiffs repeatedly points to a representation that Plaintiffs would have access to a team of mentors for a full year. Plaintiffs' SAC, however, fails to identify a single time that one of the Plaintiffs tried to access a mentor and was denied. Instead, all Plaintiffs can allege is that one mentor never spontaneously contacted **them**. *See, e.g.*, SAC ¶ 62. Similarly, Plaintiffs allege that they were told the mentor was only paid for six hours per student, but they fail to allege that any of the Plaintiffs was ever told they were "over their six hours" and could not get assistance. There are simply no allegations as to why the statements identified by Plaintiffs were false. In addition, the SAC still fails to plead how Plaintiffs possibly could have relied on any of the purported false statements to their detriment. For example, Plaintiffs now allege that misrepresentations were made to Plaintiff Brandon Keller on or about December 6-8, 2009. This was <u>during</u> the three-day seminar — the only seminar he attended. How can he claim reliance on a purported misrepresentation made <u>after</u> he paid and is in the seminar? The other Plaintiffs have identical allegations.

Further, Plaintiffs still try to turn statements of opinion into actionable falsehood. A statement as to the quality or value of something is non-actionable opinion. *Gentry v. eBay, Inc.*, 99 Cal.App.4th 816, 835 (2002). Thus, alleged misrepresentations about the "quality" of Trump

University's program are not actionable.  Indeed, these "quality" accusations form almost the entire basis for Plaintiffs' Complaint.  For example, Plaintiffs' entire complaint about the three-day field mentorship is not that the three-day program did not occur, but that the **quality** of the program did not live up to what was represented.  *See*, for example, SAC ¶ 54.  However, quality and value representations, such as that a program is "the best" or provides "priceless information," are statements of opinion and are not actionable.

In short, and as is set forth more fully in Trump University's Opening Memorandum, every misrepresentation allegation made by Plaintiffs is not actionable, either because nothing in the SAC alleges why the statement was false and/or because the statement is mere opinion or puffery which is not actionable.  Plaintiffs simply have not identified any specific **mis**representation, the speaker, the circumstances under which the statement was made, the reasons **why** the statement is false or misleading, that Plaintiffs reasonably relied upon the alleged misrepresentation, and the fact that Plaintiffs were damaged by the misrepresentation.  Finally, Plaintiffs fail to allege which statements purported to cause damage.  This is not the "pleading with specificity" required by Rule 9(b).  Plaintiffs' fraud claims should be dismissed without leave to amend.

### III. PLAINITFFS HAVE NOT CLEARLY AND COMPLETELY STATED THE TERMS OF THE CONTRACT NOR WHICH PORTIONS ARE WRITTEN AND WHICH ARE ORAL

Trump University requests that the Court require Plaintiffs <u>finally</u> to commit whether their breach of contract causes of action are based on a written contract, oral contract, both, or something else.  If it is based on an oral contract, then Plaintiffs must set forth each and every term of the contract in their complaint.  With every new pleading Plaintiffs file, they attempt to add terms to the alleged contract.  Plaintiffs argue that defendant Trump University "need not look any further than this Court's order" to see that the FAC included allegations that "defendant promised a year-long mentoring program."  The problem is that the SAC now contends something different.  Plaintiffs now allege that Trump University promised "unlimited mentoring."  SAC ¶47.  Trump University is entitled to know exactly the terms of the alleged contract, who made the terms, and when.  The terms seem to be a moving target, shifting according to Plaintiffs' needs.

To properly plead the existence of a contract, a plaintiff must allege facts showing (1) that the contracts terms were clear enough that the parties could understand what each was required to do; (2) that the parties agreed to exchange consideration, and (3) that the parties agreed to the terms of the contract.  See, Cal. Civ. Code § 1550.  In this case, the terms of the alleged contract — specifically, everything that Trump University was required to do under the alleged contract — cannot be ascertained from Plaintiffs' SAC.  While Plaintiffs do set forth <u>some</u> allegations which imply that they were terms of an alleged oral contract, Plaintiffs do not state that these terms constitute the <u>complete</u> contract between the parties.  The impact of this failure is shown by the constantly changing allegations of the terms of this alleged contract.  From Plaintiffs' original Complaint through their SAC, the terms of the alleged oral contract have shifted and changed to meet Plaintiffs' needs at the time.

Second, a complaint is subject to dismissal if the allegations fail to show the nature of the contract – written, oral or implied – with certainty.  *Adkins v. Model Laundry Co.*, 92 Cal.App.575, 580 (1928).  Plaintiffs have yet to plead the nature of the contract or contracts between the parties.  This is more than a technicality.  Many issues can turn on this designation – statute of limitations, the admissibility of parol evidence, and the like.  In the absence of a clearly designated statement of the nature of the contract, Trump University is hampered in its ability to develop and defend its case.  Trump University should not be required to wait until discovery to learn all of the terms of the contract.  This information is clearly known now by each of the Plaintiffs.

## IV.  CONCLUSION

Plaintiffs have had multiple tries to formulate a theory against Trump University.  Originally, Plaintiffs complained that they were "guaranteed" to make money.  After Trump University's first Motion to Dismiss pointed out that each Plaintiff signed acknowledgments that Trump University could not and did not guarantee any outcome, Plaintiffs changed theories.  Plaintiffs then argued that Trump University promised a "quality education" which is neither actionable nor specific.  After Trump University's Second Motion to Dismiss, Plaintiffs argued that all the "bad acts" which Plaintiffs claimed were done by Trump University now were done by Donald Trump so he personally should be liable for Trump University's actions.

    Plaintiffs should be required to clearly state each of the terms of any oral and written contract, who made the contract and when.  Plaintiffs should be required to identify each specific **mis**representation, how it was false, how each Plaintiff relied on it and how it caused damages.  After three attempts, Plaintiffs have been unable to satisfy these basic pleading requirements.  Trump University respectfully requests that the Court grant its motion without leave to amend.

                                                Respectfully submitted,

Dated:     March 14, 2011            YUNKER & SCHNEIDER

                                                 By:    s/ David K. Schneider
                                                       Attorneys for Defendant and Counterclaimant
                                                       TRUMP UNIVERSITY, LLC
                                                       E-mail: dks@yslaw.com

REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT TRUMP UNIVERSITY, LLC TO DISMISS SECOND AMENDED COMPLAINT UNDER RULES 12(b)(6), AND 9(b)