# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, BRANDON KELLER, ED OBERKROM, and PATRICIA MURPHY, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRUMP UNIVERSITY, LLC, (aka Trump Entrepreneur Initiative), a New York Limited Liability Company; DONALD J. TRUMP; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 10cv0940 - IEG (WVG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT DONALD TRUMP'S MOTION TO DISMISS**<br><br>[Doc. No. 59] |

Plaintiffs paid up to $35,000 apiece to enroll in Trump University seminars, hoping to "Learn from the Master," Donald Trump. When they learned a different lesson than they bargained for, they filed suit, alleging fraud and violations of various state consumer protection and business code provisions on behalf of themselves and a putative class. The matter comes before the Court on Defendant Donald Trump's motion to dismiss. For the reasons stated herein, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss.

///
///
///

**BACKGROUND**

The following background is taken from Plaintiffs' second amended complaint ("SAC") unless otherwise noted. For reasons discussed below, the Court summarizes only the conduct of Donald Trump himself.

As the face of Trump University, Donald Trump appeared on the Trump University website and in advertisements. The website contained headings such as "Learn from the Master," and "Are YOU My Next Apprentice? Prove it to me!" In certain instances, the advertisements took the form of personal letters from Trump himself. In one exemplary letter, Trump stated:

> I only work with people who are committed to succeed. I founded Trump University back in 2005 to teach go-getters how to succeed in real estate. My team at Trump University is filled with real estate experts . . . proven winners. We're the best of the best and we know what works. If you think you have what it takes to be my next apprentice, prove it to me.

In another letter, Trump stated, "My hand-picked instructors and mentors will show you how to use real estate strategies . . . ." And so on.

Plaintiffs first added Donald Trump as a Defendant in their SAC. (Doc. No. 41.) On February 15, 2011, Trump filed the present motion to dismiss. (Doc. No. 59.) The motion is fully briefed and suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d).

**DISCUSSION**

**I.   Legal Standard for a Rule 12(b)(6) Motion to Dismiss**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Ashcroft v. Iqbal,129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).  A court need not accept "legal conclusions" as true. Iqbal, 129 S. Ct. at 1949.  In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

Regardless of the title given to a particular claim, allegations grounded in fraud are subject to Rule 9(b)'s pleading requirements. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).  Where a plaintiff alleges a "unified course of fraudulent conduct" and relies entirely on that conduct as the basis for a claim, the claim is "grounded in fraud," and the pleading as a whole must satisfy Rule 9(b). Id. (citing Vess, 317 F.3d at 1103-04).

Rule 9(b) requires the circumstances constituting fraud to be stated with particularity; they must "state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." Misc. Serv. Workers, Drivers & Helpers v. Philco-Ford Corp., 661 F.2d 776, 782 (9th Cir. 1981) (citations omitted); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.") (internal quotation marks omitted).  The plaintiff must also plead facts explaining why the statement was false when it was made. See In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1549 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in* Marksman Partners, L.P. v. Chantal Pharm. Corp., 927 F. Supp. 1297 (C.D. Cal. 1996).

///
///
///

**II.     Analysis**

    **A.     Trump and Trump University Are Distinct Defendants**

As an initial matter, Trump points out that Plaintiffs do not allege he is the "alter ego" of Trump University or he is vicariously liable for the actions of Trump University and its agents. See Def.'s Mot. at 2.  The parties agree that Trump is liable only for his own conduct, whether or not he served as an officer or director of Trump University.  See Def.'s Mot. at 5; Pls.' Opp'n at 10-11.  As an officer or director, Trump is not liable for the torts of Trump University unless he participated in the wrong or authorized or directed that it be done.  See United States Liability Ins. Co. v. Haidinger-Hayes, Inc., 1 Cal. 3d 586, 595 (1970).

Trump also contends that Plaintiffs have lumped together allegations against Trump and Trump University, and that Plaintiffs' fraud and statutory actions must therefore be dismissed under Rule 9(b).  See Def.'s Mot. at 10-13.  For claims subject to Rule 9(b),[1] Plaintiffs must differentiate their allegations between Trump and Trump University.  Destfino v. Reiswig, 2011 WL 182241, at *5 (9th Cir. Jan. 21, 2011).

The Court agrees with Trump that in some instances, Plaintiffs' SAC seems to imply Trump is vicariously liable for the actions of Trump University, and in some instances, Plaintiffs' SAC lumps together allegations against both Defendants.  In this Order, however, the Court need only address statements alleged to have been made by Trump himself.

    **B.     Fraud Claims**

Trump maintains Plaintiffs' fraud, misrepresentation, and false promise allegations fail to support their claims.  See Def.'s Mot. at 6-7.  Although Plaintiffs allege Trump made a number of misrepresentations, the parties focus on one in particular: the allegation that Trump lied about "hand picking" instructors.  See Def.'s Mot. at 6-7; Pls.' Opp'n at 15.  For his part, Trump does not argue Plaintiffs failed to specify the "who, what, when, where, and how" of the alleged misrepresentation.  See generally Def.'s Mot.  Instead, Trump maintains Plaintiffs did not sustain any damages in reliance on the alleged misrepresentation.  See Def.'s Mot. at 6-7.

---

[1] Trump's has not substantiated his position that Plaintiffs' money had and received claim is subject to Rule 9(b) or otherwise subject to dismissal.

The Court agrees with Trump that reliance and damages are among the elements of a fraud claim. Engalla v. Permanente Medical Group, Inc., 15 Cal. 4th 951, 974 (1997). "Reliance exists when the misrepresentation or nondisclosure was an immediate cause of the plaintiff's conduct which altered his or her legal relations, and when without such misrepresentation or nondisclosure he or she would not, in all reasonable probability, have entered into the contract or other transaction." Alliance Mortgage Co. v. Rothwell, 10 Cal. 4th 1226, 1239 (1995). Except in rare cases where the undisputed facts leave no room for a reasonable difference of opinion, the question of whether a plaintiff's reliance is reasonable is a question of fact. Id.; see also West Shield Investigations and Security Consultants v. Superior Court, 82 Cal. App. 4th 935, 957 (2000) ("Questions of materiality and justifiable reliance constitute questions of fact which cannot be resolved on summary adjudication . . . ."); Blankenheim v. E.F. Hutton & Co., 217 Cal. App. 3d 1463, 1475 (1990) (same).

In this case, Plaintiffs signed up for Trump University seminars for a specific reason: to "Learn from the Master," Donald Trump. See, e.g., SAC ¶¶ 34, 59; see also Pls.' Opp'n at 1 ("Trump is the name, the face, the voice, and the draw for Trump University.") (italics omitted). For purposes of reliance, the true value of having instructors "hand picked" by Donald Trump, dubious as it may be, is irrelevant. See Blankenheim, 217 Cal. App. 3d 1463, 1475 (1990) ("What would constitute fraud in a given instance might not be fraudulent when exercised toward another person. The test of the representation is its actual effect on the particular mind . . . ."); cf. Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 328 (2011) ("Simply stated: labels matter. The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label and various tangible and intangible qualities they may come to associate with a particular source."). At this stage, the Court cannot conclude as a matter of law that Plaintiffs did not rely on a particular misrepresentation. See Alliance Mortgage Co., 10 Cal. 4th at 1239. To the extent Plaintiffs did rely on Trump's alleged misrepresentations, they may have sustained damages up to $35,000 apiece. Accordingly, the Court **DENIES** Trump's motion to dismiss Plaintiffs' fraud, misrepresentation, and false promises claims.

### C. Statutory Violations

#### 1. Sufficiency of Allegations

As with Plaintiffs' fraud claims, Trump maintains Plaintiffs' allegations fail to support their statutory claims because they did not sustain any damages in reliance on the misrepresentations. See Def.'s Mot. at 7-8. And as with Plaintiffs' fraud claims, Trump highlights the allegation that he "hand picked" instructors. See id.

Although some of Plaintiffs' statutory claims undoubtedly require reliance, the standard for reliance in the context of California's consumer protection laws is no more stringent than that in the context of common law fraud. On the contrary, although Plaintiffs must show actual reliance to proceed under the UCL's fraud prong, they are "not required to allege that misrepresentations were the sole or even the decisive cause of the injury-producing conduct." Kwikset Corp., 51 Cal. 4th at 326-27 (quoting In re Tobacco II Cases, 46 Cal. 4th 298, 328 (2009).

Accordingly, as stated above with regard to Plaintiffs' fraud claims, the Court cannot conclude as a matter of law that Plaintiffs did not rely on Trump's alleged misrepresentations. And as stated above, to the extent Plaintiffs relied on these alleged misrepresentations, they may have sustained damages up to $35,000 apiece. Except as provided below, the Court **DENIES** Trump's motion to dismiss Plaintiffs' statutory claims.

#### 2. Puffery

Trump also highlights Plaintiffs' allegation that Trump stated, "no course offers the same depth of insight, experience and support as the one bearing my name." Trump argues the statement constitutes non-actionable puffery, and the Court agrees. See Oestreicher v. Alienware Corp., 544 F. Supp. 2d 964, 973 (N.D. Cal. 2008), *aff'd* 322 Fed. Appx. 489 (9th Cir. 2009) (observing that product superiority claims that are vague or highly subjective often amount to non-actionable puffery). The Court **DISMISSES** Plaintiffs' claims to the extent they rely on that statement.

///
///
///
///

### 3. Standing to Pursue UCL and CLRA claims

Trump challenges Plaintiffs Oberkrom and Murphy's standing to pursue UCL and CLRA claims; he asserts they are not California residents. Plaintiffs concede the point. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiffs Oberkrom and Murphy's UCL and CLRA claims.

### 4. Sufficiency of CLRA Allegations

As a separate matter, Trump attacks the sufficiency of Plaintiffs' CLRA allegations. Trump contends Plaintiffs' CLRA claims fail because Plaintiffs do not allege they entered into a "transaction" with Trump.

The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). In this case, the fact that Plaintiffs entered into a transaction with Trump University rather than Trump himself does not require dismissal of the CLRA claims. See Chamberlan v. Ford Motor Co., 369 F. Supp. 2d 1138, 1144 (N.D. Cal. 2005) (finding omissions actionable against defendant car manufacturer "despite the fact that they never entered into a transaction directly with Defendant.").

### D. Violation of New York's General Business Law § 349

Last, Trump maintains Plaintiffs' causes of action under New York's General Business law fail because none of the Plaintiffs took classes in New York. Plaintiffs respond by referring the Court to their arguments in opposition to Trump University's motion to dismiss. For the reasons stated in the Court's Order Granting in Part and Denying in Part Trump University's Motion to Dismiss, filed concurrently, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' § 349 claims against Trump.

///
///
///
///
///

**CONCLUSION**

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Trump's motion to dismiss. In doing so, the Court emphasizes that the present ruling is confined to the issues presented in Trump's motion to dismiss, and at this stage, the Court has determined only that, in certain respects, Plaintiffs have satisfied the pleading requirements of the Federal Rules of Civil Procedure. The Court **ORDERS** as follows:

- Plaintiffs' statutory claims are **DISMISSED WITH PREJUDICE** to the extent they rely on Trump's statement that "no course offers the same depth of insight, experience and support as the one bearing my name."

- Plaintiffs Oberkrom and Murphy's UCL and CLRA claims are **DISMISSED WITH PREJUDICE**.

- Plaintiffs' § 349 claims are **DISMISSED WITHOUT PREJUDICE**.

- Defendant's motion is **DENIED** in all other respects.

The Court **GRANTS** Plaintiffs leave to amend their complaint. If Plaintiffs wish to do so, they should file their third amended complaint <u>within 14 days</u> of the filing of this Order.

**IT IS SO ORDERED.**

**DATED: May 16, 2011**

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**