1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11   TARLA MAKAEFF, BRANDON KELLER,
     ED OBERKROM, and PATRICIA
12   MURPHY, on Behalf of Themselves and All
     Others Similarly Situated,

13                                      Plaintiffs,

14        vs.

15

16   TRUMP UNIVERSITY, LLC, (aka Trump
     Entrepreneur Initiative), a New York Limited
17   Liability Company; DONALD J. TRUMP;
     and DOES 1 through 50, inclusive,
18
19                                      Defendants.

CASE NO. 10cv0940 - IEG (WVG)

**ORDER:**

**(1) GRANTING IN PART AND
DENYING IN PART TRUMP
UNIVERSITY'S MOTION TO
DISMISS; and**

**(2) DENYING TRUMP
UNIVERSITY'S MOTION TO
STRIKE**

[Doc. Nos. 50, 51]

20
21        This is a putative class action brought by individuals who enrolled in Trump University
22   seminars and now maintain they learned a much different lesson than they bargained for.  Plaintiffs
23   allege Trump University failed to provide the services they paid for, committed fraud, and violated
24   various state consumer protection and business code provisions.  The matter comes before the
25   Court on Defendant Trump University's motion to dismiss and motion to strike.  For the reasons
26   stated herein, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to
27   dismiss and **DENIES** Defendant's motion to strike.
28   ///

**BACKGROUND**

Noting the facts underlying this action have been fully briefed in previous motions, the parties declined to brief the Court on the factual background pertinent to the present motion.  (See Def.'s Mot. at 2; Pls.' Opp'n at 1 n.1.)  Broadly speaking, Plaintiffs allege Defendants duped them into purchasing expensive Trump University real estate seminars and mentoring services whose features were grossly misrepresented.  (See Pls.' Opp'n at 1.)

On October 12, 2010, the Court granted in part and denied in part Defendant's motion to dismiss Plaintiffs' first amended complaint  (Doc. No. 33.)  Subsequent to the Court's ruling, Plaintiffs filed a second amended complaint ("SAC").  (Doc. No. 41.)  On January 31, 2011, Defendant filed the present motion to dismiss and motion to strike.  (Doc. Nos. 50, 51.)  The motions are fully briefed and suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d).

**DISCUSSION**

**I.      Trump University's Motion to Dismiss**

      **A.      Legal Standard for a Rule 12(b)(6) Motion to Dismiss**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a) (2009).  A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001).  The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party.  Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief"

- 2 -

1    requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

2    action will not do." Twombly, 550 U.S. at 555 (citation omitted).  A court need not accept "legal

3    conclusions" as true.  Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). In spite of the

4    deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to

5    assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have

6    violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal.,

7    Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

8         **B.    Analysis**

9              **1.    Violation of New York's General Business Law § 349(a)**

10             Defendant maintains Plaintiffs' causes of action under New York law must fail because

11   Plaintiff Patricia Murphy did not contract for, or attend, any Trump University classes in New

12   York. See Def.'s Mot. at 2-3.  According to Defendant, Murphy only took classes in Florida and

13   Pennsylvania. Id.  Moreover, Defendant contends the classes Murphy took were not even Trump

14   University classes, but classes offered by a different company. Id.  Plaintiffs respond by noting the

15   SAC specifically alleges Murphy attended classes offered by Trump University. See Pls.' Opp'n at

16   7. However, Plaintiffs acknowledge the classes took place in Florida and Pennsylvania. Id. at 7

17   n.4. Nonetheless, Plaintiffs suggest that their § 349 claims are viable because they encompass

18   more than merely attending classes. See id. at 7-8. Plaintiffs point to other allegations in support

19   of their § 349 claims. See id.

20             New York General Business Law § 349(a) provides that "[d]eceptive acts or practices in

21   the conduct of any business, trade or commerce or in the furnishing of any service in this state are

22   hereby declared unlawful." In Goshen v. Mutual Life Insurance Company of New York, 98 N.Y.

23   2d 314, 324 (2002), the Court of Appeals addressed "territorial reach" of § 349.  The Court

24   concluded that "the transaction in which the consumer is deceived must occur in New York." Id.

25   Thus, "to qualify as a prohibited act under the statute, the deception of a consumer must occur in

26   New York." Id. at 325.  The Court of Appeals expressly noted its analysis did not turn on the

27   residency of the parties. Id.

28             Here, then, the Court rejects Defendant's suggestion that § 349 applies only to New York

- 3 -

residents.  The Court also rejects Defendant's assertion that Plaintiffs took classes from an institution other than Trump University.  Plaintiffs specifically allege that Murphy took courses from Trump University, SAC ¶¶ 27, 76-77, and the Court must accept such allegations as true at the motion to dismiss stage.  Cahill, 80 F.3d at 337-38.  However, the Court agrees with Defendants that out-of-state transactions cannot form the sole basis of Plaintiffs' § 349 claims. Goshen, 98 N.Y. 2d at 324.  Because Plaintiffs acknowledge the courses Murphy took were in Florida and Pennsylvania, the Court must dismiss Plaintiffs' § 349 claims unless Plaintiffs can provide a separate basis for relief under § 349.

Plaintiffs offer two additional grounds for relief, both of which are unavailing.  First, Plaintiffs note that Trump University offered and conducted seminars and coaching sessions  in New York.  Pls.' Opp'n at 8 (citing SAC ¶¶ 28, 29, 32-60).  At this stage, however, the Court must evaluate only the claims of named Plaintiffs.  Speyer v. Avis Rent a Car System, Inc., 415 F. Supp. 2d 1090, 1094 (S.D. Cal. 2005) (citing Barth v. Firestone Tire and Rubber Co., 661 F. Supp. 193 (N.D. Cal. 1987).  Second, Plaintiffs note that Trump University used its New York address to send correspondence to Plaintiffs and putative class members nationwide, see Pls.' Opp'n at 8-9 (citing SAC ¶¶ 18, 27-29, 32-60), conduct the Goshen Court expressly held to be outside the scope of § 349.  In Goshen, defendant conducted business in New York, but sold plaintiff insurance policies in Florida.  98 N.Y. 2d at 322.  Noting that plaintiff had received defendant's promotional materials, purchased his policy, and paid his premiums in Florida, the Court held that "any deception took place in Florida, not New York."  Id. at 326.  Likewise, here, although Trump University conducts business in New York, it did not deceive any of the named Plaintiffs in New York.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' § 349 claims.

### 2.    Fraud, Misrepresentation, and False Promises Claims

Defendant maintains the fraud allegations in the SAC have not been pleaded with particularity.  See Def.'s Mot. at 3-5.  In addition, Defendant argues that Plaintiffs could not have relied on any of the alleged misrepresentations because the statements were made after Plaintiffs had already purchased the seminars.  Id.  Plaintiffs respond that they have cured the deficiencies the Court identified in its October 12, 2010 Order and pleaded fraud with sufficient particularity.

1   See Pls.' Opp'n at 3-6.  Plaintiffs also dispute Defendant's reliance argument, emphasizing that the

2   misrepresentations are used to "upsell" customers to the next product level.  See id. at 5.  In its

3   reply, Defendant argues every alleged misrepresentation is not actionable, either because the SAC

4   does not allege why the statement is false, or because the statement is "mere opinion or puffery."

5   See Def.'s Reply at 2-3.

6          The Court previously held that Plaintiffs' fraud, misrepresentation, and false promises

7   claims are governed by Rule 9(b) of the Federal Rules of Civil Procedure, and Plaintiffs do not

8   argue otherwise in opposing the present motion to dismiss.  Under Rule 9(b), fraud allegations

9   must be specific enough to give defendants notice of the particular misconduct, so that they can

10   defend against the charge and not just deny that they have done anything wrong.  Kearns v. Ford

11   Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (citations omitted).  Averments of fraud must be

12   accompanied by the "who, what, when, where, and how" of the misconduct charged.  Id.

13          The Court turns, then, to whether each Plaintiff has satisfied the heightened pleading

14   standard of Rule 9(b).  Plaintiff Patricia Murphy's fraud allegations fall short.  Although Murphy

15   alleges she participated in seminars between January 27 and March 12, 2007, see SAC ¶ 76, she

16   does not identify any specific instances in which she was the target of Defendant's

17   misrepresentations.  By contrast, the other Plaintiffs allege the "who, what, when, where, and how"

18   of Defendant's misrepresentations, and their allegations further reveal that certain

19   misrepresentations took place at a time before Plaintiffs purchased the seminars:

20          •  **Plaintiff Tarla Makaeff** alleges that Trump University speaker Tiffany Brinkman
              persuaded Makaeff to sign up for the $35,000 seminar by "guaranteeing" Plaintiff
21            Makaeff that her first real estate deal would earn her enough to pay for the seminar.
              See SAC ¶ 63.  Soon after Brinkman's statements, on or about August 10, 2008,
22            Makaeff signed up for the $35,000 seminar.  See id. ¶ 61.  Lest there be any doubt
              as to why the statements were false, Plaintiff alleges that, contrary to Brinkman's
23            guarantee, she never made any money.  Id. ¶ 63.

24          •  **Plaintiff Ed Oberkrom** alleges that in order to persuade him and the other students
              in his class to sign up for the $25,000 seminar, the speaker told them that "the first
25            students to sign up . . . would be the first to get the best properties on a list, and
              access to get the best buyers."  See SAC ¶ 71.  The speaker also told them that "the
26            first students to sign up would get the first access to an exclusive website of
              properties hand-picked by Donald Trump."  Id.  Soon after the speaker's statements,
27            in March 2009, Oberkrom signed up for the seminar.  Oberkrom alleges he later
              learned the properties were not handpicked by Donald Trump, and the website was
28            not exclusive; it was accessible to anyone for $39 a month.  Id.

- • **Plaintiff Brandon Keller** attended a free introductory seminar on November 18, 2009 at the Marriott in La Jolla on La Jolla Village Drive. See SAC ¶ 79. At the free seminar, a speaker told students that if they signed up for the $1,500 seminar, and if they brought five to ten real estate leads, Trump University trainers would call the leads. Id. ¶ 82. A speaker also told students if they signed up for the $1,500 seminar, they were guaranteed to make $5,000 to $10,000 within 30 days. See id. ¶ 86. Keller alleges each of these statements were false. Keller never made any money, and at the $1,500 seminar, Trump University trainers called leads for only two of the thirty students. See id. ¶¶ 79, 87.

The foregoing allegations satisfy the heightened pleading requirement of Rule 9(b) and negate Defendant's assertion that the timing of the misrepresentations precludes reliance.[1] The Court declines to address Defendant's other reliance argument, i.e., that Plaintiffs expressly disclaimed reliance on any guaranteed outcomes when they signed up for the seminars, as that argument was addressed previously in the Court's October 12, 2010 Order. See Doc. No. 33.

Based on the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff Patricia Murphy's fraud, misrepresentation, and false promises claims but **DENIES** Defendant's motion to dismiss those claims as to the other Plaintiffs.

### 3.   Breach of Contract Claims

In its October 12, 2010 Order, the Court held that Plaintiff's FAC adequately stated a cause of action for breach of contract (as well as certain causes of action deriving therefrom). See Doc. No. 3 at 7. Defendant contends that the SAC alleges additional contract terms and must be dismissed because "the terms of the alleged contract are a moving target." See Def.'s Mot. at 5-6. Plaintiffs respond that the breach of contract allegations in the SAC are "materially the same" as those in the FAC. See Pls.' Opp'n at 2. Plaintiffs contend they have merely added detail to their allegations.

The Court is unpersuaded by Defendant's argument. Plaintiffs' allegations are not a "moving target" because the SAC stands on its own. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("an amended pleading supersedes the original pleading"). At any rate, the Court is

---

[1]  There may well be, as Defendant suggests, a question as to whether some of Plaintiff's allegations constitute "mere opinion or puffery." However, because Defendant raised the issue for the first time in its reply brief, Plaintiffs did not have the opportunity to respond, and the Court need not consider arguments raised for the first time in a reply brief. Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007). At any rate, Defendant has not flagged any of the allegations discussed herein as constituting opinion or puffery. See Def.'s Reply at 3 (citing SAC ¶ 54).

1  unpersuaded that Plaintiffs' contract claims differ materially from the FAC to the SAC.[2]  To the

2  extent Defendant seeks to "nail down" Plaintiffs' contract allegations, it should be able to do so in

3  discovery.  See Fed. R. Civ. P. 33 ("Interrogatories to Parties"); Fed. R. Civ. P. 36 ("Requests for

4  Admission").  The Court **DENIES** Defendant's motion to dismiss Plaintiffs' contract claims.

5                 **4.**    **False Advertising Claim**

6        Defendant requests the Court to confirm that Makaeff is not a party to this cause of action

7  based on the Court's previous determination that Makaeff failed to state a false advertising claim.

8  See Def.'s Mot. at 6.  Plaintiffs respond by restating an argument the Court considered and rejected

9  in its previous order, and by raising a new one: that the oral misrepresentations Defendant made in

10  attempting to persuade Makaeff to purchase the $35,000 seminar constitute false advertising.  Pl.s'

11  Opp'n at 6-7.

12        California Business and Professions Code § 17500 prohibits the use of any untrue or

13  misleading statement in selling real or personal property or personal services.  People v. Dollar

14  Rent-A-Car Sys., Inc., 211 Cal. App. 3d 119, 128 (1989).  The prohibition extends to the use of

15  false or misleading oral statements.  Id.

16        The SAC alleges Defendant made misleading statements at the $1,500 seminar for the

17  purpose of inducing Makaeff to purchase the $35,000 seminar, and that based on such statements,

18  Makaeff purchased the $35,000 seminar.  SAC ¶¶ 61, 63.  The SAC states a false advertising claim

19  as to Plaintiff Makaeff, and therefore the Court **DENIES** Defendant's motion to dismiss as it

20  relates to that claim.

21  **II.**    **Trump University's Motion to Strike**

22      **A.**    **Legal Standard for a Rule 12(f) Motion to Strike**

23        Rule 12(f) provides that a court may strike from a pleading any insufficient defense or any

24  redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f); Whittlestone, Inc.

25  v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010).  The function of a motion to strike is to

26  avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious

27

28       [2]  As with its argument concerning Plaintiffs' fraud claims, Defendant raises new arguments in its reply brief.  Because Plaintiffs did not have the opportunity to respond to such arguments, the Court declines to address them here.  See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007).

10cv0940

1   issues prior to trial.  Chong v. State Farm Mut. Auto. Ins. Co., 428 F. Supp.2d 1136, 1139 (S.D.

2   Cal. 2006); SidneyVinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  Rule 12(f)

3   motions "are generally regarded with disfavor because of the limited importance of pleading in

4   federal practice, and because they are often used as a delaying tactic."  Neilson v. Union Bank of

5   Cal., N.A., 290 F. Supp.2d 1101, 1152 (C.D. Cal. 2003).  Thus, courts generally grant a motion to

6   strike only where it is clear that the matter to be stricken could have no possible bearing on the

7   subject matter of the litigation.  Walters v. Fidelity Mortg. of Cal., 730 F. Supp.2d 1185, 1196

8   (E.D. Cal. 2010) (citing Lilley v. Charren, 936 F. Supp. 708, 713 (N.D. Cal.1996)).

9        **B.      Analysis**

10        Defendant moves to strike: (1) allegations regarding Trump University's targeting of senior

11   citizens, (2) allegations concerning Noah Herrera, and (3) allegations concerning Plaintiff Patricia

12   Murphy.  Plaintiffs oppose the motion, arguing all of the allegations are relevant.

13        **1.      Targeting of Seniors**

14        Defendant contends the allegations regarding Trump University's attempts to target senior

15   citizens should be stricken because the Court has already dismissed Plaintiffs' elder abuse claim.

16   The Court disagrees.  Where allegations, when read with the complaint as a whole, give a full

17   understanding thereof, they need not be stricken.  LeDuc v. Kentucky Cent. Life Ins. Co., 814 F.

18   Supp. 820, 830 (N.D. Cal. 1992).  In this case, dismissal of the elder abuse claim does not

19   necessarily deprive Plaintiffs' allegations of their relevance.  The allegations arguably provide a

20   fuller understanding Defendant's misconduct and the SAC as a whole.  See LeDuc, 814 F. Supp. at

21   830.  At this stage, the Court is unable to conclude the allegations have no possible bearing on the

22   subject matter of the litigation.  See id.

23        **2.      Noah Herrera**

24        Defendant contends that because Noah Herrera is not an agent or employee of Trump

25   University, the allegations regarding Herrera are immaterial and should be stricken.  Again, the

26   Court disagrees.  Plaintiffs allege a Trump University instructor facilitated a deal between Herrera

27   and Tarla Makaeff.  See SAC ¶ 66.  The deal ended badly for Makaeff, in part because Herrera

28   allegedly committed fraud.  See id.  The deal, and the instructor's failure to disclose a conflict of

1  interest, support Plaintiffs' claim that Defendant misrepresented quality of Trump University's

2  seminars in violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1770(a)(7).

3        **3.**     **Patricia Murphy**

4       Last, although Defendant insists Plaintiff Patricia Murphy never enrolled in a Trump

5  University seminar, the SAC alleges otherwise.  See SAC ¶¶ 27, 76-77.  A motion to strike is not

6  the appropriate vehicle for contesting the veracity of Plaintiffs' allegations.  See Fed. R. Civ. P.

7  12(f) (permitting the Court to strike from a pleading any "redundant, immaterial, impertinent, or

8  scandalous" matter).

9       The Court **DENIES** Trump University's motion to strike in its entirety.

10                         **CONCLUSION**

11       For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART**

12  Defendant's motion to dismiss and **DENIES** Defendant's motion to strike.  The Court **ORDERS**

13  as follows:

14       - Plaintiffs' § 349 claims are **DISMISSED WITHOUT PREJUDICE**.

15       - Plaintiff Patricia Murphy's fraud, misrepresentation, and false promises claims are

16  **DISMISSED WITHOUT PREJUDICE**.

17       - Defendant's motions are **DENIED** in all other respects.

18       The Court **GRANTS** Plaintiffs leave to amend their complaint.  If Plaintiffs wish to do so,

19  they should file their third amended complaint within 14 days of the filing of this Order.

20       **IT IS SO ORDERED.**

21  **DATED:  May 16, 2011**

22                      *Irma E. Gonzalez*

                       **IRMA E. GONZÁLEZ, Chief Judge**

23                         **United States District Court**

10cv0940