ZELDES & HAEGGQUIST, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
HELEN I. ZELDES (220051)
helenz@zhlaw.com
ALREEN HAEGGQUIST (221858)
alreenh@zhlaw.com
625 Broadway, Suite 906
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Attorneys for Plaintiffs and Proposed Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> TRUMP UNIVERSITY, LLC, et al., <br><br> Defendants. | No. 3:10-cv-00940-IEG(WVG) <br><br> <u>CLASS ACTION</u> <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANTS TRUMP UNIVERSITY'S AND DONALD J. TRUMP'S AFFIRMATIVE DEFENSES RAISED IN THEIR ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT <br><br> DATE:      August 29, 2011 <br> TIME:      10:30 a.m. <br> CTRM:     1, First Floor <br> JUDGE:    Honorable Irma E. Gonzalez |

636132_1

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................1

II.   THE COURT SHOULD STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES..........3

    A.   Applicable Legal Standard.................................................................3

    B.   Defendants' Affirmative Defenses Fail to Provide Sufficient Factual Basis to Give Plaintiffs Fair Notice...........................................................5

    C.   Many of Defendants' Alleged Affirmative Defenses Have Already Been Rejected by this Court................................................................7

    D.   Many of Defendants' Allegations that Do Not Constitute Affirmative Defenses at All...............................................................................9

        1.   Attacking Plaintiffs' Ability to Prove Elements of Their Claims Is Not an Affirmative Defense..................................................9

        2.   Causation.....................................................................10

        3.   Comparative Negligence....................................................11

        4.   No Measurable Harm or Injury to Plaintiffs ............................12

        5.   Good Faith....................................................................12

        6.   Class Certification...........................................................12

        7.   Reservation of Right to Amend Is Not an Affirmative Defense...............13

        8.   Defendants' Purported Constitutional Issues Are Not Affirmative Defenses...............................................................13

    E.   Many of Defendants' Affirmative Defenses Should Be Stricken as Boilerplate Conclusory Allegations...................................................14

        1.   Waiver and Estoppel ........................................................14

        2.   Statute of Limitations........................................................16

        3.   Laches .........................................................................17

        4.   Accord and Satisfaction .....................................................18

        5.   Release ........................................................................18

        6.   Ratification....................................................................19

        7.   Justification and Excuse .....................................................19

        8.   Unclean Hands ...............................................................20

Page

9.   Offset (or Setoff) and Inequitable Windfall ...............................................20

10.  Consent ............................................................................................................21

III.   CONCLUSION ..................................................................................................21

# TABLE OF AUTHORITIES

**Page**

## CASES

*Acco Brands USA LLC v. Sorensen*,
No. 08-CV-1670-BTM(CAB), 2011 WL 743080 (S.D. Cal. Feb. 24, 2011) ......................2, 4

*Allen v. A.H. Robbins Co., Inc.*,
752 F.2d 1365 (9th Cir. 1985) ...................................................................................14

*Ariosta v. Fallbrook Union High School Dist.*,
No. 08CV2421-L(AJB), 2009 WL 1604569 (S.D. Cal. June 4, 2009)........................... *passim*

*Ashcroft v. Iqbal*,
__ U.S. __, 129 S. Ct. 1937 (2009).............................................................................3, 4, 5

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
459 U.S. 519 (1983).................................................................................................4

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007).......................................................................................... *passim*

*Brooklyn Savings Bank v. O'Neil*,
324 U.S. 697, 65 S. Ct. 895, 89 L. Ed. 1296 (1945).......................................................15

*Byrne v. Nezhat*,
261 F.3d 1075 (11th Cir. 2001) ...................................................................................4

*Carroll v. Gava*,
98 Cal. App. 3d 892 (1979) ......................................................................................11

*Castillo v. Roche Labs., Inc.*,
No. 10-20876-CIV, 2010 WL 3027726 (S.D. Fla. Aug. 2, 2010) ................................4, 5, 6, 7

*Chitkin v. Lincoln Nat'l Ins. Co.*,
879 F. Supp. 841 (S.D. Cal. 1995)...............................................................................20

*Clark v. Cap. Credit & Collection Servs., Inc.*,
460 F.3d 1162 (9th Cir. 2006) ....................................................................................15

*Covino v. Governing Bd.*,
76 Cal. App. 3d 314 (1977) ..................................................................................15, 18

*Danjaq LLC v. Sony Corp.*,
263 F.3d 942 (9th Cir. 2001) .....................................................................................17

*Dealertrack, Inc. v. Huber*,
460 F. Supp. 2d 1177 (C.D. Cal. 2006) ..........................................................................8

**Page**

*Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*,
  890 F.2d 165 (9th Cir. 1989) ...................................................................................20

*Donohoe v. Am. Suzuki Motors, Inc.*,
  155 F.R.D. 515 (M.D. Pa. 1994) ...............................................................................12

*E.E.O.C. v. Interstate Hotels, L.L.C.*,
  No. C 04-04092, 2005 WL 885604 (N.D. Cal. Apr. 14, 2005) .............................12

*EEOC v. Recruit U.S.A., Inc.*,
  939 F.2d 746 (9th Cir. 1991) ...................................................................................20

*F.D.I.C. v. White*,
  828 F. Supp. 304 (D.N.J. 1993) ...............................................................................11

*F.T.C. v. Medicor LLC*,
  No. CV011896CBMEX, 2001 WL 765628 (C.D. Cal. June 26, 2001) ................21

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993), *rev'd sub nom. on other grounds by Fogerty v.
  Fantasy, Inc.*, 510 U.S. 517 (1994) ......................................................................3, 5

*FDIC v. Haines*,
  3 F. Supp. 2d 155 (D. Conn. 1997) ..........................................................................13

*Fed. Sav.& Loan Ins. Corp. v. Maio*,
  736 F. Supp. 1039 (N.D. Cal. 1989) ..........................................................................8

*Fleet Bus. Credit Corp. v. Nat'l City Leasing Corp.*,
  191 F.R.D. 568 (N.D. Ill. 1999) ...............................................................................17

*Greiff v. T.I.C. Enters., L.L.C.*,
  No. 03-882-SLR, 2004 WL 115553 (D. Del. Jan. 9, 2004) ....................................14

*Heller Fin., Inc. v. Midwhey Powder Co.*,
  883 F.2d 1286 (7th Cir. 1989) ...............................................................................6, 19

*In re AST Research Sec. Litig.*,
  No. CV 94-1370 SVW (SHx), 1994 WL 722888 (C.D. Cal. Nov. 8, 1994) ...........8

*In re Malinowski*,
  156 F.3d 131 (2d Cir. 1998) .....................................................................................21

*In re Marriage of Thompson*,
  41 Cal. App. 4th 1049 (1996) ...................................................................................18

**Page**

*In re Morpheus Lights*,
    228 B.R. 449 (N.D. Cal. 1998) ...........................................................................15

*J & J Sports Prod., Inc. v. Enedina Soto*,
    No. 10CV885-LAB (CAB), 2010 WL 3911467
    (S.D. Cal. Sept. 28, 2010) ...............................................................9, 11, 12, 17

*J & J Sports Prods., Inc. v. Jimenez*,
    No. 10CV0866-DMS(RBB), 2010 WL 5173717 (S.D. Cal. Dec. 15, 2010) ................. *passim*

*J & J Sports Prods., Inc. v. Mendoza-Govan*,
    No. C 10-05123, 2011 WL 1544886 (N.D. Cal. Apr. 25, 2011) .................................... *passim*

*Jakimas v. Hoffmann-La Roche, Inc.*,
    485 F.3d 770 (3d Cir. 2007).............................................................................19

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*,
    __U.S.___, 130 S. Ct. 1605 (2010)....................................................................12

*Kasky v. Nike, Inc.*,
    27 Cal. 4th 939 (2002) ..................................................................................15

*Kincaid v. City of Fresno*,
    No. 1:06-CV-1445 OWW SMS, 2007 WL 833058 (E.D. Cal. Mar. 19, 2007) .....................20

*Kinkle v. Fruit Growers Supply Co.*,
    63 Cal. App. 2d 102 (1944) ..............................................................................18

*Kofsky v. Smart & Final Iris Co.*,
    131 Cal. App. 2d 530 (1955) .............................................................................16

*Marder v. Lopez*,
    450 F.3d 445 (9th Cir. 2006) ............................................................................18

*Mattox v. Watson*,
    No. CV 07-5006-RGK (RZx), 2007 WL 4200213 (C.D. Cal. Nov. 15, 2007) .................2, 14

*Monster Content, LLC v. Homes.Com, Inc.*,
    No. C 04-0570 FMS, 2005 WL 1522159 (N.D. Cal. June 28, 2005) .............................19

*Multimedia Patent Trust v. Microsoft Corp.*,
    525 F. Supp. 2d 1200 (S.D. Cal. 2007).................................................................3

*New York v. Hill*,
    528 U.S. 110, 120 S. Ct. 659, 145 L. Ed. 2d 560 (2000)...........................................15

Page

*Operating Eng'rs Pension Trust Fund v. Fife Rock Prods. Co.*,
No. C 10-00697 SI, 2010 WL 2635782 (N.D. Cal. June 30, 2010)........................................19

*Pellet v. Sonotone Corp.*,
26 Cal. 2d 705 (1945) ...........................................................................................................18

*Qarbon.com Inc. v. eHelp Corp.*,
315 F. Supp. 2d 1046 (N.D. Cal. 2004) ....................................................................... *passim*

*Quintana v. Baca*,
233 F.R.D. 562 (C.D. Cal. 2005) .........................................................................................5, 8

*Ricon v. Recontrust Co.*,
No. 09CV937-IEG(JMA), 2009 WL 2407396 (S.D. Cal. Aug. 4, 2009) ............................3, 5

*Safeco Ins. Co. of Am. v. O'Hara Corp.*,
No. 08-CV-10545, 2008 WL 2558015 (E.D. Mich. June 25, 2008) .........................................6

*Security People, Inc. v. Classic Woodworking, LLC*,
No. C-04-3133, 2005 WL 645592 (N.D. Cal. Mar. 4, 2005) .................................................12

*Shapiro v. Prudential Prop. & Cas. Co.*,
52 Cal. App. 4th 722 (1997) .................................................................................................11

*Stuart v. Radioshack Corp.*,
No. C-07-4499 EMC, 2009 WL 281941 (N.D. Cal. Feb. 5, 2009) ........................................15

*Ticconi v. Blue Shield of Cal. Life & Health Ins., Co.*,
160 Cal. App. 4th 528 (2008) ..........................................................................................15, 18

*Ting v. AT&T*,
319 F.3d 1126 (2003).............................................................................................................15

*Torres v. Goddard*,
No. CIV 06-2482-PHX-SMM, 2007 WL 4287812 (D. Ariz. Dec. 3, 2007) .........................16

*United States v. Anderson*,
472 F.3d 662 (9th Cir. 2006) ................................................................................................14

*United States v. Hempfling*,
No. CV F 05-594, 2007 WL 1299262 (E.D. Cal. May 1, 2007) ..............................................8

*Voeks v. Wal-Mart Stores, Inc.*,
No. 07-C-0030, 2008 WL 89434 (E.D. Wisc. Jan. 7, 2008)..................................................21

**Page**

*Wilkerson v. Butler*,
  229 F.R.D. 166 (E.D. Cal. 2005) ...................................................................5, 14

*Woodfield v. Bowman*,
  193 F.3d 354 (5th Cir. 1999) .................................................................16, 18, 21

*Wyshak v. City Nat'l Bank*,
  607 F.2d 824 (9th Cir. 1979) ...........................................................................3

*Zivikovic v. S. Cal. Edison Co.*,
  302 F.3d 1080 (9th Cir. 2002) .........................................................................9

**STATUTES, RULES AND REGULATIONS**

United States Constitution
  Eighth Amendment ......................................................................................13

Federal Rules of Civil Procedure
  Rule 8 ........................................................................................................2
  Rule 8(a)(2) ................................................................................................1
  Rule 8(b) ..................................................................................................5, 6
  Rule 8(c) ....................................................................................................9
  Rule 9(b) ....................................................................................................1
  Rule 12(b)(6) ..............................................................................................1
  Rule 12(f) ............................................................................................*passim*
  Rule 15 .....................................................................................................13
  Rule 23 .....................................................................................................13

California Business & Professions Code
  §17200.................................................................................................8, 9, 16
  §17500....................................................................................................8, 9

California Civil Code
  §1521.......................................................................................................18
  §1522.......................................................................................................18
  §1523.......................................................................................................18
  §1541.......................................................................................................18
  §1750........................................................................................................8
  §1751.......................................................................................................15
  §3513.......................................................................................................16

**SECONDARY AUTHORITIES**

MOORE'S FEDERAL PRACTICE (3d ed. 1997)
  §8.07[1].....................................................................................................13

1

2                                                                                          **Page**

3    RESTATEMENT (THIRD) OF TORTS:  APPORTIONMENT OF LIABILITY (2000)
4        §7.................................................................................................................................11

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1       Plaintiffs Tarla Makaeff, Brandon Keller, Ed Oberkrom, and Patricia Murphy, on behalf of

2  themselves and all others similarly situated (collectively, "Plaintiffs"), respectfully submit this

3  memorandum of points and authorities in support of their motion to strike all affirmative defenses

4  alleged in Defendants Trump University, LLC's ("Trump University") and Donald J. Trump's

5  ("Trump") (collectively, "Defendants") Answer to Plaintiffs' Second Amended Class Action

6  Complaint ("SAC").

7  **I.    INTRODUCTION**

8       Defendants' Answer to Plaintiffs' SAC and Affirmative Defenses (Dkt. No. 71) ("Answer")

9  is a quintessential example of insufficient pleading.  Defendants assert 39 boilerplate affirmative

10  defenses in scattershot fashion with virtually ***no*** factual basis.  *See* Answer at 16-24.[1]  These

11  defenses generally lack any detail or foundation, making it difficult for Plaintiffs to discern what

12  they mean or what facts, if any, support them.  However, just like claims for affirmative relief, which

13  must be grounded in known facts, so too must Defendants have a factual basis – and plead it – to

14  properly allege an affirmative defense.  Because Defendants have utterly failed to provide any

15  factual basis for their affirmative defenses, the Court should strike them.

16       In moving to dismiss Plaintiffs' claims, Defendant Trump University argued that Plaintiffs'

17  allegations did not meet the pleading standard set by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

18  570 (2007), because "notice pleading" no longer permits parties to allege legal theories without

19  supporting allegations of fact.[2]  Under *Twombly* and its progeny, parties must allege sufficient

20  specific facts to render the pleader's contentions not only possible but "plausible."  *Id.*  In denying in

21  large part Defendants' motions to dismiss Plaintiffs' SAC, the Court recognized that *Twombly*

22  "requires more than labels and conclusions."  Order, dated May 16, 2011, at 2-3 (Dkt. No. 69)

23  ("Trump Order"); Order, dated May 16, 2011, at 2-3 (Dkt. No. 70) ("Trump University Order").

24

---

25  [1]    Defendants' 39 affirmative defenses and the grounds on which Plaintiffs move to strike

26  them are summarized for the Court's convenience in Appendix A submitted herewith.

27  [2]    Memorandum of Points and Authorities in Support of Defendant Trump University, LLC's Motion to Dismiss Under Rules 12(b)(6), 9(b), and 8(a)(2), dated May 26, 2010, at 9

28  (Dkt. No. 5-1).

1    Significantly, *Twombly*'s heightened pleading standard applies with equal force to

2 affirmative defenses pled by defendants in their answers. *See Acco Brands USA LLC v. Sorensen*,

3 No. 08-CV-1670-BTM(CAB), 2011 WL 743080, at *1 (S.D. Cal. Feb. 24, 2011) ("[a]ffirmative

4 defenses are governed by the same pleading standard as complaints").[3] "'Where an affirmative

5 defense simply states a legal conclusion or theory without the support of facts explaining how it

6 connects to the instant case, it is insufficient and will not withstand a motion to strike.'" *Id.*

7 Defendants' affirmative defenses fail to recite more than bare-bones conclusory allegations; thus,

8 they are clearly insufficient and should be stricken. *See, e.g.*, *Ariosta v. Fallbrook Union High*

9 *School Dist.*, No. 08CV2421-L(AJB), 2009 WL 1604569, at *8 (S.D. Cal. June 4, 2009) (striking

10 affirmative defenses of failure to mitigate, statute of limitations, laches, and unclean hands where

11 defendant failed to provide factual basis); *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046,

12 1049-50 (N.D. Cal. 2004) (striking affirmative defenses of waiver and estoppel where defendant

13 failed to provide any factual basis for the defenses).

14    Striking Defendants' insufficient defenses will simplify the trial of this action and streamline

15 its resolution. *See Mattox v. Watson*, No. CV 07-5006-RGK (RZx), 2007 WL 4200213, at *2 (C.D.

16 Cal. Nov. 15, 2007).  It will also conserve resources by eliminating spurious issues before trial.

17 *Ariosta*, 2009 WL 1604569, at *2.

18    Plaintiffs therefore bring this motion to strike pursuant to Federal Rule of Civil Procedure

19 12(f) on the grounds that Defendants' affirmative defenses: (1) are insufficient because they have not

20 been pled in conformance with the requirements of Rule 8; (2) have already been rejected by the

21 Court in its Orders on the motions to dismiss; (3) are not affirmative defenses, but merely

22 contentions that Plaintiffs will be unable to prove various elements of their claims at trial; (4) are

23 redundant because they needlessly echo other averments; and/or (5) are immaterial and impertinent

24 because they are wholly inapplicable to Plaintiffs' action.

25    For all of the reasons set forth herein, Plaintiffs' motion to strike should be granted.

26 _____

27 [3]     Unless noted otherwise, all citations and are omitted and emphasis is added here and
28 throughout.

## II. THE COURT SHOULD STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

### A. Applicable Legal Standard

Under Rule 12(f), courts may strike "any 'insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Ricon v. Recontrust Co.*, No. 09CV937-IEG(JMA), 2009 WL 2407396, at *2 (S.D. Cal. Aug. 4, 2009) (citing Fed. R. Civ. P. 12(f)). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Ariosta*, 2009 WL 1604569, at *2 (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd sub nom. on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)). Courts may properly grant a motion to strike "'when the defense is insufficient as a matter of law.'" *Ricon*, 2009 WL 2407396, at *2 (citing *Multimedia Patent Trust v. Microsoft Corp.*, 525 F. Supp. 2d 1200, 1211 (S.D. Cal. 2007)). Where "'motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay.'" *Ariosta*, 2009 WL 1604569, at *2. Therefore, "'a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted.'" *Id.*

To determine whether an affirmative defense is sufficient under Rule 12(f), courts generally look to whether the defense complies with the pleading standards set forth under the Federal Rules of Civil Procedure. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ("[T]he procedural sufficiency of a pleaded claim or defense in federal court is governed by the federal rules."). Significantly, affirmative defenses are governed by the same pleading standard as complaints. *Id*. Affirmative defenses that are merely "bare bones" conclusory allegations do not give fair notice to the plaintiff and must be stricken as insufficient. *Ariosta*, 2009 WL 1604569, at *8 (striking affirmative defenses of failure to mitigate, statute of limitations, laches and unclean hands where defendant failed to provide factual basis).

Under the Supreme Court's decisions in *Twombly* and *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009), parties must allege sufficiently specific facts to render the pleader's contentions not only possible but "plausible." *Twombly*, 550 U.S. at 570; Trump University Order at 2. This Court

1   has recognized that *Twombly* "requires more than labels and conclusions."  Trump Order at 2-3;

2   Trump University Order, at 2-3.  Moreover, *Iqbal* requires sufficiently pled "factual content" to

3   allow the court to reasonably infer that the defendant is liable for the misconduct. 129 S. Ct. at 1949.

4   The Court should not assume the plaintiff can "prove facts that [he or she] has not alleged."  Trump

5   University Order at 3 (quoting *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of*

6   *Carpenters*, 459 U.S. 519, 526 (1983)) (alteration in original).

7        *Twombly* and *Iqbal*'s heightened pleading standard applies with equal force to affirmative

8   defenses pled by defendants in their answers.  "While neither the Ninth Circuit nor any other Circuit

9   Courts of Appeals has ruled on this issue, the vast majority of courts presented with the issue have

10  extended *Twombly's* heightened pleading standard to affirmative defenses."  *J & J Sports Prods.,*

11  *Inc. v. Mendoza-Govan*, No. C 10-05123, 2011 WL 1544886, at *1 (N.D. Cal. Apr. 25, 2011)

12  ("*Mendoza-Govan*") (listing cases).  Indeed, this District recently held that "[a]ffirmative defenses

13  are governed by the same pleading standard as complaints." *Acco Brands*, 2011 WL 743080, at *1;

14  *see also Castillo v. Roche Labs., Inc.*, No. 10-20876-CIV, 2010 WL 3027726, at *3 (S.D. Fla. Aug.

15  2, 2010).

16       "'Where an affirmative defense simply states a legal conclusion or theory without the support

17  of facts explaining how it connects to the instant case, it is insufficient and will not withstand a

18  motion to strike.'"  *Acco Brands*, 2011 WL 743080, at *1; *see, e.g.*, *Qarbon.com*, 315 F. Supp. 2d at

19  1049-50 (striking affirmative defenses of waiver and estoppel where defendant failed to provide any

20  factual basis for the defenses); *Ariosta*, 2009 WL 1604569, at *8 (striking affirmative defenses of

21  failure to mitigate, statute of limitations, laches and unclean hands where defendant failed to provide

22  factual basis).[4]

23

24  _____

25  [4]      Defendants' affirmative defenses comprise the kind of "shotgun" answer that is frowned

26  upon because the defenses are asserted *en masse*, with little thought, and are indicative of automatic list-making rather than any serious consideration of applicable defenses in this case.

27  Accordingly, courts are even encouraged to dismiss them.  *See, e.g.*, *Byrne v. Nezhat*, 261 F.3d 1075, 1132-33 & n.114 (11th Cir. 2001); *see also* Fed. R. Civ. P. 12(f) (court "may strike from a

28  pleading an insufficient defense . . . on its own").

1    Rule 12(f) also allows courts to strike any redundant, immaterial, or impertinent matter.  A

2 defense is redundant if it consists of "allegations that constitute a needless repetition of other

3 averments." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005); *Mendoza-Govan*, 2011 WL

4 1544886, at *1.  "'"Immaterial" matter is that which has no essential or important relationship to the

5 claim for relief or the defenses being pleaded.'" *Fantasy*, 984 F.2d at 1527.  Similarly, a matter is

6 impertinent if it consists of statements that do not pertain to the issues in question.  *See Ricon*, 2009

7 WL 2047396, at *2 (citing *Fantasy*, 984 F.2d at 1527).  Stated another way, a defense is immaterial

8 or impertinent if it has "'no possible bearing on the controversy.'"  *Quintana v. Baca*, 233 F.R.D.

9 562, 564 (C.D. Cal. 2005).

10    As discussed below, Defendants' affirmative defenses fail to give fair notice to Plaintiffs of

11 their basis, are deficient as a matter of law, redundant of other averments, and are immaterial and

12 impertinent due to their inapplicability to this matter.

13    **B.    Defendants' Affirmative Defenses Fail to Provide Sufficient Factual Basis to Give Plaintiffs Fair Notice**

14

15    As a fundamental matter, Defendants fail to provide a factual basis to support any of their

16 asserted affirmative defenses.  Indeed, with few exceptions, Defendants' affirmative defenses are all

17 pled in a single sentence.  In addition, in each of the affirmative defenses, except as noted herein,

18 Defendants do not distinguish whether the defense applies only to Trump, Trump University, or

19 both.

20    Defendants' conclusory recitation of affirmative defenses offering no more than "'labels and

21 conclusions'" is clearly insufficient.  *Iqbal*, 129 S. Ct. at 1949; Trump University Order at 3.  Such

22 boilerplate pleadings do not provide "fair notice" of plausible defenses to Plaintiffs.  *See*

23 *Qarbon.com*, 315 F. Supp. 2d at 1049; *Castillo*, 2010 WL 3027726, at *3.  In *Qarbon.com*,

24 defendant alleged in its answer that the plaintiff was "'barred from recovery in whole or part'" by the

25 doctrines of waiver, estoppel and unclean hands.  315 F. Supp. 2d at 1049.  The court determined

26 that such general allegations did not satisfy Fed. R. Civ. P. 8(b), because they did not give fair notice

27 of the affirmative defenses.  *Id.*  To do so, the court explained, a defendant must provide the factual

28

1    grounds upon which its defenses rest.  *Id.*  ("[a] reference to a doctrine, like a reference to statutory

2    provisions, is insufficient notice").

3         In *J & J Sports Prods., Inc. v. Jimenez*, No. 10CV0866-DMS(RBB), 2010 WL 5173717, at

4    *2 (S.D. Cal. Dec. 15, 2010) ("*Jimenez*"), Judge Sabraw granted plaintiff's motion to strike all 30

5    affirmative defenses.  The court noted that many of the affirmative defenses were "merely

6    boilerplate recitations," and that defendants "have not provided any facts related to these defenses"

7    in their answer, such that the "[p]laintiff cannot know the intent or nature of the affirmative defenses

8    pleaded."  *Id.*  Therefore, the court struck the following affirmative defenses: failure to give plaintiff

9    sufficient notice of the nature of the defenses; failure to state a claim; unclean hands; statute of

10   limitations; estoppel; waiver; relief barred by law; laches; justification and privilege; consent; and

11   adequate remedy at law.  *Id.*

12        Likewise, in *Safeco Ins. Co. of Am. v. O'Hara Corp.*, No. 08-CV-10545, 2008 WL 2558015

13   (E.D. Mich. June 25, 2008), the court struck boilerplate affirmative defenses under *Twombly*,

14   reasoning: "Boilerplate defenses clutter the docket and, further, create unnecessary work.  Opposing

15   counsel generally must respond to such defenses with interrogatories or other discovery aimed at

16   ascertaining which defenses are truly at issue and which are merely asserted without factual basis but

17   in an abundance of caution."  *Id.* at *1.  Many courts have recognized that fair notice is not provided

18   when a party simply makes "bare bones conclusory allegations" that omit any short and plain

19   statement of facts or fail to allege the necessary elements of the alleged claims.  *Heller Fin., Inc. v.*

20   *Midwhey Powder Co.*, 883 F.2d 1286, 1294-95 (7th Cir. 1989); *Qarbon.com*, 315 F. Supp. 2d at

21   1049-50 (holding that fair notice was not provided when the defendant simply made a reference to a

22   doctrine, failed to set forth the elements of the defenses, and failed to allege the factual basis for the

23   defense).

24        In *Castillo*, the Southern District of Florida commented on the dangers of affirmative defense

25   that are merely labels without underlying facts:

26        [T]he purpose of pleading sufficient facts in an affirmative defense "is to give fair
          notice to the opposing party that there is some plausible, factual basis for the
27        assertion and not simply to suggest some possibility that it might apply to the case."
          Thus, in addition to increasing litigation costs, "[b]oilerplate defenses clutter [the]
28        docket; they create unnecessary work, and in an abundance of caution require

significant unnecessary discovery." Consequently, when such defenses are alleged, the Court must address what are often unnecessary motions for summary judgment and extend pretrial conferences in order to narrow the issues. Therefore, the Court needs some statement of the underlying facts in order to focus the scope of discovery, particularly when a defendant alleges more than nineteen defenses, due to the growing tendency to assert such boilerplate defenses.

2010 WL 3027726, at *3.

Here, Defendants have had over 14 months since this action was filed to research defenses applicable to the facts of this case to determine whether there is any factual support for the litany of 39 affirmative defenses.  However, they have utterly failed to do so.  For example, Defendants' Ninth Affirmative Defense simply states that "[t]he applicable statutes of limitation bar one or more causes of action pled against Defendants in the Second Amended Class Action Complaint."  Answer at 18.  Similarly, in their Thirty-First Affirmative Defense, Defendants allege only that "[t]he claims asserted in the Second Amended Class Action Complaint are barred, in whole or part, by payment or the doctrine of accord and satisfaction." *Id.* at 22.  Defendants further contend in conclusory fashion that "Plaintiffs and the persons on whose behalf plaintiffs purport to bring this action have already received the benefit of their bargain." *Id.* at 21 (Twenty-Seventh Affirmative Defense).  Defendants echo similarly bare-bones conclusory allegations throughout each of the remaining affirmative defenses. *See id.* at 16-24.

Defendants even fail to specify which purported defenses they believe Plaintiffs must negate by virtue of carrying the burden of proof or persuasion.  Instead, Defendants expressly attempt to deny any such position by stating that "Defendants do not hereby allege or admit that it (sic) has the burden of proof and/or persuasion with respect to any of these matters." *Id.* at 16.  Defendants must take a position and put Plaintiffs on notice of their grounds for avoiding potential liability.

Accordingly, all of the purported affirmative defenses listed in Defendants' Answer should be stricken for failure to provide Plaintiffs with adequate and fair notice of the nature of the defenses.

### C.  Many of Defendants' Alleged Affirmative Defenses Have Already Been Rejected by this Court

As noted above, Rule 12(f) authorizes the court to strike from any answer "an insufficient defense."  Affirmative defenses which have been unsuccessfully raised in a motion to dismiss are

1   insufficient as a matter of law and should be stricken. *In re AST Research Sec. Litig.*, No. CV 94-

2   1370 SVW (SHx), 1994 WL 722888, at \*1 (C.D. Cal. Nov. 8, 1994).  In *AST*, as in the present case,

3   defendants asserted various affirmative defenses which they had previously unsuccessfully raised in

4   a motion to dismiss, and the court concluded that the defenses should be stricken. *Id.*; *see also Fed.*

5   *Sav. & Loan Ins. Corp. v. Maio*, 736 F. Supp. 1039, 1042 (N.D. Cal. 1989) (holding that a court may

6   strike the defense of "[f]ailure to [s]tate a [c]laim" if the court finds that the plaintiff has stated a

7   valid claim).  Thus, an affirmative defense is by definition implausible where the Court has already

8   considered and rejected it in a ruling on defendants' motion to dismiss. *AST*, 1994 WL 722888, at

9   \*1.

10       Here, Defendants ignore the Court's May 16, 2011 Orders ruling that Plaintiffs have alleged

11   actionable claims with sufficient particularity to satisfy the applicable pleading requirements.  For

12   example, in their First Affirmative Defense, Defendants assert that "[t]he Second Amended Class

13   Action Complaint, and each alleged cause of action therein, fails to state facts sufficient to constitute

14   a cause of action against Defendants."  Answer at 16.  However, in its May 16, 2011 Orders, this

15   Court held that Plaintiffs had stated claims for fraud, misrepresentation, violation of Unfair

16   Competition Law (Cal. Bus. & Prof. Code §17200) ("UCL"), violation of Consumer Legal

17   Remedies Act (Cal. Civ. Code §1750) ("CLRA"), false advertising (Cal. Bus. & Prof. Code §17500)

18   ("FAL") and breach of contract.  *See* Trump University Order at 9; Trump Order at 8.

19       Moreover, "failure to state a claim" is not an affirmative defense.  "[A] defense is an

20   affirmative defense if it will defeat a plaintiff's claim even when the plaintiff has stated a prima facie

21   case for recovery under applicable law." *Quintana*, 233 F.R.D. at 564; *see also Dealertrack, Inc. v.*

22   *Huber*, 460 F. Supp. 2d 1177, 1184-85 (C.D. Cal. 2006) (granting plaintiff's motion to strike without

23   leave to amend because defendants "simply allege[d] the Plaintiff has failed to state a claim upon

24   which relief can be granted, which is not an affirmative defense"); *United States v. Hempfling*, No.

25   CV F 05-594, 2007 WL 1299262, at \*5 (E.D. Cal. May 1, 2007) (attacking plaintiff's prima facie

26   case is not an affirmative defense).

27       For these reasons, the following affirmative defenses asserted by Defendants should also be

28   stricken: (1) Tenth Affirmative Defense asserting Plaintiffs lack standing; (2) Twenty-Eighth

1   Affirmative Defense asserting failure to state a claim for equitable relief; (3) Thirty-Second

2   Affirmative Defense asserting failure to state claims under California Business & Professions Code

3   §§17200, 17500, or any other applicable state and/or federal law; (4) Thirty-Fourth Affirmative

4   Defense asserting failure to state claims for restitution and disgorgement; and (5) Thirty-Seventh

5   Affirmative Defense asserting failure to state a claim that Trump University engaged in unfair

6   competition causing Plaintiffs to suffer injury in fact or lost money or property.  Answer at 18-23.

7   Defendants have asserted each of the foregoing in their motions to dismiss and failed; further, none

8   of the foregoing will defeat Plaintiffs' claims if they succeed on their case in chief.  Thus, these

9   affirmative defenses should be stricken without leave to amend.

10          **D.      Many of Defendants' Allegations that Do Not Constitute Affirmative
                     Defenses at All**

11

12          In addition to the defenses listed above, many of Defendants' purported "affirmative

13   defenses" do not constitute defenses at all, and certainly not in the character of the affirmative

14   defenses identified in Rule 8(c).  As such, these defenses should be stricken without leave to amend.

15          **1.      Attacking Plaintiffs' Ability to Prove Elements of Their Claims
                     Is Not an Affirmative Defense**

16          As previously noted, affirmative defenses plead matters extraneous to the plaintiff's prima

17   facie case, which deny the plaintiff's right to recover even if the allegations of the complaint are true.

18   *See Jimenez*, 2010 WL 5173717, at *2.  A defense which demonstrates that plaintiff has not met its

19   burden of proof is a denial, not an affirmative defense. *See Zivikovic v. S. Cal. Edison Co.*, 302 F.3d

20   1080, 1088 (9th Cir. 2002); *see also Mendoza-Govan*, 2011 WL 1544886, at *3 ("denials of the

21   allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims

22   are not affirmative defenses"); *J & J Sports Prod., Inc. v. Enedina Soto*, No. 10CV885-LAB (CAB),

23   2010 WL 3911467, at *1 (S.D. Cal. Sept. 28, 2010) ("*Soto*") ("[a] statement that denies plaintiff's

24   prima facie case is not an affirmative defense but rather a denial of liability in the first instance").

25   While the Defendants may dispute the elements of Plaintiffs' case in chief throughout the litigation,

26   such contentions do not qualify as affirmative defenses and should be stricken.

27          Here, Defendants improperly allege that Plaintiffs will not be able to muster proof of the

28   requisite elements of their claims at trial.  Such improper allegations include the following

1   "affirmative defenses" alleged in Defendants' Answer: The Twelfth Affirmative Defense (Trump

2   University Has Fully Performed Obligations); Twenty-Sixth Affirmative Defense (Conduct Not

3   "Deceptive"); Twenty-Ninth Affirmative Defense (No Breach of Duty); and Thirty-Second

4   Affirmative Defense (Conduct Not Unlawful, Unfair or Fraudulent).[5]   These are not proper

5   affirmative defenses, but rather improper denials of the allegations in the SAC.

### 2.   Causation

7          Similarly, Defendants assert in several defenses that they were not the cause of Plaintiffs'

8   damages.  However, as the court held in *Jimenez*, this is not a proper affirmative defense, but "just

9   another way of asserting that Plaintiff has not or cannot prove the element of causation."  2010 WL

10  5173717, at *2.   Therefore, Defendants' affirmative defenses attacking Plaintiffs' ability to prove

11  damage causation or another element of Plaintiffs' claims are defective and should be stricken,

12  including: the Second, Third, Fourth, and Thirty-Sixth Affirmative Defenses (all relating to

13  Proximate Cause); Fifth Affirmative Defense (Assumption of the Risk); Seventh Affirmative

14  Defense (Failure to Mitigate Damages as Proximate Cause); Eleventh Affirmative Defense

15  (Superseding Cause); Eighteenth Affirmative Defense (Offset); Twenty-Seventh Affirmative

16  Defense (Inequitable Windfall); Twenty-Ninth Affirmative Defense (No Breach of Duty); Thirty-

17  Fourth Affirmative Defense (No Measurable Harm); and Thirty-Seventh Affirmative Defense (No

18  Injury or Loss).  *See* Answer at 16-23; *see Jimenez*, 2010 WL 5173717, at *2-*3 (striking the

19  following as non-affirmative defenses: defendant did not cause plaintiff's damages;

20  intervening/superseding cause; plaintiff's failure to act; no entitlement to damages; no breach of

21  duty; reasonable, just and proper acts; failure to allege sufficient facts for punitive damages;

22  violation of constitution; and right to amend).

23

24

25

---

26  [5]        Despite the fact that Defendants assert all 39 affirmative defenses on behalf of both
    Trump University and Trump, nowhere do Defendants assert under the Twelfth or Thirty-Second

27  Affirmative Defense, even conclusory allegations, that ***Trump*** fully performed his obligations or
    that his business practices are not "unlawful," "unfair," or "fraudulent."  Thus, on this basis

28  alone, these defenses must be stricken as to Defendant Trump.

1    For example, in *F.D.I.C. v. White*, 828 F. Supp. 304, 313 (D.N.J. 1993), the court struck

2 defendants' affirmative defenses of no proximate causation, sole proximate causation, and/or

3 intervening causation, reasoning that they were not affirmative defenses at all:

> Defendants may certainly argue and present evidence at trial that their actions were
> not the proximate cause of the [plaintiff's] losses because of actions by others or
> other supervening actions were the proximate cause of those losses.  However, such
> evidence and argument goes to whether plaintiff has carried its burden in establishing
> that defendants were the proximate cause of the [plaintiff's] losses.  It is not
> affirmative in that defendants' do not bear the burden of proving that intervening,
> supervening or other causes resulted in the [plaintiff's] losses. . . . [T]he causation
> affirmative defenses are insufficient as a matter of law.

*Id.* at 313. Thus, Defendants' affirmative defenses challenging damages and causation are

insufficient as a matter of law and should be stricken.  If Defendants believe that other parties are

responsible for Plaintiffs' injuries, they have procedural avenues to either bring those parties into the

action, or they may rebut Plaintiffs' case in chief.

### 3.    Comparative Negligence

Defendants assert two affirmative defenses for comparative negligence, contending that

Defendants' liability for damages should be reduced in proportion to the degree that Plaintiffs or

third parties contributed to plaintiffs' damages.  *See* Answer at 16.  In *Soto*, Judge Burns granted

(without leave to amend) plaintiff's motion to strike an affirmative defense claiming that damages

should "should be apportioned according to their respective degrees of fault." 2010 WL 3911467, at

*2.  The court noted that: "This recites the standard for comparative fault, which is an affirmative

defense in tort actions."  *Id.* (quoting RESTATEMENT (THIRD) OF TORTS:  APPORTIONMENT OF

LIABILITY, §7 (2000)) ("Plaintiff's negligence . . . that is a legal cause of an indivisible injury to the

plaintiff reduces the plaintiff's recovery in proportion to the share of responsibility the factfinder

assigns to the plaintiff.")).  Plaintiffs here have not alleged a tort claim against Trump University or

Donald Trump, thus Defendants' comparative fault affirmative defenses are inapplicable and should

be stricken without leave to amend.  *Id.*; *see also Carroll v. Gava*, 98 Cal. App. 3d 892, 897 (1979);

*accord Shapiro v. Prudential Prop. & Cas. Co.*, 52 Cal. App. 4th 722, 727-28 (1997) (error to apply

comparative fault to a negligent misrepresentation claim).

### 4.      No Measurable Harm or Injury to Plaintiffs

Likewise, Defendants' affirmative defenses asserting that Plaintiffs' harm is not measureable and/or that they have suffered no harm are defective.  *See* Answer at 23; *see also E.E.O.C. v. Interstate Hotels, L.L.C.*, No. C 04-04092, 2005 WL 885604, at *4 (N.D. Cal. Apr. 14, 2005) (allegation that plaintiff had not suffered any damages as a result of defendants' conduct was "nothing more than a denial, not an affirmative defense"); *Security People, Inc. v. Classic Woodworking, LLC*, No. C-04-3133, 2005 WL 645592, at *4 (N.D. Cal. Mar. 4, 2005) ("uncertainty is not an affirmative defense").  As such, Defendants' Thirty-Fourth (No Measureable Harm) and Thirty-Seventh (No Injury or Loss) Affirmative Defenses of are not proper affirmative defenses and must be stricken without leave to amend.

### 5.      Good Faith

Defendants' Twenty-Fourth Affirmative Defense purports to bar Plaintiffs' claims because Defendants' conduct was allegedly made in good faith.  Such a defense is insufficient as a matter of law.  "'[I]gnorance of the law will not excuse any person, either civilly or criminally.'"  *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, __U.S.__, 130 S. Ct. 1605, 1611 (2010). Defendants' "good faith" defense "is in effect an 'ignorance of the law' defense.  This is not a defense to liability." *Mendoza-Govan*, 2011 WL 1544886, at *6 (striking "good faith" defense because it is not an affirmative defense); *cf. Soto*, 2010 WL 3911467, at *2 (striking a "mistake of law" affirmative defense because "even if Defendants can show they did not know they were violating the law, their liability is not excused").  Thus, this defense should be stricken.

### 6.      Class Certification

Defendants' Nineteenth (No Commonality), Twentieth (No Typicality), Twenty-First (No Common Questions of Law or Fact), and Twenty-Third (Improper Representative Action) Affirmative Defenses all assert that the requirements for class certification are not satisfied.  Again, these are not affirmative defenses, but rather contentions that will be tested by motion for class certification.  *See Donohoe v. Am. Suzuki Motors, Inc.*, 155 F.R.D. 515, 519 (M.D. Pa. 1994) (an affirmative defense "is a matter which serves to excuse a defendant's conduct or otherwise avoids the plaintiff's cause of action but which is proven by facts extrinsic to the plaintiff's cause of action,

1   in the sense that liability is avoided without negating an element of the plaintiff's *prima facie* case").

2   Moreover, Defendants' "affirmative defenses" are redundant of Defendants' denial of Plaintiffs'

3   allegations pertaining to class certification.  *See* Answer, ¶19 ("Defendants deny that this case may

4   properly be certified as a class action.").  In any event, the Court has already rejected such arguments

5   on Trump University's first motion to dismiss, observing that Defendants conceded "the pleading

6   stage is not the time to consider class certification under Rule 23."  Order, dated Oct. 12, 2010, at 13

7   (Dkt. No. 33).  These so-called "affirmative defenses" are irrelevant for determining liability and

8   should be stricken without leave to amend.

9               **7.      Reservation of Right to Amend Is Not an Affirmative Defense**

10          In their Thirty-Eighth (Other Defenses - Class Members) and Thirty-Ninth (Right to Assert

11  Additional Defenses) Affirmative Defenses, Defendants assert a right to amend or supplement

12  affirmative defenses in the future.  However, "[d]efendants' reservation of the right to amend is not a

13  defense because it does not state an avoidance of liability."  *Jimenez*, 2010 WL 5173717, at *2; *see*

14  *also Mendoza-Govan*, 2011 WL 1544886, at * 7 ("'[a]n attempt to reserve affirmative defenses for a

15  future date is not a proper affirmative defense in itself'")  "If Defendants seek to amend the Answer,

16  they must do so pursuant to Fed. R.Civ.P. 15."  *Jimenez*, 2010 WL 5173717, at *2.  These defenses

17  are not proper affirmative defenses and should be stricken without leave to amend.

18              **8.      Defendants' Purported Constitutional Issues Are Not
                          Affirmative Defenses**
19

20          Defendants' Thirty-Third Affirmative Defense (Excessive Penalty and Forfeiture) alleges

21  that Plaintiffs' claims for restitution and disgorgement are precluded because their recovery would

22  constitute an excessive penalty and forfeiture in violation of Defendants' Eighth Amendment and

23  federal and due process rights, applicable statutory provisions and rules of equity.

24          However, legal arguments against potential relief are not affirmative defenses.  By definition,

25  "'[a]ffirmative defenses, if accepted by the court, will defeat an otherwise legitimate claim for

26  relief.'" *FDIC v. Haines*, 3 F. Supp. 2d 155, 166 (D. Conn. 1997) (quoting 2 JAMES WM. MOORE *ET*

27  *AL.*, MOORE'S FEDERAL PRACTICE §8.07[1] (3d ed. 1997)).  "Moreover, it is clear that the concept of

28  damages serves a purpose far different from an affirmative defense – damages are intended to

redress injuries incurred by a plaintiff after liability has been established, not as a means to shield liability in the first instance." *Greiff v. T.I.C. Enters., L.L.C.*, No. 03-882-SLR, 2004 WL 115553, at *3 (D. Del. Jan. 9, 2004); *Jimenez*, 2010 WL 5173717, at *3  (finding the defense of "violation of constitution" a "non-affirmative defense").  This affirmative defense should  be stricken without leave to amend.

### E.   Many of Defendants' Affirmative Defenses Should Be Stricken as Boilerplate Conclusory Allegations

#### 1.   Waiver and Estoppel

Defendants' Sixth Affirmative Defense baldly states that some or all of Plaintiffs' claims are barred by the doctrine of waiver and estoppel without any explanation or factual content.  These defenses are insufficiently pled.

Estoppel is adequately pled only where the defendant has alleged all of the elements of the defense.  *See Allen v. A.H. Robbins Co., Inc.*, 752 F.2d 1365, 1371 n.3 (9th Cir. 1985).  Other courts have stricken the affirmative defense of estoppel where the defendant has not provided any factual basis for the defense.  *See, e.g.*, *Qarbon.com*, 315 F. Supp. 2d at 1049; *Mattox*, 2007 WL 4200213, at *5.  Furthermore, because there are several different forms of estoppel, simply alleging "estoppel" does not give Plaintiffs sufficient notice of the claimed defense.  *See Qarbon.com*, 315 F. Supp. 2d at 1049 (defendant "does not specify what the defense is – whether it is asserting a single type of estoppel of several types of estoppel such as prosecution history estoppel, equitable estoppel, or some other type of estoppel").  As such, Defendants' mere reference to the doctrine of estoppel, without anything more, is insufficient and should be stricken.

In addition, Defendants Thirteenth Affirmative Defense (Waiver) is inapplicable.  This affirmative defense is redundant of the Sixth Affirmative Defense (Waiver and Estoppel), and should be stricken as it constitutes "a needless repetition of other averments."  *Wilkerson*, 229 F.R.D. at 170.  Moreover, both defenses should be stricken as immaterial and impertinent because they are wholly inapplicable to the facts of Plaintiffs' case.  Waiver is the "intentional relinquishment or abandonment of a known right."  *United States v. Anderson*, 472 F.3d 662, 668 (9th Cir. 2006).

1    Defendants do not (and cannot) allege facts demonstrating that Plaintiffs "knowingly" and

2    "intentionally" waived rights created by the CLRA, UCL, FAL, or any other law.

3          Moreover, not all rights are waivable.  *See Clark v. Cap. Credit & Collection Servs., Inc.*,

4    460 F.3d 1162, 1170 (9th Cir. 2006).  As the Ninth Circuit has explained:

5                For instance, "waiver is not appropriate when it is inconsistent with the
            provision creating the right sought to be secured," *New York v. Hill*, 528 U.S. 110,
6           116, 120 S. Ct. 659, 145 L. Ed. 2d 560 (2000), and "a right conferred on a private
            party, but affecting the public interest, may not be waived or released if such waiver
7           or release contravenes the statutory policy." *Id.* (quoting *Brooklyn Savings Bank v.
            O'Neil*, 324 U.S. 697, 704, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)).
8
     Id.
9
           Indeed, the CLRA expressly cannot be waived.  Cal. Civ. Code §1751 ("[a]ny waiver by a

10   consumer under the provisions of [the CLRA] is contrary to public policy and shall be unenforceable

11   and void"); *see also Ting v. AT&T*, 319 F.3d 1126, 1147 (2003) ("Section 1751 of the CLRA renders

12   'unenforceable and void' any waiver by a consumer of the statutory rights provided for under the

13   CLRA.").

14         In addition, the rights created under the UCL and FAL also may not be waivable, as

15   Defendants' fraudulent conduct, falsely advertising its products and services to the public and

16   engaging in the unfair, fraudulent and unlawful business practices as set forth in Plaintiffs' SAC,

17   affects the public interest.  The purpose of the UCL is "to protect both **consumers** and competitors

18   by promoting fair competition in commercial markets for goods and services." *Kasky v. Nike, Inc.*,

19   27 Cal. 4th 939, 949 (2002); *In re Morpheus Lights*, 228 B.R. 449, 456 (N.D. Cal. 1998) ("an unfair

20   competition claim is aimed to protect the **general public** as well as competitors").  Rights created

21   under the UCL and FAL may not be waived because "law[s] established for a public reason cannot

22   be waived or circumvented by a private act." *Covino v. Governing Bd.*, 76 Cal. App. 3d 314, 322-23

23   (1977).

24         Moreover, "equitable defenses [such as waiver] **may not be used to defeat the cause of**

25   **action under the UCL**." *Ticconi v. Blue Shield of Cal. Life & Health Ins., Co.*, 160 Cal. App. 4th

26   528, 544 (2008) (emphasis in original); *Stuart v. Radioshack Corp.*, No. C-07-4499 EMC, 2009 WL

27   281941, at *7 n.1 (N.D. Cal. Feb. 5, 2009) ("waiver defense is likely inapplicable to [plaintiff's]

28

1    claim for violation of California Business & Professions Code §17200"); *see also* Cal. Civ. Code

2    §3513 (stating that "[a]nyone may waive the advantage of a law intended solely for his benefit [b]ut

3    a law established for a public reason [such as the UCL and FAL] cannot be contravened by a private

4    agreement"); *cf. Kofsky v. Smart & Final Iris Co.*, 131 Cal. App. 2d 530, 532 (1955) (finding that

5    since defendant's conduct was against public policy per the UCL, the unclean hands doctrine was

6    inapplicable).   In addition, the public policy tethered to the unwaivable CLRA claims acts as a

7    predicate to Plaintiffs' unfair competition action under the "unlawful" prong of the UCL.

8         Even if some rights could presumably be waived, Defendants are required to provide a more

9    definite statement of their alleged factual basis for the "waiver" defense.  Simply citing the doctrine

10   of waiver fails to give Plaintiffs sufficient notice as to the defense being asserted.  *See Woodfield v.*

11   *Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ("[B]aldly 'naming' the broad affirmative defenses

12   of . . . 'waiver and/or release' falls well short of the minimum particulars needed to identify the

13   affirmative defense in question."); *Qarbon.com*, 315 F. Supp. 2d at 1049-50 (striking the affirmative

14   defense of waiver because the defendant simply referred to it in its answer without providing fair

15   notice of its grounds); *Torres v. Goddard*, No. CIV 06-2482-PHX-SMM, 2007 WL 4287812, at *3

16   (D. Ariz. Dec. 3, 2007) (striking affirmative defense of waiver for failure to provide factual

17   circumstances to support defense).

18        The waiver defense as it relates to Plaintiffs' claims under the CLRA, UCL and FAL should

19   be stricken without leave to amend because such claims are unwaivable.  In addition, because facts

20   supporting the estoppel and waiver defenses are completely absent from the Defendants' Answer,

21   these affirmative defenses should be stricken.

22                    **2.      Statute of Limitations**

23        Defendants contend in their Ninth Affirmative Defense that Plaintiffs' claims are barred by

24   the statute of limitations.  However, Defendants fail to identify which causes of action are barred by

25   the statute of limitations, which Plaintiffs' claims are barred, the statute of limitations period that

26   applies, under which state's law, or any facts regarding when the statute began to run and when it

27   purportedly expired.   A generic statement that the statute of limitations bars a claim, without

28   providing the statute relied upon or any other information about how the statute bars a claim is

insufficient. *See Jimenez*, 2010 WL 5173717, at *2 (granting motion to strike statute of limitations affirmative defense because it was merely a "boilerplate recitation[]" and defendants provided no facts related to the defense in its answer); *Ariosta*, 2009 WL 1604569, at *8 (granting motion to strike defendants' "bare bones" statute of limitations defense because defendants did "not identify the causes of action allegedly barred by the statute"); *Soto*, 2010 WL 3911467, at *2 (granting motion to strike statute of limitations affirmative defense because the complaint was timely filed). Therefore, Defendants' boilerplate and conclusory statute of limitations defense should be stricken.

### 3.    Laches

Defendants' Fifteenth Affirmative Defense contends that Plaintiffs' action is barred by the doctrine of laches.  This boilerplate defense should be stricken as immaterial and impertinent because it has no application to this case.

Laches is "an equitable defense that prevents a plaintiff, who 'with full knowledge of the facts, acquiesces in a transaction and sleeps upon his rights.'" *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 950-51 (9th Cir. 2001).  In order to carry its burden on the affirmative defense of laches, "the 'defendant must prove both an unreasonable delay by the plaintiff and prejudice to [the defendant] itself.'" *Id.* at 951.  Defendants do not alleged any legal or factual basis for asserting negligent delay by Plaintiffs or that Defendants' condition changed as a result of any such alleged delay.

*Fleet Bus. Credit Corp. v. Nat'l City Leasing Corp.*, 191 F.R.D. 568 (N.D. Ill. 1999), is instructive.  In *Fleet*, the defendant attempted to defend the action by claiming that "'plaintiff's claims are barred, in whole or in part, by the doctrine of laches.'" *Id.* at 569.  The district court struck the defense as too "sparse." *Id.*  The court also noted that nothing in the complaint or answer indicated that the plaintiffs were dilatory in bringing the action.  *Id.*  Likewise, in *Ariosta*, Judge Lorenz granted plaintiffs' motion to strike defendants' laches defense when the defense did not "allege any legal elements of laches or factual basis for asserting the defense" in the case.  2009 WL 1604569, at *8.  Here, too, Defendants have failed to allege any legal elements of laches or factual bases for asserting the defense.

Moreover, as set forth above, rights created under the CLRA, UCL and FAL, which were established for a public reason, may not be circumvented because "law[s] established for a public

1    reason cannot be waived or circumvented by a private act." *Covino*, 76 Cal. App. 3d at 322-23.  As

2    such, "equitable defenses [such as laches] *may not be used to defeat the cause of action under the*

3    *UCL*." *Ticconi*, 160 Cal. App. 4th at 544 (emphasis in original).  Thus, Defendants' laches defense

4    must be stricken.

5                    **4.        Accord and Satisfaction**

6            Defendants contend in their Seventeenth and Thirty-First Affirmative Defenses that

7    Plaintiffs' claims are barred by the doctrine of accord and satisfaction.  Not only are these defenses

8    redundant, but they should be stricken as wholly immaterial to this action.

9            Under California law, "accord and satisfaction" is a specially pleaded defense and defined by

10   California Civil Code, §§1521-1523.  *See Kinkle v. Fruit Growers Supply Co.*, 63 Cal. App. 2d 102,

11   111 (1944).  "An accord is an agreement to accept, in extinction of an obligation, something

12   different from or less than that to which the person agreeing to accept is entitled."  Cal. Civ. Code

13   §1521.  In other words, "[an] accord and satisfaction is the substitution of a new agreement for and

14   in satisfaction of a preexisting agreement between the same parties [usually] to settle a claim at a

15   lesser amount." *In re Marriage of Thompson*, 41 Cal. App. 4th 1049, 1058 (1996).

16           No such agreement exists here.  Defendants cannot support this defense with any facts, as

17   evidenced by their simply listing the doctrine without anything more in their affirmative defense.

18   *See Woodfield*, 193 F.3d at 362.  As such, the accord and satisfaction defense should be stricken.

19                   **5.        Release**

20           Defendants claim in their Thirty-Fifth Affirmative Defense that Plaintiffs' claims are

21   precluded to the extent such claims were previously released.   Defendants allege no facts

22   constituting release of Plaintiffs' claims because none exist.

23           Under California law, "[a]n obligation is extinguished by a release therefrom given to the

24   debtor by the creditor, upon a new consideration, or in writing, with or without new consideration."

25   Cal. Civ. Code §1541.  In other words, a release is the abandonment of a right or claim to the person

26   against whom it might have been demanded or enforced.  *Marder v. Lopez*, 450 F.3d 445, 449 (9th

27   Cir. 2006); *Pellet v. Sonotone Corp.*, 26 Cal. 2d 705, 711 (1945).

28

1    Nowhere in Defendants' Answer or Plaintiffs' SAC is any fact implying that Plaintiffs have

2    released any of their claims.  With no factual basis to rest on for their affirmative defense of release,

3    Defendants' affirmative defense should be stricken.

4    **6.      Ratification**

5    In their Twenty-Fifth Affirmative Defense, Defendants contend that Plaintiffs' claims are

6    barred under the doctrine of ratification.  This defense should be stricken as immaterial.

7    Under the theory of ratification, "a promise can be enforced even though the underlying

8    contract is voidable if it is ratified by the promisor." *Jakimas v. Hoffmann-La Roche, Inc.*, 485 F.3d

9    770, 782 (3d Cir. 2007).  "It is a generally accepted principle that a voidable contract can be cured

10   by ratification through express or implied conduct, but that a person 'charged with ratification of

11   such a contract must have acted voluntarily with knowledge of the facts.'" *Monster Content, LLC v.*

12   *Homes.Com, Inc.*, No. C 04-0570 FMS, 2005 WL 1522159, at *6 (N.D. Cal. June 28, 2005).

13   Defendants have not provided any facts to support a theory of ratification and none exist.

14   This defense should be stricken.

15   **7.      Justification and Excuse**

16   Defendants contend in their Eighth Affirmative Defense that Plaintiffs' action is barred

17   because Defendants' conduct was justified.  Similarly, in their Sixteenth Affirmative Defense,

18   Defendants state that their conduct was subject to the doctrine of excuse.  Defendants do not attempt

19   to explain how their fraudulent scheme of taking advantage of the troubled economic times to prey

20   on consumers' financial fears for its own financial gain could be considered justified or excused.

21   Defendants' defenses must be stricken because their "bare bones conclusory allegations"

22   omit any short and plain statement of facts and fail to allege the necessary elements of the alleged

23   defense.  *Heller Fin.*, 833 F.2d at 1294-95; *see also Jimenez*, 2010 WL 5173717, at *2 (striking

24   defendant's boilerplate recitation of the affirmative defense of "justification and privilege");

25   *Operating Eng'rs Pension Trust Fund v. Fife Rock Prods. Co.*, No. C 10-00697 SI, 2010 WL

26   2635782, at *4 (N.D. Cal. June 30, 2010) (striking defense of "excuse" because not pled with

27   particularity); *Qarbon.com*, 315 F. Supp. 2d at 1049-50 (holding that fair notice was not provided

28

1   when the defendant simply made a reference to a doctrine, failed to set forth the elements of the

2   defense, and failed to allege the factual basis for the defense).

3          **8.     Unclean Hands**

4          Defendants state in their Fourteenth Affirmative Defense that Plaintiffs' claims are barred by

5   reason of their own unclean hands.

6          However, the "unclean hands" doctrine is based on the equitable maxim that denies relief to

7   one who has engaged in bad faith or inequitable behavior with respect to the subject matter of the

8   claims. *EEOC v. Recruit U.S.A., Inc.*, 939 F.2d 746, 752 (9th Cir. 1991); *Dollar Sys., Inc. v. Avcar*

9   *Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 1989) (doctrine bars relief to a plaintiff who has

10  violated conscience, good faith or other equitable principles relating to the transaction that gave rise

11  to the cause of action).

12         Here, Defendants have not alleged that Plaintiffs acted in bad faith or in a manner that would

13  violate the conscience. *See Kincaid v. City of Fresno*, No. 1:06-CV-1445 OWW SMS, 2007 WL

14  833058, at *5 (E.D. Cal. Mar. 19, 2007) (traditionally, the doctrine of unclean hands is invoked

15  when one seeking relief in equity has violated conscience, good faith or other equitable principles in

16  his prior conduct).  Nor have Defendants asserted that they suffered harm as a result of Plaintiffs'

17  actions. *See Chitkin v. Lincoln Nat'l Ins. Co.*, 879 F. Supp. 841, 854 (S.D. Cal. 1995) (courts do not

18  apply the doctrine of unclean hands where the defendant has suffered no harm as a result of the

19  plaintiff's actions).  Consequently, this defense is entirely inapplicable to Plaintiffs' action.  *See*

20  *Qarbon.com*, 315 F. Supp. 2d at 1049-50 (striking the affirmative defense of "unclean hands" for

21  failure to state the grounds of the defense or any factual basis to support it); *see also Ariosta*, 2009

22  WL 1604569, at *8 (granting plaintiffs' motion to strike defendants' unclean hands defense when

23  defendants did not provide any factual basis for the claim, or specify the parties or claims to which it

24  was intended to apply).  Defendants' "unclean hands" defense should be stricken.

25         **9.     Offset (or Setoff) and Inequitable Windfall**

26         Defendants claim in their Eighteenth Affirmative Defense that any claim for damages against

27  Defendants is subject to offset.  Similarly, Defendants claim in their Twenty-Seventh Affirmative

28  Defense that Plaintiffs already received the benefit of their bargain.

1    In addition to being redundant, as set forth above, these are not affirmative defenses.

2    Moreover, these are equitable defenses which must be pled with requisite specificity. *Voeks v. Wal-*

3    *Mart Stores, Inc.*, No. 07-C-0030, 2008 WL 89434, at *7 (E.D. Wisc. Jan. 7, 2008). Simply naming

4    a doctrine fails to give a plaintiff sufficient notice as to the defense being asserted. *See Woodfield*,

5    193 F.3d at 362; *Qarbon.com*, 315 F. Supp. 2d at 1049-50. For example, offset (or setoff) allows

6    entities that owe each other money to apply their mutual debts against each other. *In re Malinowski*,

7    156 F.3d 131, 133 (2d Cir. 1998). Facts supporting these defenses are absent from Defendants'

8    Answer, and Plaintiffs should not have to guess what could possibly be the basis for such a defense.

9    Accordingly, these purported affirmative defenses must be stricken.

10              **10.   Consent**

11    Finally, Defendants contend in their Twenty-Second Affirmative Defense that Plaintiffs

12    consented to and acquiesced in Defendants' conduct. Defendants do not provide any detail as to

13    how this defense could possibly apply to Plaintiffs' claims and should, therefore, be stricken. *See*

14    *Jimenez*, 2010 WL 5173717, at *2 (striking the boilerplate defense of consent); *F.T.C. v. Medicor*

15    *LLC*, No. CV011896CBMEX, 2001 WL 765628, at *3 (C.D. Cal. June 26, 2001) (striking the

16    defense of consent because "Defendants' Answers offer Plaintiff no indication as to how consent

17    would bar the FTC's claims").

18    **III.   CONCLUSION**

19    Defendants may not haphazardly load their answer full of boilerplate affirmative defenses

20    without the slightest bit of factual support. *Twombly* requires that the "short and plain" statement of

21    affirmative defenses be alleged with sufficient factual detail to render them plausible. 550 U.S. at

22    554. Affirmative defenses that have been rejected by the Court, which are not an affirmative defense

23

24

25

26

27

28

1   at all, or lack factual support are improper and must be stricken.  Accordingly, Plaintiffs respectfully

2   request that pursuant to Rule 12(f) the Court grant Plaintiffs' motion to strike each of Defendants'

3   affirmative defenses.

4   DATED:  July 8, 2011                           Respectfully submitted,

5                                                  ZELDES & HAEGGQUIST, LLP
                                                   AMBER L. ECK
6                                                  HELEN I. ZELDES
                                                   ALREEN HAEGGQUIST
7

8
                                                           s/ Amber L. Eck
9                                                         AMBER L. ECK

10                                                 625 Broadway, Suite 906
                                                   San Diego, CA  92101
11                                                 Telephone:  619/342-8000
                                                   619/342-7878 (fax)
12

13                                                 ROBBINS GELLER RUDMAN
                                                     & DOWD LLP
14                                                 RACHEL L. JENSEN
                                                   655 West Broadway, Suite 1900
15                                                 San Diego, CA  92101
                                                   Telephone:  619/231-1058
16                                                 619/231-7423 (fax)

17                                                 Attorneys for Plaintiffs and Proposed Class

18

19

20

21

22

23

24

25

26

27

28

1

<u>CERTIFICATE OF SERVICE</u>

2 I hereby certify that on July 8, 2011, I authorized the electronic filing of the foregoing with

3 the Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4 e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5 caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

6 CM/ECF participants indicated on the attached Manual Notice List.

7 I certify under penalty of perjury under the laws of the United States of America that the

8 foregoing is true and correct.  Executed on July 8, 2011.

9

10
 s/ Amber L. Eck
AMBER L. ECK

11
ZELDES & HAEGGQUIST, LLP

12
625 Broadway, Suite 906
San Diego, CA  92101
Telephone:  619/342-8000

13
619/342-7878 (fax)

14
E-mail:ambere@zhlaw.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Mailing Information for a Case 3:10-cv-00940-IEG -WVG

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **David Keith Schneider**
  dks@yslaw.com,dscardino@reedscardino.com,ewb@yslaw.com,mlokey@reedscardino.com,efb@yslaw.com,jjohnson@reedscardino.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)