ZELDES & HAEGGQUIST, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
HELEN I. ZELDES (220051)
helenz@zhlaw.com
ALREEN HAEGGQUIST (221858)
alreenh@zhlaw.com
625 Broadway, Suite 906
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Attorneys for Plaintiffs and Proposed Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>     Plaintiffs,<br><br> vs.<br><br>TRUMP UNIVERSITY, LLC, et al.,<br><br>     Defendants. | No. 3:10-cv-00940-IEG(WVG)<br><br>CLASS ACTION<br><br>APPENDIX A TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANTS TRUMP UNIVERSITY AND DONALD J. TRUMP'S AFFIRMATIVE DEFENSES RAISED IN THEIR ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT<br><br>DATE: August 29, 2011<br>TIME: 10:30 a.m.<br>CTRM: 1, First Floor<br>JUDGE: Honorable Imra E. Gonzalez |

# APPENDIX A

**Legal Grounds for moving to strike:**

**1. Failure to provide fair notice to Plaintiffs -** Insufficient notice because Defendants have not pled the affirmative defense in conformance with the requirements of Rule 8 of the Federal Rules of Civil Procedure.[1]

**2. Defense was rejected by the Court on Motion to Dismiss in Court's May 16, 2011 Orders -** Defenses which have been unsuccessfully raised in a motion to dismiss are insufficient as a matter of law and should be stricken.[2]

**3. Non-Affirmative Defenses -** "'[D]enials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses.'"[3]

**4. Redundant, immaterial, or impertinent** - A defense is redundant if it consists of "allegations that constitute a needless repetition of other averments."[4]  Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.[5]  A matter is "impertinent" if it consists of statements that do not pertain to the issues in question.[6]

| Affirmative Defense | Allegations | Legal Grounds to Strike |
|---|---|---|
| **FIRST** (Failure to State a Claim) | The Second Amended Class Action Complaint, and each alleged cause of action therein, fails to state facts sufficient to constitute a cause of action against Defendants. | 1, 2, 3, 4 |
| **SECOND** (Comparative Negligence of Plaintiffs and/or the Persons on Whose Behalf They Purport to Bring This Action) | All injuries or damages, if any, sustained or to be sustained by plaintiffs, and/or the persons on whose behalf she purports to bring this action, were proximately caused or contributed to by the negligence or other misconduct of plaintiffs, or others under the direction and control of plaintiffs, by reason of which plaintiffs' recovery against Defendants, if any, should be reduced in proportion to the degree to which said comparative fault caused or contributed to plaintiffs' damages, if any, up to and including one hundred percent (100%). | 1, 3, 4 |

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.").

[2] *See In re AST Research Sec. Litig.*, No. CV 94-1370 SVW (SHx), 1994 U.S. Dist. LEXIS 20850, at *2-*3 (C.D. Cal. Nov. 10, 1994).

[3] *J&J Sports Prods., Inc. v. Mendoza-Govan*, No. C 10-05123 WHA, 2011 WL 1544886, at *3 (N.D. Cal. Apr. 25, 2011) (citation omitted).

[4] *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005); *J&J Sports Prods.*, 2011 WL 1544886, at *1.

[5] *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation omitted), *rev'd sub nom. on other grounds by Fogerty v. Fantasy Inc.*, 510 U.S. 517 (1994).

[6] *Ricon v. Recontrust Co.*, No. 09 cv 937-IEG-JMA, 2009 WL 2407396 (S.D. Cal. Aug. 4, 2009).

| | | |
|---|---|---|
| **THIRD** <br><br> (Comparative Negligence) | Defendants are informed and believe and thereupon allege that the damages suffered by plaintiffs, and/or the persons on whose behalf they purport to bring this action, if any, were the direct and proximate result of the acts or omissions of parties other than Defendants, and that the liability of Defendants, if any, is limited in direct proportion to the percentage of fault actually attributed to Defendants, if any. | 1, 3, 4 |
| **FOURTH** <br><br> (Lack of Proximate Cause) | Defendants are informed and believe and thereupon allege that any liability, negligence, or other fault, act or omission on the part of Defendants, if any, was neither the cause in fact or proximate cause of plaintiffs' damages and/or of the persons on whose behalf they purport to bring this action, if any, were only secondary, inconsequential, and indirect, and in no way contributed to or caused the alleged damages of plaintiffs, and/or of the persons on whose behalf they purport to bring this action. | 1, 3, 4 |
| **FIFTH** <br><br> (Assumption of Risk) | Defendants are informed and believe and thereupon allege that plaintiffs and agents or representatives of plaintiffs have engaged in conduct and activities by reason of which plaintiffs, and/or the persons on whose behalf they purport to bring this action, knowingly assumed the risks inherent in the activity from which the injuries arose and are therefore barred from any recovery herein. | 1, 3, 4 |
| **SIXTH** <br><br> (Waiver and Estoppel) | By their conduct, plaintiffs, and/or the persons on whose behalf they purport to bring this action, have waived and are estopped to assert any cause of action or other rights against Defendants as asserted in the Second Amended Class Action Complaint. | 1, 4 |
| **SEVENTH** <br><br> (Failure to Mitigate Damages) | Defendants are informed and believe and thereupon allege that plaintiffs, and/or the persons on whose behalf they purport to bring this action, failed to use reasonable care to reduce and minimize as much as reasonably possible the damages, if any, brought about by the acts, events and circumstances alleged in the Second Amended Class Action Complaint and said failure to mitigate damages was or will be the sole, direct and proximate cause of some or all of the damages, if any, sustained or to be sustained by the plaintiffs, and/or the persons on whose behalf they purport to bring this action. | 1, 3, 4 |
| **EIGHTH** <br><br> (Justification) | The conduct of Defendants in regard to the matters alleged in the Second Amended Class Action Complaint were justified, and by reason of the foregoing, plaintiffs, and/or the persons on whose behalf they purport to bring this action, are barred from any recovery thereon. | 1 |
| **NINTH** <br><br> (Statute of Limitations) | The applicable statutes of limitation bar one or more causes of action pled against Defendants in the Second Amended Class Action Complaint. | 1 |
| **TENTH** <br><br> (Lack of Standing) | Plaintiffs and/or some or all members of the putative class lack proper standing. The Second Amended Class Action Complaint is also barred because one or more plaintiffs lack standing to sue Defendants for the causes of action pled in the Second Amended | 1, 2, 4 |

| | | |
|---|---|---|
| | Class Action Complaint. | |
| **ELEVENTH** (Superseding Cause) | Defendants are informed and believe and thereupon allege that the liability of Defendants, if any, was superseded by the intentional, unforeseen and/or unreasonable conduct of third persons, and therefore, plaintiffs, and/or the persons on whose behalf they purport to bring this action, are barred from any recovery against Defendants. | 1, 3, 4 |
| **TWELFTH** (Trump University Has Fully Performed Obligations) | Trump University had performed and fully discharged any and all obligations and legal duties arising out of the matters alleged in the Second Amended Complaint. | 1, 3, 4 |
| **THIRTEENTH** (Waiver) | Defendants are informed and believe and thereupon allege that plaintiffs, and/or the persons on whose behalf they purport to bring this action, and agents and representatives of plaintiffs have engaged in conduct and activities by reason of which plaintiffs, and/or the persons on whose behalf they purport to bring this action, have knowingly and intentionally waived any and all claims against Defendants and are barred and estopped from any recovery hereon. | 1, 3, 4 |
| **FOURTEENTH** (Unclean Hands) | Defendants are informed and believe and thereupon allege that plaintiffs, and/or the persons on whose behalf they purport to bring this action, are barred from any recovery by reason of their own unclean hands. | 1, 3 |
| **FIFTEENTH** (Laches) | Defendants are informed and believe and thereupon allege that plaintiffs, and/or the persons on whose behalf they purport to bring this action, herein is barred by the doctrine of laches. | 1, 3 |
| **SIXTEENTH** (Excuse) | The conduct of Defendants in regard to the matters alleged in the Second Amended Class Action Complaint was justified or otherwise subject to the doctrine of excuse, and by reason of the foregoing, plaintiffs, and/or the persons on whose behalf they purports to bring this action, are barred from any recovery thereon. | 1, 4 |
| **SEVENTEENTH** (Accord and Satisfaction) | Defendants are informed and believe and thereupon allege that plaintiffs, and/or the persons on whose behalf they purport to bring this action, are barred from any recovery against Defendants by reason of a prior accord and satisfaction. | 1, 4 |
| **EIGHTEENTH** (Offset) | Any claim for damages against Defendants is subject to a full or partial offset by reason of liability and damages owed by the plaintiffs, and/or the persons on whose behalf they purport to bring this action, as a result of their intentional and/or negligent misconduct or breach of contract with respect to Defendants. | 1, 3, 4 |
| **NINETEENTH** (No Commonality) | Defendants are informed and believe and thereupon allege that there is no commonality among the potential class and/or no predominance of common issues, and by reason of the foregoing, the class allegations are improper and class certification must be denied. | 1, 3, 4 |

| | | |
|---|---|---|
| **TWENTIETH** (No Typicality) | Defendants are informed and believe and thereupon allege that the claims of plaintiffs are unique and not typical of the potential class members, and by reason of the foregoing, the class allegations are improper and class certification must be denied. | 1, 3, 4 |
| **TWENTY-FIRST** (No Common Questions of Law or Fact) | Defendants are informed and believe and thereupon allege that the questions of law and fact are different between and among the potential class members, and by reason of the foregoing, the class allegations are improper and class certification must be denied. | 1, 3, 4 |
| **TWENTY-SECOND** (Consent) | By their own conduct, acts and omissions, plaintiffs, and/or persons on whose behalf they purport to bring this action, consented to and acquiesced in Defendants' conduct. | 1 |
| **TWENTY-THIRD** (Improper Representative Action) | The class action complaint is barred, in whole or in part, because if plaintiffs' action is allowed to continue, there is a substantial potential harm given the unique and individual issues of fact that will predominate adjudication of plaintiffs' claims, resulting in hundreds, if not thousands, of mini-trials rendering the action completely unmanageable as a putative class action. In addition, choice of law issues cannot be resolved in one action, and the complexity presented by plaintiffs' claims and the restitution sought violate due process. | 1, 3, 4 |
| **TWENTY-FOURTH** (Good Faith) | With respect to the matters alleged in the class action complaint, Defendants at all times acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by plaintiffs and/or the persons on whose behalf they purport to bring this action. | 1, 3, 4 |
| **TWENTY-FIFTH** (Ratification) | The Second Amended Class Action Complaint, and each purported cause of action alleged therein is barred by the conduct, actions, and inactions of plaintiffs, and/or the persons on whose behalf they purport to bring this action, under the doctrine of ratification. | 1 |
| **TWENTY-SIXTH** (Conduct Not "Deceptive") | Defendants' business practices are and were not likely to mislead the public in that, among other reasons, substantial disclosure is and was made of all material facts and circumstances, including in documents signed by plaintiffs and/or the persons on whose behalf they purport to bring this action. | 1, 3, 4 |
| **TWENTY-SEVENTH** (Inequitable Windfall) | Plaintiffs and the persons on whose behalf plaintiffs purport to bring this action have already received the benefit of their bargain. | 1, 3, 4 |
| **TWENTY-EIGHTH** (Adequate Remedies at Law) | The class action complaint's prayers for equitable relief are barred because plaintiffs, and the persons on whose behalf plaintiffs purport to bring this action, have adequate remedies at law. | 1, 2, 3, 4 |
| **TWENTY-NINTH** | Defendants deny that they or any of their agents, principals or representatives breached any duty or obligations – contractual, | 1, 3, 4 |

| | | |
|---|---|---|
| (No Breach of Duty) | statutory, in law or equity or otherwise – alleged owed to plaintiffs or the persons on whose behalf they purport to bring this action. | |
| **THIRTIETH**<br><br>(No Entitlement to Jury Trial and Equitable Claims [sic]) | Jury trials are available for actions at law only. Therefore, plaintiffs is not entitled to a jury trial on their equitable claims. | 3 |
| **THIRTY-FIRST**<br><br>(Accord and Satisfaction) | The claims asserted in the Second Amended Class Action Complaint are barred, in whole or in part, by payment or the doctrine of accord and satisfaction. | 1, 4 |
| **THIRTY-SECOND**<br><br>(Conduct Not Unlawful, Unfair or Fraudulent) | Trump University's business practices are not "unlawful," "unfair," or "fraudulent" within the meaning of California Business & Professions Code sections 17200, *et seq.* or 17500, *et seq.*, in that, among other things, Trump University has complied with applicable state and federal laws and regulations. | 1, 2, 3, 4 |
| **THIRTY-THIRD**<br><br>(Excessive Penalty and Forfeiture) | The purported claims for restitution and disgorgement made by plaintiffs and members of the putative class and general public on whose behalf plaintiffs purport to sue are precluded because their recovery would constitute an excessive penalty and forfeiture in violation of Defendants' Eighth Amendment and federal and due process rights, applicable statutory provisions and rules of equity, among other things. | 1, 3, 4 |
| **THIRTY-FOURTH**<br><br>(No Measurable Harm) | The purported claims for restitution and disgorgement made by plaintiffs and members of the putative class and general public on whose behalf plaintiffs purport to sue are barred because, among other things, the restitution and disgorgement sought are unrelated to any measurable harm to consumers. | 1, 2, 3, 4 |
| **THIRTY-FIFTH**<br><br>(Release) | The claims made by plaintiffs and members of the putative class and general public on whose behalf plaintiffs purport to sue are precluded to the extent that such persons previously released some or all of their claims. | 1 |
| **THIRTY-SIXTH**<br><br>(No Proximate Causation) | The purported claims made by plaintiffs and members of the putative class and general public on whose behalf plaintiffs purport to sue are barred from recovery for restitution, damages or other monetary relief because there is no causal connection between the alleged wrongdoing on the one hand and any harm to such persons on the other hand. | 1, 3, 4 |
| **THIRTY-SEVENTH**<br><br>(No Injury or Loss) | The purported claims by plaintiffs and members of the putative class and general public on whose behalf plaintiffs purport to sue are barred because they have not suffered any injury in fact or lost money or property as the result of any alleged unfair competition by Trump University. | 1, 2, 3, 4 |
| **THIRTY-EIGHTH**<br><br>(Other Defenses – Class | Defendants reserve the right to amend or supplement their affirmative defenses to include defenses that may be applicable to other members of the putative class. | 1, 3, 4 |

| | | |
|---|---|---|
| Members) | 6 | |
| **THIRTY-NINTH**<br><br>(Right to Assert Additional Defenses) | Due to the vague, uncertain and ambiguous nature of the Second Amended Complaint, Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have available additional, as yet unstated, affirmative defenses. Defendants hereby reserve the right to assert these additional affirmative defenses. | 1, 3, 4 |