1  ZELDES & HAEGGQUIST, LLP
   AMBER L. ECK (177882)
2  ambere@zhlaw.com
   HELEN I. ZELDES (220051)
3  helenz@zhlaw.com
   ALREEN HAEGGQUIST (221858)
4  alreenh@zhlaw.com
   625 Broadway, Suite 906
5  San Diego, CA  92101
   Telephone:  619/342-8000
6  619/342-7878 (fax)

7  ROBBINS GELLER RUDMAN
      & DOWD LLP
8  RACHEL L. JENSEN (211456)
   rjensen@rgrdlaw.com
9  655 West Broadway, Suite 1900
   San Diego, CA  92101
10 Telephone:  619/231-1058
   619/231-7423 (fax)
11
   Attorneys for Plaintiffs and Proposed Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated, ) ) ) Plaintiffs, ) ) vs. ) ) TRUMP UNIVERSITY, LLC, et al., ) ) Defendants. ) ) | No. 3:10-cv-00940-IEG(WVG) <u>CLASS ACTION</u> PLAINTIFFS' OPPOSITION TO DEFENDANT DONALD J. TRUMP'S MOTION FOR ALAN GARTEN TO APPEAR ON HIS BEHALF AT THE EARLY NEUTRAL EVALUATION CONFERENCE DATE: TBD TIME: TBD CTRM: F, First Floor JUDGE: Honorable William V. Gallo |

637382_1

Plaintiffs Tarla Makaeff, Brandon Keller, Ed Oberkrom, and Patricia Murphy, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), respectfully submit this opposition to Defendant Donald J. Trump's Motion for Alan Garten to Appear on His Behalf at the Early Neutral Evaluation Conference ("ENE").

## I. INTRODUCTION

This Court has not yet scheduled the ENE in this case; but, on whatever date and time it is ultimately scheduled, Plaintiffs believe that Mr. Trump is an essential party to attend in order for it to be productive. Mr. Trump has filed a pre-emptive motion for a blanket excusal of his attendance for the ENE even though it has not yet been set. Mr. Trump just generally states that he is traveling in September and thus should be excused. However, neither Mr. Trump nor Mr. Garten has presented any evidence of "extraordinary circumstances" that would excuse Mr. Trump's absence as required by this Court's Chambers Rules. The Court has gone out of its way to offer numerous July and August dates, none of which have been addressed by Mr. Trump. Moreover, Mr. Trump has not identified any particular dates of unavailability in September. Finally, should the Court extend the schedule for the ENE to take place later than 45 days after the Answer was filed, as required by Local Rule 16.1(c) (August 1, 2011), Plaintiffs respectfully request an order permitting them to serve discovery now, to avoid prejudice to them from further delay.

## II. ARGUMENT

### A. Mr. Trump Is an Essential Party to Appear at the ENE

Defendant Donald J. Trump is one of two Defendants in this case, in which Plaintiffs seek a nationwide class and in which millions of dollars in damages are at stake. Trump's personal involvement with his so-called University and the misrepresentations at issue in this case have already been litigated and upheld in the face of Defendant's motion to dismiss. *See* Plaintiffs' Opposition to Defendant Donald J. Trump's Motion to Dismiss Second Amended Complaint, filed March 7, 2011 (Dkt. No. 62) at 4-9. In denying Mr. Trump's motion to dismiss, the Court found that Mr. Trump's personal involvement was a key factor in the alleged misrepresentations made to the Plaintiffs and others. *See* Order Granting in Part and Denying in Part Defendant Donald Trump's Motion to Dismiss, filed May 16, 2011 (Dkt. No. 69) at 2, 4-5.

The principal reasons for an ENE include allowing litigants to: (1) articulate their positions and interests directly to other parties; and (2) hear, first-hand and unfiltered by counsel, both their opponent's version of the matters in dispute and a neutral assessment of the merits of the case. *See Paige v. New Haven Unified Sch. Dist.*, No. C 09-0687 PJH, 2010 WL 2232006, at *1 (N.D. Cal. June 3, 2010). Mandatory ENE exists precisely so that injured claimants such as Plaintiffs and alleged wrongdoers such as Mr. Trump have an opportunity to interact directly and informally in collaborative (or confrontational) negotiations. *See id.* Such sessions may provide both parties with fresh perspectives that facilitate settlement.

While Mr. Trump purports to have done no wrong and have limited involvement in this matter, Plaintiffs' allegations upheld at the pleadings stage suggest that he has quite direct and personal involvement. Given his personal involvement in the facts underlying the case, Plaintiffs believe it is essential for Mr. Trump to appear at the ENE in order for it to be productive. *See Keating v. Gibbons*, No. 3:08-CV-0609-BES (RAM), 2009 WL 764546, at *1-*2 (D. Nev. Mar. 20, 2009) ("Because these allegations suggest that the defendants had direct and personal involvement in the claims alleged in the complaint, their presence is required at the ENE, and a substitute will not do.").

Thus, Plaintiffs urge the Court to require Defendant Donald Trump to participate personally at the ENE.

**B.    Mr. Trump Has Shown No "Extraordinary Circumstances" that Excuse His Absence from the ENE**

Further, Mr. Trump has not attempted to show the type of "extraordinary circumstances" that would provide a blanket excuse of his personal attendance from the ENE in this matter regardless of date or time.

This District's Local Rules take personal appearance at ENE's very seriously. Local Rule 16.1(c)(1)(c) requires that ***all*** parties personally appear at the ENE, and that attendance may be excused only for only for good cause shown and by express permission of the Court. Sanctions may be awarded for an unexcused failure to attend. *Id.* This Court's Chambers Rules are also very explicit about the expectation that all parties personally attend the ENE:

> The Court requires all named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement to appear *in person* at the ENE and other SCs. Please see the order scheduling the conference for more information. The Court will *not* grant requests to excuse a required party from personally appearing, absent extraordinary circumstances. Distance or cost of travel alone does *not* constitute an "extraordinary circumstance."

Chambers Rule II (emphasis in original).

Mr. Trump submitted two mirror-image declarations in support of his motion to be excused from the ENE. *See* Dkt. Nos. 73-1 & 73-2. Neither purports to show "extraordinary circumstances" that prevent his appearance, as required by Judge Gallo's Chambers Rules. Mr. Trump merely claims:

> It would be extremely difficult for me to attend the Conference in person in San Diego in September. I am currently scheduled to be in Scotland the week of September 5, in Brazil the week of September 12, and in Australia the week of September 19. My schedule is fluid and could include more or fewer travel plans during September. I do not yet know my complete schedule after my return from Australia.

Declaration of Donald J. Trump (Dkt. No. 73-1), ¶9.

Mr. Trump's declaration is clearly insufficient to provide "extraordinary circumstances" that would provide a blanket excusal from the ENE regardless of the date. Mr. Trump has failed to provide his actual dates of travel and/or unavability, give a single reason for his travels, or explain what extraordinary hardships would result from adaptation of his admittedly "fluid" itinerary. Far from being extraordinary circumstances, Mr. Trump's tentative, indeterminate and, for him, ordinary plans to be abroad *around* certain times allotted for the ENE conference fall short of "good cause." Mr. Trump has several weeks to adjust his "fluid" schedule as necessary to attend a two-hour ENE in order to comply with the Court's order. Moreover, he has not attempted to show that he is unavailable during the myriad other possible dates in July and August for the ENE provided by the Court's clerk to counsel.

In order to show "extraordinary circumstances," Mr. Trump needs to do more than simply state generally that he is busy. All of the parties, counsel and the Court are busy. Mr. Trump's excuse is akin to claiming that distance or the cost of travel should excuse his attendance, something the Judge has specifically found "does *not* constitute an 'extraordinary circumstance.'" Chambers Rule II (emphasis in original).

The Court has been more than accommodating to Mr. Trump. In scheduling the ENE, the Court offered **15 dates**, in July, August and September. Both Mr. Trump and Mr. Garten, on behalf of Trump University completely ignored the pre-September dates and never responded to the Court's request for his availability prior to September. Since Mr. Trump has not identified "extraordinary circumstances" that would excuse his attendance *per se* regardless of date or time, Mr. Trump should be required to attend the ENE when scheduled by this Court.

### C.  Defendants' Counsel, Mr. Schneider, Has Not Provided Sufficient Evidence of His Unavailability for July and August

Defendants' counsel, Mr. David Schneider, informed the Court, via e-mail, that he, personally, is not available for an ENE at **any time during the months of July or August** due to his vacation and trial schedule. However, Mr. Schneider is in town and not in trial on July 13 and 18 and August 10 and 12 – all dates proposed by the Court for the ENE. Declaration of Amber L. Eck in Support of Plaintiffs' Opposition to Defendant Donald J. Trump's Motion for Alan Garten to Appear on His Behalf at the Early Neutral Evaluation Conference ("Eck Decl."), ¶2. Plaintiffs anticipated it might be difficult to schedule a date when Mr. Trump would be available, but they never imagined that the ENE would be delayed for two months due to his counsel's purported unavailability.

If Mr. Schneider is unable to participate in this case due to outstanding personal and work commitments, then perhaps other counsel, such as Mr. Garten, could represent Mr. Trump and Trump University at the ENE, as Mr. Trump has already acknowledged that he is an adequate representative by virtue of his motion. Further, another Trump attorney, Jill Martin, has appeared on behalf of Trump University in the Anti-SLAPP appeal and could represent Defendants at the ENE if Mr. Schneider is unavailable. *See* Notice of Appearance of Jill Ann Martin for Appellee Trump University, LLC (Dkt. No. 21), filed June 3, 2011 in *Makaeff v. Trump Univ., LLC*, No. 11-55016 (9th Cir.).

Furthermore, Mr. Schneider's primary cited reason that he is unavailable for the entire month of August is that he is preparing for, and trying, a case set for trial on August 15, 2011. However, when Plaintiffs' counsel asked Mr. Schneider to provide the case name and number (in conjunction

with Mr. Schneider's request to continue the hearing on Plaintiffs' Motion to Strike Defendants' Answer 30 days, to the end of September), Mr. Schneider failed to do so. *See* Eck Decl., ¶3. If Mr. Schneider is going to delay this action by two months due to his purported unavailability, Plaintiffs request that, at a minimum, he provide this Court and Plaintiffs with the case name and number of the case going to trial and immediately provide notification to the Court and Plaintiffs if the trial is continued, the matter is resolved or he otherwise becomes available.

### D. Plaintiffs Should Be Allowed to Commence Discovery in the Interim

Under Local Rules, the ENE is to be held within 45 days of the filing of the answer. *See* Local Rule 16.1(c). Mr. Trump filed his Answer on June 17, 2011. *See* Dkt. No. 71. Therefore, the ENE should be held by August 1, 2011, pursuant to Local Rule 16.1(c).

Due to Mr. Schneider's claimed unavailability for all of July and August, Defendants are taking the position that the ENE should not take place until September. This delay will impact Plaintiffs' ability to begin discovery at least 30 days or more from when they could have proceeded if the ENE were held on time. Plaintiffs therefore respectfully request that, should the Court be inclined to postpone the ENE beyond August 1, 2011, that it issue an order allowing Plaintiffs to serve discovery now. This case was originally filed on April 30, 2010 – more than 14 months ago. Further delays are unwarranted and prejudicial to Plaintiffs' case. As stated previously in this action, Plaintiffs' investigation has shown that Trump University may be in a precarious financial position, documents (especially those in the hands of putative class members and third parties) may be lost, memories may be fading; thus, time is of the essence. *See* Plaintiffs' Opposition to Trump University's *Ex Parte* Motion to Stay Pending Appeal, filed January 19, 2011 (Dkt. No. 48) at 10.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs believe that Mr. Trump will be an essential party to attend the ENE. Mr. Trump has failed to demonstrate "extraordinary circumstances" that would excuse his absence as required by this Court's Chambers Rules. Finally, should the Court extend the schedule for the ENE to take place after August 1, 2011, Plaintiffs respectfully request an order permitting them to serve discovery now, to avoid prejudice to them from further delay.

DATED: July 14, 2011

Respectfully submitted,

ZELDES & HAEGGQUIST, LLP
AMBER L. ECK
HELEN I. ZELDES
ALREEN HAEGGQUIST

_s/ Amber L. Eck_
AMBER L. ECK

625 Broadway, Suite 906
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Attorneys for Plaintiffs and Proposed Class

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 14, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 14, 2011.

s/ Amber L. Eck
AMBER L. ECK

ZELDES & HAEGGQUIST, LLP
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

E-mail:ambere@zhlaw.com

# Mailing Information for a Case 3:10-cv-00940-IEG -WVG

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **David Keith Schneider**
  dks@yslaw.com,dscardino@reedscardino.com,ewb@yslaw.com,mlokey@reedscardino.com,efb@yslaw.com,jjohnson@reedscardino.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`