UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, *et al.*, | ) Civil No. 10-CV-940-IEG(WVG) ) |
| Plaintiffs, | ) ) ORDER DENYING DEFENDANT ) TRUMP'S MOTION; ORDER FOR |
| v. | ) EARLY NEUTRAL EVALUATION ) CONFERENCE |
| TRUMP UNIVERSITY LLC, *et al.*, | ) ) [Doc. No. 73] |
| Defendants. | ) ) |

After much back and forth regarding possible availability of parties on certain dates and whether some parties should be excused from personal appearance, the Court denies Defendant Trump's request to be excused from participation at a Court-required Early Neutral Evaluation ("ENE"). Mr. Trump's motion essentially requested that he be excused from all participation and that Mr. Alan Garten instead participate in his stead. That is not acceptable. Mr. Trump is hereby ordered to appear in person.

Having persuaded the Court to deny Mr. Trump's motion, <u>all</u> Plaintiffs are ordered to appear in person as well. While the undersigned's Chambers Rules allow parties to seek relief from personal appearance, in this case, the Court will not favorably

consider any such request from Plaintiffs in light of the arguments they advanced in their opposition. Further, Plaintiffs' request for the ability to propound pre-ENE discovery is denied.

The Court does not often seek to accommodate parties before issuing ENE dates. In fact, this case was the first in which the undersigned consulted the parties before scheduling an ENE. Instead of cooperation and collaboration, this attempt was met by contention and quibbling. As a result, IT IS HEREBY ORDERED that an Early Neutral Evaluation of your case will be held on **August 12, 2011**, at **2:00 p.m.** before United States Magistrate Judge William V. Gallo, United States Courthouse, Courtroom F, First Floor, 940 Front Street, San Diego, California.

**The following are <u>mandatory</u> guidelines for the parties preparing for the Early Neutral Evaluation Conference.**

### 1. Purpose of the Conference

The purpose of the ENE is to permit an informal discussion between the attorneys, parties and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, privileged and confidential. Counsel for non-English speaking parties is responsible for arranging for the appearance of an interpreter at the conference.

### 2. Personal Appearance of Parties Is Required:

All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority[1] to

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. <u>Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to

1 enter into a binding settlement, and the principal attorneys
2 responsible for the litigation, must be present **in person** and
3 legally and factually prepared to discuss settlement of the case.
4 See S.D. Cal. Civ. L. R. 16.1(c).

### 3. Full Settlement Authority Required

6 In addition to counsel who will try the case, a party or
7 party representative with full settlement authority must be present
8 for the conference. In the case of a corporate entity, an autho-
9 rized representative of the corporation who is not retained outside
10 counsel must be present and must have discretionary authority to
11 commit the company to pay an amount up to the amount of the
12 plaintiff's prayer (excluding punitive damage prayers). The purpose
13 of this requirement is to have representatives present who can
14 settle the case during the course of the conference without
15 consulting a superior.

16 Unless there are **extraordinary circumstances,** persons
17 required to attend the conference pursuant to this Order shall not
18 be excused from personal attendance. Requests for excuse from
19 attendance for extraordinary circumstances shall be made in writing
20 at least one week before the conference. Failure to appear at the
21 ENE conference will be grounds for sanctions.

---

change the settlement position of a party. Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. The person with full settlement authority must be able to negotiate a settlement without being restricted by any predetermined level of authority. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

**4. <u>Settlement Proposal and Response Required</u>**

No later than fifteen (15) days before the scheduled ENE Conference, Plaintiff(s) shall submit to Defendant(s) a written settlement proposal. No later than ten (10) days before the scheduled ENE Conference, Defendant(s) shall submit a response to Plaintiff(s)' settlement proposal. All parties shall be prepared to address in their ENE Statements, and discuss at the ENE Conference, the settlement proposal and the response.

**5. <u>ENE Statements Required</u>**

**The Court requires that the parties file ENE Statements, which may be confidentially submitted within the party's discretion.** No later than **five (5) court days prior to the ENE,** the parties shall submit directly to the undersigned's chambers statements of **five pages or less** which outline the nature of the case, the claims, the defenses, and the parties' positions regarding settlement of, and attempts to settle the case. **<u>All briefs must comply with the undersigned's Chambers Rules.</u>**

**6. <u>Case Management Under The Federal Rules of Civil Procedure</u>**

In the event the case does not settle at the ENE Conference, the parties shall also be prepared to discuss the following matters at the conclusion of the conference.

a.   Any anticipated objections under Federal Rule of Civil Procedure 26(a)(1)(E) to the initial disclosure provisions of Federal Rule of Civil Procedure 26(a)(1)(A-D);

b.   The scheduling of the Federal Rule of Civil Procedure 26(f) conference;

c.   The date of initial disclosure and the date for lodging the discovery plan following the Rule 26(f) conference; and,

     d.   The scheduling of a Case Management Conference pursuant to Federal Rule of Civil Procedure 16(b).

The Court will issue an appropriate order addressing these issues and setting dates as appropriate.

**7. Time Allotted**

The Court generally allots two (2) hours for ENEs. Counsel should be prepared to be succinct and to the point. Requests for additional time must be made in writing in the party's ENE statement, accompanied by a short explanation.

**8. New Parties Must Be Notified by Plaintiff's Counsel**

Plaintiff's counsel shall give notice of the ENE Conference to all parties responding to the Complaint after the date of this Notice.

**9. Requests to Continue an ENE Conference**

Civil Local Rule 16.1(c) requires that an ENE take place within 45 days of the filing of the first answer. Requests to continue ENE conferences are rarely granted. Counsel seeking to reschedule an ENE must first confer with opposing counsel. The Court will consider formal, written *ex parte* requests to continue an ENE conference when extraordinary circumstances exist that make a continuance appropriate. In and of itself, having to travel a long distance to appear at the ENE conference is not an extraordinary circumstance. **Absent extraordinary circumstances, requests for continuances of the ENE conference may not be considered *unless* submitted in *writing* no less than seven (7) calendar days prior to the scheduled conference.** Please refer to the undersigned's Chambers Rules for additional guidance regarding the areas which must be addressed in the request.

     Questions regarding this case may be directed to the Magistrate Judge's Research Attorney at (619) 557-6384.  Please consult the undersigned's Chambers Rules, available on the Court's website, before contacting chambers with any question(s).

IT IS SO ORDERED.

DATED:  July 15, 2011

                                                         Hon. William V. Gallo
                                                         U.S. Magistrate Judge