1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

                                    )  Civil No. 10-CV-940-IEG(WVG)
11  TARLA MAKAEFF *et al.*,          )
                                    )
12              Plaintiffs,          )  ORDER COMPELLING PRODUCTION OF
                                    )  CONTACT INFORMATION
13  v.                               )
                                    )
14  TRUMP UNIVERSITY, LLC, *et al.*, )
                                    )
15              Defendants.          )
    _____ )

16

17        At the Case Management Conference, the parties brought to the

18  Court's attention that Defendants had not disclosed the contact

19  information of the 10,000 or so students who enrolled in Trump

20  University classes.   On September 26, 2011, the Court ordered

21  Defendants to disclose this information on or before October 6,

22  2011.   Defendants did not comply and did not seek the Court's

23  reconsideration or intervention.  Their noncompliance was brought to

24  the Court's attention at the Case Management Conference on October

25  7, 2011.   The Court ordered further briefing and now orders

26  Defendants to disclose the name, address, and telephone number of

27  each of its current and former students.

28

10CV940

On September 26, 2011, the Court ordered the disclosure of names, addresses, and telephone numbers of the roughly 10,000 students who have taken Trump University classes.  The Court did so on the basis that these individuals were potential witnesses who may have information relevant to class certification or the merits of the case.  Defendants did not object at that time, and in fact affirmatively agreed to do so.

Defendants now object on the basis that Trump University's students have a protected privacy interest in their contact information and argue that notice is required before disclosure. Defendants invoke Pioneer Electronics, Inc. v. Superior Court, 150 P.3d 198 (Cal. 2007).  Plaintiffs rely on various cases where courts ordered the disclosure of contact information without prior notice.

In this case, there is overlap--perhaps a substantial overlap--between individuals who may be witnesses and those who may be putative class members.  From the beginning, the Court has viewed each and every one of the 10,000 or so Trump University students as potential witnesses for one side or the other in this matter.  None of the parties, particularly Defendants, disputed this observation.

Rule 26(a)(1)(A)(i) requires a party to provide in its initial disclosures the names and contact information, if known, of "each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses . . . ."  As the Court in Tierno noted, "[i]t would be error for the court to order disclosure solely on the basis of Fed. R. Civ. Pro. 26(a)(1)(A)."  Tierno v. Rite Aid Corp., 2008 U.S. Dist. LEXIS 58748, *5 (N.D. Cal. July 31, 2008).  This Court agrees, and but for Defendants' acknowledgment that such disclosure was

10CV940

1    appropriate--if not as part of its initial disclosures, then

2    certainly during the formal discovery process--the Court might not

3    have required Defendants to disclose the names and contact informa-

4    tion of its 10,000 students at this time.

5        However, the students' potential participation in this

6    lawsuit as class members does not diminish their status as wit-

7    nesses.  This case is very different from a consumer class action

8    involving the mass purchase of a defective product, where the

9    consumers' only involvement was being one of the unfortunate

10   purchasers of the product.  Here, in contrast, each student

11   purportedly received certain representations regarding the various

12   courses offered by Trump University, and either did or did not

13   receive what was expected.  In this regard, each student has

14   personal and direct evidence to offer that is significantly more

15   substantive than the purchaser of a defective product, who can offer

16   no more than the fact that he or she bought the product and it did

17   not work as expected.

18       A disconnect exists between Plaintiffs' cases and their

19   argument.  Plaintiffs argue for disclosure on the basis that 10,000

20   students are putative class members, while the cases upon which they

21   rely ordered disclosure based on the individuals' status as

22   witnesses.  Plaintiffs argue that "putative class members may want

23   [P]laintiffs' counsel to have their contact information" and invoke

24   Puerto v. Superior Court, 70 Cal. Rptr. 3d 701, 708 (Cal. Ct. App.

25   2008).  Puerto is a witness disclosure case and aids Plaintiffs,

26   albeit not for the reasons they cite.  Plaintiffs' reasoning renders

27   Pioneer Electronics more applicable here because it involved

28   releasing the contact information of class members not as witnesses,

10CV940

1   but as class members.  The Court in <u>Puerto</u> explained this distinc-
2   tion quite clearly.

3       Nonetheless, on September 26, 2011, the Court originally
4   ordered disclosure of this information on the basis of these
5   individuals' status as actual or potential witnesses.  This brings
6   the current controversy within Plaintiffs' cases that order
7   disclosure of contact information on that basis.  The Court's
8   original basis for its order stands notwithstanding Plaintiffs'
9   failure to raise that basis in its letter brief.

10      Defendants argues that its 10,000 students have a privacy
11  interest in their names and contact information not being disclosed
12  without following the notice procedure outline in <u>Pioneer Electron-</u>
13  <u>ics</u>.  The Court disagrees.  None of these students have a reasonable
14  expectation of privacy in their identity and contact information or,
15  if they did, they certainly have forfeited that privacy interest in
16  the context of this case.  As the Court understands, these seminars
17  were offered in large groups where students wore nametags and some,
18  perhaps many, offered videotaped testimonials.  Moreover, each
19  student completed applications that contained their names and
20  contact information.  Many courts have declared that the release of
21  names, addresses, and telephone numbers, "while personal [are] not
22  particularly sensitive." <u>Id.</u> at 710; <u>see also</u> <u>Crab Addison, Inc. v.</u>
23  <u>Superior Court</u>, 87 Cal. Rptr. 3d 400, 405, 408-09 (Cal. Ct. App.
24  2008); <u>Tierno</u>, 2008 U.S. Dist. LEXIS 58748 at *10.  Any intrusion
25  upon the privacy interests of the 10,000 students is minimal.  This
26  is not the release of highly sensitive medical or financial
27  information, <u>see</u> <u>Puerto</u>, 70 Cal. Rptr. 3d at 710, or information
28  that might embarrass the students, <u>cf.</u> <u>Stone v. Advance America</u>,

10CV940

1    2009 U.S. Dist. LEXIS 112968, *2 (S.D. Cal. Dec. 2, 2009) (involving

2    "information which may reveal [persons'] status as a customer of a

3    payday lender.").

4         Moreover, it is undisputed that class counsel has a fiduciary

5    responsibility to all putative class members even before class

6    certification.  As stated earlier, although the students certainly

7    are witnesses, they are also putative class members.  The Court in

8    Stone recognized the special relationship that class counsel has

9    with putative class members in ordering the disclosure of names and

10   contact information.  Stone, 2009 U.S. Dist. LEXIS 112968 at *12-

11   *13.  This special relationship gives the Court added comfort that

12   the released information will not be misused.

13        Because the Court orders disclosure on the basis above, the

14   Court will not require notice prior to disclosure.  Whether a

15   witness wishes to testify is immaterial.  See Puerto, 70 Cal. Rptr.

16   3d at 708 ("[A] percipient witness's willingness to participate in

17   civil discovery has never been considered relevant--witnesses may be

18   compelled to appear and testify whether they want to or not.").

19        Defendants shall produce the name, address, and telephone

20   number of each person who enrolled in a Trump University class,

21   course, or seminar to the extent that information exists.  They

22   shall comply by October 25, 2011.

23   IT IS SO ORDERED.

24   DATED:  October 13, 2011

25

26                                    _____

27                                    Hon. William V. Gallo
                                      U.S. Magistrate Judge

28