UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF *et al.*, | ) Civil No. 10-CV-940-IEG(WVG) <br> ) <br> ) AMENDED ORDER COMPELLING <br> ) PRODUCTION OF CONTACT <br> ) INFORMATION |
| Plaintiffs, | |
| v. | |
| TRUMP UNIVERSITY, LLC, *et al.*, | |
| Defendants. | |

At the Case Management Conference, the parties brought to the Court's attention that Defendants had not disclosed the contact information of the 10,000 or so students who enrolled in, and purchased, Trump University classes. On September 26, 2011, the Court ordered Defendants to disclose this information on or before October 6, 2011. Defendants did not comply and did not seek the Court's reconsideration or intervention. Their noncompliance was brought to the Court's attention at the Case Management Conference on October 7, 2011. The Court ordered further briefing and now orders Defendants to disclose the name, address, and telephone number of each of its current and former students.

     On September 26, 2011, the Court ordered the disclosure of names, addresses, and telephone numbers of the roughly 10,000 students who have taken Trump University classes. The Court did so on the basis that these individuals were potential witnesses who may have information relevant to class certification or the merits of the case. Defendants did not object at that time, and in fact affirmatively agreed to do so.

     Defendants now object on the basis that Trump University's students have a protected privacy interest in their contact information and argue that notice is required before disclosure. Defendants invoke <u>Pioneer Electronics, Inc. v. Superior Court</u>, 150 P.3d 198 (Cal. 2007). Plaintiffs rely on various cases where courts ordered the disclosure of contact information without prior notice.

     In this case, there is overlap--perhaps a substantial overlap--between individuals who may be witnesses and those who may be putative class members. From the beginning, the Court has viewed each and every one of the 10,000 or so Trump University students as potential witnesses for one side or the other in this matter. None of the parties, particularly Defendants, disputed this observation.

     Rule 26(a)(1)(A)(i) requires a party to provide in its initial disclosures the names and contact information, if known, of "each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses . . . ." As the Court in <u>Tierno</u> noted, "[i]t would be error for the court to order disclosure solely on the basis of Fed. R. Civ. Pro. 26(a)(1)(A)." <u>Tierno v. Rite Aid Corp.</u>, 2008 U.S. Dist. LEXIS 58748, *5 (N.D. Cal. July 31, 2008). This Court agrees, and but for Defendants' acknowledgment that such disclosure was

appropriate--if not as part of its initial disclosures, then certainly during the formal discovery process--the Court might not have required Defendants to disclose the names and contact information of its 10,000 students at this time.

However, the students' potential participation in this lawsuit as class members does not diminish their status as witnesses. This case is very different from a consumer class action involving the mass purchase of a defective product, where the consumers' only involvement was being one of the unfortunate purchasers of the product. Here, in contrast, each student purportedly received certain representations regarding the various courses offered by Trump University, and either did or did not receive what was expected. In this regard, each student has personal and direct evidence to offer that is significantly more substantive than the purchaser of a defective product, who can offer no more than the fact that he or she bought the product and it did not work as expected.

A disconnect exists between Plaintiffs' cases and their argument. Plaintiffs argue for disclosure on the basis that 10,000 students are putative class members, while the cases upon which they rely ordered disclosure based on the individuals' status as <u>witnesses</u>. Plaintiffs argue that "putative class members may want [P]laintiffs' counsel to have their contact information" and invoke <u>Puerto v. Superior Court</u>, 70 Cal. Rptr. 3d 701, 708 (Cal. Ct. App. 2008). <u>Puerto</u> is a witness disclosure case and aids Plaintiffs, albeit not for the reasons they cite. Plaintiffs' reasoning renders <u>Pioneer Electronics</u> more applicable here because it involved releasing the contact information of class members not as witnesses,

1 but as class members.  The Court in <u>Puerto</u> explained this distinc-
2 tion quite clearly.

3     Nonetheless, on September 26, 2011, the Court originally
4 ordered disclosure of this information on the basis of these
5 individuals' status as actual or potential witnesses.  This brings
6 the current controversy within Plaintiffs' cases that order
7 disclosure of contact information on that basis.  The Court's
8 original basis for its order stands notwithstanding Plaintiffs'
9 failure to raise that basis in its letter brief.

10    Defendants argues that its 10,000 students have a privacy
11 interest in their names and contact information not being disclosed
12 without following the notice procedure outline in <u>Pioneer Electron-</u>
13 <u>ics</u>.  The Court disagrees.  None of these students have a reasonable
14 expectation of privacy in their identity and contact information or,
15 if they did, they certainly have forfeited that privacy interest in
16 the context of this case.  As the Court understands, these seminars
17 were offered in large groups where students wore nametags and some,
18 perhaps many, offered videotaped testimonials.  Moreover, each
19 student completed applications that contained their names and
20 contact information.  Many courts have declared that the release of
21 names, addresses, and telephone numbers, "while personal [are] not
22 particularly sensitive."  <u>Id.</u> at 710; <u>see also</u> <u>Crab Addison, Inc. v.</u>
23 <u>Superior Court</u>, 87 Cal. Rptr. 3d 400, 405, 408-09 (Cal. Ct. App.
24 2008); <u>Tierno</u>, 2008 U.S. Dist. LEXIS 58748 at *10.  Any intrusion
25 upon the privacy interests of the 10,000 students is minimal.  This
26 is not the release of highly sensitive medical or financial
27 information, <u>see</u> <u>Puerto</u>, 70 Cal. Rptr. 3d at 710, or information
28 that might embarrass the students, <u>cf.</u> <u>Stone v. Advance America</u>,

2009 U.S. Dist. LEXIS 112968, *2 (S.D. Cal. Dec. 2, 2009) (involving "information which may reveal [persons'] status as a customer of a payday lender.").

Moreover, it is undisputed that class counsel has a fiduciary responsibility to all putative class members even before class certification. As stated earlier, although the students certainly are witnesses, they are also putative class members. The Court in Stone recognized the special relationship that class counsel has with putative class members in ordering the disclosure of names and contact information. Stone, 2009 U.S. Dist. LEXIS 112968 at *12-*13. This special relationship gives the Court added comfort that the released information will not be misused.

Because the Court orders disclosure on the basis above, the Court will not require notice prior to disclosure. Whether a witness wishes to testify is immaterial. See Puerto, 70 Cal. Rptr. 3d at 708 ("[A] percipient witness's willingness to participate in civil discovery has never been considered relevant--witnesses may be compelled to appear and testify whether they want to or not.").

Defendants shall produce the name, address, and telephone number of the 10,000 or so persons who enrolled in, and paid for, a Trump University class, course, or seminar--and who did not receive a full refund within the refund period--to the extent that information exists. They shall comply by October 25, 2011.

IT IS SO ORDERED.

DATED: October 14, 2011

Hon. William V. Gallo
U.S. Magistrate Judge