UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF *et al.*, | ) Civil No. 10-CV-940-IEG(WVG) )  ) |
| Plaintiffs, | ) ORDER ON DISCOVERY DISPUTES ) |
| v. | ) ) |
| TRUMP UNIVERSITY, LLC *et al.*, | ) ) |
| Defendants. | ) ) |

Pending before the Court is a consolidated dispute over a multitude of special interrogatories ("ROGs"), requests for production of documents ("RFPs"), and other discovery issues. The discovery requests and responses make clear that the parties in this matter have been, and will continue to be, engaged in litigation akin to trench warfare. Having methodically reviewed each disputed discovery request, response, and issue, it is abundantly clear that both sides are to blame for their collective failure to resolve their disputes. Defendants discovery requests, while technically proper, are unnecessarily detailed and tend to suggest a scorched-earth litigation strategy. Nonetheless, many of their requests are not objectionable. In response, most of Plaintiffs' responses are

devoid of substance, include repeated, identical boilerplate objections, and are non-responsive and evasive. The Court rules on the specific discovery requests in Appendices A through E to this Order and orders the parties to proceed as instructed therein. Further, the Court provides further guidance and addresses ancillary issues below.

Where ordered to respond, the responding party shall fully do so to the best of its ability with the knowledge it currently has and without generalized reference to initial disclosures or documents in general. Of course, references to specific Bates-stamped documents are acceptable. If the responding party does not currently have the requisite knowledge or basis to answer a ROG or RFP, it shall state as much. Any further objections shall be individually tailored to the specific ROG or RFP, shall actually be applicable, and shall not be boilerplate. Plaintiffs should note that if their revised responses again lack substance, the Court will not entertain the dispute through its informal dispute resolution process, and Defendants may bring a motion to compel and for sanctions.

If any party is withholding documents or other responses until the other side responds, the withholding party shall immediately produce all such documents. The Court will not tolerate such blatant gamesmanship when the Rules clearly dictate the time period within which documents should be produced.

Next, Defendants aver they have produced documents that conclusively establish that Plaintiff Murphy should be dismissed because she took classes offered by a third-party, Trump <u>Institute</u>, not from Defendant Trump <u>University</u>, LLC. Apparently after

reviewing this documentation, Murphy now wants to enter a settlement to secure her dismissal with mutual releases and waiver of costs. Defendants assert they are not willing to settle with Murphy. Instead, she should dismiss her claims on her own. With respect to Murphy's request to facilitate a "settlement," the Court declines to do so. If Defendants are firmly unwilling to settle, as they represent they are, the Court cannot force them to do so. Given the Court's knowledge and experience to date, the Court strongly suspects a settlement conference on this issue would be futile in this case.

Next, to the extent Plaintiffs object to certain "contention" interrogatories on the basis that such interrogatories "are" reserved until the end of discovery as a matter of course in federal courts, they are incorrect. Such a reservation is in the Court's discretion. While the court in Cornell Research Found., Inc. v. Hewlett Packard Co., 223 F.R.D. 55, *66 (N.D.N.Y 2003), merely noted that such interrogatories are "often" reserved for the end of discovery, the court went on to require Hewlett Packard to respond to the interrogatory at issue, id. at *67. Thus, the end result in that case actually refutes the very proposition for which Plaintiffs cite it. Moreover, the court in New Haven Temple SDA Church v. Consol. Edison Corp., 1995 U.S. Dist. LEXIS 8220 (S.D.N.Y. June 13, 1995),[1] sustained the "premature contention interrogatory" objection partly on the basis that the interrogatory violated a local rule that required reservation of such interrogatories until later stages

---

[1] The Court notes that this case is not citable, as it issued before January 1, 2007, and none of the exceptions in Ninth Circuit Rule 36-3 apply. See also Fed. R. App. Proc. 32.1 ("[A]nd (ii) issued on or after January 1, 2007.") (emphasis added).

1  of a case.  Id. at *18 (citing former S.D.N.Y. Civ. L. R. 46(c),
2  renumbered as Rule 33.3(c)); see also Cornell Research Found., Inc.,
3  223 F.R.D. at *66 n.10 (noting that some courts, including the
4  Southern District of New York, have formalized the reservation of
5  contention interrogatories with local rules).  Such a rule does not
6  exist in the Southern District of California, and it is consequently
7  ultimately within the Court's discretion to allow contention
8  interrogatories at this stage of litigation.
9       The parties shall comply with this order on or before March
10 13, 2012.
11 IT IS SO ORDERED.
12 DATED:   February 13, 2012

                                    _____
                                    Hon. William V. Gallo
                                    U.S. Magistrate Judge

**APPENDIX A**

**Trump University LLC Interrogatories to Plaintiffs, Set One**

| ROG No. | Respond | Do Not Respond | Comments |
|---|---|---|---|
| 1 | X | | Objections are boilerplate, inapplicable, or both. ROG is acceptably drafted. Response is inadequate. While Plaintiffs invoke Rule 33(d), they fail to comply with Rule 33(d)(1) or (2). Further, the word PROGRAM shall be defined as in the RFPs regardless of whether Defendants were associated with the PROGRAM. |
| 2 | X | | Objections are boilerplate, inapplicable, or both. ROG is acceptably drafted. While Plaintiffs may have generally identified persons with discoverable information pursuant to their obligations to do so under FRCP 26(a)(1)(A)(i), this ROG asks for witnesses to a specific subject matter, and a general witness list does not respond to the narrowed call of this ROG. |
| 3 | X | | Same as ROG No. 2. |
| 4 | X | | Same as ROG No. 2. |
| 5 | | X | Better suited as a deposition question. Unduly burdensome objection sustained. |
| 6 | X | | Same as ROG No. 2. |
| 7 | X | | Same as ROG No. 2. |

## APPENDIX B

**Donald Trump's Interrogatories to Plaintiffs, Set One**

| ROG No. | Respond | Do Not Respond | Comments |
|---|---|---|---|
| 1 | X | | Objections are boilerplate, inapplicable, or both. ROG is acceptably drafted. To the extent Plaintiffs' response refers to their initial disclosures, this ROG concerns more specific subject matter than initial disclosures can satisfy. |
| 2 | X | | Response is barely responsive and simply copies allegations from the FAC, some of which do not appear to be misrepresentations. Respond fully and identify each specific <u>oral</u> misrepresentation that Plaintiffs relied upon, if known. If not known, state as much. <u>Written</u> misrepresentations are covered by ROG No. 3. |
| 3 | X | | ROG No. 3 response refers to Plaintiffs' response to ROG No. 2. The response to ROG No. 2 is not responsive to ROG No. 3. |
| 4 | X | | Objections are boilerplate, inapplicable, or both. ROG is acceptably drafted. Respond fully with <u>facts</u> that support Plaintiffs' contentions that Defendant Trump violated the statutes listed in the final paragraph of the response. |
| 5 | X | | Same as ROG No. 1. |
| 6 | X | | Same as ROG No. 1. |
| 7 | X | | Same as ROG No. 1. ROG is not duplicative of ROG No. 10. |
| 8 | X | | Same as ROG No. 1. |

6

10CV940

| ROG No. | Respond | Do Not Respond | Comments |
|---|---|---|---|
| 9 | X | | Same as ROG No. 1. |
| 10 | X | | Same as ROG No. 1. |
| 11 | X | | Same as ROG No. 1. |
| 12 | X | | Same as ROG No. 1. |
| 13 | | X | Boilerplate objections notwithstanding, Plaintiffs are correct that this ROG is better suited as a deposition question. Unduly burdensome objection sustained. |
| 14 | X | | Same as ROG No. 1. |
| 15 | X | | Same as ROG No. 1. |
| 16 | X | | Non-responsive. ROG asks for identification of false or misleading statements. While Defendants may be in possession of all advertisements, it is Plaintiff who contends such advertisements are misleading in whole or in part. Plaintiff must identify the advertisement(s) and what specific language within the advertisement(s) is misleading. Unless Plaintiffs contend every word within an ad was false or misleading, identifying an ad as a whole does not indicate what specific content within the ad is false or misleading. |

**APPENDIX C**
**Defendants' Requests for Production of Documents to Plaintiffs, Set One**

Plaintiffs shall identify by specific Bates numbers which documents are responsive to each RFP.

| RFP No. | Respond | Do Not Respond | Comments |
|---|---|---|---|
| 2 | X | | Respond further to clarify whether any such documents exist in Plaintiffs' custody. Current response, while otherwise adequate, is unclear. |
| 7 | | X | Objections sustained. |
| 8 | | X | Response is sufficient. No further response necessary. |
| 9 | | X | Objections sustained. |
| 10 | | X | Response is sufficient. No further response necessary. |
| 11 | | X | Same as RFP No. 10. |
| 12 | X | | Respond further to clarify whether any such documents exist in Plaintiffs' custody. Current response, while otherwise adequate, is unclear. |
| 13 | X | | Same as RFP No. 12. |
| 14 | X | | Same as RFP No. 12. |

8
10CV940

| RFP No. | Respond | Do Not Respond | Comments |
|---|---|---|---|
| 15 | X | | Most objections are boilerplate, inapplicable, or both.  RFP is acceptably drafted.  <u>To the extent</u> responsive documents are communications with putative class members, submit Bates-stamped documents to chambers with privilege log for *in camera* review.  When doing so, documents submitted shall not be a document dump and shall be selected in good faith as attorney-client privileged documents or documents protected by the work-product doctrine consistent with this Court's reasoning in <u>Taylor v. Waddell & Reed, Inc.</u>, 2011 U.S. Dist. LEXIS 54109 (S.D. Cal. May 20, 2011).  These documents are not automatically privileged, as Plaintiffs assert, and are not automatically discoverable, as Defendants seem to suggest.  Both sides fail to properly analyze the issue. |
| 16 | X | | Respond further to clarify whether any such documents exist in Plaintiffs' custody.  Current response, while otherwise adequate, is unclear. |
| 17 | X | | Same as RFP No. 16. |
| 18 | X | | Same as RFP No. 16. |
| 19 | X | | Same as RFP No. 16. |
| 20 | X | | Same as RFP No. 16. |
| 21 | X | | Objections are boilerplate, inapplicable, or both.  RFP is acceptably drafted. |
| 22 | X | | Same as RFP No. 16. |
| 28 | X | | Objections overruled. |

| RFP No. | Respond | Do Not Respond | Comments |
|---|---|---|---|
| 30 | | X | Boilerplate objections notwithstanding, objection that RFP is duplicative of Rule 26 disclosures is sustained. RFP's wording closely tracks Rule 26. |
| 31 | X | | Respond. Provide privilege log. See RFP No. 15. |
| 34 | | X | No further response necessary. |
| 35 | X | | Respond fully without reference to initial disclosures. RFP is tailored specifically towards one portion of the FAC. |
| 36 | X | | Same as RFP No. 35. |
| 37 | X | | Same as RFP No. 35. |
| 39 | X | | Same as RFP No. 35. |
| 41 | X | | Objections are boilerplate, inapplicable, or both. RFP is acceptably drafted. |
| 42 | X | | Respond fully without reference to initial disclosures. RFP is tailored specifically towards one portion of the FAC. |
| 45 | X | | Objections are boilerplate, inapplicable, or both. RFP is acceptably drafted. While Defendants may have possession of the documents, Plaintiffs must identify any documents in their possession that support their contention that Defendants violated the law. |

| RFP No. | Respond | Do Not Respond | Comments |
|---|---|---|---|
| 48 | X | | Objections are boilerplate, inapplicable, or both. RFP is acceptably drafted. Respond fully without reference to initial disclosures. RFP is tailored specifically towards one portion of the FAC. |
| 52 | X | | Same as RFP No. 48. |
| 53 | X | | Same as RFP No. 48. |
| 60 | X | | Objections are boilerplate, inapplicable, or both. RFP is acceptably drafted. Same as RFP No. 15. |
| 61 | X | | Same as RFP No. 60. |
| 62 | | X | No further response is necessary unless documents have not been produced. |

# APPENDIX D

**Plaintiffs' Requests for Production of Documents, Set One**

| RFP No. | Respond | Do Not Respond | Comments |
|---|---|---|---|
| 2 | | X | Plaintiffs' stated purpose for this RFP is to determine classwide damages. Defendants aver they have produced "documents which specifically identify the program each plaintiff purchased, the amount of money each course cost, as well as the number of students who paid for each of the various courses." The information in these documents allow Plaintiffs to determine classwide damages and satisfies the stated purpose. As a result, requiring that Defendants individually identify thousands of students and how much each individual paid is an unduly burdensome request. |
| 4 | X | | The Court shares Plaintiffs' incredulity that the only document that evidences Defendant Trump's involvement is a single document page. This RFP is directly relevant to the allegations in the FAC. Defendant Trump shall respond in good faith. |
| 5 | X | | Objections overruled. As for the Facebook/Twitter issue, Defendant Trump maintains Facebook and Twitter pages that are accessible to any member of the public. The same is true for Trump University. If Plaintiffs desire posts older than those available on those sites, Defendant Trump may not be the proper party to respond in any event; third-party subpoenas to the sites themselves may be more appropriate to obtain archived posts. |

| RFP No. | Respond | Do Not Respond | Comments |
|---|---|---|---|
| 6 | X | | Objections overruled. Defendants to produce documents within 2 weeks of the date of this Order. |
| 11 | X | | In light of the stated burden to Defendant Trump University from having to manually review all files, Defendants' "word search" review is an adequate balance of the need for the documents and the burdens of finding them. Defendants to respond after conducting the word search review explained in counsel's January 17, 2012, letter. Defendants shall produce documents within 2 weeks of the date of this Order. |
| 14 | | X | Defendants have responded to this RFP. See RFP No. 2. Defendants' response also identifies specific Bates-stamped documents. |
| 15 | See Comments | | Defendant Trump University's financial information is discoverable information and is not public information or readily available. Defendant Trump University shall respond to this RFP.<br><br>However, Defendant Donald Trump's net worth is publicly-available information and can be obtained through a simple Google search, which reveals numerous sources for the information. The publicly-available information is sufficient to evidence Trump's ability to pay any judgment. In light of this, compelling Trump to provide detailed personal financial information is unnecessary and burdensome as a result. |

| RFP No. | Respond | Do Not Respond | Comments |
|---|---|---|---|
| 16 | | X | Irrelevant and unduly burdensome. Whether Trump received money from Trump University, or the amount of money he received, will not provide information on the extent of Trump's personal involvement in running Trump University. An absentee shareholder or owner could just as easily receive compensation without any participation. Moreover, this information is not necessary to calculate damages, which can easily be done in less burdensome ways. As for disgorgement, Plaintiffs' letter does not cite any basis to show they are entitled to such relief. |
| 18 | X | | Defendants shall produce the information they agreed to produce as stated in their January 17, 2012, letter. Defendants shall comply within 2 weeks of the date of this Order. |
| 22 | X | | Objections overruled. Defendants shall comply within 2 weeks of the date of this Order. |

**APPENDIX E**

**Plaintiffs' Interrogatories, Set One**

| ROG No. | Respond | Do Not Respond | Comments |
|---|---|---|---|
| 1 |  | X | See Appendix D, RFP No. 2. |
| 4 | X |  | Objections overruled. |
| 5 |  | X | See Appendix D, RFP No. 15. |