1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10
                                       )  Civil No. 10-CV-940-CAB(WVG)
11   TARLA MAKAEFF *et al.*,            )
                                        )
12                  Plaintiffs,         )  ORDER ON DISCOVERY ISSUES
                                        )
13   v.                                 )
                                        )
14   TRUMP UNIVERSITY, LLC *et al.*,    )
                                        )
15                  Defendants.         )
     _____)
16

17        Rather than comply with the Court's Chambers Rules on the

18   informal dispute resolution process or the Civil Local Rules on

19   Applications for Reconsideration, the parties sent e-mail communica-

20   tions directly to the Court's research attorney without advance

21   notice.  After some admonishments below, the Court rules on the

22   issues presented in the e-mails.

23                          I.  **BACKGROUND**

24        On January 6, 2012, without first contacting the Court by

25   telephone as required by Chambers Rules, Defendants submitted a 13-

26   page letter-brief on various written discovery disputes.  This

27   violated the Court's Chambers Rules in more than one way.  However,

28   given the nature and number of disputes, the Court elected to

10CV940

1   overlook Defendants' transgression and accepted the brief.

2   Plaintiffs' response brief included additional disputes that were

3   not included in Defendants' brief. An Order on these disputes

4   issued on February 13, 2012. (Doc. No. 93.)

5       On February 22, 2012, counsel for Defendants sent an e-mail

6   directly to the Court's research attorney and asked for an extension

7   of time to comply with a portion of the February 13, 2012, Order.

8   Although improper and violative of the Court's Chambers Rules'

9   provision on communicating with chambers, the Court again elected to

10  overlook the transgression because the e-mail contained no legal

11  arguments and was essentially a written version of information

12  counsel would have conveyed via telephone.

13      That same day, Plaintiffs' counsel sent a response e-mail to

14  the Court's research attorney. In addition to responding to

15  Defendants' e-mail, Plaintiffs sought reconsideration of portions of

16  the February 13, 2012, Order, made arguments, and cited legal

17  authorities to that end. This violated both the Court's Chambers

18  Rules and Civil Local Rules. Two additional e-mails followed before

19  the Court had a chance to respond and ask the parties to cease.

20             **II.   RULINGS**

21      In the interest of efficiency, the Court again elects to

22  overlook the failure to comply with the rules and the violations of

23  protocol. However, should the parties again fail to comply, the

24  Court will summarily reject all future briefing, which may result in

25  the dispute not being heard if the time for bringing the dispute to

26  the Court's attention has passed.

27      Furthermore, through its recent dealings with the parties,

28  the Court has noticed a tendency to take liberties with presenting

10CV940

case law and facts in a manner that favors them, but which may not be a faithful reading of the case, does not recognize distinctions that set cases apart from theirs, or ignores the outcome of the case or other contrary reasoning in a court's opinion.  As a general matter, not accurately characterizing a case, overstating the congruity of a case with yours, and citing a select passage but failing to recognize that the remaining discussion or the outcome militate against one's argument are generally considered improper or poor advocacy.  Indeed, as one jurist advised long ago:

> "Nothing, perhaps so detracts from the force and persuasive-ness of an argument as for the lawyer to claim more than he is reasonably entitled to claim.  Do not 'stretch' cases cited and relied upon too far, making them appear to cover something to your benefit they do not cover.  Do not try to dodge or minimize unduly the facts which are against you. . . . ."

Antonin Scalia & Bryan A. Garner, <u>Making Your Case:  The Art of Persuading Judges</u> 13 (2008) (quoting Hon. Wiley B. Rutledge).  The Court is dismayed that the parties appear to advocate polarized positions based on skewed, inaccurate, or incomplete interpretations and representations.  The Court cautions the attorneys and their clients to take better care in the future when they interpret case law and advocate their position in a manner that is faithful to the authority cited.  Rule 11 sanctions always remain an option for the Court if this behavior continues.  With these admonitions, the Court now continues to the disputes at issue.

**A.     <u>Request For Extension of Time to Respond to RFP No. 11</u>**

By stipulation between the parties, Defendants' request for extension of time to respond to Plaintiff's RFP No. 11 is granted.  Defendants shall respond no later than March 13, 2012.

10CV940

**C.**      **Financial Privacy and Defendants' Redaction of Contracts**

Defendants provided a list of putative class members, identified the course each took, and provided a separate price list for each course.  Plaintiffs object only that Defendants redacted the course costs on the individual contracts they produced. Defendants shall submit additional briefing on the propriety of the redaction of the purchase amounts in the contracts, especially in light of the fact that it appears each redacted purchase amount can be ascertained by cross-referencing the two lists that together identify each student, the course he or she purchased, and the price of each course.

Keeping in mind the admonitions above, if Defendants choose to continue to defend the redaction of the contracts on the basis of a privacy right, the redacted information very well better be the kind of information the privacy doctrine protects and that they do not assert it simply because the redacted information simply contains numbers and a dollar sign (unless of course, a good faith reading of the doctrine actually protects numbers and dollar signs alone).

Other than the above, the Court is satisfied that Defendants have produced sufficient information to allow Plaintiffs to calculate damages.

**D.**      **Communications With Putative Class Members**

Plaintiffs seek the Court's reconsideration of its ruling on Plaintiffs' response to Defendants' RFP No. 15.  Specifically, rather than being compelled to produce all of Plaintiffs' counsel's communications with putative class members for *in camera* review, Plaintiffs seek to produce either a privilege log or declaration.

10CV940

1     The Court is persuaded by some of Plaintiffs' cases.  Rather
2  than produce documents for *in camera* review, Plaintiffs shall
3  produce a privilege log <u>and</u> declaration(s) to meet their burden to
4  establish "facts necessary to support a prima facie claim of
5  privilege . . . ."  <u>Costco Wholesale Corp. v. Superior Court</u>, 219
6  P.3d 736, 741 (Cal. 2009).  When doing so, Plaintiffs should be
7  mindful to fully discuss the dominant purpose of the subject
8  communication(s) as well the participants' contemplated relation-
9  ship.  <u>See generally</u> <u>Taylor v. Waddell & Reed, Inc.</u>, 2011 U.S. Dist.
10  LEXIS 54109 (S.D. Cal. May 20, 2011).  In other words, Plaintiffs
11  need show more than the mere fact that counsel simply sent general
12  letters or e-mails to a putative class member because, as in <u>Taylor</u>,
13  the pivotal question is the nature of the relationship as well as
14  what counsel and the putative class members contemplated at the time
15  of the communication.

16     Defendants' citation to <u>In re McKesson HBOC, Inc. Secs.</u>
17  <u>Litig.</u>, 126 F. Supp. 2d 1239 (N.D. Cal. 2000), is unhelpful.  The
18  issue before that court was whether opposing counsel was barred by
19  ethics rules from communicating with putative class members.  The
20  court's conclusion that putative class member were not "represented"
21  was in the context of a professional ethics rule that prohibited
22  communication with "represented" parties.  <u>Id.</u> at 1245.  In other
23  words, the court analyzed a very specific word used in a specific
24  ethics rule.  <u>Id.</u> (citing <u>Atari, Inc. v. Superior Court</u>, 212 Cal.
25  Rptr. 773, 776 (Cal. Ct. App. 1985) (citing former California Rule
26  of Professional Conduct 7-103)).  The Court declines to extend the
27  reasoning or conclusion in <u>McKesson</u> to the attorney-client privilege
28  context at issue here.  Defendants certainly have not provided the

10CV940

1   Court any reason why McKesson and its conclusion apply in this

2   context.

3                            **III.**   **CONCLUSION**

4       The parties shall proceed in accordance with this Order.

5   IT IS SO ORDERED.

6   DATED:   March 2, 2012

7

8                                    Hon. William V. Gallo

9                                    U.S. Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10CV940