UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TARLA MAKAEFF, | ) | Civil No. 10-CV-0940-CAB (WVG) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING JOINT MOTION TO REVISE SCHEDULE |
| | ) | |
| v. | ) | |
| | ) | [DOC. NO. 104] |
| TRUMP UNIVERSITY, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Pending before the Court is the parties' Joint Motion to Revise the Schedule. (Doc. No. 104.) On October 14, 2011, this Court issued a Scheduling Order Regulating Pre-Class Certification Discovery. (Doc. No. 88.) On January 24, 2012, the Court issued an Amended Scheduling Order which extended most of the discovery deadlines by two and three months. (Doc. No. 92.) The parties now request an additional three months to complete the pre-certification discovery. (Doc. No. 104.) For the reasons stated below, the Joint Motion is DENIED.

**Legal Standard**

Rule 16 provides a <u>stringent</u> standard whereby the party who seeks to amend the Court's scheduling order must show "good cause" why the Court should set aside or extend a discovery deadline. <u>See</u> Fed. R. Civ. P. 16(b) (4) (emphasis added). Under Rule 16(b)'s good cause standard, the Court's primary focus is on the movant's diligence in seeking the amendment. <u>Johnson v. Mammoth Recreations</u>, 975 F.2d 604, 609 (9th Cir. 1992). "Good cause" exists if a party can prove the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." <u>Id.</u>

1  [citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)]. "If the party seeking
2  modification was not diligent in his or her pretrial preparations, the inquiry should end there and the
3  measure of relief sought from the Court should not be granted." Zivkovic v. S. Cal. Edison Co., 302
4  F.3d 1080, 1087 (9th Cir. 2002).

### **Parties Have Not Met Their Burden to Show "Good Cause"**

6  Applying Rule 16(b)'s good cause standard, the parties have not demonstrated that they
7  have diligently sought to adhere to the discovery dates set by this Court in the January 24, 2012
8  Amended Scheduling Order. (Doc. No. 92.) According to this Court's Chambers Rules, the Joint
9  Motion requesting an extension of scheduling order dates "shall include a declaration from counsel
10 of record detailing the steps taken to comply with the dates and deadlines set in the order, and the
11 specific reasons why deadlines cannot be met." (Judge Gallo's Chambers Rules, Rule III) (emphasis
12 added).

13 The instant Motion lacks both a showing of good cause and any effort to convince the Court
14 that the parties acted diligently, as required by Rule 16. Fed. R. Civ. P. 16(b) (4). The Motion did
15 not include any record detailing steps taken to comply with the dates and deadlines set in the
16 Scheduling Order. While the parties claim that they have been "diligently pursuing written,
17 document, and deposition discovery," they fail to explain how they were acting diligently. (Doc. No.
18 104 at 2.) Mere conclusory statements of diligence do not suffice.

19 This case was filed more than two years ago. (See Doc. No. 1.) The Court has already
20 amended the discovery schedule, extending nearly all of the dates by two and three months. (Doc.
21 Nos. 88, 92.) The parties are requesting to extend the scheduling dates for yet another three months,
22 which will move the class certification motion schedule into January of 2013. (Doc. No. 104 at 3-4.)
23 The parties have plenty of time to conduct discovery, and there should be no reason that the current
24 scheduling dates cannot be met. Without the required showing of due diligence to justify the
25 extension, the Court exercises its discretion to adhere to the dates provided in the January 24, 2012
26 Amended Scheduling Order. (Doc. No. 92.)

27 The Court hereby DENIES the parties' Joint Motion to Revise the Schedule.

28

1  IT IS SO ORDERED.

2  DATED: May 24, 2012

_____
Hon. William V. Gallo
U.S. Magistrate Judge