ZELDES & HAEGGQUIST, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
HELEN I. ZELDES (220051)
helenz@zhlaw.com
ALREEN HAEGGQUIST (221858)
alreenh@zhlaw.com
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

ROBBINS GELLER RUDMAN
& DOWD LLP
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
THOMAS R. MERRICK (177987)
tmerrick@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Attorneys for Plaintiffs and Proposed Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRUMP UNIVERSITY, LLC, et al.,<br><br>Defendants. | No. 3:10-cv-00940-CAB(WVG)<br><br><u>CLASS ACTION</u><br><br>DECLARATION OF AMBER L. ECK IN SUPPORT OF JOINT MOTION TO REVISE SCHEDULE<br><br>District Judge: Hon. Cathy Ann Bencivengo<br>Magistrate Judge: Hon. William V. Gallo |

# TABLE OF CONTENTS

Page

A. The Parties' Diligence in Discovery and Steps Taken to Comply with the Deadlines Set Forth in the Court's Scheduling Order ....1

1. Joint Discovery Plan and Initial Disclosures ....4
2. Rule 16(b) Conference: Discovery Commences October 7, 2011 ....4
3. Written Discovery Propounded by Parties ....4
4. Documents Produced by Plaintiffs ....5
5. Documents Produced by Defendants ....6
6. Defendants' Responses to Plaintiffs' Written Discovery ....8
7. Plaintiffs' Responses to Defendants' Written Discovery ....8
8. Protective Order/Confidentiality Order ....9
9. "Meet and Confer" Conferences/Letters Between the Parties ....9
10. Depositions of Named Plaintiffs ....10
11. Depositions Noticed by Plaintiffs ....11
12. Defendants' Third-party Subpoenas ....11
13. Plaintiffs' Third-Party Subpoenas and FOIA Requests ....12
14. Discovery Motions/Letter Briefs to the Court ....14

B. Specific Reasons Why the Parties Cannot Meet the Current Deadlines ....14

I, Amber L. Eck, declare as follows:

1. I am an attorney with the law firm Zeldes & Haeggquist, LLP, one of Plaintiffs' counsel in this action. I am duly licensed to practice before the state and federal courts in California. The facts stated in this declaration are true and based upon my own person knowledge and, if called to testify to them, I would competently do so.

**A. The Parties' Diligence in Discovery and Steps Taken to Comply with the Deadlines Set Forth in the Court's Scheduling Order**

2. Although this case was filed just over two years ago, discovery has been ongoing only since ***October 7, 2011*** – just over seven months. Counsel for both parties in this case have been extremely diligent in pursuing and responding to discovery since this time. Discovery in this complex class action is extensive and voluminous.

3. **Documents Produced by Plaintiffs** – Since October 2011, plaintiffs have compiled, reviewed and produced ***9,715 pages*** of documents: 5,160 pages on behalf of plaintiff Tarla Makaeff; 707 pages on behalf of plaintiff Brandon Keller; 854 pages on behalf of plaintiff Ed Oberkrom; 82 pages on behalf of plaintiff Patricia Murphy; 880 pages on behalf of plaintiffs generally; 938 pages on behalf of class members Todd and Risa Madison; and ***1,094 pages*** of communications between plaintiffs' counsel and non-retained class members on May 25, 2012, per the Court's order. This is an unusually large amount of documents to be provided by plaintiffs in a consumer class action such as this one. Details regarding the dates the documents were produced and the bates-numbers of pages produced are provided below.

4. **Documents Produced by Defendants** – Defendants have also compiled, reviewed and produced a substantial number of documents: approximately ***103,000 pages*** previously and an additional approximately ***20,450 pages*** produced ***on May 29, 2012***, with another 2,000 pages of documents produced on ***May 31, 2012***, that appear to contain hundreds of lengthy video files. Details regarding the dates these documents were produced and the number of pages/bates-stamps of the documents produced are provided below.

5. In turn, both parties have spent a substantial amount of time reviewing and analyzing the documents produced by the opposing side.

6. **Plaintiffs' Written Discovery** – In total, plaintiffs have served 39 requests for production, three sets of interrogatories, totaling 25 interrogatories, 22 requests for admission, 22 document subpoenas, and six deposition notices/subpoenas, as detailed below.

7. **Defendants' Written Discovery** – Likewise, defendants have served 62 requests for production, three sets of interrogatories totaling 37 interrogatories, 14 requests for admission, 15 document subpoenas, and seven deposition notices/subpoenas, as detailed below.

8. **Discovery Motions/Conferences** – The parties submitted at least a half dozen discovery motions and/or letter briefs to the court on or about October 11, 2011, October 12, 2011, January 6, 2012, January 13, 2012, January 23, 2012, February 22, 2012, February 23, 2012, March 20, 2012, and March 30, 2012, and have had several discovery conferences with the Court in connection with these issues. The parties spent a significant amount of time producing additional documents and interrogatory responses in response to the Courts' five discovery Orders dated October 13, 2011, October 14, 2011, February 13, 2012, March 2, 2012, and May 8, 2012.

9. **Communications with Class Members** – For example, in response to the October 13 and 14, 2011 Orders, defendants had to produce contact information for up to 10,000 class members. In response to the February 13, 2012 Order, plaintiffs had to compile all communications between counsel and non-retained class members (constituting nearly 1,000 pages) prepare a 78-page privilege log detailing these hundreds of e-mails and letters with Class members, and (in response to the Court's May 8, 2012 Order) ultimately produce these 1,000 pages of communications.

10. **Supplemental Interrogatory Responses** – The Court's February 13, 2012 Discovery Order also required plaintiffs to provide supplemental interrogatory responses that listed all courses taken by all plaintiffs over the past six years, whether or not related to real estate or Trump University, supplemental responses listing in detail all of Donald Trump's and Trump University's misrepresentations and why they were false, and Supplemental responses regarding numerous other issues, including violations of FTC regulations and the lack of experience of Trump University mentors and instructors. Plaintiffs' supplemental interrogatory response to Trump University's

interrogatories served on March 20, 2012 totaled 32 pages, and the supplemental response to Donald Trump's interrogatories totaled 84 pages.

11. **Depositions of Named Plaintiffs** – Plaintiffs' counsel have spent several days with each of the three named plaintiffs preparing them for deposition, and have sat for deposition for one to three days for each named plaintiff. Tarla Makaeff was deposed for two full days, plus an additional few hours; Brandon Keller was deposed for a full day and an additional half day; and Ed Oberkrom was deposed for a full day.

12. **Anti-SLAPP Appeal** – During (and prior to) this time while discovery was proceeding full-force, the parties also briefed an appeal to the Ninth Circuit Court of Appeals regarding the denial of plaintiffs' Anti-SLAPP motion and prepared for oral argument before the Ninth Circuit. Our appellate brief was filed on May 26, 2011; defendants' response was filed on August 15, 2011; plaintiffs' reply was filed on September 27, 2011; and oral argument was held on January 18, 2012.

13. **Third-Party Subpoenas Issued by Defendants** – In response to defendants' 15 third-party subpoenas, a total of 885 pages of documents have been produced to date: Dale Carnegie of San Diego 93 pages (01-93); Enlightened Wealth Institute: 29 pages (EWI000001-29); Prosper Learning: 749 pages (TUC-000001-749); JJ Childers: five pages; and Office of the District Attorney of Orange County: nine pages.

14. **Third-Party Subpoenas Issued by Plaintiffs** – Plaintiffs have served 25 document subpoenas to date, and a total of 755 pages have been produced to date as follows: Counsel of the Better Business Bureau ("BBB"): 1 excel spreadsheet; BBB of New York Metropolitan: 668 pages (BBB NY 00001-668); BBB of SE Florida and the Caribbean: 86 pages (BBB FL 00001-86). Responses to the remaining subpoenas are due in late June, 2012.

15. Of course, during the past seven months, each of the attorneys on this case has also had numerous other cases he or she is responsible for, and during this time, plaintiffs' counsel Rachel Jensen was on maternity leave from September 2011 to March 2012.

16. Nonetheless, plaintiffs' counsel have diligently and consistently pursued discovery in this case, and estimates that at least one attorney has been working on this case nearly every single day since discovery opened in October 2011.

17. **"Meet and Confer" Letters** – Counsel for both parties have met and conferred numerous times – during in person conferences, writing over a hundred emails and preparing 21 lengthy "meet and confer" letters.

18. Counsel's diligence in discovery in this case is detailed below (and for a chronological time-line of the parties' discovery efforts, see Exhibit A (chart), attached).

**1. Joint Discovery Plan and Initial Disclosures**

19. The parties spent substantial time negotiating and preparing the Joint Discovery Plan which was submitted on September 16, 2011.

20. The parties prepared and exchanged Initial Disclosures on September 20, 2011.

21. On September 26, 2011, pursuant to defendants' request, the parties participated in an *ex parte* discovery conference regarding production of names and contact information of witnesses. The Court ordered that plaintiffs produce names of all witnesses, and that defendants produce names and contact information for all students.

22. On October 13, 2011, the Court again ordered defendants to produce contact information of all students to plaintiffs, which defendants produced on October 25, 2011.

23. On October 16, 2011, plaintiffs served amended Initial Disclosures and an addendum to the discovery plan, setting forth plaintiffs' position regarding why additional interrogatories and depositions were justified and appropriate.

**2. Rule 16(b) Conference: Discovery Commences October 7, 2011**

24. On October 7, 2011, the Court held the Rule 16(b) discovery conference and thereafter discovery commenced.

**3. Written Discovery Propounded by Parties**

25. On October 7, 2011, defendants served upon plaintiffs their first set of interrogatories and first set of document requests and on May 30, 2012, they served their second set of interrogatories.

26. On October 11, 2011, plaintiffs served upon defendants their first set of document requests, interrogatories and requests for admission on defendants; on March 30, 2012, they served their second set of interrogatories and document requests; and on May 4, 2012, they served their third set of document requests.

**4. Documents Produced by Plaintiffs**

27. In the past seven months since November, 2011, plaintiffs have produced, on a rolling basis as soon as they were available and ready to produce, a total of ***9,715 pages*** of documents – 5,160 pages on behalf of plaintiff Tarla Makaeff; 707 pages on behalf of plaintiff Brandon Keller; 854 pages on behalf of plaintiff Ed Oberkrom; 82 pages on behalf of plaintiff Patricia Murphy; 880 pages on behalf of plaintiffs generally; 938 pages on behalf of class members Todd and Risa Madison; and ***1,094 pages*** of communications between plaintiffs' counsel and non-retained class members, as detailed below. This took a substantial amount of time to compile, review and produce.

28. On November 15, 2011, plaintiffs produced 644 pages – TU-MAKAEFF1656-2300.

29. On November 16, 2011, plaintiffs produced an additional 363 pages – TU-PLTF00001-363.

30. On November 18, 2011, plaintiffs produced an additional 2,167 pages of documents – TU-KELLER0001-0035; TU-MAKAEFF0001-1655; TU-MURPHY0001-0082; TU-OBERKFROM0001-395.

31. On November 21, 2011, plaintiffs produced an additional 568 pages of documents – TU-KELLER0036, TU-MAKAEFF2301-2318, and TU-PLTF00364-879.

32. On November 22, 2011, plaintiffs produced an additional 99 pages – TU-MAKAEFF2312 and TU-MAKAEFF 2319-2417.

33. On November 30, 2011, plaintiffs produced an additional 693 pages – TU-MAKEAFF2418-3111.

34. On December 1, 2011, plaintiffs produced unredacted TU-KELLER0020, TU-MAKAEFF0301, 629-632, 833, 1058, 1588, 1745, 2003, 2074-85, 2241, 2267, 2305, TU-MURPHY 0007-11, 69-71, 75, and TU-OBERKROM0061.

35. On December 1, 2011, plaintiffs produced an additional 454 pages – TU-OBERKROM0396-850.

36. On December 8, 2011, plaintiffs produced an additional 527 pages – TU-KELLER0037-564.

37. On December 19, 2011, plaintiffs produced an additional 693 pages – TU-MAKAEFF2418-3111.

38. On December 28, 2011, plaintiffs produced an additional 1,052 pages – TU-MAKAEFF3112-4164.

39. On January 19, 2012, plaintiffs produced TU-MAKAEFF4165-5026.

40. On January 20, 2012, plaintiffs produced TU-MAKAEFF5027-5043.

41. On January 24, 2012, plaintiffs produced TU-MAKAEFF4251-4257.

42. On January 30, 2012, plaintiffs produced TU-MAKAEFF5044-5158; and TU-KELLER565-707.

43. On March 20, 2012, plaintiffs produced TU-MAKAEFF5159-5160.

44. On April 9, 2012, plaintiffs produced un-redacted/modified documents from TU-KELLER, TU-MAKAEFF, TU-OBERKROM, and TU-PLTF and provided defendants with Privilege and Redaction Logs.

45. On April 11, 2012, plaintiffs produced TU-OBERKROM851-854.

46. On April 13, 2012, plaintiffs produced TU-PLTF710-714.

47. On May 11, 2012, plaintiffs produced MADISON 1-417 on behalf of class members Todd and Risa Madison, and produced an additional 520 pages on May 18, 2012 – MADISON 418-938.

48. On May 25, 2012, plaintiffs produced 1,094 pages of letters and e-mails between counsel and Class members who were not yet retained – TU-PLTF00880-01974.

**5. Documents Produced by Defendants**

49. On October 25, 2011, defendants produced 395 pages of documents – TU000001-395.

50. On November 17, 2011, defendants produced another 23,128 pages of documents – TU01560-01632 and TU25712-48768.

51. On November 21, 2011, defendants produced an additional 22,944 pages of documents – TU01633-24577.

52. On December 8, 2011, defendants produced an additional 6,483 pages – TU25047-25189, 25204-28205, 48769-52107, 61139, 1126-1127.

53. On January 5, 2012, defendants produced TU00396-1125, TU01128-1559, TU25043-25046, and TU52108-64461.

54. On January 13, 2012, defendants produced TU24578-25042, 25190-25203, 48829-48852.

55. On January 19, 2012, defendant re-produced a native file for TU0396-1110.

56. On January 24, 2012, defendants produced TU71396-71412.

57. On January 27, 2012, defendants produced TU71413-71428.

58. On February 8, 2012, defendants produced TU25206-25711, TU64462-71395 and TU71429-71938.

59. On February 27, 2012, defendants produced TU71939-71943.

60. On March 20, 2012, defendants produced TU71944-71986, 71987-72714.

61. On March 21, 2012, defendants produced TU72715-72717.

62. On March 23, 2012, defendants produced TU00396-1125, TU01128-1559 (TU1406 omitted), TU25043-25046, TU52108-59167, and produced a replacement disc 1 of 2 from January 5, 2012 with redacted documents TU1390 ,1393, 1394, 1397, 1400, and 1401.

63. On April 3, 2012, defendants produced a Privilege Log and TU72718-96080.

64. On April 20, 2012, defendants produced TU96081-96088.

65. On May 9, 2012, defendants produced a Redaction Log.

66. On May 17, 2012, defendants produced mentor documents (TU96089-96124), redacted version of documents TU49885-86; native files for TU1-395, TU24578-25022, TU25024-25037, TU25047-25053, TU25054-25189 and TU25190-25202.

67. On May 22, 2012, defendants produced TU96125-102401.

68. On May 25, 2012, defendants produced TU102402-102987.

69. On May 29, 2012, defendants produced approximately 20,450 pages of documents which will require dozens, if not hundreds, of attorney hours to review – TU102988-123463.

70. On May 31, 2012, defendants produced approximately 2,000 pages of documents – TU123464-125453.

**6. Defendants' Responses to Plaintiffs' Written Discovery**

71. On November 10, 2011, defendants Trump and Donald J. Trump responded to plaintiffs' interrogatories and first set of documents requests.

72. On April 3, 2012, defendants served supplemental responses to plaintiffs' interrogatories and document requests.

73. On April 20, 2012, defendants served a supplemental response to plaintiffs' document requests.

74. On May 21, 2012, defendants produced their second supplemental response to plaintiffs' first set of interrogatories.

75. On May 29, 2012, defendants responded to plaintiffs' second set of interrogatories and first set of requests for admission.

**7. Plaintiffs' Responses to Defendants' Written Discovery**

76. On November 11, 2011, plaintiffs responded to defendants' first set of document requests and interrogatories.

77. On March 13, 2012, pursuant to the Court's Order, plaintiffs provided detailed supplemental responses to defendants' interrogatories and document requests. Plaintiffs' counsel spent dozens, if not hundreds, of hours reviewing documents and speaking with plaintiffs to fully respond.

78. On March 20, 2012, plaintiffs produced a privilege log of communications with class members as required by the Court's Discovery Order. Plaintiffs' counsel spent dozens, if not hundreds of hours compiling all communications with class member and preparing a detailed privilege log.

**8. Protective Order/Confidentiality Order**

79. November 16, 2011, after extensive negotiation, the parties filed their joint motion for entry of a protective/confidentiality order, which order was issued on November 17, 2011.

**9. "Meet and Confer" Conferences/Letters Between the Parties**

80. The parties have met in person several times to "meet and confer" regarding discovery issues and have exchanged over one hundred e-mails regarding discovery issues. In addition, the parties have exchanged the following 21 "meet and confer" letters.

81. On November 16, 2011, Tom Merrick wrote a detailed "meet and confer" letter to David Schneider regarding defendants' discovery responses.

82. On November 17, 2011, I wrote David Schneider wrote a detailed "meet and confer" letter regarding plaintiffs' discovery responses.

83. On November 18, 2011, David Schneider wrote a "meet and confer" letter to me, responding to my November 17, 2011 letter.

84. On November 21, 2011, David Schneider responded to Tom Merrick's "meet and confer" letter dated November 16, 2011.

85. On November 21, 2011, Tom Merrick wrote a "meet-and-confer" letter to David Schneider regarding production issues.

86. On November 23, 2011, David Schneider wrote a letter to Tom Merrick regarding documents and confidentiality and in response to Tom Merrick's November 21, 2011 letter.

87. On November 29, 2011, Tom Merrick wrote to David Schneider re documents and confidentiality and in response to David Schneider's letter dated November 29, 2011.

88. On December 13, 2011, I sent David Schneider a detailed nine-page "meet and confer" letter regarding: (1) defendants' document production and interrogatory responses; (2) plaintiffs' responses to defendants' document requests and interrogatories; (3) settlement discussions regarding Patricia Murphy; (4) depositions; and (5) third-party discovery.

89. On January 6, 2012, David Schneider sent me a "meet and confer" letter regarding our ongoing discovery disputes.

90. On February 27, 2012, David Schneider sent me a letter to "meet and confer" regarding the Court's Order.

91. On March 20, 2012, David Schneider sent Tom Merrick a "meet and confer" letter regarding the Court's Order dated February 13, 2012 and several discovery issues.

92. On March 21, 2012, David Schneider sent a letter to Tom Merrick regarding additional attendees/purchasers and refunds (TU72715-72717).

93. On March 23, 2012, I prepared a "meet and confer" letter to David Schneider in response to his letters dated February 27, 2012 and March 20, 2012.

94. On March 26, 2012, David Schneider wrote me a "meet and confer" letter.

95. On March 28, 2012, I wrote David Schneider a "meet and confer" letter.

96. ON April 2, 2012, David Schneider wrote me a "meet and confer" letter regarding various discovery issues and in response to my March 28, 2012 letter.

97. On April 10, 2012, I wrote a "meet and confer" letter to David Schneider in response to his March 28, 2012 and April 2, 2012 letters.

98. On April 10, 2012, I sent a "meet and confer" letter to David Schneider regarding defendants' failure to serve various subpoenas upon plaintiffs' counsel.

99. On April 20, 2012, David Schneider wrote me a letter regarding various discovery issues and in response to my April 10, 2012 letter.

100. On May 4, 2012, I sent a letter to David Schneider to "meet and confer" regarding various discovery issues and in response to Schneider's April 20, 2012 letter.

101. On May 14, 2012, David Schneider wrote me a "meet and confer" letter regarding various discovery issues and in response to my May 4, 2012 letter.

**10. Depositions of Named Plaintiffs**

102. On January 3, 2012, defendants noticed the depositions of plaintiffs Tarla Makaeff, Brandon Keller and third-party Richard Keller (Brandon Keller's father).

103. I spent a full day preparing Brandon Keller for deposition (on January 12, 2012) and a full day defending his deposition on January 17, 2012.

104. I spent three days with Tarla Makaeff on January 23, 25 and 26, preparing her for her deposition and reviewing the 5,000 pages of documents she had produced, in addition to the pages of documents defendants and third-parties produced regarding her.

105. On January 24, 2012, defendants issued an amended deposition notice to plaintiff Tarla Makaeff.

106. On January 26, 2012, plaintiffs objected to the amended deposition notice which called for production of documents, which requests plaintiffs believed were irrelevant and improper.

107. Tarla Makaeff sat for two full days of deposition on January 30-31, 2012.

108. On April 10, 2012, I spent a full day preparing plaintiff Ed Oberkrom for a deposition and a full day defending his deposition the following day, April 11, 2012.

109. On April 12, 2012, I prepared Brandon Keller and Tarla Makaeff for their additional day of deposition, and defended those depositions on April 13, 2012 of Brandon Keller (day two) and Tarla Makaeff (day three).

110. Each of the plaintiffs and I spent considerable time reviewing their deposition transcripts for accuracy and prepared and sent notices of corrections and pages to be designated confidential to defendants.

**11. Depositions Noticed by Plaintiffs**

111. On May 15, 2012, Plaintiffs issued five deposition notices/subpoenas to:

(a) Donald Trump;

(b) Michael Sexton;

(c) Josef M. Katz;

(d) James Harris; and

(e) Mike Kasper.

112. On May 18, 2012, plaintiffs issued a sixth Fed. R. Civ. P. 30(b)(6) deposition notice.

**12. Defendants' Third-party Subpoenas**

113. In response to Defendants' 15 third-party subpoenas, a total of 885 pages of documents have been produced to date: Dale Carnegie of San Diego: 93 pages (01-93 ); Enlightened

Wealth Institute: 29 pages (EWI000001-29); Prosper Learning: 749 pages (TUC-000001-749); JJ Childers: five pages; and Office of the District Attorney of Orange County: nine pages.

114. On December 15, 2011, defendants served an additional three third-party document subpoenas on: (1) Facebook regarding Tarla Makaeff; (2) Twitter regarding Tarla Makaeff; and (3) Prosper Learning regarding Tarla Makaeff, with responses due January 6, 2012.

115. On December 21, 2011, I sent David Schneider a "meet and confer" letter requesting him to withdraw the subpoenas to Facebook and Twitter on the grounds that they were improper.

116. On December 27, 2011, defendants served a seventh document subpoena on Carleton H. Sheets (Professional Education Institute) regarding Brandon Keller.

117. On December 27, 2011, defendants provided plaintiffs with third-party documents produced by Enlightened Wealth Institute, LC (EWI000001-29) and Innovative Corporate Solutions, Inc. (1-93).

118. On December 30, 2011, defendants served a document subpoena on Abundant Real Estate Solutions, Inc./Designed Impact Inc.

119. On January 6, 2012, Tom Merrick wrote to David Schneider regarding third-party documents Innovative Corporate Solutions and Enlightened Wealth Institute.

120. On April 10, 2012, defendants served document subpoenas on: (1) Shirnette Blaine-Tarpeh; (2) Todd Madison; and (3) the Office of the District Attorney, Orange County, California in regard to Tarla Makaeff's investigation by the DA's office for posting "bandit signs" as instructed by Trump.

121. On May 16, 2012, I wrote a "meet and confer" letter to David Schneider regarding various discovery issues and in response to Schneider's May 14, 2012 letter.

**13. Plaintiffs' Third-Party Subpoenas and FOIA Requests**

122. Plaintiffs have served 25 document subpoenas to date, and a total of 755 pages have been produced to date as follows: Counsel of the Better Business Bureau ("BBB"): 1 excel spreadsheet; BBB of New York Metropolitan: 668 pages (BBB NY 00001-668); BBB of SE Florida and the Caribbean: 86 pages (BBB FL 00001-86). Responses to the remaining subpoenas are due in late June, 2012.

123. On December 28, 2011, plaintiffs issued Subpoenas to Childers Financial Group aka JJ Childers; Jason Rodriguez and Elite Mentoring LLC; and BBB, Arlington, VA.

124. On December 28, 2011, plaintiffs issued a Freedom of Information Act (FOIA) request to the Florida and Texas Attorneys General regarding Trump University.

125. On January 5, 2012, the New York State Attorney General responded to Tom Merrick regarding the Freedom of Information Law Request re Trump University complaints.

126. On January 18, 2012, plaintiffs served a document subpoena on the New York Better Business Bureau ("BBB").

127. On January 24, 2012, plaintiffs served a document subpoena to the BBB of Southeast Florida and the Caribbean.

128. On May 15, 2012, plaintiffs issued document subpoenas issued to the following 22 individuals, with responses due June 20, 2012:

(a) Steven Matejek;

(b) Michael Biglane;

(c) Michael Bloom;

(d) Kevin Derrick;

(e) Gary Eldred;

(f) Alex Grist;

(g) Gene Guarino;

(h) Howard Haller;

(i) Michael Hinson;

(j) Jonny Horton;

(k) John Jamieson;

(l) Roger LeFleur;

(m) Scott Leitzell;

(n) Jack Mahoney;

(o) Troy Peterson;

(p) Michael Potter;

(q) Fred Rewey;

(r) Greg Saunders;

(s) Don Sexton;

(t) Bob Steenson;

(u) Gary Sturgeon; and

(v) Medeth Webb.

**14. Discovery Motions/Letter Briefs to the Court**

129. The parties submitted at least a half dozen discovery motions, letter briefs and/or emails to the court on or about October 11, 2011, October 12, 2011, January 6, 2012, January 13, 2012, January 17, 2012, January 23, 2012, February 22, 2012, February 23, 2012 and March 20, 2012, and had several discovery conferences with the Court in connection with these issues. The parties spent a significant amount of time producing additional documents and interrogatory responses in response to the Courts' five discovery Orders dated October 13, 2011, October 14, 2011, February 13, 2012, March 2, 2012, and May 8, 2012.

**B. Specific Reasons Why the Parties Cannot Meet the Current Deadlines**

130. Despite their due diligence and best efforts, as detailed above, plaintiffs believe in good faith that they will not be able to file their motion for class certification by the current deadline of June 28, 3012, for the following reasons.

131. First, there are ***tens of thousands of pages of documents that plaintiffs need to review and analyze before*** they can take depositions of defendants, much less prepare a motion for class certification. Defendants produced approximately ***123,450 pages*** between October 25, 2011 and May 28, 2012, and just produced an additional ***20,450 pages on May 29, 2012***, and an additional 2,000 pages on May 31, 2012, including what appears to be hundreds of lengthy video files. Plaintiffs need to review these documents in order to compile necessary evidence for third class certification motion and to prepare to take the depositions they have noticed.

132. Second, ***there are documents that defendants still have not agreed to produce that plaintiffs believe are critical*** to their class certification motion. And several of these categories of documents were just set forth in the discovery responses that defendants served this week, on

May 29, 2012. The parties need to "meet and confer" regarding these documents, diligently attempt to work out an agreement, and if necessary, bring discrete issues to the Court's attention. Further, defendants have not yet produced privilege and redaction logs as to their most recent document production.

133. Third, Plaintiffs believe ***there are interrogatory responses that defendants still have not provided sufficient responses to*** that plaintiffs believe are important for class certification. On May 29, 2012, defendants provided written responses to plaintiffs' written discovery requests. Plaintiffs need time to review defendants' responses and "meet and confer" with defendants as to any disputes and seek this Court's assistance to the extent any disputes persist.

134. Fourth, there are ***documents from 27 document and/or deposition subpoenas that Plaintiff has not received yet, but are due June 20, 2012*** (as detailed above) that plaintiffs believe may be critical to their Class Certification motion.

135. Fifth, ***plaintiffs have not yet had an opportunity to*** take the depositions of Trump University's 30(b)(6) designee, Donald Trump, Michael Sexton, Mike Kasper, James Harris and Josef Katz. Defendants have offered to make several of these deponents available at the end of June, but plaintiffs believe that they need to have the opportunity to review and analyze defendants' documents requested ***before*** the depositions take place. In addition, taking these depositions in the third week of June would not provide adequate opportunity to include such evidence in Plaintiffs' class certification motion. Additional depositions may also be necessary depending on the analysis of the documents recently produced and yet to be produced.

136. Sixth, defense counsel has previously indicated that he may not be available for much of June for out-of-town depositions due to family medical reasons and work and personal plans.

137. Seventh, plaintiffs anticipate that they will ***seek leave to add one or two additional class representatives in June 2012***. Plaintiffs have informed defendants of their intention to add additional class representatives, on or around May 29, 2012, and defendants indicated that they intend to serve document requests, interrogatories and depose these individuals prior to their opposition to class certification.

138. Eighth, Class certification is a ***critical and time-intensive motion and plaintiffs need sufficient time*** to both (1) conduct discovery for it; and (2) prepare the submissions incorporating such discovery.

139. Plaintiffs have sought to obtain the discovery for their motion in a timely fashion; however, due to the volume of documents and discovery in this complex class case, the parties have not yet completed the discovery needed to brief class certification, much less time to review such discovery and incorporate such discovery into their submissions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 4th day of June, 2012, at San Diego, California.

s/ Amber L. Eck
AMBER L. ECK

CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 4, 2012.

s/ Amber L. Eck
AMBER L. ECK

ZELDES & HAEGGQUIST, LLP
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: 619/342-8000

E-mail: ambere@zhlaw.com

# Mailing Information for a Case 3:10-cv-00940-CAB-WVG

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,llendzion@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Aaron M. Olsen**
  aarono@zhlaw.com,winkyc@zhlaw.com

- **David Keith Schneider**
  dks@yslaw.com,ewb@yslaw.com,efb@yslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)