UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF *et al.*, ) | Civil No. 10-CV-0940-CAB (WVG) |
| Plaintiffs, ) | ORDER ON DISCOVERY DISPUTES INVOLVING REDACTIONS |
| v. ) | |
| TRUMP UNIVERSITY, LLC *et al.*, ) | |
| Defendants. ) | |

Pending before the Court are two separate discovery disputes, both involving redactions made to discoverable documents. After reviewing the redacted and un-redacted documents provided by both parties, and listening to the arguments asserted during the June 18, 2012, telephonic Discovery Conference, the Court DENIES the request of both parties for an order that the documents at issue be un-redacted.

**I. DISCOVERY DISPUTE NO. 1 - REDACTIONS MADE BY DEFENDANTS**

Plaintiffs dispute redactions Defendants have made to certain Profit and Loss Statements, Balance Sheets, and an Operating Agreement between Defendant Trump University and its employees and shareholders. Defendants have redacted financial and ownership information from the Profit and Loss Statements and Balance Sheets. The redactions to the Operating Agreement include equity received and the identity of persons who received the equity.

Plaintiffs argue that, because there is a protective order in place, there is no need for a

financial privilege in this litigation. Plaintiffs believe that the redacted information is relevant to some of their claims, and have asked the Court to order Defendants to provide un-redacted versions of the documents.

Defendants argue that this is a second bite at the apple for Plaintiffs. They cite this Court's February 13, 2012, Order (hereafter "February Order") on Discovery Disputes, which ruled that compensation to Defendant Donald Trump and other shareholders, is not relevant to this litigation. (See Doc. No. 93.) Defendants describe the redactions of Defendant Trump's personal financial information as "minor," and note that Defendant Trump is not a shareholder, employee, or independent contractor of Defendant Trump University.

## **Ruling**

The Court has already ruled on this specific issue. (Doc. No. 93 at 14.) On February 13, 2012, this Court issued an Order on Discovery Disputes which stated,

> Whether [Donald] Trump received money from Trump University, or the amount of money he received, will not provide information on the extent of Trump's personal involvement in running Trump University. An absentee shareholder or owner could just as easily receive compensation without any participation. Moreover, this information is not necessary to calculate damages, which can easily be done in less burdensome ways. As for disgorgement, Plaintiffs' letter does not cite any basis to show they are entitled to such relief.

Id.

Plaintiffs want this information to be un-redacted in order to get to the bottom Defendants' relationships. However, as the Court's February Order makes clear, un-redacting these documents, "…will not provide information on the extent of Trump's personal involvement in running Trump University." (Doc. No. 93 at 14.)

Plaintiffs' argument that the information should not be redacted under the terms of the protective order, is not convincing. The protective order was already in place when the Court issued its February Order, ruling that Defendants did not have to provide Defendant Trump's financial information because it was publically available, burdensome, would not provide information on the extent of his personal involvement with Trump University, and was not necessary to calculate damages. (Doc. No. 93 at 13-14.) Further, paragraph 18 of the protective order issued on November 17, 2011, states, "Notwithstanding the other provisions in the [Protective] Order, all parties retain the

1  right to object to the production of any discovery material on the grounds that the material is protected
2  as privileged, as attorney work product or any other legal or proper grounds." (Doc. No. 91 at 7.)
3        In support of their position, Plaintiffs cite <u>Johns v. Bayer Corp</u>, 2012 WL 1520030 (S.D. Cal.),
4  and <u>Rawnsley v. Superior Court</u>, 183 Cal.App. 3d 86 (1986). The Court finds that Plaintiffs' reliance
5  on both cases is misplaced. Plaintiffs note that the plaintiffs in <u>Bayer</u> were seeking to discover
6  information about the defendants' profits and other financial information. Plaintiffs argue that, under
7  the Unfair Competition Law ("UCL"), the plaintiffs in <u>Bayer</u> were able to obtain all profits resulting
8  from unfair business practices, regardless of whether they were direct or indirect.
9        While it is accurate that the plaintiffs in <u>Bayer</u> were seeking to discover financial information,
10 the case did not involve a company paying a third party money and subsequently leaving the third
11 party susceptible to paying restitution to the plaintiffs. Instead, the case involved the discoverability
12 of one defendant's profits and other financial information relating to its sale of the particular vitamins
13 at issue in the lawsuit. <u>Bayer Corp.</u>, 2012 WL 1520030, at 1. The Honorable David H. Bartick, U.S.
14 Magistrate Judge, did find "that good cause exists for the discovery of evidence of Bayer's costs of
15 goods sold, profits and margins as it is relevant to the subject matter of this litigation." <u>Id.</u> at 5. Here,
16 the Court does not find that the redacted information, like the financial information sought in <u>Bayer</u>,
17 is relevant to the subject matter of this litigation.
18       Plaintiffs also argue that <u>Rawnsley</u> defines financial information, including agreements and
19 contracts, as discoverable in certain situations when relevant to claims. <u>Rawnsley</u>, 183 Cal.App. 3d.
20 86. Plaintiffs are correct, however, <u>Rawnsley</u> can be distinguished from the instant litigation. The
21 court in <u>Rawnsley</u> determined that discovery of the defendants' financial information was necessary
22 and proper because it went to the heart of the plaintiff's claims that the defendant had siphoned profits
23 from the limited partnerships, failed to distribute profits to the limited partners, and received excessive
24 and undisclosed compensation. <u>Id.</u> at 89, 91. The <u>Rawnsley</u> court noted, ". . . the documents sought
25 by petitioner here are fundamental to his case." <u>Id.</u> at 91. Here, as expressed in this Court's February
26 Order, Defendant Trump's personal financial information does not go to the heart of Plaintiffs' claims,
27 making <u>Rawnsley</u> inapplicable. (Doc. No. 93 at 14.)
28       Finally, on the first page of Plaintiffs' Second Amended Complaint, Plaintiffs themselves refer

1  to Defendant Trump as a "billionaire land mogul." (Doc. No. 41 at 2.) Defendant Trump's financial
2  wherewithal cannot seriously be in question by Plaintiffs. If Plaintiffs truly believe that Defendant
3  Trump's net worth information is necessary to this litigation, there are other, less burdensome avenues
4  available to them to obtain the information. As the Court noted in its February Order, "Defendant
5  Donald Trump's net worth is publically-available information and can be obtained through a simple
6  Google search, which reveals sources for the information." (Doc. No. 93 at 13.)
7  For the reasons stated above, Plaintiffs' request to receive un-redacted versions of the Profit
8  and Loss Statements and Operating Agreement in dispute, is DENIED.

9  **II. DISCOVERY DISPUTE NO. 2 - REDACTIONS MADE BY PLAINTIFFS**

10  Defendants dispute redactions Plaintiffs have made to certain emails between Plaintiffs'
11  counsel and one non-represented putative class member. Plaintiffs produced documents to comply
12  with this Court's May 8, 2012, ruling, which ordered Plaintiffs to turn over correspondence between
13  counsel and non-represented putative class members. (See Doc. No. 103.) Defendants argue that
14  Plaintiffs have made wholesale redactions to a string of emails involving this one particular putative
15  class member, and the redactions are placed in between non-redacted emails that state he was not
16  represented by counsel.
17  Plaintiffs claim the redacted emails are subject to the attorney-client privilege. Pursuant to
18  this Court's order during the June 18, 2012, telephonic Discovery Conference, Plaintiffs provided an
19  un-redacted copy of the disputed email correspondence to the Court for an *in camera* review.

**Ruling**

21  Upon review, the Court finds that the redacted communications are arguably attorney-client
22  privileged material, and therefore will not require Plaintiffs to un-redact the emails. For this reason,
23  Defendants' request for an order to un-redact the email correspondence, is DENIED.

**III. CONCLUSION**

25  Plaintiffs' request for an order requiring Defendants to un-redact Profit and Loss Statements,
26  Balance Sheets, and the Operating Agreement, is DENIED. Similarly, Defendants' request for an
27  order requiring Plaintiffs to un-redact communications with the non-represented putative class
28  member at issue, is also DENIED.

1  IT IS SO ORDERED.

2  DATED: June 26, 2012

Hon. William V. Gallo
U.S. Magistrate Judge