1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  RACHEL L. JENSEN (211456)
   rjensen@rgrdlaw.com
3  THOMAS R. MERRICK (177987)
   tmerrick@rgrdlaw.com
4  655 West Broadway, Suite 1900
   San Diego, CA  92101
5  Telephone:  619/231-1058
   619/231-7423 (fax)
6
   ZELDES & HAEGGQUIST, LLP
7  AMBER L. ECK (177882)
   ambere@zhlaw.com
8  HELEN I. ZELDES (220051)
   helenz@zhlaw.com
9  ALREEN HAEGGQUIST (221858)
   alreenh@zhlaw.com
10 625 Broadway, Suite 906
   San Diego, CA  92101
11 Telephone:  619/342-8000
   619/342-7878 (fax)
12
   Attorneys for Plaintiffs and Proposed Class

13

UNITED STATES DISTRICT COURT

14

SOUTHERN DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| 16  TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated, ) | No. 3:10-cv-00940-CAB(WVG) |
| 17                          Plaintiffs, ) | CLASS ACTION |
| 18          vs. ) | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO |
| 19  TRUMP UNIVERSITY, LLC, et al., ) | AMEND PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT |
| 20                          Defendants. ) | DATE:       October 5, 2012 |
| 21 | TIME:       1:30 p.m. |
| 22 | CTRM:      2, 4th Floor<br>JUDGE:     Hon. Cathy Ann Bencivengo |

23

24

25

26

27

28

741960_1

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION .................................................................................................1

II. PROCEDURAL HISTORY....................................................................................3

III. THE COURT SHOULD GRANT PLAINTIFFS LEAVE TO AMEND THEIR
    COMPLAINT ....................................................................................................5

    A.  Courts Routinely Grant Leave to Amend the Complaint to Add New Class
        Representatives and Related Defendant Entities .......................................6

    B.  Under the Ninth Circuit's Caselaw, No Reason Exists to Deny Plaintiffs'
        Motion for Leave to Amend ........................................................................7

        1.  Plaintiffs' Motion Is Not in Bad Faith ........................................9

        2.  Defendants Will Suffer No Undue Prejudice..............................10

        3.  The Amendment Is Not Futile ...................................................12

IV. IN THE ALTERNATIVE, THIS COURT SHOULD PERMIT THE PROPOSED
    CLASS REPRESENTATIVES TO INTERVENE............................................13

V.  CONCLUSION....................................................................................................15

1

## TABLE OF AUTHORITIES

2

Page

3

**CASES**

4

*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
465 F.3d 946 (9th Cir. 2006) ...........................................................5, 9, 10

*Amparan v. Plaza Home Mortgage, Inc.*,
No. C 07-4498JF (RS), 2009 WL 2776486
(N.D. Cal. Aug. 28, 2009)...................................................................2, 6

*Bleu Prods., Inc. v. Bureau Veritas Consumer Prod. Servs. (Hong Kong) Ltd.*,
No. CV 08-2591 CAS (JCx), 2009 WL 649061
(C.D. Cal. Mar. 9, 2009) ...................................................................7, 9

*DCD Programs, Ltd. v. Leighton*,
833 F.2d 183 (9th Cir. 1987) ...........................................................2, 7, 8

*Del Campo v. Am. Corrective Counseling Servs.*,
No. C-01-21151, JW(PVT), 2008 U.S. Dist. LEXIS 120046
(N.D. Cal. Apr. 11, 2008) ...................................................................15

*Deutschman v. Beneficial Corp.*,
132 F.R.D. 359 (D. Del. 1990) ...........................................................14

*Dilks v. Aloha Airlines*,
642 F.2d 1155 (9th Cir. 1981) ...........................................................14

*EEOC v. Northwestern Human Servs.*,
No. 04-CV-4531, 2005 U.S. Dist. LEXIS 23768
(E.D. Pa. Oct. 14, 2005)...................................................................14

*Eminence Capital, LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. Cal. 2003)...................................................10

*Foman v. Davis*,
371 U.S. 178 (1962)...................................................................7, 8

*Genentech, Inc. v. Abbott Labs.*,
127 F.R.D. 529 (N.D. Cal. 1989)...................................................11

*Gilliam v. Addicts Rehab. Center Fund*,
No. 05 Civ 3452 (RJH) (RLE), 2006 WL 1049352
(S.D.N.Y. Apr. 19, 2006)...................................................................7

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Page**

*Gould v. Motel 6, Inc.*,
No. CV 09-8157 CAS (FMOx), 2011 WL 759472
(C.D. Cal. Feb. 22, 2011)..............................................................................................6

*Griggs v. Pace Am. Group, Inc.*,
170 F.3d 877 (9th Cir. 1999) ........................................................................................7

*Groves v. Ins. Co. of N. Am.*,
433 F. Supp. 877 (E.D. Pa. 1977) ..............................................................................14

*Henderson v. Rodriguez*,
No. 1:08-cv-00188-LJO-DLB PC, 2009 WL 5197210
(E.D. Cal. Dec. 23, 2009)..........................................................................................5, 6

*Hynix Semiconductor, Inc. v. Toshiba Corp.*,
No. C-04-4708-VRW, 2006 WL 3093812
(N.D. Cal. Oct. 31, 2006)........................................................................................12, 13

*In re Easysaver Rewards Litig.*,
737 F. Supp. 2d 1159 (S.D. Cal. 2010)........................................................................8

*Kest v. Kest*,
132 F.3d 39, 1997 WL 770393 (9th Cir. Cal. 1997)....................................................12

*Lawrence v. Starbucks Corp.*,
No. 08-Civ. 3134 (LTS) (JCF), 2009 WL 4794247
(S.D.N.Y. Dec. 10, 2009) ........................................................................................11, 12

*Lyon v. Goldstein*,
No. 04-3458(MLC), 2006 WL 2352595
(D. N.J. Aug. 15, 2006)................................................................................................9

*Mt. Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*,
72 F.3d 361 (3d Cir. 1995).........................................................................................14

*Mytee Prods. v. H.D. Prods.*,
No. 05-CV-2286 W(CAB), 2007 WL 410753,
(S.D. Cal. Nov. 16, 2007) ..........................................................................................6

*Orlowski v. Dominick's Finer Foods*,
937 F. Supp. 723,733 (S.D. Ill. 1996)........................................................7, 12, 13

*Pablo v. Servicemaster Global Holdings, Inc.*,
No. C 08-03894 SI, 2009 WL 1764541
(N.D. Cal. June 22, 2009) ..........................................................................................8

Page

*Palmer v. Stassinos,*
    236 F.R.D. 460 (N.D. Cal. 2006) ................................................................. 6

*The Committee Concerning Community Improvement v. Modesto,*
    No. CV-F-04-6121 LJO DLB, 2011 WL 442267
    (E.D. Cal. Feb. 8, 2011) ...................................................................... 11, 12

*Trief v. Dun & Bradstreet Corp.,*
    144 F.R.D. 193 (S.D.N.Y. 1992) ................................................................ 10

*United States v. Alisal Water Corp.,*
    370 F.3d 915 (9th Cir. Cal. 2004) ............................................................... 14

*United States v. Webb,*
    655 F.2d 977 (9th Cir. 1981) .............................................................. 6, 7, 8

*Wehlage v. EmpRes Healthcare Inc.,*
    No. C 10-5839 CW, 2012 WL 380364
    (N.D. Cal. Feb. 6, 2012) .................................................................... 6, 7, 8

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 15 ..................................................................................... 6, 7
    Rule 15(a) ......................................................................... 5, 6, 10, 12
    Rule 15(a)(2) ....................................................................... 2, 5, 6
    Rule 20 ......................................................................................... 6
    Rule 20(a)(2) ................................................................................. 6
    Rule 21 ......................................................................................... 6
    Rule 23 ....................................................................................... 13
    Rule 23(a) .................................................................................... 10
    Rule 24(b) .......................................................................... 3, 13, 15
    Rule 24(b)(1)(B) ........................................................................... 13
    Rule 24(b)(3) ................................................................................ 13

**SECONDARY AUTHORITIES**

California Civil Jury Instructions (BAJI)
    10.70 ........................................................................................... 8

*Manual for Complex Litigation (Second)* (1985)
    §30.15 ......................................................................................... 10

*Manual for Complex Litigation (Fourth)* (2004)
    §21.26 ......................................................................................... 10

1

2                                                                                      **Page**

3   Schwarzer,

4       *California Practice Guide* 8:423 ...........................................................................12

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Federal Rules of Civil Procedure 15(a)(2), 20 and 21, plaintiffs Tarla Makaeff, Ed Oberkrom, and Brandon Keller ("Plaintiffs") respectfully request leave to amend their Second Amended Class Action Complaint ("SAC") and file a Third Amended Class Action Complaint ("TAC").   In the alternative, proposed class representatives John Brown, Sonny Low, and J.R. Everett ("Proposed Class Representatives") request leave to intervene pursuant to Federal Rule of Civil Procedure 24(b).

## I.    INTRODUCTION

Plaintiffs brought this class action on behalf of thousands of consumers around the country who were ensnared in Defendants' uniform fraudulent scheme to sell costly real estate investment seminars and mentorships offered by Defendant Trump University, trading on the name and celebrity of its founder and Chairperson, real estate mogul Donald Trump (collectively, "Defendants").  A far cry from a "University" education, Plaintiffs and other Class Members were subjected to a carefully orchestrated upsell program pushed by salespersons paid on commission. Plaintiffs and other Class Members found out to their chagrin that they had been duped into purchasing seminars and mentorships whose features were misrepresented by Defendants and that their maxed-out credit cards were the only practical take away from Defendants' money-making scheme.

For this precise reason, Trump University earned a ***D minus rating*** with the Better Business Bureau, and the New York Department of Education demanded that Trump University remove "University" from its title because its use of the word "university" was "***misleading and violates New York Education Law*** and the Rules of the Board of Regents."  SAC, ¶¶2 n.1, 66.  Further, the Florida, New York, and Texas Attorneys General launched investigations into widespread allegations of consumer fraud and unfair business practices.  *Id.*, ¶¶9-10.; *see* Declaration of Rachel L. Jensen in Support of Motion to Amend Plaintiffs' Second Amended Class Action Complaint ("Jensen Decl."), Ex. A (Proposed TAC), ¶¶9-11.

The new Proposed Class Representatives are just a few of the representative hundreds of victims who have contacted Plaintiffs and their counsel to participate in this class action suit in an attempt to recoup tens of thousands of dollars they sunk in Defendants' seminars and mentorships.

1    For example, Mr. Sonny Low is a 71-year old senior citizen and retired U.S. Foreign Service Officer

2    who served our country for 34 years.  *See* Jensen Decl., Ex. A (Proposed TAC), ¶¶29 & 95.  Mr.

3    Low took the free introductory Trump University seminar in San Diego and, based on Defendants'

4    misrepresentations, Low paid for and attended the $1,500 seminar before being upsold to a $25,000

5    mentorship as "essential" to his success in real estate.  *Id.*, ¶¶29, 97-99.  Mr. Low's "mentor," Geoff

6    Nowlin, was neither knowledgeable nor experienced in real estate investing, did not work "side-by-

7    side" with Low, and did not fulfill the yearlong mentorship promised to Low.  *Id.*, ¶¶29, 101-102.

8    Despite Plaintiff Low's requests, Trump University refuses to refund any of his money.  *Id.*, ¶29.

9    Through the instant motion, Plaintiffs now seek to add Mr. Low as an additional Class

10   Representative, along with John Brown and J.R. Everett whose experiences echo those alleged by

11   Plaintiffs in their operative complaint.

12         In class actions, plaintiffs routinely request, and courts routinely grant, leave to amend to add

13   new class representatives.  *See, e.g.*, *Amparan v. Plaza Home Mortgage, Inc.*, No. C 07-4498JF

14   (RS), 2009 WL 2776486, at *2 (N.D. Cal. Aug. 28, 2009) (granting leave to add two more class

15   representatives).  Indeed, amendments to pleadings are "freely given in the interest of justice" to

16   facilitate decisions on the merits rather than on the pleadings and technicalities.  Fed. R. Civ. P.

17   15(a)(2); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  As demonstrated

18   herein, Plaintiffs easily meet this liberal standard.

19         Here, Plaintiffs seek to add three Proposed Class Representatives and their respective state

20   consumer statutory claims, as well as unjust enrichment claims, based on nearly identical factual and

21   legal allegations contained in the SAC and the First Amended Class Action Complaint ("FAC")

22   before it, which the Court largely upheld in its orders on Defendants' motions to dismiss.  Doc. No.

23   69, Order dated May 16, 2011; Doc. No. 70, Order dated May 16, 2011; Doc. No. 33, Order dated

24   October 12, 2010; *see also* Jensen Decl., Ex. B (redline document comparing TAC to SAC).  The

25   new Proposed Class Representatives are members of the same Class that Plaintiffs alleged in the

26   SAC, and they will pursue the same types of legal claims that Plaintiffs have sought to prosecute in

27   this case all along.  *See id.*  Further, in discovery, Plaintiffs have become aware of a second Trump

28   University corporate entity – Trump University CA LLC ("Trump U CA"), which they seek to name

1   as a Defendant (previously a "Doe" Defendant) to ensure that all pertinent Trump University entities

2   are parties to this suit.  *See* Jensen Decl., ¶7 & Ex. C.

3        Defendants will suffer no undue prejudice if leave to amend is granted.  Plaintiffs have

4   already produced relevant documents on behalf of the Proposed Class Representatives, and the

5   parties are in the process of scheduling their depositions at a mutually-agreeable time and location in

6   advance of the Plaintiffs' class certification motion currently due on September 24, 2012.  *See*

7   Jensen Decl., ¶¶8-9.  Further, since the Proposed Class Representatives' claims will be based upon

8   essentially the same factual and legal theories, Defendants will not need to devise a new litigation

9   strategy relating to the merits of Plaintiffs' claims.  Finally, Defendants will not be unduly

10  prejudiced by the proposed amendments because there is no discovery cut-off or trial date set in this

11  action.

12       For the reasons set forth herein, Plaintiffs respectfully request that the Court grant them leave

13  to file their Proposed TAC, attached to the Jensen Declaration as Exhibit A.  Alternatively, Plaintiffs

14  request that the Court permit the Proposed Class Representatives to intervene pursuant to Rule 24(b).

15  **II.    PROCEDURAL HISTORY**

16       Plaintiff Makaeff filed the instant class action suit in April 2010, challenging Trump

17  University's "education" as a fraudulent scheme to sell seminars and mentorships based upon

18  misrepresentations and false advertisements.  Doc. No. 1, Class Action Complaint.  Plaintiff Makaeff

19  alleged she had been duped into paying for costly real estate investment seminars and mentoring

20  programs whose features were grossly misrepresented and that Trump University did not deliver

21  what was promised.  *Id.*, ¶¶1-4.  Makaeff's original complaint pleaded violations of Cal. Bus. &

22  Prof. Code §§17200, *et seq.* (the "UCL") and 17500 *et seq.* (the "FAL"); Cal. Civ. Code §1750 *et*

23  *seq.* ("CLRA"); Breach of Contract; Breach of the Implied Covenant of Good Faith and Fair

24  Dealing; Money Had and Received; Negligent Misrepresentation; Fraud; and False Promise.  *Id.*,

25  ¶¶53-114.  The complaint sought damages, restitution and an injunction for Trump University to stop

26  its wrongful conduct.  *Id.*, Prayer for Relief.

27       On May 26, 2010, Trump University responded to plaintiff Makaeff's filing of a class action

28  lawsuit with a counterclaim asserting defamation and demanding damages that "may equal or exceed

1   $1,000,000.00." Doc. No. 4, ¶31. Makaeff moved to strike Trump University's million-dollar

2   counterclaim with an Anti-SLAPP motion. Doc. No. 14. The Court denied Makaeff's motion to

3   strike and subsequent motion for reconsideration. Doc. No. 24, Order dated August 23, 2010; Doc.

4   No. 40, Order dated December 6, 2010. Plaintiff's appellate brief was filed on May 26, 2011;

5   defendant's response was filed on August 15, 2011; plaintiff's reply was filed on September 27,

6   2011; and oral argument was held on January 18, 2012. The parties are currently awaiting the Ninth

7   Circuit Court of Appeals' decision.

8       In June 2010, Makaeff filed her FAC, adding three plaintiffs, including Plaintiffs Ed

9   Oberkrom, Brandon Keller, and Patricia Murphy. Doc. No. 10. Plaintiffs also added claims for

10  financial elder abuse in violation of Cal. Welf. & Inst. Code §15600 *et seq.* ("California financial

11  elder abuse"), and deceptive acts and practices in violation of §349 of New York's General Business

12  Law. *Id.*, ¶¶158-169. On July 21, 2010, Trump University moved to dismiss Plaintiffs' FAC. Doc.

13  No. 16. After briefing by the parties, Judge Gonzalez issued an order on October 12, 2010, granting

14  in part and denying in part defendant's motion to dismiss. Doc. No. 33.

15      Subsequent to the Court's October 12, 2010 ruling, on December 16, 2010, Plaintiffs filed

16  their SAC adding Donald Trump as a Defendant. Doc. No. 41. On January 31, 2011, Defendant

17  Trump University filed a motion to dismiss and motion to strike (Doc. Nos. 50 and 51), and on

18  February 5, 2011, Donald Trump also filed a motion to dismiss. Doc. No. 59. After another full

19  round of briefing by all parties, the Court issued its Order on May 16, 2011, denying in large part

20  Trump University and Donald Trump's motions to dismiss and denying Trump University's motion

21  to strike. Doc. Nos. 69 and 70.

22      Plaintiffs' current claims have withstood Defendants Trump University and Donald Trump's

23  repeated legal challenges, including three motions to dismiss and a motion to strike, and as a result,

24  Plaintiffs' SAC contains well-developed legal theories and detailed factual allegations. Since the

25  filing of Plaintiffs' original complaint, the only causes of action that have been dismissed are the

26  New York consumer fraud statute on the basis that Patricia Murphy, a New York resident, had

27  attended the courses out-of-state, and Plaintiffs' California elder abuse statutory claim on the basis

28  that Plaintiff Oberkrom did not reside in California. Doc. Nos. 33, 69, and 70.

Plaintiffs' proposed TAC adds Proposed Class Representatives Low, Brown, and Everett, who also allege the various causes of action in the SAC. Jensen Decl., Ex. A (Proposed TAC), ¶¶29-31, 95-201. Additionally, Low also alleges a California financial elder abuse claim as a 71-year old California resident, Brown alleges a New York consumer law claim as a New York resident who attended courses in New York, and 68-year old Everett alleges Florida consumer and false advertising claims, as well as an elder abuse claim as she is a senior citizen. *Id.*, ¶¶202-231.

Discovery commenced on October 7, 2011. Jensen Decl., ¶2. Since that time the parties have produced over 100,000 pages in documents. *Id.*, ¶2. Additionally, both parties have served and responded to numerous sets of written and documentary discovery requests, and as recently as April 2012, Plaintiffs Tarla Makaeff, Ed Oberkrom, and Brandon Keller sat for multiple days of depositions. *Id.*, ¶¶3-4. Defendants' depositions are currently set for late August. *Id.*, ¶5.

Plaintiffs seek leave to file their TAC pursuant to the Court's Scheduling Order. *See* Doc. No. 108, Scheduling Order dated June 7, 2012. Under the current Amended Scheduling Order Regulating Pre-Class Certification Discovery, Plaintiffs may join other parties and amend their pleadings on or before July 31, 2012. *Id.*, ¶1. Plaintiffs requested that the Defendants consent in writing to the filing of the TAC pursuant to Rule 15(a)(2) to avoid burdening this Court with the instant motion. Jensen Decl., ¶6. However, at the time of filing, Defendants failed to do so. *Id.* Thus, Plaintiffs now timely seek leave to file their TAC.

**III.   THE COURT SHOULD GRANT PLAINTIFFS LEAVE TO AMEND THEIR COMPLAINT**

Plaintiffs respectfully submit that their request for leave to file the TAC should be granted. At the outset, Plaintiffs' request is governed by Rule 15(a)(2) because it is timely under the Court's case management order. *See* Doc. No. 108, Scheduling Order dated June 7, 2012; *see AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 958 (9th Cir. 2006) ("[W]here a motion to amend the pleadings is made within the time established by the pretrial scheduling order for making of such motions, the motion is presumptively timely."); *Henderson v. Rodriguez*, No. 1:08-cv-00188-LJO-DLB PC, 2009 WL 5197210, at *1 (E.D. Cal. Dec. 23, 2009) (motions for leave to amend are governed by Fed. R. Civ. P. 15(a) when timely under the scheduling order).

1    Under Rule 15(a)(2), leave to amend is generally "freely given when justice so requires."

2    *Henderson*, 2009 WL 5197210, at *1.  "Rule 15(a)'s policy of favoring amendments to pleadings

3    thus should be applied with extreme liberality." *Wehlage v. EmpRes Healthcare Inc.*, No. C 10-5839

4    CW, 2012 WL 380364, at *2 (N.D. Cal. Feb. 6, 2012) (quoting *United States v. Webb*, 655 F.2d 977,

5    979 (9th Cir. 1981)).[1]

6    "A motion to amend a complaint to add a party also may implicate the joinder rules, Federal

7    Rules of Civil Procedure 20 and 21." *Mytee Prods. v. H.D. Prods.*, No. 05-CV-2286 W(CAB), 2007

8    WL 410753, at *4 (S.D. Cal. Nov. 16, 2007).  Rule 21 provides that, "[o]n motion or on its own, the

9    court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  Rule 20(a)(2) also

10   permits joinder of defendants where a "right to relief is asserted against them jointly, severally, or in

11   the alternative with respect to or arising out of the same transaction, occurrence, or series of

12   transactions or occurrences."  Fed. R. Civ. P. 20(a)(2).  Significantly, for purposes of this motion,

13   "because in practical terms there is little difference between Rules 15, 20 and 21 in that they all leave

14   the decision whether to permit or deny amendment to the district court's discretion, courts need not

15   separately analyze each rule." *Mytee Prods.*, 2007 WL 410753, at *3.  Accordingly, Plaintiffs'

16   analysis herein of the basis for leave to amend under Rule 15 also applies with respect to their

17   request to join parties under Rules 20 and 21.

18   In the interests of justice, Plaintiffs submit they should be permitted to file their TAC, adding

19   Plaintiffs Sonny Low, John Brown, and J.R. Everett, based upon the same types of factual and legal

20   allegations that Plaintiffs previously plead in their SAC, adding unjust enrichment claims, and

21   naming Trump U CA as an additional Defendant.

22       **A.**    **Courts Routinely Grant Leave to Amend the Complaint to Add New**
           **Class Representatives and Related Defendant Entities**

23

24   As aforementioned, courts routinely grant plaintiffs leave to amend to add new class

     representatives in class actions. *See Amparan*, 2009 WL 2776486, at *2; *Palmer v. Stassinos*, 236

25   F.R.D. 460 (N.D. Cal. 2006) (granting leave to amend to add more parties); *Gould v. Motel 6, Inc.*,

26

27   [1]    Citations and internal quotation marks and footnotes are omitted here and throughout unless

28   otherwise noted.

No. CV 09-8157 CAS (FMOx), 2011 WL 759472 (C.D. Cal. Feb. 22, 2011) (granting leave to amend to add new class representative); *see also Gilliam v. Addicts Rehab. Center Fund*, No. 05 Civ. 3452 (RJH) (RLE), 2006 WL 1049352, at *2 (S.D.N.Y. Apr. 19, 2006) ("In class actions, plaintiffs may add or modify class representatives during pre-class certification discovery."); *Orlowski v. Dominick's Finer Foods,* 937 F. Supp. 723,733 (S.D. Ill. 1996) ("Courts often permit amendments in order to add new plaintiffs, for this does not automatically create undue prejudice. . . . [Defendant] does not deny that courts liberally permit plaintiffs to amend complaints in order to add plaintiffs.").

Additionally, courts routinely permit plaintiffs to add defendants that are in the same family of companies, particularly where the names of the entities are similar and potentially confusing. *See, e.g.*, *Bleu Prods., Inc. v. Bureau Veritas Consumer Prod. Servs. (Hong Kong) Ltd.*, No. CV 08-2591 CAS (JCx), 2009 WL 649061, at *11 (C.D. Cal. Mar. 9, 2009) (granting leave to plaintiffs to add several additional entities as defendants when the entities were within the same family of companies); *Wehlage*, WL 380364, at *4 (same).

As explained herein, the Court should permit Plaintiffs to add the Proposed Class Representatives and their state law claims, as well as add Trump U CA.

### B. Under the Ninth Circuit's Caselaw, No Reason Exists to Deny Plaintiffs' Motion for Leave to Amend

In exercising its discretion on a motion for leave to amend, the Ninth Circuit has emphasized, "a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs*, 833 F.2d at 186 (quoting *Webb*, 655 F.2d at 979). The U.S. Supreme Court has also emphasized that leave to amend should be freely granted, absent the presence of several factors:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178,  182 (1962). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

1    Of the factors set forth in *Foman*, "[t]he Ninth Circuit holds that these factors are not of equal

2    weight, and that delay alone is an insufficient ground for denying leave to amend." *Wehlage*, 2012

3    WL 380364, at *2 (citing *Webb*, 655 F.2d at 980).  Rather, the court should consider primarily

4    whether the proposed amendment would cause the opposing party undue prejudice, is sought in bad

5    faith, or constitutes an exercise in futility. *Id.* (citing *DCD Programs*, 833 F.2d at 186).  Further,

6    "[o]nce a plaintiff has given a legitimate reason for amending the complaint, the burden shifts to the

7    defendant to demonstrate why leave to amend should not be granted." *Pablo v. Servicemaster*

8    *Global Holdings, Inc.*, No. C 08-03894 SI, 2009 WL 1764541, at *1 (N.D. Cal. June 22, 2009).

9    Here, Plaintiffs request leave to amend their complaint to add the Proposed Class

10    Representatives to ensure sufficient representation of the putative class.  Specifically, Plaintiffs seek

11    to add John Brown, a New York resident who attended Trump University courses in New York, to

12    replace Patricia Murphy, who has voluntarily dismissed her claims.  *See* Doc. No. 96, Motion to

13    Dismiss Murphy; Doc. No. 97, Order Granting Motion to Dismiss Murphy, dated March 6, 2012;

14    Jensen Decl., Ex. A, ¶¶202-206.  Plaintiffs also seek to add Sonny Low, a California senior citizen

15    who has standing to bring a California financial senior abuse claim, which was previously dismissed

16    by this Court for lack of standing by the current class representative.  *See* Doc. No. 33; Jensen Decl.,

17    Ex. A, ¶¶207-215.  Plaintiffs finally seek to add J.R. Everett, a Florida senior citizen to represent

18    Florida class members to assert Florida consumer and false advertising claims, as well as elder

19    abuse.  *See* Jensen Decl., Ex. A, ¶¶216-231.  Plaintiffs also seek to add unjust enrichment claims,

20    which have similar factual and legal elements as money had and received.  *See* Jensen Decl., Ex. A,

21    ¶¶195-201, 232-235; *compare* California Civil Jury Instructions (BAJI) 10.70 (money had and

22    received requires a defendant to return moneys which in fairness should be paid to plaintiff) *with In*

23    *re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1180 (S.D. Cal. 2010) (upholding unjust

24    enrichment claim on the basis that restitution is available when defendant was unjustly enriched at

25    plaintiff's expense).

26    Finally, Plaintiffs seek to name as a Defendant, Trump U CA, a company of which Plaintiffs

27    became aware in the course of discovery and appears to be a shell company that is related to Trump

28    University, LLC.  Jensen Decl., ¶7 & Ex. C.  Plaintiffs seek to add Trump U CA to ensure that they

1   have named all entities involved in the fraudulent scheme and to ensure that they will be able to

2   collect any judgment from Trump University in this action. *See Bleu Prods. Inc.*, 2009 WL 649061,

3   at *3.

4            As Plaintiffs have come forward with a legitimate reason for their motion, Defendants bear

5   the burden of showing why Plaintiffs' motion should not be granted, which they will not be able to

6   satisfy. Thus, for all the reasons set forth herein, Plaintiffs' motion should be granted.

7                        **1.       Plaintiffs' Motion Is Not in Bad Faith**

8            As discussed above, Plaintiffs have satisfied their burden to proffer a legitimate reason for

9   bringing their motion, *i.e.*, to add new class representatives to ensure adequate representation of the

10  putative class and their respective state law claims, and to ensure the correct Trump University

11  entities are named. Thus, the burden shifts to Defendants to show why Plaintiffs' motion should be

12  denied. However, in anticipation of Defendants' arguments, Plaintiffs have not acted in bad faith.

13           First, in order to determine that a party acted in bad faith, the Court needs to examine the

14  moving party's reasons for not amending the pleading earlier. *Lyon v. Goldstein*, No. 04-

15  3458(MLC), 2006 WL 2352595, at * 6 (D. N.J. Aug. 15, 2006). While the court should consider

16  whether plaintiffs knew or should have known of the facts and theories raised in their proposed

17  amended complaint, this consideration by itself is not dispositive in denying a motion to amend. *See*

18  *AmerisourceBergen Corp.*, 465 F.3d at 953 (stating that when considering undue delay, courts

19  inquire as to whether the party "knew or should have known the facts and theories raised by the

20  amendment in the original pleading").

21           Here, no bad faith exists because Plaintiffs' motives are simply to ensure proper

22  representation of the class – comprised of consumers around the nation who purchased courses and

23  mentorships from Trump University, as well as their claims, and that the correct entity is named as

24  defendant. These are perfectly proper motives in a class action. Indeed, additions or replacements

25  of class representatives are proper to ensure proper representation of the class. *See, e.g.*, *Manual for*

26

27

28

1    *Complex Litigation (Fourth)* §21.26, at 277 (2004)[2]; *see also Trief v. Dun & Bradstreet Corp.*, 144

2    F.R.D. 193, 202 (S.D.N.Y. 1992) ("Intervention of class representatives to ensure adequate class

3    representation is highly desirable.") (citing *Manual for Complex Litigation (Second), §30.15*, at 216

4    (1985) ("[T]o protect class member's interests '[r]eplacement of the class representative sometimes

5    becomes necessary or desirable. . . . If replacement is needed, the Court may permit intervention by a

6    new representative."). Moreover, Plaintiffs are bringing this motion prior to filing their motion for

7    class certification with plenty of time for Defendants to depose the Proposed Class Representatives

8    before their opposition is due. Finally, Plaintiffs seek leave now to add the Proposed Class

9    Representatives and their claims, as well as Trump U CA, in one motion to avoid piecemeal

10   amendments and needless and repetitive motions practice for the Court and the parties. As such,

11   Plaintiffs' motion is not brought in bad faith.

12                    **2.      Defendants Will Suffer No Undue Prejudice**

13          Further, granting the instant motion will not cause Defendants undue prejudice, and

14   Defendants cannot meet their burden to show otherwise. "Absent prejudice, or a strong showing of

15   any of the [other factors], there exists a presumption under Rule 15(a) in favor of granting leave to

16   amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. Cal. 2003). The

17   court may deem an amendment prejudicial if it "substantially changes the theory on which the case

18   has been proceeding and is proposed late enough so that the opponent would be required to engage

19   in significant new preparation." *AmerisourceBergen Corp.*, 465 F.3d at 954 n.10.

20   _____

21   [2]      The *Manual for Complex Litigation* states:

22          Later replacement of a class representative may become necessary if, for example, the
            representative's individual claim has been mooted or otherwise significantly altered.
23          Replacement also may be appropriate if a representative has engaged in conduct
            inconsistent with the interests of the class or is no longer pursuing the litigation. In
24          such circumstances, courts generally allow class counsel time to make reasonable
            efforts to recruit and identify a new representative who meets the Rule 23(a)
25          requirements. The court may permit intervention by a new representative or may
            simply designate that person as a representative in the order granting class
26          certification.

27   *Id.*

28

Plaintiffs' amendments to add the Proposed Class Representatives will not drastically alter the theories on which the case has been preceding since its inception and will not require Defendants to expend significant additional resources to conduct discovery and prepare for trial.  In fact, Plaintiffs have already produced the Proposed Class Representatives' documents relating to Trump University, and the parties are in the process of scheduling them for deposition. Jensen Decl., ¶¶8-9.

Finally, Plaintiffs do not foresee serving an inordinate amount of discovery on Trump U CA once it is named a Defendant in this action.  Rather, Plaintiffs intend to seek basic information about Trump U CA, as well as the relationship between Trump U CA and Trump University, and how Trump U CA held itself out to the public.  *Id.* & Ex. C.  Plaintiffs anticipate that much of this discovery can be accomplished prior to the briefing on Plaintiffs' motion for class certification, including during the upcoming Defendant depositions scheduled for late August 2012.  *Id.*

Regardless, the need for additional discovery is insufficient by itself to deny a proposed amended pleading. *The Committee Concerning Community Improvement v. Modesto*, No. CV-F-04-6121 LJO DLB, 2011 WL 442267, at *2 (E.D. Cal. Feb. 8, 2011).  Courts have held that "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend." *Lawrence v. Starbucks Corp.*, No. 08-Civ. 3134 (LTS) (JCF), 2009 WL 4794247, at *4 (S.D.N.Y. Dec. 10, 2009) (defendants not prejudiced by minimal amount of discovery required by adding three new plaintiffs even after discovery); *see also Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 531 (N.D. Cal. 1989) (court found that delays such as deposing numerous witnesses across the country and document searches and written discovery did not constitute undue prejudice).

Further, though Defendants will need to take discovery of more class representatives than they would have already, this limited additional discovery will not be unduly costly or burdensome, particularly given that Plaintiffs will make their new class representatives available for deposition in San Diego where defense counsel are located, possibly with the exception of John Brown, whose deposition could be conveniently taken while counsel are in New York for the depositions of Defendants in late August. *See* Jensen Decl., ¶9.  Having already familiarized themselves with the issues by deposing Plaintiffs Makaeff, Keller, and Oberkrom, Defendants should require even less

1    preparation before deposing the Proposed Class Representatives.  *See Lawrence*, 2009 WL 4794247,

2    at *4.  Further, Plaintiffs have already produced to Defendants documents relevant to the Proposed

3    Class Representatives.  *Id.*, ¶8.

4          In addition, Defendants need not revise their litigation strategy as to the merits of Plaintiffs'

5    claims.  Plaintiffs' factual and legal allegations regarding Defendants' wrongful conduct will not be

6    transformed with the addition of these three Proposed Class Representatives.  *See Orlowski,* 937 F.

7    Supp. at 733 (no prejudice found where allegations of three additional plaintiffs encompass same

8    issues as the claims of the named plaintiffs).  Since this Court has already upheld the majority of

9    claims contained in Plaintiffs' SAC, and because the claims to be added are primarily only claims for

10   which the Court dismissed due to lack of standing by a named plaintiff, Defendants need not change

11   their litigation strategy on the basis of the merits of the case.

12         There is no significant additional work for Defendants.  Further, granting leave will not

13   require the extension of any deadline for any pre-trial motion, including Plaintiffs' motion for class

14   certification or motions for summary judgment.  Further, there is no discovery cut-off or trial date

15   currently set.  Thus, Defendants will not be prejudiced by permitting Plaintiffs to file their TAC.

16              **3.       The Amendment Is Not Futile**

17         Finally, leave to amend should not be denied on the basis that the proposed amendment

18   would be futile.  "Courts rarely deny a motion for leave to amend for reason of futility."  *Hynix*

19   *Semiconductor, Inc. v. Toshiba Corp.*, No. C-04-4708-VRW, 2006 WL 3093812, at *2 (N.D. Cal.

20   Oct. 31, 2006).  Before discovery is complete, an amendment is futile only if "no set of facts can be

21   proved under the amendment to the pleadings that would constitute a valid and sufficient claim or

22   defense."  *Kest v. Kest*, 132 F.3d 39, 1997 WL 770393, at *4 (9th Cir. Cal. 1997); *Modesto*, 2011

23   WL 44262, at *2.  Indeed, "in view of Rule 15(a)'s permissive standard, courts ordinarily defer

24   consideration of challenges to the merits of a proposed amended pleading until after leave to amend

25   is granted and the amended pleading is filed."  *Hynix Semiconductor, Inc.*, 2006 WL 3093812, at *2

26   (citing Schwarzer, *California Practice Guide* 8:423).

27         Here, the Court has largely upheld the claims in the SAC and FAC over Defendants' motions

28   to dismiss.  *See* Doc. Nos. 33, 69, and 70.  Adding the Proposed Class Representatives – with very

1    little changes to the factual or legal bases of the claims – will not change the fact that Plaintiffs'

2    claims are legally sufficient.  *See id.*; *see* Jensen Decl., Ex. B (redline comparison of SAC to

3    proposed TAC).  Any argument by Defendants to the contrary would be a premature attempt at a

4    determination on the merits of the claims and should be rejected out of hand.  *See, e.g.*, *Hynix*

5    *Semiconductor, Inc.*, 2006 WL 3093812, at *2 (rejecting arguments of futility on the basis that the

6    opposing party was attempting to convert a motion for leave to amend into a summary judgment

7    motion).

8         Further, while Defendants may argue that amendment is futile because the Proposed Class

9    Representatives cannot meet the Rule 23 requisites to serve as a class representative (which they can

10   and will), such a determination is premature.  *See Orlowski,* 937 F. Supp. at 733 ("While [defendant]

11   is free to raise the issue of inadequate class representation in its opposition to Plaintiffs' motion for

12   class certification, it is an irrelevant argument with respect to the issue of undue prejudice.").  The

13   Court will only be in a position to make such a determination after class certification has been fully

14   briefed.  As such, Plaintiffs' proposed amendments are not futile.

15        For all the foregoing reasons, the Court should grant Plaintiffs leave to file their TAC.

16   **IV.    IN THE ALTERNATIVE, THIS COURT SHOULD PERMIT THE
             PROPOSED CLASS REPRESENTATIVES TO INTERVENE**

17
18        Alternatively, Proposed Class Representatives Low, Brown, and Everett should be allowed to

19   intervene under Rule 24(b).  Pursuant to Rule 24(b), the court may permit any person with a

20   common question of law or fact to intervene in the action.  *See* Fed. R. Civ. P. 24(b)(1)(B).  The only

21   proper countervailing considerations are undue delay or prejudice to the existing parties' rights.  *See*

22   Fed. R. Civ. P. 24(b)(3).

23        Here, as explained above, the Proposed Class Representatives' state law claims are based on

24   nearly identical factual and legal allegations as currently or previously alleged in the SAC or FAC.

25   *See* Jensen Decl., Ex. B (redline comparison of SAC to proposed TAC).  Indeed, there can be no

26   serious dispute that their claims share a common question of law and fact as to whether Defendants'

27   engaged in a fraudulent scheme to sell them costly real estate investment seminars and mentorships

28   whose features were grossly misrepresented.  *See* Doc. No. 70, Order, dated May 16, 2011.  Further,

1    each of the Proposed Class Representatives is a member of the Class defined in Plaintiffs' SAC.  *See*

2    *Deutschman v. Beneficial Corp.,* 132 F.R.D. 359, 382 (D. Del. 1990) ("As [movant] is a member of

3    the plaintiff class, there is no question that his claim has a question of law or fact in common with

4    the claims of the class."); *see also EEOC v. Northwestern Human Servs.,* No. 04-CV-4531, 2005

5    U.S. Dist. LEXIS 23768, at *11-*14 (E.D. Pa. Oct. 14, 2005) (allowing intervention by a member of

6    class); *Groves v. Ins. Co. of N. Am.*, 433 F. Supp. 877, 887-89 (E.D. Pa. 1977) (same).

7          Further, the Proposed Class Representatives' intervention will ensure the Class' adequate

8    representation in this matter.  *See Deutschman,* 132 F.R.D. at 382 (allowing intervention by a class

9    member "to protect the interests of the class from defenses applying solely to [the plaintiff], the only

10   class representative").  Indeed, Patricia Murphy is no longer able to represent the Class; thus, the

11   substitution of John Brown is appropriate.  Additionally, Defendants have vigorously challenged the

12   adequacy of Plaintiffs Makaeff and Keller in this case.  Should the Court ultimately decline to

13   appoint Makaeff or Keller as a class representative or determine that Class Members need separate

14   representation, Sonny Low would provide adequate representation for those Class Members.

15   Further, Mr. Low provides representation for the California elder abuse claims that this Court

16   previously dismissed for lack of standing.  Finally, J.R. Everett will represent Florida class members

17   with respect to the Florida consumer fraud, false advertising, and elder abuse.

18          The Proposed Class Representatives' request for intervention is timely and poses no threat of

19   delay or prejudice to Defendants.  *See EEOC*, 2005 U.S. Dist. LEXIS 23768, at *11-*14 (finding

20   permissive intervention appropriate where movants' claims raised same issues of law and fact,

21   discovery was ongoing, and defendant was familiar with nature of movants' asserted claims as

22   identical to class claims).  Significantly, timeliness is a contextualized inquiry, not simply a matter of

23   how much time has passed since the filing of the lawsuit.  *See Dilks v. Aloha Airlines*, 642 F.2d

24   1155, 1156 (9th Cir. 1981).  In considering timeliness, the Court looks at: (1) the stage of

25   proceedings; (2) any undue prejudice that delay may cause the parties; and (3) the reason for the

26   delay. *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. Cal. 2004).  Thus, "the

27   critical inquiry is: what proceedings of substance on the merits have occurred?"  *Mt. Top Condo.*

28   *Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995).

1    Here, the Proposed Class Representatives' request for intervention is timely under the

2    relevant factors.  First, in terms of the stage of proceedings, the parties are currently engaged in the

3    discovery phase of the proceedings, Plaintiffs have not yet submitted their motion for class

4    certification, and no deadlines will need be continued.  Second, Defendants will not suffer any undue

5    prejudice, as Plaintiffs have already produced the Proposed Class Representatives' documents, and

6    the parties are in the process of scheduling their depositions, which will occur prior to Defendants'

7    deadline for opposing class certification.  Jensen Decl., ¶¶8-9.  Finally, there has been no undue

8    delay in bringing this motion; Plaintiffs recently dismissed Patricia Murphy and sat for depositions.

9    *Id.*, ¶4.  Further, Plaintiffs have filed this motion to add the Proposed Class Representatives at once

10   instead of moving for leave to amend in a piecemeal fashion that would have resulted in inefficiency

11   and needless repetitive motions practice burdening the Court and the parties alike.

12   As no continuance of class certification or any other proceedings is required, intervention of

13   these class representatives will cause no undue delay or prejudice.  *See Del Campo v. Am. Corrective*

14   *Counseling Servs.*, No. C-01-21151, JW(PVT), 2008 U.S. Dist. LEXIS 120046 (N.D. Cal. Apr. 11,

15   2008) (finding plaintiffs motion to intervene timely where plaintiffs moved to intervene during the

16   course of document production and prior to the discovery cut-off).

17   For all these reasons, Sonny Low, John Brown, and J.R. Everett should be permitted to

18   intervene in this action as Proposed Class Representatives to the Class pursuant to Rule 24(b) and

19   assert their claims as alleged in the proposed TAC.

20   **V.     CONCLUSION**

21   For all the foregoing reasons, Plaintiffs respectfully ask the Court to grant their motion for

22   leave to file their Third Amended Class Action Complaint.

23   DATED:  July 31, 2012                      Respectfully submitted,

24                                              ROBBINS GELLER RUDMAN
                                                 & DOWD LLP
25                                              RACHEL L. JENSEN
                                                THOMAS R. MERRICK
26

27                                                       s/ Rachel L. Jensen
                                              _____
28                                                    RACHEL L. JENSEN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ZELDES & HAEGGQUIST, LLP
AMBER L. ECK
HELEN I. ZELDES
ALREEN HAEGGQUIST
625 Broadway, Suite 906
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Attorneys for Plaintiffs and Proposed Class

1

<u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that on July 31, 2012, I authorized the electronic filing of the foregoing with

3   the Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4   e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5   caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

6   CM/ECF participants indicated on the attached Manual Notice List.

7      I certify under penalty of perjury under the laws of the United States of America that the

8   foregoing is true and correct.  Executed on July 31, 2012.

9

10      s/ Rachel L. Jensen
        RACHEL L. JENSEN

11      ROBBINS GELLER RUDMAN
          & DOWD LLP
12      655 West Broadway, Suite 1900
        San Diego, CA  92101-3301
13      Telephone:  619/231-1058
        619/231-7423 (fax)
14
        E-mail:   rachelj@rgrdlaw.com
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 3:10-cv-00940-CAB-WVG

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,llendzion@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Aaron M. Olsen**
  aarono@zhlaw.com,winkyc@zhlaw.com

- **David Keith Schneider**
  dks@yslaw.com,ewb@yslaw.com,efb@yslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)