ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
THOMAS R. MERRICK (177987)
tmerrick@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ZELDES & HAEGGQUIST, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
HELEN I. ZELDES (220051)
helenz@zhlaw.com
ALREEN HAEGGQUIST (221858)
alreenh@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

Attorneys for Plaintiffs and Proposed Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> TRUMP UNIVERSITY, LLC, et al., <br><br> Defendants. | No. 3:10-cv-00940-CAB(WVG) <br><br> <u>CLASS ACTION</u> <br><br> PLAINTIFFS' PROPOSED TRIAL PLAN FOR TRIAL OF CLASS CLAIMS |

**[REDACTED]**

767964_1

# I.     INTRODUCTION

Plaintiffs respectfully submit this trial plan ("App. I") in support of their motion for class certification.  Even though not required, this trial plan provides a roadmap to aid the Court in assessing how a single trial can be conducted against Defendants on behalf of multiple classes under state laws in an efficient and manageable manner.  Because discovery is not yet complete, this plan is preliminary.  Plaintiffs may suggest changes to this plan (and reserve the right to do so) in advance of trial in light of the completion of discovery, changes in the law, orders in this case, and/or later addition or substitution of class representatives.  Discovery conducted to date demonstrates that trial on a classwide basis presents no intractable manageability issues.  Instead, certification will enable a fair and efficient resolution of claims uniform to the Class.

Plaintiffs envision a single trial as follows.  First, Plaintiffs will present their case-in-chief, submitting common evidence of Defendants' wrongdoing, classwide injury and total damages.  Thereafter, the burden will shift to Defendants to present whatever defenses they wish to advance.  Plaintiffs will then present their rebuttal case.  The Court will then enter a verdict based on Special Verdict Forms that take into account any variations among state laws.

Plaintiffs anticipate that trial of this action will take two weeks.  Plaintiffs will present their case through Defendants' own witnesses and documents, former employees, third-party documents and testimony, and Plaintiffs' testimony.  Because Defendants' wrongdoing was perpetrated through a fraudulent scheme with uniform misrepresentations and omissions, presentation of evidence demonstrating Defendants' common course of conduct will not be overly complex.

If Plaintiffs obtain a winning verdict, judgments in a total, single monetary sum will be entered on behalf of the Class based on the total amount Plaintiffs and other Class members paid, plus interest.  A post-judgment administrative proceeding will follow, in which Defendants' records will be used to distribute checks to each individual Class member based on the amount they paid for the seminars and mentorships.[1]  Finally, if Plaintiffs prevail on their Florida Unfair and Deceptive

---

[1]     Courts routinely hold follow-on proceedings regarding damages allocation, even if they involve individualized damages. *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975); 3 A. Conte

1  Trade Practices Acts ("FUDTPA") claims, the Court may order Defendants to pay an additional

2  $15,000 per violation affecting a Florida senior. *See* Fla. Stat. §501.2077(a).

3  **II.      PRESENTATION OF COMMON PROOF FOR EACH CLAIM**

4          For their claims, Plaintiffs will rely on common proof largely derived directly from

5  Defendants' own witnesses and documents, former employees, third parties, and Plaintiffs. Below is

6  an outline demonstrating how this case will be tried as a class action.

7          **A.      Plaintiffs Will Prove with Common Evidence that Defendants**
                   **Violated the Unfair and Deceptive Trade Practices Acts of California,**
8                   **New York, and Florida**

9          In denying in large part Defendants' motions to dismiss, the Court found that Plaintiffs

10  sufficiently pled claims under the California's Unfair and Deceptive Trade Practices Acts

11  ("UDTPA"), including the Unfair Competition Law ("UCL"), Consumer Legal Remedies Act

12  ("CLRA"), and False Advertising Law ("FAL"). Order, dated Oct. 12, 2010 (Dkt. No. 33), at 8-12

13  ("Order on TU's 1st MTD"); Order, dated May 16, 2011 (Dkt. No. 69), at 6 ("Order on Mr. Trump's

14  MTD"); Order, dated May 16, 2011 (Dkt. No. 70), at 7 ("Order on TU's 2nd MTD").

15          Plaintiffs seek to certify a class for violations of California's UCL, Cal. Bus. & Prof. Code

16  §17200 *et seq.* The UCL prohibits unlawful, unfair, or fraudulent acts or practices, which includes

17  untrue or misleading advertisement. *See* Order on TU 1st MTD at 8-9. Notably, a violation of the

18  FAL also constitutes a violation of the UCL, and vice versa. *See Tobacco II Cases*, 46 Cal. 4th 298,

19  312 (2009). A violation of the UCL can be shown even in the absence of actual deception,

20  reasonable reliance and damage as to absent class members. *Id.* The CLRA prohibits various

21  "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in

22  a transaction intended to result or which results in the sale or lease of goods or services to any

23  consumer." Cal. Civ. Code §1770(a); *see* Dkt. No. 33, Order on TU's 1st MTD, at 11.

24          Plaintiffs seek to certify three subclasses of consumers subject to the following consumer-

25  protection statutes: (1) a California subclass for violations of Cal. Bus. & Prof. Code §17200 *et seq.*;

26
27  & C. Newberg, *Newberg on Class Actions*, §9:53 at 429-30 (4th ed. 2002) (collecting cases);
    7B Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Fed. Pract. & Proc.* §1781 (2d ed. 1986).
28

17500 *et seq.*; and Cal. Civ. Code §1750 *et seq.*; (2) a New York subclass for violations of §349 of New York's General Business Law; and (3) a Florida subclass for violations of Fla. Stat. §501.201, *et seq.* and §817.41. *See, e.g., Keegan v. Am. Honda Motor Co.*, No. CV 10-09508 MMM (AJWx), 2012 U.S. Dist. LEXIS 91394, at *124-*125 (C.D. Cal. June 12, 2012) (certifying three separate subclasses under the California, Florida, and New York UDTPA statutes). These statutes prohibit unlawful, unfair, or deceptive practices and do not require individualized reliance. *Id.*

Because Defendants engaged in a uniform advertising campaign with the same misleading and deceptive marketing and sales practices and strategies, common evidence will be able to establish the violations of each of these statutory provisions. That evidence will include the following: Defendants' uniform advertising and marketing campaign that misled consumers about the nature of "Trump University";[2] Defendants' uniform misrepresentations and omissions in standardized sales pitches in the "Preview" and in the 3-day "Fulfillment" seminar;[3] sales scripts;[4]

---

[2]     All references to "Ex." are to the exhibits attached to the Declaration of Amber L. Eck in Support of Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification, Appointment of Class Representative and Appointment of Class Counsel ("Eck Decl."), filed concurrently herewith. Citations are omitted and emphasis is added, here and throughout, unless otherwise noted. *See, e.g.*, Ex. 29, TU 62079-82 at 79 (Letter Ad from Trump: "When I speak, people listen. And, when I send out invitations, people attend because they know that my invitation ***means one thing*** – there is money to be made."); Ex. 1, TU 123460 (Video of Trump); Ex. 2, TU-PLTF02441; Ex. 32, TU 25265-66 at 66 (Personal Invitation from Trump: "Come to my free class. In just 90 minutes, my hand-picked instructors will share my techniques, which took my entire career to develop. Then, just copy exactly what I've done to get rich."); Ex. 33, Plaintiffs' Corrected Supplemental Responses to Defendant Trump University, LLC's First Set of Interrogatories to Plaintiffs, No. 7, Ex. C) (chart identifying dates and target locations of the advertisements and marketing); Ex. 34, TU-PLTF00136-43 at 42-43 (Personal letter from Trump: "My team at Trump University is filled with real estate experts . . . proven winners. We're the best of the best and we know what works. If you have what it takes to be my next Apprentice, prove it to me."); Ex. 36, TU 69434 (Advertisement: "Learn from the Master"); Ex. 37, TU 62091-100 at 96 (Advertisement: "Learn my proven, specialized Trump process for real estate investing. My handpicked expert will show you how to find properties . . . ."); Ex. 42, TU 62063 (Advertisement: "Learn from Donald Trump's handpicked experts . . . ."); Ex. 38, TU 62065-69 at 68 (Advertisement with VIP tickets "to learn how to create wealth the Trump Way"); Ex. 46, TU 69463 (Advertisement: "After completing the program you will have ***direct*** access to your ***Mentor for 12 months*** to field any questions that may arise.").

[3]     *See, e.g.*, Ex. 54, TU 97041-64; Ex. 23, TU 97129-59 at 50 (⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ Ex. 45, TU 60666-767 at 667 (⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛); *id.* at 674 (⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛);

Defendants' misleading website;[5] documents produced by the Better Business Bureau;[6] Governmental agencies' documents;[7] customer complaints;[8] testimony of Trump University corporate designees[9], Mr. Trump,[10] and former employees;[11] Defendants' internal operating

---

Ex. 47, TU 59168-256 at 243 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); Ex. 40, TU 59110-67 at 25 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; Ex. 63, TU 52135 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); Ex. 40, TU 59110-67 at 31 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); *id.* at 13 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); Ex. 47, TU 59168-256 at 51 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); Ex. 47, TU 59168-256 at 50 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); Ex. 31,TU-MAKAEFF0308 (PowerPoint: "There are many real estate investment seminars available but this is the only one designed by Donald Trump's personal advisors."); Ex. 57, TU-MAKAEFF0298 (PowerPoint: "[E]very student in our Fast Track to Foreclosure program is given a full year of ongoing support to ensure that they have every opportunity to achieve their goals."); Ex. 58, TU-MAKAEFF0311 (PowerPoint: "You really have two memberships.  The first is with Trump University, it lasts forever.  The second is an exclusive 12-month Premium Membership that includes a client advisor, weekly expert webinars, a comprehensive resources library, and much more.").

[4]     Ex. 9, Nicholas Decl., ¶¶4-6, 10-13, 16-17.

[5]     *See, e.g.*, Ex. 49, TU-PLTF00319-28 at 24 (Online PowerPoint-Mission Statement: "To train, Educate and Mentor Entrepreneurs on achieving financial independence through Real Estate Investing."); Ex. 49, TU-PLTF00319-28 at 25 ("Based on the investing experience of Donald J. Trump"; "One full year of expert, interactive support"); Ex. 64, TU-PLTF00364 ("Learn from the Master"; "I can turn anyone into a successful real estate investor"); Ex. 64, TU-PLTF00365 ("It's the next best thing to being his Apprentice"); Ex. 64, TU-PLTF00366 ("Insider Success Secrets from Donald Trump").

[6]     *See, e.g.*, Ex. 13, BBB NY 00486-545 (BBB Docs).

[7]     *See, e.g.*, Ex. 51, Sexton Dep. Ex. 14, TU 61503-16 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); Ex. 52, Sexton Dep. Ex. 13, TU 61745-50 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); Ex. 53, Sexton Dep. Ex. 12, TU 61751-52 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

[8]     *See, e.g.*, Ex. 65, TX FL 0488-93 at 88 (customer complaint to BBB: "I am writing because I want people to be aware that Trump University is not a real educational institution.").

[9]     *See, e.g.*, Exs. 14, 17, relevant excerpts from August 22 and 23, 2012 Deposition Transcripts of Michael Sexton; *see also* Ex. 19, relevant excerpts from August 24, 2012 Deposition Transcript of David Highbloom.

[10]     *See, e.g.*, Ex. 28, relevant excerpts from September 12, 2012 Deposition Transcript of Donald J. Trump.

1  documents;[12] Defendants' admissions via formal discovery responses and pleadings;[13] and the

2  documents and testimony of Plaintiffs.[14]

3       Further, it is no argument that Plaintiffs will have to prove individualized reliance because

4  these UDTPA statutes consider the effect of misrepresentations "upon a reasonable consumer, not a

5  particular consumer, there are no individualized issues of reliance under Rule 23." *Yokoyama v.*

6  *Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1094 (9th Cir. 2010).  For example, California courts

7  have repeatedly held that "relief under the UCL is available without individualized proof of

8  deception, reliance and injury." *In re Tobacco II Cases*, 46 Cal. 4th 298, 320 (2009).  Because

9  "[f]requently numerous consumers are exposed to the same dubious practice by the same seller so

10 that proof of prevalence of the practice as to one consumer would provide proof for all," a case

11 should be certified for class treatment if it appears that the defendant engaged in a common course of

12 conduct.  *Vasquez v. Superior Court*, 484 P.2d 964, 968 (1971).  Similarly for CLRA claims,

13 "reliance on the alleged misrepresentations may be inferred as to the entire class if the named

14 plaintiff can show that material misrepresentations were made to the class members. *Chavez v. Blue*

15 *Sky Natural Bev.*, 268 F.R.D. 365, 376 (N.D. Cal. 2010).  Additionally, Plaintiffs' claims for false

17 [11]    *See, e.g.*, Exs. 8-11, Declarations of Cheryl Donnelly, Ronald Schnackenberg, Corinne
18 Sommer (¶¶4-14), and Jason Nicholas (¶¶4-24) in Support of Plaintiffs' Motion for Class
   Certification.

19 [12]    *See, e.g.*, Ex. 12, TU 52934-3105 (▮▮▮▮▮▮▮); Ex. 22, Sexton Dep. Ex. 9, TU-
20 PLTF00259-99 (▮▮▮▮▮▮▮▮); Ex. 59, TU 129455-70 at 55-56 (▮▮▮▮▮▮▮); *id.* at 57-
   60 (▮▮▮▮▮▮▮); Ex. 16, BLOOM 0513-64 (▮▮▮▮▮▮▮▮▮
21 ▮▮▮▮▮▮); Ex. 24, TU 48769-76 (▮▮▮▮▮▮▮▮); Ex. 26, TU 48853-66
   (▮▮▮▮▮▮▮).

22 [13]    *See, e.g.*, Answering Brief of Defendant-Counter-Claimant-Appellee Trump University,
23 LLC, 9th Cir. No. 11-55016, Dkt. No. 28 at 21 & 27 (Trump University avowed that Mr. Trump
   "simply" "endorse[d]" Trump University and allowed Trump University to bear his name – *nothing*
24 *more*); Dkt. No. 32 at 5-6 ("*Donald Trump's involvement is completely absent here.* . . .  Donald
   Trump is not the operator of Trump University, and plays no part in the day-to-day operation of
25 Trump University.  There is simply *no evidence that Donald Trump was involved* before, during or
   after the 'controversy.'").

26 [14]    *See, e.g.*, Ex. 30, relevant excerpts from April 11, 2012 Deposition Transcript of Ed
27 Oberkrom; Exs. 3-7, Declarations of Tarla Makaeff, Ed Oberkrom, J.R. Everett, John Brown, and
   Sonny Low in Support of Plaintiffs' Motion for Class Certification.

28

1    and misleading advertisements in violation of §17500 (which also violates the UCL) are also

2    particularly suitable for class treatment where, as here, Defendant created, disseminated, and

3    required its sales force to use standardized materials and presentations, as well as sales scripts. *See,*

4    *e.g., Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 700 (2006) (class treatment of a

5    §17500 claim for fraudulent labeling of tools as "Made in U.S.A." was proper).

6        Similarly, Florida and New York's consumer protection statutes also do not require plaintiffs

7    to demonstrate reliance. *Egwuatu v. South Lubes, Inc.*, 976 So. 2d 50, 53 (Fla. Dist. Ct. App. 2008)

8    (holding plaintiffs need not prove reliance to establish a claim under the UDTPA statute); *Stutman v.*

9    *Chem. Bank*, 731 N.E.2d 608 (N.Y. 2000) ("as we have repeatedly stated, reliance is not an element

10    of a section 349 claim"). In Florida, "the question is not whether the plaintiff actually relied on the

11    alleged deceptive practice, but whether the practice was likely to deceive a consumer acting

12    reasonably in the same circumstances." *Davis v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. Dist. Ct.

13    App. 2000). And in New York, the deceptive practice must be "likely to mislead a reasonable

14    consumer acting reasonably under the circumstances." *Oswego Laborers' Local 214 Pension Fund*

15    *v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 744 (1995). The touchstone of both statutes is

16    whether a reasonable person would have found the misrepresentation or omission misleading.

17    *Keegan*, 2012 U.S. Dist. LEXIS 91394, at *124-*125. Thus, they can be proven classwide.

18      **B.**     **Plaintiffs Will Prove with Common Evidence that Defendants**
              **Violated Laws Prohibiting Financial Abuse of Senor Citizens**

19

20        Plaintiffs also seek to certify two subclasses of state statutory elder abuse: California and

21    Florida. First, California's Financial Elder Abuse law, Cal. Welf. & Inst. Code §15600, *et seq.*,

22    prohibits financial abuse of a senior citizen, including taking or obtaining (or assisting in same) an

23    elder's real or personal property for a "wrongful use or with intent to defraud, or both." Cal. Welf.

24    & Inst. Code §15610.30(a)(1). An acquisition by a defendant of property based on false statements

25    can constitute financial elder abuse. *See Zimmer v. Nawabi*, 566 F. Supp. 2d 1025, 1034 (E.D. Cal.

26    2008) (cited by *Kennedy v. Jackson Nat'l Life Ins. Co.*, No. 07-0371 CW, 2010 U.S. Dist. LEXIS

27    63604, at *34 (N.D. Cal. June 23, 2010)). Plaintiffs' California financial elder abuse claims are

28    readily certifiable. *See, e.g., Kennedy*, 2010 U.S. Dist. LEXIS 63604, at *34. Similarly, courts

routinely certify classes under the FDUTPA involving uniform misrepresentations. *See, e.g., Nelson v. Mead Johnson Nutrition Co.*, 270 F.R.D. 689, 697 (S.D. Fla. 2010). As explained above, Plaintiffs seek to certify claims under the FDUTPA, and should they prevail, they will seek additional penalties of $15,000 on behalf of Plaintiff Everett and every other Floridian Class member over 60. *See* Fla. Stat. §501.2077(a).

Plaintiffs' financial elder abuse claims may be provable through classwide evidence, just like they could for the UDTPA claims above. *See, e.g., Kennedy*, 2010 U.S. Dist. LEXIS 63604, at *34. Such classwide evidence will include, *inter alia*, that Defendants lured in senior citizens with misrepresentations about the nature of "Trump University";[15] Defendants targeted senior citizens to attend;[16] senior citizens constituted a significant portion of Trump University "students";[17] and senior citizens spent money on Trump University seminars and mentorships.[18]

### C.    Plaintiffs Will Prove Defendants' Fraudulent Scheme with Common Evidence

In denying in large part Defendants' motions to dismiss, the Court found that Plaintiffs sufficiently pled common law fraud. Dkt. No. 69, Order, dated May 16, 2011, at 4-5. Plaintiffs will prove their common law fraud with common evidence. First, Plaintiffs will be able to show Defendants' misrepresentations and material omissions through common evidence of their uniform advertising campaign[19] and standardized sales pitches through PowerPoint presentations at the "Preview" and "Fulfillment" seminars;[20] and sales scripts.[21]  Plaintiffs will be able to show

---

[15]    *See, e.g.,* Ex. 12, Sexton Dep. Ex. 8, TU 52934-3105 at 3062 (██████████████████████████████████████████ ██████ ).

[16]    *See, e.g.,* Ex. 16, BLOOM 0513-64 (█████████████████████████████████████ ).

[17]    *See, e.g., id.*

[18]    *See, e.g.,* Ex. 12, Sexton Dep. Ex. 8, TU 52934-3105 at 3030-72 (███████████████████ ████ ); Ex. 16, BLOOM 0513-64 (██████████████████████████████████ ).

[19]    *See supra*, n.2.

[20]    *See supra*, n.3.

1  Defendants' knowledge of falsity through internal documents revealing the upsell scheme, ███████

2  ██████████[22] Defendants' testimony and admissions, as well as their discovery responses,[23] the

3  testimony of former employees, and third-party documents, such as the BBB.[24]  Further, Plaintiffs

4  will be able to show Defendants' intended to induce reliance through their uniform advertising

5  campaign which featured the same core misrepresentations and material omissions,[25] internal

6  documents containing "hardsell" tactics, ████████████,[26] Mr. Trump's prominently featured

7  video,[27] and testimony of former employees.[28]  Plaintiffs will be able to show justifiable reliance

8  through the materiality of the misrepresentations as made clear by Defendants' "core" brand

9  marketing techniques,[29] third-party documents such as the BBB and the New York Department of

10  Education,[30] and Plaintiffs' testimony.[31]  Plaintiffs will be able to prove damages from Defendants'

11  records of payments made by, and any subsequent refunds issued to, Class members.

12  **D.      Plaintiffs Will Prove With Common Evidence Defendants Were
   Unjustly Enriched**

13
   Plaintiffs will also use common evidence to prove their unjust enrichment claims.  First,

14  Plaintiffs will demonstrate that they and the Class members conferred a benefit on Defendants which

15

16  21    *See supra*, n.4 (Ex. 9, Nicholas Decl., ¶¶4-6, 10-13, 16-17).

17  22    *See, e.g.*, Ex. 12, Sexton Dep. Ex. 8, TU 52934-3105 (███████████).

18  23    *See supra*, nn. 8, 9, 11 & 13.

19  24    *See supra*, nn. 6 & 7.

20  25    *See supra*, n.6.

21  26    *See, e.g.*, Ex. 12, Sexton Dep., Ex. 8, TU 52934-3105 (███████████).

22  27    *See, e.g.*,  Exs. 1 & 2.

23  28    *See, e.g.*, Exs. 8-11, Declarations of Cheryl Donnelly, Ronald Schnackenberg, Corinne

24  Sommer, and Jason Nicholas in Support of Plaintiffs' Motion for Class Certification.

25  29    *See supra*, n.6.

26  30    *See supra*, nn. 6 & 7.

27  31    *See, e.g.*, Exs. 3-7, Declarations of Tarla Makaeff, Ed Oberkrom, J.R. Everett, John Brown,
   and Sonny Low in Support of Plaintiffs' Motion for Class Certification.

28

1  was unjust – paying thousands and often tens of thousands of dollars for Trump University seminars

2  and mentorships.  This common proof will include that Defendants made misrepresentations and

3  material omissions about Trump University and its "courses" but did not deliver.[32]  Thus, Plaintiffs

4  can show with common evidence that Defendants appreciated the benefit conferred on them.

5          Second, Plaintiffs will show that Defendants' retention of the benefit is unjust.  Such

6  evidence will include evidence that Defendants devised the up-sell scheme in order to increase

7  revenue at the expense of the Class;[33] evidence that Defendants misrepresented the nature of Trump

8  University and its courses;[34] testimony of former employees about the same;[35] and evidence that

9  many of the consumers taken into the scam could not afford it.[36]

10     **E.     Plaintiffs Will Prove with Common Evidence that Defendant Trump
               University Breached the Covenant of Good Faith and Fair Dealing**

11

12         In its order on the motions to dismiss, the Court found that Plaintiffs sufficiently pled their

13  breach of contract and breach of the implied covenant of good faith and fair dealing.  Dkt. No. 33,

     Order on TU 1st MTD at 6-7; Dkt. No. 70, Order on TU 2nd MTD at 6-7.

14

15         All states recognize an implied covenant of good faith and fair dealing in every contract.[37]

16  Plaintiffs will prove with evidence common to all Class members that Trump University breached

     the contracts and did not act in good faith when carrying out its contractual agreements with Class

17  members.  Proof of Plaintiffs' claims is common to the Class and found in Trump University's own

18  documents and in the testimony of its witnesses.

19

20  _____

     [32]    *See supra*, nn. 2 & 3.

21
     [33]    *See, e.g.*, Ex. 12, Sexton Dep. Ex. 8, TU 52943-53015 (████████████).

22
     [34]    *See id.*; *see supra*, nn. 2-4.

23
     [35]    *See, e.g.*, Exs. 8-11, Declarations of Cheryl Donnelly, Ronald Schnackenberg, Corinne

24  Sommer, and Jason Nicholas in Support of Plaintiffs' Motion for Class Certification.

25  [36]    *See, e.g.*, Ex. 3, Declaration of John Brown in Support of Plaintiffs' Motion for Class
     Certification.

26
     [37]    Certain states recognize a separate and independent claim for breach of the covenant of good

27  faith and fair dealing apart from that of breach of contract.  Other states treat breach of the covenant
     of good faith and fair dealing as a part of breach of contract.

28

1    For example, Trump University's contracts are standardized form contracts that are

2  materially uniform across the country.[38]  The form contracts were given to consumers when they

3  purchased a Trump University seminar or Elite program.  The boilerplate form contracts Trump

4  University provided were on a non-negotiable "take-it-or-leave it" basis and contained similar vague

5  and misleading disclosures that purported to disclaim liability.  *See id.*; *see also* Dkt. No. 33, Order

6  on TU 1st MTD at 6-7.  None of the contracts permitted Defendants to provide less than what was

7  promised through their uniform advertising campaign, standardized PowerPoint presentations at the

8  Live Events, and sales scripts.

9    In addition to the uniform contracts and the testimony of Defendants' witnesses and former

10  employees, Plaintiffs will introduce other common and uniform evidence of Trump University's

11  breach of good faith and fair dealing predicated upon its common policies and practices.  ██

12  ███████████████████████████████████████████████████

13  ████████████████████.[39]  Trump University's failure to disclose its upsell scheme,

14  and its knowledge of the adverse impact that its scheme had on Plaintiffs and the Class,[40] is also

15  established through common proof, including the testimony of former employees.[41]

16    **F.    Plaintiffs Will Prove with Common Evidence Causation and Amount
            of Damages**

17

18    Causation will be proved with common evidence as the Court may presume reliance based on

19  uniform misrepresentations and material omissions that went to the core of the nature of "Trump

20  University."  *See, e.g., Iorio v. Allianz Life Ins. Co. of N. Am.*, No. 05CV633 JLS (CAB), 2008 U.S.

21  Dist. LEXIS 118344 (S.D. Cal. July 8, 2008).

22

23  ────────────────

24  [38]   *See* Ex. 20, TU 96908 (blank Enrollment Form 3-day training); Ex. 21, TU 108275 (███
       ████████████████).

25  [39]   *See, e.g.,* Ex. 12, Sexton Dep. Ex. 8, TU 52934-3105 (██████████████).

26  [40]   *See, e.g., id.*

27  [41]   *See supra,* n.10.

28

Plaintiffs will prove damages through, *inter alia*, documents from Defendants showing how much each Class Member suffered in damages to show the scheme's impact on the Class and the benefit of the scheme to Defendants.[42] Also, Class members' records may be used to show damages in the form of credit card interest and late fees.[43]

## III.   APPLYING MULTI-STATE LAW

Common issues of law and fact will remain the predominant focus of this litigation, notwithstanding the potential application of multiple states' laws.  The analysis embodied in this Trial Plan and in the Surveys and Special Verdict Forms attached hereto demonstrate that applying the laws of the several states to Plaintiffs' claims here does not present any difficult manageability issues.  *See* App. I, Exs. A-H.

For all of the claims, the applicable state laws can be grouped into subclasses sharing materially-identical legal standards.  As discussed above, Plaintiffs will present evidence of all of these elements through uniform proof derived from Defendants' documents and testimony, former employees, Plaintiffs' documents and testimony, and third-party documents and testimony, such as the BBB and state regulators.

Plaintiffs seeking to represent each subclass reside in one of the states belonging to that subclass; thus, they may represent Class members residing in the other states included in the subclass.  *See Manual for Complex Litigation* §§21.23, 22.754 (4th ed. 2004) (describing use of subclasses to take account of differences amongst the various states' laws and representation for each subclass); *see also In re Pharm. Indus. Average Wholesale Price Litig.*, 252 F.R.D. 83, 104 (D. Mass. 2008) (for multi-state class, case law does not create a *per se* rule that the Court must appoint a separate representative for each state or even each group).

Plaintiffs propose that at the conclusion of evidence, the fact finder be provided special verdict forms.  *See* App. I, Exs. D-H.  As these proposed forms demonstrate, any differences that

---

[42]   *See supra*, n.36.

[43]   *See* Ex. 3, Brown Decl., ¶5; Ex. 6, Makaeff Decl., ¶4; Ex. 5, Low Decl., ¶7.

exist among the several states' laws can readily be taken into account through discrete subclasses, thus ensuring careful adherence to legal requirements and eliminating any manageability issues. *In re Checking Account Overdraft Litig.*, No. 1:09-MD-02036-JLK, 2012 U.S. Dist. LEXIS 135062, at *77 (S.D. Fla. Apr. 3, 2012).

### A.      The Unfair and Deceptive Trade Practices Acts Subclasses Are Manageable

Plaintiffs seek to certify three *single*-state subclasses represented by Plaintiffs who reside in these states as follows: California, New York and Florida.

Plaintiffs seek to certify three subclasses of consumers subject to the following consumer-protection statutes: (1) a California subclass represented by Plaintiffs Sonny Low and Tarla Makaeff for violations of Cal. Bus. & Prof. Code §17200 *et seq.*; 17500 *et seq.*; and Cal. Civ. Code §1750 *et seq.*; (2) a New York subclass represented by Plaintiff John Brown for violations of §349 of New York's General Business Law; and (3) a Florida subclass represented by Plaintiff J.R. Everett for violations of Fla. Stat. §501.201 *et seq.* and §817.41. *See, e.g., Keegan*, 2012 U.S. Dist. LEXIS 91394, at *124-*125 (certifying three subclasses for California, Florida, and New York UDPTA statutes).

Plaintiffs have crafted special verdict forms that permits the fact finder to allow these Class members to recover under their respective state laws. *See* App. I,Ex. G. Such an approach is entirely manageable and will efficiently and effectively adjudicate the claims of these states.

### B.      The Senior Subclasses Are Manageable

Plaintiffs also seek to certify two *single-state* subclasses of state statutory elder abuse represented by Plaintiffs who reside there: California and Florida. Plaintiff Low will represent a Class of California senior citizens pursuant to Cal. Welf. & Inst. Code §15610.30(a)(1); *Kennedy*, 2010 U.S. Dist. LEXIS 63604, at *34. Plaintiff Everett will represent a Class of Florida senior citizens pursuant to Fla. Stat. §501.2077(a), for additional penalties under the FUDPTA.

Plaintiffs have crafted special verdict forms that permits the fact finder to allow these Class members to recover under their respective state laws. *See* App. I, Ex. H. Such an approach is entirely manageable and will efficiently and effectively adjudicate the claims of these states.

**C.     The Unjust Enrichment Subclasses Are Manageable**

The law of unjust enrichment is largely uniform.  Most states have adopted a variation of the definition of unjust enrichment in *Restatement (First) of Restitution* §1, which provides a party may be required to make restitution if she is unjustly enriched at the expense of another.

Plaintiffs have grouped the 50 states and the District of Columbia together into four subclasses for which materially identical legal standards apply as follows:

> **Unjust Enrichment Subclass No. 1**.  These states follow the definition of unjust enrichment in *Restatement (First) of Restitution* §1.  The states included are Arkansas, California, Connecticut, District of Columbia, Hawaii, Michigan, Mississippi, Nebraska, New Hampshire, New Mexico, Vermont, West Virginia, and Illinois.  App. I, Ex. B.  The common elements that must be proven to establish unjust enrichment in these states are:  (i) the plaintiff conferred a benefit; (ii) the defendant accepted or retained that benefit; and (iii) under circumstances that would be unjust for the defendant to retain the benefit.  The proposed representatives of this subclass are Plaintiffs Tarla Makaeff and Sonny Low of California.  *See* App. I, Ex. B.

> **Unjust Enrichment Subclass No. 2**.  The states encompassed by this subclass also follow the definition of unjust enrichment in *Restatement (First) of Restitution* §1 but also require the plaintiff to prove a single additional element:  that the defendant appreciated the benefit conferred.  The states included in this subclass are Alaska, Florida, Georgia, Idaho, Kansas, Kentucky, Maine, Maryland, Nevada, Oregon, Pennsylvania, Rhode Island, South Carolina, Tennessee, Virginia, Washington, Wisconsin, and Wyoming. App. I, Ex. B. The proposed representative of this subclass is Plaintiff J.R. Everett, a resident of Florida.  *See* App. I, Ex. B.

> **Unjust Enrichment Subclass No. 3**.  The states encompassed by this subclass follow the definition of unjust enrichment in *Restatement (First) of Restitution* §1 but also require the plaintiff to prove that the plaintiff lacks an adequate remedy at law.  The states included in this subclass are Arizona, Colorado, Delaware, Iowa, Louisiana, Massachusetts, Minnesota, New Jersey, New York, North Carolina, North Dakota, Ohio, Oklahoma, South Dakota, and Utah.  App. I, Ex. B.  The proposed representative of this subclass is John Brown, a resident of New York.  *See* App. I, Ex. B.

> **Unjust Enrichment Subclass No. 4**.  The states encompassed by this subclass follow the definition of unjust enrichment in *Restatement (First) of Restitution* §1 but also require the plaintiff to prove that the Defendants engaged in wrongful conduct.  The states included in this subclass are Alabama, Indiana, Missouri, Montana, and Texas.  App. I, Ex. B.  The proposed representative of this subclass is Ed Oberkrom, a resident of Missouri.  *See* App. I, Ex. B.

Plaintiffs have crafted special verdict forms that permits the fact finder to allow these Class members to recover under their respective state laws.  *See* App. I, Ex. E.  Such an approach is entirely manageable and will efficiently and effectively adjudicate the claims of these states.

### D.    The Fraud Subclasses Are Manageable

Plaintiffs seek certification of their fraud claims only as to states that do not have an individual reliance requirement.  Within the 28 states and the District of Columbia that permit reliance to be shown on a classwide basis, Plaintiffs propose two subclasses for which materially-identical legal standards apply:

> **Fraud Subclass No. 1**.  These states permit a plaintiff to recover by showing by a preponderance of the evidence that the defendant made a misrepresentation or material omission with reckless regard to its accuracy.  The states included are Alaska, California, Delaware, Indiana, Montana, and North Carolina. App. I, Ex. C. The common elements generally require (1) a knowingly false representation by the defendant (which includes representations made recklessly and without regard for their truth); (2) an intent to deceive or induce reliance or for undue advantage; (3) justifiable reliance by the plaintiff; and (4) resulting damages.   The proposed representatives of this subclass are Plaintiffs Tarla Makaeff and Sonny Low of California.  *See* App. I, Ex. C

> **Fraud Subclass No. 2**.  These states permit a plaintiff to recover by showing by clear and convincing evidence that the defendant made a misrepresentation or material omission with reckless regard to its accuracy.  Arkansas, District of Columbia, Florida, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Nevada, New Jersey, New Mexico, New York, North Dakota, Ohio, Oklahoma, Oregon, Utah, Washington, and Wisconsin. App. I, Ex. C. The common elements generally require plaintiff to allege that a defendant (1) made a material false representation or omission, (2) knowing of its falsity (which includes statements either known to be untrue or made with reckless disregard of the truth), (3) intending to defraud, (4) upon which the plaintiff reasonably relied, and (5) the plaintiff suffered injury as a result.  The proposed representatives of this subclass are Plaintiffs John Brown of New York, J.R. Everett of Florida, and Ed Oberkrom of Missouri.  *See* App. I, Ex. C

Plaintiffs have crafted special verdict forms that permits the fact finder to allow these Class members to recover under their respective state laws.  *See* App. I, Ex. F  Such an approach is entirely manageable and will efficiently and effectively adjudicate the claims of these states.

### E.    The Breach of the Implied Covenant of Good Faith and Fair Dealing Subclasses Are Manageable

The common law implies the duty of good faith and fair dealing in every contract in terms of performance and enforcement.  *See Restatement (2d) of Contracts* §205 (1981) ("*Restatement of Contracts*").  In other words, each party to a contract has a duty to refrain from doing anything to unfairly interfere with the rights of any other party to receive the benefits of the contract.  *Id.*

The law of good faith and fair dealing is largely uniform.  Forty-nine jurisdictions either directly cite or paraphrase the *Restatement of Contracts* as to the implied covenant of good faith and

fair dealing. *See* App. I, Ex. A  Some states treat the implied covenant of good faith and fair dealing as a separate cause of action. *Id.*  For those that do not, the good faith and fair dealing claims are subject to the elements of that state's breach of contract claims. *Id.*

As to Trump University, Plaintiffs have grouped 29 states together into three subclasses for which materially identical legal standards apply as follows:

**Good Faith and Fair Dealing Breach Subclass No. 1**.  This subclass is comprised of states that treat the breach of the implied covenant of good faith and fair dealing as a separate cause of action; thus, a party may breach the implied covenant without breaching an express provision of the contract. The states included are Arizona, California, Connecticut, Delaware, Kansas, Missouri, Nevada, New Hampshire, New Jersey, North Carolina, Oregon, Vermont, and Wisconsin. App. I, Ex. 1. The common elements that must be proven to established a breach of the duty of good faith and fair dealing in these states are:  (i) a valid contract; (ii) the defendant acted in bad faith or engaged in unreasonable conduct that had the effect of preventing the plaintiff from receiving the benefits of the contract; and (iii) resulting damages. App. I, Ex. A  The proposed representatives of this subclass are Plaintiffs Tarla Makaeff and Sonny Low, both of California and Ed Oberkrom of Missouri. *See* App. I, Ex. A

**Good Faith and Fair Dealing Breach Subclass No. 2**.  This subclass treats the implied covenant as part of the breach of contract claim and requires plaintiff to show that the breach was material.  Included in this subclass are the states of Alaska, Colorado, Georgia, Illinois, Indiana, Iowa, Maryland, Massachusetts, Nebraska, New York, and Ohio. App. I, Ex. A  The common elements that must be proven to establish a breach of the duty of good faith and fair dealing in these states are:  (i) a valid contract; (ii) plaintiff's performance under the contract or excuse; and (iii) resulting damages. App. I, Ex. A  The proposed representative of this subclass is Plaintiff John Brown of New York. *See* App. I, Ex. A

**Good Faith and Fair Dealing Breach Subclass No. 3**.  This subclass treats the implied covenant as part of the breach of contract claim and requires plaintiff to show that the breach was material.  Included in this subclass are the states of Alabama, Florida, Maine, New Mexico, and Pennsylvania. App. I, Ex. A  The ommon elements that must be proven to establish a breach of the duty of good faith and fair dealing are:  (i) a valid contract; (ii) defendant's breach of a material term of the contract; and (iii) resulting damages. App. I, Ex. A  The proposed representative of this subclass is Plaintiff J.R. Everett of Florida. *See* App. I, Ex. A.

Plaintiffs have crafted special verdict forms that permits the fact finder to allow these Class members to recover under their respective state laws. *See* App. I, Ex. D  Such an approach is entirely manageable and will efficiently and effectively adjudicate the claims of these states.

1    **IV.     CONCLUSION**

2        Plaintiffs' proposed trial plan demonstrates that all of Plaintiffs' claims can be efficiently and

3    effectively tried on a classwide basis.

4    DATED:  September 24, 2012          Respectfully submitted,

5                              ROBBINS GELLER RUDMAN
                                 & DOWD LLP

6                              RACHEL L. JENSEN
                             THOMAS R. MERRICK

7

8

9                                    s/ Rachel L. Jensen
                               RACHEL L. JENSEN

10                              655 West Broadway, Suite 1900
                             San Diego, CA  92101

11                              Telephone:  619/231-1058
                             619/231-7423 (fax)

12                              ZELDES & HAEGGQUIST, LLP

13                              AMBER L. ECK
                             HELEN I. ZELDES

14                              ALREEN HAEGGQUIST
                             AARON M. OLSEN

15                              625 Broadway, Suite 906
                             San Diego, CA  92101

16                              Telephone:  619/342-8000
                             619/342-7878 (fax)

17                              Attorneys for Plaintiffs and Proposed Class

18

19

20

21

22

23

24

25

26

27

28

1    <u>CERTIFICATE OF SERVICE</u>

2          I hereby certify that on September 24, 2012, I authorized the electronic filing of the foregoing

3    with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

4    the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5    caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

6    CM/ECF participants indicated on the attached Manual Notice List.

7          I certify under penalty of perjury under the laws of the United States of America that the

8    foregoing is true and correct.  Executed on September 24, 2012.

9
                                        s/ Rachel L. Jensen
10                                       RACHEL L. JENSEN

11                                       ROBBINS GELLER RUDMAN
                                            & DOWD LLP
12                                       655 West Broadway, Suite 1900
                                         San Diego, CA  92101-3301
13                                       Telephone:  619/231-1058
                                         619/231-7423 (fax)
14
                                         E-mail:rjensen@rgrdlaw.com
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 3:10-cv-00940-CAB-WVG

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,llendzion@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Aaron M. Olsen**
  aarono@zhlaw.com,winkyc@zhlaw.com

- **David Keith Schneider**
  dks@yslaw.com,ewb@yslaw.com,efb@yslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# EXHIBIT A

### *Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
### BREACH OF CONTRACT & IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING

## I. INTRODUCTION

Every contract imposes a duty of good faith and fair dealing in its performance and in its enforcement.  *See Restatement (Second) of Contracts* §205 (1981) ("*Restatement*").  Below are surveys related to the three proposed subclasses for the breach of contract and implied covenant of good faith and fair dealing class claims.  The first table sets forth those states in which Plaintiffs Tarla Makaeff, Sonny Low and Ed Oberkrom reside; and where breach of the implied covenant of good faith and fair dealing is a separate cause of action.  The second table represents the states in which Plaintiff John Brown resides; these states apply a four- element test for breach of contract claims, where the implied covenant does not supply a separate cause of action.  The third table lists states in which Plaintiff J.R. Everett resides; that require a material breach in order to bring a breach of contract claim where implied covenant claims are not separate causes of action.

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
**BREACH OF CONTRACT & IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING**

| GOOD FAITH AND FAIR DEALING SUBCLASS #1 | |
|---|---|
| **IMPLIED COVENANT AS A SEPARATE CAUSE OF ACTION**<br>**(1) Valid Contract; (2) Defendant Unreasonably Interferes with Plaintiffs' Rights to Receive Benefits under the Contract; (3) Resulting Damages** | |
| States | Arizona, California, Connecticut, Delaware, Kansas, Missouri, Nevada, New Hampshire, New Jersey, North Carolina, Oregon, Vermont, Wisconsin |
| Class Representatives | • Tarla Makaeff and Sonny Low – California<br>• Ed Oberkrom – Missouri |
| **Elements of Breach of Implied Covenant of Good Faith & Fair Dealing** | |
| Arizona | "A party can breach the implied covenant of good faith and fair dealing without breaching an express provision of the underlying contract." *United Dairymen of Ariz. v. Schugg*, 128 P.3d 756, 760 (Ariz. Ct. App. 2006). "'Arizona law recognizes that a party can breach the implied covenant of good faith and fair dealing both by [1] exercising express discretion in a way inconsistent with a party's reasonable expectations and [2] by acting in ways not expressly excluded by the contract's terms but which nevertheless bear adversely on the party's reasonably expected benefits of the bargain.' In Arizona, the implied covenant of good faith and fair dealing cannot be read to directly contradict an express term of the contract." *Compass Bank v. Amberwood Dev., Inc.*, No. 1 CA-CV 11-0107, 2012 WL 840724, at *5 (Ariz. Ct. App. Mar. 13, 2012) (quoting *Bike Fashion Corp. v. Kramer*, 46 P.3d 431, 435 (Ariz. Ct. App. 2002)). |
| California | California law implies in every contract a covenant of good faith and fair dealing. Broadly stated, that covenant requires that neither party do anything that will deprive the other of the benefits of the agreement. *Freeman & Mills, Inc. v. Belcher Oil Co.*, 900 P.2d 669, 672 (Cal. 1995). The covenant of good faith finds particular application in situations where one party is invested with a discretionary power affecting the rights of another. Such power must be exercised in good faith. A party violates the covenant if it subjectively lacks belief in the validity of its act or if its conduct is objectively unreasonable. *Storek & Storek, Inc. v. Citicorp Real Estate, Inc.*, 122 Cal. Rptr. 2d 267, 284 (Cal. Ct. App. 2002). In the case of discretionary power, it has been suggested the covenant requires the party holding such power to exercise it for any purpose within the reasonable contemplation of the parties at the time of formation – to capture opportunities that were preserved upon entering the contract, interpreted objectively. *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 826 P.2d 710, 727-28 (Cal. 1992). Breach of a specific provision of the contract is not a necessary prerequisite. |

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
**BREACH OF CONTRACT & IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING**

| | |
|---|---|
| | Were it otherwise, the covenant would have no practical meaning, for any breach thereof would necessarily involve breach of some other term of the contract.  Nor is it necessary that the party's conduct be dishonest. Dishonesty presupposes subjective immorality; the covenant of good faith can be breached for objectively unreasonable conduct, regardless of the actor's motive.  *Id.*<br><br>A breach of the implied covenant of good faith and fair dealing, by itself, will support a contract action. *Storek & Storek*, 122 Cal. Rptr. 2d 267.  Breach of a specific provision of the contract is not a necessary prerequisite to an action for breach of the implied covenant of good faith; were it otherwise, the covenant would have no practical meaning, for any breach thereof would necessarily involve breach of some other term of the contract.  *Brehm v. 21st Century Ins. Co.*, 83 Cal. Rptr. 3d 410, 417 (Cal. Ct. App. 2008). |
| Connecticut | "[E]very contract carries an implied duty requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement."  *Landmark Inv. Group, LLC v. Chung Family Realty P'ship, LLC*, 10 A.3d 61, 75 (Conn. App. Ct. 2010) (internal quotation marks omitted). "A claim of a breach of the duty of good faith and fair dealing is a separate cause of action." *Blumberg Assocs. Worldwide, Inc. v. Brown & Brown of Conn., Inc.*, No. HHDCVX04085023532S, 2010 Conn. Super. LEXIS 1409, at *26 (Conn. Super. Ct. May 11, 2010); *see Lund v. Stern & Co.*, No. CV 94 0463413, 1994 Conn. Super. LEXIS 2969, at *3 n.1 (Conn. Super. Ct. Nov. 3, 1994) ("To the extent that the plaintiff may be alleging breach of the implied covenant of good faith and fair dealing as a separate cause of action, rather than in support of his tortious breach of contract claim, courts have allowed plaintiffs to allege breach of contract and breach of the implied covenant of good faith and fair dealing.").  *Michel v. Bridgeport Hosp.*, No. 116015195, 2011 WL 1176885, at *6 (Conn. Super. Ct. Mar. 7, 2011).<br><br>"In short, the plaintiffs pleaded two separate causes of action, and it is not necessarily inconsistent for the jury to find that the breach of the express terms did not cause any injury while finding that the breach of the implied covenant of good faith and fair dealing did cause legal injury." *Froom Dev. Corp. v. Developers Realty, Inc.*, 972 A.2d 239, 247 (Conn. App. Ct. 2009). "Although the covenant of good faith and fair dealing is implied in every contract, a plaintiff cannot state a claim for breach of the implied covenant simply by alleging a breach of the contract, in and of itself."  *Blumberg Assocs. Worldwide, Inc. v. Brown & Brown of Conn., Inc.*, 30 A.3d 38, 48 (Conn. App. 2011). |
| Delaware | "Stated in its most general terms, the implied covenant requires 'a party in a contractual relationship to refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits' of the bargain. Thus, parties are liable for breaching the covenant when their conduct frustrates the 'overarching purpose' of the contract by taking advantage of their position to control |

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
**BREACH OF CONTRACT & IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING**

|  |  |
|---|---|
|  | implementation of the agreement's terms. This Court has recognized 'the occasional necessity' of implying contract terms to ensure the parties' 'reasonable expectations' are fulfilled.  This quasi-reformation, however, 'should be [a] rare and fact-intensive' exercise, governed solely by 'issues of compelling fairness.'  Only when it is clear from the writing that the contracting parties 'would have agreed to proscribe the act later complained of . . . had they thought to negotiate with respect to that matter' may a party invoke the covenant's protections." *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 442 (Del. 2005) (citations omitted).<br><br>        Damages awarded are concurrent with those awarded for breach of the contract's explicit provisions. Typically, damages for breach of contract are limited to the non-breaching parties' expectation interest.  *E.I. DuPont de Nemours & Co. v. Pressman*, 679 A.2d 436, 445 (Del. 1996). |
| Kansas |         Kansas courts imply a duty of good faith and fair dealing in every contract. Parties shall not intentionally and purposely do anything to prevent the other party from carrying out his part of the agreement, or do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. Good faith is a compact reference to an implied undertaking not to take opportunistic advantage in a way that could not have been contemplated at the time of drafting, and which therefore was not resolved explicitly by the parties.  Although courts often refer to the obligation of good faith that exists in every contractual relation, this is not an invitation to the court to decide whether one party ought to have exercised privileges expressly reserved in the document.  *Kansas Baptist Convention v. Mesa Operating Ltd. P'ship*, 864 P.2d 204, 211, 213-14 (Kan. 1993).<br><br>        Implied covenant of good faith and fair dealing has been recognized except in termination of employment contracts.  *Morriss v. Coleman Co.*, 738 P.2d 841, 849 (Kan. 1987).  A party can breach the implied covenant of good faith and fair dealing absent a specific covenant to which it must apply. The Kansas Supreme Court has noted that Kansas courts will impose an obligation of good faith that would override express contract terms, except in the area of employment-at-will.  *Law v. Law Co. Bldg. Assocs.*, 210 P.3d 676, 682 (Kan. Ct. App. 2009). |
| Missouri |         Every Missouri contract carries an implied covenant of good faith and fair dealing. This covenant prevents one party to a contract from exercising a judgment conferred by the express terms of the agreement in a manner that evades the spirit of the transaction or denies the other party the expected benefit of the contract. The party claiming a breach of the implied covenant of good faith and fair dealing must present substantial evidence of the lack of good faith and fair dealing.  *Envtl. Prot., Inspection & Consulting, Inc. v. City of Kan. City*, 37 S.W.3d 360, 366 (Mo. Ct. App. 2000). |

761870_1

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
**BREACH OF CONTRACT & IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING**

| | |
|---|---|
| | The covenant of good faith and fair dealing encompasses an obligation imposed by law to prevent opportunistic behavior, that is, the exploitation of changing economic conditions to ensure gains in excess of those reasonably expected at the time of contracting. That duty prevents one party to the contract to exercise a judgment conferred by the express terms of agreement in such a manner as to evade the spirit of the transaction or so as to deny the other party the expected benefit of the contract. When a contract provides a single party with discretion, that discretion is not unlimited; it must not be exercised to deprive the other party of the benefit of the contractual relationship or evade the spirit of the bargain. *City of St. Joseph v. Lake Contrary Sewer Dist.*, 251 S.W.3d 362, 370 (Mo. Ct. App. 2008). |
| Nevada | An implied covenant of good faith and fair dealing exists in every Nevada contract and forbids arbitrary, unfair acts by one party that disadvantage the other. *J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1015-16 (Nev. 2004). Tort liability for breach of the implied covenant of good faith and fair dealing is appropriate where "'"the party in the superior or entrusted position"' has engaged in 'grievous and perfidious misconduct.'" *State v. Sutton*, 103 P.3d 8, 19 (Nev. 2004) (citation omitted). Furthermore, a successful plaintiff is entitled to compensation for all of the natural and probable consequences of the wrong, including injury to the feelings from humiliation, indignity and disgrace to the person. *Id.* |
| New Hampshire | There is an implied covenant that the parties will act in good faith and fairly with one another in every contract. *Livingston v. 18 Mile Point Drive*, 972 A.2d 1001, 1005-06 (N.H. 2009). Parties are prohibited from behavior inconsistent with: (1) the parties' agreed-upon common purpose and justified expectations; and (2) common standards of decency, fairness and reasonableness. *Id.*<br><br>A breach of contract standing alone does not give rise to a tort action for breach of good faith and fair dealing; however, if the facts constituting the breach of the contract also constitute a breach of duty owed by the defendant to the plaintiff independent of the contract, a separate tort for breach of good faith and fair dealing will lie. *Bennett v. ITT Hartford Group*, 846 A.2d 560, 564 (N.H. 2004). |
| New Jersey | Every contract in New Jersey contains an implied covenant of good faith and fair dealing. *Kalogeras v. 239 Broad Ave., L.L.C.*, 997 A.2d 943, 953 (N.J. 2010). A party shall not do anything that "'will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" *Palisades Props., Inc. v. Brunetti*, 207 A.2d 522, 531 (N.J. 1965) (citation omitted).<br><br>New Jersey recognizes the breach of the covenant of good faith and fair dealing as an independent cause of action. *Payne v. Fujifilm U.S.A., Inc.*, No. 07-385 (JAG), 2007 U.S. Dist. LEXIS 94765, at *34 (D.N.J. Dec. 28, 2007). The cause of action has been recognized in permitting the inclusion of terms and conditions which |

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
**BREACH OF CONTRACT & IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING**

| | |
|---|---|
| | have not been expressly set forth in the written contract, redressing bad faith performance of an agreement even where no express term has been breached, and permitting inquiry into a party's exercise of discretion expressly granted by a contract's terms. *Id.* |
| North Carolina | Breach of the implied covenant may provide a separate cause of action. *Eli Research, Inc. v. United Commc'ns Grp., LLC*, 312 F. Supp. 2d 748, 761 (M.D.N.C. 2004) (noting that NC courts have considered good faith and fair dealing claims separately from breach of contract claims and holding the plaintiff sufficiently alleged two separate claims, one for good faith and fair dealing and one for breach of contract). |
| Oregon | There is an implied covenant of good faith and fair dealing in the performance and enforcement of every contract. *Comini v. Union Oil Co.*, 562 P.2d 175, 176-77 (Or. 1977); *United States Nat'l Bank v. Boge*, 814 P.2d 1082, 1085-86 (Or. 1991). The duty requires that parties act consistent with and in furtherance of the agreed upon terms of the contract and to "effectuate the reasonable contractual expectations of the parties." *Best v. United States Nat'l Bank*, 739 P.2d 554, 558 (Or. 1987); *Boge*, 814 P.2d at 1092. The common-law implied duty of good faith and fair dealing serves to effectuate the objectively reasonable expectations of the parties. *Klamath Off-Project Water Users, Inc. v. PacifiCorp*, 240 P.3d 94, 101 (Or. Ct. App. 2010). A claim for breach of the duty of good faith and fair dealing may be pursued independently of a claim for breach of the express terms of the contract. *Id.* |
| Vermont | An implied covenant of good faith and fair dealing exists in every contract. *Carmichael v. Adirondack Bottled Gas Corp.*, 635 A.2d 1211, 1217 (Vt. 1993). The covenant of good faith prohibits dealing that is unfair (such as taking advantage of the necessitous circumstances of the other party), "'evasion of the spirit of the bargain,'" and "'abuse of a power to specify terms.'" *Id.* (citation omitted). |
| | A breach for violation of the implied covenant may form a separate cause of action than for breach of contract, as long as the counts are based on different conduct. *Harsch Props. v. Nicholas,* 932 A.2d 1045, 1050 (Vt. 2007). |
| Wisconsin | An implied duty of good faith accompanies every contract. *Brew City Redevelopment Group, LLC v. Ferchill Group*, 714 N.W.2d 582, 590 (Wis. Ct. App.), *aff'd*, 724 N.W.2d 879 (2006). The duty represents "a guarantee by each party that he or she 'will not intentionally and purposely do anything to prevent the other party from carrying out his or her part of the agreement, or do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" *Tang v. C.A.R.S. Prot. Plus, Inc.*, 734 N.W.2d 169, 183 (Wis. Ct. App. 2007). |
| | A party may be liable for breach of the implied contractual covenant of good faith even though all the |

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)

**BREACH OF CONTRACT & IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING**

| | |
|---|---|
| | terms of the written agreement are fulfilled.  *Foseid v. State Bank*, 541 N.W.2d 203, 212 (Wis. Ct. App. 1995). |

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
**BREACH OF CONTRACT & IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING**

| | |
|---|---|
| **GOOD FAITH AND FAIR DEALING SUBCLASS #2** <br><br>**IMPLIED COVENANT NOT A SEPARATE CAUSE OF ACTION &** <br>**BREACH OF CONTRACT HAS FOUR ELEMENTS:** <br><br>**(1) A valid contract; (2) Plaintiffs' performance under the contract or excuse;** <br>**(3) Defendant's breach; and (4) Resulting damages** | |
| States | Alaska, Colorado, Georgia, Illinois, Indiana, Iowa, Maryland, Massachusetts, Nebraska, New York, Ohio |
| Class Representative | John Brown – New York |
| **Elements of Breach of Implied Covenant of Good Faith & Fair Dealing** | |
| Alaska | The covenant of good faith and fair dealing is implied in all contracts in Alaska.  Where a party has promised to attempt to satisfy a condition, the attempt must be made in good faith. A party must act in subjective good faith, meaning that it cannot act to deprive the other party of the explicit benefits of the contract, and in objective good faith, which consists of acting in a manner that a reasonable person would regard as fair.  *Casey v. Semco Energy, Inc.*, 92 P.3d 379, 384-85 (Alaska 2004).  Breach of the implied covenant may be either subjective **or** objective.  *Willard v. Khotol Servs. Corp.*, 171 P.3d 108, 113-14 (Alaska 2007) (to prove breach on subjective grounds there must be a bad-faith purpose, on objective grounds each party is to act in a "'manner which a reasonable person would regard as fair'") (citation omitted).<br><br>    Where a duty of one party is subject to the occurrence of a condition, the additional duty of good faith and fair dealing may require refraining from conduct that will prevent or hinder the occurrence of that condition or taking affirmative steps to cause its occurrence.  But the purpose of the covenant is to effectuate the reasonable expectations of the parties, not add to them, and cannot be interpreted to prohibit what is expressly permitted.  *Casey*, 92 P.3d at 384-85. |

761870_1

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
**BREACH OF CONTRACT & IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING**

|  |  |
|---|---|
|  | The obligation of good faith and fair dealing is one sounding in contract, not in tort. *Great W. Sav. Bank v. George W. Easley Co.*, 778 P.2d 569, 580 (Alaska 1989). The tort remedy is only available in the surety or insurance context and Alaska has specifically declined to extend a tort remedy to commercial and employment contracts. *Municipality of Anchorage v. Gentile*, 922 P.2d 248, 260 (Alaska 1996) (citing *Dep't of Nat'l Res. v. Transamerica Premier Ins. Co.*, 856 P.2d 766, 774 (Alaska 1993)). |
| **Elements of Breach of Contract** ||
| Alaska | A plaintiff must prove the existence of a valid, enforceable contract in order to maintain an action for breach of contract. *Native Village of Stevens v. Alaska Mgmt. & Planning*, 757 P.2d 32, 42-43 (Alaska 1988). Formation of contract requires offer, encompassing all essential terms, unequivocal acceptance by offeree of offer, consideration, and intent to be bound by the offer. *Reust v. Alaska Petroleum Contractors, Inc.*, 127 P.3d 807, 811 n.3 (Alaska 2005). A party to a contract who complains that the other party has breached the terms of a contract must prove performance on his own part, or a valid tender rejected by the other party. *Commercial Recycling Ctr., Ltd. v. Hobbs Indus.*, 228 P.3d 93, 98-99 (Alaska 2010). Damages resulting from breach are a required element in a breach of contract action. *Winn v. Mannhalter*, 708 P.2d 444, 450 (Alaska 1985). |
| **Elements of Breach of Implied Covenant of Good Faith & Fair Dealing** ||
| Colorado | The good faith performance doctrine is generally used to effectuate the intentions of the parties or to honor their reasonable expectations. Good faith performance of a contract involves faithfulness to an agreed common purpose and consistency with the justified expectations of the other party. The application of the reasonable expectations doctrine often fails to give effect to some hornbook rules governing the construction of contracts, including the precept that contracts which are free from ambiguity are to be enforced as written. Nonetheless, adherence to this principle promotes the central policy underlying contract law, that of construing contracts so as to effectuate the parties' intentions.<br><br>The duty of good faith and fair dealing applies when one party has discretionary authority to determine certain terms of the contract, such as quantity, price, or time. The covenant may be relied upon only when the manner of performance under a specific contract term allows for discretion on the part of either party. However, it will not contradict terms or conditions for which a party has bargained.<br><br>The concept of discretion in performance refers to one party's power after contract formation to set or control the terms of performance. Discretion occurs when the parties, at formation, defer a decision regarding performance terms of the contract. Generally, the good faith performance doctrine may be used to protect a "weaker" party from a "stronger" party. Weakness and strength in this context, however, do not refer to the |

9

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
**BREACH OF CONTRACT & IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING**

<table>
<tr>
<td></td>
<td>relative bargaining power of the parties.  Good faith performance cases typically involve arm's-length transactions, often between sophisticated businesspersons. The relative strength of the party exercising discretion typically arises from an agreement of the parties to confer control of a contract term on that party. The dependent party then is left to the good faith of the party in control. *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 498-99 (Colo. 1995).<br><br>A breach of the implied covenant constitutes a breach of an obligation created by the contract, rather than breach of an obligation arising independently from the contract.  Colorado courts have determined that in contractual disputes not arising in the employment context no independent tort claim for alleged breach of an implied covenant of good faith and fair dealing exists.  *Decker v. Browning-Ferris Indus.*, 931 P.2d 436, 442 (Colo. 1997).</td>
</tr>
<tr>
<td colspan="2" align="center">**Elements of Breach of Contract**</td>
</tr>
<tr>
<td>Colorado</td>
<td>Elements for a breach of contract claim are: (1) existence of contract; (2) performance by plaintiff or some justification for nonperformance; (3) failure to perform contract by defendants; and (4) resulting damages to plaintiff.  *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).</td>
</tr>
<tr>
<td colspan="2" align="center">**Elements of Breach of Implied Covenant of Good Faith & Fair Dealing**</td>
</tr>
<tr>
<td>Georgia</td>
<td>"'Every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement.'" *Brack v. Brownlee*, 273 S.E.2d 390, 392 (Ga. 1980) (citing *Restatement (Second) of Contracts* §231 (1981)) (cited in *White v. Wachovia Bank, N.A.*, 563 F. Supp. 2d 1358, 1363 (N.D. Ga. 2008)).<br><br>The implied duty of good faith and fair dealing requires both parties to a contract to perform their promises and provide such cooperation as is required for the other party's performance. And, where the manner of performance is left more or less to the discretion of one of the parties to the contract, he is bound to the exercise of good faith.  The only exceptions to this rule are where an agreement by its express terms grants the party absolute or uncontrolled discretion in making a decision or where the contract is a leasehold contract. Good faith and reasonableness for purposes of the implied covenant of good faith and fair dealing do not comprehend arbitrary or capricious reasons or considerations based on pecuniary gain, or merely personal preferences; rather they refer to considerations of fairness and commercial reasonableness.  *ULQ, LLC v. Meder*, 666 S.E.2d 713, 717 (Ga. Ct. App. 2008).<br><br>The Eleventh Circuit, in interpreting Georgia law, explained the concept succinctly: "'The "covenant" [to perform in good faith] is not an independent contract term.  It is a doctrine that modifies the meaning of all</td>
</tr>
</table>

10

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)

**BREACH OF CONTRACT & IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING**

| | |
|---|---|
| | explicit terms in a contract, preventing a breach of those explicit terms de facto when performance is maintained de jure.'" *Stuart Enters. Int'l, Inc. v. Peykan, Inc.*, 555 S.E.2d 881, 883-84 (Ga. Ct. App. 2001) (citing *Alan's of Atlanta, Inc. v. Minolta Corp.*, 903 F.2d 1414, 1429 (11th Cir. 1990)). |
| | |
| | The implied covenant of good faith modifies, and becomes part of, the provisions of the contract itself. As such, the covenant is not independent of the contract. *Stuart Enters.*, 555 S.E.2d at 884.  "Georgia law does not provide for an independent cause of action for breach of the common law covenants of good faith and fair dealing absent some allegation of a breach of an express contract provision. . . .  Wachovia failed to exercise in good faith the discretion conferred to it by [provisions] of the Deposit Agreement, and by doing so, breached those provisions *de facto*."  *White*, 563 F. Supp. 2d at 1364 n.9.  Under such circumstances that supports an action even where Wachovia performed according to the terms de jure. |
| | **Elements of Breach of Contract** |
| Georgia | The elements for a breach of contract claim in Georgia are breach of a valid contract, resultant damages, to the party who has the right to complain about the contract being broken.  *Kuritzky v. Emory Univ.*, 669 S.E.2d 179, 181 (Ga. Ct. App. 2008).  The elements for a breach of contract claim in Georgia are the breach, which must be more than de minimis, and the resultant damages to the party having the right to complain about the contract being broken.  *TechBios, Inc. v. Champagne*, 688 S.E.2d 378, 381 (Ga. Ct. App. 2009). |
| | **Elements of Breach of Implied Covenant of Good Faith & Fair Dealing** |
| Illinois | The principle of good faith and fair dealing ensures that parties do not try to take advantage of each other in a way that could not have been contemplated at the time the contract was drafted or to do anything that will destroy the other party's right to receive the benefit of the contract.  *Voyles v. Sandia Mortg. Corp.*, 751 N.E.2d 1126, 1131 (Ill. 2001). |
| | |
| | Every contract implies good faith and fair dealing between the parties to it, and where an instrument is susceptible of two conflicting constructions, one which imputes bad faith to one of the parties and the other does not, the latter construction should be adopted.  This good faith principle is used only as a construction aid in determining the intent of the contracting parties.  Where a contract specifically vests one of the parties with broad discretion in performing a term of the contract, the covenant of good faith and fair dealing requires that the discretion be exercised reasonably and with proper motive, not arbitrarily, capriciously, or in a manner inconsistent with the reasonable expectations of the parties.  A plaintiff must plead existence of contractual discretion.  The good faith duty to exercise contractual discretion reasonably does not apply where no contractual discretion exists.  *Mid-W. Energy Consultants, Inc. v. Covenant Home, Inc.*, 815 N.E.2d 911, 914-16 |

11

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)

**BREACH OF CONTRACT & IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING**

| | |
|---|---|
| | (Ill. App. Ct. 2004).<br><br>    The implied covenant of good faith and fair dealing is a contractual covenant and is not generally recognized as an independent source of duties giving rise to a cause of action in tort. *Voyles*, 751 N.E.2d at 1131. |
| **Elements of Breach of Contract** ||
| Illinois | The elements of a breach of contract claim are: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff. *Henderson-Smith & Assocs. v. Nahamani Family Serv. Ctr.*, 752 N.E.2d 33, 43 (Ill. App. Ct. 2001); *Sherman v. Ryan*, 911 N.E.2d 378, 397 (Ill. App. Ct. 2009). |
| **Elements of Breach of Implied Covenant of Good Faith & Fair Dealing** ||
| Indiana | "We decline to hold that the relationship between a bank and a checking account holder is always necessarily a fiduciary one. However, we do believe the relationship invokes a duty of good faith and fair dealing to at least the same extent as does a buyer-seller relationship.  A bank is inherently in a position superior to its checking account holders, who, in order to conduct their business, must depend on the bank to protect the account holder's funds and to honor checks on the account holder's account when they are properly presented for payment.  The bank and account holder relationship, like the buyer and seller relationship, is sufficient to support an inference of fraud, and Wells' pleadings thus allege the first element of constructive fraud." *Wells v. Stone City Bank*, 691 N.E.2d 1246, 1251 (Ind. Ct. App. 1998). |
| **Elements of Breach of Contract** ||
| Indiana | The elements of a breach of contract action are: the existence of a contract; the defendant's breach; and damages. *McKeighen v. Daviess County Fair Bd.*, 918 N.E.2d 717, 721 (Ind. Ct. App. 2009).  Generally where one seeks recovery of damages from another whom he alleges has violated the terms of a contract, plaintiff must both allege and prove that he himself performed or offered to perform the terms of he contract up to the time of the alleged breach. *Clark Mut. Life Ins. Co. v. Lewis*, 217 N.E.2d 853, 857 (Ind. Ct. App. 1966). |
| **Elements of Breach of Implied Covenant of Good Faith & Fair Dealing** ||
| Iowa | "Every contract contains an implied covenant of good faith and fair dealing.  This covenant is breached when a party to a contract acts in a manner that is offensive to 'community standards of decency, fairness and reasonableness.'  'Subterfuges and evasions violate the obligation of good faith in performance even though the actor believes his conduct to be justified.'  Whether this covenant is breached, as well as the appropriate remedy, depend on the circumstances of each case." *Vlieger v. Farm for Profit, Research & Dev., Corp.*, No. 5-389/04-876, 2005 Iowa App. LEXIS 858, at *4-*5 (Iowa Ct. App. Aug. 17, 2005) (the court's decision is referenced in a "Decisions Without Published Opinions" table in the North Western Reporter) (citations omitted). |

12

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
**BREACH OF CONTRACT & IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING**

|  |  |
|---|---|
|  | "While no Iowa Court has detailed the limits of the covenant, we believe that the Iowa Supreme court would conclude that the covenant does not 'give rise to new substantive terms that do not otherwise exist in the contract.'" *Mid-Am. Real Estate Co. v. Iowa Realty Co.*, 406 F.3d 969, 974 (8th Cir. 2005). |
| **Elements of Breach of Contract** ||
| Iowa | In a breach of contract claim, the complaining party must prove: a valid contract with its terms and conditions; plaintiff performed all the terms and conditions required under the contract; the defendant's breach of the contract in some particular way; and the plaintiff has suffered damages as a result of the breach. *Molo Oil Co. v. River City Ford Truck Sales*, 578 N.W.2d 222, 224 (Iowa 1998). |
| **Elements of Breach of Implied Covenant of Good Faith & Fair Dealing** ||
| Maryland | A contract in Maryland gives rise to an implied duty of good faith and fair dealing.  That duty concerns the performance and enforcement of the contract itself.  "[T]he covenant of good faith and fair dealing 'does not obligate a party to take affirmative actions that the party is clearly not required to take under the contract.'  Rather, the duty 'simply prohibits one party to a contract from acting in such a manner as to prevent the other party from performing his obligations under the contract.'  In short, while the implied duty of good faith and fair dealing recognized in Maryland requires that one party to a contract not frustrate the other party's performance, it is not understood to interpose new obligations about which the contract is silent, even if inclusion of the obligation is thought to be logical and wise. An implied duty is simply recognition of conditions inherent in expressed promises." *Blondell v. Littlepage*, 991 A.2d 80, 90-91 (Md. 2010) (citations omitted).<br><br>Where, as here, personal taste does not provide the basis for the exercise of discretion, an objective standard of what constitutes good faith and fair dealing applies. *See Clancy v. King*, 954 A.2d 1092, 1108 (Md. 2008). The obligation of good faith and fair dealing requires a party exercising discretion to do so in accordance with the "reasonable expectations" of the other party.  *Questar Builders, Inc. v. CB Flooring, LLC*, 978 A.2d 651, 675-76 (Md. 2009) (citing Steven J. Burton & Eric G. Anderson, *Contractual Good Faith: Formation, Performance, Breach, Enforcement* §2.3.3 (Little Brown & Co. 1995)).  What constitutes a "reasonable expectation," of course, depends on the language of the contract. *Id.* (citing Burton & Anderson, §3.3.4). We agree with Professors Burton and Anderson, who explain: "This accommodation requires meaningful review because a discretion-exercising party may be called upon to justify its actions by giving its reasons. A court or jury must decide whether those reasons reasonably deserved significant weight and were among the reasons allowed by the contract. If they satisfy these criteria, then the discretion exercising party performed in good faith. At the same time, this standard requires deference to the discretion exercising party, not judge or jury. |

13

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
**BREACH OF CONTRACT & IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING**

|  | Accordingly, a reasonableness standard allows meaningful legal review of discretion without overreaching – a deferential standard that bites." *Id.*<br><br>Maryland does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing, and the allegations making up such a claim should be pursued under a plaintiff's breach of contract claim. *Magnetti v. Univ. of Md.*, 909 A.2d 1101, 1105 n.3 (Md. Ct. Spec. App. 2006) *aff'd*, 937 A.2d 219 (Md. 2007). |
|---|---|
| **Elements of Breach of Contract** ||
| Maryland | To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation. *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001). A party's failure to comply with the contract bars his breach of contract claim. *County Comm'rs of Caroline County v. J. Roland Dashiell & Sons, Inc.*, 747 A.2d 600, 602 (Md. 2000); *K&K Mgmt., Inc. v. Lee*, 557 A.2d 965, 971 (Md. 1989) (in order for plaintiffs to recover damages for breach of contract they must prove that the defendant breached the contract and the plaintiffs did not themselves commit a material breach of that contract). |
| **Elements of Breach of Implied Covenant of Good Faith & Fair Dealing** ||
| Massachusetts | Every contract in Massachusetts is subject, to some extent, to an implied covenant of good faith and fair dealing. This implied covenant may not be invoked to create rights and duties not otherwise provided for in the existing contractual relationship, but rather concerns the manner of performance. It has been explained that the implied covenant exists so that the objectives of the contract may be realized. *Ayash v. Dana-Farber Cancer Inst.*, 822 N.E.2d 667, 683-84 (Mass. 2005). The purpose of the covenant is to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance under the contract. *Uno Rests., Inc. v. Boston Kenmore Realty Corp.*, 805 N.E.2d 957, 964 (Mass. 2004).<br><br>The concept of good faith and fair dealing in any one context is shaped by the nature of the contractual relationship from which the implied covenant derives. The scope of the covenant is only as broad as the contract that governs the particular relationship. *Ayash*, 822 N.E.2d at 684. |
| **Elements of Breach of Contract** ||
| Massachusetts | To succeed in a breach of contract claim, plaintiff must prove four elements: (1) that there was an agreement supported by valid consideration; (2) that they were ready, willing, and able to perform; (3) that defendant's breach prevented plaintiff's performance; and (4) that plaintiff suffered damages. *Singarella v. City of Boston*, 173 N.E.2d 290, 291 (Mass. 1961); *Penry v. Haese*, 925 N.E.2d 572 (Mass. App. Ct. 2010). |

## *Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
### BREACH OF CONTRACT & IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING

| | |
|---|---|
| | "[Plaintiff] must show 1) there is a contract, 2) [plaintiff] performed his duties under the contract, 3) the [defendant] breached the contract, and 4) [plaintiff] suffered damages as a result of the defendants' breach." *Porcaro v. Chen*, No. 0402896, 2005 WL 3729056 (Mass. Super. Dec. 29, 2005) (citing Restatement (Second) of Contracts, §1 (1979)). |
| | **Elements of Breach of Implied Covenant of Good Faith & Fair Dealing** |
| Nebraska | A covenant of good faith and fair dealing exists in every contract. *Reichert v. Hammond*, 645 N.W.2d 519 (Neb. 2002).  The nature and extent of the covenant's protections are measured by the justifiable expectations of the parties; where one party acts arbitrarily, capriciously, or unreasonably he offends the justifiable expectation of the second party. *Spanish Oaks, Inc. v. Hy-Vee, Inc.*, 655 N.W.2d 390, 400 (Neb. 2003).<br><br>Breach of an implied duty of good faith and fair dealing affords a contract remedy.  Nebraska only recognizes a separate tort claim for the violation of an implied duty of good faith and fair dealing for third-party and first-party claims against insurance companies. *Lincoln Benefit Life Co. v. Edwards*, 243 F.3d 457, 465 (8th Cir. 2001). |
| | **Elements of Breach of Contract** |
| Nebraska | In order to recover in an action for breach of contract, the plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the defendant's duty. *Phipps v. Skyview Farms, Inc.*, 610 N.W.2d 723, 730 (Neb. 2000). |
| | **Elements of Breach of Implied Covenant of Good Faith & Fair Dealing** |
| New York | In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance. *511 W. 232nd Owners Corp. v. Jennifer Realty Co.*, 773 N.E.2d 496, 500 (N.Y. 2002).  Implied covenant of good faith and fair dealing embraces pledge that neither party to contract shall do anything that will have effect of destroying or injuring other party's right to receive the fruits of the contract. *MBIA Ins. Co. v. GMAC Mortg. LLC*, 914 N.Y.S.2d 604, 611 (N.Y. Sup. Ct. 2010).<br><br>There is no separate claim for breach of the implied covenant of good faith and fair dealing; it is a form of breach of contract claim. *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002). |
| | **Elements of Breach of Contract** |
| New York | The essential elements of a cause of action to recover damages for breach of contract: the existence of a contract; the plaintiff's performance under the contract; the defendant's breach of that contract; and resulting damages. *JP Morgan Chase v. J.H. Elec. of N.Y., Inc.*, 69 A.D.3d 802, 803 (N.Y. App. Div. 2010). |

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
**BREACH OF CONTRACT & IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING**

|  |  |
|---|---|
| | **Elements of Breach of Implied Covenant of Good Faith & Fair Dealing** |
| Ohio | The duty of good faith and fair dealing is integral to any contract.  *Ireton v. JTD Realty Invs., LLC*, No. CA2010-04-023, 2011 Ohio App. LEXIS 558, at \*7 (Ohio Ct. App. Feb. 14, 2011); *cf. Fodor v. First Nat'l Supermarkets, Inc.*, 589 N.E.2d 17, 20 (Ohio 1992) (concurrence, suggesting Ohio Supreme Court refuses to apply the implied covenant of good faith and fair dealing to employment relationships).  The duty of good faith applies where one party has discretionary authority to determine certain terms of the contract and requires the parties to deal reasonably with each other.  *DavCo. Acquisition Holding, Inc. v. Wendy's Int'l, Inc.*, No. 2:07-cv-1064, 2008 U.S. Dist. LEXIS 27108 (S.D. Ohio Mar. 19, 2008). <br><br> Most Ohio courts hold that there is no claim for breach of the implied covenants of good faith and fair dealing independent of a breach of contract action.  *See, e.g.*, *Mortg. Elec. Registration Sys. v. Mosley*, No. 93170, 2010 Ohio App. LEXIS 2380, at \*32-\*33 (Ohio Ct. App. June 24, 2010).  A few courts have recognized a separate cause of action in the insurance context.  *Walton v. Residential Fin. Corp.*, 905 N.E.2d 1307 (Ohio 2009). |
| | **Elements of Breach of Contract** |
| Ohio | The elements of a breach of contract claim are the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.  *State v. Ferreira*, No. L-06-1136, 2006 Ohio LEXIS 6003 (Ohio Ct. App. Nov. 17, 2006). |

16

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
**BREACH OF CONTRACT & IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING**

| | |
|---|---|
| **GOOD FAITH AND FAIR DEALING SUBCLASS #3**<br><br>**IMPLIED COVENANT NOT A SEPARATE CAUSE OF ACTION**<br>**BREACH OF CONTRACT REQUIRES A MATERIAL BREACH:**<br><br>**(1) Valid contract; (2) Defendant's material breach; and (3) Resulting damages** | |
| States | Alabama, Florida, Maine, New Mexico, Pennsylvania |
| Class Representative | J.R. Everett – Florida |
| **Elements of Breach of Implied Covenant of Good Faith & Fair Dealing** | |
| Alabama | There is an implied covenant of good faith and fair dealing that neither party shall do anything that will have the effect of destroying or injuring the rights of the other party to receive the fruits of the contract. *Shoney's LLC v. MAC East, LLC*, 27 So. 3d 1216, 1220 n.5 (Ala. 2009). Besides forbidding attempts to prevent the other party from getting the consideration for which he bargained through breach or use of technical provisions contained in the contract, the principle of good faith and fair dealing forbids attempts by the actor to get more for himself than the other party reasonably contemplated giving him at the time the contractual relationship was entered into, absent good cause. For example, an employment contract specifically required satisfactory performance; an employee was discharged for nonperformance even though the employer was aware that the employee was physically unable to perform. *Hoffman-La Roche, Inc. v. Campbell*, 512 So. 2d 725, 738 (Ala. 1987).<br><br>Bad faith is not actionable unless there is an identifiable breach of specific contractual terms. In other words, if there is no identifiable breach in the performance of the specific terms, then there is no contractual cause of action for breach of an implied duty of good faith. *Lake Martin/Alabama Power Licensee Ass'n v. Alabama Power Co.*, 601 So. 2d 942, 945 (Ala. 1992). |
| **Elements of Breach of Contract** | |
| Alabama | To succeed in a breach-of-contract action, a claimant must prove a material breach of the contract. *Abernant Fire Dept. v. Rhodes*, 21 So. 3d 739 (Ala. Civ. App. 2009). A material breach of a contract is one that touches the |

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
**BREACH OF CONTRACT & IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING**

| | |
|---|---|
| | fundamental purposes of the contract and defeats the object of the parties in making the contract.  *Stockton v. CKPD Dev. Co., LLC*, 936 So. 2d 1065, 1078 (Ala. Civ. App. 2005). |
| **Elements of Breach of Implied Covenant of Good Faith & Fair Dealing** | |
| Florida | The covenant is intended to protect the reasonable expectations of the parties in light of their express agreement.  *Ins. Concepts & Design, Inc. v. Healthplan Servs.*, 785 So. 2d 1232, 1234 (Fla. Dist. Ct. App. 2001).  The doctrine of implied covenant of good faith cannot be used to vary the terms of an express contract.  A duty of good faith must relate to performance of an express term of the contract and is not an abstract and independent term of a contract.  It must be anchored to the performance of an express contractual obligation.  There can be no cause of action for a breach of the implied covenant absent breach of an express term of the contract.  *Flagship Resort Dev. Corp. v. Interval Int'l, Inc.*, 28 So. 3d 915, 924 (Fla. Dist. Ct. App. 2010).**]**<br><br>    A claim for breach of the implied covenant of good faith and fair dealing cannot be maintained under Florida law absent an allegation that an express term of the contract was breached.  *Ins. Concepts & Design*, 785 So. 2d at 1234. |
| **Elements of Breach of Contract** | |
| Florida | A contract action requires three elements: (1) a valid contract; (2) a material breach; and (3) damages.  *Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. Dist. Ct. App. 2008).  To constitute a vital or material breach, a defendant's nonperformance of a contract must be such as to go to the essence of the contract; it must be the type of breach that would discharge the injured party from further contractual duty on his part but a defendant's failure to perform some minor part of his contractual duty cannot be classified as a material or vital breach.  *Atlanta Jet v. Liberty Aircraft Servs., LLC*, 866 So. 2d 148, 150 (Fla. Dist. Ct. App. 2004).  A material breach by one party may be considered a discharge of the other party's obligations there under.  A party to a contract is not entitled to specific performance where that party did not perform its obligations under the clear terms of the contract.  *Nacoochee Corp. v. Pickett*, 948 So. 2d 26, 30 (Fla. Dist. Ct. App. 2006). |
| **Elements of Breach of Implied Covenant of Good Faith & Fair Dealing** | |
| Maine | We have recognized that the former Uniform Commercial Code, §1-203, imposes a duty of good faith and fair dealing by banks, requiring "'honesty in fact in the conduct or transaction concerned.'"  *First NH Banks Granite State v. Scarborough*, 615 A.2d 248, 250 (Me. 1992) (citation omitted). |
| **Elements of Breach of Contract** | |
| Maine | Breach of contract consists of: a meeting of the minds; consideration; and mutuality of obligations.  *Dom J. Moreau & Son, Inc. v. Fed. Pac. Elec. Co.*, 378 A.2d 151, 153 (Me. 1977).  To prevail on a contract claim, there must be a: (1) breach of a material contract term; (2) causation; and (3) damages.  *Maine Energy Recovery* |

18

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
**BREACH OF CONTRACT & IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING**

| | |
|---|---|
| | *Co. v. United Steel Structures, Inc.*, 724 A.2d 1248, 1250 (Me. 1999). Plaintiff properly pled a cause of action for breach of contract upon showing: the existence of a contract; plaintiff's performance; defendant's breach; damages. *Anderson v. E. Coupling Co.*, 81 A. 167, 168-69 (Me. 1911). |
| **Elements of Breach of Implied Covenant of Good Faith & Fair Dealing** | |
| New Mexico | "[E]very contract imposes a duty of good faith and fair dealing on the parties with respect to the performance and enforcement of the terms of the contract." *Sanders v. FedEx Ground Package Sys.*, 188 P.3d 1200, 1203 (N.M. 2008).<br><br>The inquiry regarding good faith and fair dealing is "'[w]hether there has been a breach of the covenant of good faith and fair dealing is a factual inquiry that focuses on the contract and what the parties agreed to.'" *Sanders*, 188 P.3d at 1208 (citation omitted). |
| **Elements of Breach of Contract** | |
| New Mexico | The elements of a breach of contract claim are: a valid contract; a material breach; causation; and damages. *Camino Real Mobile Home Park P'ship v. Wolfe*, 891 P.2d 1190 (N.M. 1995).<br><br>"Some courts have described a material breach as the 'failure to do something that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract.' Put another way, a material breach 'is one which touches the fundamental purpose of the contract and defeats the object of the parties in entering into the contract.' Other courts have noted that a material breach occurs when there is a breach of "'an essential and inducing feature of the contract[].'"<br><br>The Restatement also provides a useful framework for analyzing whether a breach of contract is material. In particular, the Restatement sets forth five factors that courts should consider when deciding the materiality of a breach of contract. [*See Restatement (Second) of Contracts*, § 241 (1981).] One factor to examine is the extent to which the injured party will be deprived of the benefit he or she reasonably expected to receive from the contract. Another factor considers the extent to which the breaching party will suffer forfeiture if the breach is deemed material. Courts should also explore whether the injured party can be adequately compensated in damages for the breach. A fourth factor focuses on the likelihood that the breaching party will cure his or her failure to perform under the contract. And the fifth factor evaluates whether the breaching party's conduct comported with the standards of good faith and fair dealing." *Famiglietta v. Ivie-Miller Enters., Inc.*, 966 P.2d 777, 782 (N.M. Ct. App. 1998) (citations omitted). |
| **Elements of Breach of Implied Covenant of Good Faith & Fair Dealing** | |

19

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
**BREACH OF CONTRACT & IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING**

| | |
|---|---|
| Pennsylvania | A covenant of good faith and fair dealing is implied in every contract. *Kamco Indus. Sales, Inc. v. Lovejoy, Inc.*, No. 09-1407, 2011 WL 891825, at *7 (E.D. Pa. Mar. 10, 2011). Examples of breaches include "evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance." *Phila. Plaza -- Phase II v. Bank of Am. Nat'l Trust & Sav. Ass'n*, No. 3745, 2002 Phila. Ct. Com. Pl. LEXIS 14 (Pa. Com .Pl. June 21, 2002).<br><br>A breach of the covenant of good faith is nothing more than a breach of contract claim and that separate causes of action cannot be maintained for each, even in the alternative. *JHE, Inc. v. Se. Pennsylvania Transp. Auth.*, No. 1790 NOV. TERM 2001, 2002 WL 1018941, at *7 (Pa. Com. Pl. May 17, 2002). |
| **Elements of Breach of Contract** ||
| Pennsylvania | Breach of contract is validly pled upon a showing of three elements: a valid contract (including its essential terms); a material breach of a duty imposed by the contract; and resulting damages. *Principal Life Ins. Co. v. DeRose*, No. 1:08-CV-2294, 2009 U.S. Dist. LEXIS 109130, at *23 (M.D. Pa. Oct. 28, 2009). Material breach is "when there is a breach of contract going directly to the essence of the contract, which is so exceedingly grave as to irreparably damage the trust between the contracting parties, the non-breaching party may terminate the contract without notice, absent explicit contractual provisions to the contrary." *LJL Transp., Inc. v. Pilot Air Freight Corp.*, 962 A.2d 639, 652 (Pa. 2009). |

20

# EXHIBIT B

# *Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
## UNJUST ENRICHMENT SUBCLASSES

### I. OVERVIEW

Below are surveys related to the four proposed subclasses for unjust enrichment.  The first table sets forth those states in which Plaintiffs Tarla Makaeff and Sonny Low reside and that use the *Restatement's*[1] definition of unjust enrichment.  The second table sets forth those states in which Plaintiff J.R. Everett resides and that use the *Restatement's* definition but add an additional element requiring that the defendant have knowledge of the benefit received.  The third table lists states in which Plaintiff John Brown resides and that allow an unjust enrichment claim only if there is an inadequate remedy at law.  The fourth table lists the states in which Plaintiff Ed Oberkrom resides and that require wrongful conduct.

| UNJUST ENRICHMENT SUBCLASS #1: BASIC RESTATEMENT DEFINITION (1) Plaintiff conferred a benefit on Defendants; (2) Defendants accept/retain benefit; (3) under circumstances it would be unjust for Defendants to retain the benefit. | |
|---|---|
| States | Arkansas, California, Connecticut, District of Columbia, Hawaii, Michigan, Mississippi, Nebraska, New Hampshire, New Mexico, Vermont, West Virginia, Illinois |
| Class Representatives | Tarla Makaeff and Sonny Low – California |
| Case Law | |
| Arkansas | According to *Restatement (1st) Restitution* §1, a person who has been unjustly enriched at the expense of another is required to make restitution to the other.  *Frigillana v. Frigillana*, 584 S.W.2d 30, 35 (Ark. 1979).  For unjust enrichment, a party must have received something of value, to which he or she is not |

---

[1]      *Restatement (First) Restitution* §1 (1937) ("*Restatement (1st) Restitution*").

# *Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
## UNJUST ENRICHMENT SUBCLASSES

| | |
|---|---|
| | entitled and which he or she must restore.  Furthermore, "[a]n action based upon the doctrine of unjust enrichment is maintainable where one person has received money or its equivalent under such circumstances that, in equity and good conscience, he or she ought not to retain it." *Id.* at 30.  Unjust enrichment is an equitable doctrine.  It is the principle that one person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made, and where such action involves no violation or frustration of law or opposition to public policy, either directly or indirectly. *R.K. Enters., LLC v. Pro-Comp Mgmt., Inc.*, 272 S.W.3d 85, 89 (Ark. 2008). |
| California | Under the law of restitution, an individual may be required to make restitution if he is unjustly enriched at the expense of another. *Restatement (1st) Restitution* §1.  A person is enriched if he receives a benefit at another's expense.  *Id.* cmt. a. The term "benefit" "denotes any form of advantage." *Id.* cmt. b. A benefit is conferred not only when one adds to the property of another, but also when one saves the other from expense or loss. Even when a person has received a benefit from another, he is required to make restitution "only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it." *Ghirardo v. Antonioli*, 14 Cal. 4th 39, 51, 924 P.2d 996, 1003 (1996) (citation omitted); *see also In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1180 (S.D. Cal. 2010) ("California courts permit a plaintiff to invoke the doctrine of unjust enrichment."); *Marilao v. McDonald's Corp.*, No. 09-CV-01014-H (AJB), 2009 U.S. Dist. LEXIS 86150, at *11 (S.D. Cal. Sept. 21, 2009) ("Plaintiff has sufficiently alleged a cause of action for unjust enrichment."). |
| Connecticut | Unjust enrichment doctrine is based upon the principle that one should not be permitted unjustly to enrich himself at the expense of another but should be required to make restitution of or for property received, retained or appropriated.  The question is: Did the party liable, to the detriment of someone else, obtain something of value to which the party liable was not entitled?  Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment. *Town of New Hartford v. Connecticut Res. Recovery Auth.*, 970 A.2d 592, 610 (Conn. 2009). |
| District of Columbia | Unjust enrichment occurs when a person retains a benefit (usually money), which in justice and equity belongs to another. *Hillyard v. Smither & Mayton, Inc.,* 76 A.2d 166, 167 (D.C. Cir. 1950); *Restatement (1st) Restitution* §1 cmt. A .  In such a case, the recipient of the benefit has a duty to make restitution to the other |

### *Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
#### UNJUST ENRICHMENT SUBCLASSES

| | |
|---|---|
| | person if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for the recipient to retain it. *Id.* § 1 cmt. c. Thus the doctrine of unjust enrichment depends on whether it is fair and just for the recipient to retain the benefit, not on whether the person or persons who bestowed the benefit had any duty to do so.  "A claim of unjust enrichment does not require fault on the part of the recipient of the benefit." *4934, Inc. v. District of Columbia Dept. of Emp. Servs.*, 605 A.2d 50, 56 (D.C. Cir. 1992).  Unjust enrichment occurs when: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust.  *News World Commc'ns, Inc. v. Thompsen*, 878 A.2d 1218, 1222 (D.C. 2005). |
| Hawaii | It is a truism that "[a] person confers a benefit upon another if he gives to the other possession of or some other interest in money, land, chattels, or choses in action, or in any way adds to the other's security or advantage." *Restatement (1st) Restitution* §1 cmt. b. One who receives a benefit is of course enriched, and he would be unjustly enriched if its retention would be unjust.  *Id.* § 1 cmt. a.  It is axiomatic that a person who has been unjustly enriched at the expense of another is required to make restitution to the other.  *Id.* §1.  In deciding whether there should be restitution here, we are guided by the underlying conception of restitution, the prevention of injustice. *Durette v. Aloha Plastic Recycling, Inc.*, 100 P.3d 60, 72-73 (Haw. 2004). |
| Illinois | "The doctrine of unjust enrichment underlies a number of legal and equitable actions and remedies, including the equitable remedy of constructive trust and the legal actions of *assumpsit* and restitution or quasi-contract. To state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiffs detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.*, 545 N.E.2d 672, 678-79 (Ill. 1989) (internal citation omitted). *See also Fortech, L.L.C. v. R.W. Dunteman Co.*, 366 Ill. App. 3d 804, 818 (2006) ("A plaintiff, may recover under the theory of unjust enrichment if the defendant unjustly retained a benefit to plaintiff's detriment, and defendant's retention of the benefit violates the fundamental principles of justice, equity and good conscience.") (citation and internal quotation omitted). |
| Michigan | Under the equitable doctrine of unjust enrichment, "[a] person who has been unjustly enriched at the expense of another is required to make restitution to the other." *Restatement (1st) Restitution* §1. The remedy is one by which "'the law sometimes indulges in the fiction of a quasi or constructive contract, with an implied obligation to pay for benefits received' to ensure that 'exact justice'" is obtained. *Kammer Asphalt* |

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)

UNJUST ENRICHMENT SUBCLASSES

| | |
|---|---|
| | *Paving Co., Inc. v. E. China Twp. Sch.*, 504 N.W.2d 635, 640 (Mich. 1993) (citation omitted). Unjust enrichment is defined as the unjust retention of money or benefits, which in justice and equity belong to another.  "No person is unjustly enriched unless the retention of the benefit would be unjust." *Buell v. Orion State Bank,* 41 N.W.2d 472, 478 (Mich. 1950). |
| Mississippi | The theory of restitution is founded on the unjust enrichment of one at the expense of another.  *Powell v. Campbell*, 912 So. 2d 978, 982 (Miss. 2005) (citing *Fourth Davis Island Land Co. v. Parker*, 469 So.2d 516, 524 (Miss. 1985).  "'[T]he person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another.'" *Powell*, 912 So. 2d at 982 (citation omitted); *Restatement (1st) Restitution* §1).  An unjust enrichment action is based on a promise, which is implied in law, that one will pay a person what he is entitled to according to "equity and good conscience."  Thus, the action is based on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another.  "It is an obligation created by law in the absence of any agreement; therefore, it is an implied in law contract." *Id. 1704 21st Ave., Ltd. v. City of Gulfport*, 988 So. 2d 412, 416 (Miss. Ct. App. 2008). |
| Nebraska | A person shall not be allowed to enrich himself unjustly at the expense of another.  *Professional Recruiters, Inc. v. Oliver*, 456 N.W.2d 103, 108 (Neb. 1990).  "Even where a person has received a benefit from another, he is liable to pay therefor only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it." *Restatement (1st) Restitution* §1, cmt. c.  *Thomas v. Kearney Little League Baseball Ass'n*, 558 N.W.2d 842, 845 (Neb. Ct. App. 1997). |
| New Hampshire | The doctrine of unjust enrichment is that one shall not be allowed to profit or enrich himself at the expense of another contrary to equity.  *Pella Windows & Doors, Inc. v. Faraci*, 580 A.2d 732, 732-33 (N.H. 1990). |
| New Mexico | A person who has been unjustly enriched at the expense of another is required to make restitution to the other.  *Restatement (1st) Restitution* §1.  *Sunwest Bank of Albuquerque, N.A. v. Colucci*, 872 P.2d 346, 348 (N.M. 1994).  To prevail on a claim of unjust enrichment, one must show that: another has knowingly benefitted at one's expense in a manner such that allowance of the other to retain the benefit would be unjust. *See generally Restatement (1st) Restitution* §1; *Ontiveros Insulation Co., Inc. v. Sanchez*, 3 P.3d 695, 698 (N.M. Ct. App. 2000). |

761883_1

## *Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
### UNJUST ENRICHMENT SUBCLASSES

| | |
|---|---|
| Vermont | The equitable doctrine of unjust enrichment rests upon the principle that a man shall not be allowed to enrich himself unjustly at the expense of another.  *Legault v. Legault*, 459 A.2d 980, 984 (Vt. 1983). The elements of unjust enrichment are whether: (1) a benefit was conferred on defendant; (2) defendant accepted the benefit; and (3) defendant retained the benefit under such circumstances that it would be inequitable for defendant not to compensate plaintiff for its value.  *Reed v. Zurn*, 992 A.2d 1061, 1066 (Vt. 2010). |
| West Virginia | An implied contract arises from the principle of equity that one person may not enrich himself unjustly at the expense of another.  *Marshall v. Elmo Greer & Sons, Inc.*, 456 S.E.2d 554, 557 (W. Va.1995). "The Court has also indicated that if benefits have been received and retained under such circumstance that it would be inequitable and unconscionable to permit the party receiving them to avoid payment therefore, the law requires the party receiving the benefits to pay their reasonable value."  *Realmark Devs., Inc. v. Ranson*, 542 S.E.2d 880, 884-85 (W. Va. 2000). |

761883_1

## *Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
### UNJUST ENRICHMENT SUBCLASSES

| | UNJUST ENRICHMENT SUBCLASS #2: |
|---|---|
| | **RESTATEMENT TEST AND REQUIRES AN APPRECIATION OF THE BENEFIT:** |
| | **(1) Plaintiff conferred a benefit on Defendant; (2) Defendant accepts/retains benefit; (3) Defendant appreciated the benefit conferred; and (4) under circumstances it would be unjust for Defendant to retain the benefit.** |
| States | Alaska, Florida, Georgia, Idaho, Kansas, Kentucky, Maine, Maryland, Nevada, Oregon, Pennsylvania, Rhode Island, South Carolina, Tennessee, Virginia, Washington, Wisconsin, Wyoming |
| Class Representative | J.R. Everett – Florida Plaintiff |
| **Case Law** | |
| Alaska | Unjust enrichment exists where the defendant has received a benefit from the plaintiff and it would be inequitable for defendant to retain the benefit without compensating plaintiff for its value.  *Restatement (1st) Restitution* §1, cmt. a.  The elements of unjust enrichment: first, that the defendant received a benefit, and second, that if a benefit was received then its retention would be unjust.  *Sparks v. Gustafson*, 750 P.2d 338, 342 (Alaska 1988); *Soules v. Ramstack*, 95 P.3d 933, 939-40 (Alaska 2004).  Under our law of unjust enrichment, the party seeking the credit, had the burden of showing that (1) he conferred a benefit upon the other party; (2) the other party appreciated the benefit; and (3) the other party accepted and retained the benefit under circumstances making it inequitable for her to retain the benefit without paying the value thereof.  *Bennett v. Artus*, 20 P.3d 560, 563 (Alaska 2001). |
| Florida | "The essential elements that must be proven under a theory of unjust enrichment are a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof." *Jackson-Jester v. Aziz*, 48 So. 3d 88, 90 (Fla. Dist. Ct. App. 2010). |
| Georgia | Under theory of unjust enrichment, party cannot receive and retain benefit of another's labor without duty to pay for reasonable value of such work.  *Yoh v. Daniel*, 497 S.E.2d 392 (Ga. Ct. App. 1998).  "Inherent in unjust enrichment is the requirement that the receiving party knew of the value being bestowed upon them |

6

# *Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
## UNJUST ENRICHMENT SUBCLASSES

|  |  |
|---|---|
|  | by another and failed to stop the act or to reject the benefit." *Reidling v. Holcomb*, 483 S.E.2d 624, 626 (Ga. Ct. App. 1997). |
| Idaho | For unjust enrichment, the plaintiff must show that there was: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of the benefit; (4) under circumstances that would be inequitable for the defendant to retain the benefit without payment to the plaintiff of the value thereof. *Aberdeen-Springfield Canal Co. v. Peiper*, 982 P.2d 917, 923 (Idaho 1999); *see also Vanderford Co. v. Knudson*, 165 P.3d 261, 272 (Idaho 2007). |
| Kansas | *Restatement (1st) Restitution* §1 makes this observation: "A person who has been unjustly enriched at the expense of another is required to make restitution to the other." *Peterson v. Midland Nat. Bank*, 747 P.2d 159, 166 (Kan. 1987).  The theory of unjust enrichment rests upon the following elements: (1) a benefit conferred; (2) an appreciation or knowledge of the benefit by the one receiving the benefit; and (3) the acceptance or retention of the benefit; (4) under such circumstances as to make it inequitable to retain the benefit without payment of its value.  *In re Estate of Sauder*, 156 P.3d 1204, 1220 (Kan. 2007). |
| Kentucky | For a party to prevail under the theory of unjust enrichment, they must prove the following elements: (1) benefit conferred upon defendant at plaintiff's expense; (2) a resulting appreciation of benefit by defendant; and (3) inequitable retention of benefit without payment for its value. *Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky. Ct. App. 2009). |
| Maine | To sustain a claim for unjust enrichment, a claimant must establish that it conferred a benefit on the other party, that the other party had appreciation or knowledge of the benefit and that the acceptance or retention of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value. *Forrest Assocs. v. Passamaquoddy Tribe*, 760 A.2d 1041, 1045-46 (Me. 2000). |

## *Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
### UNJUST ENRICHMENT SUBCLASSES

| | |
|---|---|
| Maryland | "In 2000, this Court identified the elements of a claim of unjust enrichment, previously considered by the Court of Special Appeals in *Everhart v. Miles*, 422 A.2d 28, 31 (Md. 1980). Unjust enrichment consists of three elements:<br>    1. A benefit conferred upon the defendant by the plaintiff;<br>    2. An appreciation or knowledge by the defendant of the benefit; and<br>    3. The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value. *Berry & Gould, P.A. v. Berry*, 757 A.2d 108, 113 (Md. 2000) (quoting *County Comm'rs v. J. Roland Dashiell & Sons, Inc.*, 747 A.2d 600, 607 n.7 (Md. 2000)). *Hill v. Cross Country Settlements, LLC*, 936 A.2d 343, 351 (Md. 2007). |
| Nevada | Unjust enrichment is the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience. This court has observed that the essential elements of unjust enrichment are a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit. *Topaz Mut. Co. v. Marsh*, 839 P.2d 606, 613 (Nev. 1992). |
| Oregon | A benefit received and retained can consist of any form of advantage and exists, for example, where one party adds to the property of another or saves another from expense or loss. *Restatement (1st) Restitution* §1 cmt. b. "But the mere receipt of a benefit is not enough. Rather, its receipt and retention must be unjust under all of the circumstances." *Hitchcock v. Delaney*, 86 P.3d 73, 76 (Or. Ct. App. 2004). Unjust enrichment has the following elements: (1) a benefit conferred; (2) awareness by the recipient that a benefit has been received; and (3) it would be unjust to allow retention of the benefit without requiring the recipient to pay for it. *Edward D. Jones & Co. v. Mishler*, 983 P.2d 1086, 1101 (Or. Ct. App. 1999). |
| Pennsylvania | Where one party has been unjustly enriched at the expense of another, he is required to make restitution to the other. To recover, there must be both an enrichment and an injustice resulting if recovery for the enrichment is denied. *See Restatement (1st) Restitution* §1, cmt. d. *Meehan v. Cheltenham Twp.*, 189 A.2d 593, 595 (Pa. 1963). The elements of unjust enrichment are benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. *Ne. Fence & Iron Works, Inc. v. Murphy Quigley Co., Inc.*, 933 A.2d 664, 669 (Pa. Super. Ct. 2007). |
| Rhode Island | Recovery for unjust enrichment is predicated upon the equitable principle that one shall not be |

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)

UNJUST ENRICHMENT SUBCLASSES

| | |
|---|---|
| | permitted to enrich himself at the expense of another by receiving property or benefits without making compensation for them. To recover under a claim for unjust enrichment, a plaintiff is required to prove the following elements: (1) a benefit must be conferred upon the defendant by the plaintiff, (2) there must be appreciation by the defendant of such benefit, and (3) there must be an acceptance of such benefit; (4) in such circumstances that it would be inequitable for a defendant to retain the benefit without paying the value thereof. *Narragansett Elec. Co. v. Carbone*, 898 A.2d 87, 99 (R.I. 2006). |
| South Carolina | Unjust enrichment is an equitable doctrine, akin to restitution, which permits the recovery of that amount the defendant has been unjustly enriched at the expense of the plaintiff. *Ellis v. Smith Grading & Paving, Inc.*, 366 S.E.2d 12, 14 (S.C. Ct. App. 1988). "This Court has recognized quantum meruit as an equitable doctrine to allow recovery for unjust enrichment. Absent an express contract, recovery under quantum meruit is based on quasi-contract, the elements of which are: (1) a benefit conferred upon the defendant by the plaintiff; (2) realization of that benefit by the defendant; and (3) retention by the defendant of the benefit under conditions that make it unjust for him to retain it without paying its value." *Columbia Wholesale Co., Inc. v. Scudder May N.V.*, 440 S.E.2d 129, 130 (S.C. 1994). |
| Tennessee | The elements of an unjust enrichment claim are: (1) "[a] benefit conferred upon the defendant by the plaintiff"; (2) "appreciation by the defendant of such benefit"; and (3) "acceptance of such benefit"; (4) "under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof." *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 155 (Tenn. 1966). The most significant requirement of an unjust enrichment claim is that the benefit to the defendant be unjust. *Id.*; *Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998). |
| Virginia | A man shall not be allowed to enrich himself unjustly at the expense of another. *Kern v. Freed Co., Inc.*, 299 S.E.2d 363, 365 (Va. 1983). There are three general elements which must be shown: (1) a benefit conferred on the defendant by the plaintiff; (2) knowledge on the part of the defendant of the conferring of the benefit; and (3) acceptance or retention of the benefit by the defendant in circumstances that render it inequitable for the defendant to retain the benefit without paying for its value. *Whitehurst v. Cho*, No. 99231, 1992 WL 884510, *1 (Va. Cir. Ct. Feb. 19, 1992). |
| Washington | The purpose of restitution is to remedy unjust enrichment. *See Restatement (1st) Restitution* §1 ("A person who has been unjustly enriched at the expense of another is required to make restitution to the other."); *Ehsani v. McCullough Family P'ship*, 159 P.3d 407, 411 (Wash. 2007). The three elements that |

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
UNJUST ENRICHMENT SUBCLASSES

| | |
|---|---|
| | must be established to sustain a claim based on unjust enrichment: a benefit conferred upon the defendant by the plaintiff; an appreciation or knowledge by the defendant of the benefit; and the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit. *Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008) (citation omitted). |
| Wisconsin | To establish a claim for unjust enrichment, the plaintiff must prove the following elements: (1) the plaintiff conferred a benefit upon the defendant; (2) the defendant had an appreciation or knowledge of the benefit; and (3) the defendant accepted or retained the benefit; (4) under circumstances making it inequitable for the defendant to retain the benefit without payment of its value. *Buckett v. Jante*, 767 N.W.2d 376, 380 (Wis. 2009) (citing *S & M Rotogravure Serv., Inc. v. Baer*, 77 Wis. 2d 454, 460, 252 N.W.2d 913 (1977)). |
| Wyoming | It is a general principle, underlying various legal doctrines and remedies, that one person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made, and where such action involves no violation or frustration of law or opposition to public policy, either directly or indirectly. *R.O. Corp. v. John H. Bell Iron Mountain Ranch Co.*, 781 P.2d 910, 912 (Wyo. 1989). The elements of an unjust enrichment claim include: valuable services were rendered, or materials furnished to the party to be charged which services or materials were accepted, used and enjoyed by the party to be charged and the services or materials were furnished under such circumstances as would reasonably notify the party to be charged that the plaintiff, in rendering such services or furnishing such materials, expected to be paid by the party to be charged. Without such payment, the party would be unjustly enriched. *Jacoby v. Jacoby*, 100 P.3d 852, 855-56 (Wyo. 2004). |

761883_1

## *Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
### UNJUST ENRICHMENT SUBCLASSES

| UNJUST ENRICHMENT SUBCLASS #3: REQUIRES AN INADEQUATE REMEDY AT LAW (1) Plaintiff confers a benefit; (2) Defendant accepts/retains benefit; (3) it would be unjust for the Defendant to retain the benefit; and (4) there is an inadequate remedy at law. | |
|---|---|
| States | Arizona, Colorado, Delaware, Iowa, Louisiana, Massachusetts, Minnesota, New Jersey, New York, North Carolina, North Dakota, Ohio, Oklahoma, South Dakota, Utah |
| Class Representative | John Brown – New York Plaintiff |
| **Case Law** | |
| Arizona | "Unjust enrichment occurs when one party has and retains money or benefits that in justice and equity belong to another." *Loiselle v. Cosas Mgmt. Group, LLC,* 228 P.3d 943, 946 (Ariz. Ct. App. 2010). To recover under a theory of unjust enrichment, a plaintiff must demonstrate: an enrichment, an impoverishment, a connection between the enrichment and impoverishment, the absence of justification for the enrichment and impoverishment, and the absence of a remedy provided by law. *Freeman v. Sorchych*, 245 P.3d 927, 936 (Ariz. Ct. App. 2011). |
| Colorado | Former employer had an adequate remedy at law, and thus could not recover on its unjust enrichment claim. *Harris Group, Inc. v. Robinson,* 209 P.3d 1188, 1205 (Colo. Ct. App. 2009). Unjust enrichment is a legal claim in quasi-contract for money damages based upon principles of restitution. The *Restatement (1st) Restitution* §1 states "[a] person who has been unjustly enriched at the expense of another is required to make restitution to the other." The comment to this section explains that "[a] person is enriched if he has received a benefit. A person is unjustly enriched if the retention of the benefit would be unjust." *Id.* cmt. a. *DCB Const. Co., Inc. v. Cent. City Dev. Co.,* 965 P.2d 115, 118-19 (Colo. 1998). |
| Delaware | Unjust enrichment is the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience. The elements of unjust enrichment are: an enrichment, an impoverishment, a relation between the enrichment and |

11

## *Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
### UNJUST ENRICHMENT SUBCLASSES

| | |
|---|---|
| | impoverishment, the absence of justification, and the absence of a remedy provided by law." *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010). |
| Iowa | The adequacy of a legal remedy is a general limitation on the exercise of equity jurisdiction and is properly considered when restitution is sought in equity, but no independent principle exists that restricts restitution to cases where alternative remedies are inadequate. *State, ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 155, n.2 (Iowa 2001). Unjust enrichment serves as a basis for restitution. It may arise from contracts, torts, or other predicate wrongs, or it may also serve as independent grounds for restitution in the absence of mistake, wrongdoing, or breach of contract. *Id.* at 154 & n.1; *Restatement (1st) Restitution* §1 ("A person who has been unjustly enriched at the expense of another is required to make restitution to the other."). A person is unjustly enriched if retention of benefit would be unjust, and a person should not be allowed to profit or enrich himself inequitably at expense of another. *Key Pontiac, Inc. v. Blue Grass Sav. Bank*, 265 N.W.2d 906, 908 (Iowa 1978). |
| Louisiana | Unjust enrichment is founded on the equitable principle that no one should be enriched at the expense of another. *Bamburg Steel Bldgs., Inc. v. Lawrence Gen. Corp.*, 817 So.2d 427, 437 (La. Ct. App. 2002). The Louisiana Civil Code's doctrine of unjust enrichment provides a remedy for people who have enriched someone without just compensation. LA. CIV. Code Ann. art. 2298 (2011). To recover, the claimant must prove: enrichment of the defendant; impoverishment of the plaintiff; a connection between the enrichment and the impoverishment; no justification for the alleged unjust enrichment; and the lack of any other remedy at law. *Quilio & Assocs. v. Plaquemines Parish Gov't*, 931 So. 2d 1129, 1137 (La. Ct. App. 2006). |
| Massachusetts | An equitable remedy for unjust enrichment is not available to a party with an adequate remedy at law. *Santagate v. Tower*, 833 N.E.2d 171, 176 (Mass. App. Ct. 2005). Restitution is an equitable remedy by which a person who has been unjustly enriched at the expense of another is required to repay the injured party. *Salomon v. Terra*, 477 N.E.2d 1029, 1031 (Mass. Sup. Ct. 1985) *Restatement (1st) Restitution* §1; *Jones v. Swift*, 15 N.E.2d 274, 279 (Mass. Sup. Jud. Ct. 1938). The fact that a person has benefitted from another "is not of itself sufficient to require the other to make restitution therefor." *Restatement (1st) Restitution* §1, cmt. c. Restitution is appropriate only, as between the two persons, it is unjust for one party to retain the benefit. *Keller v. O'Brien*, 683 N.E.2d 1026, 1029 (Mass. 1997). |

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
#### UNJUST ENRICHMENT SUBCLASSES

| | |
|---|---|
| Minnesota | To prove unjust enrichment, a claimant must show "that a party was unjustly enriched in the sense that the term 'unjustly' could mean illegally or unlawfully." *ServiceMaster of St. Cloud v. GAB Bus. Servs., Inc.,* 544 N.W.2d 302, 306 (Minn. 1996). But an unjust enrichment claim does not lie "simply because one party benefits from the efforts or obligations of others." *Id.* Further, a party may not seek an equitable remedy when there is an adequate remedy at law. *Id.* at 305. *Eischen Cabinet Co. v. New Tradition Homes, Inc.*, No. A06-220, 2006 WL 3593051, *6 (Minn. Ct. App. Dec. 12, 2006). The claimant must show that another party knowingly received something of value to which he was not entitled, and that the circumstances are such that it would be unjust for that person to retain the benefit. *ServiceMaster*, 544 N.W.2d at 306; *Acton Constr. Co. v. State,* 383 N.W.2d 416, 417 (Minn. Ct. App. 1986) (the elements of a quasi contract are: a benefit is conferred upon defendant, the defendant appreciates and knowingly accepts the benefit, the defendant's retention of the benefit under the circumstances would be inequitable); *Schumacher v. Schumacher*, 627 N.W.2d 725, 729 (Minn. Ct. App. 2001). |
| New Jersey | Restitution for unjust enrichment is an equitable remedy, available only when there is no adequate remedy at law. *Nat'l Amusements, Inc. v. New Jersey Tpk. Auth.*, 619 A.2d 262, 267 (N.J. Super. Ct. Law Div. 1992) *aff'd*, 645 A.2d 1194 (N.J. Super. Ct. App. Div. 1994); *D.R. Horton Inc. - New Jersey v. Dynastar Dev., L.L.C.,* No. MER-L-1808-00, 2005 WL 1939778, at *18 (N.J. Super. Ct. Law Div. Aug. 10, 2005). The doctrine of unjust enrichment is equitable in nature. It is applied where the facts show that one party has received a benefit at the expense of another, which it is simply unjust to permit him to retain. The remedy for unjust enrichment is an order of restitution. *Restatement (1st) Restitution* §1. *Jersey Shore Sav. & Loan Ass'n v. Edelstein*, 530 A.2d 1320, 1323 (N.J. Super. Ct. Ch. Div. 1987); *Weichert Co. Realtors v. Ryan*, 608 A.2d 280, 285 (N.J. 1992) (recovery in quasi-contract is generally allowed when one party has conferred a benefit on another and the circumstances are such that to deny recovery would be unjust). |
| New York | The remedy of an equitable lien is unwarranted where damages lie for unjust enrichment. *Wolf v. Nat'l Council of Young Israel*, 264 A.D.2d 416, 418 (N.Y. App. Div. 1999); *Bennett v. John*, 151 A.D.2d 711 (N.Y. App. Div. 1989) ("the plaintiff has an adequate remedy at law, to wit, monetary damages for unjust enrichment and that dismissal of the claim for an equitable lien is warranted"). A person shall not be allowed to enrich himself unjustly at the expense of another. It is an obligation that the law creates, in the absence of any agreement, when and because the acts of the parties or others have placed in the possession of one person money, or its equivalent, under such circumstances that in equity and good conscience he ought not to retain |

13

# *Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
## UNJUST ENRICHMENT SUBCLASSES

| | |
|---|---|
| | it. *See Restatement (1st) Restitution* §1. The general rule is that the plaintiff must have suffered a loss and an action not based upon loss is not restitutionary. *State v. Barclays Bank of New York, N.A.*, 563 N.E.2d 11, 15 (N.Y. Ct. App. 1990). The doctrine of unjust enrichment does not require wrongful conduct by the one enriched only that the enrichment be unjust. *Ultramar Energy Ltd. v. Chase Manhattan Bank, N.A.*, 179 A.D. 2d 592, 593 (N.Y. App. Div. 1992). |
| North Carolina | The court's equitable intervention is obviated when an adequate remedy at law is available to the plaintiff, as the dissent correctly notes. "Equity will not lend its aid in any case where the party seeking it has a full and complete remedy at law." *Jefferson Standard Life Ins. Co. v. Guilford County*, 34 S.E.2d 430, 434 (1945). Thus when the remedy of foreclosure is available, a plaintiff cannot rely upon a restitution theory to recover the balance of a promissory note secured by a deed of trust. *Id.* "And restitution is not available on a claim of unjust enrichment for a subcontractor who failed to utilize the remedies of Chapter 44A when these would have given him adequate relief." *Embree Const. Group, Inc. v. Rafcor, Inc.*, 411 S.E.2d 916, 920 (N.C. 1992). The *Restatement (1st) Restitution* §1 lays down the general principle that "[a] person who has been unjustly enriched at the expense of another is required to make restitution to the other." To establish a claim for unjust enrichment, a party must have conferred a benefit on the other party. The benefit must not have been conferred officiously, that is it must not be conferred by an interference in the affairs of the other party in a manner that is not justified in the circumstances. The benefit must not be gratuitous and it must be measurable. The defendant must have consciously accepted the benefit. A claim of this type is neither in tort nor contract but is described as a claim in quasi contract or a contract implied in law. *Booe v. Shadrick*, 369 S.E.2d 554, 555-56 (N.C. 1988). |
| North Dakota | "'To recover under a theory of unjust enrichment one must prove five elements (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of a justification for the enrichment and impoverishment; and (5) an absence of a remedy provided by law.' 'The essential element in recovering under a theory of unjust enrichment is the receipt of a benefit by the defendant from the plaintiff which would be inequitable to retain without paying for its value.'" *Erickson v. Brown*, 813 N.W.2d 531, 538 (N.D. 2012) (citations omitted). |
| Ohio | In order for an equitable claim, such as unjust enrichment, to lie, "it is requisite that the primary right involved be an equitable right as distinguished from a legal right, or that the remedy at law as to the right involved is not full, adequate and complete." *Jones v. Jones*, 903 N.E.2d 329, 336 (Ohio Ct. App. 2008). |

14

# *Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
## UNJUST ENRICHMENT SUBCLASSES

| | |
|---|---|
| | The general rule of unjust enrichment is stated in the *Restatement (1st) Restitution* §1: "A person who has been unjustly enriched at the expense of another is required to make restitution to the other." "Unjust enrichment occurs when a party retains money or benefits which in justice and equity belong to someone else." *Dixon v. Smith*, 695 N.E.2d 284, 289 (Ohio Ct. App. 1997). |
| Oklahoma | "Where the plaintiff has an adequate remedy at law, the court will not ordinarily exercise its equitable jurisdiction to grant relief for unjust enrichment." *Harvell v. Goodyear Tire & Rubber Co.*, 164 P.3d 1028, 1035 (Okla. 2006).  The general principle is that restitution will be available whenever one has received a benefit to which another is justly entitled.  The inequity of retaining a benefit can spring from a variety of sources, such as fraud or other unconscionable conduct in which the recipient has received a benefit for which has no responded quid pro quo.  *Warren v. Century Bankcorporation, Inc.*, 741 P.2d 846, 852 (Okla. 1987). *Restatement (1st) Restitution* §1 provides: "A person who has been unjustly enriched at the expense of another is required to make restitution to the other." |
| South Dakota | Equitable remedy of unjust enrichment is unwarranted when the rights of the parties are controlled by an express contract.  Unjust enrichment contemplates an involuntary or nonconsensual transfer, unjustly enriching one party.  The equitable remedy of restitution is imposed because the transfer lacks an adequate legal basis.  *Johnson v. Larson*, 779 N.W.2d 412, 416 (S.D. 2010).  The *Restatement (1st) Restitution* declares that "[a] person who has been unjustly enriched at the expense of another is required to make restitution to the other."  The comment to this section explains that "[a] person is enriched if he has received a benefit. A person is unjustly enriched if the retention of the benefit would be ***unjust***." *Id.* cmt. a.  Unjust enrichment occurs when one confers a benefit upon another who accepts or acquiesces in that benefit, making it inequitable to retain that benefit without paying.  *Hofeldt v. Mehling*, 658 N.W.2d 783, 788 (S.D. 2003). |
| Utah | If a legal remedy is available, the law will not imply the equitable remedy of unjust enrichment.  A plaintiff  must affirmatively show a lack of an adequate remedy at law on the face of the pleading.  *Thorpe v. Wash. City*, 243 P.3d 500, 507 (Utah Ct. App. 2010).  "Unjust enrichment occurs when a person has and retains money or benefits that in justice and equity belong to another; however, '[t]he fact that a person benefits another is not itself sufficient to require the other to make restitution.'" *Hess v. Johnston*, 163 P.3d 747, 754 (Utah Ct. App. 2007). |

# BANK OVERDRAFT MDL 2036
## UNJUST ENRICHMENT SUBCLASSES

| UNJUST ENRICHMENT SUBCLASS #4: RESTATEMENT TEST AND REQUIRES WRONGFUL CONDUCT (1) Plaintiff confers a benefit; (2) Defendant accepts/retains benefit; (3) under circumstances that it would be unjust for the Defendant to retain the benefit due to Defendant's wrongful conduct | |
|---|---|
| States | Alabama, Indiana, Missouri, Montana, Texas |
| Class Representative | Ed Oberkrom – Missouri |
| CASE LAW | |
| Alabama | The law regarding unjust enrichment is clear. "One is unjustly enriched if his retention of a benefit would be unjust." *Jordan v. Mitchell*, 705 So. 2d 453, 458 (Ala. Civ. App. 1997) (citing *Restatement (1st) Restitution* §1 cmt. c.). The *Jordan* court continued: "Retention of a benefit is unjust if (1) the donor of the benefit . . . acted under a mistake of fact or in misreliance on a right or duty, or (2) the recipient of the benefit engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship. In the absence of mistake or misreliance by the donor or wrongful conduct by the recipient, the recipient may have been enriched, but he is not deemed to have been **unjustly** enriched." *Id.* (emphasis in original); *Welch v. Montgomery Eye Physicians, P.C.*, 891 So. 2d 837, 843 (Ala. 2004); *Mantiply v. Mantiply*, 951 So. 2d 638 (Ala. 2006). |
| Indiana | "A person who has been unjustly enriched at the expense of another is required to make restitution to the other." *Restatement (1st) Restitution* §1. A claimant must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust. *Zoeller v. E. Chicago Second Century, Inc.*, 904 N.E.2d 213, 220 (Ind. 2009). Pivotal concept of unjust enrichment is occurrence of wrong or something unjust. *Savoree v. Indus. Contracting & Erecting, Inc.*, 789 N.E.2d 1013 (Ind. Ct. App. 2003). |
| Missouri | A person who has been unjustly enriched at the expense of another is required to make restitution to |

## *Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
### UNJUST ENRICHMENT SUBCLASSES

| | |
|---|---|
| | the other. *Restatement (1st) Restitution* §1; *Petrie v. LeVan*, 799 S.W.2d 632, 634 (Mo. Ct. App. 1990). The right to restitution for unjust enrichment presupposes: that the defendant was enriched by the receipt of a benefit; that the enrichment was at the expense of the plaintiff; that it would be unjust to allow the defendant to retain the benefit. *Petrie*, 799 S.W.2d at 635. In claim for unjust enrichment, there must be something more than passive acquiescence, such as fault or undue advantage on part of defendant, for defendant's retention of benefit to be unjust. *S & J, Inc. v. McLoud & Co., L.L.C.*, 108 S.W.3d 765, 768 (Mo. Ct. App. 2003). |
| Montana | The theory of unjust enrichment requires that a person who has been unjustly enriched at the expense of another must make restitution to the other. *Restatement (1st) Restitution* §1. *Storms v. Bergsieker*, 835 P.2d 738, 740 (Mont. 1992). The doctrine of unjust enrichment is an equitable means of preventing one party from benefitting by his or her wrongful acts, and, as such requires a showing of misconduct, fault to recover. *Albinger v. Harris*, 48 P.3d 711, 716 (Mont. 2002); *Estate of Pruyn v. Axmen Propane, Inc.*, 223 P.3d 845, 862 (Mont. 2009). |
| Texas | "Unjust enrichment is an equitable principle holding that one who receives benefits unjustly should make restitution for those benefits. Unjust enrichment occurs when the person sought to be charged has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain. Thus, a party may recover under the theory of unjust enrichment when one person has obtained a benefit from another by fraud, duress, or the other taking of an undue advantage." *City of The Colony v. N. Texas Mun. Water Dist.*, 272 S.W.3d 699, 731 (Tex. App. 2008) (citations omitted). |

EXHIBIT C

## *Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)
### FRAUD

## I.    INTRODUCTION

Below are surveys related to the three proposed subclasses for the fraud class claims.  None of these states require a showing of individual reliance under the circumstances of this case.  The first table sets forth those states that permit a showing of recklessness in making representations without knowledge of its truth and proven by a preponderance of the evidence.  The second table encompasses those states that permit the representation to be made recklessly without knowledge of its truth, and impose a clear and convincing standard of proof.  The third table includes those states that require knowledge of the falsity of the statement and impose a preponderance of the evidence standard.

| FRAUD SUBCLASS #1<br>RECKLESS WITH PREPONDERANCE OF THE EVIDENCE STANDARD | |
|---|---|
| States | Alaska, California, Delaware, Indiana, Montana, and North Carolina |
| Class Representatives | Tarla Makaeff and Sonny Low - California |
| **Elements of Fraud** | |
| Alaska | Alaska follows the *Restatement (Second) of Torts*, §§525 (1977). The elements of fraud are: "(1) a misrepresentation of fact or intention, (2) made fraudulently (that is, with 'scienter'), (3) for the purpose or with the expectation of inducing another to act in reliance, (4) with justifiable reliance by the recipient, (5) causing loss." *Lightle v. State of Alaska, Real Estate Commission,* 146 P.3d 980, 983 (Alaska 2006).<br><br>*Scienter*- "The defendant knew that the statement was false or misleading if, at the time it was made: (1) the defendant knew or believed the matter was not as [he][she] represented; (2) the defendant did not have the confidence in the accuracy of the statement that [he][she] stated or implied; or (3) the defendant knew [he][she] did not have the basis for the statement that [he][she] stated or implied." Alaska Civ. Pattern Jury Instructs. 17.02 (citing *Lightle*, 146 P.3d at 983-84).<br><br>*Reliance*- Adhering to the California Supreme Court's rule in *Vasquez*, issues of reliance do not preclude class certification because, if it is shown that the alleged misrepresentations were material, an inference of reliance arises as to the entire class.  *State v. First Nat'l Bank*, 660 P.2d 406, 422 n.26 (Alaska 1982) (inference permitted).<br><br>*Standard of Proof*- "'This court has stated that fraud is established by a preponderance of the evidence; clear and |

## *Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)

### FRAUD

| | |
|---|---|
| | convincing proof is not required.'" *Dairy Queen v. Travelers Indem. Co.*, 748 P.2d 1169, 1171 (Alaska 1988). |
| California | In California, a complaint for fraud must allege the following elements: "(1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages." *Service by Medallion, Inc. v. Clorox Co.*, 44 Cal. App. 4th 1807, 1816 (1996).<br><br>***Scienter*-** "'[F]alse representations made recklessly and without regard for their truth in order to induce action by another are the equivalent of misrepresentations knowingly and intentionally uttered.'" *Engalla v. Permanente Med. Group, Inc.*, 15 Cal. 4th 951, 974 (1997) (quoting *Yellow Creek Logging Corp. v. Dare*, 216 Cal. App. 2d 50, 55 (1963)); CACI 1900.<br><br>***Reliance*-** Where representations have been made in regard to a material matter and action has been taken, "'it will be presumed that the representations were relied on.'" *Vasquez v. Super. Ct.*, 4 Cal. 3d 800, 804-05 (1974); *In re First Alliance Mortg. Co.*, 471 F.3d 977, 990 (9th Cir. 2006) (court follows "an approach that favors class treatment of fraud claims stemming from a 'common course of conduct').<br><br>***Standard of Proof*-** In California "[t]he necessary elements of fraud are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage." *Molko v. Holy Spirit Ass'n*, 762 P.2d 46, 53 (Cal. 1988). To prevail on the fraud claim, [plaintiff] must establish these elements by a preponderance of the evidence. *Tri-Tech v. UPS*, No. C-95-1598 CAL, 1996 U.S. Dist. LEXIS 15544, at *13 (June 27, 1996); *see also Rosener v. Sears, Roebuck & Co.*, 168 Cal. Rptr. 237, 246 (Cal. Ct. App. 1980) ("fraud need be proved by a 'preponderance of the evidence' rather than 'clear and convincing evidence'"). |
| Delaware | The elements of a common law fraud cause of action consist of: "1) a false representation, usually one of fact, made by defendant; 2) the defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth; 3) an intent to induce the plaintiff to act or to refrain from acting; 4) the plaintiff's action or inaction taken in justifiable reliance upon the representation; and 5) damage to the plaintiff as a result of such reliance." *Gaffin v. Teledyne, Inc.*, 611 A.2d 467, 472 (Del. 1992).<br><br>***Scienter*-** "Significantly, all three types of fraud require a certain level of scienter on the part of the defendant; a misrepresentation must be made either knowingly, intentionally, or with reckless indifference to the truth." *DRR, L.L.C. v. Sears, Roebuck & Co.*, 949 F. Supp. 1132, 1137 (D. Del. 1996).<br><br>***Reliance*-** Generally, the court may presume reliance in a case "'where it is logical to do so.'" *Spark v. MBNA* |

# *Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)

## FRAUD

| | |
|---|---|
| | *Corp.*, 178 F.R.D. 431, 435 (D. Del 1998) (certifying class of credit card holders against card issuer and applying a presumption of reliance on material contained in advertised offer).<br><br>***Standard of Proof*-** "The plaintiff must prove the elements of common law fraud by a preponderance of the evidence." *Tracinda Corp. v. DaimlerChrysler AG*, 364 F. Supp. 2d 362, 389 (D. Del. 2005). |
| Indiana | The elements of fraud in Indiana are: "(1) a material representation of a past or existing fact which was untrue; (2) knowledge of falsity or recklessness; (3) reliance; and (4) resulting damages." *Am. United Life Ins. Co. v. Douglas*, 808 N.E.2d 690, 694 (Ind. App. 2004).<br><br>***Scienter*-** "'An intent to deceive, or "scienter," is an element of actual fraud, whether classified as a knowing or reckless misrepresentation or as an additional element to a knowing or reckless misrepresentation.'" *Grace Vill. Health Care Facs., Inc. v. Lancaster Pollard & Co.*, No. 3:11-cv-295, 2012 U.S. Dist. LEXIS 127306, at *8-*9 (N.D. Ind. Sep. 7, 2012) (quoting *Wright v. Pennamped*, 657 N.E.2d 1223, 1230 (Ind. App. 1995)).<br><br>***Reliance*-** Indiana has adopted the rule set forth in *Vasquez v. Super. Ct.*, 4 Cal. 3d 800 (1971) "[I]f plaintiffs can prove the existence of these common representations *at trial*, an inference would arise that the representations were made to each class member and it would be unnecessary to elicit the testimony of each plaintiff as to whether representations were made to him personally." *Skalbania v. Simmons,* 443 N.E.2d 352, 360 (Ind. App. 1982).<br><br>***Standard of Proof*-** "An essential element of fraud, which must be proven by a preponderance of the evidence, is that a material misrepresentation of past or existing fact was made with knowledge that the representation was untrue or recklessly made." *Guenin v. Sendra Corp.*, 700 F. Supp. 973, 976-77 (N.D. Ind. 1988). |
| Montana | The elements of fraud are: "1. a representation; 2. its falsity; 3. its materiality; 4. speaker's knowledge of the falsity or ignorance of its truth; 5. speaker's intent that the representation be relied upon; 6. hearer's ignorance of the falsity; 7. hearer's reliance on the representation; 8. hearer's right to rely on the representation; and 9. hearer's consequent and proximate injury caused by the reliance." *Batten v. Watts Cycle & Marine, Inc.*, 240 Mont. 113, 117, 783 P.2d 378 (1989).<br><br>***Scienter*-** "A common law fraud pleading must allege . . . the speaker's knowledge of its falsity or ignorance of its truth . . . ." *Pfau v. Mortenson*, No. CV-11-72-M, 2012 U.S. Dist. LEXIS 60322, at *15-*16 (D. Mont. Apr. 30, 2012). |

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)

FRAUD

| | |
|---|---|
| | ***Reliance*-** "An inference of reliance upon fraudulent representations may be drawn from circumstances surrounding the transaction which have been proven." *Poulsen v. Treasure State Indus., Inc.*, 192 Mont. 69, 79, 626 P.2d 822 (1981); *see also In re Estate of Kindsfather*, 108 P.3d 487, 492 (Mont. 2005) (same).<br><br>***Standard of Proof*-** Fraud must be proven by a preponderance of the evidence. *Pare v. Morrison*, 241 Mont. 218, 221 (1990). |
| North Carolina | To demonstrate fraud, plaintiff must show: "(1) a false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) which was relied upon and which resulted in damages to the injured party." *Pleasant Valley Promenade v. Lechmere, Inc.*, 120 N.C. App. 650, 663 (1995).<br><br>***Scienter*-** "While the concept of a statement 'made with reckless indifference as to its truth,' or one 'recklessly made without knowledge as a positive assertion'. . . have been held to satisfy the element of 'false representation,' those concepts do not satisfy the element of a statement 'made with intent to deceive.'" *Myers & Chapman, Inc., v. Thomas G. Evans, Inc.*, 323 N.C. 559, 568 (1988).<br><br>***Reliance*-** There is no requirement that each class member has to demonstrate direct proof of reliance. *See Pitts v. Am. Sec. Ins. Co.*, 144 N.C. App. 1, 13 (2001);<br><br>***Standard of Proof*-** Fraud must be proven by a preponderance of the evidence; where fraud is proven by clear and convincing evidence, punitive damages may be awarded. *Hudgins v. Wagoner*, 694 S.E.2d 436, 446-47 (N.C. 2010). |

- 4 -

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)

FRAUD

| FRAUD SUBCLASS #2<br>RECKLESS WITH CLEAR AND CONVINCING STANDARD | |
|---|---|
| States | Arkansas, District of Columbia, Florida, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Nevada, New Jersey, New Mexico, New York, North Dakota, Ohio, Oklahoma, Oregon, Utah, Washington, and Wisconsin |
| Class Representatives | J.R. Everett – Florida<br><br>Ed Oberkrom – Missouri<br><br>John Brown – New York |
| **Elements of Fraud** | |
| Arkansas | To establish fraud, a plaintiff must show: "(1) a false representation of material fact (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation (3) intent to induce action or inaction in reliance upon the representation (4) justifiable reliance upon the representation and (5) damage suffered as a result of the reliance." *Archer-Daniels-Midland Co. v. Beadles Enterps., Inc.*, 238 S.W.3d 79, 84 (Ark. 2006).<br><br>***Scienter*-** "Fraud has five elements: (1) a false representation, usually of a material fact; (2) knowledge or belief by the defendant that the representation was false or that the defendant lacked a sufficient basis of information to make the statement, that is, the scienter requirement; (3) the intent to induce the plaintiff to act or to refrain from acting in reliance upon the representation; (4) justifiable reliance by the plaintiff upon the representation; and (5) resulting damage to the plaintiff." *Trimble v. Morgan*, No. 4:06-CV-672-GTE, 2007 U.S. Dist. LEXIS 49887, at *16 (E.D. Ark. July 9, 2007).<br><br>***Reliance*-** It is clear from our caselaw that individual questions relating to a class member's reliance for an estoppel claim (*Arkansas La. Gas Co. v. Morris*) or reliance for a misrepresentation claim (*Lemarco, Inc. v. Wood* ) *will not defeat class certification.  SEECO, Inc. v. Hales*, 954 S.W.2d 234, 240 (Ark. 1997) (affirming grant of class certification) (emphasis added). |

- 5 -

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)

## FRAUD

|  |  |
|---|---|
|  | ***Standard of Proof-*** "[U]nder Arkansas law, fraud is never presumed, and clear and convincing testimony must exist to prove its elements." *Seeco, Inc. v. Hales*, 330 Ark. 402, 412 (1997). |
| District of Columbia | D.C. follows *Restatement (Second) of Torts*. The tort of fraudulent misrepresentation has four essential elements: "(1) a false representation or willful omission of a material fact; (2) knowledge of the falsity; (3) an intention to induce reliance; and (4) action taken in reliance on the representation." *Howard v. Riggs Nat'l Bank*, 432 A.2d 701, 706 (D.C. 1981). <br><br> ***Scienter-*** "[W]e should stress that the knowledge required for fraud does not necessarily mean actual knowledge of falsity; the scienter element is satisfied if the representation is 'recklessly and positively made without knowledge of its truth.'" *Jacobs v. District Unemployment Comp. Bd.*, 382 A.2d 282, 287 (D.C. 1978). <br><br> ***Reliance-*** "'It is not . . . necessary that [a plaintiff's] reliance upon the truth of the fraudulent misrepresentation be the sole or even the predominant or decisive factor in influencing his conduct . . . . It is enough that the representation has played a substantial part, and so has been a substantial factor, in influencing his decision.'" *Va. Acad. of Clinical Psychologists v. Group Hosp'n & Med. Svcs., Inc.*, 878 A.2d 1226, 1238 (D.C. 2005). <br><br> ***Standard of Proof-*** "Moreover, a count of fraud must be proven by 'clear and convincing' evidence, not merely a preponderance of the evidence." *Ago v. Begg, Inc.*, 705 F. Supp. 613, 616-17 (D.D.C. 1988) (citing *Raynor v. Richardson-Merell, Inc.*, 643 F. Supp. 238, 243 (D.D.C. 1986)). |
| Florida | To state a cause of action for fraud in the inducement, a plaintiff must allege that: "1) the representor made a misrepresentation of a material fact, 2) the representor knew or should have known of the falsity of the statement, 3) the representor intended that the representation would induce another to rely and to act on it, and 4) the plaintiff suffered injury in justifiable reliance on the representation." *Biscayne Inv. Group, Ltd. v. Guarantee Mgmt Serv., Inc.*, 903 So. 2d 251, 255 (Fla. App. 2005). <br><br> ***Scienter-*** "The issues for you to decide on (claimant's) claim [for fraudulent misrepresentation] are: . . . Second, whether (defendant) knew the statement was false when [he] [she] [it] made it or made the statement knowing [he] [she] [it] did not know whether it was true or false." Fla. Standard Jury Ins. 409.7; *see Wallerstein v. Hospital Corp. of America*, 573 So. 2d 9, 10 (Fla. App. 1990) ("the representor must either know of the misrepresentation, must make the representation without knowledge as to its truth or falsity, or must make the representation under circumstances in which he ought to have known of its falsity"). |

- 6 -

## *Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)

### FRAUD

| | |
|---|---|
| | ***Reliance***-  Where a common fraudulent scheme is alleged, Florida has certified a class "even without the presumption of reliance." *Medine v. Washington Mutual, FA*, 185 F.R.D. 366, 371 (S.D. Fla. 1998).<br><br>"[B]ased on the nature of the misrepresentations at issue, the circumstantial evidence that can be used to show reliance is common to the whole class." *Klay v. Human, Inc.*, 382 F.3d 1241, 1259 (11th Cir. 2004).  *See also Rollins, Inc. v. Butland*, 951 So. 2d 860, 879 (Fla. App. 2006) (suggesting that class cases may involve common schemes that could prove and support class-wide reliance).<br><br>***Standard of Proof***- "When fraud is alleged, proof of it must be of the clearest, strongest, and most convincing character." *Verneret v. Foreclosure Advisors, LLC*, 45 So. 3d 889, 890 (Fla. App. 2010); *see also Phila. Indem. Ins. Co. v. Kohne*, 294 F. Supp. 2d 1319, 1328 (M.D. Fla. 2003) ("'Fraud can be established only by clear and convincing evidence and . . . every one of the elements making up fraud must be clearly proven.'"). |
| Idaho | Fraud requires: "(1) a statement or representation of fact; (2) its falsity; (3) materiality; (4) the speaker's knowledge of its falsity; (5) the speaker's intent that there be reliance; (6) the hearer's ignorance of the falsity of the statement; (7) reliance by the hearer; (8) justifiable reliance; and (9) resulting injury." *Partout v. Harper*, 183 P.3d 771, 776 (Idaho 2008).<br><br>***Scienter***- "The plaintiff has the burden of proving each of the following . . . ."  The defendant either knew the statement was false or was unaware of whether the statement was true at the time the statement was made." IDJI 4.60; *see Samuel v. Hepworth, Nungester & Lezaimz, Inc.*, 134 Idaho 84, 89 (2000) (misrepresentation requires "the speaker's knowledge of its falsity or ignorance of its truth").<br><br>***Reliance***-  no class cases reported on this issue.<br><br>***Standard of Proof***- "The party alleging the fraudulent misrepresentation has the burden of proving all the elements of fraud by clear and convincing evidence." *Golden W. Holdings, LLC v. BBT Holdings, LLC*, No. 1:10-CV-337-CWD, 2010 U.S. Dist. LEXIS 123819, at *15 (D. Idaho Nov. 22, 2010). |
| Illinois | The elements of common law fraud are: "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement." *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill. 2d 482, 496 (1996). |

## *Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)

### FRAUD

| | |
|---|---|
| | ***Scienter***- Pursuant to Illinois Pattern Civil Jury Instructions, the plaintiff must show "that the defendant [knew the statement(s) (was) (were) false] [or] [believed the statement(s) to be false] [or] [made the statement(s) in reckless disregard of whether (it was) (they were) true or false]." §800.01; *see Perlman v. Time, Inc.*, 64 Ill. App. 3d 190, 196 (1978) (may demonstrate scienter by showing that defendant "acted in culpable ignorance as to the truth or falsity of the assertion").<br><br>***Reliance***- *Ramirez v. Smart Corp.*, 371 Ill. App. 3d 797, 812 (2007) (finding that "[t]he factual differences in overpayment and reliance by each patient do not present individual issues sufficient to bar certification"); *Rohlfing v. Manor Care, Inc.*, 172 F.R.D. 330, 338-39 (N.D. Ill. 1997) (common evidence permitted inference of classwide reliance where all class members signed standardized contract and received specific written representations about pharmaceutical pricing); *P.J.'s Concrete Pumping Serv., Inc. v. Nextel W. Corp.*, 803 N.E.2d 1020, 1031 (Ill. 2004) (rejecting defendant's argument that individualized reliance precluded class certification of common law fraud claims).<br><br>***Standard of Proof***- "A plaintiff must prove the elements of fraudulent misrepresentation by clear and convincing evidence." *Johnson v. Waterfront Servs. Co.*, 391 Ill. App. 3d 985, 993 (2009); *see also Communs. Assocs. v. Novatel Communs.*, 1987 U.S. Dist. LEXIS 6603, at *3 (N.D. Ill. July 8, 1987) ("Under Illinois law, the various elements of a cause of action for fraud must be proved by clear and convincing evidence."). |
| Iowa | Elements of fraud are: "'(1) [the] defendant made a representation to the plaintiff, (2) the representation was false, (3) the representation was material, (4) the defendant knew the representation was false, (5) the defendant intended to deceive the plaintiff, (6) the plaintiff acted in [justifiable] reliance on the truth of the representation . . . , (7) the representation was a proximate cause of [the] plaintiff's damages, and (8) the amount of damages.'" *Spreitzer v. Hawkeye State Bank,* 779 N.W.2d 726, 735 (2009).<br><br>***Scienter***- "The defendant knew the representation was false if any of the following situations existed: ... (2) The defendant made the representation without belief in its truth or in reckless disregard of whether it was true or false." Iowa Civil Jury Instruction NO. 810.5; *see Beeck v. Kapalis*, 302 N.W. 2d 90 (Iowa 1981).<br><br>***Reliance***- *Vos v. Farm Bureau Life Ins. Co.,* 667 N.W.2d 36, 54 (Iowa 2003) (holding that individualized reliance can be presumed when plaintiff's evidence suggest a common, uniform scheme of misrepresentations from company management through agents to consumers).<br><br>***Standard of Proof***- These elements must be established "by clear and convincing evidence." *Whalen v. Connelly,* |

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)

FRAUD

| | |
|---|---|
| | 545 N.W.2d 284, 294 (Iowa 1996). |
| Kansas | To prove fraud, "a claimant must show that an untrue statement of material facts, known to be untrue by the party making it, or made with reckless disregard for the truth, was justifiably relied upon by the party alleging fraud and as a result of the reliance was damaged." *Hutchinson Travel Agency, Inc. v. McGregor*, 10 Kan. App. 2d 461, 463-64 (1985). |
| | **Scienter**- To prove fraud, "a claimant must show that an untrue statement of material facts, known to be untrue by the party making it, or made with reckless disregard for the truth, was justifiably relied upon by the party alleging fraud and as a result of the reliance was damaged." *Id.* |
| | **Reliance**- *Slaymaker v. Westgate State Bank*, 739 P.2d 444, 452-53 (Kan. 1987) (articulating objective reasonableness standard of justifiable reliance). Reliance can be demonstrated by showing that the misrepresented and/or omitted information would have been material to the class members. *Murray v. Sevier*, 156 F.R.D. 235, 248-49 (D. Kan. 1994) (citing *Smith v. MCI Telecommuns. Corp.*, 124 F.R.D. 665, 678-79 (D. Kan. 1989)). |
| | **Standard of Proof**- "According to Kansas common law, causes of action for fraud and fraudulent inducement require the plaintiff to prove, by clear and convincing evidence, the same five elements: (1) a false statement of material fact; (2) known to be false by the party making it, or made with reckless disregard for the truth; (3) made with the intent to induce the other party into acting upon the statement; (4) upon which the other party justifiably relied; and (5) sustained damage as a direct result of such reliance." *Jayhawk Cap. Mgmt. v. LSB Indus.*, No. 08-2561-EFM, 2012 U.S. Dist. LEXIS 133429, at *19 (D. Kan. Sept. 19, 2012). |
| Kentucky | In a Kentucky action for fraud, the party claiming harm must establish six elements of fraud by clear and convincing evidence as follows: "a) material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury." *UPS v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999). |
| | **Scienter**- In a Kentucky action for fraud, the party claiming harm must establish six elements of fraud by clear and convincing evidence as follows: "a) material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury." *Id.* |
| | **Reliance**- It is not necessary that there be a complete identity of facts relating to all members as long as there is a common nucleus of operative facts. *Wiley v. Adkins*, 48 S.W.3d 20, 23 (Ky. 2001) (affirming class certification of |

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)

**FRAUD**

| | |
|---|---|
| | common law fraud claims). |
| | **Standard of Proof**- "Plaintiff must establish these six elements of fraud by clear and convincing evidence." *Bassett v. NCAA*, 428 F. Supp. 2d 675, 682 (E.D. Ky. 2006). |
| Louisiana | The elements of an action for fraud include: "(1) a misrepresentation, suppression, or omission of true information; (2) an intent to either obtain an unjust advantage or cause damage or inconvenience to the other party; and (3) the error induced by fraud must relate to a circumstance substantially influencing consent to the contract." *Taylor v. Dowling Gosslee & Assocs., Inc.,* 22 So. 3d 246, 255 (La. App. 2009). |
| | **Scienter**- Fraud does not require a direct knowledge component: "Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other.  Fraud may also result from silence or inaction."  LSA-C.C. Art. 1953 (1985). |
| | **Reliance**- While reliance is an element, where the action stems from a core of alleged common unlawful conduct, class certification of fraud actions is appropriate.  *Conrad v. Lamarque Ford, Inc*., 13 So. 3d 1154, 1164 (La. App. 2009), *writ denied*, 21 So. 3d 310 (2009) (affirming class certification for common law fraud claims). |
| | **Standard of Proof**- At common law, courts required litigants asserting fraud to prove fraud allegations by clear and convincing evidence.  *Cashman Scrap & Salvage L.L.C. v. Bois D'Arc Energy, Inc*., No. 07-7068, 2009 U.S. Dist. LEXIS 89258, at *10 (E.D. La. Sept. 28, 2009). |
| Mississippi | The elements of a case of fraud include: "(1) [A] representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury." *Spragins v. Sunburst Bank,* 605 So. 2d 777, 780 (Miss. 1992). |
| | **Scienter**- The plaintiff must show "the speaker's knowledge of its falsity or ignorance of the truth." *Spragins*, 605 So. 2d at 780; *Smith v. Bank of Am., N.A.*, No. 2:11-CV-120-MPM, 2012 U.S. Dist. LEXIS 134384, at *9 (N.D. Miss. Sept. 20, 2012). |
| | **Reliance**- Recognizing that, where there is a common scheme of deception, even if there may be oral misrepresentations, does not preclude a finding that the common issues relative to defendant's conduct predominated |

- 10 -

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)

**FRAUD**

| | |
|---|---|
| | over individual issues. *Keyes v. Guardian Life Ins. Co. of Am.*, 194 F.R.D. 253, 256 (S.D. Miss. 2000) (denying class cert because representations were different).<br><br>***Standard of Proof-*** For a fraud claim, the "elements must be proved by clear and convincing evidence." *Smith*, 2012 U.S. Dist. LEXIS 134384, at *9. |
| Missouri | Under Missouri law, the elements of fraud are: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity, or his ignorance of the truth; (5) the speaker's intent that the representation should be acted on by the person, and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury." *Nigro v. Research College of Nursing*, 876 S.W.2d 681, 686 (Mo. App. 1994).<br><br>***Scienter-*** "Scienter is present, and the other essential elements of fraud being present one is obviously liable, when a representation is made with knowledge of its falsity." *Shepherd v. Woodson*, 328 S.W.2d 1, 7 (Mo. 1959).<br><br>***Reliance-*** The fact there is no direct evidence on behalf of plaintiff that it relied upon the misrepresentations does not, of itself, militate against the sufficiency of the evidence to establish that element of the case. *Universal C.I.T. Credit Corp. v. Tatro*, 416 S.W.2d 696, 703 (Mo. App. 1967) ("The fact of reliance does not require direct proof and it may be inferred from all the facts and circumstances in the case.").<br><br>"Both our case law and the governing regulations make clear that the consumer's reliance on an unlawful practice is not required under the MMPA [Missouri's consumer protection statute]." *Plubell v. Merck & Co.*, 289 S.W.3d 707, 714 (Mo. App. 2009).<br><br>***Standard of Proof-*** "Under Missouri law, 'the plaintiff bears the burden of proof for each element of fraud, and must satisfy that burden with clear and convincing evidence.'" *Weston v. Donnelly*, 927 F.2d 369, 371 (8th Cir. 1991) (citing *Centerre Bank of Indep., N.A. v. Bliss*, 765 S.W.2d 276, 284 (Mo. App. 1988)). |
| Nevada | The elements of fraud are: "a false representation made with knowledge or belief that it is false or without a sufficient basis of information, intent to induce reliance, and damage resulting from the reliance." *Collins v. Burns*, 103 Nev. 394, 397, 741 P.2d 819 (1987).<br><br>***Scienter-*** Plaintiff must demonstrate "defendant's knowledge or belief that its representation was false or that |

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)

FRAUD

| | |
|---|---|
| | defendant has an insufficient basis of information for making the representation." *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 447 (1998). |
| | *Reliance*- Recognizing that a representative suit for collective deceit may be maintained as long as the fraud element existed and pervaded the transaction at the time of the consumer's purchase. *Johnson v. Travelers Ins. Co.*, 515 P.2d 68 (1973) (no claim for fraud because the fraud did not pervade the transaction at the time plaintiff and others purchased); *see also Kelley v. Eighth Jud. Dist. Court*, No. 56189, 2011 WL 1631573 (Nev. Apr. 28, 2011) (suggesting that common fraudulent schemes could support a classwide inference of reliance; Scion consistent sticker pricing versus Toyota individual haggling). |
| | *Standard of Proof*- "'Clear and convincing evidence' and not 'preponderance of the evidence' is the correct burden of proof with respect to the fraud claim." *Topaz Mut. Co. v. Marsh*, 839 P.2d 606, 609 (Nev. 1992). |
| New Jersey | In order to recover for common law fraud a plaintiff must demonstrate that "the defendant made a materially false representation for the purpose of inducing reliance thereon, and that the plaintiff actually and reasonably relied thereon." *Faktor v. Am. Biomaterials Corp.*, No. 90-2018, 1991 WL 336922, at *5 (D.N.J. May 28, 1991). |
| | *Scienter*- "The five elements of common-law fraud are: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610, 691 A.2d 350, 367 (1997) (citing *Jewish Center of Sussex County v. Whale*, 86 N.J. 619, 624-25, 432 A.2d 521 (1981)). |
| | *Reliance*- Where the omission of fact is common to the entire class, class certification is favored. "For purposes of certifying a class, ***must the plaintiffs offer direct proof*** that the entire class relied on defendant's representation that omitted material facts, where the plaintiffs have established that the defendant withheld these material facts for the purpose of inducing the very action the plaintiffs pursued? ***We think not***." *Varacallo v. Mass. Mut. Life Ins. Co.*, 752 A.2d 807, 817 (N.J. App. Div. 2000) (affirming class certification of fraud claims); *In re The Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 513-16 (D.N.J. 1997) (misrepresentations made by agents selling "vanishing premium" policies were "virtually identical" because of use of uniform sales materials). |
| | *Standard of Proof*- "'Fraud is not presumed; it must be proven through clear and convincing evidence.'" *Stoecker v. Echevarria*, 408 N.J. Super. 597, 617-18 (App. Div. 2009). The burden of proof in fraud cases requires clear and convincing evidence. *See Luong v. Nguyen*, 2011 WL 1376316, at *6 (N.J. App. Div. Apr. 13, 2011) (by inference); |

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)

FRAUD

| | |
|---|---|
| | *Stone v. Kahr Props., LLC*, 2008 WL 5213317, at *8 (N.J. App. Div. Dec. 16, 2008) (by inference). |
| New Mexico | "The elements of fraud include (1) a misrepresentation of fact, (2) either knowledge of the falsity of the representation or recklessness on the part of the party making the misrepresentation, (3) intent to deceive and to induce reliance on the misrepresentation, and (4) detrimental reliance on the misrepresentation." *Cain v. Champion Window Co., LLC*, 142 N.M. 209, 216 (Ct. App. 2007).<br><br>***Scienter***- "The essential elements required to sustain an action for fraud, are that a representation was made as a statement of fact which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that the other party did in fact rely on it and was induced thereby to act to his injury or damage." *Stone v. Fossil Oil & Gas*, 657 F. Supp. 1449, 1462 (D.N.M. 1987).<br><br>***Reliance***- New Mexico recognizes that a presumption of reliance where a defendant makes materially misleading *omissions*. *Berry v. Fed. Kemper Life Ins. Co.*, 136 N.M. 454, 474 (Ct. App. 2004) ("A court may presume reliance where it is logical to believe that a reasonable person – or insured – would attach importance to the omitted fact in his choice of action on the transaction in question.").<br><br>***Burden of Proof***- "It is generally a well-established rule of law in New Mexico that fraud is not presumed, but it must be established by clear and convincing evidence." *Snell v. Cornehl*, 466 P.2d 94, 95 (Mo. 1970); *see also Mayeux v. Winder*, 139 N.M. 235, 240 (Ct. App. 2005). |

- 13 -

## *Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)

### FRAUD

| New York | A plaintiff must allege that a defendant: "(1) made a material false representation or omission, (2) knowing of its falsity, (3) intending to defraud, (4) upon which the plaintiff reasonably relied, and (5) the plaintiff suffered injury as a result." *Redtail Leasing, Inc. v. Bellezza*, No. 95 CIV 5191 (JFK), 1997 WL 603496, at *6 (S.D.N.Y. Sept. 30, 1997). |
|---|---|
| | ***Scienter***- To succeed on a claim of fraud, a part must demonstrate "that a false representation was made which was known to be untrue or which was made with reckless disregard of the truth." *Bank of New York v. Realty Group Consultants,* 186 A.D.2d 618, 619 (N.Y. App. Div. 1992) |
| | ***Reliance***-  *In re Coordinated Title Ins. Cases,* 784 N.Y.S.2d 919 (Sup. Ct. 2004) ("New York precedent is persuasive that issues of reliance are not an impediment to class action certification . . . 'once it has been determined that the representations alleged are material and actionable, thus warranting certification, the issue of reliance may be presumed . . . .'"); *Weinberg v. Hertz Corp.*, 116 A.D.2d 1, 6-7 (N.Y. App. Div. 1986). |
| | ***Standard of proof***- "The elements of fraud are narrowly defined, requiring proof by clear and convincing evidence." *Gaidon v. Guardian Life Ins. Co. of Am.*, 725 N.E.2d 598, 609 (N.Y. 1999); *see also Spaid v. Liverpool Cent. Sch. Dist.*, 642 N.Y.S.2d 783, 787 (Sup. Ct. 1996) ("Variations on the preponderance standard are rare – the most common being the burden of proof by clear and convincing evidence applicable in fraud cases."). |
| North Dakota | "In this state there is no common law in any case in which the law is declared by the code." N.D.C.C. §1-01-06. "Because the Legislature has spoken through the Code, actions for fraud and deceit are controlled by the statutory distinctions between the claims." *Erickson v. Brown*, 747 N.W.2d 34, 53 (N.D. 2008). Actual fraud is defined as: "1. The suggestion as a fact of that which is not true by one who does not believe it to be true; 2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true though that person believes it to be true; 3. The suppression of that which is true by one having knowledge or belief of the fact; 4. A promise made without any intention of performing it; or 5. Any other act fitted to deceive." §9-03-08. |
| | ***Scienter***- As stated in subsection 2 of the §9-03-08, all that is required is a "positive assertion, in a manner not warranted by the information of person making it." Moreover, "'because intent to defraud and deceive is ordinarily not susceptible of direct proof, fraud . . . may be inferred from the circumstances' at the time of the transaction." *American Bank Center v. West*, 793 N.W.2d 172, 178 (N.D. 2010). |
| | ***Reliance***- While reliance is an element of fraud, such claims are nevertheless proper for class certification. *Rose v. United Equitable Ins. Co.*, 2002 ND 148, 651 N.W.2d 683, 689 (2002) (affirming class certification of fraud claim). |

## *Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)

### FRAUD

| | |
|---|---|
| | **Burden of Proof**- A party alleging fraud has the burden of proving each element by clear and convincing evidence. *Heart River Partners v. Goetzfried*, 703 N.W.2d 330, 339 (N.D. 2005); *see also Kary v. Prudential Ins. Co. of Am.*, 541 N.W.2d 703, 705 (N.D. 1996) (citing *Sargent County Bank v. Wentworth*, 500 N.W.2d 862 (N.D.1993)) ("Fraud is never presumed, but must be proved by evidence that is clear and convincing."). |
| Ohio | The elements of fraud are: """(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.""" *Burr v. Board of County Comm'rs*, 23 Ohio St. 3d 69, 73, 491 N.E.2d 1101 (1986).<br><br>**Scienter**- As set forth in *Burr*, *supra*, the scienter element may be proven """with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred.""" *Burr*, 23 Ohio St. 3d at 73.<br><br>**Reliance**- Thus, class action treatment is appropriate where the claims arise from standardized forms or routinized procedures, notwithstanding the need to prove reliance. *Hamilton v. Ohio Sav. Bank*, 694 N.E.2d 442, 456 (Ohio 1998) (affirming class certification of fraud claims); *Ritt v. Billy Blanks Enters.*, 171 Ohio App. 3d 204, 220 (2007); *Cope v. Metro. Life Ins. Co.*, 696 N.E.2d 1001, 1008 (Ohio 1998) (finding predominance requirement satisfied in class certification request and allowing inference of reliance where there was common, roughly uniform nondisclosure of material fact).<br><br>**Standard of Proof**- "The elements of fraud must be established by clear and convincing evidence." *Rapport v. Kochovski*, 923 N.E.2d 1212, 1215 (Ohio Ct. App. 2009). |
| Oklahoma | To prove fraud, the plaintiff must: "show a material false representation, made with knowledge of its falsity or recklessly without knowledge as to its truth or falsity, as a positive assertion, with the intention that it be acted upon by another, who does act in reliance thereon, to his injury." *Varn v. Maloney*, 516 P.2d 1328, 1332 (Okla. 1973).<br><br>**Scienter**- "Actionable fraud consists of a false material representation made as a positive assertion which is known either to be false, or made recklessly without knowledge of the truth . . . ." *Tice v. Tice*, 672 P.2d 1168, 1171 (Okla. 1983). |

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)

FRAUD

| | |
|---|---|
| | ***Reliance-*** Where misrepresentations are uniform, there is no requirement to prove individual reliance. *Black Hawk Oil. Co. v. Exxon Corp.*, 969 P.2d 337, 345 (Okla. 1998); *Masquat v. Daimlerchrysler Corp.*, 195 P.3d 48, 57 (Okla. 2008) (finding that "any question of variation in individual reliance is eclipsed by the common questions surrounding the allegation of fraudulent concealment").<br><br>***Standard of Proof-*** "Fraud is never presumed, but must be proven by clear and convincing evidence." *Tice*, 672 P.2d at 1171. |
| Oregon | The essential elements of a common-law fraud claim are: "the defendant made a material misrepresentation that was false; the defendant did so knowing that the representation was false; the defendant intended the plaintiff to rely on the misrepresentation; the plaintiff justifiably relied on the misrepresentation; and the plaintiff was damaged as a result of that reliance." *Stawn v. Farmers Ins. Co.*, 258 P.3d 1199, 1209 (Or. 2011).<br><br>***Scienter-*** "To prevail on a fraud claim, a plaintiff must show . . . the speaker's knowledge of its falsity or ignorance of its truth." *Or. Pub. Employees' Ret. Bd. v. Simat, Helliesen & Eichner*, 191 Or. App. 408, 424, 83 P.3d 350, 359 (Ct. App. 2004).<br><br>***Reliance-*** "[R]eliance, in an appropriate case, can be inferred from circumstantial evidence." *Strawn*, 258 P.3d at 1213 (affirming class certification of fraud claims).<br><br>***Standard of Proof-*** "To prevail on a fraud claim, a plaintiff must show by clear and convincing evidence [the elements of fraud]." *Or. Pub. Employees*, 83 P.3d at 359. |
| Utah | "Fraud is 'a false representation of an existing material fact made knowingly or recklessly for the purpose of inducing reliance thereon, upon which there was reliance to the innocent party's detriment." *DeBry v. Cascade Enters.*, 879 P.2d 1353, 1358 (Utah 1994).<br><br>***Scienter-*** Under Utah law, a claim for fraud has the following elements: "[A] representation was made; (2) concerning a presently existing material fact; (3) which was false; (4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge upon which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage." *Franco v. The Church of Jesus Christ of Latter-day Saints*, 21 P.3d 198, 207-08 (Utah 2001). |

## *Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)

### FRAUD

| | |
|---|---|
| | ***Reliance-*** Adhering to the California Supreme Court's rule in *Vasquez v. Superior Court*, 4 Cal. 3d 800 (1971), that issues of reliance should not preclude certification of an action because if it was shown that the misrepresentations were material, an inference of reliance would arise as to the entire class. *Brickyard Homeowners' Ass'n Mgmt. Comm. v. Gibbons Realty, Co.*, 668 P.2d 535, 543 (Utah 1983).<br><br>***Standard of Proof-*** "To establish fraud under Utah law, a party must prove by clear and convincing evidence [the elements of fraud]." *Franco*, 21 P.3d at 207. |
| Washington | Plaintiff must prove the following nine elements by clear, cogent, and convincing evidence: (1) defendant made a representation of an existing fact; (2) the factual representation was material; (3) it was false; (4) defendant knew it was false; (5) defendant intended that plaintiff act on the false representation; (6) plaintiff was ignorant of the falsity of the representation; (7) plaintiff relied on the false representation; (8) plaintiff had a right to rely on this representation; and (9) plaintiff suffered damages due to his reliance on the false representation. *Stiley v. Block*, 130 Wash. 2d 486, 505, 925 P.2d 194 (1996).<br><br>***Scienter-*** A party must demonstrate that "the defendant knew the fact was false or was ignorant of its truth." *Baddeley v. Seek,* 138 Wash. App. 333, 338-39 (2007) (citing *Baertschi v. Jordan,* 68 Wash.2d 478, 482 (1966)).<br><br>***Reliance-*** Common questions predominate over individual issues of reliance where plaintiffs allege a common course of wrongdoing based on the same misrepresentations. *In re Badger Mt. Irr. Dist. Sec. Litig.,* 143 F.R.D. 693, 697 (W.D. Wash. 1992); *Trimble v. Holmes Harbor Sewer Dist.*, No. 01-2-00751-8, 2003 WL 23100273, at *7 (Wash. Sup. Ct. Oct. 6, 2003) (finding that "'[a]pplication of a rebuttable presumption of reliance in some form is appropriate' in this case").<br><br>***Standard of Proof-*** "It is well established in Washington that the standard of proof in civil fraud cases is clear, cogent, and convincing evidence." *Kirkham v. Smith*, 23 P.3d 10, 13 (Wash. 2001). |
| Wisconsin | The elements of a claim of fraudulent misrepresentation are "(1) false representation, (2) intent to defraud, and (3) reliance upon the representation resulting in damage." *Staudt v. Artifex Ltd.*, 16 F. Supp. 2d 1023, 1030 (E.D. Wis. 1998).<br><br>***Scienter-*** "'In intentional deceit the defendant must either know the representation is untrue or the representation was made recklessly without caring whether it was true or false . . . .'" *Lundin v. Shimanski*, 124 Wis. 2d 175, 184, |

*Makaeff v. Trump University*, No. 10-cv-0940 (S.D. Cal.)

**FRAUD**

| | |
|---|---|
| | 368 N.W. 676, 681 (1985) (internal citations omitted). |
| | *Reliance*-  Wisconsin recognizes a presumption of reliance in failure to disclose cases, noting the United States Supreme Court "recognized the possible difficulties of ***proving reliance*** in cases where the seller had allegedly ***failed to disclose*** pertinent information.  *Cuene v. Hilliard*, 754 N.W.2d 509, 513 (Wis. Ct. App. 2008) (emphasis in original). |
| | *Standard of Proof*-  "The party alleging the fraud has the burden of proving the elements by clear and convincing evidence."  *Lundin*, 368 N.W. at 681. |

- 18 -

# EXHIBIT D

**PROPOSED SPECIAL VERDICT FORMS FOR BREACH OF CONTRACT AND
THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

*Set forth below are suggested interrogatories to be presented on Special Verdict Forms at Trial. This form is meant to be illustrative only, and not comprehensive. Plaintiffs may suggest changes to the special interrogatories herein. Moreover, the absence of any claim or state from the subclasses suggested below is not intended to constitute a waiver of any claims currently, or in the future, brought in this action.*

## I. BREACH OF CONTRACT AND
## THE IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING

### GOOD FAITH AND FAIR DEALING SUBCLASS #1
### IMPLIED COVENANT AS A SEPARATE CAUSE OF ACTION

In every contract or agreement there is an implied promise of good faith and fair dealing. This means that each party will refrain from doing anything that unfairly interferes with the rights of any other party to receive the benefits of the contract; however the implied promise of good faith and fair dealing cannot create obligations inconsistent with the contract.[1]

In some states, Arizona, California, Connecticut, Delaware, Kansas, Missouri, Nevada, New Hampshire, New Jersey, North Carolina, Oregon, Vermont, and Wisconsin, a party can breach the implied covenant of good faith and fair dealing without breaching an express provision of the parties' underlying contract.

### A. LIABILITY

Plaintiffs Tarla Makaeff, Sonny Low and Ed Oberkrom claim that defendant Trump University violated the duty to act fairly and in good faith.

Do you find by a preponderance of the evidence the following:

**(i)    Did plaintiffs and the subclass enter into a contract with defendant?**

Yes ☐          No ☐

**(ii)   Did defendant act in bad faith or engage in unreasonable conduct that had the effect of preventing plaintiffs and the subclass from receiving the benefits of the parties' contract?**

Yes ☐          No ☐

**(iii)  As a result, were plaintiffs and the subclass harmed?**

Yes ☐          No ☐

---

[1]    *See Restatement (Second) of Contracts* §205 (1981).

762187_1

If you selected "yes" for all of the elements listed above, please answer the question in part B.  If you selected "no," for any of the elements listed above, please skip to "Subclass #2."

**B. DAMAGES**

**Have plaintiffs proved by a preponderance of the evidence the amount of damages suffered by plaintiffs and the subclass?**

Yes ☐          No ☐

If yes, complete the following blank: The [Court/Jury] finds actual damages for Plaintiffs and the Good Faith and Fair Dealing Subclass #1 in the amount of $_____.  (If you answered "no," do not complete the blank.)

**GOOD FAITH AND FAIR DEALING SUBCLASS #2**
**IMPLIED COVENANT IS NOT A SEPARATE CAUSE OF ACTION AND**
**BREACH OF CONTRACT HAS FOUR ELEMENTS**

In every contract or agreement there is an implied promise of good faith and fair dealing.  This means that each party will refrain from doing anything that unfairly interferes with the rights of any other party to receive the benefits of the contract; however the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract.

In many states, a party cannot breach the implied covenant of good faith and fair dealing without breaching an express provision of the parties' underlying contract.  In Alaska, Colorado, Georgia, Illinois, Indiana, Iowa, Maryland, Massachusetts, Nebraska, New York, and Ohio, a party bringing a breach of contract claim must satisfy a four-part test.

## A.  LIABILITY

Plaintiff John Brown claims that defendant Trump University breached its contract and duty of good faith and fair dealing.

Do you find by preponderance of the evidence the following:

    **(i)**    **Did plaintiff and the subclass enter into a contract with defendant?**

        Yes ☐        No ☐

    **(ii)**    **Did plaintiff show either performance or excuse from performance?**

        Yes ☐        No ☐

    **(iii)**    **Did defendant breach the contract by unfairly interfering with plaintiff's and the subclass's rights to receive the benefits of the contract?**

        Yes ☐        No ☐

    **(iv)**    **As a result, were plaintiff and the subclass harmed?**

        Yes ☐        No ☐

**B. DAMAGES**

**Has plaintiff proved by a preponderance of the evidence the amount of damages suffered by plaintiff and the subclass?**

Yes ☐          No ☐

If yes, complete the following blank: The [Court/Jury] finds actual damages for Plaintiff and the Breach of Contract and Good Faith and Fair Dealing Subclass #2 in the amount of $_____.  (If you answered "no," do not complete the blank.)

Yes ☐          No ☐

**GOOD FAITH AND FAIR DEALING SUBCLASS #3**
**IMPLIED COVENANT IS NOT A SEPARATE CAUSE OF ACTION AND**
**BREACH OF CONTRACT REQUIRES A MATERIAL BREACH**

In every contract or agreement there is an implied promise of good faith and fair dealing. This means that each party will refrain from doing anything that unfairly interferes with the rights of any other party to receive the benefits of the contract; however the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract.

In many states, a party cannot breach the implied covenant of good faith and fair dealing without breaching an express provision of the parties' underlying contract. In Alabama, Florida, Maine, New Mexico, and Pennsylvania, a party bringing a breach of contract claim must show there is a material breach of contract.

## A. LIABILITY

**(1)** Plaintiff J.R. Everett claims that defendant Trump University breached its contract and duty of good faith and fair dealing.

Do you find by preponderance of the evidence the following:

**(i)    Did plaintiff and the subclass enter into a contract with defendant?**

Yes ☐          No ☐

**(ii)   Did defendant breach the contract by unfairly interfering with plaintiff's and the subclass's rights to receive the benefits of the contract?**

Yes ☐          No ☐

**(iii)  Did defendant's conduct affect a fundamental purpose or essence of the contract?**

Yes ☐          No ☐

**(iv)   As a result, were plaintiff and the subclass harmed?**

Yes ☐          No ☐

If you selected "yes," for all of the elements listed above, please answer the question in part B. If you selected "no," for any of the elements listed above please skip to the end of the form.

**B. Damages**

**Has plaintiff proved by a preponderance of the evidence the amount of damages suffered by plaintiff and the subclass?**

Yes ☐                 No ☐

If yes, complete the following blank: The [Court/Jury] finds actual damages for Plaintiff and the Breach of Contract and Good Faith and Fair Dealing Subclass #3 in the amount of $_____. (If you answered "no," do not complete the blank.)

Yes ☐                 No ☐

# EXHIBIT E

## PROPOSED SPECIAL VERDICT FORMS FOR UNJUST ENRICHMENT

*Set forth below are suggested interrogatories that would be presented on Special Verdict Forms at Trial.  This form is meant to be illustrative only, and not comprehensive.  Plaintiffs may suggest changes to the special interrogatories herein.  Moreover, the absence of any claim or state from the subclasses suggested below is not intended to constitute a waiver of any claims currently, or in the future, brought in this action.*

### UNJUST ENRICHMENT

#### Subclass # 1

#### The Restatement's Basic Test

A party is enriched if she receives a benefit.  A party is unjustly enriched if the retention of the benefit would be unfair.  A party obtains restitution when she is restored to the position she formerly occupied either by the return of something which she formerly had or by the receipt of its equivalent in money.  Ordinarily, the measure of restitution is the amount of enrichment received by defendants.  If the loss suffered differs from the amount of benefit received, the measure of restitution may be more or less than the loss suffered or more or less than the enrichment.[1]

Some states, Arkansas, California, Connecticut, District of Columbia, Hawaii, Michigan, Mississippi, Nebraska, New Hampshire, New Mexico, Vermont, West Virginia, and Illinois, use the *Restatement's* definition of unjust enrichment to determine liability.

### A. Liability

Plaintiffs Tarla Makaeff and Sonny Low claim that defendants Trump University and Donald Trump were unjustly enriched.

Do you find by a preponderance of the evidence the following:[2]

    **(i)**    **Did plaintiffs and the subclass confer a benefit on defendants?**

        Yes ☐        No ☐

    **(ii)**    **Did defendants accept a benefit from plaintiffs and the subclass?**

        Yes ☐        No ☐

---

[1]    *Restatement (First) of Restitution* §1 (1937) ("*Restatement*").

[2]    *See* 66 Am. Jur. 2d *Pleading & Practice Forms: Restitution & Implied Contracts* §12 (2012).

762185_1

**(iii)** **Under the circumstances, would it be unfair for defendants to retain the benefit?**

Yes ☐                    No ☐

## B. Restitution

**(iv)** **Have plaintiffs proved by a preponderance of the evidence the amount that should be restituted to plaintiffs and the subclass?**

Yes ☐                    No ☐

If "yes," complete the following blank: The [Court/Jury] finds that the appropriate amount of restitution for Plaintiffs and the Unjust Enrichment Subclass #1 is $_____.  (If you answered "no," do not complete the blank.)

2

### SUBCLASS # 2

### THE RESTATEMENT'S TEST AND APPRECIATION OF THE BENEFIT

A party is enriched if she receives a benefit. A party is unjustly enriched if the retention of the benefit would be unfair. A party obtains restitution when she is restored to the position she formerly occupied either by the return of something which she formerly had or by the receipt of its equivalent in money. Ordinarily, the measure of restitution is the amount of enrichment received by defendants. If the loss suffered differs from the amount of benefit received, the measure of restitution may be more or less than the loss suffered or more or less than the enrichment.

Some states, Alaska, Florida, Georgia, Idaho, Kansas, Kentucky, Maine, Maryland, Nevada, Oregon, Pennsylvania, Rhode Island, South Carolina, Tennessee, Virginia, Washington, Wisconsin, and Wyoming, use the *Restatement's* definition of unjust enrichment and require that defendants appreciate the benefit to determine liability.

### A. LIABILITY QUESTIONS

Plaintiff J.R. Everett claims that defendants Trump University and Donald Trump were unjustly enriched.

Do you find by a preponderance of the evidence the following:

**(i)      Did plaintiff and the subclass confer a benefit on defendants?**

Yes ☐            No ☐

**(ii)     Did defendants accept money from plaintiff and the subclass?**

Yes ☐            No ☐

**(iii)    Did defendants appreciate the benefit it was receiving from plaintiff and the subclass?**

Yes ☐            No ☐

**(iv)    Under the circumstances, would it be unfair for defendants to retain the benefit?**

Yes ☐            No ☐

3

## B. Restitution

**(i)** **Has plaintiff proved by a preponderance of the evidence the amount that should be restituted to plaintiff and the subclass?**

Yes ☐        No ☐

If "yes," complete the following blank: The [Court/Jury] finds that the appropriate amount of restitution for Plaintiff and Unjust Enrichment Subclass #2 is $_____.  (If you answered "no," do not complete the blank.)

## SUBCLASS # 3

### THE RESTATEMENT'S TEST AND REQUIRES AN INADEQUATE REMEDY AT LAW

A party is enriched if she receives a benefit. A party is unjustly enriched if the retention of the benefit would be unfair. A party obtains restitution when she is restored to the position she formerly occupied either by the return of something which she formerly had or by the receipt of its equivalent in money. Ordinarily, the measure of restitution is the amount of enrichment received by defendants. If the loss suffered differs from the amount of benefit received, the measure of restitution may be more or less than the loss suffered or more or less than the enrichment.

Some states, Arizona, Colorado, Delaware, Iowa, Louisiana, Massachusetts, Minnesota, New Jersey, New York, North Carolina, North Dakota, Ohio, Oklahoma, South Dakota, and Utah, require that there be an inadequate remedy at law before bringing an unjust enrichment claim.

### A. LIABILITY QUESTIONS

Plaintiff John Brown claims that defendants Trump University and Donald Trump were unjustly enriched.

**(1)**  Do you find by a preponderance of the evidence the following:

    **(i)**  **Do plaintiff and the subclass have an adequate remedy at law as to Trump University?**

        Yes ☐  No ☐

    If you selected "yes," please skip to "Subclass #4." If you selected "no," please answer question 2.

    **(ii)**  **Do plaintiff and the subclass have an adequate remedy at law as to Donald Trump?**

        Yes ☐  No ☐

    If you selected "yes," please skip to "Subclass #4." If you selected "no," please answer question 2.

**(2)**  Do you find by a preponderance of the evidence the following:

    **(i)**  **Did plaintiff and the subclass confer a benefit on defendants?**

        Yes ☐  No ☐

    **(ii)**  **Did defendants accept the benefit from plaintiff and the subclass?**

        Yes ☐  No ☐

5

**(iii)**    **Under the circumstances, would it be unfair for defendants to retain the benefit?**

Yes ☐            No ☐

**B. RESTITUTION**

**(i)**    **Has plaintiff proved by a preponderance of the evidence the amount that should be restituted to plaintiff and the subclass?**

Yes ☐            No ☐

If "yes," complete the following blank: The [Court/Jury] finds that the appropriate amount of restitution for Plaintiff and Unjust Enrichment Subclass #3 is $_____.  (If you answered "no," do not complete the blank.)

6

SUBCLASS # 4

RESTATEMENT TEST AND REQUIRES WRONGFUL CONDUCT

A party is enriched if she receives a benefit. A party is unjustly enriched if the retention of the benefit would be unfair. A party obtains restitution when she is restored to the position she formerly occupied either by the return of something which she formerly had or by the receipt of its equivalent in money. Ordinarily, the measure of restitution is the amount of enrichment received by defendants. If the loss suffered differs from the amount of benefit received, the measure of restitution may be more or less than the loss suffered or more or less than the enrichment.

Some states, Alabama, Indiana, Missouri, Montana, and Texas, require that a defendant engage in wrongful conduct in order to bring an unjust enrichment claim.

## A. LIABILITY QUESTIONS

Plaintiff Ed Oberkrom claims that defendants Trump University and Donald Trump were unjustly enriched.

Do you find by a preponderance of the evidence the following:

**(i)     Did plaintiff and the subclass confer a benefit on defendants?**

Yes ☐          No ☐

**(ii)    Did defendants take undue advantage of plaintiff and the subclass by accepting the benefit?**

Yes ☐          No ☐

**(iii)   Under the circumstances, would it be unfair for defendants to retain the benefit?**

Yes ☐          No ☐

## B. RESTITUTION

**(i)     Has plaintiff proved by a preponderance of the evidence the amount that should be restituted to plaintiff and the subclass?**

Yes ☐          No ☐

If "yes," complete the following blank: The [Court/Jury] finds that the appropriate amount of restitution for Plaintiff and Unjust Enrichment Subclass #4 is $_____. (If you answered "no," do not complete the blank.)

7

# EXHIBIT F

## PROPOSED SPECIAL VERDICT FORM FOR FRAUD

*Set forth below are suggested interrogatories that would be presented on Special Verdict Forms at Trial. This form is meant to be illustrative only, and not comprehensive. Plaintiffs may suggest changes to the special interrogatories herein. Moreover, the absence of any claim or state from the subclasses suggested below is not intended to constitute a waiver of any claims currently, or in the future, brought in this action.*

### FRAUD SUBCLASS #1

Many states permit a showing of recklessness in making representations without knowledge of its truth. In Alaska, California, Delaware, Indiana, Montana, and North Carolina, a party bringing a fraud claim must prove by a preponderance of the evidence that defendant recklessly made representations without knowledge of its truth.

### A. LIABILITY

Plaintiffs Tarla Makaeff and Sonny Low claim that defendants Trump University and Donald Trump made a false representation that harmed them. To establish this claim, plaintiffs must prove all of the following by a ***preponderance of the evidence***:

    **(i)**    **Did defendants make one or more false representation(s) or material omission(s) of one or more material facts to plaintiffs?**

Yes ☐        No ☐

If yes, go to (ii). If no, stop here and answer no further questions.

    **(ii)**    **Did defendants make the representation(s) or material omission(s) recklessly and without regard for their truth?**

Yes ☐        No ☐

If yes, go to (iii). If no, stop here and answer no further questions.

    **(iii)**    **Did defendants intend for plaintiffs to rely on the representation(s) or material omission(s)?**

Yes ☐        No ☐

If yes, go to (iv). If no, stop here and answer no further questions.

    **(iv)**    **Was plaintiffs' reliance on defendants' representation(s) or material omission(s) a substantial factor in causing harm to plaintiffs?**

Yes ☐        No ☐

If yes, go to (v). If  no, stop here and answer no further questions.

**B. DAMAGES**

**(v)      What are the total damages suffered by plaintiffs and the subclass?**

The [Court/Jury] finds Plaintiffs and Fraud Subclass #1 are entitled to Damages in the amount of $_____.

## FRAUD SUBCLASS #2

Many states permit a showing of recklessness in making representations without knowledge of its truth. In Arkansas, District of Columbia, Florida, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Nevada, New Jersey, New Mexico, New York, North Dakota, Ohio, Oklahoma, Oregon, Utah, Washington, and Wisconsin, a party bringing a fraud claim must prove by clear and convincing evidence that defendant recklessly made representations without knowledge of its truth.

### A. LIABILITY

Plaintiffs John Brown, J.R. Everett, and Ed Oberkrom claim that defendants Trump University and Donald Trump made a false representation that harmed them. To establish this claim, plaintiffs must prove all of the following by ***clear and convincing evidence***:

**(i)** **Did defendants make one or more false representation(s) or material omission(s) of one or more material facts to plaintiffs?**

Yes ☐          No ☐

If yes, go to (ii). If no, stop here and answer no further questions.

**(ii)** **Did defendants make the representation(s) or material omission(s) recklessly and without regard for their truth?**

Yes ☐          No ☐

If yes, go to (iii). If  no, stop here and answer no further questions.

**(iii)** **Did defendants intend for plaintiffs to rely on the representation(s) or material omission(s)?**

Yes ☐          No ☐

If yes, go to (iv). If no, stop here and answer no further questions.

**(iv)** **Was plaintiffs' reliance on defendants' representation(s) or material omission(s) a substantial factor in causing harm to plaintiffs?**

Yes ☐          No ☐

If yes, go to (v). If  no, stop here and answer no further questions.

**B. DAMAGES**

**(v)**     **What are total damages suffered by plaintiffs and the subclass?**

The [Court/Jury] finds Plaintiffs and Fraud Subclass #2 are entitled to Damages in the amount of $_____.[1]

---

[1]     New Jersey Class members are limited to equitable relief.

# EXHIBIT G

## PROPOSED SPECIAL VERDICT FORMS FOR UDTPA

*Set forth below are suggested interrogatories that would be presented on Special Verdict Forms at Trial.  This form is meant to be illustrative only, and not comprehensive.  Plaintiffs may suggest changes to the special interrogatories herein.  Moreover, the absence of any claim or state from the subclasses suggested below is not intended to constitute a waiver of any claims currently, or in the future, brought in this action.*

## <u>CALIFORNIA</u>

### I.  Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200 *et seq.* and False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §17500

#### A.  Liability

Plaintiffs Tarla Makaeff and Sonny Low claim that defendants Trump University and Donald Trump violated California's Unfair Competition Law and False Advertising Law.

Do you find by a preponderance of the evidence the following:

**(i)**     **Did defendants engage in an unlawful business act or practice?**

Yes ☐                    No ☐

If yes, skip to (iv).  If no, go to (ii).

**(ii)**     **Did defendants engage in an unfair business act or practice?**

Yes ☐                    No ☐

If yes, skip to (iv).  If no, go to (iii).

**(iii)**     **Did defendants engage in a fraudulent business act or practice?**

Yes ☐                    No ☐

If yes, skip to (iv).  If no, go to (iv).

**(iv)**     **Did defendants engage in untrue or misleading advertising?**

Yes ☐                    No ☐

If yes, you may also find defendants violated the FAL.

**(v)**     **As a result of defendants' conduct, did plaintiffs lose money or property?**

Yes ☐                    No ☐

1

**B. Restitution**

**(vi)** **Have plaintiffs proved by a preponderance of the evidence the amount of restitution necessary to restore plaintiffs' and the California Class's lost money or property?**

Yes ☐          No ☐

If "yes," complete the following blank: The Court awards restitution to Plaintiffs and the California Class in the amount of $_____.  If you answered "no," do not complete the blank.

2

## II. The Consumers Legal Remedies Act,
## Cal. Civ. Code §1750 *et seq.*

The Consumers Legal Remedies Act prohibits unfair methods of competition and unfair or deceptive acts or practices in connection with the sale of goods to consumers.

### A. Liability

Plaintiffs Tarla Makaeff and Sonny Low claim that Defendants Trump University and Donald Trump violated the Consumers Legal Remedies Act.

Do you find by a preponderance of the evidence the following:

**(i)**     **Were plaintiffs consumers at the time of the conduct?**

Yes ☐                 No ☐

If your answer to question (i) is yes, then answer question (ii).  If you answered no, stop here and answer no further questions.

**(ii)**    **Were defendants persons at the time of the conduct?**

Yes ☐                 No ☐

If your answer is yes, then answer question (iii).  If you answered no, stop here and answer no further questions.

**(iii)**   **Did plaintiffs purchase of defendants' seminars and mentorships constitute "transactions"?**

Yes ☐                 No ☐

If your answer is yes, then answer question (iv).  If you answered no, stop here and answer no further questions.

**(iv)**    **Did defendants' conduct include misrepresentations that Trump University and/or its seminars and/or mentorships have characteristics, benefits or uses which they do not have?**

Yes ☐                 No ☐

If yes, skip to (vii).  If no, go to (v).

**(v)**     **Did defendants misrepresent that Trump University, and/or its seminars and/or mentorships are of a particular standard, quality and/or grade when they are of another?**

Yes ☐                 No ☐

If yes, skip to (vii).  If no, go to (vi).

3

**(vi)**   **Did defendants advertise Trump University and/or its seminars and/or mentorships with the intent not to sell them as advertised or represented?**

Yes ☐              No ☐

If you answered yes to one of the above (iv, v, or vi), go to (vii).  If you did not answer yes to any of those questions, stop here and answer no further questions.

**(vii)**   **Did plaintiffs suffer actual damages as a result of defendants' conduct?**

Yes ☐              No ☐

If your answer to question (vii) is yes, then answer question (viii).  If you answered no, stop here and answer no further questions.

**B.  Damages**

**(viii)**   **What are plaintiffs' and the California subclasses' total damages?**

Total:  $_____.

**(ix)**   **Should punitive damages be imposed?**

Yes ☐              No ☐

If yes, in what amount?        $_____.

4

# FLORIDA

## I. Florida Deceptive And Unfair Trade Practices Act, Fla. Stat. §501.201 *et seq.*

Under the Florida Deceptive and Unfair Trade Practices Act, it is unlawful to engage in "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Fla. Stat. §501.204(1).

### A.  Liability

Plaintiff J.R. Everett claims that defendants Trump University and Donald Trump violated the Florida Deceptive and Unfair Trade Practices Act.

Do you find by a preponderance of the evidence the following:

**(i)      Did defendants make representations to consumers?**

Yes ☐            No ☐

If your answer to question (i) is yes, then answer question (ii).  If you answered no, stop here and answer no further questions.

**(ii)     Were defendants' representations, or any portion of defendants' representations, likely to mislead a reasonable consumer?**

Yes ☐            No ☐

If your answer is yes, then answer question (iii).  If you answered no, stop here and answer no further questions.

**(iii)    Were defendants' misleading representations likely to cause injury to a consumer?**

Yes ☐            No ☐

If your answer is yes, then answer question (iv).  If you answered no, stop here and answer no further questions.

**(v)     Did plaintiff lose money as a result of defendants' representations?**

Yes ☐            No ☐

If your answer is yes, then answer question (vi).

### B.  Damages

**(vi)    What are plaintiff's and the Florida Class's damages?**

Total:  $_____.

5

## II.  The Florida Misleading Advertising Law,
## Fla. Stat. §817.41

The Florida Misleading Advertising Law provides that it "shall be unlawful for any person to make or disseminate or cause to be made or disseminated before the general public of the state . . . any misleading advertisement.  Such making or dissemination of misleading advertising shall constitute and is hereby declared to be fraudulent and unlawful, designed and intended for obtaining money or property under false pretenses."  Fla. Stat. §817.41(1).

### A.  Liability

Plaintiff J.R. Everett claim that defendants Trump University and Donald Trump violated the Florida Misleading Advertising Law, Fla. Stat. §817.41.

Do you find by a preponderance of the evidence the following:

**(i)**   **Did defendants make or disseminate (or cause to be made or disseminated) any oral, written or printed statements to the general public?**

Yes ☐   No ☐

If your answer is yes, then answer question (ii).  If you answered no, stop here and answer no further questions.

**(ii)**  **Did defendants' statements, or any portion of defendants' statements, have a tendency to be misleading or untrue?**

Yes ☐   No ☐

If your answer is yes, then answer question (iii).  If you answered no, stop here and answer no further questions.

**(iii)** **Did defendants know, or could defendants have discovered through the exercise of reasonable care or investigation, that the statements were untrue or misleading?**

Yes ☐   No ☐

If your answer is yes, then answer question (iv).  If you answered no, stop here and answer no further questions.

**(iv)**  **Did defendants intend that the misleading or untrue statements would cause plaintiff to rely and act on the statements?**

Yes ☐   No ☐

If your answer is yes, then answer question (v).  If you answered no, stop here and answer no further questions.

6

**(v)**      **Did plaintiff rely on defendants' misleading or untrue statements?**

Yes ☐                     No ☐

If your answer is yes, then answer question (vi).  If you answered no, stop here and answer no further questions.

**(vi)**      **Did plaintiff suffer injury because she relied on defendants' misleading or untrue statements?**

Yes ☐                     No ☐

If your answer is yes, then answer question (vii).  If you answered no, stop here and answer no further questions.

### B.  Damages

**(vii)**    **What are plaintiff's damages?**

Total:  $_____.

**(viii)**   **Should punitive damages be imposed?**

Yes ☐                     No ☐

If yes, in what amount?            $_____.

7

## <u>NEW YORK</u>

### I.  New York General Business Law §349

### A.  Liability

Plaintiff John Brown claims that Defendants Trump University and Donald Trump violated New York's deceptive practices statute,  N.Y. GEN. BUS. LAW §349(a).

Do you find by a preponderance of the evidence the following:

**(i)**   **Did defendants engage in an act or practice that was consumer-oriented?**

Yes ☐                No ☐

If your answer to question (i) is yes, then answer question (ii).  If you answered no, stop here and answer no further questions.

**(ii)**   **Was the act or practice was misleading in a material way?**

Yes ☐                No ☐

If your answer to question (ii) is yes, then answer question (iii).  If you answered no, stop here and answer no further questions.

**(iii)**   **Did plaintiff suffer injury as a result of the deceptive act or practice?**

Yes ☐                No ☐

If your answer to question (iii) is yes, then go to (iv)  If you answered no, stop here and answer no further questions.

### B.  Damages

**(iv)**   **Has plaintiff proved by a preponderance of the evidence the actual injury suffered by plaintiff?**

Yes ☐                No ☐

If "yes," Plaintiff is entitled to the greater of their actual damages or $50.  Complete the following blank: The [Court/Jury] awards damages for Plaintiff and the New York Class in the amount of $_____.  (If you answered "no," do not complete the blank.).

**(v)**   **Were defendants' violations done willfully or knowingly?**

Yes ☐                No ☐

If "yes," the [Court/Jury] may treble the actual damages up to $1000 per plaintiff and Class member.  The [Court/Jury] hereby trebles the damages to Plaintiff and the New

8

York Class in the amount of $_____.  (If you answered "no," do not complete the blank).

9

EXHIBIT H

**PROPOSED SPECIAL VERDICT FORM FOR SENIOR CLASSES**

*Set forth below are suggested interrogatories that would be presented on Special Verdict Forms at Trial.  This form is meant to be illustrative only, and not comprehensive.  Plaintiffs may suggest changes to the special interrogatories herein.  Moreover, the absence of any claim is not intended to constitute a waiver of any claims currently, or in the future, brought in this action.*

## <u>CALIFORNIA</u>

### FINANCIAL ELDER ABUSE IN VIOLATION OF CAL. WELF. & INST. CODE §15600 *et seq.*

"Financial abuse" of an elder or dependent adult occurs when a person or entity does any of the following: (1) takes, secretes, appropriates, or retains real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both; or (2) assists in taking, secreting, appropriating, or retaining real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both.  Cal. Welf. & Inst. Code §15610.30.

### A. LIABILITY

Plaintiff Sonny Low claims that defendants Trump University and Donald Trump violated Cal. Welf. & Inst. Code §15600 *et seq*.

Do you find by a preponderance of the evidence the following:

**(i)**      **Was plaintiff 65 years of age or older at the time of the conduct?**

Yes ☐        No ☐

If your answer to question (i) is yes, then answer question (ii).  If you answered no, stop here and answer no further questions.

**(ii)**     **Did defendants appropriate, obtain, or retain (or assist in doing so) plaintiff's property for a wrongful purpose because defendants knew or should have known their conduct was likely to be harmful to plaintiff?**

Yes ☐        No ☐

If your answer is yes, then skip to (v).  If you answered no, go to (iii).

**(iii)**    **Did defendants appropriate, obtain, or retain (or assist in doing so) plaintiff's property with intent to defraud?**

Yes ☐        No ☐

If your answer is yes, then skip to (v).  If you answered no, go to (iv).

**(iv)** **Did defendants appropriate, obtain, or retain (or assist in doing so) plaintiff's property by undue influence?**

Yes ☐          No ☐

If your answer is yes, then go to (v).  If you answered no for (ii), (iii), and (ix), you do not need to answer any more questions.

**(v)** **Was plaintiff harmed?**

Yes ☐          No ☐

If your answer is yes, then go to (vi).  If you answered no, you do not need to answer any more questions.

**(vi)** **Was defendants' conduct a substantial factor in causing harm to plaintiff?**

Yes ☐          No ☐

If your answer to question (vi) is yes, then answer question (vii).  If you answered no, stop here and answer no further questions.

## B. DAMAGES

**(vii)** **What are plaintiff's and the California Senior Class's damages?**

Total:  $_____.

**(viii)** **Did defendants know or should have known their conduct was directed to senior citizens and that plaintiff lost property set aside for retirement and/or assets essential to his health and welfare?**

Yes ☐          No ☐

If "yes," the [Court/Jury] may treble the actual damages.  The [Court/Jury] hereby trebles the damages for Plaintiff Low and the California Senior Class in the amount of $_____.  (If you answered "no," do not complete the blank.).

**(ix)** If you find that defendants' acts were done maliciously, oppressively, and with the intent to mislead or defraud under (iii), you may award punitive and exemplary damages pursuant to Cal. Civ. Code §3294 *et seq*.

**In what amount should defendants pay punitive and exemplary damages to plaintiff and the California Senior Class?**

Total:  $_____.

766110_1

## FLORIDA

**FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT,
FLA. STAT. §501.201 *et seq.***

**(Civil Penalties for Violations involving Senior Citizens, Fla. Stat. §501.2077)**

Under the Florida Deceptive and Unfair Trade Practices Act, it is unlawful to engage in "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Fla. Stat. §501.204(1).  Additionally, under Fla. Stat. §501.2077(a), which governs violations involving senior citizens, any person who willfully uses a method, act, or practice which victimizes or attempts to victimize a senior citizen, and does so knowing his or her conduct was unfair or deceptive, is also liable for a civil penalty in the amount of $15,000 per violation.

### A.  LIABILITY

Plaintiff J.R. Everett claims that defendants Trump University and Donald Trump violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and Fla. Stat. §501.2077.

Do you find by a preponderance of the evidence the following:

**(i)       Was plaintiff 60 years of age or older at the time of the transaction?**

Yes ☐              No ☐

If your answer is yes, then answer question (ii).  If you answered no, stop here and answer no further questions.

**(ii)      Did you find that defendants violated FDUTPA (*see* UDTPA special verdict forms)?**

Yes ☐              No ☐

If your answer to question (ii) is yes, then answer question (iii).  If you answered no, stop here and answer no further questions.

**(iii)     Did defendants willfully use a method, act or practice in violation of FDUTPA, which method, act or practice victimized or attempted to victimize senior citizens?**

Yes ☐              No ☐

If your answer to question (iii) is yes, then answer question (iv).  If you answered no, stop here and answer no further questions.

766110_1

**B.  DAMAGES**

**(iv)    How much should be awarded against defendants in civil penalties?**

You may award civil penalties in the amount of $15,000 for each violation (each Florida Senior Class member.  Pursuant to Fla. Stat. §501.2077(4), the amount of civil penalties awarded shall be deposited into the Legal Affairs Revolving Trust Fund of the Florida Department of Legal Affairs and allocated solely to the Florida Department of Legal Affairs for the purpose of preparing and distributing consumer education materials, programs, and seminars to benefit senior citizens and handicapped persons or to further enforcement efforts.

Total:  $_____.