1   David K. Schneider (CSB 139288)
    YUNKER & SCHNEIDER
2   655 West Broadway, Suite 1400
    San Diego, California 92101
3   Telephone:  (619) 233-5500
    Facsimile:  (619) 233-5535
4   Email:  dks@yslaw.com

5   Attorneys for Defendants TRUMP UNIVERSITY, LLC and DONALD J.
    TRUMP
6

7

8               **UNITED STATES DISTRICT COURT**

9         **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TARLA MAKAEFF, BRANDON KELLER, ED OBERKROM, and PATRICIA MURPHY on Behalf of Themselves and All Others Similarly Situated, | Case No. 10 CV 0940 CAB (WVG) |
| Plaintiffs, | **DEFENDANTS TRUMP UNIVERSITY, LLC AND DONALD J. TRUMP'S ANSWER TO THIRD AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |
| v. | |
| TRUMP UNIVERSITY, LLC, (aka Trump Entrepreneur Initiative) a New York Limited Liability Company, DONALD J. TRUMP, and DOES 1 through 50, inclusive, | |
| Defendants. | |

Defendants TRUMP UNIVERSITY, LLC ("Trump University") and DONALD J. TRUMP (collectively referred to as "Defendants") answer and respond to the correspondingly numbered paragraphs of the Third Amended Class Action Complaint as follows:

1.    Denied.

2.    Defendants admit that plaintiffs herein filed this action on their own behalf and purportedly on behalf of others.  Defendants deny others are "similarly situated."  As to the remaining portions of the paragraph, Defendants are without knowledge or information to form a belief as to the truth of those allegations, and on that basis, deny those allegations.

/ / /

1     3.     Defendants admit that Trump University trains, educates and mentors entrepreneurs

2 on achieving financial independence through real estate investing.  Defendants deny the remaining

3 allegations of this paragraph.

4     4.     Defendants admit that plaintiffs Makaeff, Oberkrom, and Keller attended one or more

5 Trump University real estate programs.  Defendants deny the remaining allegations of this

6 paragraph.

7     5.     Denied.

8     6.     Denied.

9     7.     Defendants admit that Harvard University is an "accredited" institution and that

10 Trump University is not an "accredited" education institution.  Defendants deny the remaining

11 allegations of this paragraph.

12     8.     Denied.

13     9.     Defendants admit that Attorneys General have indicated that they intended to

14 investigate Trump University, but no claim or action has been filed in any state.  As to the remaining

15 allegations in this paragraph, Defendants are without knowledge or information sufficient to form a

16 belief as to the truth of the allegations, and on that basis, deny those allegations.

17     10.     Defendants admit that Attorneys General have indicated that they intended to

18 investigate Trump University, but no claim or action has been filed in any state.  As to the remaining

19 allegations in this paragraph, Defendants are without knowledge or information sufficient to form a

20 belief as to the truth of the allegations, and on that basis, deny those allegations.

21     11.     Defendants are without knowledge or information sufficient to form a belief as to the

22 truth of the allegations of this paragraph, and on that basis, deny those allegations.

23     12.     Defendants deny that seminars were standardized or that mentors or instructors used

24 scripts.  Defendants admit that enrollees were provided support numbers for assistance and provided

25 that assistance when called.  Defendants deny the remaining allegations of the paragraph.

26     13.     Denied.

27     14.     Defendants admit that more than 95% of Trump University attendees who filled out

28 evaluation forms rated the program as positive, or they would attend additional Trump University

programs, or they would recommend Trump University programs to their friends, or all three.  As to the remaining allegations in this paragraph, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, deny those allegations.

15.   Denied.

16.   Denied.

17.   Denied.

18.   Denied.

19.   This paragraph states legal conclusions that require no response.  To the extent this paragraph states any factual allegations, Defendants admit that Donald J. Trump is Chairman of Trump University, Defendants admit that Trump University is authorized to use Donald J. Trump's name, photos and quotes, and that advertisements featured his image and quotes, and materials were sent out with his name.  As to the remaining allegations in the paragraph, Defendants deny subparagraph g.  Defendants admit Mr. Trump wrote certain blogs.  Defendants deny Mr. Trump reviewed financials every month or all print, newspaper and direct mail.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, deny those allegations.

20.   Defendants deny that this case may properly be certified as a class action.  This paragraph further states legal conclusions that require no response.  To the extent this paragraph states any factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, deny those allegations.

21.   Defendants deny that this case may properly be certified as a class action.  This paragraph further states legal conclusions that require no response.  To the extent this paragraph states any factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, deny those allegations.

22.   This paragraph states legal conclusions that require no response.  To the extent this paragraph states any factual allegations, Defendants admit that Trump University, LLC has its principal place of business in New York, and Donald J. Trump resides in New York.

Case No. 10 CV 0940 CAB (WVG)
DEFENDANTS TRUMP UNIVERSITY, LLC AND DONALD J. TRUMP'S ANSWER TO THIRD AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

23.     This paragraph states legal conclusions that require no response.  To the extent this paragraph states any factual allegations, Defendants deny that this case may properly be certified as a class action.  Defendants further deny that the aggregate amount in controversy exceeds $5 million. Defendants deny the remaining allegations of this paragraph.

24.     This paragraph states legal conclusions that require no response.  To the extent the paragraph states any factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, deny those allegations.

25.     This paragraph states legal conclusions that require no response.  To the extent this paragraph states any factual allegations, Defendants deny that a substantial part of the events or omissions giving rise to the claims occurred in this District.

26.     Defendants admit that plaintiff Makaeff testified that she is a resident of California. Defendants admit that plaintiff Makaeff attended a three-day Trump University program entitled "Fast Track to Foreclosure Training" and participated in the Trump Gold Elite Program.  Defendants deny the remaining allegations of this paragraph.

27.     Defendants admit that plaintiff Keller testified that he is a resident of California. Defendants admit that plaintiff Keller attended a three-day workshop and Trump University fully refunded his money for the Elite seminar.  Defendants deny the remaining allegations of this paragraph.

28.     Defendants admit that plaintiff Oberkrom testified that he is a resident of Missouri. Defendants deny that plaintiff Oberkrom purchased a three-day mentorship for $1,495.  Defendants admit that plaintiff Oberkrom contracted to purchase a mentorship program, but then refused to do it. Defendants deny the remaining allegations of this paragraph.

29.     Defendants admit that Mr. Low testified that he is a resident of California. Defendants admit and Mr. Low testified that he received a mentor who worked side by side with him for three days as part of the Elite program.  Defendants deny the remaining allegations of this paragraph.

30.     Defendants admit that Ms. Everett testified that she is a resident of Florida. Defendants admit that Ms. Everett attended the $1,495 seminar and rated it 5 on a scale of 1 to 5. Defendants admit that Ms. Everett purchased the Gold Elite program but refused to participate in the in-field mentoring with the selected mentor.  Defendants deny the remaining allegations of this paragraph.

31.     Defendants admit that Mr. Brown testified that he is a resident of New York. Defendants admit that Mr. Brown purchased the $1,495 seminar and rated it "excellent." Defendants admit that he purchased an in-field mentorship.  Defendants deny the remaining allegations of this paragraph.

32.     Defendants admit that Trump University is a limited liability company registered in New York with its principal place of business in New York, New York.  Defendants admit that Donald J. Trump is the chairman of Trump University as well as the chairman and president of the Trump Organization.  Defendants admit that Trump University changed its name to The Trump Entrepreneur Initiative.  Defendants admit that Trump University conducts business in the State of California.  Defendants deny the remaining allegations of this paragraph.

33.     Defendants admit that Donald J. Trump resides in New York and conducts business in California.  Defendants deny the remaining allegations of this paragraph.

34.     Denied.

35.     Denied.

36.     This paragraph alleges no facts.

37.     This paragraph states legal conclusions that require no response.  To the extent this paragraph states any factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, deny those allegations.

38.     Defendants admit that Trump University provides educational seminars on real estate, investments and finance topics.  Defendants admit that Trump University was founded by Donald J. Trump.  Defendants admit that Trump University is not an accredited University.

39.     Denied.

40.     Defendants admit that Trump University advertises in local media for its courses. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis, deny those allegations.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Defendants admit that some Trump University programs offer available mentors. Defendants admit that Trump University allows attendees to decide if the course is right for them. Defendants admit that Trump University allows attendees a full refund pursuant to the terms of the agreement.  Defendants deny the remaining allegations of this paragraph.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Defendants admit that some instructors called leads live during certain programs as a training and learning exercise, which students liked.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis, deny those allegations.

53.     Denied.

54.     This paragraph states legal conclusions that require no response.  To the extent this paragraph states any factual allegations, denied.

55.     Denied.

56.     Denied.

57.     Denied.

1    58.    Defendants are without knowledge or information sufficient to form a belief as to the
2  truth of the allegations of this paragraph, and on that basis, deny those allegations.

3    59.    Denied.

4    60.    Denied.

5    61.    Denied.

6    62.    Denied.

7    63.    Denied.

8    64.    This paragraph states legal conclusions that require no response.  To the extent this
9  paragraph states any factual allegations, Defendants admit that the New York Department of
10  Education, based on a local statute, requested that Trump University change its name, which it did.
11  Defendants admit that it has had various ratings from the Better Business Bureau.

12    65.    This paragraph states legal conclusions that require no response.  To the extent this
13  paragraph states any factual allegations, Defendants admit that Donald J. Trump is Chairman of
14  Trump University.  Defendants admit that Trump University is authorized to use Donald J. Trump's
15  name, photos and quotes, and that advertisements featured his image and quotes, and materials were
16  sent out with his name.  Defendants deny the remaining allegations except as stated in paragraph 19
17  above.

18    66.    Defendants are without knowledge or information sufficient to form a belief as to the
19  truth of the allegations of this paragraph, and on that basis, deny those allegations.

20    67.    Defendants deny that plaintiff Makaeff purchased the three-day Trump University
21  "Fast Track to Foreclosure Training" workshop.  On information and belief, Defendants admit that
22  plaintiff Makaeff and her friend were allowed to split the $1,495.00 cost.  Defendants deny the
23  remaining allegations of this paragraph.

24    68.    Defendants are without knowledge or information sufficient to form a belief as to the
25  truth of the allegations of this paragraph, and on that basis, deny those allegations.

26    69.    Denied.

27

28

70.     Defendants admit that Ms. Makaeff received more than she purchased, namely two in-field mentors.  Ms. Makaeff testified that she later received a third in-field mentor for free, plus two coaches.  Defendants deny the remaining allegations of this paragraph.

71.     Defendants deny plaintiff Makaeff spent approximately $60,000 on Trump University programs.  Defendants deny the remaining allegations of this paragraph.

72.     Denied.

73.     Denied.

74.     This paragraph states legal conclusions that require no response.  To the extent this paragraph states any factual allegations, Defendants deny the remaining allegations of this paragraph.

75.     Defendants admit that Mr. Oberkrom testified he lives in Missouri.  Defendants deny the remaining allegations of this paragraph.

76.     Denied.

77.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and on that basis, deny those allegations.

78.     Denied.

79.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and on that basis, deny those allegations.

80.     Denied.

81.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and on that basis, deny those allegations.

82.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and on that basis, deny those allegations.

83.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and on that basis, deny those allegations.

84.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and on that basis, deny those allegations.

DEFENDANTS TRUMP UNIVERSITY, LLC AND DONALD J. TRUMP'S ANSWER TO THIRD AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

85.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and on that basis, deny those allegations.

86.     Denied.

87.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and on that basis, deny those allegations.

88.     Denied.

89.     Denied.

90.     Defendants admit that Trump University refunded plaintiff Keller's $35,000.  As to the remaining allegations in this paragraph, Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations, and on that basis, deny those allegations.

91.     Denied.

92.     Denied.

93.     Defendants admit that Mr. Low testified that he is a resident of California.  As to the remaining allegations of this paragraph, Defendants have insufficient information to admit or deny them, and on that basis deny those allegations.

94.     Defendants have insufficient information to admit or deny the allegations of this paragraph, and on that basis deny those allegations.

95.     Defendants have insufficient information to admit or deny the allegations of this paragraph, and on that basis deny those allegations.

96.     Defendants have insufficient information to admit or deny the allegations of this paragraph, and on that basis deny those allegations.

97.     Defendants admit that Mr. Low received a mentor who worked side by side with him in his neighborhood to meet his financial goals.  As to the remaining allegations of this paragraph, Defendants have insufficient information to admit or deny them, and on that basis deny those allegations.

98.     Defendants admit that Mr. Low received a mentor who worked side by side with him in his neighborhood to meet his financial goals.  As to the remaining allegations of this paragraph,

Case No. 10 CV 0940 CAB (WVG)
DEFENDANTS TRUMP UNIVERSITY, LLC AND DONALD J. TRUMP'S ANSWER TO THIRD AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES

1  Defendants have insufficient information to admit or deny them, and on that basis deny those

2  allegations.

3         99.    Defendants admit that Mr. Low received a mentor who worked side by side with him

4  in his neighborhood to meet his financial goals.  As to the remaining allegations of this paragraph,

5  Defendants have insufficient information to admit or deny them, and on that basis deny those

6  allegations.

7         100.   Defendants admit that Mr. Low received a mentor who worked side by side with him

8  in his neighborhood to meet his financial goals.  As to the remaining allegations of this paragraph,

9  Defendants have insufficient information to admit or deny them, and on that basis deny those

10 allegations.

11        101.   Defendants have insufficient information to admit or deny the allegations of this

12 paragraph, and on that basis deny those allegations.

13        102.   Denied.

14        103.   Denied.

15        104.   Denied.

16        105.   Defendants admit that Ms. Everett testified that she is a resident of Florida.  As to the

17 remaining allegations of this paragraph, Defendants have insufficient information to admit or deny

18 them, and on that basis deny those allegations.

19        106.   Defendants have insufficient information to admit or deny the allegations of this

20 paragraph, and on that basis deny those allegations.

21        107.   Defendants have insufficient information to admit or deny the allegations of this

22 paragraph, and on that basis deny those allegations.

23        108.   Defendants have insufficient information to admit or deny the allegations of this

24 paragraph, and on that basis deny those allegations.

25        109.   Denied.

26        110.   Denied.

27        111.   Denied.

28        112.   Denied.

113.    Defendants admit that Mr. Brown testified that he is a resident of New York.  As to the remaining allegations of this paragraph, Defendants have insufficient information to admit or deny them, and on that basis deny those allegations.

114.    Defendants have insufficient information to admit or deny the allegations of this paragraph, and on that basis deny those allegations.

115.    Defendants have insufficient information to admit or deny the allegations of this paragraph, and on that basis deny those allegations.

116.    Defendants have insufficient information to admit or deny the allegations of this paragraph, and on that basis deny those allegations.

117.    Defendants have insufficient information to admit or deny the allegations of this paragraph, and on that basis deny those allegations.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Defendants have insufficient information to admit or deny the allegations of this paragraph, and on that basis deny those allegations.

122.    Denied.

123.    Denied.

124.    This paragraph states legal conclusions that require no response.  Defendants deny that this case may properly be certified as a class action.

125.    This paragraph states legal conclusions that require no response.  Defendants deny that this case may properly be certified as a class action.

126.    This paragraph states legal conclusions that require no response.  Defendants deny that this case may properly be certified as a class action and deny the remaining allegations of this paragraph.

127.    Defendants admit that Trump University has certain information about attendees of its programs.  Defendants deny that this case may properly be certified as a class action.

DEFENDANTS TRUMP UNIVERSITY, LLC AND DONALD J. TRUMP'S ANSWER TO THIRD AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

1    128.    This paragraph states legal conclusions that require no response.  Defendants deny

2    that this case may properly be certified as a class action.

3                          **FIRST CAUSE OF ACTION**
                (Violation of California Business & Professions Code §17200)

4

5    129.    Defendants reallege and incorporate by reference as though fully set forth herein their

6    responses to Paragraphs 1-128 above.

7    130.    This paragraph states legal conclusions that require no response.

8    131.    This paragraph states legal conclusions that require no response.  To the extent this

9    paragraph states any factual allegations, denied.

10    132.    This paragraph states legal conclusions that require no response.  To the extent this

11    paragraph states any factual allegations, denied.

12    133.    This paragraph states legal conclusions that require no response.  To the extent this

13    paragraph states any factual allegations, denied.

14    134.    This paragraph states legal conclusions that require no response.  To the extent this

15    paragraph states any factual allegations, denied.

16    135.    This paragraph states legal conclusions that require no response.  To the extent this

17    paragraph states any factual allegations, denied.

18    136.    This paragraph states legal conclusions that require no response.  To the extent this

19    paragraph states any factual allegations, denied.

20                          **SECOND CAUSE OF ACTION**
          (Violations of the Consumer Legal Remedies Act, California Civil Code § 1750 *et seq.*)

21

22    137.    Defendants reallege and incorporate by reference as though fully set forth herein their

23    responses to Paragraphs 1-136 above.

24    138.    This paragraph states legal conclusions that require no response.  To the extent this

25    paragraph states any factual allegations, denied.

26    139.    This paragraph states legal conclusions that require no response.  To the extent this

27    paragraph states any factual allegations, denied.

28

Case No. 10 CV 0940 CAB (WVG)
DEFENDANTS TRUMP UNIVERSITY, LLC AND DONALD J. TRUMP'S ANSWER TO THIRD AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES

140.    This paragraph states legal conclusions that require no response.  To the extent this paragraph states any factual allegations, denied.

141.    This paragraph states legal conclusions that require no response.  To the extent this paragraph states any factual allegations, denied.

142.    This paragraph states legal conclusions that require no response.  To the extent this paragraph states any factual allegations, denied.

143.    This paragraph states legal conclusions that require no response.  To the extent this paragraph states any factual allegations, denied.

144.    This paragraph states legal conclusions that require no response.  To the extent this paragraph states any factual allegations, denied.

### THIRD CAUSE OF ACTION
(Untrue and Misleading Advertising in Violation of Cal. Bus. & Prof. Code §17500, *et seq.*)

145.    Defendants reallege and incorporate by reference as though fully set forth herein their responses to Paragraphs 1-144 above.

146.    This paragraph states legal conclusions that require no response.  To the extent this paragraph states any factual allegations, denied.

147.    This paragraph states legal conclusions that require no response.  To the extent this paragraph states any factual allegations, denied.

148.    This paragraph states legal conclusions that require no response.  To the extent this paragraph states any factual allegations, denied.

### FOURTH CAUSE OF ACTION
(Breach of Contract Against Trump University)

149.    Defendants reallege and incorporate by reference as though fully set forth herein their responses to Paragraphs 1-148 above.

150.    Defendants admit that certain plaintiffs entered into different agreements with Trump University ranging in price, duration, programs, content, purpose, materials and assistance.  For example, Trump University denies that plaintiff Makaeff contracted with or paid Trump University $1,495.00 or that Mr. Oberkrom paid $1,495.  Trump University admits that certain plaintiffs and

1    other attendees entered into various agreements with Trump University for the Trump University

2    Gold Program for which they paid about $34,995.00 and received all that they contracted for.  As to

3    the remaining factual allegations in this paragraph, Defendants are without knowledge or

4    information sufficient to form a belief as to the truth of the factual allegations, and on that basis,

5    deny those allegations.

6           151.    The allegations are vague and ambiguous.  Consequently, Defendants can neither

7    admit nor deny the allegations of this paragraph, and on that basis, deny those allegations.

8           152.    This paragraph states legal conclusions that require no response.  To the extent this

9    paragraph states any factual allegations, Defendants are without knowledge or information sufficient

10   to form a belief as to the truth of the factual allegations of this paragraph, and on that basis, deny

11   those allegations.

12          153.    This paragraph states legal conclusions that require no response.  To the extent this

13   paragraph states any factual allegations, denied.

14          154.    This paragraph states legal conclusions that require no response.  To the extent this

15   paragraph states any factual allegations, denied.

16                             **FIFTH CAUSE OF ACTION**
             (Breach of the Implied Covenant of Good Faith and Fair Dealing Against Trump University)
17

18          155.    Defendants reallege and incorporate by reference as though fully set forth herein their

19   responses to Paragraphs 1-154 above.

20          156.    This paragraph states legal conclusions that require no response.

21          157.    This paragraph states legal conclusions that require no response.  To the extent this

22   paragraph states any factual allegations, denied.

23          158.    This paragraph states legal conclusions that require no response.  To the extent this

24   paragraph states any factual allegations, Defendants are without knowledge or information sufficient

25   to form a belief as to the truth of the factual allegations of this paragraph, and on that basis, deny

26   those allegations.

27          159.    This paragraph states legal conclusions that require no response.  To the extent this

28   paragraph states any factual allegations, Defendants are without knowledge or information sufficient

1   to form a belief as to the truth of the factual allegations of this paragraph, and on that basis, deny

2   those allegations.

3       160.    This paragraph states legal conclusions that require no response.  To the extent this

4   paragraph states any factual allegations, denied.

5       161.    This paragraph states legal conclusions that require no response.  To the extent this

6   paragraph states any factual allegations, denied.

7   **SIXTH CAUSE OF ACTION**
(Money Had and Received)

8   

9       162.    Defendants reallege and incorporate by reference as though fully set forth herein their

10   responses to Paragraphs 1-161 above.

11       163.    Denied.

12       164.    This paragraph states legal conclusions that require no response.  To the extent this

13   paragraph states any factual allegations, denied.

14   **SEVENTH CAUSE OF ACTION**
(Negligent Misrepresentation)

15   

16       165.    Defendants reallege and incorporate by reference as though fully set forth herein their

17   responses to Paragraphs 1-164 above.

18       166.    Denied.

19       167.    Denied.

20       168.    Denied.

21       169.    Denied.

22       170.    Denied.

23       171.    Denied.

24       172.    Denied.

25       173.    Denied.

26       174.    Denied.

27       175.    Denied.

28       176.    Denied.

Case No. 10 CV 0940 CAB (WVG)
DEFENDANTS TRUMP UNIVERSITY, LLC AND DONALD J. TRUMP'S ANSWER TO THIRD AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES

1    177.   Denied.

2    178.   Denied.

3    179.   This paragraph states legal conclusions that require no response.  To the extent this

4  paragraph states any factual allegations, denied.

5    180.   Denied.

6    181.   This paragraph states legal conclusions that require no response.  To the extent this

7  paragraph states any factual allegations, denied.

8    182.   This paragraph states legal conclusions that require no response.  To the extent this

9  paragraph states any factual allegations, denied.

10    183.   This paragraph states legal conclusions that require no response.  To the extent this

11  paragraph states any factual allegations, denied.

12                          **EIGHTH CAUSE OF ACTION**
                                   (Fraud)
13

14    184.   Defendants reallege and incorporate by reference as though fully set forth herein their

15  responses to Paragraphs 1-183 above.

16    185.   Denied.

17    186.   Denied.

18    187.   Denied.

19    188.   Denied.

20    189.   The allegations of this paragraph are vague and thus Defendants are without

21  knowledge or information sufficient to form a belief as to the truth of the factual allegations of this

22  paragraph, and on that basis, deny those allegations.

23    190.   This paragraph states legal conclusions that require no response.  To the extent this

24  paragraph states any factual allegations, denied.

25    191.   This paragraph states legal conclusions that require no response.  To the extent this

26  paragraph states any factual allegations, denied.

27    192.   This paragraph states legal conclusions that require no response.  To the extent this

28  paragraph states any factual allegations, denied.

**NINTH CAUSE OF ACTION**
(False Promise)

193.    Defendants reallege and incorporate by reference as though fully set forth herein their responses to Paragraphs 1-192 above.

194.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and on that basis, deny those allegations.

195.    Denied.

196.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph, and on that basis, deny those allegations.

197.    Denied.

198.    This paragraph states legal conclusions that require no response.  To the extent this paragraph states any factual allegations, denied.

199.    This paragraph states legal conclusions that require no response.  To the extent this paragraph states any factual allegations, denied.

**TENTH CAUSE OF ACTION**
(Deceptive Acts and Practices in Violation of §349 of
New York's General Business Law)

200.    Defendants reallege and incorporate by reference as through fully set forth herein their responses to Paragraphs 1-199 above.

201.    Defendants have insufficient information to admit or deny the allegations of this paragraph, and on that basis deny those allegations.

202.    This paragraph states legal conclusions that require no response.  To the extent this paragraph states any factual allegations, denied.

203.    Denied.

204.    This paragraph states legal conclusions that require no response.  To the exten this paragraph states any factual allegations, denied.

Case No. 10 CV 0940 CAB (WVG)
DEFENDANTS TRUMP UNIVERSITY, LLC AND DONALD J. TRUMP'S ANSWER TO THIRD AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES

1
2

**ELEVENTH CAUSE OF ACTION**
**(Financial Elder Abuse in Violation of Cal. Welf. & Inst. Code §15600)**

3       205.    Defendants reallege and incorporate by reference as though fully set forth herein their
4   responses to Paragraphs 1-204 above.

5       206.    Defendants are informed and believe that plaintiff Low attended a Trump University
6   seminar in California.

7       207.    This paragraph states legal conclusions that require no response.

8       208.    Denied.

9       209.    Denied.

10      210.    Denied.

11      211.    Denied.

12      212.    This paragraph states legal conclusions that require no response.  To the extent this
13   paragraph states any factual allegations, denied.

14      213.    This paragraph states legal conclusions that require no response.  To the extent this
15   paragraph states any factual allegations, denied.

16

**TWELFTH CAUSE OF ACTION**
**(Violation of the Florida Deceptive and Unfair Trade Practices Act,**
**Fla. Stat. §501.201, et seq.)**

17

18      214.    Defendants reallege and incorporate by reference as through fully set forth herein
19   their responses to Paragraph 1-213 above.

20      215.    Defendants have insufficient information to admit or deny the allegations of this
21   paragraph, and on that basis deny those allegations.

22      216.    This paragraph states legal conclusions that require no response.  To the extent this
23   paragraph states any factual allegations, denied.

24      217.    This paragraph states legal conclusions that require no response.  To the extent this
25   paragraph states any factual allegations, denied.

26      218.    This paragraph states legal conclusions that require no response.  To the extent this
27   paragraph states any factual allegations, denied.

28      219.    Denied.

18

1    220.    Denied.

2    221.    Denied.

3    222.    This paragraph states legal conclusions that require no response.  To the extent this

4    paragraph states any factual allegations, denied.

5    223.    Denied.

**THIRTEENTH CAUSE OF ACTION**
**(Violation of The Florida Misleading Advertising Law, Fla. Stat. §817.41)**

8    224.    Defendants reallege and incorporate by reference as though fully set forth herein their

9    responses to Paragraphs 1-223 above.

10    225.    Defendants have insufficient information to admit or deny the allegations of this

11    paragraph, and on that basis deny those allegations.

12    226.    This paragraph states legal conclusions that require no response.  To the exten this

13    paragraph states any factual allegations, denied.

14    227.    Denied.

15    228.    Denied.

16    229.    This paragraph states legal conclusions that require no response.  To the exten this

17    paragraph states any factual allegations, denied.

**FOURTEENTH CAUSE OF ACTION**
**(Unjust Enrichment)**

20    230.    Defendants reallege and incorporate by reference as though fully set forth herein their

21    responses to Paragraphs 1-229 above.

22    231.    This paragraph states legal conclusions that require no response.  To the exten this

23    paragraph states any factual allegations, denied.

24    232.    Denied.

25    233.    This paragraph states legal conclusions that require no response.  To the exten this

26    paragraph states any factual allegations, denied.

27

28

DEFENDANTS TRUMP UNIVERSITY, LLC AND DONALD J. TRUMP'S ANSWER TO THIRD AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES

**PRAYER FOR RELIEF**

Defendants pray for judgment against plaintiffs as follows:

1.      That defendants be discharged without liability;

2.      For all costs of suit and attorneys' fees where applicable; and

3.      For such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Case No. 10 CV 0940 CAB (WVG)
DEFENDANTS TRUMP UNIVERSITY, LLC AND DONALD J. TRUMP'S ANSWER TO THIRD AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES

## **AFFIRMATIVE DEFENSES**

As and for affirmative defenses to the class action complaint, Defendants allege as follows, provided however, that by alleging the matters set forth in these defenses, Defendants do not hereby allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters.

## **FIRST AFFIRMATIVE DEFENSE**
(Waiver)

Defendants are informed and believe and thereupon allege that plaintiffs have engaged in conduct and activities by reason of which plaintiffs have knowingly and intentionally waived any and all contract claims against Defendant Trump University and thus are barred from any recovery on those claims.  Plaintiff Makaeff contends that she is entitled to a refund because she allegedly did not receive the goods and services she purchased.  However, Plaintiff Makaeff legally waived any right to a refund because she agreed to accept additional courses and mentoring in lieu of a refund. In addition, she knowingly and intentionally waived her right to cancel her contract within the time period specified in the contract between the parties.  Similarly, Plaintiffs Keller and Oberkrom accepted all of the benefits of their contracts and knowingly and intentionally waived their right to any reimbursement, including to waive their right to cancel the contract within the agreed contractual period, thereby barring their contract claims against Trump University.

## **SECOND AFFIRMATIVE DEFENSE**
(Accord and Satisfaction)

Defendants are informed and believe and thereupon allege that Plaintiffs Makaeff is barred from any recovery against Defendants by reason of a prior accord and satisfaction.  Plaintiff Makaeff participated in, enjoyed and provided testimonials praising Trump University, including the additional programs and mentoring she received.  Plaintiff Makaeff accepted the additional courses and mentoring in lieu of a refund of her money, in accord and satisfaction of the refund she initially sought.

Case No. 10 CV 0940 CAB (WVG)
DEFENDANTS TRUMP UNIVERSITY, LLC AND DONALD J. TRUMP'S ANSWER TO THIRD AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES

1

**THIRD AFFIRMATIVE DEFENSE**
(Injunctive Relief Barred As a Matter of Law)

2

3      For an injunction to issue, there must be no adequate remedy at law.  Throughout their

4   Second Amended Complaint and in their Prayer for Relief, plaintiffs contend they have adequate

5   remedies at law and seek monetary compensation.  Therefore, plaintiffs' claim for injunctive relief is

6   barred as a matter of law.

7

**FOURTH AFFIRMATIVE DEFENSE**
(Release)

8

9      Defendants are informed and believe and thereupon allege that Plaintiff Makaeff

10   intentionally released some or all of her claims.  After participating in, attending and providing

11   written and videotaped testimonials praising Trump University for the programs she paid for,

12   Plaintiff Makaeff sought a refund.  Trump University declined her request but instead offered

13   Plaintiff Makaeff additional courses and mentoring which Plaintiff Makaeff knowingly accepted in

14   lieu of any refund, thereby releasing any potential claim against Defendants, including for

15   reimbursement.

16

**FIFTH AFFIRMATIVE DEFENSE**
(Statute of Limitations)

17

18      Plaintiffs' claims include causes of action on behalf of a nationwide putative class for various

19   contract and tort claims.  The plaintiffs and the putative class include individuals from different

20   states with different statutes of limitations.  Defendants are informed and believe and thereupon

21   allege that the various statutes of limitation bar certain claims asserted by plaintiffs.

22   Dated:      October 31, 2012                          YUNKER & SCHNEIDER

23

24                                                By:      /s/David K. Schneider
                                                          David K. Schneider
25                                                        Attorneys for Defendants
                                                          TRUMP UNIVERSITY, LLC and
26                                                        DONALD J. TRUMP

27

28

Case No. 10 CV 0940 CAB (WVG)
DEFENDANTS TRUMP UNIVERSITY, LLC AND DONALD J. TRUMP'S ANSWER TO THIRD AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES

1    CERTIFICATE OF SERVICE

2          I hereby certify that on October 31, 2012, I authorized the electronic filing of the foregoing

3    with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

4    the e-mail addresses denoted on the Electronic Mail Notice List.

5          I certify under penalty of perjury under the laws of the United States of America that the

6    foregoing is true and correct.  Executed on October 31, 2012.

7

8                                                    s/David K. Schneider
                                                     DAVID K. SCHNEIDER
9
                                                     YUNKER & SCHNEIDER
10                                                   655 West Broadway, Suite 1400
                                                     San Diego, CA  92101
11                                                   Tel:    (619) 233-5500
                                                     Fax:    (619) 233-5535
12
                                                     Email: dks@yslaw.com
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 10 CV 0940 CAB (WVG)
DEFENDANTS TRUMP UNIVERSITY, LLC AND DONALD J. TRUMP'S ANSWER TO THIRD AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES