David K. Schneider (CSB 139288)
YUNKER & SCHNEIDER
655 West Broadway, Suite 1400
San Diego, California 92101
Telephone:  (619) 233-5500
Facsimile:   (619) 233-5535
Email:  dks@yslaw.com

Attorneys for Defendants TRUMP UNIVERSITY, LLC and
DONALD J. TRUMP

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, BRANDON KELLER, ED OBERKROM, SONNY LOW, J.R. EVERETT and JOHN BROWN, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRUMP UNIVERSITY, LLC, (aka Trump Entrepreneur Initiative, LLC, a New York Limited Liability Company, DONALD J. TRUMP, and DOES 2 through 50, inclusive,<br><br>Defendants.<br><br>AND ALL RELATED CROSS-ACTIONS. | Case No. 10 CV 0940 CAB (WVG)<br><br>CLASS ACTION<br><br>DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DECLARATIONS OF SCHNACKENBERG, SOMMER, NICHOLAS AND DONNELLY<br><br><br>JUDGE: Hon. Cathy Ann Bencivengo<br>DATE:   February 12, 2013<br>TIME:    2:30 p.m.<br>CTRM:   2 — 4th Floor |

## INTRODUCTION

Defendants move to strike four declarations filed by Plaintiffs in support of their motion for class certification on the grounds that: (1) the declarants retracted most of the statements at their recent depositions; (2) the declarations lack foundation; (3) the declarants lacked personal knowledge; and (4) the declarations contain improper lay opinions.

[redacted]

[redacted]

[redacted]

1  ███████████████████████████████████████  None of the declarants has any
2  information about TU's operations after their employment, although all of them purport to offer
3  "testimony" on events since their departure.  ████████████████████████████████████
4  ████████████████████  Not coincidently, all four witnesses have been represented by
5  Plaintiffs' counsel since the inception of the lawsuit, although that fact was concealed from TU's
6  counsel until Plaintiffs filed their moving papers for this motion.
7  　　　As discussed in detail below, when the declarants were recently deposed, they admitted that
8  they did not prepare their respective declarations, and that the declarations do not contain "their
9  words."  Each declarant also admitted that their respective declarations contain misstatements, or
10 misleading statements, or outright false statements, or all three.  Finally, the declarants admitted that
11 many of the remaining statements are not actually based on personal knowledge.
12 　　　These declarations are the heart of Plaintiffs' case, and the basis for their motion for class
13 certification.  Plaintiffs frequently cite to these declarations, and often rely on them as the only
14 support for the major themes of their lawsuit and argument for class certification.  Nevertheless,
15 based on the recent deposition testimony of each of the four declarants, their declarations should be
16 stricken in their entirety.  Alternatively, the material portions identified below should be stricken.

17 **ARGUMENT**

18 　　　Plaintiffs' Motion for Class Certification is based on the fiction that Trump University and
19 Donald J. Trump orchestrated a scheme to defraud the public by selling real estate investment
20 seminars of no value.  Plaintiffs' key "evidence" of this shadowy conspiracy and fraud comes largely
21 from the declarations of ████████████████████████  The declarants stated that: ██████
22 ████████████████████████████████████████████████████████████████████████████████
23 ████████████████████████████████████████████████████████████████████████████████
24 ████████████████████████████
25 　　　Remarkably, only one month after signing their declarations, each declarant recanted almost
26 all of these six material statements during their recent depositions.  For the few remaining material
27 statements that the declarants did not completely retract, each declarant admitted no personal
28 knowledge or foundation.

2　　　　　　　　　　　　　　　　　　Case No. 10 CV 0940 CAB (WVG)
DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DECLARATIONS OF
SCHNACKENBERG, SOMMER, NICHOLAS AND DONNELLY

1   The memories of these declarants did not "fade over time," nor did they simply use different words in their depositions to convey the same message in their declarations. To the contrary, the declarants completely abandoned the aggressive, yet unsubstantiated, statements in their declarations prepared by Plaintiffs' counsel, admitted that they had no personal knowledge for many of those statements, and admitted that the statements were not even in their own words. This was a complete 180º reversal by every one of four key witnesses relied on by Plaintiffs concerning the most material issues in the case, and in this motion.

The Ninth Circuit has recognized that where a declaration directly contradicts deposition testimony, that declaration is determined to be a "sham" and the district court may strike it. *Kennedy v. Allied Mutual Ins. Co.*, 952 F.2d 262, 267 (9th Cir. 1991). This principle has been applied by district courts to disregard portions of "sham" declarations filed in support of motions for class certification, and ultimately to deny certification for that reason among others. *See Evans v. IAC/Interactive Corp.*, 244 F.R.D. 568, 571 (C.D. Cal. 2007) ("where the declarations are expressly contradicted by deposition testimony without explanation, the deposition testimony will control").

The *Evans* case is particularly instructive here. In that case, plaintiffs' counsel submitted "copied and pasted" declarations of potential class representatives "with numerous and substantial discrepancies" in support of a motion for class certification. *Id*. at 571. The declarations included statements that "were either admittedly false," or "were simply made up by the declarant," or for which the declarants "lacked actual knowledge." *Id*. at 578. The District Court noted that such discrepancies could make the declarants inadequate class representatives because their credibility was in question, and because they might even be vulnerable to summary judgment. *Id*. at 578.

However, the District Court instead focused on the inadequacy of <u>plaintiffs' counsel</u>, and concluded that their "lax approach to the preparation of declarations . . . is simply unacceptable." Why? Because "it is critical that the court be able to rely on the accuracy of evidentiary submissions obviously and necessarily drafted by counsel." *Id*. at 579. Considering those failings, among many others, the District Court denied class certification based on inadequacy of class counsel. *Id*.

Many other District Courts considering motions for class certification have stricken portions of "sham" supporting declarations revealed to be false by deposition testimony. *See, e.g.,*

*Donaldson v. Microsoft Corp.*, 205 F.R.D. 558, 562-563, 568 (W.D. Wash. 2001) (denying class certification after striking portions of declarations submitted in support of class certification because they contained inadmissible speculation and conclusion); *Puffer v. Allstate Insurance Co.*, 255 F.R.D. 450, 467-468 (N.D. Ill. 2009) (denying class certification after observing that the declarations submitted in support of class certification were vague and included improper lay opinions); *Rhodes v. Cracker Barrel Old Country Store, Inc.*, 2002 WL 32058462, *27 (N.D. Georgia, 12/31/02) (denying class certification after considering two declarations by disgruntled ex-employees of the defendant, and then disregarding all statements contradicted by their deposition testimony).

Here, each of the declarations of ▮▮▮▮▮▮▮▮▮▮ should be stricken in entirety because all of their material statements directly contradict the declarants' deposition testimony, are admittedly false, and are not based on personal knowledge of the declarants. The four declarants will each be described below with: (i) an explanation of their employment by TU; (ii) an outline of their declarations submitted by Plaintiffs; and (iii) an outline of their reversals, admissions, and recantations in deposition. The key excerpts of their actual deposition testimony are attached as exhibits to the accompanying Declaration of David Schneider, counsel for TU ("Schneider Decl.").

**Ron Schnackenberg**

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ "Schneider Decl.", ¶ 2.

During his deposition on October 15, 2012, Mr. Schnackenberg unequivocally reversed course on virtually every material statement in his declaration, or admitted that he had no foundation for the statements, or both. Specifically, he recanted his statements that: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ A complete, detailed and verbatim account of his pertinent deposition testimony – with a side-by-side comparison to each of his recanted or unsupported declaration statements – is attached as Exhibit 3 to the Schneider Declaration.

/ / /

1  **Corinne Sommer**

2  ███████████████████████████████████████████████████████

3  ███████████████████████████████████████████████████

4  ████████████████████████████████████████████████████

5  ████████████████████████████████████  Schneider Decl., ¶ 4.

6  ██████████████████████████████████████████████████

7  █████████████████████████████████████████████████████

8  █████████████████████████████████████████████████████

9  ███████████████████████████████████████████████████

10 ██████████████████████████████████████████████████

11 ████████████████████████████████████████████████████

12 Schneider Decl., ¶ 4.

13     During her deposition on November 7, 2012, Ms. Sommer retracted the majority of the

14 material statements in her declaration, as it became apparent that she had no basis or personal

15 knowledge for the bulk of her statements.  She also conceded that the statements in her declaration

16 were not "her words," and were written by Plaintiffs' counsel.  Specifically, Ms. Sommer recanted

17 her statements that: ████████████████████████████████████

18 █████████████████████████████████████████████████████

19 ████████████████████████████████████████████

20 ██████████████████████████████████████████████████████

21 █████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████

23 █████████████████████████████████████████████████████

24 █████████████████████████████████████████████████████

25 ████████████████████████████████  A complete, detailed and verbatim account of her

26 pertinent deposition testimony – with a side-by-side comparison to each of her recanted or

27 unsupported declaration statements – is attached as Exhibit 5 to the Schneider Declaration.

28 / / /

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DECLARATIONS OF
SCHNACKENBERG, SOMMER, NICHOLAS AND DONNELLY

**Jason Nicholas**

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████ Schneider Decl., ¶ 6.

During his deposition on November 8, 2012, Mr. Nicholas retracted most of the material statements in his declaration, or admitted that he had no personal knowledge of them, or both. Specifically, Mr. Nicholas recanted his statements that: ████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

A complete, detailed and verbatim account of his pertinent deposition testimony – with a side-by-side comparison to each of his recanted or unsupported declaration statements – is attached as Exhibit 7 to the Schneider Declaration.

**Cheryl Donnelly**

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████ Schneider Decl., ¶ 8.

During her deposition on November 2, 2012, Ms. Donnelly retracted the few material statements in her declaration.  Specifically, Ms. Donnelly recanted her statements that: ██████ ████████████████████████████████████████████ A complete, detailed and verbatim account of her recent deposition testimony—with a side-by-side comparison to the recanted or unsupported declaration statements – is attached as Ex. 9 to the Schneider Declaration.

/ / /

/ / /

/ / /

## **CONCLUSION**

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ declarants either abandoned the material statements in their declarations, or admitted that they had no foundation or personal knowledge for almost every other material statement in them.  The declarations should not be considered by this Court because the declarants themselves have now admitted that they are not true, not supported, and not based on personal knowledge.  Consequently, TU respectfully requests that the Court strike each of the four declarations in entirety.

Alternatively, TU respectfully requests that the Court strike the following paragraphs from the four declarations: (1) Schnackenberg Declaration: paragraphs 3, 4, 6, 9, 11, 13, 14 and 15; (2) Sommer Declaration: paragraphs 2, 4-14; (3) Nicholas Declaration: paragraphs 6, 8, 12-15, 21-24; and (4) Donnelly Declaration: paragraphs 6 and 7.

Respectfully submitted,

Dated:	November 29, 2012	YUNKER & SCHNEIDER

By:	     /s/ David K. Schneider     
Attorneys for Defendant
TRUMP UNIVERSITY, LLC
Email:  dks@yslaw.com