1  David K. Schneider (CSB 139288)
   YUNKER & SCHNEIDER
2  655 West Broadway, Suite 1400
   San Diego, California 92101
3  Telephone:  (619) 233-5500
   Facsimile:  (619) 233-5535
4  Email:  dks@yslaw.com

5  Attorneys for Defendants TRUMP UNIVERSITY, LLC and
   DONALD J. TRUMP

6

7

8                    **UNITED STATES DISTRICT COURT**

9              **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 10 | TARLA MAKAEFF, BRANDON KELLER, ED OBERKROM, SONNY LOW, J.R. EVERETT and JOHN BROWN, on Behalf of Themselves and All Others Similarly Situated, | )<br>)<br>)<br>)<br>)<br>) | Case No. 10 CV 0940 CAB (WVG)<br><br>CLASS ACTION<br><br>DEFENDANTS' OBJECTIONS TO EVIDENCE IN PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL |

10  TARLA MAKAEFF, BRANDON
    KELLER, ED OBERKROM, SONNY       )      Case No. 10 CV 0940 CAB (WVG)
11  LOW, J.R. EVERETT and JOHN        )
    BROWN, on Behalf of Themselves and )     CLASS ACTION
12  All Others Similarly Situated,    )
                                      )      DEFENDANTS' OBJECTIONS TO
13              Plaintiffs,           )      EVIDENCE IN PLAINTIFFS' MOTION
                                      )      FOR CLASS CERTIFICATION AND
                                      )      APPOINTMENT OF CLASS COUNSEL
14  v.                                )
                                      )
15  TRUMP UNIVERSITY, LLC, (aka       )
    Trump Entrepreneur Initiative, LLC, a )
16  New York Limited Liability Company, )   DATE:   February 12, 2013
    DONALD J. TRUMP, and DOES 2       )      TIME:   2:30 p.m.
17  through 50, inclusive,            )      CTRM:   2 — 4th Floor
                                      )
18              Defendants.           )
    _____ )

19

20         Pursuant to Federal Rules of Civil Procedure, including but not limited to Rules 602 and 701,

21  defendants hereby object to the following evidence, or lack thereof, submitted by Plaintiffs in

22  support of their Motion for Class Certification.

23         There are 33 objections total.  For each, defendants provide, in order: (i) the erroneous

24  statement by Plaintiffs in their Memorandum of Points & Authorities, and the evidence cited by

25  Plaintiffs in support, if any; (ii) the objection; (iii) citations to the actual evidence on the point; and

26  (iv) an explanation of the issue, its significance, or other pertinent information.  To the extent any

27  statement or reference herein needs verification beyond the actual evidence cited herein and found in

28  the accompanying papers, it is provided in the Declaration of David K. Schneider, defense counsel.

## OBJECTION NUMBER 1

| PLAINTIFFS' STATEMENT AND EVIDENCE CITED | OBJECTION | ACTUAL EVIDENCE |
|---|---|---|
| ████████████ ████████████ ███ (p. 2:18-24; citing Schnackenberg Dec.) | No foundation; Lack of personal knowledge (F.R.E. §602); Improper lay opinion (F.R.E. §701) | **Ex. 71:** Schnackenberg Depo., pp. 100:14-24, 111:4-24, 112:4-13, 67:4-15; **Ex. 1:** Sexton Decl., ¶¶ 3-5. |

**EXPLANATION**:  Plaintiffs' declarant Mr. Schnackenberg completely retracted this statement during his recent deposition.

**Court's Ruling on Objection 1:**        Sustained:        _____

                                          Overruled:        _____

## OBJECTION NUMBER 2

| PLAINTIFFS' STATEMENT | OBJECTION | ACTUAL EVIDENCE |
|---|---|---|
| Donald Trump admitted that he did not hand-pick the mentors and instructors as promised. (p. 2:6-8; citing no evidence.) | No foundation. | **Ex. 72:** Trump Depo., pp. 52:19-54:10, pp. 59:9-60:6; **Ex. 4:** Supp. Response to Interrogatory No. 10; **Ex. 1:** Sexton Decl., ¶ 5. |

**EXPLANATION**:  Plaintiffs cite no evidence.  The actual evidence is directly to the contrary. Mr. Trump did hand-pick the original TU faculty, including Professor Gary Eldred of Stanford and University of Virginia, Professors Don Sexton and Jack Kaplan of Columbia University Business School, Professor John Vogel of Dartmouth, Professor Roger Schank of Yale and Wealth Specialist JJ Childers. In addition, Mr. Trump personally selected the resumes of all later faculty members.

**Court's Ruling on Objection 2:**        Sustained:        _____

                                          Overruled:        _____

Case No. 10 CV 0940 CAB (WVG)
DEFENDANTS' OBJECTIONS TO EVIDENCE IN PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

**OBJECTION NUMBER 3**

| **PLAINTIFFS' STATEMENT** | **OBJECTION** | **ACTUAL EVIDENCE** |
|---|---|---|
| ███████████████ ███████████████ ██████ (p. 3:1-2; citing Schnackenberg Dec.) | No foundation; Lack of personal knowledge (F.R.E. §602); Improper lay opinion (F.R.E. §701) | **Ex. 73:** Schnackenberg Depo., pp. 175:15-21, 178:4-12; **Ex. 1:** Sexton Decl., ¶¶ 3-6; **Ex. 6:** Covais Decl., ¶ 8; *See also* **Ex. 71.** |

**EXPLANATION**: Plaintiffs' declarant Mr. Schnackenberg completely retracted this statement during his recent deposition.

**Court's Ruling on Objection 3:**      Sustained: _____

                                        Overruled: _____

**OBJECTION NUMBER 4**

| **PLAINTIFFS' STATEMENT** | **OBJECTION** | **ACTUAL EVIDENCE** |
|---|---|---|
| Many elderly people lost money paying for Trump University courses (citing 2010 Playbook). | Foundation | **Ex. 74:** Evaluations of Plaintiffs Everett, Low and Brown. |

**EXPLANATION**: Plaintiffs' cited evidence has nothing to do with elderly people purportedly losing money. The cited evidence is █████████████████████████ By its terms, this exhibit is aimed at students under 65. The other exhibit is ████████████ ████████████████████████████ Neither of these even suggest that "elderly people" purchased TU programs or lost money because of them. Moreover, the three named plaintiffs over 65 years old <u>each</u> rated TU programs 5 out of 5 in virtually every category on multiple written evaluations.

**Court's Ruling on Objection 4:**      Sustained: _____

                                        Overruled: _____

Case No. 10 CV 0940 CAB (WVG)
DEFENDANTS' OBJECTIONS TO EVIDENCE IN PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

**OBJECTION NUMBER 5**

| **PLAINTIFFS' STATEMENT** | **OBJECTION** | **ACTUAL EVIDENCE** |
|---|---|---|
| Thousands taken in by scheme. (p. 4:4; citing no evidence.) | No foundation; Lack of personal knowledge (F.R.E. §602); Improper lay opinion (F.R.E. §701) | **Ex. 24:** 97% satisfaction rate as shown by calculations; **Ex. 11:** Student Evaluations; **Ex. 12:** Mentorship Evaluations; **Ex. 25:** Plaintiffs' Evaluations; **Ex. 14 a-n:** Student Declarations; **Ex. 75:** Sommer Depo., pp. 88:19-89:20, p. 90:5-91:1, pp. 253:22-254:8, pp. 254:22-255:16; **Ex. 6:** Covais Decl., ¶ 8. |

**EXPLANATION**: Plaintiffs cite no evidence. The actual evidence is that in over 10,000 written evaluations by students, 97% rated TU's training at 4.9 or higher on a 5.0 scale. Moreover, the voluminous evidence showing more detailed praise of the training is also cited above.

**Court's Ruling on Objection 5:**      Sustained: _____

Overruled: _____

## OBJECTION NUMBER 6

| PLAINTIFFS' STATEMENT | OBJECTION | ACTUAL EVIDENCE |
|---|---|---|
| Mr. Sexton was responsible for curriculum. (p. 5:1; citing Ex. 14 at 393:8-17.) | No foundation; misleading. | **Ex. 1:** Sexton Decl., ¶¶ 4-5; **Ex. 76:** Schnackenberg Depo., pp. 146:2-8, 147:21-23; **Ex. 77:** Sexton Depo., pp: 75:17-76:15; **Ex. 4:** Supp. Response to Interrogatory No. 10. |

**EXPLANATION**: Plaintiffs' statement suggests that Mr. Sexton prepared the curriculum. As President of TU, Mr. Sexton was responsible for most of the day-to-day operations of the company. With Mr. Trump's approval, Mr. Sexton hired renowned Professor Eldred of Stanford and Professor Don Sexton of Columbia, among others to <u>prepare</u> the curriculum.

**Court's Ruling on Objection 6:**     Sustained: _____

Overruled: _____

DEFENDANTS' OBJECTIONS TO EVIDENCE IN PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

## OBJECTION NUMBER 7

| **PLAINTIFFS' STATEMENT** | **OBJECTION** | **ACTUAL EVIDENCE** |
|---|---|---|
| TU was a get rich quick scheme. (p. 5:6; citing no evidence.) | No foundation; Lack of personal knowledge (F.R.E. §602); Improper lay opinion (F.R.E. §701). | **Ex. 11:**  Student Evaluations; **Ex. 22 a-d:**  Instructor Declarations; **Ex. 8:**  Contracts, Terms and Conditions, Rules of Engagement & Disclaimers; **Ex. 41:**  Faculty Contracts (obligations and professional conduct); **Ex. 14 a-n:**  Student Declarations; **Ex. 1:**  Sexton Decl., ¶¶ 3-9, 19; **Ex. 6:**  Covais Decl., ¶ 8. |

**EXPLANATION**:  Plaintiffs cite no evidence.  The actual evidence is that no specific earnings of any kind on any transaction were ever promised.  To the contrary, such outcomes were explicitly disclaimed in every TU contract, and all instructors were explicitly barred from saying otherwise.

**Court's Ruling on Objection 7:**          Sustained: _____

Overruled: _____

## OBJECTION NUMBER 8

| **PLAINTIFFS' STATEMENT** | **OBJECTION** | **ACTUAL EVIDENCE** |
|---|---|---|
| TU's purpose was to "trick" consumers into purchasing its live events. (p. 5:11; citing no evidence.) | No foundation; Lack of personal knowledge (F.R.E. §602); Improper lay opinion (F.R.E. §701) | **Ex. 78:** Playbook p. TU 52936; **Ex. 8:** Contracts, Terms and Conditions, Rules of Engagement & Disclaimers; **Ex. 11:** Student Evaluations; **Ex. 14 a-n:** Student Declarations; **Ex. 1:** Sexton Decl., ¶¶ 3-9, 19; **Ex. 6:** Covais Decl., ¶ 8. |

EXPLANATION:   Plaintiffs cite no evidence.  The actual evidence includes the TU mission statement, contract disclaimers, Rules of Engagement, and testimony directly to the contrary.  Moreover, since 97% of students were very happy with their training, they obviously were not "tricked."

**Court's Ruling on Objection 8:**     Sustained:     _____

                                                      Overruled:     _____

DEFENDANTS' OBJECTIONS TO EVIDENCE IN PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

**OBJECTION NUMBER 9**

| PLAINTIFFS' STATEMENT | OBJECTION | ACTUAL EVIDENCE |
|---|---|---|
| Trump Initiative was affiliated with TU. (p. 5:22-23; citing Dkt. No. 53 at 3.) | No foundation; misstates the evidence; misleading. | **Ex. 79:** License Agreement; Judge Gallo's Order re Murphy Dismissal (ECF No. 93, p.2:25-3:10); Judge Bencivengo's Order re Murphy Dismissal (ECF No. 97). |

**EXPLANATION:** TU never claimed that it did not conduct business with Trump Initiative. The issue was whether the two corporations were affiliated for purposes of a suit brought by an earlier plaintiff, Patricia Murphy, who contracted with Trump Institute only. Two years ago, shortly after Plaintiffs filed suit, TU advised Plaintiffs' counsel that Ms. Murphy had sued the wrong party. More than one year ago, TU produced to Plaintiffs the License Agreement between TU and BSG dba Trump Initiative. BSG, dba Trump Institute, was a licensee of the Trump name only. Plaintiffs knew the <u>exact</u> relationship between TU and Trump Institute. Plaintiffs then dismissed plaintiff Patricia Murphy because she had no relationship, contract or even contact with TU. TU's statement that it is a "completely separate corporation that has no affiliation with Trump Institute" was true and accurate. Plaintiffs' statement now suggesting some prevarication by TU on this point is intentionally misleading the Court.

**Court's Ruling on Objection 9:**     Sustained: _____

                                      Overruled: _____

DEFENDANTS' OBJECTIONS TO EVIDENCE IN PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

**OBJECTION NUMBER 10**

| **PLAINTIFFS' STATEMENT** | **OBJECTION** | **ACTUAL EVIDENCE** |
|---|---|---|
| Every speaker, instructor and mentor must abide by the Playbook. (p. 6:6-8; citing Ex. 17 at 161:23-163:9; *id.* at 196:16-198:10.) | No foundation. | **Ex. 22 b:** Declaration of Instructor Jameson, ¶ 6; **Ex. 80:** Sommer Depo., p. 54:5-7; **Ex. 81:** Nicholas Depo., pp. 117:20-118:8, Depo. Ex. 2; **Ex. 82:** Schnackenberg Depo., p. 57:8-10; **Ex. 83:** Sexton Depo., p.305:8-15; **Ex. 1:** Sexton Decl., ¶¶ 17-18; **Ex. 6:** Covais Decl., ¶ 7. |

**EXPLANATION:** The "Playbook" did not even exist for the first several years of TU.  It was primarily an administrative guide for setting up classrooms, billing for expenses, collecting payment by students, and the like.  It changed over time.  It included no substantive teaching content, and had nothing to do with presentations by instructors or training by mentors.  Instructors and mentors never used it, and many sales people did not use it or even know it existed.

**Court's Ruling on Objection 10:**        Sustained:        _____

                                          Overruled:        _____

DEFENDANTS' OBJECTIONS TO EVIDENCE IN PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

**OBJECTION NUMBER 11**

| **PLAINTIFFS' STATEMENT** | **OBJECTION** | **ACTUAL EVIDENCE** |
| --- | --- | --- |
| TU's one goal was profit at the expense of students. (p. 6:10-11; citing Playbook, Ex. 12 at TU 52936.) | No foundation; Misleading | **Ex. 78:** 2010 Playbook p. TU 52936; **Ex. 11:** Student Evaluations; **Ex. 24:** Surveys; **Ex. 12:** Mentor Evaluations; **Ex. 14 a-n:** Student Declarations. |

**EXPLANATION:** The purported statement cited by Plaintiffs from the Playbook is totally fabricated. First, Plaintiffs took a line from the Playbook referring to the TU 2010 internal business plan, which ███████████████████████████ ████████████████ and pretended that was the "Mission" of TU. Second, Plaintiffs ignored the actual "Mission" of TU, ████████████████████████ ██████████████████████████████████████ ██████████████████████████████ Third, Plaintiffs added the line "at the expense of students," which is nowhere in the Playbook or in any other evidence. Plaintiffs' fabricated statement is intentionally misleading the Court.

**Court's Ruling on Objection 11:**    Sustained:    _____

                                      Overruled:    _____

Case No. 10 CV 0940 CAB (WVG)

## OBJECTION NUMBER 12

| **PLAINTIFFS' STATEMENT** | **OBJECTION** | **ACTUAL EVIDENCE** |
|---|---|---|
| TU's Playbook contains no content. (p. 6:12-13; citing Ex. 12.) | Misleading. | **Ex. 1:** Sexton Decl., ¶ 16; **Ex. 84:** Sexton Depo., pp. 515:12-516:8; **Ex. 39:** PowerPoint Presentations; **Ex. 85:** Makaeff Depo., pp. 81:16-82:4, pp. 82:13-83:21, pp. 86:5-92:17, pp. 93:25-94:3, pp. 398:20-399:4; pp. 474:1-475:6; **Ex. 16:** Makaeff Notes. |

**EXPLANATION:** The 2010 Playbook was primarily an administrative guide for setting up classrooms, billing for expenses, collecting payment by students, and the like. It included no substantive teaching content, and had nothing to do with presentations by instructors or training by mentors. Never was it intended to include content, which was contained in PowerPoints, Workbooks and primarily in the oral presentations. Plaintiffs' suggestion that lack of content is somehow nefarious is intentionally misleading the Court.

**Court's Ruling on Objection12:**      Sustained:      _____

Overruled:      _____

## OBJECTION NUMBER 13

| **PLAINTIFFS' STATEMENT** | **OBJECTION** | **ACTUAL EVIDENCE** |
|---|---|---|
| TU had students prepare detailed financial statements. (p. 7:6-8; citing *See e.g.* Ex. 23; Ex. 17 at 251:23-252:11.) | No foundation, misleading. | **Ex. 1:** Sexton Decl., ¶ 10; **Ex. 86:** Sommer Depo., p. 164:5-14. |

**EXPLANATION:** TU never required students to provide financial information. Some students voluntarily filled out a "Goals" Sheet when they met with TU representatives to assess the type of properties or investment strategies the student may want to pursue. The Goals Sheets were not kept by TU.

**Court's Ruling on Objection13:**      Sustained:      _____

Overruled:      _____

**OBJECTION NUMBER 14**

| **PLAINTIFFS' STATEMENT** | **OBJECTION** | **ACTUAL EVIDENCE** |
|---|---|---|
| TU students could not receive refunds after the first day. (p. 7:20-21; citing Ex. 12 at TU 52971-72.) | No foundation. | **Ex. 87:** Sommer Depo., pp. 110:10-21; **Ex. 1:** Sexton Decl., ¶ 11; **Ex. 88:** Keller Depo., pp. 206:19-207:13; **Ex. 6:** Covais Decl., ¶ 6(m), 6(n) and 6(o). |

**EXPLANATION:** Plaintiffs cited evidence has nothing to do with TU's refund policy. TU provided 2,386 refunds to participants of live events. Many of these were made <u>after</u> "the first day" of multi-day events. The refund policy changed over time and was different based on different products, but TU generously provided refunds to the vast majority of students who requested one, even outside the various warranty periods. TU also voluntarily provided refunds outside the refund period even without a request. For example, TU provided named plaintiff Brandon Keller a full refund of $35,000 for the Elite program because TU determined that he was not capable.

**Court's Ruling on Objection14:**      Sustained:      _____

                                        Overruled:      _____

**OBJECTION NUMBER 15**

| **PLAINTIFFS' STATEMENT** | **OBJECTION** | **ACTUAL EVIDENCE** |
|---|---|---|
| TU had an "official" PowerPoint. (p. 8:11-13; citing Ex. 27, at TU 48961; Ex. 11, ¶9.) | No foundation | **Ex. 1:** Sexton Decl., ¶ 17; **Ex. 89:** Sommer Depo., pp. 104:3-106:2; **Ex. 39:** PowerPoint Presentations |

**EXPLANATION:** The 2010 Playbook mentions an "official" PowerPoint presentation, but in fact, it never existed, Plaintiffs offer no supporting evidence, and this point was covered in several depositions and by thousands of pages of documents produced to Plaintiffs. The PowerPoint presentations were different and changed over time, different instructors used different PowerPoints, and mentors did not use them at all. The 4 PowerPoints submitted by Plaintiffs are different (Plfs Exs. 40, 41, 47 & 49), as are the nine PowerPoints submitted by TU. (See Ex. 39.)

**Court's Ruling on Objection15:**      Sustained:      _____

                                        Overruled:      _____

Case No. 10 CV 0940 CAB (WVG)
DEFENDANTS' OBJECTIONS TO EVIDENCE IN PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

## OBJECTION NUMBER 16

| PLAINTIFFS' STATEMENT | OBJECTION | ACTUAL EVIDENCE |
|---|---|---|
| TU instructors, speakers, coaches and mentors used scripts.<br>(p. 8:13-15; citing Ex. 27, at TU 48961; Ex. 11, ¶9.) | No foundation; misleading; misstates the evidence. | **Ex. 1:** Sexton Decl., ¶¶ 17-18;<br>**Ex. 90:** Sexton Depo., pp. 512:17-514:20;<br>**Ex. 91:** Low Depo., pp. 114:22-115:1;<br>**Ex. 92:** Everett Depo., p. 234:8-23;<br>**Ex. 93:** Brown Depo., p.21:15-17;<br>**Ex. 94:** Sommer Depo., pp. 105:3-8, 280:13-281:11;<br>**Ex. 22 a-d:** Instructors' Decls.: Jamieson, ¶ 4, Peterson ¶ 7, Horton,¶ 7, Guarino, ¶ 7;<br>**Ex. 95:** Schnackenberg Depo., p. 97:9-12;<br>**Ex. 96:** Nicholas Depo., pp. 47:16-23, p. 48:25, p. 49:6-9, pp. 49:23-50:10, Depo. Ex. 2. |

**EXPLANATION:**  There were no scripts for presenters, instructors or mentors, and Plaintiffs have submitted none.  Plaintiffs cited evidence makes no mention of scripts.  The only script ever used was by TU schedulers to set up telephone calls for the sales department, and it is not the basis of any of Plaintiffs' claims.  Plaintiffs' persistent references to "scripts" are intentionally misleading the Court.

**Court's Ruling on Objection 16:**        Sustained:        _____

                                                              Overruled:        _____

DEFENDANTS' OBJECTIONS TO EVIDENCE IN PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

## OBJECTION NUMBER 17

| PLAINTIFFS' STATEMENT | OBJECTION | ACTUAL EVIDENCE |
|---|---|---|
| Through uniform sales scripts followed word-by-word, Defendants represented: (1) Defendants would teach Donald Trump's "specialized secrets"; (2) speakers and mentors were hand-picked by Mr. Trump; (3) mentors and speakers were top real estate experts; (4) TU was a legitimate academic institution; (5) TU provided unlimited support and mentoring; and (6) students could expect to see results depicted in testimonials. (p. 8:23-9:7, citing no evidence) | No foundation | **Ex. 1:** Sexton Decl., ¶¶ 17-18; **Ex. 90:** Sexton Depo., pp. 512:17-514:20; **Ex. 91:** Low Depo., pp. 114:22-115:1; **Ex. 92:** Everett Depo., p. 234:8-23; **Ex. 93:** Brown Depo., p.21:15-17; **Ex. 94:** Sommer Depo., pp. 105:3-8, 280:13-281:11; **Ex. 22 a-d:** Instructors' Decls.: Jamieson, ¶ 4, Peterson ¶ 7, Horton,¶ 7, Guarino, ¶ 7; **Ex. 95:** Schnackenberg Depo., p. 97:9-12; **Ex. 96:** Nicholas Depo., pp. 47:16-23, p. 48:25, p. 49:6-9, pp. 49:23-50:10, Depo. Ex. 2. |

**EXPLANATION:** Plaintiffs cite no script that contains these purported representations, or <u>any</u> script at all, despite the fact that the existence of a uniform script is the focus and basis of their entire motion.  There were no scripts for presenters, instructors or mentors, and Plaintiffs have submitted none.  The only script ever used was by TU schedulers to set up telephone calls for the sales department, and it is not the basis of any of Plaintiffs' claims.  Plaintiffs' persistent references to "scripts" are intentionally misleading the Court.

**Court's Ruling on Objection 17:**     Sustained: _____

Overruled: _____

Case No. 10 CV 0940 CAB (WVG)
DEFENDANTS' OBJECTIONS TO EVIDENCE IN PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

1

**OBJECTION NUMBER 18**

2

| **PLAINTIFFS' STATEMENT** | **OBJECTION** | **ACTUAL EVIDENCE** |
|---|---|---|
| Donald Trump's "personal advisors" involved with TU were not real estate experts. (p. 10:8-10; citing Ex. 31.) | No foundation; Misleading. | **Ex. 1:** Sexton Decl., ¶¶ 5-6; **Ex. 97:** Sexton Depo., p. 449:13-17; **Ex. 4:** Supp. Response to Interrogatory No. 10. |

3

4

5

6

7   **EXPLANATION**: The deposition testimony cited by Plaintiffs reveals that Mr. Trump was asked
        to list his "senior advisers."  By contrast, the document referenced by Plaintiffs

8       states that Mr. Trump's "personal advisers" assisted with the course curriculum.
        TU's discovery responses make clear that those latter advisers were Professor

9       Eldred of Stanford and Professors Sexton and Kaplan of Columbia University,
        among others – all of whom were experts.  Plaintiffs' pretense otherwise is

10      intentionally misleading the Court.

11

12  **Court's Ruling on Objection18:**        Sustained:        _____

13                                            Overruled:        _____

14

**OBJECTION NUMBER 19**

15

| **PLAINTIFFS' STATEMENT** | **OBJECTION** | **ACTUAL EVIDENCE** |
|---|---|---|
| TU put on "copycat workshops." (p. 9:13-15; citing no evidence.) | No foundation. | **Ex. 98:** Sexton Depo., pp. 82:21-83:9, 464:25-465:3; **Ex. 99:** Course lists, offering sheets, and descriptions; **Ex. 100:** Sommer Depo., pp. 280:8-12, 302:8-304:2. |

16

17

18

19

20  **EXPLANATION**: Plaintiffs cite no supporting evidence.  The actual evidence is that TU offered a

21      wide variety of dozens and dozens of workshops and other training programs for
        students who went beyond the 3-day introductory seminar, including 25 different

22      live event programs that were unique to and created by TU.  Moreover, even the
        3-day introductory seminars had differently focused presentations, and those

23      presentations further varied based on the personal styles and experiences of the
        different instructors for those seminars as admitted by Plaintiffs' declarant

24      Sommer.

25

26  **Court's Ruling on Objection 19:**        Sustained:        _____

27                                             Overruled:        _____

28

Case No. 10 CV 0940 CAB (WVG)
DEFENDANTS' OBJECTIONS TO EVIDENCE IN PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

**OBJECTION NUMBER 20**

| **PLAINTIFFS' STATEMENT** | **OBJECTION** | **ACTUAL EVIDENCE** |
|---|---|---|
| Donald Trump was selling real estate at the same time TU told students to buy real estate. (p. 11:18-20; citing *See* Ex. 28 at 143:11-23.) | No foundation; Misleading. | **Ex. 101:** Trump Depo., pp. 143:11-145:22; **Ex. 102:** Donald Trump Letter. |

**EXPLANATION**:  Plaintiffs fabricated this issue and misrepresent the testimony.  Mr. Trump actually testified that <u>before</u> the housing bubble burst he recommended people sell real estate.  He <u>never</u> testified that he recommended that the public sell at the same time that TU recommended to students that they buy.  Plaintiffs' intentionally misrepresent the issue to the Court.

**Court's Ruling on Objection 20:**          Sustained:          _____

                                             Overruled:          _____

**OBJECTION NUMBER 21**

| **PLAINTIFFS' STATEMENT** | **OBJECTION** | **ACTUAL EVIDENCE** |
|---|---|---|
| TU admitted none of TU's instructors or mentors was hand-picked by Mr. Trump. (p. 13:17-18; citing *See* Ex. 28 at 106:6-22.) | No foundation. | **Ex. 103:** Trump Depo., pp. 52:19-54:10, pp. 59:9-60:6; **Ex. 4:** Supp. Response to Interrogatory No. 10; **Ex. 1:** Sexton Decl., ¶¶ 4-6. |

**EXPLANATION**: Plaintiffs' cited evidence is unrelated to the issue.  The actual evidence is directly to the contrary.  Mr. Trump did hand-pick the original TU faculty, he personally met with some later hires, and he personally selected the resumes of all faculty members.

**Court's Ruling on Objection 21:**          Sustained:          _____

                                             Overruled:          _____

Case No. 10 CV 0940 CAB (WVG)
DEFENDANTS' OBJECTIONS TO EVIDENCE IN PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

**OBJECTION NUMBER 22**

| **PLAINTIFFS' STATEMENT** | **OBJECTION** | **ACTUAL EVIDENCE** |
|---|---|---|
| Donald Trump was not involved in TU. (p. 12:21; p. 13:4; citing Dkt. 32 at 5-6.) | No foundation; Misleading. | **Ex. 103:** Trump Depo., pp. 52:19-54:10, pp. 59:9-60:6; **Ex. 4:** Supp. Response to Interrogatory No. 10; **Ex. 104:** Trump calendar; **Ex. 1:** Sexton Decl., ¶¶ 3-5. |

**EXPLANATION:** In opposition to the anti-SLAPP motion, Mr. Trump stated that he had no involvement with the purported "controversy," which plaintiff Makaeff claimed legally excused her defamatory statements. Mr. Trump never said he was not involved with TU, and in fact he testified about his involvement during his deposition and produced his calendar for the years 2005-2010, reflecting meetings with various TU faculty and TU's President as well as other TU engagements. Plaintiffs intentionally misrepresent the issue to the Court.

**Court's Ruling on Objection22:**     Sustained: _____

                                        Overruled: _____

**OBJECTION NUMBER 23**

| **PLAINTIFFS' STATEMENT** | **OBJECTION** | **ACTUAL EVIDENCE** |
|---|---|---|
| ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ (p. 12; citing Schnackenberg Decl. , Ex. 10.) | No foundation. | **Ex. 1:** Sexton Decl., ¶¶ 4-5; **Ex. 105:** Schnackenberg Depo., pp. 118:3-6, 126:7-20, 116:7-23, 128:1-8, & 134:16-23; **Ex. 106:** Sexton Depo., pp. 218:17-219:5, 91:6-14; **Ex. 44:** Student evaluation ▮▮▮▮▮▮▮▮ ▮▮▮▮ |

**EXPLANATION:** Plaintiffs cited evidence does not even address creation of the substance of TU courses. In addition, the cited evidence is the Declaration of Mr. Schnackenberg who completely retracted the statement in his declaration during his recent deposition. Plaintiffs have intentionally misrepresented the issue to the Court.

**Court's Ruling on Objection23:**     Sustained: _____

                                        Overruled: _____

Case No. 10 CV 0940 CAB (WVG)
DEFENDANTS' OBJECTIONS TO EVIDENCE IN PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

**OBJECTION NUMBER 24**

| **PLAINTIFFS' STATEMENT** | **OBJECTION** | **ACTUAL EVIDENCE** |
|---|---|---|
| TU used ubiquitous advertisements. (p. 13:8-10, citing Ex. 42; Ex. 43.) | No foundation. | **Ex. 1:** Sexton Decl., ¶¶ 12-13; **Ex. 107:** Sexton Depo., pp:228:24-25, 229:14-232:19; **Ex. 108:** Keller Email re Invite/Ad; **Ex. 109:** Makaeff Depo., pp. 64:20-65:11; **Ex. 43:** TU ads without purported misrepresentations. |

**EXPLANATION:** Defendants' ads were not "ubiquitous," nor were they identical. TU's limited ad campaign was local, almost exclusively in print only, sent out for a limited time prior to the free 90-minute preview lectures, and changed by region and over time. Many ads never included any purported misrepresentations claimed by Plaintiffs, including the ad seen by plaintiff Keller. In addition, lead plaintiff Makaeff saw no ads before purchasing the TU Gold Elite program.

**Court's Ruling on Objection24:**     Sustained:     _____

Overruled:     _____

**OBJECTION NUMBER 25**

| **PLAINTIFFS' STATEMENT** | **OBJECTION** | **ACTUAL EVIDENCE** |
|---|---|---|
| TU faculty was not required to be qualified. (p. 16:6-7; citing Ex. 19 at 126:9-127:1.) | No foundation. | **Ex. 1:** Sexton Decl., ¶¶ 5-6; **Ex. 110:** Sexton Depo., pp. 227:23-228:15; **Ex. 111:** Trump Depo., pp. 52:19-53:8, pp. 110:13-111:9; **Ex. 4:** Supp. Response to Interrogatory No. 10; **Ex. 47:** Resumes; **Ex. 112:** Mentor Certification Requirements |

**EXPLANATION**: Plaintiffs' cited evidence does not support this statement. TU's instructors were experienced real estate academics, professionals, and/or entrepreneurs. Mr. Trump hand-picked the original TU faculty, and he personally selected the resumes of all later faculty members, all on the basis of their qualifications.

**Court's Ruling on Objection25:**     Sustained:     _____

Overruled:     _____

Case No. 10 CV 0940 CAB (WVG)
DEFENDANTS' OBJECTIONS TO EVIDENCE IN PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

**OBJECTION NUMBER 26**

| PLAINTIFFS' STATEMENT | OBJECTION | ACTUAL EVIDENCE |
|---|---|---|
| ███████████ ███████████ (p. 16:7-18; citing Schnackenberg Dec.) | No foundation; Lack of Personal knowledge (FRE §602); Improper Lay Opinion (FRE §701) | **Ex. 113:**  Schnackenberg Depo., pp. 144:20-145:3, p. 147:11-23, p. 152:7-19, p. 154:11-15, 25-155:2, pp. 160:20-161:17; **Ex. 114:**  Sommer Depo., pp. 67:23-68:2, pp. 68:25-69:25, pp. 222:25-223:5, pp. 257:20-258:14; **Ex. 22 a-d:**  Instructors' Decls.: Jamieson, ¶ 2, Peterson, ¶¶ 2-3, Horton, ¶ 2, Guarino, ¶ 2 and; **Ex.47:**  Instructor/Mentor Resumes; **Ex. 1:**  Sexton Decl., ¶¶ 5-6. |

**EXPLANATION**: Plaintiffs' declarant Mr. Schnackenberg completely retracted this statement during his recent deposition.  He admitted that he knew only 6 of the 60-70 instructors and mentors, and he thought 3 of the 6 actually were experts in their field. Others also testified the instructors were qualified, including one other of Plaintiffs' declarants (Ms. Sommer), as well as defense witnesses and declarants. Moreover, the instructor declarations and resumes of the faculty demonstrate their expertise.

**Court's Ruling on Objection26:**          Sustained: _____

                                                          Overruled: _____

## **OBJECTION NUMBER 27**

| **PLAINTIFFS' STATEMENT** | **OBJECTION** | **ACTUAL EVIDENCE** |
|---|---|---|
| TU represented that students would receive "unlimited mentoring." (p. 17:1-5; citing *See, e.g.,* Ex. 40, at TU 59131; Ex. 46, TU 69463.) | No foundation; Misleading. | **Ex. 1:** Sexton Decl., ¶ 14; **Ex. 115:** Sexton Depo., pp. 261:9-263:25; **Ex. 99:** Course lists, offering sheets, and descriptions. |

**EXPLANATION**:  Plaintiffs fabricated this issue.  Plaintiffs have not produced one piece of paper that states that TU students would receive "unlimited mentoring."  TU offered a variety of programs and services that included mentoring, none of which were ever represented as including "unlimited mentoring."  For example, the Gold Elite program included a three-day, in-field, one-on-one mentor, plus one year of mentor support by phone or email.  TU never even represented that one year of in-person mentoring was available, much less "unlimited mentoring."  The $1,495 three-day seminar included one classroom seminar only, plus phone support for one year, but no mentorship.  TU never offered in-person mentoring as part of the $1,495 program.  All of this information has been known to Plaintiffs for over two years based on TU course offer sheets and descriptions, and thousands of contracts listing courses actually purchased.  Plaintiffs have intentionally misrepresented this issue to the Court.

**Court's Ruling on Objection 27:**     Sustained:     _____

Overruled:     _____

**OBJECTION NUMBER 28**

| **PLAINTIFFS' STATEMENT** | **OBJECTION** | **ACTUAL EVIDENCE** |
|---|---|---|
| No program included one year of mentoring. (p. 17:16-18; citing Ex. 17 at 261:3-12.) | No foundation; Misleading. | **Ex. 1:** Sexton Decl., ¶ 14; **Ex. 115:** Sexton Depo., pp. 261:9-263:25; **Ex. 99:** Course lists, offering sheets, and descriptions. |

**EXPLANATION:** TU offered a variety of programs and services that included mentoring, none of which were ever represented as including "unlimited mentoring." For example, the Gold Elite program included a three-day, in-field, one-on-one mentor, plus one year of mentor support by phone or email. TU never even represented that one year of in-person mentoring was available, much less "unlimited mentoring." The $1,495 three-day seminar included one classroom seminar only, plus phone support for one year, but no mentorship. TU never offered in-person mentoring as part of the $1,495 program. All of this information has been known to Plaintiffs for many months based on TU course offer sheets and descriptions, and thousands of contracts listing courses actually purchased. Plaintiffs have intentionally misrepresented this issue to the Court.

**Court's Ruling on Objection 28:**      Sustained:  ＿＿＿＿＿＿＿

                                         Overruled:  ＿＿＿＿＿＿＿

**OBJECTION NUMBER 29**

| **PLAINTIFFS' STATEMENT** | **OBJECTION** | **ACTUAL EVIDENCE** |
|---|---|---|
| 10-12 mentors had 1,000s of students. (p. 17:18-19; citing Ex. 17 at 266:24-267:5.) | No foundation. | **Ex. 22 b-d:** Instructor Decls.: Peterson, ¶ 6, Horton, ¶ 4, Guarino, ¶ 3 **Ex. 115:** Sexton Depo., pp. 261:9-263:25, **Ex. 6:** Covais Decl., ¶ 6i. |

**EXPLANATION:** Plaintiffs cited evidence does not support their statement. The actual evidence is that 827 people purchased mentorships during the three years TU offered them (2007-2010). TU had 35 mentors during that time. This means that each mentor had an average of about 25 students total for three years.

**Court's Ruling on Objection 29:**      Sustained:  ＿＿＿＿＿＿＿

                                         Overruled:  ＿＿＿＿＿＿＿

## OBJECTION NUMBER 30

**PLAINTIFFS' STATEMENT**      **OBJECTION**                  **ACTUAL EVIDENCE**

TU's toll free 800 was handled      No foundation; Misleading.      **Ex. 116:** Donnelly Depo.,
by an outside vendor.                                              p. 34:14-18, pp. 106:25-107:20,
(p. 17:19-21; citing Ex.14.)                                       pp. 138:20-139:15;
                                                                  **Ex. 1:** Sexton Decl., ¶ 9.

**EXPLANATION:** Plaintiff fabricated this issue.  TU had <u>many</u> toll free (800) numbers.  <u>One</u> of
TU's 800 numbers <u>was</u> handled by an outside vendor, namely the 800 number
dedicated to Frequently Asked Questions for the <u>free</u> 90-minute "preview"
program (i.e., questions about where and when it was available, confirming no
charge, etc.).  That is the number discussed in the testimony cited by Plaintiffs,
but it was <u>not</u> related at all to the toll free numbers for supporting students with
real estate-related questions, including a real estate expert specifically dedicated
to answering such questions.  Plaintiffs intentionally misrepresent the issue to
the Court.

**Court's Ruling on Objection30:**          Sustained:        _____

                                            Overruled:        _____

Case No. 10 CV 0940 CAB (WVG)
DEFENDANTS' OBJECTIONS TO EVIDENCE IN PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND
APPOINTMENT OF CLASS COUNSEL

**OBJECTION NUMBER 31**

| PLAINTIFFS' STATEMENT | OBJECTION | ACTUAL EVIDENCE |
|---|---|---|
| ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ (p. 18:6-8; citing Ex. 59, at TU 129457-60.) | No foundation; Lack of Personal Knowledge. | **Ex. 117:** Sommer Depo., p. 283:9-11; **Ex. 14 a-j:** Student Decls.: Hinder, ¶ 4, Nielsen, ¶ 7, Levand, ¶ 7, Mohan, ¶ 5, Lee, ¶ 5, Castillo, ¶ 4, Colic, ¶ 5, Gordon, ¶ 4, Leishman, ¶ 4, Nesbit, ¶ 4; **Ex. 12:** Mentorship Evaluations. |

**EXPLANATION**: Plaintiffs' declarant Ms. Sommer completely retracted this statement during her recent deposition. In addition, Plaintiffs' cited exhibit actually <u>establishes</u> that: (1) mentors were available to the students pre-and post in-person field work; (2) TU policies changed over time; and (3) TU constantly attempted to address student concerns to improve its programs. In addition, the mentorship evaluations and student declarations confirm that mentors were available, accessible and provided a wealth of knowledge, hands on expertise and guidance.

**Court's Ruling on Objection 31:**      Sustained:      _____

Overruled:      _____

Case No. 10 CV 0940 CAB (WVG)
DEFENDANTS' OBJECTIONS TO EVIDENCE IN PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

1

**OBJECTION NUMBER 32**

2

| **PLAINTIFFS' STATEMENT** | **OBJECTION** | **ACTUAL EVIDENCE** |
|---|---|---|
| Students did not get what they paid for. (p. 18:12; citing Exs. 3-7.) | No foundation; Misstates the evidence. | **Ex. 14 a-n:** Student Declarations; **Ex. 12:** Mentorship Evaluations; **Ex. 13:** Testimonials (written and video); **Ex. 27:** Testimonial of Makaeff (video and transcript) **Ex. 24**: TU surveys |

**EXPLANATION:** "What [students] paid for" was established by their contracts.  Different students received different training depending on what each purchased.  Moreover, many received additional training, coaching, mentors, etc. for free.  For example, plaintiff Makaeff received three mentors and 7 in-field days, plus 16 coaching sessions plus a free workshop for no additional charge.  Plaintiff Low received a bonus $5K 3-day advance workshop for no additional charge.  The fact that 97% of students were very happy with their training indicates that the vast majority of students got <u>exactly</u> what they paid for.

**Court's Ruling on Objection 32:**        Sustained:        _____

                                          Overruled:        _____

Case No. 10 CV 0940 CAB (WVG)
DEFENDANTS' OBJECTIONS TO EVIDENCE IN PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

**OBJECTION NUMBER 33**

| **PLAINTIFFS' STATEMENT** | **OBJECTION** | **ACTUAL EVIDENCE** |
|---|---|---|
| ██████████ (p. 19:2-4; citing Schnackenberg Dec.) | No foundation. | **Ex. 118:** Schnackenberg Depo., p. 175:15-21; **Ex. 119:** Sommer Depo., p. 177:10-14; **Ex. 120:** Donnelly Depo., pp. 113:16-114:7; **Ex. 39:** PowerPoint Presentations. |

**EXPLANATION:** Plaintiffs' declarant Mr. Schnackenberg completely retracted this statement during his recent deposition. Plaintiffs offer no evidence of elder abuse and not one witness has offered testimony supporting such a claim nor have Plaintiffs identified any documentary or other evidence supporting such a claim.

**Court's Ruling on Objection 33:**     Sustained:    _____

                                         Overruled:    _____

Dated:     November 30, 2012          YUNKER & SCHNEIDER

                                      By:    _____/s/ David K. Schneider_____
                                      Attorneys for Defendants
                                      TRUMP UNIVERSITY, LLC and
                                      DONALD J. TRUMP
                                      Email: dks@yslaw.com

Case No. 10 CV 0940 CAB (WVG)
DEFENDANTS' OBJECTIONS TO EVIDENCE IN PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL