# EXHIBITS 17-22

# Pages: 4787-4855


# [Filed Conditionally Under Seal]

# EXHIBIT 23

Page 1

1        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF CALIFORNIA
2

    TARLA MAKAEFF, et al., on §
3   Behalf of Themselves and   §
    All Others Similarly        §
4   Situated,                   §
                                §
5            Plaintiffs         §
                                §   Civil Action No.
6   VS.                         §   3:10-CV-00940-CAB
                                §
7   TRUMP UNIVERSITY, LLC,      §
    et al.,                     §
8                               §
             Defendants         §
9   _____ §
10
11
12
13
14
15      VIDEOTAPED DEPOSITION OF CHERYL DONNELLY
16              Austin, Texas
17          Friday, November 2, 2012
18
19
20
21
22   Reported by:
23   MICHEAL A. JOHNSON, CRR
24   JOB 54334
25

Page 149

1    they would say that they were still working

2    or -- but the specific words "not successful,"

3    I do not recall.  But obviously those people

4    would not have been featured or followed up

5    on.

6         Q.   Did anybody tell you that they had

7    lost money?

8         A.   Not that I can recall other than

9    the money that they had spent on the programs.

10        Q.   So if -- someone said to you, I

11   lost the money I spent on the program, or are

12   you just making this conclusion that they lost

13   money because they bought a program?

14        A.   They would say, I spent this money

15   and I'm working to -- so they wouldn't say,

16   you know, I'm, you know, deeper in debt.  They

17   would just say, I spent X amount of money on

18   this program, I'm working to achieve a level

19   of success.  Most of the people were still

20   working at their particular projects and had

21   not achieved any level of significant monetary

22   benefit as exhibited here in these.

23        Q.   Now, by -- by significant, the

24   threshold that they were asking you to find

25   were people that had earned hundreds of

Page 150

1    thousands of dollars, right?

2         A.    Correct.

3         Q.    And by September the program had

4    only -- the live programs had only been

5    ongoing for a few months, right?

6         A.    To my knowledge, yes.  And that was

7    the challenge that I was having and I tried to

8    relay to Michael, but as you can see, that was

9    not to his satisfaction.

10        Q.    Did you believe that that was

11   unfair of Michael Sexton?

12        A.    Absolutely.

13        Q.    That basically students are just

14   getting out of the gate and they're going to

15   need time to -- to see if they're going to be

16   successful and you're trying to gauge that

17   fairly early in the process.  Is that --

18        A.    Exactly.  And even when I had

19   checked back to the website that he wanted me

20   to develop -- so he wanted me to come up with

21   a whole game plan to showcase these documents,

22   these pictures, these profiles of people who

23   were successful.  I came up with a plan.  I

24   presented it.  Again, he was not happy with

25   that, but that met the criteria that he had

Page 151

1    wanted.   But even when I checked back to the

2    site a while later, that still had not been

3    achieved.   So apparently the next marketing

4    person could not achieve it and the person

5    after that could not achieve it.   They just

6    weren't there, and that was an unfair and --

7    you know, I'm fine with it because I'm no

8    longer there.

9          Q.   Is it a fair characterization to

10   say it just wasn't ripe yet for you to get the

11   data you needed?

12         A.   To get the data that he wanted, I

13   would say it wasn't fair.  I would say that

14   the data was not there.  But also, you know, I

15   don't know that necessarily the students

16   weren't making that type of success.  Have

17   they followed up with them since, that would

18   be a question to ask.  Have these people made

19   that type of money that Michael thought that

20   they should be making from these programs.

21   And that would only be able to be done with

22   follow-up calls.

23         Q.   I'm sorry, is that 13?

24         A.   14.

25         Q.   Thank you.

Ex. 23 - 4860

EXHIBITS 24-26

Pages: 4861-5166


[Filed Conditionally
Under Seal]

# EXHIBIT 27

```
 1                    UNITED STATES DISTRICT COURT

 2                  SOUTHERN DISTRICT OF CALIFORNIA

 3

 4    TARLA MAKAEFF, BRANDON        )
      KELLER, ED OBERKROM, and      )
 5    PATRICIA MURPHY, on Behalf    )
      of Themselves and All         )
 6    Others Similarly Situated,    )
                                    )
 7              Plaintiffs,         )
                                    )
 8              vs.                 ) Case No.
                                    ) 10 CV 0940 IEG (WVG)
 9    TRUMP UNIVERSITY, LLC,        )
      (aka Trump Entrepreneur       )
10    Initiative) a New York        )
      Limited Liability Company,    )
11    DONALD J. TRUMP, and DOES 1   )
      through 50, inclusive,        )
12                                  )
                Defendants.         )
13    _____)

14

15

16

17

18        TARLAMAKAEFF.MOV VIDEO TRANSCRIPTION

19

20

21

22

23

24    Transcribed by:  Yvonne Janette Hyde
                       CSR No. 12579
25    NDS Job Number:  146091

                                                     1
```

Ex. 27 - 5168

1

2        TARLA   No.   Actually, Troy is helping me as well.

3    He's been awesome. So Troy's, yeah, a new mentor for me.

4        Q    Okay.   So tell me about your mentorship.

5        TARLA   We just got started, but he's great because

6    he's just like me.   He's very detailed oriented, very

7    analytical.

8             We kind of have the same thought

9    patterns.   It's awesome.   He's really helping me work

10   through things.   He's great.

11       Q    So, what's your name?

12   TARLA   Tarla.

13       Q    Tarla.

14   TARLA   Tarla.

15       Q    Spell it.

16   TARLA   T-A-R-L-A.

17       Q    Okay.

18   TARLA   Yeah.

19       Q    Gotcha.   You don't have a badge or anything.

20   TARLA   Sorry.   No badge.

21       Q    (Inaudible).

22   TARLA   Yep.

23       Q    So why did you go into the mentoring program?

24       TARLA   I went into the mentor program to, you know,

25   basically get that hands-on training that you don't

2

1    typically get if you read a book.

2              You know, they say the best way to learn

3    something is to learn from someone who's already done

4    it.  That's why I did it.  Yeah.

5         Q    (Inaudible) So what have you been doing so

6    far?

7         TARLA  Uh, I've done several (inaudible)

8    mentorships.  So a lot of different topics.

9              I've actually purchased -- partnered with

10   Robert over here for an R-E-L (phonetic) in Las Vegas.

11        Q    Okay.  So then you're one of the --

12        TARLA  Which is good.  We're rehabing it and

13   flipping it.  And then I'm learning right now about

14   owner-financing and taking over payments.  So I'm just

15   kind of getting started.

16        Q    Great.

17        TARLA  Yeah.

18        Q    Robert told us about realizing (inaudible)

19   students.

20        TARLA  Yes.

21        Q    (Inaudible) --

22        TARLA  So I'm one of those students.  Hello.  Hello

23   out there.

24        Q    Let me get a shot this way.

25        TARLA  Hello.

3

Ex. 27 - 5170

1      Q    So what do you think about Trump University?

2      TARLA  I think that there's a lot of benefits of

3  getting an education in real estate.  I think it's, you

4  know, there's a lot of information to learn, but it's a

5  life skill that everyone should have irregardless of

6  whether you want to be a full time investor.  It's just

7  something that you really need to know.  You can pass

8  along to your children, your spouse.  It's an important

9  skill to have.  So it's good to learn that, yeah.

10     Q    So do you -- what drew you to Trump

11 University?

12     TARLA  What drew me to Trump University?  It was

13 just kind of random.  I went with a friend to an event.

14 I never thought I would ever sign up.  I just thought,

15 well, this is good information for me to know.

16               I'm really right brain.  I'm a shoe and

17 handbag designer, and I'm a creative director of a

18 marketing company.  So I'm not really left brained.  But

19 I thought it's important to know about real estate and

20 other things, you know, other investments, day trading.

21 All these things are important to know about if you're

22 going to have a successful financial future.

23     Q    So then what's your prior experience in real

24 estate?

25     TARLA  I had purchased a condo for myself and then

4

1    I sold that and made a double return on that within

2    three years, over double return, and I used that money

3    to purchase a house.  Before that I never had done

4    investment properties.  I'm just getting involved.

5        Q    So how have you been working with Robert?  How

6    do you like that?

7        TARLA  Robert's great.  Uh-huh.  Awesome.  See,

8    he's always working.  He's got that earpiece in

9    (laughs).  It just goes night and day with Robert.

10       Q    So you think the earpiece is (inaudible) huge

11   (inaudible)?

12       TARLA  Yeah.  We don't know who he's talking to.

13   (Laughs) Or we don't know what's going on.  So, yeah.

14   No, Robert's great.

15       Q    So what have you liked most about the mentor

16   program?

17       TARLA  That you have access to somebody, you know,

18   24-7, pretty much; that you can ask questions to in the

19   real world.  Because if you're reading a book, you can't

20   necessarily talk back to the book, hopefully.

21   Otherwise, you're probably on meds.  (Laughter.)

22              No, you need someone to ask questions to.

23       Q    So where's your friend that -- did she come?

24       TARLA  Oh, no.  She didn't join.  So.  Yeah, she's

25   on other things.

Network Deposition Services, Inc. ● networkdepo.com ● 866-NET-DEPO

1          Q    So you returned (inaudible).

2          TARLA  I ended up doing it.  She didn't.  So it's

3     good to know.

4          Q    Have you talked to her about it?

5          TARLA  A little bit.  I mean, yeah.  She's off

6     doing other things.  She doesn't know yet that I got

7     that Las Vegas R-E-L, so I'll have to share that with

8     her.

9          Q    So how far are you guys into that?

10          TARLA  We just got it a couple of weeks ago, and so

11     we are just starting the rehab on it.  And then we're

12     going to turn it around and probably sell it for a

13     pretty good profit.

14               The last one Robert did on his own, he

15     made $28,000 in a matter of a few months because he had

16     to hold on to it.  But literally, it was not much work.

17          Q    So what's happening again?  What's the deal?

18          TARLA  It's about like a $60,000 property with

19     $20,000 in it.  You can turn around and sell for,

20     depending on the market, $100,000 or $110,000.  So it's

21     fluctuating a little bit.  But now there's a bidding

22     war, apparently, again in Vegas.

23          Q    That's good.  You're on the good side of the

24     deal today.

25          TARLA  Yeah.  Absolutely (laughs).

1                     You bid for my property, People (laughs).

2          Q     What did you think of today?

3          TARLA   (Still laughing) I thought was great,

4     actually.  I was very interested in some of the topics,

5     the tax liens and the prorate, and commercial real

6     estate.  Pretty much everything.

7                     I love Omar.  He's awesome.  Jeff Adams,

8     too, is great, and just all the speakers were really

9     good.  So it was nice, yeah.

10         Q     All right (inaudible).

11         TARLA   (Laughing) Thank you.

12                     (End of audio.)

13

14

15

16

17

18

19

20

21

22

23

24

25

                                                            7

Ex. 27 - 5174

1    STATE OF CALIFORNIA          )
                                  )  ss:
2    COUNTY OF LOS ANGELES        )

3

4          I, YVONNE JANETTE HYDE, do hereby certify:

5

6          That I am a duly qualified Certified Shorthand

7    Reporter, in and for the State of California, holder of

8    certificate number 12579, which is in full force and

9    effect and that I am authorized to administer oaths and

10   affirmations;

11

12         That the foregoing testimony was transcribed

13   by me from an audio file provided by Law Offices of

14   Yunker & Schneider.

15

16         That per the recording on the above-referenced

17   audio file the foregoing transcription consists of

18   TarlaMakaeff.mov.

19

20         That the foregoing pages contain a full, true

21   and accurate record of the proceedings and testimony as

22   referenced above to the best of my skill and ability,

23   based upon the quality of the above-referenced audio

24   file and the conditions under which the above-referenced

25   audio file were recorded.

                                                          8

                                                  Ex. 27 - 5175

1           I further certify that I am not a relative or

2    employee or attorney or counsel of any of the parties,

3    nor am I a relative or employee of such attorney or

4    counsel, nor am I financially interested in the outcome

5    of this action.

6

7           IN WITNESS WHEREOF, I have subscribed my name

8    this _____ day of _____, _____.

9

10

11           _____

12             YVONNE JANETTE HYDE, CSR NO. 12579

13

14

15

16

17

18

19

20

21

22

23

24

25

9

# EXHIBIT 27

# TU 01546.mov – Video Testimonial of Tarla Makaeff

(See Dkt. No. 136, Order Granting Joint Motion for Leave to Allow Non-Electronic Filing of Videos as Exhibits in Opposition to Plaintiffs' Motion for Class Certification)

# EXHIBIT 28

```
 1              UNITED STATES DISTRICT COURT

 2            SOUTHERN DISTRICT OF CALIFORNIA

 3

 4    TARLA MAKAEFF, BRANDON KELLER,

 5    ED OBERKROM, and PATRICIA

 6    MURPHY, on Behalf of Themselves

      and All Others Similarly

 7    Situated,

 8                   Plaintiffs,

 9       vs.                      No. 10 CV 0940 IEG (WVG)

10    TRUMP UNIVERSITY, LLC, (aka

11    Trump Entrepreneur Initiative) a

      New York Limited Liability

12    Company, DONALD J. TRUMP, and

13    DOES 1 through 50, inclusive,

14                   Defendants.

15    _____

16

17       CONTINUED VIDEOTAPED DEPOSITION of TARLA MAKAEFF

18                 San Diego, California

19                Tuesday, January 31, 2012

20                      Volume II

21

22    Reported by:

      Kae F. Gernandt

23    RPR, CSR No. 5342

24    Job No. 133737

25    PAGES 283 - 591
```

                                                Page 283

Ex. 28 - 5179

```
 1          MS. ECK:  Objection.  Misstates the witness's    03:28:22
 2     testimony.
 3     BY MR. SCHNEIDER:
 4          Q.   Is that correct?
 5          A.   Yes, with someone's guidance.              03:28:26
 6          Q.   All right.  So, you had finished your
 7     five courses, the five three-day seminars, correct?
 8          A.   I believe, by that point I had, yes.
 9          Q.   And you had done your three-day
10     mentorship?                                          03:28:37
11          A.   Yes.
12          Q.   And you had gotten some additional help
13     from Steve Gilpin, more mentoring from Troy
14     Lignell [sic] and telephone calls with Troy
15     Peterson, correct?                                   03:28:46
16          A.   Yes.
17          Q.   And you're ready to go now and invest.
18     And the first property that you and Robert Vargas
19     purchase is the Florrie property, true?
20          A.   That's what I felt at the time, yes.       03:28:54
21          Q.   All right.  And you understood, as an
22     investor, that you may make money or you may lose
23     money, but you were willing to take that risk to try
24     and start making money in real estate, correct?
25          A.   I understood that.  However, Noah and       03:29:05
```

Veritext National Deposition & Litigation Services
866 299-5127

EXHIBITS 29-30

Pages: 5181-5204


[Filed Conditionally
Under Seal]

# EXHIBIT 31

## Robbins Geller
## Rudman & Dowd LLP

| | | | |
|---|---|---|---|
| Atlanta | Melville | Philadelphia | San Francisco |
| Boca Raton | New York | San Diego | Washington, DC |

Thomas R. Merrick
TMerrick@rgrdlaw.com

September 28, 2011

mayannzlife [Redacted]

<u>VIA U.S. MAIL AND</u>
<u>E-MAIL (IF APPLICABLE)</u>

Re:   *Makaeff v. Trump University,*
       No. 10-cv-940-IEG(WVG) (S.D. Cal.)

Dear MaryAnn:

We represent the parties who sued Donald Trump and Trump University in federal court in California. You are receiving this letter because you previously contacted our firms to discuss the case and your experiences with Trump University. We have been ordered by the Court in the lawsuit to disclose your names and contact information to attorneys for Mr. Trump and Trump University. We wanted to make you aware of this.

We do not know if the attorneys or their agents will attempt to contact you, but believe that they may. Unless you are subpoenaed for deposition, *YOU ARE UNDER NO OBLIGATION TO SPEAK TO TRUMP UNIVERSITY'S LAWYERS OR INVESTIGATORS IF THEY CONTACT YOU*, just as you were under no obligation to contact us about the case.

We have filed the case as a potential class action, but at this stage in the lawsuit, no class has been certified by the Court. Therefore, we do not currently represent you or other potential class members, other than the four individuals who are named plaintiffs in the lawsuit. However, should you wish our firms to represent you *for the limited purpose of any contact with Trump University's lawyers or representatives*, we would agree to do so at no cost to you. If you are represented by counsel (either us or other attorneys), Trump University's lawyers will be prohibited from contacting you directly. If you chose to have us or other attorneys represent you for this limited purpose, should you be contacted by Trump University's lawyers, you may direct them to your counsel.

TU-PLTF01501
Ex. 31 - 5206

Robbins Geller
Rudman & Dowd LLP

September 28, 2011
Page 2

     If you would like to take advantage of that option, please sign and date the letter where indicated below and return this letter to our office via mail or e-mail.

     If you have any questions, or would like to discuss this further, please do not hesitate to contact us at the numbers below.

Very truly yours,

Amber L. Eck
ZELDES & HAEGGQUIST, LLP
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

Thomas R. Merrick
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

     I _____ wish to retain the law firms of Zeldes & Haeggquist, LLP and Robbins Geller Rudman & Dowd LLP for the limited purpose of representing me in connection with contact with defendants' counsel in *Makaeff et al. v. Trump University LLC et al.*, Case No. 3:10-cv-00940-IEG currently pending in the United States District Court for the Southern District of California. I understand that this representation is limited solely to this purpose and does not extend to any other purpose or any other legal matter whatsoever.

Name _____     Date _____

Address _____

City/State/Zip _____

Telephone _____

E-Mail _____

TRM:hsb

TU-PLTF01502

Ex. 31 - 5207

**Robbins Geller Rudman & Dowd** LLP

| | | | |
|---|---|---|---|
| Atlanta | Melville | Philadelphia | San Francisco |
| Boca Raton | New York | San Diego | Washington, DC |

Thomas R. Merrick
TMerrick@rgrdlaw.com

September 28, 2011

Steve Hausam
hakeproperties Redacted

<u>VIA U.S. MAIL AND</u>
<u>E-MAIL (IF APPLICABLE)</u>

Re:    *Makaeff v. Trump University*,
       No. 10-cv-940-IEG(WVG) (S.D. Cal.)

Dear Steve Hausam:

We represent the parties who sued Donald Trump and Trump University in federal court in California.  You are receiving this letter because you previously contacted our firms to discuss the case and your experiences with Trump University.  We have been ordered by the Court in the lawsuit to disclose your names and contact information to attorneys for Mr. Trump and Trump University. We wanted to make you aware of this.

We do not know if the attorneys or their agents will attempt to contact you, but believe that they may.  Unless you are subpoenaed for deposition, ***YOU ARE UNDER NO OBLIGATION TO SPEAK TO TRUMP UNIVERSITY'S LAWYERS OR INVESTIGATORS IF THEY CONTACT YOU***, just as you were under no obligation to contact us about the case.

We have filed the case as a potential class action, but at this stage in the lawsuit, no class has been certified by the Court.  Therefore, we do not currently represent you or other potential class members, other than the four individuals who are named plaintiffs in the lawsuit.  However, should you wish our firms to represent you ***for the limited purpose of any contact with Trump University's lawyers or representatives***, we would agree to do so at no cost to you.  If you are represented by counsel (either us or other attorneys), Trump University's lawyers will be prohibited from contacting you directly.  If you chose to have us or other attorneys represent you for this limited purpose, should you be contacted by Trump University's lawyers, you may direct them to your counsel.

TU-PLTF01513
Ex. 31 - 5208

Robbins Geller
Rudman & Dowd LLP

September 28, 2011
Page 2

     If you would like to take advantage of that option, please sign and date the letter where indicated below and return this letter to our office via mail or e-mail.

     If you have any questions, or would like to discuss this further, please do not hesitate to contact us at the numbers below.

Very truly yours,

Amber L. Eck
ZELDES & HAEGGQUIST, LLP
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

Thomas R. Merrick
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

     I _____ wish to retain the law firms of Zeldes & Haeggquist, LLP and Robbins Geller Rudman & Dowd LLP for the limited purpose of representing me in connection with contact with defendants' counsel in *Makaeff et al. v. Trump University LLC et al.*, Case No. 3:10-cv-00940-IEG currently pending in the United States District Court for the Southern District of California. I understand that this representation is limited solely to this purpose and does not extend to any other purpose or any other legal matter whatsoever.

Name _____     Date _____

Address _____

City/State/Zip _____

Telephone _____

E-Mail _____

TRM:hsb

## Robbins Geller
## Rudman & Dowd LLP

| Atlanta | Melville | Philadelphia | San Francisco |
| Boca Raton | New York | San Diego | Washington, DC |

Thomas R. Merrick
TMerrick@rgrdlaw.com

September 28, 2011

Sonya Wren
Charles.sonya [ Redacted ]

VIA U.S. MAIL AND
E-MAIL (IF APPLICABLE)

Re:   *Makaeff v. Trump University*,
No. 10-cv-940-IEG(WVG) (S.D. Cal.)

Dear Sonya Wren:

We represent the parties who sued Donald Trump and Trump University in federal court in California. You are receiving this letter because you previously contacted our firms to discuss the case and your experiences with Trump University. We have been ordered by the Court in the lawsuit to disclose your names and contact information to attorneys for Mr. Trump and Trump University. We wanted to make you aware of this.

We do not know if the attorneys or their agents will attempt to contact you, but believe that they may. Unless you are subpoenaed for deposition, *YOU ARE UNDER NO OBLIGATION TO SPEAK TO TRUMP UNIVERSITY'S LAWYERS OR INVESTIGATORS IF THEY CONTACT YOU*, just as you were under no obligation to contact us about the case.

We have filed the case as a potential class action, but at this stage in the lawsuit, no class has been certified by the Court. Therefore, we do not currently represent you or other potential class members, other than the four individuals who are named plaintiffs in the lawsuit. However, should you wish our firms to represent you *for the limited purpose of any contact with Trump University's lawyers or representatives*, we would agree to do so at no cost to you. If you are represented by counsel (either us or other attorneys), Trump University's lawyers will be prohibited from contacting you directly. If you chose to have us or other attorneys represent you for this limited purpose, should you be contacted by Trump University's lawyers, you may direct them to your counsel.

TU-PLTF01516
Ex. 31 - 5210

Robbins Geller
Rudman & Dowd LLP

September 28, 2011
Page 2

If you would like to take advantage of that option, please sign and date the letter where indicated below and return this letter to our office via mail or e-mail.

If you have any questions, or would like to discuss this further, please do not hesitate to contact us at the numbers below.

Very truly yours,

Amber L. Eck
ZELDES & HAEGGQUIST, LLP
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

Thomas R. Merrick
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

I _____ wish to retain the law firms of Zeldes & Haeggquist, LLP and Robbins Geller Rudman & Dowd LLP for the limited purpose of representing me in connection with contact with defendants' counsel in *Makaeff et al. v. Trump University LLC et al.*, Case No. 3:10-cv-00940-IEG currently pending in the United States District Court for the Southern District of California. I understand that this representation is limited solely to this purpose and does not extend to any other purpose or any other legal matter whatsoever.

Name                                              Date

Address

City/State/Zip

Telephone

E-Mail

TRM:hsb

**Robbins Geller**
**Rudman & Dowd** LLP

| Atlanta | Melville | Philadelphia | San Francisco |
| Boca Raton | New York | San Diego | Washington, DC |

Thomas R. Merrick
TMerrick@rgrdlaw.com

September 28, 2011

Meeka Caissie
meekacaissie **Redacted**

<u>VIA U.S. MAIL AND</u>
<u>E-MAIL (IF APPLICABLE)</u>

Re:  *Makaeff v. Trump University*,
     No. 10-cv-940-IEG(WVG) (S.D. Cal.)

Dear Meeka Caissie:

        We represent the parties who sued Donald Trump and Trump University in federal court in California.  You are receiving this letter because you previously contacted our firms to discuss the case and your experiences with Trump University.  We have been ordered by the Court in the lawsuit to disclose your names and contact information to attorneys for Mr. Trump and Trump University. We wanted to make you aware of this.

        We do not know if the attorneys or their agents will attempt to contact you, but believe that they may.  Unless you are subpoenaed for deposition, ***YOU ARE UNDER NO OBLIGATION TO SPEAK TO TRUMP UNIVERSITY'S LAWYERS OR INVESTIGATORS IF THEY CONTACT YOU***, just as you were under no obligation to contact us about the case.

        We have filed the case as a potential class action, but at this stage in the lawsuit, no class has been certified by the Court.  Therefore, we do not currently represent you or other potential class members, other than the four individuals who are named plaintiffs in the lawsuit.  However, should you wish our firms to represent you ***for the limited purpose of any contact with Trump University's lawyers or representatives***, we would agree to do so at no cost to you.  If you are represented by counsel (either us or other attorneys), Trump University's lawyers will be prohibited from contacting you directly.  If you chose to have us or other attorneys represent you for this limited purpose, should you be contacted by Trump University's lawyers, you may direct them to your counsel.

655 West Broadway, Suite 1900      San Diego, CA  92101      Tel 619 231 1058      Fax 619 231 7423      rgrdlaw.com

Robbins Geller
Rudman & Dowd LLP

September 28, 2011
Page 2

     If you would like to take advantage of that option, please sign and date the letter where indicated below and return this letter to our office via mail or e-mail.

     If you have any questions, or would like to discuss this further, please do not hesitate to contact us at the numbers below.

Very truly yours,

Amber L. Eck
ZELDES & HAEGGQUIST, LLP
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

Thomas R. Merrick
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

     I _____ wish to retain the law firms of Zeldes & Haeggquist, LLP and Robbins Geller Rudman & Dowd LLP for the limited purpose of representing me in connection with contact with defendants' counsel in *Makaeff et al. v. Trump University LLC et al.*, Case No. 3:10-cv-00940-IEG currently pending in the United States District Court for the Southern District of California. I understand that this representation is limited solely to this purpose and does not extend to any other purpose or any other legal matter whatsoever.

Name _____

Date _____

Address _____

City/State/Zip _____

Telephone _____

E-Mail _____

TRM:hsb

# Robbins Geller
# Rudman & Dowd LLP

| | | | |
|---|---|---|---|
| Atlanta | Melville | Philadelphia | San Francisco |
| Boca Raton | New York | San Diego | Washington, DC |

Thomas R. Merrick
TMerrick@rgrdlaw.com

September 28, 2011

John Taylor
jtaylor[ **Redacted** ]

<u>VIA U.S. MAIL AND</u>
<u>E-MAIL (IF APPLICABLE)</u>

Re:   *Makaeff v. Trump University*,
      No. 10-cv-940-IEG(WVG) (S.D. Cal.)

Dear John Taylor:

We represent the parties who sued Donald Trump and Trump University in federal court in California. You are receiving this letter because you previously contacted our firms to discuss the case and your experiences with Trump University. We have been ordered by the Court in the lawsuit to disclose your names and contact information to attorneys for Mr. Trump and Trump University. We wanted to make you aware of this.

We do not know if the attorneys or their agents will attempt to contact you, but believe that they may. Unless you are subpoenaed for deposition, ***YOU ARE UNDER NO OBLIGATION TO SPEAK TO TRUMP UNIVERSITY'S LAWYERS OR INVESTIGATORS IF THEY CONTACT YOU***, just as you were under no obligation to contact us about the case.

We have filed the case as a potential class action, but at this stage in the lawsuit, no class has been certified by the Court. Therefore, we do not currently represent you or other potential class members, other than the four individuals who are named plaintiffs in the lawsuit. However, should you wish our firms to represent you ***for the limited purpose of any contact with Trump University's lawyers or representatives***, we would agree to do so at no cost to you. If you are represented by counsel (either us or other attorneys), Trump University's lawyers will be prohibited from contacting you directly. If you chose to have us or other attorneys represent you for this limited purpose, should you be contacted by Trump University's lawyers, you may direct them to your counsel.

TU-PLTF01528
Ex. 31 - 5214

Robbins Geller
Rudman & Dowd LLP

September 28, 2011
Page 2

  If you would like to take advantage of that option, please sign and date the letter where indicated below and return this letter to our office via mail or e-mail.

  If you have any questions, or would like to discuss this further, please do not hesitate to contact us at the numbers below.

              Very truly yours,

Amber L. Eck
ZELDES & HAEGGQUIST, LLP
625 Broadway, Suite 906
San Diego, CA  92101
Telephone: 619/342-8000
619/342-7878 (fax)

Thomas R. Merrick
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

  I _____ wish to retain the law firms of Zeldes & Haeggquist, LLP and Robbins Geller Rudman & Dowd LLP for the limited purpose of representing me in connection with contact with defendants' counsel in *Makaeff et al. v. Trump University LLC et al.*, Case No. 3:10-cv-00940-IEG currently pending in the United States District Court for the Southern District of California. I understand that this representation is limited solely to this purpose and does not extend to any other purpose or any other legal matter whatsoever.

Name

Date

Address

City/State/Zip

Telephone

E-Mail

TRM:hsb

# Robbins Geller
# Rudman & Dowd LLP

| Atlanta | Melville | Philadelphia | San Francisco |
| Boca Raton | New York | San Diego | Washington, DC |

Thomas R. Merrick
TMerrick@rgrdlaw.com

September 28, 2011

Cathy Robertson
mainseller | **Redacted** |

<u>VIA U.S. MAIL AND</u>
<u>E-MAIL (IF APPLICABLE)</u>

Re:   *Makaeff v. Trump University,*
      No. 10-cv-940-IEG(WVG) (S.D. Cal.)

Dear Cathy Robertson:

   We represent the parties who sued Donald Trump and Trump University in federal court in California. You are receiving this letter because you previously contacted our firms to discuss the case and your experiences with Trump University. We have been ordered by the Court in the lawsuit to disclose your names and contact information to attorneys for Mr. Trump and Trump University. We wanted to make you aware of this.

   We do not know if the attorneys or their agents will attempt to contact you, but believe that they may. Unless you are subpoenaed for deposition, ***YOU ARE UNDER NO OBLIGATION TO SPEAK TO TRUMP UNIVERSITY'S LAWYERS OR INVESTIGATORS IF THEY CONTACT YOU***, just as you were under no obligation to contact us about the case.

   We have filed the case as a potential class action, but at this stage in the lawsuit, no class has been certified by the Court. Therefore, we do not currently represent you or other potential class members, other than the four individuals who are named plaintiffs in the lawsuit. However, should you wish our firms to represent you ***for the limited purpose of any contact with Trump University's lawyers or representatives***, we would agree to do so at no cost to you. If you are represented by counsel (either us or other attorneys), Trump University's lawyers will be prohibited from contacting you directly. If you chose to have us or other attorneys represent you for this limited purpose, should you be contacted by Trump University's lawyers, you may direct them to your counsel.

TU-PLTF01531
Ex. 31 - 5216

Robbins Geller
Rudman & Dowd LLP

September 28, 2011
Page 2

If you would like to take advantage of that option, please sign and date the letter where indicated below and return this letter to our office via mail or e-mail.

If you have any questions, or would like to discuss this further, please do not hesitate to contact us at the numbers below.

Very truly yours,

Amber L. Eck
ZELDES & HAEGGQUIST, LLP
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

Thomas R. Merrick
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

I _____ wish to retain the law firms of Zeldes & Haeggquist, LLP and Robbins Geller Rudman & Dowd LLP for the limited purpose of representing me in connection with contact with defendants' counsel in *Makaeff et al. v. Trump University LLC et al.*, Case No. 3:10-cv-00940-IEG currently pending in the United States District Court for the Southern District of California. I understand that this representation is limited solely to this purpose and does not extend to any other purpose or any other legal matter whatsoever.

Name _____        Date _____

Address _____

City/State/Zip _____

Telephone _____

E-Mail _____

TRM:hsb

## Robbins Geller
## Rudman & Dowd LLP

| Atlanta | Melville | Philadelphia | San Francisco |
| Boca Raton | New York | San Diego | Washington, DC |

Thomas R. Merrick
TMerrick@rgrdlaw.com

September 28, 2011

Ruben Rodarte
ruben.rodarte[ **Redacted** ]

<u>VIA U.S. MAIL AND
E-MAIL (IF APPLICABLE)</u>

Re:     *Makaeff v. Trump University*,
        No. 10-cv-940-IEG(WVG) (S.D. Cal.)

Dear Ruben Rodarte:

We represent the parties who sued Donald Trump and Trump University in federal court in California. You are receiving this letter because you previously contacted our firms to discuss the case and your experiences with Trump University. We have been ordered by the Court in the lawsuit to disclose your names and contact information to attorneys for Mr. Trump and Trump University. We wanted to make you aware of this.

We do not know if the attorneys or their agents will attempt to contact you, but believe that they may. Unless you are subpoenaed for deposition, *YOU ARE UNDER NO OBLIGATION TO SPEAK TO TRUMP UNIVERSITY'S LAWYERS OR INVESTIGATORS IF THEY CONTACT YOU*, just as you were under no obligation to contact us about the case.

We have filed the case as a potential class action, but at this stage in the lawsuit, no class has been certified by the Court. Therefore, we do not currently represent you or other potential class members, other than the four individuals who are named plaintiffs in the lawsuit. However, should you wish our firms to represent you *for the limited purpose of any contact with Trump University's lawyers or representatives*, we would agree to do so at no cost to you. If you are represented by counsel (either us or other attorneys), Trump University's lawyers will be prohibited from contacting you directly. If you chose to have us or other attorneys represent you for this limited purpose, should you be contacted by Trump University's lawyers, you may direct them to your counsel.

TU-PLTF01537
Ex. 31 - 5218

Robbins Geller
Rudman & Dowd LLP

September 28, 2011
Page 2

If you would like to take advantage of that option, please sign and date the letter where indicated below and return this letter to our office via mail or e-mail.

If you have any questions, or would like to discuss this further, please do not hesitate to contact us at the numbers below.

Very truly yours,

Amber L. Eck
ZELDES & HAEGGQUIST, LLP
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

Thomas R. Merrick
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

I _____ wish to retain the law firms of Zeldes & Haeggquist, LLP and Robbins Geller Rudman & Dowd LLP for the limited purpose of representing me in connection with contact with defendants' counsel in *Makaeff et al. v. Trump University LLC et al.*, Case No. 3:10-cv-00940-IEG currently pending in the United States District Court for the Southern District of California. I understand that this representation is limited solely to this purpose and does not extend to any other purpose or any other legal matter whatsoever.

Name _____        Date _____

Address _____

City/State/Zip _____

Telephone _____

E-Mail _____

TRM:hsb

TU-PLTF01538
Ex. 31 - 5219

## Robbins Geller
## Rudman & Dowd LLP

| | | | |
|---|---|---|---|
| Atlanta | Melville | Philadelphia | San Francisco |
| Boca Raton | New York | San Diego | Washington, DC |

Thomas R. Merrick
TMerrick@rgrdlaw.com

September 28, 2011

Patricia Chong
patricia.chong Redacted

VIA U.S. MAIL AND
E-MAIL (IF APPLICABLE)

Re:   *Makaeff v. Trump University*,
No. 10-cv-940-IEG(WVG) (S.D. Cal.)

Dear Patricia Chong:

We represent the parties who sued Donald Trump and Trump University in federal court in California. You are receiving this letter because you previously contacted our firms to discuss the case and your experiences with Trump University. We have been ordered by the Court in the lawsuit to disclose your names and contact information to attorneys for Mr. Trump and Trump University. We wanted to make you aware of this.

We do not know if the attorneys or their agents will attempt to contact you, but believe that they may. Unless you are subpoenaed for deposition, *YOU ARE UNDER NO OBLIGATION TO SPEAK TO TRUMP UNIVERSITY'S LAWYERS OR INVESTIGATORS IF THEY CONTACT YOU*, just as you were under no obligation to contact us about the case.

We have filed the case as a potential class action, but at this stage in the lawsuit, no class has been certified by the Court. Therefore, we do not currently represent you or other potential class members, other than the four individuals who are named plaintiffs in the lawsuit. However, should you wish our firms to represent you *for the limited purpose of any contact with Trump University's lawyers or representatives*, we would agree to do so at no cost to you. If you are represented by counsel (either us or other attorneys), Trump University's lawyers will be prohibited from contacting you directly. If you chose to have us or other attorneys represent you for this limited purpose, should you be contacted by Trump University's lawyers, you may direct them to your counsel.

TU-PLTF01540
Ex. 31 - 5220

Robbins Geller
Rudman & Dowd LLP

September 28, 2011
Page 2

     If you would like to take advantage of that option, please sign and date the letter where indicated below and return this letter to our office via mail or e-mail.

     If you have any questions, or would like to discuss this further, please do not hesitate to contact us at the numbers below.

                                  Very truly yours,

Amber L. Eck
ZELDES & HAEGGQUIST, LLP
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

Thomas R. Merrick
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

    I _____ wish to retain the law firms of Zeldes & Haeggquist, LLP and Robbins Geller Rudman & Dowd LLP for the limited purpose of representing me in connection with contact with defendants' counsel in *Makaeff et al. v. Trump University LLC et al.*, Case No. 3:10-cv-00940-IEG currently pending in the United States District Court for the Southern District of California. I understand that this representation is limited solely to this purpose and does not extend to any other purpose or any other legal matter whatsoever.

Name

Date

Address

City/State/Zip

Telephone

E-Mail

TRM:hsb

TU-PLTF01541

Ex. 31 - 5221

## Robbins Geller
## Rudman & Dowd LLP

| | | | |
|---|---|---|---|
| Atlanta | Melville | Philadelphia | San Francisco |
| Boca Raton | New York | San Diego | Washington, DC |

Thomas R. Merrick
TMerrick@rgrdlaw.com

September 28, 2011

Peter S. Fithian
fithianhnl@**Redacted**

<u>VIA U.S. MAIL AND</u>
<u>E-MAIL (IF APPLICABLE)</u>

Re:   *Makaeff v. Trump University*,
        No. 10-cv-940-IEG(WVG) (S.D. Cal.)

Dear Peter S. Fithian:

We represent the parties who sued Donald Trump and Trump University in federal court in California. You are receiving this letter because you previously contacted our firms to discuss the case and your experiences with Trump University. We have been ordered by the Court in the lawsuit to disclose your names and contact information to attorneys for Mr. Trump and Trump University. We wanted to make you aware of this.

We do not know if the attorneys or their agents will attempt to contact you, but believe that they may. Unless you are subpoenaed for deposition, *YOU ARE UNDER NO OBLIGATION TO SPEAK TO TRUMP UNIVERSITY'S LAWYERS OR INVESTIGATORS IF THEY CONTACT YOU*, just as you were under no obligation to contact us about the case.

We have filed the case as a potential class action, but at this stage in the lawsuit, no class has been certified by the Court. Therefore, we do not currently represent you or other potential class members, other than the four individuals who are named plaintiffs in the lawsuit. However, should you wish our firms to represent you *for the limited purpose of any contact with Trump University's lawyers or representatives*, we would agree to do so at no cost to you. If you are represented by counsel (either us or other attorneys), Trump University's lawyers will be prohibited from contacting you directly. If you chose to have us or other attorneys represent you for this limited purpose, should you be contacted by Trump University's lawyers, you may direct them to your counsel.

TU-PLTF01546
Ex. 31 - 5222

**Robbins Geller
Rudman & Dowd** LLP

September 28, 2011
Page 2

        If you would like to take advantage of that option, please sign and date the letter where
indicated below and return this letter to our office via mail or e-mail.

        If you have any questions, or would like to discuss this further, please do not hesitate to contact
us at the numbers below.

                                        Very truly yours,

Amber L. Eck                            Thomas R. Merrick
ZELDES & HAEGGQUIST, LLP                ROBBINS GELLER RUDMAN & DOWD LLP
625 Broadway, Suite 906                 655 West Broadway, Suite 1900
San Diego, CA 92101                     San Diego, CA 92101-3301
Telephone: 619/342-8000                 Telephone: 619/231-1058
619/342-7878 (fax)                      619/231-7423 (fax)

        I _____ wish to retain the law firms of Zeldes & Haeggquist, LLP and
Robbins Geller Rudman & Dowd LLP for the limited purpose of representing me in connection with
contact with defendants' counsel in *Makaeff et al. v. Trump University LLC et al.*, Case No. 3:10-cv-
00940-IEG currently pending in the United States District Court for the Southern District of California.
I understand that this representation is limited solely to this purpose and does not extend to any other
purpose or any other legal matter whatsoever.

Name                                    Date

Address

City/State/Zip

Telephone

E-Mail

TRM:hsb

# Robbins Geller
# Rudman & Dowd LLP

| Atlanta | Melville | Philadelphia | San Francisco |
| Boca Raton | New York | San Diego | Washington, DC |

Thomas R. Merrick
TMerrick@rgrdlaw.com

September 28, 2011

Gary & Candy Jones
efiffle54[ **Redacted** ]

<u>VIA U.S. MAIL AND</u>
<u>E-MAIL (IF APPLICABLE)</u>

Re:   *Makaeff v. Trump University,*
      No. 10-cv-940-IEG(WVG) (S.D. Cal.)

Dear Gary & Candy Jones:

We represent the parties who sued Donald Trump and Trump University in federal court in California. You are receiving this letter because you previously contacted our firms to discuss the case and your experiences with Trump University. We have been ordered by the Court in the lawsuit to disclose your names and contact information to attorneys for Mr. Trump and Trump University. We wanted to make you aware of this.

We do not know if the attorneys or their agents will attempt to contact you, but believe that they may. Unless you are subpoenaed for deposition, ***YOU ARE UNDER NO OBLIGATION TO SPEAK TO TRUMP UNIVERSITY'S LAWYERS OR INVESTIGATORS IF THEY CONTACT YOU***, just as you were under no obligation to contact us about the case.

We have filed the case as a potential class action, but at this stage in the lawsuit, no class has been certified by the Court. Therefore, we do not currently represent you or other potential class members, other than the four individuals who are named plaintiffs in the lawsuit. However, should you wish our firms to represent you ***for the limited purpose of any contact with Trump University's lawyers or representatives***, we would agree to do so at no cost to you. If you are represented by counsel (either us or other attorneys), Trump University's lawyers will be prohibited from contacting you directly. If you chose to have us or other attorneys represent you for this limited purpose, should you be contacted by Trump University's lawyers, you may direct them to your counsel.

TU-PLTF01552
Ex. 31 - 5224

Robbins Geller
Rudman & Dowd LLP

September 28, 2011
Page 2

      If you would like to take advantage of that option, please sign and date the letter where indicated below and return this letter to our office via mail or e-mail.

      If you have any questions, or would like to discuss this further, please do not hesitate to contact us at the numbers below.

                                  Very truly yours,

Amber L. Eck
ZELDES & HAEGGQUIST, LLP
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

Thomas R. Merrick
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

      I _____ wish to retain the law firms of Zeldes & Haeggquist, LLP and Robbins Geller Rudman & Dowd LLP for the limited purpose of representing me in connection with contact with defendants' counsel in *Makaeff et al. v. Trump University LLC et al.*, Case No. 3:10-cv-00940-IEG currently pending in the United States District Court for the Southern District of California. I understand that this representation is limited solely to this purpose and does not extend to any other purpose or any other legal matter whatsoever.

Name _____

Date _____

Address _____

City/State/Zip _____

Telephone _____

E-Mail _____

TRM:hsb

EXHIBIT 32

```
 1              UNITED STATES DISTRICT COURT
 2            SOUTHERN DISTRICT OF CALIFORNIA
 3
 4
    TARLA MAKAEFF, BRANDON KELLER,
 5  ED OBERKROM, and PATRICIA
    MURPHY, on Behalf of Themselves
 6  and All Others Similarly
    Situated,
 7                              No. 10 CV 0940 IEG (WVG)
            Plaintiffs,
 8
        vs.
 9
    TRUMP UNIVERSITY, LLC, (aka
10  Trump Entrepreneur Initiative) a
    New York Limited Liability
11  Company, DONALD J. TRUMP, and
    DOES 1 through 50, inclusive,
12
            Defendants.
13
14  _____
15
16          DEPOSITION of TARLA MAKAEFF
17            San Diego, California
18          Monday, January 30, 2012
19                 Volume I
20
21
22  Reported by:
    Kae F. Gernandt
23  RPR, CSR No. 5342
24  Job No. 130455
25  PAGES 1 - 282
```

Page 1

Ex. 32 - 5227

```
 1    you are receive any information from Trump          12:04:24

 2    University?

 3          A.   No.

 4          Q.   Did you read any materials about Trump

 5    University before you attended the Fast Track to     12:04:31

 6    Foreclosure?

 7          A.   No.

 8          Q.   So, when you showed up for the three-day

 9    program, is it accurate that you had not reviewed or

10    seen any information about Trump University?         12:04:44

11          A.   No, I had not.

12          Q.   To your knowledge, did you sign any kind

13    of contract or agreement with Trump University

14    regarding Fast Track to Foreclosure?

15          A.   For the 1500-dollar aspect?               12:05:01

16          Q.   Right.

17          A.   I don't believe so.  I don't recall.

18          Q.   Do you have any memory of paying Trump

19    University any money for you to attend the Fast

20    Track to Foreclosure?                                12:05:14

21          A.   No.  I paid my friend $750.

22          Q.   That was some weeks later, right?

23          A.   It was -- yes, post the course.  I don't

24    recall the amount of weeks, but . . .

25          Q.   All right.  Let's -- let's talk about     12:05:42
```

                                                    Page 65

Ex. 32 - 5228

# EXHIBIT 33

Page 1

1              UNITED STATES DISTRICT COURT

2          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

3    _____

                                      )
4    TARLA MAKAEFF, BRANDON KELLER,   )
     ED OBERKROM, and PATRICIA MURPHY, )
5    on Behalf of Themselves and All  )
     Others Similarly Situated,       )
6                                     )
              Plaintiffs,             ) Case No.
7                                     ) 10 CV 0940 CAB (WVG)
          vs.                         )
8                                     )
     TRUMP UNIVERSITY, LLC, (aka Trump )
9    Entrepreneur Initiative) a New   )
     York Limited Liability Company,  )
10   DONALD J. TRUMP, and DOES 1      )
     through 50, inclusive,           )
11                                    )
              Defendants.             )
12   _____ )

13

14

15         Videotaped Deposition of Joann Everett

16         taken at 655 West Broadway, Suite 1900,

17         San Diego, California, commencing at

18         9:31 a.m., on Wednesday, October 3, 2012,

19         before Kimberly S. Thrall, RPR, CSR No. 11594.

20

21

22

23

24   Reported by:  Kimberly S. Thrall, RPR, CSR. No. 11594

25         Job No. 54027

Ex. 33 - 5230

Page 14

1   which were the six pages of TU-72070 through 72076.  And

2   it may save some time to just have her -- ask questions

3   regarding specific documents.

4   BY MR. SCHNEIDER:

5       Q.   All right.  On the document you just

6   identified, 08, what was it about your review of that

7   document that refreshed your recollection?

8       A.   Would you repeat the initial question, please?

9       Q.   Sure.  What -- what was the reason why you

10  reviewed that document?

11      A.   To refresh my memory on what happened in '09

12  after I attended the free seminar.

13      Q.   And did it refresh your memory?

14      A.   The letter here states --

15      Q.   I didn't ask you to read the letter.

16      A.   Oh.

17      Q.   I asked you if -- if it refreshed your

18  recollection?

19      A.   Yes.

20      Q.   Okay.  And how did it do that?

21      A.   That Trump was representing himself as

22  providing his personal experiences to assist individuals

23  in investing in real estate with little or no money down

24  and make a quick turn on investments.

25      Q.   All right.  So is that document you're looking

Ex. 33 - 5231

Page 15

 1    at, is that an invitation to go to the free program, the

 2    free seminar?

 3        A.    Let me see.

 4        Q.    No.   The document you're looking at.

 5        A.    Yeah.   This is the -- well, I'm a little --

 6    this is the invitation that I received in the mail, and

 7    this letter here I believe came in with the invitation.

 8        Q.    To go to the free program, correct?

 9        A.    Right.

10        Q.    All right.   So that invited you to go to a

11    program that you attended; is that right?

12        A.    Yes.

13        Q.    All right.   So you didn't pay any money to go

14    to the free program, correct?

15        A.    No, I did not.

16        Q.    All right.   So you didn't lose any money by

17    going to the free program?

18        A.    No, I did not.

19        Q.    All right.   And you didn't -- you didn't spend

20    any money on anything because of that letter there,

21    No. 08; is that correct?

22            MS. ECK:   Objection.   Lack of foundation.

23    Vague as to time.

24    BY MR. SCHNEIDER:

25        Q.    You can answer the question.

Ex. 33 - 5232

Page 1

```
 1              UNITED STATES DISTRICT COURT

 2          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

 3     _____
                                      )
 4     TARLA MAKAEFF, BRANDON KELLER,  )
       ED OBERKROM, and PATRICIA MURPHY, )
 5     on Behalf of Themselves and All  )
       Others Similarly Situated,      )
 6                                      )
                  Plaintiffs,           ) Case No.
 7                                      ) 10 CV 0940 CAB (WVG)
              vs.                       )
 8                                      )
       TRUMP UNIVERSITY, LLC, (aka Trump )
 9     Entrepreneur Initiative) a New   )
       York Limited Liability Company,  )
10     DONALD J. TRUMP, and DOES 1      )
       through 50, inclusive,           )
11                                      )
                  Defendants.           )
12     _____)

13

14

15          Videotaped Deposition of John Brown

16          taken at 655 West Broadway, Suite 1900,

17          San Diego, California, commencing at

18          9:18 a.m., on Monday, October 8, 2012,

19          before Kimberly S. Thrall, RPR, CSR No. 11594.

20

21

22

23

24     Reported by:  Kimberly S. Thrall, RPR, CSR. No. 11594

25                    Job No. 54027
```

Page 18

```
1      Q.   Ever heard him speak at a program before?

2      A.   No.

3      Q.   Any kind of a program?

4      A.   No.

5      Q.   Ever been to a live event where he's been

6   there?

7      A.   No.

8      Q.   Have you ever met him personally?

9      A.   No.

10      Q.   To this day, have you ever met him personally?

11      A.   No.

12      Q.   Have you ever spoken with him personally?

13      A.   No.

14      Q.   Can you recall -- other than Donald Trump

15   either being mentioned or included in the e-mail

16   announcement, can you remember anything else specific

17   about this e-mail or announcement?  Do you remember the

18   content of it?

19      A.   I -- no.  It's not clear.  I think it was an

20   invitation to come and learn about real estate investing

21   through Trump.

22      Q.   And was it a free program?

23      A.   Yes.

24      Q.   And did you go to a free program?

25      A.   Yes.
```

```
 1              UNITED STATES DISTRICT COURT
 2            SOUTHERN DISTRICT OF CALIFORNIA
 3
 4   TARLA MAKAEFF, BRANDON KELLER,
 5   ED OBERKROM, and PATRICIA
     MURPHY, on Behalf of Themselves
 6   and All Others Similarly
 7   Situated,
 8                           No. 10 CV 0940 IEG (WVG)
 9      vs.      Plaintiffs,
10   TRUMP UNIVERSITY, LLC, (aka
     Trump Entrepreneur Initiative) a
11   New York Limited Liability
12   Company, DONALD J. TRUMP, and
13   DOES 1 through 50, inclusive,
14              Defendants.
15   _____
16
17              DEPOSITION of BRANDON KELLER
18                 San Diego, California
19                Tuesday, January 17, 2012
20                      Volume I
21   Reported by:
22   Kae F. Gernandt
     RPR, CSR No. 5342
23   Job No. 130453
24
25   PAGES 1 - 264
```

Page 1

```
 1        A.   Yes.  I did not at any time learn how to   10:45:04

 2   invest like Donald Trump.  I did not learn his

 3   secrets, his strategies.  I did not learn his

 4   how-to, which is what I remember the ad in the

 5   advertisement focus went -- focused on, was how to   10:45:30

 6   invest like Donald Trump.

 7        Q.   And how does Donald Trump invest?

 8        MS. ECK:  Objection.  Calls for speculation.

 9   BY MR. SCHNEIDER:

10        Q.   Do you know how he invests?               10:45:47

11        A.   I was never learned -- or taught that,

12   so I don't know.  That was never shared.

13        Q.   Was the initial e-mail an invitation to

14   participate in anything?

15        A.   I recall, yes, it said, "Come learn       10:46:15

16   Donald Trump's strategies."  But it did not give his

17   specific strategies.  It just said "learn his

18   strategies."

19        Q.   The e-mail that you received that we're

20   talking about --                                    10:46:29

21        A.   Uh-huh.

22        Q.   -- did it invite you to go to a program?

23        A.   Yes.  That was the -- the pre-meeting,

24   the seminar.

25        Q.   And did you go to the pre-meeting?        10:46:41

                                                 Page 40
```

Ex. 33 - 5236

**From:** Trump University <email@info.trumpuniversity.com>
**To:** brandon
**Sent:** Thu, April 29, 2010 12:06:00 PM
**Subject:** Entrepreneurs Needed to be My Next Apprentice



# I want people who want success.

If you Think BIG and believe you've got what it takes to succeed, I want you!

**76% of the world's millionaires made their fortunes in real estate. Now it's your turn. My father did it, I did it, and now I'm ready to teach you how to do it too.**

**Register Now ▶**

My team of real estate experts at Trump University is coming to your area in the next few days to conduct my Free Intro Apprenticeship Workshop. If you think you've got what it takes to be my next Apprentice, step up and attend. You should also bring along a trusted partner. This is YOUR opportunity to create wealth and take control of your own financial future with proven strategies that work in the current real estate market.

**Attend the Free Intro Apprenticeship Workshop to learn how to:**

1. Buy properties from banks at DEEP discounts
2. Use short sales to CONTROL property
3. Increase your financial POWER with leverage
4. Negotiate PROFITABLE deals that meet your goals
5. Attend and learn how to develop the CONFIDENCE to succeed in real estate

**Register Now ▶**

See you at the top!



Donald J. Trump
Chairman, Trump University



**I'm also going to give you my "Secrets of Real Estate Marketing" investor toolkit (a $50 value) absolutely FREE when you attend.**

**Don't waste time - seating is very limited and my Trump Workshops always fill up fast.**



Exhibit 3
Keller Vol. I
1/17/12
Kae Gernandt, CSR #5342

TU-PLTF00206

Page 1

1                    UNITED STATES DISTRICT COURT

2              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

3    _____
                                    )
4    TARLA MAKAEFF, BRANDON KELLER,  )
     ED OBERKROM, and PATRICIA MURPHY, )
5    on Behalf of Themselves and All  )
     Others Similarly Situated,       )
6                                     )
                Plaintiffs,           ) Case No.
7                                     ) 10 CV 0940 CAB (WVG)
             vs.                      )
8                                     )
     TRUMP UNIVERSITY, LLC, (aka Trump )
9    Entrepreneur Initiative) a New   )
     York Limited Liability Company,  )
10   DONALD J. TRUMP, and DOES 1      )
     through 50, inclusive,           )
11                                    )
                Defendants.           )
12   _____ )

13

14

15          Videotaped Deposition of Sonny Low

16          taken at 655 West Broadway, Suite 1900,

17          San Diego, California, commencing at

18          9:23 a.m., on Thursday, October 4, 2012,

19          before Kimberly S. Thrall, RPR, CSR No. 11594.

20

21

22

23   Reported by:  Kimberly S. Thrall, RPR, CSR. No. 11594

24          Job No.  54028

25

Page 42

1          MR. SCHNEIDER:  Well, he also answered this

2     morning that he went to a three-day free program, and

3     now he's changing his testimony, so I want to make sure

4     we've got it clear.

5     BY MR. SCHNEIDER:

6          Q.   Was the advertisement that you saw in the

7     newspaper for the free 90-minute program?

8          A.   Yes.

9          Q.   Did you ever see an advertisement in the

10    newspaper for any paid Trump University programs?

11         A.   No.

12         Q.   Did you receive anything from Donald Trump

13    concerning any program other than the free 90-minute

14    program?

15         MS. ECK:  Objection.  Vague as -- as to

16    advertisements.

17    BY MR. SCHNEIDER:

18         Q.   No.  Anything from Donald Trump personally?

19         A.   The letter that I got signed by Donald J. Trump

20    about coming to learn about profiting from real estate

21    investing.

22         Q.   Was that for the free program?

23         MS. ECK:  If you recall.

24         THE WITNESS:  Per my recollection, Donald Trump

25    was going to share his secrets, real estate investing.

```
 1              UNITED STATES DISTRICT COURT

 2            SOUTHERN DISTRICT OF CALIFORNIA

 3

    TARLA MAKAEFF, BRANDON KELLER,

 4  ED OBERKROM, and PATRICIA

    MURPHY, on Behalf of Themselves

 5  and All Others Similarly

 6  Situated,

 7             Plaintiffs,

 8      vs.                    No. 10 CV 0940 IEG (WVG)

 9  TRUMP UNIVERSITY, LLC, (aka

    Trump Entrepreneur Initiative) a

10  New York Limited Liability

11  Company, DONALD J. TRUMP, and

12  DOES 1 through 50, inclusive,

13             Defendants.

    _____

14

15      DEPOSITION of EDWARD C. OBERKROM, JR.

16           San Diego, California

17         Wednesday, April 11, 2012

18              Volume I

19  Reported by:

20  Kae F. Gernandt

21  RPR, CSR No. 5342

22  Job No. 135652

23

24

25  PAGES 1 - 384

                                        Page 1
```

```
 1    written material before the free seminar?          09:22:00
 2            A.   Yes.   I received a letter from Donald
 3    Trump inviting me to a free seminar.   There was two
 4    tickets that were enclosed.   The envelope was very,
 5    what I call, gaudy.   It was -- if I remember right,    09:22:19
 6    it was printed in gold lettering or something very
 7    unordinary that you'd normally receive in the mail,
 8    and -- and it had two tickets enclosed and inviting
 9    me to the free seminar.
10            There was, I think, six seminars, all in     09:22:48
11    total, on three different days.   There was two per
12    day.   And my partner, Mike, we discussed it and were
13    pretty excited about going.
14            Q.   All right.   Now, when you say "partner,"
15    are you talking about a business partner, life        09:23:10
16    partner?
17            A.   No, Mike is just a friend.   We have
18    similar interests in real estate.   We've gone to
19    different seminars together.   He's a pretty smart
20    guy, and it's just we have similar interests, and we  09:23:29
21    have never done any type of business deal together.
22    We have talked about real estate, but other than
23    that, we're just with friends.   I've known Mike for
24    about 20 years.
25            Q.   Did you grow up in St. Louis?            09:23:51
```

                                                    Page 20

EXHIBIT 34

Pages: 5242-5245


[Filed Conditionally
Under Seal]

# EXHIBIT 35

Page 1

1

2                    UNITED STATES DISTRICT COURT

3                    SOUTHERN DISTRICT OF NEW YORK

4      --------------------------------X

       TARLA MAKAEFF, et al., on

5      Behalf of Themselves and      Case No. 3:10-CV-00940-CAB(WVG)

       all Others Similarly Situated,

6

                        Plaintiffs,

7

            v.

8

       TRUMP UNIVERSITY, LLC, et al,

9

                        Defendants.

10     --------------------------------X

11

12                 VIDEOTAPED DEPOSITION

13                          OF

14                   CORINNE A. SOMMER

15                   New York, New York

16            Wednesday, November 7, 2012

17

18

19

20

21

22

23

24     Reported by:

       ANNETTE ARLEQUIN, CCR, RPR, CRR, CLR

25     JOB NO. 54530

Page 54

C. Sommer

1

2    40 years old?

3        A.    I have no idea of her age.  I

4    guess -- yes.

5        Q.    Have you ever seen a document or a

6    manual called The Playbook?

7        A.    Not that I recollect.

8        Q.    When you first started doing the

9    events, did you have any kind of manuscript

10   about how chairs were supposed to be set up in

11   the room?

12       A.    No.

13       Q.    How did you determine how to set up

14   the room?

15       A.    I was doing everything myself.  The

16   first event I went to was an event with

17   Dynetech.  They sent me down to Florida to see

18   how Dynetech was doing the events for them at

19   this time and so I basically took note of what

20   Dynetech had done and tried to recreate when I

21   started the event department without them.

22       Q.    Did you ever contact Dynetech?

23       A.    Yes.  I don't remember.  There was a

24   girl, a girl who was about my age and then there

25   was her boss, who was a male, but I don't

Ex. 35 - 5248

Page 1

1   UNITED STATES DISTRICT COURT

2   SOUTHERN DISTRICT OF CALIFORNIA

3   --------------------------X

4   TARLA MAKAEFF, et al., on

5   Behalf of Themselves and All

6   Others Similarly Situated,

7            Plaintiffs,

8     -vs-                    No. 3:10-CV-00940-CAB

9   TRUMP UNIVERSITY,  LLC,

10  et al,

11           Defendants.

12  --------------------------X

13

14  VIDEOTAPED DEPOSITION OF RONALD DAVID SCHNACKENBERG

15          San Francisco, California

16          October 15, 2012

17

18

19

20

21

22

23  Reported by:

    Bonnie Pruszynski, RMR, CSR No. 13064

24  JOB NO. 54291

25

Page 57

1    properties.  I don't remember what it was.

2              And I believe they received some type

3    of coaching on how to use other people's money on

4    purchasing real estate.

5         Q    So, did you get any kind of written

6    materials about how to sell these programs?

7         A    I did not.

8         Q    There is a manual called the

9    playbook?  Have you ever seen that?

10        A    I have not.

11        Q    And you were not provided one?

12        A    No.  There were also some employees,

13   not Trump University employees.  I don't know how

14   the employment structure was handled.  But there

15   were other individuals that were selling these

16   programs at the New York City seminar.  I don't

17   know who they were employed by or what they were

18   doing.

19        Q    So, there were -- there were people

20   in attendance that you knew were not from Trump

21   University that were selling Trump University

22   programs?

23             MS. ECK:  Objection.

24        A    Correct.

25        Q    And you don't know who they are or

Page 1

1

2                UNITED STATES DISTRICT COURT

3                SOUTHERN DISTRICT OF NEW YORK

4

    --------------------------------X

5   TARLA MAKAEFF, et al., on

    Behalf of Themselves and     Case No. 3:10-CV-00940-CAB(WVG)

6   all Others Similarly Situated,

7                   Plaintiffs,

8        v.

9   TRUMP UNIVERSITY, LLC, et al,

10                  Defendants.

    --------------------------------X

11

12

13              VIDEOTAPED DEPOSITION

14                      OF

15              JASON NICHOLAS

16              New York, New York

17         Thursday, November 8, 2012

18

19

20

21

22

23

24  Reported by:

    ANNETTE ARLEQUIN, CCR, RPR, CRR, CLR

25  JOB NO. 54531

Page 117

J. Nicholas

1
2  director so before he calls, he would have a
3  list of notes based off the previous call that I
4  had with them.
5        Q.    Why would you want to know if they
6  owed money on their cars?
7        A.    If you're financially stable and
8  then -- if your cars are paid off, then you have
9  more likelihood of -- or we didn't even ask what
10 kind of car or that type of stuff.  To gauge if
11 they're able to pay for the course or not.  If
12 they have a credit.  If they have credit limit.
13 I mean if you can afford -- I mean that's just
14 -- I'm done with that question.  I mean it's
15 just...
16       Q.    You're trying to ensure that someone
17 that might want the program has the ability to
18 afford it, right?
19       A.    Yes.
20       Q.    Have you ever seen a document or
21 booklet called the Playbook?
22       A.    If you showed it to me and it brought
23 back a memory I could say yes or no, but at this
24 time, no, I don't.
25       Q.    Did you ever use something called the

Page 118

1                        J. Nicholas

2       Playbook in your sales?

3               It's about a 200-page manual called

4       the Playbook.

5           A.    This is all I used, script.   That's

6       what I'm pointing to.

7           Q.    Exhibit 2, right?

8           A.    Yes.   That is the Playbook.

9           Q.    Did you ever tell any people on the

10      phone that Trump University was an accredited

11      university?

12          A.    No.

13          Q.    And did you ever believe it was an

14      accredited university?

15          A.    No.

16          Q.    Anyone ever ask you?

17          A.    Yes.

18          Q.    And what did you tell them?

19          A.    No.   We -- I'm sorry.

20          Q.    Any estimate in the terms of

21      percentages of call-ins versus call-outs that

22      you were handling?

23          A.    I mean I would say it was -- it was

24      a situation where you have 10 to 15 sales

25      employees and I want to recall that there was

EXHIBIT 36

Pages: 5254-5260


[Filed Conditionally
Under Seal]

# EXHIBIT 37

```
 1              UNITED STATES DISTRICT COURT
 2            SOUTHERN DISTRICT OF CALIFORNIA
 3
 4
     TARLA MAKAEFF, BRANDON KELLER,
 5   ED OBERKROM, and PATRICIA
     MURPHY, on Behalf of Themselves
 6   and All Others Similarly
     Situated,
 7                              No. 10 CV 0940 IEG (WVG)
                 Plaintiffs,
 8
 9       vs.

10   TRUMP UNIVERSITY, LLC, (aka
     Trump Entrepreneur Initiative) a
     New York Limited Liability
11   Company, DONALD J. TRUMP, and
     DOES 1 through 50, inclusive,
12
                 Defendants.
13
14   _____
15
16          DEPOSITION of TARLA MAKAEFF
17             San Diego, California
18           Monday, January 30, 2012
19                  Volume I
20
21
22   Reported by:
     Kae F. Gernandt
23   RPR, CSR No. 5342
24   Job No. 130455
25   PAGES 1 - 282

                                        Page 1
```

```
1          A.   I believe that's everything.          01:02:31
2          Q.   Did Donald Trump make any appearance at
3    the Fast Track to Foreclosure three-day seminar?
4          A.   No.
5          Q.   Was there ever any representation or    01:02:41
6    promise that he would appear?
7          A.   I believe that there was some discussion
8    that he might appear at some event at some point.  I
9    don't clearly recall.
10         Q.   Did -- did they show any videotape of --  01:02:55
11   well, first of all, was there any type of live
12   statement by Donald Trump, if it was via Internet or
13   Skype or something, where you could actually see
14   him, and he was talking with anybody at the program?
15         A.   No.                                     01:03:11
16         Q.   Was there any type of video recording of
17   him at the three-day foreclosure workshop?
18         A.   There may have been.  I don't recall.
19         Q.   Can you remember any representations
20   that Donald Trump made during the three-day Fast   01:03:21
21   Track to Foreclosure program to you?
22         A.   You mean in written --
23         Q.   Writing, verbal, live, taped.
24         A.   In my book, there are no ads that I see;
25   however, I believe that there were ads on the slides  01:03:40
```

Page 100

Ex. 37 - 5263

Page 1

1                  UNITED STATES DISTRICT COURT

2            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

3    _____

                                      )
4    TARLA MAKAEFF, BRANDON KELLER,   )
     ED OBERKROM, and PATRICIA MURPHY, )
5    on Behalf of Themselves and All  )
     Others Similarly Situated,       )
6                                      )
                                      )
             Plaintiffs,              ) Case No.
7                                      ) 10 CV 0940 CAB (WVG)
             vs.                      )
8                                      )
     TRUMP UNIVERSITY, LLC, (aka Trump )
9    Entrepreneur Initiative) a New    )
     York Limited Liability Company,   )
10   DONALD J. TRUMP, and DOES 1       )
     through 50, inclusive,           )
11                                     )
             Defendants.              )
12   _____)

13

14

15        Videotaped Deposition of Sonny Low

16        taken at 655 West Broadway, Suite 1900,

17        San Diego, California, commencing at

18        9:23 a.m., on Thursday, October 4, 2012,

19        before Kimberly S. Thrall, RPR, CSR No. 11594.

20

21

22

23   Reported by:  Kimberly S. Thrall, RPR, CSR. No. 11594

24              Job No.  54028

25

Page 188

1   is part of the contract?

2           MS. ECK:  Objection.  Calls for a legal

3   conclusion.

4           THE WITNESS:  I believe there should have been

5   an attachment that described fully, especially when you

6   pay the amount of monies we're talking about.

7   BY MR. SCHNEIDER:

8       Q.   You're saying that you think that would have

9   been more appropriate?

10      A.   Yes.

11      Q.   Did you ever see any kind of video of

12   Donald Trump regarding Trump University?

13      A.   Per my recollections, no.

14      Q.   During the three-day -- well, let's start with

15   the James Harris program.

16           Was that a PowerPoint presentation, the free

17   90-minute program?

18      A.   Per my recollections, he had flip charts, and

19   he was writing stuff with a felt pen.

20      Q.   So when you say a flip chart, you're talking

21   about pieces of paper?

22      A.   Well, flip charts, yeah.  You know, the -- that

23   is per my recollection.

24      Q.   I understand.

25           And he was talking as he would flip through the

Page 1

<pre>
 1                UNITED STATES DISTRICT COURT

 2           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

 3      _____

                                        )
 4      TARLA MAKAEFF, BRANDON KELLER,  )
        ED OBERKROM, and PATRICIA MURPHY, )
 5      on Behalf of Themselves and All )
        Others Similarly Situated,      )
 6                                       )
                 Plaintiffs,            ) Case No.
 7                                       ) 10 CV 0940 CAB (WVG)
                    vs.                  )
 8                                       )
        TRUMP UNIVERSITY, LLC, (aka Trump )
 9      Entrepreneur Initiative) a New  )
        York Limited Liability Company, )
10      DONALD J. TRUMP, and DOES 1     )
        through 50, inclusive,          )
11                                       )
                 Defendants.            )
12      _____)

13

14

15           Videotaped Deposition of Joann Everett

16           taken at 655 West Broadway, Suite 1900,

17           San Diego, California, commencing at

18           9:31 a.m., on Wednesday, October 3, 2012,

19           before Kimberly S. Thrall, RPR, CSR No. 11594.

20

21

22

23

24      Reported by:  Kimberly S. Thrall, RPR, CSR. No. 11594

25                    Job No. 54027
</pre>

Ex. 37 - 5266

Page 107

1    testimonials in the 90-minute program?

2         A.   I don't remember.

3         Q.   Did you see any kind of video from Donald Trump

4    at the 90-minute program?

5         A.   They started with a -- oh, geez.   I'm sorry.

6    That's been so long ago.   I -- I don't specifically

7    remember.   And I -- I don't have any notes from that

8    time during -- I was writing, again, on notepads.   That

9    could have refreshed my memory, the things I had written

10   down.   The thing that I -- that stands out --

11        Q.   There's -- there's no question pending.

12        A.   Okay.

13        Q.   All right.   Let me hand you back the binder --

14        A.   Okay.

15        Q.   -- and ask you to look at the first document in

16   there, which is page EVERETT001.   And I'm going to mark

17   that as Exhibit -- what are we on?   Four or five?

18             MS. ECK:   I think it's actually 5.

19             THE WITNESS:   Five.   Yeah.

20             (Defendants' Exhibit 5, the Contract, was

21             marked for identification.)

22             MR. SCHNEIDER:   All right.   Five.   Put that on

23   there.

24   ///

25

EXHIBITS 38-39

Pages: 5268-5645


[Filed Conditionally
Under Seal]