ROBBINS GELLER RUDMAN
 & DOWD LLP
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
THOMAS R. MERRICK (177987)
tmerrick@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ZELDES & HAEGGQUIST, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
HELEN I. ZELDES (220051)
helenz@zhlaw.com
ALREEN HAEGGQUIST (221858)
alreenh@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

Attorneys for Plaintiffs and Proposed Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRUMP UNIVERSITY, LLC, et al.,<br><br>Defendants. | No. 3:10-cv-00940-CAB(WVG)<br><br><u>CLASS ACTION</u><br><br>PLAINTIFFS' *EX PARTE* APPLICATION REGARDING CLASS CERTIFICATION REPLY DEADLINE AND PAGE LIMIT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE: *Ex Parte*<br>TIME: *Ex Parte*<br>CTRM: 2, 4th Floor<br>JUDGE: Hon. Cathy Ann Bencivengo |

799192_1

1  TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that Pursuant to Civil Local Rule 83.3(h) and the Court's standing orders, Plaintiffs, by and through their undersigned counsel, respectfully move *ex parte* for modest administrative relief concerning Plaintiffs' class certification reply deadline and page limit. This *ex parte* motion is based upon the memorandum of points and authorities herein, the Declaration of Rachel L. Jensen in support thereof ("Jensen Decl." filed concurrently herewith), the pleadings and records on file in this case, and other such matters and argument as the Court may consider in the consideration of this motion.

In accordance with Civil Local Rule 83.3(h), counsel for Plaintiffs contacted defense counsel prior to the filing of this motion to obtain their consent to the relief requested herein. Defendants would not assent. Thereafter, Plaintiffs met and conferred with defense counsel in good faith, but the parties were unable to agree. Thus, Plaintiffs informed Defendants, by and through their counsel of record, this motion would be made. *See* Jensen Decl., ¶12.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

By and through this procedural motion, Plaintiffs respectfully request a modest enlargement of time to submit their reply in support of their class certification motion from January 14, 2013, to February 1, 2013, and to allow them to file a 25-page reply brief instead of a 15-page brief, as contemplated by the parties' joint motion of September 20, 2012 (Dkt. No. 117) and this Court's Order dated September 21, 2012 (Dkt. No. 119). Importantly, Plaintiffs' administrative request will not impact the hearing scheduled for their class certification motion which is set for February 12, 2013, nor will it affect any other pre-trial date or other proceeding in this case.

## II.    DISCUSSION

Plaintiffs' class certification reply is currently due on January 14, 2013, and the hearing on their class certification hearing is scheduled to be heard by this Court on February 12, 2013.[1] Plaintiffs respectfully submit that good cause exists for a modest extension of time to file their reply papers and enlargement of the page limits for their reply brief, including *inter alia*: (1) Plaintiffs must respond to an avalanche of paper filed by Defendants in connection with their opposition, including 21 declarations; (3) in addition to their opposition, Defendants filed a motion to strike certain declarations as well as "objections" to Plaintiffs' evidence; (4) defense counsel has served a "notice of unavailability" on Plaintiffs' counsel, spanning two of the six weeks during which Plaintiffs may take discovery concerning the declarations and other evidence submitted by Defendants; (5) the intervening holidays during which counsel and witnesses are unavailable; and (6) the parties' outstanding discovery disputes that are pending before Magistrate Judge Gallo. Plaintiffs have sought Defendants' agreement to these modest adjustments, but Defendants are unwilling to accommodate their requests set forth herein. Jensen Decl., ¶12.

Specifically, Plaintiffs seek a modest extension of time in order to adequately respond to the voluminous submissions by Defendants in connection with their opposition papers, which totals over 6,700 pages. As part of these submissions, Defendants filed an unexpected number of declarations (21 in total) on behalf of various former employees and customers. Notably, when the parties negotiated the briefing schedule for the class certification motion, Defendants requested 60 days to file their opposition on the basis of assurances that Plaintiffs would submit no more than five declarations, to which Plaintiffs confined themselves with their opening papers. *Id*., ¶¶3-5. At that time, Plaintiffs' counsel reasonably inquired about the number of declarations that Defendants intended to submit in connection with their opposition so as to ensure that Plaintiffs also had adequate opportunity to take discovery as to any declarations submitted by Defendants and to

---

[1]    At the time that Plaintiffs sought a hearing on their motion for class certification, on or about September 21, 2012, they were advised by Chambers that February 12, 2013, was the first available date on which their motion could be heard.

1  prepare their reply papers. *Id.* Defense counsel denied any present intention to submit any particular
2  declarations, but said Defendants would first need to see what Plaintiffs filed with their opening
3  papers. *Id*. Based on these discussions, and with the understanding that adjustments may be needed
4  if the submissions were not as anticipated, the parties agreed to the current briefing schedule. *Id*.

5      Since Defendants filed their opposition papers, Plaintiffs have subpoenaed the depositions
6  and documents for persons whose declarations Defendants submitted to the Court. Jensen Decl.,
7  ¶¶10-11. However, due to scheduling conflicts, the intervening holidays, and the relatively short
8  turn-around, the parties have been unable to arrange a suitable deposition schedule, and Plaintiffs
9  have not received documents concerning many of the declarants. *Id.* Moreover, many of the dates
10 offered by Defendants for depositions fall during the second week of January – within several days
11 of Plaintiffs' current deadline for the reply. *Id.* As such, these dates are of little to no practical
12 utility because of the lack of time that Plaintiffs will have to obtain the deposition transcripts and
13 incorporate them into any reply submission. *Id.* Further complicating matters, defense counsel had
14 deferred a number of discovery matters until after Defendants filed their opposition papers and then,
15 concurrently with filing the opposition, informed Plaintiffs' counsel that he would be out of the
16 country for two of the six weeks allotted to Plaintiffs for preparing their reply. *Id.*, ¶¶6, 8. Defense
17 counsel has requested that Plaintiffs not schedule any depositions, conference calls, hearings, or any
18 other proceedings in this case during that time. *Id.* As such, Plaintiffs have been hindered in their
19 practical ability to respond adequately to Defendants' opposition submissions and thus would suffer
20 prejudice if not given a modest extension as to their reply papers until February 1, 2013.

21     Secondly, the parties are still meeting and conferring about outstanding discovery issues. *Id.*,
22 ¶¶6-7. Also, a number of discovery disputes are currently pending before Magistrate Judge Gallo
23 concerning, *inter alia*, missing documents and electronically-stored information that Defendants
24 have not yet produced in this matter. *Id.* The parties lodged joint statements on October 31, 2012,
25 concerning a number of these discovery matters, and Judge Gallo heard argument on December 12,
26 2012. Judge Gallo's rulings on these discovery matters are forthcoming. *Id.*

27     Finally, Plaintiffs believe that good cause exists for requesting more pages for their reply
28 brief due to the sheer volume of paper submitted by Defendants in connection with their opposition.

As aforementioned, Defendants submitted over 6,700 pages. *See* Dkt. Nos. 137-143. Based on their review of Defendants' submissions, Plaintiffs believe that they need more than 15 pages for their reply brief. Jensen Decl., ¶9. This eventuality was expressly contemplated by the parties at the time they negotiated the page limits for the parties' respective briefs on class certification. *Id*., ¶4.

In fact, the parties' joint motion submitted to this Court concerning the page limits for the class certification briefs (Dkt. No. 117) provided that Plaintiffs would be entitled to submit a 15-page reply memorandum, but that they would have an opportunity to request more pages after reviewing Defendants' opposition, subject to Court approval. *Id.* at 1. In granting the parties' joint motion, the Court expressly ordered: "Plaintiffs will have the opportunity to request more pages, if needed, after receiving/reviewing Defendants' opposition, subject to the Court's approval." Dkt. No. 119 (Order, dated Sept. 21, 2012). In light of the voluminous submission by Defendants, Plaintiffs believe they have good cause to take advantage of the opportunity afforded them to request additional pages and, therefore, respectfully ask for the Court's permission to file a 25-page reply brief.

## III.  CONCLUSION

For all the reasons set forth herein, good cause exists for a modest extension to Plaintiffs for submitting their class certification reply on February 1, 2013, which would not impact the hearing date or any other pre-trial proceeding in this case. Good cause also supports Plaintiffs' request for permission to file a 25-page reply brief, as expressly contemplated by the parties' September 20, 2012 joint motion (Dkt. No. 117) and this Court's September 21, 2012 Order (Dkt. No. 119).

DATED: December 19, 2012

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN
THOMAS R. MERRICK

         s/ Rachel L. Jensen
        RACHEL L. JENSEN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ZELDES & HAEGGQUIST, LLP
AMBER L. ECK
HELEN I. ZELDES
ALREEN HAEGGQUIST
AARON M. OLSEN
625 Broadway, Suite 906
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Attorneys for Plaintiffs and Proposed Class

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 19, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify that pursuant to this Court's standing orders, I caused the foregoing to be faxed and sent via electronic mail with return receipt to defense counsel:

David K. Schneider
Yunker & Schneider
655 West Broadway, Suite 1400
San Diego, CA 92101
Telephone: 619/233-5500
619/233-5535 (fax)

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 19, 2012.

  s/ Rachel L. Jensen
RACHEL L. JENSEN

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail: rjensen@rgrdlaw.com

# Mailing Information for a Case 3:10-cv-00940-CAB-WVG

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,llendzion@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Aaron M. Olsen**
  aarono@zhlaw.com,winkyc@zhlaw.com

- **David Keith Schneider**
  dks@yslaw.com,ewb@yslaw.com,efb@yslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)