1  David K. Schneider (CSB 139288)
   YUNKER & SCHNEIDER
2  655 West Broadway, Suite 1400
   San Diego, California 92101
3  Telephone: (619) 233-5500
   Facsimile: (619) 233-5535
4  Email: dks@yslaw.com

5  Attorneys for Defendants TRUMP UNIVERSITY, LLC and
   DONALD J. TRUMP

6

7

8                    **UNITED STATES DISTRICT COURT**

9              **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10 | TARLA MAKAEFF, BRANDON | ) | Case No. 10 CV 0940 CAB (WVG) |
   | KELLER, ED OBERKROM, SONNY | ) | |
11 | LOW, J.R. EVERETT and JOHN | ) | <u>CLASS ACTION</u> |
   | BROWN, on Behalf of Themselves and | ) | |
12 | All Others Similarly Situated, | ) | |
   | | ) | DEFENDANTS' OPPOSITION TO |
13 |          Plaintiffs, | ) | PLAINTIFFS' EX PARTE |
   | | ) | APPLICATION TO EXTEND THEIR |
14 | v. | ) | BRIEFING SCHEDULE AND EXTEND |
   | | ) | THEIR PAGE LIMIT |
15 | TRUMP UNIVERSITY, LLC, (aka | ) | |
   | Trump Entrepreneur Initiative, LLC, a | ) | |
16 | New York Limited Liability Company, | ) | |
   | DONALD J. TRUMP, and DOES 2 | ) | |
17 | through 50, inclusive, | ) | |
   | | ) | |
18 |          Defendants. | ) | |
   |_____| ) | |
19 | | ) | |
   | AND ALL RELATED CROSS-ACTIONS. | ) | |
20 |_____| ) | |

21

22         Defendants hereby oppose plaintiffs' ex parte application: (i) requesting more time to file

23 their Reply Brief than the six weeks agreed to between the parties and ordered by the Court in its

24 Order dated June 7, 2012 (ECF No. 108); and (ii) requesting more pages than the 15 pages agreed to

25 between the parties and ordered by the Court in its Order dated September 21, 2012 (ECF No. 119).

26         1.        This is plaintiffs' fourth request for special accommodations with regard to their

27 motion for class certification. Defendants agreed to the first three. At the initial status conference

28 with Judge Gallo in Fall 2011, plaintiffs requested an early hearing date for their motion for class

1  certification.  Defendants did not object.  At plaintiffs' request, the court set the filing date for the

2  moving papers for March 20, 2012.

3       2.     On January 13, 2012, plaintiffs advised the Court that they needed more time to

4  designate experts and requested a 30-60 day continuance to designate experts, which defendants did

5  not oppose.  In his Order dated January 24, 2012, Judge Gallo granted plaintiffs' request and also

6  continued the filing date for plaintiffs' motion for class certification to June 28, 2012 (ECF No. 92).

7  Plaintiffs then did not name any experts.

8       3.     On June 4, 2012, plaintiffs requested a second continuance of the briefing schedule to

9  file their motion for class certification.  Defendants did not object, and defendants agreed to

10  plaintiffs' request to file a joint motion for the continuance.  Plaintiffs and defendants agreed on a

11  briefing schedule and page limitations, which Judge Gallo ordered on June 7, 2012 (ECF No. 108).

12  The agreed schedule specifically contemplated the holidays: defendants' opposition would be due

13  the week after Thanksgiving, and plaintiffs' Reply would be due three weeks after Christmas.  Under

14  the local rules, plaintiffs normally would have <u>one</u> week to prepare a reply brief.  Defendants agreed

15  to give plaintiffs more than <u>six</u> weeks to prepare their reply.  In Judge Gallo's Order, the Court stated

16  that:

17            This will be the final extension granted to the parties in this case.  The
          Court will not entertain any further requests to extend the class
18            certification motion schedule.

19       4.     Shortly before filing their moving papers, plaintiffs requested that defendants allow

20  plaintiffs' to file moving papers in excess of the 25-page limit.  Plaintiffs requested 35 pages, and

21  defendants agreed.  Defendants also were provided an equal number of pages for the opposition.

22  Pursuant to Local Rule 7.1.h., plaintiffs typically are allowed a ten-page Reply Brief.  Instead,

23  plaintiffs requested five additional pages. Defendants agreed that plaintiffs could file a 15-page

24  Reply.  In sum, defendants have agreed to and accommodated plaintiffs' previous requests

25  concerning their motion for class certification.

26       5.     In setting the briefing schedule, defense counsel spoke with plaintiffs' counsel about

27  the scope of the moving papers.  Plaintiffs represented that they intended to submit five or less

28  declarations.  Plaintiffs' counsel asked defendants' intentions with regard to the opposition, and

defense counsel stated that he did not know until he reviewed plaintiffs' moving papers to see the basis and support for their motion.  Plaintiffs' counsel pressed to get a number of declarations, and defense counsel stated that he could not say before seeing the moving papers, but it would be "less than 100."  Defendants never represented that they "had no present intentions to submit any particular declarations," or any statements to that affect.

6.     Plaintiffs filed their moving papers for class certification on September 24, 2012, which included nine witness declarations and 66 exhibits.

7.     During the preparation of the opposition papers, Hurricane Sandy struck the East Coast, and many businesses, including Trump University, had no power for many days.  In addition, many client representatives had no power and were unable to get into the office for days.

8.     Nonetheless, defendants conducted the necessary discovery during the allotted time, including depositions in San Francisco, Austin, Texas and New York ten days after Hurricane Sandy, and defendants timely filed their opposition brief by November 30, 2012, within the agreed and ordered page limit.  The opposition included 21 witness declarations and 118 exhibits (a few numbers were intentionally blank as place-holders.)

9.     On December 2, 2012, defense counsel received a request from plaintiffs' counsel for deposition dates of the four instructors/mentors who filed declarations in opposition to the motion for class certification.  Within 24 hours, defense counsel provided dates for two of the instructors/declarants.  On December 3, plaintiffs' counsel requested depositions dates for two client representatives.  Within 24 hours, defense counsel provided dates for both client representatives that plaintiffs requested, plus dates for another instructor/declarant plaintiffs requested.  Those depositions were scheduled for December 11 or 12, December 19 and January 7 through 10, all before plaintiffs' Reply papers were due.

10.    On December 7, plaintiffs formally served deposition notices for the four instructors, plus the former president of Trump University, Michael Sexton, who plaintiffs already have deposed twice – once in his individual capacity and once as a 30(b)(6) representative plus two client representatives.  None of the deposition notices included dates or times.  The same day, defense counsel asked plaintiffs' counsel whether they intended to take the deposition of the witnesses

requested by plaintiffs' counsel on December 11 or 12, and plaintiffs' counsel stated that they did not.  On December 12, defense counsel asked plaintiffs' counsel whether they intended to take the deposition of another (different) witness also requested by plaintiffs' counsel, scheduled for December 19, and plaintiffs stated that they did not.  On December 17, defense counsel requested that plaintiffs' counsel advise whether plaintiffs intended to take any of the depositions set for January 7-10.  Plaintiffs' counsel stated that they would let defense counsel know by December 18, but they did not.

11.    The point is that it appears the plaintiffs' claims of needing more time to conduct discovery are untrue since those opportunities have been declined by plaintiffs' counsel.  Moreover, defense counsel was told by plaintiffs' counsel this week during a meet and confer call that plaintiffs decided not to go forward with the depositions set the last two weeks based on their "cost-benefit" analysis.  Finally, new factual matters are not appropriate in reply papers anyway.

12.    Plaintiffs mention the number of declarations submitted in defendants' opposition as a basis for their request.  14 of the declarations are from former students who each stated their satisfaction with Trump University, that no misrepresentations were made, etc.  At no time since defendants filed their opposition almost three weeks ago have plaintiffs indicated that they want or intend to conduct discovery of these 14 students.  Plaintiffs have served no deposition notices for any of them.  Plaintiffs have had these (and all) students' contact information and written evaluations for more than one year.

13.    The only discovery plaintiffs indicated they want to conduct during the six weeks between defendants' filing of their opposition and plaintiffs' Reply are depositions of the four former instructors/mentors, two client representatives and to re-take Mr. Sexton's deposition.  Defendants immediately provided dates for 3 of the 4 instructors, but plaintiffs chose not to take any of them based on an admitted "cost-benefit" analysis.  Defendants also provided dates for the two client representatives requested by plaintiffs, but plaintiffs have not scheduled those depositions either.

14.    Plaintiffs' suggest that issues pending before Judge Gallo somehow affect their Reply.  They do not.  The issues pending before Judge Gallo are: (1) whether plaintiffs must identify

DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO EXTEND THEIR BRIEFING SCHEDULE AND EXTEND THEIR PAGE LIMIT

1  the specific documents they claim support their fraud cause of action or whether they simply can

2  state that "all responsive documents have been produced;" (2) whether defendants have an obligation

3  to contact former employees and independent contractors to determine whether they may have

4  documents; (3) whether plaintiffs are entitled to take a second 30(b)(6) deposition of Trump

5  University concerning its document retention policy; and (4) whether Trump University's obligation

6  to initiate a "litigation hold" began in September 2009, when plaintiff Makaeff demanded a refund or

7  April 2010, when she filed suit.  The issue is somewhat of a theoretical exercise since Trump

8  University has preserved its documents since September 2009, and well before.

9        15.    Plaintiffs' also suggest something nefarious about defense counsel taking a vacation

10  over the holidays and notifying counsel in advance.  Almost one month before his trip, defense

11  counsel sent plaintiffs' counsel (and opposing counsel in all of counsel's cases) a "Notice of

12  Unavailability," to notify then that he will be out of the country during Christmas and New Year's.

13  Plaintiffs also mention that defense counsel sent plaintiffs' counsel a letter two weeks before

14  defendants' opposition papers were due advising them that he would address discovery issues after

15  defendants filed their papers.  That is true, but plaintiffs failed to tell the Court that the letter was the

16  result of almost daily letters from plaintiffs' counsel threatening various motions and raising new

17  discovery issues that required no immediate action or response.

18        16.    There is no legitimate reason or basis plaintiffs require more than six weeks to

19  prepare a Reply.  In fact, plaintiffs still have four weeks to prepare their papers.  Plaintiffs have

20  provided no explanation why they cannot meet the page limit or schedule.  Plaintiffs' only complain

21  that defendants filed an "avalanche" of paper.  First, defendants' opposition brief was exactly the

22  same length as plaintiffs' moving papers.  Second, the "avalanche" of documents apparently refers to

23  the exhibits defendants filed.  The bulk of the exhibit pages is comprised of the evaluations by all

24  students (approximately 3,300 pages) which defendants produced to plaintiffs on November 17,

25  2011 — more than one year ago, and their own client's handwritten notes (approximately 1,200

26  pages), which plaintiffs have had for four years.  In short, plaintiffs were well aware of – and

27  literally had in hand – the "avalanche" of paper long before filing their moving papers.

28  / / /

DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO EXTEND THEIR BRIEFING
SCHEDULE AND EXTEND THEIR PAGE LIMIT

17.     Similarly, there is no legitimate reason or basis plaintiffs cannot reply in 15 pages — 50% more than typically allowed.  Plaintiffs have a total of 50 pages of briefing to present their case for class certification, compared to 35 pages for defendants.  Plaintiffs also filed a 16 page trial plan which included significant argument that should have been included in the moving papers.  Because plaintiffs are not permitted to offer any new evidence in their Reply, 15 pages should be more than sufficient to reply.  Per the Local Rules, plaintiffs are allotted 10 pages for a Reply, and plaintiffs now propose 2 ½ times that amount (25 pages) — the maximum length of most moving papers.

18.     In addition, plaintiffs propose shortening the time defendants would have to prepare for the motion hearing.  Plaintiffs want to file a brief almost twice as long <u>and</u> cut defendants' time to prepare in half.

19.     The parties, counsel and the Court agreed to the specific briefing schedule and page limit.  Defendants worked diligently to comply with it, even in the face of Hurricane Sandy, a blizzard which struck New York the following week, and the Thanksgiving holiday.  The parties agreed that defendants could request more pages after receiving plaintiffs' moving papers, and in kind, plaintiffs would then have the same right, if good cause existed.  Defendants did not request more time or pages, and plaintiffs have no basis or good cause to request one.

20.     Plaintiffs' request is prejudicial to defendants both in terms of the amount of briefing that plaintiffs would be allowed and timing.  Plaintiffs had more than two years to prepare their moving papers.  They had more than one year since discovery began.  Defendants had 9-10 weeks to respond to the moving papers.  Plaintiffs now seek almost nine weeks to file Reply papers, essentially the same amount of time defendants had to prepare their opposition papers.  Plaintiffs' proposed new schedule will significantly reduce the amount of time defendants have to prepare their Reply to Defendants' Motion to Strike, respond to any opposition plaintiffs file to defendants' Objections to Evidence, any new pleadings plaintiffs file and to prepare for the hearing on February 12, 2013.  Defendants require the time to review, analyze and research issues plaintiffs raise in their 15-page Reply.  Under the agreed and ordered schedule, defendants have four weeks for that briefing and preparation.  Under plaintiffs' proposal, defendants would have <u>half</u> the time to review and respond to a Reply almost <u>twice</u> as long.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO EXTEND THEIR BRIEFING SCHEDULE AND EXTEND THEIR PAGE LIMIT

1        Defendants agreed to every prior request and accommodation requested by plaintiffs

2  concerning the motion, length of papers and schedule.  Plaintiffs' current request is not "modest

3  administrative relief," as characterized by plaintiffs.  Defendants respectfully request that the Court

4  deny plaintiffs' request and require plaintiffs to honor their agreement.

5

6  Dated:     December 20, 2012             YUNKER & SCHNEIDER

7                                   By:      /s/ David K. Schneider

8                                 David K. Schneider
                                 Attorneys for Defendants

9                                 TRUMP UNIVERSITY, LLC and
                                 DONALD J. TRUMP

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO EXTEND THEIR BRIEFING
SCHEDULE AND EXTEND THEIR PAGE LIMIT