David K. Schneider (CSB 139288)
YUNKER & SCHNEIDER
655 West Broadway, Suite 1400
San Diego, California 92101
Telephone: (619) 233-5500
Facsimile: (619) 233-5535
Email: dks@yslaw.com

Attorneys for Defendants TRUMP UNIVERSITY, LLC and
DONALD J. TRUMP

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, BRANDON KELLER, ED OBERKROM, SONNY LOW, J.R. EVERETT and JOHN BROWN, on Behalf of Themselves and All Others Similarly Situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>TRUMP UNIVERSITY, LLC, (aka Trump Entrepreneur Initiative, LLC, a New York Limited Liability Company, DONALD J. TRUMP, and DOES 2 through 50, inclusive,<br><br>　　　　　Defendants.<br><br>AND ALL RELATED CROSS-ACTIONS. | Case No. 10 CV 0940 CAB (WVG)<br><br>CLASS ACTION<br><br>DECLARATION OF DAVID K. SCHNEIDER IN OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO EXTEND THEIR BRIEFING SCHEDULE AND EXTEND THEIR PAGE LIMIT |

I, David K. Schneider, declare:

1. I am an attorney duly licensed to practice before the state and federal courts in California, and I am a partner in the law firm of Yunker & Schneider, attorneys for defendants Trump University, LLC and Donald J. Trump, in this matter. I make this declaration of my own personal knowledge, and if called as a witness, I could and would testify competently to the facts stated herein.

2. This is plaintiffs' fourth request for special accommodations with regard to their motion for class certification. Defendants agreed to plaintiffs previous requests. At the initial status

conference with Judge Gallo in Fall 2011, plaintiffs requested an early hearing date for their motion for class certification. Defendants did not object. At plaintiffs' request, the court set the filing date for plaintiffs' moving papers for March 20, 2012.

3. On January 13, 2012, plaintiffs advised the Court that they needed more time to designate experts and requested a 30-60 day continuance to designate experts, which defendants did not oppose. In his Order dated January 24, 2012, Judge Gallo granted plaintiffs' request and also continued the filing date for plaintiffs' motion for class certification to June 28, 2012. Plaintiffs then did not name any experts.

4. On June 4, 2012, plaintiffs requested a second continuance of the briefing schedule to file their motion for class certification. Defendants did not object, and defendants agreed to plaintiffs' request to file a joint motion for the requested relief. Plaintiffs and defendants agreed on a briefing schedule and page limitations, which Judge Gallo ordered on June 7, 2012. The agreed schedule specifically contemplated the holidays: defendants' opposition would be due the week after Thanksgiving, and plaintiffs' Reply would be due three weeks after Christmas.

5. Shortly before filing their moving papers, plaintiffs requested that defendants agree to allow plaintiffs' to file moving papers in excess of the 25-page limit. Plaintiffs requested 35 pages, and defendants agreed. Defendants also were provided an equal number of pages for the opposition. Defendants also agreed to plaintiffs request for more pages for their Reply. Defendants agreed that plaintiffs could file a 15-page Reply.

6. In setting the schedule, I spoke with plaintiffs' counsel about the scope of the moving papers. Plaintiffs represented that they intended to submit five or less declarations. Plaintiffs' counsel asked about defendants' intentions. I accurately stated that I did not know until defendants received and reviewed plaintiffs' moving papers. Plaintiffs' counsel pressed to get a number of declarations, and I stated that it would be "less than 100." I never represented that defendants "had no present intentions to submit any particular declarations" or words to that affect.

7. Plaintiffs filed their moving papers for class certification on September 24, 2012, which included nine witness declarations and 66 exhibits.

8. During the preparation of the opposition papers, Hurricane Sandy struck the East Coast, and many businesses, including Trump University, had no power for many days. In addition, many client representatives had no power and were unable to get into the office for days.

9. Nonetheless, I immediately scheduled and conducted the necessary discovery during the allotted time, including depositions in San Francisco, Austin, Texas and New York 10 days after Hurricane Sandy, and defendants timely filed their opposition brief by November 30, 2012, within the agreed and ordered page limit. The opposition included declarations from four former instructors/mentors, 14 former students and three Trump University or Trump Organization's representatives and 118 exhibits.

10. On December 2, 2012, I received a request from plaintiffs' counsel for deposition dates of the four instructors/mentors who filed declarations in opposition to the motion for class certification. Within 24 hours, I provided multiple dates for two of the instructors/declarants. On December 3, plaintiffs' counsel requested depositions dates for two client representatives. Within 24 hours, I provided dates for both client representatives that plaintiffs requested plus dates for another instructor/declarant plaintiffs requested. Those depositions were scheduled for December 11 or 12, December 19 and January 7 through 10, all before plaintiffs' Reply papers were due.

11. On December 7, plaintiffs formally served deposition notices without dates or times for any witness. The same day, I inquired of plaintiffs' counsel whether they intended to take the deposition of one of the witnesses requested by plaintiffs' counsel on December 11 or 12, and plaintiffs' counsel stated that they were not. On December 12, I inquired whether plaintiffs intended to take the deposition of another (different) witness also requested by plaintiffs' counsel scheduled for December 19, and plaintiffs stated that they were not. On December 17, I requested that plaintiffs' counsel advise whether plaintiffs intended to take any of the depositions set for January 7-10. Plaintiffs' counsel stated that they would let defense counsel know by December 18, but they did not.

12. This week, plaintiffs' counsel told me during our meet and confer call that they decided not to go forward with the depositions set the last two weeks because they did a "cost-benefit" analysis.

13. At no time has plaintiffs' counsel indicated that they want or intend to conduct discovery of the 14 former students who submitted declarations. Plaintiffs have served no deposition notices for any of them. More than one year ago, defendants provided plaintiffs with contact information for all students. Defendants also produced to plaintiffs the written evaluations by all students on November 17, 2011 — more than one year ago.

14. The discovery issues pending before Judge Gallo are: (1) whether plaintiffs must identify the specific documents they claim support their fraud cause of action or whether they can simply state that "all responsive documents have been produced;" (2) whether defendants have an obligation to contact former employees and independent contractors to determine whether they may have documents; (3) whether plaintiffs are entitled to take a second 30(b)(6) deposition of Trump University concerning Trump University's document retention policy; and (4) whether Trump University's obligation to begin a "litigation hold" began in September 2009 or April 2010.

15. Plaintiffs suggest something nefarious about me notifying counsel in advance of my vacation plans over the holidays. Almost one month before my trip, I sent plaintiffs (and opposing counsel in all of my cases) a "Notice of Unavailability," to notify them that I will be out of the country during Christmas and New Year's. Plaintiffs also mention that I sent plaintiffs' counsel a letter two weeks before defendants' opposition papers were due advising them that I would address discovery issues after defendants filed their papers. That is true, but plaintiffs failed to tell the Court that the letter followed almost daily letters from plaintiffs' counsel threatening various motions and raising new discovery issues that required no immediate action or response.

16. The parties, counsel and the Court agreed to the specific briefing schedule and page limit. Defendants worked diligently to comply with it, even in the face of Hurricane Sandy, a blizzard which struck New York the following week, and the Thanksgiving holiday. The parties agreed that defendants could request more pages after receiving plaintiffs' papers, and in kind, plaintiffs would have the same right, if good cause existed. Defendants did not request more pages, and plaintiffs have no basis or good cause to request one.

17. Plaintiffs' request is prejudicial to defendants both in terms of the amount of briefing that plaintiffs would be allowed and timing. Plaintiffs now seek almost nine weeks to file Reply

papers, essentially the same amount of time to file a Reply that defendants had to prepare their opposition papers.  Plaintiffs' proposed new schedule will significantly reduce the amount of time defendants have to prepare their Reply to Defendants' Motion to Strike, respond to any opposition plaintiffs file to defendants' Objections to Evidence, and to prepare for the hearing on February 12, 2013.  Defendants require the time to review, analyze and research issues plaintiffs raise in their 15-page Reply.  Under the agreed and ordered schedule, defendants have four weeks for that briefing and preparation.  Under plaintiffs' proposal, defendants would have <u>half</u> the time to review and respond to a Reply almost <u>twice</u> as long.

  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed by me on December 20, 2012, in San Diego, California.

               /s/ David K. Schneider
               David K. Schneider