ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
HELEN I. ZELDES (220051)
helenz@zhlaw.com
ALREEN HAEGGQUIST (221858)
alreenh@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
625 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON A. FORGE (181542)
jforge@rgrdlaw.com
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
THOMAS R. MERRICK (177987)
tmerrick@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Attorneys for Plaintiffs and Proposed Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRUMP UNIVERSITY, LLC, et al.,<br><br>Defendants. | No. 3:10-cv-0940-GPC(WVG)<br><br><u>CLASS ACTION</u><br><br>PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' DECLARATIONS<br><br>Date: June 28, 2013<br>Time: 2:00 p.m.<br>Crtrm: 2D (Schwartz)<br>Judge: Honorable Gonzalo P. Curiel |

**REDACTED**

852657_1

# TABLE OF CONTENTS

Page

I.  THE DECLARATIONS OF SORIAL, SEXTON, COVAIS, PETERSON, AND JAIMESON SHOULD BE DISREGARDED ................. 1

   A.  Michael Sexton's Declaration ................................................. 1
       1.  Scripts (¶17) ......................................................... 1
       2.  The Playbook (¶16) .................................................... 2
       3.  Handpicking Live Event Instructors (¶6) ............................... 2
       4.  Defendants' Nationwide Advertising Campaign (¶12) ..................... 2
       5.  Donald Trump's Video (¶15) ............................................ 3
   B.  George Sorial's Declaration .................................................. 3
   C.  Mark Covais' Declaration ..................................................... 3
       1.  Scripts (¶7) .......................................................... 3
       2.  Testimonials and Student Surveys (¶6) ................................. 3
   D.  Troy Peterson's Declaration .................................................. 4
   E.  John Jamieson's Declaration .................................................. 4

II. THE 14 STUDENT DECLARATIONS SHOULD BE DISREGARDED ................................ 4

   A.  Defendants Failed to Adequately Inform Students About Their Interests in This Putative Class Action .............................. 4
   B.  Defendants Try to Mislead This Court as to the "Success Stories" Email Blast ............................................... 6

III. PLAINTIFFS' COUNSEL ALWAYS INFORMED STUDENTS THEY REPRESENTED THE STUDENTS IN THIS LAWSUIT ................. 6

   A.  Plaintiffs' Counsel Has Never "Posed" as TU Representatives and Attempted to Clarify Any Confusion ............................... 6
   B.  All Four Students Admit Plaintiffs' Counsel Advised She Represented the Plaintiff Students in This Case ......................... 7
       1.  Gordon Knew Eck Represented the Plaintiff Students and Thought She Submitted Her Declaration on Behalf of the Students ............................................................... 8
       2.  Levand Knew Eck Represented the Plaintiff Students ............ 8

|   | Page |
|---|---|
|     3. Nielsen Knew Eck Represented the Plaintiff Students | 9 |
|     4. Hinderer Knew Eck Represented the Plaintiff Students | 10 |
| IV. CONCLUSION | 10 |

# TABLE OF AUTHORITIES

Page

**CASES**

*Brittni Cottle-Banks v. Cox Commc'ns, Inc.*,
    No. 10cv2133-GPC(WVG), 2013 U.S. Dist. LEXIS 72070
    (S.D. Cal. May 21, 2013) .................................................................................. 1

*In re High-Tech Emp. Antitrust Litig.*,
    No. 11-cv-02509-LHK, 2013 U.S. Dist. LEXIS 49784
    (N.D. Cal. Apr. 5, 2013) .................................................................................... 1

*Makaeff v. Trump Univ., LLC*,
    715 F.3d 254 (9th Cir. 2013) ............................................................................. 3

*Sjoblom v. Charter Commc'ns, LLC*,
    No. 3:07-cv-0451-bbc, 2007 U.S. Dist. LEXIS 94829
    (W.D. Wis. Dec. 26, 2007) ................................................................................ 5

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 30(b)(6) .................................................................................................... 4

Plaintiffs respectfully submit this reply in support of their motion to strike. As observed in their moving papers, Defendants' declarations largely go to merits issues that will be proven class-wide in due course.[1] Though Plaintiffs are reluctant to burden this Court with more paper, they feel compelled to correct the record, as Defendants' declarations include false or misleading information; their student declarations were obtained based upon incomplete disclosures; and Defendants have falsely accused Plaintiffs' counsel of inappropriate conduct in the face of evidence to the contrary.

## I. THE DECLARATIONS OF SORIAL, SEXTON, COVAIS, PETERSON, AND JAIMESON SHOULD BE DISREGARDED

### A. Michael Sexton's Declaration

Sexton's declaration contradicts prior deposition testimony and attempts to mislead this Court. Thus, this Court may disregard his sham declaration.[2]

#### 1. Scripts (¶17)

Plaintiffs have just discovered that **Sexton and Defendants have been lying about the non-existence of speaker scripts**, which Plaintiffs found this week in the middle of a 27,612 page production of documents made by Defendants this month.[3]

---

[1] "[I]n determining whether to certify the class, the district court is bound to take the substantive allegations of the complaint as true." *Brittni Cottle-Banks v. Cox Commc'ns, Inc.*, No. 10cv2133-GPC(WVG), 2013 U.S. Dist. LEXIS 72070, at *13 (S.D. Cal. May 21, 2013). Here, and throughout, emphasis is added and citations are omitted, unless otherwise noted.

[2] *See, e.g., In re High-Tech Emp. Antitrust Litig.*, No. 11-cv-02509-LHK, 2013 U.S. Dist. LEXIS 49784, at *65 (N.D. Cal. Apr. 5, 2013) (finding defendant employee declarations that appear to be "'litigation driven'" should be carefully scrutinized).

[3] Here, and throughout, unless otherwise noted, references to Exs. 1-66 are to the Declaration of Amber L. Eck (Dkt. No. 122-2) in support of Plaintiffs' motion for class certification; references to Exs. 67-137 are to the Declaration of Rachel L. Jensen (Dkt. No. 195-1) in support of Plaintiffs' reply in support of class certification; references to Exs. 138-144 are to the Declaration of Rachel L. Jensen (Dkt. No. 219-1) in support of Plaintiffs' opposition to Defendants' Motion to Strike; and references to Exs.145-153 are to the Declaration of Amber L. Eck in support of this reply ("Eck Decl."), filed concurrently herewith.

*See* Ex. 145 (TU 154665-702 at 65) ▮▮▮▮▮▮. Defendants' statements to this Court and Magistrate Judge Gallo that scripts do not exist, and attacking Plaintiffs for alleging they do, are inexcusable. These documents that Defendants withheld until long after Plaintiffs' class certification motion, and even reply were due, show that Sexton's declaration, along with statements by defense counsel to this Court, are false.

### 2.     The Playbook (¶16)

Defendants argue the PlayBook did not contain substantive content for students. That is what Plaintiffs have been saying all along. Though TU held itself out as a "University" whose mission was to educate, the PlayBook – which Sexton said was the guide for TU instructors in the field – reveals the true mission as a sophisticated up-sell scheme **hidden** from students. ▮▮▮ (Dkt. No. 138-1, Ex. 1, ¶16), ▮▮▮ Exs. 75-77.

### 3.     Handpicking Live Event Instructors (¶6)

Defendants admit "Sexton never testified that Trump approved new instructors" but say the question was not posed. Defs' Opp. at 11. ▮▮▮ *See, e.g.*, Ex. 88 at 1 (TU97101-28 at 03) ▮▮▮. Trump's vague testimony about resumes will be disproven on a class-wide basis in due course.

### 4.     Defendants' Nationwide Advertising Campaign (¶12)

▮▮▮ Ex. 85 at 459:3-18 ▮▮▮



▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. The Ninth Circuit recently found in this case that TU "conducted an ***aggressive advertising campaign in which it made controversial claims about its products and services***. This campaign included online, social media, local and national newspaper, and radio advertisements for free introductory seminars." *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 268-69, 270 (9th Cir. 2013).

### 5. Donald Trump's Video (¶15)

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. The transcript shows otherwise. Ex. 85 at 216:17-217:8.

### B. George Sorial's Declaration

Defendants do not refute that Sorial misstated the facts and lacked personal knowledge. Defendants' snippets of Sorial's deposition (Defs' Opp. at 2-6) do not address, much less rebut, these concerns. Sorial's declaration should be disregarded as an attempt to mislead this Court based on inaccurate information provided by his client, rather than personal knowledge, even if he also had dealings with regulators.

### C. Mark Covais' Declaration

#### 1. Scripts (¶7)

Defendants do not refute Plaintiffs' arguments that Covais was ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. Defendants instead misrepresent the testimony of its former employees and Plaintiffs who only said they did not see speakers reading from paper scripts in hand. This response has no bearing on whether *Covais* has personal knowledge and is also a falsehood. *See, e.g.*, Ex. 145.

#### 2. Testimonials and Student Surveys (¶6)

Though Defendants rely heavily on their purported approval rate, even TU acknowledged ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. *See* Ex. 59 at TU 129456. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Finally, Defendants' statement that 99% of evaluation

forms were from paid programs directly contracts their discovery responses that said it was **90%**.

### D. Troy Peterson's Declaration

Peterson's statements concerning Plaintiffs are contradicted by TU's own documents, including Plaintiff Everett's correspondence with TU, which tell a far different story. However, this is a merits issue, and Plaintiffs will disprove Peterson's statements in due course.

### E. John Jamieson's Declaration

Jamieson's false statement that there were no scripts is almost as offensive as Defendants' failure to correct it, compounded by Defendants' attempt to disregard the very employment contracts that required him to follow a script. Recently produced documents show Jamieson's declaration to be false. *See, e.g.*, Ex. 145 ███. ███

███

███

███ Ex. 17 at 196:16-197:8; Ex. 85 at 307:22-308:2. ███

███ Ex. 12 at TU 53007-08. And while Defendants point to some surveys with respect to ¶9, the questions were irrelevant, and specifics about the number of surveys and how the rate was calculated remain unknown.

## II. THE 14 STUDENT DECLARATIONS SHOULD BE DISREGARDED

### A. Defendants Failed to Adequately Inform Students About Their Interests in This Putative Class Action

Defendants acknowledge courts "frown on misleading communications with potential class members concerning the nature of ongoing class action litigation." Defs' Opp. at 22. Instead of taking responsibility, Defendants take another tact, embodying the adage "the best defense is an offense." That is, they deflect any wrongdoing by accusing Plaintiffs' counsel of posing as a TU representative. Plaintiffs will address their false accusations separately in §III below.

Defendants argue their misleading email sent under the guise of gathering "success stories" was "no harm, no foul" as most declarations were already signed and the declarations acknowledged they were for litigation. That does not end the Court's inquiry. Each student should have been advised by Defendants that they were potential class members and may be entitled to refunds if successful. *See* Dkt. No. 198 at 20-21 (citing authorities); *see also Sjoblom v. Charter Commc'ns, LLC*, No. 3:07-cv-0451-bbc, 2007 U.S. Dist. LEXIS 94829, at *11 (W.D. Wis. Dec. 26, 2007) (striking 62 affidavits by class members submitted by defendants where affiants were not informed of their interests in lawsuit; finding corrective notice should be sent if class certified).

Here, unfortunately, Defendants failed to advise the students: (1) their declarations would be used in opposing Plaintiffs' motion for class certification; (2) specifically what this class action concerns and may have implied it was brought by a few students, as opposed to as a putative class action; (3) their status as potential class members; and (4) their interest in a possible refund as a result of this lawsuit. *See* Eck Decl., ¶¶21, 26, 34, 41. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See id.*, ¶¶9, 14-15 & Ex.146. Paula Levand testified she was not informed by Defendants that she was a potential class member, nor told that as a potential class member, she could receive a portion of any recovery, or that her declaration may be used to defeat the students' lawsuit. *See* Ex. 147 at 179:19-180:8 (June 17, 2013 Deposition of Paula Levand). And TU failed to inform Nielsen, Hinderer or Canup: (1) that his or her declaration would be used to oppose class certification (*see* Eck Decl., ¶¶21(b), 26(b), 34(b), 41(b)); (2) that this case is a putative class action on behalf of TU students (*see* Eck Decl., ¶¶21(c), 26(c), 34(c), 41(c)); (3) that he or she is a potential class member (*see* Eck Decl., ¶¶21(d), 26(d), 34(d), 41(d)); and (4) that he or she may be entitled to a recovery if the lawsuit is successful (*see* Eck Decl., ¶¶21(e), 26(e), 34(e), 41(e)).

As Defendants never fully advised the declarants of their interest in the lawsuit, it is irrelevant whether they were recruited as a result of the "success story" email or beforehand. The 14 student declarations should be stricken.[4] And if the Court certifies the class, corrective notice should be sent to each of the declarants.

### B. Defendants Try to Mislead This Court as to the "Success Stories" Email Blast

In addition to misleading students with its "success stories" email blast, Defendants also try to mislead the Court by suggesting that, of 1,000 recipients, only 10 students (1%) responded with complaints. Defendants are having a tough time with math. ████████████████. *See* Ex. 73. ████████████████████████████████████████████████████. *Id.*; Dkt. No. 195 at 18 & n.20. ████████████████████████ (Eck Decl., ¶47), ████████████████ In any event, this is a merits issue.

### III. PLAINTIFFS' COUNSEL ALWAYS INFORMED STUDENTS THEY REPRESENTED THE STUDENTS IN THIS LAWSUIT

#### A. Plaintiffs' Counsel Has Never "Posed" as TU Representatives and Attempted to Clarify Any Confusion

Defendants accuse Plaintiffs' counsel of "pos[ing]" as a TU representative. Not only is this false, ████████████████████████████████████████. Ex. 149 (TU 155011-12 (████████)). ████████

---

[4] ████████████████████████████████████████████ Ex. 148 at TU 155016. ████████████████████████████████████████ *Id.* at TU 155017.

1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
2 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*see* Ex. 150 (TU 155019-20)), ▓▓▓▓▓▓▓▓▓▓▓▓▓ As detailed in the undersigned counsel's declaration, Plaintiffs' counsel has always identified herself to students (and other witnesses) as representing the plaintiff students in this lawsuit against TU. Eck Decl., ¶¶4-6.

Specifically, when communicating with the student declarants, Plaintiffs' counsel introduced herself with her firm affiliation and said she was calling about or *in regard to* TU and their declarations. *Id.*, ¶¶42-46. In fact, Paula Levand conceded in her deposition that Eck may have said she was calling "regarding," rather than "from," TU. *See* Ex. 147, Levand Tr. at 73:16-74:15. Likewise, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 148 at TU155015-17 (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 150 at TU155019-20 (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓). Yet, Defendants still accused Eck of improper conduct thereafter.

It is possible that one or more students were confused after being contacted by a female attorney or paralegal over the course of several months in regard to TU, when many had been out of touch with TU. However, Plaintiffs' counsel did not do anything to encourage such confusion, and if at any point during the call the student displayed any confusion, Plaintiffs' counsel reiterated that she represented the plaintiff students against TU. Eck Decl., ¶7.

### B. All Four Students Admit Plaintiffs' Counsel Advised She Represented the Plaintiff Students in This Case

Defendants submitted an email and three declarations to show Eck posed as a TU representative. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

████████████████████████[5] If Eck were truly attempting to pose as a TU representative, why would she readily admit that fact? It makes no sense.

### 1. Gordon Knew Eck Represented the Plaintiff Students and Thought She Submitted Her Declaration on Behalf of the Students

As an example of how students could get confused, Gordon told Eck she thought TU's paralegal, Irene O'Halloran, represented the students, and Gordon thought she submitted her declaration for the students. Eck Decl., ¶¶8-10 & Ex. 146. Gordon initially agreed to submit a declaration for Plaintiffs to this effect, but later changed her mind. *See* Eck Decl., ¶¶9-20 & Ex. 146.

### 2. Levand Knew Eck Represented the Plaintiff Students

Eck talked to Paula Levand twice – first on December 12, 2012, then on January 9, 2013 to ask whether she received a refund from TU. Eck Decl., ¶¶35-39 & Ex. 151. ████████████████████████████████████████████
████████████████████████████ Dkt. No. 210-1, Ex. 148, Levand Decl., ¶¶5-6. Eck identified herself to Levand during both calls as representing the plaintiff students in the class action against TU. Eck Decl., ¶¶35-37. Eck never said she was calling from TU. *Id.* At her deposition, Levand admitted Eck may have said she was calling "regarding," not "from," TU. Ex. 147, Levand Tr. at 73:16-74:15.

Levand's declaration contains other inaccuracies.[6] For example, on January 10, 2013, it was Levand who called Eck so the receptionist would have answered the

---

[5] ████████████████████████████████████████████████████ Dkt. No. 210-1, Ex. 148, Levand Decl., ¶10. ████████ Dkt. No. 210-1, Ex. 146, Nielsen Decl., ¶6. ██████ *See* Eck Decl., ¶10 & Ex. 146. ████████ Dkt. No. 210-1, Ex. 147, Hinderer Decl., ¶6.

[6] At her deposition, Levand acknowledged she assumed, rather than affirmatively knew, Trump participated on the conference call described in ¶5 of her June 22, 2012 declaration. Dkt. No. 138-1, Ex. 140. Levand heard a voice that sounded familiar from the "Apprentice." Ex. 147, Levand Tr. at 103:22-105:25. As she believed Trump, as the equivalent to a "superintendent" of a school he operates, would be

1 | phone "Zeldes & Haeggquist," not "Trump." *See* Eck Decl., ¶38. ████

2 | ████

3 | ████

4 | *See* Dkt. No. 210-1, Ex. 148, Levand Decl., ¶10.

### 3.  Nielsen Knew Eck Represented the Plaintiff Students

Eck spoke to Nielsen twice – on December 12, 2012 and January 30, 2013. Eck Decl., ¶¶22-23. Nielsen knew Eck was not calling from TU; on December 12, 2012, she returned Eck's call at her law firm. Eck Decl., ¶22 & Ex. 151. When Nielsen called back, Eck said she represented the plaintiff students in the class action against TU. Eck Decl., ¶22. Eck called Nielsen again on January 30, 2013, stating that she was following-up on their previous call regarding TU. Eck Decl., ¶23. ████

████

████

Dkt. No. 210-1, Ex. 146, Nielsen Decl., ¶4. Nielsen apparently forgot her December 12, 2012 phone call to Eck's office and their conversation that day which are reflected in Eck's firm phone records. Eck Decl., ¶25, Ex. 151. ████

---

"responsible if there's a complaint," it seems she assumed he would intervene given her problems with her mentor. *Id.* at 89:3-17, 166:18-21. ████ (Ex. 96 at TU 71980-86 (████)), Defendants did not question Levand about her statement and submitted the declaration anyway. Ex. 147, Levand Tr. at 108:4-109:16.

Levand's deposition testimony shows that Levand, a retired teacher, was taken in by Defendants' upsell scheme to the tune of $70,000. At her deposition, she did not want to say what she spent "out loud." *Id.* at 93:9-12. Like other class members, she testified that she "took his [Donald Trump's] word seriously" when he promised by way of the video submitted as Exhibit 1 to Plaintiffs' class certification motion: "We're going to have ***professors and adjunct professors*** that are . . . the best of the best . . . [and] if you don't learn from them, ***if you don't learn from me***, if you don't learn from the people we are putting forward, and these are all people who are ***handpicked*** by me . . ., then you're not going to make it in terms of success . . . ." *See id.* at 89:24-90:4; 112:16; 113:10-14; *see also id.* at 83:21-92:25; 169:9-21; 178:21-178:7.

1 ████████████████████████████████ Dkt. No. 210-1, Ex. 146, Nielsen Decl., ¶5.

### 4. Hinderer Knew Eck Represented the Plaintiff Students

Eck talked with Hinderer twice – first on December 12, 2012, when Eck introduced herself as representing the students in the class action against TU. Eck Decl., ¶29. Eck did not say she was affiliated with Irene O'Halloran, nor could that be true as she had never heard of O'Halloran until January 29, 2013, when Kissy Gordon mentioned her. *Id.*, ¶30. The second time Eck spoke to Hinderer was when Hinderer called her office on January 31, 2013, asking for O'Halloran (even though the number was a 619 area code rather than a 212 area code). Hinderer seemed confused. Eck happened to answer the phone and explained to Hinderer that she had called Plaintiffs' counsel. Eck asked if she was willing to talk about her conversations with Irene O'Halloran, and Hinderer agreed. Eck asked Hinderer if she would be willing to submit a declaration for Plaintiffs, and she agreed to consider it. Eck Decl., ¶¶31-34 & Ex. 152. Plaintiffs' counsel never said she was a TU representative.

## IV. CONCLUSION

Plaintiffs respectfully request that the Court grant their motion.

DATED: June 21, 2013

Respectfully submitted,

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK
HELEN I. ZELDES
ALREEN HAEGGQUIST
AARON M. OLSEN

           s/ Amber L. Eck
           AMBER L. ECK

625 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

```
 1
 2        ROBBINS GELLER RUDMAN
            & DOWD LLP
 3        RACHEL L. JENSEN
          THOMAS R. MERRICK
 4        JASON A. FORGE
          655 West Broadway, Suite 1900
 5        San Diego, CA 92101
          Telephone: 619/231-1058
 6        619/231-7423 (fax)

 7        Attorneys for Plaintiffs and Proposed
          Class
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

852657_1                    - 11 -              3:10-cv-0940-GPC(WVG)
```

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 21, 2013.

        s/ Amber L. Eck
AMBER L. ECK

ZELDES HAEGGQUIST & ECK, LLP
625 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

E-mail: ambere@zhlaw.com

# Mailing Information for a Case 3:10-cv-00940-GPC-WVG

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com

- **Jason A Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,llendzion@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Aaron M. Olsen**
  aarono@zhlaw.com,winkyc@zhlaw.com

- **David Keith Schneider**
  dks@yslaw.com,ewb@yslaw.com,efb@yslaw.com

- **Stephen F Yunker**
  sfy@yslaw.com,ewb@yslaw.com,efb@yslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)