ROBBINS GELLER RUDMAN
 & DOWD LLP
JASON A. FORGE (181542)
jforge@rgrdlaw.com
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
THOMAS R. MERRICK (177987)
tmerrick@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
HELEN I. ZELDES (220051)
helenz@zhlaw.com
ALREEN HAEGGQUIST (221858)
alreenh@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
625 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

Attorneys for Plaintiffs and Proposed Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRUMP UNIVERSITY, LLC, et al.,<br><br>Defendants. | No. 3:10-cv-0940-GPC(WVG)<br><br><u>CLASS ACTION</u><br><br>SUPPLEMENTAL DOCUMENT: SPEAKER SCRIPT, THE EXISTENCE OF WHICH DEFENDANTS HAVE DENIED TO MAGISTRATE JUDGE GALLO AND THIS COURT<br><br>JUDGE: Hon. Gonzalo P. Curiel<br>DATE: August 16, 2013<br>TIME: 1:30 p.m.<br>CTRM: 2D (Schwartz) |

**REDACTED**

853693_1

Plaintiffs respectfully submit two supplemental documents for the Court's consideration in connection with plaintiffs' motion for class certification: (1) A speaker script that defendants withheld from plaintiffs until June 4, 2013, and whose existence defendants continue to deny to Magistrate Judge Gallo and this Court; and (2) a one-page excerpt from the June 17, 2013 deposition of one of defendants' victims, a retired school teacher who lost tens of thousands of dollars to defendants and whom defendants convinced to sign two declarations in this matter.

## I. INTRODUCTION

One previously concealed document and one page from a recent deposition will enable the Court to cut through the flood of filings defendants have unleashed in a relentless effort to divert attention from this very simple case about a prototypical scam. Defendants promised one thing and delivered something vastly different. Defendant Donald Trump promised prospective students the opportunity to learn from him by enrolling in a "University" with "professors and adjunct professors" and other instructors all "handpicked by me." Instead, defendants delivered a series of live presentations, seminars, and mentorships staffed by high-pressure salespeople (not professors), whom Donald Trump had no role in picking. In other words, defendants promised "Trump University," but delivered neither Trump nor a University. The script that defendants concealed until June 4, 2013, and an excerpt from a June 17, 2013 deposition confirm this point. Plaintiffs respectfully submit these supplemental documents for the Court's consideration in deciding their class certification motion.

## II. SUPPLEMENTAL DOCUMENTS

### A. Defendants Misled Plaintiffs, Judge Gallo and This Court by Denying Existence of Script They Concealed for Nearly Two Years

Defendants' misleading national marketing campaign is ample justification for this case to proceed as a class action – and for the class to prevail at trial. But rather than face the hopeless challenge of defending their own conduct, defendants concealed one of the speaker scripts they had used to execute their scheme. Then,

- 1 -    3:10-cv-0940-GPC(WVG)

defendants denied that such scripts ever existed and accused plaintiffs of falsely alleging that they did. Defendants began this tactic before Magistrate Judge Gallo:

> We have declarations from instructors and mentors that said there weren't any scripts. But they [plaintiffs] claim that it's all scripted. And so we said, okay, produce the script.

See Declaration of Jason A. Forge ("Forge Decl."), filed concurrently herewith, Ex. 1 at 4:7-10 (transcript of February 22, 2013 hearing before the Honorable William V. Gallo).

> Either they [plaintiffs] have the script or they don't. And we know that they don't, they know that they don't . . . .

*Id.* at 5:8-9.

> But this whole 15 months of discovery we've been trying to – you know, it's laughable. Where is the script?

*Id.* at 6:11-12.

After deceiving Judge Gallo, defendants turned to this Court:

[REDACTED]

See Dkt. No. 138 at 10 (Defendants' Memorandum in Opposition to Plaintiffs' Motion for Class Certification, under seal version) (emphasis in original).

**There Were No "Scripts" Ever Used by Any TU Presenters**

\* \* \*

> [T]he actual evidence demonstrates that there were no scripts whatsoever for presenters, instructors, mentors, or sales people.

See Dkt. No. 211-1 at 6 (Defendants' Memorandum in Support of Motion to Strike and Objections to Improper Evidence and Argument in Plaintiffs' Class Certification Reply Papers) (emphasis in original).

> Plaintiffs' entire case is built on the erroneous premise that TU instructors and mentors used a "script" that they followed "word-for-word" so that every presentation was identical – and hence filled with identical misrepresentations. However, plaintiffs did not include the purported "script" in their moving papers - supposedly the key document in their entire case. The reason: there never was a script.

*See* Dkt. No. 213 at 5 (Defendants' Reply Supporting Objections to Evidence in Plaintiffs' Motion for Class Certification) (emphasis in original).

Defendants' charade unraveled on June 4, 2013, when they produced (perhaps inadvertently)[1] one of the very speaker scripts defendants had concealed for so long – and whose existence they continue to deny:



*See* Forge Decl., Ex. 2 at TU 154665 (it is undisputed that Michael Sexton was the President of Trump University, and that the recipients of this email were several of Trump University's primary instructors). This script goes on for 38 pages, including the following additional slides:

---

[1] Defendants produced the speaker script as part of a 27,000 page production.

853693_1

[REDACTED]

*Id.* at TU 154667.

[REDACTED]

*Id.* at TU 154678.

[REDACTED]

*Id.* at TU 154696.

[REDACTED]

1 *Id.* at TU 154700 (emphasis in original).

[REDACTED]

8 *Id.* at TU 154701.

### B. Defendants Continue to Keep Their Victims in the Dark

The speaker script defendants concealed complemented the deceptive message from defendants' national marketing campaign: that Donald Trump *was* Trump University, whose instructors he "handpicked" and whose students he taught and guided. Defendants are so determined to maintain the deception of their victims that in a recent deposition of one of them – a retired teacher from whom defendants took tens of thousands of dollars and then convinced to provide two inaccurate declarations for them – the following exchange occurred:

> BY MR. FORGE:
> 2    Q.  Did anyone ever tell you that his own
> 3    attorneys have represented to the court that Donald
> 4    Trump's involvement is completely absent here?
> 5         MR. SCHNEIDER:  That's false.  That is just
> 6    such a lie.  Show me the document where his lawyers
> 7    said –
> 8         MR. LUSBY:  Did anyone ever tell you that?
> 9         THE WITNESS:  No.

*See* Forge Decl., Ex. 3 at 122:1-9 (excerpt of transcript of June 17, 2013 deposition of PL). Defense counsel's remark was as inaccurate as it was inappropriate – plaintiffs'

counsel was literally quoting from Mr. Trump's own brief, signed by the very same defense counsel:

> Case 3:10-cv-00940-IEG -WVG   Document 32   Filed 10/12/10   Page 10 of 22
>
> 27  By contrast, Donald Trump's involvement is completely absent here. Neither Donald Trump
> 28  nor Trump University has spoken publically about this issue. Unlike Bud Hentzen, Donald Trump is
>
> 5     Case No. 10 CV 0940 IEG (WVG)
> TRUMP UNIVERSITY'S MEMORANDUM IN OPPOSITION TO TARLA MAKAEFF'S MOTION FOR
> RECONSIDERATION OF THE COURT'S AUGUST 23, 2010 ORDER DENYING HER MOTION TO STRIKE
>
> 1  not the operator of Trump University, and plays no part in the day-to-day operation of Trump
> 2  University. There is simply no evidence that Donald Trump was involved before, during or after the
> 3  "controversy." His ownership interest in Trump University does not convert the small private
>
> 22  Dated:   October 12, 2010           YUNKER & SCHNEIDER
> 23
> 24                                      By:    /s/ David K. Schneider
>                                                David K. Schneider
> 25                                             Attorneys for Defendant
> 26                                             Trump University, LLC
> 27
> 28
>
> 17    Case No. 10 CV 0940 IEG (WVG)
> TRUMP UNIVERSITY'S MEMORANDUM IN OPPOSITION TO TARLA MAKAEFF'S MOTION FOR
> RECONSIDERATION OF THE COURT'S AUGUST 23, 2010 ORDER DENYING HER MOTION TO STRIKE

See Dkt. No. 32 at 5, 6, and 17.

The speaker script that defendants concealed from plaintiffs and the Court, as well as their counsel's denial of the very representation he had made to the Court about Mr. Trump's lack of involvement with Trump University, confirm the lengths to which defendants went, and remain willing to go, to deceive their victims – all of them.

### III. CONCLUSION

The script defendants withheld for so long eliminates any doubt whatsoever regarding the uniformity of their scheme: to misrepresent to everyone that Trump

University was a legitimate university with which Donald Trump was integrally involved, right down to handpicking its professors, adjunct professors, and other instructors. Defense counsel's conduct at the recent deposition of one of the scheme's victims confirms defendants' prior and ongoing deception of the victims of this scheme.

DATED: June 26, 2013

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON A. FORGE
RACHEL L. JENSEN
THOMAS R. MERRICK


                s/ Jason A. Forge
            JASON A. FORGE

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK
HELEN I. ZELDES
ALREEN HAEGGQUIST
AARON M. OLSEN
625 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

Attorneys for Plaintiffs and Proposed Class

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 26, 2013.

        s/ Jason A. Forge
        JASON A. FORGE

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: jforge@rgrdlaw.com

# Mailing Information for a Case 3:10-cv-00940-GPC-WVG

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com

- **Jason A Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,llendzion@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Aaron M. Olsen**
  aarono@zhlaw.com,winkyc@zhlaw.com

- **David Keith Schneider**
  dks@yslaw.com,ewb@yslaw.com,efb@yslaw.com

- **Stephen F Yunker**
  sfy@yslaw.com,ewb@yslaw.com,efb@yslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)