# EXHIBIT 1

Exhibit 1
- 1 -

```
                                                                      1
 1                     UNITED STATES DISTRICT COURT

 2                    SOUTHERN DISTRICT OF CALIFORNIA

 3    TARLA MAKAEFF, ON BEHALF OF )
      HERSELF AND ALL OTHERS      )
 4    SIMILARLY SITUATED,         )
                                  )    CASE NO. 10CV0940GPC(WVG)
 5              PLAINTIFF,        )
                                  )
 6    VS.                         )    SAN DIEGO, CALIFORNIA
                                  )
 7    TRUMP UNIVERSITY, LLC, A    )    FRIDAY,
      NEW YORK LIMITED LIABILITY  )    FEBRUARY 22, 2013
 8    COMPANY, AND DOES 1 THROUGH )    3:59 P.M.
      50, INCLUSIVE,              )
 9                                )
                DEFENDANTS.       )
10    _____)

11
                      TRANSCRIPT OF DISCOVERY HEARING
12                BEFORE THE HONORABLE WILLIAM V. GALLO
                     UNITED STATES MAGISTRATE JUDGE
13
      APPEARANCES:
14
      FOR THE PLAINTIFF:       ROBBINS, GELLER, RUDMAN & DOWD, LLP
15                             BY:  THOMAS R. MERRICK, ESQ.
                                    RACHEL L. JENSEN, ESQ.
16                             655 WEST BROADWAY, SUITE 1900
                               SAN DIEGO, CALIFORNIA  92101
17
                               ZELDES, HAEGGQUIST & ECK, LLP
18                             BY:  AMBER LEE ECK, ESQ.
                               625 BROADWAY, SUITE 100
19                             SAN DIEGO, CALIFORNIA  92101

20    FOR THE DEFENDANTS:      YUNKER & SCHNEIDER
                               BY:  DAVID K. SCHNEIDER, ESQ.
21                             655 WEST BROADWAY, SUITE 1400
                               SAN DIEGO, CALIFORNIA  92101
22
      TRANSCRIPT ORDERED BY:   DAVID K. SCHNEIDER, ESQ.
23
      TRANSCRIBER:             CAMERON P. KIRCHER
24
      PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
25    TRANSCRIPT PRODUCED BY TRANSCRIPTION.
```

COMPUTER-AIDED TRANSCRIPTION

Exhibit 1
- 2 -

3

1  SCRIPTS -- LET ME GIVE THE COURT MAYBE A TWO-MINUTE
2  BACKGROUND WHY THESE ARE SO IMPORTANT.
3          IN THE THIRD AMENDED COMPLAINT -- SO THIS IS THE
4  FOURTH FINDING THAT THEY HAVE ALLEGED THAT'S IN THE ORIGINAL
5  COMPLAINT, ALTHOUGH IT'S THE THIRD AMENDED COMPLAINT.  WHAT
6  THE PLAINTIFFS ALLEGE IN THIS CASE IS THAT EVERYTHING WAS
7  SCRIPTED AT TRUMP UNIVERSITY, THAT THE SPEAKERS MADE A BUNCH
8  OF MISREPRESENTATIONS, WHICH ARE THE BASIS OF THEIR LAWSUIT;
9  THAT ALL OF THE PRESENTATIONS WERE EXACTLY THE SAME, THAT
10 THEY WERE UNIFORM, THAT THEY WERE STANDARDIZED, THAT THEY
11 USED A SPEAKER SCRIPT.
12         SO FROM THE PLATFORM, WHEN PEOPLE WOULD GO TO THESE
13 TRUMP UNIVERSITY PROGRAMS, THE SPEAKERS, THE PRESENTER IN
14 THESE THREE-DAY LONG PRESENTATIONS USED A SCRIPT, AND,
15 THEREFORE, THEY HAVE ARGUED THAT THEY DON'T HAVE TO SHOW
16 INDIVIDUAL RELIANCE FOR A CLASS CERTIFICATION BECAUSE
17 EVERYTHING WAS EXACTLY THE SAME.  AND THEY RELY ON A CASE
18 CALLED LINCOLN SAVINGS, IN WHICH BROKERS WERE READING FROM A
19 SCRIPT PROMISING THAT ADDITIONAL INVESTORS, WHEN THEY
20 INVESTED, THEIR INVESTMENTS WOULD BE SAFE.
21         AND THE COURT SAID THAT WHEN THERE IS AN
22 ORCHESTRATED SCHEME AND EVERYTHING IS THE SAME AND EVERYTHING
23 IS SCRIPTED, LITERALLY SCRIPTED, THEN YOU MAY NOT NEED TO
24 SHOW INDIVIDUAL RELIANCE.  SO THEY FILED A MOTION FOR CLASS
25 CERTIFICATION CONSISTENT WITH THE ALLEGATIONS IN THE THIRD

COMPUTER-AIDED TRANSCRIPTION

Exhibit 1
- 3 -

4

1  AMENDED COMPLAINT AND SAID THAT IT'S ALL SCRIPTED AND THE
2  PRESENTERS AND INSTRUCTORS ALL USED SCRIPTS.
3          SO WE SAID, ALL RIGHT, SHOW US THE SCRIPT.  BECAUSE
4  WE DISPUTE THAT ANY OF THE PRESENTERS USED SCRIPTS.  NONE OF
5  THE PLAINTIFFS SAID THEY EVER SAW SCRIPTS.  THEY HAVE FOUR
6  FORMER EMPLOYEES THAT THEY REPRESENT WHO TESTIFIED THAT THEY
7  WEREN'T AWARE OF ANY SPEAKER SCRIPTS.  WE HAVE DECLARATIONS
8  FROM INSTRUCTORS AND MENTORS THAT SAID THERE WEREN'T ANY
9  SCRIPTS.  BUT THEY CLAIM THAT IT'S ALL SCRIPTED.  AND SO WE
10 SAID, OKAY, PRODUCE THE SCRIPT.  WE SENT OUT ONE REQUEST FOR
11 PRODUCTION THAT SAID, WE WANT THE SPEAKER SCRIPT AS ALLEGED
12 IN THE THIRD AMENDED COMPLAINT.
13         WE CAME TO THE COURT LAST YEAR AND THE COURT SAID,
14 FOR THAT CATEGORY, PRODUCE THE SCRIPT.  SO, INSTEAD, THEY
15 PRODUCED A DIFFERENT SCRIPT.  WE DIDN'T ASK FOR THE SCRIPT
16 FROM THE SOUND OF MUSIC OR FROM SATURDAY NIGHT LIVE.  WE
17 ASKED FOR THE SPEAKER SCRIPT, BECAUSE THAT'S WHAT THEY
18 CLAIMED WAS IT.  THAT'S THEIR BE ALL END ALL, AT LEAST THAT'S
19 WHAT THEY CLAIMED UP UNTIL THIS ISSUE SORT OF CLAIM TO LIGHT.
20         I WAS THINKING OF THE ANALOGY THAT IF THIS WAS THE
21 SIMPLE FACT RED LIGHT/GREEN LIGHT, AND THE PLAINTIFF SAID
22 IT'S GREEN, GREEN, GREEN, THE LIGHT WAS GREEN, AND WE'VE GOT
23 PROOF OF IT.  AND WE SAID, OKAY, SHOW US A PICTURE OF THE
24 GREEN LIGHT.  WELL, YOU ALREADY GOT THE DOCUMENT.  SHOW US A
25 PICTURE OF THE GREEN LIGHT.  SO THEN THEY BRING US A PICTURE

5

1    OF A GREEN LIGHT FROM A DIFFERENT INTERSECTION.  NO, THAT'S
2    NOT WHAT WE ASKED FOR.  IF YOU DON'T HAVE THE DOCUMENT, THEN
3    THAT'S FINE.  YOU CAN SAY, WE'VE GOT OTHER TESTIMONY, WE'VE
4    GOT EYEWITNESSES.  BUT IF YOU DON'T HAVE THE PHOTOGRAPH, THEN
5    JUST SAY SO.
6            SO WHAT THEY ARE NOW ARGUING IN THIS HEARING IS THAT
7    IT'S A MERITS ARGUMENT, WHICH I'M PRESUMING MEANS THIS IS A
8    JURY ARGUMENT.  IT'S A DISCOVERY ISSUE.  EITHER THEY HAVE THE
9    SCRIPT OR THEY DON'T.  AND WE KNOW THAT THEY DON'T, THEY KNOW
10   THAT THEY DON'T, AND NOW THEY ARE TRYING TO SAY, WELL, THERE
11   IS NOTHING MAGICAL ABOUT THE WORD "SCRIPT," WHAT WE REALLY
12   MEANT WAS THAT IT'S JUST STANDARDIZED.  WELL, IF THAT'S TRUE,
13   THEN JUST SAY SO, SAY WE DON'T HAVE A SCRIPT, BUT THAT'S NOT
14   OUR BEST ARGUMENT.
15           BUT THEY ARE FIGHTING SO HARD, THAT IT CAN'T BE TRUE
16   THAT THIS ISN'T MATERIAL TO THEIR CASE.  THEY JUST SIMPLY
17   WON'T STATE, AFTER A REASONABLE INVESTIGATION, WE HAVE NO
18   SPEAKER SCRIPT.  THAT WOULD BE THE END OF IT.  AND THEN WE
19   COULD ADVISE THE DISTRICT COURT THAT THERE IS NO SCRIPT AND
20   THAT THESE WERE ALL ORAL REPRESENTATIONS MADE BY 20, 30, 40
21   DIFFERENT INSTRUCTORS IN DIFFERENT COURSES, AND THEN THE
22   DISTRICT COURT WILL AT LEAST HAVE THE TRUTH ON THIS ISSUE AND
23   CAN DECIDE WHETHER IT'S STILL APPROPRIATE FOR CLASS
24   CERTIFICATION ON THE RELIANCE ISSUE.
25           BUT RIGHT NOW, THE RECORD IS THAT EVERYTHING IS

COMPUTER-AIDED TRANSCRIPTION

Exhibit 1
- 5 -

6

1    SCRIPTED.  AND THEY ARGUE IT'S SCRIPTED, AND NOW THEY ARE
2    TRYING TO FINESSE IT SAYING, OKAY, WELL, A WITNESS HAS
3    TESTIFIED THAT THESE POWERPOINT PRESENTATIONS OVER HERE,
4    THOSE ARE LIKE SCRIPTS.  THAT'S WHAT THEY WRITE IN THE
5    REPORT, THEY ARE LIKE SCRIPTS.  WELL, AGAIN, IF THAT'S THEIR
6    POINT, THEN SAY, WE DON'T HAVE ANY SCRIPTS, BUT WE HAVE
7    POWERPOINTS.  SAY, ALL RIGHT, WHICH IS THE POWERPOINT?
8    BECAUSE THERE IS 14 POWERPOINTS THAT WERE SUBMITTED TO THE
9    DISTRICT COURT.  SO HAVE THEM IDENTIFY THE POWERPOINT THAT
10   THEY SAY EVERYBODY USED.
11         BUT THIS WHOLE 15 MONTHS OF DISCOVERY WE'VE BEEN
12   TRYING TO -- YOU KNOW, IT'S LAUGHABLE.  WHERE IS THE SCRIPT?
13   WHERE IS THE POWERPOINT?  WHERE ARE YOU SAYING -- WHERE IS
14   THE DOCUMENT OR DOCUMENTS THAT YOU'RE SAYING THAT EVERYBODY
15   RELIED ON, EVERYBODY USED, EVERYBODY SAID THE SAME THING,
16   EVERYBODY HEARD THE SAME THING, AND THEREFORE WE DON'T HAVE
17   TO SHOW INDIVIDUAL RELIANCE.  THAT'S THE ARGUMENT FROM
18   PLAINTIFFS.  WHAT WE'RE TRYING TO SAY IS THAT EITHER YOU HAVE
19   IT OR YOU DON'T.  AND WE KNOW YOU DON'T, BUT YOU JUST WON'T
20   BE FORTHRIGHT AND SAY, WE DON'T HAVE ANY SCRIPTS.
21         THE SETTER SCRIPT THAT THEY IDENTIFY IS A DIFFERENT
22   INTERSECTION.  IT'S A PERSON IN A CALL CENTER THAT SET
23   APPOINTMENTS.  THERE IS NO CLAIM IN THIS CASE THAT THAT
24   SETTER SCRIPT HAS MISREPRESENTATIONS WHICH ARE THE BASIS OF
25   THEIR LAWSUIT.  AND, IN FACT, THEY DON'T EVEN SUBMIT THE

COMPUTER-AIDED TRANSCRIPTION

Exhibit 1

```
                                                                7
 1     SETTER SCRIPT IN THEIR MOVING PAPERS.  WE PROVIDED THAT TO
 2     THE DISTRICT COURT AND SAID, HERE IS THE ONLY SCRIPT THAT
 3     ANYBODY EVER SAID THAT WAS EVER USED.  IT WAS MADE BY
 4     SOMEBODY SETTING APPOINTMENTS.
 5             NONE OF THE SIX PLAINTIFFS WERE EVER CONTACTED BY
 6     THE CALL CENTER.  NONE OF THEM TALKED TO THE SETTER.  IT'S
 7     JUST A COMPLETE RED HERRING -- AND I HATE THAT OVERUSED
 8     EXPRESSION, BUT IT REALLY IS NOT THE ISSUE.  THE ISSUE IS
 9     WERE THERE SPEAKER SCRIPTS THAT WERE USED?  THAT'S A SCRIPT
10     ISSUE.
11             DO YOU WANT TO TAKE THIS ONE AT A TIME OR GO THROUGH
12     THE NEXT TWO DOCUMENTS?
13             THE COURT:  LET'S DO THE OTHER ONES, THE GUARANTY
14     AND THE MENTORS.
15             MR. SCHNEIDER:  ALL RIGHT.  THANK YOU.
16             ON THE GUARANTY, I THINK THIS ONE IS AN EASY ONE.
17     IF THE COURT LOOKS AT THE ALLEGATIONS IN THE THIRD AMENDED
18     COMPLAINT, WHAT THEY ALLEGE IS THAT THE REASON THAT THE
19     PLAINTIFFS PURCHASED THE 25,000 OR THE 35,000 THOUSAND DOLLAR
20     PACKAGE OR PROGRAM WAS BASED ON THE REPRESENTATION THAT THEY
21     WERE GUARANTEED TO GET THEIR MONEY BACK WITHIN THE FIRST OR
22     SECOND DEAL.  THOSE ARE THE WORDS THAT THEY USED.
23             SO WE SAID, OKAY, WHERE IS THE GUARANTY?  AGAIN, WE
24     DON'T THINK ONE EXISTS.  THEY CAN SIMPLY SAY, THERE AREN'T
25     ANY DOCUMENTS THAT SUPPORT THAT.  IT'S ALL ORAL TESTIMONY, OR
```

COMPUTER-AIDED TRANSCRIPTION

Exhibit 1
- 7 -