David K. Schneider (CSB 139288)
YUNKER & SCHNEIDER
655 West Broadway, Suite 1400
San Diego, California 92101
Telephone: (619) 233-5500
Facsimile: (619) 233-5535
Email: dks@yslaw.com

Attorneys for Defendants,
TRUMP UNIVERSITY, LLC and
DONALD J. TRUMP

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>v.<br><br>TRUMP UNIVERSITY, LLC, et al.,<br><br>      Defendants. | Case No. 10cv0940GPC (WVG)<br><br><u>CLASS ACTION</u><br><br>DEFENDANTS' SUR-REPLY TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' DECLARATIONS<br><br>DATE:   8/16/13<br>TIME:   1:30 p.m.<br>CTRM:   2D |

Defendants submit this Sur-Reply to Plaintiffs' Motion to Strike. It addresses just four remarkable improprieties that – if not pointed out – could result in the Court being misled on material issues for certification. They are as follows:

1. The purported "new script" touted by plaintiffs is the <u>verbatim</u> text of what plaintiffs have called "THE script" in their previous papers (Plf. Ex. 86-Talking Points). Defendants produced that text <u>more than one year ago</u> on May 29, 2012 – long before plaintiffs filed their moving papers for certification. The "new script" is simply the exact same text in another format. It was recently located attached to a TU email, and produced immediately, but it remains irrelevant because neither it nor any other purported TU "script" contains any misrepresentations, nor is there any evidence that any "script" was ever actually used. The actual evidence is to the contrary.[1]

2. Plaintiffs argue that TU failed to disclose to its student declarants the nature of the lawsuit, or the purpose of their declarations, and so the declarations should be stricken under a Wisconsin employment case. *Sjoblom v. Charter Communications LLC* 2007 US Dist. Lexis 94829 (W.D. Wis. 2007*).* But, *Sjoblom* is not applicable because this case is not an employment matter in which an employer can exercise "coercive power" over its employees-declarants. To the contrary, TU has minimal or no current relationship with its former students-declarants, much less a coercive one. Moreover, *Sjoblom* turned on the concern that the employees were not even aware of the putative class action in that case, whereas here each TU former student confirmed <u>in their declaration</u> that he/she was aware of the class action, and that the declaration would be used in the lawsuit. Each former TU student also acknowledged that they provided the declaration "freely" and "voluntarily."[2] Last but not least, after TU submitted the student declarations, plaintiffs'

---

[1] This non-issue is thoroughly addressed and laid to rest in ECF 241, entitled *Defendants' Response to Plaintiffs' Submission of Supplemental Documents*. That filing was made in response to plaintiffs' second and even more argumentative filing of the "new script."

[2] See *Maddock v. KB Homes* 248 F.R.D. 229 (C.D. Cal. 2007), which is another employment case in which the court refused to strike employee declarations without evidence of improper or coercive conduct, which is completely absent here.

counsel contacted each declarant, told them they were eligible for a "possible refund," and asked if they would "cooperate" with plaintiffs' counsel and submit a new declaration adverse to TU.  Not one declarant agreed, and instead they stood by their declarations.

3. Plaintiffs submitted confusing and misleading excerpts from the recent deposition of one of TU's student declarants, namely Paula Levand.  However, plaintiffs kept from the Court the key point of Ms. Levand's testimony, namely that plaintiffs' counsel Amber Eck led Ms. Levand to believe Attorney Eck was affiliated with TU.  See ECF No. 241-2, Def. Ex. B.  Not until the third call from Ms. Eck, when Ms. Levand specifically asked her whether she represented the plaintiffs, did Attorney Eck finally admit that fact.  Moreover, multiple voicemail recordings left by Attorney Eck for two other TU student declarants prove that she did NOT identify herself as class counsel.  This was so even though it occurred after TU witness complaints about coercive tactics by plaintiffs' counsel led to warnings by TU counsel, a request by TU counsel that Judge Gallo intervene, a face-to-face "meet and confer" on the issue, and Attorney Eck's agreement in writing to identify herself as class counsel, identify who she represented, and state the purpose of her call to prevent "confusion" – none of which she did in the voicemails (See Plf. Ex. 150).

4. Plaintiffs now submit as "evidence" unsigned draft declarations prepared by plaintiffs' counsel that declarants refused to sign.  One such declarant stated that plaintiffs' counsel were pressuring her to sign a declaration (Plf. Ex. 146: TU-PLTF 02503).  It is evident the "coercion" that so concerned the *Sjoblom* court was never used by TU, but clearly was attempted by plaintiffs' counsel.

Respectfully submitted,

Dated:  July 16, 2013                    YUNKER & SCHNEIDER
                                         By:     s/David K. Schneider
                                                 David K. Schneider
                                                 Attorneys for Defendants
                                                 Email:  dks@yslaw.com

CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 16, 2013.

    s/David K. Schneider
    David K. Schneider

    YUNKER & SCHNEIDER
    655 West Broadway, Suite 1400
    San Diego, California 92101
    Telephone: (619) 233-5500
    Facsimile:  (619) 233-5535

    Email: dks@yslaw.com