ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON A. FORGE (181542)
jforge@rgrdlaw.com
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
THOMAS R. MERRICK (177987)
tmerrick@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
HELEN I. ZELDES (220051)
helenz@zhlaw.com
ALREEN HAEGGQUIST (221858)
alreenh@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
625 Broadway, Suite 1000
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Attorneys for Plaintiffs and Proposed Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>TRUMP UNIVERSITY, LLC, et al.,<br><br>　　　　　　　　Defendants. | No. 3:10-cv-0940-GPC(WVG)<br><br>CLASS ACTION<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND<br><br>JUDGE:　Gonzalo P. Curiel<br>DATE:　August 16, 2013<br>TIME:　TBD<br>CTRM:　2D (Schwartz) |

862644_1

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................ 1

II. PROCEDURAL HISTORY ........................................................................ 2

III. THE COURT SHOULD GRANT PLAINTIFFS LEAVE TO AMEND THEIR COMPLAINT ................................................................ 2

    A. Good Cause Supports Plaintiffs' Request for Leave to Amend ........... 2

    B. Granting Leave to Amend Is in the Interest of Justice ......................... 7

        1. Plaintiffs' Motion Is Not Brought in Bad Faith ......................... 8

        2. Plaintiffs Did Not Unduly Delay ................................................ 9

        3. Defendants Will Suffer No Undue Prejudice ............................. 9

        4. The Amendment Is Not Futile .................................................. 11

IV. CONCLUSION ........................................................................................ 12

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Aircraft Tech. Publishers v. Avantext*,
  No. C 07-4154 SBA, 2009 U.S. Dist. LEXIS 106526
  (N.D. Cal. Nov. 16, 2009) ................................................................................................. 8

*Capuano v. Kenneth Eisen & Assocs., Ltd.*,
  No. CV-11-02395-PHX-JAT, 2012 U.S. Dist. LEXIS 86720
  (D. Ariz. June 22, 2012) ............................................................................................ 2, 5, 9

*The Comm. Concerning Cmty. Improvement v. The City of Modesto*,
  No. CV-F-04-6121 LJO DLB, 2011 U.S. Dist. LEXIS 13774
  (E.D. Cal. Feb. 8, 2011) ............................................................................................ 10, 11

*DCD Programs v. Leighton*,
  833 F.2d 183 (9th Cir. 1987) .................................................................................. 7, 9, 11

*Eminence Cap., LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. Cal. 2003) .................................................................................. 9

*Foman v. Davis*,
  371 U.S. 178 (1962) ..................................................................................................... 7, 8

*Gen. Fire & Cas. Co. v. Guy Carpenter & Co.*,
  No. CV-05-251-S-LMB, 2007 U.S. Dist. LEXIS 15093
  (D. Idaho Mar. 2, 2007) ................................................................................................... 6

*Genetech, Inc. v. Abbott Labs.*,
  127 F.R.D. 529 (N.D. Cal. 1989) ............................................................................ 7, 9, 10

*Griggs v. Pace Am. Group, Inc.*,
  170 F.3d 877 (9th Cir. 1999) ........................................................................................... 8

*Henderson v. Rodriguez*,
  No. 1:08-cv-00188-LJO-DLB PC, 2009 U.S. Dist. LEXIS 123011
  (E.D. Cal. Dec. 23, 2009) ................................................................................................ 7

*Hynix Semiconductor, Inc. v. Toshiba Corp.*,
  No. C-04-4708-VRW, 2006 U.S. Dist. LEXIS 82148
  (N.D. Cal. Oct. 31, 2006) ......................................................................................... 11, 12

**Page**

*Isis Pharms. v. Santaris Pharma A/S Corp.*,
  No. 3:11-cv-2214-GPC-KSC, 2013 U.S. Dist. LEXIS 58916
  (S.D. Cal. Apr. 23, 2013) .................................................................................... 9

*Johnson v. Mammoth Recreations*,
  975 F.2d 604 (9th Cir. 1992) ........................................................................... 2, 3

*Kest v. Kest*,
  No. 96-55861, 1997 U.S. App LEXIS 34840 (9th Cir. Dec. 10, 1997) ............. 11

*Kilgore v. Keybank Nat'l Ass'n*,
  No. C08-02958 TEH, 2009 U.S. Dist. LEXIS 122776
  (N.D. Cal. Dec. 16, 2009) ............................................................................. 9, 10

*Lawrence v. Starbucks Corp.*,
  No. 08-Civ. 3134 (LTS) (JCF), 2009 U.S. Dist. LEXIS 114909
  (S.D.N.Y. Dec. 10, 2009) ................................................................................. 10

*Pablo v. Servicemaster Global Holdings, Inc.*,
  No. C 08-03894 SI, 2009 U.S. Dist. LEXIS 130353
  (N.D. Cal. June 22, 2009) ................................................................................... 8

*Robinson v. Twin Falls Highway Dist.*,
  233 F.R.D. 670 (D. Idaho 2006) ......................................................................... 2

*Seawright v. Ariz.*,
  No. CV-11-1304-PHX-JAT, 2012 U.S. Dist. LEXIS 82397
  (D. Ariz. June 13, 2012) ..................................................................................... 7

*Union Pac. R.R. Co. v. Nev. Power Co.*,
  950 F.2d 1429 (9th Cir. 1991) ........................................................................ 3, 7

*United States v. Webb*,
  655 F.2d 977 (9th Cir. 1981) .......................................................................... 7, 8

*Wehlage v. EmpRes Healthcare Inc.*,
  No. C 10-5839 CW, 2012 U.S. Dist. LEXIS 14157
  (N.D. Cal. Feb. 6, 2012) ................................................................................. 7, 8

**Page**

**STATUTES, RULES AND REGULATIONS**

18 U.S.C.
 §§1961-68 ............................................................................................................*passim*

Federal Rules of Civil Procedure
 Rule 15 ........................................................................................................................ 1, 7
 Rule 15(a) ............................................................................................................ 2, 7, 9, 11
 Rule 15(a)(2) ............................................................................................................... 1, 7
 Rule 16 .................................................................................................................. 1, 2, 3, 6
 Rule 16(b) ................................................................................................................... 2, 7
 Rule 16(b)(4) ................................................................................................................... 2

**STATUTES, RULES AND REGULATIONS**

Racketeer Influenced and Corrupt Organizations Act ............................................... 1

Black's Law Dictionary 159 (9th ed. 2009) ................................................................ 8

1  Pursuant to Rules 15 and 16 of the Federal Rules of Civil Procedure, Plaintiffs
2 John Brown, J.R. Everett, Sonny Low, Tarla Makaeff, and Ed Oberkrom (collectively,
3 "Plaintiffs") respectfully request leave to file their Fourth Amended Class Action
4 Complaint ("FAC").

**I.   INTRODUCTION**

6  Since the filing of Plaintiffs' July 31, 2012 motion for leave to file their Third
7 Amended Class Action Complaint ("TAC") to add several new class representatives,
8 Plaintiffs have uncovered critical evidence demonstrating that defendant Donald J.
9 Trump intended to defraud student-victims by promising Trump University, yet
10 delivering neither himself (Trump), nor a University.  This new evidence enables
11 Plaintiffs to streamline their allegations and reduce their total claims by adding a
12 single claim for Trump's violations of the Racketeer Influenced and Corrupt
13 Organizations Act ("RICO"), 18 U.S.C. §§1961-68.

14  Plaintiffs' proposed Fourth Amended Complaint ("FAC") contains four fewer
15 claims, 35 fewer pages, and drops all 49 Doe Defendants from the TAC.  The
16 proposed RICO claim will simplify the Court's consideration of Plaintiffs' motion for
17 class certification inasmuch as it is a federal cause of action based on a scheme and
18 evidence that are common to all Class Members.  And none of these improvements
19 will prejudice Defendants as they will not come at the cost of any additional "RICO
20 discovery" – Plaintiffs' discovery needs and demands will not change at all.

21  As the Court is aware, it "should freely give leave [to amend] when justice so
22 requires." Fed. R. Civ. P. 15(a)(2).  As set forth below, where newly developed and
23 discovered evidence enables a plaintiff to add a single claim that fully reflects the
24 harm done to a nationwide class, while reducing the number of overall claims,
25 allegations, and defendants and avoiding any prejudice to a defendant, justice requires
26 leave to amend.  Accordingly , Plaintiffs respectfully request leave to file a FAC (a
27 draft version of which is submitted as Exhibit A to the Declaration of Jason A. Forge,
28 filed concurrently herewith ("Forge Decl.")).

## II. PROCEDURAL HISTORY

Plaintiffs do not recite the entire procedural history of this class action as it is has been detailed elsewhere. *See, e.g.*, Dkt. No. 112-1. Since discovery commenced on October 7, 2011, Plaintiffs have engaged in intensive discovery efforts, including a dozen sets of written and documentary discovery requests, review of over 200,000 pages of documents, approximately 57 third-party subpoenas and FOIA requests, 16 depositions, 7 motions to compel, over 60 meet and confer letters, and hundreds of emails seeking relevant evidence.

The current scheduling order provides that parties may be joined and pleadings amended on or before July 31, 2012. Dkt. No. 92. Plaintiffs sought leave to file their TAC on July 31, 2012, to add three class representatives and their respective state consumer claims. Dkt. No. 112. However, since then, additional evidence has come to light that compels Plaintiffs to add a federal RICO claim.

## III. THE COURT SHOULD GRANT PLAINTIFFS LEAVE TO AMEND THEIR COMPLAINT

As Plaintiffs are moving to amend the TAC after the deadline to amend the pleadings, the Court may grant leave if good cause exists pursuant to Rule 16(b), and leave to amend is in the interest of justice under Rule 15(a). *See generally Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992) (motion seeking to amend pleadings is governed first by Rule 16(b) and secondarily by Rule 15(a)). Plaintiffs readily satisfy the standard for relief under both of these Rules.

### A. Good Cause Supports Plaintiffs' Request for Leave to Amend

Under Rule 16, a scheduling order may be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4); *Capuano v. Kenneth Eisen & Assocs., Ltd.*, No. CV-11-02395-PHX-JAT, 2012 U.S. Dist. LEXIS 86720, at *2 (D. Ariz. June 22, 2012). The relevant inquiry is the diligence of the party seeking amendment rather than any potential prejudice to the opposing party. *See Robinson v. Twin Falls Highway Dist.*, 233 F.R.D. 670, 672 (D. Idaho 2006). "The district court may modify

the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16, 1983 Advisory Committee Notes). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end."[1] *Id.* Notably, "[a]mendments seeking to add claims are to be granted more freely than amendments adding parties." *Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

Here, good cause exists due to recently-discovered facts that show a civil RICO claim is the most appropriate and efficient way to remedy the harm in this case. For example, for well over a year, Defendants have denied to Plaintiffs, this Court, and Magistrate Judge Gallo the existence of scripts for Trump University speakers. Defendant Trump University's former President Michael Sexton and several former instructors submitted sworn declarations to this Court denying the existence of speaker scripts. And even though such scripts were requested by Plaintiffs in October 2011, it was not until a year and a half later, in June 2013, that Defendants produced a "Preview Script – Version 3.0," which was an attachment to an email sent from Sexton to some of Trump University's primary instructors.[2]

Not only does Defendants' delay in producing the Script provide good cause, but the substance of the Script itself confirms that Trump University was a scheme to paint a false picture of Donald Trump being so integrally involved in Trump University that enrolling would be the functional equivalent of being taught by Donald Trump himself – of being his "Apprentice." Sexton's email transmitting the Preview Script across state lines also proves that Defendants used the interstate wires in furtherance of their scheme.

---

[1] Unless otherwise noted, citations are omitted and emphasis is added here and throughout.

[2] *See* Dkt. No. 239-1, Declaration of Jason A. Forge, Ex. 2.

Moreover, documents produced in June 2013 demonstrate that Defendants sent emails around the country with links to the promotional video made by Donald Trump ("Main Promotional Video"). In March 2012, Plaintiffs requested details regarding all date, times and locations in which the Main Promotional Video was shown, including any medium, and Defendants responded:

> The subject video was used periodically at various seminars. Responding Party does not have a record of dates and locations where and when the video may have been used. Instructors had great latitude in what information would be included in their presentations and decided whether to use the video. Defendants have produced recordings of Trump University programs. Plaintiffs can review those recordings to determine at which live seminars the video may have been shown.

Ex. B (Response of Trump University, LLC to Second Set of Interrogatories by Plaintiffs, dated May 29, 2012). This is not to say that Defendants' response was literally false, but it was not as complete as it would have been had Defendants revealed the many potential showings they had invited with their emails.

On April 26, 2013, however, Defendants produced an email sent to Plaintiff Makaeff's friend, which appears to include a link to the Main Promotional Video, and Plaintiffs found similar emails in Defendants' June 2013 document production that included links to the Main Promotional Video. It was not until these recent productions of documents that Plaintiffs became aware that Defendants had a pattern of using interstate wires to promote the scheme by emailing links to the Main Promotional Video.[3]

Additionally, on April 26, 2013, Plaintiffs obtained a copy of the New York State Education Department's ("NYSED") May 27, 2005 letter to Donald Trump, warning him that using the name "university" was illegal without a license, and asking

---

[3] Once Defendants produced the email sent to Plaintiff Makaeff's friend, counsel for Plaintiffs asked Ms. Makaeff to conduct a search of the email account to which her friend had apparently forwarded the subject email. Ms. Makaeff advised that the account had been dormant for years and thus forgotten about by her in searching for documents. At Plaintiffs' counsel's request, Ms. Makaeff searched the dormant email account for relevant emails and located the email forwarded by her friend. Thereafter, Plaintiffs produced the subject email and others from that account which they flagged for Defendants' attention in the cover letter to the production.

1  Trump to stop using the name "Trump University." Dkt. No. 221-1, Ex. 138,
2  NYSED000106-07. This letter was produced by the NYSED in response to a
3  Freedom of Information Act Request ("FOIA"). To date, Defendants *still* have not
4  produced this letter, though it was requested on October 11, 2011, saying they cannot
5  locate a copy. Based on documents not produced until January 25, 2013, Plaintiffs
6  now know that Defendants responded to the NYSED's 2005 demand by setting up a
7  fictitious office in Dover, Delaware, and continuing to operate out of their 40 Wall
8  Street office in New York for *5 years*. On March 30, 2010, the NYSED wrote to
9  Donald Trump and again advised that use of the title "university" was "misleading"
10 and illegal. Dkt. No. 195-1, Ex. 67 at TU 129856-57. And on June 15, 2010, NYSED
11 directed Defendants to cease further training until Trump University obtained a
12 license. Dkt. No. 195-1, Ex. 68, NYSED000067-68. The NYSED demanded: "***All***
13 ***current students should be refunded***" and that failure to comply with the law "may
14 result in disciplinary action." *Id.* Defendants did not give refunds to all their current
15 students, but they did cease selling their Live Events shortly thereafter. Plaintiffs did
16 not receive this correspondence until after the deadline to amend pleadings had run.
17       Further, since July 2012, Plaintiffs have taken the depositions of Messrs. Trump
18 and Sexton and discovered how little Mr. Trump was really involved in Trump
19 University. These depositions also confirmed that Mr. Trump was not meaningfully
20 involved in the curriculum for the Live Events, did not select the instructors for the
21 Live Events, whom he had promised to handpick, and that Trump University did not
22 teach Mr. Trump's real estate investing "secrets." Among the nearly 50,000 pages of
23 documents produced since last July are other highly relevant documents that bolster
24 Plaintiffs' claims, such as communications with the Better Business Bureau ("BBB"),
25 the various Attorneys General, and other governmental agencies.
26       The delays in Defendants' production of highly relevant documents in this case
27 were not anticipated by Plaintiffs or the Court in setting the deadline for amending the
28 Complaint. *See Capuano*, 2012 U.S. Dist. LEXIS 86720, at *5-*6 (granting leave to

1  amend under Rule 16 because plaintiffs had been seeking requested phone calls for
2  several months and did not receive them until after deadline ran).  Plaintiffs have been
3  diligent in seeking the evidence that they need in this case, resorting in many instances
4  to seeking them from third parties, former employees, and independent contractors to
5  make sure they can timely prosecute their class claims.

6  It is not unreasonable to allow Plaintiffs to file a motion to amend while
7  discovery is ongoing. *See Gen. Fire & Cas. Co. v. Guy Carpenter & Co.*, No. CV-05-
8  251-S-LMB, 2007 U.S. Dist. LEXIS 15093, at *7-*8 (D. Idaho Mar. 2, 2007)
9  ("[M]odifying the scheduling order to allow Defendant to file a motion to amend the
10 pleadings is not unreasonable at this juncture in the proceedings, as a number of
11 deadlines set forth in the initial scheduling order have been extended and the parties
12 are still in the midst of discovery.").  Indeed, since the deadline to amend the
13 pleadings, Defendants have produced nearly 50,000 pages of documents, and the
14 parties are still working through a number of discovery disputes regarding recently-
15 produced documents, such as other iterations of the Preview Script, which Plaintiffs
16 have not yet received.[4]  Similarly, Plaintiffs are attempting to take the depositions of
17 several instructors who would have received the Preview Script.

18 Finally, as this Court is aware, Defendants have been extremely aggressive in
19 their opposition to class certification.  To say Defendants' filings have been
20 voluminous would be putting it mildly.  In opposing class certification, Defendants
21 have challenged the commonality of a nationwide class.  Thus, Plaintiffs believe their
22 motion for class certification will be greatly simplified by a federal RICO claim that
23 enables Plaintiffs to plead and prove a common scheme with common evidence, as the
24 draft FAC demonstrates.

---

[4] For example, the Preview Script recently produced is entitled "Preview Script – Version 3.0," (Dkt. No. 239-1, Ex. 2) but Defendants still have not produced Version 1.0 or 2.0.

As the Supreme Court has stated, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiffs have established good cause under Rule 16(b) and respectfully request leave to file the FAC.

### B. Granting Leave to Amend Is in the Interest of Justice

The Court also considers whether leave to amend is proper under Rule 15. Under Rule 15(a)(2), leave to amend should be "freely given when justice so requires." *Henderson v. Rodriguez*, No. 1:08-cv-00188-LJO-DLB PC, 2009 U.S. Dist. LEXIS 123011, at *1-*2 (E.D. Cal. Dec. 23, 2009). "Rule 15(a)'s policy of favoring amendments to pleadings thus should be applied with 'extreme liberality.'" *Wehlage v. EmpRes Healthcare Inc.*, No. C 10-5839 CW, 2012 U.S. Dist. LEXIS 14157, at *6 (N.D. Cal. Feb. 6, 2012) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

Leave to amend lies in the sound discretion of this Court. However, the Court's discretion "'must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *Webb*, 655 F.2d at 979). Courts more readily grant leave to amend pleadings to add new claims than to add new parties. *Union Pac. R.R. Co.*, 950 F.2d at 1432; *see, e.g.*, *Genetech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-32 (N.D. Cal. 1989) (granting leave to amend to add new claims); *Seawright v. Ariz.*, No. CV-11-1304-PHX-JAT, 2012 U.S. Dist. LEXIS 82397, at *14 (D. Ariz. June 13, 2012) (granting leave to add new allegations against defendants).

The Supreme Court emphasizes that leave to amend should be freely granted, absent the presence of several factors:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to

1
2
>    the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

3  *Foman*, 371 U.S. at 182. "Generally, this determination should be undertaken with all
4  inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d
5  877, 880 (9th Cir. 1999).

6  Of the factors set forth in *Foman*, "[t]he Ninth Circuit holds that these factors
7  are not of equal weight, and that delay alone is an insufficient ground for denying
8  leave to amend." *Wehlage*, 2012 U.S. Dist. LEXIS 14157, at *6 (citing *Webb*, 655
9  F.2d at 980). Further, "[o]nce a plaintiff has given a legitimate reason for amending
10 the complaint, the burden shifts to the defendant to demonstrate why leave to amend
11 should not be granted." *Pablo v. Servicemaster Global Holdings, Inc.*, No. C 08-
12 03894 SI, 2009 U.S. Dist. LEXIS 130353, at *3 (N.D. Cal. June 22, 2009).

13 **1.    Plaintiffs' Motion Is Not Brought in Bad Faith**

14 As discussed above, Plaintiffs have proffered legitimate reasons for seeking
15 leave to amend their complaint to add a civil RICO claim against Donald Trump. To
16 determine whether a party is acting in bad faith, the Court examines the movant's
17 dishonesty of belief or purpose. *See generally* Black's Law Dictionary 159 (9th ed.
18 2009); *see also Aircraft Tech. Publishers v. Avantext*, No. C 07-4154 SBA, 2009 U.S.
19 Dist. LEXIS 106526, at *5-*6 (N.D. Cal. Nov. 16, 2009) ("showing of bad faith
20 requires more than negligent or dilatory conduct").

21 Here, Plaintiffs' motives are to ensure that the thousands of "students"
22 nationwide who fell prey to Trump's scheme will get the relief they are due, and
23 hopefully deter further misconduct. Plaintiffs do not lightly move this Court to add
24 the RICO claims, but recently-discovered evidence since the filing of their motion for
25 leave to amend last July has made it readily apparent that RICO better reflects the
26 fraudulent scheme in which Trump engaged. Moreover, Plaintiffs are bringing this
27 motion prior to any discovery cutoff (which has not yet been set) and prior to the
28 setting of a trial date in the case. Plaintiffs' motion is not brought in bad faith.

1               **2.     Plaintiffs Did Not Unduly Delay**

2       At the outset, delay alone does not justify denying a motion to amend. *See*
3  *DCD Programs*, 833 F.2d at 187. When considering undue delay, courts inquire as to
4  whether the movant knew or should have known of the facts and theories raised in
5  their proposed amended complaint, although this consideration by itself is not
6  dispositive in denying a motion to amend. *See Capuano*, 2012 U.S. Dist. LEXIS
7  86720, at *11.

8       In *Isis Pharms. v. Santaris Pharma A/S Corp.*, No. 3:11-cv-2214-GPC-KSC,
9  2013 U.S. Dist. LEXIS 58916, at *11-*12 (S.D. Cal. Apr. 23, 2013), this Court found
10 that any delay by Plaintiff was reasonable "[g]iven the complexity of the case and the
11 number of documents produced in the limited discovery that ha[d] occurred thus far."
12 *Id*. Here, too, over 150,000 pages of documents have been produced by Defendants,
13 nearly 50,000 pages of which were produced since the deadline to amend the
14 pleadings ran. In addition, as detailed above, a number of new facts recently came to
15 light – as recently as June of 2013, and Plaintiffs believe additional testimony and
16 relevant documents still have not been produced. Accordingly, Plaintiffs have ***not***
17 delayed unduly in seeking leave to amend. *See, e.g.*, *Kilgore v. Keybank Nat'l Ass'n.*,
18 No. C08-02958 TEH, 2009 U.S. Dist. LEXIS 122776 (N.D. Cal. Dec. 16, 2009)
19 (granting leave to amend as a few months' delay is not undue).

20              **3.     Defendants Will Suffer No Undue Prejudice**

21      Further, granting leave will not cause Defendants undue prejudice, and
22 Defendants cannot meet their burden to show otherwise. "Absent prejudice, or a
23 strong showing of any of the [other factors], there exists a presumption under Rule
24 15(a) in ***favor of granting leave*** to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316
25 F.3d 1048, 1052 (9th Cir. Cal. 2003). Prejudice to the non-movant is not undue where
26 leave to amend would merely "add time and expense to the defense." *Capuano*, 2012
27 U.S. Dist. LEXIS 86720, at *12-*13. This is particularly true where there are changed
28 circumstances such as the discovery of new evidence. *Genentech*, 127 F.R.D. at 531.

1  Here, the RICO claim effectively combines the most significant aspects of the
2 legal allegations of common law and consumer fraud that Plaintiffs previously pled in
3 their TAC, but uses newly-discovered, stronger evidence to prove this claim with
4 dramatically streamlined factual allegations. Plaintiffs have already produced all their
5 relevant documents, they have already participated in depositions, and discovery is
6 ongoing. Importantly, the RICO claim will not require *any* different discovery than
7 what Plaintiffs have already been in the process of developing in order to prove their
8 common law and consumer fraud claims on behalf of themselves and the Class.

9  Regardless, the need for additional discovery is insufficient by itself to deny a
10 proposed amended pleading. *The Comm. Concerning Cmty. Improvement v. The City
11 of Modesto*, No. CV-F-04-6121 LJO DLB, 2011 U.S. Dist. LEXIS 13774, at *9 (E.D.
12 Cal. Feb. 8, 2011). Courts have held that "the adverse party's burden of undertaking
13 discovery, standing alone, does not suffice to warrant denial of a motion to amend."
14 *Lawrence v. Starbucks Corp.*, No. 08-Civ. 3134 (LTS) (JCF), 2009 U.S. Dist. LEXIS
15 114909, at *12 (S.D.N.Y. Dec. 10, 2009) (defendants not prejudiced by minimal
16 amount of discovery required by adding three new plaintiffs even after discovery); *see
17 also Genentech, Inc.*, 127 F.R.D. at 531 (delays such as deposing numerous witnesses
18 across the country and document searches and written discovery did not constitute
19 undue prejudice).

20  Equally important, Plaintiffs' proposed FAC does not add any new parties, and
21 it strikes all the "Doe" defendant allegations from prior iterations of the complaint.
22 Moreover, the FAC streamlines the allegations of the complaint, cutting the complaint
23 down by 35 pages and withdraws four causes of action and one named plaintiff. As
24 such, the FAC would mean fewer defendants face fewer allegations and fewer claims
25 by fewer named plaintiffs, thereby potentially expediting the litigation. *See, e.g.*,
26 *Kilgore*, 2009 U.S. Dist. LEXIS 122776 (granting leave to amend and noting that the
27 proposed amendments would address issues preemptively and possibly expedite the
28 litigation).

1    Defendants will not be unduly prejudiced by the FAC because there is no
2 discovery cut-off and no trial date set in this case. In any event, any potentially
3 minimal prejudice Defendants may claim would not justify denial of leave to amend
4 under the circumstances. After all, it is Defendants who delayed in the production of
5 highly-relevant documents. Moreover, any arguable delay due to the filing of the
6 proposed FAC is outweighed by the interests of justice in allowing Plaintiffs and
7 Class members to avail themselves of the remedies provided under the federal RICO
8 statute. *See DCD Programs*, 833 F.2d at 186.

9    Defendants will not be able to carry their burden to show undue prejudice.

10    **4.    The Amendment Is Not Futile**

11    Finally, leave to amend should not be denied on the basis that the proposed
12 amendment would be futile. "Courts rarely deny a motion for leave to amend for
13 reason of futility." *Hynix Semiconductor, Inc. v. Toshiba Corp.*, No. C-04-4708-
14 VRW, 2006 U.S. Dist. LEXIS 82148, at *5 (N.D. Cal. Oct. 31, 2006). Before
15 discovery is complete, an amendment is futile only if "no set of facts can be proved
16 under the amendment to the pleadings that would constitute a valid and sufficient
17 claim or defense." *Kest v. Kest*, No. 96-55861, 1997 U.S. App LEXIS 34840, at *12
18 (9th Cir. Dec. 10, 1997); *City of Modesto*, 2011 U.S. Dist. LEXIS 13774, at *13-*14.
19 Indeed, "[i]n view of Rule 15(a)'s permissive standard, courts ordinarily defer
20 consideration of challenges to the merits of a proposed amended pleading until after
21 leave to amend is granted and the amended pleading is filed." *Hynix*, 2006 U.S. Dist.
22 LEXIS 82148, at *6.

23    Here, the Court has largely upheld Plaintiffs' common law and consumer fraud
24 claims in prior complaints over Defendants' motions to dismiss. *See* Dkt. Nos. 33, 69,
25 and 70. Adding the RICO claim, based on mail- and wire-fraud predicates, and with
26 the newly-discovered evidence supporting even stronger allegations, will not change
27 the fact that Plaintiffs' fraud claims are legally sufficient. Any argument by
28 Defendants to the contrary would not only be a premature attempt at a determination

1  on the merits of the RICO claim, but it would also fail because Plaintiffs now have the
2  evidence to prevail on the merits of the RICO claim. *See, e.g.*, *Hynix*, 2006 U.S. Dist.
3  LEXIS 82148, at *6-*7 (rejecting arguments of futility on the basis that the opposing
4  party was attempting to convert a motion for leave to amend into a summary judgment
5  motion).

6  For these reasons, Defendants cannot carry their burden to show futility.

## IV.   CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully ask the Court to grant their motion for leave to file their proposed FAC.

DATED: August 2, 2013

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON A. FORGE
RACHEL L. JENSEN
THOMAS R. MERRICK

                   s/ Jason A. Forge
                  JASON A. FORGE

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK
HELEN I. ZELDES
ALREEN HAEGGQUIST
AARON M. OLSEN
625 Broadway, Suite 1000
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Attorneys for Plaintiffs and Proposed Class

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 2, 2013.

    s/ Jason A. Forge
JASON A. FORGE

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:jforge@rgrdlaw.com

862644_1

3:10-cv-0940-GPC(WVG)

# Mailing Information for a Case 3:10-cv-00940-GPC-WVG Makaeff v. Trump University, LLC et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com

- **Jason A Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,llendzion@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Aaron M. Olsen**
  aarono@zhlaw.com,winkyc@zhlaw.com

- **David Keith Schneider**
  dks@yslaw.com,ewb@yslaw.com,efb@yslaw.com

- **Stephen F Yunker**
  sfy@yslaw.com,ewb@yslaw.com,efb@yslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)