David K. Schneider (CSB 139288)
YUNKER & SCHNEIDER
655 West Broadway, Suite 1400
San Diego, California 92101
Telephone: (619) 233-5500
Facsimile: (619) 233-5535
Email: dks@yslaw.com

Attorneys for Defendants,
TRUMP UNIVERSITY, LLC, et al.

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TRUMP UNIVERSITY, LLC, et al.,<br><br>    Defendants. | Case No. 3:10-cv-0940-GPC (WVG)<br><br>**DECLARATION OF DAVID K. SCHNEIDER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND**<br><br>JUDGE:   Hon. Gonzalo P. Curiel<br>DATE:    8/30/13<br>TIME:    1:30 PM<br>CTRM:   2D (Schwartz) |

I, David K. Schneider, declare:

I am an attorney at law, licensed to practice before this Court, and am a partner with the law firm of Yunker & Schneider, counsel of record for defendants Trump University, LLC ("TU") and Donald J. Trump. I make this declaration of my own personal knowledge, and if called to testify, I could and would testify competently to the facts stated herein.

/ / /

/ / /

/ / /

1. I have handled virtually all of the briefing and discovery in this matter since the original complaint in April 2010. I took, defended or attended all 16 depositions conducted in the case, and I have been responsible for Defendants' production of documents and review of Plaintiffs' productions.

2. Plaintiffs named The Trump Organization as a co-conspirator in the proposed Fourth Amended Complaint ("4thAC") on the basis that it allegedly "shared a computer server" with Trump University. Almost one year ago, former TU President Michael Sexton testified to the exact opposite in his deposition. Attached hereto as **Exhibit 1** is a true and correct copy of Mr. Sexton's testimony to that effect.

3. Discovery in this matter has been extensive and voluminous. Discovery began in October 2011. Plaintiffs have since propounded six sets of Requests for Production of Documents, and in response Defendants have produced tens of thousands of documents totaling about 170,000 pages. Plaintiffs have served four sets of interrogatories. The parties have taken 16 depositions and served about 75 subpoenas.

4. I have reviewed and compared Plaintiffs' proposed 4thAC to the Third Amended Complaint ("TAC"). The 4thAC is a re-write of the TAC with no substantive change other than adding the RICO claims and allegations and re-focusing the case against Donald Trump personally:

   (a) Attached as **Exhibit 2** is a true and correct copy of Plaintiffs' "blue line" of the proposed 4thAC. The computer generated comparison of the TAC and proposed 4thAC indicates that of the 42,803 words in the two documents, the 4thAC has only 6,462 matching words (not including "block matches," which may be quotes from the website, ads, etc.). That means that the 4thAC <u>appears</u> to be a complete re-write with only <u>15%</u> of the TAC unchanged.

   (b) However, the <u>reality</u> shown by careful review of the "blue line" is that most of the changes in the factual allegations from the TAC to the 4thAC are mere reordering of the <u>same allegations</u> in the text, with minor changes in phrasing and a re-emphasis of claims against Mr. Trump.

(c) The 4<sup>th</sup>AC eliminates five claims (i.e., two contract claims against TU, money had and received, false promise and negligent misrepresentation). Plaintiffs previously advised the Court in their moving papers for class certification that they were not seeking certification on those latter three causes of action (ECF 122-1: p. 4, fn. 4).

5. Plaintiffs state that they have dropped a named plaintiff, presumably Brandon Keller. However, Plaintiffs advised the Court in their class certification moving papers that Mr. Keller no longer sought to be a class representative. Plaintiffs have not disclosed the reason why Mr. Keller is no longer a named plaintiff, but the Court may recall from Defendants' opposition to class certification that Mr. Keller stated that TU "training was excellent, best real estate training I have gone to" (ECF 143, Def. Ex. 25-5148), and after joining the suit as a named plaintiff, he tried to buy even more TU programs. Also, after joining the suit as a named plaintiff, he specifically requested, in writing, that a TU mentor work with him (ECF 143-1: Ex. 66).

6. The original complaint, FAC, SAC, and other Plaintiff filings and discovery responses also contain many allegations of all the predicate facts for the RICO claims in the 4thAC. Attached hereto as **Exhibit 3** is a table showing the allegedly "new" allegations claimed in the 4thAC concerning the purported "scheme," and then the specific location in Plaintiffs' previous pleadings, verified discovery responses and/or documents of identical or similar allegations. True and correct copies of the materials referenced in the table are also attached.

7. Attached hereto as **Exhibit 4** is a table with supporting exhibits prepared by Plaintiffs and submitted by them as Exhibit 79 with their reply papers for class certification. It lists over 50 documents with over 250 pages supposedly supporting Plaintiffs' arguments of TU "advertisement misrepresentations & omissions" concerning: (i) "Donald Trump actively involved in Trump University"; (ii) "Donald Trump 'handpicked' the expert faculty of Trump University"; and (iii) "Donald Trump's proven formula and real estate secrets". Many of the listed documents and attached exhibits are "mailed" or "wired" communications.

8. Attached hereto as **Exhibit 5** is a table showing the allegedly "new" allegations claimed in the 4thAC concerning the purported "mail fraud" materials, and then the specific location in Plaintiffs' previous pleadings, verified discovery responses and/or documents of identical or similar allegations. True and correct copies of the materials referenced in the table are also attached.

9. Attached hereto as **Exhibit 6** is a table showing the allegedly "new" allegations claimed in the 4thAC concerning the purported "wire fraud" materials (credit card transactions), and then the specific location in Plaintiffs' previous pleadings, verified discovery responses and/or documents of identical or similar allegations. True and correct copies of the materials referenced in the table are also attached, as well as documents Plaintiffs produced of their credit card transactions that Plaintiffs have had in their possession before filing the original Complaint in 2010.

10. Attached hereto as **Exhibit 7** is a table showing the allegedly "new" allegations claimed in the 4thAC concerning the purported "wire fraud" materials (emails), and then the specific location in Plaintiffs' previous pleadings, verified discovery responses and/or documents of identical or similar allegations. True and correct copies of the materials referenced in the table are also attached.

11. Attached as **Exhibit 8** are true and correct copies of additional pleadings and documents confirming that Plaintiffs made identical or substantially similar allegations or arguments in earlier pleadings and/or verified discovery responses or documents prior to the amendment deadline about TU's use of "wire" communications (i.e., Internet website, email, etc.) and mail communications.

12. The re-named "Main Promotional Video" was produced to Plaintiffs in January 2012, six months before Plaintiffs filed their TAC and nine months before Plaintiffs filed their class certification motion. The term "Main Promotional Video" is Plaintiffs' new name for a 2005 video of Mr. Trump promoting TU. It was posted on the Internet between 2006 and 2008, and produced to Plaintiffs in January 2012 – more than six months before the amendment deadline.

13. In March 2012, Plaintiffs referenced and quoted the video in <u>verified</u> discovery responses. They claimed it was evidence of misconduct by Mr. Trump. This was <u>four months</u> before the amendment deadline.

14. Plaintiffs cited the video in their certification moving papers in September 2012, which was eleven <u>months</u> before bringing this motion. Plaintiffs actually filed the video with their moving papers (Pltf. Ex. 1) seeking class certification, and referred to it in their moving papers. Plaintiffs also filed the YouTube version as Pltf. Ex. 2, referenced in their Motion to Allow the Non-Electronic Filing of Videos. (ECF 118). Attached hereto as **Exhibit 9** is table showing the allegedly "new" allegations claimed in the 4$^{th}$AC regarding the video and the specific location in Plaintiffs' previous pleadings, verified discovery responses and/or documents of identical or similar allegations. True and correct copies of the materials referenced in the table are also attached.

15. Based on their testimony, none of the named Plaintiffs ever saw the video online. Attached hereto as **Exhibit 10** are true and correct copies of the deposition testimony of plaintiffs (Makaeff Depo. (1/30/12), 100:10-15; Keller Depo. (1/17/12), 109:10-110:12; 111:3-23; Oberkrom Depo. (4/11/12), 91:16-25; Everett Depo. (10/3/12), 107: 3-10; 149:17-150:4, Low Depo. (10/4/12), 25:5-23; 37:8-13; 188:11-13; Brown Depo. (10/8/12), 41:9-42:25).

16. Plaintiffs Low and Everett testified that they never saw the video. Attached hereto as **Exhibit 11** are true and correct copies of that deposition testimony (Low Depo., 188:11-13; Everett Depo., 107:3-10; 149:17-24).

17. The 4$^{th}$AC alleges that Plaintiffs Makaeff, Oberkrom, and Brown saw the video at a TU "Live Event" seminar. However, Plaintiff Makaeff denied ever seeing it when she was first deposed about it (Makaeff Depo. taken 1/30/12, 109:4-13; 115:2-7). Attached hereto as **Exhibit 12** is true and correct copy of her deposition testimony to that effect.

18. On February 8, 2012, five months before the deadline to amend, Defendants produced TU's entire website, including previous versions. The production of the website

5   Case No. 3:10-cv-0940-GPC (WVG)
DECLARATION OF DAVID K. SCHNEIDER

totaled 6,935 pages. Plaintiffs heavily cited, and in fact "cut and pasted," portions of the TU website with Mr. Trump's picture and purported misrepresentations in their original Complaint (¶ 15), the FAC (¶ 30), the SAC (¶ 34) and TAC (¶ 42). Plaintiffs also cite various Trump University websites in the footnotes to every version of the Complaint. In short, Plaintiffs have been well aware of TU's website, and Mr. Trump's presence on it, and the purported misrepresentations by him on the website (i.e., so-called wire fraud) since <u>before</u> they ever filed suit in 2010, and they have repeated verbatim allegations to the same effect in the FAC, SAC and TAC ever since. Similarly, in February 2012, five months before the amendment deadline, and seven months before they filed their motion for class certification, Defendants produced to Plaintiffs 1,015 pages of ads, marketing materials, blogs, etc. that TU mailed or emailed to prospective students or were available online.

19. On May 29, 2012, defendants produced the verbatim content of the script with the corresponding PowerPoint slides that Plaintiffs have referred to as "Talking Points." That was 15 months ago – long before the deadline to amend, and in fact, two months <u>before</u> Plaintiffs filed their TAC.

20. Plaintiffs included in their Reply papers for certification the identical version of the script ("Talking Points") as Plaintiffs' Ex. 86. Plaintiffs now claim that the "substance" of the script is vital (Pltf. MPA, ECF 248-1, p.3). However, Plaintiffs did not include this "crucial" evidence with their certification moving papers, despite it being produced to them <u>four months</u> before those papers were due. Attached hereto as **Exhibit 13** is table showing the allegedly "new" allegations claimed in the 4[th]AC regarding the script and the specific location in Plaintiffs' previous pleadings, verified discovery responses and/or documents of identical or similar allegations. True and correct copies of the materials referenced in the table are also attached.

21. Plaintiff Makaeff testified that she attended a 3-day TU seminar as the guest of her then-friend, Ms. Nguyen. Prior to the seminar, Ms. Nguyen apparently forwarded to Makaeff an email dated 7/29/08 from TU to Ms. Nguyen confirming her attendance. In

1  that email was a reference to a video, presumably the so-called "Main Promotional
2  Video."  A true and correct copy of the email is attached hereto as **Exhibit 14**.
3     22.   The 7/29/08 email (**Ex. 14**) came to light when TU received it in response to
4  TU's subpoena to Ms. Nguyen.  TU then produced a courtesy copy of it <u>to</u> Plaintiffs.
5  Only then did Plaintiffs re-produce Plaintiff Makaeff's identical copy back to Defendants.
6  Makaeff now admits that she has had the 7/29/08 email in her possession since July 2008
7  – more than five years (Pltf. MPA, ECF 248-1, p.4, fn.3).
8     23.   TU had many URLs/domains that directed Internet visitors to the TU web
9  site.  On that website, during various periods of time, visitors had access to the video.
10 Many other letters and emails to prospective students included TU's various web
11 addresses, and TU produced those to Plaintiffs in 2012, prior to the deadline to amend and
12 prior to Plaintiffs' filing their motion for class certification.  Attached as **Exhibit 15** is a
13 table showing the exemplar ads, marketing materials, invitations, etc., with TU's various
14 websites listed and/or invitations to visit the site, and true and correct copies of the
15 materials referenced in the table are also attached.  TU produced these documents long
16 before the amendment deadline.  Also attached to this exhibit are similar documents
17 <u>Plaintiffs</u> produced that Plaintiffs had in their possession <u>pre-dating</u> the original
18 Complaint in 2010.
19    24.   As early as 4/28/<u>10</u>, Plaintiff Makaeff exchanged emails with the NYSED
20 about the "University name" issue.  Attached hereto as **Exhibit 16** is a table showing the
21 allegedly "new" allegations claimed in the 4thAC concerning the purported "University
22 name," and then the specific location in Plaintiffs' previous pleadings, verified discovery
23 responses and/or documents of identical or similar allegations.  True and correct copies of
24 the materials referenced in the table, including Ms. Makaeff's emails with the NYSED,
25 are also attached.
26 / / /
27 / / /
28 / / /

25. In Plaintiffs' unsuccessful anti-SLAPP brief filed on 6/30/10, Plaintiffs argued as follows: "The New York Department of Education also recently demanded that Trump University remove the word 'University' from its title, insisting that the 'use of the word 'university' by your corporation is misleading and violates New York Education Law and the Rules of the Board of Regents.'"  (See ECF 14-1, p. 4.)

26. Plaintiffs' FAC, SAC and TAC all contain essentially the same allegations concerning the NYSED "University" name issue (Complaint, ¶36, FAC ¶54 and SAC ¶58) (**Ex. 16**).

27. Plaintiffs originally noticed the depositions of Mr. Sexton and Mr. Trump for the week of June 25, 2012 (after nearly two years of litigation and eight months of discovery).  Within eight days of receiving the deposition notices, I wrote Plaintiffs' counsel to confirm Messrs. Trump and Sexton's availability during that week, as noticed, and long before the deadline to amend.  However, Plaintiffs immediately canceled those depositions, and – despite being offered several additional dates in July, August, and September – Plaintiffs opted for the eventual deposition dates of 8/22 and 9/12.  Attached to this Declaration as **Exhibit 17** are true and correct copies of the email exchange between counsel in which Plaintiffs canceled the confirmed June dates and instead re-set the depositions in August and September.

28. Plaintiffs served three more sets of Requests for Production, with 26 extensive requests, after the 7/31/12 deadline to amend.  Defendants produced voluminous documents in response to those requests, and also in response to Plaintiffs' additional request in late 2012 to produce voluminous emails based on Plaintiffs' selected search terms, which defendants did voluntarily.

29. Since filing the original Complaint in 2010, and included in every iteration of the Complaint since, Plaintiffs have specifically alleged – and referred to documents – concerning the BBB, AG and other government agencies.  Attached as **Exhibit 18** is a table reflecting earlier filings and verified discovery responses clearly referring to BBB, AG and other government agency complaints.

8   Case No. 3:10-cv-0940-GPC (WVG)
DECLARATION OF DAVID K. SCHNEIDER

30.     Plaintiffs' proposed RICO claims and the 4th AC constitute a complete re-write and redirection of the case against Mr. Trump individually, on wholly new quasi-criminal theories. The alleged facts remain the same, but the proposed new complaint and new theories will require extensive testing for legal sufficiency by motion, and extensive discovery if they survive that testing. For example:

(a)     Plaintiffs have no standing to bring the claims as they all conceded that they never saw the video online. Makaeff also testified she never saw any TU ads or marketing materials before purchasing TU products and services. Defendants will incur the time and expense to file a Motion to Dismiss to challenge Plaintiffs' standing and the viability of the claims.

(b)     Assuming Plaintiffs can survive that legal challenge, Defendants would need to re-depose all six named Plaintiffs to learn exactly which "mail" or "wire" communications they now claim they saw, relied on, and how it caused direct injury. Defendants would need to re-depose each Plaintiff on the re-write and redirection of the pleadings as well, which changed focus to Mr. Trump.

(c)     In addition to having to re-do significant discovery, Defendants would be prejudiced in additional ways. For example, Defendants prepared their defense of the case – including the manner in which they developed evidence and testimony – based on the SAC and then the "final" TAC. The vast bulk of the discovery has been completed, and certainly all class-related discovery has been completed. All parties' theories, evidence, positions, defenses, etc. are laid out in the long-completed class certification briefing – in full – for the Court and opposing parties. Adding completely new causes of action with different elements, reliance issues, and damages plus a re-focus on Mr. Trump personally – more than three years into the litigation – and after all briefing is completed would require Defendants to also change their focus of the defense at this late date, significantly prejudicing Mr. Trump and TU.

/ / /

/ / /

1  I declare under penalty of perjury according to the laws of the United States that the foregoing is true and correct.

Respectfully submitted,                    YUNKER & SCHNEIDER

Dated:  August 16, 2013            By:      s/David K. Schneider
                                             David K. Schneider
                                             Attorneys for Defendants
                                             TRUMP UNIVERSITY, LLC, et al.
                                             Email:  dks@yslaw.com

## INDEX OF EXHIBITS

| Exhibit No. | Description | Page Nos. |
|---|---|---|
| 1 | Deposition of Michael Sexton, Vol. I, taken 8/22/12 **(Sealed)** | 13-15 |
| 2 | "Blue line" comparison of Plaintiffs' TAC and proposed 4thAC | 16-185 |
| 3 | Table re allegedly "new" allegations re "scheme" and prior references by Plaintiffs and attached copies of materials referenced in the table | 186-212 |
| 4 | Plaintiffs' Reply to Class Cert Ex. 79 re Arguments of TU "advertisement misrepresentations & omissions" | 213-236 |
| 5 | Table re allegedly "new" allegations re "mail fraud" and prior references by Plaintiffs and attached copies of materials referenced in the table | 237-249 |
| 6 | Table re allegedly "new" allegations re "wire fraud" (credit cards) and prior references by Plaintiffs and attached copies of materials referenced in the table (**Pages 265-289 Sealed**) | 250-289 |
| 7 | Table re allegedly "new" allegations re "wire fraud" (emails) and prior references by Plaintiffs and attached copies of materials referenced in the table | 290-295 |
| 8 | Table showing Plaintiffs' prior identical or substantially similar allegations or arguments re TU's use of "wire" and mail **(Pages 352-353 Sealed)** | 296-353 |
| 9 | Table re allegedly "new" allegations claimed in the 4thAC regarding the video and prior references by Plaintiffs and attached copies of materials referenced in the table (**Page 365 Sealed**) | 354-365 |
| 10 | Deposition of Tarla Makaeff taken 1/30/12; Deposition of Brandon Keller taken 1/17/12; Deposition of Ed Oberkrom, taken 4/11/12; Deposition of J.R. Everett, taken 10/3/12; Deposition of Sonny Low, taken 10/4/12; and Deposition of John Brown, taken 10/8/12 re none saw video online | 366-385 |
| 11 | Deposition of Sonny Low, taken 10/4/12 and Deposition of J.R. Everett, taken 10/3/12 re never saw video | 386-391 |
| 12 | Deposition of Tarla Makaeff taken 1/30/12 re denied seeing promotional video at live event seminar | 392-395 |
| 13 | Table re allegedly "new" allegations claimed in the 4thAC regarding the script and prior references by Plaintiffs and attached copies of materials referenced in the table (**Page 398-400 Sealed**) | 396-400 |
| 14 | Email from Ms. Nguyen to Ms. Makaeff forwarding TU confirmation email dated 7/29/08 | 401-403 |

| Exhibit No. | Description | Page Nos. |
|---|---|---|
| 15 | Table re allegedly "new" allegations claimed in the 4th AC regarding ads, marketing materials, invitations, etc. listing TU website and/or invitations to visit website and attached copies of materials referenced in the table **(Pages 414-415, 422-422a, 424, 426, 428-30, 432, 438-41 Sealed)** | 404-442 |
| 16 | Table re allegedly "new" allegations claimed in the 4th AC regarding the "University name" issue and attached copies of materials referenced in the table | 443-460 |
| 17 | Email exchange between Ms. Eck and Mr. Schneider re scheduling of depositions of Mr. Trump and Mr. Sexton | 461-479 |
| 18 | Table re allegedly "new" allegations concerning BBB, AG and other government agency complaints and attached copies of materials referenced in the table | 480-498 |