# EXHIBIT 2

Exhibit 2
- 11 -

ZELDES & HAEGGQUIST, LLP
AMBER L. ECK (177882)
HELEN I. ZELDES (220051)
ALREEN HAEGGQUIST (221858)
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: (619) 342-8000
Facsimile: (619) 342-7878
ambere@zhlaw.com
helenz@zhlaw.com
alreenh@zhlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN (211456)
THOMAS R. MERRICK (177987)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
rjensen@rgrdlaw.com
tmerrick@rgrdlaw.com

Attorneys for Plaintiffs and the Proposed Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, BRANDON KELLER, ED OBERKROM, and PATRICIA MURPHY, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRUMP UNIVERSITY, LLC, (aka Trump Entrepreneur Initiative) a New York Limited Liability Company, DONALD J. TRUMP, and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No.: 3:10-CV-00940-IEG(WVG)<br><br><u>CLASS ACTION</u><br><br>PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS INTERROGATORIES TO DEFENDANTS TRUMP UNIVERSITY, LLC AND DONALD J. TRUMP<br><br>Judge:     Honorable Irma E. Gonzalez<br>Courtroom: F, First Floor<br><br>JURY TRIAL DEMANDED |

PROPOUNDING PARTIES: PLAINTIFFS TARLA MAKAEFF, BRANDON KELLER, ED OBERKROM AND PATRICIA MURPHY
RESPONDING PARTIES: DEFENDANTS TRUMP UNIVERSITY, LLC AND DONALD J. TRUMP
SET NUMBER: ONE

Exhibit 2
- 12 -

ZELDES & HAEGGQUIST, LLP

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rules of this Court, Plaintiffs Tarla Makaeff, Brandon Keller, Ed Oberkrom and Patricia Murphy (collectively "Plaintiffs") request that defendants Trump University, LLC and Donald J. Trump (collectively "Trump" or "Defendants") produce for inspection and copying the documents described below. These documents are to be produced within 30 days from the date of service of this request at the law office of Zeldes & Haeggquist, LLP, 625 Broadway, Suite 906, San Diego, California 92101, or at a mutually convenient time, date and location agreed to by the parties. These requests are continuing under Fed. R. Civ. P. 34 and all your answers must thus be supplemented in accordance with Fed. R. Civ. P. 26(e).

## I. INSTRUCTIONS

1. In responding to these requests, you shall furnish all responsive documents within your possession, custody or control as specified in Fed. R. Civ. P. 34.

2. You are under a duty to supplement or correct your responses pursuant to Fed. R. Civ. P. 26(e).

3. In producing documents, you are requested to produce the *original* of each document together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the *original*.

4. Documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond with the categories in the request. All documents shall be produced in the file folder, envelope or other contained in which the documents are kept or maintained. All documents shall be produced intact in their *original* files, without disturbing the organization of documents employed during the conduct of the ordinary course of business.

5. Each request should be responded to separately; however, a document which is responsive to more than one request may, if the relevant portion is so marked or indexed, be produced and referred to in the later response.

6. Each document requested shall be produced in its entirety and without deletion or excisions, regardless of whether you consider the entire document to be relevant or responsive to this request. If you have redacted any portion of a document based upon attorney-client or work privilege grounds, stamp the word "REDACTED" on each page of the document which you have redacted.

7. If any document responsive to these requests is not produced in full or is redacted on the grounds that it is privileged or otherwise claimed to be protected against production, you are requested to provide the following information with respect to each such document or redaction:

    a. the date such document redaction was prepared;

    b. the document's author, signatory and every other person who prepared or participated in its participation, and their affiliation at that time (*e.g.*, in-house attorney, executive, outside party);

    c. the type of document (*e.g.*, letter, chart, memorandum, etc.) and its page length;

    d. a description of the document's subject matter and purpose that is sufficient to challenge the purported privilege;

    e. a list of those persons and entities to whom the document was disseminated, together with their affiliation (*e.g.*, in-house attorney, executive, outside party);

    f. Each and every person having possession, custody or control of the document and all copies thereof; and

    g. the nature of the privilege or other rule of law relied upon and any facts supporting your position in withholding production of each document.

8. In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by Trump or its employees, sales agents, managers, affiliates, contractors, investigators or attorneys (or its agents, employees, representatives or investigators).

Exhibit 2 - 14 -

9.   If an otherwise responsive document was, but is no longer in existence or in your possession, custody or control, identify its current or last known custodian and describe in full the circumstances surrounding its disposition from your possession or control. All documents shall be deemed to be in your control if you have the right to secure the document or copy thereof from another person or private entity having possession or custody thereof.

10.  If any documents requested herein have been altered, lost, discarded or destroyed, they shall be identified as completely as possible and shall include the following information:

    a.   the date of alteration or disposal;

    b.   the manner of alteration or disposal;

    c.   the reason for alteration or disposal;

    d.   the person authorizing alteration or disposal; and

    e.   the person altering or disposing of the document or documents in question.

## II.   DEFINITIONS

The following definitions shall apply to each of the requests for documents set forth and are deemed to be incorporated in each of the requests:

1.   "All documents" shall mean every document within the custody, possession or control of you, your national, regional and local offices, and any of your attorneys, representatives, employees and/or agents, whether an original or copy, as defined above, known to you, and every such document or writing which you can locate or discover through reasonably diligent efforts.

2.   "Class Members" means all persons who purchased seminars, workshops, mentorships, retreats and/or programs (collectively "Seminars") from Trump University.

3.   "Class Period" means April 30, 2006 to the present.

4.   "Course" or "seminars" means courses, seminars, workshops, mentorships, retreats and/or programs from Trump University.

5. "Document" or "documents" shall be interpreted in the broadest possible sense and includes, without limitation, all written, recorded, printed, typed, transcribed, filmed, digitized or graphic matter and all other tangible things and media upon which any handwriting, typing, printing, drawing, representation, electrostatic or other copy, sound or video recording, magnetic or electrical impulse, visual reproduction or communication is recorded, reproduced or represented, including each and any book, record, correspondence, report, memoranda, electronic mail, contract, table, tabulation, graph, chart, diagram, plan, schedule, appointment book, calendar, diary, time sheet, report, study, analysis, draft, telegram, teletype or telecopy message, file, telephone log, telephone message, check, microfilm, microfiche, picture, photographs, printout, electronic data compilation, tape, diskette, drive, removable media, note, minutes or transcript of proceedings, including, but not limited to, minutes of meetings, or other communications of any type, including interoffice communications, questionnaires, surveys, charges, newspapers, booklets, circulars, work papers, bulletins, notices, instructions, resolutions, reports, records, papers, bills or invoices, books of account, financial statements, working papers, deeds, loan agreements, notes, ledgers, security agreements, financing statements, tax returns, checks, receipts, journals and data of every description and shall include each and any original produced or reproduced by any method, all non-identical copies (whether different from the original because of notes made in or attached to such copy, or otherwise), all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing.

6. "Regarding," "concerning" or "relating" shall mean documents which explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, discuss, describe, consider, concern, relate to, constitute, embody, evaluate, analyze, review, report on, comment on, impinge upon or impact the subject matter of the request.

7. "Trump University" means Trump University, aka Trump Entrepreneur Initiative, any predecessors, successors, agents, employees, officers, directors, independent contractors, attorneys, accountants, or representatives or other persons occupying similar positions or performing similar functions.

## III. RELEVANT TIME PERIOD

Unless otherwise stated, these interrogatories seek information concerning the period of time from April 30, 2006 to the present.

## IV. DOCUMENT REQUESTS

REQUEST FOR PRODUCTION NO. 1:

All documents setting forth, in whole or in part, names and contact information of all persons who have taken Trump University courses or seminars, description of the course taken, dates of the course, and their contact information.

REQUEST FOR PRODUCTION NO. 2:

All documents concerning the amount paid by every person who has taken Trump University courses or seminars.

REQUEST FOR PRODUCTION NO. 3:

All documents setting forth any partial or full refunds given for Trump University seminars or courses, including, but not limited to, documents referring to whether the refund was awarded by the consumer's credit card company or Trump University, and the basis or reason for the refund.

REQUEST FOR PRODUCTION NO. 4:

All documents concerning or relating to Defendant Donald Trump's involvement and role in Trump University, including, but not limited to, any internal memoranda, reports, board minutes, blogs, agendas, notes, correspondence or e-mails.

REQUEST FOR PRODUCTION NO. 5:

Exemplars of all advertisements promoting Trump University and its products and services to consumers, including, but not limited to, print, internet, television and radio advertisements, promotional blog postings, and marketing materials.

REQUEST FOR PRODUCTION NO. 6:

Trump University's website, including all versions and revisions.

REQUEST FOR PRODUCTION NO. 7:

All evaluations, surveys or other documents completed by students who have taken any Trump University courses or seminars (both in person or online).

REQUEST FOR PRODUCTION NO. 8:

All documents concerning or relating to the credentials of instructors and mentors, the selection process for same, and all contracts with instructors and mentors.

REQUEST FOR PRODUCTION NO. 9:

Scripts, PowerPoint presentations, manuals, forms, and all other written materials used in Trump University workshops, seminars, and courses, or used by Trump University instructors, representatives, or mentors.

REQUEST FOR PRODUCTION NO. 10:

All documents concerning or relating to Trump University's credentials and public statements concerning same.

REQUEST FOR PRODUCTION NO. 11:

All documents concerning or relating to customer complaints, including, but not limited to, summaries, memoranda, spreadsheets, reports, telephone call logs or audio recordings regarding customer complaints and/or requests for refunds and communications with Trump University students.

REQUEST FOR PRODUCTION NO. 12:

All documents concerning or relating to customer service call scripts.

REQUEST FOR PRODUCTION NO. 13:

All documents concerning or relating to any communications with, inquiry or investigation by the Better Business Bureau or any governmental agency regarding Trump University.

REQUEST FOR PRODUCTION NO. 14:

All documents concerning or relating to the number of consumers who paid for Trump University products and services, by product or service and how much they paid.

REQUEST FOR PRODUCTION NO. 15:

All documents concerning Defendants' revenues, profits, liabilities, assets, and net worth.

REQUEST FOR PRODUCTION NO. 16:

All documents concerning all monies paid from Trump University to Donald Trump, whether directly or indirectly.

REQUEST FOR PRODUCTION NO. 17:

Organizational charts and documents sufficient to identify every current and former employee of Trump University, and their role and involvement.

REQUEST FOR PRODUCTION NO. 18:

All documents concerning any ongoing activities of Trump University.

REQUEST FOR PRODUCTION NO. 19:

All communications with, or about, the named Plaintiffs, their partners (if any) in the Trump University seminars, and/or their parents.

REQUEST FOR PRODUCTION NO. 20:

All documents concerning or relating to the relationship between Trump University and Trump Institute.

REQUEST FOR PRODUCTION NO. 21:

Financial worksheets completed by consumers during seminars and all contracts signed by consumers for Trump University seminars.

REQUEST FOR PRODUCTION NO. 22:

All documents supporting your assertion that Trump University is not profitable, including, but not limited to, profit and loss and income statements, tax returns, bank statements, board minutes, internal memorandum.

**REQUEST FOR PRODUCTION NO. 22:**

All documents supporting your assertion that Trump University is not profitable, including, but not limited to, profit and loss and income statements, tax returns, bank statements, board minutes, internal memorandum.

**REQUEST FOR PRODUCTION NO. 23:**

All documents that support your affirmative defenses.

**REQUEST FOR PRODUCTION NO. 24:**

All documents regarding any and all witnesses listed in your Rule 26(a) initial disclosures.

DATED: October 11, 2011

ZELDES & HAEGGQUIST, LLP
AMBER L. ECK (177882)
HELEN I. ZELDES (220051)
ALREEN HAEGGQUIST (221858)

AMBER L. ECK

625 Broadway, Suite 906
San Diego, CA 92101
Telephone: (619) 342-8000
Facsimile: (619) 342-7878

ROBBINS GELLER RUDMAN
 & DOWD LLP
RACHEL L. JENSEN
THOMAS R. MERRICK
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Attorneys for Plaintiffs and the Proposed Class

PROOF OF SERVICE
C.C.P. §1013(A), C.R.C. 2003(3), 2005(i)

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 625 Broadway, Suite 906, San Diego, CA 92101.

1. On October 11, 2011, I served the foregoing document described as PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS INTERROGATORIES TO DEFENDANTS TRUMP UNIVERSITY, LLC AND DONALD J. TRUMP on all parties in this action by placing a true copy thereof enclosed in sealed envelopes and addressed as stated below:

| David K. Schneider (139288)<br>YUNKER & SCHNEIDER<br>655 West Broadway, Suite 1400<br>San Diego, CA 92101<br>Telephone: (619) 233-5500<br>Facsimile: (619) 233-5535<br>dks@yslaw.com | Rachel L. Jensen (211456)<br>Thomas R. Merrick (177987)<br>ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: (619) 231-1058<br>Facsimile: (619) 231-7423<br>rjensen@rgrdlaw.com<br>tmerrick@rgrdlaw.com |
|---|---|
| Attorneys for Defendants | Attorneys for Plaintiffs |

**BY HAND DELIVERY AND BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. Executed this 11th day of October, 2011, at San Diego, California.

_____
RUTH A. CAMERON

9                                                      No. 3:10-CV-00940-IEG(WVG)

Exhibit 2
- 21 -