David K. Schneider (CSB 139288)
YUNKER & SCHNEIDER
655 West Broadway, Suite 1400
San Diego, California 92101
Telephone: (619) 233-5500
Facsimile: (619) 233-5535
Email:  dks@yslaw.com

Attorneys for Defendants,
TRUMP UNIVERSITY, LLC, et al.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., | Case No. 3:10-cv-0940-GPC (WVG) |
| Plaintiffs, | **DEFENDANTS' OBJECTION AND RESPONSE TO PLAINTIFFS' SUPPLEMENTAL DOCUMENT FILING** |
| v. | |
| TRUMP UNIVERSITY, LLC, et al., | |
| Defendants. | JUDGE:   Hon. Gonzalo P. Curiel<br>CTRM:    2D (Schwartz) |

Case No. 3:10-cv-0940-GPC (WVG)

## I.   INTRODUCTION

Without leave of Court, Plaintiffs have filed yet another brief. This time, a five-page argument euphemistically titled "Supplemental Document." TU objects to Plaintiffs' improper, untimely and unauthorized brief.

In the event the Court considers Plaintiffs' brief, Defendants provide this response and two exhibits to ensure that the Court has the <u>truthful and complete</u> record on the issue. Defendants' Exhibit A attached to the Schneider declaration conclusively establishes that Plaintiffs have specifically known about the 2005 NYSED issue for long <u>before</u> the amendment deadline of July 31, 2012, despite their contrary representations to the Court.

## II.   DISCUSSION

### A.   The NYSED Letters

Plaintiffs correctly argue that Mr. Sexton did not specifically mention the 2005 NYSED letter. They incorrectly argue that: (i) TU counsel misled the Court; and (ii) Plaintiffs were not aware of the 2005 letter until mid-2013 when they got a copy from the NYSED. Neither argument is true.

First, while TU counsel misspoke, the error was simply the name of the deponent, not the point of the testimony. The Trump Organization's in-house counsel, George Sorial, provided the testimony referenced by defense counsel during oral argument.

Second, the <u>undisputed</u> fact is that Plaintiffs were aware of the 2005 letter <u>20 months ago</u> – six months <u>before</u> the amendment deadline and eight months before Plaintiffs filed their motion for class certification. On January 5, 20<u>12</u>, Defendants produced the 2010 letter which specifically addressed the 2005 letter and the fact that in it the NYSED advised Mr. Trump that TU could not use the term "University" pursuant to a New York statute. Declaration of David K. Schneider, ¶2. A copy of the letter is attached to the Schneider Dec. as Exhibit A. It states in pertinent part:

[redacted]

1    <u>Plaintiffs</u> actually filed <u>this</u> letter with the Court last February 1, 2013, as
2    Exhibit 67, p. 1 (ECF 195) and argued the <u>exact</u> point in their certification Reply brief
3    (ECF 195):

> In 2005, the New York State Education Department ("NYSED") advised Defendants their title "University" was illegal and misleading, and they needed a license. ███████████
> ████████████████████████████████████████
> ████████████████████████████████████████
> ████████████████████████████████████████
>
> (bold emphasis in plaintiffs' brief).

10   Eight months ago, Plaintiffs then examined Mr. Sorial about the very issue. Here
11   are the pertinent questions posed by Plaintiffs' counsel to Mr. Sorial during his deposition
12   last January 18, 2013:

> ████████████████████████████████████████
> ████████████████████████████████████████
> ██████████████████ (Sorial Depo., p. 58:15-18.)
>
> * * *
>
> ████████████████████████████████████████
> ████████████████████████████████████████
> ████████████████████████████
> ████████████████████████████████ (Sorial Depo., p. 71:12-17.)
>
> * * *
>
> ████████████████████████████████████████
> ██████████████████████████████
> ████████████████████████████████████████
> ██████████████████████████ (Sorial Depo., pp. 75:25-76:5.)

26   A copy of this testimony is attached to the Schneider Declaration as Exhibit B.
27   / / /
28   / / /

The Court can see that Plaintiffs knew about the 2005 NYSED letter no later than September 17, 2012, <u>before</u> Plaintiffs filed their class certification papers and almost one <u>year</u> ago.  Plaintiffs' also asked Mr. Sexton and Mr. Trump about the NYSED issue during their respective depositions in August and September 2012.

Moreover, Plaintiffs have known about the "university" name issue before they even filed their complaint in April 20<u>10</u>.  Plaintiffs specifically alleged it in the **original** Complaint (¶36) and every amended complaint since (FAC, ¶54, SAC, ¶58, and TAC ¶66.)  In short, there is absolutely nothing new here and no excuse that Plaintiffs waited one year to seek leave to amend.

Defendants apologize that its counsel mistakenly cited the Sexton rather than the Sorial deposition testimony on point, but the bottom line for the Court is unchanged. Plaintiffs' argument that they "just found out" about the 2005 NYSED letter is completely false.

**B.    The "Newly Discovered" Scripts**

Plaintiffs also argue that TU's ongoing production of the Sexton emails concerning "scripts" - which TU regretfully concedes is belated - is providing "new" and "more" probative evidence of scripts material to their motion to amend.  This too is false, for two reasons.

First, as is clearly shown by the emails attached to Plaintiffs' latest filing, they refer to exactly the same process as was shown by "the" Sexton email of April 2009 transmitting the "final" draft of the "talking points/script" already filed with the Court.  In short, TU was obviously working towards a "script" of "talking points" to accompany one PowerPoint for one TU "Live Event" - but never completed the goal of actually having one, and certainly never had a uniform presentation for the hundreds of its different live event programs.

There is nothing new or different about that overstated "revelation."  In agreement with Plaintiffs, TU initially searched for terms in corporate emails, rather than searched individual TU employee email files.  That resulted in overlooking the Sexton email files

until June 2013, when <u>TU</u> promptly produced "the" Sexton script email as soon as it came to light.  It is not surprising that the ongoing review and production of many thousands of emails will turn up more referring to the same "talking points/script" drafting process "the" Sexton email did.

Second, as the Court noted more than once during oral argument on this motion, the only material "script" issues are whether: (i) any one script was actually used for all class members; and (ii) if so, whether it actually includes any fraudulent misrepresentations.  Plaintiffs' "new" and "more" evidence of "scripts" submitted with their latest filing provides <u>nothing</u> for the Court in either regard.  In fact, there is no evidence that any one script was ever used in all TU programs, and the Court already has declarations from several instructors and mentors confirming that they never used any script, and that each of their presentations and mentorships were highly individualized and unique.

Plaintiffs' evidence likewise provides <u>nothing</u> for the Court supporting the new RICO claims, or supporting this motion to amend.  Plaintiffs' contention that TU used "scripts" has been unchanged since the original complaint.  The total lack of any evidence of widespread use or actionable content remains unchanged as well.

One final point: Plaintiffs cannot continue to pretend that there is something new here.  In May 20<u>12</u>, long before the amendment deadline and even longer before plaintiffs filed their class certification motion, defendants produced over 2,400 hours of the actual audio recordings of TU's presentations.  Thus, for at least 15 months, plaintiffs have known <u>exactly</u> what was said in virtually <u>every</u> presentation.

### III.  CONCLUSION

Plaintiffs' latest filing is "more of the same."  Their new strategy is to make mountains of molehills, spiced up by extravagant claims of lying by TU, Donald Trump, every employee of TU (except those assisting Plaintiffs), and TU counsel.

The reality remains much less lurid, and no help to Plaintiffs.  Their motion to amend can only overcome Rule 16 and controlling Ninth Circuit case law if it shows diligence in uncovering truly new, material, non-cumulative, and concrete evidence never

before known or assumed.  Their moving and reply papers failed to establish anything remotely sufficient for that purpose.  Their latest filing is no different.

Plaintiffs' TAC could have included the RICO claims, unfounded though they may be.  Plaintiffs' TAC did include all the predicate facts for those claims, most of which were known well before the TAC was filed on the amendment cutoff date.  Even accepting Plaintiffs' claim at face value that they learned something new at the depositions of Messrs. Sexton and Trump in August and September 20<u>12</u>, that was <u>one year ago</u>.  Plaintiffs then waited <u>11 more months</u> – and after all certification briefing on the TAC was completed – to bring their motion.  TU respectfully requests that the motion to amend be denied.

Respectfully submitted,                           YUNKER & SCHNEIDER

Dated:  September 4, 2013           By:      s/David K. Schneider
                                                            David K. Schneider
                                                            Attorneys for Defendants
                                                            TRUMP UNIVERSITY, LLC, et al.
                                                            Email:  dks@yslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 4, 2013.

<u>s/David K. Schneider</u>

David K. Schneider
YUNKER & SCHNEIDER
655 West Broadway, Suite 1400
San Diego, California 92101
Telephone: (619) 233-5500
Facsimile: (619) 233-5535

Email: dks@yslaw.com