ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON A. FORGE (181542)
jforge@rgrdlaw.com
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
THOMAS R. MERRICK (177987)
tmerrick@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
HELEN I. ZELDES (220051)
helenz@zhlaw.com
ALREEN HAEGGQUIST (221858)
alreenh@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
625 Broadway, Suite 1000
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Attorneys for Plaintiffs and Proposed Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>                      Plaintiffs,<br><br>    vs.<br><br>TRUMP UNIVERSITY, LLC, et al.,<br><br>                      Defendants. | No. 3:10-cv-0940-GPC(WVG)<br><br>CLASS ACTION<br><br>PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY AND REQUEST FOR JUDICIAL NOTICE |

912982_1

Plaintiffs John Brown, J.R. Everett, Sonny Low, Tarla Makaeff, and Ed Oberkrom ("Plaintiffs") respectfully submit this response to Defendants Trump University, LLC and Donald J. Trump's ("Defendants") Notice of Supplemental Authority and Request for Judicial Notice, filed on January 31, 2014. *See* Dkt. No. 287.

Though styled as a notice of supplemental authority and request for judicial notice in opposition to the pending motion for class certification, Defendants supply no "authority" on the issues before the Court and identify no facts of the sort that are eligible for judicial notice. *See* Fed. R. Evid. 201(a) ("This rule governs judicial notice of an adjudicative fact only, not a legislative fact.") and (b) ("The court may judicially notice a fact that is not subject to reasonable dispute . . . .").

The New York Supreme Court's order, which Defendants submit as Ex. A to their notice, granted in part and denied in part defendants'[1] motion to dismiss on statute of limitations grounds. *See* Dkt. No. 287-1. The implications of this mixed ruling in the NY AG action are so far from the stuff of judicial notice that both sides to that case are claiming the order as a victory. *See, e.g.*, http://origin.ny1.com/content/news/202888/judge-rules-in-state-ag-case-against-trump-university (last visited on Feb. 3, 2014) (Trump describing ruling as "a terrific opinion today, so we're very happy by [sic] the victory").

As for the NY AG's action itself, Plaintiffs are fully prepared to explain why it should not at all influence the Court's class-certification decision. For example, none of the proposed class members here is party to that case, and they would have no way of preventing the NY AG from dropping the case or resolving it through some agreed-upon equitable relief. Either way, such an outcome would leave all victims without

---

[1] Defendants in the New York Attorney General ("NY AG") action include: The Trump Entrepreneur Initiative LLC f/k/a Trump University LLC, DJT Entrepreneur Member LLC f/k/a DJT University Member LLC, DJT Entrepreneur Managing Member LLC f/k/a DJT University Managing Member LLC, The Trump Organization, Inc., Trump Organization LLC, Donald J. Trump, and Michael Sexton.

1  any recovery and potentially vulnerable to a statute-of-limitations defense if they later
2  attempted to recover their damages.  *See, e.g.*, *Clemens v. DaimlerChrysler Corp.*, 534
3  F.3d 1017, 1025 (9th Cir. 2008) ("[T]he weight of authority and California's interest
4  in managing its own judicial system counsel us not to import the doctrine of cross-
5  jurisdictional tolling into California law.  The rule of *American Pipe* [*& Constr. Co. v.*
6  *Utah*, 414 U.S. 538 (1974)] – which allows tolling within the federal court system in
7  federal question class actions – does not mandate cross-jurisdictional tolling as a
8  matter of state procedure.").

9  Similarly, the NY AG's case is just beginning, which is a situation that the
10 Ninth Circuit expressly distinguished from the one presented in *Kamm v. California*
11 *City Dev. Co.*, 509 F.2d 205 (9th Cir. 1975), which Defendants cite  As the Court in
12 *Kamm* stated, "unlike *Amalgamated Workers*, the court here is not simply considering
13 'possible administrative relief,' but rather a remedy which, has already been
14 instituted." *Id.* at 211.

15 The foregoing points are merely a cursory preview of the many reasons why
16 Plaintiffs believe the NY AG's action should not in any way undermine class
17 certification here.  This Court previously denied Defendants' request to provide
18 supplemental briefing on this topic (*see* Dkt. No. 274), so Plaintiffs will not burden
19 the Court with more briefing, unless and until the Court indicates that it wants more
20 because the Court has concerns as to whether the NY AG's action may undermine
21 class certification here.  Otherwise, Plaintiffs simply and respectfully submit that the
22 Court should deny Defendants' request for judicial notice.

23 DATED:  February 3, 2014            ROBBINS GELLER RUDMAN
                                           & DOWD LLP
24                                      JASON A. FORGE
                                       RACHEL L. JENSEN
25                                      THOMAS R. MERRICK

26

27                                              s/ Jason A. Forge
                                            JASON A. FORGE
28

| | |
|---|---|
| 1 | |
| 2 | 655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058 |
| 3 | 619/231-7423 (fax) |
| 4 | ZELDES HAEGGQUIST & ECK, LLP<br>AMBER L. ECK |
| 5 | HELEN I. ZELDES<br>ALREEN HAEGGQUIST |
| 6 | AARON M. OLSEN<br>625 Broadway, Suite 1000 |
| 7 | San Diego, CA  92101<br>Telephone:  619/342-8000 |
| 8 | 619/342-7878 (fax) |
| 9 | Attorneys for Plaintiffs and Proposed Class |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 3, 2014.

 s/ Jason A. Forge
JASON A. FORGE

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:jforge@rgrdlaw.com

912982_1

3:10-cv-0940-GPC(WVG)

# Mailing Information for a Case 3:10-cv-00940-GPC-WVG Makaeff v. Trump University, LLC et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com,robyns@zhlaw.com

- **Jason A Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,llendzion@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jill Ann Martin**
  jmartin@trumpnational.com,lvincent@trumpnational.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Aaron M. Olsen**
  aarono@zhlaw.com,winkyc@zhlaw.com

- **David Keith Schneider**
  dks@yslaw.com,ewb@yslaw.com

- **Stephen F Yunker**
  sfy@yslaw.com,ewb@yslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)