David K. Schneider (CSB 139288)
YUNKER & SCHNEIDER
655 West Broadway, Suite 1400
San Diego, California 92101
Telephone: (619) 233-5500
Facsimile: (619) 233-5535
Email: dks@yslaw.com

Jill A. Martin (CSB 245626)
c/o Trump National Golf Club Los Angeles
One Trump National Drive
Rancho Palos Verdes, California 90275
Telephone: (310) 303-3225
Facsimile: (310) 265-5522
Email: jmartin@trumpnational.com

Attorneys for Defendants,
TRUMP UNIVERSITY, LLC and
DONALD J. TRUMP

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRUMP UNIVERSITY, LLC, et al.,<br><br>Defendants.<br><br>AND ALL RELATED CROSS-ACTIONS. | Case No. 10cv0940GPC (WVG)<br><br><u>CLASS ACTION</u><br><br>**SUPPLEMENTAL DOCUMENTS JUST PRODUCED BY PLAINTIFFS DEMONSTRATING THE NEED FOR INDIVIDUAL INQUIRY AND THAT TYPICALITY IS NOT MET** |

## I. INTRODUCTION

Defendants Trump University LLC and Donald J. Trump respectfully submit two supplemental documents for the Court's consideration in connection with Plaintiffs' motion for class certification. These documents, along with several hundreds of pages of additional documents, were intentionally withheld by Plaintiff Tarla Makaeff for almost two and a half years. She withheld the documents until the eve of her scheduled deposition to address the malice issue – only producing them because she now wants to use them to defend against Trump University's counterclaim.

The intentionally withheld documents, two of which Defendants have selected as examples for the Court's consideration, provide further proof that Plaintiffs' claims cannot be tried as a class because they are riddled with individualized issues. The relevance of the selected withheld documents is discussed in detail below.

## II. THE DOCUMENTS SHOW THAT PLAINTIFFS CANNOT MEET THE TYPICALITY REQUIREMENTS FOR CLASS CERTIFICATION

A proposed class representative's claims are not typical of the class they seek to represent if defendants have unique defenses to such claims. *See, e.g., Navellier v. Sletten*, 262 F.3d 923, 941 (9th Cir. 2001) (that named plaintiff "was neither a typical nor adequate class representative and was subject to unique defenses" was "independently sufficient to support the denial of class certification"); *Gartin v. S &M Nutec LLC*, 245 F.R.D. 429, 435 (C.D. Cal. 2007) (class certification denied where "Plaintiff's claim is not typical because her claims are so unique and subject to particular defenses that litigation of the action is likely to be overwhelmed by addressing her individual claims."). Two documents just produced by Plaintiffs provide obvious examples of the need for individualized inquiry into the claims of each putative class member.

### A. The Las Vegas Real Estate Transaction

Plaintiffs allege that Trump University failed to provide any educational value to its students, but rather was designed to merely sell more seminars. *See, e.g.,* ECF No. 128 (Plaintiffs' Third Amended Complaint) at 1-2. Plaintiffs allege that Trump University
1            Case No. 10cv0940GPC (WVG)
SUPPLEMENTAL DOCUMENTS JUST PRODUCED BY PLAINTIFFS DEMONSTRATING THE
NEED FOR INDIVIDUAL INQUIRY AND THAT TYPICALITY IS NOT MET

promised its students that they would help them find money-making deals but failed to deliver on its promise. *Id.* at 26. Makaeff specifically alleges that despite Trump University's alleged promise that she could make the $35,000.00 she spent on Trump University programs back with real estate transactions, she "never made *any* money." *Id.* at 40. She alleged that she did not accept any deals that Trump University presented her because they "were flawed and appeared unprofitable." *Id.* at 40-41. Makaeff specifically alleged that a deal in Las Vegas that Trump University introduced to her would have resulted in her suffering a "20% loss on the transaction," so despite initially entering into the deal she backed out. *Id.* at 41.

Plaintiffs' latest document production reveals that the deal Makaeff alleges was "flawed" and would have resulted in a loss, would actually have been a profitable transaction:

> Btw, I found out two months after I signed off the house in Vegas that we bought he made a 35k profit…it's public record. **Guess I could have banked 15k so probably should have held on to it…**
>
> \* \* \*
>
> **I was wrong though-more than 20-25k profit . . .**

(Declaration of Jill A. Martin ("Martin Decl."), Ex. 1) (emphasis added).[1]

As shown by this email, Makaeff's claim that she was not provided with profitable

---

[1] Makaeff has gone to great lengths, including lying at deposition, to hide the fact that she knew before filing suit that it wasn't Trump University's fault that she didn't make money in real estate, but her own fault by refusing to complete any deal, including profitable deals provided to her by Trump University. Despite acknowledging in April of 2010 that she would have made money on the Las Vegas transaction, Makaeff lied during her deposition in 2012 as follows:
Q. And do you know what the property sold for after you took your money out?
A. No.
Q. Do you know if he made a profit?
A. No.
Q. Would it be significant if you found out he made a profit?
A. It would be interesting to know.
(Martin Decl., Ex. 2 [Makaeff depo at 543:24-544:6]).

deals requires an individual inquiry into the details of her particular experiences with Trump University. Trump University has the unique and very specific defense to Makaeff's claims – that the very deal she complained of demonstrates that Trump University provided her with a profitable deal and her failure to make money based on Trump University's teachings was due to her refusal to complete any real estate transaction. Just as it has done with Ms. Makaeff, Defendants must be afforded the opportunity to question each putative class member about what Trump University taught them, what efforts they made with the information received, whether they made or attempted real estate transactions, the results from those transactions, and the particular value they received from Trump University's instruction.

### A. Bandit Signs

Plaintiffs also allege that Trump University taught students, including Makaeff, illegal real estate practices, such as posting bandit signs. (*See, e.g.,* ECF No. 128 at 41-42). Plaintiffs' complain that Makaeff "was posting bandit signs, as taught by the Trump Seminars she attended, and had no idea they were illegal until she was contacted by the District Attorney's Office and told that those techniques could subject her to hundreds of thousands of dollars in fines, a misdemeanor charge, and up to six months in jail." (*Id.* at 42) (emphasis omitted).[2] Conveniently omitted from Makaeff's complaint is the disclosure that Trump University specifically instructed students, including her, to seek local legal counsel before posting bandit signs. Makaeff's latest document production proves that Trump University made her aware that she needed to seek counsel, but she chose not to. With respect to bandit signs, Makaeff admits:

> [T]hey say seek legal counsel to see if it is legal to [post bandit signs] in your city . . . .

(Martin Decl. at Ex. 3).

Thus, just like Makaeff's allegations regarding Trump University's alleged failure

---

[2] Makaeff was never even fined. The Assistant District Attorney asked her to remove the signs and the issue was over.

to provide her with lucrative real estate opportunities, her claims regarding Trump University instructing her to engage in illegal conduct demonstrate the individual inquiry necessary to defend against her claims – i.e. the need to probe exactly what was taught by Trump University to her, and whether the same or similar instruction was given to other students.

### III. CONCLUSION

The documents withheld by Plaintiff Tarla Makaeff provide further evidence that this case is not suitable for class action treatment. For this reason, Defendants respectfully request that this Court consider these additional documents in connection with Plaintiffs' motion for class certification.

Dated: February 14, 2014

By: s/ Jill A. Martin
Jill A. Martin
Attorneys for Defendants
TRUMP UNIVERSITY, LLC and
DONALD J. TRUMP
Email: jmartin@trumpnational.com

CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 14, 2014.

                         s/ Jill A. Martin
                         JILL A. MARTIN
                         c/o Trump National Golf Club Los Angeles
                         One Trump National Dr.
                         Rancho Palos Verdes, CA 90275
                         Tel:  310-303-3225
                         Fax:  310-265-5522

                         Email:  jmartin@trumpnational.com

# Mailing Information for a Case 3:10-cv-00940-GPC-WVG Makaeff v. Trump University, LLC et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com,robyns@zhlaw.com

- **Jason A Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,llendzion@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jill Ann Martin**
  jmartin@trumpnational.com,lvincent@trumpnational.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Aaron M. Olsen**
  aarono@zhlaw.com,winkyc@zhlaw.com

- **David Keith Schneider**
  dks@yslaw.com,ewb@yslaw.com

- **Stephen F Yunker**
  sfy@yslaw.com,ewb@yslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`