UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, *et. al.*,<br><br>         Plaintiff,<br>v.<br>TRUMP UNIVERSITY, LLC, *et. al.*,<br><br>         Defendants. | Civil No. 10-CV-0940-GPC (WVG)<br><br>CASE MANAGEMENT ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS<br>   (Fed. R. Civ. P. 16)<br>   (Local Rule 16.1)<br>   (Fed. R. Civ. P. 26) |

On <u>March 14, 2014</u>, at <u>8:00 a.m.</u>, the Court held a telephonic Status Conference with counsel for both parties. Appearing were Ms. Rachel Jensen and Mr. Jason Forge on behalf of Plaintiffs, and Mr. David Schneider and Ms. Jill Martin on behalf of Defendants. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

IT IS HEREBY ORDERED:

1.     <u>All</u> discovery pertaining to facts shall be completed on or before <u>November 7, 2014</u>.  The parties jointly agree that no expert discovery is necessary.

*"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, <u>so that it may be completed</u> by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure.  All disputes concerning

discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Fed. R. Civ. P. 26 and Local Rule 26.1(a).

2. All motions, other than motions to amend or join parties, or motions in limine, **shall be filed** on or before January 9, 2015.[1]

Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. **Be advised that the parties must file their moving papers within three (3) days of receiving the motion hearing date from the Court. Be further advised that the period of time between the date you request a motion date and the hearing date may be up to six weeks. Please plan accordingly**. For example, you may need to contact the judge's law clerk at least six weeks in advance of the motion cut-off to calendar the motion. Failure of counsel to timely request a motion date may result in the motion not being heard. **Motions will not be heard on the above date unless you have obtained that date in advance from the judge's law clerk**.

3. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave.

4. A Mandatory Settlement Conference shall be conducted on November 19, 2014, at 9:00 a.m. in the chambers of Magistrate Judge William V. Gallo. Counsel shall submit **confidential** settlement statements **directly to chambers** no later than November 12, 2014. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement

---

[1] Counsel should note that while historically motion cut-off deadlines issued by this Court were deadlines for motion hearings, the motion cut-off dates now being issued establish deadlines for the parties to file motions.

conference. **Settlement conference briefs shall not be filed with the Clerk of the Court, but may be served on opposing counsel at the party's discretion. Settlement conference briefs shall comply with the undersigned's Chambers Rules.** The parties shall meet and confer in good faith prior to the Mandatory Settlement Conference, and verify that they have done so in their respective Mandatory Settlement Conference statements, outlining the substance of their discussions and negotiations.

5.  Pursuant to Federal Rule of Civil Procedure 16 and Local Civil Rule 16.3, all named Plaintiffs, named Defendants, claims adjusters for insured defendants, and if a named Plaintiff or Defendant is a corporation, partnership, or other entity, a representative of that entity, with full and unlimited authority[2] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and must be prepared to discuss in good faith, the facts of the case, the law that governs the legal issues in the case, and to resolve the case at the Settlement Conference. Sanctions may issue against a party and/or attorney who does not proceed as noted above. Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. **For good cause, and on ex parte application at least one week before the scheduled settlement conference, Magistrate Judge Gallo may excuse a party or representative from personal attendance provided such party or parties will be available by telephone during the conference.** Failure to attend the conference or participate in good faith or obtain proper excuse will be considered grounds for sanctions. Counsel seeking to reschedule an Settlement Conference must first confer with opposing counsel. The Court will consider formal, written *ex parte* requests to continue a Settlement Conference when extraordinary circumstances exist that make a continuance

---

[2] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. <u>Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Int'l, Inc.</u>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. <u>Id.</u> at 486. A limited or a sum certain of authority is not adequate. <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir. 2001).

appropriate.  In and of itself, having to travel a long distance to appear at the Settlement Conference is not an extraordinary circumstance.

<u>Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the Settlement Conference (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official who has ultimate settlement authority</u>.

6.   Parties or their counsel shall serve on each other and file with the Clerk of the Court their Memoranda of Contentions of Fact and Law in compliance with Local Rule 16.1(f)(2) on or before <u>April 10, 2015</u>.

7.   All parties or their counsel shall also fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P.  26(a)(3) on or before <u>April 10, 2015</u>.  **Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.**

8.   Counsel shall meet together and take the action required by Local Rule 16.1(f)(4) on or before <u>April 17, 2015</u>.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P.  26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

9.   The proposed final pretrial conference order, including objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before <u>April 24, 2015</u>, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6). Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

10.   The final pretrial conference shall be held before the Honorable Gonzalo P. Curiel, United States District Court Judge, on <u>May 1, 2015</u>**,** at <u>1:30 p.m</u>.

11. The dates and times set forth herein will not be further modified except for good cause shown.

12. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

IT IS SO ORDERED.

DATED: March 14, 2014

_____
Hon. William V. Gallo
U.S. Magistrate Judge