UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>TRUMP UNIVERSITY, LLC, et al.,<br><br>          Defendants. | No. 3:10-cv-0940-GPC(WVG)<br><br><u>CLASS ACTION</u><br><br>ORDER GRANTING JOINT MOTION TO AMEND PROTECTIVE ORDER; FIRST AMENDED PROTECTIVE ORDER |

925583_1

For good cause shown, the parties' joint motion to amend the protective order in this matter is granted.  The Court accordingly issues that following order, as governed by the terms and definitions below:

## DEFINITIONS

1. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.  "Confidential Information" includes trade secrets or other confidential research, development, or commercial information within the meaning of FRCP 26(c)(1)(G) or is otherwise entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. "Confidential Information" also includes personal financial information or other information that is protected from disclosure by statute or the Constitutional right to personal privacy.

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms

identified below: counsel for plaintiffs Zeldes & Haeggquist, LLP and Robbins Geller Rudman & Dowd LLP and counsel for defendants Yunker & Schneider and in-house counsel Alan Garten, George Sorial and Jill Martin and their paralegals and staff.

## GENERAL RULES

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

(a) Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

(b) Designation as "CONFIDENTIAL – FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

5. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL – FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this – Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the

1  copies of those materials that contain Confidential Information with the appropriate
2  confidentiality marking.

3    6.  Whenever a deposition taken on behalf of any party involves a disclosure
4  of Confidential Information of any party:

5    (a)  the deposition or portions of the deposition must be designated as
6  containing Confidential Information subject to the provisions of this Order; such
7  designation must be made on the record whenever possible, but a party may designate
8  portions of depositions as containing Confidential Information after transcription of
9  the proceedings; [A] party will have until fourteen (14) days after receipt of the
10 deposition transcript to inform the other party or parties to the action of the portions of
11 the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR
12 COUNSEL ONLY."

13   (b)  the disclosing party will have the right to exclude from attendance
14 at the deposition, during such time as the Confidential Information is to be disclosed,
15 any person other than the deponent, counsel (including their staff and associates), the
16 court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

17   (c)  the originals of the deposition transcripts and all copies of the
18 deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR
19 COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented
20 to a court for filing must not be filed unless it can be accomplished under seal,
21 identified as being subject to this Order, and protected from being opened except by
22 order of this Court.

23   7.  All Confidential Information designated as "CONFIDENTIAL" or
24 "CONFIDENTIAL – FOR COUNSEL ONLY" must not be disclosed by the receiving
25 party to anyone other than those persons designated within this order and must be
26 handled in the manner set forth below and, in any event, must not be used for any
27 purpose other than in connection with this litigation or the related case of *Cohen v.*
28

1  *Trump,* 13-cv-2519-GPC-WVG (the "Cohen Case"), unless and until such designation
2  is removed either by agreement of the parties, or by order of the Court.

3      8.    Information designated "CONFIDENTIAL – FOR COUNSEL ONLY"
4  must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and
5  by independent experts under the conditions set forth in this Paragraph. The right of
6  any independent expert to receive any Confidential Information will be subject to the
7  advance approval of such expert by the producing party or by permission of the Court.
8  The party seeking approval of an independent expert must provide the producing party
9  with the name and curriculum vitae of the proposed independent expert, and an
10 executed copy of the form attached hereto as Exhibit A, in advance of providing any
11 Confidential Information of the producing party to the expert. Any objection by the
12 producing party to an independent expert receiving Confidential Information must be
13 made in writing within fourteen (14) days following receipt of the identification of the
14 proposed expert. Confidential Information may be disclosed to an independent expert
15 if the fourteen (14) day period has passed and no objection has been made. The
16 approval of independent experts must not be unreasonably withheld.

17     9.    Information designated "CONFIDENTIAL" must be viewed only by
18 counsel (as defined in paragraph 3) of the receiving party, by independent experts
19 (pursuant to the terms of paragraph 8), and by the additional individuals listed below,
20 provided each such individual has read this Order in advance of disclosure and has
21 agreed in writing to be bound by its terms:

22     (a)    Executives who are required to participate in decisions with
23 reference to this action or the Cohen Case;

24     (b)    Technical personnel of the parties with whom Counsel for the
25 parties find it necessary to consult, in the discretion of such counsel, in preparation for
26 trial of this action or the Cohen Case;

27     (c)    Stenographic and clerical employees associated with the
28 individuals identified above; and

                    (d)    All named parties and counsel of record in the Cohen Case.

10. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any originator, author or a recipient of a copy of the document may be shown the same.

11. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation or the Cohen Case.

12. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

13. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" – SUBJECT TO PROTECTIVE ORDER.

17. If a party inadvertently produces a document that the party later discovers or in good faith asserts to be a privileged document, the production of that document

shall not be deemed to constitute the waiver of any applicable privileges or objections. In such circumstances, the producing party must immediately notify the receiving party of the inadvertent production, and request the return or confirmed destruction of the privileged materials. Within five (5) business days of receiving such notification, the receiving party shall return or confirm destruction of all such materials, including any copies and summaries thereof. Such return or confirmation of destruction shall not preclude the receiving party from seeking to compel production of the materials for reasons other than its inadvertent production and shall not constitute an admission by the receiving party that the materials were, in fact, privileged in any way.

18. Notwithstanding the other provisions in the Order, all parties retain the right to object to the production of any discovery material on the grounds that the material is protected as privileged, as attorney work product or any other legal or proper grounds.

19. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation or the Cohen Case and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

20. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21. Nothing within this order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

22. Upon final termination of this action and the Cohen Case, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information,

1 including any copies, excerpts, and summaries of that information, or must destroy
2 same at the option of the receiving party, and must purge all such information from all
3 machine-readable media on which it resides.  Notwithstanding the foregoing, counsel
4 for each party may retain all pleadings, briefs, memoranda, motions, and other
5 documents filed with the Court that refer to or incorporate Confidential Information,
6 and will continue to be bound by this Order with respect to all such retained
7 information.  Further, attorney work product materials that contain Confidential
8 Information need not be destroyed, but, if they are not destroyed, the person in
9 possession of the attorney work product will continue to be bound by this Order with
10 respect to all such retained information.

11        23.    The restrictions and obligations set forth within this order will not apply
12 to any information that: (a) the parties agree should not be designated Confidential
13 Information; (b) the parties agree, or the Court rules, is already public knowledge; (c)
14 the parties agree, or the Court rules, has become public knowledge other than as a
15 result of disclosure by the receiving party, its employees, or its agents in violation of
16 this Order; or (d) has come or will come into the receiving party's legitimate
17 knowledge independently of the production by the designating party. Prior knowledge
18 must be established by pre-production documentation.

19        24.    The restrictions and obligations within this order will not be deemed to
20 prohibit discussions of any Confidential Information with anyone if that person
21 already has or obtains legitimate possession of that information.

22        25.    Transmission by facsimile is acceptable for all notification purposes
23 within this order.

24        26.    This Order may be modified by agreement of the parties, subject to
25 approval by the Court.

26        27.    The Court may modify the terms and conditions of this Order for good
27 cause, or in the interest of justice, or on its own order at any time in these proceedings.
28 The parties prefer that the Court provide them with notice of the Court's intent to

modify the Order and the content of those modifications, prior to entry of such an order.

IT IS SO ORDERED.

Dated: March 21, 2014

THE HONORABLE WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRUMP UNIVERSITY, LLC, et al.,<br><br>Defendants. | No. 3:10-cv-0940-GPC(WVG)<br><br>CLASS ACTION<br><br>AGREEMENT TO BE BOUND BY FIRST AMENDED PROTECTIVE ORDER |

I, _____ , declare and say that:

1. I am employed as _____ by _____.

2. I have read the First Amended Protective Order entered in *Makaeff v. Trump University, LLC*, Case No. 3:10-CV-00940-GPC(WVG), and have received a copy of the Protective Order.

3. I promise that I will use any and all "Confidential" or "Confidential – For Counsel Only" information, as defined in the First Amended Protective Order, given to me only in a manner authorized by the First Amended Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "Confidential" or "Confidential – For Counsel Only" information with anyone other than the persons described in paragraphs 3, 8 and 9 of the First Amended Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the First Amended Protective Order.

6. I understand that any disclosure or use of "Confidential" or "Confidential – For Counsel Only" information in any manner contrary to the provisions of the First Amended Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____    _____