NANCY L. STAGG CA Bar No. 157034
    nstagg@foley.com
BENJAMIN J. MORRIS CA BAR No. 260148
    bmorris@foley.com
**FOLEY & LARDNER LLP**
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130-3302
TELEPHONE:  858.847.6700
FACSIMILE:   858.792.6773

JILL A. MARTIN CA Bar No. 245626
    jmartin@trumpnational.com
C/O **TRUMP NATIONAL GOLF CLUB LOS ANGELES**
ONE TRUMP NATION DRIVE
RANCHO PALOS VERDES, CA 90275
TELEPHONE:  310.303.3225
FACSIMILE:   310.265.5522

Attorneys for Defendants Trump University, LLC
and Donald J. Trump

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, SONNY LOW, J.R. EVERETT, AND JOHN BROWN,  on behalf of themselves and all others similarly situated, ED OBERKROM, and BRANDON KELLER, individually,<br><br>        Plaintiffs,<br><br>        v.<br><br>TRUMP UNIVERSITY, LLC (aka Trump Entrepreneur Initiative), a New York Limited Liability Company, DONALD J. TRUMP, and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No:  10-cv-0940 GPC (WVG)<br><br>CLASS ACTION<br><br>**DECLARATION OF KATHRYN M.S. CATHERWOOD IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' BILL OF FEES AND COSTS** |

I, Kathryn M.S. Catherwood, declare:

1.      I am an attorney licensed to practice before all courts in the State of California and before this Court.  I am a partner at the law firm of Foley & Lardner LLP, counsel of record for Trump University, LLC and Donald J. Trump (collectively, "Defendants") in this matter.

2.      Trump University engaged Foley & Lardner who substituted into this case as counsel of record on May 12, 2014 [Dkt. No. 323] and therefore, I was not involved in this case prior to the final hearing regarding the Anti-SLAPP motion and filing of Plaintiffs' Bill of Fees and Costs ("Motion").

3.      Notwithstanding the lack of first-hand knowledge of the proceedings between the parties, my experience includes over 23 years of practicing before state and federal courts, including in bankruptcy courts, primarily in San Diego, California.  I have extensive experience in reviewing and assessing reasonableness of fees and costs incurred in cases both in bankruptcy pursuant to the fee application process and with statutory rights to attorneys' fees and fee shifting statutes.  I have been involved in both preparing fee applications in bankruptcy court and objecting to fee applications by other professionals employed in bankruptcy cases, as well as cases involving fee shifting statutes.  I have personal knowledge of the facts set forth herein and, if called upon to testify, could and would competently testify thereto.

4.      Pursuant to this Court's Order, Dkt. No. 328, this Court ordered:

> IT IS FURTHER ORDERED that on or before July 3, 2014, Plaintiff/Counter-Defendant Makaeff shall file with the Court substantiation of the reasonable attorney's fees and costs associated with bringing the Motion to Strike, related appeal, and supplemental briefing. Any objections to Plaintiff/Counter-Defendant Makaeff's bill of fees and costs shall be filed in writing and served on Plaintiff/Counter-Defendant no later than July 18, 2014.

5.      I reviewed Makaeff's Motion and supporting declarations and was unable to assess the reasonableness of the fees and costs for each task based upon the declarations of Ms. Eck, Ms. Jensen, and Mr. Isaacson who did not provide any information as to how many hours were incurred and by which of the 8 attorneys

working on the case at the Robbins Geller firm and the 4 attorneys working on the case at the Zeldes Haeggquist firm with respect to each of the tasks identified in the declarations.  Although Ms. Eck's declaration included Exhibit 2 with a chart of services, she did not include the hours spent on the specific tasks.

6.     Without the benefit of the actual attorney time breakdown, I undertook the task of creating a chart with each of the task categories described in the supporting declarations of Eck, Jensen, and Isaacson and my suggestion to the Court as to what would be a reasonable amount of fees for the specific tasks related to the Anti-SLAPP motion and appeal.  A true and correct copy of that chart is attached hereto as Exhibit 1.

7.     I prepared the chart and the suggested reasonable hours to complete the tasks after reviewing reported decisions involving Anti-SLAPP attorneys' fees motions in the San Diego community to assess reasonable hourly rates for this type of work in San Diego and found the following cases approved rates in Anti-SLAPP cases ranging from $72-$375.  <u>Ravet v. Stern</u>, 2010 U.S. Dist. LEXIS 79589; <u>Fleming v. Coverstone</u>, 2009 U.S. Dist. LEXIS 22083, 2009 WL 764940, at *7 (S.D. Cal. 2009); <u>Cornwell v. Belton</u>, 2008 U.S. Dist. LEXIS 907, 2008 WL 80724 (S.D. Cal. 2008); <u>John Brown Kearney v. Foley & Lardner</u> 2008 U.S. Dist. Lexis 21115 (USDC SD CA May 18. 2008); <u>Stanley P. Berman v. Julie McManus</u> 2012 U.S. Dist. Lexis 58763 (ED CA April 26, 2012).  I did not do exhaustive research on this topic in the interest of avoiding increased fees and costs but believe that the cases I found are representative of the hourly rates typically charged and approved in the San Diego community for Anti-SLAPP motions.

8.     Given that Makaeff believes that rulings by other courts in unrelated cases regarding the attorneys' fees of her counsel in matters other than Anti-SLAPP motions are relevant (which Trump University does not agree and has filed an accompanying motion to strike) in preparing the chart (Exhibit 1), I also undertook to review an order involving a fee request made by Robbins Geller in the State of Washington which included concerns of the court about over inflated billings and hourly rates.  Copies of

the court's rulings regarding Robbins Geller's fees in that case are attached hereto as Exhibit 2.

9.      Finally, in preparing the chart, I also reviewed the invoices of prior counsel for Trump University, Yunker & Schneider, to confirm that the time suggested as reasonable in Exhibit 1 for each task was consistent with time actually spent by Trump University, an entity that Makaeff has described as taking a "scorched earth" approach in this litigation.  I do not believe that such a characterization is warranted based upon my review of the court docket and the numerous favorable rulings obtained by Trump University on the majority of its motions.  Nonetheless, Makaeff's argumentative statement would support Trump University's position that the time suggested in the chart is more than generous as I have allocated more hours than Trump University's counsel spent on the related tasks.

10.     I also investigated the allegations made by Makaeff regarding Mr. Schneider's alleged refusal to provide the documents containing the alleged defamatory statements.  I am informed and believe that Mr. Schneider did offer to provide the documents as part of mutual exchange and his offer was rebuffed by Makaeff's counsel.

11.     I also reviewed the counter-claim and note that the documents were actually quoted at paragraphs 6, 22 and 23 of the counter-claim.  Makaeff's counsel has not explained how having the actual documents would have resulted in lower fees since the specific defamatory statements were quoted and thus know by Makaeff's counsel.

///

///

1       12.    Finally, I confirmed that Trump University did meet and confer with

2 Makaeff's counsel regarding the motion to transfer the appellate attorneys' fees and

3 costs issue to District Court and advised counsel that Trump University did not oppose

4 the motion.

5       I declare under penalty of perjury under the laws of the United States of America

6 that the foregoing is true and correct except for those matters stated on information and

7 belief and as to those matters, I believe them to be true.  I hereby execute this

8 declaration on July 18, 2014 at San Diego, California.

s/ Kathryn M.S. Catherwood
KATHRYN M.S. CATHERWOOD

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 18, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

*s/ Nancy L. Stagg*
Nancy L. Stagg

# <u>EXHIBIT TABLE OF CONTENTS</u>

**Exhibit**                                                                      **Page No.**

   1.    Trump University Chart of Suggested Reasonable
       Fees by Task                                                                  8

   2.    Orders Regarding Robbins Geller's Fees in Unrelated Case        17

10-CV-0940 GPC (WVG)

4828-1152-3100.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>EXHIBIT 1</u>**


(Trump University Chart of Suggested Reasonable Fees by Task)

10-CV-0940 GPC (WVG)

Exhibit 1                                                000008

## ATTORNEY FEE ANALYSIS

| Task No. | Date | Activity | Elapsed Time When Work Being Done in Days | Comments Justifying reduction in hours | Estimated Reasonable Hours | Fees – Blended rate of $300 |
|---|---|---|---|---|---|---|
| 1. | 05/26/2010 | Trump University Cross-Complaint Filed. Declaration of Rachel L. Jensen in Support of Makaeff's Bill of Fees and Costs ("Jensen Dec.") ¶ 12; Declaration of Amber L. Eck in Support of Makaeff's Bill of Fees and Costs ("Eck Dec.") ¶ 18.  Docket No. 4 | 0 | | 0.00 | 0.00 |
| 2. | 06/30/2010 | Makaeff's anti-SLAPP Motion filed.  Jensen Dec. ¶ 15; Eck Dec. ¶ 20.  Docket No. 14 | 35 | Duplicative.  Multiple attorneys (at least 4) worked on motion, including co-counsel ZHE.  Jensen Dec. at ¶ 15. | 70.50 | $21,150.00 |
| 3. | 07/19/2010 | Trump University's Opposition to anti-SLAPP.  Jensen Dec. ¶ 16; Eck Dec. ¶ 23.  Docket No. 15 | 0 | | 0.00 | 0.00 |
| 4. | 07/26/2010 | Makaeff's Reply.  Jensen Dec. ¶ 17; Eck Dec. ¶ 24.  Docket No. 17 | 7 | Duplicative.  Multiple attorneys worked on motion.  See Jensen Dec. at ¶ 17. | 50.00 | $15,000 |
| 5. | 07/29/2010 | Trump University's Motion to Strike Makaeff's Declaration.  Eck Dec. ¶ 25.  Docket No. 18 | | | 0.00 | 0.00 |
| 6. | 07/29/2010 | Makaeff's Opposition to Motion to Strike.  Eck Dec. ¶ 25.  Docket No. 19 | | | 10.50 | $3,150.00 |
| 7. | 08/04/2010 | Hearing on anti-SLAPP.  Jensen Dec. ¶ 19; Eck Dec. ¶ 26.  Docket No. 22 and 23 | 1 | | 11.25 | $3,375.00 |

4828-3944-2972.1

Exhibit 1                                                                                          000009

| Task No. | Date | Activity | Elapsed Time When Work Being Done in Days | Comments Justifying reduction in hours | Estimated Reasonable Hours | Fees – Blended rate of $300 |
|---|---|---|---|---|---|---|
| 8. | 08/23/2010 | Order Denying Anti-SLAPP Motion. Eck Dec. ¶ 26. Docket No. 24 | | Judge Gonzalez denied Makaeff's motion-Trump University prevailed | 0.00 | 0.00 |
| 9. | 09/20/2010 | Makaeff's Motion for Reconsideration. Jensen Dec. ¶ 20; Eck Dec. ¶ 28. Docket No. 31 | 46 | Duplicative efforts. Multiple attorneys worked on matter. See Jensen Dec. at ¶ 20; Eck Dec. at ¶27. | 38.25 | $11,475.00 |
| 10. | 10/12/2010 | Trump University's Opposition. Jensen Dec. ¶ 21; Eck Dec. ¶ 28. Docket No. 32 | 0 | | 0.00 | 0.00 |
| 11. | 10/18/2010 | Makaeff's Reply. Jensen Dec. ¶ 21; Eck Dec. ¶ 28. Docket No. 35 | 6 | Duplicative efforts. Multiple attorneys worked on matter. See Jensen Dec. at ¶ 21. | 20.00 | $6,000.00 |
| 12. | 12/06/2010 | Order on Motion for Reconsideration. Jensen Dec. ¶ 21. (No hearing held) Docket No. 40 | 1 | Judge Gonzalez denied Makaeff's motion– Trump University prevailed. The order [Dkt. 40] confirms the motion was not consistent with standards for reconsideration and denial of fees is appropriate or at most 2 hrs in total given Judge Gonzalez's finding that MaKaeff simply re-argued her original motion.<br><br>"Makaeff presents neither newly discovered evidence nor an intervening change in controlling law to support her motion. Instead, she attempts to reargue her claim that Trump University is a public figure, | 2.0 | $600.00 |

| Task No. | Date | Activity | Elapsed Time When Work Being Done in Days | Comments Justifying reduction in hours | Estimated Reasonable Hours | Fees – Blended rate of $300 |
|---|---|---|---|---|---|---|
| | | | | and raises for the first time the issue of the "common issue privilege." None of the authorities upon which Makaeff relies were unavailable when she filed her initial motion, when she filed her reply to Trump University's opposition, or when counsel appeared before the Court for oral argument.  Makaeff points to no intervening change in the law or to any clear error committed by the Court.<br><br>Makaeff has not met the high bar required to merit the extraordinary remedy of reconsideration.  Accordingly, the motion for reconsideration is DENIED." | | |
| 13. | 01/03/2011 | Notice of Appeal.  Jensen Dec. ¶ 23; Eck Dec. ¶ 32.  Docket No. 43 | 27 | Five line notice of appeal [Dkt. 43] | 0.25 | $75.00 |
| 14. | 01/10/11 | Trump University's Motion to stay entire case.  Eck Dec. ¶ 32.  Docket No. 46 | 0 | | 0.00 | 0.00 |
| 15. | 01/19/11 | Makaeff's opposition for stay.  Eck Dec. ¶ 33.  Docket No. 48 | 0 | Not compensable, relates to main case, not anti-SLAPP motion. Duplicative.  See Jensen Dec. at ¶ 23. | 19.50 | $5,850.00 |
| 16. | 02/11/2011 | Court denied Motion to Stay main case filed by Trump University.  Jensen Dec. ¶ 23; Eck | 0 | | 0.00 | 0.00 |

| Task No. | Date | Activity | Elapsed Time When Work Being Done in Days | Comments Justifying reduction in hours | Estimated Reasonable Hours | Fees – Blended rate of $300 |
|---|---|---|---|---|---|---|
| | | Dec. ¶ 34.  Docket No. 58 | | | | |
| 17. | 02/29/2011 03/01/2011 | Settlement Assessment Conference with Ninth Circuit Mediator – Lou Rosen.  Jensen Dec. ¶ 47; Eck Dec. ¶ 31. | 55 | Excessive number of attorneys (4) participating in conference. Duplicative.  See Eck Dec. at ¶ 31. | 2.00 | $600.00 |
| 18. | 05/26/2011 | Opening Brief.  Jensen Dec. ¶ 24; Eck Dec. ¶ 36. | 86 | Duplicative.  At least 5 attorneys working on brief from 2 firms.  See Jensen Dec. at ¶ 24; Eck Dec. at ¶ 35. Time is excessive and not necessary for speaking with outside entities. See Jensen Dec. at ¶ 25; Eck Dec. at ¶¶ 7, 37.  Isaacson's consultations with 3rd parties unnecessary. Isaacson Dec. at ¶ 16.  Isaacson admits he lacks experience in Anti-SLAPP motions and he had to "immerse" himself in treatises, etc. Isaacson Dec. at ¶ 14.  Isaacson's review of books on Trump was outside record on appeal and unnecessary.  Isaacson Dec. at ¶ 15. | 100.00 | $30,000.00 |
| 19. | 06/08/2011 | Trump University's Opposition to the RFJN. Jensen Dec. ¶ 26. | 0 | | 0.00 | 0.00 |
| 20. | 06/15/2011 | Makaeff's Reply to Opposition to RFJN. Jensen Dec. ¶ 26. | 7 | | 10.00 | $3,000.00 |

| Task No. | Date | Activity | Elapsed Time When Work Being Done in Days | Comments Justifying reduction in hours | Estimated Reasonable Hours | Fees – Blended rate of $300 |
|---|---|---|---|---|---|---|
| 21. | 08/15/2011 | Trump University's Appeal Brief.  Jensen Dec. ¶ 27; Eck Dec. ¶ 39. | 0 | | 0.00 | 0.00 |
| 22. | 09/27/2011 | Makaeff's Reply Brief.  Jensen Dec. ¶ 27; Eck Dec. ¶ 39. | 43 | Duplicative.  No explanation for need of Tom Merrick.  See Jensen Dec. at ¶ 27. | 50.00 | $15,000.00 |
| 23. | 10/05/2011 | Trump University's Opposition to Supplemental RFJN.  Jensen Dec. ¶ 28; Eck Dec. ¶ 39. | 0 | | 0.00 | 0.00 |
| 24. | 10/12/2011 | Makaeff's Reply to Opposition to RFJN.  Jensen Dec. ¶ 28; Eck Dec. ¶ 39. | 7 | | 20.00 | $6,000.00 |
| 25. | 01/18/2012 | Oral Argument.  Jensen Dec. ¶ 30; Eck Dec. ¶ 40. | 1 | Excessive time spent by Isaacson.  See Jensen Dec. at ¶ 29.  Duplicative time on mock argument.  See Jensen Dec. at ¶ 29; Eck Dec. at ¶ 35. | 25.00 | $7,500.00 |
| 26. | 04/17/2013 | Ninth Circuit's ruling.  Jensen Dec. ¶ 31. | 0 | Reversing Ruling on anti-SLAPP Motion, Makaeff prevailed | 0.00 | 0.00 |
| 27. | 04/30/2013 | Trump University's Petition for Rehearing *en banc.*  Jensen Dec. ¶ 32; Eck Dec. ¶ 41. | 0 | | 0.00 | 0.00 |
| 28. | 06/13/2013 | Makaeff's Opposition to Petition.  Jensen Dec. ¶ 31. | 43 | Time spent soliciting Anti-SLAPP practitioners excessive.  See Jensen Dec. at ¶ 32.  Duplicative.  Too many attorneys reviewing brief.  See Jensen Dec. at ¶ 32.  Consultation with | 20.00 | $6,000.00 |

| Task No. | Date | Activity | Elapsed Time When Work Being Done in Days | Comments Justifying reduction in hours | Estimated Reasonable Hours | Fees – Blended rate of $300 |
|---|---|---|---|---|---|---|
| | | | | outside sources excessive and unnecessary.  Isaacson Dec. at ¶ 22. | | |
| 29. | 11/27/2013 | Ninth Circuit's ruling.  Jensen Dec. ¶ 33. | 0 | Denying Petition for Rehearing *en banc* | 0.00 | 0.00 |
| 30. | 12/10/2013 | Ninth Circuit issues mandate.  Jensen Dec. ¶ 34. | 0 | Remanding matter for further factual finding of whether Trump could meet burden to demonstrate Makaeff acted with actual malice | 0.00 | 0.00 |
| 31. | 12/10/2013 | Makaeff's Motion to Transfer Atty's Fees/Costs Issues to District Court.  Jensen Dec. ¶ 35; Eck Dec. ¶ 42. | 1 | Unopposed by Trump University.  Meet & confer with Trump University confirmed no opposition.  Thus, Motion should not have required extensive research or time to prepare.  See Jensen Dec. at ¶ 32; Isaacson Dec. at ¶ 25; Catherwood Dec. at ¶ 12. | 1.00 | $300.00 |
| 32. | 12/12/2013 | Ninth Circuit requested supplemental briefing re issues of actual malice.  Jensen Dec. ¶ 36; Eck Dec. ¶ 43. | 0 | | 0.00 | 0.00 |
| 33. | 12/20/2013 | Ninth Circuit's ruling.  Jensen Dec. ¶ 35. | 0 | Granted Makaeff's unopposed Motion to Transfer Appellate Fee Issues to District Court | 0.00 | 0.00 |
| 34. | 02/05-07/2014 | Prepare Makaeff for Deposition.  Eck Dec. ¶ 46, Ex. 2. | | Makaeff had been deposed in this case before.  This was very narrow | 4.00 | $1,200.00 |

| Task No. | Date | Activity | Elapsed Time When Work Being Done in Days | Comments Justifying reduction in hours | Estimated Reasonable Hours | Fees – Blended rate of $300 |
|---|---|---|---|---|---|---|
| | | | | issue on malice.  Depo prep should have been minimal.  The use of 2 partners over several days is excessive and duplicative.  <u>See</u> Jensen Dec. at ¶ 37.  Two people defending – excessive and duplicative.  <u>See</u> Jensen Dec. at ¶ 37; Eck Dec. at ¶¶ 44, 45, 46. | | |
| 35. | 02/10/2014 | Makaeff's Deposition.  Jensen Dec. ¶ 37; Eck Dec. ¶ 46. | 0 | Makaeff produced documents for the first time which had previously been withheld.  Motion for Fees at p. 6, lines 4-6. | 2.00 | $600.00 |
| 36. | 02/11/2014 | Anti-SLAPP discovery re Walter Grieves.  Eck Dec. ¶ 47, Ex. 2. | | Time spent with Grieves' counsel unnecessary and premature.  <u>See</u> Eck Dec. at ¶ 47. | 1.00 | $300.00 |
| 37. | 02/14/2014 | Makaeff's Supplemental Brief.  Jensen Dec. ¶ 38; Eck Dec. ¶ 43.  Docket No. 294 | 56 | Three attorneys working on simple motion is excessive and duplicative.  <u>See</u> Jensen Dec. at ¶ 38; Eck Dec. at ¶ 43; Isaacson Dec. at ¶ 27. | 15.00 | $4,500.00 |
| 38. | 02/28/2014 | Trump University's Opposition to Supplemental Brief.  Jensen Dec. ¶ 39.  Docket No. 300 | 0 | Use of numerous attorneys and "colleagues" is excessive and duplicative.  <u>See</u> Jensen Dec. at ¶ 39; Eck Dec. at ¶ 48. | 0.00 | 0.00 |
| 39. | 03/14/2014 | Makaeff's Reply re Supplemental Brief.  Jensen Dec. ¶ 39; Eck Dec. ¶ 48.  Docket | 14 | | 10.00 | $3,000.00 |

| Task No. | Date | Activity | Elapsed Time When Work Being Done in Days | Comments Justifying reduction in hours | Estimated Reasonable Hours | Fees – Blended rate of $300 |
|---|---|---|---|---|---|---|
| | | No. 312 | | | | |
| 40. | 06/13/2014 | Hearing.  Jensen Dec. ¶ 41. | 1 | Prepare & attend.  Duplicative time by Jensen should be denied.  See Jensen Dec. at ¶ 41; Eck Dec. at ¶ 49. | 10.00 | $3,000.00 |
| 41. | 06/17/2014 | Court issued order.  Jensen Dec. ¶ 42; Eck Dec. ¶ 50.  Docket No. 328 | 0 | Granting Makaeff's anti-SLAPP Motion – dismissing Trump University's Defamation Counterclaim – directing Makaeff to file bill of fees and costs by July 3, 2014 | 0.00 | 0.00 |
| | TOTAL ELAPSED WORK DAYS | | 437 days=1 year, 2 months | | 0.00 | 0.00 |
| | TOTAL HOURS | | | | 492.25 | 0.00 |
| | TOTAL FEES | | | | | $147,675.00 |

Exhibit 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

(Orders regarding Robbins Geller's fees in unrelated case)

10-CV-0940 GPC (WVG)

1
2
3                     UNITED STATES DISTRICT COURT
4                     EASTERN DISTRICT OF WASHINGTON
5
6   PLUMBERS UNION LOCAL NO. 12,          )
7   PENSION FUND, et al.,                 )
                                          )   NO. CV-09-0214-JLQ
                         Plaintiffs,      )
8                                         )   ORDER RE: MOTION FOR
9             vs.                         )   ATTORNEY FEES
                                          )
10  AMBASSADORS GROUP INC., et al.,       )
11                                        )
                         Defendants.      )
12  _____)

13        BEFORE THE COURT are Plaintiff's Motion for Approval of Class Action
14  Settlement (ECF No. 169) and Plaintiff's Motion for an Award of Attorneys' Fees and
15  Expenses (ECF No. 171), both to be heard by the court on November 30, 2011.
16        The Motion for Fees and Expenses (ECF No. 171) seeks an award of 25% of the
17  settlement fund, plus expenses of $224,211.21. See Proposed Order at ECF No. 171-1.
18  The proposed settlement fund is $7.5 million. Therefore, an award of 25% equals
19  $1,875,000.00. This, coupled with the requested expense award, totals approximately
20  $2.1 million.
21        In support of this Motion, counsel indicates that they have spent approximately
22  3,000 hours on this litigation. See Dec. of J. Bull and Dec. of K. Barth at ECF No. 181
23  and 182. The law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller")
24  seeks compensation for its services at the following rates: 1) for Partners - $565 to
25  795/hour; 2) for Associates - $330 to 410/hour; and 3) for Paralegals - $265 - 295/hour.
26        The court recognizes that the Ninth Circuit has stated that, "in common fund cases,
27  the benchmark award is 25 percent of the recovery obtained, with 20-30% as the usual
28  ORDER - 1

Exhibit 2                                        000018

1  range. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). However, the

2  Circuit also stated that the benchmark was a "starting point for analysis" and "may be

3  inappropriate in some cases." *Id.* at 1048. When awarding fees from a common fund in

4  a class-action settlement, this court "must assume the role of fiduciary for the class

5  plaintiffs." *Id.* at 1052. This court has an obligation to closely scrutinize the fee

6  application, and "[r]ubber stamp approval, even in the absence of objections, is

7  improper." *Id.* A preliminary review of the hourly records in this case leaves the court

8  with the current impression that a vast number of the hours allegedly expended were

9  unnecessary to the orderly prosecution of this case. For example, a review of the hours

10  claimed shows a large number of hours expended on the relatively simple issue of a

11  protective order. Excessive billing in any singular matter causes this court to view with

12  skepticism the claimed expenditure of hours on other matters. In its fiduciary capacity

13  the court has substantial doubts as to the reasonableness of the hours claimed and the

14  charges for those hours. This concern may well cause the November 30, 2011 hearing

15  to be an extended one and may well result in additional hearings on both the attorney

16  fees and claimed expenses. Additional hearings, if necessary, will be set as the court's

17  other matters and schedules permit.

18      The court has concerns both as to the total amount of time expended, and the

19  hourly rates. While the court is mindful that this is a securities fraud class-action and

20  that such cases can be complex, the court is also aware that this matter involved an

21  unopposed motion for class certification and did not involve summary judgment motions,

22  two factors which should have decreased the time and expense involved. The factual

23  basis for the claims in this matter was primarily that Ambassadors failed to disclose in

24  a July 24, 2007 corporate status telephone conference the loss of a marketing mailing list

25  that was its main principal source of middle school names and addresses. The fact of

26  that loss was not disputed by Ambassadors although its materiality was. The hourly

27  records of counsel for the Plaintiffs reflect that little time was required or spent on

28  ORDER – 2

Exhibit 2                                    000019

1  discovery of that factual issue.

2       "A district court should calculate the reasonable hourly rate according to the

3  prevailing market rates in the relevant community, which typically is the community in

4  which the district court sits." *Schwarz v. Sec. of Health & Human Serv.*, 73 F.3d 895, 906

5  (9th Cir. 1995). In setting forth the loadstar calculations as a cross-check, Robbins Geller

6  has set forth the rates of attorneys who maintain offices in California and New York, and

7  those rates substantially exceed those customarily charged in the Eastern District of

8  Washington. The Ninth Circuit has repeatedly said that "the relevant community is the

9  forum in which the district court sits." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d

10  973, 979 (9th Cir. 2008). "Rates outside the forum may be used if local counsel was

11  unavailable, either because they are unwilling or unable to perform because they lack the

12  degree of experience, expertise, or specialization required to handle properly the case."

13  *Id.* at 979. Robbins Geller did work with a relatively more local firm - - Hagens Berman,

14  located in Seattle, and the rates charged by Hagens Berman were considerably less.

15       Also objectionable are the $265 to 295/hourly rates for paralegals. Recently the

16  District Court for the Northern District of California, which encompasses San Francisco

17  where Robbins Geller maintains an office, reduced requested paralegal fees from

18  $195/hour to $150 finding that $150/hour is "more consistent with the market rate ... for

19  paralegal work in this district." *White v. Coblentz, Patch and Bass*, LLP, 2011 WL

20  5183854 (N.D. Cal. Oct. 31, 2011) see also *Freeman v. Mukasey*, 2008 WL 1960838 (9th

21  Cir. 2008)(stating that prevailing market rate for paralegals in Portland, Oregon was

22  $110/hour). In calculating the lodestar, Robbins Geller seeks a total of over $250,000

23  in paralegal fees at these rates of $265 to 295/hour.

24       The court is also concerned with the $125,935.00 in expenses which is attributed

25  to "investigators." (ECF No. 181, p. 3). The court did not find in the record a more

26  detailed explanation of these expenses, but rather just a conclusory statement that: "The

27  expenses pertaining to this case are reflected in the books and records of this firm. These

28  ORDER - 3

Exhibit 2                                                    000020

1  books and records are prepared from expense vouchers, check records, and other

2  documents and are an accurate record of the expenses." (ECF No. 181, p. 5).

3      The court also has concerns regarding expenses and fees incurred in association

4  with the mediation. It appears that five people claimed expenses for meals, hotels, and

5  transportation to attend the mediation on April 1, 2011. (ECF No. 181, p. 4). Three

6  attorneys billed between 8 and 10 hours for attendance at the mediation. (ECF No. 181-

7  3). There is also a travel expense entry for "deliver documents to mediation" on March

8  16, 2011, but the mediation was actually April 1, 2011, and there would not normally be

9  meal or hotel expenses associated with merely delivering documents. The court

10  recognizes that travel expenses of $17,802.53 are a small portion of the $2.1 million in

11  fees and expenses being sought, but a review of the fees and expenses associated with

12  the mediation raise concerns of possible overstaffing and unnecessary expenses for other

13  items.

14  **IT IS HEREBY ORDERED:**

15      1. Counsel shall be prepared to address the court's concerns, outlined *supra*, at

16  the hearing on November 30, 2011, at 10:00 a.m. Specifically, without limitation,

17  counsel shall be prepared to address:

18      a) why Robbins Geller has used its New York and California hourly billing rates

19  in calculating the lodestar, rather than rates based on the forum district;

20      b) if there is any authority supporting an award of $295/hour for paralegal fees;

21      c) the travel and investigative expense concerns outlined above;

22      d) if it was appropriate for Robbins Geller to maintain its billing records based on

23  the quarter-hour, rather than the tenth, see for example *Zucker v. Occidental Petroleum*,

24  968 F.Supp. 1396, 1403 (C.D. Cal. 1997)("Such a calculation-apparently harmless on

25  its face-will over the course of litigation as complex as this add up to tens of thousands

26  of dollars in unearned legal fees."); and

27      e) if a fee and expense award exceeding $2 million is reasonable in a matter which

28  ORDER – 4

Exhibit 2                    000021

1   did not involve a contested motion for class certification or the filing of summary

2   judgment motions and apparently limited discovery procedures.

3        2.  If counsel wishes to make a supplemental written submission addressing any

4   of these points, such submission shall be made **no later than Wednesday, November**

5   **23, 2011, at 10:00 a.m.**

6        3.  At the court hearing on November 30, 2011, the court will have numerous

7   specific questions as to the fees and expenses claimed.

8        **IT IS SO ORDERED.**  The Clerk shall enter this Order and furnish copies to

9   counsel.

10       Dated this 10th day of November, 2011.

11                         s/ Justin L. Quackenbush
                         JUSTIN L. QUACKENBUSH
12                  SENIOR UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER − 5

Exhibit 2                                    000022

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| PLUMBERS UNION LOCAL NO. 12 PENSION FUND, et al, | ) ) ) | No. CV-09-0214-JLQ |
| Plaintiffs, | ) ) | MEMORANDUM RE: ATTORNEY FEE LODESTAR |
| vs. | ) ) ) | CALCULATIONS and REQUESTED "EXPENSE and DISBURSEMENTS" |
| AMBASSADORS GROUP, INC., et al, | ) ) | REIMBURSEMENTS |
| Defendants. | ) ) | |

The Motion For Approval of Class Action Settlement and the commensurate pleadings requesting the court's determination of reasonable attorney fees along with the request for payment to the Plaintiffs' law firm of Robbins Geller Rudman & Dowd of "Expenses" and "Disbursements"were initially filed in October and November, 2011.  A hearing on those motions and the proposed class action settlement was held by the court on November 30, 2011.

In making the determination as to the fairness of a proposed class action settlement and in determining compensation to counsel, the court sits in a fiduciary role as to the interests of the members of the Plaintiff class. *Vizcaino v. Microsoft*, 290 F. 3d 1043, 1052 (9th Cir. 2002). Attorneys for members of a Plaintiff class also serve in an attorney/client fiduciary capacity with those members who are the ones who suffered the monetary losses by reason of the alleged wrongdoing by the Defendants.  Attorneys are obligated by their oaths, the Rules of Professional Conduct, the Federal Rules of Civil Procedure, and the Rules of this court to deal with their clients and the court with candor, honesty, and forthrightness.

This court's fiduciary role has caused the court to look closely at the alleged hours and rates in the claimed lodestar of the Robbins firm.  In addition, the concerns of the court as to requested reimbursement to the Robbins firm for alleged "Expenses" and

ORDER - 1

Exhibit 2                                                            000023

1    "Disbursements" are of record together with the responses of the involved attorneys.

2  ## I. Claimed Hours Expanded

3      The court has determined that a portion of the claimed expenditure of attorney time

4  by Plaintiffs' counsel as set forth in the lodestar submittals has not been justified as

5  necessary and reasonable.  The court has questioned the amount of time claimed by

6  attorney John Grant in the preparation of the Amended Complaint. The court determines

7  that a maximum attorney time of 40 hours was justified for that task.   In addition, the

8  court has questioned the expenditure of some 135 hours by attorney Joy Bull in the

9  completion of settlement documents after the settlement figure was agreed upon . Ms.

10  Bull was not involved in this litigation until after the settlement figure had been agreed

11  upon.  The court finds that not more than 95 hours of attorney time should have been

12  involved in the preparation and completion of the settlement documents and pleadings,

13  rather than the 135 hours of claimed time by Ms. Bull.

14  ## II. The Hourly Rates

15      The prior pleadings and court Memoranda in this matter have discussed the rule

16  that usually, the reasonable attorney hourly rates in the district of the litigation should be

17  utilized, although in exceptional cases, national rates may be considered. *Schwarz v. Sec.*

18  *of Health*, 73 F. 3d 895, 906 (9th Cir. 1995). Utilizing those guides, for the reasons

19  previously stated by this court, the court determines that the maximum hourly rates for

20  the law firm's personnel in this case,  considering the nature and relatively limited extent

21  of this litigation compared to other class actions are as follows:

22      a.  Partners: $500/hour

23      b.  Associates: $300/hour
    c.  Paralegals: $150/hour

24    The court has determined that claims for time spent for the work of docket clerk

25  is not appropriately considered in setting the lodestar for attorney compensation.  Such

26  fees are part of a law firm's normal overhead and should not be included in the lodestar

27  calculation.

28  ORDER - 2

Exhibit 2

1      Counsel for the Plaintiffs shall file a new lodestar computation which incorporates

2 the foregoing rulings by the court. The court will consider the revised lodestar amount

3 and reasonable percentage suggestions in determining the reasonable fee to be awarded

4 to the Robbins firm.

5                      **III. "Expenses and Disbursements"**

6      On October 27, 2011, attorneys Joy Bull and John K. Grant, partners of and on

7 behalf of the law firm of Robbins Geller Rudman & Dowd, filed Declarations "under the

8 penalty of perjury." Mr. Grant's Declaration (ECF No. 178), at ¶ 23, page 7,  stated in

9 part that "Plaintiff's counsel have incurred expenses of $224,211.21."  Ms. Bull's

10 Declaration "under perjury" stated at ¶ 8, page 3: "My firm incurred a total of

11 $223,095.46 in expenses in connection with the prosecution of this action." Ms. Bull's

12 Declaration then listed "**EXPENSES**" and "**DISBURSEMENT.**"  Included under

13 "**DISBURSEMENTS**" was "Investigators" in the amount of $125,935**.** This seemingly

14 large expenditure caused the court to make pre-hearing inquiries in writing and was also

15 the basis for oral inquiry at the November 30, 2011 hearing.  This led to a finding by the

16 court that the statements of "Expenses" and "Disbursements" in the Declarations of

17 attorneys Grant and Bull were not true statements of monies paid to the listed

18 "Experts/Consultants/Investigators."

19      At the November 30, 2011 in-court hearing Ms. Bull informed the court that

20 usually trial judges do not inquire as to claimed expenses and disbursements in class

21 action settlements. That statement is belied by this and other court's duties, examinations,

22 and rulings.  The claims of Ms. Bull for alleged travel, experts, consultants, and

23 investigators in similar circumstances were previously rejected in 2007 by Judge Aiken

24 of the District of Oregon in *In re Lattice Semiconductor*, 2007 WL 2815443 (D. Or.

25 2007).  As to claimed travel expenses, Judge Aiken rejected claimed travel expenses "in

26 the absence of documentation demonstrating the reasonableness of these travel expenses,

27 or an explanation why lawyers travel expenses should not be considered firm overhead

28 ORDER - 3

Exhibit 2

already compensated by the 25% attorney fee award, the travel reimbursement is disallowed." *Id.* at *3.   As to the claims for reimbursement for experts, consultants, and investigators, Judge Aiken ruled:

> The request for $73,905.50 for experts, consultants, and investigators is denied. Counsel has provided no information from which the court can evaluate the reasonableness of this request. In the absence of documentation about how many hours were expended and by whom, how those hours were spent, hourly rates, results obtained, and the use in this case, the court is unable to determine what portion of this large expense is reasonable under the circumstances. *Id.*

For this court's inquiry as to alleged disbursements, and request for "reimbursement" herein I make no apology as the facts in this case establish, to my dismay after 32 years on the federal bench, that the misleading expense and disbursement claims by Ms. Bull in this and other cases require specific scrutiny by the court.

Upon this court's determination that the **"EXPENSES"** and **"DISBURSEMENT"** claims were incorrect the court required the claiming attorneys to file a new statement as to monies actually disbursed by that firm in support of this action. That filing, ECF No. 196, established that the monies actually paid and disbursed as expenses in this action totaled $114,137.21, rather than the $223,095.46   originally claimed in Ms. Bull's Declaration and incorporated in Mr. Grant's Declaration.

Because of the validated concerns of the court as to the accuracy of the claims of the law firm and its attorneys, the court and its staff spent additional time reviewing some of the other claimed **"DISBURSEMENTS"** such as "Meals, Hotel & Transportation" in the amount of $17,802.53.  Included in that expense category was a pre-mediation dinner for four totaling $402, including two bottles of $70/bottle wine and a $60 tip. Name partners Darren J. Robbins and Michael J. Dowd, in their March 19, 2012 Submission (ECF No. 207-3), have acknowledged the inappropriateness of such a claim as an expense to be paid by the clients and it shall be deleted.

The court also questioned the reasonableness of the charge on November 3, 2009 for the investigator Peitler to fly from New York to Spokane and return at an airline

ORDER - 4

Exhibit 2

1   charge of $1,676.40, obviously a first class ticket.   The court also questioned the

2   reasonableness of the claim for reimbursement of Mr. Robbins' air fare of $2,169 to fly

3   from New York to Los Angles and return to attend the mediation, again, obviously a first

4   class ticket.   From personal experience the court knows that an attorney or judge can

5   accomplish his or her work requirements while flying in the coach section of an aircraft.

6   While Mr. Robbins and other members of his firm may choose to fly in the first class

7   section, it is not appropriate for the persons who suffered the securities losses to pay for

8   first class transportation.  The current charges for a two week in advance round trip ticket

9   from New York to Los Angeles is $356 and from New York to Spokane and return is

10  $401.  The travel expenses shall be reduced to those expense rather than the $2,169

11  actually expended for Mr. Robbins and the $1,676.40 for Mr. Peitler.

12        While this court has not previously questioned the alleged disbursement of

13  $3,172.76 for "Litigation Support," the nature and reasonableness of that expenditure

14  needs to be addressed and supported.

15                              **IV. Sanctions**

16        In this court's Interim Memorandum (ECF No. 198) filed on February 28, 2012, the

17  court advised counsel that it was considering the imposition of sanctions by reason of the

18  intentionally misleading and inaccurate claims for monies for "Expenses" and

19  Disbursements" filed by Mr. Grant and Ms. Bull and their law firm.  In response to that

20  notice, Ms. Bull and Mr. Grant and the Robbins law firm have acknowledged that

21  "mistakes were made" in the submittals for reimbursement.  The court is unable to find

22  that these "mistakes" were inadvertent or mere oversights.  The court recognizes the

23  emotional difficulty a spouse goes through during an illness and death of a family

24  member, but such circumstances cannot excuse the conduct of counsel herein.  The claims

25  of "Disbursements" were not accurate and those claims were not the result of inadvertent

26  mistakes. They were, at a minimum, made with a reckless disregard for their accuracy or

27  even intentionally false.  In its Interim Memorandum the court, at page 4, referred to the

28  ORDER - 5

Exhibit 2                                              000027

1  fact that in a prior proceeding in the Northern District of California, Judge Susan Illston

2  found that statements made to the court by Ms. Bull for reimbursement of alleged

3  expenses in a class action were "misleading." *In re CV Therapeutics, Inc. Securities*

4  *Litigation*, 2007 WL 1033478 (N.D. Cal. 2007). Neither Ms. Bull nor the law firm has

5  responded to the concern of the court that a pattern of conduct in such matters may exist,

6  at least in two instances.

7       Mr. Grant, Ms. Bull and the law firm of Robbins Geller Rudman & Dowd are

8  formally notified that the court intends to sanction them by, at a minimum, a formal

9  admonition, or at a maximum, a formal written Reproval. Mr. Grant, Ms. Bull and the law

10  firm are advised that if they wish to contest any of the underlying findings of the court or

11  its proposed sanctions, they may do so on or before June 15, 2012, in which event the

12  court will initiate a formal disciplinary complaint and hearing thereafter will take place

13  in accordance with the Rules of this court.

14                    **V. Future Hearings**

15       The conclusion of this matter has been inordinately delayed by reason of the

16  foregoing. The time required on the attorney fee and reimbursement issues has

17  inappropriately delayed the distribution of funds to the members of the class. The court

18  does not intend to allow the inappropriate claims of the attorneys to continue to delay that

19  distribution. Nothing that has taken place in this matter has changed this court's opinion

20  that class actions are appropriate to enable individual persons to present their relatively

21  small claims against larger entities with seemingly unlimited funds which may inhibit or

22  prevent individual persons without sufficient assets to pursue valid claims. This court also

23  finds that the actual prosecution of this action by the Robbins firm and its attorneys has

24  been appropriate and has resulted in a fair and reasonable settlement. The court further

25  finds that despite the inaccurate reimbursement claims, the Robbins firm shall be entitled

26  to a reasonable attorney fee and actual and reasonable expense reimbursement.

27       Based upon the foregoing, **IT IS HEREBY ORDERED**:

28  ORDER - 6

Exhibit 2                                           000028

Case 2:09-cv-00214-JLQ   Document 217   Filed 05/25/12

1        1.   Counsel for the Plaintiffs shall resubmit by June 15, 2012 the lodestar

2 computations utilizing the guidance provided herein and the deletions for hours previously

3 claimed inaccurately.

4        2. Counsel for the Plaintiffs shall resubmit by June 15, 2012 the claim for actual

5 Disbursements with deletions herein specified by the court.

6        3.  The Robbins firm, Ms. Bull and Mr. Grant shall advise the court on or before

7 June 15, 2012 as to whether they desire to have the matter of sanctions herein resolved

8 formally through the disciplinary Rules of this court.

9        The Clerk shall enter this Order and furnish copies to counsel.

10        Dated this 25th day of May, 2012.

11                       s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH

12           SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 7