NANCY L. STAGG CA Bar No. 157034
  nstagg@foley.com
BENJAMIN J. MORRIS CA BAR No. 260148
  bmorris@foley.com
**FOLEY & LARDNER LLP**
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130-3302
TELEPHONE:  858.847.6700
FACSIMILE:    858.792.6773

JILL A. MARTIN CA Bar No. 245626
  jmartin@trumpnational.com
C/O **TRUMP NATIONAL GOLF CLUB LOS ANGELES**
ONE TRUMP NATION DRIVE
RANCHO PALOS VERDES, CA 90275
TELEPHONE:  310.303.3225
FACSIMILE:    310.265.5522

Attorneys for Defendants Trump University, LLC
and Donald J. Trump

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, SONNY LOW, J.R. EVERETT, AND JOHN BROWN, on behalf of themselves and all others similarly situated, ED OBERKROM, and BRANDON KELLER, individually,<br><br>Plaintiffs,<br><br>v.<br><br>TRUMP UNIVERSITY, LLC (aka Trump Entrepreneur Initiative), a New York Limited Liability Company, DONALD J. TRUMP, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No: 10-cv-0940 GPC (WVG)<br><br>**CLASS ACTION**<br><br>**TRUMP UNIVERSITY, LLC'S EVIDENTIARY OBJECTIONS TO AND MOTION TO STRIKE DECLARATION OF RACHEL L. JENSEN IN SUPPORT OF TARLA MAKAEFF'S BILL OF FEES AND COSTS** |

Trump University, LLC ("Trump University"), hereby objects and moves to strike portions of the Declaration of Rachel L. Jensen in Support of Plaintiff/Counter-Defendant Tarla Makaeff's Bill of Fees and Costs (the "Jensen Declaration"; Dkt. No. 331-1) as set forth herein.

Evidence submitted to the Court on motion practice must meet all requirements for admissibility of evidence as if offered at the time of trial. *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181-82 (9th Cir. 1988); *Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co., Inc.*, 252 F. Supp. 2d 917, 923 (d. Ariz. 2003); *see also* Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings in the courts of the United States). Declarations that would not be admissible are subject to objection and may be stricken. *Block v. City of L.A.*, 253 F.3d 410, 419 (9th Cir. 2001).

As set forth below, the Jensen Declaration is replete with testimony that is argumentative, is not relevant, lacks foundation, and violates the best evidence rule by purporting to describe the contents of writings not submitted in evidence. Accordingly, these portions of the Jensen Declaration are inadmissible and should be stricken.

## OBJECTIONS TO DECLARATION OF RACHEL L. JENSEN

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| 1:23 – 2:2 | ¶ 4: "The protracted, highly-contentious anti-SLAPP litigation in which we were forced to engage over the past four years were the result of Trump's continued pursuit of his counterclaim, which threatened to ruin our class representative both financially and emotionally. As a result of Trump's scorched earth tactics, we devoted more than a million dollars in fees and expenses to defend Makaeff at the | This statement is argumentative, lacks foundation, and misstates the record. For example, no action was taken on Trump University's defamation counterclaim because it was stayed upon the filing of the special motion to strike. Moreover, Trump University prevailed on its defense until the Ninth Circuit review. | |

2
TRUMP UNIVERSITY'S EVIDENTIARY OBJ TO DECL OF R. JENSEN
10-CV-0940 GPC (WVG)

4825-5055-9004.1

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| | district court level, in the Ninth Circuit, and back to this Court again on remand." | | |
| 2:5-10 | ¶ 5: "In doing so, the Court found my firm qualified to serve as Class Counsel. Indeed, as part of their class certification motion, Plaintiffs submitted evidence that my firm is one of the nation's pre-eminent class action firms with vast experience and a proven track record of obtaining groundbreaking recoveries on behalf of shareholder investors, policyholders, and consumers around the country." | Fed. R. Evid. 401, 402, 403, 1002, 1004.<br><br>This statement is not relevant, lacks foundation, and violates the best evidence rule. Makaeff's counsel's experience litigating class actions is not relevant to any fees incurred in the anti-SLAPP litigation. | |
| 2:12-14 | ¶ 6: "And, though we had not sought out the work at issue here, once Trump sued our class representative, Tarla Makaeff, in an obvious attempt to bully her into dropping the class case, we had a duty to defend her." | Fed. R. Evid. 401, 402, 403, 602, 701.<br><br>This statement is argumentative, speculative, improper opinion testimony, is not relevant, and it lacks foundation. | |
| 2:17-19 | ¶ 7: "I respectfully submit that the time and expenses sought in Makaeff's bill of fees and costs were reasonably necessary to the prosecution of the anti-SLAPP motions practice before this Court and the Ninth Circuit." | Fed. R. Evid. 602, 701, 702, 1002, 1004.<br><br>This statement is argumentative, speculative, lacks foundation, and is improper opinion testimony. Ms. Jensen testifies that she had no prior experience litigating anti-SLAPP claims. *See* Jensen Declaration at ¶ 11. | |

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
|  |  | This statement also violates the best evidence rule because it purports to describe the contents of writings, including attorney time and expense entries, not submitted into evidence. |  |
| 3:3-5 | ¶ 7: "And but for Trump's refusal to dismiss his counterclaim at various crossroads in the litigation, as well as his aggressive tactics, we would not have incurred the fees and expenses at issue here." | <u>Fed. R. Evid. 401, 402, 403, 602</u><br><br>This statement is argumentative, speculative, not relevant and lacks foundation.  Further, the case law makes clear that the availability of attorney's fees does not diminish a litigant's right to legitimately defend itself.  *See Serrano v. Unruh*, 32 Cal. 3d 621, 635 (1982) ("The federal rule does not license prevailing parties to force their opponents to a Hobson's choice of acceding to exorbitant fee demands or incurring further expense by voicing legitimate objections.") |  |
| 3:15 – 4:11 | ¶¶ 9-11:  Testimony regarding experience in criminal law abroad, litigating consumer, insurance, and securities class actions, and *pro bono* work. | <u>Fed. R. Evid. 401, 402, 403.</u><br><br>These statements are not relevant to fees incurred in litigating the anti-SLAPP issue. |  |
| 4:10-14 | ¶ 11:  "[T]hese anti-SLAPP proceedings required me and my team to spend time | <u>Fed. R. Evid. 602, 701.</u><br><br>This statement is speculative, |  |

4
TRUMP UNIVERSITY'S EVIDENTIARY OBJ TO DECL OF R. JENSEN
10-CV-0940 GPC (WVG)

4825-5055-9004.1

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| | getting up to speed on the substantive area of law of defamation and anti-SLAPP motions practice to successfully ward off Trump's million-dollar counterclaim against our consumer class representative, Ms. Makaeff." | lacks foundation, and is improper opinion testimony. Ms. Jensen testifies that she was completely inexperienced in litigating anti-SLAPP or defamation claims prior to her involvement in the instant matter. | |
| 4:20-22 | ¶ 12: "Trump did not identify the writings or letters which allegedly contained the defamatory statements and as mentioned below and did not provide such purported writings to us when we requested them." | Fed. R. Evid. 401, 402, 403, 602, 802, 805.<br><br>This statement is not relevant, is inadmissible hearsay, lacks foundation, and misstates the record. The counterclaim at issue quoted from Makaeff's writings, and Makaeff presumably already possessed the writings, which she created. | |
| 5:3-6 | ¶ 14: "Before filing the anti-SLAPP motion, I understand my co-counsel Amber Eck asked Trump's former counsel, Mr. David Schneider, to dismiss the counterclaim, and/or provide us with copies of the letters or documents authored by Makaeff that Trump University contended were defamatory. Trump did not do either." | Fed. R. Evid. 401, 402, 403, 602, 802, 805.<br><br>This statement lacks foundation, is not relevant, and incorporates inadmissible hearsay and double hearsay. | |
| 5:12-14 | ¶ 15: "Some of the time spent on obtaining documents and information from Makaeff could have been | Fed. R. Evid. 602.<br><br>This statement is argumentative, speculative, | |

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| | avoided had Trump timely provided a copy of the purported writings at issue." | lacks foundation, is improper opinion testimony, and misstates the record. | |
| 7:13-17 | ¶ 23: "My co-counsel Amber Eck asked Trump's counsel, Mr. Schneider, to reconsider moving for a stay based on case law that indicated his request would be denied. However, Trump persisted nevertheless." | Fed. R. Evid. 602, 802, 803, 805.<br><br>This statement lacks foundation, is not within the declarant's personal knowledge, and incorporates inadmissible hearsay and double hearsay. | |
| 7:23 – 8:4 | ¶ 24: "My law partner Eric Isaacson and associate Amanda Frame spent considerable time researching the anti-SLAPP law and facts of the case in preparation for filing our appellate briefs and requests for judicial notice ("RJN"), which Eric honed to be excellent pieces of advocacy as shown by the success at the Ninth Circuit on both our appeal and Trump's petition for rehearing en banc." | Fed. R. Evid. 602, 701, 1002, 1004.<br><br>This statement is argumentative, speculative, improper opinion testimony, vague and violates the best evidence rule as to, among other things, the amount of time spent. | |
| 8:25 – 9:2 | ¶ 29: "Given the extremely high stakes involved for our client, the importance of the issues for consumers and other potential anti-SLAPP defendants, and the wide-ranging scope of the issues that were briefed by the parties, Eric Isaacson spent many hours preparing for the Ninth Circuit argument, | Fed. R. Evid. 602, 701.<br><br>This statement is argumentative, speculative, and improper opinion testimony. | |

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| | including holding a mock argument at my firm before the hearing." | | |
| 10:9-15 | ¶ 37: "Given how many hours she had previously sat for deposition and how aggressive former defense counsel David Schneider had previously been with Makaeff in those prior depositions, Ms. Makaeff strenuously objected to sitting for yet another deposition. However, to facilitate agreement between the parties, my law partner Jason Forge spent time brokering a deal with Trump involving a limited number of hours for the deposition and certain stipulations." | Fed. R. Evid. 401, 402, 403, 602, 802.<br><br>This statement is vague, argumentative, lacks foundation, is not relevant in substantial part, and incorporates inadmissible hearsay. | |
| 10:21-23 | ¶ 37. "Given Makaeff's concerns about the deposition given Mr. Schneider's prior conduct, my co-counsel and I both defended Makaeff at her deposition on February 10, 2014." | Fed. R. Evid. 602.<br><br>This statement is vague, argumentative and lacks foundation. | |
| 11:25 – 12:3 | ¶ 43: "Since June 17th, I have spent time reviewing my firm's records of time and expenses and segregated out those entries that relate to the anti-SLAPP proceedings. Eric Isaacson and I have both prepared declarations in support of this bill of fees and costs, and Lauren Lendzion | Fed. R. Evid. 1002, 1004.<br><br>This statement violates the best evidence rule. Ms. Jensen purports to describe the contents of writings, including time and expense entries, not submitted into evidence. | |

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| | and my co-counsel drafted different portions of the bill of fees and costs for our team's review. In addition, my colleagues and I have spent time working with other counsel on their supporting declarations submitted concurrently herewith." | | |
| 12:13-16 | ¶ 45: "Specifically, before filing our anti-SLAPP motion, I understand my co-counsel Amber Eck asked Trump's counsel, Mr. Schneider, to dismiss the counterclaim, and/or provide us with copies of the letters or documents authored by Makaeff that Trump University contended were defamatory. Trump did not do either." | Fed. R. Evid. 602, 802, 803, 805.<br><br>This statement lacks foundation, is not within the declarant's personal knowledge, and incorporates inadmissible hearsay and double hearsay. | |
| 12:18-23 | ¶ 46: "Amber Eck and I called Mr. Schneider on November 8, 2010, and relayed a settlement demand, which included a request to dismiss the defamation counterclaim. We reminded him that if we prevailed on the anti-SLAPP motion, we would be entitled to fees and costs, and that a dismissal would allow us to avoid incurring additional fees. Mr. Schneider rejected our settlement demand via letter on November 10, 2010." | Fed. R. Evid. 401, 402, 403, 408.<br><br>This statement is not relevant and incorporates privileged statements made in course of settlement negotiations. | |

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| 12:24 – 13:2 | ¶ 47: "Finally, prior to the Ninth Circuit appellate briefing, we participated in a telephonic Settlement Assessment Conference with Ninth Circuit mediator Lou Rosen on February 29, 2011. We again asked Trump University to dismiss the defamation claim and agree to pay reasonable fees incurred to that point, and Mr. Schneider declined." | Fed. R. Evid. 401, 402, 403, 408. <br><br>This statement is not relevant and incorporates privileged statements made in course of settlement negotiations. | |
| 13:3-5 | ¶ 48: "The case then continued for another three years, and we were forced to incur many hundreds of thousands of dollars in additional fees and expenses to reach a successful outcome on behalf of Makaeff." | Fed. R. Evid. 701. <br><br>This statement is argumentative and improper opinion testimony. | |
| 13:7-8 | ¶ 49: "My firm's fees and expenses are reasonable when examined under the lodestar method adopted by courts on anti-SLAPP fee and expense awards." | Fed. R. Evid. 701. <br><br>This statement is improper opinion testimony. Ms. Jensen testifies that she was completely inexperienced in litigating anti-SLAPP and defamation claims prior to her involvement in the instant matter and has not laid a foundation of any experience in San Diego, California with anti-SLAPP litigation. *See* Jensen Declaration at ¶ 11. | |
| 13:10-15 | ¶ 50: "From the outset, we were confronted with a number of complexities and | Fed. R. Evid. 802, 805. <br><br>This statement is | |

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| | challenges, including, but not limited to: (i) the scorched-earth tactics taken by Trump and his counsel; (ii) the difficulty in showing Trump University was a public figure and other thorny anti-SLAPP issues; and (iii) misrepresentations made by Trump's counsel to the Court about Donald Trump and Trump University that we were unable to effectively dispute without discovery." | argumentative, unduly prejudicial, lacks foundation, and incorporates inadmissible hearsay. | |
| 14:9-16 | ¶ 54: "The following information below regarding Robbins Geller's time and expenses is taken from time and expense printouts prepared and maintained by the firm in the ordinary course of business. My law partner Jason Forge and I oversee the day-to-day activities in the litigation of the class action, and I personally reviewed these printouts and backup documentation related to the anti-SLAPP litigation as necessary. The purpose of these reviews was to confirm both the accuracy of the entries on the printouts as well as the necessity for, and reasonableness of, the time and expenses that my firm committed to the litigation." | <u>Fed. R. Evid. 1002, 1004.</u><br><br>This statement violates the best evidence rule because, among other things, it purports to describe the contents of writings not submitted into evidence. | |

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| 14:17 – 15:15 | ¶ 55: "Makaeff's request of fees and expenses reflects only a portion of our firm's actual lodestar and the expenses in connection with the anti-SLAPP proceedings. For example, we do not seek reimbursement for any document clerk, investigator, or litigation support time and expenses. We also do not include the time of summer associates, law clerks, or time keepers whose time spent totaled 10 hours or less. Finally, we do not seek any time or expenses for any attorney attending hearings that he/she did not argue. As such, though there were three (3) hearings on the anti-SLAPP motion, we only seek the time and expenses for Eric Isaacson in connection with the Ninth Circuit oral argument, which he personally argued. We do not seek reimbursement for the attendance of Paula Roach at the initial anti-SLAPP hearing before Judge Gonzalez; the travel time and attendance of Tom Merrick, Amanda Frame, or Lauren Lendzion at the Ninth Circuit hearing; or the attendance of Eric Isaacson or Lauren Lendzion at the hearing on | <u>Fed. R. Evid. 1002, 1004.</u><br><br>This statement violates the best evidence rule because, among other things, it purports to describe the contents of writings not submitted into evidence. | |

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| | remand. We also only seek Mr. Isaacson's time for the Ninth Circuit mediation call, though myself and other attorneys on our team also participated. Finally, we do not seek any attorney or paralegal time in connection with any requests for extension. In total, we reduced the time invested in the anti-SLAPP proceedings by 335.75 hours of attorney and paralegal time alone at a total of $141,130.00 in lodestar. We also reduced the expenses incurred for the anti-SLAPP proceedings by $324.08. As a result of these reviews and adjustments, I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment is sought in connection with this bill of fees and costs are reasonable in amount and necessary for the effective and efficient prosecution and resolution of the anti-SLAPP litigation in this matter. After all our reductions and adjustments, the total number of hours spent on this litigation by my firm as reflected in the chart below is 1,765.35." | | |
| 15:16-23 | ¶ 56: "Further, the hourly rates set forth in the chart | Fed. R. Evid. 401, 402, 403, 701, 801, 802, 1002, 1004. | |

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
|  | below are within the range of hourly rates previously approved by this Court in other cases. My firm is a well-respected national firm with a successful track record in large, complex cases. Our customary hourly rates have been approved by various courts, including this Court in the *In re Nat'l W. Life Ins. Deferred Annuities Litig.*, No. 3:05-cv-02336-GPC-WVG matter, and are comparable to the prevailing hourly rates for law firms as detailed in PricewaterhouseCooper's 2011 Billing Rate & Associate Salary Survey for law firms nationwide. See Exhibit 2 at 6 (partners in large firms charge up to $925 per hour)." | This statement is not relevant, lacks foundation, and is inadmissible hearsay.<br><br>It also violates the best evidence rule because, among other things, it purports to describe the contents of writings not submitted into evidence.<br><br>In addition, it is improper opinion testimony. Ms. Jensen testifies that she was completely inexperienced in litigating anti-SLAPP and defamation claims prior to her involvement in the instant matter.<br><br>This statement also incorporates inadmissible hearsay. |  |
| 16:1-11 | ¶¶ 58-61: Testimony regarding purported expenses incurred by Robins Geller in pursuing Makaeff's anti-SLAPP motion. | <u>Fed. R. Evid. 1002, 1004.</u><br><br>These statements violates the best evidence rule by purporting to describe the contents of writings, including expense reports and receipts, not submitted into evidence. |  |

///

///

4825-5055-9004.1

| 17:20-22 | ¶ 62: "My firm's expenses included in the fee and expense award request were reasonably necessary to bring this anti-SLAPP motion to a successful conclusion, and they reflect market rates for the various categories of expenses incurred." | Fed. R. Evid. 701.<br><br>This statement is improper opinion testimony.  Ms. Jensen testifies that she was completely inexperienced in litigating anti-SLAPP and defamation claims prior to her involvement in the instant matter. | |

Dated:  July 18, 2014

**FOLEY & LARDNER LLP**
NANCY L. STAGG
BENJAMIN J. MORRIS


By:   *s/ Nancy L. Stagg*
         NANCY L. STAGG
         Attorneys for Defendants Trump University, LLC and Donald J. Trump
         nstagg@foley.com

14
TRUMP UNIVERSITY'S EVIDENTIARY OBJ TO DECL OF R. JENSEN
10-CV-0940 GPC (WVG)

4825-5055-9004.1

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 18, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

          *s/ Nancy L. Stagg*
          Nancy L. Stagg