NANCY L. STAGG CA Bar No. 157034
  nstagg@foley.com
BENJAMIN J. MORRIS CA BAR No. 260148
  bmorris@foley.com
**FOLEY & LARDNER LLP**
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130-3302
TELEPHONE:   858.847.6700
FACSIMILE:    858.792.6773

JILL A. MARTIN CA Bar No. 245626
  jmartin@trumpnational.com
C/O **TRUMP NATIONAL GOLF CLUB LOS ANGELES**
ONE TRUMP NATION DRIVE
RANCHO PALOS VERDES, CA 90275
TELEPHONE:   310.303.3225
FACSIMILE:    310.265.5522

Attorneys for Defendants Trump University, LLC
and Donald J. Trump

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, SONNY LOW, J.R. EVERETT, AND JOHN BROWN, on behalf of themselves and all others similarly situated, ED OBERKROM, and BRANDON KELLER, individually,<br><br>        Plaintiffs,<br><br>    v.<br><br>TRUMP UNIVERSITY, LLC (aka Trump Entrepreneur Initiative), a New York Limited Liability Company, DONALD J. TRUMP, and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No: 10-cv-0940 GPC (WVG)<br><br>**CLASS ACTION**<br><br>**TRUMP UNIVERSITY, LLC'S EVIDENTIARY OBJECTIONS TO AND MOTION TO STRIKE DECLARATION OF AMBER L. ECK IN SUPPORT OF TARLA MAKAEFF'S BILL OF FEES AND COSTS** |

Trump University, LLC ("Trump University"), hereby objects and moves to strike portions of the Declaration of Amber L. Eck in Support of Plaintiff/Counter-Defendant Tarla Makaeff's Bill of Fees and Costs (the "Eck Declaration"; Dkt. No. 331-2) as set forth herein.

Evidence submitted to the Court on motion practice must meet all requirements for admissibility of evidence as if offered at the time of trial. *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181-82 (9th Cir. 1988); *Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co., Inc.*, 252 F. Supp. 2d 917, 923 (D. Ariz. 2003); *see also* Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings in the courts of the United States). Declarations that would not be admissible are subject to objection and may be stricken. *Block v. City of L.A.*, 253 F.3d 410, 419 (9th Cir. 2001).

As set forth below, the Eck Declaration is replete with testimony that is argumentative, is not relevant, lacks foundation, and violates the best evidence rule by purporting to describe the contents of writings not submitted in evidence. Accordingly, these portions of the Eck Declaration are inadmissible and should be stricken.

**OBJECTIONS TO DECLARATION OF AMBER L. ECK**

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| 1:10-12 | ¶ 2: "A timeline of the relevant briefs and events in regard to the Anti-SLAPP motion is attached as Exhibit 2." | This statement lacks foundation. | |
| 1:16-17 | ¶ 3: "Based upon the briefing and evidence before the Court with respect to Plaintiffs' class certification motion, the Court found my firm to be sufficiently qualified to serve as Class Counsel and provide adequate representation to the Class." | Fed. R. Evid. 401, 402, 403, 802.<br><br>This statement is not relevant, lacks foundation, and incorporates inadmissible hearsay. | |

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| 1:20-26 | ¶ 4: "When we filed the initial class action complaint on behalf of Tarla Makaeff ('Makaeff') against Trump University, we never anticipated that Trump University would retaliate with a $1 million defamation counter-claim, and that we would spend over four years defending her against it. However, we agreed to defend Makaeff, on a contingency fee basis so that she could protect her first amendment right to speak out against a company which she believed was engaging in a fraudulent and misleading scheme." | Fed. R. Evid. 401, 402, 403, 802.<br><br>This statement is argumentative, is not relevant, lacks foundation, is speculative, and incorporates inadmissible hearsay. | |
| 3:6-10 | ¶ 9: "It is my belief that the time and expenses sought to be reimbursed by my firm through this motion were reasonably and necessarily incurred in the prosecution of the anti-SLAPP motion in order to successfully defend our class representative against Trump's attempt to intimidate her into dropping the class action lawsuit." | Fed. R. Evid. 602, 701, 702.<br><br>This statement is argumentative, speculative, and lacks foundation. This statement is also improper opinion testimony. Ms. Eck admits she was completely inexperienced in litigating anti-SLAPP claims prior to her involvement in the instant matter. Eck Declaration at ¶ 6. | |
| 3:10-12 | ¶ 9: "Makaeff had no funds to pay for counsel to represent her against the million-dollar counter claim [….]" | Fed. R. Evid. 401, 402, 403, 602, 802.<br><br>This statement is not relevant, lacks foundation, is | |

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
|  |  | speculative, and incorporates inadmissible hearsay. |  |
| 3:15-19 | ¶ 9: "[B]ut for Trump's filing of the counter claim, its refusal to dismiss the same when we demanded it do so or else face an anti-SLAPP motion, and its scorched-earth tactics throughout the past four years, we would not have incurred the fees and expenses for which we now seek reimbursement through this application." | Fed. R. Evid. 701, 702, 802.<br><br>This statement is argumentative, speculative, lacks foundation, is improper opinion testimony, and incorporates inadmissible hearsay. |  |
| 3:10 – 5:5 | ¶¶ 10-14: Testimony regarding Ms. Eck's background and experience in journalism, securities class action and shareholder derivative litigation, publishing articles unrelated to defamation and anti-SLAPP issues, and working on *pro bono* matters. | Fed. R. Evid. 401, 402, 403.<br><br>These statements are not relevant to the issues of the amount, reasonableness, and necessity of the time and costs spent in litigating Makaeff's anti-SLAPP motion. Ms. Eck admits she was completely inexperienced in litigating defamation and anti-SLAPP cases prior to litigating this matter. *See* Eck Declaration at ¶ 6. |  |
| 5:7-11 | ¶ 15: "Although Plaintiff Makaeff has finally prevailed on her Anti-SLAPP motion (a motion which is intended to promptly dispose of unfounded defamation claims), it has a been a time-consuming, exhaustive battle that has endured for the past | Fed. R. Evid. 1002.<br><br>This statement violates the best evidence rule because it purports to describe the contents of writings, including attorney time and expense entries, not submitted into evidence. |  |

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| | four years, and required a substantial amount of our firm's time and effort, as set forth below." | | |
| 5:13-16 | ¶ 16: "[W]e brought in one of most highly regarded plaintiffs' class action firms in the country –Robbins Geller Rudman & Dowd LLP ('RGRD') as co-counsel, and filed a class action complaint against Trump University on April 30, 2010." | Fed. R. Evid. 401, 402, 403.

This statement is not relevant to any fees incurred by Makaeff in pursuing her anti-SLAPP claim.  In the Declaration of Rachel L. Jensen in Support of Makaeff's Bill of Fees and Costs (Dkt. No. 331-1), Ms. Jensen testifies that she and her "team" were completely inexperienced in defamation and anti-SLAPP litigation prior to litigating the instant matter. *See* Jensen Decl. at ¶ 11. | |
| 5:24-26 | ¶ 18: "Less than a month after filing this class action, on May 26, 2010, Trump University retaliated against Makaeff by filing a defamation counterclaim against Makaeff" | Fed. R. Evid. 401, 402, 403, 701.

This statement, by using the word "retaliatory," is argumentative, speculative, lacks foundation, and is improper opinion testimony. | |
| 6:3-6 | ¶ 18: "Defendant did not, in its counter-claim, identify the writings or letters which allegedly contained the statements set out in its counter claim, and refused to do so, when asked by Plaintiff's counsel." | This statement misstates the record.  The counterclaim at issue quoted the relevant language from the writings at issue, which were created by Makaeff. | |

5
TRUMP UNIVERSITY'S EVIDENTIARY OBJ TO DECL OF A. ECK
10-CV-0940 GPC (WVG)

4825-5055-9004.1

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| 6:18-27 | ¶ 21: "In our Anti-SLAPP motion, we set forth in detail how the statements were a matter of public interest protected by the Anti-SLAPP statute, and why Defendant could not meet its burden to show that the statements were defamatory. We also set forth case law and facts supporting our position that Trump University was an 'all purpose,' and/or 'limited purpose' public figure and that in order to prevail on its defamation counterclaim, it had to prove Makaeff acted with actual malice." | Fed. R. Evid. 802, 1002.<br><br>This statement violates the best evidence rule and incorporates inadmissible hearsay. | |
| 8:2-3; 8:15-18 | ¶ 26: "As the Anti-SLAPP motion was such a significant one, I spent a substantial amount of time preparing for the hearing."<br><br>¶ 27: "Therefore, I spent a considerable amount of time researching for the motion for reconsideration, including reviewing treatises on defamation and Anti-SLAPP motions, reading a large number of cases, and speaking with numerous first amendment and Anti-SLAPP experts, professors, and consultants." | Fed. R. Evid. 1002.<br><br>These statements are impermissibly vague and violate the best evidence rule to the extent they purport to describe the contents of writings, such as time entries, not submitted into evidence. | |
| 9:2-7; 9:8-14; | ¶ 29: "I tried, on several occasions, to resolve the | Fed. R. Evid. 408. | |

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| 9:19-22 | defamation counterclaim in order to avoid costly and time-intensive Anti-SLAPP proceedings, but such discussions were unsuccessful. Specifically, prior to filing our Anti-SLAPP motion, I asked Schneider to dismiss the counter-claim, and/or provide us with copies of the letters or documents authored by Makaeff that Trump University contended were defamatory. He did not do either."<br><br>¶ 30:  "Rachel Jensen and I called Schneider on November 8, 2010, and relayed a settlement demand, which included a request to dismiss the defamation counterclaim. We specifically reminded him that if we prevailed on the Anti-SLAPP motion, we would be entitled to fees and costs, and that a dismissal would allow us to avoid incurring additional fees. Schneider rejected our settlement demand via letter on November 10, 2010."<br><br>¶ 31:  "We again asked Trump University to dismiss the defamation claim and agree to pay reasonable fees | These statements incorporate privileged communications made in the course of settlement negotiations. | |

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| | incurred to that point, and Schneider declined." | | |
| 10:20-25 | ¶ 35: "At this point, we brought in a highly experienced appellate attorney, Eric Isaacson, to primarily handle the appeal" | Fed. R. Evid. 401, 402, 403.<br><br>This statement lacks foundation, is vague, misstates the record, and is not relevant.  In the Declaration of Eric Alan Isaacson in Support of Makaeff's Bill of Fees and Costs, Mr. Isaacson admits that he was completely inexperienced in defamation and anti-SLAPP litigation prior to his involvement in the instant matter. *See* Isaacson Decl. at ¶ 14. | |
| 12:22-24 | ¶ 45: "Makaeff took seriously her obligation to testify fully and accurately about events that had happened nearly five years earlier, so we spent numerous hours over the course of a week to prepare Makaeff for her deposition." | Fed. R. Evid. 602, 802, 1002.<br><br>This statement incorporates inadmissible hearsay, is speculative, and lacks foundation.  It also violates the best evidence rule to the extent it purports to describe contents of writings, including attorney time and expense entries, not submitted into evidence. | |
| 13:1-2; 13:5-7; 13: 9-10; 13:13-17 | ¶ 46: "[W]e spent many more hours compiling, reviewing, and producing these documents."<br><br>¶ 47: "We spent considerable time speaking with Grieves' counsel regarding the | Fed. R. Evid. 1002.<br><br>These statements violate the best evidence rule to the extent they purport to describe contents of writings, such as time entries, not submitted into evidence. | |

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| | deposition and potential documents [….]" | | |
| | ¶ 48: "[W]e spent a considerable amount of time and effort preparing a Reply, which we filed on March 14, 2014." | | |
| | ¶ 49: "I spent a considerable amount of time preparing for this hearing, reviewing all of the Anti-SLAPP motions and Orders to date, a voluminous amount of case law, the four volumes of Makaeff's deposition testimony, Makaeff's several declarations, and voluminous documents and exhibits submitted by both parties." | | |
| 13:26-27 – 14:1-2 | ¶ 51: "To effectively prosecute this Anti-SLAPP motion, my firm, had to commit a significant amount of time, personnel, and expenses to this litigation on a contingency basis with absolutely no guarantee of being compensated in the end." | Fed. R. Evid. 602, 701, 702, 1002.

This statement is improper opinion testimony. Ms. Eck, as she admits, was completely inexperienced in litigating anti-SLAPP claims prior to her involvement in the instant matter. *See* Eck Declaration at ¶ 6.

This statement is also vague and violates the best evidence rule to the extent it purports to describe contents of writings, such as time | |

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| | | entries, not submitted into evidence. | |
| 14:6-16 | ¶ 53: "The chart below sets forth, for each attorney or paralegal at my firm who has worked on this matter, the person's name, the number of hours worked on the matter, their current hourly billing rate, and their current lodestar. The hourly rates are the usual and customary rates charged by my firm in this type of litigation. The chart was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available for submission to the Court at its request. I conducted the day-to-day litigation of this case for my firm and reviewed these printouts (and backup documentation where necessary or appropriate) to confirm both the accuracy of the entries, as well as the necessity for, and reasonableness of, the time and expenses committed to the litigation." | <u>Fed. R. Evid. 1002.</u><br><br>This statement violates the best evidence rule as it purports to describe the contents of writings not submitted into evidence. | |
| 14:16-21 | ¶ 53: "As a result of this review, I believe that the time reflected in my firm's lodestar calculation and the expenses for which payment is sought are reasonable in | <u>Fed. R. Evid. 602, 701, 702.</u><br><br>This statement lacks foundation and is improper opinion testimony. Ms. Eck, as she admits, was completely | |

4825-5055-9004.1

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| | amount and were necessary for the effective and efficient prosecution and resolution of the litigation. In addition, I believe that the expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace." | inexperienced in litigating anti-SLAPP claims prior to her involvement in the instant matter. *See* Eck Declaration at ¶ 6. | |
| 14:22-27, 15:1-2 | ¶ 54: "Further, the hourly rates set forth in the chart below are within the range of hourly rates previously approved by courts in other cases. My firm is a well-respected firm with a successful track record in large, complex cases. Our customary rates have been approved by various courts, including California Superior Courts in *West Palm Beach Police Pension Fund v. Cardionet, Inc., et al.*, Case No. 37-2010-00086836-CU-SL-CTL (San Diego Superior Court) (*see* Exhibit 3) and *In re Pacific Biosciences of California, Inc. Sec. Litig.*, Case No. CIV509210 (San Mateo Superior Court) (*see* Exhibit 4)." | Fed. R. Evid. 401, 402, 403.<br><br>This statement is not relevant because, among other things, the cases cited by Ms. Eck do not involve anti-SLAPP litigation, an area in which Ms. Eck admits she and her "team" was completely inexperienced prior to her involvement in the instant matter (*see* Eck Declaration at ¶ 6), and the San Matero Superior Court case, *In re Pacific Biosciences of California, Inc Sec. Litig.*, occurred outside of San Diego, California, and thus not relevant. | |
| 15:3-26 | ¶¶ 55-57: Testimony regarding the amount of fees reflected in purported contemporaneous, daily time records. | Fed. R. Evid. 1002.<br><br>These statements violate the best evidence rule because they purport to describe the contents of writings not | |

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| | | submitted into evidence. | |
| 16:1-3 | ¶ 59: "My firm's expenses listed above were necessary and reasonably incurred to bring this Action to a successful conclusion, and they reflect market rates for the various categories of expenses incurred." | <u>Fed. R. Evid. 602, 701, 702, 1002.</u><br><br>This statement violates the best evidence rule because it purports to describe the contents of writings not submitted into evidence. The statements are also not consistent with data for San Diego, California contained in the rate surveys provided as Exhibit A to Mr. Olson's declaration.<br><br>This statement also lacks foundation and is improper opinion testimony. Ms. Eck, as she admits, was completely inexperienced in anti-SLAPP litigation prior to her involvement in the instant matter. | |

Dated: July 18, 2014

**FOLEY & LARDNER LLP**
NANCY L. STAGG
BENJAMIN J. MORRIS


By: *s/ Nancy L. Stagg*
    NANCY L. STAGG
    Attorneys for Defendants Trump University, LLC and Donald J. Trump
    nstagg@foley.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 18, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

       *s/ Nancy L. Stagg*
       Nancy L. Stagg