NANCY L. STAGG CA Bar No. 157034
　nstagg@foley.com
BENJAMIN J. MORRIS CA BAR No. 260148
　bmorris@foley.com
**FOLEY & LARDNER LLP**
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130-3302
TELEPHONE:　858.847.6700
FACSIMILE:　　858.792.6773

JILL A. MARTIN CA Bar No. 245626
　jmartin@trumpnational.com
C/O **TRUMP NATIONAL GOLF CLUB LOS ANGELES**
ONE TRUMP NATION DRIVE
RANCHO PALOS VERDES, CA 90275
TELEPHONE:　310.303.3225
FACSIMILE:　　310.265.5522

Attorneys for Defendants Trump University, LLC
and Donald J. Trump

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, SONNY LOW, J.R. EVERETT, AND JOHN BROWN, on behalf of themselves and all others similarly situated, ED OBERKROM, and BRANDON KELLER, individually,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TRUMP UNIVERSITY, LLC (aka Trump Entrepreneur Initiative), a New York Limited Liability Company, DONALD J. TRUMP, and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No: 10-cv-0940 GPC (WVG)<br><br>**CLASS ACTION**<br><br>**TRUMP UNIVERSITY, LLC'S EVIDENTIARY OBJECTIONS TO AND MOTION TO STRIKE DECLARATION OF CAROL A. SOBEL IN SUPPORT OF TARLA MAKAEFF'S BILL OF FEES AND COSTS** |

Trump University, LLC ("Trump University"), hereby objects and moves to strike portions of the Declaration of Carol A. Sobel in Support of Plaintiff/Counter-Defendant Tarla Makaeff's Bill of Fees and Costs (the "Sobel Declaration"; Dkt. No. 331-5) as set forth herein.

Evidence submitted to the Court on motion practice must meet all requirements for admissibility of evidence as if offered at the time of trial. *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181-82 (9th Cir. 1988); *Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co., Inc.*, 252 F. Supp. 2d 917, 923 (d. Ariz. 2003); *see also* Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings in the courts of the United States). Declarations that would not be admissible are subject to objection and may be stricken. *Block v. City of L.A.*, 253 F.3d 410, 419 (9th Cir. 2001).

As a general matter, Ms. Sobel purports to opine primarily on the reasonableness and necessity of the fees and costs sought by Makaeff in her motion. However, Ms. Sobel's opinion is not sufficiently reliable under the requirements of Rule 702 of the Federal Rules of Evidence and the principles set forth in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 148-149 (1999). In particular, Ms. Sobel fails to demonstrate that she possesses the requisite "specialized knowledge to assist the trier of fact," and the "knowledge, skill, experience, training or education," to opine as an expert in this matter. Fed. R. Evid. 702. While Ms. Sobel testifies at length about her purported knowledge and expertise about the legal community of Los Angeles, California, she demonstrates no such knowledge about the legal community of San Diego, California, the only legal community relevant to Makaeff's fee request. Accordingly, Ms. Sobel's declaration should be disregarded.

In addition to the general objection addressed above, Ms. Sobel's declaration should be stricken for the additional reasons set forth below.

///

## OBJECTIONS TO DECLARATION OF CAROL A. SOBEL

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| 2:17-18 | ¶ 6: " At that time, I advised Ms. Jensen about the use of anti-SLAPP motions in dismissing retaliatory claims such as the one filed by Trump University." | This statement is argumentative and lacks foundation regarding the use of the word "retaliatory." | |
| 2:19-20. | ¶ 6: "I have continued to follow the litigation as various developments were reported in the press and on various legal websites I regularly review. I read the decision of the Ninth Circuit when it issued." | Fed. R. Evid. 602, 702.<br><br>This statement is vague and fails to lay an adequate foundation for opinion regarding any fees incurred by Makaeff in pursuing her anti-SLAPP claim. | |
| 2:26-27 – 4:6 | ¶¶ 7, 8, 9: Testimony regarding the *Fashion 21* litigation and fees incurred therein. | Fed. R. Evid. 401, 402, 403, 702.<br><br>This testimony is not relevant as the *Fashion 21* case was litigated in, and by attorneys practicing in, Los Angeles, California, a distinct and separate legal community from San Diego, California, the only relevant community here.<br><br>Further, these statements fail to provide an adequate basis for expert opinion testimony as to prevailing fee rates in San Diego, California. | |
| 4:5-6 | ¶ 9: "Had I not had this experience to draw on, my hours would have been significantly higher." | Fed. R. Evid. 702.<br><br>This statement lacks foundation and is speculative. | |

3
TRUMP UNIVERSITY'S EVIDENTIARY OBJ TO DECL OF C. SOBEL
10-CV-0940 GPC (WVG)

4825-5055-9004.1

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| 4:25-27 – 5:1-17 | ¶ 12: "I am aware of current billing rates for these attorneys and know that they, as I, have significantly increased their rates in the last decade. In fact, the current billing rates for the less experienced attorneys would now be more than double their 2004 rates. For example, David Saldana is a 2001 law graduate who worked for me at the time of the *Fashion 21* case. He was billed at $220 an hour in that case in 2004. In *Carrillo v. Schneider Logistics, Cir.*, Case No. 12-55042 (9th Cir. 2014), Docket No. 68, this Court approved the 2013 rate of $541 an hour for attorney Lauren Teulkofsky, whom I have known since she was in law school. Based on my personal knowledge, I am aware that she is a 2001 law graduate. Her 2013 rate is almost 150 percent above the 2004 rate for Mr. Saldana. Similarly, Yvonne Simon, who also worked for me at the time of the *Fashion 21* case, was billed at $350 an hour in 2004. Ms. Simon worked with me as a summer law clerk at the ACLU and, based on my personal | Fed. R. Evid. 401, 402, 403, 702. <br><br>This statement lacks foundation, is not relevant, and is improper and unreliable opinion testimony. The *Fashion 21* case was litigated in, and by attorneys practicing in, Los Angeles, California, a distinct and separate legal community from San Diego, California, the only relevant community here. | |

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| | experience, I know her to be a 1994 law graduate. In *Carrillo v. Schneider Logistics*, the Court approved the 2103 rate of $688 an hour for Jonathan Weisglass, who is also a 1994 law graduate." | | |
| 5:18 – 6:15 | ¶ 13: "I have extensive familiarity, generally, with rates and rate increases in the Southern California legal market base. I regularly monitor fee awards and fee applications and use PACER and the online document retrieval system for the Los Angeles Superior Court to obtain copies of court orders and supporting fee rate documentation in both civil rights cases and similarly complex litigation brought by large firms. As a general rule, I review a minimum of several dozen fee awards and supporting declarations each year to obtain information on current market rates and billing practices. In the process, I also obtain information on the number of hours found reasonable and I then use this information to assess the billing judgment I apply in a particular case to eliminate any excessive hours." | <u>Fed. R. Evid. 401, 402, 403, 702.</u><br><br>These statements are not relevant and fail to provide an adequate basis for expert opinion testimony as to prevailing fee rates in San Diego, California.  Ms. Sobel fails to demonstrate that she has familiarity with the prevailing rates in San Diego, California as opposed to those in Los Angeles, California.  *Not one* of the cases cited by Ms. Soble was litigated in San Diego, California and her testimony regarding reasonable fee rates of other legal markets is not relevant. | |

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| | ¶ 14: "I have presented at CLEs on attorneys' fees on several occasions, including training for attorneys at the Legal Aid Foundation of Los Angeles. In addition to reviewing fee awards and fee applications to obtain information for motions filed in cases in which I am counsel, I frequently file supporting declarations for other civil rights lawyers on market rates in Los Angeles, San Diego, and San Francisco. My supporting fee declarations have been cited favorably by numerous courts, including, among others, in *Nadarajah v. Holder*, 569 F.3d 906, 916-17 (9th Cir. 2009); *Orantes-Hernandez v. Holder*, 713 F. Supp. 2d 929, 963-64 (C.D. Cal. 2010); *Torrance Unified Sch. Dist. v. Magee*, No. 07-cv-2164 CAS (RZx), 2008 10 U.S. Dist. LEXIS 95074, at *21 (C.D. Cal. Nov. 10, 2008); *Atkins v. Miller*, No. 01-1 I cv-0 I 574 DDP (C. D. Cal2007); *Rauda v. City of Los Angeles*, No. 08-cv-3128 CAS 12 (C. D. Cal. 20 I 0); *Jochimsen v. County of Los Angeles*, No. 8223518 (2d Dist. June 13 23, 2011) | | |

6
TRUMP UNIVERSITY'S EVIDENTIARY OBJ TO DECL OF C. SOBEL
10-CV-0940 GPC (WVG)

4825-5055-9004.1

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| | (unpublished); *Dugan v. County of Los Angeles*, No. 11-cv-08145 CAS 14 (C.D. Cal. Mar. 3, 2014); and *Lu v. United States*, No. CV 01-01758 CBM, 2014 15 U.S. Dist. LEXIS 77789 (C.D. Cal. May 23, 2014)." | | |
| 6:16-18 | ¶ 15: "Based on my familiarity with the procedural history of the anti-SLAPP proceedings in this case and that of the *Fashion 21* case, I believe that Makaeff's request for approximately $1.3 million in attorneys' fees and costs is reasonable." | Fed. R. Evid. 702.<br><br>This statement is improper opinion testimony. Ms. Sobel has failed to demonstrate the requisite specialized knowledge and expertise to opine on reasonable fee rates and costs in San Diego, California. Additionally, she has not explained whether she undertook to look at each task, the allocation hours for each task, and the appropriate number of attorneys for each task, and thus it is impossible to address whether she looked only at actual time and not reasonable time for each task. | |

Dated: July 18, 2014

**FOLEY & LARDNER LLP**
NANCY L. STAGG
BENJAMIN J. MORRIS


By: *s/ Nancy L. Stagg*
    NANCY L. STAGG
    Attorneys for Defendants Trump University, LLC and Donald J. Trump
    nstagg@foley.com

1 **CERTIFICATE OF SERVICE**

2 The undersigned hereby certifies that a true and correct copy of the above and
3 foregoing document has been served on July 18, 2014 to all counsel of record who are
4 deemed to have consented to electronic service via the Court's CM/ECF system per
5 Civil Local Rule 5.4.

6

7
  *s/ Nancy L. Stagg*
8 Nancy L. Stagg

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28