NANCY L. STAGG CA Bar No. 157034
   nstagg@foley.com
BENJAMIN J. MORRIS CA BAR No. 260148
   bmorris@foley.com
**FOLEY & LARDNER LLP**
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130-3302
TELEPHONE:   858.847.6700
FACSIMILE:     858.792.6773

JILL A. MARTIN CA Bar No. 245626
   jmartin@trumpnational.com
C/O **TRUMP NATIONAL GOLF CLUB LOS ANGELES**
ONE TRUMP NATION DRIVE
RANCHO PALOS VERDES, CA 90275
TELEPHONE:   310.303.3225
FACSIMILE:     310.265.5522

Attorneys for Defendants Trump University, LLC
and Donald J. Trump

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, SONNY LOW, J.R. EVERETT, AND JOHN BROWN,  on behalf of themselves and all others similarly situated, ED OBERKROM, and BRANDON KELLER, individually, | Case No:  10-cv-0940 GPC (WVG) |
| | **CLASS ACTION** |
| Plaintiffs, | |
| v. | **TRUMP UNIVERSITY, LLC'S EVIDENTIARY OBJECTIONS TO AND MOTION TO STRIKE DECLARATION OF ERIC ALAN ISAACSON IN SUPPORT OF TARLA MAKAEFF'S BILL OF FEES AND COSTS** |
| TRUMP UNIVERSITY, LLC (aka Trump Entrepreneur Initiative), a New York Limited Liability Company, DONALD J. TRUMP, and DOES 1 through 50, inclusive, | |
| Defendants. | |

4825-5055-9004.1

Trump University, LLC ("Trump University"), hereby objects and moves to strike portions of the Declaration of Eric Alan Isaacson in Support of Plaintiff/Counter-Defendant Tarla Makaeff's Bill of Fees and Costs (the "Isaacson Declaration"; Dkt. No. 331-3) as set forth herein.

Evidence submitted to the Court on motion practice must meet all requirements for admissibility of evidence as if offered at the time of trial. *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181-82 (9th Cir. 1988); *Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co., Inc.*, 252 F. Supp. 2d 917, 923 (d. Ariz. 2003); *see also* Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings in the courts of the United States). Declarations that would not be admissible are subject to objection and may be stricken. *Block v. City of L.A.*, 253 F.3d 410, 419 (9th Cir. 2001).

As a general matter, Mr. Isaacson testifies at length about his appellate practice, *pro bono* work, and publications. *See* Isaacson Decl. at ¶¶ 3-12. However, none of this information is relevant to the issues of the amount, reasonableness, and necessity of the fees and costs incurred in litigating Makaeff's anti-SLAPP motion. The only relevant statement regarding Mr. Isaacson's background is his admission that he was completely inexperienced in litigating defamation and anti-SLAPP claims prior to working on the instant matter. *See* Isaacson Decl. at ¶ 14. Accordingly, Mr. Isaacson's testimony about his background and experience should be disregarded.

In addition to the general matter addressed above, Mr. Isaacson's testimony should be disregarded for the reasons set forth below.

TRUMP UNIVERSITY'S EVIDENTIARY OBJ TO DECL OF ISAACSON
10-CV-0940 GPC (WVG)

4825-5055-9004.1

## OBJECTIONS TO DECLARATION OF ERIC ALAN ISAACSON

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| 1:19 – 13:11 | ¶¶ 3-12: Testimony regarding Mr. Isaacson's background and experience unrelated to anti-SLAPP and defamation litigation. | Fed. R. Evid. 602.<br><br>These statements are not relevant.  Mr. Isaacson admits he was completely inexperienced in litigating defamation and anti-SLAPP cases prior to litigating this matter.  *See* Isaacson Declaration at ¶ 14.<br><br>In addition, these statements fail to lay an adequate foundation for Mr. Isaacson's opinion testimony regarding the reasonableness or necessity of the fees sought by Makaeff. | |
| 13:17-20. | ¶ 12:  "Makaeff faced a purported million-dollar counterclaim filed by Trump University in retaliation for her efforts seeking redress for victims of its misleading marketing scheme." | Fed. R. Evid. 602, 701.<br><br>This statement is argumentative, lacks foundation, is speculative, and is improper opinion testimony with respect to the use of the word "retaliatory" and conclusory statement of "victims of its misleading marketing scheme." | |
| 15: | ¶ 18:  "[B]oth the ACLU and the Consumer Attorneys deemed the matter important enough to file *amicus curiae* briefs of their own before the Ninth Circuit in support of Makaeff's right to speak on matters of public concern | Fed. R. Evid. 602, 701.<br><br>This statement is argumentative, lacks foundation, is speculative, and is improper opinion testimony. | |

4825-5055-9004.1

| Page /<br>Line No. | Statement | Objection | Court's<br>Ruling |
|---|---|---|---|
| | without fear of retaliatory litigation." | | |

Dated:  July 18, 2014

**FOLEY & LARDNER LLP**
NANCY L. STAGG
BENJAMIN J. MORRIS


By:   *s/ Nancy L. Stagg*
NANCY L. STAGG
Attorneys for Defendants Trump
University, LLC and Donald J. Trump
nstagg@foley.com

3
TRUMP UNIVERSITY'S EVIDENTIARY OBJ TO DECL OF ISAACSON
10-CV-0940 GPC (WVG)

4825-5055-9004.1

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 18, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.


　　　　　　　　　　　　　 *s/ Nancy L. Stagg*　　　　　　　　
　　　　　　　　　　　　　Nancy L. Stagg

4825-5055-9004.1