NANCY L. STAGG CA Bar No. 157034
  nstagg@foley.com
BENJAMIN J. MORRIS CA BAR No. 260148
  bmorris@foley.com
**FOLEY & LARDNER LLP**
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130-3302
TELEPHONE:  858.847.6700
FACSIMILE:    858.792.6773

JILL A. MARTIN CA Bar No. 245626
  jmartin@trumpnational.com
C/O **TRUMP NATIONAL GOLF CLUB LOS ANGELES**
ONE TRUMP NATION DRIVE
RANCHO PALOS VERDES, CA 90275
TELEPHONE:  310.303.3225
FACSIMILE:    310.265.5522

Attorneys for Defendants Trump University, LLC
and Donald J. Trump

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, SONNY LOW, J.R. EVERETT, AND JOHN BROWN, on behalf of themselves and all others similarly situated, ED OBERKROM, and BRANDON KELLER, individually,<br><br>Plaintiffs,<br><br>v.<br><br>TRUMP UNIVERSITY, LLC (aka Trump Entrepreneur Initiative), a New York Limited Liability Company, DONALD J. TRUMP, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No: 10-cv-0940 GPC (WVG)<br><br>**CLASS ACTION**<br><br>**TRUMP UNIVERSITY, LLC'S EVIDENTIARY OBJECTIONS TO AND MOTION TO STRIKE DECLARATION OF KARL OLSON** |

Trump University, LLC ("Trump University"), hereby objects and moves to strike portions of the Declaration of Karl Olson in Support of Plaintiff/Counter-Defendant Tarla Markaeff's Bill of Fees and Costs (the "Olson Declaration"; Dkt. No. 331-4) as set forth herein.

Evidence submitted to the Court on motion practice must meet all requirements for admissibility of evidence as if offered at the time of trial. *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181-82 (9th Cir. 1988); *Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co., Inc.*, 252 F. Supp. 2d 917, 923 (d. Ariz. 2003); *see also* Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings in the courts of the United States). Declarations that would not be admissible are subject to objection and may be stricken. *Block v. City of L.A.*, 253 F.3d 410, 419 (9th Cir. 2001).

The Olson Declaration is replete with inadmissible statements as set forth below, and it should be stricken in whole or in part.

## OBJECTIONS TO DECLARATION OF KARL OLSON

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| 1:22-27; 3:26-27. | ¶ 5: "I have had the opportunity to review the procedural history of this litigation."<br><br>¶ 13: "I have considered the lengthy and highly contentious litigation of this matter." | Fed. R. Evid. 701, 702<br><br>These statements are impermissibly vague and fail to lay adequate foundation for the declarant's opinions regarding reasonableness or necessity of the fees and costs sought by Makaeff. This motion is limited to the simple and narrow issue of reasonable fees incurred in pursuing the anti-SLAPP motion—not to the underlying action. | |
| 2:4 | ¶ 6: "Here, Trump University put Makaeff | This statement misstates the record as Trump prevailed | |

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| | through a very lengthy process, which necessarily affected the amount of hours expended by Makaeff's counsel on this case." | *twice* at the district court level, and Makaeff chose to appeal. Moreover, there is no foundation that Trump University had any control over the time that the Ninth Circuit would take to rule on the appeal. | |
| 2:1-13 | ¶ 6:   "After Trump University filed its counter-claim, Makaeff attempted to settle the matter before filing an anti-SLAPP motion. Trump University rebuffed these efforts and forced Makaeff to fully brief a special motion to strike under the anti-SLAPP statute. *** "While her motion for reconsideration was pending, she again attempted to settle the counter-claim so no additional attorney's fees would be incurred. Once again, Trump University rebuffed Makaeff's settlement efforts, and the District Court denied her motion for reconsideration." | Fed. R. Evid. 408, 602, 701, 802. These statement are argumentative, lack foundation, are outside the declarant's personal knowledge, and contain inadmissible hearsay and double hearsay.  These statements also incorporate privileged communications made in the course of settlement negotiations. | |
| 2:16-18 | ¶ 7:   "Makaeff again asked Trump University to dismiss the counterclaim and pay the attorney's fees that had been incurred. Once again, Trump University insisted on pursuing its counterclaim." | Fed. R. Evid. 408, 602, 802, 805. This statement is outside the declarant's personal knowledge, contains inadmissible hearsay and double hearsay, and | |

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| | | incorporates privileged communications made in the course of settlement negotiations. | |
| 2:21-23; 2:27 – 3:1. | ¶ 8: "No aspect of this matter went unchallenged by Trump University."<br><br>¶ 9: "Again, Trump University contested or pursued every issue in this case, and ultimately Trump University proved to be on the losing side of each one." | These statements misstate the record.  For example, Trump University prevailed *twice* at the district court level.  Further, Trump University did not contest, for example, Makaeff's motion to transfer the appellate fee issue to the district court.  Additionally, Trump University sought to stay the main case to avoid fees being incurred in that matter while awaiting the outcome of appeal, a course which seemed prudent because if the counterclaim had been upheld, it may have convinced Makaeff that settlement was the preferred course of action.  Moreover, the case law makes clear that the availability of attorney's fees does not diminish a litigant's right to legitimately defend itself. *See Serrano v. Unruh*, 32 Cal. 3d 621, 635 (1982) ("The federal rule does not license prevailing parties to force their opponents to a Hobson's choice of acceding to exorbitant fee demands or incurring further expense by voicing legitimate | |

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| | | objections.") | |
| 2:21-23 | ¶ 8: "When Makaeff filed her notice of appeal, Trump University moved to stay the entire proposed class action that had triggered Trump University's counterclaim." | Fed. R. Evid. 401, 402, 403.<br><br>This statement is not relevant to any attorney's fees Makaeff incurred in pursuing her special motion to strike. | |
| 3:4-11 | ¶ 10: "The Ninth Circuit itself recognized the significance of this matter by selecting it for oral argument in a special session before Chief Judge Kozinski and Judges Wardlaw and Paez, at U.C. Irvine Law School." | Fed. R. Evid. 602, 401, 402, 403, 701.<br><br>This statement is argumentative, speculative, lacks foundation, is not relevant, and is improper opinion testimony. | |
| 3:12-18 | ¶ 11: "This was not a routine brief because the Ninth Circuit panel had raised the very significant issue of whether the anti-SLAPP statute should continue to apply in federal court." | Fed. R. Evid. 1002.<br><br>This statement violates the best evidence rule. | |
| 3:19-21 | ¶ 12: "Trump University could have conceded that it did not have any evidence of Makaeff's actual malice, but instead it pursued a fourth deposition session of Makaeff, forcing further expenditure of time." | Fed. R. Evid. 602.<br><br>This statement is speculative, argumentative, and outside the declarant's personal knowledge. | |
| 4:1-3; 4:8-9 | ¶ 13: "A David-and-Goliath analogy may be appropriate. As I am informed, Trump University, backed by its billionaire owner, was suing an out-of-work writer for $1 million.<br>*** | Fed. R. Evid. 401, 402, 403, 602, 802, 805.<br><br>These statements are not relevant, argumentative, speculative, lack foundation, are outside the declarant's personal knowledge, and | |

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| | "I am also informed and believe that for Makaeff, this was a financial life-or-death struggle." | incorporate inadmissible hearsay and double hearsay. | |
| 4:21-25 | ¶ 14: "In my opinion, the experience, credentials, and effectiveness of Makaeff's counsel in this case justify above-average billing rates. In particular, the rates of Eric Isaacson and Amber Eck, who did much of the work, are within the range of reasonable rates in California's major metropolitan areas, including San Diego." | Fed. R. Evid. 701, 702.<br><br>This statement is improper opinion testimony and misstates the record. Makaeff admits in the declarations of Ms. Jensen, Ms. Eck, and Mr. Isaacson that her counsel were completely inexperienced litigating anti-SLAPP and defamation claims prior to their involvement in the instant matter. *See* Jensen Decl., at ¶ 11; Eck Decl. at ¶ 6; Isaacson Decl. at ¶ 14. | |
| 5:2-7 | ¶ 14: "Makaeff's counsel's billing rates are consistent with rates of large national law firms (*id.*)…. For example, Foley & Lardner, the national law firm representing Trump University, is based in Milwaukee, Wisconsin and its average partner billing rate is $600 per hour and its average associate billing rate is $335 per hour, with highs of $860 and $470, respectively, per hour. *Id.* at 8." | Fed. R. Evid. 401, 402, 403.<br><br>This statement is not relevant and lacks foundation. Foley & Lardner LLP did not represent Trump University throughout the anti-SLAPP litigation. Moreover, billing rates in Milwaukee, Wisconsin are not relevant to the prevailing rates in San Diego, California. Finally, the statement ignores the best evidence—the billing surveys for San Diego, California (*available at* Exhibit A to Mr. Olson's declaration at p. 62). | |

4825-5055-9004.1

| Page / Line No. | Statement | Objection | Court's Ruling |
|---|---|---|---|
| 5:13-15 | ¶ 15: "Floating over $1 million of fees and costs for years, and risking their non-payment, could endanger the viability of a small firm and could be financially devastating to a solo practitioner." | <u>Fed. R. Evid. 401, 402, 403.</u><br><br>This statement is not relevant. Robbins Geller is not a small firm nor a solo practitioner—it has more than 200 lawyers nationwide. | |

Dated: July 18, 2014

**FOLEY & LARDNER LLP**
NANCY L. STAGG
BENJAMIN J. MORRIS


By:   *s/ Nancy L. Stagg*
     NANCY L. STAGG
     Attorneys for Defendants Trump University, LLC and Donald J. Trump
     nstagg@foley.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 18, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

>  *s/ Nancy L. Stagg*
> Nancy L. Stagg