ROBBINS GELLER RUDMAN
 & DOWD LLP
JASON A. FORGE (181542)
jforge@rgrdlaw.com
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
HELEN I. ZELDES (220051)
helenz@zhlaw.com
ALREEN HAEGGQUIST (221858)
alreenh@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
625 Broadway, Suite 1000
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Class Counsel

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>      Plaintiffs,<br><br> vs.<br><br>TRUMP UNIVERSITY, LLC, et al.,<br><br>      Defendants. | No. 3:10-cv-0940-GPC(WVG)<br><br><u>CLASS ACTION</u><br><br>PLAINTIFF/COUNTER DEFENDANT TARLA MAKAEFF'S NOTICE OF DEFICIENCY AND INTENDED NON-RESPONSE ABSENT COURT REQUEST |

957890_1

Defendant/Counterclaimant Trump University, LLC ("Trump") abused our judicial system by filing a counterclaim that "was obviously designed to overwhelm Makaeff by making it more burdensome and expensive for her to pursue her deceptive business practices claims against Trump University." *Makaeff v. Trump Univ., LLC,* 736 F.3d 1180, 1185 (9th Cir. 2013) (Wardlaw, J. and Callahan, J., concurring from denial of en banc rehearing, with Fletcher, J. and Gould, J., joining concurrence). Rarely does a party who has been found to have engaged in such conduct confirm its abuse as quickly and completely as Trump does with its objections and "motions" to strike five valid declarations submitted in support Plaintiff/Counter defendant Tarla Makaeff's ("Makaeff") Bill of Fees and Costs. Dkt. Nos. 335-2, 335-3, 335-4, 335-5, 335-6. Trump (and its owner, Defendant Donald J. Trump) know that even frivolous filings exact a toll on their adversaries because they require a response. So even as the Court prepares to award attorney's fees and costs for Trump's abusive counterclaim, Trump continues to misuse the system to increase the burden and expense of this litigation through the same unsound tactics it tries to disavow in its opposition.[1]

---

[1] True to its track record, Trump's objections are not well-taken. In fact, the vast majority of them betray a patent misunderstanding of the rules of evidence and their application in this context. For example, Trump repeatedly makes "argumentative" objections, even though there is no such objection *to evidence*. *See, e.g.*, Dkt. No. 335-2 at 2-7 and 9-10. Trump has confused an objection to the form of a *question* for an objection to *evidence*. The word "argumentative" does not even appear in the Federal Rules of Evidence. *See* Fed. R. Evid. 101-1103. Likewise, Trump makes numerous foundational objections to statements in the declarations of Rachel L. Jensen, Amber L. Eck, and Eric Alan Isaacson, even though all three declarations detail the declarants' long-standing personal involvement in this case, which lays ample foundation for their statements. *See, e.g.*, Dkt. No. 331-1, ¶¶1-2, 6, 8; Dkt. No. 331-2, ¶¶1-2, 7-8, 15-17; Dkt. No. 331-3, ¶¶12-20.

Moreover, despite the multitude of Trump's objections, Trump does not challenge the most critical evidence submitted to the Court. For example, Trump does not contest the expertise of Makaeff's anti-SLAPP-litigation expert, Karl Olson. *Compare* Dkt. No. 335-4 at 2 (contesting Carole Sobel's expertise on the sole basis that her expertise is limited to Los Angeles and not San Diego), *with* Dkt. No. 335-6 at 1 (not contesting Olson's expertise in any way). Nor does Trump raise a single objection to Mr. Olson's expert opinion that "the total amount of fees requested is reasonable because of the contingent risk of non-payment faced by Makaeff's counsel." Dkt. No. 331-4, ¶15; Dkt. No. 335-6 at 6 (Trump objects to only one sentence of this paragraph, and it is not the sentence setting forth Olson's ultimate expert opinion). So Trump neither contests Olson's expertise nor this expert's

In addition to the substantive infirmity of Trump's so-called motions to strike, they are plainly unsound procedurally. Trump has not even attempted to comply with the local rules regarding motion practice. It did not provide a written notice. L.R. 7.1 e.1. It did not obtain a hearing date. *Id.* It did not submit a "'Memorandum of Points and Authorities in support of [the motion].'" L.R. 7.1 f.1. It just dumped five documents on the Court and Makaeff as "attachments" to Trump's objection to Makaeff's bill of fees and costs, and called them "motions."

Accordingly, Plaintiff/Counter defendant Tarla Makaeff hereby gives notice that she will not be responding to Trump's substantively and procedurally deficient attachments, which are "motions" in name only, unless the Court requests a response.[2]

DATED: July 22, 2014

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
JASON A. FORGE
RACHEL L. JENSEN

s/ Rachel L. Jensen
RACHEL L. JENSEN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

---

ultimate opinion (nor does Trump offer a single contrary opinion from any expert in anti-SLAPP litigation).

Most significantly, despite railing against the lack of Makaeff's counsel's individual time entries (though not required and which Makaeff would be happy to provide, along with more detail as to Makaeff's costs, for the Court's review), Trump concedes "that the lodestar calculation requires the Court to determine the reasonable and not actual number of hours . . . ." Dkt. No. 335 at 3 n.9 (citing *EnPalm LLC v. Teitler,* 162 Cal. App. 4th 770, 774 n.4 (2008) (emphasis in original)); *see id.* at 6 (citing *Weber v. Langholz*, 39 Cal. App. 4th 1578, 1586-87 (1995) (declarations of counsel and verified cost memorandum made under penalty of perjury were sufficient)). Therefore, at the end of another long day in this litigation, Olson's uncontested opinion as to the reasonableness of Makaeff's fees is all the evidentiary support Makaeff needs to support an award of the total fees requested.

[2]   Makaeff would also happily respond to Trump's Objections to her Bill of Fees and Costs if the Court so requests.

| | |
|---|---|
| 1 | |
| 2 | ZELDES HAEGGQUIST & ECK, LLP<br>AMBER L. ECK |
| 3 | HELEN I. ZELDES<br>ALREEN HAEGGQUIST |
| 4 | AARON M. OLSEN<br>625 Broadway, Suite 1000 |
| 5 | San Diego, CA  92101<br>Telephone:  619/342-8000 |
| 6 | 619/342-7878 (fax) |
| 7 | Class Counsel |

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 22, 2014.

s/ Rachel L. Jensen
RACHEL L. JENSEN

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:     rachelj@rgrdlaw.com

957890_1

3:10-cv-0940-GPC(WVG)

# Mailing Information for a Case 3:10-cv-00940-GPC-WVG Makaeff v. Trump University, LLC et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com,robyns@zhlaw.com

- **Jason A Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,llendzion@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jill Ann Martin**
  jmartin@trumpnational.com,lvincent@trumpnational.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Benjamin James Morris**
  bmorris@foley.com,vgoldsmith@foley.com

- **Aaron M. Olsen**
  aarono@zhlaw.com,winkyc@zhlaw.com

- **Nancy L. Stagg**
  nstagg@foley.com,smoreno@foley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)