UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, *et. al.*,<br><br>　　　　　　　Plaintiff,<br>v.<br>TRUMP UNIVERSITY, LLC, *et. al.*,<br><br>　　　　　　　Defendants. | Civil No. 10-CV-0940-GPC (WVG)<br><br>AMENDED CASE MANAGEMENT ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS; GRANTING PARTIES' JOINT MOTION TO REVISE PRETRIAL SCHEDULE<br>[DOC. NO. 346] |

　　　　On March 14, 2014, the Court issued a Scheduling Order in this case. (Doc. No. 309.) On September 24, 2014, the parties filed a Joint Motion to Revise Pretrial Schedule. (Doc. No. 346.) In their Joint Motion, the parties request that the Court continue all of the pretrial dates, except for the Mandatary Settlement Conference, in order to allow additional time to complete fact discovery. Id. For good cause shown, the Court hereby GRANTS the parties' Joint Motion to Revise Pretrial Schedule. The amended schedule is set forth below.

　　　　IT IS HEREBY ORDERED:

　　　　1.　　All discovery pertaining to facts shall be completed on or before December 19, 2014. The parties have jointly agreed that no expert discovery is necessary.

　　　　*"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for services, notice,

and response as set forth in the Federal Rules of Civil Procedure. All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Fed. R. Civ. P. 26 and Local Rule 26.1(a).

2. All motions, other than motions to amend or join parties, or motions in limine, **shall be filed** on or before <u>February 20, 2015</u>.[1/]

Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. **Be advised that the parties must file their moving papers within three (3) days of receiving the motion hearing date from the Court. Be further advised that the period of time between the date you request a motion date and the hearing date may be up to six weeks. Please plan accordingly**. For example, you may need to contact the judge's law clerk at least six weeks in advance of the motion cut-off to calendar the motion. Failure of counsel to timely request a motion date may result in the motion not being heard. **Motions will not be heard on the above date unless you have obtained that date in advance from the judge's law clerk**.

3. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave.

4. A Mandatory Settlement Conference ("MSC") shall be conducted on <u>November 19, 2014</u>, at <u>9:00 a.m.</u> in the chambers of Magistrate Judge William V. Gallo. Counsel shall submit settlement statements **directly to chambers** no later than <u>November 12, 2014</u>. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a

---

[1/] Counsel should note that while historically motion cut-off deadlines issued by this Court were deadlines for motion hearings, the motion cut-off dates now being issued establish deadlines for the parties to file motions.

separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be filed with the Clerk of the Court, but may be served on opposing counsel at the party's discretion. Settlement conference briefs shall comply with the undersigned's Chambers Rules.** The parties shall meet and confer in good faith prior to the Mandatory Settlement Conference, and verify that they have done so in their respective Mandatory Settlement Conference statements, outlining the substance of their discussions and negotiations.

5. The Court sua sponte set a telephonic Status Conference, which was conducted on September 11, 2014, to discuss the pending Mandatory Settlement Conference set for November 19, 2014. (Doc. No. 354.) Mr. Jason Forge and Ms. Rachel Jensen participated on behalf of Plaintiffs, and Ms. Nancy Stagg and Ms. Jill Martin participated on behalf of Defendants. Based upon the discussion held with counsel, the Court determined that the MSC will be attended by the <u>**attorneys only, with clients on telephonic standby**</u>, and will remain as now set, subject to being rescheduled depending on the timing of the ruling on the Motion for Class Certification in the related case of <u>Cohen v. Trump</u>, Case. No. 13-CV-2519-GPC (WVG).

6. Parties or their counsel shall serve on each other and file with the Clerk of the Court their Memoranda of Contentions of Fact and Law in compliance with Local Rule 16.1(f)(2) on or before <u>May 22, 2015</u>.

7. All parties or their counsel shall also fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before <u>May 22, 2015</u>. **Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.**

8. Counsel shall meet together and take the action required by Local Rule 16.1(f)(4) on or before <u>May 29, 2015</u>. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).

10CV0940

Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

9. The proposed final pretrial conference order, including objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before June 5, 2015, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6). Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

10. The final pretrial conference shall be held before the Honorable Gonzalo P. Curiel, United States District Court Judge, on June 12, 2015, at 1:30 p.m.

11. The dates and times set forth herein will not be further modified except for good cause shown.

12. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

IT IS SO ORDERED.

DATED: October 1, 2014

Hon. William V. Gallo
U.S. Magistrate Judge