1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11   TARLA MAKAEFF, *et al*.,              )   Civil No. 10-CV-0940-GPC (WVG)
                                           )
12                       Plaintiffs,       )   ORDER FOLLOWING
                                           )   TELEPHONIC DISCOVERY
13   v.                                    )   CONFERENCE
                                           )
14   TRUMP UNIVERSITY, LLC, *et al*.,      )
                                           )
15                       Defendants.       )
                                           )
16                                         )
                                           )
17   _____     )

18          On October 27, 2014, counsel for all parties notified the Court of several

19   discovery disputes in this case.  One of the discovery disputes was extremely time-

20   sensitive, as it related to a deposition scheduled for October 30, 2014.  On October 28,

21   2014, at 7:00 a.m., the Court held a telephonic Discovery Conference to discuss the

22   deposition dispute.   Ms. Rachel Jensen, Mr. Jason Forge, and Ms. Amber Eck

23   participated on behalf of Plaintiffs, and Ms. Nancy Stagg and Mr. Benjamin Morris

24   participated on behalf of Defendants.  The Court hereby issues the following Orders:

25                **I. DEPOSITION SET FOR OCTOBER 30, 2014**

26          On October 30, 2014, Plaintiffs will take the deposition of a former instructor

27   with Defendant Trump University, LLC.  Due to scheduling conflicts, Plaintiffs will

28   have one attorney physically present at the deposition, and one attorney participating

                                        1
                                                                    10CV0940

via video conference.  In order to avoid a disagreement during the deposition, Plaintiffs seek to have the Court approve their request to allow questioning by more than one attorney for Plaintiffs.  Plaintiffs note that the attorney physically present at the deposition will conduct the bulk of the questioning, but that the attorney participating by video conference may also question the witness if necessary.

Defendants argue that it would be unduly burdensome and harassing to the deponent if more than one attorney for Plaintiffs asks questions during the deposition. They contend that this technique would allow Plaintiffs to bring in a fresh attorney for questioning to exhaust the deponent.  Defendants also assert that it is inevitable that the attorneys would ask duplicative questions.

As Ordered by the Court during the Discovery Conference, prior to the deposition on October 30, 2014, Plaintiffs shall designate lead counsel for the deposition.  Plaintiffs indicated to the Court that their lead counsel would be the attorney physically present at the deposition, Ms. Eck.  Plaintiffs' lead counsel shall conduct the deposition without any interruptions, comments, or questions from co-counsel.  Mr. Forge, Plaintiffs' counsel who will be participating in the deposition via video conference, shall have the opportunity to question the deponent for a total of twenty minutes.  Questioning conducted by the video conference attorney shall also be conducted without any interruptions, comments, or questions from lead counsel.  If Plaintiffs' counsel conducts any redirect examination, only lead counsel shall question the deponent.

If any of Defendants' attorneys participate in the October 30, 2014, deposition via video conference, the same rules shall apply to Defense counsel's cross-examination of the deponent.  Further, if Defendants cross-examine the deponent again after re-direct examination, they shall be limited to questioning by the attorney who is physically present at the deposition.

**This Order applies only to the deposition of the former Trump University instructor on October 30, 2014.**  However, the parties should use this Order as

1  guidance for future depositions in which similar circumstances may exist in order to

2  avoid unnecessary disputes and the involvement of the Court.

3  ## II. BRIEFING SCHEDULE FOR DISCOVERY DISPUTES

4  On October 27, 2014, the parties notified the Court of several other discovery

5  disputes.  The parties requested to brief the remaining discovery disputes.

6  1.    On or before November 7, 2014, Plaintiffs shall file an opening brief

7  that includes all of the currently pending discovery disputes in this case.  Plaintiffs'

8  brief shall not exceed twenty-five pages, excluding exhibits.

9  2.    On or before November 17, 2014, Defendants shall file a responsive

10 brief.  Defendants' brief shall not exceed twenty-five pages, excluding exhibits.

11 ## III. MANDATORY SETTLEMENT CONFERENCE VACATED

12 On March 14, 2014, this Court issued a Scheduling Order, which set the

13 Mandatory Settlement Conference ("MSC") in this case for November 19, 2014, at 9:00

14 a.m.[1]/  (Doc. No. 309 at 2.)  Based on discussions between the Court and counsel for all

15 parties during the Discovery Conference, the MSC set for November 19, 2014, at 9:00

16 a.m., is hereby VACATED.  The Court will reschedule the MSC after the pending

17 discovery disputes have been resolved and a scheduling order has been issued in the

18 related action, Cohen v. Trump, Case No. 13-CV-2519-GPC-WVG.

19 ## IV. PLAINTIFFS SHALL REVEAL THE IDENTITY OF THE WITNESSES TO BE DEPOSED, AND THE DEPOSITION LOCATIONS

20

21 The parties informed the Court of a dispute regarding Plaintiffs' intention to

22 subpoena additional witnesses for deposition.  Plaintiffs allege that they contacted

23 Defendants to discuss their availability for scheduling the depositions, but Defendants

24

25 [1]/ On September 24, 2014, the parties filed a Joint Motion to Revise Pretrial

26 Schedule.  (Doc. No. 346.)  In their Joint Motion, the parties requested that the Court continue all of the pretrial dates, except for the Mandatary Settlement Conference, in

27 order to allow additional time to complete fact discovery.  Id.  On October 1, 2014, the Court granted the parties' Joint Motion and issued an Amended Scheduling Order.

28 (Doc. No. 349.)

10CV0940

1  are unwilling to provide a date for the depositions until Plaintiffs identify the witnesses
2  and the deposition locations.   Plaintiffs assert that Defendants do not need this
3  information in order to schedule the depositions.  Plaintiffs also represented that they
4  previously experienced occasions when Defendants contacted the witness scheduled for
5  deposition who then retained counsel.

6  Defendants argue that Plaintiffs inquired about their availability for a two day
7  time period, and also a three day time period, but they refuse to tell Defendants who
8  they plan to depose or where the depositions will be held.  Defendants contend that they
9  need this information in order to determine which attorney will attend the depositions.
10  They argue that it is unreasonable for Plaintiffs to require Defendants to provide several
11  available dates for travel and depositions without identifying the witnesses or the
12  locations.

13  Plaintiff is hereby ORDERED to disclose to Defendants the identity of the
14  witnesses to be deposed, and the locations of the depositions.

15  Defendants are ORDERED not to contact the witness prior to the deposition.
16  If Defendants believe that the identified witness may be an employee or former
17  employee of Defendants such that he/she merits legal representation, Defendants are to
18  meet and confer first with Plaintiff, and if no resolution can be reached after good faith
19  discussions, then and only then contact the Court for resolution of the issue.
20  IT IS SO ORDERED.

21  DATED:  October 30, 2014

22
23                                                    _____
24                                                    Hon. William V. Gallo
                                                      U.S. Magistrate Judge
25
26
27
28

10CV0940