ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON A. FORGE (181542)
jforge@rgrdlaw.com
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
HELEN I. ZELDES (220051)
helenz@zhlaw.com
ALREEN HAEGGQUIST (221858)
alreenh@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
625 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

Class Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> TRUMP UNIVERSITY, LLC, et al., <br><br> Defendants. | No. 3:10-cv-0940-GPC(WVG) <br><br> <u>CLASS ACTION</u> <br><br> DECLARATION OF RACHEL L. JENSEN IN SUPPORT OF PLAINTIFFS' OPENING MEMORANDUM REGARDING DISCOVERY DISPUTES |

982371_1

I, RACHEL L. JENSEN, declare as follows:

1. I am an attorney duly licensed to practice before all of the courts of the State of California. I am a member with the law firm of Robbins Geller Rudman & Dowd LLP, one of counsel of record for Plaintiffs and the Class. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. I submit this declaration in support of Plaintiffs' Opening Memorandum Regarding Discovery Disputes.

3. Pursuant to Local Rule 26.1(a)-(b) and this Court's Chambers Rules, §IV.A, prior to bringing the discovery disputes to the Court's attention, I certify that I complied with Local Rule 26.1(b) by meeting and conferring in person with counsel for defendants, Ms. Nancy Stagg and Mr. Benjamin Morris, at my law offices on October 21, 2014. My co-counsel Amber Eck participated by telephone. Despite our good faith efforts to reach an informal resolution, the parties were unable to see eye-to-eye and reached an impasse on October 22, 2014. Ms. Stagg advised that her colleague Mr. Morris was available to contact the Court on October 27, 2014, which we did in order to schedule an informal teleconference with Judge Gallo pursuant to the Court's Chambers Rules §IV.B. Plaintiffs respectfully submit their memorandum in accordance with this Court's order dated October 30, 2014. *See* Dkt. No. 352.

4. As this Court is likely aware, the parties have been working diligently to complete fact discovery in this case. On October 15, 2014, I called Mr. Morris concerning a number of issues involving the remaining depositions in this case as well as discovery in the related *Cohen v. Trump*, No. 3:13cv2519-GPC (WVG) action. Among other issues, I asked Mr. Morris to agree to produce Mssrs. Trump and Sexton for further examination in this case and/or to agree to ask this Court to allow merits discovery to proceed in the related *Cohen* action so that Mr. Cohen could take the depositions of Mssrs. Trump and Sexton in that case. I explained that as a practical matter, due to defendants' opposition to consolidation of the two cases, the *Cohen*

1  case remains a standalone class action case and plaintiff Cohen is entitled to a full 7
2  hours with both of these witnesses without leave of court pursuant to Rule 30(a)(1).
3  Mr. Morris seemed resistant to any proposal involving the depositions of Mssrs.
4  Trump and Sexton, so I advised Mr. Morris that if the parties could not agree, we
5  would be forced to bring the issue of re-opening Mr. Trump and Mr. Sexton's
6  depositions to the Court prior to the close of fact discovery in *Makaeff.*

7       5.    On our October 15, 2014 call, I also proposed that the parties exchange
8  their trial witness lists at a date and time certain prior to discovery cut off so that each
9  side could depose anyone on the other side's trial witness list who had not yet been
10 deposed.  Alternatively, I proposed that, if the defendants would not agree to exchange
11 their trial witness list prior to the discovery cut off, the parties would have a later
12 opportunity to depose any trial witnesses who, once disclosed, had not yet been
13 deposed.

14      6.    That evening, on October 15, 2014, Mr. Morris emailed me and other
15 class counsel saying that the defendants would not agree to re-open the depositions of
16 either Mr. Trump or Mr. Sexton in *Makaeff* and that it was "premature" to discuss
17 their depositions in *Cohen* because there had been no ruling on class certification.  I
18 responded that same night requesting a time for defendants to meet and confer with
19 plaintiffs pursuant to this Court's rules.

20      7.    On October 21, 2014, I met with Ms. Stagg and Mr. Morris to confer
21 about the discovery disputes at issue here.  The parties agreed to follow up with their
22 final positions after the meet and confer.

23      8.    On October 22, 2014, Ms. Stagg emailed me and other class counsel to
24 advise that defendants would not agree to, among other things, produce Mssrs. Trump
25 or Sexton for further deposition in *Makaeff* (including asking Mr. Trump about his
26 financial information at deposition or otherwise), or that merits discovery could
27 proceed in *Cohen* at that time.  Ms. Stagg also conveyed defendants' position that they
28

1 rejected plaintiffs' proposal about later deposing trial witnesses. Ms. Stagg stated that Mr. Morris would be available to call Chambers on Monday, October 27, 2014.

9. On October 23, 2014, I emailed Ms. Stagg to let her know that I disagreed with her email, but that the parties would have to agree to disagree. I requested that Mr. Morris provide a time to call chambers on October 27, 2014.

10. On October 27, 2014, around 1:30 p.m., when the parties had scheduled their call into Chambers, Judge Curiel entered the Court's order granting class certification in *Cohen*. Because it was so fresh, when we called Chambers, Mr. Morris was not ready to discuss merits discovery in *Cohen*, but the parties previewed their other disputes, including the depositions of Mssrs. Trump and Sexton, and the trial witnesses issue.

11. At the commencement of discovery in this case (while I was out on maternity leave), I understand that my co-counsel Amber Eck entered into an agreement with former counsel for defendants, Mr. David Schneider, that the parties would work to cooperate with each other if either side believed they needed more time with a party witness. Thereafter, plaintiffs complied with that agreement. Indeed, Brandon Keller sat for 2 days of deposition and Tarla Makaeff sat for some 15.5 hours of deposition on the record in 4 separate deposition sessions.

12. To date, according to my firm's tally, plaintiffs have only examined Mr. Trump at deposition for 3 hours and 19 minutes on the record in one session on September 12, 2012. At the end of the session, I reserved plaintiffs' rights to continue the deposition in the eventuality that defendants later produced relevant documents.

13. Since this Court's December 23, 2012 order (Dkt. No. 188), defendants have produced an additional 172,000 pages of documents in this case, according to my firm's tally.

14. On October 11, 2011, plaintiffs propounded their first set of document requests ("RFPs") and other written discovery requests on defendants. *See* Ex. 1 attached hereto.

15. On March 30, 2012, plaintiffs propounded their second set of RFPs on defendants. *See* Ex. 2 attached hereto.

16. On May 15, 2012, plaintiffs served a notice of deposition of Donald J. Trump on defendants. The deposition was originally noticed for June 25, 2012.

17. On May 18, 2012, plaintiffs served their Rule 30(b)(6) deposition notice on Trump University. The notice included a Schedule A of 18 separate topics. The deposition of Trump University was originally noticed for July 24, 2012. *See* Ex. 9 attached hereto.

18. Plaintiffs were forced to postpone the deposition of Mr. Trump and their Rule 30(b)(6) depositions of Trump University (which designated Mssrs. Trump, Sexton and Highbloom as corporate designees on the various topics) because the defendants had not completed their document production and plaintiffs needed additional time to review and analyze those document productions prior to taking the defendants' depositions. After moving the depositions several times in large part to accommodate the document productions and review, the parties ultimately agreed that the depositions of the defendants would proceed in August and September 2012.

19. At the end of Mr. Trump's deposition session on September 12, 2012, I explicitly reserved plaintiffs' rights to further examine him if, among other reasons, defendants produced additional relevant documents.

20. According to my firm's tally, prior to Mr. Trump's deposition, defendants had produced 131,888 pages of documents.

21. According to my firm's tally, to date, defendants have produced 311,807 pages of documents. Defendants may argue some of the pages produced since Mr. Trump's deposition are duplicates also produced to the New York Attorney General. However, according to my firm's tally, plaintiffs believe at least 121,638 pages were not duplicates. Defendants have continued to make production of documents concerning scripts as recently as June 2014, and they made a production of documents as recently as today.

22. My firm reviewed defendants' productions for the files of Alex Grist but was unable to find any documents from Mr. Grist's files and his name appears in just 26 documents produced to date by defendants and third parties, according to my firm's tally.

23. Attached hereto are true and correct copies of the following Exhibits:

| Exhibit | Document Description | Page Nos. |
|---|---|---|
| Exhibit 1: | Plaintiffs' First Set of Requests for Production of Documents to Defendants Trump University, LLC and Donald J. Trump, dated October 11, 2011; | 1-11 |
| Exhibit 2: | Plaintiffs' Second Set of Requests for Production of Documents to Defendants Trump University, LLC and Donald J. Trump, dated March 30, 2012; | 12-21 |
| Exhibit 3: | Relevant excerpts from the Videotaped Deposition of Donald J. Trump, taken September 12, 2012; | 22-24 |
| Exhibit 4: | Sampling of Key Documents Produced After Defendants' Depositions; | 25-27 |
| Exhibit 5: | NYSED 000101 – Letter from the New York State Education Department to Michael Sexton, President, Trump University, dated June 7, 2005; | 28-29 |
| Exhibit 6: | Sworn Examination of Michael Sexton taken in the New York Attorney General's Trump University Investigation on July 25, 2012, attached as Exhibit B to the Verified Petition in *People of the State of New York v. The Trump Entrepreneur Initiative LLC*, No. 2013/451463 (filed Aug. 24, 2013, Supreme Ct. of New York, Cnty. of New York); | 30-126 |
| Exhibit 7: | Relevant excerpts from Videotaped Deposition of Paula Levand, taken June 17, 2013; | 127-129 |
| Exhibit 8: | Relevant excerpts from the Rough Draft of the Non-Confidential Portion of the Videotaped Deposition of Michelle Gunn, taken on October 28, 2014; | 130-133 |
| Exhibit 9: | Notice of Taking Videotaped Deposition of Trump University, LLC Pursuant to Federal Rule of Civil Procedure 30(b)(6) with Exhibit A thereto, dated May 18, 2012; | 134-144 |
| Exhibit 10: | Relevant excerpts from Volume I of the Rule 30(b)(6) Videotaped Deposition of Michael Sexton, taken August 22, 2012; | 145-154 |

| Exhibit | Document Description | Page Nos. |
|---|---|---|
| Exhibit 11: | Relevant excerpts from Volume II of the Rule 30(b)(6) Videotaped Deposition of Michael Sexton, taken August 23, 2012; | 155-158 |
| Exhibit 12: | Defendants Trump University, LLC's and Donald J. Trump's Supplemental Initial Disclosures Pursuant to Rule 26(a)(1), dated October 6, 2011; and | 159-167 |
| Exhibit 13: | Standing Order, Pilot Project Regarding Case Management Techniques for Complex Civil Cases (S.D.N.Y. Oct. 31, 2011). | 168-207 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 7th day of November, 2014, at San Diego, California.

                                                  s/ Rachel L. Jensen  
                                                RACHEL L. JENSEN

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 7, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 7, 2014.

     s/ Rachel L. Jensen
RACHEL L. JENSEN

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  racheli@rgrdlaw.com

# Mailing Information for a Case 3:10-cv-00940-GPC-WVG Makaeff v. Trump University, LLC et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com,robyns@zhlaw.com

- **Jason A Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jeffrey L. Goldman**
  jgoldman@bbwg.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,llendzion@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jill Ann Martin**
  jmartin@trumpnational.com,lvincent@trumpnational.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Benjamin James Morris**
  bmorris@foley.com,vgoldsmith@foley.com

- **Aaron M. Olsen**
  aarono@zhlaw.com,winkyc@zhlaw.com

- **Nancy L. Stagg**
  nstagg@foley.com,smoreno@foley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`