1

2

3

4

5

6              **UNITED STATES DISTRICT COURT**

7             **SOUTHERN DISTRICT OF CALIFORNIA**

8

9   TARLA MAKAEFF, on Behalf of          Case No. 10cv0940 GPC (WVG)
    Herself and All Others Similarly
10  Situated,                            **ORDER REQUIRING**
                                         **SUPPLEMENTAL BRIEFING IN**
11                        Plaintiffs,    **SUPPORT OF**
                                         **PLAINTIFF/COUNTER**
12       vs.                             **DEFENDANT TARLA**
                                         **MAKAEFF'S BILL OF FEES**
13                                       **AND COSTS**

14  TRUMP UNIVERSITY, LLC, (aka
    Trump Entrepreneur Initiative) a New [Dkt. No. 331.]
15  York Limited Liability Company,
    DONALD J. TRUMP, and DOES 1
16  through 50, inclusive,

17                        Defendants.

18  TRUMP UNIVERSITY, LLC,

19                        Counterclaimant,

20       vs.

21  TARLA MAKAEFF, and DOES 1
    through 10, inclusive,
22
                          Counter Defendant.
23

24
                          **INTRODUCTION**
25
         Before the Court is Plaintiff/Counter Defendant Tarla Makaeff's ("Makaeff")
26
    Bill of Fees and Costs. (Dkt. No. 331.) Defendant/Counterclaimant Trump University,
27

28

                                  - 1 -

LLC ("Trump University") opposes Makaeff's Bill of Fees and Costs. (Dkt. No. 335.)[1] Makaeff filed a notice of deficiency and intended non-response. (Dkt. No. 336.) Upon review of the moving papers, admissible evidence, the applicable law, and for the reasons set forth below, the Court hereby ORDERS Makaeff to submit supplemental briefing further substantiating fees and costs.

## BACKGROUND

Between August 2008 and June 2009, Makaeff attended approximately seven real estate investing and finance seminars, workshops, and classes hosted by Trump University and spent a total of approximately $60,000 on the programs. (Dkt. Nos. 4 at 9; 14-1 at 11.) Makaeff alleges the programs were shorter than advertised, (Dkt. No. 14-1 at 10-11), she was provided only a toll-free telephone number instead of a one-year mentorship of "expert, interactive support," (Id.), and her Trump University mentors were largely unavailable and offered no practical advice when she did speak with them. (Id.)

Makaeff brought a class action lawsuit against Trump University on April 30, 2010. (Dkt. No. 1.) On May 26, 2010, Trump University filed a defamation counterclaim against Makaeff, alleging Makaeff published statements to third parties about Trump University that are per se defamatory. (Dkt. No. 4 at 3.)

On June 30, 2010, Makaeff filed a special motion to strike Trump University's counterclaim on the ground the counterclaim is a strategic lawsuit against public participation, or "SLAPP suit," with the purpose of intimidating Makaeff into dropping her class action lawsuit. (Dkt. No. 14-1 at 8.)

On August 23, 2010, Judge Irma E. Gonzalez denied Makaeff's special motion to strike Trump University's counterclaim. (Dkt. No. 24.) Makaeff's subsequent motion

---

[1] Trump University filed evidentiary objections to the Declarations of Rachel L. Jensen, Amber L. Eck, Carol A. Sobel, Eric Alan Issacson, and Karl Olson in support of Makaeff's Bill of Fees and Costs. (Dkt. Nos. 335-2, 335-3, 335-4, 335-5 and 335-6.) The Court notes the objections. To the extent that the evidence is proper under the Federal Rules of Evidence, the Court considered the evidence. To the extent the evidence is not proper the Court did not consider it.

1  for reconsideration of her special motion to strike Trump University's counterclaim

2  was denied by Judge Gonzalez on September 20, 2010. (Dkt. Nos. 31; 40 at 3.)

3      On January 3, 2011, Makaeff appealed Judge Gonzalez's August 23, 2010 order

4  to the Ninth Circuit, (Dkt. No. 43), which reversed and remanded the order on April 17,

5  2013. <u>Makaeff v. Trump Univ., LLC</u>, 715 F.3d 254, 271 (9th Cir. 2013). In addition,

6  the court of appeals granted Makaeff's unopposed request that the issue of appellate

7  attorney's fees be transferred to the district court. (Dkt. No. 284.) In the interim, the

8  case was transferred to the undersigned judge. (Dkt. No. 190.) On June 16, 2014, this

9  Court granted Makaeff's special motion to strike Trump University's defamation

10  counterclaim. (Dkt. No. 328.)

11      On July 3, 2014, pursuant to this Court's direction, (Dkt. No. 328), Makaeff filed

12  a bill of fees and costs to substantiate the amount of reasonable attorney's fees and

13  costs associated with bringing the motion to strike, related appeal, and supplemental

14  briefing. (Dkt. No. 331.) On July 18, 2014, Trump University filed an opposition. (Dkt.

15  No. 335.)

16                           **LEGAL STANDARD**

17      The "prevailing defendant on a special motion to strike shall be entitled to

18  recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1).

19  "[A]ny SLAPP defendant who brings a successful motion to strike is entitled to

20  mandatory attorney fees." <u>Ketchum v. Moses</u>, 24 Cal. 4th 1122, 1131 (2001). "[A]

21  court assessing attorney fees begins with a touchstone or lodestar figure, based on the

22  careful compilation of the time spent and reasonable hourly compensation of each

23  attorney . . . involved in the presentation of the case." <u>Id.</u> at 1131-32 (citation and

24  internal quotation marks omitted).  To determine the reasonable number of hours billed,

25  courts are to evaluate the time expended, the nature of and need for the services

26  performed, and the relevant fee records. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433-34

27  (1983). An award of fees and costs in an anti-SLAPP case must be reasonable, and

28

1    courts have broad discretion in determining what is reasonable. See Metabolife Int'l,

2    Inc. v. Wornick, 213 F. Supp. 2d 1220,1222 (S.D. Cal. 2002).

3    **DISCUSSION**

4    In the instant case, Makaeff requests an award of attorney's fees in the amount

5    of $1,333,004.25, based on 2,226.35 hours incurred in the process of strategizing,

6    researching and briefing the anti-SLAPP motion, subsequent successful appeal and

7    opposing Trump University's petition for rehearing en banc, discovery, supplemental

8    briefing, and the fee brief. (Dkt. No. 331 at 12, 14.) Additionally, Makaeff requests cost

9    in the amount of $9,812.11. (Id. at 14.)  For the reasons stated below, the Court orders

10   Makaeff to provide additional billing information in order to determine the

11   reasonableness of the hours expended and costs incurred.

12   **A. Reasonable Hours Expended**

13   Trump University does not argue that Makaeff is not entitled to attorney's fees.

14   Instead, Trump University argues that the Court should deny the request in its entirety

15   or substantially reduce the award because Makaeff has failed to meet her burden to

16   establish the reasonableness of her attorney's fees, particularly the reasonableness of

17   the hours expended. (Dkt. No. 335 at 3, 5.) Among other things,  Trump University

18   argues that Makaeff's fee request is unreasonable because she did not break out the

19   hours billed by specific attorneys on specific tasks. (Id. at 5.)

20   As the moving party, the prevailing party bears the "burden of establishing

21   entitlement to an award and documenting the appropriate hours expended and hourly

22   rates." ComputerXpress, Inc. v. Jackson, 93 Cal. App. 4th 993, 1020 (Ct. App. 2001).

23   Although "it is not necessary to provide detailed billing timesheets to support an award

24   of attorney fees under the lodestar method," Concepcion v. Amscan Holdings, Inc. 223

25   Cal. App. 4th 1309, 1324 (Ct. App. 2014), the "evidence should allow the court to

26   consider whether the case was overstaffed, how much time the attorneys spent on

27   particular claims and whether the hours were reasonably expended." Christian

28   Research Inst. v. Alnor, 165 Cal. App. 4th 1315, 1320 (Ct. App. 2008). To that end the

Court may require a prevailing party to produce records sufficient to provide "a proper basis for determining how much time was spent on particular claims." ComputerXpress, Inc. 93 Cal. App. 4th at 1020.

In support of her bill of fees and costs, Makaeff provides the declarations of Amber Eck, Rachel Jensen, and Eric Issacson, all of whom are counsel in this case. The Court finds that these declarations fail to provide enough information to ascertain if the hours expended on this case were reasonable.

In their declarations, Makaeff's attorneys make vague statements about the amount of time they spent on each task. For example, in Amber L. Eck's declaration in support of Makaeff's Bill of Fees and Costs, she states that she "spent a substantial amount of time preparing for the hearing" on the anti-SLAPP motion and that she "spent a considerable amount of time researching for the motion for reconsideration." (Dkt. No. 331-2 at ¶¶ 26-27.) Similarly, Eric Allen Isaacson states that he devoted "many hours" to preparing the brief and preparing for the oral argument before the Ninth Circuit. (Dkt. No. 331-3 at ¶ 19.)

Additionally, Makaeff's attorneys provide a block billing chart showing the amount of hours each attorney spent on the case and their corresponding hourly rate. (Dkt. No 331-1 at ¶ 60; Dkt. No. 331-2 at ¶ 58.) However, there is no showing or explanation of the specific tasks and the time spent on each task by the various attorneys and paralegals involved in this case.

It is apparent that all of the Makaeff's attorneys involved have spent significant time on the case. However, the 2,226.35 hours spent on the anti-SLAPP litigation seems to be very high. There is nothing currently before the Court to assess whether the time expended by Makaeff's attorneys involved in this case was necessary and non-duplicative. The vague statements of time spent and block entries provided in the attorneys' declarations do nothing to remedy this issue.

Trump University suggests that further briefing is unnecessary because it has "undertaken the burden of reviewing each described task and ascribing a reasonable

time commitment for each task." (Dkt. No. 335 at 10.) However, Trump University has failed to cite to any authority that supports this approach. Therefore, the Court rejects this approach and adopts the approach found in <u>Kearney v. Foley& Lardner</u>, 533 F. Supp. 2d 1178, 1186 (S.D. Cal. 2008). The Court, therefore, orders Makaeff to submit additional briefing detailing the amount of time each attorney spent on each task.

**B. Reasonable Costs**

In addition to attorney's fees, Makaeff seeks $9,812.11 in costs for successfully litigating the anti-SLAPP motion. (Dkt. No. 331 at 14.) A prevailing defendant on an anti-SLAPP motion is entitled to recover reasonable litigation expenses for which she was billed. Cal. Civ. Proc. Code § 425.16(c)(1). Included in the costs sought here are charges for: (1) meals, hotels and transportation; (2) photocopies; (3) facsimile; (4) messenger, overnight delivery; (5) video deposition of Makaeff; (6) Lexis, Westlaw, online library research; (7) publications; and (8) miscellaneous deposition costs. (Dkt. No. 331-1 at 16.)

Trump University argues the costs should be denied in their entirety. Trump University challenges the amount of costs requested under California and federal law and argues that Makaeff has failed to explain in detail what the costs requested consist of and should be disallowed. (Dkt. No. 335 at 20.)

The Court further orders Makaeff to submit additional information substantiating the costs requested.

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Makaeff shall submit supplemental briefing breaking down the attorney fees and costs in relation to the Bill for Fees and Costs. As Makaeff failed to include a more detailed breakdown, the breakdown in Makeaff's supplemental brief shall not include any time spent on the supplemental brief submitted pursuant to this order. Makaeff shall submit her supplemental brief by **December 12, 2014**, and Trump University may file a supplemental brief in opposition on or before **December 23, 2014**.

**IT IS SO ORDERED.**

DATED:  November 18, 2014

HON. GONZALO P. CURIEL
United States District Judge