UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>TRUMP UNIVERSITY, LLC, *et al.*,<br><br>　　　　　Defendants. | Civil No. 10-CV-0940-GPC (WVG)<br><br>ORDER FOLLOWING TELEPHONIC DISCOVERY CONFERENCE |

## I. BACKGROUND

On October 27, 2014, counsel for all parties notified the Court of several discovery disputes in this case. One of the discovery disputes was extremely time-sensitive, as it related to a deposition scheduled for October 30, 2014. On October 28, 2014, at 7:00 a.m., the Court held a telephonic Discovery Conference to discuss the deposition dispute. Ms. Rachel Jensen, Mr. Jason Forge, and Ms. Amber Eck participated on behalf of Plaintiffs, and Ms. Nancy Stagg and Mr. Benjamin Morris participated on behalf of Defendants. On October 30, 2014, this Court issued an Order Following Telephonic Discovery Conference. (Doc. No. 352.)

On November 10, 2014, at 7:00 a.m., this Court held a telephonic Discovery Conference with counsel for all parties to discuss two discovery disputes.

## II. DISCOVERY DISPUTES

### A. PARTIES MAY JOINTLY CONTACT THE TWO WITNESSES

#### 1. BACKGROUND

In its October 30, 2014, Discovery Order, the Court ordered Plaintiffs to disclose to Defendants the identity of the witnesses that Plaintiffs sought to depose, and the locations of the depositions. (Doc. No. 352 at 4.) Defendants were ordered not to contact the witnesses prior to the depositions. Id. However, the Court stated that, if Defendants believed that the identified witnesses may be employees or former employees of Defendants such that they merit legal representation, Defendants were to meet and confer first with Plaintiff, and if no resolution could be reached after good faith discussions, they were to contact the Court for resolution of the issue. Id.

In compliance with the Court's Order, Plaintiffs disclosed the identity of the witnesses to be deposed. Defendants now argue that two of the witnesses that Plaintiffs seek to depose are former independent contractors of Defendant Trump University, LLC ("Defendant Trump University"). Defendants seek an Order from the Court that Defendants may contact and communicate with these witnesses, and that Defense counsel may represent these witnesses if the witnesses so choose.

#### 2. RULING

Defendants' request to contact these witnesses is GRANTED IN PART and DENIED IN PART. Per the Court's ruling during the November 10, 2014, Discovery Conference, counsel for all parties may jointly contact these two witnesses to discuss logistics related to scheduling their depositions.

### B. DEFENDANTS MAY DEPOSE THREE ABSENT CLASS MEMBERS

#### 1. BACKGROUND

Defendants have attempted to schedule the depositions of three absent class members who provided Declarations that were used in this case and the related case of Cohen v. Trump, Case No. 13-CV-2519-GPC-WVG. Defendants filed the Declarations

1 | in support of their Oppositions to Plaintiffs' Motions for Class Certification in both
2 | cases. Plaintiffs now take the position that these individuals are absent class members,
3 | and Defendants are unable to contact them. Defendants seek a Court Order to allow
4 | them to depose these witnesses.

### 2. RULING

During the November 10, 2014, Discovery Conference, the Court noted that these individuals provided Declarations that were filed in support of Defendants' Oppositions to Plaintiffs' Motions for Class Certification, and therefore injected themselves into this litigation. The Court determined that there are valid and justifiable reasons for taking the depositions of these three absent class members, and the parties shall be given the opportunity to explore the information provided in their Declarations. The Court hereby GRANTS Defendants' request to depose these three absent class members.

IT IS SO ORDERED.

DATED: November 20, 2014

Hon. William V. Gallo
U.S. Magistrate Judge