UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, *et al.*, | Civil No. 10-CV-0940-GPC (WVG) |
| Plaintiffs, | ORDER DENYING PLAINTIFFS' OPENING MEMORANDUM REGARDING DISCOVERY DISPUTES |
| v. | |
| TRUMP UNIVERSITY, LLC, *et al.*, | |
| Defendants. | [DOC. NO. 355] |

# I. BACKGROUND

On November 7, 2014, Plaintiffs filed an Opening Memorandum Regarding Discovery Disputes. (Doc. No. 355.) On November 17, 2014, Defendants filed a Response. (Doc. No. 357.) On November 19, 2014, at 9:00 a.m., the Court held a telephonic Discovery Conference in this case, and a Case Management Conference ("CMC") in the related case of Cohen v. Trump, 13-CV-2519-GPC-WVG. Mr. Jason Forge, Ms. Rachel Jensen, and Ms. Amber Eck participated on behalf of Plaintiffs, and Ms. Nancy Stagg, Mr. Benjamin Morris, and Ms. Jill Martin participated on behalf of Defendants.

//

//

## II. PLAINTIFFS' REQUEST TO RE-DEPOSE DEFENDANT TRUMP AND MR. SEXTON

### A. PLAINTIFFS' ARGUMENT

In 2012, Plaintiffs deposed Defendant Donald Trump ("Defendant Trump") and Mr. Michael Sexton ("Mr. Sexton"), the former President of Trump University.[1] Plaintiffs now seek to re-depose Defendant Trump and Mr. Sexton. Plaintiffs argue that before they took these depositions, they requested relevant documents, but Defendants did not produce key documents until after the depositions. (Doc. No. 355 at 5.) Plaintiffs also claim that, to date, Defendants have failed to produce some of the most critical evidence. (Doc. No. 355 at 5.) Plaintiffs assert that they are entitled to question Defendant Trump and Mr. Sexton about the subject matter of these later-produced documents and other recent evidence. (Doc. No. 355 at 5.)

Plaintiffs also claim that Mr. Sexton previously testified in his capacity as a Federal Rule of Civil Procedure ("Rule") 30(b)(6) witness on behalf of Defendant Trump University, LLC, and they now seek to depose him in his Rule 30(b)(1) personal capacity, or alternatively, to continue his deposition for good cause. (Doc. No. 355 at 13-14.) They argue that good cause exists to re-open his deposition because of the key documents and other evidence requested prior to Mr. Sexton's deposition that were not produced until after his deposition. (Doc. No. 355 at 18.) They also claim that Mr. Sexton submitted a declaration after his deposition that contradicted his earlier deposition testimony, and that they are entitled to cross-examine him on his later-filed declaration. (Doc. No. 355 at 18.)

Plaintiffs argue that they only deposed Defendant Trump on the record for 3 hours and 19 minutes, and they now request to depose him for the balance of their 7 hour time limit. (Doc. No. 355 at 3.) Moreover, Plaintiffs seek 4 hours to examine Mr. Sexton in his personal capacity. (Doc. No. 355 at 15.) Plaintiffs state that they are

---

[1] Plaintiffs took Mr. Sexton and Defendant Trump's depositions in August and September of 2012, respectively. (Doc. No. 357 at 17.)

1  willing to conduct both depositions on dates and in locations convenient to the
2  deponents to minimize the burden. (Doc. No. 355 at 15-16.)

3  Plaintiffs argue that, considering the importance of the issues at stake in this
4  action, the amount in controversy, and the needs of the case, the burden on Defendant
5  Trump to sit for the balance of his 7 hours does not outweigh the benefit. (Doc. No.
6  355 at 16-17.) They also contend that, in light of Defendants' failure to timely produce
7  key documents, it would be manifestly unfair to deprive Plaintiffs of the opportunity
8  to examine Defendant Trump and Mr. Sexton as to the evidence that was not produced
9  until after their depositions. (Doc. No. 355 at 13; 15-16, 18.)

### B. DEFENDANTS' ARGUMENT

Defendants argue that more than two years after deposing Defendant Trump and Mr. Sexton, and just weeks before the extended discovery deadline, Plaintiffs for the first time seek an order allowing them to reopen these depositions. (Doc. No. 357 at 3.) Defendants also argue that Plaintiffs did not inform the Court or Defendants of their intention to re-depose Defendant Trump and Mr. Sexton when they requested an extension to the previously scheduled discovery deadline of November 7, 2014. (Doc. No. 357 at 14.) Instead, Defendants contend, Plaintiffs represented to the Court and Defendants that the purpose of the requested discovery extension was so that Plaintiffs could take 10 specifically identified depositions, not to reopen the depositions of Defendant Trump and Mr. Sexton. (Doc. No. 357 at 14.)

Defendants contend that it was Plaintiffs' decision to depose Defendant Trump and Mr. Sexton in August and September of 2012. (Doc. No. 357 at 9.) They assert that Plaintiffs were provided with the opportunity to conduct full and fair examinations. (Doc. No. 357 at 9.) Defendants also argue that Plaintiffs took Mr. Sexton's deposition in his personal capacity, and therefore they should not be permitted to re-open his deposition. (Doc. No. 357 at 14.)

//
//

## C. RULING

### 1. REQUEST IS NOT UNTIMELY

Defendants argue that Plaintiffs are making a last minute request to depose these individuals. However, the fact discovery deadline is December 19, 2014, and although the request was made in final innings, discovery has not yet concluded. Discovery may continue until the deadline, at the parties own peril.

### 2. PLAINTIFFS CHOSE TO CONDUCT THE DEPOSITIONS

In August of 2012, Mr. Sexton was deposed over two day period. In September of 2012, Plaintiffs deposed Defendant Trump for 3 hours and 19 minutes. Plaintiffs now request to re-depose Defendant Trump and Mr. Sexton because they received numerous documents after the depositions, and they want to be able to question Defendant Trump about his net worth and Mr. Sexton's role with Defendant Trump University, LLC. Further, they assert that they want to depose Mr. Sexton in his individual capacity and they want to obtain clarification regarding inconsistencies between his deposition and declaration.

While it appears to be true that Defendants produced numerous documents after Defendant Trump and Mr. Sexton were deposed, the timing of depositions is a matter of strategy. Plaintiffs chose to accelerate these depositions. Further, Defendant Trump's net worth could have been discussed during the first deposition as most, if not all, of Defendant Trump's financial information is publically available. Similarly, Mr. Sexton's role with Defendant Trump University, LLC was no secret by virtue of his title and public position. Mr. Sexton could have also been questioned about his role during his first deposition.

Plaintiffs contend they did not depose Mr. Sexton in his individual capacity and seek to do so now in light of new documents more recently produced. However, Plaintiff not only already deposed Mr. Sexton in his Rule 30(b)(6) capacity, but in his individual capacity as well. The correspondence between the attorneys regarding timing and scheduling of the deposition clearly establishes this. Plaintiffs argue that the

inconsistency between Mr. Sexton's Declaration and his deposition testimony provides good cause for re-deposing him in order to obtain clarification. The Court disagrees. Any inconsistency may be fertile ground for impeachment at trial, but does not establish good cause for a second deposition.

During the Discovery Conference, the Court explained that the timing of depositions is a matter of strategy and case law defaults towards only getting "one bite of the apple." See Couch v. Wan, 2012 WL 4433479, *3 (E.D. Cal. Sept. 24, 2012.) (The court ruled that despite alleged failures to produce documents, re-opening deposition "would be unreasonably cumulative or duplicative, and [plaintiffs] fail to demonstrate an absence of ample opportunity or likely benefit to warrant reopening [the witness'] deposition."); Dixon v. Certainteed Corp., 164 F.R.D. 685, 690 (D. Kan. 1996) ("without a showing of need or good reason, courts generally will not require a deponent's reopened deposition.")

The Court acknowledges that the late production of additional discovery documents may be grounds for re-depositions, but as discussed below, the Court does not find good cause to allow Plaintiffs to re-depose Defendant Trump and Mr. Sexton.

### 3. REQUEST TO EXTEND DISCOVERY DEADLINE WAS SILENT AS TO DE-DEPOSING DEFENDANT TRUMP AND MR. SEXTON

The Court finds that the parties' grounds for requesting an extension to the discovery deadline tips the balance in favor of denying Plaintiffs' request to re-depose Defendant Trump and Mr. Sexton. On September 24, 2014, the parties submitted a Joint Statement to the Court, seeking to extend the fact discovery deadline. Plaintiffs provided clear reasons for the extension request, explaining that they planned to depose several individuals, all of whom were named. At no time did Plaintiffs indicate or hint they wanted to extend discovery or re-depose Defendant Trump and Mr. Sexton. On October 1, 2014, the Court granted the parties' Joint Motion based on information provided in the Joint Statement. By September 24, 2014, when the Joint Statement was

1  submitted, Plaintiffs should have known then if they wanted to reopen Defendant
2  Trump and Mr. Sexton's depositions. This tactic certainly seems like a bait and switch.
3  Plaintiffs requested and obtained a discovery extension for one reason, and then
4  attempted to expand the discovery after the request was granted.

5  Therefore, Plaintiffs' request to re-depose Defendant Trump and Mr. Sexton
6  is DENIED.

### III. PLAINTIFFS' REQUEST TO DEPOSE TRIAL WITNESSES

#### A. PLAINTIFFS' ARGUMENT

Plaintiffs seek an order from this Court permitting each side to take additional depositions after the close of discovery of any individual appearing on the opposing party's trial witness list of the opposing party who has not previously been deposed. (Doc. No. 355 at 20.) Alternatively, Plaintiffs propose that, upon exchange of the trial witness lists prior to trial, each side would then have an opportunity to depose anyone on the opposing party's trial witness list who had not yet been deposed. (Doc. No. 355 at 15.)

Plaintiffs assert that Defendants will not agree to exchange their trial witness list before the December 19, 2014, fact discovery deadline, and thus, Plaintiffs will not have a chance to review Defendants' trial witnesses until May of 2015. (Doc. No. 355 at 16.) They argue that will be too late for Plaintiffs to take the depositions of trial witnesses if not already deposed, unless the Court provides an opportunity to conduct depositions after the trial witness lists are produced. (Doc. No. 355 at 16.)

Plaintiffs argue that Defendants' Supplemental Initial Disclosures identify 43 individuals, and more than 10 broad categories of persons who are not listed by name. (Doc. No. 355 at 17.) They state that they have prioritized their depositions through their investigation and the evidence in the case and attempted to target individuals most likely to play a significant role in their case in chief and Defendants' defenses at trial. (Doc. No. 355 at 17.) However, they state that Defendants' universe of potential trial witnesses is comprised of potentially thousands of individuals, and is vastly larger than

the permitted 20 party depositions and 10 non-party depositions allotted to Plaintiffs. (Doc. No. 355 at 17-18.); citing Doc. No. 92. Plaintiffs also request an order compelling Defendants to properly identify "the name . . . address and telephone number of each individual likely to have discoverable information" and to withdraw the broad categories of people that appear at §1.B.-F. of Defendants' Supplemental Initial Disclosures.

Plaintiffs argue that because this is a complex class action case and the individuals appearing on Defendants' initial disclosures far surpass the number of depositions allotted, they should not have to take a shotgun approach or risk getting ambushed at trial. (Doc. No. 355 at 5-6.) Plaintiffs agree that the same opportunity should be afforded to Defendants so they may take the deposition of any witness who has not yet been deposed in this case. (Doc. No. 355 at 17.)

### B. DEFENDANTS' ARGUMENT

Defendants refuse to exchange trial witness lists with Plaintiffs or otherwise agree that each side will have an opportunity before trial to depose anyone appearing on a trial witness list who has not yet been deposed. (Doc. No. 357 at 17.) They argue that with this request, Plaintiffs seek to safeguard any of their failures to complete depositions of potential trial witnesses by the discovery deadline. (Doc. No. 357 at 1.) Defendants also assert that Plaintiffs are seeking a Court Order to allow them to take an unspecified number of post-discovery deadline depositions without the required showing of good cause. (Doc. No. 357 at 1.) They argue that Plaintiffs' request is premature, as trial witness lists are not scheduled to be disclosed until May of 2015, and Plaintiffs have not provided any basis for an order allowing them to take depositions after the discovery deadline. (Doc. No. 357 at 5.)

### C. RULING

The Court denies Plaintiffs' request for an order permitting each side to take additional depositions after the close of discovery of any individual appearing on the

trial witness list of the opposing party who has not previously been deposed. Plaintiffs' request is premature, as designation of trial witnesses is not due until May of 2015. It is unreasonable for either party to reveal their trial witnesses at this time.

To the extent that Plaintiffs are requesting that once these individuals are named, they are then allowed to depose them, the request is still denied. Fact discovery ends on December 19, 2014. The Court will not reopen discovery after it closes, even for a limited purpose. To allow discovery to blossom again in May 2015 could potentially open a Pandora's Box of additional discovery disputes, causing further delay of the trial. That such a practice is codified in local rules in another jurisdiction, as Plaintiffs argue, does not satisfy the good cause requirement. While sound justification may exist for this unusual procedure elsewhere, it is not one which has been adopted in this jurisdiction. The Court is not inclined to blaze a new trail and set a procedural precedent that the considered judgement of the local bench has not vetted or approved.

Deadlines are set for a reason and this Court will follow them absent a showing of good cause. Therefore, Plaintiffs' request for a Court order permitting each side to take additional depositions after the close of discovery of any individual appearing on the opposing party's trial witness list of the opposing party who has not previously been deposed, is DENIED. Additionally, Plaintiffs' request for a Court order allowing each side an opportunity to depose anyone on the opposing party's trial witness list who had not yet been deposed, is DENIED.

IT IS SO ORDERED.

DATED: December 3, 2014

Hon. William V. Gallo
U.S. Magistrate Judge