1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  JASON A. FORGE (181542)
   jforge@rgrdlaw.com
3  RACHEL L. JENSEN (211456)
   rjensen@rgrdlaw.com
4  655 West Broadway, Suite 1900
   San Diego, CA  92101
5  Telephone:  619/231-1058
   619/231-7423 (fax)
6
   ZELDES HAEGGQUIST & ECK, LLP
7  AMBER L. ECK (177882)
   ambere@zhlaw.com
8  HELEN I. ZELDES (220051)
   helenz@zhlaw.com
9  ALREEN HAEGGQUIST (221858)
   alreenh@zhlaw.com
10 AARON M. OLSEN (259923)
   aarono@zhlaw.com
11 625 Broadway, Suite 1000
   San Diego, CA  92101
12 Telephone:  619/342-8000
   619/342-7878 (fax)
13
   Class Counsel
14
   [Additional counsel appear on signature page.]
15
                    UNITED STATES DISTRICT COURT
16
                  SOUTHERN DISTRICT OF CALIFORNIA
17

18 TARLA MAKAEFF, et al., on Behalf of ) No. 3:10-cv-0940-GPC(WVG)
   Themselves and All Others Similarly  )
19 Situated,                            ) CLASS ACTION
                                        )
20                        Plaintiffs,   ) SUPPLEMENTAL DECLARATION
                                        ) OF RACHEL L. JENSEN IN
21      vs.                             ) SUPPORT OF PLAINTIFF/COUNTER
                                        ) DEFENDANT TARLA MAKAEFF'S
22 TRUMP UNIVERSITY, LLC, et al.,       ) BILL OF FEES AND COSTS
                                        )
23                        Defendants.   )
   _____)
24
   [Caption continued on following page.]
25

26

27

28

991138_1

1  TRUMP UNIVERSITY, LLC,                         )
2                                Counterclaimant,  )
3           vs.                                     )
4  TARLA MAKAEFF, et al.,                          )
5                                Counter defendants. )

I, RACHEL L. JENSEN, declare as follows:

1.      I am an attorney duly licensed to practice before all of the courts of the State of California.  I am a member with the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), which serves as Court-appointed Class Counsel and Counsel for Plaintiff/Counter defendant Tarla Makaeff ("Makaeff") in the above-entitled action.  I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.      As indicated in my previous declaration dated July 3, 2014 (Dkt. No. 331-1), my firm requested reimbursement for 1,765.35 hours of attorney and paralegal time totaling $1,023,626.75 and $7,101.59 in connection with expenses reasonably incurred with the anti-SLAPP litigation.

3.      Pursuant to the Court's request for supplemental briefing, I submit this supplemental declaration to provide more details concerning the fees and costs incurred by my firm, including details of the hours and rates by task.  We have endeavored to provide the information that we understand the Court to be requesting.  However, my firm and I remain willing and able to provide any additional information to the Court to assist in adjudicating Ms. Makaeff's Bill of Fees and Costs, including the underlying time entries and records for the Court's review upon request.

**I.      DETAILED BREAKDOWN OF ROBBINS GELLER'S HOURS AND RATES BY TASK AND BILLING PROFESSIONAL**

4.      This supplemental declaration provides additional details about the anti-SLAPP litigation, but is not intended to supplant my original declaration.  *See* Dkt. No. 331-1.  In my original declaration, I endeavored to provide a detailed narrative of the various anti-SLAPP proceedings, setting forth many of the specific tasks along with the roles and responsibilities played by each of my firm's team members.  Below, I provide additional detail regarding the roles and responsibilities of various professionals in narrative form, then provide the total amount of time that each spent on each of the following chronologically-ordered litigation tasks.  Accordingly, this

1  supplemental declaration should be read in conjunction with original declaration

2  because I have tried not to repeat the details already set forth previously to this Court.

3       **A.     Initial Anti-SLAPP Motion before the District Court**

4       5.     Once Makaeff was served with the million-dollar counterclaim, we

5  sprang into action and researched possible avenue for relief.  I spent several hours on

6  the phone with other practitioners and my co-counsel to formulate our strategy.  I met

7  with our team and assigned staff attorney Lauren Lendzion to research the defamation

8  counterclaim and the anti-SLAPP statute, including possible motion to strike, and

9  various other issues including the applicable standards, public figure analysis,

10 damages, tendency to injure, the litigation privilege, statements in the public interest,

11 and other First Amendment issues.  I assigned Paula Roach the task of providing a

12 first draft of the opening motion and the declarations.  I reviewed the research

13 memoranda, read key cases, and then I made substantial revisions to the motion,

14 including drafting, and then I reviewed and revised the supporting draft declarations.

15 My paralegal Melissa Bacci, with the assistance of Christina Kopko, paralegaled,

16 checked, and finalized the brief and other documents, and then filed the anti-SLAPP

17 motion and supporting declarations.  For further details, *see* Declaration of Rachel L.

18 Jensen in Support of Plaintiff/Counter defendant Tarla Makaeff's Bill of Fees and

19 Costs ("Jensen Decl."), filed July 3, 2014 (Dkt. No. 331-1), ¶¶13-15.  Below is a chart

20 of the time spent on the initial anti-SLAPP motion by the various attorneys and

21 paralegals at my firm:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|------|----------|-------|-------------|----------------|--------|
| Rachel Jensen | Partner | 6/2/2010 – 6/30/2010 | $660 | 39.75 | $26,235.00 |
| Paula Roach | Associate | 5/27/2010 – 6/29/2010 | $360 | 43.75 | $15,750.00 |
| Lauren Lendzion | Staff Attorney | 6/3/2010 – 6/30/2010 | $350 | 84.25 | $29,487.50 |

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Melissa Bacci | Paralegal | 6/2/2010 – 7/1/2010 | $295 | 18.50 | $5,457.50 |
| Christina Kopko | Paralegal | 6/30/2010 | $295 | 3.00 | $885.00 |

**B.     District Court Reply Brief**

6.     Following the filing of the anti-SLAPP motion, Lauren Lendzion continued her research and analysis into key issues in preparation for responding to defendants' opposition brief.   After reviewing Trump University's ("Trump") opposition to our anti-SLAPP motion, Lauren Lendzion continued to research relevant issues of law and Paula Roach drafted the reply brief.   I reviewed and edited Makaeff's supplemental declaration drafted by co-counsel.   My paralegal Melissa Bacci, with the assistance of Christina Kopko, checked the brief and the submissions before finalizing and filing the reply brief and supplemental declarations.   For further details, *see* Jensen Decl., ¶17.   Below is a chart of the time spent on the anti-SLAPP district court reply by the various attorneys and paralegals at my firm:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Rachel Jensen | Partner | 7/15/2010 – 7/26/2010 | $660 | 6.00 | $3,960.00 |
| Paula Roach | Associate | 7/20/2010 – 7/26/2010 | $360 | 20.75 | $7,470.00 |
| Lauren Lendzion | Staff Attorney | 7/1/2010 – 7/26/2010 | $350 | 43.25 | $15,317.50 |
| Melissa Bacci | Paralegal | 7/13/2010 – 7/26/2010 | $295 | 9.00 | $2,655.00 |
| Christina Kopko | Paralegal | 7/26/2010 | $295 | 7.50 | $2,212.50 |

**C.     Opposition to Motion to Strike**

7.     After Trump filed a motion to strike, counsel at my firm took the lead in researching and drafting the opposition brief.   My paralegal Melissa Bacci, with the assistance of Christina Kopko, checked, finalized and filed the brief.   For further

details, *see* Jensen Decl., ¶18.  Below is a chart of time claimed for the opposition to Trump's motion to strike by the various attorneys and paralegals at my firm:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|------|----------|-------|-------------|----------------|--------|
| Rachel Jensen | Partner | 7/29/2010 | $660 | 1.50 | $990.00 |
| Paula Roach | Associate | 7/29/2010 | $360 | 2.75 | $990.00 |
| Melissa Bacci | Paralegal | 7/29/2010 | $295 | 4.25 | $1,253.75 |

### D.   District Court Hearing and Preparation

8.   My firm assisted co-counsel with preparation for the hearing and reviewed Trump's sur-reply.  Although Paula Roach attended the district court hearing to assist co-counsel who argued, we are not seeking reimbursement for time in attending the hearing.  For further details, *see* Jensen Decl., ¶19.  Below is a chart of the time spent on preparing for the hearing by the attorneys at my firm:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|------|----------|-------|-------------|----------------|--------|
| Rachel Jensen | Partner | 8/3/2010 | $660 | 1.25 | $825.00 |
| Paula Roach | Associate | 8/2/2010 | $360 | 1.00 | $360.00 |

### E.   Motion for Reconsideration

9.   My team researched and vetted filing a motion for reconsideration after denial of Makaeff's anti-SLAPP motion.  Lauren Lendzion researched issues of law and provided an initial draft of the motion for reconsideration.  Paula Roach helped to revise and Mr. Isaacson and I collaborated on revisions of the motion.  My paralegal Melissa Bacci, with the assistance of Christina Kopko, checked, finalized, and filed the motion.  For further details, *see* Jensen Decl., ¶20.  Below is a chart of the time spent on the motion for reconsideration by the attorneys and paralegals at my firm:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|------|----------|-------|-------------|----------------|--------|
| Eric Isaacson | Partner | 9/1/2010 | $825 | 1.50 | $1,237.50 |
| Rachel Jensen | Partner | 8/24/2010 – 9/20/2010 | $660 | 9.50 | $6,270.00 |

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|------|----------|-------|-------------|----------------|--------|
| Paula Roach | Associate | 9/17/2010 – 9/20/2010 | $360 | 4.50 | $1,620.00 |
| Lauren Lendzion | Staff Attorney | 9/16/2010 – 9/19/2010 | $350 | 22.00 | $7,700.00 |
| Melissa Bacci | Paralegal | 8/26/2010 – 9/21/2010 | $295 | 11.25 | $3,318.75 |
| Christina Kopko | Paralegal | 9/20/2010 | $295 | 6.25 | $1,843.75 |

F.   **Motion for Reconsideration Reply Brief**

10.   While my co-counsel Amber Eck drafted the reply brief, Lauren Lendzion reviewed Trump's motion for reconsideration opposition and all cases cited therein.  We also reviewed and revised the reply brief drafted by co-counsel.  My paralegal Melissa Bacci, with the assistance of Christina Kopko, checked, finalized and filed the reply brief.  For further details, *see* Jensen Decl., ¶21.  Below is a chart of the time spent on the reply in support of motion for reconsideration by the attorneys and paralegals at my firm:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|------|----------|-------|-------------|----------------|--------|
| Rachel Jensen | Partner | 10/17/2010 – 10/18/2010 | $660 | 3.00 | $1,980.00 |
| Lauren Lendzion | Staff Attorney | 10/18/2010 - 10/21/2010 | $350 | 24.00 | $8,400.00 |
| Melissa Bacci | Paralegal | 10/12/2010 – 10/19/2010 | $295 | 11.00 | $3,245.00 |
| Christina Kopko | Paralegal | 10/18/2010 | $295 | 5.50 | $1,622.50 |

G.   **Appeal Opening Brief**

11.   Counsel at my firm conducted due diligence on the viability of an appeal and researched anti-SLAPP litigation.  My firm, specifically Eric Isaacson, took the lead on researching and briefing the appeal.  I reviewed and revised the brief and request for judicial notice.  My paralegal Melissa Bacci, with the assistance of paralegal Michele Wallbrett, checked and finalized the brief, the request for judicial

notice and other submissions.  My firm filed the 75-page opening brief.  For further details, *see* Jensen Decl., ¶22 and the Declaration of Eric Alan Isaacson in Support of Plaintiff/Counter defendant Tarla Makaeff's Bill of Fees and Costs ("Isaacson Decl."), filed July 3, 2014 (Dkt. No. 331-3), ¶¶14-15, 19, 22, 24.  Below is a chart of the time spent on the opening Ninth Circuit appeal brief by the attorneys and paralegals at my firm:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|------|----------|-------|-------------|----------------|--------|
| Eric Isaacson | Partner | 12/13/2010 – 5/26/2011 | $825 | 221.75 | $182,943.75 |
| Rachel Jensen | Partner | 12/17/2010 – 5/26/2011 | $660 | 10.00 | $6,600.00 |
| Amanda Frame | Associate | 1/21/2011 – 4/11/2011 | $440 | 45.50 | $20,020.00 |
| Melissa Bacci | Paralegal | 12/20/2010 – 5/27/2011 | $295 | 60.25 | $17,773.75 |
| Michele Wallbrett | Paralegal | 5/25/2011 – 5/26/2011 | $295 | 17.25 | $5,088.75 |

**H.   Opposition to Motion to Stay**

12.   After Trump filed a motion to stay the entire action pending appeal, my co-counsel drafted an opposition brief.  I and Eric Isaacson reviewed and edited the opposition brief drafted by co-counsel and paralegal Melissa Bacci, with the assistance of paralegals Christina Kopko and Michele Wallbrett, checked, finalized and filed the brief with the Court.  For further details, *see* Jensen Decl., ¶23.  Below is a chart of the time spent on the opposition to Trump's motion to stay by the attorneys and paralegals at my firm:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|------|----------|-------|-------------|----------------|--------|
| Eric Isaacson | Partner | 1/18/2011 – 1/19/2011 | $825 | 4.75 | $3,918.75 |
| Rachel Jensen | Partner | 1/10/2011 – 1/27/2011 | $660 | 9.00 | $5,940.00 |

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|------|----------|-------|-------------|----------------|--------|
| Melissa Bacci | Paralegal | 1/19/2011 – 1/20/2011 | $295 | 7.50 | $2,212.50 |
| Christina Kopko | Paralegal | 1/19/2011 | $295 | 2.00 | $590.00 |
| Michele Wallbrett | Paralegal | 1/19/2011 | $295 | 4.25 | $1,253.75 |

## I.    Ninth Circuit Settlement Conference

13.    Eric Isaacson and myself prepared for and participated in the Ninth Circuit telephonic settlement conference with Ninth Circuit mediator Lou Rosen. Below is a chart of the time spent on Ninth Circuit Settlement Conference by the attorneys at my firm:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|------|----------|-------|-------------|----------------|--------|
| Eric Isaacson | Partner | 2/28/2011 – 3/1/2011 | $825 | 4.50 | $3,712.50 |
| Rachel Jensen | Partner | 2/28/2011 | $660 | 1.25 | $825.00 |

## J.    Work with Amicus on Appeal

14.    Mr. Isaacson, Mr. Green, and I consulted with lawyers for the American Civil Liberties Union ("ACLU") and Consumer Attorneys of California concerning issues relevant to the opening appeal brief and reply appeal brief as well as providing feedback on amicus briefs they submitted to the Ninth Circuit and keeping amici informed of developments.  For further details, *see* Jensen Decl., ¶25 and Isaacson Decl., ¶¶16-18.  Below is a chart of the time spent on soliciting public support and coordinating amici and amicus briefs by the attorneys at my firm:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|------|----------|-------|-------------|----------------|--------|
| Eric Isaacson | Partner | 3/2/2011 – 10/25/2011 | $825 | 12.75 | $10,518.75 |
| Kevin Green | Partner | 3/10/2011 – 8/5/2011 | $720 | 7.75 | $5,580.00 |
| Rachel Jensen | Partner | 3/2/2011 – 5/27/2011 | $660 | 3.50 | $2,310.00 |

## K.    Request for Judicial Notice Reply Brief

15.    Eric Isaacson took the lead on researching and drafting the request for judicial notice reply brief, which Mr. Merrick and I reviewed.  Paralegal Melissa Bacci handled the finalizing and filing of the brief.  For further details, *see* Jensen Decl., ¶26.  Below is a chart of the time spent on the reply in support of judicial notice by the attorneys and paralegals at my firm:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|------|----------|-------|-------------|----------------|--------|
| Eric Isaacson | Partner | 6/8/2011 – 6/15/2011 | $825 | 26.50 | $21,862.50 |
| Thomas Merrick | Partner | 6/8/2011 | $685 | 0.75 | $513.75 |
| Rachel Jensen | Partner | 6/8/2011 | $660 | 0.25 | $165.00 |
| Melissa Bacci | Paralegal | 6/15/2011 | $295 | 8.00 | $2,360.00 |

## L.    Appeal Reply Brief

16.    After reviewing Trump's opposition brief, Eric Isaacson at my firm took the lead in researching and preparing the reply brief, with research assistance from Ms. Frame.  Tom Merrick also assisted with reviewing and revising the brief and paralegals at my firm checked the pleadings before finalizing and filing the reply brief with the Ninth Circuit.  For further details, *see* Jensen Decl., ¶27.  Below is a chart of the time spent on the reply in support of Makaeff's Ninth Circuit appeal by the attorneys and paralegals at my firm:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|------|----------|-------|-------------|----------------|--------|
| Eric Isaacson | Partner | 8/15/2011 – 11/7/2011 | $825 | 88.00 | $72,600.00 |
| Thomas Merrick | Partner | 9/8/2011 – 9/27/2011 | $685 | 2.50 | $1,712.50 |
| Amanda Frame | Associate | 9/26/2011 – 9/27/2011 | $440 | 14.50 | $6,380.00 |
| Melissa Bacci | Paralegal | 9/26/2011 – 9/27/2011 | $295 | 17.00 | $5,015.00 |
| Christina Kopko | Paralegal | 9/26/2011 – 9/27/2011 | $295 | 16.00 | $4,720.00 |

## M.   Supplemental Request for Judicial Notice

17.    Eric Isaacson researched and prepared Makaeff's supplemental request for judicial notice and reply.  Paralegals at my firm checked the pleadings before finalizing and filing brief.  For further details, *see* Jensen Decl., ¶28.  Below is a chart of the time spent on Makaeff's supplemental request for judicial notice and reply by the attorneys and paralegals at my firm:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Eric Isaacson | Partner | 10/6/2011 – 10/12/2011 | $825 | 13.50 | $11,137.50 |
| Thomas Merrick | Partner | 10/12/2011 | $685 | 0.75 | $513.75 |
| Melissa Bacci | Paralegal | 10/12/2011 | $295 | 7.25 | $2,138.75 |

## N.   Ninth Circuit Appeal Strategy

18.    In the course of the anti-SLAPP appellate proceedings, my partner Eric Isaacson spent time on strategy matters, as did I including, among other things exploring potential avenues to bring to the Court's attention misrepresentations made by Trump's counsel.  This totals 2 hours of time strategizing and thinking about our approach to the anti-SLAPP litigation that does not easily fit into another category of tasks and, thus, I have broken this time out separately as reflected in the chart below:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Eric Isaacson | Partner | 6/6/2012 – 9/6/2012 | $825 | 1.75 | $1,443.75 |
| Rachel Jensen | Partner | 7/24/2012 | $660 | 0.25 | $165.00 |

## O.   Ninth Circuit Hearing

19.    An extremely accomplished and well-respected appellate attorney, Eric Isaacson spent a substantial amount of time over the course of weeks prepared for the oral argument, including holding a mock argument in which two attorneys from my firm participated.  While additional attorneys from my firm attended the argument, we only seek to recoup Mr. Isaacson's time and expenses for attending the hearing.

While the dates for the work below indicate time after the January 18, 2012 hearing, only 2.0 hours of work were performed after the date of the hearing which related to the ordering and review of audio and video recordings, obtaining transcriptions and communication with Ms. Makaeff.  For further details, *see* Jensen Decl., ¶¶29-30 and Isaacson Decl., ¶19.  Below is a chart of the time spent by the attorneys and paralegals at my firm in preparing for, attending, and arguing at the Ninth Circuit hearing:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|------|----------|-------|-------------|----------------|--------|
| Eric Isaacson | Partner | 12/7/2011 – 1/31/2013 | $825 | 69.50 | $57,337.50 |
| Thomas Merrick | Partner | 1/9/2012 – 1/13/2012 | $685 | 9.50 | $6,507.50 |
| Amanda Frame | Associate | 1/11/2012 – 1/13/2012 | $440 | 8.50 | $3,740.00 |
| Melissa Bacci | Paralegal | 12/9/2011 – 7/16/2012 | $295 | 3.50 | $1,032.50 |

**P.     Research Regarding Possible 28(j) Letter**

20.     My firm considered submitting a Rule 28(j) letter to the Ninth Circuit with supplemental authorities that had come to our attention.  We also considered sending a letter to the Ninth Circuit correcting misrepresentations made to the Court.  However, we ultimately decided against submitting such a letter.  Below is a chart of the time Mr. Isaacson spent reviewing the record and researching a possible Rule 28(j) letter to submit to the Ninth Circuit:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|------|----------|-------|-------------|----------------|--------|
| Eric Isaacson | Partner | 12/12/2011 – 12/15/2011 | $825 | 7.50 | $6,187.50 |

**Q.     Opposition to Trump's Petition for Hearing *En Banc***

21.     Upon receipt of the Ninth Circuit's order, my firm immediately began researching issues related to opposing an *en banc* petition as the order suggested that *en banc* review may produce a different result.  After Trump filed their petition for

rehearing *en banc*, attorneys at my firm continued researching the collateral-order doctrine, law of federal courts and federal jurisdiction and additional issues involved in opposing Trump's petition. Eric Isaacson, with assistance of Ms. Frame and Ms. Stickney, drafted an opposition that was reviewed and revised by additional attorneys at my firm, including myself. Paralegal Melissa Bacci reviewed and finalized the brief before filing. For further details, *see* Jensen Decl., ¶32 and Isaacson Decl., ¶21. Below is a chart of the time spent by the attorneys and paralegals at my firm in connection with Makaeff's opposition to Trump's petition for hearing *en banc*:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|------|----------|-------|-------------|----------------|--------|
| Eric Isaacson | Partner | 4/17/2013 – 11/7/2013 | $825 | 183.75 | $151,593.75 |
| Kevin Green | Partner | 4/18/2013 | $720 | 0.50 | $360.00 |
| Thomas Merrick | Partner | 4/17/2013 – 6/13/2013 | $685 | 9.25 | $6,336.25 |
| Rachel Jensen | Partner | 4/18/2013 – 7/1/2013 | $660 | 10.50 | $6,930.00 |
| Amanda Frame | Associate | 5/3/2013 – 6/13/2013 | $440 | 8.20 | $3,608.00 |
| Lauren Lendzion | Staff Attorney | 4/17/2013 – 5/10/2013 | $350 | 38.50 | $13,475.00 |
| Alexis Stickney | Staff Attorney | 5/3/2013 – 7/26/2013 | $350 | 46.05 | $16,117.50 |
| Melissa Bacci | Paralegal | 4/30/2013 – 6/13/2013 | $295 | 11.00 | $3,245.00 |

**R.    Work with Amicus on *En Banc* Opposition**

22.    My partners also met with lawyers from the ACLU and Consumer Attorneys of California and with a number of anti-SLAPP practitioners concerning strategy, soliciting public support, and considering the submission of additional amicus briefs in support of our opposition to the *en banc* petition. For further details, *see* Jensen Decl., ¶32 and Isaacson Decl., ¶¶22-23. Below is a chart of the time spent by my partners in connection with possible amici and the *en banc* opposition:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|------|----------|-------|-------------|----------------|--------|
| Eric Isaacson | Partner | 4/23/2013 – 9/17/2013 | $825 | 12.25 | $10,106.25 |
| Kevin Green | Partner | 5/3/2013 – 5/6/2013 | $720 | 2.25 | $1,620.00 |
| Thomas Merrick | Partner | 4/19/2013 – 6/24/2013 | $685 | 2.50 | $1,712.50 |

**S.     Strategy Regarding the Remand and the Motion to Transfer Fee Motion to District Court**

23.     After the Ninth Circuit denied Trump's petition for rehearing *en banc*, my firm strategized about the remand and researched the best vehicle for addressing the issue of attorneys' fees with respect to the anti-SLAPP appeal. My law partner Eric Isaacson assigned research to Alexis Stickney for consideration. Accordingly, my partner Eric Isaacson presented a number of strategies and ultimately decided on a motion to transfer fees and costs to this Court. Mr. Isaacson drafted the motion, which my partner Kevin Green reviewed after reading some relevant opinions. I spoke to Mr. Isaacson and reviewed the applicable rules and commented on the strategy and draft as well. My paralegal Melissa Bacci reviewed, finalized, and filed the motion. For further details, *see* Jensen Decl., ¶35 and Isaacson Decl., ¶25. Below is a chart of the time spent by attorneys and paralegals at my firm in connection with the strategy following *en banc* denial and motion to transfer the fees to this Court:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|------|----------|-------|-------------|----------------|--------|
| Eric Isaacson | Partner | 11/27/2013 – 1/14/2014 | $825 | 18.30 | $15,097.50 |
| Kevin Green | Partner | 11/27/2013 – 12/3/2013 | $720 | 1.00 | $720.00 |
| Rachel Jensen | Partner | 11/27/2013 – 12/12/2013 | $660 | 2.75 | $1,815.00 |
| Lauren Lendzion | Staff Attorney | 11/27/2013 | $350 | 0.50 | $175.00 |
| Alexis Stickney | Staff Attorney | 12/3/2013 – 12/10/2013 | $350 | 30.30 | $10,605.00 |

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|------|----------|-------|-------------|----------------|--------|
| Melissa Bacci | Paralegal | 12/9/2013 – 12/20/2013 | $295 | 3.75 | $1,106.25 |

### T.    Makaeff Deposition Preparation and Document Production

24.    As described in my original deposition, Ms. Makaeff resisted sitting for an additional deposition session.  My colleague Jason Forge and I had calls with Ms. Makaeff to discuss sitting for deposition again, had calls with our co-counsel Ms. Eck about the same, calls and emails with Trump's counsel at first objecting to Ms. Makaeff sitting for another deposition session, calling Judge Gallo's chambers, and then spending hours negotiating the terms and conditions of the deposition. Thereafter, I spent time strategizing about the deposition and helping Ms. Makaeff draft a supplemental declaration.  After we finished a draft, Mr. Forge reviewed the draft declaration and provided comments.  Then, my partner Jason Forge and I both spent separate days traveling to Los Angeles and meeting with Ms. Makaeff to prepare and defend her for the deposition.  In the course of those meetings, Ms. Makaeff provided documents that were relevant to the SLAPP proceedings (which were previously stayed before the matter was remanded to this Court).  I spent a day reviewing all the potentially responsive documents before they were produced, and finalized Makaeff's supplemental declaration.  Lauren Lendzion researched privilege issues and other potential issues that we anticipated may have come up at the deposition.  Ms. Lendzion also prepared a privilege log.  Paralegal Melissa Bacci assisted me in preparing the documents for service, Bates stamping them, coordinating with our IT support staff, producing the documents, and assisting with a privilege log. For further information, *see* Jensen Decl., ¶37.  Below is a chart of the time spent by attorneys and paralegals at my firm in connection with the negotiation of the Makaeff deposition terms and conditions, strategizing, traveling back and forth to Los Angeles,

preparing Ms. Makaeff for her deposition, reviewing her anti-SLAPP documents and producing them to Trump's counsel:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Jason Forge | Partner | 1/14/2014 – 2/7/2014 | $740 | 22.00 | $16,280.00 |
| Rachel Jensen | Partner | 1/15/2014 – 3/18/2014 | $660 | 43.50 | $28,710.00 |
| Lauren Lendzion | Staff Attorney | 1/31/2014 – 2/20/2014 | $350 | 27.25 | $9,537.50 |
| Melissa Bacci | Paralegal | 1/21/2014 – 3/19/2014 | $295 | 24.50 | $7,227.50 |

**U.    Supplemental Brief Regarding Actual Malice**

25.    Following this Court's request for supplemental briefing from the parties on the issue of actual malice (Dkt. No. 283), we knew we had to put in our maximum effort to persuade this Court to strike the SLAPP suit once and for all.  I personally drafted the supplemental brief to ensure that the brief would be as effective as possible.  I assigned research projects to staff attorney Lauren Lendzion.  My law partners Jason Forge and Eric Isaacson reviewed the draft supplemental brief.  Paralegal Melissa Bacci, with the assistance of Michele Wallbrett, paralegaled, finalized and filed the supplemental brief.  For further details, *see* Jensen Decl., ¶38 and Isaacson Decl., ¶27.  Below is a chart of the time spent by the attorneys and paralegals at my firm on the supplemental brief regarding actual malice:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Eric Isaacson | Partner | 1/28/2014 – 2/13/2014 | $825 | 4.00 | $3,300.00 |
| Jason Forge | Partner | 1/17/2014 – 2/13/2014 | $740 | 7.00 | $5,180.00 |
| Rachel Jensen | Partner | 12/20/2013 – 2/14/2014 | $660 | 39.75 | $26,235.00 |
| Lauren Lendzion | Staff Attorney | 2/11/2014 – 2/14/2014 | $350 | 29.75 | $10,412.50 |

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|------|----------|-------|-------------|----------------|--------|
| Melissa Bacci | Paralegal | 2/12/2014 – 2/18/2014 | $295 | 16.25 | $4,793.75 |
| Michele Wallbrett | Paralegal | 2/14/2014 | $295 | 7.50 | $2,212.50 |

### V.    Supplemental Reply Brief Regarding Actual Malice

26.    After reviewing and analyzing Trump's opposition to Makaeff's supplemental motion, my firm researched, drafted, reviewed and revised the supplemental reply brief.  Again, firmly believing that we had to give the task our all, I took the laboring oar at researching and drafting the reply brief with assistance from Lauren Lendzion (whose time on the task is not claimed here).  Eric Isaacson reviewed the draft brief and commented on it.  Paralegal Melisa Bacci paralegaled, finalized, and filed the reply brief.  For further details, *see* Jensen Decl., ¶39 and Isaacson Decl., ¶27.  Below is a chart of the time spent by the attorneys and paralegals at my firm on the supplemental reply brief regarding actual malice:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|------|----------|-------|-------------|----------------|--------|
| Eric Isaacson | Partner | 3/12/2014 – 3/13/2014 | $825 | 3.25 | $2,681.25 |
| Rachel Jensen | Partner | 2/27/2014 – 3/14/2014 | $660 | 25.75 | $16,995.00 |
| Melissa Bacci | Paralegal | 3/3/2014 – 3/17/2014 | $295 | 11.75 | $3,466.25 |

### W.    Hearing on Actual Malice

27.    I spent time preparing for oral argument, which was originally scheduled for March 28, 2014.  When the date was rescheduled, my co-counsel Amber Eck prepared and gave argument at the June 13, 2014 hearing (as I was then out on maternity leave).  I understand that Mssrs. Isaacson and Forge, along with paralegal Melissa Bacci, assisted Ms. Eck with her preparation for the hearing.  Additionally, one attorney from my firm attended the June 13, 2014 hearing, but we do not seek

reimbursement for that time.  For further details, *see* Jensen Decl., ¶¶40-41 and Isaacson Decl., ¶27.  Below is a chart of the time spent by attorneys and paralegals at my firm in connection with the hearing on actual malice:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|------|----------|-------|-------------|----------------|--------|
| Eric Isaacson | Partner | 4/24/2014 | $825 | 0.25 | $206.50 |
| Jason Forge | Partner | 3/19/2014 | $740 | 0.75 | $555.00 |
| Rachel Jensen | Partner | 3/18/2014 – 3/25/2014 | $660 | 1.50 | $990.00 |
| Melissa Bacci | Paralegal | 3/20/2014 | $295 | 2.50 | $737.50 |

## X.   Time Spent on Multiple Tasks

28.   A total of four attorney time entries, comprising 14.25 hours of work, describe two or more tasks related to work on the anti-SLAPP proceedings.  For example, Eric Isaacson spent time researching the potential for a Rule 28(j) letter and also preparing for 9th Circuit oral argument (which were occurring contemporaneously).  None of these billing entries pertains to any work in the underlying class action.  Each of the entries describes necessary and reasonable work, however the entries do not provide a breakdown of the time spent on each task and therefore cannot be definitely assigned to one of the above tasks.  Below is a chart of the time spent by attorneys on multiple tasks related to work on the anti-SLAPP proceedings:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|------|----------|-------|-------------|----------------|--------|
| Eric Isaacson | Partner | 4/18/2011 – 12/30/2011 | $825 | 8.50 | $7,012.50 |
| Rachel Jensen | Partner | 1/8/2014 – 2/6/2014 | $660 | 5.75 | $3,795.00 |

## Y.   Paralegal Support

29.   As set forth above, and in my original declaration, paralegals at my firm reviewed, finalized and filed the following 13 briefs: with all the accompanying papers: district court opening anti-SLAPP motion to strike; district court reply brief;

opposition to Trump's motion to strike; motion for reconsideration; reply motion for reconsideration; opening appeal brief; opposition to motion to stay; request for judicial notice reply brief; supplemental request for judicial notice reply brief; opposition petition for hearing *en banc*; motion to transfer to district court; supplemental brief on actual malice; and the supplemental reply brief on actual malice.   As part of their review, paralegals would, among other things, verify quotations and citations, implement consistent naming conventions, apply standardized formatting, cross reference citations and review documents for clarity. For further details, *see* Jensen Decl., ¶¶15, 17-18, 20-24, 26-28, 32, 35, 38-39, 43.  In addition to these filings, paralegal Melissa Bacci spent time filing notices of appearance, filing and circulating various documents from the courts, pulling various judicial documents in connection with various projects, assisting with processing other documents for production and service to defendants, and miscellaneous other tasks. Below is a chart of time spent by Melissa Bacci as paralegal support:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|------|----------|-------|-------------|----------------|--------|
| Melissa Bacci | Paralegal | 10/19/2011 – 2/20/2014 | $295 | 10.00 | $2,950.00 |

## Z.   Bill of Fees and Costs

30.   In regard to our Bill of Fees and Costs, my firm spent a substantial amount of time reviewing our firm's records of time and expenses related to the anti-SLAPP proceedings.  In addition, we researched and drafted the Bill of Fees and Costs and the supporting declarations and related documents.  We consulted with anti-SLAPP practitioners and coordinated their declarations in support of the Bill of Fees and Costs.  Paralegals at my firm reviewed, finalized and filed the Bill of Fees and Costs and supporting declarations.   For further details, *see* Jensen Decl., ¶43. However, to further demonstrate the reasonableness of the requested fees, my firm

does not claim any of the time and expenses in connection with the Bill of Fees and Costs, or any of our work performed since that date.

## II.     DETAIL OF ROBBINS GELLER'S COSTS INCURRED BY TASK

31.     Pursuant to the Court's request for supplemental information regarding our costs and expenses, the following is a more detailed breakdown of our firm's expenses per task.  We are not asking for costs for a number of tasks, including any costs associated with our opening and reply anti-SLAPP motion, opposing Trump's motion to strike, and the motion for reconsideration reply brief.  The expenses listed below were necessary and reasonably incurred.[1]

32.     My firm has reviewed all the underlying expense detail and confirmed that each of these costs were incurred in connection with the counterclaim and anti-SLAPP litigation.  With respect to Lexis, Westlaw, Online Library Research costs, the only costs that Makaeff claims here were incurred by Mr. Isaacson and Ms. Frame whose roles during the relevant time frames were limited to the anti-SLAPP litigation.

### A.     Motion for Reconsideration

| Expense Category | Amount |
|---|---|
| Legal Research (Isaacson) | $12.02 |

### B.     Appeal Opening Brief

| Expense Category | Amount |
|---|---|
| Legal Research (Isaacson) | $1,568.52 |
| Legal Research (Frame) | $58.81 |
| Publications for Research and Preparation of Appeal | $156.52 |
| Fax | $11.00 |
| Messenger to Ninth Circuit | $32.43 |

---

[1]     In light of Trump's observation that the California Code of Civil Procedure does not provide for photocopies, Makaeff will no longer pursue those costs.

## C.     Opposition to Motion to Stay

| Expense Category | Amount |
|---|---|
| Legal Research (Isaacson) | $69.83 |

## D.     Settlement Conference

| Expense Category | Amount |
|---|---|
| Legal Research (Isaacson) | $56.16 |

## E.     Miscellaneous Appeal

| Expense Category | Amount |
|---|---|
| Legal Research (Isaacson) | $104.65 |

## F.     Request for Judicial Notice Reply Brief

| Expense Category | Amount |
|---|---|
| Legal Research (Isaacson) | $185.37 |

## G.     Appeal Reply Brief

| Expense Category | Amount |
|---|---|
| Legal Research (Isaacson) | $998.09 |
| Publications Research and Preparation of Reply | $143.27 |
| Messenger to Ninth Circuit | $25.42 |

## H.     Supplemental Request for Judicial Notice and Reply

| Expense Category | Amount |
|---|---|
| Legal Research (Isaacson) | $9.12 |

## I.     Ninth Circuit Hearing

| Expense Category | Amount |
|---|---|
| Legal Research (Isaacson) | $239.80 |
| Lunch after Hearing with Team (attendees Isaacson, Frame, Makaeff, Eck, Merrick, Lendzion, Olsen) | $225.05 |
| Out of Town Transportation/Parking for Hearing (Isaacson) | 37.58 |

### J.     Research Regarding Possible Rule 28(j) Letter

| Expense Category | Amount |
|---|---|
| Legal Research (Isaacson) | $106.47 |

### K.     Opposition Petition for Hearing *En Banc*

| Expense Category | Amount |
|---|---|
| Legal Research (Isaacson) | $1,360.31 |

### L.     Motion to Transfer Fee Motion to District Court

| Expense Category | Amount |
|---|---|
| Legal Research (Isaacson) | $122.58 |

### M.     Makaeff Deposition

| Expense Category | Amount |
|---|---|
| Jensen Meals (dinner with Eck night before deposition, lunches for prep and during Makaeff deposition with Makaeff and Eck) | $147.95 |
| Forge Meals (food during Makaeff depo prep) | $51.89 |
| Hotel Accommodations – night before deposition (Jensen) | $137.50 |
| Hotel Accommodations – deposition prep (Forge) | 236.52 |
| Miscellaneous Costs (Conference Room for 2 days of prep) (Jensen) | $455.25 |
| Videography for deposition (Bacci) | $290 |

### N.     Supplemental Brief Regarding Actual Malice

| Expense Category | Amount |
|---|---|
| Legal Research (Isaacson) | $13.24 |

## O.    Miscellaneous

| Expense Category | Amount |
|---|---|
| Legal Research (Isaacson) | $26.24 |

# III.    OTHER MATTERS

33.    As set forth in my opening declaration, because Ms. Makaeff strenuously objected to sitting for a fourth deposition based in large part on the conduct of former Trump outside counsel David Schneider, my colleagues and I negotiated with Jill Martin concerning the over whether the deposition would take place, where it would take place, and on what terms. *See* Dkt. No. 331-1 at 10.  My law partner Jason Forge specifically advised in an email sent to defense counsel on January 16, 2014:  "We were disappointed with the lack of respect accorded Ms. Makaeff at various points of her prior sessions (if necessary, we can request the audio/video of those portions so we can present them to Judge Gallo).  If this recurs, we will break the deposition to contact Judge Gallo and seek to terminate your examination."  These negotiations, which necessitated a telephone conference with Judge Gallo, resulted in a specific stipulation regarding the duration, location and manner of the deposition.   The negotiations, strategizing and drafting of correspondence took more than four hours of attorney time.  The resulting agreement between the parties setting the ground rules for the deposition of Ms. Makaeff was set forth in an email sent by my law partner Jason Forge to counsel for the parties on January 16, 2014:

Okay all, Jill and I ironed out the details and agreed to proceed according to the following terms:

1. Scope of the deposition will be limited to the counterclaim and more specifically "the question of 'whether Trump University has a reasonable probability of proving, by clear and convincing evidence, that Makaeff made her critical statements with actual malice.'"

2.   Two-hour time limit for on-the-record cross-examination (any questions on direct/re-direct do not count against TU's clock).

3/4.   Depo will be taken at Robbins Geller offices, with everyone agreeing to play nice.

34. Ultimately, due to the deteriorating health of Ms. Makaeff's mother, the deposition took place in Los Angeles so that Ms. Makaeff did not have to travel.

35. As set forth in my opening declaration, as a condition of sitting for a fourth deposition, Ms. Makaeff requested that counsel spend several days with her preparing for the deposition. *See* Dkt. No. 331-1, ¶37. My firm rented office space in Los Angeles for two consecutive days for these meetings at a cost of $456.

36. To further demonstrate the reasonableness of the fees and costs, my firm, Robbins Geller, is not requesting attorneys' fees or costs in connection with the filing of the Bill for Fees and Costs, analyzing Trump's opposition papers and meritless motions to strike, or filing the Notice of Deficiency and Intended Non Response.

37. On November 19, 2014, Trump served subpoenas *duces tecum* on my firm, as well as on Zeldes Haeggquist & Eck, LLP. Trump also served document requests on Makaeff. These subpoenas and document requests sought my firm's billing records, expense records and all supporting documentation, including vouchers and receipts for all work done on the anti-SLAPP proceeding as detailed in Makaeff's Bill of Fees and Costs.

38. My associate Dan Pfefferbaum researched whether the discovery into Makaeff's counsel's billing records was permissible under the Federal Rules of Civil Procedure and we strategized regarding potential ways to efficiently respond. Mr. Pfefferbaum drafted comprehensive objections and responses to these requests asserting the discovery to be unauthorized, not relevant to any pending claim or defense and seeking privileged information. I reviewed and revised the objections and responses, and my paralegal Melissa Bacci reviewed the objections and responses and finalized them for service on December 2, 2014.

39. At defense counsel's request, on December 9, 2014, I and Ms. Eck engaged in a telephonic meet and confer during which we requested that Trump withdraw the subpoenas and document requests. Defense counsel refused and requested that Makaeff's counsel engage in a telephone call with Magistrate Judge

1    Gallo's Chambers.  I participated in a call with Judge Gallo's clerk on December 9,

2    2014.  As a result of that call, this Court scheduled a conference call and requested a

3    three-page letter brief detailing the parties' dispute, which Mr. Pfefferbaum prepared

4    for my review and signature.  On December 11, 2014, I broke from deposition to

5    participate on a conference call with this Court regarding the parties' dispute about the

6    discovery into fees and costs propounded by Trump.

7    **IV.    EXHIBITS**

8             40.    Attached hereto are true and correct copies of the following Exhibits:

9    Exhibit 1:    LexisNexis Shepard's Report for *Makaeff v. Trump Univ., LLC*,
              715 F.3d 254 (9th Cir. 2013); and

10

11   Exhibit 2:     LexisNexis Shepard's Report for *Makaeff v. Trump Univ., LLC*,
              736 F.3d 1180 (9th Cir. 2013).

12            I declare under penalty of perjury under the laws of the United States of

13   America that the foregoing is true and correct.  Executed this 12th day of December,

14   2014, at San Diego, California.

15

16                                                    s/ Rachel L. Jensen
                                             _____
17                                                    RACHEL L. JENSEN

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 12, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 12, 2014.

    s/ Rachel L. Jensen
RACHEL L. JENSEN

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:       rachelj@rgrdlaw.com

# Mailing Information for a Case 3:10-cv-00940-GPC-WVG Makaeff v. Trump University, LLC et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com,robyns@zhlaw.com

- **Jason A Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jeffrey L. Goldman**
  jgoldman@bbwg.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,llendzion@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jill Ann Martin**
  jmartin@trumpnational.com,lvincent@trumpnational.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Benjamin James Morris**
  bmorris@foley.com,vgoldsmith@foley.com

- **Maureen E. Mueller**
  mmueller@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Aaron M. Olsen**
  aarono@zhlaw.com,winkyc@zhlaw.com

- **Daniel Jacob Pfefferbaum**
  dpfefferbaum@rgrdlaw.com

- **Nancy L. Stagg**
  nstagg@foley.com,smoreno@foley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

EXHIBIT 1



*Shepard's*®: Report Content

 **Appellate History:**Not Requested

🔺 **Citing Decisions:**None Applied

**Other Citing Sources:**Not Requested
**Table Of Authorities:**Not Requested

*Shepard's*®:   🔺   **Makaeff v. Trump Univ., LLC** 715 F.3d 254,2013 U.S. App. LEXIS 7719,41 Media L. Rep. (BNA) 1637,2013 WL 1633097: (9th Cir. Cal. 2013)

| |
|---|
| Subsequent appellate history **contains possible negative analysis** |

## Citing Decisions(31)

**Narrow by:** None Applied

**Analysis:**Distinguished by (2), Followed by (3), "Cited by" (26)

**Court:**9th Circuit (28), 2nd Circuit (1), California (1), Washington (1)

**Headnotes:**HN1 (19), HN2 (16), HN3 (6), HN4 (4), HN10 (3), HN16 (3), HN18 (2), HN9 (2), HN12 (1), HN14 (1), HN17 (1), HN5 (1), HN7 (1)

| |
|---|
| **2nd Circuit - U.S. District Courts** |

1.   **Adelson v. Harris** ✦

973 F. Supp. 2d 467, 2013 U.S. Dist. LEXIS 141053, 41 Media L. Rep. (BNA) 2713

🟨 **Distinguished by:** 973 F. Supp. 2d 467 p.494

... Cir. 2010) ; Henry v. Lake Charles Am. Press, LLC , 566 F.3d 164 (5th Cir. 2009) ; Sherrod v. Breitbart , 843 F. Supp. 2d 83 , 85 (D.D.C. 2012) . Plaintiff relies upon a concurring opinion by Chief Judge Kozinski of the Ninth Circuit in **Makaeff v. Trump Univ., LLC , 715 F.3d 254 (9th Cir. 2013)** ( Kozinski , C.J., concurring), in which the Chief Judge and Judge Paez urged the court to reconsider its decision in Newsham. Makaeff is distinguishable from this case because it ...

**Discussion**
▮▮▮▮▯

**Headnotes:**
HN1, HN2

**Court**
S.D.N.Y.

**Date:**
2013

| |
|---|
| **9th Circuit - Court of Appeals** |

Shepard's®:  Makaeff v. Trump Univ., LLC,

---

2. **Medifast, Inc. v. Minkow** Ⓐ

2014 U.S. App. LEXIS 13336

Ⓖ **Followed by:**

Makaeff. See id. , **715 F.3d 254 (9th Cir. 2013)** . We therefore remand this issue to the district court for further consideration in light of our opinion in Makaeff .

**Discussion**

**Headnotes:**
HN1, HN2, HN3, HN10
**Court**
9th Cir. Cal.
**Date:**
July 14, 2014

---

3. **Medifast, Inc. v. Minkow** ⚠

577 Fed. Appx. 706, 2014 U.S. App. LEXIS 10412

LB **Cited by:** 577 Fed. Appx. 706 p.707

... the district court relied heavily on the district court's opinion in Makaeff v. Trump Univ., LLC , 10-CV-940-IEG(WVG), 2010 U.S. Dist. LEXIS 87112 , 2010 WL 3341638 (S.D. Cal. Aug. 23, 2010) . We subsequently reversed Makaeff. See id. , **715 F.3d 254 (9th Cir. 2013)** . We therefore remand this issue to the district court for further consideration in light of our opinion in Makaeff.

**Discussion**

**Headnotes:**
HN1, HN2, HN10
**Court**
9th Cir. Cal.
**Date:**
2014

---

4. **Makaeff v. Trump Univ., LLC** ⚠

736 F.3d 1180, 2013 U.S. App. LEXIS 23900, 41 Media L. Rep. (BNA) 2801

LB **Cited by:**

**Makaeff v. Trump Univ., LLC, 715 F.3d 254 , 2013 U.S. App. LEXIS 7719 (9th Cir. Cal., 2013)**

**Headnotes:**
HN1, HN2, HN16
**Court**
9th Cir. Cal.
**Date:**
2013

---

5. **Makaeff v. Trump Univ., LLC** Ⓐ

2014 U.S. Dist. LEXIS 161559

LB **Cited by:**

On January 3, 2011, Makaeff appealed Judge Gonzalez 's August 23, 2010 order to the Ninth Circuit, (Dkt. No. 43), which reversed and remanded the order on April 17, 2013. **Makaeff v. Trump Univ., LLC ,**

**Discussion**

**Court**
S.D. Cal.
**Date:**
Nov. 18, 2014

Shepard's®:  Makaeff v. Trump Univ., LLC,

**715 F.3d 254 , 271 (9th Cir. 2013)** . In addition, the court of appeals granted Makaeff's unopposed request that the issue of appellate attorney's fees be transferred to the district court . (Dkt. No. 284.) In the interim, the case was transferred to the undersigned judge. (Dkt. No. 190.) On ...

---

6. ## Hanover Ins. Co v. Fremont Bank

2014 U.S. Dist. LEXIS 133959

**LB**  **Cited by:**

... by Judges Kozinski and Paez in a recent Ninth Circuit case calls for the reconsideration of the availability of the anti-SLAPP procedures in federal courts sitting in diversity jurisdiction and applying California substantive law, see **Makaeff v. Trump University, LLC , 715 F.3d. 254 , 272-76 (9th Cir. 2013)** ( Kozinski , C.J. and Paez, J., concurring), it acknowledges that the current law in the Ninth Circuit is that the anti-SLAPP statute may be applied in federal diversity ...

**Discussion**

**Court**
N.D. Cal.

**Date:**
Sept. 22, 2014

---

7. ## San Diego Puppy, Inc. v. City of San Diego

2014 U.S. Dist. LEXIS 128237

**LB**  **Cited by:**

APRL has met its burden of providing a prima facie showing that the allegations against APRL concern protected speech. The burden thus shifts to Plaintiffs to establish a reasonable probability that they will prevail on each claim. **Makaeff v. Trump Univ., LLC , 715 F.3d 254 , 261 (9th Cir. 2013)** . "In opposing an anti-SLAPP motion, the plaintiff cannot rely on the allegations of the complaint, but must produce evidence that would be admissible at trial." HMS Capital, Inc. v. Lawyers Title ...

**Discussion**

**Headnotes:**
HN2

**Court**
S.D. Cal.

**Date:**
Sept. 11, 2014

---

8. ## Cuviello v. Feld Entm't, Inc.

2014 U.S. Dist. LEXIS 124582

**G**  **Followed by:**

... certain actions, known as Strategic Lawsuits Against Public Participa- tion, or SLAPPs, that masquerade as ordinary lawsuits but are intended to deter ordinary people from exercising their political or legal rights or to punish them for doing so." **Makaeff v. Trump University, LLC , 715 F.3d**

**Discussion**

**Headnotes:**
HN1, HN2, HN3

**Court**
N.D. Cal.

Shepard's®:  Makaeff v. Trump Univ., LLC,

**254 , 261 (9th Cir. 2013)** (internal quotation marks and citations omitted). Section 425.16 of the California Code of Civil Procedure , also referred to as the anti-SLAPP statute, provides in relevant ...

**Date:**
Sept. 4, 2014

---

9. **March v. Twin Cities Police Auth.** Ⓐ

2014 U.S. Dist. LEXIS 103210

**LB** **Cited by:**

... prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'" Wilson v. Parker, Covert & Chidester , 28 Cal. 4th 811 , 821 , 123 Cal. Rptr. 2d 19 , 50 P.3d 733 (2002) ; see also **Makaeff v. Trump Univ., LLC , 715 F.3d 254 , 261 (9th Cir. 2013)** (" [T]he claim should be dismissed if the plaintiff presents an insufficient legal basis for it, or if, on the basis of the facts shown by the plaintiff, 'no reasonable jury could ...

**Discussion**

**Court**
N.D. Cal.

**Date:**
July 25, 2014

---

10. **Makaeff v. Trump Univ., LLC** ⚠

2014 U.S. Dist. LEXIS 82538, 42 Media L. Rep. (BNA) 2063

**LB** **Cited by:**

On January 3, 2011, Makaeff appealed Judge Gonzalez 's August 23, 2010 order to the Ninth Circuit, (Dkt. No. 43), which reversed and remanded the order on April 17, 2013. **Makaeff v. Trump University, LLC , 715 F.3d 254 , 271 (2013)** . Although the Ninth Circuit agreed with Judge Gonzalez 's conclusion that Makaeff had met her initial burden of showing Trump University's defamation claim arose from an act in furtherance of Makaeff's free speech rights, and that Makaeff's statements were not ...

**Discussion**

**Headnotes:**
HN1, HN2, HN9, HN10, HN12, HN14, HN16, HN17, HN18

**Court**
S.D. Cal.

**Date:**
June 16, 2014

---

11. **Voltage Pictures, LLC v. Harwood**

2014 U.S. Dist. LEXIS 63650

**LB** **Cited by:**

Also, there is no restriction on the use of anti-SLAPP statutes to counter-claims. **Makaeff v. Trump University, LLC , 715 F.3d 254 (9th Cir. 2013)** .

**Discussion**

**Headnotes:**
HN1

**Court**
D. Or.

**Date:**
May 8, 2014

Shepard's®:  Makaeff v. Trump Univ., LLC,

12. **Schwern v. Plunkett** ⚠️

2014 U.S. Dist. LEXIS 92310

🔳 **Cited by:**

... , 190 F.3d at 972-973 , including in particular Oregon's anti-SLAPP scheme, see Northon , 637 F.3d at 938-939 , Englert , 551 F.3d at 1101-1102 . In support of his position, Schwern points to the concurrence of Chief Judge Kozinski in **Makaeff v. Trump Univ., LLC [(" Makaeff I ")], 715 F.3d 254 , 272-275 (9th Cir. 2013)** ( Kozinski , C.J., concurring), in which Judge Kozinski opined that Newsham , 190 F.3d 963 , was wrongly decided, in that anti-SLAPP statutes are ...

**Discussion**

**Headnotes:**
HN1

**Court**
D. Or.

**Date:**
Apr. 22, 2014

13. **Atigeo LLC v. Offshore Ltd.** ➕

2014 U.S. Dist. LEXIS 7889

🔳 **Cited by:**

... state law claims in federal court. See U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc. , 190 F.3d 963 , 973 (9th Cir. 1999) . Although Newsham 's holding has recently been called into question, it has not been overruled. See **Makaeff v. Trump Univ., LLC , 715 F.3d 254 , 273-76 (9th Cir. 2013)** (two concurrences stating that anti-SLAPP statutes should be considered procedural and therefore inapplicable in federal courts). Accordingly, following Newsham , the court ...

**Discussion**

**Headnotes:**
HN1

**Court**
W.D. Wash.

**Date:**
Jan. 22, 2014

14. **J&J Sports Prods. v. Nguyen** ➕

2014 U.S. Dist. LEXIS 2247

🟩 **Followed by:**

... an anti-SLAPP motion, the moving defendant must make a prima facie showing that the plaintiff's suit arises from protected activity—specifically, an act in furtherance of the defendant's constitutional right of petition or free speech. See **Makaeff v. Trump Univ., LLC , 715 F.3d 254 , 261 (9th Cir. 2013)** (citing Batzel v. Smith , 333 F.3d 1018 , 1024 (9th Cir. 2003)) . The burden then shifts to the plaintiff to establish a reasonable probability that it will prevail on its claim ...

**Discussion**

**Headnotes:**
HN2, HN3

**Court**
N.D. Cal.

**Date:**
Jan. 7, 2014

15. **Garcia v. Allstate Ins.** ➕

Shepard's®:  Makaeff v. Trump Univ., LLC,

2014 U.S. Dist. LEXIS 1628

**LB**  **Cited by:**

... 12 , and 56 . U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc. , 190 F.3d 963 , 973 (9th Cir. 1999) ; see also Makaeff v. Trump Univ., LLC , 736 F.3d 1180 , 2013 WL 6183821 (9th Cir. 2013) (denying petition for rehearing of **Makaeff v. Trump Univ., LLC , 715 F.3d 254 , 275 (9th Cir. 2013))** (Wardlaw, J., and Callahan, J., concurring) (finding that anti-SLAPP provisions apply in federal court); Hopscotch Adoptions, Inc. v. Kachadurian , No. CV F 09-2101 LJO MJS, ...

**Discussion**

**Headnotes:**
HN2

**Court**
E.D. Cal.

**Date:**
Jan. 6, 2014

---

16. **Gilabert v. Logue** **ⓘ**

2013 U.S. Dist. LEXIS 179128, 42 Media L. Rep. (BNA) 1097

**LB**  **Cited by:**

The burden therefore shifts to Gilabert to establish a "reasonable probability" that his defamation claim is meritorious. **Makaeff v. Trump Univ., LLC, 715 F.3d 254 , 261 (9th Cir. 2013)** . "In opposing an anti-SLAPP motion, the plaintiff cannot rely on the allegations of the complaint, but must produce evidence that would be admissible at trial." HMS Capital, Inc. v. Lawyers Title Co., 118 Cal. App. 4th 204 , 212 , 12 Cal. Rptr. 3d 786 (2004) . Under this standard, "much like [the ...

**Court**
C.D. Cal.

**Date:**
Dec. 20, 2013

---

17. **Gilabert v. Logue**

**LB**  **Cited by:**

The burden therefore shifts to Gilabert to establish a "reasonable probability" that his defamation claim is meritorious. **Makaeff v. Trump Univ., LLC, 715 F.3d 254 , 261 (9th Cir. 2013)** . "In opposing an anti-SLAPP motion, the plaintiff cannot rely on the allegations of the complaint, but must produce evidence that would be admissible at trial." HMS Capital, Inc. v. Lawyers Title Co., 118 Cal. App. 4th 204 , 212 , 12 Cal. Rptr. 3d 786 (2004) . Under this standard, "much like [the ...

**Discussion**

**Headnotes:**
HN1, HN2, HN3, HN4, HN5, HN9, HN18

**Court**
C.D. Cal.

**Date:**
Dec. 20, 2013

---

18. **Choyce v. SF Bay Area Indep. Media Ctr.** ⬤

2013 U.S. Dist. LEXIS 169813

**Y**  **Distinguished by:**

**Headnotes:**
HN1, HN2, HN4

Shepard's®:  Makaeff v. Trump Univ., LLC,

| | |
|---|---|
| ... Verizon Delaware, Inc. v. Covad Commc'ns Co. , 377 F.3d 1081 , 1091 (9th Cir. 2004) ( citing Metabolife , 264 F.3d at 845 ). As a result, "the federal court special motion is a far different (and tamer) animal than its state-court cousin." **Makaeff v. Trump Univ., LLC , 715 F.3d 254 , 275 (9th Cir. 2013)** ( Kozinski , C.J., concurring). | **Court** N.D. Cal. **Date:** Dec. 1, 2013 |

---

19.    Trinity Christian Ctr. of Santa Ana, Inc. v. McVeigh Ⓐ

2013 U.S. Dist. LEXIS 157125

**LB**  Cited by:

... Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097 , 1109 (9th Cir. 2003) (citing United States ex rel. Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963 , 970-973 (9th Cir. 1999)) . Recently, this has been called into question. See **Makaeff v. Trump Univ., LLC, 715 F.3d 254 , 275 (9th Cir. 2013)** (Kozinski, J., concurring) (" Newsham is wrong and should be reconsidered."). Nevertheless, this Court is bound to apply the law as it stands now, not as it might in the future.

**Discussion**

**Headnotes:** HN1, HN2

**Court** C.D. Cal.

**Date:** Oct. 31, 2013

---

20.    Boon v. Prof'l Collection Consultants Ⓘ

978 F. Supp. 2d 1157, 2013 U.S. Dist. LEXIS 151719

**LB**  Cited by: 978 F. Supp. 2d 1157 p.1161

... or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Silberg , 50 Cal. 3d at 212 ; see also **Makaeff v. Trump Univ., LLC , 715 F.3d 254 , 264 (9th Cir. 2013)** .

**Discussion**

**Headnotes:** HN7

**Court** S.D. Cal.

**Date:** 2013

---

21.    Harris v. Bear Valley Cmty. Serv. Dist. Ⓐ

2013 U.S. Dist. LEXIS 114977

**LB**  Cited by:

... actions, known as Strategic Lawsuits Against Public Participation, or SLAPPs, that 'masquerade as ordinary lawsuits' but are intended to deter ordinary people 'from exercising their political or legal rights or to punish them for doing so." **Makaeff v. Trump University, 715 F.3d 254 , 261 (9th Cir. 2013)** (quoting Batzel v. Smith, 333 F.3d 1018 , 1024 (9th Cir. 2003) ; Wilcox v. Superior Court, 27 Cal. App. 4th 809 , 33 Cal. Rptr.

**Discussion**

**Headnotes:** HN1

**Court** E.D. Cal.

**Date:** Aug. 14, 2013

Shepard's®:  Makaeff v. Trump Univ., LLC,

2d 446 (1994)) . Motley's motion is joined ...

---

### 22.  Agnir v. Gryphon Solutions, LLC 🛈

2013 U.S. Dist. LEXIS 113575

**LB**  **Cited by:**

... an anti-SLAPP motion, the moving defendant must make a prima facie showing that the plaintiff's suit arises from protected activity—specifically, an act in furtherance of the defendant's constitutional right of petition or free speech. See **Makaeff v. Trump Univ., LLC , 715 F.3d 254 , 261 (9th Cir. 2013)** (citing Batzel v. Smith , 333 F.3d 1018 , 1024 (9th Cir. 2003)) . The burden then shifts to the plaintiff to establish a reasonable probability that it will prevail on its claim ...

**Discussion**

**Headnotes:**
HN1, HN2, HN3

**Court**
N.D. Cal.

**Date:**
Aug. 9, 2013

---

### 23.  Stutzman v. Armstrong Ⓐ

2013 U.S. Dist. LEXIS 109151

**LB**  **Cited by:**

... out, some jurists have been very critical of the use of an essentially California state law procedural device in federal court, and federal courts have struggled with the scope of the anti-SLAPP statute's application, as discussed below. See **Makaeff v. Trump University, LLC , 715 F.3d 254 , 272-75 (9th Cir. 2013)** ( Kozinski , Ch. J., concurring). However, under the present law of the Ninth Circuit, parties may utilize anti-SLAPP motions in federal court. Nevertheless, the Ninth ...

**Discussion**

**Headnotes:**
HN1

**Court**
E.D. Cal.

**Date:**
Aug. 2, 2013

---

### 24.  Trindade v. Reach Media Group, LLC Ⓐ

2013 U.S. Dist. LEXIS 107707

**LB**  **Cited by:**

... (arguing that the anti-SLAPP motion is more appropriately considered a "procedural mechanism" that should not be applicable in federal courts). the anti-SLAPP motion to strike remains a viable mechanism for defendants in this court. 39 See **id. at 261** (applying the anti-SLAPP statute to case for defamation in brought in federal court); see also Batzel v. Smith , 333 F.3d 1018 , 1023 (9th Cir. 2003) .

**Discussion**

**Headnotes:**
HN1, HN2, HN3

**Court**
N.D. Cal.

**Date:**
July 31, 2013

Shepard's®:  Makaeff v. Trump Univ., LLC,

### 25. Anheuser-Busch Cos., LLC v. Clark Ⓐ

2013 U.S. Dist. LEXIS 100805

**LB** **Cited by:**

... special motion to strike in state or federal court to expedite the early dismissal of the plaintiff's unmeritorious SLAPP claims. Price v. Stossel , 620 F.3d 992 , 999 (9th Cir. 2010) ; Simpson Strong-Tie Co. , 49 Cal. 4th at 21 ; see also **Makaeff v. Trump Univ., LLC , 715 F.3d 254 , 272—75 (9th Cir. 2013)** (Kozinski, J., concurring) (recognizing the same, but calling for en banc reconsideration of the federal application of the anti-SLAPP statute).

**Discussion**

**Headnotes:**
HN1, HN2
**Court**
E.D. Cal.
**Date:**
July 18, 2013

### 26. Gonzalez v. City of McFarland ⚠

2013 U.S. Dist. LEXIS 72004, 35 I.E.R. Cas. (BNA) 1455

**LB** **Cited by:**

... actions, known as Strategic Lawsuits Against Public Participation, or SLAPPs, that 'masquerade as ordinary lawsuits' but are intended to deter ordinary people 'from exercising their political or legal rights or to punish them for doing so." **Makaeff v. Trump University , 715 F.3d 254 , 2013 U.S. App. LEXIS 7719 at *11-12, 2013 WL 1633097 at *4 (9th Cir. Apr. 17, 2013)** (quoting Batzel v. Smith , 333 F.3d 1018 , 1024 (9th Cir. 2003) ; Wilcox v. Superior Court , 27 Cal. App. 4th ...

**Headnotes:**
HN1
**Court**
E.D. Cal.
**Date:**
May 21, 2013

### 27. Piping Rock Partners, Inc. v. David Lerner Assocs. ⚠

946 F. Supp. 2d 957, 2013 U.S. Dist. LEXIS 70660, 41 Media L. Rep. (BNA) 1958

**LB** **Cited by:** 946 F. Supp. 2d 957 p.967

... 963 , 971-73 (9th Cir. 1999) . 4 The Newsham case articulates the current Ninth Circuit law and will be applied here. However, some judges, including notably the Chief Judge of the Ninth Circuit, have questioned its correctness. See, e.g., **Makaeff, etc., et al., v. Trump University, etc., et al. , 13 CDOS 3774 , 715 F.3d 254 , 2013 U.S. App. LEXIS 7719 (April 17, 2013)** (two separate concurring opinions, each suggesting that the anti-SLAPP statutes are procedural, not substantive, ...

**Discussion**

**Headnotes:**
HN2
**Court**
N.D. Cal.
**Date:**
2013

### 28. Robben v. Justin

2013 U.S. Dist. LEXIS 68653

**LB**   **Cited by:**

The Ninth Circuit permits the use of anti-SLAPP motions in federal court on state-law claims like the defamation claim asserted in Defendants' Counterclaim. See **Makaeff v. Trump University , 715 F.3d 254 , 2013 U.S. App. LEXIS 7719 , 2013 WL 1633097 , at *4 (9th Cir. Apr. 17, 2013)** ; Vess v. Ciba— Geigy Corp. USA , 317 F.3d 1097 , 1109 (9th Cir. 2003) .

**Headnotes:**
HN1
**Court**
E.D. Cal.
**Date:**
May 13, 2013

---

29.   Shinde v. Nithyananda Found. Ⓐ

2013 U.S. Dist. LEXIS 70002

**LB**   **Cited by:**

... procedural in Jackson. Rowe v. Superior Court , 15 Cal. App. 4th 1711 , 1721 , 19 Cal. Rptr. 2d 625 (1993) . Additionally, to the extent that this is an issue where "the distinction between substance and procedure is not . . . clear-cut" ( **Makaeff v. Trump Univ., LLC , 715 F.3d 254 , 2013 U.S. App. LEXIS 7719 , 2013 WL 1633097 , at *14 (9th Cir. Apr. 17, 2013)** ( Kozinski , C.J., concurring)), the Court finds it prudent, absent controlling authority or an analogous federal statute, ...

**Court**
C.D. Cal.
**Date:**
May 10, 2013

---

**Unpublished California Appellate Decisions**

30.   Gwire v. Blumberg  

2013 Cal. App. Unpub. LEXIS 7089

**LB**   **Cited by:**

Our conclusion is bolstered by **Makaeff v. Trump University, LLC (9th Cir. 2013) 715 F.3d 254** ( Trump University )), where the Ninth Circuit Court of Appeals held that " [u]nder California law, statements warning consumers of fraudulent or deceptive business practices constitute a topic of widespread public interest, so long as they are provided in the context of information helpful to consumers." ( Id. at p. 262 .) In Trump University, a " [d]isgruntled former customer of" Trump ...

**Discussion**

**Headnotes:**
HN4, HN16
**Court**
Cal. App. 1st Dist.
**Date:**
Oct. 3, 2013

---

**Washington Court of Appeals**

31.   Alaska Structures, Inc. v. Hedlund ⚠

Shepard's®:  Makaeff v. Trump Univ., LLC,

180 Wn. App. 591, 323 P.3d 1082, 2014 Wash. App. LEXIS 933

**Discussion**

[LB]  **Cited by:** 180 Wn. App. 591 p.600; 323 P.3d 1082 p.1086

... App. 4th 1354 , 117 Cal. Rptr. 3d 747 (2010) . (review on Yelp Inc. criticizing dental services and discussing the use of silver amalgam raised issues of public interest). Similarly, the Ninth Circuit, in Makaeff v. Trump University, LLC , 18 **715 F.3d 254 , 262 (9th Cir. 2013)** . held that " [u]nder California law, statements warning consumers of fraudulent or deceptive business practices constitute a topic of widespread public interest, so long as they are provided in the context of ...

**Headnotes:**
HN4

**Court**
Wash. Ct. App.

**Date:**
2014

# Legend

| | | | |
|---|---|---|---|
| ● | Warning - Negative Treatment is Indicated | [R] | Red - Warning Level Phrase |
| [Q] | Questioned - Validity questioned by citing references | [O] | Orange - Questioned Level Phrase |
| ▲ | Caution - Possible negative treatment | [Y] | Yellow - Caution Level Phrase |
| ✚ | Positive - Positive treatment is indicated | [G] | Green - Positive Level Phrase |
| [A] | Analysis - Citing Refs. With Analysis Available | [B] | Blue - Neutral Level Phrase |
| [I] | Cited - Citation information available | [LB] | Light Blue - No Analysis Phrase |
| ⊗ | Warning - Negative case treatment is indicated for statute | | |

EXHIBIT 2



*Shepard's*®: Report Content

 **Appellate History:** Not Requested

**Citing Decisions:** None Applied
**Other Citing Sources:** Not Requested
**Table Of Authorities:** Not Requested

*Shepard's*®: ⚠ **Makaeff v. Trump Univ., LLC** 736 F.3d 1180, 2013 U.S. App. LEXIS 23900, 41 Media L. Rep. (BNA) 2801: (9th Cir. Cal. 2013)

| Subsequent appellate history **contains possible negative analysis** |
|---|

## Citing Decisions(11)

**Narrow by:** None Applied

**Analysis:** Followed by (2), "Cited by" (9)

**Court:** 9th Circuit (10), 11th Circuit (1)

| **9th Circuit - U.S. District Courts** |
|---|

1.   **Davis v. Tri-County Metro. Transp. Dist. of Or.** Ⓘ

2014 U.S. Dist. LEXIS 124968

 **Cited by:**

... burden on summary judgment. Celotex Corp ., 477 U.S. at 322-23 . After the moving party satisfies its initial burden, the burden shifts to the non-moving party to "'designate specific facts showing that there is a genuine issue for trial.'" **Makaeff v. Trump Univ., LLC , 736 F.3d 1180 , 1189 (9th Cir. 2013)** (quoting Celotex Corp ., 477 U.S. at 324 ).

**Discussion**

**Court**
D. Or.

**Date:**
Sept. 8, 2014

2.   **Clink v. Or. Heath & Sci. Univ.** Ⓐ

2014 U.S. Dist. LEXIS 107307

**LB** **Cited by:**

... burden on summary judgment. Celotex Corp ., 477 U.S. at 322-23 .

**Discussion**

**Court**
D. Or.

Shepard's®:  Makaeff v. Trump Univ., LLC,

After the moving party satisfies its initial burden, the burden shifts to the non-moving party to "'designate specific facts showing that there is a genuine issue for trial.'" **Makaeff v. Trump Univ., LLC , 736 F.3d 1180 , 1189 (9th Cir. 2013)** (quoting Celotex Corp ., 477 U.S. at 324 ).

**Date:**
Aug. 5, 2014

---

3. **Williams v. Stitt** Ⓐ

2014 U.S. Dist. LEXIS 101220

🔲 **Cited by:**

... , 900-01 (9th Cir. 2010) . Indeed, the Ninth Circuit has determined that § 425.16 applies in federal courts in the absence of "direct collusion" between the state enactment and the Federal Rules of Civil Procedure 8 , 12 , and 56 . See **Makaeff v. Trump Univ., LLC , 11-55016, 736 F.3d 1180 , 1181-84 (9th Cir. 2013)** ; U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc ., 190 F.3d 963 , 972-73 (9th Cir.1999) . While California's " [a]nti -SLAPP statute and the Federal ...

**Discussion**

**Court**
N.D. Cal.

**Date:**
July 14, 2014

---

4. **Davis v. Abercrombie** Ⓐ

2014 U.S. Dist. LEXIS 81780

🔲 **Cited by:**

... Defendants, however, have not identified any specific facts showing there is a genuine issue for trial as to whether regular access to a spiritual advisor is a religious exercise for purposes of the Spiritual Advisor Plaintiffs' RLUIPA claim. See **Makaeff v. Trump Univ., LLC , 736 F.3d 1180 , 1189 (9th Cir. 2013)** ( To avoid summary judgment, the non-movant must designate specific facts showing that there is a genuine issue for trial. "to avoid summary judgment, the non-movant [must] ...

**Discussion**

**Court**
D. Haw.

**Date:**
June 13, 2014

---

5. **Schwern v. Plunkett** ⚠

2014 U.S. Dist. LEXIS 92310

🟩 **Followed by:**

... the judges of the Ninth Circuit expressly declined to hear Makaeff I en banc or to reconsider the operative holding of Newsham , with the necessary consequence that Newsham and its progeny continue to state the law of the circuit. See **Makaeff v. Trump Univ., LLC [(" Makaeff II ")] 736 F.3d 1180 (9th Cir. 2013)** (denying rehearing en banc ). More-

**Discussion**

**Court**
D. Or.

**Date:**
Apr. 22, 2014

Shepard's®:  Makaeff v. Trump Univ., LLC,

over, the Makaeff II court expressly recognized that anti-SLAPP statutes "confer substantive rights" in addition to creating a ...

6.    **Davis v. Abercrombie** 🔺

2014 U.S. Dist. LEXIS 43966

**LB**  **Cited by:**

... Defendants, however, have not identified any specific facts showing there is a genuine issue for trial as to whether regular access to a spiritual advisor is a religious exercise for purposes of the Spiritual Advisor Plaintiffs' RLUIPA claim. See **Makaeff v. Trump Univ., LLC , 736 F.3d 1180 , 1189 (9th Cir. 2013)** ("to avoid summary judgment, the non-movant [must] 'designate specific facts showing that there is a genuine issue for trial'" (quoting Celotex Corp. v. Catrett , 477 U.S. 317 , ...

**Discussion**

**Court**
D. Haw.

**Date:**
Mar. 31, 2014

7.    **Accuardi v. Fredericks** Ⓐ

2014 U.S. Dist. LEXIS 27328, 42 Media L. Rep. (BNA) 1825

**G**  **Followed by:**

... F3d 963 , 972-73 (9th Cir 1999) . The Ninth Circuit recently upheld Newsham under the Erie doctrine analysis articulated in Shady Grove Orthopedic Assocs. v. Allstate Ins. Co ., 559 U.S. 393 , 130 S. Ct. 1431 , 176 L. Ed. 2d 311 (2010) . **Makaeff v. Trump Univ., LLC , 736 F3d 1180 , 1181 (9th Cir 2013)** ("California's anti-SLAPP statute, by creating a separate and additional theory upon which certain kinds of suits may be disposed of before trial, supplements rather than conflicts ...

**Discussion**

**Court**
D. Or.

**Date:**
Mar. 4, 2014

8.    **USA Wheel & Tire Outlet #2, Inc. v. UPS** ◆

2014 U.S. Dist. LEXIS 5385

**LB**  **Cited by:**

... Pro. § 425.16 . This special motion to strike is available in federal courts concerning California state law claims. See United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc. , 190 F.3d 963 , 972-73 (9th Cir. 1999) ; see also **Makaeff v. Trump Univ., LLC , 736 F.3d 1180 , 2013 U.S. App. LEXIS 23900 (9th Cir. Nov. 27, 2013)** (denying a rehearing en banc to reconsider the availability of anti-SLAPP motions in federal courts).

**Discussion**

**Court**
C.D. Cal.

**Date:**
Jan. 14, 2014

Shepard's®: Makaeff v. Trump Univ., LLC,

---

9.  **Garcia v. Allstate Ins.** ◆

2014 U.S. Dist. LEXIS 1628

**LB** **Cited by:**

... courts in the absence of "direct collusion" between the state enact-
ment and the Federal Rules of Civil Procedure 8 , 12 , and 56 . U.S. ex
rel. Newsham v. Lockheed Missiles & Space Co., Inc. , 190 F.3d 963 ,
973 (9th Cir. 1999) ; see also **Makaeff v. Trump Univ., LLC , 736 F.3d
1180 , 2013 WL 6183821 (9th Cir. 2013)** (denying petition for rehearing
of Makaeff v. Trump Univ., LLC , 715 F.3d 254 , 275 (9th Cir. 2013))
(Wardlaw, J., and Callahan, J., concurring) (finding that ...

**Court**
E.D. Cal.
**Date:**
Jan. 6, 2014

---

10.  **Gilabert v. Logue** ❶

2013 U.S. Dist. LEXIS 179128, 42 Media L. Rep. (BNA) 1097

**LB** **Cited by:**

See Cal. Civ. Proc. Code § 425.16(b)(1) . Federal courts enforce
California's anti-SLAPP statute when sitting in diversity. Makaeff v. Trump
Univ., LLC, 715 F.3d 254 , 261 (9th Cir. 2013) , en banc reh'g denied,
**736 F.3d 1180 , 2013 U.S. App. LEXIS 23900 , 2013 WL 6183821 (Nov.
27, 2013)** ; United States ex rel. Newsham v. Lockheed Missiles & Space
Co., 190 F.3d 963 , 973 (9th Cir. 1999) .

**Court**
C.D. Cal.
**Date:**
Dec. 20, 2013

---

**11th Circuit - U.S. District Courts**

---

11.  **Ranbaxy Labs., Inc. v. First Databank, Inc.**

2014 U.S. Dist. LEXIS 31916

**LB** **Cited by:**

There is disagreement over whether anti-SLAPP statutes should be
applied in federal court in diversity cases. Compare **Makaeff v. Trump
Univ., LLC , 736 F.3d 1180 , 1182 (9th Cir. 2013)** (Wardlaw, J. and
Callahan, J. concurring) with 3M Co. v. Boulter , 842 F. Supp. 2d 85 , 104
(D.D.C. 2012) . 7 The anti-SLAPP statute is only applicable in federal
court if it does not conflict with the Federal Rules of Civil Procedure. See
3M Co. , 842 F. Supp. 2d at 104 . Further, it must be a part ...

**Discussion**

**Court**
M.D. Fla.
**Date:**
Mar. 12, 2014

Shepard's®:  Makaeff v. Trump Univ., LLC,

## Legend

| | | | |
|---|---|---|---|
| 🔴 | Warning - Negative Treatment is Indicated | **R** | Red - Warning Level Phrase |
| **Q** | Questioned - Validity questioned by citing references | **O** | Orange - Questioned Level Phrase |
| ⚠️ | Caution - Possible negative treatment | **Y** | Yellow - Caution Level Phrase |
| ➕ | Positive - Positive treatment is indicated | **G** | Green - Positive Level Phrase |
| **A** | Analysis - Citing Refs. With Analysis Available | **B** | Blue - Neutral Level Phrase |
| **I** | Cited - Citation information available | **LB** | Light Blue - No Analysis Phrase |
| ❗ | Warning - Negative case treatment is indicated for statute | | |