1  ZELDES HAEGGQUIST & ECK, LLP
   AMBER L. ECK (177882)
2  ambere@zhlaw.com
   HELEN I. ZELDES (220051)
3  helenz@zhlaw.com
   ALREEN HAEGGQUIST (221858)
4  alreenh@zhlaw.com
   AARON M. OLSEN (259923)
5  aarono@zhlaw.com
   625 Broadway, Suite 1000
6  San Diego, CA 92101
   Telephone: (619) 342-8000
7  Facsimile:  (619) 342-7878

8  ROBBINS GELLER RUDMAN
    & DOWD LLP
9  JASON A. FORGE (181542)
   jforge@rgrdlaw.com
10 RACHEL L. JENSEN (211456)
   rjensen@rgrdlaw.com
11 655 West Broadway, Suite 1900
   San Diego, CA  92101
12 Telephone: (619) 231-1058
   Facsimile:  (619) 231-7423
13
   Class Counsel
14
   [Additional counsel appear on signature page.]
15

16                  UNITED STATES DISTRICT COURT
17                 SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 18  TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated, | Case No.: 3:10-CV-00940-GPC(WVG) |
| 19 | CLASS ACTION |
| 20       Plaintiffs, | SUPPLEMENTAL DECLARATION OF AMBER L. ECK IN SUPPORT OF PLAINTIFF/COUNTER DEFENDANT TARLA MAKAEFF'S BILL OF FEES AND COSTS |
| 21       vs. | |
| 22  TRUMP UNIVERSITY, LLC, et al., | |
| 23       Defendants. | |
| 24 | |
| 25 | District Judge: Hon. Gonzalo P. Curiel<br>Mag. Judge:    Hon. William V. Gallo |

26
27  [Caption continued on following page.]
28

ZELDES HAEGGQUIST & ECK, LLP

TRUMP UNIVERSITY, LLC,

    Counterclaimant,

        vs.

TARLA MAKAEFF, et al.,

    Counter Defendants.

TRUMP UNIVERSITY, LLC,

I, Amber L. Eck, declare as follows:

1. I am an attorney licensed to practice before all of the courts of the State of California. I am a partner in the law firm of Zeldes Haeggquist & Eck, LLP ("ZHE"), counsel for Tarla Makaeff and Class Counsel for Class Members in the above-entitled action. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto. I submit this Supplemental Declaration in Support of Plaintiff/Counter Defendant Tarla Makaeff's Bill of Fees and Costs (Dkt. 330), pursuant to this Court's Order Requiring Supplemental Briefing in Support of Plaintiff/Counter-Defendant Tarla Makaeff's Bill of Fees and Costs (Dkt. No. 358).

2. As indicated in my previous declaration dated July 3, 2014 (Dkt. No. 331-2) ("Initial Eck Decl."), my firm requested reimbursement for 461 hours of attorney and paralegal time totaling $309,377.50 as follows:

| Name | Position | Total Hours | Hourly Rate | Total Lodestar |
|---|---|---|---|---|
| Amber L. Eck | Partner | 419 | $690 | $289,110.00 |
| Helen I. Zeldes | Partner | 20.25 | $600 | $ 12,150.00 |
| Aaron M. Olsen | Associate | 16.75 | $410 | $  6,867.50 |
| Jessica L. Labrencis | Associate | 4.50 | $250 | $  1,125.00 |
| Winky Cameron | Paralegal | .5 | $250 | $    125.00 |

3. Pursuant to the Court's request for Tarla Makaeff ("Makaeff") to "submit supplemental briefing breaking down the attorney fees and costs in relation to the Bill for Fees and Costs," the following is a more detailed breakdown of the fees and costs incurred by my firm for which we are requesting reimbursement, including charts depicting, by category, the number of hours of legal work performed on behalf of Makaeff.

**A.  Preparation of Anti-SLAPP Opening Motion and Tarla Makaeff Declaration in Support Thereof**

4. Our firm's preparation of the Anti-SLAPP motion was a substantial undertaking, and involved (as set forth in further detail in my Initial Eck Decl. at ¶¶18-22): reviewing Trump University's counterclaim; conducting extensive

1                                                     No. 3:10-CV-00940-GPC(WVG)

legal research; conversations and emails with defense counsel David Schneider ("Schneider") requesting (unsuccessfully) that Trump University provide copies of the letters it contended were defamatory; conducting factual research and having numerous conversations with Tarla Makaeff regarding ascertaining the allegedly defamatory documents; and assisting Tarla Makaeff in preparing a detailed declaration (Dkt. 14-2), which required numerous conversations and review of relevant documents. A breakdown of the attorneys' fees incurred in relation to the Anti-SLAPP Opening motion and Makaeff declaration in support is as follows:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Amber Eck | Partner | 5/27/10-6/30/10 | $690 | 30.5 | $21,045.00 |
| Helen Zeldes | Partner | 5/27/10-6/29/10 | $600 | 2.5 | $ 1,500.00 |
| Aaron Olsen | Associate | 6/7/10-6/8/10 | $410 | 9.25 | $ 5,550.00 |

**B.    Preparation of Reply and Supplemental Makaeff Declaration in Support of Anti-SLAPP motion**

5. Preparation of the Reply and Supplemental Makaeff Declaration in support of Makaeff's Anti-SLAPP motion was also a substantial undertaking, and involved (as set forth in further detail in my Initial Eck Decl. at ¶¶23-24): reviewing Trump University's Opposition to our Anti-SLAPP motion; conducting extensive legal research regarding the issues involved; numerous conversations with Makaeff regarding relevant facts; review of documents relating to the Bank of America letter and Better Business Bureau ("BBB") letter that Trump University produced for the first time, attached to their opposition; and assisting Makaeff in preparing a detailed supplemental declaration (Dkt. 17-2). A breakdown of the attorneys' fees incurred in relation to the Reply and Supplemental Makaeff Declaration in support of Makaeff's Anti-SLAPP motion is as follows:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Amber Eck | Partner | 7/2/10-7/30/10 | $690 | 27 | $18,630.00 |

**C.     Successfully Opposing Trump University's Motion to Strike the Supplemental Makaeff Declaration and Exhibit**

6.     Trump University then filed a motion to strike the Supplemental Makaeff Declaration, as well as a supporting exhibit attached (Dkt. 18). Although Defendant's motion lacked basis, we were required to research, prepare, and file an Opposition to the motion to strike (Dkt. No 19), and were successful. Additional detail is contained in my Initial Eck Decl. at ¶25. A breakdown of the attorneys' fees incurred in relation to opposing Trump University's motion to strike is as follows:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Amber Eck | Partner | 7/24/10-7/29/10 | $690 | 9.75 | $6,727.50 |

**D.     Preparing for the Hearing and Arguing the Anti-SLAPP Motion**

7.     As the Anti-SLAPP motion was such a significant one, I spent a substantial amount of time preparing for the hearing, which included: additional research regarding the issues involved; additional review and analysis of all cases cited in our briefs and Trump University's briefs; and further conversations with Makaeff. *See also* my Initial Eck Decl. at ¶26. I personally argued the Anti-SLAPP motion before the Honorable Irma E. Gonzalez on August 4, 2010. Although additional attorneys from my firm attended the hearing, we have "no-charged" their time, and are not seeking reimbursement for their time (*see* section U, below). A breakdown of the attorneys' fees incurred in relation to the Anti-SLAPP hearing is as follows:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Amber Eck | Partner | 8/1/10-8/4/10 | $690 | 23.5 | $16,215.00 |

3     No. 3:10-CV-00940-GPC(WVG)

### E. Motion for Reconsideration

8. We realized that if we could persuade the Court to reconsider its order dated August 23, 2010 denying Makaeff's motion to strike and counterclaim (Dkt 24) and grant our Anti-SLAPP motion, we might avoid months, if not years, of additional time and expense on appeal, and accordingly exerted a significant effort in preparing our motion for reconsideration. As set forth in more detail in my Initial Eck Decl. at ¶¶27-28, I spent a considerable amount of time researching for the motion for reconsideration, including: reviewing treatises on defamation and Anti-SLAPP motions; reading a large number of cases; and speaking with numerous first amendment and Anti-SLAPP experts, professors, and consultants. We then spent additional time preparing what we believed to be a well-researched and persuasive motion for reconsideration of the Order denying our Anti-SLAPP motion on September 20, 2010 (Dkt. 31). A breakdown of the attorneys' fees our firm incurred in relation to the motion for reconsideration is as follows:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Amber Eck | Partner | 8/24/10-9/19/10 | $690 | 66 | $45,540.00 |
| Helen Zeldes | Partner | 9/3/10-9/19/10 | $600 | 5 | $ 3,000.00 |

### F. Motion for Reconsideration Reply

9. Preparation of the Reply in support of our Motion for Reconsideration involved: reviewing and analyzing Defendant's motion for reconsideration (Dkt. 32), including all cases cited therein; additional legal research; additional consultation with Anti-SLAPP experts; and preparation of the Reply (Dkt. 35). A breakdown of the attorneys' fees our firm incurred in relation to the Motion for Reconsideration Reply is as follows:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|

4

No. 3:10-CV-00940-GPC(WVG)

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Amber Eck | Partner | 9/21/10-10/25/10 | $690 | 27.5 | $18,975.00 |

### G. Appeal Opening Brief and Request for Judicial Notice

10. Makaeff strongly believed that she should appeal the denial of the Anti-SLAPP motion to the Ninth Circuit, and, based on our view of the law and the facts, we agreed and pursued an appeal. At this point, we brought in a highly experienced appellate attorney, Eric Isaacson, to primarily handle the appeal. However, I and my firm assisted in research, preparation, and revision of the appellate brief, and in compiling Trump University and Donald Trump articles, letters, emails, advertisements, website snapshots, and other such documents for use on appeal. *See also* my Initial Eck Decl. at ¶¶35-36. A breakdown of the attorneys' fees incurred by my firm in relation to the Appeal Opening Brief and Request for Judicial Notice is as follows:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Amber Eck | Partner | 12/6/10-5/27/11 | $690 | 12.5 | $8,625.00 |
| Helen Zeldes | Partner | 5/26/11 | $600 | .5 | $ 300.00 |

### H. Our Successful Opposition to Trump's Motion to Stay All Proceedings Pending the Ninth Circuit Appeal

11. After we filed a notice of appeal of Judge Gonzalez's August 23, 2010 order to the Ninth Circuit on January 3, 2011 (Dkt. 43), one week later (on January 10, 2011), Trump University moved to stay the entire action pending the appeal (Dkt. 46).

12. When Schneider informed me on January 10, 2011 that he intended to file an *ex parte* motion that day to stay the entire action pending the appeal, I met and conferred with him and cited California case law specifically stating that "an appeal does not … stay proceedings relating to causes of action not affected

1  by the [Anti-SLAPP] motion." *Varian Medical Systems v. Delfino*, 35 Cal. 4th 180, 195, n.8 (2005). I asked Schneider via email on January 10, 2011 to "reconsider [his] inclination to file an *ex parte* motion, to save both parties and their counsel time and money," but he refused to withdraw the motion. Accordingly, I was forced to incur substantial time and expense in researching and drafting an opposition to Trump University's motion to stay. (*See* Opposition, Dkt. 48.)

13. Sure enough, the Court denied Defendant's motion to stay on February 11, 2011, finding (as we had contended) that the proceedings regarding the defamation claim were stayed pending the outcome of the appeal, but that Makaeff's underlying claims would proceed (Dkt. 58). The Court even cited the same *Varian* case that I had previously cited to Schneider one month earlier. *See also* my Initial Eck Decl. at ¶¶32-34. A breakdown of the attorneys' fees incurred by my firm in relation to opposing Trump University's Motion to Stay is as follows:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Amber Eck | Partner | 1/10/11-2/15/11 | $690 | 27.5 | $18,975.00 |

**I.     Ninth Circuit Settlement Assessment Conference**

14. Before the Ninth Circuit appellate briefing, I prepared for and participated in a mandatory telephonic Settlement Assessment Conference with Ninth Circuit mediator Lou Rosen on February 29, 2011. Present on the call were: Eric Isaacson, Rachel Jensen, Amanda Frame, and me on behalf of Makaeff, and Schneider on behalf of Trump University. I had conversations with Makaeff both before and after the Settlement Assessment Conference, in order to prepare a settlement offer and to relay the results of the Settlement Assessment Conference. During this conference, Trump University again had the

opportunity to dismiss the defamation claim and agree to pay reasonable attorneys' fees incurred to that point, but declined. *See also* my Initial Eck Decl. at ¶31. I "no-charged" two of the hours I spent preparing for and attending the Settlement Assessment Conference, as set forth in Section U, below. A breakdown of the attorneys' fees incurred in relation to the Ninth Circuit Settlement Assessment Conference is as follows:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Amber Eck | Partner | 2/28/11-3/1/11 | $690 | 2.75 | $1,897.50 |

### J.  Coordination of Amicus Curiae Briefs in Support of Makaeff's Appeal

15.  Due to the significance of the appeal, we invited interested parties to submit amici curiae briefs. I personally spoke with attorneys for the Consumer Attorneys of California ("Consumer Attorneys") and the BBB regarding submitting amicus curiae briefs on Makaeff's behalf. I spoke with the local BBB and the national BBB's Vice President/General Counsel, Allen Cohen, regarding the BBB's interest in protecting the right of consumers to complain to the BBB about companies they believe are engaging in improper, unfair, fraudulent, or misleading business practices. I also spoke with the BBB's outside attorney, Walt Sadler, regarding these issues.

16.  Although the BBB ultimately declined to submit an amicus curiae brief, on June 2, 2011, the Consumer Attorneys and the ACLU of San Diego and Imperial Counties both filed amici curiae briefs (App. Dkt. 17, 18). I reviewed these amicus briefs, communicated with their attorneys regarding the briefs, and communicated with Makaeff regarding the briefs. *See also* my Initial Eck Decl. at ¶¶37-38. A breakdown of the attorney fees incurred in coordinating amicus curiae briefs in support of Ms. Makaeff's Appeal is as follows:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Amber Eck | Partner | 3/1/11-6/3/11 | $690 | 6 | $4,140.00 |

### K.  Appeal Reply Brief and Supplemental Request for Judicial Notice

17.   Although the bulk of the appeal was handled by Eric Isaacson, I assisted in reviewing and revising the Reply brief in support of our Appeal, as well as our Supplemental Request for Judicial Notice. *See*, *e.g.*, Initial Eck Decl. at ¶39.  A breakdown of the attorneys' fees incurred in regard to the Appellate Reply brief and Supplemental Request for Judicial Notice is as follows:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Amber Eck | Partner | 6/6/11-9/8/11 | $690 | 3.25 | $2,242.50 |

### L.  Ninth Circuit Hearing on Anti-SLAPP Appeal

18.   In preparation for the Ninth Circuit hearing, my firm spent a total of one hour talking and e-mailing with Makaeff over the course of three separate days in preparation for the hearing, and one hour assisting in preparation for the Ninth Circuit hearing.  *See*, *e.g.*, Initial Eck Decl. at ¶35.

19.   Although my associate, Jessica Labrencis, and I both participated in a mock oral argument on January 13, 2012 to assist Mr. Isaacson prepare for the hearing, we have "no-charged" for this time (*see* Section U below).  And likewise, although Aaron Olsen, Jessica Labrencis, and I attended the Ninth Circuit hearing on January 18, 2012, we have "no-charged" our time, and are not seeking reimbursement for this time either (*see* Section U, below). A breakdown of the two hours of attorneys' fees incurred by my firm in regard to the Ninth Circuit hearing and supplemental request for judicial notice is as follows:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Amber Eck | Partner | 12/12/11-1/11/12 | $690 | 1 | $690.00 |
| Jessica Labrencis | Associate | 1/12/12 | $250 | 1 | $250.00 |

### M. Successful Opposition of Trump University's En Banc Petition Opposition

20. On April 30, 2013, Trump University filed a petition for rehearing en banc. The petition involved complex, and extremely important, constitutional issues, and our firm assisted in researching and preparing the opposition to the en banc petition, which we filed on June 13, 2013 (App. Dkt. 61, 65). I communicated with Makaeff on several occasions regarding the Appeal and the en banc petition. The Ninth Circuit denied Trump University's petition for rehearing en banc on November 27, 2013 (App Dkt. 73). *See*, *e.g.*, Initial Eck Decl. at ¶41. A breakdown of the attorneys' fees incurred by my firm in regard to the en banc petition opposition is as follows:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Amber Eck | Partner | 1/24/12-11/27/13 | $690 | 13 | $8,970.00 |
| Helen Zeldes | Partner | 4/17/13 | $600 | .5 | $ 300.00 |
| Jessica Labrencis | Associate | 11/14/12-11/16/12 | $250 | 1.25 | $ 312.50 |

### N. Coordination of Amicus Curiae briefs regarding En Banc Opposition

21. Due to the significance of the issues raised in the en banc petition, and Trump University's contention that Anti-SLAPP protection should essentially be eliminated in federal court, we again invited interested parties to submit amici curiae briefs. I personally spoke with attorneys for the Consumer Attorneys and the BBB, and participated in various communications with them. A breakdown of the attorneys' fees incurred coordinating potential amicus curiae briefs in support of Makaeff's opposition to Trump University's en banc petition is as follows:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Amber Eck | Partner | 5/3/13-5/15/13 | $690 | 3.25 | $2,242.50 |

9  No. 3:10-CV-00940-GPC(WVG)

### O. Motion to Transfer Fee Motion to District Court and remand of Anti-SLAPP motion to District Court

22. After the Ninth Circuit denied Trump University's petition for rehearing en banc on November 27, 2013, I researched the logistics for submitting a motion for fees and transferring the issue of the fee motion to the District Court. We prepared and filed, on December 10, 2013, a motion to transfer the issue of Makaeff's appellate attorneys' fees and costs to the district court (App. Dkt. 75). The Ninth Circuit granted our request on December 20, 2013 (App. Dkt. 76; Dkt. 284). We continued to research related issues. A breakdown of the attorneys' fees incurred is as follows:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Amber Eck | Partner | 11/27/13-12/24/13 | $690 | 6.25 | $4,312.50 |

### P. Further Discovery/Deposition of Tarla Makaeff

23. On December 12, 2014, this Court requested supplemental briefing from the parties on the issue of actual malice (Dkt. 283). The Court also permitted additional discovery on the issue of actual malice. We spent a substantial amount of time conferring with Makaeff and compiling, reviewing, and producing all potentially responsive documents, including hundreds of pages of e-mails and other documents that she discovered upon further review of her files. Specifically, Makaeff produced an additional 587 pages in February 2014, as follows: 353 pages of documents on February 6, 2014 (TU-MAKAEFF 5216-5569), 29 pages on February 7, 2014 (TU-MAKEFF 5216-5570); 44 pages on February 10, 2014 (TU-MAKAEFF 5600-5644), and 161 pages on February 24, 2014 (TU-MAKAEFF 5645-5806).

24. Trump University insisted on taking a fourth day of deposition of Makaeff on Anti-SLAPP issues, and after initially opposing Defendant's request

1   on the grounds that Makaeff had already sat for three days and 13 hours of
2   deposition, to avoid further motion practice, we ultimately agreed.

3         25.   Makaeff took seriously her obligation to testify fully and accurately
4   about events that had happened nearly five years earlier, so we spent numerous
5   hours over the course of a week to prepare Makaeff for her deposition.

6         26.   The day after Makaeff's deposition, Trump University issued a
7   deposition subpoena for Makaeff's former boyfriend, Walter Grieves
8   ("Grieves").  We spent several hours speaking with Grieves' counsel regarding
9   the deposition and potential documents, although defense counsel later took the
10  deposition off-calendar. I have "not charged" for my hours in preparing for the
11  Grieves deposition, as set forth in Section U, below. *See*, *e.g.*, Initial Eck Decl.
12  at ¶¶43-47. A breakdown of the attorneys' fees my firm incurred in relation to
13  the further deposition of Makaeff and discovery from Makaeff is as follows:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Amber Eck | Partner | 2/19/14-2/23/14 | $690 | 55.5 | $38,295.00 |
| Aaron Olsen | Associate | 2/6/14 | $410 | .25 | $ 102.50 |
| Jessica Labrencis | Associate | 2/3/14-2/14/14 | $250 | 2.25 | $ 562.50 |

18      **Q.   Supplemental Brief Regarding Actual Malice**

19        27.   On December 12, 2014, this Court requested supplemental briefing
20  from the parties on the issue of actual malice (Dkt. 283). Knowing that
21  everything was essentially "riding" on our supplemental brief regarding actual
22  malice, as it would determine whether or not Defendants' defamation claim
23  would be dismissed, I spent a considerable amount of time preparing the
24  supplemental brief and supplemental declaration of Makaeff, including legal
25  research, factual research and review of relevant documents, and
26  communications with Anti-SLAPP and actual malice experts. I had numerous
27  communications with Makaeff throughout the briefing process. We filed our

supplemental brief on February 14, 2014 (Dkt. 294, 294-3). *See*, *e.g.*, Initial Eck Decl. at ¶43. A breakdown of the attorneys' fees incurred in relation to the supplemental briefing regarding actual malice is as follows:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Amber Eck | Partner | 1/6/14-2/14/14 | $690 | 36.75 | $25,357.50 |

### R. Supplemental Brief Regarding Actual Malice Reply

28. In regard to the actual malice supplemental brief reply, our firm reviewed and analyzed Trump University's opposition to Plaintiff's supplemental motion on February 28, 2014 (Dkt. 300), and researched for and prepared a Reply, which we filed on March 14, 2014 (Dkt. 312). *See*, *e.g.*, Initial Eck Decl. at ¶48. A breakdown of the attorneys' fees my firm incurred in relation to the actual malice reply brief is as follows:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Amber Eck | Partner | 2/28/14-3/13/14 | $690 | 18 | $12,420.00 |
| Aaron Olsen | Associate | 2/28/14 | $410 | .5 | $ 205.00 |
| Winky Cameron | Paralegal | 2/19/14 | $250 | .5 | $125.00 |

### S. Hearing on Actual Malice

29. As everything we had done in regard to the Anti-SLAPP motion was riding on the resolution of this motion, I spent a considerable amount of time preparing for this hearing, reviewing all of the Anti-SLAPP motions and Orders to date, a voluminous amount of case law, the four volumes of Makaeff's deposition testimony, Makaeff's several declarations, and voluminous documents and exhibits submitted by both parties. My partner Helen Zeldes, and my associate, Aaron Olsen, assisted in my preparation for the hearing. We "no charged" seven hours of my preparation time for the hearing, as set forth in Section U, below.

30. I argued at the hearing before this court on June 13, 2013 (Dkt. 327). On June 17, 2014, the Court issued an Order granting Plaintiff's Anti-SLAPP motion, dismissing Defendant's defamation counter-claim and holding that Makaeff should file a motion for attorney's fees and costs by July 3, 2014 (Dkt. 328). *See*, *e.g.*, Initial Eck Decl. at ¶¶49-50. A breakdown of the attorneys' fees my firm incurred in relation to the hearing regarding actual malice is as follows:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Amber Eck | Partner | 5/28/14-6/13/14 | $690 | 26.75 | $18,457.50 |
| Helen Zeldes | Partner | 5/1/14-6/13/14 | $600 | 5 | $ 3,000.00 |
| Aaron Olsen | Associate | 6/2/14-6/13/14 | $410 | 3.5 | $ 1,435.00 |

**T.    Preparation of Bill of Fees and Costs**

31. In regard to our motion for attorneys' fees, which was filed on July 3, 2014 (Dkt. 331), we spent considerable time researching and preparing the motion, compiling all of our time records and expenses related to the Anti-SLAPP issues over the past four years, and preparing a detailed declaration setting forth our work performed in the case, time, lodestar, and expenses. As we submitted time only through June 27, 2014, we spent additional time on the brief over the following week, prior to filing on July 3, 2014, that we did not seek reimbursement for. We are also not seeking reimbursement for fees incurred in preparing this supplemental brief or declarations. A breakdown of the attorneys' fees my firm incurred in relation to the fee motion is as follows:

| Name | Position | Dates | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Amber Eck | Partner | 6/17/14-6/27/14 | $690 | 22.25 | $15,352.50 |
| Aaron Olsen | Associate | 6/18/14-6/23/14 | $410 | 10 | $ 4,100.00 |

**U.    Time "Not Charged"**

32.    As indicated in my Initial Eck Declaration, my firm's request for reimbursement for 461 hours of attorney and paralegal time totaling $309,377.50 constitutes only a portion of the actual time incurred by my firm. In addition to time that we deleted outright, we have also voluntarily written off and not charged for an additional 54.95 hours, totaling $28,465.50 in attorneys' fees, which constitutes a write-off of over 9% of the time we spent on the Anti-SLAPP matter, as follows:

| Name | Date | Description | Total Hours | Hourly Rate | Total Lodestar |
|---|---|---|---|---|---|
| Helen Zeldes | 8/4/10 | Prepare for and attend Anti-SLAPP hearing | 5.0 | $600 | $3,000.00 |
| Alreen Haeggquist | 8/4/10 | Prepare for and attend Anti-SLAPP hearing | 2.70 | $590 | $1,593.00 |
| Amber Eck | 9/1/10 | Letter requesting extension for motion for reconsideration | .25 | $690 | $ 172.50 |
| Amber Eck | 9/2/10 | Prepare motion for extension to file motion for reconsideration; prep email to D. Schneider re: same | 1.0 | $690 | $ 690.00 |
| Amber Eck | 3/1/11 | Prepare for and attend Ninth Circuit Settlement Assessment Conference | 2.0 | $690 | $1,380.00 |
| Amber Eck | 1/13/13 | Prepare for and attend mock argument re: Ninth Circuit Anti-SLAPP hearing; confer with E. Isaacson re: same | 3.0 | $690 | $2,070.00 |
| Jessica Labrencis | 1/13/12 | Attend Ninth Circuit mock argument | 2.25 | $250 | $ 562.50 |
| Amber Eck | 1/18/12 | Prepare for and attend Ninth Circuit oral argument | 8.0 | $690 | $5,520.00 |
| Aaron Olsen | 1/18/12 | Prepare for and attend Ninth Circuit oral | 8.0 | $410 | $3,280.00 |

| Name | Date | Description | Total Hours | Hourly Rate | Total Lodestar |
|---|---|---|---|---|---|
| | | argument | | | |
| Jessica Labrencis | 1/18/12 | Prepare for and attend Ninth Circuit oral argument | 8.0 | $250 | $2,000.00 |
| Amber Eck | 2/19/14 | Prepare for Walter Grieves deposition; review emails and docs re: same | 2.0 | $690 | $1,380.00 |
| Amber Eck | 2/20/14 | Prepare for Walter Grieves deposition; review docs re: same. | 1.25 | $690 | $ 862.50 |
| Amber Eck | 5/1/14-6/12/14 | Prepare for hearing on actual malice issues | 7.0 | $690 | $4,830.00 |
| Winky Cameron (paralegal) | 6/24/14 | Compilation of time records for Anti-SLAPP fee motion | 4.5 | $250 | $1,125.00 |

### V. Expenses

33. Pursuant to the Court's request for supplemental information regarding our firm's costs and expenses incurred regarding the Anti-SLAPP motion, the following is a more detailed breakdown of our firm's costs and expenses, prepared from our firm's receipts, expense vouchers, check records, and other documents.

| Date | Description | ZHE Expenses |
|---|---|---|
| 6/1/10-7/22/14 | Photocopies for all of briefing, legal research, depositions and preparation described above | $366.25 |
| 6/1/10-7/22/14 | Postage for mailing briefs to plaintiff Tarla Makaeff | $5.59 |
| 6/1/10-7/22/14 | Legal Research for all briefing, depositions, appeal and preparation described above | $2,057.80 |
| 1/18/12 | Meals Ninth Circuit Oral argument for A. Olsen and A. Eck | $4.98 |
| 2/10/14 | Hotel for deposition of Tarla Makaeff re: Actual Malice in Los Angeles, 1 night, Sea View Inn for A. Eck) | $137.50 |
| 2/10/14 | Meals in Los Angeles for Actual Malice deposition of Tarla Makaeff for A. Eck | $17.00 |
| 2/10/14 | Parking for deposition of Tarla Makaeff in El | $15.00 |

| Date | Description | ZHE Expenses |
|---|---|---|
| | Segundo for A. Eck | |
| 6/13/14 | Meal after 6/13/14 Anti-SLAPP hearing for A. Eck and T. Makaeff | $26.40 |
| 6/13/14 | Travel expenses for T. Makaeff to attend 6/13/14 hearing on Actual Malice/Anti-SLAPP | $80.00 |
| Total | | $2,710.52 |

34. My firm's expenses listed above were necessary and reasonably incurred to bring this Action to a successful conclusion, and they reflect market rates for the various categories of expenses incurred.

35. I have endeavored to provide sufficient detail of my firm's time and expenses to allow the court to make a determination of reasonableness. However, I remain willing to produce my firm's time records for in camera review, should the Court so request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 12th day of December, 2014, at San Diego, California.

*/s/ Amber L. Eck*

AMBER L. ECK

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 12, 2014.

    s/ Rachel L. Jensen
RACHEL L. JENSEN

ROBBINS GELLER RUDMAN
&amp; DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:    rachelj@rgrdlaw.com

# Mailing Information for a Case 3:10-cv-00940-GPC-WVG Makaeff v. Trump University, LLC et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com,robyns@zhlaw.com

- **Jason A Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jeffrey L. Goldman**
  jgoldman@bbwg.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,llendzion@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jill Ann Martin**
  jmartin@trumpnational.com,lvincent@trumpnational.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Benjamin James Morris**
  bmorris@foley.com,vgoldsmith@foley.com

- **Maureen E. Mueller**
  mmueller@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Aaron M. Olsen**
  aarono@zhlaw.com,winkyc@zhlaw.com

- **Daniel Jacob Pfefferbaum**
  dpfefferbaum@rgrdlaw.com

- **Nancy L. Stagg**
  nstagg@foley.com,smoreno@foley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`