NANCY L. STAGG CA Bar No. 157034
    nstagg@foley.com
BENJAMIN J. MORRIS CA BAR No. 260148
    bmorris@foley.com
**FOLEY & LARDNER LLP**
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130-3302
TELEPHONE:  858.847.6700
FACSIMILE:   858.792.6773

JILL A. MARTIN CA Bar No. 245626
    jmartin@trumpnational.com
C/O **TRUMP NATIONAL GOLF CLUB LOS ANGELES**
ONE TRUMP NATION DRIVE
RANCHO PALOS VERDES, CA 90275
TELEPHONE:  310.303.3225
FACSIMILE:   310.265.5522

Attorneys for Defendants Trump University, LLC
and Donald J. Trump

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, SONNY LOW, J.R. EVERETT, AND JOHN BROWN,  on behalf of themselves and all others similarly situated, ED OBERKROM, and BRANDON KELLER, individually, | Case No:  10-cv-0940 GPC (WVG) |
| | <u>CLASS ACTION</u> |
|                            Plaintiffs, | **TRUMP UNIVERSITY, LLC'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF/ COUNTER DEFENDANT TARLA MAKAEFF'S BILL OF FEES AND COSTS** |
|                     v. | |
| TRUMP UNIVERSITY, LLC (aka Trump Entrepreneur Initiative), a New York Limited Liability Company, DONALD J. TRUMP, and DOES 1 through 50, inclusive, | |
|                            Defendants. | |

10-CV-0940 GPC (WVG)

# TABLE OF CONTENTS

**Page(s)**

I.   INTRODUCTION ...................................................................................... 1

II.  THE REQUESTED FEES ARE UNREASONABLE ............................... 2

    A.   Fees Related to the Initial Anti-SLAPP Motion before the District Court Must be Reduced. ............................................................ 6

    B.   Fees Related to the District Court Reply Brief Must be Reduced. .................................................................................................. 7

    C.   Fees Related to the Opposition to Motion to Strike Must be Reduced. .................................................................................................. 7

    D.   Fees Related to the District Court Hearing and Preparation Must be Reduced. ................................................................................... 7

    E.   Fees Related to the Motion for Reconsideration Must be Reduced. .................................................................................................. 8

    F.   Fees Related to the Motion for Reconsideration Reply Brief Must be Reduced. ................................................................................... 9

    G.   Fees Related to the Appeal Opening Brief Must be Reduced. ................... 9

    H.   Fees Related to the Opposition to Motion to Stay Must be Reduced. ............................................................................................... 10

    I.   Fees Related to the Ninth Circuit Settlement Conference Must be Reduced. ................................................................................... 10

    J.   Fees Related to the Work with Amicus on Appeal Must be Denied. .................................................................................................. 11

    K.   Fees Related to the Request for Judicial Notice Reply Brief Must be Reduced. ................................................................................... 11

    L.   Fees Related to the Appeal Reply Brief Must be Reduced. ....................... 11

    M.   Fees Related to the Supplemental Request for Judicial Notice Must be Reduced. .................................................................... 12

    N.   Fees Related to the Ninth Circuit Appeal Strategy Must be Denied. .................................................................................................. 12

    O.   Fees Related to the Ninth Circuit Hearing Must be Reduced. ................... 13

    P.   Fees Related to the Research Regarding Possible 28(j) Letter Must be Denied. ..................................................................................... 13

    Q.   Fees Related to the Opposition to Trump's Petition for Hearing *En Banc* Must be Reduced. ........................................................ 13

i

# TABLE OF CONTENTS (CONTINUED)

Page(s)

R.    Fees Related to the Work with Amicus on En Banc Opposition Must be Denied. .................................................................... 14

S.    Fees Related to the Strategy Regarding the Remand and the Motion to Transfer Fee Motion to District Court Must be Reduced. ................................................................................ 14

T.    Fees Related to the Makaeff Deposition Preparation and Document Production Must be Reduced. .................................... 15

U.    Fees Related to the Supplemental Brief Regarding Actual Malice Must be Reduced. ................................................................ 15

V.    Fees Related to the Supplemental Reply Brief Regarding Actual Malice Must be Reduced. ................................................... 16

W.    Fees Related to the Hearing on Actual Malice Must be Reduced. ................................................................................................ 16

X.    Fees Related to the Time Spent on Multiple Tasks Must be Denied. ................................................................................................. 16

Y.    Fees Related to the Paralegal Support Must be Denied. ............................ 17

Z.    Fees Related to the Bill of Fees and Costs Must be Denied. ..................... 17

III.    TRUMP UNIVERSITY'S PROPOSED LOADSTAR IS CONSISTENT WITH WHAT IT TAKES TO WIN AS EVIDENCED BY ITS SUCCESS AT EVERY STAGE EXCEPT THE 9TH CIRCUIT ..................... 17

IV.    COLLABORATION RESULTED IN DUPLICATIVE AND EXCESSIVE FEES ..................................................................................... 18

V.    NO UPWARD MULTIPLIER IS JUSTIFIED .................................................. 18

VI.    THE COURT SHOULD ADOPT TRUMP'S PROPOSED REDUCTIONS .............................................................................................. 20

VII.    THE COSTS ARE EXCESSIVE ..................................................................... 21

VIII.    CONCLUSION .................................................................................................... 22

4850-2354-5888.3

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Chalmers v. City of Los Angeles*,
    796 F.2d 1205 (9th Cir. 1986) ....................................................................... 19

*Gates v. Deukmejian*,
    987 F.2d 1392 (9th Cir. 1992) .................................................................... 2, 19

*Hensley v. Eckerhart*,
    461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) ............................. 18

*Jordan v. Multnomeh County*,
    815 F.2d 1258 (9th Cir. 1987) ....................................................................... 19

**California Cases**

*Chavez v. City of Los Angeles*,
    47 Cal. 4th 970 (2010) ..................................................................................... 2

*Christian Research Institute v. William Alnor*,
    165 Cal. App. 4th 1325 (2008) ........................................................................ 2

*El Escorial Owners' Assn. v. DLC Plastering, Inc.*,
    154 Cal. App. 4th 1337 (2007) ........................................................................ 2

*EnPalm, LLC v. Teitler*,
    162 Cal. App. 4th 770 (2008) .......................................................................... 2

*Graham v. DaimlerChrysler Corp.*,
    34 Cal. 4th 553 (2004) ................................................................................... 19

*Ketchum v. Moses*,
    24 Cal. 4th 1122 (2001) ............................................................................. 2, 19

*Serrano v. Unruh*,
    32 Cal.3d 621 (1982) ........................................................................................ 2

**Federal Statutes**

Civil Rights Attorney's Fees Awards Act of 1976,
    90 Stat. 2641, 42 U.S.C. § 1988 (1976 ed., Supp. V)................................. 4, 5

iii

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Rules**

Local Rule 5.4 ............................................................................................................. 1

Local Rule 7.1(h) ........................................................................................................ 1

**State Statutes**

Cal. Civ. Proc Code §1033.5(b) ................................................................................ 21

4850-2354-5888.3

Defendant/Counterclaimant Trump University, LLC ("Trump University"), submits its Supplemental Brief in Opposition to Plaintiff/Counter Defendant Tarla Makaeff's ("Makaeff") Bill of Fees and Costs pursuant to this Court's Order Requiring Supplemental Briefing in Support of Plaintiff/Counter-Defendant Tarla Makaeff's Bill of Fees and Costs [Dkt. No. 358] (the "Supp. Brief Order").[1]

# I.   **INTRODUCTION**

Makaeff's supplemental brief and supporting declarations only show this Court what is necessary to lose her motion.  Makaeff's counsel continues to conceal the best evidence of the work alleged to have been performed.  Instead, counsel submits two declarations that provide lumped descriptions of tasks, performed by multiple attorneys from two firms with descriptions that fail to support a finding of reasonableness.  The declarations are mostly inadmissible hearsay, and continue to fail to break down time by task and attorney.  The record before the Court makes it impossible to justify compensating the attorneys for the plainly excessive time spent on duplicative tasks, particularly where the tasks were not appropriately assigned to attorneys with billing rates commensurate with the task.  The case law cited in Trump University's original opposition (at pp. 13-16 [Dkt. No. 335]) provides the Court with the standard in this community.  It is not reasonable to charge premium rates with over 7 partners from two law firms working to educate themselves on anti-SLAPP motions.

The Court should also resist any temptation to provide a multiplier to justify the exorbitant fees as discussed at pp. 16-20 of Trump University's original opposition. [Dkt. No. 335].  Contrary to Makaeff's ongoing vilification efforts, Trump University was vindicated in its position until the 9th Circuit ruled.  Trump University did not

---

[1] The Court did not place a page limit and Trump University has assumed a limit of 25 pages per Civil Local Rule 7.1(h).  In the event the Court intended a lower limit, Trump University requests relief to file this 22-page brief, which length was necessary given the 26 categories identified by Makaeff.  It was not possible to fully comply with Trump University's obligation to point out problems with the requested time without addressing each category.  Makaeff apparently also believed this Rule applied given her 15 page brief.

1

engage in "scorched earth" tactics in defending its counterclaim. The record before the Court mandates the reductions suggested in Trump University's original opposition (Dkt. No. 335 and 335-1], incorporated herein by this reference, for the reasons set forth below.

## II.    THE REQUESTED FEES ARE UNREASONABLE

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). Of particular significance here, this initial calculation requires the court to determine the reasonable, not actual, number of hours expended by counsel entitled to an award of fees. *EnPalm, LLC v. Teitler*, 162 Cal. App. 4th 770, 774 & fn. 4 (2008). Thus, class counsel "are not automatically entitled to all hours they claim in their request for fees. They must prove the hours they sought were reasonable and necessary." *El Escorial Owners' Assn. v. DLC Plastering, Inc.*, 154 Cal. App. 4th 1337, 1366 (2007). "A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether." *Serrano v. Unruh*, 32 Cal.3d 621, 635 (1982); accord, *Chavez v. City of Los Angeles*, 47 Cal. 4th 970, 990 (2010). Courts recognize that the "evidence should allow the court to consider whether the case was overstaffed, how much time attorneys spent on particular claims, and whether the hours were reasonably expended." *Christian Research Institute v. William Alnor*, 165 Cal. App. 4th 1325, 1320 (2008). *See also* Supp. Brief Order at p. 4 lines 20-28. "Padding in the form of inefficient or duplicative efforts is not subject to compensation." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001)

The Court generously provided Makaeff with a second chance to meet her burden. Makaeff's supplemental briefing has not complied with the Supp. Brief Order to provide sufficient information to assess whether the fees and costs are reasonable and consistent with what one would charge a client for an anti-SLAPP motion in the

4850-2354-5888.3

San Diego community.  The supplemental declarations submitted by Rachel Jensen [Dkt. No. 364-1] ("Jensen Supp. Dec.") and Amber Eck [Dkt. No. 364-2] ("Eck Supp. Dec.") contain inadmissible hearsay and lack the best evidence, as set forth in Trump University's evidentiary objections submitted concurrently herewith.[2]

Makaeff continues to spend considerable time demonizing Trump University, arguing that wealthy parties to litigation are not entitled to a defense, extolling the expertise of various attorneys for Makaeff to justify premium hourly rates notwithstanding the rate surveys included in their pleadings do not support the high rates[3] (particularly given their admission of having no experience with Anti-SLAPP motions).[4]  Makaeff's "blank check" approach to this litigation is not justified by the unsupported claims that the fees resulted from Trump University's efforts to escalate the litigation or the mere fact that her counsel took this case on a contingency basis.[5]

Evidence of the excessive, over the top handling of the case is contained in the supplemental declarations of Makaeff's counsel, who ask this Court to confirm, for example, that mustering "6 attorneys at the 2 firms" to deal with "initial research and

---

[2] The references to inadmissible hearsay in this Supplemental Brief relate to the declarant's descriptions of the services provided by billers other than the declarant, as set forth in the evidentiary objections submitted concurrently herewith.  Trump University believes the Court should strike the testimony related to the time of billers other than the declarant based on the evidentiary objections filed concurrently herewith.  Of note, the total fees incurred by Jensen, alone based on her declaration, is $141,735.00 and the total fees incurred by Eck alone, were $289,110.00 (*see* Eck Supp. Dec. p. 1, ll. 14-15).  Thus, the only potentially admissible evidence is a total of $430,845.00 in fees incurred by Eck and Jensen.  However, the testimony supporting those fees is also objectionable under the best evidence rule as set forth in Trump University's evidentiary objections.  The reduction of all fees as suggested by Trump University is warranted for the reasons discussed below.

[3] The billing survey reports relied on by Makaeff support hourly rates in the San Diego community of $150-$327.50.  See Olson Dec., Ex. "A" at p. 62 at 135 [Dkt. No. 331-4].

[4] See Declaration of Rachel L. Jensen in Support of Makaeff's Bill of Fees and Costs ("Jensen Dec.") at ¶¶ 7, 11, 13 [Dkt. No. 331-1]; Declaration of Amber L. Eck in Support of Makaeff's Bill of Fees and Costs ("Eck Dec.") at ¶¶ 6, 9, 21 [Dkt. No. 331-2]; Declaration of Eric Alan Isaacson in Support of Makaeff's Bill of Fees and Costs ("Isaacson Dec.") at ¶ 14 [Dkt. No. 331-3]; Declaration of Karl Olson ("Olson Dec.") at ¶ 15 [Dkt. No. 331-4].

[5] See Trump University's original opposition [Dkt. No. 335] at pp. 2-3 for a discussion that refutes Makaeff's claim of protracted and scorched earth litigation.

4850-2354-5888.3

work up of the anti-SLAPP motion, each spending from 2.5 to 84.25 hours and 2 paralegals spending 21.5 hours" for a total of 231 hours and $105,910.00 in fees is reasonable.  *See* Makaeff's Supplemental Brief ("MSB") at p. 3, lines 19-23.  *See also* Supplemental Declaration of Kathryn M.S. Catherwood filed in support hereof ("Catherwood Supp. Dec.") at Ex. 5, p. 1.  One attorney at the associate level is more than capable of conducting such "initial" research.  The request is littered with similar excessive staffing as discussed below.  *See* Catherwood Supp. Dec. at Ex. 5.

Makaeff argues that the fees, although they appear high, were necessary because they had to "perform better than opposing counsel to prevail".  *See* MSB at p. 4, lines 20-25.  This argument is inconsistent with the standard.  When competent counsel are engaged, victory is not achieved by spending excessive time, but rather it is achieved by having the law and facts on your side.  Here, ultimately the 9th Circuit determined that Trump University was a limited public figure requiring a heightened standard not considered by the trial court to maintain the counterclaim.

The Court must carefully review the descriptions contained in the supplemental declarations and resist the attempt to accept the editorial comments of counsel as gospel. For example, Makaeff states that the "reason for the seemingly high fee was not inefficiency" but careful compliance with the attorneys' responsibilities citing *Ferland*, 244 F.3d at 1150-51.  *See* MSB at p. 5, lines 2-5.  Here it is not about compliance with responsibilities, the fees are high because Makaeff's counsel was admittedly so completely inexperienced with anti-SLAPP motions.  *See* Makaeff's Bill of Costs at p. 5, line 16 - p. 6, line 22 [Dkt. No. 331].  As a matter of policy, if the Court is going to consider the attorneys' responsibilities, it should be extremely cautious in overcompensating class action counsel with excessive loadstar and multipliers because these actions should not be about lining plaintiff lawyers' pockets.  Thus, Makaeff's counsel has a duty not to over reach and it has violated that duty here.  This policy argument is bolstered by our government's position in comments to the Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, 42 U.S.C. § 1988 (1976 ed., Supp.

4

V) which authorizes district courts to award a reasonable attorney's fee to prevailing civil rights litigants.  "These cases have resulted in fees which are adequate to attract competent counsel, but which do not produce windfalls to attorneys." (emphasis added) S. Rep. No. 94-1011, p. 6 (1976).

Makaeff's counsel tries to justify their excessive fees by claiming that Trump University engaged in scorched earth conduct (MSB at p. 6 line 24-p. 7 line 1-9). However, if it were also true, as Makaeff argues, that she had to spend more to prevail, then one would expect Trump University's fees to be higher than Makaeff's because Trump University prevailed at every turn until the 9th Circuit, but the fees are dramatically less.  *See* Catherwood Dec. at p. 4, lines 3-12 and Ex. 1 [Dkt. No. 335-1].

Makaeff's counsel also attacks Trump University's decision to file evidentiary objections to the original declarations (although that it spent no time responding to those objections)[6] and for subpoenaing Makaeff to obtain time records.  Trump University's subpoenas for the time records were supported by the very case law cited by Makaeff in a letter brief to the Court in resolving the discovery dispute over the subpoenas.  *See* Catherwood Supp. Dec. at paragraph 7, and Ex. 3 (Transcript at pp. 7-12).  The Court ultimately sided with Makaeff's counsel, finding it too burdensome to review and redact time records, but cautioned Makaeff's counsel that: "And as I stated earlier, if the Court is not satisfied with the level of specificity that's provided by the plaintiffs in their further pleadings, then the Court will make the appropriate ruling"—given this Court found Makaeff's evidence in the initial briefing to be inadequate.  *See* Catherwood Supp. Dec at Ex. 3, Transcript at p. 16, lines 6-9.

Makaeff's counsel has inexplicably persisted with their strategy to conceal their time records from this Court, which records would be the best evidence to assess the reasonableness of their requested fees.  Makaeff correctly argues that submission of

---

[6] Trump University requests that the Court sustain the evidentiary objections and strike the testimony that is the subject of the evidentiary objections. [Dkt. Nos. 335-2, 335-3, 335-4 and 335-5].  Trump University has also filed objections to the supplemental declarations and requests the Court strike portions of those declarations as well.

time records is not required.  *See* Makaeff's Bill of Fees and Costs at p. 4, lines 1-19 [Dkt. No. 331].  However, the time records would have answered the questions that the supplemental declarations do not.  Makaeff still has not broken down time by attorney with respect to a particular task identified under the general categories (section I. (A)-(Z) in the Jensen Supp. Dec and sections A-T in the Eck Supp. Dec.).  As discussed below, the record before the Court requires a finding that Makaeff failed in her burden to justify her fees because Makaeff did not provide what this Court requested.  Specifically, the court ordered Makaeff to detail "the amount of time each attorney spent on each task".  Supp. Brief Order at p. 6 lines 4-5.  The Court should deny or at most reduce the award as documented by Trump University in its original opposition and this supplemental brief as discussed below.  *See* Catherwood Dec. at Ex. 1 and Catherwood Supp. Dec. at Ex. 5 (the chart provided at Ex. 5 supports the suggested awards below and is incorporated herein by reference).

### A.   Fees Related to the Initial Anti-SLAPP Motion before the District Court Must be Reduced.

The descriptions provided by Ms. Jensen and Ms. Eck in this category do not provide the amount of time spent on each discrete task described at p. 2, lines 4-21 of Jensen Dec and p. 1, lines 25-28, p. 2 lines 1-9 of Eck Dec.  The time is lumped together preventing an assessment of reasonable hours by task.  Jensen's inadmissible hearsay description did not break down hours incurred by each paralegal by task nor did it break down hours spent by Ms. Roach on providing a first draft vs. declarations.  It also did not break down time as to Ms. Lendzion on each research task.  The time also is duplicative, with 2 partners and 1 associate from the Zeldes firm as well as attorneys from Robbins Geller billing time in this category.  Eck's inadmissible hearsay description of what her partner and paralegal did also appear to support a finding of duplicative billing.  Eck's descriptions also lump the time together making it impossible to assess whether time spent on discrete tasks was reasonable.  Thus, the fees in this category should be reduced to $21,150.00

**B.      Fees Related to the District Court Reply Brief Must be Reduced.**

The descriptions provided by Ms. Jensen and Ms. Eck in this category do not provide the amount of time spent on each discrete task described at p. 3 lines 6-15 of Jensen Dec and p. 2, lines 15-26 of Eck Dec., preventing the Court from determining if the hours spent are reasonable.  For example, from Jensen's inadmissible hearsay statements, the Court cannot assess how much time Ms. Lendzion spent reviewing the motion vs. research or how much on each specific research task.  There appears to be duplication with respect to checking the brief by the paralegals.  Eck's statements provided a lumped description without breaking down hours by task—rather she conducted extensive legal research (apparently at the same time Ms. Lendzion was doing this), talked to her client, reviewed documents, prepared a declaration (and then had Jensen review and edit—having two partners edit a declaration is duplicative).  The court cannot assess whether the hours spent are reasonable but can confirm there was duplicative efforts.  Thus, the fees should be reduced to no more than $15,000 in this category.

**C.      Fees Related to the Opposition to Motion to Strike Must be Reduced.**

The descriptions provided by Ms. Jensen and Ms. Eck in this category do not provide the amount of time spent on each discrete task described at pp. 3-4 lines 25-2 of Jensen Dec and p. 3, lines 3-11 of Eck Dec ., preventing the Court from determining if the hours spent are reasonable.  Jensen's inadmissible hearsay statements confirm that the time for lawyers researching and drafting is not only lumped but duplicative—two attorneys researching and drafting.  At the same time Eck declares that she was also researching and drafting opposition which time is lumped and duplicative of Robbins Geller.  Thus, the fees should be reduced to no more than $3,150.00 in this category.

**D.      Fees Related to the District Court Hearing and Preparation Must be Reduced.**

The descriptions provided by Ms. Jensen and Ms. Eck in this category do not provide the amount of time spent on each discrete task described at p. 4 lines 8-12 of the

Jensen Dec and p. 3 lines 15-25 of the Eck Dec., preventing the Court from determining if the hours spent are reasonable. Jensen's inadmissible hearsay description does not provide a breakdown of tasks and appears to be double duplicative with two attorneys at Robbins Geller preparing co-counsel for a hearing. Eck's declaration contains lumping of time for additional researching, review of cases, conversations with the client and the actual argument. The lumping makes it impossible to assess reasonableness per task and the duplicative efforts warrant reductions. Thus, the fees should be reduced to no more than $3,375.00 in this category.

### E. Fees Related to the Motion for Reconsideration Must be Reduced.

The descriptions provided by Ms. Jensen and Ms. Eck in this category do not provide the amount of time spent on each discrete task described at p. 4 lines 17-23 of Jensen Dec and p. 4 lines 1-15 of Eck Dec., preventing the Court from determining if the hours spent are reasonable. Jensen's inadmissible hearsay descriptions are lumped and duplicative. The "team researched and vetted filing a motion for reconsideration. Lendzion "researched. . . and provided an initial draft," others revised and Jensen and Isaacson collaborated on revisions—there is no explanation as to why it took so many attorneys for a simple (and ultimately unsuccessful!) motion for reconsideration— something typically handled by an associate. There also appears to be duplicative efforts of the paralegals. In Eck's inadmissible hearsay statements, she describes work of her partner but does not break time out by discrete tasks including researching, reading cases, speaking with first amendment and anti-SLAPP experts, professors and consultants and preparing a motion. The lumped and duplicative efforts of 2 partners requires denial of the fees. Moreover, the work on this matter was unsuccessful. As stated in Trump University's original objection, this time should be denied. *See* Dkt. No. 335, at p. 11 lines 19-28. Thus, the fees should be reduced to no more than $11,475.00 in this category.

///

///

4850-2354-5888.3

**F.     Fees Related to the Motion for Reconsideration Reply Brief Must be Reduced.**

The descriptions provided by Ms. Jensen and Ms. Eck in this category do not provide the amount of time spent on each discrete task described at p. 5 lines 9-15 of Jensen Dec and p. 4 lines 20-26 of Eck Dec., preventing the Court from determining if the hours spent are reasonable.  The description evidences duplicative efforts: "We also reviewed and revised the reply brief drafted by co-counsel."  Who is "we"?  Additionally, the paralegal work is duplicative.  Eck's declaration lumps time.  Thus, the fees should be reduced to no more than $6,600.00 in this category.

**G.     Fees Related to the Appeal Opening Brief Must be Reduced.**

The descriptions provided by Ms. Jensen and Ms. Eck in this category do not provide the amount of time spent  on each discrete task described at p. 5 lines 23-28 of Jensen Dec and p. 5, lines 4-14 of Eck Dec., preventing the Court from determining if the hours spent are reasonable.  Jensen's inadmissible hearsay description confirms that the time was excessive and a high billing rate partner conducted research that should have been assigned to an associate.  There is lumping of time—"researching and briefing the appeal."  There is duplication with Ms. Jensen reviewing the work of Mr. Isaacson.  There is also duplication of paralegal work.  It also appears Mr. Isaacson used this as a "full employment act" for himself spending 221.75 hours with no breakdown as to what was research and what was drafting.  As noted in Trump University's original objection, Trump University was not opposing the motion to transfer jurisdiction, so no time on this should be allowed.  Moreover, Makaeff's lumping of time does not allow the Court to determine how much time was spent on each task so it should all be denied.  *See* Catherwood Dec. at ¶ 12 [Dkt. No. 335-1].  Eck's inadmissible hearsay statements about her partner's work are lumped and appear duplicative.  She describes research, preparation and revision of the appellate brief, compiling articles, website snapshots.  There is no explanation as to why two highly paid partners were assigned these simple tasks, or why they were involved at all given

4850-2354-5888.3

they also had the "immensely accomplished and revered appellate attorney with more than 20 years of experience," Eric Isaacson, on the job.  Thus the fees should be reduced to no more than $30,075.00 in this category.

**H.    Fees Related to the Opposition to Motion to Stay Must be Reduced.**

The descriptions provided by Ms. Jensen and Ms. Eck in this category do not provide the amount of time spent  on each discrete task described at p. 6 lines 26-23 of Jensen Dec and p. 5, lines 19-27 and p. 6 lines 1-15 of Eck Dec., preventing the Court from determining if the hours spent are reasonable.  Jensen's inadmissible hearsay description confirms undifferentiated duplicative efforts, given there were partners reviewing work of co-counsel and no distinction between time spent reviewing vs. editing and why they needed both Isaacson and Jensen.  Paralegal time is again duplicative.  Eck's declaration has lumped time speaking with opposing counsel, researching and drafting opposition that then was reviewed by not one but two Robbins Geller partners.  The time is excessive and duplicative.  Thus, the fees should be reduced to no more than $5,850.00 in this category.

**I.    Fees Related to the Ninth Circuit Settlement Conference Must be Reduced.**

The descriptions provided by Ms. Jensen and Ms. Eck in this category do not provide the amount of time spent on each discrete task described at p. 7 lines 7-10 of Jensen Dec and p. 6 lines 20-27 of Eck Dec., preventing the Court from determining if the hours spent are reasonable.  Jensen's inadmissible hearsay statements support a finding of duplicative work by two high billing partners.  There is no description of what Ms. Jensen contributed and her time should be denied.  Eck does not break out her time by discrete tasks; she participated in a call with the court, and spoke to her client. The need for lawyers from both firms on the settlement call is not explained and is duplicative.  Thus, the fees should be reduced to no more than $600.00 in this category.

///

///

10

4850-2354-5888.3

**J.**     **Fees Related to the Work with Amicus on Appeal Must be Denied.**

The descriptions provided by Ms. Jensen and Ms. Eck in this category do not provide the amount of time spent on each discrete task described at p. 7 lines 16-22 of Jensen Dec and p. 7 lines 11-26 of Eck Dec., preventing the Court from determining if the hours spent are reasonable.  Jensen's inadmissible hearsay description confirms duplicative work–why did it take three partners to "consult with lawyers for the ACLU and Consumer Attorneys of California."  There is also lack of differentiation of time.  What was spent with respect to the opening brief vs. reply brief, soliciting public support and coordinating amici and amicus briefs? Eck's descriptions are not broken out by task but are lumped and also appear duplicative of Robbins Geller lawyers.  Thus, the fees should be denied entirely as unnecessary, duplicative and excessive.

**K.**     **Fees Related to the Request for Judicial Notice Reply Brief Must be Reduced.**

The descriptions provided by Ms. Jensen and Ms. Eck in this category do not provide the amount of time spent on each discrete task described at p. 8 lines 2-6 of the Jenson Dec. and p. 8 lines 4-9 of Eck Dec., preventing the Court from determining if the hours spent are reasonable.  Jensen's inadmissible hearsay description is lumped and duplicative (researching and drafting).  The description also confirms that the matter was not properly staffed—why is an $825/hr partner researching and drafting a simple request for judicial notice (and taking 26.5 hours in doing so)?  The time is duplicative—why did both Mr. Merrick and Ms. Jensen need to review a simple request for judicial notice after 26.5 hours were already spent by an "immensely accomplished and revered appellate attorney"?  The description evidences the overzealous, excessive, duplicative, lumped and unchecked billing practices at these firms.  Thus, the fees should be reduced to no more than $3,000.00 in this category.

**L.**     **Fees Related to the Appeal Reply Brief Must be Reduced.**

The descriptions provided by Ms. Jensen and Ms. Eck in this category do not provide the amount of time spent on each discrete task described at p. 8 lines 13-19 of

11

Jensen Dec and p. 8 lines 4-9 of Eck Dec. (Ms. Eck's declaration straddles this category and the preceding category) the lumping makes it impossible to assess reasonableness. Jensen's inadmissible hearsay descriptions lump time, evidence duplicative efforts, improper staffing with an $825/hr partner researching & preparing the brief and no explanation why a $625/hr. partner is reviewing work of an $825/hr partner.  Paralegal time appears duplicative.  There is no explanation as to whether the research of Frame is duplicative of that of Isaacson.  Eck's declaration provides no explanation as to why her involvement was required at all and appears duplicative.  Thus, the fees should be reduced to no more than $15,000.00 in this category.

**M.    Fees Related to the Supplemental Request for Judicial Notice Must be Reduced.**

The descriptions provided by Ms. Jensen in this category do not provide the amount of time spent on each discrete task described at p. 9 lines 2-6 of Jensen Dec., preventing the Court from determining if the hours spent are reasonable.  Jensen's inadmissible hearsay description confirms that there was no effort to have lower billers do the basic research.  The time is lumped.  There is also no explanation as to why an $825/hr partner is doing a supplemental request for judicial notice.  This is work for a paralegal or first year associate.  There is no explanation as to why Mr. Merrick needed to spend any time on this.  Thus, the fees should be reduced to no more than $6,000.00 in this category.

**N.    Fees Related to the Ninth Circuit Appeal Strategy Must be Denied.**

The descriptions provided by Ms. Jensen in this category do not provide the amount of time spent on each discrete task described at p. 9 lines 12-18 of Jensen Dec., preventing the Court from determining if the hours spent are reasonable.  The inadmissible hearsay description requires a finding that the time was duplicative.  Thus, the fees should be denied in this category.

///

///

4850-2354-5888.3

**O.     Fees Related to the Ninth Circuit Hearing Must be Reduced.**

The descriptions provided by Ms. Jensen and Ms. Eck in this category do not provide the amount of time spent on each discrete task described at p. 9 lines 23-28 of Jensen Dec and p. 8 lines 13-24 of Eck Dec., preventing the Court from determining if the hours spent are reasonable.  Jensen's inadmissible hearsay description is lumped with no indication of who did what or how much time was spent on each described task.  The time also appears excessive—why does "an extremely accomplished and well-respected appellate attorney" need to prepare for several weeks for an oral argument?  The description of the work included a mock argument but did not indicate how many hours were devoted to the mock argument vs. the real argument vs. other preparation activities to assess whether the entire 69.5 hours expended by Isaacson was necessary or reasonable.  Eck's inadmissible hearsay declaration regarding her associate's time supports a finding of duplicative lawyering.  The participation in mock oral argument appears to be something that should not be billed as it is educational as opposed to time that one can pass on to a private client as discussed in Trump University's original opposition at p. 13 [Dkt. No. 335].  Thus, the fees should be reduced to no more than $7,500.00 in this category.

**P.     Fees Related to the Research Regarding Possible 28(j) Letter Must be Denied.**

The hearsay inadmissible description provided by Ms. Jensen in this category do not provide the amount of time spent on each discrete task described at p. 10 lines 15-20 of Jensen Dec., preventing the Court from determining if the hours spent are reasonable.  The time appears excessive and unnecessary.  Thus the fees should be denied.

**Q.     Fees Related to the Opposition to Trump's Petition for Hearing *En Banc* Must be Reduced.**

The descriptions provided by Ms. Jensen and Ms. Eck in this category do not provide the amount of time spent on each discrete task described at p. 10 lines 25-28, p. 11 lines 1-8 of Jensen Dec and p. 9 lines 2-10 of Eck Dec., preventing the Court from

13

determining if the hours spent are reasonable.  Jensen's inadmissible hearsay testimony does not break down time by each task described—who did what research, who drafted what?  There also appears to be duplication of efforts—why are 3 attorneys drafting one simple motion.  There is no description of what was done by Mr. Green, Mr. Merrick or Ms. Lendzion.  Eck's hearsay declaration likewise does not unlump the time for research, preparing opposition or conferences with the client.  It also appears duplicative of the time spent by the Robbins Geller attorneys.  Thus, the fees should be reduced to no more than $6,000.00 in this category.

**R.      Fees Related to the Work with Amicus on En Banc Opposition Must be Denied.**

The descriptions provided by Ms. Jensen and Ms. Eck in this category do not provide the amount of time spent on each discrete task described at p. 11 lines 22-27 of Jensen Dec and p. 9 lines 17-24 of Eck Dec., preventing the Court from determining if the hours spent are reasonable.  Jensen's inadmissible hearsay statements do not break down time by task as to who did what.  There also appears to be high billing partners doing the task of an associate.  The work also appears duplicative—3 high billing partners soliciting support at Robbins Geller and based on Eck's statements she too was spending time talking to Consumer and BBB attorneys to solicit support.  Not only should this not be charged to a paying client (see Trump University's original opposition at p. 13[Dkt. No. 335]) but it is clearly duplicative.  Thus, the fees should be denied.

**S.      Fees Related to the Strategy Regarding the Remand and the Motion to Transfer Fee Motion to District Court Must be Reduced.**

The descriptions provided by Ms. Jensen and Ms. Eck in this category do not provide the amount of time spent on each discrete task described at p. 12 lines 8-20 of Jensen Dec and p. 10, lines-11 of Eck Dec., preventing the Court from determining if the hours spent are reasonable.  Jensen's inadmissible hearsay statements lump the time—drafting, strategizing, researching—and support a finding that the efforts of

14

counsel were duplicative.  The drafting done by Isaacson could have been done by a lower rate biller.  There also appear to be too many cooks in the kitchen.  Eck's statements further support a finding of duplicative billing, in addition to Robbins Geller attorneys conducting research, she, too was doing the same thing.  Thus, the fees should be reduced to no more than $300.00 in this category.

### T.    Fees Related to the Makaeff Deposition Preparation and Document Production Must be Reduced.

The descriptions provided by Ms. Jensen and Ms. Eck in this category do not provide the amount of time spent on each discrete task described at p. 13 lines 5-27 of Jensen Dec and p. 10, lines 15-26 of Eck Dec., preventing the Court from determining if the hours spent are reasonable.  Jensen's inadmissible hearsay descriptions are lumped and appear duplicative.  The time is not broken down as to how much time was spent in negotiations, preparation of the witness, research, drafting, etc.  There is also no breakdown of travel time.  Eck's inadmissible hearsay statements confirm that there were duplication of efforts and the lumped description prevents assessment of reasonableness per task.  The time spent preparing for a 2 hour maximum deposition with an agreed limited scope regarding malice, of a client that had already sat for 3 other depos and thus presumably already knew the ropes, is excessive.  On any of these points, the Court should deny the requested fees.  Thus, the fees should be reduced to no more than $2,100.00 in this category.

### U.    Fees Related to the Supplemental Brief Regarding Actual Malice Must be Reduced.

The descriptions provided by Ms. Jensen and Ms. Eck in this category do not provide the amount of time spent on each discrete task described at p. 14 lines 11-20 of Jensen Dec and p. 11, lines 19-27 of Eck Dec., preventing the Court from determining if the hours spent are reasonable.  Jensen's inadmissible hearsay statements provide no explanation as to why Ms. Jensen required two partners to review her brief.  The paralegal time appears duplicative.  The time spent by Ms. Jensen, nearly 40 hours, is

15

excessive.  Eck's additional work on this task adds to the excessive, duplicative, and overstaffing of this matter.  Her descriptions are also lumped preventing assessment of reasonable time per task.  Thus, the fees should be reduced to no more than $4,500.00 in this category.

**V.    Fees Related to the Supplemental Reply Brief Regarding Actual Malice Must be Reduced.**

The descriptions provided by Ms. Jensen and Ms. Eck in this category do not provide the amount of time spent on each discrete task described at p. 15 lines 6-15 of Jensen Dec and p. 11, lines 19-27 of Eck Dec., preventing the Court from determining if the hours spent are reasonable.  Jensen's inadmissible hearsay statements lump the description of services with no breakdown of how much time was spent on research vs. drafting to assess reasonableness.  Eck's descriptions are lumped (research, document review, communications with "experts", drafting the brief and declaration).  This time also appears duplicative of the Robbins Geller firm.  Thus, the fees should be reduced to no more than $3,000.00 in this category.

**W.    Fees Related to the Hearing on Actual Malice Must be Reduced.**

The descriptions provided by Ms. Jensen and Ms. Eck in this category do not provide the amount of time spent on each discrete task described at p. 15 lines 22-28 of Jensen Dec and p. 12, lines 18-26 of Eck Dec., preventing the Court from determining if the hours spent are reasonable.  Jensen's inadmissible hearsay statements confirms duplication of efforts and no explanation as to why two attorneys needed to prepare the person arguing the motion.  Eck's hearsay statements do not explain the need for another partner and associate working on the argument, given the already heavy fire power from Robbins Geller.  The time is also lumped (preparing, reviewing).  Thus, the fees should be reduced to no more than $3,000.00 in this category.

**X.    Fees Related to the Time Spent on Multiple Tasks Must be Denied.**

The inadmissible hearsay description with respect to Mr. Isaacson's time and the description of her own time provided by Ms. Jensen in this category do not provide the

amount of time spent on each discrete task described at p. 16, lines 10-19 of Jensen Dec., preventing the Court from determining if the hours spent are reasonable.  The time is lumped with no breakdown between researching and preparing for argument.  This also appears duplicative of the time under section "P", above.  Thus, the fees should be denied.

### Y.    Fees Related to the Paralegal Support Must be Denied.

The inadmissible hearsay description provided by Ms. Jensen in this category does not provide the amount of time spent on each discrete task described at p. 16 lines 26-28 of Jensen Dec.  There is no breakdown as to how much time was spent on each motion.  Also, this appears duplicative of the descriptions for paralegal time in the prior sections.  Thus, the fees should be denied.

### Z.    Fees Related to the Bill of Fees and Costs Must be Denied.

Robbins Geller did not charge for its time in this category (thankfully, as that would have been duplicative and excessive given the work by the Zeldes firm).  The Eck declaration at p. 13, lines 12-23 describes, with inadmissible hearsay as to the time of other billers, the work done on the Bill of Costs.  The time is lumped and thus the Court cannot assess reasonableness or whether the tasks were properly assigned.  Moreover, this time was not quantified in the original notice.  Makaeff simply requested she be able to seek such fees but the Supp. Brief Order did not invite Makaeff to include the actual fees.  Thus, the fees should be denied.

### III.    TRUMP UNIVERSITY'S PROPOSED LOADSTAR IS CONSISTENT WITH WHAT IT TAKES TO WIN AS EVIDENCED BY ITS SUCCESS AT EVERY STAGE EXCEPT THE 9TH CIRCUIT

Makaeff argues that Trump University's Exhibit 1 to the Catherwood Dec. [Dkt 335-1] is whimsical document (MSB at p. 9 footnote 8).  However, given the inadequacy of Plaintiff's Bill of Fees and Costs, Trump University was forced to do Makaeff's work for her and now is criticized that the time is not reflective of reality.  First, the Exhibit did include time spent by Jill Martin, in house counsel.  *See* Catherwood Supp. Dec. at paragraph 10.  Second, this was a simple anti-SLAPP

17

motion.  Makaeff's counsel admits they were inexperienced.  *See* Footnote 2, supra. This statement ignores the fact they try to justify higher fees claiming that the difference in Trump University's proposal and the actual hours under taken is simply "the prevailing party's attorney—who after all, did prevail-spent more time because she did better work," citing 244 F.3d at 1151 (MSB at p. 9 line 19-23).  Trump won (and, thus Makaeff would conclude, did better work) up until the 9th Circuit.  Thus, the fees of Trump University are relevant in this case and justify a finding by this Court that the request should be reduced to no more than $147,675.00.

## IV.   COLLABORATION RESULTED IN DUPLICATIVE AND EXCESSIVE FEES

Makaeff had not one, but two law firms working on the anti-SLAPP motion with multiple partners billing time, none of whom had any experience with anti-SLAPP motions.  A review of the supplemental declarations confirms that there were seven partners, four associates, two staff attorneys and one paralegal that worked on each task. This staffing is inefficient and unreasonable.  Moreover, the lack of experience with anti-SLAPP motions mandates a conclusion that the collaboration between firms was the "blind leading the blind," and collaboration with outside parties was not necessary. What Makaeff's counsel should have done was engage special counsel experienced in these matters rather than using this case as an opportunity to educate themselves.  They would not get away with charging a private client premium rates to educate themselves, but ask this Court to overlook their inexperience and even award a multiplier.  This would be inconsistent with applicable law.

## V.   NO UPWARD MULTIPLIER IS JUSTIFIED

In contingency cases, fee awards are not negotiated at arm's length, so there is a risk of overcompensation. A district court thus awards only the fee that it deems reasonable.  *See Hensley*, 461 U.S. at 433.  Makaeff attempts to garner the sympathy of this Court by vilifying Trump University and equating it with "a celebrity like Donald Trump".  MSB at p. 5, lines 6.  Mudslinging to distract the Court into giving a multiplier
///

4850-2354-5888.3

because the Court does not like the defendant is not a proper reason to increase a fee award.[7]

In considering a multiplier, there is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan v. Multnomeh County*, 815 F.2d 1258, 1262 (9th Cir. 1987). An upward adjustment of the lodestar is appropriate only in extraordinary cases, such as when the attorneys faced exceptional risks of not prevailing or not recovering any fees. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1212 (9th Cir. 1986). In a Ninth Circuit decision, the court declined to apply a multiplier on a contingency case in the fee shifting context. *Gates v. Deukmejian*, 987 F.2d at 1403.

Makaeff asks the Court to ignore 9th Circuit law and apply state law which allows multipliers for contingency cases. In its original opposition Trump University acknowledged that in California superior courts "[a]n enhancement of the lodestar amount to reflect the contingency risk is "[o]ne of the most common fee enhancers …." *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 579 (2004); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). However, even under state law, as explained in *Ketchum*, the lodestar enhancement "is intended to approximate market-level compensation for such services, which typically includes a premium for the risk of nonpayment or delay in payment of attorney fees." *Id.* at p. 1138.

As noted in the original opposition [Dkt. No. 335], Makaeff's attorneys are not sole practitioners, in fact they had seven partners working on a simple Anti-SLAPP motion at hourly rates ranging from $600-825, as compared to Trump University's three lawyer team who are based in San Diego all with rates of $400 or less and San Diego rates in the $200-400 range based upon reported decisions and Exhibit "A" to the Olson Dec. at p. 62 of 135. *See* Opposition at p. 18 lines 16-22 and Catherwood Dec. at ¶ 7 [Dkt. No. 335 and 335-1]. Makaeff's supplemental brief provided no basis for a

---

[7] As noted in the original opposition, Donald Trump was not a party to the counter-claim. Moreover, this is not a popularity contest, the focus is on whether the time spent was reasonable, not on whether the Court likes a particular party and thus, Makaeff's mudslinging is non-productive and irrelevant.

multiplier and did not respond to the reasons to deny the multiplier set forth in Trump University's original opposition at pp. 16-20 [Dkt. No. 335] which arguments are incorporated herein by this reference and justify denial of a multiplier even under California law.  Additionally, although the matter extended for four years, the actual time elapsed during the actual working periods related to the Motion was approximately 15 months.  *See* Catherwood Dec. at Ex 1.  There was no justification for a multiplier in this case and the policy described above supports this conclusion.

## VI.   <u>THE COURT SHOULD ADOPT TRUMP'S PROPOSED REDUCTIONS</u>

It is Makaeff's burden to establish that her fees are reasonable.  Here, like the original motion, the supplemental briefing falls short.  By breaking up the description of the time into two separate declarations, without a cohesive chart, and lumping the time makes it impossible for this Court to make a finding of reasonableness.  Once again, Trump University is forced to put the information provided by Makaeff into a comprehensive chart to highlight for the Court that the fees are not reasonable and must be reduced as recommended by Trump University.  This has been done in the Catherwood Supp. Dec. at Ex. 5.

The proposal by Trump University is appropriate based upon the reasonable rates charged in the San Diego community.  Makaeff's supplemental brief did not address any of the cases cited to the court in Trump University's original opposition at pp. 13-16 [Dkt. No. 335] which are incorporated herein by this reference.  The case law establishes that a reasonable rate for Anti-SLAPP motions in the San Diego community is less than $400 per hour, with less experienced counsel commanding rates closer to $200 per hour.

A blended hourly rate of $300 is also appropriate because, at best, associate level billing rates should be applied for all tasks given the lack of experience of the partners on the file with respect to Anti-SLAPP motions.  The fact that the associate and staff attorneys working on the case only billed 516.55 hours collectively, and the seven partners billed 1402.80 hours collectively, evidences the top-heavy staffing resulting in

unreasonable high lodestar sought by Makaeff.  The Court should impose an across the board rate, blended hourly rate of no more than $300 per hour.

Based upon the forgoing, the lodestar fee should be calculated using no more than 492.25 hours times $300 blended hourly rate for a total lodestar fee of $147,675.00.  *See* Catherwood Dec. at Ex. 1, Catherwood Supp. Dec. at Ex. 5.

## VII.   <u>THE COSTS ARE EXCESSIVE</u>

Makaeff seeks to recover costs in the following categories:  (1) Meals, hotels & transportation; (2) photocopies; (3) facsimile; (4) messenger, overnight delivery; (5) video deposition of Makaeff; (6) Lexis, Westlaw, online library research; (7) publications; and (8) Miscellaneous deposition costs.  The Court should deny the request.

Eck's Supp. Dec. does not break out the $2,057.80 in costs for research but lumps it for "all briefing, depositions, appeal and preparation described above" thus the cost must be denied because it is lumped.  The meals charged for the 9th Circuit oral argument should be denied because Eck did not do the argument and neither did A. Olsen.  The hotel for Makaeff's deposition is duplicative.  There is no explanation as to why lawyers from two firms needed to attend an agreed-in-advance 2-hour, limited scope deposition.  Parking should also be denied.  There is also no justification for charging a client for her attorneys' meal after a hearing or travel expenses for actual malice/anti-SLAPP hearing.  The photocopy costs and postage should also be denied under CCP section 1033.5(b).  The Robbins Geller firm has acknowledged this statute and withdrawn their request for these costs.

The Robbins Geller firm still seeks reimbursement for legal research done by their highest billing rate partner.  The court should not allow both the research cost and the high hourly rate.  There is no explanation as to why Isaccson did more than 90% of the research.  There is also no explanation as to why one would buy publications given on line access and those costs to supplement their library should not be charged to the client.  The charge of $225.05 for lunch after the 9th Circuit hearing is not compensable

since it was for the "team" and they admit not all who attended were necessary.  The meals for the deposition are also improper given so many attorneys attended a simple, two hour depostion.  Likewise the hotel costs were also overreaching—only one room was needed because only one attorney was needed to defend the deposition.  The Costs should thus be denied as improper.

## VIII.  <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully request that the Court deny Makaeff's Motion, or at a minimum substantially reduce the requested fees to no more than $147,675.00, deny all costs, and grant such further and other relief the Court may deem appropriate.

Dated:  **December 23, 2014**

**FOLEY & LARDNER LLP**
NANCY L. STAGG
BENJAMIN J. MORRIS


By:   _s/ Nancy L. Stagg_
    NANCY L. STAGG
    Attorneys for Defendants Trump
    University, LLC and Donald J. Trump
    nstagg@foley.com

4850-2354-5888.3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on **December 23, 2014** to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

*s/ Nancy L. Stagg*
Nancy L. Stagg

4850-2354-5888.3