NANCY L. STAGG CA Bar No. 157034
  nstagg@foley.com
BENJAMIN J. MORRIS CA BAR No. 260148
  bmorris@foley.com
**FOLEY & LARDNER LLP**
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130-3302
TELEPHONE:   858.847.6700
FACSIMILE:    858.792.6773

JILL A. MARTIN CA Bar No. 245626
  jmartin@trumpnational.com
C/O **TRUMP NATIONAL GOLF CLUB LOS ANGELES**
ONE TRUMP NATION DRIVE
RANCHO PALOS VERDES, CA 90275
TELEPHONE:   310.303.3225
FACSIMILE:    310.265.5522

Attorneys for Defendants Trump University, LLC
and Donald J. Trump

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, SONNY LOW, J.R. EVERETT, AND JOHN BROWN, on behalf of themselves and all others similarly situated, ED OBERKROM, and BRANDON KELLER, individually,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>TRUMP UNIVERSITY, LLC (aka Trump Entrepreneur Initiative), a New York Limited Liability Company, DONALD J. TRUMP, and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No:  10-cv-0940 GPC (WVG)<br><br>CLASS ACTION<br><br>**SUPPLEMENTAL DECLARATION OF KATHRYN M.S. CATHERWOOD IN SUPPORT OF TRUMP UNIVERSITY'S SUPPLEMENTAL BRIEF IN OPPOSITION TO MAKAEFF'S BILL OF FEES AND COSTS** |

I, Kathryn M.S. Catherwood, declare:

1. I am an attorney licensed to practice before all courts in the State of California and before this Court. I am a partner at the law firm of Foley & Lardner LLP, counsel of record for Trump University, LLC and Donald J. Trump (collectively, "Defendants") in this matter.

2. Trump University engaged Foley & Lardner who substituted into this case as counsel of record on May 12, 2014 [Dkt. No. 323] and therefore, I was not involved in this case prior to the final hearing regarding the Anti-SLAPP motion and filing of Plaintiffs' Bill of Fees and Costs ("Motion").

3. Notwithstanding the lack of first-hand knowledge of the proceedings between the parties, my experience includes over 23 years of practicing before state and federal courts, including in bankruptcy courts, primarily in San Diego, California. I have extensive experience in reviewing and assessing reasonableness of fees and costs incurred in cases both in bankruptcy pursuant to the fee application process and with statutory rights to attorneys' fees and fee shifting statutes. I have been involved in both preparing fee applications in bankruptcy court and objecting to fee applications by other professionals employed in bankruptcy cases, as well as cases involving fee shifting statutes. I have personal knowledge of the facts set forth herein and, if called upon to testify, could and would competently testify thereto.

4. Pursuant to this Court's Order, Dkt. No. 358, this Court ordered:

> IT IS HEREBY ORDERED that Makaeff shall submit supplemental briefing breaking down the attorney fees and costs in relation to the Bill for Fees and Costs. As Makaeff failed to include a more detailed breakdown, the breakdown in Makaeff's supplemental brief shall not include any time spent on the supplemental brief submitted pursuant to this order. Makaeff shall submit her supplemental brief by **December 12, 2014,** and Trump University may file a supplemental brief in opposition on or before **December 23, 2014**.

5. I reviewed Makaeff's Supplemental Brief [Dkt. No. 364], and supporting declarations of Amber Eck [Dkt. No. 364-2] and Rachael Jensen [Dkt. No. 364-1] and was unable to assess the reasonableness of the fees and costs for each task based upon

2

10-CV-0940 GPC (WVG)

the supplemental declarations because the descriptions provided did not include how many hours were spent by each attorney on a specific task (research vs. drafting, for example), but were lumped in broad, general categories.  This appears inconsistent with this Court's order requiring supplemental briefing (the "Order") [Dkt. No. 358] which stated:  "The Court, therefore, orders Makaeff to submit additional briefing detailing the amount of time each attorney spent on each task." *See* Order at p. 6, ll. 4-5.

6. Makaeff also did not provide her time records which would have provided the required information as to how many hours were incurred and by which of the 8 attorneys working on the case at the Robbins Geller firm and the 4 attorneys working on the case at the Zeldes Haeggquist firm with respect to each of the discrete tasks identified in the supplemental declarations (e.g. In the category of "Initial Anti-SLAPP Motion before the District Court" Jensen describes tasks in that category at p. 2 of her declaration, including, without limitation, calls with other practitioners and co- counsel, meetings with the team, assigning research, preparing draft motion and declaration. Jensen then provides the hearsay description that Paula Roach was assigned tasks of drafting a motion and declaration but the chart outlining the hours spent only provided that she spent 43.75 hours under the general category but no explanation as to how many hours were for research and how many for drafting.  The chart also showed that Jensen spent 39.5 hours but there is no breakdown of hours on each discrete task she described she undertook, such as reviewing research, reading cases, revising the motion, revising declarations, meeting with people, etc.. Eck's supplemental declaration similarly lacks information with respect to time spent by Eck, Zeldes and Olsen on the specific tasks described, including, conversations with the client, conversations with Schneider, preparing declarations, etc.  This lack of specificity by discrete task continues for all categories.

7. Trump University subpoenaed the time records and I prepared the letter brief to the Court and participated on the conference call with the Court regarding Makaeff's request to quash and Trump University's efforts to proceed with a motion to

compel. Copies of the letter brief of Makaeff, the letter brief of Trump University, the Transcript of the conference with the Court and the Court's order are attached hereto as Exhibits 1, 2, 3, and 4, respectively. Although, the Court relieved Makaeff's counsel from the burden of responding to the subpoenas, the Court noted: "And as I stated earlier, if the Court is not satisfied with the level of specificity that's provided by the plaintiffs in their further pleadings, then the Court will make the appropriate ruling." *See* Transcript of Telephonic Discovery Conference December 11, 2014 at 10:00 a.m. at p. 16, ll. 6-9, Exhibit 3, hereto.

8. Being again left without the benefit of the actual attorney time breakdown by discrete task, or the time records, I undertook the task of updating the chart, previously submitted with my original declaration as Exhibit 1 [Dkt. No. 335-1], with each of the general categories described in the supplemental declarations of Eck and Jensen and my renewed suggestion to the Court as to what would be a reasonable amount of fees for the categories related to the Anti-SLAPP motion and appeal. A true and correct copy of that updated chart is attached hereto as Exhibit 5.

9. As noted in my prior declaration, I prepared the chart and the suggested reasonable hours to complete the specific category of work after reviewing reported decisions involving Anti-SLAPP attorneys' fees motions in the San Diego community to assess reasonable hourly rates for this type of work in San Diego and found the following cases approved rates in Anti-SLAPP cases ranging from $72-$375. *Ravet v. Stern*, 2010 U.S. Dist. LEXIS 79589; *Fleming v. Coverstone*, 2009 U.S. Dist. LEXIS 22083, 2009 WL 764940, at *7 (S.D. Cal. 2009); *Cornwell v. Belton*, 2008 U.S. Dist. LEXIS 907, 2008 WL 80724 (S.D. Cal. 2008); *John Brown Kearney v. Foley & Lardner,* 2008 U.S. Dist. Lexis 21115 (USDC SD CA May 18. 2008); *Stanley P. Berman v. Julie McManus,* 2012 U.S. Dist. Lexis 58763 (ED CA April 26, 2012). I did not do exhaustive research on this topic in the interest of avoiding increased fees and costs but believe that the cases I found are representative of the hourly rates typically charged and approved in the San Diego community for Anti-SLAPP motions.

10. As noted in my prior declaration, in preparing the chart, I reviewed the invoices of prior counsel for Trump University, Yunker & Schneider, to confirm that the time suggested as reasonable in Exhibit 5 for each general category was consistent with time actually spent by Trump University which, to clarify, also included the time spent by Jill Martin.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct except for those matters stated on information and belief and as to those matters, I believe them to be true. I hereby execute this declaration on December 22, 2014 at San Diego, California.

s/ Kathryn M.S. Catherwood
KATHRYN M.S. CATHERWOOD

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 23, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

                         *s/ Nancy L. Stagg*
                         Nancy L. Stagg