# EXHIBIT TABLE OF CONTENTS

**Exhibit**                                                                    **Page No.**

1.  Makaeff's Letter Brief.................................................................. 8

2.  Trump University's Letter Brief .................................................. 39

3.  Transcript of Telephonic Conference with Court re
    Discovery Dispute Over Time Records ........................................ 58

4.  Minute Order re Discovery Dispute............................................. 77

5.  Trump University Updated Chart of Suggested Reasonable
    Fees by Task................................................................................. 80

4828-1152-3100.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **EXHIBIT 1**

(Makaeff's Letter Brief)

**ROBBINS GELLER**
**Rudman & Dowd** LLP

| | | | | |
|---|---|---|---|---|
| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Rachel L. Jensen
RachelJ@rgrdlaw.com

December 10, 2014

<u>VIA ELECTRONIC MAIL</u>

Hon. Gonzalo P. Curiel
United States District Court
Southern District of California
221 West Broadway, Suite 2190
San Diego, California 92101

     Re:   *Makaeff, et al. v. Trump University LLC, et al.*,
          Case No. 3:10-cv-0940-GPC-WVG

Dear Judge Curiel:

     Pursuant to Your Honor's request, plaintiff Tarla Makaeff and Class Counsel hereby submit this letter brief to address defendant/former counter-complainant Trump University's improper subpoenas *duces tecum* directed toward the law firms of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Zeldes Haeggquist & Eck, LLP ("ZHE") (collectively, "Class Counsel"), as well as its request for production of documents to plaintiff/former counter-defendant Tarla Makaeff. Continuing with its scorched-earth tactics, Trump University has, without leave of this Court, propounded broad discovery requests, seeking all the backup documentation, including underlying time entries, for Makaeff's Bill of Fees and Costs. Class Counsel requests that the Court quash these subpoenas pursuant to Fed. R. Civ. P. 45(d)(3)(A) because: (i) the information sought has no relevance to any claim or defense that has not been previously stricken; (ii) this Court did not request or authorize discovery in connection with Makaeff's Bill of Fees and Costs; and (iii) the information sought includes Class Counsel's work product.[1]

**I.    Background**

     As this Court is aware, in retaliation for this class action against Trump University on April 30, 2010, Trump University sued Makaeff for a million dollars for alleged defamation. *See* Dkt. Nos. 1 & 4. Makaeff filed an anti-SLAPP motion, which the parties litigated up to the Ninth Circuit and back, and she eventually prevailed after nearly four years of hard-fought, intensive litigation, resulting in the striking of the defamation counterclaim. On June 17, 2014, this Court ordered Makaeff to file her Bill of Fees and Costs pursuant to the anti-SLAPP statutory provision for mandatory attorney's fees. *See* Dkt. No. 328; *see also* Cal. Code Civ. P. §425.16(c)(1).

     On July 3, 2014, Makaeff filed her Bill of Fees and Costs, along with declarations from Class Counsel and two anti-SLAPP experts, Karl Olson and Carol Sobel. *See* Dkt. No. 331. Trump University opposed the Bill of Fees and Costs on July 18, 2014, moving to strike all the declarations filed by Makaeff. Dkt. No. 335. On July 22, 2014, Makaeff filed a Notice of Deficiency and Intended Non-Response. Dkt. No. 336.

---

[1]    Alternatively, the Court may issue a protective order pursuant to Fed. R. Civ. P. 26(c)(1), shielding Class Counsel's billing records from discovery.

**Robbins Geller**
**Rudman & Dowd LLP**

Hon. Gonzalo P. Curiel
December 10, 2014
Page 2

On November 18, 2014, the Court ordered supplemental briefing on the Bill of Fees and Costs. *See* Dkt. No. 358. Therein, the Court asked Makaeff to "submit additional briefing detailing the amount of time each attorney spent on each task" by December 12, 2014. *Id.* at 6. The next day, Trump University served subpoenas *duces tecum* on Robbins Geller and ZHE as well as requests for production of documents on Makaeff seeking virtually all the supporting and underlying records referenced in Class Counsel's declarations, including among other things, the underlying time entries of class counsel and all the expense records. On December 2, 2014, Class Counsel timely served objections to the subpoenas. *See* Exs. 1-2.

On December 9, 2014, counsel met and conferred telephonically. During that call, Class Counsel requested that Trump University cancel the subpoenas. Trump University refused. Defense counsel asked Class Counsel to call Magistrate Judge Gallo concerning the dispute, and the undersigned counsel agreed to make herself available to do so. Later that same day, counsel for the parties called Magistrate Judge Gallo's Chambers to advise of the dispute. On December 10, 2014, the Court requested that plaintiffs submit this letter briefing setting forth the background of the dispute in advance of the December 11, 2014 conference call.

## II.   The Court Should Quash the Subpoenas Directed at Class Counsel's Law Firms and Document Requests Propounded on Makaeff

For the reasons forth below, Makaeff and Class Counsel respectfully request that the Court exercise its "inherent powers" necessary "'to achieve the orderly and expeditious disposition of cases'" and quash Trump University's subpoenas *duces tecum* and the document requests propounded on Tarla Makaeff pertaining to the attorneys' fees and costs incurred in the prosecution of the anti-SLAPP motion. *See Unigard Sec. Ins. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (citation omitted).

### A.   The Information Sought Is Not Relevant to Any Pending Claim or Defense

There can be no reasonable dispute that the discovery sought is solely for purposes of challenging Makaeff's Bill of Fees and Costs filed in connection with the stricken million-dollar counterclaim. As the U.S. Supreme Court has stated: "[I]t is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978). In the ongoing class action claim, Plaintiffs allege on behalf of themselves and the Class that they were defrauded by Trump University and Donald Trump into spending millions of dollars on the misleadingly advertised "Trump University." Class Counsel's time entries and expense records relating to the prosecution of the anti-SLAPP motion against Trump University's defamation counterclaim are neither relevant to nor reasonably calculated to lead to admissible evidence on the claims at issue in the ongoing class action lawsuit. Not only is this manifest on its face, but Judge Gonzalez also noted that counterclaim raised distinct issues from the underlying action. *See* Dkt. No. 58 at 4. Given that the counterclaim has now been stricken, the discovery does not relate to any pending claim or defense.

990463_2

Exhibit 1

000010

# Robbins Geller
## Rudman & Dowd LLP

Hon. Gonzalo P. Curiel
December 10, 2014
Page 3

**B.      The Court Has Not Authorized Discovery Concerning the Bill of Fees
and Costs**

The U.S. Supreme Court has cautioned that "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Therefore, "a court is well within its discretion to deny discovery in fee disputes that would lead to 'wasteful and time-consuming satellite litigation.'" *Muniz v. UPS*, No. C-09-01987-CW (DMR), 2011 U.S. Dist. LEXIS 11219, at *9 (N.D. Cal. Jan. 28, 2011) (citation omitted). Here, defendants seek needless and expansive discovery as part of their continued campaign to harass and burden Makaeff and her counsel. Plaintiffs offered to provide complete billing records to the Court *in camera* if the Court so requested. It is our understanding that the Court has not requested the time entries or discovery into those time and expense records. Class Counsel's individual time entries are not necessary to support an award of fees and expenses. *See Hartless v. Clorox Co*., 273 F.R.D. 630, 644-45 (S.D. Cal. 2011). As such, Makaeff does not believe this discovery has been, or should be, permitted at this time.

**C.      The Subpoenas Seek Documents and Information Protected by the
Attorney-Client Privilege and Work-Product Doctrine**

Finally, the Court should quash the subpoenas – or in the alternative issue a protective order – to protect any privileged information contained in these records. "[B]ills, ledgers, statements, time records and the like which also reveal the nature of the services provided, such as researching particular areas of law, also should fall within the privilege." *In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir. 1982). Class Counsel's underlying time entry records contain information protected by the work-product doctrine and attorney-client privilege regarding, among other things, the details of legal research, factual investigations, production of documents and communications with experts. Information that divulges the impressions and strategy of counsel must remain protected. Accordingly, we have offered to provide this information **to the Court** for its *in camera* review and remain willing to do so upon request.

Very truly yours,

RACHEL L. JENSEN

RLJ:jpi
Enclosures

Exhibit 1

# EXHIBIT 1

Exhibit 1



ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON A. FORGE (181542)
jforge@rgrdlaw.com
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
HELEN I. ZELDES (220051)
helenz@zhlaw.com
ALREEN HAEGGQUIST (221858)
alreenh@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
625 Broadway, Suite 1000
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Class Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRUMP UNIVERSITY, LLC, et al.,<br><br>Defendants. | No. 3:10-cv-0940-GPC(WVG)<br><br>CLASS ACTION<br><br>NON-PARTY ROBBINS GELLER RUDMAN & DOWD LLP'S RESPONSES AND OBJECTIONS TO DEFENDANT TRUMP UNIVERSITY, LLC'S SUBPOENA *DUCES TECUM* |

[Caption continued on following page.]

987973_1

Exhibit 1

000013

1 TRUMP UNIVERSITY, LLC,                    )
                                           )
2                    Counterclaimant,      )
                                           )
3        vs.                               )
                                           )
4 TARLA MAKAEFF, et al.,                   )
                                           )
5                    Counter defendants.   )
  _____)
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

987973_1

Exhibit 1

000014

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Robbins Geller Rudman & Dowd LLP ("Robbins Geller") hereby submits these responses and objections to Trump University, LLC's ("Trump") subpoena *duces tecum*.

## I.   GENERAL STATEMENTS AND OBJECTIONS

The following General Objections are incorporated into and are part of each specific response by Robbins Geller.

1.   Robbins Geller objects to the subpoena because nothing in the Court's order of November 18, 2014 (Dkt. No. 358) authorizes the parties to conduct any discovery relating to Tarla Makaeff's Bill of Fees and Costs.

2.   Robbins Geller objects to the subpoena because the requests do not relate to any claim or defense currently pending in *Makaeff v. Trump University, LLC*, nor are the requests reasonably calculated to lead to the discovery of admissible evidence as to any pending claim or defense.

3.   Robbins Geller further objects to the subpoena in its entirety because the only claim or defense that it could possibly relate to is Trump's counter-claim of defamation against Makaeff, which has already been stricken by Judge Curiel.

4.   Robbins Geller objects to the subpoena because the only responsive documents and information are protected by the attorney-client privilege, or the attorney work-product doctrine, or both, and are otherwise confidential and private business information.

5.   Robbins Geller objects to the subpoena because it was not timely served. Makaeff filed her Bill of Fees and Cost on July 3, 2014 (Dkt. No. 331), and Trump filed its opposition on July 18, 2014 (Dkt. No. 335).

6.   Robbins Geller objects to the subpoena, including the definitions, which purports to impose obligations that are not imposed by, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, including Rule 45.

7.     Robbins Geller objects to the terms "You" or "Your" as being overly broad by including "all agents, attorneys or servants."  Unless otherwise stated, all responses are on behalf of Robbins Geller only.

## II.    RESPONSES AND SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

Subject to the above-stated General Objections, the more Specific Objections that follow, and specifically reserving their right to supplement or amend these responses, Robbins Geller responds as follows:

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS reviewed and/or relied upon to create the chart contained in paragraph 58 of the Declaration of Rachel L. Jensen in Support of Plaintiff/Counter Defendant Tarla Makaeff's Bill of Fees and Costs (Dkt. No. 331-1) (the "Jensen Dec.") filed in connection with the BILL OF COSTS.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Robbins Geller incorporates herein its General Objections.  This request is not relevant to any pending claim or defense of any party and is not reasonably calculated to lead to admissible evidence in this action.  Robbins Geller further objects that the only possible claim or defense that this request could pertain to is Trump's counter-claim for defamation against Makaeff, which Judge Curiel has stricken.  *See* Dkt. No. 358.  Further, Judge Curiel has not authorized any discovery as to Makaeff's Bill of Fees and Costs.  Robbins Geller further objects on the grounds that the information sought is privileged pursuant to the attorney-client privilege, attorney work-product doctrine, and is Robbins Geller's confidential and private business information.  Specifically, the information sought is Robbins Geller's underlying time entries upon which the chart at paragraph 58 of the Declaration of Rachel L. Jensen in Support of Makaeff's Bill of Fees and Costs ("Jensen Declaration") (Dkt. No. 331-1) is based, and such time entries are protected by the work-product privilege.

Exhibit 1

1    Robbins Geller is willing to meet and confer with Trump to try to reach
2    agreement to cancel the subpoena, or in the alternative, Robbins Geller will meet and
3    confer pursuant to Local Rule 26.1 and thereafter file a motion to quash the subpoena,
4    including this request, if the parties are unable to reach agreement.

5    REQUEST FOR PRODUCTION NO. 2:

6    All DOCUMENTS constituting the "individual time entries (though not
7    required and which Makaeff would be happy to provide, along with more detail as to
8    Makaeff's costs, for the Court's review)" as set forth in footnote 1, page 2, lines 21-23
9    of Plaintiff/Counter Defendant Tarla Makaeff's Notice of Deficiency and Intended
10   Non-response (Dkt. No. 336).

11   RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

12   Robbins Geller incorporates herein its General Objections.  Robbins Geller
13   objects that this request seeks its attorneys' "individual time entries" and detailed
14   "costs," which are not relevant to any pending claim or defense of any party and not
15   reasonably calculated to lead to admissible evidence in this action.  Robbins Geller
16   further objects that this request seeks information that if relevant at all, relates only to
17   the counter-claim for defamation against Makaeff which has been stricken by Judge
18   Curiel.  *See* Dkt. No. 358.  And, though Makaeff offered, Judge Curiel did not request
19   these documents or authorize Trump to take discovery about them.  Robbins Geller
20   further objects that the time and billing entries of each attorney working on the
21   counter-claim and anti-SLAPP motion are subject to the attorney-client privilege,
22   attorney work-product doctrine, and constitute Robbins Geller's confidential and
23   private business information.

24   Robbins Geller is willing to meet and confer with Trump to try to reach
25   agreement to cancel the subpoena, or in the alternative, Robbins Geller will meet and
26   confer pursuant to Local Rule 26.1 and thereafter file a motion to quash the subpoena,
27   including this request, if the parties are unable to reach agreement.

28

1    REQUEST FOR PRODUCTION NO. 3:

2         All DOCUMENTS containing the "time and expense entries" referred to in the

3    Jensen Dec. at paragraph 55 lines 17-18.

4    RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

5         Robbins Geller incorporates herein its General Objections.  Robbins Geller

6    further objects that documents containing Robbins Geller's "time and expense entries"

7    for their work on the anti-SLAPP motion are not relevant to any pending claim or

8    defense of any party and not reasonably calculated to lead to admissible evidence in

9    this action.  Robbins Geller further objects because this request seeks "time and

10   expense entries" for work done in response to Trump's counter-claim for defamation

11   against Makaeff, which has been stricken by Judge Curiel.  *See* Dkt. No. 358.

12   Robbins Geller further objects because this request seeks information related to

13   Makaeff's Bill of Fees and Costs, as this discovery has not been authorized by the

14   District Court, and defendants already responded thereto.

15        Robbins Geller further objects to this request because the "time and expense

16   entries" referred to at paragraph 55, lines 17-18 of the Jensen Declaration includes

17   billing entries that Robbins Geller removed from Makaeff's Bill of Fees and Costs as

18   an "exercise of billing judgment" and are not being sought. *See* Dkt. No. 331-1, ¶55.

19   Robbins Geller further objects their time and billing entries are subject to the attorney-

20   client privilege, attorney work-product doctrine, and constitute Robbins Geller's

21   confidential and private business information.

22        Robbins Geller is willing to meet and confer with Trump to try to reach

23   agreement to cancel the subpoena, or in the alternative, Robbins Geller will meet and

24   confer pursuant to Local Rule 26.1 and file a motion to quash the subpoena, including

25   this request, if the parties are unable to reach agreement.

26

27

28

987973_1                              - 4 -                3:10-cv-0940-GPC(WVG)

Exhibit 1

000018

1  REQUEST FOR PRODUCTION NO. 4:

2      All DOCUMENTS containing the "firm's records of time and expenses and

3  segregated out those entries that relate to the anti-SLAPP proceedings" referred to in

4  the Jensen Dec. at paragraph 43 lines 25-27.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

6      Robbins Geller incorporates herein its General Objections.  Robbins Geller

7  further objects because documents containing the "firm's records of time and

8  expenses" are not relevant to any pending claim or defense of any party and not

9  reasonably calculated to lead to admissible evidence in this action.  Robbins Geller

10 further objects that the "time and expense entries" relate, if at all, only to Trump's

11 counter-claim for defamation against Makaeff, which has been stricken by Judge

12 Curiel.  *See* Dkt. No. 358.  Robbins Geller further objects that this request seeks

13 information related to Makaeff's Bill of Fees and Costs, as this discovery has not been

14 authorized by the District Court.

15     Robbins Geller further objects that the "firm's records of time and expenses"

16 referred to at paragraph 43, lines 25-27 of the Jensen Declaration includes billing

17 entries unrelated to the counter-claim and anti-SLAPP motion, prior to the anti-

18 SLAPP time entries and expenses being segregated out.  *See* Dkt. No. 331-1, ¶43.

19 Robbins Geller further objects that the request seeks billing records related to

20 Plaintiffs' claims, which is premature because those fees and expenses have not yet

21 been sought.  Robbins Geller further objects on the grounds that the the time and

22 billing entries of each attorney working on the anti-SLAPP motion are subject to the

23 attorney-client privilege, attorney work-product doctrine, and are Robbins Geller's

24 confidential and private business information.

25     Robbins Geller is willing to meet and confer with Trump to try to reach

26 agreement to cancel the subpoena, or in the alternative, Robbins Geller will meet and

27 confer pursuant to Local Rule 26.1 and thereafter file a motion to quash the subpoena,

28 including this request, if the parties are unable to reach agreement.

1  REQUEST FOR PRODUCTION NO. 5:

2      All DOCUMENTS containing the Robbins Geller "time and expense printouts

3  prepared by the firm in the ordinary course of business" referred to in the Jensen Dec.

4  at paragraph 54, lines 9-11, including the "backup documentations related to the anti-

5  SLAPP litigation" referred to in the Jensen Dec. at paragraph 54 lines 13-14.

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

7      Robbins Geller incorporates herein its General Objections.  Robbins Geller

8  further objects that documents related to the "time and expense printouts prepared by

9  the firm in the ordinary course of business" are not relevant to any pending claim or

10  defense of any party and not reasonably calculated to lead to admissible evidence in

11  this action.  Robbins Geller further objects to that this request seeks "time and expense

12  printouts prepared by the firm in the ordinary course of business" related only to

13  Trump's counter-claim for defamation against Makaeff, which has been stricken by

14  Judge Curiel.  Dkt. No. 358.  Robbins Geller further objects because the request seeks

15  information in connection with Makeaff's Bill of Fees and Cost, and the District Court

16  has not authorized any discovery relating to such Bill of Fees and Costs.

17      Robbins Geller further objects that the "time and expense printouts prepared by

18  the firm in the ordinary course of business" referred to at paragraph 54, lines 9-11 of

19  the Jensen Declaration includes billing entries for Robbins Geller attorneys and staff

20  that are unrelated to the Trump counter-claim and anti-SLAPP motion.  *See* Dkt. No.

21  331-1, ¶¶54-55.  Robbins Geller further objects that the time and billing entries of

22  each attorney working on the counter-claim and anti-SLAPP motion are subject to the

23  attorney-client privilege, attorney work-product doctrine, and are Robbins Geller's

24  confidential and private business information.

25      Robbins Geller is willing to meet and confer with Trump to try to reach

26  agreement to cancel the subpoena, or in the alternative, Robbins Geller will meet and

27  confer pursuant to Local Rule 26.1 and thereafter file a motion to quash the subpoena,

28  including this request, if the parties are unable to reach agreement.

1  REQUEST FOR PRODUCTION NO. 6:

2      All DOCUMENTS reviewed and/or relied on to create the chart contained in

3  the Jensen Dec. at paragraph 59.

4  RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

5      Robbins Geller incorporates herein its General Objections.  Robbins Geller

6  further objects that the request seeks "costs" in connection with the Trump counter-

7  claim and anti-SLAPP motion, but this discovery is not relevant to any claim or

8  defense of any party and not reasonably calculated to lead to admissible evidence in

9  this action.  Robbins Geller further objects that the only claim to which the request

10  could possibly relate is Trump's counter-claim for defamation against Makaeff, which

11  has been stricken by Judge Curiel.  Dkt. No. 358.  Robbins Geller further objects that

12  the request seeks information related to Makaeff's Bill of Fees and Costs, which the

13  District Court did not authorize.

14      Robbins Geller is willing to meet and confer with Trump University to try to

15  reach agreement to cancel the subpoena, or in the alternative, Robbins Geller will

16  meet and confer pursuant to Local Rule 26.1 and thereafter file a motion to quash the

17  subpoena, including this request, if the parties are unable to reach agreement.

18  REQUEST FOR PRODUCTION NO. 7:

19      All DOCUMENTS reviewed and/or relied on to create the chart contained in

20  the Jensen Dec. at paragraph 60(a).

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

22      Robbins Geller incorporates herein its General Objections.  Robbins Geller

23  further objects because the documents about their travel and meal costs incurred in

24  connection with the anti-SLAPP motion are not relevant to any pending claim or

25  defense of any party and not reasonably calculated to lead to admissible evidence in

26  this action.  Robbins Geller further objects as this request seeks cost information that

27  could only be related, if at all, to Trump's counter-claim for defamation against

28  Makaeff, which has been stricken by Judge Curiel.  Dkt. No. 358.  Robbins Geller

Exhibit 1

1  further objects because the request seeks information related to the Bill of Fees and

2  Costs, which has not been authorized by the District Court.

3      Robbins Geller is willing to meet and confer with Trump to try to reach

4  agreement to cancel the subpoena, or in the alternative, Robbins Geller will meet and

5  confer pursuant to Local Rule 26.1 and thereafter file a motion to quash the subpoena,

6  including this request, if the parties are unable to reach agreement.

7  REQUEST FOR PRODUCTION NO. 8:

8      All DOCUMENTS reviewed and/or relied on to support and explain the

9  expenses claimed in the Jensen Dec. at paragraphs 59-60.

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

11      Robbins Geller incorporates herein its General Objections.  Robbins Geller

12  further objects that the request seeks documents related to, supporting and explaining

13  the costs incurred by Robbins Geller in connection with the anti-SLAPP motions

14  practice, which are not relevant to any pending claim or defense of any party and not

15  reasonably calculated to lead to admissible evidence in this action.  Robbins Geller

16  further objects as this request seeks cost and expense information related, if at all, only

17  to Trump's counter-claim for defamation against Makaeff which has been stricken by

18  Judge Curiel.  *See* Dkt. No. 358.  Robbins Geller further objects that the District Court

19  has not authorized this discovery.  Robbins Geller further objects to the request as

20  overly-broad and unduly burdensome and could be read to encompass, among other

21  things, every receipt, photocopy and Lexis search related to the counter-claim or anti-

22  SLAPP motion.  Robbins Geller further objects that the information sought, including

23  but not limited to, documentation of Lexis research, is subject to the attorney-client

24  privilege and attorney work-product doctrine, as well as Robbins Geller's confidential

25  business information.

26      Robbins Geller is willing to meet and confer with Trump to try to reach

27  agreement to cancel the subpoena, or in the alternative, Robbins Geller will meet and

28

Exhibit 1

1    confer pursuant to Local Rule 26.1 and thereafter file a motion to quash the subpoena,

2    including this request, if the parties are unable to reach agreement.

3    REQUEST FOR PRODUCTION NO. 9:

4        All DOCUMENTS constituting the "books and records of my firm" referred to

5    in paragraph 61 of the Jensen Dec. that were reviewed and/or relied on to prepare the

6    Bill of Costs including the "expense vouchers, check records and other documents"

7    referred to in the Jensen Dec. at paragraph 61.

8    RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

9        Robbins Geller incorporates herein its General Objections.  Robbins Geller

10   further objects that the request seeks "books and records of [Robbins Geller]" related

11   to the costs incurred in connection with the anti-SLAPP motion, which are not

12   relevant to any claim or defense of any party and not reasonably calculated to lead to

13   admissible evidence in this action.  Robbins Geller further objects that this request

14   seeks "books and records of [Robbins Geller]" related, if at all, only to Trump's

15   counter-claim for defamation against Makaeff which has been stricken by Judge

16   Curiel.  Dkt. No. 358.  Robbins Geller further objects to the subpoena because the

17   District Court did not authorize this discovery.  Robbins Geller further objects to the

18   subpoena as overly-broad and unduly burdensome and could be read to encompass,

19   among other things, every receipt, photocopy and Lexis search related to the counter-

20   claim and anti-SLAPP motion.  Robbins Geller further objects to the extent that the

21   information sought, including but not limited to, documentation of Lexis research, is

22   subject to the attorney-client privilege and attorney work-product doctrine.  It is also

23   Robbins' Geller's confidential business records.

24       Robbins Geller is willing to meet and confer with Trump to try to reach

25   agreement to cancel the subpoena, or in the alternative, Robbins Geller will meet and

26   confer pursuant to Local Rule 26.1 and thereafter file a motion to quash the subpoena,

27   including this request, if the parties are unable to reach agreement.

28

Exhibit 1

000023

1    <u>REQUEST FOR PRODUCTION NO. 10</u>:

2         All DOCUMENTS constituting the "billing summaries and entries of counsel

3    (and their staff) for Makaeff" referred to in the Declaration of Karl Olson (Dkt. No.

4    331-4) (the "Olson Dec.") at paragraph 13 lines 27-28.

5    <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 10</u>:

6         Robbins Geller incorporates herein its General Objections.  Robbins Geller

7    further objects as the request seeks discovery of its billing entries, which are not

8    relevant to any pending claim or defense of any party and not reasonably calculated to

9    lead to admissible evidence in this action.  Robbins Geller further objects that this

10   request seeks documents and information related, if at all, only to Trump's counter-

11   claim for defamation against Makaeff which has been stricken by Judge Curiel.  Dkt.

12   No. 358.  Robbins Geller further objects to the subpoena as it seeks billing summaries

13   related to the Bill of Fees and Costs even though such discovery has not been

14   requested or authorized by the District Court.

15        Robbins Geller is willing to meet and confer with Trump to try to reach

16   agreement to cancel the subpoena, or in the alternative, Robbins Geller will meet and

17   confer pursuant to Local Rule 26.1 and thereafter file a motion to quash the subpoena,

18   including this request, if the parties are unable to reach agreement.

19   DATED:  December 2, 2014          ROBBINS GELLER RUDMAN
                                          & DOWD LLP
20                                     JASON A. FORGE
                                       RACHEL L. JENSEN
21

22                                          s/ Rachel L. Jensen
                                       _____
23                                         RACHEL L. JENSEN

24                                     655 West Broadway, Suite 1900
                                       San Diego, CA  92101
25                                     Telephone:  619/231-1058
                                       619/231-7423 (fax)
26

27

28

Exhibit 1

000024

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBBINS GELLER RUDMAN
   & DOWD LLP
DANIEL J. PFEFFERBAUM
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

ROBBINS GELLER RUDMAN
   & DOWD LLP
MAUREEN E. MUELLER
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK
HELEN I. ZELDES
ALREEN HAEGGQUIST
AARON M. OLSEN
625 Broadway, Suite 1000
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Class Counsel

<u>DECLARATION OF SERVICE</u>

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2.      That on December 2, 2014 declarant served NON-PARTY ROBBINS GELLER RUDMAN & DOWD LLP'S RESPONSES AND OBJECTIONS TO DEFENDANT TRUMP UNIVERSITY, LLC'S SUBPOENA *DUCES TECUM* via email to the parties listed below:

Counsel for Defendants:

Jill A. Martin (jmartin@trumpnational.com)
c/o Trump National Golf Club Los Angeles
One Trump National Drive
Rancho Palos Verdes. CA 90275

Nancy L. Stagg
(nstagg@foley.com, smoreno@foley.com)
Benjamin J. Morris
(bmorris@foley.com; vgoldsmith@foley.com)
FOLEY & LARDNER LLP
3579 Valley Centre Dr., Suite 300
San Diego. CA 92130-3302

Class Counsel:

Amber L. Eck (ambere@zhlaw.com;
robyns@zhlaw.com; winkyc@zhlaw.com)
Aaron M. Olsen (aarono@zhlaw.com)
ZELDES, HAEGGQUIST & ECK LLP
625 Broadway, Suite 1000
San Diego. CA 92101

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 2, 2014, at San Diego, California.

                                    s/ Rachel L. Jensen
                        _____
                                 RACHEL L. JENSEN

3:10-cv-0940-GPC(WVG)

Exhibit 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3:10-cv-0940-GPC(WVG)

Exhibit 1

# EXHIBIT 2

Exhibit 1

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
HELEN I. ZELDES (220051)
helenz@zhlaw.com
ALREEN HAEGGQUIST (221858)
alreenh@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
625 Broadway, Suite 1000
San Diego, CA 92101
Telephone:  (619) 342-8000
Facsimile:  (619) 342-7878

ROBBINS GELLER RUDMAN
 & DOWD LLP
JASON A. FORGE (181542)
jforge@rgrdlaw.com
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  (619) 231-1058
Facsimile:  (619) 231-7423

Class Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated, | Case No.: 3:10-CV-00940-GPC(WVG) |
| Plaintiffs, | CLASS ACTION |
| vs. | NON-PARTY ZELDES HAEGGQUIST & ECK, LLP'S RESPONSES AND OBJECTIONS TO DEFENDANT TRUMP UNIVERSITY, LLC'S SUBPOENA DUCES TECUM |
| TRUMP UNIVERSITY, LLC, et al., | |
| Defendants. | District Judge:  Hon. Gonzalo P. Curiel |
| | Mag. Judge:    Hon. William V.  Gallo |

[Caption continued on following page.]

*ZELDES HAEGGQUIST & ECK, LLP*

Exhibit 1

000029



1   TRUMP UNIVERSITY, LLC,

2        Counterclaimant,

3            vs.

4   TARLA MAKAEFF, et al.,

5        Counter Defendants.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ZELDES HAEGGQUIST & ECK, LLP

Exhibit 1

000030

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Zeldes Haeggquist & Eck, LLP ("ZHE") hereby submits these responses and objections to Trump University, LLC's ("Trump") subpoena *duces tecum*.

## I.   GENERAL STATEMENTS AND OBJECTIONS

The following General Objections are incorporated into and are part of each specific response by ZHE.

1.   ZHE objects to the subpoena because nothing in the Court's order of November 18, 2014 (Dkt. No. 358) authorizes the parties to conduct any discovery relating to Tarla Makaeff's Bill of Fees and Costs.

2.   ZHE objects to the subpoena because the requests do not relate to any claim or defense currently pending in *Makaeff v. Trump University, LLC*, nor are the requests reasonably calculated to lead to the discovery of admissible evidence as to any pending claim or defense.

3.   ZHE further objects to the subpoena in its entirety because the only claim or defense that it could possibly relate to is Trump's counter-claim of defamation against Makaeff, which has already been stricken by Judge Curiel.

4.   ZHE objects to the subpoena because the only responsive documents and information are protected by the attorney-client privilege, or the attorney work-product doctrine, or both, and are otherwise confidential and private business information.

5.   ZHE objects to the subpoena because it was not timely served. Makaeff filed her Bill of Fees and Cost on July 3, 2014 (Dkt. No. 331), and Trump filed its opposition on July 18, 2014 (Dkt. No. 335).

6.   ZHE objects to the subpoena, including the definitions, which purports to impose obligations that are not imposed by, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, including Rule 45.

Exhibit 1

000031

ZELDES HAEGGQUIST & ECK, LLP

7.      ZHE objects to the terms "You" or "Your" as being overly broad by including "all agents, attorneys or servants."  Unless otherwise stated, all responses are on behalf of ZHE only.

## II.      RESPONSES AND SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

Subject to the above-stated General Objections, the more Specific Objections that follow, and specifically reserving their right to supplement or amend these responses, ZHE responds as follows:

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS constituting the "contemporaneous, daily time records regularly prepared and maintained by my firm, which are available for submission to the Court at its request" referred to in paragraph 53 lines 10-12 of the Declaration of Amber L. Eck in Support of Plaintiff/Counter Defendant Tarla Makaeff's Bill of Fees and Costs (Dkt. No. 331-2) (the "Eck Dec.") filed in connection with the BILL OF COSTS.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

ZHE incorporates herein its General Objections.  This request is not relevant to any pending claim or defense of any party and is not reasonably calculated to lead to admissible evidence in this action.  ZHE further objects that the only possible claim or defense that this request could pertain to is Trump's counter-claim for defamation against Makaeff, which Judge Curiel has stricken. *See* Dkt. No. 358.  Further, Judge Curiel has not authorized any discovery as to Makaeff's Bill of Fees and Costs.  ZHE further objects on the grounds that the information sought is privileged pursuant to the attorney-client privilege, attorney work-product doctrine, and is ZHE's confidential and private business information.  Specifically, the information sought is ZHE's underlying time entries upon which the chart at paragraph 55 of the Declaration of Amber L. Eck

ZELDES HAEGGQUIST & ECK, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 1

in Support of Makaeff's Bill of Fees and Costs (Dkt. No. 331-2) is based, and such time entries are protected by the work-product privilege.

ZHE is willing to meet and confer with Trump to try to reach agreement to cancel the subpoena, or in the alternative, ZHE will meet and confer pursuant to Local Rule 26.1 and thereafter file a motion to quash the subpoena, including this request, if the parties are unable to reach agreement.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS reviewed and/or relied upon to create the chart contained in paragraph 55 of the Eck Dec.

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

ZHE incorporates herein its General Objections.  This request is not relevant to any pending claim or defense of any party and is not reasonably calculated to lead to admissible evidence in this action.  ZHE further objects that the only possible claim or defense that this request could pertain to is Trump's counter-claim for defamation against Makaeff, which Judge Curiel has stricken. *See* Dkt. No. 358.  Further, Judge Curiel has not authorized any discovery as to Makaeff's Bill of Fees and Costs.  ZHE further objects on the grounds that the information sought is privileged pursuant to the attorney-client privilege, attorney work-product doctrine, and is ZHE's confidential and private business information.  Specifically, the information sought is ZHE's underlying time entries upon which the chart at paragraph 55 of the Eck Dec. (Dkt. No. 331-2) is based, and such time entries are protected by the work-product privilege.

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS reviewed and/or relied upon to create the chart contained in paragraph 57 of the Eck Dec.

ZELDES HAEGGQUIST & ECK, LLP

Exhibit 1

000033

ZELDES HAEGGQUIST & ECK, LLP

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

ZHE incorporates herein its General Objections.  ZHE further objects that the request seeks "costs" in connection with the Trump counter-claim and anti-SLAPP motion, but this discovery is not relevant to any claim or defense of any party and not reasonably calculated to lead to admissible evidence in this action. Robbins Geller further objects that the only claim to which the request could possibly relate is Trump's counter-claim for defamation against Makaeff, which has been stricken by Judge Curiel.  Dkt. No. 358.  Robbins Geller further objects that the request seeks information related to Makaeff's Bill of Fees and Costs, which the District Court did not authorize.  ZHE further objects that production of all of ZHE's individual receipts for Anti-SLAPP expenses incurred over the past four years is overbroad and burdensome, and could encompass Lexis research and other documents protected by the attorney-client privilege and/or attorney work-product doctrine.

ZHE is willing to meet and confer with Trump University to try to reach agreement to cancel the subpoena, or in the alternative, ZHE will meet and confer pursuant to Local Rule 26.1 and thereafter file a motion to quash the subpoena, including this request, if the parties are unable to reach agreement.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS constituting the "books and records of this firm" referred to in paragraph 58 of the Eck Dec. that were reviewed and/or relied on to prepare the Bill of Costs including the "expense vouchers, check records and other documents" referred to in the Eck Dec. at paragraph 58.

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

ZHE incorporates herein its General Objections.  ZHE further objects that the request seeks "books and records of [ZHE]" related to the costs incurred in connection with the anti-SLAPP motion, which are not relevant to any claim or

Exhibit 1

000034

ZELDES HAEGGQUIST & ECK, LLP

1  defense of any party and not reasonably calculated to lead to admissible evidence

2  in this action.  ZHE further objects that this request seeks "books and records of

3  [ZHE]" related, if at all, only to Trump's counter-claim for defamation against

4  Makaeff which has been stricken by Judge Curiel.  Dkt. No. 358.  ZHE further

5  objects to the subpoena because the District Court did not authorize this

6  discovery.  ZHE further objects to the subpoena as overly-broad and unduly

7  burdensome and could be read to encompass, among other things, every receipt,

8  photocopy and Lexis search related to the counter-claim and anti-SLAPP motion.

9  ZHE further objects to the extent that the information sought, including but not

10  limited to, documentation of Lexis research, is subject to the attorney-client

11  privilege and attorney work-product doctrine.  It is also ZHE's confidential

12  business records.

13       ZHE is willing to meet and confer with Trump to try to reach agreement to

14  cancel the subpoena, or in the alternative, ZHE will meet and confer pursuant to

15  Local Rule 26.1 and thereafter file a motion to quash the subpoena, including this

16  request, if the parties are unable to reach agreement.

17  DATED:  December 2, 2014        ZELDES HAEGGQUIST & ECK, LLP
                                    AMBER L. ECK
18                                  HELEN I. ZELDES
                                    ALREEN HAEGGQUIST
19                                  AARON M. OLSEN

20

21  _____
                                    AMBER L. ECK
22
                                    625 Broadway, Suite 1000
23                                  San Diego, CA  92101
                                    Telephone:  (619) 342-8000
24                                  Facsimile:  (619) 342-7878

25

26

27

28

Exhibit 1

000035



ROBBINS GELLER RUDMAN
 & DOWD LLP
JASON A. FORGE
RACHEL L. JENSEN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  (619) 231-1058
Facsimile: (619) 231-7423

ROBBINS GELLER RUDMAN
 & DOWD LLP
DANIEL J. PFEFFERBAUM
 dpfefferbaum@rgrdlaw.com
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 288-4545
Facsimile:  (415) 288-4534

ROBBINS GELLER RUDMAN
 & DOWD LLP
MAUREEN E. MUELLER
 mmueller@rgrdlaw.com
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364

Class Counsel

ZELDES HAEGGQUIST & ECK, LLP

6

No. 3:10-CV-00940-GPC(WVG)

Exhibit 1

000036

<u>DECLARATION OF SERVICE</u>

I, the undersigned, declare:

1.      I am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 625 Broadway, Suite 1000, San Diego, CA 92101.

2.      On December 2, 2014, I served NON-PARTY ZELDES HAEGGQUIST & ECK, LLP'S RESPONSES AND OBJECTIONS TO DEFENDANT TRUMP UNIVERSITY, LLC'S SUBPOENA DUCES TECUM via email to the parties listed below:

| Attorneys for Defendants | |
|---|---|
| Nancy L. Stagg<br>Benjamin J. Morris<br>FOLEY & LARDNER LLP<br>3579 Valley Centre Drive, Suite 300<br>San Diego, CA 92130-3302<br>Telephone: (858) 847-6700<br>Facsimile: (858) 792-6773<br>nstagg@foley.com<br>bmorris@foley.com | Jill A. Martin<br>c/o Trump National Golf Club Los Angeles<br>One Trump National Drive<br>Rancho Palos Verdes, CA 90275<br>Telephone: (310) 303-3225<br>Facsimile: (310) 265-5522<br>jmartin@trumpnational.com |
| Jeffrey L. Goldman<br>BELKIN BURDEN WENIG<br>  & GOLDMAN, LLP<br>270 Madison Avenue<br>New York, NY 10016<br>Telephone: (212) 867-4466<br>jgoldman@bbwg.com | |

ZELDES HAEGGQUIST & ECK, LLP

Exhibit 1

000037

ZELDES HAEGGQUIST & ECK, LLP

| Attorneys for the Class | |
|---|---|
| Jason A. Forge<br>Rachel L. Jensen<br>ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  (619) 231-1058<br>Facsimile:  (619) 231-7423<br>jforge@rgrdlaw.com<br>rjensen@rgrdlaw.com | Daniel J. Pfefferbaum<br>ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA 94104<br>Telephone: (415) 288-4545<br>Facsimile:  (415) 288-4534<br>dpfefferbaum@rgrdlaw.com |
| Maureen E. Mueller<br>ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>120 East Palmetto Park Road<br>Suite 500<br>Boca Raton, FL 33432<br>Telephone: (561) 750-3000<br>Facsimile: (561) 750-3364<br>mmueller@rgrdlaw.com | |

3.      I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of December, 2014, at San Diego, California.

_Ruth A. Cameron_

_____
RUTH A. CAMERON

Exhibit 1

000038

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

(Trump University's Letter Brief)

10-CV-0940 GPC (WVG)



ATTORNEYS AT LAW

3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130
858.847.6700 TEL
858.792.6773 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
858.847.6723
kcatherwood@foley.com EMAIL

CLIENT/MATTER NUMBER
107938-0101

December 10, 2014

**Via Email**

efile_curiel@casd.uscourts.gov

Hon. Gonzalo P. Curiel
United States District Court
Southern District of California
221 West Broadway, Suite 2190
San Diego, CA 92101

> Re:   *Makaeff v. Trump University, LLC, et al.*
>        USDC, Southern Dist. of CA, Case No. 3:10-cv-00940-GPC-WVG
>        Discovery Dispute re Subpoenas for Attorney Time Records
>        Re: Supplemental Briefing on Plaintiff/Counter Defendant Tarla Makaeff's
>        Bill of Fees and Costs

Dear Judge Curiel:

          We represent Trump University, LLC ("Trump University") in the above-referenced case and appreciate the opportunity to provide the Court with information to hopefully resolve a discovery dispute that has arisen between the parties.

          Trump University filed an opposition [Dkt. No. 335] to Plaintiff/Counter Defendant Tarla Makaeff's Bill of Fees and Costs [Dkt. No. 331] in connection with plaintiff Tarla Makaeff's ("Plaintiff") anti SLAPP motion regarding Trump University's counterclaim. Included in the grounds for Trump University's opposition was the lack of information to assess the reasonableness of fees and costs. In their Bill of Fees and Costs [Dkt. No. 331], Plaintiff had volunteered to produce the time records to the Court (see Eck Declaration at p. 14, ll. 10-12 [Dkt. No. 331-2]) but did not include those with the motion. The time records, although not required, certainly would be the best evidence of what was done, and who performed the task to assess reasonableness of fees. After reviewing the original briefing, this Court entered its Order Requiring Supplemental Briefing in Support of Plaintiff/Counter Defendant Tarla Makaeff's Bill of Fees and Costs [Dkt. No. 358] ("Order"), inviting supplemental briefing, essentially giving Plaintiff a second opportunity to provide information sufficient to allow this Court to determine whether the fees requested were reasonable. As the Court noted, the fees seem "to be very high. There is nothing currently before the Court to assess whether the time expended by Makaeff's attorneys involved in this case was necessary and nonduplicative. The vague statements of time spent and block entries provided in the attorneys' declarations do nothing to remedy this issue." See Order at p. 5 lines 23-26.

| BOSTON | JACKSONVILLE | MILWAUKEE | SAN DIEGO | TALLAHASSEE |
|---|---|---|---|---|
| BRUSSELS | LOS ANGELES | NEW YORK | SAN FRANCISCO | TAMPA |
| CHICAGO | MADISON | ORLANDO | SHANGHAI | TOKYO |
| DETROIT | MIAMI | SACRAMENTO | SILICON VALLEY | WASHINGTON, D.C. |

4833-3730-6145.1

Exhibit 2



**▪FOLEY**
FOLEY & LARDNER LLP

December 10, 2014
Page 2

In light of this ruling, Trump University, through counsel, and within the discovery period (the cutoff date is December 19, 2014), sent subpoenas to Plaintiff's counsel requesting the documents that the declarants reviewed, including the alleged time records, in preparing the declarations of Rachel Jensen and Amber Eck and Karl Olson (collectively the "Declarants") [Dkt. Nos. 331-1, 331-2 & 331-4]. A copy of the subpoena to Robbins Geller Rudman & Dowd, LLP ("Robbins Geller") is attached as Exhibit 1 and a copy of the subpoena to Zeldes, Haeggquist & Eck, LLP ("Zeldes") is attached as Exhibit 2. Given the short time frame for briefing set in the Order and the discovery period expiring, Trump University did not have the luxury of sufficient time to wait to see what Plaintiff would submit in the supplemental brief (we now know that based on the objection to the subpoenas, they apparently do not intend to include time records, notwithstanding their prior offer to provide those to the Court). On December 2, 2014, Robbins Geller and Zeldes sent written responses to the respective subpoenas objecting to the requests, stating that this Court did not authorize discovery on this matter, and that the documents contained privileged information, among other objections.[1]

In our meet and confer on December 9, 2014, we pointed out that the discovery period was open. We also noted that notwithstanding the dismissal of the counterclaim, the Plaintiff's request for fees remains a huge issue for Trump University in this case and thus, no court authorization was required to conduct discovery. It cannot be disputed that time records would be relevant to an attorney fee request. Additionally, we confirmed that we were not seeking attorney-client privileged information or work product and suggested that such information could be redacted. Unfortunately, the parties were unable to resolve the matter.

Trump University's position is very simple. Plaintiff filed a Bill of Fees and Costs that sought $1,333,004.24 fees (based on 2,226.35 hours of time) and $9,812.11 in costs. The Court found the record inadequate, as noted above. This should have disposed of the matter, as was requested in Trump University's opposition because Plaintiff did not meet her burden of proof. Nonetheless, this Court generously has provided Plaintiff with a second bite at the apple—an opportunity to provide evidence. The best evidence of time spent are the very documents, including the original time records reviewed by the Declarants as described in their declarations [Dkt. Nos. 331-1, 331-2 & 331-4] and that is what Trump University requests be produced. Providing the time records and other documents reviewed by the Declarants will provide Trump University with due process to review all evidence being used against it. Recall, Declarants stated they relied on the requested documents in arriving at the fees and costs sought in the Bill of Fees and Costs. Given the

---

[1] Plaintiff's counsel also objected that the request was not timely because not made prior to filing the initial opposition. However, given the burden of proof was on Plaintiff, there was no need to seek the time records. However, the records became relevant now that the Court has allowed supplemental briefing.

Exhibit 2


FOLEY & LARDNER LLP

December 10, 2014
Page 3

amount involved and the narrow request, the Court should require that the documents be produced immediately (they were due on December 8, 2014).

Trump University is sensitive that there may be some attorney client privileged information in the requested documents. However, as is evidenced by the fee application process utilized in the bankruptcy court system, for example, where attorney bills are publically filed with the court for review and comment by interested parties and the court, it is not overly burdensome to require the time records and other documents reviewed by counsel be produced, in redacted form where appropriate. This will allow Trump University to adequately respond to a request for fees and costs that appear "very high" and inconsistent with the amount of fees and costs that one would expect for such motions in the Southern District of California as noted in the cases cited in Trump University's original opposition at pages 14-15 [Dkt No. 335].

We look forward to the opportunity to discuss this with the Court and respond to any questions the Court may have on Thursday, December 11, 2014 at 10 am.

Very truly yours,

Kathryn M.S. Catherwood

KMC:vlg
Enclosures

cc:    Jill A. Martin, Esq. - jmartin@trumpnational.com
       Amber L. Eck, Esq. - ambere@zhlaw.com
       Aaron M. Olsen, Esq. - aarono@zhlaw.com
       Jason A. Forge, Esq. - jforge@rgrdlaw.com
       Rachel L. Jensen, Esq. - rjensen@rgrdlaw.com
       Lauren Lendzion, Esq. - llendzion@rgrdlaw.com
       Daniel J. Pfefferbaum, Esq. - dpfefferbaum@rgrdlaw.com
       Maureen E. Mueller, Esq. - mmueller@rgrdlaw.com

4833-3730-6145.1

Exhibit 2



**FOLEY**
FOLEY & LARDNER LLP

December 10, 2014
Page 4

EXHIBIT 1
(Subpoena to Produce Documents, Information, or Objects or
to Permit Inspection of Premises in a Civil Action – to Robbins Geller Rudman & Dowd, LLP)

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| TARLA MAKAEFF, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 10-cv-00940 GPC (WVG) |
| | ) |
| TRUMP UNIVERSITY, et al. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records of ROBBINS GELLER RUDMAN & DOWD, LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attached

| Place: Knox Services | Date and Time: |
|---|---|
| 2250 Fourth Avenue, San Diego, CA 92101 | December 8, 2014, at 10:00 a.m. |
| 619-233-9700 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 21, 2014

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |
| | | Nancy L. Stagg |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Trump University
_____, who issues or requests this subpoena, are:

Nancy L. Stagg, Foley & Lardner LLP, 3579 Valley Centre Dr., Ste. 300, San Diego, CA 92130
858-847-6700  nstagg@foley.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 10-cv-00940 GPC (WVG)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*

                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc.:



Exhibit 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



Exhibit 2

000046

1         **DEFINITIONS**

2         A.      "DOCUMENT" shall mean and include any printed, typewritten or

3 handwritten matter of whatever character including specifically, but not exclusively, and

4 without limiting the generality of the foregoing, letters, photographs, audio tapes, video

5 tapes, desk and other calendars, memoranda, telegrams, cables, reports, charts, business

6 records, books of account, ledgers, balance sheets, journals, personal records, account

7 statements, bank statements, handwritten notes, minutes of meetings, logs, repair orders,

8 worksheets, purchase orders, notes of meetings or conversations, catalogs, written

9 agreements, checks, receipts, invoices, bills, e-mail, electronically stored data and/or

10 information, whether on disk or hard drive, software and any carbon or photographic

11 copies of such materials. If a DOCUMENT has been prepared and several copies or

12 additional copies have been made that are not identical or no longer identical by reason

13 of subsequent addition, deletion or notation or other modification of the copy, each

14 nonidentical document is a separate DOCUMENT.

15         B.      "YOU" or "YOUR" shall mean or refer to all parties to whom these

16 requests have been propounded, including their agents, attorneys or servants.

17         C.      "TRUMP UNIVERSITY" shall mean or refer to defendant Trump

18 University, LLC and/or The Trump Entrepreneur Initiative.

19         D.      "BILL OF COSTS" shall mean Plaintiff/Counter Defendant Tarla

20 Makaeff's Bill of Fees and Costs (Dkt. No. 331).

21         **DOCUMENTS TO BE PRODUCED**

22 **REQUEST FOR PRODUCTION NO. 1:**

23         All DOCUMENTS reviewed and/or relied upon to create the chart contained in

24 paragraph 58 of the Declaration of Rachel L. Jensen in Support of Plaintiff/Counter

25 Defendant Tarla Makaeff's Bill of Fees and Costs (Dkt. No. 331-1) (the "Jensen Dec.")

26 filed in connection with the BILL OF COSTS.

27

28

4852-8002-9216.1

Case No. 10-cv-0940 GPC (WVG)

Exhibit 2

000047

1 **REQUEST FOR PRODUCTION NO. 2:**

2      All DOCUMENTS constituting the "individual time entries (though not required

3 and which Makaeff would be happy to provide, along with more detail as to Makaeff's

4 costs, for the Court's review)" as set forth in footnote 1, page 2, lines 21-23 of

5 Plaintiff/Counter Defendant Tarla Makaeff's Notice of Deficiency and Intended Non-

6 response (Dkt. No. 336).

7 **REQUEST FOR PRODUCTION NO. 3:**

8      All DOCUMENTS containing the "time and expense entries" referred to in the

9 Jensen Dec. at paragraph 55 lines 17-18.

10 **REQUEST FOR PRODUCTION NO. 4:**

11      All DOCUMENTS containing the "firm's records of time and expenses and

12 segregated out those entries that relate to the anti-SLAPP proceedings" referred to in the

13 Jensen Dec. at paragraph 43 lines 25-27.

14 **REQUEST FOR PRODUCTION NO. 5:**

15      All DOCUMENTS containing the Robbins Geller "time and expense printouts

16 prepared by the firm in the ordinary course of business" referred to in the Jensen Dec. at

17 paragraph 54, lines 9-11, including the "backup documentation related to the anti-

18 SLAPP litigation" referred to in the Jensen Dec. at paragraph 54 lines 13-14.

19 **REQUEST FOR PRODUCTION NO. 6:**

20      All DOCUMENTS reviewed and/or relied on to create the chart contained in the

21 Jensen Dec. at paragraph 59.

22 **REQUEST FOR PRODUCTION NO. 7:**

23      All DOCUMENTS reviewed and/or relied on to create the chart contained in the

24 Jensen Dec. at paragraph 60(a).

25 **REQUEST FOR PRODUCTION NO. 8:**

26      All DOCUMENTS reviewed and/or relied on to support and explain the expenses

27 claimed in the Jensen Dec. at paragraphs 59-60.

28 ///

Exhibit 2

1 | **REQUEST FOR PRODUCTION NO. 9:**

2 |     All DOCUMENTS constituting the "books and records of my firm" referred to in

3 | paragraph 61 of the Jensen Dec. that were reviewed and/or relied on to prepare the Bill

4 | of Costs including the "expense vouchers, check records and other documents" referred

5 | to in the Jensen Dec. at paragraph 61.

6 | **REQUEST FOR PRODUCTION NO. 10:**

7 |     All DOCUMENTS constituting the "billing summaries and entries of counsel

8 | (and their staff) for Makaeff" referred to in the Declaration of Karl Olson (Dkt. No. 331-

9 | 4 (the "Olson Dec.") at paragraph 13 lines 27-28.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-        Case No. 10-cv-0940 GPC (WVG)

Exhibit 2

000049

NANCY L. STAGG, ESQ.
FOLEY & LARDNER LLP
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO CA 92130
858-847-6811                        Ref. No.   : 0715334-01
                                    Atty. File No.: 107938-0101

UNITED STATES DISTRICT COURT
SOUTHERN JUDICIAL DISTRICT

PLAINTIFF      : TARLA MAKAEFF, ET AL.           Case No.: 10-CV-00940 GPC (WVG)
DEFENDANT      : TRUMP UNIVERSITY, ET AL.        PROOF OF SERVICE

Hearing date :  December 8, 2014     Time :10:00 AM     Dept./Div. :  .

1.    At the time of service I was at least 18 years of age and not a party to this action.

2.    I served copies of the SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR
      TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

3.    a. Party served    :    CUSTODIAN OF RECORDS OF ROBBINS GELLER RUDMAN & DOWD, LLP
      b. Person served  :         KATHY STORZZA, OFFICE MANAGER
                                  (CAUC/F/45YO/5FT9IN/155LBS/BLACK/BROWN)

4.    Address where the party was served  655 WEST BROADWAY       SUITE 1900
                                SAN DIEGO, CA 92101      (Business)

5.    I served the party
      a. by personal service.  I personally delivered the documents listed in item 2 to the party or person authorized to
         receive service of process for the party (1) on  November 21, 2014   (2) at: 02:15 PM

6.    Witness fees in the amount of  $15.00  were demanded.  Witness fees paid:  $15.00.

7.    Person who served papers
      a. T. SETVANPOUR                              d. Fee for service: $109.75
      b. KNOX ATTORNEY SERVICE                      e. I am:
         2250 FOURTH AVENUE                             (3) a registered California process server
         SAN DIEGO, CA 92101                                (i)  an independent contractor
      c. 619-233-9700                                       (ii)  Registration No.:  1675
                                                            (iii)  County: SAN DIEGO, CA

8.    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 21, 2014

                                    Signature: _____
                                                T. SETVANPOUR
Jud. Coun. form, rule 2.150 CRC
JC Form POS 010 (Rev. January 1, 2007)      PROOF OF SERVICE

Exhibit 2


FOLEY & LARDNER LLP

December 10, 2014
Page 5

EXHIBIT 2
(Subpoena to Produce Documents, Information, or Objects or
to Permit Inspection of Premises in a Civil Action – to Zeldes Haeggquist & Eck, LLP)

4833-3730-6145.1

Exhibit 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

TARLA MAKAEFF, et al.
_____
*Plaintiff*
v.

TRUMP UNIVERSITY, et al.
_____
*Defendant*

)
)
)
)
)
)

Civil Action No. 10-cv-00940 GPC (WVG)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records of ZELDES HAEGGQUIST & ECK, LLP, 625 Broadway, Suite 1000, San Diego, CA 92101

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attached

| Place: Knox Services<br>2250 Fourth Avenue, San Diego, CA 92101<br>619-233-9700 | Date and Time:<br>December 8, 2014, at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 21, 2014

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*
Nancy L. Stagg

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Trump University
_____, who issues or requests this subpoena, are:
Nancy L. Stagg, Foley & Lardner LLP, 3579 Valley Centre Dr., Ste. 300, San Diego, CA 92130
858-847-6700  nstagg@foley.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 10-cv-00940 GPC (WVG)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____                      _____
                                                                          *Server's signature*

                                                         _____
                                                                          *Printed name and title*

                                                         _____
                                                                          *Server's address*

Additional information regarding attempted service, etc.:



Exhibit 2

000053

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit 2

1

## DEFINITIONS

2     A.    "DOCUMENT" shall mean and include any printed, typewritten or

3 handwritten matter of whatever character including specifically, but not exclusively, and

4 without limiting the generality of the foregoing, letters, photographs, audio tapes, video

5 tapes, desk and other calendars, memoranda, telegrams, cables, reports, charts, business

6 records, books of account, ledgers, balance sheets, journals, personal records, account

7 statements, bank statements, handwritten notes, minutes of meetings, logs, repair orders,

8 worksheets, purchase orders, notes of meetings or conversations, catalogs, written

9 agreements, checks, receipts, invoices, bills, e-mail, electronically stored data and/or

10 information, whether on disk or hard drive, software and any carbon or photographic

11 copies of such materials.  If a DOCUMENT has been prepared and several copies or

12 additional copies have been made that are not identical or no longer identical by reason

13 of subsequent addition, deletion or notation or other modification of the copy, each

14 nonidentical document is a separate DOCUMENT.

15     B.    "YOU" or "YOUR" shall mean or refer to all parties to whom these

16 requests have been propounded, including their agents, attorneys or servants.

17     C.    "TRUMP UNIVERSITY" shall mean or refer to defendant Trump

18 University, LLC and/or The Trump Entrepreneur Initiative.

19     D.    "BILL OF COSTS" shall mean Plaintiff/Counter Defendant Tarla

20 Makaeff's Bill of Fees and Costs (Dkt. No. 331).

21

## DOCUMENTS TO BE PRODUCED

22 **REQUEST FOR PRODUCTION NO. 1:**

23     All DOCUMENTS constituting the "contemporaneous, daily time records

24 regularly prepared and maintained by my firm, which are available for submission to the

25 Court at its request" referred to in Paragraph 53 lines 10-12 of the Declaration of Amber

26 L. Eck In Support of Plaintiff/Counter Defendant Tarla Makaeff's Bill of Fees and

27 Costs (Dkt. No. 331-2) (the "Eck Dec.").

28

4852-8002-9216.1

Case No. 10-cv-0940 GPC (WVG)

Exhibit 2

1  **REQUEST FOR PRODUCTION NO. 2:**

2      All DOCUMENTS reviewed and/or relied on to create the chart contained in the

3  Eck Dec. at paragraph 55.

4  **REQUEST FOR PRODUCTION NO. 3:**

5      All DOCUMENTS reviewed and/or relied on to create the chart contained in

6  paragraph 57 of the Eck Dec.

7  **REQUEST FOR PRODUCTION NO. 4:**

8      All DOCUMENTS constituting the "books and records of this firm" referred to in

9  paragraph 58 of the Eck Dec. that were reviewed and/or relied on to prepare the Bill of

10  Costs including the "expense vouchers, check records and other documents" referred to

11  in the Eck Dec. at paragraph 58.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4852-8002-9216.1

-2-          Case No. 10-cv-0940 GPC (WVG)

Exhibit 2

000056

NANCY L. STAGG, ESQ.
FOLEY & LARDNER LLP
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO  CA  92130
858-847-6811

Ref. No.   : 0715334-02
Atty. File No.: 107938-0101

UNITED STATES DISTRICT COURT
SOUTHERN JUDICIAL DISTRICT

PLAINTIFF        : TARLA MAKAEFF, ET AL.                    Case No.: 10-CV-00940 GPC (WVG)
DEFENDANT    : TRUMP UNIVERSITY, ET AL.              **PROOF OF SERVICE**

Hearing date :  December 8, 2014       Time :10:00 AM       Dept./Div. :  .

1.    At the time of service I was at least 18 years of age and not a party to this action.

2.    I served copies of the SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR
         TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

3.    a. Party served     :      CUSTODIAN OF RECORDS OF ZELDES HAEGGQUIST & ECK, LLP
        b. Person served  :      WINKY CAMERON, OFFICE MANAGER
                                            (CAUC/F/42YO/5FT6IN/160LBS/BLACK/BROWN)

4.    Address where the party was served 625 BROADWAY        SUITE 1000
                                            SAN DIEGO, CA  92101     (Business)

5.    I served the party
        a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
           receive service of process for the party (1) on  November  21, 2014   (2)  at: 02:40 PM

6.    Witness fees in the amount of  $15.00  were demanded.  Witness fees paid: $15.00.

7.    **Person who served papers**
        a. T. SETVANPOUR                                          d. Fee for service: $109.75
        b. KNOX ATTORNEY SERVICE                          e. I am:
            2250 FOURTH AVENUE                                       (3) a registered California process server
            SAN DIEGO, CA 92101                                          (i)   an independent contractor
        c. 619-233-9700                                                      (ii)  Registration No.: 1675
                                                                                    (iii) County: SAN DIEGO, CA

8.    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 21, 2014

Signature: _____
                        T. SETVANPOUR

Jud. Coun. form, rule 2.150 CRC
JC Form POS 010 (Rev. January 1, 2007)              **PROOF OF SERVICE**

Exhibit 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **EXHIBIT 3**

(Transcript of Telephonic Conference with Court re Discovery Dispute Over Time Records)

10-CV-0940 GPC (WVG)

1                    UNITED STATES DISTRICT COURT

2              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

3
     TARLA MAKAEFF, et al., on     .
4    Behalf of Themselves and All  .
     Others Similarly Situated,    .
5                                  . Docket
                 Plaintiffs,       . No. 10-cv-00940-GPC-WVG
6                                  .
                     v.            . December 11, 2014
7                                  . 10:00 a.m.
     TRUMP UNIVERSITY, LLC,        .
8    et al.,                       .
                                   .
9              Defendants.         . San Diego, California
     . . . . . . . . . . . . . . .

10
              TRANSCRIPT OF TELEPHONIC DISCOVERY CONFERENCE
11               BEFORE THE HONORABLE GONZALO P. CURIEL
                    UNITED STATES DISTRICT JUDGE
12
                         A-P-P-E-A-R-A-N-C-E-S
13   For the Plaintiffs:    Robbins Geller Rudman & Dowd LLP
                            655 West Broadway, Suite 1900
14                          San Diego, California 92101
                            By:  RACHEL L. JENSEN, ESQ.
15                          - AND -
                            ZELDES HAEGGQUIST & ECK, LLP
16                          625 Broadway, Suite 1000
                            San Diego, California 92101
17                          By:  AMBER LEE ECK, ESQ.

18
     For the Defendants:    Foley & Lardner, LLP
19                          3579 Valley Centre Drive, Suite 300
                            San Diego, California 92130
20                          By:  NANCY L. STAGG, ESQ.
                                 KATHRYN CATHERWOOD, ESQ.

21

22   Court Reporter:        Chari L. Possell, RPR, CRR
                            USDC Clerk's Office
23                          333 West Broadway, Suite 420
                            San Diego, California 92101
24                          chari_possell@casd.uscourts.gov
     Reported by Stenotype, Transcribed by Computer
25

Exhibit 3

000059

```
 1          SAN DIEGO, CALIFORNIA; DECEMBER 11, 2014; 10:00 A.M.

 2                              -o0o-

 3          THE COURT:  Good morning.  Can I please have

 4   appearances?

 5          MS. CATHERWOOD:  This is Kate Catherwood of Foley &

 6   Lardner, and also Nancy Stagg on the line as well, on behalf of

 7   Trump University.

 8          THE COURT:  Good morning.

 9          MS. JENSEN:  Good morning.  This is Rachel Jensen,

10   from Robbins, Geller, Rudman & Dowd, on behalf of the

11   plaintiff.

12          THE COURT:  Is that it?

13          MS. ECK:  Amber Eck of Zeldes, Haeggquist & Eck, on

14   behalf of the plaintiffs.

15          THE COURT:  Is that it?

16          ALL:  Yes.  Yes, Your Honor.

17          THE COURT:  Good morning to you all, and thank you

18   for being available for this telephonic discovery conference.

19       I have had the opportunity to review the submissions by

20   both sides, the letter briefs provided by each side and the

21   attached materials so that I understand everything.  Let me

22   explain how I see things at this point.

23       As I understand things, there were subpoenas issued by

24   Trump University for records that relate to the billing

25   incurred on the anti-SLAPP case, and those subpoenas were that
```

Exhibit 3

000060

1  were issued both to the Robbins firm and also to Ms. Eck's

2  firm.  And there have also been requests for production

3  propounded on Makaeff herself.  With respect to the subpoenas,

4  there have been objections lodged by the plaintiffs, and that

5  as of this moment, Trump has not yet moved for compliance;

6  however, at this point, the Court views the letter submitted to

7  the Court today, or December 10th, as essentially requesting

8  the quashing of the subpoenas.  So then that requires the Court

9  to determine whether or not the subpoenas are subject to being

10 quashed under Rule 45(d)(3).

11     As I understand it, the plaintiff is seeking to have the

12 subpoena quashed under the view that the requested information

13 is either work product or that this Court has not authorized

14 this discovery in connection with the pending bill of fees, and

15 finally, that the requested information has no relevance to any

16 claim or defense.

17     So at this point, does that correctly state the procedure

18 or where we are at this moment?

19          MS. STAGG:  Your Honor, this is Nancy Stagg.  I would

20 say, based on the discovery order by Judge Gallo, we were

21 attempting to move to compel production, but the process is

22 that we have to contact Magistrate Judge Gallo's chambers,

23 which we did do.  You are correct, but I think it's somewhat

24 incomplete in the sense that we did take the initial steps to

25 move to compel.

Exhibit 3

000061

1      THE COURT:  All right.  But that would be move to

2  compel with respect to the motion to produce, or motion to

3  compel as to both the motion to produce as well as the

4  subpoenas?

5      MS. STAGG:  The subpoenas, because the subpoenas had

6  a return date of last week.

7      THE COURT:  All right.  And so then, we can have the

8  record further reflect, then, that Trump University was in the

9  process of seeking production of the requested information.

10      And then ultimately, then, it appears that, as far as the

11  standard that applies, it is the standard that is provided

12  under (d)(3), and so we determine whether or not there is a

13  reasonable time to comply -- it doesn't appear that's the

14  issue -- whether or not a person is required to comply beyond

15  the geographical limits specified in Rule 45(c) -- that's not

16  an issue -- whether there's the disclosure of privileged or

17  other protected matter if no exception or waiver applies; and

18  finally, if it subjects a person to an undue burden.

19      As to the privilege, at this point, the Court is not in a

20  position to ascertain whether or not some privileged

21  information is contained within these records.  There has been

22  reference to how the plaintiffs have offered to submit the

23  entirety of the billing records to the Court in camera.  The

24  Court at this point isn't prepared to review all of the records

25  to determine whether or not they all contain privileged

Exhibit 3

000062

1   information.

2         To the extent that the plaintiff is of the view that there

3   is such information and wishes to provide the Court with

4   exemplars to that effect, we would be in a position to

5   determine whether or not there is privileged information.  But

6   it seems to the Court, at the end of the day, that what we have

7   here is a request for information that does produce an undue

8   burden.  It certainly is a burden to collect all this

9   information and sort through it all to determine whether or not

10  there is privileged information, and the question becomes

11  whether or not this burden is undue or whether or not it is

12  proper under the circumstances.

13        And given the fact that the plaintiff is not required to

14  attach every billing statement or billing sheet with respect to

15  the requested fees, the Court would be inclined to find it is

16  an undue burden.

17        Ultimately, with respect to the plaintiff meeting her

18  burden to demonstrate that she is entitled to attorney fees,

19  those fees are reasonable, that they are not duplicative, I

20  have already identified what the applicable law is.  And I am

21  prepared to accept further filings so that the plaintiff can

22  meet their burden.  But beyond that, I am not going to order

23  specifically that the plaintiffs provide every bill, or provide

24  specific information.  It will be up to the plaintiff to make

25  that determination.

Exhibit 3

000063

1      If the Court finds that it's sufficient to justify the

2   request, I will grant the motion.  If the Court finds it is not

3   sufficient, that it's inadequate, then the Court will take the

4   appropriate steps and will respond accordingly.

5      So that is my tentative.  I am happy to hear from both

6   sides on this issue.  Let me hear first from the Trump side.

7          MS. CATHERWOOD:  Your Honor, this is Kate Catherwood.

8   I appreciate the Court's comments.  I note we recognize the

9   possibility of burdensomeness and did address that in our

10  letter brief to you.  These are essentially records that were

11  specifically referenced in the declarations that were filed

12  with the Court in connection with the bill of costs.  They

13  should be readily available, and the process of reviewing

14  those -- I have been doing this for over 24 years on bankruptcy

15  cases where I review two, three years' worth of bills, go

16  through to determine redactions and attach all those copies in

17  the fee application process.  It is, in my experience, not

18  overly burdensome to do that, to review the cost records.  And

19  by declarant's own statements, they have already done that and

20  had them compiled because they did that in connection with

21  preparing the motion.  That is all we are asking for, Your

22  Honor.

23     And in the cases that plaintiff cites to the Court in

24  their letter statement, I would direct -- apparently there's

25  really probably not an issue as to relevance.  They did raise

Exhibit 3

000064

1  an issue about whether -- because this relates to something

2  that's been stricken, we can't look at these records, but the

3  *Oppenheimer* case they cite for that goes on to say that it's --

4  that only applies unless the information that we are seeking is

5  otherwise relevant to issues in the case.  And Your Honor,

6  obviously, as pointed out in our brief, this is a huge issue in

7  the case.  It's over a million dollars in fees, and therefore

8  it's relevant and subject to production.

9       The *Muniz* case they cite also is very helpful to our

10  position, Your Honor.  In that case, it was a fee dispute.  The

11  subpoenas were issued by the party seeking to oppose the fees.

12  The Court did an analysis of the request and found that, with

13  respect to the time records, et cetera, that the party seeking

14  the fees would need to produce those.  The Court would not

15  quash that portion of the subpoena.  And in addition, the Court

16  put the burden on the party seeking the fees to say -- make a

17  declaration to the Court that that was all of the documents

18  relating to their fee request, and so that, of course, our

19  position is that this would not be an unduly burdensome process

20  for the plaintiff.

21       And again, obviously, Your Honor, we would have to, in

22  response to their motion, point out specifically what issues we

23  have problems with.  We couldn't do that last time, as this

24  Court recognized, because there really wasn't anything there to

25  do.

Exhibit 3

000065

1      What I had undertaken in our original objection, Your

2   Honor, in my declaration, was basically create a chart of the

3   categories and then provide the Court with what I felt, in my

4   experience and with what we had incurred, would be reasonable

5   with respect to each of those categories.

6      We are now faced with supplemental briefing where, again,

7   given the refusal to apparently turn over the time records in

8   redacted form, we may be again in a position where we are not

9   able to respond.  So we are kind of in a Catch-22.

10      And I appreciate the Court's comments, but I'd also like

11   to at least get on the record that in the event that records

12   aren't produced, certainly that will be something the Court

13   takes into consideration in reviewing the motion and

14   considering possibly, as we have suggested in our original

15   opposition, that the Court is within its discretion to deny the

16   request if there aren't sufficient evidence of the

17   reasonableness of the fees.

18          THE COURT:  All right.  Let me hear from the

19   plaintiffs.

20          MS. JENSEN:  Your Honor, this is Rachel Jensen on

21   behalf of the plaintiffs.  And I am -- the plaintiffs would be

22   pleased if the Court were to take the position set forth in

23   your tentative.  And if there's any point in particular that

24   you would like me to address, I would be happy to do that.

25          THE COURT:  Well, why don't you address the *Muniz v.*

Exhibit 3

000066

1  *UPS* case that counsel just alluded to and relied upon for the

2  proposition that the request made here is appropriate.

3       MS. JENSEN:  Your Honor, taking a quick step back,

4  defendants themselves have recognized within the letter brief

5  and previously that the underlying time bills are not required.

6  I don't think that's in dispute here.  And the courts do

7  generally, from, you know, what we have seen, disfavor

8  satellite litigation regarding fees as opposed to the

9  substantive claims and offenses in the case.

10      It is a matter of ordinary course in our cases and in

11  these cases as far as we are aware that the declarations of

12  counsel provide the evidence that is necessary to ascertain the

13  reasonableness along the lines of what Your Honor has

14  indicated, and that is to provide the details regarding the

15  amount of time spent on the task, which we were prepared to do

16  in our supplemental briefing that Your Honor has ordered the

17  plaintiffs to submit.

18      But in terms of the discovery, we don't think here that

19  it's necessary or appropriate and that it could only lead to

20  additional satellite litigation, which the courts disfavor, as

21  to attorney's fees and costs.

22           THE COURT:  All right.  I am looking at the *Muniz v.*

23  *UPS* case.  I am trying to find --

24           MS. CATHERWOOD:  Your Honor, if I may, it begins at

25  page -- I am looking for the reference on the page number,

Exhibit 3

000067

1   because this is -- when I printed it out on Lexis, it's page 5

2   of 11, but it has a Section B, Relevance of Subpoenaed

3   Information.  And it says, "As set forth below, the Court finds

4   that documents describing or recording the time spent on the

5   case, as well as previously ordered hourly rates, are relevant

6   to plaintiff's fee motion."  The Court then goes on to say, on

7   the documents, that "The UPS subpoena seeks documents

8   describing or recording the amount of time that plaintiff's

9   counsel and their employees spent on the case from January 1,

10  2007 to the present."  And this is a 2011 case, Your Honor.

11          THE COURT:  Let me ask -- because I don't have Lexis

12  but I have Westlaw -- is it the decision from August 23, 2011?

13          MS. CATHERWOOD:  No.  This one says January 28, 2011.

14  2011 U.S. District, Lexis 11219, Your Honor.  And of course,

15  that's Lexis, not -- but I can continue to read to the Court

16  what the Court's ruling was, if Your Honor would like me to.

17          THE COURT:  I just pulled up the January 2011 case so

18  I have that in front of me now.

19          MS. JENSEN:  Your Honor, this is Rachel Jensen again.

20  And I actually took a break from the deposition that we are

21  taking right now in Little Rock, Arkansas, and so I don't

22  have -- unfortunately, I don't have all of the pieces at my

23  fingertips because I have been traveling essentially since

24  yesterday afternoon, when the Court ordered the letter brief,

25  so I wanted to provide that information to you.

Exhibit 3

000068

1          MS. CATHERWOOD:  And Your Honor, this is a case they

2     cited in their letter brief.  And it says that, specifically,

3     "The party opposing the (c) motion should have access to

4     information essential in the calculation of fee awards

5     regarding the nature and extent of work done by the fee

6     applicant's counsel on various phases of the case."

7          And then it goes on to say, "Rather, it is the burden of

8     the challenging party to find specific evidence that hours

9     spent by opposing counsel are duplicative or excessive.  As a

10    result, the party opposing the fee award can be expected to

11    identify the particular charges it considers objectionable.  In

12    turn, the trial court must carefully review attorney

13    documentation of hours expended.  Padding in the form of

14    insufficient or duplicative effort is not subject to

15    compensation.  To this end, the evidence should allow the Court

16    to consider whether the case was overstaffed, how much time the

17    attorneys spent on particular claims, and whether the hours

18    were reasonable.  The Court recognizes that in contrast to some

19    federal courts, California courts do not require

20    contemporaneous time records in order to recover fees."

21         And I am leaving out some of this, but it says, "However,

22    the fact that California courts do not mandate the submission

23    of contemporaneous time records in order to prevail on a fee

24    motion does not mean that a Court may not find time records

25    relevant when a fee opponent challenges the reasonableness of

Exhibit 3

000069

1    the fee."  And they cite a case called *Christian Research*.

2         "The Court may require fee applicants to produce records

3    sufficient to provide a proper basis for determining how much

4    time was spent on a particular claim."

5         And then the Court goes on to say, "Here, UPS may properly

6    seek information that would enable it to challenge plaintiff's

7    fee motion and ascertain if specific evidence exists of

8    duplicative, excessive, or unrelated hours."  And then he

9    points out that the party filing the application, Stephen

10   Jaffe, has attested that because he worked on a contingency fee

11   basis, he did not maintain separate time records of the

12   services he performed in the matter.  And the Court went on to

13   say you have to provide whatever you said you looked at then so

14   that the opposing party can have access to that and prepare a

15   defense.

16        So that's the case that plaintiffs cited, Your Honor, and

17   we think that supports Your Honor granting our request.

18             THE COURT:  Any response?

19             MS. ECK:  Your Honor, this is Amber Eck.  I'd like to

20   respond briefly.

21        The cases -- I think just part of the language that was

22   just read was that it said it may require the fee applicant to

23   produce records sufficient to provide a proper basis for

24   determining how much time was spent on particular claims.  And

25   I guess in our view, that's what the Court asked us to do in

Exhibit 3

000070

1    its order, is to provide a breakdown, either by task or by

2    things that we worked on.  That's what we intend to do in our

3    declaration that we are submitting tomorrow.  We think that

4    that will comply with that.

5        I think the case that we cited in our letter brief, the

6    *Hartless v. Clorox* case -- which is out of the Southern

7    District of California, Judge Bencivengo -- specifically is a

8    case very similar to ours in the anti-SLAPP context, that

9    individual time entries are not required to have the Court

10   award fees and expenses.  And that really is the clear law.

11   It's just we didn't have a lot of time to submit briefing on

12   this, although we could submit supplemental briefing if the

13   Court would like it.

14       But there's actually a Rutter Group guide on the

15   anti-SLAPP motions, and that Rutter Group guide, Section 298,

16   specifically states -- and it quotes the case of *Raining Data*

17   *Corp. v. Barrenechea*, which is a California court decision,

18   175 Cal.App.4th 1363, the pin cite of 1375.  And it states,

19   "The law is clear that an award of attorney fees may be based

20   on counsel's declaration without production of detailed time

21   records."

22       And that is specifically in the anti-SLAPP context.  The

23   *Hartless* case that's cited in our brief is in the anti-SLAPP

24   context.  The *Muniz* case is not, but I don't think it's

25   inconsistent with what we are saying.  As the Court recognized,

Exhibit 3

000071

1   we have a duty to produce sufficient evidence that our time was

2   reasonable, what it was spent on, that it was non-duplicative.

3   We intend to set that forth in our declaration, and the Court

4   can consider that and determine whether it believes it is

5   sufficient.

6          THE COURT:  Let me ask about *Hartless*.  Looking at

7   *Hartless*, what I understood it to be was a class action

8   settlement involving the Clorox automatic toilet bowl cleaner

9   and not anti-SLAPP.  And Judge Bencivengo, in *Hartless*,

10  considered the fact that this had been a settlement, that you

11  had an objector who was challenging the settlement and was also

12  challenging the amount of the attorney fees, and this objector

13  was requesting all of the time records from the plaintiffs'

14  attorneys' work.  So that's a far cry and a different situation

15  than what we have; isn't that right?

16         MS. ECK:  Actually, I am looking at this, and I

17  thought I was looking at the *Hartless* case, and I think I was

18  actually looking at the other case I just mentioned to you,

19  which was the *Raining Data Corp.* case.  I think you are right.

20  I think your description of the facts of that case is accurate,

21  although the Court did find that the declarations were

22  sufficient rather than time records.

23      The case that I did previously mention, which was the fact

24  pattern I am thinking of, was the *Raining Data Corp. v.*

25  *Barrenechea* case, and that was an anti-SLAPP case, where the

Exhibit 3

000072

1    Court found specifically in a fee for -- motion for fees under

2    the anti-SLAPP statute that the law was clear that award of

3    attorneys' fees can be based on declarations without time

4    records.  And that's at page 1374.

5              THE COURT:  All right.  Well, let me just make this

6    observation.  It's clear that *Muniz*, at page 5 of the Westlaw

7    decision, does provide the general law as to what the Court is

8    entitled to consider, what it can order as far as additional

9    specificity and information.  And I am well aware of what

10   California law is, what the federal law is.  And at this point,

11   we have issued our order with respect to, at this point, the

12   Court finds that what has been provided is lacking.

13        However, having said that, that doesn't mean that the

14   Court at this point is looking for all of the time records.  As

15   far as the Court's exercise of its discretion, keeping in mind

16   this is an anti-SLAPP action, that this relates to a class

17   action that's being taken on a contingency, much as the Court

18   in *Hartless* and I believe Judge Moskowitz thereafter in another

19   case, where he distinguished *Hartless* but recognized that

20   *Hartless* was a class action case and was taken on contingency,

21   that those facts made it unnecessary to have the level of

22   specificity that one might otherwise need in a different type

23   of case.

24        So I am not convinced at this point, based upon my review

25   of *Muniz*, that it's necessary to have all of the time records

Exhibit 3

000073

1   provided to the Court or that it's appropriate to have them the

2   subject of a subpoena or a discovery request.

3        And so, at this point, I am prepared to issue an order

4   which would quash the subpoena based upon undue burden, and

5   then also find that the information is not discoverable

6   pursuant to a request for production.  And as I stated earlier,

7   if the Court is not satisfied with the level of specificity

8   that's provided by the plaintiffs in their further pleadings,

9   then the Court will make the appropriate ruling.

10       But at this point, then, before we conclude, is there

11  anything else that either side wishes to add?

12            MS. CATHERWOOD:  Your Honor, this is Kate Catherwood.

13  Just to make sure that we are fully addressing, kind of -- the

14  distinction here, I think, is a little bit subtle.  But I want

15  to make sure Your Honor has considered this, and that is the

16  difference between, Your Honor, what you need to consider and

17  what is required to be presented to you in connection with

18  reviewing the motion versus what is an appropriate subject of

19  discovery in connection with such a motion to allow the party

20  objecting to that motion to be in a position to provide the

21  best defense for the client.

22       And it's that second aspect that I think was acknowledged

23  in the *Muniz* case, where it wasn't the Court asking for the

24  information but it was the party that was going to be required

25  to object.  And we believe that we will be put at a

Exhibit 3

000074

1    disadvantage if we don't have the records.

2         And I understand the Court's ruling, if you are going to

3    proceed with that.  But what I suggest is perhaps providing the

4    ability, once the motion is filed, for us to seek a further

5    extension to respond if it seems like there's not sufficient

6    information there.

7              THE COURT:  Well, you are going to, obviously, have

8    the opportunity to respond to the additional filing by the

9    plaintiffs.

10        But I do recognize the subtlety and I have balanced the

11   need for this information in the context of allowing the

12   defense to respond to the motion with the concern of the

13   satellite proceedings, these mini trials, that would occur as a

14   result of this fee motion.  So I am well aware of the subtlety,

15   the secondary issue.

16        And at this point, then, if there's nothing else, that

17   will conclude this proceedings.  Thank you all so much.

18             ALL:  Thank you, Your Honor.

19        (End of proceedings at 10:30 a.m.)

20                        -o0o-

21

22

23

24

25

Exhibit 3

000075

```
1                    C-E-R-T-I-F-I-C-A-T-I-O-N

2

3          I hereby certify that I am a duly appointed,

4   qualified and acting official Court Reporter for the United

5   States District Court; that the foregoing is a true and correct

6   transcript of the proceedings had in the aforementioned cause;

7   that said transcript is a true and correct transcription of my

8   stenographic notes; and that the format used herein complies

9   with rules and requirements of the United States Judicial

10  Conference.

11              DATED:  December 15, 2014, at San Diego,

12  California.

13

14                      /s/  Chari L. Possell
                        _____
15                      Chari L. Possell
                        CSR No. 9944, RPR, CRR
16

17

18

19

20

21

22

23

24

25
```

Exhibit 3

000076

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>EXHIBIT 4</u>**


(Minute Order re Discovery Dispute)

10-CV-0940 GPC (WVG)

**Moreno, Sonia**

| | |
|---|---|
| **From:** | efile_information@casd.uscourts.gov |
| **Sent:** | Thursday, December 11, 2014 1:18 PM |
| **To:** | efile_information@casd.uscourts.gov |
| **Subject:** | Activity in Case 3:10-cv-00940-GPC-WVG Makaeff v. Trump University, LLC et al Status Conference |

<span style="color:red">**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**</span>
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Southern District of California**

**Notice of Electronic Filing**

The following transaction was entered on 12/11/2014 at 1:18 PM PST and filed on 12/11/2014
**Case Name:** Makaeff v. Trump University, LLC et al
**Case Number:** 3:10-cv-00940-GPC-WVG
**Filer:**
**Document Number:** 362(No document attached)

**Docket Text:**
**Minute Entry for proceedings held before Judge Gonzalo P. Curiel: Telephonic Discovery Conference held on 12/11/2014. (Court Reporter/ECR Chari Possell). (Plaintiff Attorney Rachel L. Jensen; Amber Lee Eck). (Defendant Attorney Nancy L. Stagg; Kathryn Catherwood). (no document attached) (gac)**

**3:10-cv-00940-GPC-WVG Notice has been electronically mailed to:**

Nancy L. Stagg      nstagg@foley.com, smoreno@foley.com

Amber Lee Eck      ambere@zhlaw.com, robyns@zhlaw.com, winkyc@zhlaw.com

Thomas R. Merrick      tmerrick@rgrdlaw.com

Rachel L Jensen      rjensen@rgrdlaw.com, e_file_sd@rgrdlaw.com, llendzion@rgrdlaw.com, mbacci@rgrdlaw.com

Maureen E. Mueller      mmueller@rgrdlaw.com, e_file_sd@rgrdlaw.com

1
Exhibit 4

Benjamin James Morris     bmorris@foley.com, vgoldsmith@foley.com

Aaron M. Olsen     aarono@zhlaw.com, winkyc@zhlaw.com

Jill Ann Martin     jmartin@trumpnational.com, lvincent@trumpnational.com

Jason A Forge     jforge@rgrdlaw.com, e_file_sd@rgrdlaw.com, tholindrake@rgrdlaw.com

Jeffrey L. Goldman     jgoldman@bbwg.com

Daniel Jacob Pfefferbaum     dpfefferbaum@rgrdlaw.com

**3:10-cv-00940-GPC-WVG Electronically filed documents must be served conventionally by the filer to:**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>EXHIBIT 5</u>**

(Trump University Updated Chart of Suggested Reasonable

Fees by Task)

10-CV-0940 GPC (WVG)

**ATTORNEY FEE ANALYSIS**

| Task No.[1] | Activity | Hours in Jensen Supp. Dec. | Fees in Jensen Supp. Dec. | Hours in Eck Supp. Dec. | Fees in Eck Supp. Dec. | Total Request: Hours | Total Request: Fees | Comments Justifying reduction in hours/fees | Proposed Reasonable Hours | Proposed Reasonable Fees (Blended rate of $300) |
|---|---|---|---|---|---|---|---|---|---|---|
| A. | Initial Anti-SLAPP Motion before the District Court<br><br>[Makaeff's anti-SLAPP Motion Docket No. 14]. Jensen Dec. ¶ 15; Eck Dec. ¶ 20; Jensen Supp. Dec. ¶ 5; Eck Supp. Dec. ¶ 4. | 189.25 | $77,815.00 | 42.25 | $28,095.00 | 231.50 | $105,910.00 | Lumped descriptions prevent assessment of reasonableness by discrete task. *See* Order Requiring Supplemental Briefing [Dkt. No. 358] ("Supp. Brief Order") at p. 4, ll. 20-28, p. 5, ll. 1-3, & 16-26, p. 6, ll. 4-5.<br><br>Duplicative.  Multiple attorneys (at least 6- 3 of them partners) worked on motion, including co-counsel ZHE.  Excessive time.<br><br>*See* Trump University's Supplemental Brief ("TUSB") at p. 6, ll. 14-28. | 70.50 | $21,150.00 |
| B. | District Court Reply Brief<br><br>[Makaeff's Reply Docket No. 17]. Jensen Dec. ¶ 17; Eck Dec. ¶¶ 23, 24; Jensen Supp. Dec. ¶ 6; Eck Supp. Dec. ¶5. | 86.5 | $31,615.00 | 27 | $18,630.00 | 113.5 | $50,245.00 | Lumped descriptions prevent assessment of reasonableness by discrete task. *See* Supp. Brief Order at p. 4, ll. 20-28, p. 5, ll. 1-3, & 16-26, p. 6, ll. 4-5.<br><br>Duplicative.  Multiple attorneys worked on motion.  2 partners, 2 associates, 2 paralegals. Excessive time.<br><br>*See* TUSB at p. 7, ll. 1-15. | 50.00 | $15,000 |

---

[1] The Task No. corresponds with the letter paragraphs in the Supplemental Declaration of Rachel Jensen [Dkt. No. 364-1].

4828-3944-2972.1

Exhibit 5

| Task No.[1] | Activity | Hours in Jensen Supp. Dec. | Fees in Jensen Supp. Dec. | Hours in Eck Supp. Dec. | Fees in Eck Supp. Dec. | Total Request: Hours | Total Request: Fees | Comments Justifying reduction in hours/fees | Proposed Reasonable Hours | Proposed Reasonable Fees (Blended rate of $300) |
|---|---|---|---|---|---|---|---|---|---|---|
| C. | Opposition to Motion to Strike [Makaeff's Opposition to Motion to Strike, Docket No. 19]. Jensen Dec. ¶ 18, Eck Dec. ¶ 25; Jensen Supp. Dec. ¶ 7, Eck Supp. Dec. ¶ 6. | 8.5 | $3,233.75 | 9.75 | $6,727.50 | 18.25 | $9,961.25 | Lumped descriptions prevent assessment of reasonableness by discrete task. *See* Supp. Brief Order at p. 4, ll. 20-28, p. 5, ll. 1-3, & 16-26, p. 6, ll. 4-5. Duplicative. 2 partners, one associate and paralegal. Excessive time. *See* TUSB at p. 7, ll. 16-24. | 10.50 | $3,150.00 |
| D. | District Court Hearing and Preparation [Hearing on anti-SLAPP. Docket Nos. 22 & 23] Jensen Dec. ¶ 19; Eck Dec. ¶ 26. Jensen Supp. Dec. ¶ 8, Eck Supp. Dec. ¶ 7. | 2.25 | $1,185.00 | 23.5 | $16,215.00 | 25.75 | $17,400.00 | Lumped descriptions prevent assessment of reasonableness by discrete task. *See* Supp. Brief Order at p. 4, ll. 20-28, p. 5, ll. 1-3, & 16-26, p. 6, ll. 4-5. Duplicative. 2 partners and one associate. Excessive time. *See* TUSB at p. 7, ll. 25-28 – p. 8, ll. 1-8. | 11.25 | $3,375.00 |
| E. | Motion for Reconsideration [Makaeff's Motion for Reconsideration. Docket No. 31]. Jensen Dec. ¶ 20; Eck Dec. ¶¶ 27, 28; Jensen Supp. Dec. ¶ 9, Eck Supp. Dec. ¶ 8. | 53.5 | $21,990.00 | 71 | $48,540.00 | 124.5 | $70,530.00 | Lumped descriptions prevent assessment of reasonableness by discrete task. *See* Supp. Brief Order at p. 4, ll. 20-28, p. 5, ll. 1-3, & 16-26, p. 6, ll. 4-5. Duplicative efforts. Multiple attorneys worked on matter. 4 partners, 2 | 38.25 | $11,475.00 |

| Task No.[1] | Activity | Hours in Jensen Supp. Dec. | Fees in Jensen Supp. Dec. | Hours in Eck Supp. Dec. | Fees in Eck Supp. Dec. | Total Request: Hours | Total Request: Fees | Comments Justifying reduction in hours/fees | Proposed Reasonable Hours | Proposed Reasonable Fees (Blended rate of $300) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | associates, 2 paralegals. *See* TUSB at p. 8, ll. 9-26. | | |
| F. | Motion for Reconsideration Reply Brief [Makaeff's Reply, Docket No. 35]. Jensen Dec. ¶ 21; Eck Dec. ¶ 28; Jensen Supp. Dec. ¶ 10, Eck Supp. Dec. ¶ 9. [Order on Motion for Reconsideration; Docket No. 40]. Jensen Dec. ¶ 21. (No hearing held). | 43.5 | $15,247.50 | 27.5 | $18,975.00 | 71 | $34,222.50 | Lumped descriptions prevent assessment of reasonableness by discrete task. *See* Supp. Brief Order at p. 4, ll. 20-28, p. 5, ll. 1-3, & 16-26, p. 6, ll. 4-5. Duplicative efforts. Multiple attorneys worked on matter. 2 partners, 1 associate, 2 paralegals. Excessive time. Judge Gonzalez denied Makaeff's motion– Trump University prevailed. The order [Dkt. 40] confirms the motion was not consistent with standards for reconsideration and denial of fees is appropriate or at most 2 hrs. in total, given Judge Gonzalez's finding that Makaeff simply re-argued her original motion. "Makaeff presents neither newly discovered evidence nor an intervening change in controlling law to support her motion. Instead, she attempts to reargue her claim that Trump University is a public figure, and raises for the | 22.00 | $6,600.00 |

| Task No.[1] | Activity | Hours in Jensen Supp. Dec. | Fees in Jensen Supp. Dec. | Hours in Eck Supp. Dec. | Fees in Eck Supp. Dec. | Total Request: Hours | Total Request: Fees | Comments Justifying reduction in hours/fees | Proposed Reasonable Hours | Proposed Reasonable Fees (Blended rate of $300) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | first time the issue of the "common issue privilege." None of the authorities upon which Makaeff relies were unavailable when she filed her initial motion, when she filed her reply to Trump University's opposition, or when counsel appeared before the Court for oral argument.  Makaeff points to no intervening change in the law or to any clear error committed by the Court.  Makaeff has not met the high bar required to merit the extraordinary remedy of reconsideration.  Accordingly, the motion for reconsideration is DENIED."  *See* TUSB at p. 9, ll. 1-9. | | |
| G. | Appeal Opening Brief  [Notice of Appeal].  Jensen Dec. ¶ 23; Eck Dec. ¶ 32.  Docket No. 43.  [Opening Brief].  Jensen Dec. ¶ 24; Eck Dec. ¶¶ 35, 36; Jensen Supp. Dec. ¶ 11, Eck Supp. Dec. ¶ 10. | 345.75 | $232,426.25 | 13 | $8,925.00 | 358.75 | $241,351.25 | Unable to tell how much time was spent on Notice of Appeal in Jensen's Dec. ¶ 23 & Eck Dec. ¶ 32 or on other discrete tasks because Makaeff's supplemental brief & declarations lumped time.  Five line notice of appeal [Dkt. 43].  Should not have taken | 100.25 | $30,075.00 |

| Task No.[1] | Activity | Hours in Jensen Supp. Dec. | Fees in Jensen Supp. Dec. | Hours in Eck Supp. Dec. | Fees in Eck Supp. Dec. | Total Request: Hours | Total Request: Fees | Comments Justifying reduction in hours/fees | Proposed Reasonable Hours | Proposed Reasonable Fees (Blended rate of $300) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | more than an hour.<br><br>Lumped descriptions prevent assessment of reasonableness by discrete task.  *See* Supp. Brief Order at p. 4, ll. 20-28, p. 5, ll. 1-3, & 16-26, p. 6, ll. 4-5.<br><br>Duplicative.  At least 5 attorneys working on brief from 2 firms consisting of 4 partners and one associate.<br><br>Time is excessive and not necessary for speaking with outside entities.  *See* Jensen Dec. at ¶ 25; Eck Dec. at ¶¶ 7, 37. Isaacson's consultations with 3rd parties unnecessary.  Isaacson Dec. at ¶ 16.  Isaacson admits he lacks experience in Anti-SLAPP motions and he had to "immerse" himself in treatises, etc.  Isaacson Dec. at ¶ 14.  Isaacson's review of books on Trump was outside record on appeal and unnecessary.  Isaacson Dec. at ¶ 15.<br><br>*See* TUSB at p. 9, ll. 10-28 – p. 10, ll. 1-3. | | |
| H. | Opposition to Motion to Stay [Makaeff's opposition for stay. | 27.5 | $13,915.00 | 27.5 | $18,975.00 | 55 | $32,890.00 | Lumped descriptions prevent assessment of | 19.50 | $5,850.00 |

| Task No.[1] | Activity | Hours in Jensen Supp. Dec. | Fees in Jensen Supp. Dec. | Hours in Eck Supp. Dec. | Fees in Eck Supp. Dec. | Total Request: Hours | Total Request: Fees | Comments Justifying reduction in hours/fees | Proposed Reasonable Hours | Proposed Reasonable Fees (Blended rate of $300) |
|---|---|---|---|---|---|---|---|---|---|---|
| | Docket No. 48].  Eck Dec. ¶ 33; Jensen Supp. Dec. ¶ 12, Eck Supp. Dec. ¶ 11. | | | | | | | reasonableness by discrete task. *See* Supp. Brief Order at p. 4, ll. 20-28, p. 5, ll. 1-3, & 16-26, p. 6, ll. 4-5.<br><br>Not compensable, relates to main case, not anti-SLAPP motion.  Duplicative.  3 partners and 3 paralegals.  Excessive time, rates too high for task.<br><br>*See* TUSB at p. 10, ll. 4-15. | | |
| I. | Ninth Circuit Settlement Conference<br><br>[Settlement Assessment Conference with Ninth Circuit Mediator – Lou Rosen].  Jensen Dec. ¶ 47; Eck Dec. ¶ 31; Jensen Supp. Dec. ¶ 13, Eck Supp. Dec. ¶ 14. | 5.75 | $4,537.50 | 2.75 | $1,897.50 | 8.50 | $6,435.00 | Lumped descriptions prevent assessment of reasonableness by discrete task. *See* Supp. Brief Order at p. 4, ll. 20-28, p. 5, ll. 1-3, & 16-26, p. 6, ll. 4-5.<br><br>Excessive number of partners (3) participating in conference.  Duplicative.<br><br>*See* TUSB at p. 10, ll. 16-26. | 2.00 | $600.00 |
| J. | Work with Amicus on Appeal<br><br>Jensen Supp. Dec. ¶ 14, Eck Supp. Dec. ¶¶ 15, 16. | 24 | $18,408.75 | 6 | $4,140.00 | 30 | $22,548.75 | Lumped descriptions prevent assessment of reasonableness by discrete task. *See* Supp. Brief Order at p. 4, ll. 20-28, p. 5, ll. 1-3, & 16-26, p. 6, ll. 4-5.<br><br>Excessive number of partners (4) working on | 0 | 0 |

| Task No.[1] | Activity | Hours in Jensen Supp. Dec. | Fees in Jensen Supp. Dec. | Hours in Eck Supp. Dec. | Fees in Eck Supp. Dec. | Total Request: Hours | Total Request: Fees | Comments Justifying reduction in hours/fees | Proposed Reasonable Hours | Proposed Reasonable Fees (Blended rate of $300) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | matter.  Duplicative.  Soliciting public support should have been assigned to one associate if billed at all to client.  Not necessary to incur fees so should be denied as unnecessary. *See* TUSB at p. 11, ll. 1-11. | | |
| K. | Request for Judicial Notice Reply Brief Jensen Supp. Dec. ¶ 15. [Makaeff's Reply to Opposition to RFJN].  Jensen Dec. ¶ 26. | 35.5 | $24,901.25 | 0 | 0 | 35.5 | $24,901.25 | Lumped descriptions prevent assessment of reasonableness by discrete task.  *See* Supp. Brief Order at p. 4, ll. 20-28, p. 5, ll. 1-3, & 16-26, p. 6, ll. 4-5. Excessive number of hours spent by high billing partner on basic task that should be done by paralegal. *See* TUSB at p. 11, ll. 12-25. | 10.00 | $3,000.00 |
| L. | Appeal Reply Brief [Makaeff's Reply Brief].  Jensen Dec. ¶ 27; Eck Dec. ¶ 39; Jensen Supp. Dec. ¶ 16, Eck Supp. Dec. ¶ 17. | 138 | $90,427.50 | 3.25 | $2,242.50 | 141.25 | $92,670.00 | Lumped descriptions prevent assessment of reasonableness by discrete task.  *See* Supp. Brief Order at p. 4, ll. 20-28, p. 5, ll. 1-3, & 16-26, p. 6, ll. 4-5. Duplicative.  Four (4) partners and one paralegal working on matter.  No explanation for need of Tom Merrick. Eck time | 50.00 | $15,000.00 |

| Task No.[1] | Activity | Hours in Jensen Supp. Dec. | Fees in Jensen Supp. Dec. | Hours in Eck Supp. Dec. | Fees in Eck Supp. Dec. | Total Request: Hours | Total Request: Fees | Comments Justifying reduction in hours/fees | Proposed Reasonable Hours | Proposed Reasonable Fees (Blended rate of $300) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | lumped with time in section M re supplemental RFJN. *See* TUSB at p. 11, ll. 26-28 – p. 12, ll. 1-9. | | |
| M. | Supplemental request for Judicial Notice [Makaeff's Reply to Opposition to RFJN].  Jensen Dec. ¶ 28; Eck Dec. ¶ 39; Jensen Supp. Dec. ¶ 17, Eck Supp. Dec. ¶ 17. | 21.5 | $13,790.00 | 0 | 0 | 21.5 | $13,790.00 | Lumped descriptions prevent assessment of reasonableness by discrete task.  *See* Supp. Brief Order at p. 4, ll. 20-28, p. 5, ll. 1-3, & 16-26, p. 6, ll. 4-5. Task not properly assigned.  A high billing partner should not be working on a simple request for judicial notice. *See* TUSB at p. 12, ll. 10-20. | 20.00 | $6,000.00 |
| N. | Ninth Circuit Appeal Strategy Jensen Supp. Dec. ¶ 18. | 2 | $1,608.75 | 0 | 0 | 2 | $1,608.75 | Time duplicative of what appears to have been included in L & M, above. *See* TUSB at p. 12, ll. 21-26. | 0 | 0 |
| O. | Ninth Circuit Hearing [Oral Argument].  Jensen Dec. ¶ 30; Eck Dec. ¶ 40; Jensen Supp. Dec. ¶ 19, Eck Supp. Dec. ¶¶ 18-19. | 91 | $68,617.50 | 2 | $940.00 | 93 | $69,557.50 | Lumped descriptions prevent assessment of reasonableness by discrete task.  *See* Supp. Brief Order at p. 4, ll. 20-28, p. 5, ll. 1-3, & 16-26, p. 6, ll. 4-5. Excessive time spent by Isaacson.  Duplicative time on mock argument. | 25.00 | $7,500.00 |

| Task No.[1] | Activity | Hours in Jensen Supp. Dec. | Fees in Jensen Supp. Dec. | Hours in Eck Supp. Dec. | Fees in Eck Supp. Dec. | Total Request: Hours | Total Request: Fees | Comments Justifying reduction in hours/fees | Proposed Reasonable Hours | Proposed Reasonable Fees (Blended rate of $300) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | 3 partners, 2 associates and a paralegal. *See* TUSB at p. 13, ll. 1-17. | | |
| P. | Research Regarding Possible 28(j) Letter Jensen Supp. Dec. ¶ 20. | 7.5 | $6,187.50 | 0 | 0 | 7.5 | $6,187.50 | Lumped descriptions prevent assessment of reasonableness by discrete task. *See* Supp. Brief Order at p. 4, ll. 20-28, p. 5, ll. 1-3, & 16-26, p. 6, ll. 4-5. Excessive time. Not necessary. *See* TUSB at p. 13, ll. 18-23. | 0 | 0 |
| Q. | Opposition to Trump's Petition for Hearing *En Banc* [Makaeff's Opposition to Petition]. Jensen Dec. ¶ 31, Jensen Supp. Dec. ¶ 21, Eck Supp. Dec. ¶ 20. | 307.75 | $201,665.50 | 14.75 | $9,582.50 | 322.5 | $211,248.00 | Lumped descriptions prevent assessment of reasonableness by discrete task. *See* Supp. Brief Order at p. 4, ll. 20-28, p. 5, ll. 1-3, & 16-26, p. 6, ll. 4-5. Duplicative. Too many attorneys reviewing brief. *See* Jensen Dec. at ¶ 32. Consultation with outside sources excessive and unnecessary. Isaacson Dec. at ¶ 22. *See* TUSB at p. 13, ll. 24-28 – p. 14, ll. 1-8. | 20.00 | $6,000.00 |
| R. | Work with Amicus on *En Banc* Opposition | 17.25 | $13,438.75 | 3.25 | $2,242.50 | 20.5 | $15,681.25 | Lumped descriptions prevent assessment of | 0 | 0 |

| Task No.[1] | Activity | Hours in Jensen Supp. Dec. | Fees in Jensen Supp. Dec. | Hours in Eck Supp. Dec. | Fees in Eck Supp. Dec. | Total Request: Hours | Total Request: Fees | Comments Justifying reduction in hours/fees | Proposed Reasonable Hours | Proposed Reasonable Fees (Blended rate of $300) |
|---|---|---|---|---|---|---|---|---|---|---|
| | Jensen Supp. Dec. ¶ 22, Eck Supp. Dec. ¶ 21. | | | | | | | reasonableness by discrete task. *See* Supp. Brief Order at p. 4, ll. 20-28, p. 5, ll. 1-3, & 16-26, p. 6, ll. 4-5. Time spent soliciting Anti-SLAPP practitioners excessive. Also, time is duplicative with 4 partners tasked with this job which was not necessary. *See* TUSB at p. 14, ll. 9-21. | | |
| S. | Strategy Regarding the Remand and Motion to Transfer Fee Motion to District Court [Makaeff's Motion to Transfer Atty's Fees/Costs Issues to District Court].  Jensen Dec. ¶ 35; Eck Dec. ¶ 42; Jensen Supp. Dec. ¶ 23, Eck Supp. Dec. ¶ 22. | 56.6 | $29,518.75 | 6.25 | $4,312.50 | 62.85 | $33,831.25 | Lumped descriptions prevent assessment of reasonableness by discrete task. *See* Supp. Brief Order at p. 4, ll. 20-28, p. 5, ll. 1-3, & 16-26, p. 6, ll. 4-5. Unopposed by Trump University.  Meet & confer with Trump University confirmed no opposition.  Thus, Motion should not have required extensive research or time to prepare.  *See* Jensen Dec. at ¶ 32; Isaacson Dec. at ¶ 25; Catherwood Dec. at ¶ 12. *See* TUSB at p. 14, ll. 22-28 – p. 15, ll. 1-5. | 1.00 | $300.00 |
| T. | Makaeff Deposition Preparation and Document Production | 117.25 | $61,755.00 | 58 | $38,960.00 | 175.25 | $100,715.00 | Lumped descriptions prevent assessment of | 7.00 | $2,100.00 |

| Task No.[1] | Activity | Hours in Jensen Supp. Dec. | Fees in Jensen Supp. Dec. | Hours in Eck Supp. Dec. | Fees in Eck Supp. Dec. | Total Request: Hours | Total Request: Fees | Comments Justifying reduction in hours/fees | Proposed Reasonable Hours | Proposed Reasonable Fees (Blended rate of $300) |
|---|---|---|---|---|---|---|---|---|---|---|
| | [Makaeff's Deposition].  Jensen Dec. ¶ 37; Eck Dec. ¶ 46; Jensen Supp. Dec. ¶ 24, Eck Supp. Dec. ¶¶ 23-26 .  Prepare Makaeff for Deposition; Jensen Dec. ¶ 38, Eck Dec. ¶ 46, Ex. 2.<br><br>Anti-SLAPP discovery re Walter Grieves.  Eck Dec. ¶ 47, Ex. 2. | | | | | | | reasonableness by discrete task.  *See* Supp. Brief Order at p. 4, ll. 20-28, p. 5, ll. 1-3, & 16-26, p. 6, ll. 4-5.<br><br>Makaeff produced documents for the first time which had previously been withheld.  Motion for Fees at p. 6, lines 4-6.<br><br>Makaeff had been deposed in this case before.  The scope was limited to a very narrow issue on malice.  Depo prep should have been minimal.  The use of 2 partners over several days is excessive and duplicative, unreasonable for $100,715 to be spent for a 2-hour Deposition.  *See* Jensen Dec. at ¶ 37.  Two people defending – excessive and duplicative.  *See* Jensen Dec. at ¶ 37; Eck Dec. at ¶¶ 44, 45, 46.<br><br>Time spent with Grieves' counsel unnecessary and premature.  *See* Eck Dec. at ¶ 47.  Also, not mentioned in supplemental declarations.<br><br>*See* TUSB at p. 15, ll. 6-20. | | |

000091

| Task No.[1] | Activity | Hours in Jensen Supp. Dec. | Fees in Jensen Supp. Dec. | Hours in Eck Supp. Dec. | Fees in Eck Supp. Dec. | Total Request: Hours | Total Request: Fees | Comments Justifying reduction in hours/fees | Proposed Reasonable Hours | Proposed Reasonable Fees (Blended rate of $300) |
|---|---|---|---|---|---|---|---|---|---|---|
| U. | Supplemental Reply Brief Regarding Actual Malice<br><br>[Makaeff's Supplemental Brief; Docket No. 294]. Jensen Dec. ¶ 38; Eck Dec. ¶ 43. Jensen Supp. Dec. ¶ 26, Eck Supp. Dec. ¶ 28. | 40.75 | $23,142.5 | 19 | $12,750.00 | 59.75 | $35,892.50 | Lumped descriptions prevent assessment of reasonableness by discrete task. *See* Supp. Brief Order at p. 4, ll. 20-28, p. 5, ll. 1-3, & 16-26, p. 6, ll. 4-5.<br><br>3 partners, one associate and 2 paralegals working on simple reply is excessive and duplicative.<br><br>*See* TUSB at p. 15, ll. 21-28 – p. 16, ll. 1-4. | 15.00 | $4,500.00 |
| V. | Supplemental Brief Regarding Actual Malice<br><br>[Makaeff's Reply re Supplemental Brief; Docket No. 312]. Jensen Dec. ¶ 39; Eck Dec. ¶ 48. Jensen Supp. Dec. ¶ 25, Eck Supp. Dec. ¶ 27. | 104.25 | $52,133.75 | 36.75 | $25,357.50 | 141 | $77,491.25 | Lumped descriptions prevent assessment of reasonableness by discrete task. *See* Supp. Brief Order at p. 4, ll. 20-28, p. 5, ll. 1-3, & 16-26, p. 6, ll. 4-5.<br><br>4 partners, one associate and 2 paralegals working on supplemental brief on discrete issue excessive and duplicative.<br><br>*See* TUSB at p. 16, ll. 5-15. | 10.00 | $3,000.00 |
| W. | Hearing on Actual Malice<br><br>Jensen Dec. at ¶ 41; Eck Dec. at ¶ 49; Jensen Supp. Dec. ¶ 27, Eck Supp. Dec. ¶¶ 29-30. | 5 | $2,489.00 | 35.25 | $22,892.50 | 40.25 | $25,381.50 | Lumped descriptions prevent assessment of reasonableness by discrete task. *See* Supp. Brief Order at p. 4, ll. 20-28, p. 5, ll. 1-3, & 16-26, p. 6, ll. 4-5.<br><br>Prepare & attend hearing engaged 5 partners and | 10.00 | $3,000.00 |

| Task No.[1] | Activity | Hours in Jensen Supp. Dec. | Fees in Jensen Supp. Dec. | Hours in Eck Supp. Dec. | Fees in Eck Supp. Dec. | Total Request: Hours | Total Request: Fees | Comments Justifying reduction in hours/fees | Proposed Reasonable Hours | Proposed Reasonable Fees (Blended rate of $300) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | one associate and one paralegal. Duplicative. Time spent is unreasonable. *See* TUSB at p. 16, ll. 16-25. | | |
| X. | Time Spent on Multiple Tasks Jensen Supp. Dec. at ¶ 28. | 14.25 | $10,807.50 | 0 | 0 | 14.25 | $10,807.50 | Lumped descriptions prevent assessment of reasonableness by discrete task. *See* Supp. Brief Order at p. 4, ll. 20-28, p. 5, ll. 1-3, & 16-26, p. 6, ll. 4-5. Time should be denied as declarants are unable to tie it to a specific task. *See* TUSB at p. 16, ll. 26-28, p. 17, ll. 1-5. | 0 | 0 |
| Y. | Paralegal Support Jensen Supp. Dec. at ¶ 29. | 10 | $2,950.00 | 0 | 0 | 10 | $2,950.00 | Lumped descriptions prevent assessment of reasonableness by discrete task. *See* Supp. Brief Order at p. 4, ll. 20-28, p. 5, ll. 1-3, & 16-26, p. 6, ll. 4-5. Time should be denied as declarants are unable to tie it to a specific task. *See* TUSB at p. 17, ll. 6-11. | 0 | 0 |
| Z. | Bill of Fees and Costs Jensen Supp. Dec. at ¶ 30, Eck Supp. Dec. at ¶ 31. | 0 | 0 | 32.25 | $19,452.50 | 32.25 | $19,452.50 | Time should be denied because it was not included in original notice with specific dollar amounts. *See* Bill of Fees | 0 | 0 |

| Task No.[1] | Activity | Hours in Jensen Supp. Dec. | Fees in Jensen Supp. Dec. | Hours in Eck Supp. Dec. | Fees in Eck Supp. Dec. | Total Request: Hours | Total Request: Fees | Comments Justifying reduction in hours/fees | Proposed Reasonable Hours | Proposed Reasonable Fees (Blended rate of $300) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | and Costs [Dkt. No. 331], p. 14-15. *See* TUSB at p. 17, ll. 12-20. | | |
| | **TOTALS** | 1755.10 | $1,023,807.00 | 461[2] | $309,852.50 | 2216.1 | $1,333,659.50[3] | | 492.25 | $147,675.00 |

---

[2] The total hours spent by Zeldes firm was 461, which is consistent with the recommended hours of 492.25. The duplication of having two law firms work on a simple anti-SLAPP motion is simply not justified and resulted in completely unreasonable and unnecessary and non-compensable fees.

[3] The total fees requested in the motion were $1,333,004.25. Trump University has not identified the discrepancy in totaling up the fees requested in the supplemental declarations, but notes the fees should not increase with the supplemental brief by $655.25. The total fees in the Jensen Supp. Dec. by category are $1,023,807.00, which is not consistent with her statement at p. 1, l. 10, which states total fees were $1,023,625.75, which is a difference of $181.25. The total fees from the Eck Supp. Dec. by category are $309,852.50 and not consistent with her supplemental declaration (Eck Supp. Dec. at p. 1, ll. 12-13), which totals fees of $309,377.50, a $475.00 difference. The total difference is $656.25. Trump University apologizes if this is the transcription error in preparing this chart, but for $656.25, the time it will take to identify the error is not cost effective.

000094