1   NANCY L. STAGG CA Bar No. 157034
        nstagg@foley.com
2   BENJAMIN J. MORRIS CA BAR No. 260148
        bmorris@foley.com
3   **FOLEY & LARDNER LLP**
    3579 VALLEY CENTRE DRIVE, SUITE 300
4   SAN DIEGO, CA 92130-3302
    TELEPHONE:  858.847.6700
5   FACSIMILE:    858.792.6773

6   JILL A. MARTIN CA Bar No. 245626
        jmartin@trumpnational.com
7   C/O **TRUMP NATIONAL GOLF CLUB LOS ANGELES**
    ONE TRUMP NATION DRIVE
8   RANCHO PALOS VERDES, CA 90275
    TELEPHONE:  310.303.3225
9   FACSIMILE:    310.265.5522

10  Attorneys for Defendants Trump University, LLC
    and Donald J. Trump

11

12                **UNITED STATES DISTRICT COURT**

13              **SOUTHERN DISTRICT OF CALIFORNIA**

14

15  TARLA MAKAEFF, SONNY LOW, J.R.          Case No:  10-cv-0940 GPC (WVG)
    EVERETT, AND JOHN BROWN,  on
16  behalf of themselves and all others       **CLASS ACTION**
    similarly situated, ED OBERKROM, and
17  BRANDON KELLER, individually,             **TRUMP UNIVERSITY, LLC'S**
                                              **EVIDENTIARY OBJECTIONS TO**
18              Plaintiffs,                   **AND REQUEST TO STRIKE**
                                              **PORTIONS OF DECLARATION OF**
19          v.                                **RACHEL L. JENSEN IN SUPPORT OF**
                                              **TARLA MAKAEFF'S BILL OF FEES**
20  TRUMP UNIVERSITY, LLC (aka Trump          **AND COSTS**
    Entrepreneur Initiative), a New York
21  Limited Liability Company, DONALD J.
    TRUMP, and DOES 1 through 50,
22  inclusive,

23              Defendants.

24

25

26

27

28

4846-4908-0353.v3

Trump University, LLC ("Trump University"), hereby objects to the Supplemental Declaration of Rachel L. Jensen in Support of Plaintiff/Counter-Defendant Tarla Makaeff's Bill of Fees and Costs (the "Jensen Supp. Decl."; [Dkt. No. 364-1]) and requests that portions be stricken, as set forth herein.  This Court previously found the declarations of Ms. Jensen, Ms. Eck, and Mr. Isaacson, submitted in support of Makaeff's Bill of Fees and Costs (the "Motion") to be deficient and ordered Makaeff to submit supplemental briefing.  *See* Dkt. No. 358 at 5:6-7.  In support of Makaeff's Supplemental Brief in Support of Bill of Fees and Costs ("Makaeff's Supp. Brief"; [Dkt. No. 364]), Makaeff submits two declarations: the Jensen Decl. and the Declaration of Amber L. Eck (the "Eck Supp. Decl."; [Dkt. No. 364-2]).

Evidence submitted to the Court on motion practice must meet all requirements for admissibility of evidence as if offered at the time of trial.  *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181-82 (9th Cir. 1988); *see also* Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings in the courts of the United States).  Declarations that would not be admissible are subject to objection and may be stricken.  *Block v. City of L.A.*, 253 F.3d 410, 419 (9th Cir. 2001).  An evidentiary basis must support ***each aspect*** of an award.  *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 223 (9th Cir. 2013).

Critically, declarations in support of attorney fee awards must be based on personal knowledge.  *Id.*  In the Ninth Circuit and under the Federal Rules of Evidence, one attorney's declaration concerning the time spent and tasks performed by another attorney or paralegal is inadmissible hearsay.  *Id.* (vacating district court's grant of attorney fee award and rejecting as inadmissible hearsay attorney declaration as to the time spent by paralegal where paralegal failed to submit declaration of her own); *see also Kranson v. Fed. Express Corp.*, No. 11-05826, 2013 U.S. Dist. LEXIS 173499, *18 (N.D. Cal. Dec. 11, 2013) ("As to [the paralegal's] work, the Court agrees with [the party opposing the attorney fee motion] that the best evidence...would have been a declaration from [the paralegal] herself.  Moreover, based on the Ninth Circuit's recent

opinion in *Muniz v. United Parcel Serv.*, the Court finds that an award for [the paralegal's] services based on the declaration of [an attorney] that she performed precisely seven hours of work 'under [the attorney's] supervision' would be based on hearsay.  Accordingly, the Court declines to award fees based on [the paralegal's] services.") (citations omitted).

As set forth below, the Jensen Supp. Decl. is replete with testimony based not on personal knowledge or observation, but on inadmissible hearsay.  Indeed, Ms. Jensen purports to describe the time spent and tasks performed by no fewer than 10 other individuals—none of whom submit a declaration of their own in support of Makaeff's Supp. Brief.  As discussed below, Ms. Jensen does not purport to have personally observed the amount of time spent or work performed by these other individuals.  Instead, Ms. Jensen's testimony is undoubtedly based on out of court statements or her own opinion.  As discussed above, the Ninth Circuit has rejected such an approach.  *See Muniz*, 738 F.3d at 223.

The Jensen Supp. Decl. also disregards the best evidence rule by purporting to describe the contents of writings not submitted into evidence (e.g., the purported "underlying time entries and records" (*see* Jensen Supp. Decl. at 1:16-18)).  Fed. R. Evid. 1002. As discussed in further detail below, it should be stricken.

**SPECIFIC OBJECTIONS TO**
**SUPPLEMENTAL DECLARATION OF RACHEL L. JENSEN**

| Page Line No. | Jensen's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| 2:15 -17 | My paralegal Melissa Bacci, with the assistance of Christina Kopko, paralegaled, checked, and finalized the brief and other documents, and then filed the anti-SLAPP motion and supporting declarations. | Fed. R. Evid. 602, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |

3

4846-4908-0353.v3

| Page Line No. | Jensen's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| 2:22 -3:4 | [Table of purported time spent by Jensen, Roach, and Lenzion.] | Fed. R. Evid. 602, 701, 702, 802, 1002 <br><br> Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule. <br><br> Ms. Jensen does not purport to have personally observed the amount of time spent or the work performed by the attorneys (except as to herself) and paralegals identified in this statement. *See* Jensen Supp. Decl. at 2:4-21.  Such attorney testimony is not admissible.  *See Muniz*, 738 F.3d at 223. | |
| 3:6- 8 | Following the filing of the anti-SLAPP motion, Lauren Lendzion continued her research and analysis into key issues in preparation for responding to defendants' opposition brief. | Fed. R. Evid. 602, 802, 1002 <br><br> Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |
| 3:8- 10 | After reviewing Trump University's opposition to our anti-SLAPP motion, Lauren Lendzion continued to research relevant issues of law and Paula Roach drafted the reply brief. | Fed. R. Evid. 602, 802, 1002 <br><br> Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |
| 3:11 -13 | My paralegal Melissa Bacci, with the assistance of Christina Kopko, checked the brief and the submissions before finalizing and filing the reply brief and | Fed. R. Evid. 602, 802, 1002 <br><br> Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |

4846-4908-0353.v3

| Page Line No. | Jensen's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| | supplemental declarations. | | |
| 3:16-23 | [Table of purported time spent by Jensen, Roach, Lendzion, Bacci, and Kopko] | Fed. R. Evid. 602, 701, 702, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Jensen does not purport to have personally observed the amount of time spent or the work performed by the attorneys (except as to herself) and paralegals identified in this statement. *See* Jensen Supp. Decl. at 3:36-22.  Such attorney testimony is not admissible.  *See Muniz*, 738 F.3d at 223. | |
| 3:26-27 | My paralegal Melissa Bacci, with the assistance of Christina Kopko, checked, finalized and filed the brief. | Fed. R. Evid. 602, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |
| 4:3-6 | [Table of purported time spent by Jensen, Roach, and Bacci] | Fed. R. Evid. 602, 701, 702, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Jensen does not purport to have personally observed the amount of time spent or the work performed by the attorneys (except as to herself) and paralegals identified in this statement. *See* Jensen Supp. Decl. at 3:25-4:2. Such attorney testimony is not | |

5

4846-4908-0353.v3

| Page Line No. | Jensen's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| | | admissible.  *See Muniz*, 738 F.3d at 223. | |
| 4:13 -15 | [Table of purported time spent by Jensen and Roach] | Fed. R. Evid. 602, 701, 702, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Jensen does not purport to have personally observed the amount of time spent or the work performed by Ms. Roach.  *See* Jensen Supp. Decl. at 4:7-12.  Such attorney testimony is not admissible.  *See Muniz*, 738 F.3d at 223. | |
| 4:18 -19 | Lauren Lendzion researched issues of law[.] | Fed. R. Evid. 602, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |
| 4:20 -22 | My paralegal Melissa Bacci, with the assistance of Christina Kopko, checked, finalized, and filed the motion. | Fed. R. Evid. 602, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |
| 4:24 -5:7 | [Table of purported time spent by Isaacson, Jensen, Roach, Lendzion, Bacci, and Kopko] | Fed. R. Evid. 602, 701, 702, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Jensen does not purport to have personally observed the amount of time | |

6

4846-4908-0353.v3

| Page Line No. | Jensen's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| | | spent or the work performed by the attorneys (except as to herself) and paralegals identified in this statement. *See* Jensen Supp. Decl. at 4:17-23. Such attorney testimony is not admissible. *See Muniz*, 738 F.3d at 223. | |
| 5:9-11 | While my co-counsel Amber Eck drafted the reply brief, Lauren Lendzion reviewed Trump's motion for reconsideration opposition and all cases cited therein. | Fed. R. Evid. 602, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |
| 5:11-13 | My paralegal Melissa Bacci, with the assistance of Christina Kopko, checked, finalized and filed the reply brief. | Fed. R. Evid. 602, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |
| 5:16-21 | [Table of purported time spent by Jensen, Lendzion, Bacci, and Kopko] | Fed. R. Evid. 602, 701, 702, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Jensen does not purport to have personally observed the amount of time spent or the work performed by the attorneys (except as to herself) and paralegals identified in this statement. *See* Jensen Supp. Decl. at 5:10-15. Such attorney testimony is not admissible. *See Muniz*, 738 F.3d at 223. | |

| Page Line No. | Jensen's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| 5:26 -6:1 | My paralegal Melissa Bacci, with the assistance of paralegal Michele Wallbrett, checked and finalized the brief, the request for judicial notice and other submissions. | Fed. R. Evid. 602, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |
| 6:7- 14 | [Table of purported time spent by Isaacson, Jensen, Frame, Bacci, and Wallbrett] | Fed. R. Evid. 602, 701, 702, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Jensen does not purport to have personally observed the amount of time spent or the work performed by the attorneys (except as to herself) and paralegals identified in this statement. *See* Jensen Supp. Decl. at 5:23-6:6. Such attorney testimony is not admissible. *See Muniz*, 738 F.3d at 223. | |
| 6:19 -21 | [P]aralegal Melissa Bacci, with the assistance of paralegals Christina Kopko and Michele Wallbrett, checked, finalized and filed the brief with the Court. | Fed. R. Evid. 602, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |
| 6:24 -7:5 | [Table of purported time spent by Isaacson, Jensen, Bacci, Kopko, and Walbrett] | Fed. R. Evid. 602, 701, 702, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Jensen does not purport to have | |

10-CV-0940 GPC (WVG)

4846-4908-0353.v3

| Page Line No. | Jensen's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| | | personally observed the amount of time spent or the work performed by the attorneys (except as to herself) and paralegals identified in this statement. *See* Jensen Supp. Decl. at 6:15-23.  Such attorney testimony is not admissible.  *See Muniz*, 738 F.3d at 223. | |
| 7:11 -14 | [Table of purported time spent by Isaacson and Jensen] | Fed. R. Evid. 602, 701, 702, 802, 1002

Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.

Ms. Jensen does not purport to have personally observed the amount of time spent or the work performed by Mr. Isaacson.  *See* Jensen Supp. Decl. at 7:7-10.  Such attorney testimony is not admissible.  *See Muniz*, 738 F.3d at 223. | |
| 7:23 -28 | [Table of purported time spent by Isaacson, Green, and  Jensen] | Fed. R. Evid. 602, 701, 702, 802, 1002

Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.

Ms. Jensen does not purport to have personally observed the amount of time spent or the work performed by the attorneys (except as to herself) identified in this statement.  *See* Jensen Supp. Decl. at 7:16-22.  Such attorney testimony is not admissible.  *See Muniz*, 738 F.3d at 223. | |

9

10-CV-0940 GPC (WVG)

| Page Line No. | Jensen's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| | Paralegal Melissa Bacci handled the finalizing and filing of the brief. | Fed. R. Evid. 602, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |
| 8:7-11 | [Table of purported time spent by Isaacson, Merrick, Jensen, Bacci] | Fed. R. Evid. 602, 701, 702, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Jensen does not purport to have personally observed the amount of time spent or the work performed by the attorneys (except as to herself) and paralegals identified in this statement. *See* Jensen Supp. Decl. at 8:1-6.  In addition, her testimony here is particularly problematic as she admits to working only ***fifteen minutes*** on the work referenced in this table yet purports to testify with personal knowledge.  Such attorney testimony is not admissible in the Ninth Circuit.  *See Muniz*, 738 F.3d at 223. | |
| 8:13-15 | After reviewing Trump's opposition brief, Eric Isaacson at my firm took the lead in researching and preparing the reply brief, with research assistance from Ms. Frame. | Fed. R. Evid. 602, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |
| 8:15-17 | Tom Merrick also assisted with reviewing and revising | Fed. R. Evid. 602, 802, 1002 | |

10-CV-0940 GPC (WVG)

4846-4908-0353.v3

| Page Line No. | Jensen's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| | the brief and paralegals at my firm checked the pleadings before finalizing and filing the reply brief with the Ninth Circuit. | Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |
| 8:20 -28 | [Table of purported time spent by Isaacson, Merrick, Frame, Bacci, Kopko] | Fed. R. Evid. 602, 701, 702, 802, 1002 <br><br> Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule. <br><br> Ms. Jensen does not purport to have personally observed the amount of time spent or the work performed by the attorneys and paralegals identified in this statement. *See* Jensen Supp. Decl. at 8:13-19. In addition, her testimony here is particularly problematic as she admits to performing ***no work*** in this area yet she purports to testify with personal knowledge. Such attorney testimony is not admissible in the Ninth Circuit. *See Muniz*, 738 F.3d at 223. | |
| 9:2-3 | Eric Isaacson researched and prepared Makaeff's supplemental request for judicial notice and reply. | Fed. R. Evid. 602, 802, 1002 <br><br> Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |
| 9:3-4 | Paralegals at my firm checked the pleadings before finalizing and filing brief. | Fed. R. Evid. 602, 802, 1002 <br><br> Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |

4846-4908-0353.v3

| Page Line No. | Jensen's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| 9:7-11 | [Table of purported time spent by Isaacson, Merrick, Bacci] | <u>Fed. R. Evid. 602, 701, 702, 802, 1002</u><br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Jensen does not purport to have personally observed the amount of time spent or the work performed by the attorneys (except as to herself) and paralegals identified in this statement. *See* Jensen Supp. Decl. at 8:13-19.  In addition, her testimony here is particularly problematic as she admits to performing ***no work*** in this area yet she purports to testify with personal knowledge.  Such attorney testimony is not admissible in the Ninth Circuit.  *See Muniz*, 738 F.3d at 223. | |
| 9:19-22 | [Table of purported time spent by Isaacson and Jensen] | <u>Fed. R. Evid. 602, 701, 702, 802, 1002</u><br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Jensen does not purport to have personally observed the amount of time spent or the work performed by Mr. Isaacson.  *See* Jensen Supp. Decl. at 9:12-18.  Such attorney testimony is not admissible.  *See Muniz*, 738 F.3d at 223. | |
| 9:23-26 | Eric Isaacson spent a substantial amount of time over the course of weeks prepared for the oral | <u>Fed. R. Evid. 602, 802, 1002</u><br><br>Lacks foundation; declarant fails to establish personal knowledge; | |

4846-4908-0353.v3

| Page Line No. | Jensen's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| | argument, including holding a mock argument in which two attorneys from my firm participated. | inadmissible hearsay; violates best evidence rule. | |
| 10:7 -14 | [Table of purported time spent by Isaacson, Merrick, Frame, Bacci] | <u>Fed. R. Evid. 602, 701, 702, 802, 1002</u><br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Jensen does not purport to have personally observed the amount of time spent or the work performed by the attorneys (except as to herself) and paralegals identified in this statement. *See* Jensen Supp. Decl. at 9:23-10:6. Such attorney testimony is not admissible. *See Muniz*, 738 F.3d at 223. | |
| 10:1 5- 16 | My firm considered submitting a Rule 28(j) letter to the Ninth Circuit with supplemental authorities that had come to our attention. | <u>Fed. R. Evid. 602, 802, 1002</u><br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |
| 10:1 6- 17 | We also considered sending a letter to the Ninth Circuit correcting misrepresentations made to the Court. | <u>Fed. R. Evid. 602, 802, 1002</u><br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |
| 10:2 1- 23 | [Table of purported time spent by Isaacson] | <u>Fed. R. Evid. 602, 701, 702, 802, 1002</u><br><br>Lacks foundation; declarant fails to establish personal knowledge; | |

13

4846-4908-0353.v3

| Page Line No. | Jensen's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| | | inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Jensen does not purport to have personally observed the amount of time spent or the work performed by Mr. Isaacson.  *See* Jensen Supp. Decl. at 10:15-20.  In addition, her testimony here is particularly problematic as she admits to performing ***no work*** in this area yet she purports to testify with personal knowledge.  Such attorney testimony is not admissible in the Ninth Circuit.  *See Muniz*, 738 F.3d at 223. | |
| | Upon receipt of the Ninth Circuit's order, my firm immediately began researching issues related to opposing an en banc petition as the order suggested that en banc review may produce a different result. | <u>Fed. R. Evid. 602, 802, 1002</u><br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |
| 10:28-11:3 | After Trump filed their petition for rehearing en banc, attorneys at my firm continued researching the collateral-order doctrine, law of federal courts and federal jurisdiction and additional issues involved in opposing Trump's petition. | <u>Fed. R. Evid. 602, 802, 1002</u><br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |
| 11:5-6 | Paralegal Melissa Bacci reviewed and finalized the brief before filing. | <u>Fed. R. Evid. 602, 802, 1002</u><br><br>Lacks foundation; declarant fails to establish personal knowledge; | |

14

4846-4908-0353.v3

| Page Line No. | Jensen's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| | | inadmissible hearsay; violates best evidence rule. | |
| 11:9 -20 | [Table of purported time spent by Isaacson, Green, Merrick, Jensen, Frame, Lendzion, Stickney, and Bacci] | Fed. R. Evid. 602, 701, 702, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Jensen does not purport to have personally observed the amount of time spent or the work performed by the attorneys (except as to herself) and paralegals identified in this statement. *See* Jensen Supp. Decl. at 10:25-11:8. Such attorney testimony is not admissible in the Ninth Circuit. *See Muniz*, 738 F.3d at 223. | |
| 11:22-26 | My partners also met with lawyers from the ACLU and Consumer Attorneys of California and with a number of anti-SLAPP practitioners concerning strategy, soliciting public support, and considering the submission of additional amicus briefs in support of our opposition to the en banc petition. | Fed. R. Evid. 602, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |
| 12:1 -6 | [Table of purported time spent by Isaacson, Green, and Merrick] | Fed. R. Evid. 602, 701, 702, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule. | |

4846-4908-0353.v3

| Page Line No. | Jensen's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| | | Ms. Jensen does not purport to have personally observed the amount of time spent or the work performed by the attorneys identified in this statement. *See* Jensen Supp. Decl. at 11:21-28.  In addition, her testimony here is particularly problematic as she admits to performing ***no work*** in this area yet she purports to testify with personal knowledge.  Such attorney testimony is not admissible in the Ninth Circuit.  *See Muniz*, 738 F.3d at 223. | |
| 12:8-10 | After the Ninth Circuit denied Trump's petition for rehearing en banc, my firm strategized about the remand and researched the best vehicle for addressing the issue of attorneys' fees with respect to the anti-SLAPP appeal. | Fed. R. Evid. 602, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |
| 12:10-11 | My law partner Eric Isaacson assigned research to Alexis Stickney for consideration. | Fed. R. Evid. 602, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |
| 12:16 | My paralegal Melissa Bacci reviewed, finalized, and filed the motion. | Fed. R. Evid. 602, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |

4846-4908-0353.v3

| Page Line No. | Jensen's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| 12:20-13:4 | [Table of purported time spent by Isaacson, Green, Jensen, Lendzion, Stickney, and Bacci] | <u>Fed. R. Evid. 602, 701, 702, 802, 1002</u><br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Jensen does not purport to have personally observed the amount of time spent or the work performed by the attorneys (except as to herself) and paralegals identified in this statement. *See* Jensen Supp. Decl. at 12:8-19.  Such attorney testimony is not admissible in the Ninth Circuit.  *See Muniz*, 738 F.3d at 223. | |
| 14:3-9 | [Table of purported time spent by Forge, Jensen, Lenzion, and Bacci] | <u>Fed. R. Evid. 602, 701, 702, 802, 1002</u><br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Jensen does not purport to have personally observed the amount of time spent or the work performed by the attorneys (except as to herself) and paralegals identified in this statement. *See* Jensen Supp. Decl. at 13:5-14:2.  Such attorney testimony is not admissible in the Ninth Circuit.  *See Muniz*, 738 F.3d at 223. | |
| 14:15-16 | My law partners Jason Forge and Eric Isaacson reviewed the draft supplemental brief. | <u>Fed. R. Evid. 602, 802, 1002</u><br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best | |

17

4846-4908-0353.v3

| Page Line No. | Jensen's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| | | evidence rule. | |
| 14:17-18 | Paralegal Melissa Bacci, with the assistance of Michele Wallbrett, paralegaled, finalized and filed the supplemental brief. | <u>Fed. R. Evid. 602, 802, 1002</u><br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |
| 14:21-15:5 | [Table of purported time spent by Isaacson, Forge, Jensen, Lendzion, Bacci, andWallbrett] | <u>Fed. R. Evid. 602, 701, 702, 802, 1002</u><br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Jensen does not purport to have personally observed the amount of time spent or the work performed by the attorneys (except as to herself) and paralegals identified in this statement. *See* Jensen Supp. Decl. at 14:11-20. Such attorney testimony is not admissible in the Ninth Circuit. *See Muniz*, 738 F.3d at 223. | |
| 15:6-8 | After reviewing and analyzing Trump's opposition to Makaeff's supplemental motion, my firm researched, drafted, reviewed and revised the supplemental reply brief. | <u>Fed. R. Evid. 602, 802, 1002</u><br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |
| 15:12-13 | Paralegal Melisa Bacci paralegaled, finalized, and filed the reply brief. | <u>Fed. R. Evid. 602, 802, 1002</u><br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best | |

18

| Page Line No. | Jensen's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| | | evidence rule. | |
| 15:15-21 | [Table of purported time spent by Isaacson, Jensen, and Bacci] | Fed. R. Evid. 602, 701, 702, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Jensen does not purport to have personally observed the amount of time spent or the work performed by the attorneys (except as to herself) and paralegals identified in this statement. *See* Jensen Supp. Decl. at 15:6-15.  Such attorney testimony is not admissible in the Ninth Circuit.  *See Muniz*, 738 F.3d at 223. | |
| 15:23-26 | When the date was rescheduled, my co-counsel Amber Eck prepared and gave argument at the June 13, 2014 hearing (as I was then out on maternity leave).  I understand that Mssrs. Isaacson and Forge, along with paralegal Melissa Bacci, assisted Ms. Eck with her preparation for the hearing. | Fed. R. Evid. 602, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge (as she was expressly absent for maternity leave); inadmissible hearsay; violates best evidence rule. | |
| 16:4-8 | [Table of purported time spent by Isaacson, Forge, Jensen, and Bacci] | Fed. R. Evid. 602, 701, 702, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule. | |

10-CV-0940 GPC (WVG)

4846-4908-0353.v3

| Page Line No. | **Jensen's Statement** | **Trump University's Objection** | **Ruling** |
|---|---|---|---|
| | | Ms. Jensen does not purport to have personally observed the amount of time spent or the work performed by the attorneys (except as to herself) and paralegals identified in this statement. *See* Jensen Supp. Decl. at 8:1-6.  Such attorney testimony is not admissible in the Ninth Circuit.  *See Muniz*, 738 F.3d at 223. | |
| 16:10-11 | A total of four attorney time entries, comprising 14.25 hours of work, describe two or more tasks related to work on the anti-SLAPP proceedings. | Fed. R. Evid. 802, 1002<br><br>Inadmissible hearsay; violates best evidence rule. | |
| 16:11-14 | For example, Eric Isaacson spent time researching the potential for a Rule 28(j) letter and also preparing for 9th Circuit oral argument (which were occurring contemporaneously). | Fed. R. Evid. 602, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |
| 16:15-16 | None of these billing entries pertains to any work in the underlying class action.  Each of the entries describes necessary and reasonable work, however the entries do not provide a breakdown of the time spent on each task and therefore cannot be definitely assigned to one of the above tasks. | Fed. R. Evid. 802, 1002<br><br>Inadmissible hearsay; violates best evidence rule. | |
| 16:20- | [Table of purported time spent by Isaacson and | Fed. R. Evid. 602, 701, 702, 802, 1002 | |

4846-4908-0353.v3

| Page Line No. | Jensen's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| 24 | Jensen] | Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Jensen does not purport to have personally observed the amount of time spent or the work performed by Mr. Isaacson identified in this statement.  *See* Jensen Supp. Decl. at 16:10-19.  Such attorney testimony is not admissible in the Ninth Circuit.  *See Muniz*, 738 F.3d at 223. | |
| 16:26-17:14 | [Entirety of paragraph no. 29] | Fed. R. Evid. 602, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; violates best evidence rule. | |
| 17:15-18 | [Table of purported time spent by Bacci] | Fed. R. Evid. 602, 701, 702, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Jensen does not purport to have personally observed the amount of time spent or the work performed by Ms. Bacci identified in this statement.  *See* Jensen Supp. Decl. at 16:26-17:14.  Such attorney testimony is not admissible in the Ninth Circuit.  *See Muniz*, 738 F.3d at 223. | |

10-CV-0940 GPC (WVG)

4846-4908-0353.v3

| Page Line No. | Jensen's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| 18:10- 21:3 | [Entirety of paragraph no. 32] | Fed. R. Evid. 802, 1002<br><br>Inadmissible hearsay; violates best evidence rule. | |

Dated:  December 23, 2014

**FOLEY & LARDNER LLP**
NANCY L. STAGG
BENJAMIN J. MORRIS


By:   *s/ Nancy L. Stagg*
     NANCY L. STAGG
     **Attorneys for Defendants Trump University, LLC and Donald J. Trump**
     nstagg@foley.com

10-CV-0940 GPC (WVG)

4846-4908-0353.v3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 23, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

_s/ Nancy L. Stagg_
Nancy L. Stagg

4846-4908-0353.v3