NANCY L. STAGG CA Bar No. 157034
   nstagg@foley.com
BENJAMIN J. MORRIS CA BAR No. 260148
   bmorris@foley.com
**FOLEY & LARDNER LLP**
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130-3302
TELEPHONE:  858.847.6700
FACSIMILE:   858.792.6773

JILL A. MARTIN CA Bar No. 245626
   jmartin@trumpnational.com
C/O **TRUMP NATIONAL GOLF CLUB LOS ANGELES**
ONE TRUMP NATION DRIVE
RANCHO PALOS VERDES, CA 90275
TELEPHONE:  310.303.3225
FACSIMILE:   310.265.5522

Attorneys for Defendants Trump University, LLC
and Donald J. Trump

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, SONNY LOW, J.R. EVERETT, AND JOHN BROWN, on behalf of themselves and all others similarly situated, ED OBERKROM, and BRANDON KELLER, individually,<br><br>    Plaintiffs,<br><br>    v.<br><br>TRUMP UNIVERSITY, LLC (aka Trump Entrepreneur Initiative), a New York Limited Liability Company, DONALD J. TRUMP, and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No: 10-cv-0940 GPC (WVG)<br><br>**CLASS ACTION**<br><br>**TRUMP UNIVERSITY, LLC'S EVIDENTIARY OBJECTIONS TO AND REQUEST TO STRIKE PORTIONS OF THE DECLARATION OF AMBER L. ECK IN SUPPORT OF TARLA MAKAEFF'S BILL OF FEES AND COSTS** |

4822-4411-1137.v2

Trump University, LLC ("Trump University"), hereby objects to the Supplemental Declaration of Amber L. Eck in Support of Plaintiff/Counter-Defendant Tarla Makaeff's Bill of Fees and Costs (the "Eck Supp. Decl."; Dkt. No. 364-2) and requests that portions be stricken, as set forth herein.  This Court previously found the declarations of Ms. Jensen, Ms. Eck, and Mr. Isaacson, submitted in support of Makaeff's Bill of Fees and Costs (the "Motion") to be deficient and ordered Makaeff to submit supplemental briefing.  *See* Dkt. No. 358 at 5:6-7.  In support of Makaeff's Supplemental Brief in Support of Bill of Fees and Costs ("Makaeff's Supp. Brief"; [Dkt. No. 364]), Makaeff submits two declarations: the Declaration of Rachel L. Jensen (the "Jensen Supp. Decl.") and the Eck Supp. Decl.

Evidence submitted to the Court on motion practice must meet all requirements for admissibility of evidence as if offered at the time of trial.  *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181-82 (9th Cir. 1988); *see also* Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings in the courts of the United States).  Declarations that would not be admissible are subject to objection and may be stricken.  *Block v. City of L.A.*, 253 F.3d 410, 419 (9th Cir. 2001).  An evidentiary basis must support ***each aspect*** of an award.  *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 223 (9th Cir. 2013).

Critically, declarations in support of attorney fee awards must be based on personal knowledge.  *Id.*  In the Ninth Circuit and under the Federal Rules of Evidence, one attorney's declaration concerning the time spent and tasks performed by another attorney or paralegal is inadmissible hearsay.  *Id.* (vacating district court's grant of attorney fee award and rejecting as inadmissible hearsay attorney declaration as to the time spent by paralegal where paralegal failed to submit declaration of her own); *see also Kranson v. Fed. Express Corp.*, No. 11-05826, 2013 U.S. Dist. LEXIS 173499, *18 (N.D. Cal. Dec. 11, 2013) ("As to [the paralegal's] work, the Court agrees with [the party opposing the attorney fee motion] that the best evidence...would have been a declaration from [the paralegal] herself.  Moreover, based on the Ninth Circuit's recent

opinion in *Muniz v. United Parcel Serv.*, the Court finds that an award for [the paralegal's] services based on the declaration of [an attorney] that she performed precisely seven hours of work 'under [the attorney's] supervision' would be based on hearsay. Accordingly, the Court declines to award fees based on [the paralegal's] services.") (citations omitted).

As set forth below, the Eck Supp. Decl. contains testimony about time spent and work performed by others. However, this testimony appears not to be based not Eck's on personal knowledge or observation, but on inadmissible hearsay. As discussed above, the Ninth Circuit has rejected such an approach. *See Muniz*, 738 F.3d at 223.

The Eck Supp. Decl. also disregards the best evidence rule by purporting to describe the contents of writings not submitted into evidence to the extent it relies on purported underlying time records. Fed. R. Evid. 1002. As discussed in further detail below, it should be stricken.

**SPECIFIC OBJECTIONS TO
SUPPLEMENTAL DECLARATION OF AMBER L. ECK**

| Page Line No. | Eck's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| 2:15-17 | [Table of purported time spent by Eck, Zeldes, Olsen, Labrencis, and Cameron] | Fed. R. Evid. 602, 701, 702, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule. | |
| 2:10-13 | [Table of purported time spent by Eck, Zeldes, and Olsen] | Fed. R. Evid. 602, 701, 702, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Eck does not purport to have personally observed the amount of time | |

| PageLine No. | Eck's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| | | spent or the work performed by the attorneys (except as to herself) identified in this statement.  *See* Eck Supp. Decl. at ¶ 4.  Such attorney testimony is not admissible.  *See Muniz*, 738 F.3d at 223. | |
| 3:1-2; 3:12-14; 3:26-28; | [Tables of purported time spent by Eck] | Fed. R. Evid. 802, 1002<br><br>Inadmissible hearsay; violates best evidence rule. | |
| 3:26-28 | [Table of purported time spent by Eck] | Fed. R. Evid. 802, 1002<br><br>Inadmissible hearsay; violates best evidence rule. | |
| 4:16-19 | [Table of purported time spent by Eck and Zeldes] | Fed. R. Evid. 602, 701, 702, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Eck does not purport to have personally observed the amount of time spent or the work performed by Ms. Zeldes identified in this statement.  *See* Eck Supp. Decl. at ¶ 8.  Such attorney testimony is not admissible.  *See Muniz*, 738 F.3d at 223. | |
| 5:1-3 | [Table of purported time spent by Eck] | Fed. R. Evid. 802, 1002<br><br>Inadmissible hearsay; violates best evidence rule. | |
| 5:15-17 | [Table of purported time spent by Eck and Zeldes] | Fed. R. Evid. 602, 701, 702, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; | |

4

4822-4411-1137.v2

| PageLine No. | Eck's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| | | inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Eck does not purport to have personally observed the amount of time spent or the work performed by Ms. Zeldes identified in this statement. *See* Eck Supp. Decl. at ¶ 10. Such attorney testimony is not admissible. *See Muniz*, 738 F.3d at 223. | |
| 6:16-18; 7:7-9; 8:1-2; 8:9-11 | [Tables of purported time spent by Eck] | Fed. R. Evid. 802, 1002<br><br>Inadmissible hearsay; violates best evidence rule. | |
| 8:24-27 | [Table of purported time spent by Eck and Labrencis] | Fed. R. Evid. 802, 1002<br><br>Inadmissible hearsay; violates best evidence rule. | |
| 9:11-15 | [Table of purported time spent by Eck, Zeldes, and Labrencis] | Fed. R. Evid. 602, 701, 702, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Eck does not purport to have personally observed the amount of time spent or the work performed by the other attorneys identified in this statement. *See* Eck Supp. Decl. at ¶ 20. Such attorney testimony is not admissible. *See Muniz*, 738 F.3d at 223. | |
| 9:25-27; 10:10-12 | [Tables of purported time spent by Eck] | Fed. R. Evid. 802, 1002<br><br>Inadmissible hearsay; violates best evidence rule. | |

| PageLine No. | Eck's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| 11:14-17 | [Table of purported time spent by Eck, Olsen, and Labrencis] | Fed. R. Evid. 602, 701, 702, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Eck does not purport to have personally observed the amount of time spent or the work performed by the other attorneys identified in this statement. *See* Eck Supp. Decl. at ¶¶ 23-26.  Such attorney testimony is not admissible.  *See Muniz*, 738 F.3d at 223. | |
| 12:4-6 | [Table of purported time spent by Eck] | Fed. R. Evid. 802, 1002<br><br>Inadmissible hearsay; violates best evidence rule. | |
| 12:13-16 | [Table of purported time spent by Eck, Olsen, and Cameron] | Fed. R. Evid. 602, 701, 702, 802, 1002<br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Eck does not purport to have personally observed the amount of time spent or the work performed by the other attorneys and paralegal identified in this statement.  *See* Eck Supp. Decl. at ¶ 28.  Such attorney testimony is not admissible.  *See Muniz*, 738 F.3d at 223. | |
| 13:8-11 | [Table of purported time spent by Eck, Zeldes, an Olsen] | Fed. R. Evid. 802, 1002<br><br>Inadmissible hearsay; violates best evidence rule. | |

4822-4411-1137.v2

| PageLine No. | Eck's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| 13:23-26 | [Table of purported time spent by Eck and Olsen] | <u>Fed. R. Evid. 602, 701, 702, 802, 1002</u><br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Eck does not purport to have personally observed the amount of time spent or the work performed by Olsen identified in this statement.  *See* Eck Supp. Decl. at ¶ 31.  Such attorney testimony is not admissible.  *See Muniz*, 738 F.3d at 223. | |
| 14:9-15:12 | [Table of purported time spent by Eck, Zeldes, Haggquist, Labrencis, Olsen, Cameron] | <u>Fed. R. Evid. 602, 701, 702, 802, 1002</u><br><br>Lacks foundation; declarant fails to establish personal knowledge; inadmissible hearsay; improper opinion testimony; violates best evidence rule.<br><br>Ms. Eck does not purport to have personally observed the amount of time spent or the work performed by the individuals identified in this statement.  Such attorney testimony is not admissible.  *See Muniz*, 738 F.3d at 223. | |

///

///

///

4822-4411-1137.v2

| PageLine No. | Eck's Statement | Trump University's Objection | Ruling |
|---|---|---|---|
| 15:18-33 | [Table of purported expenses] | Fed. R. Evid. 802, 1002<br><br>Inadmissible hearsay; violates best evidence rule. | |

Dated:  December 23, 2014

**FOLEY & LARDNER LLP**
NANCY L. STAGG
BENJAMIN J. MORRIS


By:   *s/ Nancy L. Stagg*
        NANCY L. STAGG
        Attorneys for Defendants Trump University, LLC and Donald J. Trump
        nstagg@foley.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 23, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

       *s/ Nancy L. Stagg*
       Nancy L. Stagg