UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>TRUMP UNIVERSITY, LLC, *et al.*,<br><br>　　　　　　Defendants. | Civil No. 10-CV-0940-GPC (WVG)<br><br>**ORDER SETTING COMBINED MANDATORY SETTLEMENT CONFERENCE** |

## I. <u>BACKGROUND</u>

On March 14, 2014, the Court issued a Case Management Conference Order and set a Mandatory Settlement Conference ("MSC") to be held in this case on November 19, 2014, at 9:00 a.m. (Doc. No. 309 at 2.) On September 24, 2014, the parties filed a Joint Motion to Revise the Pretrial Schedule. (Doc. No. 346.) In their Joint Motion, the parties requested to continue all of the pretrial dates, except for the Mandatary Settlement Conference, in order to allow additional time to complete fact discovery. Id. On October 1, 2014, the Court granted the parties' Joint Motion to Revise the Pretrial Schedule, but the MSC remained scheduled for November 19, 2014, at 9:00 a.m. (Doc. No. 349 at 2.)

On October 30, 2014, the Court issued an Order Following Telephonic Discovery Conference. (Doc. No. 352.) The Court noted that, based on discussions during the Discovery Conference with counsel for all parties, the MSC set for November 19, 2015, was vacated. Id. at 3. The Court advised that it would reschedule the MSC after the pending discovery disputes were resolved and a scheduling order had been issued in the related action, Cohen v. Trump, Case No. 13-CV-2519-GPC-WVG. Id.

## II. COMBINED MANDATORY SETTLEMENT CONFERENCE

A Mandatory Settlement Conference shall be conducted on **March 12, 2015**, at **8:00 a.m.**, in the chambers of Magistrate Judge Gallo. The MSC in this case shall be combined with the MSC in the related action, Cohen v. Trump.

Counsel shall submit settlement statements **directly to chambers** no later than **March 5, 2015**. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be filed with the Clerk of the Court, but may be served on opposing counsel at the party's discretion. Settlement conference briefs shall comply with the undersigned's Chambers Rules.** The parties shall meet and confer in good faith prior to the Mandatory Settlement Conference, and verify that they have done so in their respective Mandatory Settlement Conference statements, outlining the substance of their discussions and negotiations.

Pursuant to Federal Rule of Civil Procedure 16 and Local Civil Rule 16.3, all named plaintiffs, named defendants, claims adjusters for insured defendants, and if a named plaintiff or defendant is a corporation, partnership or other entity, a representative of that entity, with full and unlimited authority to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be

present and must be prepared to discuss in good faith, the facts of the case, the law that governs the legal issues in the case, and to resolve the case at the Mandatory Settlement Conference. Retained outside corporate counsel shall not appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.

For good cause, and on *ex parte* application at least one week before the scheduled settlement conference, Magistrate Judge Gallo may excuse a party or representative from personal attendance provided such party or parties will be available by telephone during the conference. Failure to attend the conference or participate in good faith or obtain proper excuse will be considered grounds for sanctions pursuant to Federal Rule of Civil Procedure 16(f). Counsel seeking to reschedule a Settlement Conference must first confer with opposing counsel. The Court will consider formal, written *ex parte* requests to continue a Settlement Conference when extraordinary circumstances exist that make a continuance appropriate. In and of itself, having to travel a long distance to appear at the Settlement Conference is not an extraordinary circumstance.

IT IS SO ORDERED.

DATED: February 9, 2015

Hon. William V. Gallo
U.S. Magistrate Judge