NANCY L. STAGG CA Bar No. 157034
  nstagg@foley.com
BENJAMIN J. MORRIS CA BAR No. 260148
  bmorris@foley.com
**FOLEY & LARDNER LLP**
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130-3302
TELEPHONE:   858.847.6700
FACSIMILE:    858.792.6773

JILL A. MARTIN CA Bar No. 245626
  jmartin@trumpnational.com
C/O **TRUMP NATIONAL GOLF CLUB LOS ANGELES**
ONE TRUMP NATION DRIVE
RANCHO PALOS VERDES, CA 90275
TELEPHONE:   310.303.3225
FACSIMILE:    310.265.5522

Attorneys for Defendants Trump University, LLC
and Donald J. Trump

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, SONNY LOW, J.R. EVERETT, AND JOHN BROWN, on behalf of themselves and all others similarly situated, ED OBERKROM, and BRANDON KELLER, individually,<br><br>            Plaintiffs,<br><br>    v.<br><br>TRUMP UNIVERSITY, LLC (aka Trump Entrepreneur Initiative), a New York Limited Liability Company, DONALD J. TRUMP, and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No. 10-cv-00940 GPC (WVG)<br><br>**CLASS ACTION**<br><br>**DONALD J. TRUMP'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>DATE:    April 10, 2015<br>TIME:    1:30 p.m.<br>CRTM:   2D (2nd Floor – Schwartz)<br><br>JUDGE:   Hon. Gonzalo P. Curiel |

TO THE COURT AND ALL PARTIES HEREIN:

PLEASE TAKE NOTICE that on April 10, 2015, at 1:30 p.m. or as soon thereafter as the matter may be heard, before the Honorable Gonzalo P. Curiel, Courtroom 2D (2nd Floor – Schwartz) of the above-entitled Court, located at 221 W. Broadway, in San Diego, CA 92101, Donald J. Trump will and hereby does move this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an Order granting Mr. Trump's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment as to all claims in the Third Amended Complaint against him individually (the "Motion") in favor of Mr. Trump and against Plaintiffs Tarla Makaeff, Sonny Low, J.R. Everett, John Brown, Ed Oberkrom, and Brandon Keller.

The Motion is brought as to the First Cause of Action for Violation of California Business and Professions Code §17200 *et seq.* on the grounds that the undisputed facts and admissible evidence establish: (1) that Mr. Trump did not make the "core" misrepresentations alleged by Makaeff and Low; (2) that the "core" misrepresentations did not cause any injury to Makaeff or Low; (3) that injunctive relief cannot be granted; and (4) that there is no legal basis for restitution and no admissible evidence to support any award of restitution.

The Motion is brought as to the Second Cause of Action for Violation of the Consumer Legal Remedies Act, California Civil Code §1750 *et seq.* on the grounds that the undisputed facts and admissible evidence establish: (1) that Mr. Trump was not involved in the required transaction with Makaeff or Low; (2) that Mr. Trump did not make the "core" misrepresentations alleged by Makaeff and Low; (3) that Makaeff and Low cannot show reliance on the "core" representations allegedly made by Mr. Trump; and (4) that there is no admissible evidence of actual damages attributed to the "core" misrepresentations.

The Motion is brought as to the Third Cause of Action for Untrue and Misleading Advertising in Violation of California Business and Professions Code §17500 *et seq.* on

the grounds that the undisputed facts and admissible evidence establish: (1) that Mr. Trump did not make the "core" misrepresentations alleged by Makaeff and Low; (2) that the "core" misrepresentations did not cause any injury to Makaeff or Low; (3) that injunctive relief cannot be granted; and (4) that there is no admissible evidence to support any award of restitution.

This Motion is brought as to the Sixth Cause of Action for Money Had and Received on the grounds that the undisputed facts and admissible evidence establish that Plaintiffs did not contract with or pay any money to Mr. Trump.

This Motion is brought as to the Seventh Cause of Action for Negligent Misrepresentation on the grounds that the undisputed facts and admissible evidence establish: (1) that Mr. Trump did not make the "core" misrepresentations; (2) that Mr. Trump did not make the "core" misrepresentations to Plaintiffs; (3) that any alleged "core" misrepresentation from Mr. Trump did not cause injury to Plaintiffs; and (4) that Plaintiffs have no admissible evidence of damages attributable to the "core" misrepresentations.

This Motion is brought as to the Eighth Cause of Action for Fraud on the grounds that the undisputed facts and admissible evidence establish: (1) that Mr. Trump did not make the "core" misrepresentations; (2) that Mr. Trump did not make the "core" misrepresentations to Plaintiffs; (3) that Mr. Trump did not make the "core" misrepresentations with an intent to defraud Plaintiffs; (4) that any alleged "core" misrepresentation from Mr. Trump did not cause injury to Plaintiffs; and (5) that Plaintiffs have no admissible evidence of damages attributable to the "core" misrepresentations.

This Motion is brought as to the Ninth Cause of Action for False Promise on the grounds that the undisputed facts and admissible evidence establish: (1) that Mr. Trump did not enter into a contract with Plaintiffs; (2) that Mr. Trump did not make a misrepresentation related to future performance; (3) that Mr. Trump did not make the

1  "core" misrepresentations with an intent to defraud Plaintiffs; (4) that any alleged
2  "core" misrepresentation from Mr. Trump did not cause injury to Plaintiffs; and (5) that
3  Plaintiffs have no admissible evidence of damages attributable to the "core"
4  misrepresentations.

5  This Motion is brought as to the Tenth Cause of Action for Deceptive Acts and
6  Practices in Violation of §349 of New York's General Business Law on the grounds that
7  the undisputed facts and admissible evidence establish: (1) that Brown was not exposed
8  to misrepresentations from Mr. Trump that caused his injury; (2) Brown cannot state a
9  cognizable injury under New York law; and (3) Brown lacks admissible evidence of
10 actual damages.

11 This Motion is brought as to the Eleventh Cause of Action for Financial Elder
12 Abuse in Violation of California Welfare and Institutions Code §15600 *et seq.* on the
13 grounds that because the undisputed facts and admissible evidence establish that Mr.
14 Trump did not make the "core" misrepresentations to Low and the "core"
15 misrepresentations did not cause injury to Low Mr. Trump did not take, or assist in
16 taking, personal property from Low to a wrongful use or with intent to defraud.

17 This Motion is brought as to the Twelfth Cause of Action for Violations of the
18 Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 *et seq.*, on the
19 grounds that the undisputed facts and admissible evidence establish: (1) that Mr. Trump
20 did not make a false statement of material fact to Everett; and (2) that Everett admitted
21 she did not rely on any of the "core" misrepresentations allegedly made by Mr. Trump.

22 This Motion is brought as to the Thirteenth Cause of Action for Violations of the
23 Florida Misleading Advertising Law, Fla. Stat. §817.41, on the grounds that the
24 undisputed facts and admissible evidence establish: (1) that Mr. Trump did not make the
25 "core" misrepresentations to Everett; (2) that there is no causal link between the alleged
26 misrepresentations and the claimed damages; and (3) that there is no admissible
27 evidence of damages.

28

DJT NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
-4-   Case No. 10-cv-0940 GPC (WVG)

4833-7954-5377.1

1   This Motion is brought as to the Fourteenth Cause of Action for Unjust
2  Enrichment on the grounds that the undisputed facts and admissible evidence establish:
3  (1) that Plaintiffs have failed to state a cause of action against Mr. Trump; or (2) Mr.
4  Trump was not unjustly enriched because Plaintiffs neither contract with nor paid any
5  money to Mr. Trump.
6   This Motion is based upon this Notice of Motion, the accompanying
7  Memorandum of Points and Authorities, the Separate Statement of Undisputed Facts,
8  and the Declaration of Nancy L. Stagg and the exhibits thereto, all of which are filed
9  concurrently herewith, as well as all pleadings, papers and documents on file in this
10  case, and any oral argument that may be requested by the Court at the hearing on the
11  Motion.

DATED: February 12, 2015

**FOLEY & LARDNER LLP**
NANCY L. STAGG
BENJAMIN J. MORRIS


By:   *s/ Nancy L. Stagg*
NANCY L. STAGG
Attorneys for Defendants Trump
University, LLC and Donald J. Trump
nstagg@foley.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on **February 12, 2015** to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

                                    *s/ Nancy L. Stagg*
                                    Nancy L. Stagg