NANCY L. STAGG CA Bar No. 157034
  nstagg@foley.com
BENJAMIN J. MORRIS CA BAR No. 260148
  bmorris@foley.com
**FOLEY & LARDNER LLP**
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130-3302
TELEPHONE:    858.847.6700
FACSIMILE:    858.792.6773

JILL A. MARTIN CA Bar No. 245626
  jmartin@trumpnational.com
C/O **TRUMP NATIONAL GOLF CLUB LOS ANGELES**
ONE TRUMP NATION DRIVE
RANCHO PALOS VERDES, CA 90275
TELEPHONE:    310.303.3225
FACSIMILE:    310.265.5522

Attorneys for Defendants Trump University, LLC
and Donald J. Trump

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, SONNY LOW, J.R. EVERETT, AND JOHN BROWN,  on behalf of themselves and all others similarly situated, ED OBERKROM, and BRANDON KELLER, individually,<br><br>    Plaintiffs,<br><br>    v.<br><br>TRUMP UNIVERSITY, LLC (aka Trump Entrepreneur Initiative), a New York Limited Liability Company, DONALD J. TRUMP, and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 10-cv-00940 GPC (WVG)<br><br>**<u>CLASS ACTION</u>**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUMP UNIVERSITY, LLC'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>**DATE:      April 3, 2015**<br>**TIME:      1:30 p.m.**<br>**CRTM:     2D (2nd Floor – Schwartz)**<br><br>**JUDGE:    Hon. Gonzalo P. Curiel** |

4841-6612-4833.5

# TABLE OF CONTENTS

Page(s)

I.   SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF
     TRUMP UNIVERSITY ......................................................................................1

II.  TRUMP UNIVERSITY IS ENTITLED TO SUMMARY JUDGMENT ON
     ALL  ASSERTED CAUSES OF ACTION BECAUSE PLAINTIFFS
     CANNOT MEET THEIR BURDEN ON EACH CLAIM.........................................2

     A.   Legal Standard For Summary Judgment ..................................................2

     B.   Summary Judgment Is Appropriate Against The California Subclasses ........3

          1.   The UCL/FAL Claims Fail Because Makaeff And Low Are Not
               Entitled To Injunctive Relief Against TU And There Is No
               Admissible Evidence To Measure Restitution.......................................3

               a.   There is no entitlement to an injunction against TU .................3

               b.   Restitution cannot be awarded without evidentiary
                    support ..........................................................................4

          2.   The CLRA Claim Fails Because There Is No Admissible
               Evidence Of  Actual Damages Attributable To The "Core"
               Misrepresentations ...........................................................................7

               a.   An Injunction Cannot Issue ..............................................7

               b.   Plaintiffs have no admissible evidence of restitution .................7

               c.   Plaintiffs have no admissible evidence of CLRA damages ........7

          3.   Low's Elder Abuse Claim Fails .........................................................8

     C.   Summary Judgment Is Appropriate Against The Florida Subclass
          Representative ....................................................................................9

          1.   Everett Cannot Prove Damages ..........................................................9

          2.   The Failure Of Everett's FDUTPA Claim Is Fatal To Everett's
               Claim Of Elder Abuse .....................................................................10

     D.   Summary Judgment Is Appropriate Against The New York Gen. Bus.
          Law § 349 Subclass Representative's Claim ...............................................11

          1.   Brown's Full Refund Model Does Not State A Cognizable
               Injury Under GBL § 349 ..................................................................11

          2.   There Is No Evidence Of Brown's Damages........................................11

III. TU Is Entitled To Summary Judgment On All Remaining  Individual claims .......12

     A.   Money Had And Received ......................................................................12

MEMO OF POINTS & AUTHORITIES
Case No. 10-cv-0940 GPC (WVG)

## TABLE OF CONTENTS (CONTINUED)

**Page(s)**

B.     Unjust Enrichment ........................................................................ 13

C.     Fraud, False Promise, and Negligent Misrepresentation ............................. 14

D.     Breach of Contract and Breach of Implied Covenant ................................... 14

IV.     CONCLUSION .................................................................................. 15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Adams v. Lindblad Travel, Inc.*,
  730 F.2d 89 (2d Cir. 1984) ........................................................................ 14

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) .................................................................................... 2

*Astiana v. Ben & Jerry's Homemade, Inc.*,
  2014 U.S. Dist. LEXIS 1640 (N.D. Cal. Jan. 7, 2014) ............................ 5, 7

*Bank of Cal., N.A. v. Opie*,
  663 F.3d 977 (9th Cir. 1981) ...................................................................... 2

*Berry v. Budget Rent a Car Sys.*,
  497 F. Supp. 2d 1361 (S.D. Fla. 2007) ............................................... 12, 13

*Borden v. Saxon Mortgage Services, Inc.*,
  2010 U.S. Dist. LEXIS 101823 (S.D. Fla. 2010) ..................................... 10

*Caldera v. The J. M. Smucker Co.*,
  2014 WL 1477400 (C.D. Cal April 15, 2014) ............................................ 4

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ................................................................................. 2, 3

*CFTC v. Fleury*,
  2010 U.S. Dist. LEXIS 102975 (S.D. Fla. Sept. 29, 2010) ...................... 13

*Dash v. Seagate Tech. (US) Holdings, Inc.*,
  2014 U.S. Dist. LEXIS 88780 (E.D.N.Y, June 30, 2014) ........................ 11

*Delarosa v. Boiron, Inc.*,
  2012 U.S. Dist. LEXIS 188828 (C.D. Cal., Dec. 28, 2012) ....................... 4

*Devereaux v. Abbey*,
  263 F.3d 1070 (9th Cir. 2001) .................................................................... 3

*In re eBay Litig.*,
  2012 U.S. Dist. LEXIS 128616 (N.D. Cal., Sept. 10, 2012) ............... 5, 6, 8

*EQT Infrastructure Ltd. v. Smith*,
  861 F. Supp. 2d 220 (S.D.N.Y. 2012) ....................................................... 13

*In re Facebook, Inc., PPC Adver. Litig.*,
  282 F.R.D. 446 (N.D. Cal. 2012) ................................................................ 6

*Hunt v. Fields*,
  2014 U.S. Dist. LEXIS 61004 (E. D. Cal., May 1, 2014) ........................... 4

# TABLE OF AUTHORITIES (CONTINUED)

**Page(s)**

*Jones v. ConAgra Foods, Inc.*,
2014 WL 2702726 (N.D. Cal. June 13, 2014)...............................................4

*United States ex rel. Kester v. Novartis Pharms. Corp.*,
2014 U.S. Dist. LEXIS 127270 (S.D.N.Y. Sept. 4, 2014) .............................13

*Lanovaz v. Twinings North America, Inc.*,
2014 WL 1652338 (N.D. Cal. April 24, 2014)..............................................4

*McGlinchy v. Shell Chem. Co.*,
845 F.2d 802 (9th Cir. 1988) ........................................................................6

*Merrill Lynch Capital Servs. v. Apache Structures, LLC*,
2012 U.S. Dist. LEXIS 96059 (C.D. Cal. July 11, 2012)..............................12

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*,
210 F.3d 1099 (9th Cir. 2000) ......................................................................2

*Ogden v. Bumble Bee Foods, LLC*,
2014 U.S. Dist. LEXIS 565 (N.D. Cal. Jan. 2, 2014)....................................6

*Oosterhuis v. Palmer*,
137 F.2d 322 (2nd Cir. 1943) ......................................................................11

*Oscar v. BMW of N. Am., LLC*,
2012 U.S. Dist. LEXIS 84922 (S.D.N.Y. June 19, 2012) ............................11

*Perez v. Nidek Co.*,
711 F.3d 1109 (9th Cir. 2013) ......................................................................7

*Randolph v. J.M. Smucker Co.*,
2014 WL 7330430 (S.D. Fla. Dec. 23, 2014)..............................................10

*Smith v. Mellon Bank*,
957 F.2d 856 (11th Cir. 1992) ......................................................................9

*Sun Microsystems, Inc. v. Microsoft Corp.*,
188 F.3d 1115 (9th Cir. 1999) ......................................................................3

*Tew v. Chase Manhattan Bank, N.A.*,
728 F. Supp. 1551 (S.D. Fla. 1990) ............................................................14

*Third Party Verification, Inc. v. Signaturelink, Inc.*,
492 F. Supp. 2d 1314 (M.D. Fla. 2007)........................................................9

*Wechsler v. Hunt Health Sys.*,
330 F. Supp. 2d 383 (S.D.N.Y. 2004) ........................................................14

*Weinberg v. Whatcom Cnty.*,
241 F.3d 746 (9th Cir. 2001) ........................................................................8

MEMO OF POINTS & AUTHORITIES
Case No. 10-cv-0940 GPC (WVG)

# TABLE OF AUTHORITIES (CONTINUED)

Page(s)

*Weredebaugh v. Blue Diamond Growers*,
   2014 U.S. Dist. LEXIS 71575 (N.D. Cal., May 23, 2014).............................................. 4

**State Cases**

*Ala v. Chesser*,
   5 So. 3d 715 (Fla. Dist. Ct. App. 2009) ....................................................................... 13

*Board of Educ. of Cold Spring Harbor Cent. Sch. Dist. v. Rettaliata*,
   78 N.Y.2d 128, 576 N.E.2d 716, 572 N.Y.S.2d 885 (1991) ......................................... 12

*Burton v. Linotype Co.*,
   556 So. 2d 1086 (Fla. 1990) ........................................................................................... 9

*California Service Station & Auto. Repair Ass'n v. Union Oil Co. of Cal.*,
   232 Cal. App. 3d 44 (1991) ............................................................................................ 3

*Colgan v. Leatherman Tool Group, Inc.*,
   135 Cal. App. 4th 663 (S.D. Fla. 2010).................................................................. 5, 6, 7

*Cortez v. Purolator Air Filtration Products Co.*,
   23 Cal. 4th 163 (2000) ................................................................................................ 3, 5

*Erlich v. Menezes*,
   21 Cal. 4th 543 (1999) ................................................................................................... 14

*Friedman v. Merck & Co.*,
   107 Cal. App. 4th 454 (2003) ....................................................................................... 14

*Goldman v. Metropolitan Life Ins. Co.*,
   5 N.Y.3d 561, 841 N.E.2d 742, 807 N.Y.S.2d 583 (2005) .......................................... 13

*Hamlen v. Fairchild Indus., Inc.*,
   413 So. 2d 800 (Fla. Dist. Ct. App. 1982) .................................................................... 14

*Hillcrest Pacific Corp. v. Yamamura*,
   727 So. 2d 1053 .............................................................................................................. 9

*Himes v. Brown & Co. Sec. Corp.*,
   518 So. 2d 937 (Fla. 3d DCA 1988).............................................................................. 10

*Jogani v. Superior Court*,
   165 Cal. App. 4th 901 (2008) ....................................................................................... 13

*Lazar v. Superior Court*,
   12 Cal. 4th 631 (1996) .................................................................................................. 13

*Mandarin Trading Ltd. v. Wildenstein*,
   944 N.E.2d 1104 (N.Y. 2011)........................................................................................ 14

MEMO OF POINTS & AUTHORITIES
Case No. 10-cv-0940 GPC (WVG)

# TABLE OF AUTHORITIES (CONTINUED)

**Page(s)**

*Melchior v. New Line Productions, Inc.*,
   106 Cal. App. 4th 779 (2003) ............................................................. 13

*Oasis W. Realty, LLC v. Goldman*,
   51 Cal. 4th 811 (2011) ...................................................................... 14

*One Step Up, LTD., v. Webster Business Credit Corp.*,
   87 A.D.3d 1, 925 N.Y.S.2d 61 (2011) ........................................... 12, 13

*R.M. Newell Co. v. Rice*,
   236 A.D.2d 843, 653 N.Y.S.2d 1004 (App. Div. 1997) ............................. 12

*Rollins, Inc. v. Butland*,
   951 So. 2d 860 (Fla. 2nd DCA 2006) ................................................ 9, 14

*Samuels v. King Motor Co. of Ft. Lauderdale*,
   782 So. 2d 489 (Fla. 4th DCA 2001) ...................................................... 9

*Seeger v. Odell*,
   18 Cal. 2d 409 (1941) ....................................................................... 14

*Shvarts v. Budget Grp., Inc.*,
   81 Cal. App. 4th 1153 (2000) .............................................................. 12

*Specialty Marine & Indus. Supplies v. Venus*,
   66 So. 3d 306 (Fla. Dist. Ct. App. 2011) ............................................... 14

*State of Cal. v. Texaco, Inc.*,
   46 Cal. 3d 1147 (1998) ......................................................................... 3

*Urling v. Helms Exterminators, Inc.*,
   468 So. 2d 451 (Fla. 1st DCA 1985) ..................................................... 10

*In re Vioxx Class Cases*,
   180 Cal. App. 4th 116 (2009) ........................................................ 3, 4, 5

**Federal Statutes/Rules**

28 U.S.C. 1391(b)(2) ............................................................................. 12

Fed. R. Civ. P. 56 ................................................................................... 2

Fed. R. Civ. P. 56(a) ............................................................................... 2

Fed. R. Civ. P. 56(c)(1)(B) ....................................................................... 2

Fed. R. Evid. 701 ................................................................................... 7

Fed. R. Evid. 702 ................................................................................... 7

MEMO OF POINTS & AUTHORITIES
Case No. 10-cv-0940 GPC (WVG)

**State Statutes**

Cal. Civ. Code
  § 1780(a)(1) et seq. ........................................................................... 6
  § 3333 ............................................................................................... 9
  § 3345 ............................................................................................... 9

Cal. Welfare & Inst. Code
  § 15610.30(a) .................................................................................... 8

Florida's Misleading Advertising Law
  § 817.41(1), Florida Statutes (1999) ................................................ 9

New York Gen. Bus. Law
  § 349 ........................................................................................... 10, 11

MEMO OF POINTS & AUTHORITIES
Case No. 10-cv-0940 GPC (WVG)

4841-6612-4833.5

Defendant, Trump University, LLC ("TU"), hereby submits this Memorandum of Points and Authorities in Support of its Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment.

## I.    SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF TRUMP UNIVERSITY

Trump University is entitled to summary judgment against Plaintiffs' claims. Two months after the close of discovery—a date extended numerous times—and almost five years after the case was filed, one undisputed, dispositive fact is clear: Plaintiffs cannot meet their burden to produce admissible evidence of restitution or damages linked to the alleged "core" misrepresentations.[1] Plaintiffs attempt to establish damages based on a full-refund theory, a methodology which has been soundly rejected in similar false advertising cases. The only appropriate damages theory—a differential-in-value method—requires that Plaintiffs prove damages with admissible expert testimony. But Plaintiffs have none. Plaintiffs did not designate any damages expert or provide any expert reports on damages in this case. (Separate Statement of Undisputed Facts ISO Trump University LLC's Motion for Summary Judgment ("SOF") 1.) This undisputed evidentiary failure on a critical element of their claims is fatal to Plaintiffs' case. Summary judgment must be granted in favor of Trump University.

///

///

---

[1] The Court certified the California, Florida, and New York subclasses only after Plaintiffs narrowed their claims to certain common "core" misrepresentations. Dkt. No. 298 at 4, fn. 6. As the Court noted in its February 21, 2014 certification order:

> Plaintiffs allege TU and Donald Trump made the following common misrepresentations in invitations, advertisements, and at the free program and fulfillment seminar: (1) Trump University was an accredited university; (2) students would be taught by real estate experts, professors and mentors hand-selected by Mr. Trump; and (3) students would receive one year of expert support and mentoring.

Dkt. No. 298 at 4.

MEMO OF POINTS & AUTHORITIES
Case No. 10-cv-0940 GPC (WVG)

4841-6612-4833.5

II.   **TRUMP UNIVERSITY IS ENTITLED TO SUMMARY JUDGMENT ON ALL ASSERTED CAUSES OF ACTION BECAUSE PLAINTIFFS CANNOT MEET THEIR BURDEN ON EACH CLAIM**

A.   Legal Standard For Summary Judgment

Under Federal Rule of Civil Procedure 56, "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." *See* Fed. R. Civ. P. 56(a).  "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* Once the moving party demonstrates a lack of a genuine issue of material fact, the nonmoving party must set forth specific evidence showing that there remains a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 247-48. A nonmoving party cannot merely rest upon his allegations or denials in his pleading as a basis for demonstrating a genuine triable issue. *Id.*

In addition, a moving party may demonstrate that there is no genuine dispute of material fact by either (1) negating an element of the opposing party's claim or defense, or (2) showing that the opposing party does not have enough admissible evidence of an essential element of its claim to carry its ultimate burden at trial.[2]  *See* Fed. R. Civ. P. 56(c)(1)(B); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) ("A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). This showing "can be made by

---

[2] In actions based on diversity jurisdiction, such as the present lawsuit, state law controls substantive issues including the elements of the causes of action, measure of damages, and applicable defenses. *See Bank of Cal., N.A. v. Opie*, 663 F.3d 977, 980 (9th Cir. 1981).

MEMO OF POINTS & AUTHORITIES
Case No. 10-cv-0940 GPC (WVG)

pointing out through argument [the] absence of evidence to support plaintiff's claim." *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (*en banc*) (internal quotation omitted).

### B.   Summary Judgment Is Appropriate Against The California Subclasses

#### 1.   The UCL/FAL Claims Fail Because Makaeff And Low Are Not Entitled To Injunctive Relief Against TU And There Is No Admissible Evidence To Measure Restitution

The UCL and FAL claims fail because plaintiffs cannot prove they are entitled to either an injunction or restitution. Only two remedies are available for private litigants under the UCL or FAL: injunction and restitution.[3] *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 130 (2009). Makaeff and Low cannot prove entitlement to either. "Where discovery has been completed, summary judgment is appropriate when a party challenged by motion fails to offer evidence supporting an element of a claim on which that party bears the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).

##### a.   *There is no entitlement to an injunction against TU*

There is no real or immediate threat of an irreparable injury in the future that warrants an injunction in this case. "Injunctive relief should be denied if at the time of the order or judgment, there is no reasonable probability that the past acts complained of will reoccur." *California Service Station & Auto. Repair Ass'n v. Union Oil Co. of Cal.*, 232 Cal. App. 3d 44, 57 (1991); *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1123 (9th Cir. 1999), *overruled on other grounds in eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006). Moreover, the California Supreme Court has held that to establish a § 17200 claim for injunctive relief, something more must be shown than the simple fact that defendant is still in business and is in a position to err again. *State of Cal. v. Texaco, Inc.*, 46 Cal. 3d 1147, 1169-70 (1998). "Neither speculation nor subjective apprehension

---

[3] "The restitutionary remedies of section 17203 and 17535 . . . are identical and are construed in the same manner." *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 177, fn. 10 (2000).

MEMO OF POINTS & AUTHORITIES
Case No. 10-cv-0940 GPC (WVG)

about possible harm establishes standing." *Hunt v. Fields*, 2014 U.S. Dist. LEXIS 61004 at *3 (E. D. Cal., May 1, 2014) (citing *Mayfield v. U.S.*, 599 F.3d 964, 970 (9th Cir. 2010)).

Here, two facts are dispositive on this issue.  First, TU ceased enrolling students in classes after July 2010. (SOF 2.) Second, TU also changed its name to the Trump Entrepreneur Initiative on June 2, 2010. (SOF 3.) When there is no likelihood of future injury to be addressed by injunctive relief, standing to pursue the remedy is lacking. *Delarosa v. Boiron, Inc.*, 2012 U.S. Dist. LEXIS 188828 at *17 (C.D. Cal., Dec. 28, 2012). Plaintiffs cannot establish entitlement to an injunction against TU.

> b.    *Restitution cannot be awarded without evidentiary support*

TU is entitled to summary judgment on the UCL and FAL claims because Makaeff and Low have no admissible evidence establishing a valid methodology for restitution or the amount of restitution. Restitution cannot be awarded without evidentiary support. *In re Vioxx*, 180 Cal. App. 4th at 131. Unlike the class certification stage, on summary judgment Makaeff and Low cannot skirt the need for a viable restitutionary model with **evidence** of the amount of restitution. Plaintiffs have no evidence that the TU seminars purchased by Makaeff and Low were completely worthless as they allege. In a false advertising case, the recovery is not the total purchase price. *See Weredebaugh v. Blue Diamond Growers*, 2014 U.S. Dist. LEXIS 71575 at *78-79 (N.D. Cal., May 23, 2014) (rejecting full refund model of damages as inappropriate where plaintiff seeks restitution, plaintiff "may not retain some unexpected boon, yet obtain the windfall of a full refund and profit from the restitutionary reward.").[4] The delta between the value of what was

---

[4] *See also Lanovaz v. Twinings North America, Inc.,* 2014 WL 1652338, *6 (N.D. Cal. April 24, 2014) (rejecting outright a damages model proposing a refund of the entire purchase price of product); *Jones v. ConAgra Foods, Inc.,* 2014 WL 2702726, at *19 (N.D. Cal. June 13, 2014) ("Return of the full retail or wholesale prices is not a proper measure of restitution, as it fails to take into account the value class members received by purchasing the products."); *Caldera v. The J. M. Smucker Co.*, 2014 WL 1477400, at *4 (C.D. Cal April 15, 2014) (Plaintiff's damage model of relying on defendants sales data

MEMO OF POINTS & AUTHORITIES
Case No. 10-cv-0940 GPC (WVG)

4841-6612-4833.5

allegedly received (here, real estate seminars) and what was paid is the proper measure of restitution. *See Cortez*, 23 Cal. 4th at 174; *In re Vioxx*, 180 Cal. App. 4th at 131 (The proper measure of restitution is the "difference between what the plaintiff paid and the value of what the plaintiff received."). This requires Makaeff and Low to produce evidence of the value of the TU seminars/mentorships purchased. *In re Vioxx*, 180 Cal. App. 4th at 131. They have not. Moreover, a determination of the value of the seminars would require expert testimony—not just conjecture from Makaeff, Low, and their counsel.  *See Astiana v. Ben & Jerry's Homemade, Inc*., 2014 U.S. Dist. LEXIS 1640, 37-38 (N.D. Cal. Jan. 7, 2014) (Restitution can be quantified by "computing the effect of the unlawful conduct on the market price of a product purchased by the class. . . . Expert testimony may be necessary to determine the amount of price inflation attributable to the challenged practice."); *In re eBay Litig.*, 2012 U.S. Dist. LEXIS 128616 at *15-16 (N.D. Cal., Sept. 10, 2012) (expert witness necessary to validate plaintiffs' damages/restitution model); *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 698-700 (2006) (plaintiff must prove the existence of a "measurable amount" of restitution, supported by the evidence).[5] Discovery is now closed and no experts were designated by Plaintiffs in this case (SOF 1).

In *Colgan*, a UCL/FAL/CLRA false advertising case, the Court of Appeal reversed an award of restitution even when plaintiff had presented expert evidence on the issue of restitution. The court found that even when plaintiff **had** presented "expert testimony that 'Made in U.S.A.' claims have a significant positive impact on consumers and that [defendant] realized a 'substantial advantage' by using a 'Made in U.S.A.' representation,

---

alone insufficient because "[r]estitution based on a full refund would only be appropriate if not a single class member received any benefit from the products.")

[5] In *Colgan*, the Court of Appeal noted the trial court's rejection of plaintiffs' attempt to recover restitution measured by either the entire purchase price of the products or the defendant's gross profit from sale of the products as inequitable when plaintiffs did receive product in exchange for their purchase. *Id*. at 676-677.

MEMO OF POINTS & AUTHORITIES
Case No. 10-cv-0940 GPC (WVG)

this was still **not evidence** of the amount of restitution because there was no attempt by the expert "to quantify either the dollar value of the consumer impact or the advantage realized by [defendant]." *Id.* at 700; *accord Ogden v. Bumble Bee Foods, LLC*, 2014 U.S. Dist. LEXIS 565 at *52 (N.D. Cal. Jan. 2, 2014) (granting defendant's motion for summary judgment on UCL, FAL, and CLRA claims when plaintiff failed to offer any evidence of the price of comparable products without the unlawful misrepresentations and when plaintiff failed to offer any expert evidence of the premium paid for product due to unlawful misrepresentations); *In re Facebook, Inc., PPC Adver. Litig.*, 282 F.R.D. 446, 461 (N.D. Cal. 2012)  ("[W]ith regard to the UCL claim for restitution, plaintiffs must be able to prove, for each class member, the difference between what the plaintiffs paid and the value of what the plaintiffs received.").

Makaeff and Low lack any expert evidence to support their claims that the seminars and mentorships were worthless.  Additionally,  like the plaintiff in *Colgan*, Makaeff and Low failed to present any evidence, let alone expert testimony or reports, to quantify either the alleged dollar value of the consumer impact or the alleged advantage realized by TU. (SOF 1.) This absence of evidence is fatal to the UCL and FAL claims because the Court cannot grant relief beyond the boundaries of a Plaintiff's evidentiary showing. *Colgan,* 135 Cal. App. 4th at 700; *see also McGlinchy v. Shell Chem. Co*., 845 F.2d 802, 808 (9th Cir. 1988) ("[S]ummary judgment is appropriate where appellants have no expert witnesses or designated documents providing competent evidence from which a jury could fairly estimate damages."); *In re eBay Litig.*, 2012 U.S. Dist. LEXIS 128616 at *15-16 (N.D. Cal., Sept. 10, 2012) (granting summary judgment on breach of contract, UCL, and FAL claims when plaintiff failed to engage an expert witness to validate its damages/restitution model). Summary judgment for TU is warranted.

///

///

MEMO OF POINTS & AUTHORITIES
Case No. 10-cv-0940 GPC (WVG)

4841-6612-4833.5

2.     The CLRA Claim Fails Because There Is No Admissible Evidence Of Actual Damages Attributable To The "Core" Misrepresentations

TU is also entitled to summary judgment on the CLRA claim because the California plaintiffs have no evidence to support either an injunction, restitution, or damages; the available remedies under the CLRA. Cal. Civ. Code §§ 1780(a)(1)-(3).

a.     An Injunction Cannot Issue

In addition to the reasons stated above in Section II.B.1.a, an injunction against TU on the CLRA cause of action is not available because Makaeff and Low do not face "a real or *immediate threat* of an irreparable injury" because neither testified they intended further purchase of TU seminars or mentorships. *See Perez v. Nidek Co.*, 711 F.3d 1109, 1114 (9th Cir. 2013) (affirming dismissal of CLRA claim when there was no evidence or allegation that plaintiff intended further use of product/service at issue).

b.     *Plaintiffs have no admissible evidence of restitution*

The restitutionary remedy available under the CLRA is treated similarly to the determination of restitution under the UCL and FAL. *See Colgan*, 135 Cal. App. 4th at 694. Therefore, Makaeff and Low's lack of admissible evidence regarding the proper amount of restitution on their UCL and FAL claims is also fatal to the CLRA claim. *See* Section II.B.1.b.

c.     *Plaintiffs have no admissible evidence of CLRA damages*

A determination of money damages under the CLRA requires the plaintiff to establish "the difference between the [market] value of that with which the defrauded person parted and the [market] value of that which he received, together with any additional damages arising from the particular transaction." *See Colgan*, 135 Cal. App. 4th at 675. Here, as with the UCL and FAL claims discussed above in Section II.B.1.b, Makaeff and Low failed to produce any evidence that the TU seminars and mentorships purchased were not worth what they paid for them or that the seminars and mentorships were worthless—a necessary predicate to determining the difference between what was paid and the market value of what was received. Without this evidence, which necessarily

MEMO OF POINTS & AUTHORITIES
Case No. 10-cv-0940 GPC (WVG)

4841-6612-4833.5

requires expert testimony, Makaeff and Low cannot meet their burden to prove actual damages on their CLRA claim. *See* Fed. R. Evid. 701 (lay witness may not give opinion testimony when opinion would require "scientific, technical, or other specialized knowledge within the scope of Rule 702."); *See also Astiana*, 2014 U.S. Dist. LEXIS 1640 at *37-38 (When "computing the effect of the unlawful conduct on the market price of a product purchased by the class. . . . Expert testimony may be necessary to determine the amount of price inflation attributable to the challenged practice."); *In re eBay Litig.*, 2012 U.S. Dist. LEXIS 128616 at *15-16  (expert witness necessary to validate plaintiffs' damages/restitution model).  Without admissible evidence of actual damages, summary judgment in favor of TU should be granted on the CLRA claim. *See e.g. Weinberg v. Whatcom Cnty.*, 241 F.3d 746, 751-52 (9th Cir. 2001) (affirming grant of defendant's motion for summary judgment because "[w]hen damages are an essential element of plaintiff's claim, failure to offer competent evidence of damages support a grant of summary judgment") (internal quotation omitted).

### 3.    Low's Elder Abuse Claim Fails

As discussed above in relation to Low's UCL, FAL, and CLRA claims, Low's inability to produce evidence of the damages attributable to TU's alleged "core" misrepresentations is also fatal to his claim for financial elder abuse. Financial abuse of an elder occurs when a defendant takes (or assists in taking) the real or personal property of an elder to a wrongful use or with intent to defraud. Cal. Welfare & Inst. Code § 15610.30(a). Here, Low's elder abuse claim is predicted on the alleged "core" misrepresentations by TU. *See generally* TAC ¶¶93-104 & 205-213. The gravamen of the claim is that the "core" misrepresentations were the means TU used to take Low's money. Low has no actionable claim because he cannot establish the necessary link between the "core" misrepresentations and his alleged damages. Low is required to establish the damages caused by his reliance on the misrepresentations. As with Low's other fraud based claims, that measure of damages is the difference between what was paid and the value of what was received. Therefore, Low's lack of evidence of the

MEMO OF POINTS & AUTHORITIES
Case No. 10-cv-0940 GPC (WVG)

alleged value of the seminar and mentorship received entitles TU to summary judgment because Low cannot establish what property was taken from him by means of the "core" misrepresentations. A defendant can only be legally responsible for the harm actually caused. *See* Cal. Civ. Code § 3333.[6]

### C. Summary Judgment Is Appropriate Against The Florida Subclass Representative

#### 1. Everett Cannot Prove Damages

Like the California Plaintiffs, Everett's Florida-based claims against TU also fail because she cannot establish a necessary element of either her Misleading Advertising Law or her Deceptive Trade Practices claims: injury, i.e. actual damages.

To maintain a civil action for violation of Florida's Misleading Advertising Law, Section 817.41(1), Florida Statutes (1999) (hereinafter referred to as "MAL"), Everett must prove each of the elements of common law fraud in the inducement. *Smith v. Mellon Bank,* 957 F.2d 856 (11th Cir. 1992) (citing *Vance v. Indian Hammock Hunt & Riding Club, Ltd.,* 403 So. 2d 1367, 1370 (Fla. 4th DCA 1981); *Burton v. Linotype Co.,* 556 So. 2d 1086 (Fla. 1990), *review denied*, 564 So. 2d 1086 (Fla. 1990). That Everett suffered injury in justifiable reliance on TU's misrepresentation, is an essential element of the MAL claim. *See Samuels v. King Motor Co. of Ft. Lauderdale,* 782 So. 2d 489, 497 (Fla. 4th DCA 2001); *Hillcrest Pacific Corp. v. Yamamura,* 727 So. 2d 1053, 1055 (Fla. 4th DCA 1999. "Injury" under the MAL includes actual damages. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 877 (Fla. 2nd DCA 2006).

Similarly, for Everett's FDUTPA claim to survive, she must prove: (1) "a deceptive act or unfair practice, (2) causation, and (3) actual damages." *Third Party Verification, Inc. v. Signaturelink, Inc.,* 492 F. Supp. 2d 1314, 1326 (M.D. Fla. 2007).

---

[6] Summary judgment is also appropriate on Low's claim for treble damages pursuant to Cal. Civ. Code § 3345 in relation to his elder abuse claim. There is no evidence that Low was more vulnerable than others because of his age, impaired understanding, impaired health, restricted mobility, or disability, as required by the statute.

MEMO OF POINTS & AUTHORITIES
Case No. 10-cv-0940 GPC (WVG)

Under Florida law, actual damages are defined as "the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." *Urling v. Helms Exterminators, Inc.*, 468 So. 2d 451, 454 (Fla. 1st DCA 1985). Where a party fails to provide evidence of actual damages proximately caused by the alleged violations of the FDUTPA, the claim fails. *See Himes v. Brown & Co. Sec. Corp.*, 518 So. 2d 937, 938 (Fla. 3d DCA 1988).

Everett's claim fails because she has no evidence of any actual damages. (SOF 1.) Everett has presented no evidence of the difference in value between what she paid for TU and what TU's training would be worth had it been an accredited university as she alleges. Everett has presented no evidence of the difference in value between what she received as part of TU's year-long mentoring and the value of what she alleges she should have received. Everett has presented no evidence of the difference in value between what the students paid to TU and what TU's education was worth if Mr. Trump had handpicked the instructors as Everett alleges. Everett has no admissible evidence of any such "actual damages" and therefore her claim fails. *See, e.g., Randolph v. J.M. Smucker Co.*, 2014 WL 7330430 (S.D. Fla. Dec. 23, 2014) (Plaintiff failed to present a sufficient damages model when there was no evidence that the price premium associated with the misrepresentation was capable of measurement). TU is therefore entitled to summary judgment in its favor on the Florida MAL and FDTUPA claims.

### 2. The Failure Of Everett's FDUTPA Claim Is Fatal To Everett's Claim Of Elder Abuse

Where summary judgment is appropriate as to the underlying FDUTPA claim, summary judgment is also appropriate for any alleged elder abuse violation. *See Borden v. Saxon Mortgage Services, Inc.*, 2010 U.S. Dist. LEXIS 101823, at *34-35 (S.D. Fla. 2010). Here, because Everett's FDUTPA claim against TU fails, her elder abuse claim also fails.

///

MEMO OF POINTS & AUTHORITIES
Case No. 10-cv-0940 GPC (WVG)

**D.**   <u>Summary Judgment Is Appropriate Against The New York Gen. Bus. Law § 349 Subclass Representative's Claim</u>

A plaintiff suing under GBL § 349 must prove "that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading, and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Oscar v. BMW of N. Am., LLC*, 2012 U.S. Dist. LEXIS 84922 at *8 (S.D.N.Y. June 19, 2012). While proof of justifiable reliance is not required, a plaintiff must prove that defendant's material deceptive act or practice actually caused plaintiff's injury. *Id.* at *8-9. Plaintiff Brown cannot prove entitlement to relief under GBL § 349 because: (1) he has failed to state an injury cognizable under New York law; and (2) he has no evidence of damages.

**1.**   Brown's Full Refund Model Does Not State A Cognizable Injury Under GBL § 349

New York law does not provide a cause of action for refund of the full purchase price of a service on the basis that it would not have been purchased absent defendant's acts or practice under GBL § 349. *Dash v. Seagate Tech. (US) Holdings, Inc.*, 2014 U.S. Dist. LEXIS 88780 at *9 (E.D.N.Y, June 30, 2014) *citing Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56 (N.Y. 1999) (rejecting argument "that consumers who buy a product that they would not have purchased, absent a manufacturer's deceptive commercial practices have suffered an injury under General Business Law § 349."). "The rationale for this is that deceived consumers may nevertheless receive—and retain the benefits of—something of value, even if it is not precisely what they believed they were buying." *Id.* (internal quotations and citations omitted).  A refund of the full purchase price is exactly what Brown seeks for himself and the NY subclass under GBL § 349. Brown does not have a legally cognizable full refund claim.

**2.**   There Is No Evidence Of Brown's Damages

Brown cannot save his claim by seeking damages equal to the difference between the cost of the TU seminar or mentorship and the value of the seminar or mentorship he alleges he received. As discussed above regarding the California and Florida class

MEMO OF POINTS & AUTHORITIES
Case No. 10-cv-0940 GPC (WVG)

representatives, Brown has failed to produce evidence supporting the latter; a necessary predicate to determining the difference between what was paid and the value of what was received. (See SOF 1.) *See also*, *Oosterhuis v. Palmer*, 137 F.2d 322 (2nd Cir. 1943) (under New York law, damages for misrepresentations are measured as "the difference between the value of the thing as represented and as it was in actual fact."). Because he cannot prove a key element of his claim, summary judgment in favor of TU should be granted. *See e.g. R.M. Newell Co. v. Rice*, 236 A.D.2d 843, 844, 653 N.Y.S.2d 1004, 1005 (App. Div. 1997) (summary judgment proper when plaintiff cannot support an element of [his] cause of action).

## III.    TU IS ENTITLED TO SUMMARY JUDGMENT ON ALL REMAINING INDIVIDUAL CLAIMS

### A.    Money Had And Received

None of the Plaintiffs[7] have a legally-supportable claim for money had and received against TU. Plaintiffs' claim for money had and received is quasi-contractual in nature. *See Shvarts v. Budget Grp., Inc.*, 81 Cal. App. 4th 1153, 1160 (2000); *Board of Educ. of Cold Spring Harbor Cent. Sch. Dist. v. Rettaliata*, 78 N.Y.2d 128, 138, 576 N.E.2d 716, 572 N.Y.S.2d 885 (1991) ("A cause of action for money had and received is one of quasi-contract or of contract implied-in-law."); *Berry v. Budget Rent a Car Sys.*, 497 F. Supp. 2d 1361, 1369 (S.D. Fla. 2007) (same). Because Plaintiffs have alleged the existence of valid contracts with TU relating to the seminar and mentorship purchases (TAC ¶150), they may not also maintain a cause of action based on quasi-contract.[8] TU is

---

[7] As stated in the TAC, Edward Oberkrom is a resident of Missouri, therefore venue for Oberkrom's individual claims is improper. *See* 28 U.S.C. 1391(b)(2).

[8] *See Shvarts*, 81 Cal. 4th at 1160 (affirming trial court's sustaining of demurrer without leave to amend on claim for money had and received when valid express contract existed between the parties); a*ccord Merrill Lynch Capital Servs. v. Apache Structures, LLC*, 2012 U.S. Dist. LEXIS 96059 at *28-31 (C.D. Cal. July 11, 2012) (applying New York law and denying recovery under theory of unjust enrichment or money had and received because an express contract governing the same subject matter existed between

MEMO OF POINTS & AUTHORITIES
Case No. 10-cv-0940 GPC (WVG)

4841-6612-4833.5

1    entitled to summary judgment on the claim for money had and received.

2        B.    <u>Unjust Enrichment</u>

3        Makaeff, Low, and Keller have no claim for unjust enrichment against TU because

4    it is not a cause of action under California law.[9]

5        As stated above, Brown and Everett's claims fail because they cannot establish the

6    amount of restitution; the remedy for any alleged unjust enrichment.[10] Brown and

7    Everett's quasi-contractual unjust enrichment claims also fail because they are not viable

8    when an express contract exists between the parties.[11] *See One Step Up, LTD*, 87 A.D.3d

9    at 14; *Berry*, 497 F. Supp. 2d at 1369-1370. The Court should granted summary judgment

10    in favor of TU on the unjust enrichment cause of action.

11    ///

12    ///

13

---

14    the parties); *One Step Up, LTD., v. Webster Business Credit Corp.*, 87 A.D.3d 1, 14, 925

15    N.Y.S.2d 61 (2011) ("The claims for unjust enrichment and money had and received are

16    not viable because express contracts govern the same subject matter.") (internal citations omitted); *Berry*, 497 F. Supp. 2d at 1369-1370 (dismissing quasi-contractual unjust

17    enrichment and money had and received claims when express contract existed between the parties.)

18    [9] *See Jogani v. Superior Court*, 165 Cal. App. 4th 901, 911 (2008); *Melchior v. New Line*

19    *Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003).

20    [10] *See United States ex rel. Kester v. Novartis Pharms. Corp.*, 2014 U.S. Dist. LEXIS 127270 at *32 (S.D.N.Y. Sept. 4, 2014) ("Properly stated, restitution is the *remedy* for

21    unjust enrichment, not a separate basis for liability.") (internal quotation omitted; emphasis in original); *Ala v. Chesser*, 5 So. 3d 715, 718 (Fla. Dist. Ct. App. 2009) ("A

22    claim for unjust enrichment seeks restitution from a party allegedly unjustly enriched.").

23    *See also CFTC v. Fleury*, 2010 U.S. Dist. LEXIS 102975, 4 (S.D. Fla. Sept. 29, 2010)

24    ("[T]he proper measurement [of restitution] is the amount that the defendants wrongfully gained by their misrepresentations.") citing *CFTC v. Wilshire Investment Mgm't Co.*, 521

25    F.3d 1339, 1345 (11th Cir. 2008).

26    [11] Unjust enrichment is a quasi-contractual theory of recovery. *See Goldman v.*

27    *Metropolitan Life Ins. Co.*, 5 N.Y.3d 561, 572, 841 N.E.2d 742, 807 N.Y.S.2d 583 (2005) ("The theory of unjust enrichment lies as a quasi-contract claim."); *Berry*, 497 F. Supp.

28    2d at 1369.

MEMO OF POINTS & AUTHORITIES
Case No. 10-cv-0940 GPC (WVG)

4841-6612-4833.5

C.     <u>Fraud, False Promise, and Negligent Misrepresentation</u>

Plaintiffs cannot prove their claims for fraud, false promise[12] and negligent misrepresentation against TU. These claims against TU are all based on the alleged "core" misrepresentations. With minor differences in wording, California, Florida, and New York claims for fraud and California and Florida claims for negligent misrepresentation all require common elements: (1) misrepresentation to plaintiff; (2) intent to defraud; (3) reliance/justifiable reliance on the misrepresentation(s); and (4) <u>damages</u> caused by the reliance.[13] Plaintiffs have no evidence establishing damages attributable to the misrepresentations, namely the difference in value as represented versus as received. (SOF 1.) Because Plaintiffs are unable to make this evidentiary showing, TU is entitled to summary judgment on these claims.

D.     <u>Breach of Contract and Breach of Implied Covenant</u>

The breach of contract and implied covenant claims also fail based on Plaintiffs' inability to establish damages based on admissible evidence. In California, New York, and Florida damages is an essential element of a breach of contract cause of action.[14] The

---

[12] "'Promissory fraud' is a subspecies of the action for fraud and deceit." *See Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). *See also e.g. EQT Infrastructure Ltd. v. Smith*, 861 F. Supp. 2d 220, 233-34 (S.D.N.Y. 2012) (promise of performance without the intent to perform can satisfy the false statement of present fact element of fraudulent misrepresentation claim); *Hamlen v. Fairchild Indus., Inc.*, 413 So. 2d 800, 802 (Fla. Dist. Ct. App. 1982) (same).

[13] *Seeger v. Odell,* 18 Cal. 2d 409, 414 (1941) (fraud); *Friedman v. Merck & Co.*, 107 Cal. App. 4th 454, 476 (2003) (negligent misrepresentation); *Specialty Marine & Indus. Supplies v. Venus*, 66 So. 3d 306, 309-10 (Fla. Dist. Ct. App. 2011) (fraud and negligent misrepresentation); *Mandarin Trading Ltd. v. Wildenstein*, 944 N.E.2d 1104, 1108-09 (N.Y. 2011) (fraud). The only difference is a claim for negligent misrepresentation in New York which requires "(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information." *Mandarin*, 944 N.E.2d at 1109.

[14] *See Oasis W. Realty, LLC v. Goldman,* 51 Cal. 4th 811, 821 (2011); *Wechsler v. Hunt Health Sys.*, 330 F. Supp. 2d 383, 404 (S.D.N.Y. 2004); *Rollins*, 951 So. 2d at 876.

MEMO OF POINTS & AUTHORITIES
Case No. 10-cv-0940 GPC (WVG)

4841-6612-4833.5

measure of damages for breach of contract is the amount necessary to put the plaintiff in as good as position as if the contract had been performed, here had the allegedly false "core" misrepresentations been true.[15] Again, Plaintiffs have submitted no evidence of the value of the misrepresentations, the premium paid based on the misrepresentations, or the value of the seminars and mentorships as delivered. (SOF 1.) Plaintiffs' contract-based claims fail and summary judgment in favor of TU is warranted.

IV.   <u>CONCLUSION</u>

For all of the foregoing reasons, Trump University's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment should be granted.

DATED:  February 17, 2015         **FOLEY & LARDNER LLP**
                                  NANCY L. STAGG
                                  BENJAMIN J. MORRIS

                                  By:   *s/ Nancy L. Stagg*
                                       NANCY L. STAGG
                                       Attorneys for Defendants Trump
                                       University, LLC and Donald J. Trump
                                       nstagg@foley.com

---

[15] *See Erlich v. Menezes*, 21 Cal. 4th 543, 550 (1999); *Tew v. Chase Manhattan Bank, N.A.*, 728 F. Supp. 1551, 1569 (S.D. Fla. 1990); *Adams v. Lindblad Travel, Inc.*, 730 F.2d 89, 92 (2d Cir. 1984).

MEMO OF POINTS & AUTHORITIES
Case No. 10-cv-0940 GPC (WVG)

4841-6612-4833.5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 17, 2015 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

*s/ Nancy L. Stagg*
Nancy L. Stagg

CERTIFICATE OF SERVICE
Case No. 10-cv-0940 GPC (WVG)

-1-

4841-6612-4833.5