ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON A. FORGE (181542)
jforge@rgrdlaw.com
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
HELEN I. ZELDES (220051)
helenz@zhlaw.com
ALREEN HAEGGQUIST (221858)
alreenh@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
625 Broadway, Suite 1000
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Class Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>               Plaintiffs,<br><br>  vs.<br><br>TRUMP UNIVERSITY, LLC, et al.,<br><br>               Defendants. | Nos. 3:10-cv-0940-GPC(WVG), 3:13-cv-02519-GPC-WVG<br><br>CLASS ACTIONS<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF CLASS NOTICE AND DIRECTING CLASS NOTICE PROCEDURES |
| ART COHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>  vs.<br><br>DONALD J. TRUMP,<br><br>               Defendant. | DATE:    May 22, 2015<br>TIME:    1:30 p.m.<br>CTRM:  2D (2nd Floor – Schwartz)<br>JUDGE:  Hon. Gonzalo P. Curiel |

1008282_1

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................... 1

II. RELEVANT PROCEDURAL HISTORY ..................................................... 2

III. THE PROPOSED CLASS NOTICE IS APPROPRIATE ............................. 5

    A. Plaintiffs' Class Notice Contains All the Essential Information and Is in Plain Language ........................................................................ 5

    B. Sending Out One Notice Will Minimize Confusion and Cost ............. 7

IV. THE PROPOSED PROCEDURE FOR CLASS NOTICE IS APPROPRIATE ............................................................................................... 8

V. CONCLUSION ............................................................................................. 11

# TABLE OF AUTHORITIES

**Page**

## CASES

*Carr v. Tadin, Inc.*,
  No. 12-CV-3040 JLS (JMA), 2014 U.S. Dist. LEXIS 179835
  (S.D. Cal. Apr. 18, 2014) ............................................................................... 8

*Churchill Vill. LLC v. GE*,
  361 F.3d 566 (9th Cir. 2004) ............................................................................ 5

*Cohen v. Trump*,
  No. 3:13-cv-02519 .................................................................................. *passim*

*Grunin v. Int'l House of Pancakes*,
  513 F.2d 114 (8th Cir. 1975) ............................................................................ 8

*Hunt v. Check Recovery Sys., Inc.*,
  No. C05-04993 MJJ, 2007 U.S. Dist. LEXIS 58800
  (N.D. Cal. Aug. 1, 2007) ................................................................................. 9

*In re Fedex Ground Package Sys.*,
  No. 3:05-MD-527 RM (MDL 1700), 2008 U.S. Dist. LEXIS 28010
  (N.D. Ind. Apr. 4, 2008) .................................................................................. 7

*In re TD Ameritrade Account Holder Litig.*,
  Nos. C07-2852 SBA, C 07-4903 SBA, 2011 U.S. Dist. LEXIS 103222
  (N.D. Cal. Sept. 13, 2011) ............................................................................... 8

*In re U.S. Fin. Sec. Litig.*,
  69 F.R.D. 24 (S.D. Cal. 1975) ......................................................................... 9

*Knutson v. Schwan's Home Serv.*,
  No. 3:12-cv-00964-GPC-DHB, 2014 U.S. Dist. LEXIS 99637
  (S.D. Cal. July 14, 2014) (Curiel, J.) ............................................................... 6

*Larsen v. Trader Joe's Co.*,
  No. 11-cv-05188-WHO, 2014 U.S. Dist. LEXIS 95538
  (N.D. Cal. July 11, 2014) ................................................................................ 9

*Marshall v. Holiday Magic, Inc.*,
  550 F.2d 1173 (9th Cir. 1977) ......................................................................... 5

| | **Page** |
|---|---|
| *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) | 5 |
| *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474 (E.D. Cal. 2006) | 9 |
| *Tierno v. Rite Aid Corp.*, No. C05-02520 THE, 2007 U.S. Dist. LEXIS 89582 (N.D. Cal. Nov. 16, 2007) | 5 |
| *Wright v Linkus Enters.*, 259 F.R.D. 468 (E.D. Cal. 2009) | 9 |
| *Yeoman v. Ikea U.S. West, Inc.*, No. 11cv701 WQH (BGS), 2013 U.S. Dist. LEXIS 158516 (S.D. Cal. Nov. 5, 2013) | 6 |

**STATUTES, RULES AND REGULATIONS**

18 U.S.C.
§1962(c) .................................................................................................................. 1

Federal Rules of Civil Procedure
Rule 23 ............................................................................................................. 8, 9
Rule 23(c)(2) ........................................................................................................ 5
Rule 23(c)(2)(B) .............................................................................................. 2, 9
Rule 23(c)(2)(B)(i) ............................................................................................... 5
Rule 23(c)(2)(B)(ii) .............................................................................................. 5
Rule 23(c)(2)(B)(iii) ............................................................................................. 5
Rule 23(c)(2)(B)(iv) ............................................................................................. 5
Rule 23(c)(2)(B)(v) .............................................................................................. 5
Rule 23(c)(2)(B)(vi) ............................................................................................. 5
Rule 23(c)(2)(B)(vii) ............................................................................................ 5
Rule 23(c)(3) ........................................................................................................ 5
Rule 23(e)(1)(B) ................................................................................................... 9
Rule 23(f) .......................................................................................................... 1, 3

Florida Misleading Advertising Law .......................................................................... 3

**Page**

New York General Business Law
  §349 .................................................................................................................. 3

## I. INTRODUCTION

The Court has certified two overlapping Classes in the above-captioned related class actions: In *Cohen v. Trump*, No. 3:13-cv-02519, the Court certified a nationwide class of consumers who purchased Trump University, LLC's ("TU") Live Events under the federal RICO statute. Just weeks ago, the Ninth Circuit rejected Donald J. Trump's ("Trump") Rule 23(f) petition seeking to overturn this decision, thus eliminating any doubt that the nationwide Class is moving forward in *Cohen*. In *Makaeff*, the Court certified a class of such consumers in California, Florida, and New York, including senior citizen sub-classes in California and Florida, pursuant to state statutes prohibiting unfair competition, false advertising, and elder abuse. The Ninth Circuit has also rejected defendants' Rule 23(f) challenge to that decision. As such, these related actions are moving toward resolution on the merits at trial.[1]

In late 2014, following a competitive bidding process, Class Counsel engaged Epiq Systems, Inc. ("Epiq") – pending the Court's approval – to administer class notice. Over a month ago, plaintiffs in the related cases approached defendants with a joint stipulation for the class notice – a process that should have been non-controversial. However, earlier this week, the parties reached an impasse, as defendants will not agree to a single notice, instead insisting that separate notices be provided in the actions, despite the overlap between the classes, the potential for confusion among recipients of multiple notices, and increased costs. *See* Declaration of Rachel L. Jensen ("Jensen Decl."), ¶10, filed concurrently herewith. Defendants' position appears to be a ploy to delay class notice.[2]

---

[1] Plaintiffs believe that these related class actions should be consolidated for trial.

[2] On February 19, 2015, defendants filed a motion for decertification in *Makaeff*, claiming Class Counsel's purported delay in sending notice to the class renders them inadequate. *See* Dkt. No. 380. In reality, defendants have caused undue delay due to their refusal to simply agree to a routine procedural step in this class action litigation and requiring plaintiffs to move the Court for class notice. *See* Jensen Decl., ¶¶9-10.

1 Accordingly, plaintiffs hereby move this Court for an order approving their
2 proposed Class Notice and directing Epiq to provide notice by way of first class mail
3 and publication as outlined below.  Specifically, the Mailed Notice (Ex. 2)[3] will be
4 sent via first class mail to identified purchasers of "Trump University" programs.  The
5 notice contains all of the essential information to allow Class Members to make an
6 informed decision about whether to remain in the actions or "opt out," with the
7 description of the certified Classes and claims, the parties and their respective
8 positions, the consequences of opting out versus not doing so, and the deadline to act.

Class Counsel will also publish a Summary Notice (Ex. 3) in the nationally-syndicated version of *USA Today* in an effort to reach any Class Member who, for whatever reason, does not receive the Mailed Notice (for example, because defendants' records are incomplete).  The Summary Notice will direct Class Members to the Class Notice website and toll-free phone number where further information can be obtained.  And, Class Counsel have prepared a detailed "frequently asked question"-style Long-Form Notice (Ex. 1) to address in plain language the common questions that Class Members are likely to have.  This Long-Form Notice will be posted on the website and mailed to any potential Class Member who requests it.

Because the proposed notice follows best practices and provides more than the required information to potential Class Members, and because the proposed procedure for notice satisfies the requirements of due process and Rule 23(c)(2)(B), plaintiffs respectfully request that the Court direct Class Notice as requested herein.

## II.   RELEVANT PROCEDURAL HISTORY

On October 27, 2014, the Court granted plaintiff's motion for class certification in *Cohen v. Trump*, certifying a class defined as:

> All persons who purchased Live Events from Trump University throughout the United States from January 1, 2007 to the present. Excluded from the Class are Trump University, its affiliates, employees,

---

[3] Here, and throughout, references to "Ex. __" are to the Exhibits attached to the Jensen Declaration, unless otherwise noted.

officers and directors, persons or entities that distribute or sell Trump University products or programs, the Judge(s) assigned to this case, and the attorneys of record in the case.

*Cohen* Dkt. No. 53 at 22-23 (the "Nationwide Class").

On February 2, 2015, the Ninth Circuit rejected Trump's Rule 23(f) petition challenging the Court's class certification decision in *Cohen*. *See Cohen* Dkt. No. 59.

In *Makaeff*, on February 21, 2014, the Court granted plaintiffs' motion for class certification in part, certifying a class defined as:

> All persons who purchased a Trump University three-day live "Fulfillment" workshop and/or a "Elite" program ("Live Events") in California, New York and Florida, and have not received a full refund, divided into the following five subclasses:
>
> (1) a California UCL/CLRA/Misleading Advertisement subclass of purchasers of the Trump University Fulfillment and Elite Seminars who purchased the program in California within the applicable statute of limitations;
>
> (2) a California Financial Elder Abuse subclass of purchasers of the Trump University Fulfillment and Elite Seminars who are over the age of 65 years of age and purchased the program in California within the applicable statute of limitations;
>
> (3) a New York General Business Law §349 subclass of purchasers of the Trump University Fulfillment and Elite Seminars who purchased the program in New York within the applicable statute of limitations;
>
> (4) a Florida Misleading Advertising Law subclass of purchasers of the Trump University Fulfillment and Elite Seminars who purchased the program in Florida within the applicable statute of limitations; and
>
> (5) a Florida Financial Elder Abuse subclass of purchasers of the Trump University Fulfillment and Elite Seminars who are over the age of 60 years of age and purchased the program in Florida within the applicable statute of limitations.
>
> Excluded from the class are Defendants, their officers and directors, families and legal representatives, heirs, successors, or assigns and any entity in which Defendants have a controlling interest, any Judge assigned to this case and their immediate families.

*Makaeff* Dkt. No. 298 at 35-36 (the "California/Florida/New York Class").

The Ninth Circuit rejected as untimely defendants' Rule 23(f) petition as to the *Makaeff* class certification decision on April 10, 2014. *See Makaeff* Dkt. No. 318.

1008282_1                                            - 3 -                          3:10-cv-0940-GPC(WVG),
                                                                                  3:13-cv-02519-GPC-WVG

1  Discovery is ongoing in the *Cohen* matter, and the Court has not yet set a trial
2  date in either related case.

3  In late 2014, Class Counsel submitted requests for proposal to two experienced
4  and well-recognized class action administrators in an effort to obtain the most cost-
5  effective notice for the classes.[4]  *See* Jensen Decl., ¶3.  After awarding the
6  administration of class notice to Epiq – subject to this Court's approval – Class
7  Counsel worked with Epiq employees to craft a plan to provide notice to Class
8  Members and drafted the proposed notice documents submitted herewith. *See id.*, ¶4.

9  On January 16, 2015, plaintiffs in the two related cases sent their proposal for
10  class notice to defendants with drafts of the Long-Form Notice, Mailed Notice,
11  Summary Notice, and a stipulation and proposed order to approve class notice. *See*
12  *id.*, ¶5.  Thereafter, the parties met and conferred concerning plaintiffs' proposed class
13  notice. *Id.*, ¶¶6-8.  During the meet-and-confer process, defendants indicated that they
14  would not agree to providing a single notice for both cases. *Id.*  However, to date,
15  they have voiced no objection to the content of the notice, the proposed notice
16  procedure, or the Notice Administrator, and have not articulated any reasonable basis
17  for objecting to one notice. *Id.*, ¶¶8-9.  Class Counsel disagree with sending out
18  multiple notices to their clients (the absent Class Members), given the overlapping
19  classes, the potential for confusion, and the certainty of increased costs to plaintiffs for
20  multiple notices.[5]  *Id.*  On February 17, 2015, despite the fact that defendants raised no
21  substantive dispute as to the content of the notices, defendants' counsel notified Class
22  Counsel that they believed the parties were at an impasse regarding the class notice,

---

[4]  Given the overlap between the Classes in the two related cases of *Makaeff* and *Cohen*, Class Counsel believed the most prudent and efficient course of action was to wait until after the Court had issued a decision on class certification in *Cohen* to proceed with class notice procedures in either case.

[5]  For example, members of the Class in *Makaeff* are also necessarily members of the Class in *Cohen*.  Given this overlap, it is Class Counsel's position that one class notice addressing both actions to their clients is the more efficient and less confusing to potential Class Members and certainly the most cost-efficient way to proceed.

1  and that plaintiffs would need to move the Court for approval of the notice. *Id.*, ¶10.

2  Accordingly, plaintiffs hereby move the Court for an order approving class notice.

### III.    THE PROPOSED CLASS NOTICE IS APPROPRIATE

#### A.    Plaintiffs' Class Notice Contains All the Essential Information and Is in Plain Language

Class notice must generally be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1177 (9th Cir. 1977). Rule 23(c)(2) provides that notice "must clearly and concisely state in plain, easily understood language" the following information:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii). The content of a notice is "satisfactory" if it "'generally describes the terms'" of the case "'in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'"[6] *Churchill Vill. LLC v. GE*, 361 F.3d 566, 575 (9th Cir. 2004); *Tierno v. Rite Aid Corp.*, No. C05-02520 THE, 2007 U.S. Dist. LEXIS 89582, at *3 (N.D. Cal. Nov. 16, 2007) ("A class notice must only have 'information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt-out or remain a member of the class.'").

Here, the content of plaintiffs' proposed Long-Form Notice, Mailed Notice, and Summary Notice ("Notices") (*see* Exs. 1, 2 and 3) are more than adequate and follow best practices. First, the proposed Notices carefully and concisely describe in plain

---

[6]   Unless otherwise noted, citations are omitted and emphasis is added here and throughout.

1 language the class definitions as certified by this Court.[7] The Mailed Notice, which
2 will be sent via first class mail to all known potential Class Members, contains all the
3 required information to allow Class Members to make an informed decision regarding
4 whether to remain in or opt out of the litigation. *See* Ex. 2. Further, the Mailed
5 Notice is drafted in plain language that is readily comprehensible to the average
6 consumer and describes the class definition, the parties, their respective positions, the
7 risk and consequences of remaining a member of the class, and the relevant deadlines.
8 *See id.* In addition, the notice directs absent Class Members to resources for further
9 information either by phone or on the Internet. *See id.*

10 Class Counsel will also publish a Summary Notice (Ex. 3) in the nationally
11 syndicated edition of *USA Today* to alert any potential Class Members who did not
12 receive the Mailed Notice of these pending lawsuits. *See* Ex. 3. Such Class Members
13 may not receive the notice because defendants' records are incomplete, they have
14 recently changed names, or relocated.[8] The Summary Notice will direct absent Class
15 Members to the website and phone number where they can obtain further information.
16 *See id.*

17 Furthermore, Class Counsel has prepared a Long-Form Notice (Ex. 1) for any
18 potential Class Member seeking more information. The Long-Form Notice is
19 modeled after, and consistent with, "The Federal Judicial Center's Illustrative Forms

---

[7] The Mailed Notice and Summary Notice do not permit sufficient space to repeat verbatim the entirety of the sub-class definitions, but alerts potential Class Members to their inclusion in the lawsuit (and potentially the sub-classes, as well) and directs them to sources of further information, including the website and Long-Form Notice that contain the class definitions verbatim. *See* Ex. 1 at 5-6; *see, e.g., Knutson v. Schwan's Home Serv.*, No. 3:12-cv-00964-GPC-DHB, 2014 U.S. Dist. LEXIS 99637, at *16-*17 (S.D. Cal. July 14, 2014) (Curiel, J.) (approving a post-card type direct mail notice which referenced a website which contained the full details of the settlement); *Yeoman v. Ikea U.S. West, Inc.*, No. 11cv701 WQH (BGS), 2013 U.S. Dist. LEXIS 158516, at *18 (S.D. Cal. Nov. 5, 2013) (approving notice via publication on a website containing a copy of the long-form notice, which included class definition, case information and contact information for class counsel).

[8] As part of their notice procedures, Epiq will perform a skip trace on all addresses provided by defendants to ensure that notice is sent to the most recent addresses available based on public records.

of Class Action Notices." *Compare* Ex. 1, *with* www.fjc.gov/ ("Class Actions Notices Page"). The Long-Form Notice also contains a straight-forward "frequently asked questions" model to address the most commonly expected concerns of absent Class Members, such as basic information about the case, the claims in the lawsuit, who is in the class, and the rights and options of Class Members. *See* Ex. 1.

Each of these Notices is designed to provide the target audience with the most relevant information in the clearest format following best practices in the industry and complying with all case law. Accordingly, the content of the Notices is appropriate.

### B. Sending Out One Notice Will Minimize Confusion and Cost

Plaintiffs anticipate that defendants may object to one notice going out for both related class actions. The Court should reject any such argument, as it was clearly made for dilatory purposes and defendants have not provided a rational basis for their objection. In any event, Class Counsel believe that sending out one notice for both *Cohen* and *Makaeff* is the most efficient, least confusing, and more cost effective way for them to communicate to their client Class Members concerning the pendency of the class actions, particularly given the overlap of Class Members in the two actions.

It will undoubtedly be less confusing to the Class Members to receive one notice rather than multiple notices. *See, e.g.*, *In re Fedex Ground Package Sys.*, No. 3:05-MD-527 RM (MDL 1700), 2008 U.S. Dist. LEXIS 28010, at *8-*9 (N.D. Ind. Apr. 4, 2008) (rejecting plaintiffs' proposal to send two separate notices, one to a state class and one to a nationwide class, as sending two notices would be confusing to absent Class Members).

On the other hand, if multiple notices were to go out, there is a high likelihood that Class Members will become confused, given that Class Members in California, Florida and New York are potentially members of both the *Cohen* and *Makaeff* Classes. And for those Class Members who hail from other states, many are aware of the pendency of both actions. Mentioning one, but not the other class action, and doing so in separate notices, may lead to questions about what a specific Class

1  Member's rights are with respect to the other case; raise questions about whether
2  Class Members have to respond to both notices or just one; and result in additional
3  phone calls and emails from confused and concerned Class Members to the Notice
4  Administrator and Class Counsel, at greater expense and burden to plaintiffs and Class
5  Counsel.  Additionally, if absent Class Members receive two notices that are nearly
6  identical (which would likely be the case, as both *Cohen* and *Makaeff* involve the
7  same set of defendants, the same Class Counsel, nearly identical facts, and
8  overlapping Class Members), there is a strong possibility many absent Class Members
9  may ignore one notice or the other as a duplicate.  Finally, there can be no doubt that
10 separate notices will increase the costs exponentially.  For example, the cost of
11 publication notice in the *USA Today* would increase by over $10,000, and the costs of
12 the additional mailers and hosting informational toll-free numbers and websites would
13 also increase substantially for no good reason.  *See* Jensen Decl., ¶12.

   In the end, providing more information by way of one consolidated Class
14
15 Notice will afford a parity of information to the Class Members and minimize costs.

16 **IV.   THE PROPOSED PROCEDURE FOR CLASS NOTICE IS
         APPROPRIATE**
17
   Plaintiffs' proposed class notice procedure is more than adequate. There are no
18
   "rigid rules" that apply when determining the adequacy of notice in a class action.
19
   Rather, a court should apply a "'reasonableness'" standard in measuring the adequacy
20
   of notice in a class action under either the Due Process Clause or the Federal Rules of
21
   Civil Procedure.  *Carr v. Tadin, Inc.*, No. 12-CV-3040 JLS (JMA), 2014 U.S. Dist.
22
   LEXIS 179835, at *20 (S.D. Cal. Apr. 18, 2014) (citing *Grunin v. Int'l House of*
23
   *Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975)).  In the Ninth Circuit, there is no
24
   requirement that notice be perfect.  *See In re TD Ameritrade Account Holder Litig.*,
25
   Nos. C07-2852 SBA, C 07-4903 SBA, 2011 U.S. Dist. LEXIS 103222, at *28 (N.D.
26
   Cal. Sept. 13, 2011).  Rather, Rule 23 requires only the "'best notice practicable under
27
   the circumstances'" directed "'in a reasonable manner to all members who would be
28

1 bound.'" *Id.*; *see also* Fed. R. Civ. P. 23(c)(2)(B); Fed. R. Civ. P. 23(e)(1)(B). Notice programs such as the one proposed by plaintiffs have been approved under the Due Process Clause and Fed. R. Civ. P. 23 in a multitude of class actions. *See, e.g.*, *Wright v Linkus Enters.*, 259 F.R.D. 468, 475 (E.D. Cal. 2009) (approving class notice where it "includes information about the nature of the litigation, the scope of the class involved, and claims against Defendants"); *In re U.S. Fin. Sec. Litig.*, 69 F.R.D. 24, 46-47 (S.D. Cal. 1975) (approving notice program consisting of notice by publication as the best practicable method).

Here, plaintiffs have obtained records from defendants for purchasers of Trump University programs with their contact information at that time. Further, plaintiffs have retained a qualified and experienced Notice Administrator, Epiq, who will assist in pursuing every reasonable avenue for ensuring that potential Class Members receive direct notice by mail and publication notice in the *USA Today*. *See* Jensen Decl., Ex. 5 (curriculum vitae of Hilsoft Notifications, the class notification business unit of Epiq). This will reach virtually all potential Class Members and constitutes the best notice practicable under the circumstances. Working with the Notice Administrator, Class Counsel is also creating a website for Class Members that includes the Long-Form Notice, information about the cases, and answers to frequently-asked questions. *See Hunt v. Check Recovery Sys., Inc.*, No. C05-04993 MJJ, 2007 U.S. Dist. LEXIS 58800, at *10 (N.D. Cal. Aug. 1, 2007) (delivery by first class mail can satisfy the best notice practicable when there is no indication that any of the Class Members cannot be identified by reasonable efforts); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 493 (E.D. Cal. 2006) (finding "first class mail, . . . combined with posting . . . provides the 'best notice practicable' to the potential class"); *Larsen v. Trader Joe's Co.*, No. 11-cv-05188-WHO, 2014 U.S. Dist. LEXIS 95538, at *37 (N.D. Cal. July 11, 2014) (finding that distribution of short form notice and long form notice, establishment of toll-free telephone number and creation

of settlement website constituted "the best practicable notice" under the circumstances).

Specifically, plaintiffs propose that the Court issue an order:

1. Approving the proposed Class Notices substantially in the forms attached as Exhibits 1, 2 and 3 to the Jensen Declaration.

2. Approving the designation of Epiq as "Notice Administrator" to supervise and carry out the notice procedure.

3. Directing the Notice Administrator to compile a list of names and addresses of purchasers of "Trump University" programs as they appear in defendants' records, and directing defendants to cooperate in ensuring the list of potential Class Members is as complete and accurate as possible.

4. Directing the Notice Administrator to establish and monitor a website (www.trumpuniversitylitigation.com), making available copies of the Long-Form Notice, this Court's class certification orders, an address for mailing requests for exclusion or providing contact or age information, and other helpful information.

5. Directing the Notice Administrator to establish a toll-free telephone number, (866) 841-7311, where Class Members may call for additional information.

6. Ordering the Notice Administrator to send through U.S. first-class mail, within ten (10) days of the Order (the "Notice Date"), the Mailed Notice, substantially in the form attached as Exhibit 2 to the Jensen Declaration to each purchaser identified on the list informing them of both class actions. Among other things, the Mailed Notice shall provide a website, address and phone number, information how Class Members can obtain a Long-Form Notice (substantially in the form attached as Exhibit 1 to the Jensen Declaration), which includes: (i) more detail about the litigation and answers to frequently-asked questions; (ii) an address for sending requests for exclusion from one or both of the Classes; and (iii) information as to how Class Members can update their information and senior citizens to indicate they may be members of an elder financial abuse subclass.

7. Ordering the Notice Administrator to publish on one occasion in the national edition of *USA Today* the Summary Notice, substantially in the form attached as Exhibit 3 to the Jensen Declaration, not later than ten (10) days after the Notice Date, which will give those who did not receive the notice by mail an opportunity to request it and to protect any rights they may have.

8. Ordering that the deadline for exclusion from the Class shall be forty-five (45) days after the Notice Date ("Opt-Out Deadline"), and ordering that any Class Member who does not send a completed, signed request for exclusion to the Notice Administrator post-marked on or before the Opt-Out Deadline will be deemed to be a Member of the Class for all purposes and bound by all further orders and judgments of the Court, and ordering that all opt outs shall not be so bound, but also barred from sharing in any recovery.

9. Ordering the Notice Administrator to provide Class Counsel and counsel for defendants with a list of all timely requests for exclusion within seven (7) business days after the Opt-Out Deadline, and directing Class Counsel to file such list with the Court within three (3) days thereafter.

## V. CONCLUSION

Plaintiffs' proposed notice provides all the essential information to Class Members concisely and in plain language so that Class Members may decide whether to remain as part of one or more Classes or opt out before trial, with minimal

confusion and expense.  Further, the proposed notice procedures assure that virtually every potential Class Member will receive notice of this litigation.  Accordingly, plaintiffs respectfully request that this Court approve their plan for class notice.

DATED: February 20, 2015

Respectfully submitted,

ROBBINS GELLER RUDMAN
   & DOWD LLP
JASON A. FORGE
RACHEL L. JENSEN

s/ Rachel L. Jensen
RACHEL L. JENSEN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
   & DOWD LLP
DANIEL J. PFEFFERBAUM
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

ROBBINS GELLER RUDMAN
   & DOWD LLP
MAUREEN E. MUELLER
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK
HELEN I. ZELDES
ALREEN HAEGGQUIST
AARON M. OLSEN
625 Broadway, Suite 1000
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Class Counsel

1008282_1

- 12 -

3:10-cv-0940-GPC(WVG),
3:13-cv-02519-GPC-WVG

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2015, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 20, 2015.

      s/ Rachel L. Jensen
      RACHEL L. JENSEN

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:    rachelj@rgrdlaw.com

# Mailing Information for a Case 3:10-cv-00940-GPC-WVG Makaeff v. Trump University, LLC et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com,robyns@zhlaw.com

- **Jason A Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jeffrey L. Goldman**
  jgoldman@bbwg.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,llendzion@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jill Ann Martin**
  jmartin@trumpnational.com,lvincent@trumpnational.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Benjamin James Morris**
  bmorris@foley.com,vgoldsmith@foley.com

- **Maureen E. Mueller**
  mmueller@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Aaron M. Olsen**
  aarono@zhlaw.com,winkyc@zhlaw.com

- **Daniel Jacob Pfefferbaum**
  dpfefferbaum@rgrdlaw.com

- **Nancy L. Stagg**
  nstagg@foley.com,smoreno@foley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`

# Mailing Information for a Case 3:13-cv-02519-GPC-WVG Cohen v. Trump

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com,robyns@zhlaw.com

- **Jason A Forge**
  jforge@rgrdlaw.com,llendzion@rgrdlaw.com,tholindrake@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jill Ann Martin**
  jmartin@trumpnational.com,lvincent@trumpnational.com

- **Benjamin James Morris**
  bmorris@foley.com,vgoldsmith@foley.com

- **Maureen E. Mueller**
  mmueller@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Aaron M. Olsen**
  aarono@zhlaw.com,winkyc@zhlaw.com

- **Daniel Jacob Pfefferbaum**
  dpfefferbaum@rgrdlaw.com

- **Nancy L. Stagg**
  nstagg@foley.com,smoreno@foley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`