NANCY L. STAGG CA Bar No. 157034
   nstagg@foley.com
BENJAMIN J. MORRIS CA BAR No. 260148
   bmorris@foley.com
**FOLEY & LARDNER LLP**
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130-3302
TELEPHONE:   858.847.6700
FACSIMILE:   858.792.6773

JILL A. MARTIN CA Bar No. 245626
   jmartin@trumpnational.com
C/O **TRUMP NATIONAL GOLF CLUB LOS ANGELES**
ONE TRUMP NATION DRIVE
RANCHO PALOS VERDES, CA 90275
TELEPHONE:   310.303.3225
FACSIMILE:   310.265.5522

Attorneys for Defendants Trump University, LLC
and Donald J. Trump

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TARLA MAKAEFF, SONNY LOW, J.R. EVERETT, AND JOHN BROWN, on behalf of themselves and all others similarly situated, ED OBERKROM, and BRANDON KELLER, individually,<br><br>    Plaintiffs,<br><br>    v.<br><br>TRUMP UNIVERSITY, LLC (aka Trump Entrepreneur Initiative), a New York Limited Liability Company, DONALD J. TRUMP, and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 10-cv-00940 GPC (WVG)<br><br>**<u>CLASS ACTION</u>**<br><br>**EVIDENTIARY OBJECTIONS TO PLAINTIFFS' OPPOSITION TO TRUMP UNIVERSITY, LLC, AND DONALD J. TRUMP'S MOTIONS FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>**DATE:**   April 3, 2015<br>**TIME:**   1:30 p.m.<br>**CRTM:**   2D (2nd Floor – Schwartz)<br><br>**JUDGE:**   Hon. Gonzalo P. Curiel |

1  Defendants Trump University, LLC, and Donald J. Trump, hereby jointly make the
2 following evidentiary objections to Plaintiffs' Opposition to Defendants' respective
3 Motions for Summary Judgment, or in the Alternative, Partial Summary Judgment.

**1. <u>Sexton New York Attorney General Examination</u>**

**Source:** Ex. 15 to the Declaration of Rachel L. Jensen

**Location:**  Fact Nos. 3, 6, and any instance of incorporation by reference
New Fact Nos. 9, 11

**Evidentiary Objection(s):**  Failure to satisfy Fed. R. Civ. P. 32(a)(8)
Failure to satisfy Fed. R. Evid. 804(b)(1)

**Basis:**  Rule 32(a)(8) of the Federal Rule of Civil Procedure states, "A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter *between the same parties*, or their representatives or successors in interest, to the same extent as if taken in the later action.  A deposition previously taken may also be used as allowed by the Federal Rules of Evidence."  (emphasis added.)  Here, Exhibit 15 is a deposition taken by the New York State Attorney General's Office, and therefore is not a deposition in a prior proceeding "between the same parties" as Rule 32(a)(8) requires.  *See, e.g.*, *Ameranth, Inc. v. Genesis Gaming Solutions, Inc.*, 2014 U.S. Dist. LEXIS 175600 (C.D. Cal. 2014) (noting that prior deposition testimony was improper in part under Rule 32 because it did not involve the same subject matter between the same parties); *Knudsen v. City of Tacoma*, 2008 U.S. Dist. LEXIS 11842 (W.D. Wash. 2008) (refusing admission of prior deposition testimony in part because parties were not the same as the prior litigation).

In addition, Rule 804(b)(1) of the Federal Rules of Evidence permits an exception to the hearsay rule only if the prior testimony was (1) given at a lawful deposition, and (2) is being used against a party who had an opportunity and similar motive to develop the testimony through direct, cross-, or redirect examination.  Here, Exhibit 15 purports to be a deposition taken by the New York State Attorney General's Office, prior to the initiation of any action by the Attorney General against Defendants and neither

1  Defendant had an opportunity and similar motive to develop the testimony through direct,
2  cross or redirect examination because the investigation was conducted by the Attorney
3  General's Office in a pre-suit investigation, not by a private litigating party in a pending
4  civil action with a Complaint already on file.  Moreover, the Attorney General's
5  examination focused primarily on New York state law.  Therefore, neither Defendant
6  would have had the opportunity or the motive to develop testimony related to the present
7  lawsuit, which involves multiple state law claims, including California and Florida.  *See,*
8  *e.g.*, *Ameranth*, *supra* (noting that prior deposition testimony was improper in part
9  because the prior deposition involved non-patent claims whereas the second litigation
10 involved patent issues so the party against whom testimony was offered did not have
11 motive to develop patent issues); *Knudsen*, *supra* (refusing admission of prior deposition
12 testimony in part because parties did not have a similar opportunity or motive to develop
13 testimony relevant to second lawsuit's issues).[1]

15 **Court Ruling:**           _____ **Sustained**           _____ **Overruled**

17 DATED:  March 13, 2015                **FOLEY & LARDNER LLP**
                                         NANCY L. STAGG
18                                       BENJAMIN J. MORRIS

                                         By:  *s/ Nancy L. Stagg*
20                                            NANCY L. STAGG
                                              Attorneys for Defendants Trump
21                                            University, LLC and Donald J. Trump
                                              nstagg@foley.com

---

[1] In addition, upon information and belief, it appears from what was produced by Plaintiffs in discovery that only parts of that examination are publicly available.  Thus, Exhibit 15 also lacks foundation, completeness, and authenticity because neither party nor the Court is able to view the entire deposition testimony.

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 13, 2015 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

*s/ Nancy L. Stagg*
Nancy L. Stagg