ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON A. FORGE (181542)
jforge@rgrdlaw.com
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
HELEN I. ZELDES (220051)
helenz@zhlaw.com
ALREEN HAEGGQUIST (221858)
alreenh@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
625 Broadway, Suite 1000
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Class Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>                          Plaintiffs,<br><br>     vs.<br><br>TRUMP UNIVERSITY, LLC, et al.,<br><br>                          Defendants. | No. 3:10-cv-0940-GPC(WVG)<br><br>CLASS ACTION<br><br>PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT<br><br>DATE:      April 3, 2015<br>TIME:      1:30 p.m.<br>CTRM:    2D (Schwartz)<br>JUDGE:   Hon. Gonzalo P. Curiel |

1015452_1

Plaintiffs hereby submit the following response to Defendants Trump University, LLC's ("Trump University") and Donald J. Trump's ("Trump") (collectively, "defendants") Evidentiary Objections to Plaintiffs' Opposition to Defendants' Motions for Summary Judgment or, in the Alternative, Partial Summary Judgment. *See* Dkt. No. 392. Of the more than 100 exhibits cited in support of plaintiffs' opposition papers, defendants object to only one: Exhibit 15.[1] That Exhibit contains excerpts from the sworn deposition of Michael Sexton ("Sexton"), in which Sexton testified as part of the New York State Attorney General's investigation into Trump University (the "New York AG Action"). For the following reasons, defendants' evidentiary objections are unfounded and should be overruled.

Under well-settled Ninth Circuit precedent, "'[t]o survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.'"[2] *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003).[3] At the summary judgment stage, the focus is not "on the admissibility of the evidence's form," but instead the "focus [is] on the admissibility of its contents." *Id.* at 1036; *see also Fed. Deposit Ins. Corp. v. N.H. Ins. Co.*, 953 F.2d 478, 485 (9th Cir. 1991) ("the nonmoving party need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment"); *Fonseca v. Sysco Food*

---

[1] Additionally, defendants did not object or otherwise respond to any of the facts set forth in Plaintiffs' Statement of Additional Material Facts that Further Preclude Summary Judgment. *See* Dkt. No. 387-1 at 33-39. As defendants have "fail[ed] to properly address [plaintiffs'] assertion of fact as required by 56(c)," the Court should consider the facts undisputed. *See* Fed. R. Civ. P. 56(e)(2). Plaintiffs respectfully submit that this evidence alone precludes summary judgment.

[2] Defendants do not object to Exhibit 15 on authenticity grounds or for lack of personal knowledge. Any subsequent attempt to object on these grounds should be deemed waived. *See, e.g.*, *Scharf v. United States Attorney Gen.*, 597 F.2d 1240, 1243 (9th Cir. 1979) ("formal defects are waived absent a motion to strike or other objection" and "courts generally are much more lenient with the affidavits of a party opposing a summary judgment motion").

[3] Here, and throughout, emphasis is added and citations and quotation marks are omitted, unless otherwise noted.

*Servs. of Ariz., Inc.*, 374 F.3d 840, 846 (9th Cir. 2004) ("Even the declarations that do contain hearsay are admissible for summary judgment purposes because they 'could be presented in an admissible form at trial.'"). "In other words, when evidence is not presented in an admissible form in the context of a motion for summary judgment, ***but it may be presented in an admissible form at trial***, a court may still consider that evidence." *Burch v. Regents of the Univ. of Cal.*, 433 F. Supp. 2d 1110, 1120 (E.D. Cal. 2006) (emphasis in original).

Plaintiffs' Exhibit 15 contains Sexton's sworn testimony in the New York AG Action regarding Trump's utter lack of involvement in the selection of the Live Event instructors and in Trump University's Live Events curriculum. The facts about which Sexton testified "could be admitted into evidence at trial in a variety of ways." *Fraser*, 342 F.3d at 1037 (holding that the contents of plaintiff's diary may be considered at the summary judgment stage because the diary's contents could be presented in an admissible form at trial). Sexton may personally appear at trial and testify about the same facts, based on his personal knowledge, without committing perjury. *See* Fed. R. Evid. 602. In that case, his testimony could be used substantively, as it would not be hearsay. Alternatively, Sexton could appear, recant his sworn deposition testimony from the New York AG Action, and the testimony would then be admissible as nonhearsay. *See* Fed. R. Evid. 801(d)(1)(A) (providing that a witness's prior inconsistent statement is not hearsay if the declarant testifies at trial, is subject to cross-examination, and the prior inconsistent statement was given under penalty of perjury). Even if Sexton refuses to appear at trial, his deposition has already been scheduled in the related *Cohen v. Trump*, No. 3:13-cv-2519-GPC(WVG) action, so one of these two scenarios will play out then, and the *Cohen* deposition testimony will be admissible in this action, as Judge Gallo has recently observed. *See* Fed. R. Evid. 804(b)(1). As Rule 56 "requires only that evidence '***would*** be admissible,' not that it presently ***be*** admissible," defendants' objections should be overruled. *Burch*, 433 F. Supp. 2d at 1120 (emphasis in original).

1    Defendants' objection to Exhibit 15 based on "failure to satisfy Fed. R. Civ. P.
2 32(a)(8)" (Dkt. No. 392 at 1) also fails, as the Ninth Circuit has held that "[s]worn
3 deposition testimony may be used by or against a party on summary judgment
4 regardless of whether the testimony was taken in a separate proceeding."[4] *Gulf USA*
5 *Corp.*, 259 F.3d at 1056. "Such testimony is considered to be an affidavit pursuant to
6 Federal Rule of Civil Procedure 56(c), and may be used against a party on summary
7 judgment as long as the proffered depositions were made on personal knowledge and
8 set forth facts that were admissible in evidence." *Id.*; *see also Sunset Bay Assocs.*, 944
9 F.2d 1503 (allowing consideration of unsigned, but sworn, deposition testimony on a
10 summary judgment motion); *Hoover*, 663 F.2d at 966-67 (allowing deposition
11 testimony that had not been subject to cross-examination by the party opposing its
12 introduction, as such testimony could be considered as an affidavit under Rule 56).
13 Sexton's sworn deposition testimony was based on his own personal knowledge and
14 sets forth facts that will be admissible, as discussed above. Indeed, defendants do not
15 contend otherwise. Their objections on Rule 32(a)(8) grounds should be overruled.
16 *See, e.g.*, *Andrews Farms v. Calcot, Ltd.*, 693 F. Supp. 2d 1154, 1161 (E.D. Cal. 2010)
17 (overruling Rule 32(a)(8) objection to deposition testimony from an unrelated action
18 and considering the testimony on a motion for summary judgment, as "an interview
19 given under penalty of perjury may . . . be considered in ruling on a motion for
20 summary judgment . . . even though Rule 32(a) prevents its use as a formal

---

[4] The cases defendants cite are inapposite. *Knudsen v. City of Tacoma*, No. C04-5850BHS, 2008 U.S. Dist. LEXIS 11842 (W.D. Wash. Jan. 15, 2008), addressed the admissibility of deposition testimony in the context of a motion *in limine* to exclude the testimony from trial, not on a summary judgment motion, where "the nonmoving party need not produce evidence in a form that would be admissible at trial." *Fed. Deposit Ins. Corp.*, 953 F.2d at 485. Defendants' reliance on *Ameranth, Inc. v. Genesis Gaming Solutions, Inc.*, No. SACV 11-00189, 2014 U.S. Dist. LEXIS 175600 (C.D. Cal. Nov. 12, 2014), is also misguided, as that case goes against the weight of Ninth Circuit authority allowing courts to consider deposition testimony as an affidavit under Rule 56 for purposes of summary judgment. *See, e.g.*, *In re Sunset Bay Assocs.*, 944 F.2d 1503 (9th Cir. 1991); *Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 966-67 (9th Cir. 1981); *Gulf USA Corp. v. Fed. Ins. Co.*, 259 F.3d 1049, 1056 (9th Cir. 2001).

deposition"); *Morgal v. Arpaio*, No. CV 07-0670-PHX-RCB, 2012 U.S. Dist. LEXIS 158272, at *14-*15 (D. Ariz. Nov. 5, 2012) (same).

In sum, defendants' evidentiary objections to Exhibit 15 ignore the well-established principle that a party opposing summary judgment need not produce evidence in a form that would be admissible at trial, and are contrary to controlling Ninth Circuit authority allowing consideration of deposition testimony – even from an unrelated proceeding – at summary judgment. Defendants' evidentiary objections should be overruled.

DATED: March 23, 2015

ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON A. FORGE
RACHEL L. JENSEN

s/ Rachel L. Jensen
RACHEL L. JENSEN

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL J. PFEFFERBAUM
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
MAUREEN E. MUELLER
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

| | |
|---|---|
| 1 | |
| 2 | ZELDES HAEGGQUIST & ECK, LLP<br>AMBER L. ECK<br>HELEN I. ZELDES<br>ALREEN HAEGGQUIST<br>AARON M. OLSEN<br>625 Broadway, Suite 1000<br>San Diego, CA 92101<br>Telephone: 619/342-8000<br>619/342-7878 (fax) |

Class Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2015, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 23, 2015.

s/ Rachel L. Jensen
RACHEL L. JENSEN

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:    rachelj@rgrdlaw.com

1015452_1

3:10-cv-0940-GPC(WVG)

# Mailing Information for a Case 3:10-cv-00940-GPC-WVG Makaeff v. Trump University, LLC et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com,robyns@zhlaw.com

- **Jason A Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jeffrey L. Goldman**
  jgoldman@bbwg.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,llendzion@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jill Ann Martin**
  jmartin@trumpnational.com,lvincent@trumpnational.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Benjamin James Morris**
  bmorris@foley.com,vgoldsmith@foley.com

- **Maureen E. Mueller**
  mmueller@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Aaron M. Olsen**
  aarono@zhlaw.com,winkyc@zhlaw.com

- **Daniel Jacob Pfefferbaum**
  dpfefferbaum@rgrdlaw.com

- **Nancy L. Stagg**
  nstagg@foley.com,smoreno@foley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)