ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON A. FORGE (181542)
jforge@rgrdlaw.com
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
HELEN I. ZELDES (220051)
helenz@zhlaw.com
ALREEN HAEGGQUIST (221858)
alreenh@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
625 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

Class Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> TRUMP UNIVERSITY, LLC, et al., <br><br> Defendants. | No. 3:10-cv-0940-GPC(WVG) <br><br> <u>CLASS ACTION</u> <br><br> PLAINTIFFS' RESPONSE TO DEFENDANTS' *EX PARTE* MOTION TO DELAY ISSUANCE OF ANY RULINGS ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT OR ADJUDICATION <br><br> DATE: *Ex Parte* <br> TIME: *Ex Parte* <br> CTRM: 2D (Schwartz) <br> JUDGE Hon. Gonzalo P. Curiel |

## I.    INTRODUCTION

Defendants' *ex parte* motion inexplicably seeks to move forward with the hearing on their motions for summary judgment ("MSJs"), while precluding the Court from ruling on those motions.  As plaintiffs' counsel explained to defense counsel (an explanation defendants' motion omits), defendants' unprecedented request is: (1) unjustified because defendants' MSJs are limited to the named plaintiffs; and (2) would unnecessarily complicate the upcoming hearing and the impending class notice process.  Defendants' motion also omits critical facts from the chronology of the certifications of the Classes in this case and the related *Cohen v. Trump*, No. 3:13-cv-02519-GPC(WVG) case.

Defendants' omission of plainly relevant information forces plaintiffs to respond and forces the Court to consider two sets of papers.  It is apparent that defendants omitted the explanation for plaintiffs' position because it is so much more sensible than defendants' proposal, which insists that the Court hear their MSJs in one week, yet commit not to decide them for months.  Plaintiffs respectfully request that the Court either: (1) determine that defendants' MSJs are limited to the named plaintiffs and proceed with the scheduled hearing without artificially delaying the Court's rulings; or (2)  postpone the hearing so that the MSJs are heard when the Court is free to rule on them.

## II.    ARGUMENT

### A.    Defendants' MSJs Are Limited to Named Plaintiffs

Defendants' motion is unjustified because it is based on the false premise that defendants have moved for summary judgment against unnamed class members. They have not, as demonstrated by the MSJ briefs themselves and defendants' concurrently filed statement of (purportedly) undisputed facts – all of which are expressly directed at only individually named plaintiffs. *See, e.g.*, Dkt. No. 375-1 at i-ii (Table of Contents for Trump's Motion for Summary Judgment ("B.  Summary Judgment Is Appropriate Against The California Subclass Representatives"; "C.

"Summary Judgment Is Appropriate [Against] Plaintiff Everett"; "D. Summary Judgment Is Appropriate Against The New York Gen. Bus. Law § 349 Subclass Representative's Claim")).

As explained in plaintiffs' opposition to defendants' MSJs, the Court's rulings on defendants' motions, brought against only the named plaintiffs, will *not* affect other unnamed class members. *See, e.g.*, *Nat'l Fed'n of the Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1204 (N.D. Cal. 2007) (granting defendant's motion for summary judgment on the named plaintiff's claim, but allowing substitution of another plaintiff); *Edwards v. Angeles Abbey Mem'l Park*, No. CV 09-02441 DDP (RCx), 2009 U.S. Dist. LEXIS 61996, at *4 (C.D. Cal. July 2, 2009) (granting leave to substitute new class representatives after granting defendants' motion for summary judgment as to class representatives and finding as "not well-taken" defendants' argument that the entire lawsuit should be dismissed); *McAnaney v. Astoria Fin. Corp.*, No 04-CV-1101 (JFB) (WDW), 2007 U.S. Dist. LEXIS 67552, at *51-*53 (E.D.N.Y. Sept. 12, 2007) (allowing for substitution or intervention of a new class representative after defendants' motion for summary judgment was granted on the named plaintiffs' claims); Dkt. No. 386 at 13-14. Defendants' MSJ reply briefs fail to cite a single case contrary those cited in plaintiffs' opposition. Dkt. No. 391 at 8 (attempting to distinguish three of the cases plaintiffs cited, but offering no cases supporting defendants' position); Dkt. No. 390 at 12-13 (same). Because defendants' MSJs are limited to the named plaintiffs, there is no justification to postpone rulings on them until after expiration of the opt-out period for unaffected class members.

**B. Defendants' Proposal Would Create Unnecessary Complications**

**1. The Court's Hearing on Defendants' MSJs Should Be Unimpeded**

As explained above, one-way intervention is not a concern here because defendants' MSJs are limited to the named plaintiffs. If, for the sake of argument, one entertains defendants' unsubstantiated contrary position, how does that affect the

Court's handling of the hearing on defendants' MSJs? Will defendants *allow* the Court to announce tentative rulings? Will defendants *permit* the Court to express concerns about either side's arguments? At what point will defendants accuse the Court of violating the one-way-intervention rule by revealing too much about the Court's impressions of the briefing? Are the parties just going to recapitulate their written arguments without any interaction with, or guidance from, the Court? As these rhetorical questions demonstrate, there is simply no point in holding a hearing at a time when the Court is precluded from ruling because – though plaintiffs disagree that the Court should be precluded from ruling – if one accepts that premise (or its potential viability), nothing good can come from a hearing at this time.

### 2. Defendants' Proposal Would Also Complicate the Opt-Out Process

Continuing down the wayward path of defendants' false premise that their MSJs extend to unnamed class members, their proposal would also unnecessarily complicate class counsel's disclosure obligations to their clients (the unnamed class members). *See, e.g.*, *Kleiner v. First Nat'l Bank*, 751 F.2d 1193, 1207 n.28 (11th Cir. 1985) (finding that "[a]t a minimum, class counsel represents all class members as soon as a class is certified . . . if not sooner") (citing *Van Gemert v. Boeing Co.*, 590 F.2d 433, 440 n.15 (2d Cir. 1978) (internal citations omitted), *aff'd*, 444 U.S. 472 (1980)). Again, assuming defendants' false premise, defendants' proposal would create a dilemma for class counsel and their clients because there would be a hearing on potentially dispositive motions, the Court would ask questions and make comments, then a class notice would be mailed out, and the potential class members would have to decide whether to opt out of the Class. What if the Court makes comments at the hearing on defendants' MSJs that could be interpreted negatively for plaintiffs? Would the class notice be complete if it failed to apprise unnamed class members of those comments? Would class counsel be obligated to contact all of their clients and share counsel's mental impressions as to what occurred at the hearing on

defendants' MSJs? These vexing questions would only arise if the Court adopts defendants' unprecedented and unwarranted proposal.

Defendants fail to cite a single case embracing this notion of holding a hearing at a time when the Court is precluded from ruling. Nor do defendants identify a single downside to the Court *deciding* the scope of defendants' MSJs right now. If the Court agrees with plaintiffs that defendants' MSJs are limited to the named plaintiffs, even defendants would have to concede that there is no reason to postpone the *rulings* on the MSJs themselves. If, on the other hand, the Court determines that defendants' MSJs potentially extend to unnamed class members, then the hearing on those motions could simply be postponed until after the opt-out period has closed, so the Court hears them at a time when it is free to decide them. Nor do defendants identify a single downside to the Court simply postponing the hearing on defendants' MSJs altogether until after the opt-out period has closed, so the Court would hear those motions at a time when defendants would be amenable to the Court deciding them. In sum, there are obvious downsides to defendants' requested relief, yet none to any of the foregoing alternatives.

### C. Plaintiffs Were Prudent, Not Dilatory

Plaintiffs and their counsel acted in the best interest of the Classes by refraining from inviting confusion and taxing class members with the expense of issuing and processing multiple sets of thousands of notices until after resolution of defendants' 23(f) petition in this case, the motion for class certification in the related *Cohen* case, and Trump's 23(f) petition in the *Cohen* case. Defendants' empty rhetoric about plaintiffs' supposed "lack of diligence" (Dkt. No. 401 at 2), is belied by the undeniable (though omitted) fact that plaintiffs filed their motions for approval of class notice in this case (Dkt. No. 381) and in the *Cohen* case (*Cohen* Dkt. No. 61) less than three weeks after the Ninth Circuit rejected Trump's 23(f) petition in *Cohen* (*Cohen* Dkt. No. 59), which concluded nearly a year of Trump's failed fight against class certification in the two cases. By exercising restraint, plaintiffs are now in a

position to complete class notice through a single process with no lingering uncertainties. Defendants' criticism of plaintiffs' prudence is as inappropriate as it is incomplete.

### D. All Dates Should Be Vacated if the Court Postpones the Hearing and/or Its Rulings

When the parties conferred in advance about defendants' *ex parte* motion, the one point on which they agreed was that, if the Court was to delay its ruling on defendants' MSJs until after the expiration of the opt-out period (for whatever reason), the Court should vacate all other pre-trial dates until after its ruling.

## III. CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that the Court deny defendants' *ex parte* motion and either: (1) determine that defendants' MSJs are limited to the named plaintiffs and proceed with the scheduled hearing without artificially delaying the Court's rulings; or (2) postpone the hearing on defendants' MSJs so they are heard when the Court is free to rule on them. In the event that the Court postpones the hearing on defendants' MSJs, plaintiffs respectfully request that the Court vacate all other pre-trial dates.

DATED: March 27, 2015

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
JASON A. FORGE
RACHEL L. JENSEN


s/ Jason A. Forge
JASON A. FORGE

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL J. PFEFFERBAUM
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
MAUREEN E. MUELLER
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK
HELEN I. ZELDES
ALREEN HAEGGQUIST
AARON M. OLSEN
625 Broadway, Suite 1000
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Class Counsel

CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2015, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 27, 2015.

s/ Jason A. Forge
JASON A. FORGE

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:    jforge@rgrdlaw.com

# Mailing Information for a Case 3:10-cv-00940-GPC-WVG Makaeff v. Trump University, LLC et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com,robyns@zhlaw.com

- **Jason A Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jeffrey L. Goldman**
  jgoldman@bbwg.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,llendzion@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jill Ann Martin**
  jmartin@trumpnational.com,lvincent@trumpnational.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Benjamin James Morris**
  bmorris@foley.com,vgoldsmith@foley.com

- **Maureen E. Mueller**
  mmueller@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Aaron M. Olsen**
  aarono@zhlaw.com,winkyc@zhlaw.com

- **Daniel Jacob Pfefferbaum**
  dpfefferbaum@rgrdlaw.com

- **Nancy L. Stagg**
  nstagg@foley.com,smoreno@foley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)