NANCY L. STAGG CA Bar No. 157034
  nstagg@foley.com
BENJAMIN J. MORRIS CA BAR No. 260148
  bmorris@foley.com
**FOLEY & LARDNER LLP**
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130-3302
TELEPHONE:   858.847.6700
FACSIMILE:    858.792.6773

JILL A. MARTIN CA Bar No. 245626
  jmartin@trumpnational.com
C/O **TRUMP NATIONAL GOLF CLUB LOS ANGELES**
ONE TRUMP NATION DRIVE
RANCHO PALOS VERDES, CA 90275
TELEPHONE:   310.303.3225
FACSIMILE:    310.265.5522

Attorneys for Defendants Trump University, LLC
and Donald J. Trump

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TARLA MAKAEFF, SONNY LOW, J.R. EVERETT, AND JOHN BROWN, on behalf of themselves and all others similarly situated, ED OBERKROM, and BRANDON KELLER, individually,<br><br>Plaintiffs,<br><br>v.<br><br>TRUMP UNIVERSITY, LLC (aka Trump Entrepreneur Initiative), a New York Limited Liability Company, DONALD J. TRUMP, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case Nos. 10-cv-00940 GPC (WVG)<br>13-cv-02519 GPC (WVG)<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR APPROVAL OF CLASS NOTICE AND DIRECTING CLASS NOTICE PROCEDURES** |
| ART COHEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>Defendant. | **DATE:** May 22, 2015<br>**TIME:** 1:30 p.m.<br>**CTRM:** 2D (2ND Floor – Schwartz)<br>**JUDGE:** Hon. Gonzalo P. Curiel |

4829-7691-6770.3

# TABLE OF CONTENTS

**Page**

I. SUMMARY OF REASONS PLAINTIFFS' PROPOSED CLASS NOTICE PROCEDURES ARE INADEQUATE ................................................................... 1

II. IT IS ONLY PLAINTIFFS' DELAY IN PROVIDING TIMELY CLASS NOTICE IN *MAKAEFF* THAT CREATED THIS ISSUE ..................................... 2

III. PLAINTIFFS' ARGUMENT THAT A SINGLE NOTICE IS WARRANTED IS BASED SOLELY ON SPECULATION ............................... 3

IV. SPECIFIC OBJECTIONS TO PROPOSED PROCEDURE AND CLASS NOTICE FORMS ..................................................................................................... 4

V. CONCLUSION ............................................................................................... 6

## I.  SUMMARY OF REASONS PLAINTIFFS' PROPOSED CLASS NOTICE PROCEDURES ARE INADEQUATE

Defendants object to a single form of class notice that covers both the *Makaeff* and *Cohen* actions.[1] A fundamental tenet of class notice is that it should be as clear and straightforward as possible and "must clearly and concisely state in plain, easily understandable language" the elements identified in Fed. R. Civ. P. Rule 23(c)(2)(B).[2] A single notice in separate cases for two distinct Classes mailed to individuals not in the *Makaeff* Class does not accomplish this goal.

Plaintiffs are obligated to give class notice in two separate actions with distinct claims—state consumer protection statutes in California, Florida, and New York in *Makaeff* and federal claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") in *Cohen*. Trump University is not a defendant in both actions. While there may be some overlap in class membership in *Makaeff* and *Cohen* for individuals in California, Florida, and New York, the overlap ends there, leaving residents of dozens of States as potential class members in *Cohen* only. Providing a single notice to all Trump University students nationwide when only some may be members of both Classes does not reduce the chance of confusion, but rather invites confusion and is not appropriate. The risk of confusion can be avoided by sending notice in each case to only

///

---

[1] Defendants do not object to the general process identified by Plaintiffs for distributing class notice—use of a qualified third-party administrator, mailed summary notice, publication of summary notice, long-form notice posted on a dedicated website with additional case information, etc.—as long as that procedure is done separately in both *Makaeff* and *Cohen*. Defendants' additional specific objections to the contents of the proposed documents and the notice procedures are discussed below.

[2] *See* Fed. R. Civ. P. Rule 23(c)(2)(B); Federal Judicial Center's website regarding Class Action Notices, http://www.fjc.gov/("Class Actions Notices Page"); and Federal Judicial Center Judge's Class Action Notice and Claims Process Checklist and Plain Language Guide at 1, *available at* http://www.fjc.gov/public/pdf.nsf/lookup/NotCheck.pdf/$file/NotCheck.pdf .

-1-

Case Nos. 10-cv-00940 GPC (WVG)
13-cv-02519 GPC (WVG)

those students who are members of each Class. There is no reason students who are only potential class members in *Cohen* need, or should receive, notice of the *Makaeff* action.

## II. IT IS ONLY PLAINTIFFS' DELAY IN PROVIDING TIMELY CLASS NOTICE IN *MAKAEFF* THAT CREATED THIS ISSUE

Whether the proper notice procedure for two separate class actions is a single notice or two should not normally have been an issue for the Court to confront. It is a creature of Plaintiffs' own making.

Plaintiffs' Motion steers clear of the critical fact that in *Makaeff,* Plaintiffs unexplainably delayed seeking the Court's approval for class notice for almost a year, 364 days.[3] The Court certified the *Makaeff* Class on February 21, 2014 (*Makaeff* Dkt. No. 298) yet Plaintiffs did not file their motion for approval of class notice until February 20, 2015 (*Makaeff* Dkt. No. 381), the deadline for motion filings in that case. Had Plaintiffs sought timely notice in *Makaeff*, this issue would not now be before the Court. This dispute over class notice procedures is solely of the Plaintiffs' making and they should not now be allowed to complain of the consequences of their lack of diligence. Plaintiffs should be required to give separate notice in *Makaeff* and *Cohen*.

Defendants are not asking Plaintiffs to bear any burden they would not originally have borne had they timely given class notice in *Makaeff*.[4] Plaintiffs' attempt to evade the potential cost of providing separate class notice, as they should have originally,

---

[3] In their Motion, Plaintiffs attempt to spin this delay as being caused by Defendants. Dkt. No. 381 at 2 fn.2. However, even then Plaintiffs provide no explanation for their almost eleven month delay from the date of certification in February 2014 until they first contacted Defendants in mid-January 2015 to discuss class notice procedures. Moreover, there is nothing "routine" about giving a single notice in distinct class actions. Rather, the routine procedure would have been for Plaintiffs to timely seek approval for class notice after the Court certified the *Makaeff* class in February 2014 instead of dragging their feet until the motion cutoff deadline a year later.

[4] In fact, it is Defendants who are now disadvantaged by the failure to give timely notice in *Makaeff* because they have not been able to identify potential "opt-outs" prior to the discovery cutoff. Intentional or not, that is the result of Plaintiffs' delay.

1 cannot justify increasing the risk of confusion by students who would receive notice of a
2 class action in which they are definitively not a class member. Any additional burden or
3 expense now claimed by Plaintiffs is illusory. It is only Plaintiffs' lack of diligence in
4 timely notifying the *Makaeff* Class that has even allowed Plaintiffs to muddy the waters
5 with their proposal for a single, over-inclusive notice.

### III. PLAINTIFFS' ARGUMENT THAT A SINGLE NOTICE IS WARRANTED IS BASED SOLELY ON SPECULATION

8 Plaintiffs' Motion is filled with unsupported speculation that does not provide a
9 valid basis for one consolidated notice in *Makaeff* and *Cohen*. Plaintiffs provide no
10 support for their position that multiple notices (each addressing only the case in which
11 the recipient could be a class member) present any likelihood of confusion. Or any basis
12 for their position that students not in the *Makaeff* Class should receive class notice in
13 that case. Or any basis for their position that confusion will ensue from multiple notices
14 because *Cohen* class members outside of California, Florida, and New York may be
15 aware of the pendency of both actions. The more realistic scenario is that individuals
16 would have more questions about what their legal rights are if they received notice of a
17 class action in which they are not a class member. Class notice in both *Makaeff* and
18 *Cohen* must be limited to only those individuals who are members of the Classes in each
19 case. "*Cohen* only" class members should not be confused with information relating to
20 *Makaeff*.

21 Moreover, the lone out-of-state authority discussed by Plaintiffs in support of
22 their proposal for a single notice actually cuts against Plaintiffs' position. In *In re Fedex*
23 *Ground Package Sys*, No. 3:05-MD-527 RM (MDL 1700), 2008 U.S. Dist. LEXIS
24 28010 (N.D. Ind. Apr. 4, 2008), the court rejected plaintiffs' proposal to send two
25 separate notices to a Kansas class and a national ERISA class **in the same case**. *Id.* at
26 *8-9. The court did not approve a single notice for different state and federal law based
27 classes in separate distinct cases. Additionally, in the single notice ordered by the court
28

-3-

Case Nos. 10-cv-00940 GPC (WVG)
13-cv-02519 GPC (WVG)

4829-7691-6770.3

1  in *In re Fedex* the court specifically ordered plaintiffs to "**omit any reference to the
2  other cases pending in the MDL litigation**" to avoid the appearance that the reach of
3  the case was greater than it was and to ensure that each case "maintain[ed] its individual
4  identity." *Id*. at *13 (emphasis added). That is exactly what Defendants are asking the
5  Court to ensure here, that *Makaeff* and *Cohen* maintain their individual identity and that
6  class notice be sent only to those individuals who are class members in the specific
7  action.

8       Providing separate class notice for *Makaeff* and *Cohen* will promote the goal of
9  Fed. R. Civ. P. 23(c)(2)(B) by providing the clearest, most concise, and most
10 straightforward notice possible to class members and would direct notice to only those
11 class members who would be bound by the separate adjudications and rulings in each
12 case.

13 **IV.   SPECIFIC OBJECTIONS TO PROPOSED PROCEDURE AND CLASS
14        NOTICE FORMS**

15      First, Plaintiffs have attached as Exhibit 4 to the Jensen Declaration a proposed
16 pre-paid postcard "to be included in all mailed Notices" (Jensen Decl. at ¶5); however,
17 Plaintiffs have not sought Court approval for the use or form of this submission.
18 Plaintiffs' Motion is silent as to Exhibit 4 or the need for its inclusion in mailed notices
19 at this point in the litigation. Further, the inclusion of Exhibit 4 in **all** mailed notices as
20 apparently requested by Plaintiffs presents yet another opportunity for confusion by
21 recipients because the age of the purchaser of Trump University Live Events is only
22 relevant to certain subclass claims in *Makaeff* and is irrelevant in *Cohen*. If Plaintiffs
23 press for the inclusion of Exhibit 4 in mailed notices, it provides additional support for
24 separate notices to the *Makaeff* and *Cohen* Classes.

25      Second, there are multiple places in Plaintiffs' Exhibits 1-4 which present sources
26 for potential confusion regarding whether the recipient could be included in the
27 ///
28

financial elder abuse subclasses in *Makaeff*.[5] All of these documents couch inclusion in the elder abuse subclasses based on the current age of class members. The current age of the class members, whether they are over 60 or 65 now, is irrelevant to the elder abuse claims. It is the age at the time of purchase from Trump University that would be relevant. There are multiple places in Plaintiffs' proposed notices where "are" should be replaced with "were" or "am" replaced with "was" in order to resolve this issue and prevent class member confusion.

Third, in order to ensure that Defendants can comply with the requested directive in Plaintiffs' Proposed Order Directing Class Notice Procedures in Paragraph 5 (whenever such order is entered) a prescribed time period for Defendants' review of the proposed notice list should be added to the Order.  Therefore, upon entry of the Order, the Class Notice Administrator should provide Defendants with the compiled list of names and addresses Plaintiffs are intending to use for class notice and Defendants should have ten (10) business days from receipt of that list to ensure that the Notice Administrator's list of potential class members is as complete and accurate as possible. Defendants shall then return the list to the Class Notice Administrator who will then have ten (10) business days to complete the mailing as requested in Plaintiffs' Proposed Order in Paragraph 7.

Finally, in order to ensure that all of the rights and legal options of class members are easy to act upon (as noted in the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (page 1)), Plaintiffs should be required to prepare, meet and confer with Defendants, and submit to the Court

---

[5] For example: (1) "If you are over the age of 65 and resided in California . . . ." (Exhibit 1 at 1); "If you are over the age of 60 and located in Florida . . . ." (Exhibit 1 at 1); "Class Members in the state of Florida who are over the age of 60 and Class Members in California who are over the age of 65 . . . ." (Exhibit 1 at 5); "If you are over the age of 60 . . . ., or are over the age of 65 . . . ." (Exhibit 2 at 1-2 & Exhibit 3); and "while residing in the state of California and I am over the age of 65 . . . I am over the age of 60." (Exhibit 4).

for approval a pre-paid "Exclusion Request/Opt-Out" postcard to be included with all mailed notices. The burden should not be on class members who want to opt-out of the litigation to prepare an exclusion letter and pay for postage of that letter as requested by Plaintiffs. Pre-paid opt-out forms are routine and eliminate a potential roadblock for individuals who wish to exclude themselves from the Classes. *See Tierno v. Rite Aid Corp.*, 2007 U.S. Dist. LEXIS 89582 at *5 (N.D. Cal. Nov. 16, 2007) (requiring opt-out form and prepaid return envelope "so that potential class members can easily return the form requesting exclusion."); *Cruz v. Dollar Tree Stores, Inc.*, 2009 U.S. Dist. LEXIS 62817 at *5 (N.D. Cal. July 2, 2009). Inclusion of an opt-out postcard ensures that class members are able to easily exercise their right to exclusion if they so choose.

## V.  CONCLUSION

The Court should ensure that *Makaeff* and *Cohen* maintain their individual identity and that class notice be sent only to those individuals who are class members in each action. There is no justification for sending class notice to individuals not in a class. Further, Defendants' specific objections to the form and procedures requested by Plaintiffs should be incorporated into any order approving class notice procedures.

DATED:  April 17, 2015

**FOLEY & LARDNER LLP**
NANCY L. STAGG
BENJAMIN J. MORRIS


By:  *s/ Nancy L. Stagg*
NANCY L. STAGG
Attorneys for Defendants Trump University, LLC and Donald J. Trump
nstagg@foley.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on **April 17, 2015** to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

                                            *s/ Nancy L. Stagg*
                                            Nancy L. Stagg