UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>TRUMP UNIVERSITY, LLC, et al.,<br><br>　　　　　　　Defendants. | No. 10-cv-0940-GPC(WVG)<br><br>**ORDER GRANTING PLAINTIFFS' APPLICATION TO FILE UNDER SEAL PURSUANT TO LOCAL RULE 79.2 AND THE PROTECTIVE ORDER ENTERED NOVEMBER 17, 2011**<br><br>[ECF No. 406] |

　　Before the Court is Plaintiffs' application to file under seal certain portions of Plaintiffs' Opposition to Defendants' Motion for Decertification of Class Action ("Opposition") and Exhibit 13 to the Declaration of Rachel L. Jensen in Support of Plaintiffs' Opposition to Defendants' Motion for Decertification of Class Action ("Jensen Declaration"). (ECF No. 406.) Defendants have not opposed the application.

　　Where a court filing contains "information that might harm a litigant's competitive standing" or "has the potential to become a vehicle for improper purposes," the court may deny public access to such material. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). A party requesting that the court seal materials attached to a

- 1 -　　　　　　　　　　　　　　　10-cv-0940-GPC(WVG)

1  dispositive motion must demonstrate "compelling reasons" for doing so, while a
2  request to seal materials attached to a non-dispositive motion is held to a lower
3  standard, and must only make a "particularized showing of good cause."  See
4  Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006) (citing
5  Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (noting
6  that "the public has less of a need for access to court records attached to non-
7  dispositive motions because those documents are often unrelated, or only tangentially
8  related, to the underlying cause of action")).  Within the context of a class certification
9  motion, "[u]nless the denial of a motion for class certification would constitute the
10 death knell of the case, the vast majority of courts within this circuit treat motions for
11 class certification as non-dispositive motions to which the 'good cause' sealing
12 standard applies." Algarin v. Maybelline, LLC, No. 12-cv-3000-AJB-DHB, 2014 WL
13 690410 at *2 (S.D. Cal. Feb. 21, 2014) (citations omitted).

14    Here, Plaintiffs could proceed individually, should the Court ultimately deny
15 certification.  The Court, therefore, applies the "good cause" standard.

16    Plaintiffs seek to seal two small sections redacted from their Opposition brief and
17 Exhibit 13 to the Jensen Declaration.  This information was produced pursuant to the
18 parties' Protective Order (ECF No. 91) and has been designated "Confidential
19 Information," which includes "trade secrets or other confidential research,
20 development, or commercial information within the meaning of FRCP 26(c)(1)(G) . . .
21 [and] personal financial information or other information that is protected from
22 disclosure by statute or the Constitutional right to personal privacy."  (Id. at ¶¶ 1-2.)
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1 | The Court has reviewed the proposed sealed documents and finds that they
2 | contain confidential commercial information whose public release could harm
3 | Defendants' competitive standing.  Therefore, the Court finds good cause to
4 | **GRANT** Plaintiffs' application (ECF No. 406).  Accordingly, the Clerk of Court is
5 | directed to **FILE UNDER SEAL** the documents now lodged at ECF No. 407.  Once
6 | filed, these documents shall be linked to Plaintiffs' Opposition, which is filed at ECF
7 | No. 405.

    **IT IS SO ORDERED.**

DATED:  June 29, 2015

    THE HON. GONZALO P. CURIEL
    UNITED STATES DISTRICT JUDGE