1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated, | ) ) ) ) | No. 3:10-cv-0940-GPC-WVG |
| Plaintiffs, | ) ) ) | **ORDER DENYING JOINT MOTION TO CONSOLIDATE CASES** |
| vs. | ) ) | [ECF No. 425] |
| TRUMP UNIVERSITY, LLC, et al., | ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| ART COHEN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 3:13-cv-02519-GPC-WVG |
| Plaintiff, | ) ) ) | **ORDER DENYING JOINT MOTION TO CONSOLIDATE CASES** |
| vs. | ) ) | [ECF No. 150] |
| DONALD J. TRUMP, | ) ) ) | |
| Defendant. | ) ) | |

Before the Court are parties' joint motions to consolidate the two cases above, filed on November 20, 2015. *Makaeff v. Trump*, No. 3:10-cv-0940-GPC-WVG, ECF No. 425; *Cohen v. Trump*, No. 13-cv-02519-GPC-WVG, ECF No. 150 ("Joint Mots"). In *Makaeff*, following the Court's November 18, 2015 Order granting in part and denying in part Defendants' motions for summary judgment, the Court set a

- 1 -

3:10-cv-0940-GPC-WVG
3:13-cv-02519-GPC-WVG

status hearing for December 4, 2015; and the pretrial conference for January 15, 2016. *Makaeff*, ECF Nos. 423, 424. In *Cohen*, the Magistrate Judge issued a November 12, 2015 case management conference order setting a December 18, 2015 deadline for the completion of all depositions; a mandatory settlement conference on January 27, 2016; a March 25, 2016 deadline for the completion of discovery; a April 22, 2016 deadline for filing all motions other than motions to amend or join parties, or motions in limine; and a pretrial conference for June 17, 2016. *Cohen*, ECF No. 149.

Parties urge that since the two cases arise out of substantially the same facts and involve similar claims by former students of the "Trump University" Live Events; the Court has certified overlapping Classes and directed a joint class notice to be disseminated to potential Class Members; the parties have agreed that fact discovery in one action may be cross-designated for use in the other action, good cause exists to consolidate the two cases, since the two pretrial conference dates are less than six months apart and "separate trials would impose an undue burden and cost on the parties and this Court alike." Joint Mots. 1—2.

## LEGAL STANDARD

Fed. R. Civ. P. Rule 42(a) states that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012) (citing *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.Supp. 805, 807 (N.D.Cal. 1989); *Huene v. United States*, 743 F.2d 703, 704, *on reh'g*, 753 F.2d 1081 (9th Cir. 1984)). A district court has "broad discretion" in determining whether or

1  not to consolidate actions. *See id.*; *see also Zhu v. UCBH Holdings, Inc.*, 682 F.

2  Supp. 2d 1049, 1052 (N.D. Cal. 2010) (citing *Southwest Marine*, 720 F.Supp. at

3  806–807).

4                                    **DISCUSSION**

5          The Court finds that a number of factors weigh against consolidating these

6  two cases. First, the Court finds that consolidating the cases presents a significant

7  risk of further delays. While parties argue that less than six months separate the

8  current pretrial conference dates, a number of deadlines have not yet passed in the

9  *Cohen* case, including the March 25, 2016 deadline for completing discovery, which

10 presents the possibility of delays if there are ongoing discovery disputes, and the

11 April 22, 2016 deadline for filing all motions other than motions to amend or join

12 parties, or motions in limine, which could potentially include motions for summary

13 judgment. It is entirely possible, and perhaps even likely, that such eventualities

14 would result in the postponement of the pretrial conference in *Cohen* well into the

15 fall of 2016, with any trial not occurring until the early months of 2017.

16         Second, the Court finds that consolidating the cases would not necessarily

17 result in increased judicial efficiency, and indeed could result in increased confusion.

18 Different statute of limitations issues are presented in *Cohen* as a result of the RICO

19 claim in that case not being filed until October 18, 2013. Including a separate claim

20 with a different statute of limitations could well increase the complexity of the case

21 both for trial management and jury instruction purposes. In addition, while the Court

22 decided on September 18, 2015 to bifurcate the trial of *Makaeff* and to try the liability

23 issues before proceeding to the damages phase, ECF No. 418, no such decision has

24 been made in *Cohen*.

25         Third, there is the significant difference in the ages of the two cases. While

26 *Makaeff* was filed on April 30, 2010, *Cohen* was not filed until October 18, 2013.

27 Indeed, the significant delay was the chief reason the Court denied Plaintiffs' motion

28

                                                  3:10-cv-0940-GPC-WVG
                                                  3:13-cv-02519-GPC-WVG

1  for leave to amend the Court's Amended Scheduling Order to file a Fourth Amended

2  Complaint in order to add a civil RICO claim in *Makaeff* on October 7, 2013.

3  *Makaeff*. ECF No. 271. Permitting the parties to consolidate the actions at the present

4  time would ultimately amount to an end-run around the Court's earlier decision that

5  Plaintiffs failed to timely allege a RICO claim in *Makaeff*.

6        While parties suggest that discovery still to be conducted in *Cohen* may have

7  a bearing on *Makaeff*, discovery in *Makaeff* closed on December 19, 2014. *Makaeff*.

8  ECF No. 349. And even to the extent that depositions still to be conducted in *Cohen*

9  would prove helpful to parties in *Makaeff*, such depositions will be concluded by

10  December 18, 2015, and would thus be available for the purposes of any trial

11  conducted in *Makaeff*. Moreover, the Court observes that as currently scheduled, any

12  factual findings made by the jury in any trial in *Makaeff* conducted in the spring or

13  summer of 2016 could resolve outstanding issues in *Cohen* and pave the way for a

14  more efficient resolution of the issues presented in the latter case.

15  **CONCLUSION**

16        Thus, **IT IS HEREBY ORDERED** that for the foregoing reasons, parties'

17  joint motions to consolidate the two cases, *Makaeff*, ECF No. 425; *Cohen*, ECF No.

18  150, are **DENIED**.

19        **IT IS SO ORDERED.**

20

21   Dated:  November 20, 2015

22

23  Hon. Gonzalo P. Curiel
    United States District Judge

24

25

26

27

28