ROBBINS GELLER RUDMAN
 & DOWD LLP
PATRICK J. COUGHLIN (111070)
patc@rgrdlaw.com
JASON A. FORGE (181542)
jforge@rgrdlaw.com
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
BRIAN E. COCHRAN (286202)
bcochran@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
HELEN I. ZELDES (220051)
helenz@zhlaw.com
ALREEN HAEGGQUIST (221858)
alreenh@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
225 Broadway, Suite 2050
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Class Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated, | No. 3:10-cv-0940-GPC(WVG) |
| | CLASS ACTION |
| Plaintiffs, | MEMORANDUM IN SUPPORT OF PLAINTIFF TARLA MAKAEFF'S MOTION TO WITHDRAW |
| vs. | |
| TRUMP UNIVERSITY, LLC, et al., | DATE:       April 22, 2016 |
| | TIME:       1:30 p.m. |
| Defendants. | CTRM:      2D |
| | JUDGE:     Hon. Gonzalo P. Curiel |

[Caption continued on following page.]

**[REDACTED]**

1  TRUMP UNIVERSITY, LLC,                    )
                                             )
2                       Counterclaimant,     )
                                             )
3          vs.                               )
                                             )
4  TARLA MAKAEFF, et al.,                    )
                                             )
5                       Counter defendants.  )
   _____)
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Plaintiff/Counter-defendant Tarla Makaeff ("Makaeff") hereby respectfully
2  moves this Court for an order permitting her to withdraw as a class representative and
3  named plaintiff.

4  **I.    INTRODUCTION**

5    On April 30, 2010, Makaeff filed a class action complaint against Trump
6  University, LLC ("TU") for defrauding student-victims like herself around the
7  country.  *See* Dkt. No. 1.  Less than a month later, defendant Donald J. Trump
8  ("Trump") directed his lawyers to "slap" her with a million-dollar counterclaim
9  ("SLAPP suit").  *See* Dkt. No. 4.  Trump and his lawyers aggressively pursued the
10 SLAPP suit and, for over four years, Makaeff lived with the stress of potential
11 financial ruin (Dkt. No. 328).  She still has great trepidation about retaliation.

12   But, even with her financial future hanging in the balance, Makaeff persevered
13 as a named plaintiff, and later, one of four class representatives.  Makaeff endured
14 Trump's aggressive tactics, over 15 hours of cross-examination by two different
15 Trump lawyers, and many document demands.  Makaeff's perseverance has paid off
16 for the Class, as the Court denied defendants' motions to dismiss, granted class
17 certification, struck the counterclaim, ordered Trump to pay nearly $800,000 in anti-
18 SLAPP fees for bringing the counterclaim (which remain unpaid), denied
19 decertification on liability, and denied defendants' motions for summary judgment.

20   Yet, these triumphs have taken their toll, as Makaeff has endured health
21 problems, family loss, and financial troubles in the years since this case began.
22 Trump was a celebrity when the case was filed, but no one could have anticipated that
23 he would become a viable presidential candidate and a 24/7 media obsession as this
24 case neared trial.  Makaeff has done her share, and the Class is better off as a result,
25 but it would be in Makaeff's and the Class's best interests to let the remaining class
26 representatives carry this ball over the goal line.  Subjecting herself to the intense
27 media attention and likely barbs from Trump and his agents and followers simply
28 would not be healthy for her.

1   Makaeff's withdrawal will not prejudice defendants or the Class, as plaintiff
2   Sonny Low ("Low") has provided full discovery and will represent Californians at
3   trial.  If anything, Makaeff's withdrawal will streamline the case as there will be one
4   California class representative, not two.  Plaintiff/Counter-defendant respectfully asks
5   this Court to grant her motion in its entirety.

6   **II.    RELEVANT PROCEDURAL HISTORY**

7       The procedural history of this action has been detailed elsewhere, so
8   plaintiff/counter-defendant does not repeat it all here.  *See, e.g.*, Dkt. Nos. 331 at 2-6
9   & 423 at 5-10.  Suffice it to say, Makaeff has litigated her claims zealously and in
10  good faith for nearly six years since she filed this action on April 30, 2010.  Makaeff
11  has reviewed and approved pleadings, provided discovery, and attended settlement
12  conferences.    *See* Declaration of Tarla Makaeff ("Makaeff Decl."), ¶6, filed
13  concurrently herewith.  Makaeff also sat for four different deposition sessions, on
14  January 30, 2012, January 31, 2012, April 13, 2012, and February 10, 2014.  *See id.*,
15  ¶4.  Finally, like other plaintiffs in this case, Makaeff produced documents in response
16  to defendants' document requests and information in response to their interrogatories
17  and requests for admission.  *Id.*, ¶5.

18      On February 21, 2014, the Court certified the Class and appointed two
19  California class representatives, Makaeff and Low, along with one representative for
20  Florida and New York, respectively.  *See* Dkt. No. 298 at 36.  During the pendency of
21  this case, the Court certified a federal RICO claim in the related case of *Cohen v.*
22  *Trump*, No. 3:13-cv-02519-GPC-WVG, and appointed Art Cohen, also a Californian,
23  to serve as class representative of the nationwide class.  *See Cohen* Dkt. No. 53.  More
24  recently, defendants moved to decertify the Class, which the Court denied as to
25  liability but granted on damages, bifurcating those phases for trial.  *See* Dkt. No. 418.

26      On March 16, 2015, the Court granted the parties' joint motion to dismiss
27  plaintiffs' individual, non-certified claims, including all of the claims of former
28  plaintiffs Ed Oberkrom and Brandon Keller ("Former Plaintiffs"), and Makaeff's

1  individual claims.  *See* Dkt. No. 394.  As part of that order, the Court ruled that

2  Makaeff was eligible to take part in any class recovery in *Makaeff* and/or *Cohen*.  *See*

3  *id.* at 1-2.  And the parties agreed to mutual releases, with defendants waiving any

4  entitlement as to fees or costs.  *See* Dkt. No. 389 at 3-4.  The Court retained its

5  jurisdiction to resolve any disputes arising out of the dismissal or plaintiffs' eligibility

6  to participate in any recovery in *Makaeff* and/or *Cohen.*  *See* Dkt. No. 394 at 2.

7           On June 17, 2014, the Court granted Makaeff's anti-SLAPP motion to strike

8  TU's defamation counterclaim.  *See* Dkt. No. 328.  On April 9, 2015, this Court

9  awarded $798,779.21 in attorneys' fees and costs ("Anti-SLAPP Fees") in connection

10  with the successful anti-SLAPP motion.  *See* Dkt. No. 404 at 1-2.

11          On November 18, 2015, the Court denied defendants' motions for summary

12  judgment, with the exception of injunctive relief.  *See* Dkt. No. 423.  That day, the

13  Court set a pretrial schedule, which put this case on track for trial in 2016.  *See* Dkt.

14  No. 424.  On December 29, 2015, Class Counsel approached the defense about

15  stipulating to the withdrawal of Makaeff on the same terms as the Former Plaintiffs

16  and Makaeff's individual, non-certified claims.  Thereafter, on January 7, 2016,

17  defendants declined Makaeff's proposal, necessitating this motion.

18  **III.   APPLICABLE LEGAL STANDARDS**

19          "The court may modify a class in response to a factual or legal development."

20  *Lancaster v. Tilton*, No. C-79-01630-WHA, 2007 U.S. Dist. LEXIS 48399, at *5

21  (N.D. Cal. June 21, 2007).  In ruling on defendants' motion for decertification, this

22  Court found:  "An order that grants or denies class certification may be altered or

23  amended before final judgment."  Dkt. No. 418 at 3 (quoting Fed. R. Civ. P.

24  23(c)(1)(C); *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009)).[1]

25  Courts have the discretion to permit a class representative to withdraw if she is unable

26  to continue or no longer meets the criteria of Fed. R. Civ. P. 23(a).  *See Lancaster*,

---

27  [1]        Here, and throughout, all emphasis is added and citations and internal quotation

28  marks omitted, unless otherwise noted.

1   2007 U.S. Dist. LEXIS 48399, at *5.   Indeed, Rule 23 "requires that the class

2   representatives' interests be congruent with those of the class." *In re Currency*

3   *Conversion Fee Antitrust Litig.*, No. 01 MDL No. 1409, M 21-95, 2004 U.S. Dist.

4   LEXIS 22320, at *4-*5 (S.D.N.Y. Nov. 4, 2004); *see Deposit Guar. Nat'l Bank v.*

5   *Roper*, 445 U.S. 326, 331 (1980) (class representatives must "represent the collective

6   interests of the putative class").   If a plaintiff is unable to continue as an adequate

7   representative, "due process requires [her] withdrawal as class representative[]."

8   *Currency Conversion*, 2004 U.S. Dist. LEXIS 22320, at *4-*5; *see In re Avon Sec.*

9   *Litig.*, No. 91 Civ. 2287 (LMM), 1998 U.S. Dist. LEXIS 18642, at *30-*31 (S.D.N.Y

10  Nov. 30, 1998) (allowing substitution where "success in asserting rights or defenses of

11  a client in litigation in the nature of a class action is dependent upon the joinder of

12  others").

13          Further, the decision to grant a plaintiff's request of withdrawal under Fed. R.

14  Civ. P. 41, and on what terms and conditions, lies squarely within the discretion of

15  this Court.  *See, e.g.*, *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994).

16  **IV.     THE COURT SHOULD PERMIT MAKAEFF TO WITHDRAW**

17          **A.     Intervening Circumstances Have Compromised Makaeff's**
                **Continued Service as a Class Representative**

18

19          This Court should relieve Makaeff of her duties due to intervening

20  circumstances that have compromised her ability to adequately represent the Class at

21  trial.  Courts routinely grant plaintiffs' requests to withdraw as class representatives.

22  *See, e.g.*, *Lancaster*, 2007 U.S. Dist. LEXIS 48399, at *5-*6 (allowing withdrawal

23  when class representative no longer wished to serve); *Currency Conversion*, 2004

24  U.S. Dist. LEXIS 22320, at *4-*5; *In re Relafen Antitrust Litig.*, 218 F.R.D. 337, 341

25  n.4 (D. Mass. 2003); *Krim v. pcOrder.com, Inc.*, 210 F.R.D. 581, 583 n.2 (W.D. Tex.

26  2002).  Courts reason that, "'[a]bsent a good reason . . . a plaintiff should not be

27  compelled to litigate if it doesn't wish to.'"  *Ormond v. Anthem, Inc.*, No. 1:05-cv-

28  1908-TWP-TAB, 2012 U.S. Dist. LEXIS 63275, at *6-*9 (S.D. Ind. May 4, 2012)

1   (quoting *Org. of Minority Vendors v. Ill. C.G. R.R.*, No. 79 C 1512, 1987 U.S. Dist.

2   LEXIS 14049, at *1 (N.D. Ill. Apr. 2, 1987)); *see also In re Neopharm, Inc. Sec.*

3   *Litig.*, No. 02 C 2976, 2004 U.S. Dist. LEXIS 5814, at *1 (N.D. Ill. Apr. 8, 2004).

4          Makaeff has been put through the wringer in this case. For most of the time

5   since this case was filed, Makaeff was forced to endure a high-stakes and very public

6   battle with Trump over his million-dollar counterclaim, just for standing up to him.

7   *See* Makaeff Decl., ¶3. While Makaeff was ultimately successful in defeating

8   Trump's SLAPP suit, she has suffered tremendous stress and anxiety in the process,

9   and still fears retaliation. *Id.* Not only did Makaeff suffer daily with the fear that she

10  could be bankrupted by Trump, but she was also subjected to grueling examination at

11  four separate deposition sessions. Only counting the time on the official record,

12  Makaeff endured 15 hours and 36 minutes of aggressive questioning by two of

13  Trump's counsel. *See* Declaration of Rachel L. Jensen ("Jensen Decl."), ¶3, filed

14  concurrently herewith. This experience, and the similarly-aggressive tone from

15  Trump and his team throughout this case, has taken a toll on Makaeff, as has been

16  previously documented in the record. *See* Dkt. Nos. 331-1 at 10 & 364-1 at 13. The

17  thought of subjecting herself to more mistreatment, and on a much more public stage

18  at trial, is just unbearable. *See* Makaeff Decl., ¶¶7, 9.

19         Makaeff cannot match, or even scratch, Trump's pulpit. For years, Trump has

20  tried his case in the press through a website and taunting media quotes. *See, e.g.*, Exs.

21  1-3.[2] On the website, Trump slams Makaeff and features the same video of her that

22  the Ninth Circuit found unpersuasive in the anti-SLAPP appeal.     *See*

23  http://www.98percentapproval.com/VIDEOS.html (last visited on Feb. 8, 2016);

24  *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 271 (9th Cir. 2013) (analogizing TU to

25  the "Ponzi-scheme scandals involving onetime financial luminaries like Bernard

26  Madoff and Allen Stanford and observing that "victims of con artists often sing the

27  _____

28  [2]     Here, and throughout, references to "Ex." are to the Exhibits attached to the Jensen Declaration, unless otherwise noted.

1   praises of their victimizers until the moment they realize they have been fleeced.").

2   That video remains up on Trump's website to this day.  And even after this Court

3   granted the anti-SLAPP motion, Trump was undeterred, as his counsel accused

4   Makaeff of being "engaged in a campaign to defame it [TU] in her quest to obtain an

5   unjustified refund."  Ex. 1.  Makaeff believes that all the vitriol from Trump has

6   affected her work opportunities, and in part for this reason, she is transitioning into a

7   new field.  *See* Makaeff Decl., ¶¶8-9.  If Trump's aggressive tactics can take down

8   seasoned and heavily-funded politicians (as they have), Makaeff's concerns about the

9   potential impact on her career are well placed.  *See id.*

10         Intervening events in Makaeff's personal life have also coalesced to make

11   continuation to trial on behalf of the Class impracticable.  *See* Makaeff Decl., ¶7.  As

12   mentioned above, Makaeff has suffered health problems during the pendency of this

13   case, and she has serious concerns about the toll that a high-profile trial would take on

14   her emotionally and physically.  *Id.*  Makaeff is also grieving the death of her mother

15   and has family obligations that demand her time and focus.  *See id.*  Finally, the time

16   demands of a trial of this nature would cause Makaeff to miss too much work as she

17   attempts to transition into a new career.[3]  *See id.*, ¶9.

18         While Makaeff is proud of what she has accomplished in this case, and what

19   she has done on behalf of the Class is commendable, she believes her ability to

20   vigorously represent the Class at trial has been compromised.  *See* Makaeff Decl., ¶7.

21   Nevertheless, Makaeff wishes to preserve her personal right to share in any class

22   recovery – by way of either a settlement or trial.  No reason exists to deny Makaeff

23   this opportunity; she has undertaken her duties as lead plaintiff and class

24   representative assiduously.  But changes in her personal life – and the reality of a trial

25   against a presidential candidate during an election year – have led to Makaeff's

26   conviction that she will not be able to do the Class justice at trial.  *See id.*, ¶7.  In light

27   _____

[3]       If necessary, Makaeff will provide the Court *in camera* additional details

28   regarding her health and career change.

1  of Makaeff's situation, it would be "improper to allow [her] to continue." *See In re*

2  *Cincinnati Policing*, 214 F.R.D. 221, 222 (S.D. Ohio 2003).

3      Defendants previously agreed to allow the Former Plaintiffs to dismiss their

4  claims without prejudice to their ability to participate in any class recovery. *See* Dkt.

5  No. 394.  They also agreed to these same terms with respect to Makaeff's individual,

6  non-certified claims.  *See id.*  Likewise, here, Makaeff should be permitted to

7  withdraw without prejudice to her right to remain an absent class member like all

8  other non-representative class members, with defendants bearing their own fees and

9  costs.  Because Makaeff's "dismissal without prejudice" would be limited to her

10  participation in any class recovery, and would be with prejudice to bringing any new

11  claims related to TU, there is no danger of re-litigating her claims.

12      **B.    Withdrawal Will Not Cause Any Unfair Prejudice to the Class or Defendants**

13

14      The court should allow Makaeff's withdrawal as a class representative, as

15  defendants will not be able to show "that the removal of [her as a class representative]

16  would ***unfairly*** prejudice the parties or the class." *Lancaster*, 2007 U.S. Dist. LEXIS

17  48399, at *6.  Or, as the court in *Ormond* put it, no "certain prejudice" would result

18  from her withdrawal.  *See* 2012 U.S. Dist. LEXIS 63275, at *9.

19      Makaeff's withdrawal will not prejudice the Class, as this Court has also

20  appointed plaintiff Low to represent the California subclass.  Low has submitted

21  himself to deposition and produced documents and other information pursuant to

22  defendants' many discovery demands. *See generally* Dkt. No. 122-3 at 15-19 (Low

23  Decl. in support of class certification).  And he will continue to adequately represent

24  the California class members, including the senior citizen subclass members, at trial.

25  Likewise, defendants are not prejudiced, as Low is already a class representative so

26  defendants will not have to conduct any further discovery. *See id.*  Further, Makaeff's

27  withdrawal will streamline the case, conserve resources, and make trial more efficient,

28

1  since there will be only one class representative in this case for California class

2  members, rather than two.

3      Defendants cannot dispute that only one class representative is necessary to

4  represent the California subclass. Indeed, defendants did not object to appointing only

5  one class member for Florida and New York – J.R. Everett and John Brown,

6  respectively. Having only one, rather than two, representatives of the California

7  subclass will conserve the time and resources of the Court and both sides at trial.

8  **V.    THE COURT SHOULD IMPOSE TERMS TO PROTECT
        MAKAEFF FROM FURTHER RETALIATION**

9

10     Makaeff respectfully requests that the Court enter her proposed order, which

11 includes terms to protect her from further retaliation. The reason why is

12 straightforward: Trump threatened that, given the opportunity, he will sue plaintiffs

13 and their counsel. For example, Trump threatened plaintiffs' counsel twice at his

14 deposition: "I think the lawsuit is trying to hurt the brand, and I honestly look forward

15 to winning this case and suing your law firm for as much as we can sue them for, and

16 we will be doing that." Ex. 4 (DJT 9/12/12 Tr.) at 48:10-14. In case he hadn't made

17 his point, Trump reiterated: "[W]e will be suing your law firm for as much as we can

18 possibly do. That I can tell you. . . . And you individually." *Id.* at 48:15-20.

19     Makaeff takes these threats seriously. Trump is notorious for suing those who

20 challenge him, even if his claim lacks merit. Trump brought a $100 million

21 counterclaim against the New York Attorney General for bringing the TU lawsuit.

22 *See* Dkt. No. 312 at 1 & n.1. And Trump testified recently that ████████████

23 ████████████████████████████████████████████████

24 ████████████████████████████████████████████████

25 ████████████████████████ Ex. 5 (DJT 12/10/15 Tr.) at 160:16-161:15 (under seal).

26     But one need not look beyond the record in this case to see why Makaeff

27 justifiably fears retaliation. Less than one month after Makaeff filed her complaint,

28 ████████████████████████████████████████████████

1    *See* Dkt. No. 4; *see also* Ex. 5 (DJT 12/10/15 Tr.) at 348:8-16 (under seal).  The

2    SLAPP suit alleged that Makaeff's lawsuit was a "form of extortion," although "not

3    actionable, at least not at this stage of the case," implying that TU or Trump intended

4    to sue her for this purported "extortion" in the future.  *See* Dkt. No. 4 at 3.

5         Due to Trump's threats, which he made good on through the SLAPP suit, and

6    may try to inflict again in the future, Makaeff respectfully requests that this Court

7    enter her proposed order, which precludes Trump from using her withdrawal as the

8    basis for any claim of attorneys' fees or costs, malicious prosecution, abuse of

9    process, or bad faith claim against her or her counsel.  *See* Proposed Order, ¶3,

10   submitted herewith.  Likewise, Makaeff respectfully requests that the Court retain

11   jurisdiction to resolve any disputes arising from her withdrawal or concerning her

12   eligibility to participate in any class recovery in this action in *Cohen*.  *See id.*, ¶5.

13   **VI.    ENTRY OF PARTIAL JUDGMENT IS APPROPRIATE**

14        In order to bring closure to her involvement as a class representative and named

15   plaintiff in this litigation, Makaeff respectfully requests entry of final judgment

16   pursuant to Fed. R. Civ. P. 54(b), as to both her individual claims (without prejudice

17   to her ability to participate as an absent class member in any recovery) and TU's

18   defamation counterclaim, including the Anti-SLAPP Fees.  The "issuance of a Rule

19   54(b) order is a fairly routine act."  *James v. Price Stern Sloan*, 283 F.3d 1064, 1067

20   (9th Cir. 2002).  This Court is a "dispatcher," applying its "sound judicial discretion . .

21   . to determine the 'appropriate time' when each final decision in a multiple claims

22   action is ready for appeal."  *Curtiss-Wright Corp. v. Gen'l Elec. Co.*, 446 U.S. 1, 8

23   (1980); *see also Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (district court is

24   afforded "substantial deference" as to prejudice and delay).

25        Here, the Court's orders granting Makaeff's special motion to strike TU's

26   defamation counterclaim (Dkt. No. 328) and awarding the Anti-SLAPP Fees (Dkt.

27   No. 404), are final orders because they fully dispose of TU's only claim in the action

28   as well the fees arising therefrom.  With Makaeff withdrawing from this litigation as a

1    class representative and named plaintiff, "there is no just reason for delay" in entering

2    judgment. *See* Fed. R. Civ. P. 54(b).  Accordingly, Makaeff respectfully requests that

3    the Court enter a partial judgment pursuant to Rule 54(b) that: (1) withdraws her from

4    this case without prejudice as to her rights as an absent Class member, and with

5    prejudice in all other respects, with defendants to bear their own fees and expenses as

6    to all of Makaeff's remaining claims; (2) dismissing TU's counterclaim with

7    prejudice; and (3) commanding the payment of the Anti-SLAPP Fees.

8    **VII.   CONCLUSION**

9        For the reasons set forth above, Makaeff respectfully requests that the Court

10   grant her motion in its entirety.

11   DATED:  February 8, 2016         Respectfully submitted,

12                           ROBBINS GELLER RUDMAN
                           & DOWD LLP

13                           PATRICK J. COUGHLIN
                        JASON A. FORGE

14                           RACHEL L. JENSEN
                        BRIAN E. COCHRAN

15

16                                s/ Rachel L. Jensen

17                             RACHEL L. JENSEN

18                           655 West Broadway, Suite 1900
                        San Diego, CA  92101

19                           Telephone:  619/231-1058
                        619/231-7423 (fax)

20

21                           ROBBINS GELLER RUDMAN
                           & DOWD LLP

22                           DANIEL J. PFEFFERBAUM
                        Post Montgomery Center

23                           One Montgomery Street, Suite 1800
                        San Francisco, CA  94104

24                           Telephone:  415/288-4545
                        415/288-4534 (fax)

25                           ROBBINS GELLER RUDMAN
                           & DOWD LLP

26                           MAUREEN E. MUELLER
                        120 East Palmetto Park Road, Suite 500

27                           Boca Raton, FL  33432
                        Telephone:  561/750-3000

28                           561/750-3364 (fax)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK
HELEN I. ZELDES
ALREEN HAEGGQUIST
AARON M. OLSEN
225 Broadway, Suite 2050
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Class Counsel

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 8, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 8, 2016.

                                                      s/ Rachel L. Jensen
                                                    RACHEL L. JENSEN

                                                    ROBBINS GELLER RUDMAN
                                                       & DOWD LLP
                                                    655 West Broadway, Suite 1900
                                                    San Diego, CA  92101-8498
                                                    Telephone:  619/231-1058
                                                    619/231-7423 (fax)

                                                    E-mail:        rachelj@rgrdlaw.com

# Mailing Information for a Case 3:10-cv-00940-GPC-WVG Makaeff v. Trump University, LLC et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Brian E. Cochran**
  bcochran@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Patrick J Coughlin**
  patc@rgrdlaw.com,e_file_sd@rgrdlaw.com,susanm@rgrdlaw.com

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com,robyns@zhlaw.com

- **Jason A Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jeffrey L. Goldman**
  jgoldman@bbwg.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,llendzion@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com,KLavelle@rgrdlaw.com

- **David Lee Kirman**
  dkirman@omm.com,sbrown@omm.com

- **Jill Ann Martin**
  jmartin@trumpnational.com,lvincent@trumpnational.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Maureen E. Mueller**
  mmueller@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Aaron M. Olsen**
  aarono@zhlaw.com,winkyc@zhlaw.com

- **Daniel M. Petrocelli**
  dpetrocelli@omm.com

- **Daniel Jacob Pfefferbaum**
  dpfefferbaum@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)