# EXHIBIT 5

SUPERIOR | STATE | MAGISTRATE | PROBATE | JUVENILE | RECORDERS  Wednesday, February 17, 2016

**CLERK OF SUPERIOR, STATE, & MAGISTRATE COURTS**

# COUNTY OF GWINNETT

*I'm looking for...*

Courts & Judges  Case Search  Court Programs  Jury Services  Deeds | Land Records  About

▶ Home  ▶ Back to Search  ▶ State Vs Harris

## State Vs Harris

### Case Information

**Case Number:** 00-B-03762-6
**Case Type:** Indictment
**Category:**
**Courts:** Superior Court Criminal
**Filing Type:** General Criminal

**Filing Date:** Wednesday, November 08, 2000
**Disposition:** 1st Offender Discharge
**Disposition Date:** Monday, March 24, 2008
**Disposition Manner:**
**Official:** Judge Ronnie K. Batchelor



DISCHARGE FILED COMPLETELY EXONERATES THE DEFENDANT OF ANY CRIMINAL PURPOSE AND SHALL NOT AFFECT ANY OF HIS OR HER CIVIL RIGHTS OR LIBERTIES, EXCEPT FOR REGISTRATION REQUIREMENTS UNDER THE STATE SEXUAL OFFENDER REGISTRY AND EXCEPT WITH REGARD TO EMPLOYMENT PROVIDING CARE FOR MINOR CHILDREN OR ELDERLY PERSONS AS SPECIFIED IN CODE SECTION 42-8-63.1; AND THE DEFENDANT SHALL NOT BE CONSIDERED TO HAVE A CRIMINAL CONVICTION. OCGA 42-8-62

### Scheduled Events

| Date | Time | Location | Event | Party | Status |
|------|------|----------|-------|-------|--------|
| 12/20/2000 | 9:00AM | 3D | Arraignment | James Aubrey Harris | |
| 04/04/2001 | 9:00AM | 3D | Calendar Call-Jury | James Aubrey Harris | |
| 04/09/2001 | 9:00AM | 3D | Jury Trial | James Aubrey Harris | |

### Party Information

• James Aubrey Harris (Defendant)      Race: White/hispanic, Sex: Male



• Samuel H Harrison (Attorney For Defendant)
Bar #: 333278, Tel: (770) 963-3421

### Charge/Sentence

James Aubrey Harris

#### COUNT 1

Assault (Aggravated)-F on 03/27/2000. Code 16-5-21, Aggravated Assault. Adjudication Withheld on 04/09/2001.
Sentenced on 04/09/2001: First Offender-Time to Serve. Fines and surcharges of $1200.00. Probation of 5 years. Confinement of 60 Days.
Sentenced on 05/10/2001: Amended Sentence.

### Documents

Document images may be obtained at the courthouse.

 James Aubrey Harris

| BILL OF INDICTMENT | 0 0 - B - 3 7 6 2 - 6 |
|---|---|
| Page 1 | |

ASSIGNED TO JUDGE BISHOP

**Grand Jury Witnesses:**
Ofc. E.G. Head, #357

State of Georgia, Gwinnett Superior Court
September Adjourned Term

**State of Georgia**
*versus*
**James Aubrey Harris**

Offense(s):
**AGGRAVATED ASSAULT (O.C.G.A. 16-5-21)**

TRUE Bill

This 8th day of NOVEMBER , 2000 .

*Richard S. Baccus*
Richard S. Baccus, Grand Jury Foreperson
Received in open court from the sworn Grand Jury bailiff and filed
in office.

This 8 day of November 2000 .

*Beth White*
Deputy Clerk, Gwinnett Superior Court.

Daniel J. Porter, District Attorney, Gwinnett Judicial Circuit
Special Presentment.

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA.
00 NOV -8 PM 4:52
TOM LAWLER, CLERK

---

We the jury find the defendant

_____

_____

_____

Foreperson

This _____ day of _____, 200___ .

The defendant herein waives a copy of indictment, list of
witnesses, formal arraignment and pleads _____ guilty.

This _____ day of _____, 200___ .

_____
Defendant

_____
Attorney for the Defendant

_____
Assistant District Attorney

BILL OF INDICTMENT

Page 2

00-B-3762-6

STATE OF GEORGIA, COUNTY OF GWINNETT
IN THE SUPERIOR COURT OF SAID COUNTY

The GRAND JURORS selected, chosen and sworn for the County of Gwinnett, to wit:

1. Richard S. Baccus, Foreperson
2. Shelby J. McClung, Vice-Foreperson
3. Patricia S. McClellan, Clerk
4. Audra E. Cahen, Deputy Clerk
5. Cheryl Anderson
6. Judy O. Baggett
7. Janet B. Beam
8. Tracy Brantley
9. W. Tim Buice
10. Lynn Carr
11. Connie J. Chavez
12. Etsel Hoyle Davis
13. Maureen C. Davis
14. Jeanne W. Falgiano
15. Gregory Edward Fine
16. Sandra Gail Johnston
17. Anthony Scott King
18. Lynette S. Kowlessar
19. Randall Mullinax
20. Doris R. Powell
21. Linda A. Rothrauff
22. Richard E. Watkins
23. Anthony T. Wilson

in the name and behalf of the citizens of Georgia, charge and accuse **James Aubrey Harris** with the offense of **AGGRAVATED ASSAULT (O.C.G.A. 16-5-21)** in that the said accused, in the State of Georgia and County of Gwinnett, on the 27th day of March, 2000, did then and there unlawfully make an assault upon the person of Larry Goddard with an object, to wit: a Chevy pickup truck, which, when used offensively against another person is likely to result in serious bodily injury, by using said Chevy pickup truck to strike the rear end of Larry Goddard's truck, thereby placing said person in reasonable apprehension of immediately receiving a violent injury, contrary to the laws of said State, the peace, good order and dignity thereof.

Daniel J. Porter, District Attorney
Special Presentment

(drafted: __GRM__ proofed: _____)
(J:\MergerFiles\B930.rtf)

FIRST OFFENDER FINAL DISPOSITION

IN THE SUPERIOR COURT of GWINNETT COUNTY
STATE of GEORGIA

CRIMINAL ACTION NO. ___07-B-3462-6___

vs

OFFENSE(S) __Aggravated Assault__

JAmes Aubrey Harris

TERM. 200 _1_ ☒ AMENDED SENTENCE

March

OTN: __S102 3395__

☒ FELONY SENTENCE   ☐ MISDEMEANOR SENTENCE

☒ PLEA:                                    RACE: __W__      SEX: __M__      DOB: ▉▉▉▉

☒ NEGOTIATED                ☐ TRIAL:   ☐ VERDICT:               ☐ OTHER:

☐ GUILTY on Ct(s) _____     ☐ JURY    ☐ GUILTY on Ct(s) _____   ☐ NOLLE PROS Ct(S) _____

☐ NOLO CONTENDERE _____    ☐ BENCH   ☐ NOT GUILTY on Ct(s) _____

☐ GUILTY to LESSER INCLUDED OFFENSES _____          ☐ GUILTY of INCLUDED OFFENSES _____

☐ Defendant was advised that s/he has a right to have the sentence reviewed by the Superior Court Sentence Review Panel.   (See separate order)

☒ FIRST OFFENDER TREATMENT

WHEREAS, said defendant has not previously been convicted of a felony nor taken advantage of the provision of the *First Offender Act* (Ga. Laws 1968, p.324).
NOW, THEREFORE, the defendant consenting hereto, it is the judgment of the Court that no judgment of guilt be imposed at this time, but that further proceedings

are deferred and defendant is hereby sentenced to confinement for the period _____

and/or placed on probation for the period of __Sever 12 serve 60 days & hold bool__ from this date provided that said
defendant complies with the following and special conditions herein imposed by the Court as part of this sentence; PROVIDED, further, that upon violation of the terms
of probation, the Court may enter an adjudication of guilt and proceed to sentence defendant to the maximum sentence provided by law. Upon fulfillment of the terms
of probation, or upon release of the defendant by the Court prior to the termination of the period thereof, the defendant shall stand discharged of said offense charged
and shall be completely exonerated of guilt of said offense charged. Let a copy of this Order be forwarded to the Probation System of Georgia and the Identification
Division of the Federal Bureau of Investigation.

☐ GENERAL CONDITIONS of PROBATION
The defendant, having been granted the privilege of serving all or part of the above-stated sentence on probation, hereby is sentenced to the following general
conditions of probation:

☐ 1) Do not violate the criminal laws of any governmental unit.

☐ 2) Avoid injurious and vicious habits, especially alcoholic intoxication and narcotics and other dangerous drugs unless prescribed lawfully.

☐ 3) Avoid persons or places of disreputable or harmful character.

☐ 4) Report to the Probation or Parole Supervisor as directed and permit said supervisor to visit you at home or elsewhere.

☐ 5) Work faithfully at suitable employment insofar as may be possible.

☐ 6) Do not change your present place of abode, move outside the jurisdiction of the Court, or leave the State for any period of time without prior permission
of the Probation or Parole Supervisor.

☐ 7) Support your legal dependents to the best of your ability.

☐ OTHER CONDITIONS of PROBATION

IT IS FURTHER ORDERED that the defendant pay a fine in the amount of $ __1000.00__ ; Plus $50 or 10%, whichever is less, UP of OCGA §15-21-73;
Plus 10% of the fine for the J.C.S. Fund UP of OCGA §15-21-90; Plus 5% of the fine for the Crime Victims' Assistance Program UP of OCGA §15-21-130; Plus
$25 or 10% of fine, whichever is less, for DUI victims' compensation UP of OCGA §15-21-112, if applicable; Plus 50% of the fine for the Drug Abuse Treatment
& Education Fund UP of CCGA§15-21-100, if applicable; Plus $50.00 on felony sentence for Crime Lab surcharge; Plus $25.00 in each DUI or misdemeanor drug
case for Crime Lab surcharge; Plus 10% of fine for Brain & Spinal Injury Trust Fund, if applicable (only DUI cases); And pay restitution of $ __Reserved__ ;
And pay a probation supervision fee in the amount of $ __75.00__ per month; And shall perform __80__ hours of community service as directed by
the Gwinnett County Probation Dept.; And, if checked, ☐ , shall submit to mental health and/or drug and alcohol evaluation and/or treatment per the attached
addendum; And, if checked, ☐ , shall, as a Special Condition of Probation, be assigned to the Intensive Probation Supervision Program per attached addendum.

__Defendant is to attend & complete Anger Management classes__

__(Amended to reflect correct date of birth).__

IT IS THE FURTHER ORDER of the Court, and the defendant is hereby advised that the Court may, at any time, revoke any conditions of this probation and/or
discharge the defendant from probation. The probationer shall be subject to arrest for violation of any condition of probation herein granted. If such probation is
revoked, the Court may order the execution of the sentence which was originally imposed or any portion thereof in the manner provided by law after deducting
therefrom the amount of time the defendant has served on probation.

Defendant was represented by Attorney __Sam Harrison__                         Gwinnett County, by [Employment] [Appointment]

Court Reporter __Lycen Hill__                          Judge __Michael C. Clark__

ORDERED this __10th__ day of __May__, 200 _1_   Judge (PRINT) __Fred A. Bishop, Jr.__

FIRST OFFENDER SENTENCE         WHITE - Clerk; YELLOW - D. A.; PINK - P. O.; BLUE - Defense Attorney         AOC NCR Fm 52(20) 11/99

ICC PUC. Vail

IN THE SUPERIOR COURT of GWINNETT COUNTY
STATE of GEORGIA

FIRST OFFENDER FINAL DISPOSITION

CRIMINAL ACTION NO. 00-B-3762-6

vs

OFFENSE(S) Aggravated Assault

**James Aubrey Harris**

March _____ TERM, 200 1 ☐ AMENDED SENTENCE

OTN: 82023395

☒ FELONY SENTENCE   ☐ MISDEMEANOR SENTENCE
☒ PLEA:

RACE: White   SEX: Male   DOB: ▮▮▮▮

☒ NEGOTIATED   ☐ TRIAL:   ☐ VERDICT:   ☐ OTHER:
☒ GUILTY on Ct(s) __one (1)__   ☐ JURY   ☐ GUILTY on Ct(s) _____   ☐ NOLLE PROS Ct(S) _____
☐ NOLO CONTENDERE _____   ☐ BENCH   ☐ NOT GUILTY on Ct(s) _____

☐ GUILTY to LESSER INCLUDED OFFENSES _____   ☐ GUILTY of INCLUDED OFFENSES _____
☐ Defendant was advised that s/he has a right to have the sentence reviewed by the Superior Court Sentence Review Panel.   (See separate order)

☒ FIRST OFFENDER TREATMENT

WHEREAS, said defendant has not previously been convicted of a felony nor taken advantage of the provision of the *First Offender Act* (Ga. Laws 1968, p.324),
NOW, THEREFORE, the defendant consenting hereto, it is the judgment of the Court that no judgment of guilt be imposed at this time, but that further proceedings
are deferred and defendant is hereby sentenced to confinement for the period _____

and/or placed on probation for the period of  5 years to serve 60 days in Gwinnett County Jail  from this date provided that said
defendant complies with the following and special conditions herein imposed by the Court as part of this sentence; PROVIDED, further, that upon violation of the terms
of probation, the Court may enter an adjudication of guilt and proceed to sentence defendant to the maximum sentence provided by law. Upon fulfillment of the terms
of probation, or upon release of the defendant by the Court prior to the termination of the period thereof, the defendant shall stand discharged of said offense charged
and shall be completely exonerated of guilt of said offense charged. Let a copy of this Order be forwarded to the Probation System of Georgia and the Identification
Division of the Federal Bureau of Investigation.

☒ GENERAL CONDITIONS of PROBATION
The defendant, having been granted the privilege of serving all or part of the above-stated sentence on probation, hereby is sentenced to the following general
conditions of probation:

☒ 1) Do not violate the criminal laws of any governmental unit.
☒ 2) Avoid injurious and vicious habits, especially alcoholic intoxication and narcotics and other dangerous drugs unless prescribed lawfully.
☒ 3) Avoid persons or places of disreputable or harmful character.
☒ 4) Report to the Probation or Parole Supervisor as directed and permit said supervisor to visit you at home or elsewhere.
☒ 5) Work faithfully at suitable employment insofar as may be possible.
☒ 6) Do not change your present place of abode, move outside the jurisdiction of the Court, or leave the State for any period of time without prior permission
    of the Probation or Parole Supervisor.
☒ 7) Support your legal dependents to the best of your ability.

☒ OTHER CONDITIONS of PROBATION
IT IS FURTHER ORDERED that the defendant pay a fine in the amount of $  1000.00  ; Plus $50 or 10%, whichever is less, UP of OCGA §15-21-73;
Plus 10% of the fine for the J.C.S. Fund UP of OCGA §15-21-90; Plus 5% of the fine for the Crime Victims' Assistance Program UP of OCGA §15-21-130; Plus
$25 or 10% of fine, whichever is less, for DUI victims' compensation UP of OCGA §15-21-112, if applicable; Plus 50% of the fine for the Drug Abuse Treatment
& Education Fund UP of OCGA§15-21-100, if applicable;Plus $50.00 on felony sentence fro Crime Lab surcharge;Plus $25.00 in each DUI or misdemeanor drug
case for Crime Lab surcharge; Plus 10% of fine for Brain & Spinal Injury Trust Fund, if applicable (only DUI cases);And pay restitution of $  Reserved  ;
And pay a probation supervision fee in the amount of  $  25.00  per month; And shall perform  80  hours of community service as directed by
the Gwinnett County Probation Dept.; And, if checked,  ☐ , shall submit to mental health and/or drug and alcohol evaluation and/or treatment per the attached
addendum; And, if checked, ☐ , shall, as a Special Condition of Probation, be assigned to the Intensive Probation Supervision Program per attached addendum.
Defendant is to attend and complete anger management classes.

IT IS THE FURTHER ORDER of the Court, and the defendant is hereby advised that the Court may, at any time, revoke any conditions of this probation and/or
discharge the defendant from probation. The probationer shall be subject to arrest for violation of any condition of probation herein granted. If such probation is
revoked, the Court may order the execution of the sentence which was originally imposed or any portion thereof in the manner provided by law after deducting
therefrom the amount of time the defendant has served on probation.

Defendant was represented by Attorney  Samuel H. Harrison  Gwinnett  County, by [Employment] [Appointment]

Court Reporter  Lagen O. Hill  Judge _____

ORDERED this  9th  day of  April  , 200 1   Judge (PRINT)  Fred A. Bishop, Jr.

ORI NUMBER:_____

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

████ HARRIS

Petitioner

v.

JAMES A. HARRIS
Respondent

\* Civil Action File No:
\*
\* 11 F - 0 0 6 0 4 - 0
\*
\*
\*
\*
\*

## FAMILY VIOLENCE EX PARTE PROTECTIVE ORDER

The petition having come on for an *ex parte* hearing, pursuant to O.C.G.A. 19-13-1 et.seq. that a Protective Order be issued; petitioner alleged that Respondent has committed acts of Family Violence and that Petitioner is in reasonable fear of the Petitioner's safety (and the safety of Petitioner's child(ren), and the Court having read and considered the petition and having heard the sworn testimony of the Plaintiff, the Court finds probable cause exists that family violence has occurred in the past and may occur in the future. **IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1.    These proceedings be filed in the office of the Clerk of this Court.

2.    This Order applies in every county throughout the state of Georgia and it shall be the duty of every court and every law enforcement official to enforce and carry out the provisions of this order pursuant to O.C.G.A. 19-13-4(d). Law Enforcement officers may use their arrest powers pursuant to O.C.G.A. 19-13-6 & 17-4-20 to enforce the terms of this order.

3.    A copy of this order be given to law enforcement and the Respondent be served with a copy of this Order the Petition for Temporary Protective Order instanter.

4.    **The Petitioner and Respondent named herein shall appear before the Superior Court of Gwinnett County, on the ___ day of _____ 20 __, at ___o'clock ___ .m. at the Court Annex, 2ⁿᵈ Floor, Gwinnett County Detention Center, 2900 University Parkway, Lawrenceville, Georgia, 30043 Courtroom 4 /_____, to show cause why the demands of the Petitioner should or should not be granted. (Absent a consent agreement, the Court ordinarily will not enter a mutual protective order on issues connected with O.C.G.A. 19-13-4(a)(1), (a)(2), (a)(5), (a)(9) or (a)(11), or any combination thereof, unless the Respondent has filed a verified petition as a counter-petition pursuant to O.C.G.A. 19-13-3 no later than three days, not including Saturdays, Sundays, and legal holidays, prior to the hearing and the provisions of O.C.G.A. 19-13-3 have been satisfied.)**

5.
[pco01]   **Respondent is hereby restrained and enjoined from doing, or attempting to do, or threatening to do, any act of injury, maltreating, molesting, following, harassing, harming, abusing or stalking the Petitioner and the Petitioner's minor child(ren), if any. Respondent is not to interfere with Petitioner's travel, transportation or communication. The Respondent shall not follow, place under surveillance, or contact the Plaintiff at any place for the purpose of harassing and intimidating the Plaintiff. Any violation of this order may be considered a violation of O.C.G.A. 16-5-90 and may subject the Respondent to prosecution for Aggravated Stalking, in violation of O.C.G.A. ' 16-5-91, a felony; and Federal Law, Title 18 U.C.S., Chapter 110-A/Domestic Violence, Sections 2261-2266.**

**6.**
[pco02]
**Respondent is enjoined and restrained from doing or threatening to do any act of injury, maltreating, molesting, harassing, harming or abusing the Petitioner's family or household.**

7.
This Court has determined that it had jurisdiction over the parties and the subject matter under the laws of this state of Georgia and the Court ordered that the Respondent be given reasonable notice and opportunity to be heard sufficient to protect the Respondent's due process rights. This order shall be presumed to be valid and pursuant to 18 U.S.C. 2265(a) shall be accorded FULL FAITH AND CREDIT by any other state, tribe or local jurisdiction as if an Order of the enforcing state, tribe or jurisdiction.   The Petitioner has validly filed this Family Violence Ex Parte Protective Order; therefore, this Order is legally enforceable by any appropriate law enforcement official or court of any State pursuant to 18 U.S.C.A. ' 2265.

## ONLY THE FOLLOWING PROVISIONS APPLY THAT ARE INITIALED BY THE JUDGE

*WS*  **8.**
[pco03]
**That until further order by this Court, Petitioner is awarded sole and exclusive use and possession of the (family) residence located at:**
█████████████

*WS*  9.
Respondent is ordered to leave the above listed (family) residence immediately. The members of the Gwinnett County Sheriff's office or any other duly authorized law enforcement officer are ordered to:

[X]  Assist the Petitioner in returning to this residence;

[X]  Remove and evict the Respondent from this residence, together with Respondent's clothing, personal effects, prescription medication, and tools of his or her trade or profession;

[X]  Require Respondent to surrender to law enforcement any and all keys, garage door openers and other security devices to the (family) residence and to insure that these items are delivered to Petitioner.

[X]  Effectuate the custody placement of the minor children as set forth herein;

[ ]  Assist the Petitioner in removing from the residence the Petitioner's clothing and personal effects, together with those of Petitioner's children, if any.

_____  10.
Respondent is ordered to provide suitable alternate housing for the Petitioner and/or Petitioner's children by this date: _____.

_____  11.
Petitioner's address is ordered to be kept confidential.

*WS*  **12.**
[pco04]
**Respondent is ordered to stay away from: (1) Petitioner's residence, workplace & school and any subsequent residence, workplace, school of Petitioner; (2) the residence, workplace & school, and any subsequent residence, workplace, school of the minor children whose custody is awarded to Petitioner;**
**Said residence is listed as: [X] the address as listed in # 8, herein above;**

_____

**Petitioner's current workplace is:** █████████████

**The current school(s) is/are:** █████████████

*WS*  **13.**
[pco1,04]
**Until further order of this Court, Respondent is restrained and enjoined from approaching within _150_ yards of Petitioner and/or the minor children of the Petitioner.**

Civil Action File No: MF  006  04 - 0

W3 **14.** Respondent is ordered to not have any contact, direct or indirect or through another
[pco05] person with Petitioner by telephone, pager, fax, e-mail or any other means of
communication excepting as specified in this Order; and excepting any communication
with any attorney representing Petitioner.

W3 **15.** Petitioner is awarded temporary custody of the minor child(ren), namely:
[pco09]

| ████████████████ | DOB ████████ | Sex ██ |
| ███████████ | DOB ████████ | Sex ██ |
| _____ | DOB _____ | Sex _____ |
| _____ | DOB _____ | Sex _____ |
| _____ | DOB _____ | Sex _____ |

Unless otherwise permitted by order of this court, the Respondent shall not have any
contact with these minor children until further hearing and order of this Court. Respondent
is ordered not to interfere with the physical custody of the children.

_____ [pco06] **Check here ONLY if Respondent is awarded temporary custody of the minor
child(ren), namely:**

| _____ | DOB _____ | Sex _____ |
| _____ | DOB _____ | Sex _____ |
| _____ | DOB _____ | Sex _____ |
| _____ | DOB _____ | Sex _____ |
| _____ | DOB _____ | Sex _____ |

LB **16.** [✓] Reserved until hearing after notice to both parties; or [  ] The Respondent is ordered to pay
temporary child support for the minor children to Petitioner

in the amount of $ _____ every _____,

beginning, _____. All payments shall be made:

_____ By an income deduction order;  _____ To the child support receiver;

_____ by mail directly to Petitioner;

_____ by _____.

LB **17.** [✓] Reserved until hearing after notice to both parties; [  ] The Respondent is ordered to pay
temporary support to the Petitioner in the amount of

$ _____ every _____, beginning, _____.
All payments shall be made:

_____ By an income deduction order;  _____ To the child support receiver;

_____ by mail directly to Petitioner;

MAG 60-08 FV Ex Parte Protective Order Jan 07

- 3 -

Civil Action File No: 11F - 00504 - 0

_____ by _____

18. Respondent, **only when accompanied by a law enforcement officer**, shall be able to remove his/her clothing, personal effects, prescription medication, and tools of his or her trade or profession as follows:

_____

_____

[X] As coordinated and scheduled with the Gwinnett County Sheriff's Dept. Family Violence Unit, 770.822.3150 / 770.619.6870.

19. Both parties are hereby enjoined and restrained from transferring, selling, pledging as collateral for a loan, contracting to sell, concealing, or otherwise disposing of or removing from the jurisdiction of this Court, any of the property belonging to the parties, the children of the parties, pets of the parties, except in the ordinary course of business or for the necessities of life.

20. [X] Respondent [  ] Petitioner [  ] Both Respondent & Petitioner is/are ordered not to disconnect or have disconnected the home utilities, including but not limited to electricity, gas, water, telephone; change or have changed, or cancel, or have canceled, auto, health, or life insurance for Respondent, Petitioner, Petitioner's children, Respondent's children, or interfere with his/her/their mail.

21. Petitioner is awarded sole, exclusive temporary possession of the below listed vehicle. The Respondent shall not exercise any control over such vehicle. All keys, proof of insurance and registration to this vehicle shall be surrendered to law enforcement and law enforcement shall immediately turn said items over to Petitioner. No changes shall be made to any existing insurance coverage on the vehicle. Vehicle(s) is/are:

Make: RANGE ROVER  Model: _____; Year 2010; Color BLACK  VIN# [redacted]

[  ] As coordinated and scheduled with the Gwinnett County Sheriff's Dept. Family Violence Unit, 770.822.3150 / 770.619.6870.

22. Petitioner shall be allowed to remove the following property from the family residence for Petitioner and/or Petitioner's children's use: his/her/their clothing, personal effects, prescription medication, and tools of his/ her trade or profession and the following items:

_____

_____

[  ] As coordinated and scheduled with the Gwinnett County Sheriff's Dept. Family Violence Unit, 770.822.3150 / 770.619.6870

23. Respondent shall be required to return the following property for Petitioner and/or Petitioner's children's use: _____

_____

on or before the following date: _____.
The return of the property shall be coordinated and scheduled with the Gwinnett County Sheriff's Dept. Family Violence Unit770.822.3150 / 770.619.6870.

Civil Action File No: _____ F - 00 ᴄ 04 - 0

**IT IS FURTHER ORDERED:**

___ 24.  Other: _____

[pco08]  _____

_____

___ 25.  Each party shall complete, notarize and file with this Court a true and correct **Domestic Relations Financial Data Sheet <u>before</u>** the hearing date set forth above. If child support is to be determined, then the parties MUST ALSO COMPLETE MAG 20-42, Child Support Computation prior to the assigned court date. As of January 1, 2007, Child Support Computation REQUIRES the use of the internet and/or the use of an electronic worksheet downloaded to a computer. Computer access is available for 'free' at any branch of the Gwinnett Library system or at the Gwinnett County Law Library, Gwinnett Justice & Administration Center, 75 Langley Drive, Lawrenceville, GA 30045.

Parties and/or their lawyers should go to http://www.georgiacourts.org/csc/ to find the proper electronic worksheet. Parents should use *The Guided Electronic Worksheet*. Lawyers, Mediators, and other Professionals should use *The Practitioner's Electronic Worksheet*. Anyone can use *The Downloadable Electronic Worksheet. Alternatively*, go to https://www.services.georgia.gov/dhr/cspp/do/public/SupportCalc to find your proper electronic worksheet.

In any contested case, the parties shall submit to the Court their proposed findings regarding the gross incomes of the father and the mother, the presence or absence of special circumstances, and the amount of child support. This may be accomplished through the use of the form *CHILD SUPPORT COMPUTATION*, available from the Clerk of Court OR through the use of the appropriate electronic worksheet(s).

___ 26.  **REFERRAL TO VICTIM SERVICES & SAFETY PLANNING GUIDANCE**

[ ] Petitioner [ ] Respondent shall **immediately** seek victim services and safety planning guidance from the Partnership Against Domestic Violence -- 770.963.9799 or 404.873.1766. Information on safety planning has been given to said party. In the event there is a ending misdemeanor case connected with this action, this party shall contact the Solicitor's office, 770.822.8300, victim-witness services. In the event there is a pending felony case connected with this action, this party shall contact the District Attorney's office, 770.822.8400, victim-witness services.

___ 27.  Respondent shall immediately attend evaluation, treatment and counseling through:
___ Gwinnett Court Services -- 770. 682.2933 -- for (alcohol)(drug)(violence) counseling or through another equivalent professional treatment program.

SO ORDERED, this _6th_ day of _____ April _____, 20 _11_ at _12:32_ p .M.

_____
Judge, Gwinnett Superior Court [x] by designation

Print Name: _William F. Bry____

Civil Action File No: _____ 11F - 00 ° 04 - 0

**Violation of this Order May Be Punishable By Arrest**

### Notice to Respondent

1. **Violation of this Order may result in immediate arrest and criminal prosecution that may result in jail time and/or fines and/or may subject you to prosecution and penalties for contempt of court.**

2. **This Order shall remain in effect unless specifically superseded by a subsequent signed and filed Order, by operation of law, or by Order of Dismissal, whichever occurs first. Only this Court can void, modify, or dismiss this Order. Either party may ask, in writing, or during any hearing, that this Court change or dismiss this Order.**

3. **A person commits the offense of Aggravated Stalking when such person, in violation of a temporary or permanent protective Order prohibiting this behavior follows, places under surveillance, or contacts Petitioner on public or private property for the purpose of harassing and intimidating the other person. This activity can subject the Respondent to arrest and prosecution for the felony Aggravated Stalking, which carries penalties of imprisonment for not less than 1 year nor more than 10 years and a fine up to $10,000.00.**

Note: This form is promulgated as a Uniform Superior Court Rule under the auspices of O.C.G.A. 19-13-53. To order a specific provision, please initial in the space provided. The court should delete or otherwise make inoperative any provision in the standardized form which is not supported by the evidence in the case or in order to comply with the court's application of the law and facts to an individual case.

| [ ✓ Transmitted to Georgia Protective Order Registry: | Date Submitted by Deputy Clerk: |
|---|---|
| By: _____, Deputy Clerk | 4/7/11 |

This is to certify this is a true and correct copy of the foregoing Family Violence Ex Parte Order, as the same appears of record in Gwinnett Superior Court . Given my hand and seal of this court,

this _____ day of _____, 20_____.

By: _____, Deputy Clerk, Superior Court, Gwinnett County, GA

# RESPONDENT=S IDENTIFYING FACT SHEET

**Complete the Following Information Regarding the Respondent. In order to have this order placed in the National Crime Information Center Registry and the Protective Order Registry of this state, in addition to the Respondent=s name, at least one of these three items MUST be listed.**

## 1.  Social Security Number;  or 2. Date of Birth;

| Respondent=s Name | JAMES A. HARRIS |
|---|---|

| 1. Social Security Number | 3. Driver=s License # & State: |
|---|---|
| | |

| 2. Date of Birth | Gender | Eye Color: | Race: |
|---|---|---|---|
| | [X] Male | [  ] Blue | [X] Caucasian |
| | [  ] Female | [X] Brown | [  ] African American |
| | | [  ] Green | [  ] Hispanic [  ] Light skinned |
| | | [  ] Gray | [  ] Dark Skinned |
| | | [  ] Hazel | [  ] American Indian/Alaskan |
| | | | [  ] Multi Racial |
| | | | [  ] Asian/Pacific Islander |

| Color Hair LIGHT BROWN/BLONDE | Height 5'10" | Weight 185 | License Tag of Vehicle Usually Driven |
|---|---|---|---|

| Make & Model of Vehicle(s) Usually Driven 2011 CADiLLAC ESCALADE EXTENDED | Color Vehicle BLACK |
|---|---|

| Home Address: | City, State & Zip |
|---|---|
| | |

| Home Phone | Work Phone | Name of Employer | Address of Employer |
|---|---|---|---|
| | | | |

| Cell Phone | Normal Work Hrs. | Normal Work Days | Best Time & Location to Serve HOME ANYTIME SUN-THUR |
|---|---|---|---|
| | | | |

| Weapons Possessed & Usual Locations AK47, 956 MAGNUM – STORED IN GUN CLOSET IN HOUSE | Distinguishing scars, tattoos, etc. |
|---|---|

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

▮▮▮▮▮▮ HARRIS

Petitioner

v.

JAMES A. HARRIS
Respondent

\*
\*　Civil Action File No:
\*　　11 F - 0 0 ▮ 0 4 - 0
\*
\*
\*　Prior/Pending Case Nos:
\*
\*

### PETITION FOR RELIEF UNDER THE FAMILY VIOLENCE ACT

Comes now the Petitioner and submits this Petition for Relief Under the Family Violence Act, as follows:

1.　**The Petitioner: (In the event Petitioner is staying at a confidential location, list an alternate address and alternate phone number(s) through which Petitioner can still receive mail and messages which will not affect Petitioner's safety.)**

| Name: ▮▮▮▮▮ HARRIS |
| :--- |
| Mailing Address: |
| City, State, Zip: |
| All Phone Numbers: |

2.　**Respondent:**

| Name: JAMES A. HARRIS |
| :--- |
| Home Address: |
| City, State, Zip: |
| Phone Numbers: |

### You Must Complete Document Labeled "Respondent's Identifying Fact Sheet" Listing Additional Information Concerning This Respondent.

3.　This Court has jurisdiction over this matter because:

(a)　[ X ]　the Respondent is a resident of Gwinnett County, Georgia

(b)　[ ]　the Respondent is a resident of the State of _____, and the Respondent has committed an act of family violence within the State of Georgia or has committed an act of family violence outside of the State of Georgia having an effect inside the State of Georgia, and

(1)　[ ]　the Petitioner is a resident of Gwinnett County, Georgia.
(2)　[ ]　the Petitioner is a resident of the State of Georgia and the act of family violence

committed by the Respondent occurred in Gwinnett County. 0 5 0 4 - 0

4. This action is brought under the provisions of the Family Violence Act (O.C.G.A. §§ 19-13-1, et seq.) The parties are related to each other as follows:

| Check One | Relationship | Date Relationship Began | Date Relationship Ended |
|---|---|---|---|
| X | Present Spouse [ ] Ceremonial [ ] Common Law | 02/15/1997 | Not Applicable |
| | Former Spouse | | |
| | Persons living in the same household | | Not Applicable |
| | Persons formerly living in the same household | | |
| | Parents of the Same Children | Not Applicable | Not Applicable |
| | Parent and Child | Not Applicable | Not Applicable |
| | Stepparent and Stepchild | Not Applicable | Not Applicable |
| | Foster Parent and Foster Child | Not Applicable | Not Applicable |

5. The Minor Children of the parties or children residing with the parties are as follows:

| Name of Child | Date of Birth | Resides with: | Related to: |
|---|---|---|---|
| | | [ X] Both [ ] Petitioner [ ] Respondent | [ X] Both [ ] Petitioner [ ] Respondent |
| | | [ X] Both [ ] Petitioner [ ] Respondent | [ X] Both [ ] Petitioner [ ] Respondent |
| | | [ ] Both [ ] Petitioner [ ] Respondent | [ ] Both [ ] Petitioner [ ] Respondent |
| | | [ ] Both [ ] Petitioner [ ] Respondent | [ ] Both [ ] Petitioner [ ] Respondent |
| | | [ ] Both [ ] Petitioner [ ] Respondent | [ ] Both [ ] Petitioner [ ] Respondent |

*This section MUST be completed in any case in which custody or visitation may be an issue.*

The present address of my minor children is: [X] Petitioner's address; [ ] Respondent's address; [ ] Other:

_____

During the last five years my minor child(ren) has/have resided at the following additional addresses:

_____

I [ ] have [X] have not participated as a party, witness, or in any other capacity in any litigation concerning the custody of my children in Georgia or in any other state.
I [ ] have [X] do not have information of any custody proceeding concerning my child(ren) pending in a court of Georgia or any other state.
I [ ] know [X] do not know of any person, not a party to this action, who has physical custody of my child(ren) or claims to have custody or visitation rights with respect to my child(ren).

If you answered affirmatively ("I have/know") to any of the above questions you must list and describe all such cases, including the name of each court(s), and the most recent judgment or order:

6. The Respondent has committed the following acts of Family Violence against the Petitioner or the minor children: **(Please refer to the legal definitions on the instruction sheet. A family violence petition MUST set out facts to support at least one of these offenses. If none of these offenses has occurred, you should consider another more appropriate legal remedy.)**

[X] Simple Battery   [X] Battery   [X] Simple Assault   [ ] Aggravated Assault   [ ] Criminal Trespass

[ ] Criminal Damage to Property   [X] Unlawful Restraint   [X] Stalking   [ ] Aggravated Stalking

[ ] Other Felonies

7. The specific facts concerning the above listed acts of Family Violence are as follows **(Attach additional sheets and exhibits as necessary):**

PLEASE SEE ATTACHED STATEMENT

COURT USE ONLY   Intake judge's notes on additional oral testimony given concerning violence:

8. Other documents supporting the allegations of Family Violence committed by the Respondent are attached hereto as Exhibit A, consisting of _____ pages. (Police reports, medical or hospital records, photographs, etc.)

9. The Petitioner alleges that Family Violence has occurred in the past and is reasonably likely to occur in the future for the following reasons:

[X]   The Respondent has made threats of future violence/stalking.

[X]   There is an established pattern of behavior by the Respondent involving acts of family violence as set forth above.

[X]   The Respondent has a pattern of continued substance abuse which has caused family violence in the past.

[X]   The Petitioner requests that the Court evaluate certain factors and the history of family violence occurrences which affect the risk of future violence, which is hereto attached as Exhibit A, entitled "Factors & History of Family Violence, and is incorporated by reference herein.

[ ]   Other:

11 F - 00404 - 0

STATEMENT OF ▮▮▮▮ HARRIS

I have been married to James Harris since February 15, 1997. Within our first year of marriage, I suffered several instances of abuse. At that time, we were living in Manhattan and the abuse ranged from verbal to physical, including being pushed down a pier to the ground and left with no money or vehicle to get home by myself, and being pinned by my neck against the kitchen wall in our apartment. I called the police during that instance as I was terrified for my life. After I got free I locked myself in the bathroom. The police arrived, arrested James and took him to jail. James was released the next day, apologized profusely, and foolishly, I let him back in.

A few weeks after this incident, James had an affair. I found out because the girl he slept with came to our apartment claiming she had contracted a venereal disease from him. We separated for 10 days and once again James convinced me to let him back into my life.

James is the consummate salesman, but also a consummate liar. He is extremely convincing and persuasive, and if that doesn't work, he will tell you what he thinks you want to hear, or manipulate, threaten or coerce you to get his way. James' "hook" in me was (and continues to be) my out-of-status situation. Being a British citizen, I overstayed my visa, but James said we would fix this and he would help me obtain status after we were married, which never did. His excuse was always it would cost too much or that we would do it later.

After I gave birth to my first child, things became increasingly tense. James became more verbally abusive than ever. Any confrontation would result in him threatening to take ▮▮▮ my son, and that he would have me deported so that I would never see him again. Once, I tried to leave and James followed me. I was at the bank automated teller machine withdrawing some cash and he came up behind me and stole my car keys and tried to take ▮▮▮ The police were called and the officer told him to give back my car keys and ▮▮▮ and to go cool down. It has basically been like this our whole married life. If I do anything James sees as remotely defiant, he threatens deportation and that I will never see my children again.

11F-00404-0

I have been the victim of severe emotional abuse and extreme stress for fifteen years. Last year I experienced the worst affront to my personal safety and well-being to date. James and I had gone out with a few of my friends for dinner and dancing. James had too much to drink, as usual, and wanted to leave. I insisted I drive home and once on the highway, James kept yelling at me to drive faster and kept trying to grab the steering wheel. I got scared and pushed his hand away and pulled over. James lost it, screaming at me to get out of the car. I said, "No problem," and got out, taking my purse and phone with me. He got out of the passenger side and instead of getting into the driver's seat, chased me, picked me up and threw me into the metal divider on the roadside and to the ground. He got on top of me, pinning me to the ground by my arms, all the while screaming at me that it was over, that I had screwed up, was never going to see my children again, that he was going to have me deported. He took my purse and phone and drove off. This transpired on Saturday, April 3, 2010 at 2:00 am. Another motorist pulled over when he saw me lying on the ground crying, so James backed up, picked me up, threw me back in the car and screamed at me the entire way home. When we got home, I ran upstairs, got my children and locked us in my bedroom and put a chair against the door. In the morning I told the boys we were going to a friend's house for Easter, but the children asked what was wrong because I was covered in cuts and bruises. (I have attached photographs taken after this incident) I told them Daddy and I had a disagreement. James was up when we went downstairs and he apologized and said he didn't even remember what happened because he had too much to drink. From that day on, James has been sleeping in one of the guest rooms in our house. Essentially we have been separated for over a year. We have barely talked to each other except when he gets mad and threatens me. I live in constant fear of his mood swings and anger. When I come home, I lock my car doors, take my purse and car keys with me upstairs to my room, and lock the door. I will not get into a car with James as this is his favorite time to be abusive due to the fact that I can't get out. He will drive extremely fast and dangerously. He constantly drinks and drives. I do not feel safe letting him drive my children. He

is constantly getting speeding tickets, and even totaled our BMW M6 last year while driving recklessly. He has been ticketed several times for this type of behavior. I have not received any ticket in fifteen years of driving.

There was an incident during summer break when I was signing up my oldest child for football camp. ▮▮▮ was going to be sleeping at my girlfriend's house and she was going to take both of our kids to camp the next day. James called and flipped out when I said the kids were sleeping over and that ▮▮▮ was going to football camp. He went berserk on the phone, saying that if I didn't bring them home I would regret it, my girlfriend would regret it and that once again, he would have me deported. I left to bring the kids home and stopped to get gas. James called ▮▮▮ on his cell phone screaming at him: How dare he sign up for football camp without him and that he didn't want him anymore, that he didn't care about him anymore and to go to hell. He had both ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ They didn't want to go home because their father scared them to death and that they didn't feel safe.

James promises things to the kids all the time and then never delivers. Because of this, the kids don't respect him or listen to him very much. James' response is to scream and threaten them. Because I am consistent and loving with my children, my kids listen to me and do as I ask. This drives James crazy and he constantly accuses me of brain washing them into not liking him. This is simply not the case. If they don't do what he says, he will threaten to beat them or send them away to a different family, or to boarding school. I didn't realize exactly how bad it was until my oldest child told me that he can't take it anymore and doesn't want to see his dad ever again.

James is a bully who thrives on drama. Because ▮▮▮▮▮▮▮▮▮▮▮▮ and more verbal, my husband picks on him constantly. He will do anything he can to get a reaction out of

11 F - 00604 - 0

One day when my kids couldn't find their cell phones, James screamed at both of them and scared them both badly, called them ██████████ and threatened to kill them if they didn't find their phones.

During the summer, James took my kids to Florida for a short vacation. ██ tells me they were wrestling around in the hotel room and my husband threw him on the bed so hard he hit his head on the headboard and got an "egg-sized" lump on his head. Then James went to sit by the pool, leaving ██ by himself. James called ██ an hour later and told him to get his ass downstairs to see if he was ok and then sent him back up to the hotel room by himself.

A week ago, ██ was in James' car and James told him to go inside. When ██ said he wanted to stay outside and play, James screamed at him and said, "If you don't do what I say I'm going to send you away to a different family and you won't see your mom or little brother."

James screamed at ████████████ when ██ wouldn't show James that he could text. ██ said he already knew how, but James kept yelling at him and said, "If you don't do it, I'm going to send you up to your room with no food for a week." On another occasion, when ██ wouldn't help James wash his car, James sent him to the corner and screamed at him to stop crying or he would give him something to cry about.

One time James hurt ██ arm, so he wrapped duct tape around him. When ██ begged James to take it off, James ripped it so hard that ██ screamed as it pulled the hair off at the same time. I did not know about this incident at first, and when I asked ██ why they never told me this before, they said James threatened them by saying "If you ever tell Mom, I'm going to hurt you worse!"

James has told ██ at least four or five times that he's leaving and that they won't see him again, ██████████████████ ████████████████
██████████

11F-00604-0

James made a statement a few months ago that if he couldn't have me, nobody could. I took that as a personal threat to my life.

On Wednesday, March 30, 2011, my husband and I were texting back and forth and I told him that I was done and wanted a divorce, that I couldn't take the bullying and abuse anymore or the way he treats the children. He said okay, and at 6:45pm texted me that he was gone, so I could bring the boys home. I assumed from that text that he had moved out. I changed the garage door codes and locked all the windows and doors again, as my husband had unlocked everything on all three levels. I made an appointment for the following day to see my attorney.

While I was at my attorney's office, the alarm company called to say the alarm had been activated at my house, and about 10 minutes later I got a call from my children's school saying James was there and was trying to remove the boys from school but that my children had told their teachers that they did not want to go with him. The principal put James on the phone and he proceeded to threaten me once again. Thankfully, the principal exercised her right to not release the children and I picked them up later that day.

On Saturday, April 2, 2011, James texted me that he was coming home early on Sunday to take the kids to a birthday party at my sister-in-law's house. I have not had any interaction with James' family in over a year. My children told James they did not want to go. He screamed at both of them                             I took the phone from my        and told James what he was doing was child abuse. He later sent me a text saying he was sorry and wanted to talk to         to apologize. This roller coaster of abuse is just too much to bear for my children. I can't let them suffer like this anymore. I finally have the strength to face my fear for my children's sakes.

James has stopped depositing his paychecks into our bank account and has opened a new account, in order, he says, to get a response from me because I won't talk to him. He has essentially cut off our income and my ability to pay bills. He had my safe removed from the

11 F - 0 0 6 0 4 - 0

house and had it broken into and took my birth certificate and my children's' birth certificates and social security cards, and then bought a "lookalike" safe to replace it in the hopes I wouldn't notice.

I feel like a prisoner in my own home. Although I can come and go, I live under the threat of deportation and not seeing my kids every day. My only concern is for my children. They are my life. I want them to be happy, healthy children who can enjoy being kids and not live under the fear of threat.



HARRIS

11.     The Respondent should be restrained from committing further acts of family violence.

**Wherefore,** the Petitioner requests the following relief be awarded the Petitioner (check all that apply):

**[X]**     Exclusive and immediate possession of the residence located at:

**[X]**     Immediate custody of the minor child(ren). The Respondent **[ ]** should **[X]** should not be awarded reasonable visitation rights under such supervision as the Court deems just and proper.

**[X]**     Exclusive and immediate possession of the following vehicle(s):2010   RANGE   ROVER; VIN#

**[X]**     Alimony for the support of Petitioner.

**[X]**     Child support for the support of the minor child(ren). (Petitioner and Respondent MUST complete MAG 20-42, Child Support computation worksheet & complete state required forms PRIOR TO HEARING. See, (https://www.services.georgia.gov/dhr/cspp/do/public/SupportCalc )

**[X]**     Payment of certain debts.

**[X]**     Award of reasonable attorney fees.

**[X]**     **That the Court issue a Family Violence Ex Parte Protective Order protecting all the persons I have listed on the attached form entitled "Petitioner's Identifying Information."**

Furthermore, the Petitioner requests that:

(a)     A Family Violence Ex Parte Protective Order issue *ex parte* immediately restraining and enjoining the Respondent from committing acts of violence against Petitioner and the child(ren);

(b)     The Court issue a *Rule Nisi* order requiring the Respondent to appear and show cause why the relief demanded by the Petitioner under the Family Violence Act should not be granted;

(c)     The sheriff, any deputy sheriff or any other state, county, or municipal law enforcement officer shall implement any order of this Court; and

(d)     For such other and further relief as this Court deems just and proper.

**I have read the above Petition and hereby swear or affirm that the allegations made herein are based upon my personal knowledge and are true and correct.**

Petitioner Signature

HARRIS
Printed Name

Sworn to and subscribed before me this 6TH day

of APRIL, 2011.

Clerk of Court/Notary Public/Judicial Officer

# Exhibit A 

# History & Factors of Family Violence

(Petitioner should initial/answer **ALL** that apply, unless "optional" is indicated. Respondent is the defendant.

## History

__X__ Choking of petitioner.

__X__ Respondent has destroyed, or threatened to destroy, the personal property of the petitioner.

__X__ Increasing frequency and severity of violence against petitioner.

_____ Number of times within the past ninety (90) days when violence has occurred between the parties.

__X__ Respondent has threatened ~~petitioner with a knife, gun or other deadly weapon or threatened~~ to kill petitioner.

__X__ History of prior calls to law enforcement and/or prior filings for protective orders.

_____ History of defying protective orders. Or, history of criminal arrests.

__X__ History of substance abuse. Respondent assaults petitioner when drunk or high.

__X__ Stalking of petitioner by respondent.

__X__ Excessive jealousy and excessive control of petitioner. Has threatened petitioner because he/she believes that petitioner may be "cheating" with another.

_____ Respondent has expressed fantasies about homicide or suicide.

_____ Respondent has killed or injured pets or threatened to do so.

_____ Respondent has threatened or attempted suicide.

__X__ Respondent is obsessive about petitioner. Or, respondent exercises "ownership rights" over the petitioner. Or, respondent has told petitioner words to the effect, "If I can't have you no one can."

__X__ Respondent threatens to injure or flee with petitioner's children. Or, he/she has done so in the past.

_____ Respondent has mental health impairment, such as depression or schizophrenia or paranoia.

_____ Respondent has threatened to take petitioner hostage or has a history of hostage taking, with or without law enforcement intervention.

_____ **(Optional)** Respondent has forced petitioner to have sex against will of petitioner.

## FACTORS

__X__ Parties have recently separated.

__X__ Gun present in home or readily accessible to respondent.

_____ Petitioner believes that the respondent may try to use deadly force against petitioner.

_____ **(Optional)** Petitioner has begun a new relationship with a new partner.