| | |
|---|---|
| 1 | ROBBINS GELLER RUDMAN & DOWD LLP |
| | PATRICK J. COUGHLIN (111070) |
| 2 | patc@rgrdlaw.com |
| | JASON A. FORGE (181542) |
| 3 | jforge@rgrdlaw.com |
| | RACHEL L. JENSEN (211456) |
| 4 | rjensen@rgrdlaw.com |
| | DANIEL J. PFEFFERBAUM (248631) |
| 5 | dpfferbaum@rgrdlaw.com |
| | BRIAN E. COCHRAN (286202) |
| 6 | bcochran@rgrdlaw.com |
| | 655 West Broadway, Suite 1900 |
| 7 | San Diego, CA 92101 |
| | Telephone: 619/231-1058 |
| 8 | 619/231-7423 (fax) |

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
HELEN I. ZELDES (220051)
helenz@zhlaw.com
ALREEN HAEGGQUIST (221858)
alreenh@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
225 Broadway, Suite 2050
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

Class Counsel

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLA MAKAEFF, SONNY LOW, J.R. EVERETT and JOHN BROWN, on Behalf of Themselves and All Others Similarly Situated, | No. 3:10-cv-0940-GPC(WVG) <br><br> <u>CLASS ACTION</u> <br><br> PLAINTIFFS' SUPPLEMENTAL MEMORANDUM AND REQUEST FOR STATUS CONFERENCE |
| Plaintiffs, | |
| vs. | DATE: *Under Submission* <br> TIME: *Under Submission* <br> CTRM: 2D <br> JUDGE: Hon. Gonzalo P. Curiel |
| TRUMP UNIVERSITY, LLC, a New York Limited Liability Company and DONALD J. TRUMP, | |
| Defendants. | |

[Caption continued on following page.]

| 1 | TRUMP UNIVERSITY, LLC, |
|---|---|
| 2 | Counterclaimant, |
| 3 | vs. |
| 4 | TARLA MAKAEFF, |
| 5 | Counter defendant. |

1128579_1

## I. INTRODUCTION

At the March 11, 2016 hearing, the Court posed questions about whether Tarla Makaeff ("Makaeff"), one of two California class representatives, would agree to share her medical records with defendants in connection with her motion to withdraw and whether this Court could proceed with a bench trial if selecting a jury was not a realistic option for the foreseeable future. Plaintiffs respectfully submit this supplemental memorandum and request a status conference to discuss these issues.

## II. PLAINTIFFS' POSITIONS

### A. Makaeff Will Agree to a Limited "Counsel Only" Review in Chambers of Certain Medical Records

Prior to the March 11, 2016 hearing, counsel for Makaeff presented the Court *in camera* with documentation of her health problems since the inception of this case. *See* Dkt. No. 463. At the hearing, the Court inquired whether Makaeff was willing to allow defendants to see her sensitive medical information during an *in camera* review. After conferring with counsel, Makaeff agrees to share certain records, which more than adequately support her motion, on the following conditions: (1) the review will occur in Chambers on a "Confidential – For Counsel Only" basis and without briefing on the public docket;[1] (2) only one attorney for each side will be present in Chambers to review the records and make any arguments; (3) defense counsel will neither receive a copy, take notes, or create any record relating to the records; (4) defense counsel will be prohibited from sharing the information with anyone, including defendants, in-house counsel, or co-counsel; (5) defense counsel shall not use the information for any other purpose in this litigation or otherwise; and (6) the records will be afforded the highest levels of protection under the protective order and any violation addressed accordingly. With the Court's permission, Makaeff will withdraw

---

[1] Even redacted briefing will not adequately protect Makaeff's privacy interests, as defendants failed to properly redact in one of their recent filings. (In the interest of discretion, plaintiffs will identify this filing during the *in camera* conference.)

her original *in camera* submission, and her counsel will bring a revised version to the conference for the Court's consideration.

Makaeff prevailed on defendants' summary judgment motion, her withdrawal would be with prejudice to initiating a new case, and this is a class action, which means Makaeff will be bound by the outcome here (as well as in *Cohen*). Therefore, unlike *BP W. Coast Prods. LLC v. SKR Inc.*, 989 F. Supp. 2d 1109, 1116 (W.D. Wash. 2013), where the moving party sought dismissal without prejudice just before the court could rule on a fully-briefed motion for summary judgment, granting Makaeff's motion will neither cause defendants legal harm nor risk future inconsistent rulings. *See id.*

**B. This Case Deserves a Trial Date**

At the hearing, defense counsel suggested that it may be unrealistic to try this case to a jury right now, given the intense media scrutiny it has attracted. The Court acknowledged the challenge of a jury trial at this time and inquired about the bench trial claims. Class counsel likewise acknowledged the extraordinary circumstances, and suggested a possible trial in June, including a possible bench trial.

Given the uncertainties that lie ahead, the length of time this case has been pending, and the advanced age of California class representative Sonny Low ("Low") and other class members, time is of the essence in getting this case to trial. *See, e.g.*, *Wakefield v. Global Fin. Private Capital, LLC*, No. 15cv0451 JM(JMA), 2015 U.S. Dist. LEXIS 124527, at *2, *7-*9 (S.D. Cal. Sept. 17, 2015) (exercising discretion "to set this matter for trial as early as practicable" where plaintiff was elderly and her health deteriorating). At the upcoming conference, plaintiffs respectfully request that the Court set a date certain for trial – either in June or August, and either a jury or bench trial, at defendants' election.

If defendants believe that a jury trial is not realistic in the foreseeable future, plaintiffs will withdraw their jury demand and submit their claims for bench trial. If defendants will not consent to a bench trial on all claims, plaintiffs will proceed now

with the UCL and FAL claims and waive any claim of res judicata or issue preclusion that might arise from the Court's verdict. *See, e.g.*, *In re Complaint of Sea Supply*, No. 93-3810, 1994 U.S. Dist. LEXIS 5799, at *1 (E.D. La. Apr. 29, 1994) (enforcing waiver of claim of res judicata or issue preclusion as to judgment); *Sinicropi v. Milone*, 915 F.2d 66, 68 (2d Cir. 1990) (enforcing waiver of res judicata and collateral estoppel); *United States Fire Ins. Co. v. Nat'l Gypsum Co.*, 101 F.3d 813, 817 (2d Cir. 1996) (issue preclusion may be waived without consideration); *see also* 18 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure §4405 (3d ed. 2012) ("[A] party entitled to demand preclusion is also entitled to waive it."). By waiving res judicata and issue preclusion, plaintiffs will avoid impinging upon defendants' right to a jury trial for any remaining legal claims.[2] *Compare Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510-11 (1959) *with Parklane Hosiery, Inc. v. Shore*, 439 U.S. 322, 334-35 (1979) (discussing limitations on *Beacon Theatres'* "general prudential rule"); *see also Ritter v. Mt. St. Mary's College*, 814 F.2d 986, 990-91 (4th Cir. 1987) (reviewing caselaw in light of *Parklane* and discussing judicial interest in speedy resolution of disputes). Trump recently testified that he is "dying to go to court on this case," so defendants should be amenable to one of the above proposals to get the timely resolution that Trump wants. *See* Declaration of Rachel L. Jensen ("Jensen Decl."), filed concurrently herewith, Ex. 1 (12/10/2015 DJT Tr.) at 195:19-21; *id.* at 198:21-24, 199:2-4.

Plaintiffs have always planned to present a streamlined and "simple case that people were promised an actual university, and they didn't get one. And they were promised an actual university with which Donald Trump was integrally involved, and

---

[2] Plaintiffs would agree to limit any remaining California claims to non-overlapping relief, and there is no overlap with the remedies for the Florida and New York claims. If faced with the dilemma of deciding between trial on some claims now versus waiting indefinitely to try all the claims, plaintiffs would give serious consideration to dismissing the other claims and having the non-California plaintiffs continue as members of the nationwide *Cohen* class. *See* Dkt. No. 394 at 1-2.

he wasn't."[3] Jensen Decl., Ex. 2 (11/8/2013 Hrg. Tr.) at 58:22-25. Plaintiffs will prove their class claims during the bifurcated liability phase through defendants' common misrepresentations about Trump's involvement in the selection of the live events instructors and curriculum, and material omissions concerning the legitimacy of Trump's eponymous "university." *See, e.g.*, Dkt. No. 418 at 7-8, 12, 18. Seventy-four-year-old Low and other seniors should not be forced to wait any longer to put on this simple class case. *See Wakefield*, 2015 U.S. Dist. LEXIS 124527, at *2, *7-*9; *see also Swain v. Beard*, No. 11cv1086 H (PCL), 2013 U.S. Dist. LEXIS 179154, at *102-*103 (S.D. Cal. Sept. 6, 2013) (refusal to grant continuances for criminal trial where victims were elderly not arbitrary). It has been nearly six years since this case was filed, and being forced to wait indefinitely, with many (like Low) still struggling to pay off their credit card debt from Trump University, would be as prejudicial as a loss. *See Wakefield*, 2015 U.S. Dist. LEXIS 124527, at *7. Low and other seniors, in particular, need resolution before it is too late, and the fate of their claims should not depend on the political process or the level of publicity this case garners, which is out of their control.

To be sure, the claims of student-victims throughout the rest of the country may remain in legal limbo. Nevertheless, under these extraordinary circumstances and in light of the many years this case has been pending, if defendants will not agree to try all the claims before this Court, a trial as to some claims is better than no trial. And even though neither side presently wishes to compromise, a decision on the merits as to some claims in one case could lead to a broader resolution in both.

---

[3] Consistent with this streamlined approach as laid out at the class certification hearing, plaintiffs do not intend to move forward with the one-year mentoring misrepresentation at trial.

## III. CONCLUSION

Makaeff respectfully requests a status conference at the Court's earliest convenience to discuss the issues raised at the March 11, 2016 hearing.

DATED: March 16, 2016

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
JASON A. FORGE
RACHEL L. JENSEN
DANIEL J. PFEFFERBAUM
BRIAN E. COCHRAN

s/ Rachel L. Jensen
RACHEL L. JENSEN

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
MAUREEN E. MUELLER
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK
HELEN I. ZELDES
ALREEN HAEGGQUIST
AARON M. OLSEN
225 Broadway, Suite 2050
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

Class Counsel

# CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 16, 2016.

s/ Rachel L. Jensen
RACHEL L. JENSEN

ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: rachelj@rgrdlaw.com

# Mailing Information for a Case 3:10-cv-00940-GPC-WVG Makaeff v. Trump University, LLC et al

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Brian E. Cochran**
  bcochran@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Patrick J Coughlin**
  patc@rgrdlaw.com,e_file_sd@rgrdlaw.com,susanm@rgrdlaw.com

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com,robyns@zhlaw.com

- **Jason A Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jeffrey L. Goldman**
  jgoldman@bbwg.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,llendzion@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com,JayA@rgrdlaw.com,KLavelle@rgrdlaw.com

- **David Lee Kirman**
  dkirman@omm.com,iyanniello@omm.com,sbrown@omm.com

- **Jill Ann Martin**
  jmartin@trumpnational.com,lvincent@trumpnational.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Maureen E. Mueller**
  mmueller@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Aaron M. Olsen**
  aarono@zhlaw.com,winkyc@zhlaw.com

- **Daniel M. Petrocelli**
  dpetrocelli@omm.com

- **Daniel Jacob Pfefferbaum**
  dpfefferbaum@rgrdlaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)