1 | DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
2 | DAVID L. KIRMAN (S.B. #235175)
dkirman@omm.com
3 | O'MELVENY & MYERS LLP
1999 Avenue of the Stars
4 | Los Angeles, California 90067-6035
Telephone:  (310) 553-6700
5 | Facsimile:   (310) 246-6779

6 | JILL A. MARTIN (S.B. #245626)
jmartin@trumpmational.com
7 | TRUMP NATIONAL GOLF CLUB
One Trump National Drive
8 | Rancho Palos Verdes, CA 90275
Telephone: (310) 202-3225
9 | Facsimile: (310) 265-5522

10 | Attorneys for Defendants
DONALD J. TRUMP and TRUMP
11 | UNIVERSITY, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY LOW et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>                          Plaintiffs,<br><br>v.<br><br>TRUMP UNIVERSITY, LLC et al.,<br><br>                          Defendants. | Case No.  10-CV-0940-GPC(WVG)<br><br>**CLASS ACTION**<br><br>**DEFENDANTS TRUMP UNIVERSITY'S AND DONALD J. TRUMP'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE RENEWED MOTION FOR DECERTIFICATION**<br><br>[MOTION FOR DECERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DECERTIFICATION; DECLARATIONS OF DAVID KIRMAN AND MARK COVAIS]<br><br>Hearing:  July 22, 2016<br>Time:  1:30 p.m.<br>Courtroom:  2d<br>Judge:  Hon. Gonzalo P. Curiel |

1    **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF**

2    **RECORD:**

3         **PLEASE TAKE NOTICE THAT** defendants Trump University, LLC and

4    Donald J. Trump ("defendants"), by and through their counsel of record, will and

5    hereby do move the Court for an order granting them leave to file the attached

6    motion to decertify the class (the "Motion").

7         The Motion is made on the grounds that: (1) class certification is inherently

8    tentative and the Court is under an ongoing duty to reexamine the viability of class

9    certification under Rule 23 of the Federal Rules of Civil Procedure when facts or

10   circumstances render the case inappropriate for class treatment; (2) the facts and

11   circumstances of this case have changed since defendants filed their motion for

12   decertification on February 19, 2015, which this Court granted in part on September

13   18, 2015; and (3) such changed circumstances, as well as binding Ninth Circuit

14   authority, necessitate that the Court reexamine its certification decision and

15   decertify the case in its entirety.

16        The Motion is based upon this Notice of Motion and Motion, the attached

17   Motion for Decertification and the Memorandum of Points and Authorities attached

18   thereto, and the Declarations of David Kirman and Mark Covais in support of

19   defendants' Motion for Decertification.

20   **I.    THE COURT MUST GRANT LEAVE TO FILE THE MOTION FOR**

21   **DECERTIFICATION.**

22        Under Rule 23, "the district court is charged with the duty to monitor[] its

23   class decisions in light of the evidentiary developments of the case." *NEI*

24   *Contracting & Eng'g, Inc. v. Hanson Aggregates, Inc.*, 2016 WL 2610107, at *6

25   (S.D. Cal. May 6, 2016).  An order granting class certification is "inherently

26   tentative," *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.11 (1978), and the

27   Court therefore "may decertify a class at any time," Fed. R. Civ. P. 23(c)(1)(C); *see*

28   *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009).

1   As a court in this district recently observed, "[t]he district judge *must . . .*

2   decertify as appropriate in response to the progression of the case from assertion to

3   facts."  *Hanson Aggregates,* 2016 WL 2610107, at *6 (emphasis added); *accord*

4   *Weinman v. Fid. Capital Appreciation Fund (In re Integra Realty Res., Inc.)*, 354

5   F.3d 1246, 1261 (10th Cir. 2004) ("Moreover, a trial court overseeing a class action

6   retains the ability to monitor the appropriateness of class certification throughout

7   the proceedings and to modify or decertify a class at any time before final

8   judgment."); *Boucher v. Syracuse Univ.*, 164 F.3d 113, 118 (2d Cir. 1999) ("But

9   under Rule 23(c)(1), courts are required to reassess their class rulings as the case

10  develops." (citations and quotations omitted)); *Barnes v. Am. Tobacco Co.*, 161 F.

11  3d 127, 134 n.4 (3d Cir. 1998) ("District courts are required to reassess their class

12  rulings regularly as the case develops."); *E. Me. Baptist Church v. Union Planters*

13  *Bank, N.A.*, 244 F.R.D. 538, 540 (E.D. Mo. 2007) ("The Court has an ongoing duty

14  to assure that the class claims in this action are certifiable under Federal Rule

15  23 . . . .  This duty continues even after class certification.").

16   Defendants can move for decertification at any time, including after

17  discovery, during trial, or even after trial.  *Whiteway v. Fedex Kinkos Office & Print*

18  *Servs., Inc.*, 2009 WL 9523749, at *3 (N.D. Cal. Oct. 2, 2009) (decertifying class

19  after discovery revealed that the "individual workplace experiences of each

20  [plaintiff] must be assessed in order to" resolve liability); *Garvey v. Kmart Corp.*,

21  2012 WL 6599534, at *2 (N.D. Cal. Dec. 18, 2012) (renewing motion to decertify

22  at trial); *Arredondo v. Delano Farms Co.*, 301 F.R.D. 493, 499 (E.D. Cal. 2014)

23  (defendants moved for decertification after bench trial); *see also In re Urethane*

24  *Antitrust Litig.*, 768 F.3d 1245, 1252 (10th Cir. 2014) (renewed motion for

25  decertification after trial).

26   Defendants anticipate plaintiffs will argue that the "good cause" standard of

27  Rule 16 applies to this Motion because defendants seek to file their motion for

28  decertification after the motions deadline.  Plaintiffs are wrong for two reasons.

2

1    First, Rule 16 does not affect the Court's ability to consider a motion for

2  decertification under Rule 23(c)(1)(C), which may be brought *anytime*.  *Rosales v.*

3  *El Rancho Farms*, 2014 WL 321159, at *4 (E.D. Cal. Jan. 29, 2014) ("However,

4  because the Court can consider a motion for decertification under Fed. R. Civ. P.

5  23(c)(1)(C) to alter or amend a class certification before final judgment, whether

6  the scheduling order should be amended is irrelevant."), *report and*

7  *recommendation adopted*, 2014 WL 631586 (E.D. Cal. Feb. 18, 2014); *see Negrete*

8  *v. Allianz Life Ins. Co. of N. Am.*, 2013 WL 3353852, at *2–4 (C.D. Cal. Jul. 3,

9  2013) (reexamining class certification even though defendants did not meet "good

10  cause" diligence requirement because under Rule 23, a district court may decertify

11  a class at any time).

12    Second, as set forth more fully in the motion to decertify the class filed

13  concurrently with this Motion, the changed circumstances in this case necessitate

14  reexamination of the Court's prior certification holding.  Since defendants filed

15  their first motion for decertification, the parties have conducted 28 depositions—

16  including four former TU students and California class representative Sonny

17  Low—exchanged expert disclosures and conducted expert discovery, exchanged

18  over 100,000 pages of documents, and exchanged proposed trial plans.

19    The new evidence directly bears on whether this case can continue as a class

20  action.  For example, the evidence establishes that the alleged core

21  misrepresentations at issue were not *uniformly* made to the class.  Rather, TU

22  students were exposed to different TU marketing, distinct advertisements (some

23  contained the alleged misrepresentations, while others did not), and oral

24  representations from individual TU employees.  Decertification is required on this

25  basis alone.  *See In re First Am. Home Buyers Prot. Corp. Class Action Litig.*, 2016

26  WL 695567, at *24 (S.D. Cal. Feb. 22, 2016) ("Common issues do not predominate

27  where there is 'no cohesion among the [class] members because they were exposed

28  to quite disparate information from various representatives of defendant.'")

3

1    (quoting *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1020 (9th Cir. 2011)); *see*

2    *also Cohen v. Implant Innovations, Inc.*, 259 F.R.D. 617, 628 (S.D. Fla. 2008)

3    ("Whether each putative class member actually received Defendant's marketing

4    materials is an individual question of fact critical to each member's claim.").

5          The new evidence also shows that students attended TU for different reasons,

6    relied on TU's marketing (if at all) in vastly different ways, and were exposed to

7    varying interactions with *individual TU employees* before attending live events.  It

8    also demonstrates that issues of reliance, causation, and materiality are not

9    susceptible to class-wide proof.  *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581,

10   596 (9th Cir. 2012) ("[C]ommon questions of fact do not predominate where an

11   individualized case must be made for each member showing reliance"); *In re*

12   *ConAgra Foods, Inc.*, 302 F.R.D. 537, 576–77 (C.D. Cal. 2014)  (The "Ninth

13   Circuit has held that if a misrepresentation is not material as to all class members,

14   the issue of reliance 'var[ies] from consumer to consumer,' and no classwide

15   inference arises.").

16         Plaintiffs' strategic decisions also support the need for decertification.  In

17   addition to withdrawing Tarla Makaeff, the former lead California class

18   representative, from this case, plaintiffs have abandoned one of their three core

19   misrepresentations—namely, whether defendants misrepresented that "students

20   would receive one year of expert support and mentoring."  *See* Dkt. 466 at 6 n.3.

21   Plaintiffs extensively relied upon this alleged misrepresentation in obtaining

22   certification of the class, opposing decertification, and supporting the "full refund"

23   damages model.

24          Lastly, as highlighted by new authority in this district, certification must also

25   be examined again because, at plaintiffs' urging, the Court committed error in

26   relying on cases under the FTC Act to justify plaintiffs' "full-refund" theory of

27   restitution and damages.  *See First Am.*, 2016 WL 695567, at *23 ("[T]he Ninth

28   Circuit has declined to apply the FTC standard to consumer actions 'in the absence

4

1    of a clear holding from the California Supreme Court' that it should be applied."

2    (citation omitted)); *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 736 (9th

3    Cir. 2007) ("[I]n the absence of *a clear holding* from the California Supreme

4    Court," it is impermissible to assume that the FTC Act applies to state law

5    consumer claims.) (emphasis added)); *Jones v. ConAgra Foods, Inc.*, 2014 WL

6    2702726, at *19 (N.D. Cal. Jun. 13, 2014) ("There is no reason to import the

7    remedies from the FTC Act into a California UCL or FAL case, and Plaintiffs point

8    to no authority that does so."); *see also Joe Hand Promotions, Inc. v. Bragg*, 2016

9    U.S. Dist. LEXIS 24752, at *16 (S.D. Cal. Feb. 29, 2016).

10        Based on these material changes to both the facts and legal theories

11   underlying this case, the Court must grant defendants' Motion and reexamine its

12   certification ruling.  *See Dalton v. Lee Publ'ns, Inc.*, 2013 WL 2181219, at *1 (S.D.

13   Cal. May 20, 2013) (Curiel, J.) (noting that "leave to file a renewed motion to

14   decertify the class" was proper "based on the premise that Plaintiffs were unable to

15   present common evidence at trial"); *see also Westways World Travel, Inc. v. AMR

16   Corp.*, 265 F. App'x 472, 475–76 (9th Cir. 2008) ("If later evidence disproves

17   Plaintiffs' contentions that common issues predominate, the district court can at that

18   stage modify or decertify the class"); *Marlo v. United Parcel Serv., Inc.*, 251 F.R.D.

19   476, 488 (C.D. Cal. 2008) (courts will decertify a class if later revelations in the

20   form of discovery, motion practice, or trial preparation reveal that any of the

21   requirements of Rule 23 is not satisfied).

## II.    CONCLUSION

22

23        For the foregoing reasons, and for the reasons set forth more fully in the

24   attached motion for decertification, defendants respectfully request that the Court

25   grant their Motion for Leave to File their Renewed Motion for Decertification.

26

27

28

Dated: June 3, 2016

O'MELVENY & MYERS LLP
DANIEL M. PETROCELLI
DAVID L. KIRMAN

By:    /s/Daniel M. Petrocelli
          Daniel M. Petrocelli
Attorneys for Defendant
DONALD J. TRUMP and TRUMP
UNIVERSITY, LLC