ROBBINS GELLER RUDMAN & DOWD LLP
PATRICK J. COUGHLIN (111070)
patc@rgrdlaw.com
X. JAY ALVAREZ (134781)
jaya@rgrdlaw.com
JASON A. FORGE (181542)
jforge@rgrdlaw.com
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
DANIEL J. PFEFFERBAUM (248631)
dpfefferbaum@rgrdlaw.com
BRIAN E. COCHRAN (286202)
bcochran@rgrdlaw.com
JEFFREY J. STEIN (265268)
jstein@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
225 Broadway, Suite 2050
San Diego, CA  92101
Telephone:  619/342-8000

Class Counsel

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY LOW, J.R. EVERETT and JOHN BROWN, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRUMP UNIVERSITY, LLC, a New York Limited Liability Company and DONALD J. TRUMP,<br><br>Defendants. | No. 3:10-cv-0940-GPC(WVG)<br><br>CLASS ACTION<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER TO FILE A MOTION TO CLARIFY OR AMEND THE COURT'S CLASS CERTIFICATION ORDERS<br><br>DATE:     July 22, 2016<br>TIME:     1:30 p.m.<br>CTRM:    2D<br>JUDGE:   Hon. Gonzalo P. Curiel |

1157431_1

## I. INTRODUCTION

This Court's order on defendants' motion for decertification confirmed that plaintiffs' full-refund damages model is a valid methodology for providing a class-wide "baseline for damages," but it allowed defendants "to support an offset [on an individual basis] at the damages phase." Dkt. 418 at 19 (the "Order on Decert")). Confusion over the scope of the Order on Decert has recently spawned disputes over whether certain issues relate to liability versus damages, which have unnecessarily complicated the task of determining a complete trial plan.

Likewise, defendants have recently asserted confusion over the scope of the "university" aspect of this case. *See, e.g.*, Dkt. 482-2 at 14 n.14. Specifically, plaintiffs have long alleged that defendants misleadingly referred to their enterprise as "Trump University" ("TU"), which they portrayed as an elite university while concealing the fact that the New York State Education Department ("NYSED") had determined TU was so unqualified that it was unlawful for defendants to refer to it as a "university." This framing of the "university" aspect of this case is consistent with the operative complaint (Dkt. 128 at 1 n.1), the argument at the class-certification hearing (Declaration of Jason A. Forge ("Forge Decl."), filed concurrently, Ex. 1, 11/8/13 Hrg. Tr. at 23-24), the Court's class-certification order (Dkt. 298 at 1 n.1, 4 n.6 (the "Original Class Cert Order"), and the agreed-to language of the Court-approved class notice (Dkt. 419 at 9-10).

Both of these issues have arisen in the past two months – long after the deadline for filing motions had passed. Accordingly, plaintiffs respectfully request that the Court modify the Scheduling Order (Dkt. 349) so as to allow plaintiffs to move for clarification, or amendment, of the Order on Decert and the Original Class Cert Order (both orders are collectively referred to as "Class Certification Orders").

## II. APPLICABLE LEGAL STANDARDS

"A deadline established in a Rule 16 scheduling order 'may be modified only for good cause . . . .'" *Millsaps v. Pinal Cty. Super. Ct.*, 494 Fed. App'x 821, 823 (9th

1  Cir. 2012) (quoting Fed. R. Civ. P. 16(b)(4)). "This 'good cause' standard 'primarily
2  considers the diligence of the party seeking the amendment.'" *Id.* (quoting *Johnson v.*
3  *Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992)). "The district court may
4  modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the
5  party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16
6  advisory committee's note to 1983 amendment).

7  Additionally, "[a]n order that grants or denies class certification may be altered
8  or amended before final judgment." Dkt. 418 at 3 (quoting Fed. R. Civ. P.
9  23(c)(1)(C)).[1] Courts have wide discretion to modify a class certification order "in the
10 light of subsequent developments in the litigation." *Gen. Tel. Co. of the Sw. v.*
11 *Falcon*, 457 U.S. 147, 160 (1982). Rule 23(c)(1)(C) "enhances the usefulness of the
12 class-action device" by ensuring "a district court retains the flexibility to address
13 problems with a certified class as they arise." *Id.*[2]; *United Steel, Paper & Forestry,*
14 *Rubber, Mfg. Energy v. ConocoPhillips Co.*, 593 F.3d 802, 809 (9th Cir. 2010). In
15 this Circuit, a party may move under Rule 23(c)(1)(C) to request changes to the scope
16 of the class. *See, e.g.*, *Beck-Ellman v. Kaz USA, Inc.*, No. 3:10-CV-02134-H-DHB,
17 2013 U.S. Dist. LEXIS 60182, at *4 n.1 (S.D. Cal. Jan. 7, 2013) (granting Rule
18 23(c)(1)(C) motion to expand class definition). The Ninth Circuit's "review of
19 discretionary class certification decisions is deferential." *Yokoyama v. Midland Nat'l*
20 *Life Ins. Co.*, 594 F.3d 1087, 1091 (9th Cir. 2010).

---

[1]  Here, and throughout, unless otherwise noted, citations and footnotes are omitted, and emphasis is added.

[2]  Here, and throughout, references to "Rule" are to the Federal Rules of Civil Procedure, unless otherwise noted.

## III. ARGUMENT

### A. Confusion over the Scope of the Court's Order on Decert Warrants Consideration of Plaintiffs' Request for Clarification or Amendment

The Court need look no further than the parties' dueling proposed pretrial orders to see that decertifying the Class as to all damages-related issues at this stage of the proceedings unnecessarily complicates the formulation of a complete trial plan. *See, e.g.*, Dkt. 482-6, Ex. 34 at 10 (defendants' pretrial order submission misconstruing plaintiffs' citation to *Hilao v. Estate of Marcos*, 103 F.3d 767 (9th Cir. 1996), and arguing against its applicability in this case because that case "was a certified class for the purposes of damages").

If the Court intended for its Order on Decert to restrict Class Counsel's representation of Class Members prior to the damages phase, when defendants may avail themselves of "the right to support an offset" (Dkt. 418 at 18), a simple clarification to that effect is all that is necessary. If, on the other hand, the Court intended to decertify the Class as to all damages-related issues, plaintiffs would urge the Court to amend its Order on Decert so as to maintain certification of the damages class ***only until we reach the damages phase***. Either of these options would fully preserve all of defendants' rights, while enabling Class Counsel to represent the entire Class through the finalization of a complete trial plan, without having to differentiate between their roles vis-à-vis Class Members on "liability-related" versus "damages-related" issues.

Many courts have recognized "decertifying the class after the liability trial and providing notice to class members concerning how they may proceed to prove damages" as a management tool "available to a district court to address any individualized damages issues that might arise in a class action." *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 138, 141 (2d Cir. 2001) (internal quotation marks omitted), *overruled on other grounds* by *In re Initial Public Offering Sec. Litig.*, 471 F.3d 24 (2d Cir. 2006), and *superseded by statute on other grounds* as

1  stated in *Attenborough v. Constr. & Gen. Bldg. Laborers' Local 79*, 238 F.R.D. 82,
2  100 (S.D.N.Y. 2006); *Brown v. City of Detroit*, No. 10-CV-12162, 2014 WL 7074259,
3  at *4 (E.D. Mich. Dec. 12, 2014) (same); *In re Plastics Additives Antitrust Litig.*, No.
4  CIV.A. 03-2038, 2006 WL 6172035, at *4 (E.D. Pa. Aug. 31, 2006) (same).

Class Counsel's representation of ***all*** Class Members until commencement of the damages phase (if this case progresses to that point) will enable all Class Members to be represented for all aspects of this case throughout pretrial proceedings for the liability phase, for the liability phase of trial itself, and throughout the formulation of a trial plan for the damages phase. Along the way, to the extent there is any actual or arguable overlap of liability and damages issues, there will be no need for the Court to parse its rulings (*e.g.*, binding as to liability, but not binding as to damages) or resolve such skirmishes between the parties. And these efficiencies will be achieved with no prejudice to defendants' opportunity "to support an offset [on an individual basis] at the damages phase." Dkt. 418 at 19.

Finally, good cause exists to modify the Rule 16 schedule to allow plaintiffs to bring this motion. The motions' deadline in this case passed on February 20, 2015. *See* Dkt. 349 at 2. This Court issued its Order on Decert on September 18, 2015, and these complications did not arise until the past two months when the parties met and conferred about the proposed pretrial order. This means plaintiffs did not have the chance to raise these issues with the Court until long after the passing of the motions' deadline. The Court has broad discretion to clarify its orders, as Rule 23(c)(1)(C) empowers the Court to alter or amend any order granting or denying class certification at any time "before final judgment." Plaintiffs do not ask the Court to prejudge this issue, but rather to recognize it as one that at least merits consideration.

**B.    Clarifying the "University" Aspect of This Case Will Simplify Pre-Trial Proceedings and the Parties' Trial Preparation**

Defendants' June 3, 2016 motion for leave to file their "renewed" decertification motion seeks to create confusion about the "university" aspect of this

1  case. *See* Dkt. 482-2 at 14 n.14. Plaintiffs respectfully submit that clarification of the
2  Court's Certification Orders would eliminate any confusion, feigned or real.

3  The very first page of the operative complaint in this case alleges that the "New
4  York Department of Education insisted that the use of the word 'university' by your
5  corporation is misleading and violates New York Education Law and the Rules of the
6  Board of Regents." Dkt. 128 at 1 n.1. Plaintiffs referenced the NYSED's
7  condemnation in their motion for class certification (Dkt. 122-1 at 14), and at the
8  November 8, 2013 hearing on their motion (Forge Decl., Ex. 1, 11/8/13 Hrg. Tr. at 23-
9  24), as did the Court in its February 21, 2014 Original Class Cert Order (Dkt. 298 at 1
10 n.1 & 4 n.6). This consistent perspective culminated in the Court's September 21,
11 2015 Order, approving class notice with the following agreed-to description of this
12 case:

13  Plaintiffs allege that "Trump University" and Trump violated federal law across the country and state law (in California, Florida and
14  New York) by promising, but not delivering access to Trump's real estate techniques taught by "handpicked" professors at an elite
15  "university," when in fact Trump was not substantively involved in the Live Events curriculum or selecting the instructors and ***the New York***
16  ***State Education Department had warned Trump it was unlawful to call it a "university".*** Defendants deny the claims and deny wrongdoing.
17
    Dkt. 411-1, Ex. A at 3 (language approved by Dkt. 419 at 9).
18
    All of these events unfolded while defendants cycled through three different
19
    law firms. By June 3, 2016, however, defendants had enlisted a fourth law firm, and
20
    now defendants are asserting confusion over the "university" aspect of this case. *See*
21
    Dkt. 482-2 at 14 n.14. Defendants purport beguilement over the variety of adjectives
22
    that plaintiffs have used over the years to modify university, when referencing
23
    Trump's "'university' misrepresentation": "legitimate," "accredited," "elite,"
24
    "actual," and "real." *Id.* Notwithstanding defendants' supposed confusion, all of
25
    these adjectives are interchangeable in this context because they all modify the one
26
    word that really matters – "university" – and they all demonstrate that defendants
27
    consistently portrayed TU so as to mislead prospective student-victims, who would
28

have no reason to suspect that TU was so *illegitimate* that defendants broke the law by referring to it as a "university."

The concealed unlawfulness of defendants' use of the term "university" has been a mainstay of this case for years, and defendants did not object to the description of this case in the class notice, which included this mainstay. Obviously, the scope of the "university" aspect of plaintiffs' claims impacts the upcoming pre-trial and trial proceedings in this case and thus clarification is needed on the issue.

Yet, prior to defendants' June 3, 2016 submission (albeit in a proposed motion), there was no indication that the class notice had left either party confused over the scope of the "university" aspect of this case. Therefore, there was nothing to clarify prior to June 3, 2016. Now there is, and plaintiffs respectfully request that this Court modify the scheduling order so as to allow plaintiffs to file a motion to clarify what defendants have only recently attempted to muddy: that the class notice in this case accurately conveys the "university" aspect of plaintiffs' class claims.

## IV.  CONCLUSION

For all the foregoing reasons, plaintiffs respectfully request that the Court grant this motion.

DATED: June 17, 2016

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
X. JAY ALVAREZ
JASON A. FORGE
RACHEL L. JENSEN
DANIEL J. PFEFFERBAUM
BRIAN E. COCHRAN
JEFFREY J. STEIN

s/ Jason A. Forge
JASON A. FORGE

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

| | |
|---|---|
| 1 | |
| 2 | ZELDES HAEGGQUIST & ECK, LLP<br>AMBER L. ECK |
| 3 | AARON M. OLSEN<br>225 Broadway, Suite 2050 |
| 4 | San Diego, CA  92101<br>Telephone:  619/342-8000 |
| 5 | 619/342-7878 (fax) |
| | Class Counsel |

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 17, 2016.

s/ Jason A. Forge
JASON A. FORGE

ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:     jforge@rgrdlaw.com

1157431_1

3:10-cv-0940-GPC(WVG)