# EXHIBIT 1

Exhibit 1
page 1

```
 1                  UNITED STATES DISTRICT COURT

 2              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

 3
   TARLA MAKAEFF, et al., on      .
 4 Behalf of Themselves and All   .
   Others Similarly Situated,     .
 5                                . Docket
              Plaintiffs,         . No. 10-cv-00940-GPC-WVG
 6                                .
                    v.            . November 8, 2013
 7                                . 1:30 p.m.
   TRUMP UNIVERSITY, LLC,         .
 8 et al.,                        .
                                  .
 9            Defendants.         . San Diego, California
   . . . . . . . . . . . . . . . .
10               TRANSCRIPT OF MOTION HEARING
            BEFORE THE HONORABLE GONZALO P. CURIEL
11              UNITED STATES DISTRICT JUDGE

12                    A-P-P-E-A-R-A-N-C-E-S
   For the Plaintiffs:    Robbins Geller Rudman & Dowd LLP
13                        655 West Broadway, Suite 1900
                          San Diego, California 92101
14                        By:  JASON A. FORGE, ESQ.
                               RACHEL L. JENSEN, ESQ.
15                        - AND -
                          ZELDES HAEGGQUIST & ECK, LLP
16                        625 Broadway, Suite 1000
                          San Diego, California 92101
17                        By:  AMBER LEE ECK, ESQ.

18
   For the Defendants:    Yunker and Schneider
19                        655 West Broadway, Suite 1400
                          San Diego, California 92101
20                        By:  DAVID KEITH SCHNEIDER, ESQ.
                          - AND -
21                        Trump National Golf Club, Los Angeles
                          One Trump National Drive
22                        Rancho Palos Verdes, California 90275
                          By:  JILL ANN MARTIN, ESQ.
23
   Court Reporter:        Chari L. Possell, RPR, CRR
24                        333 West Broadway, Suite 420
                          San Diego, California 92101
25 Reported by Stenotype, Transcribed by Computer
```

Exhibit 1
page 2

1  the extent the Court were to conclude that there is this common
2  evidence made up of the playbook and the PowerPoint and the
3  witnesses who talk about how they were required to parrot
4  these, how much outside of that is the plaintiff going to be
5  offering at trial?
6     And to the extent that they do, in that case, how does
7  that affect this case in terms of manageability in terms of
8  being able to confine it to a two-week trial?
9         MR. FORGE:  I also drew the trial straw, Your Honor.
10 I will address that.
11    Your Honor, I think that it really -- those are strategic
12 decisions that I don't think are going to differ whether we try
13 one plaintiff or a class.  We talk about the evidence of the
14 different states' attorney general and other -- I wouldn't say
15 unique evidence, but more distinct types of evidence, along
16 those lines, all of that simply is going to go to show
17 Mr. Trump's intent, Mr. Trump's knowledge, which we have to
18 show regardless of whether we had one plaintiff or 1,000
19 plaintiffs.  So those are strategic decisions we would make,
20 and it would be the same outcome of whether it is a class or
21 whether it is one person.  It's really how much is enough.
22    Frankly, with that 2005 letter from the state, from the
23 New York State Education Department, looking at this from a
24 trial perspective, I don't think we are going to have to go
25 much beyond that.  When you look at that letter, and look at

Exhibit 1
page 3

1  Mr. Trump's testimony, we are not going to have to spend a
2  whole lot of time establishing that Mr. Trump knew they
3  shouldn't be using that name, "University," and establishing he
4  obviously knew he was not contributing in any substantive way
5  to the curriculum.
6      I don't think any of that -- I hate to call it extraneous,
7  but for trial purposes, it would be extraneous.  I don't think
8  any of that extraneous evidence is going to take up much, if
9  any, time at trial.
10         THE COURT:  For example, we have evidence referenced
11 regarding bandit signs and whether or not people were directed
12 to essentially be engaged in the real estate business without a
13 license, and there are all these upsells, and just a large
14 number of additional kind of claims that are in some ways
15 smaller but also have been important enough for the plaintiffs
16 to identify them, and I am wondering to what extent is the
17 plaintiff going to claim all of that should come in as well.
18         MR. FORGE:  Your Honor, I think Your Honor and I have
19 about the same length of time with this case, and I think that
20 we both have the benefit of what is an involved view of this
21 case from the plaintiffs' perspective.  We have come up -- we
22 have amassed enough evidence on the core themes that Ms. Jensen
23 has been discussing that we are not going to be getting into
24 those types of issues in the trial of this matter.  There's no
25 need to.  We are talking about bandit signs and things of that

Exhibit 1
page 4