DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
DAVID L. KIRMAN (S.B. #235175)
dkirman@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California 90067-6035
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

JILL A. MARTIN (S.B. #245626)
jmartin@trumpmational.com
TRUMP NATIONAL GOLF CLUB
One Trump National Drive
Rancho Palos Verdes, CA 90275
Telephone: (310) 202-3225
Facsimile: (310) 265-5522

Attorneys for Defendants Trump University,
LLC and Donald J. Trump

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY LOW, J.R. EVERETT, and JOHN BROWN, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br>vs.<br><br>TRUMP UNIVERSITY, LLC, a New York Limited Liability Company, and DONALD J. TRUMP,<br><br>Defendants. | Case No. 3:10-CV-0940-GPC-WVG<br>Judge:  Hon. Gonzalo P. Curiel<br><br>**[CLASS ACTION]**<br><br>**DEFENDANTS TRUMP UNIVERSITY'S AND DONALD J. TRUMP'S OBJECTIONS TO PLAINTIFFS' UNAUTHORIZED AND IMPROPER "PROPOSED ORDER"** |

Defendants object to the "proposed order" lodged by Plaintiffs on August 22, 2016 on the following grounds:

### **OBJECTION #1**

**RULE/AUTHORITY: CHAMBERS RULES AT 1 AND 2**

**OBJECTION: PLAINTIFFS DID NOT FILE THE PROPOSED ORDER SIMULTANEOUSLY WITH THEIR MOVING PAPERS**

The Court's Chambers Rules require any proposed orders to be "submitted . . . simultaneously with" a motion for relief. *See* Chambers Rules at 1. The purpose of the "simultaneous" requirement is to ensure that the opposing party is given a fair opportunity to respond to the specific relief sought.

Plaintiffs filed their "Motion to Modify Scheduling Order to File a Motion to Clarify or Amend The Court's Class Certification Orders" on June 17, 2016. Plaintiffs submitted no proposed order at that time. Plaintiffs also failed to meet and confer or otherwise provide defendants notice before submitting their proposed order on August 22, 2016. Plaintiffs' attempt to supplement their June 17, 2016 filing months later violates the Court's rules. *See, e.g.*, *Nilon v. Nat'l-Immunogenics Corp.*, 2015 WL 456437, at *2 (S.D. Cal. Feb. 3, 2015) (denying plaintiff's motion "for failure to follow the Court's discovery motion procedures" and finding the motion was "unauthorized and [] not properly before the Court"); *see also BP W. Coast Prods. LLC v. Crossroad Petroleum, Inc.*, 2015 WL 4509499, at *3 (S.D. Cal. Jul. 24, 2015) (denying defendants' motion to extend deadlines based on "violations, without good cause, of the Court's Civil Chambers Rules" and a discovery order).

### **OBJECTION #2**

**RULE/AUTHORITY: FED. R. CIV. P. 7(B); S.D. CAL. CIV. L.R. 7.1(F)**

**OBJECTION: RELIEF REQUESTED IN PLAINTIFFS' PROPOSED ORDER NOT "SET FORTH" IN NOTICE OF MOTION**

Federal Rule of Civil Procedure 7(b) states that a "request for a court order must be made by motion," which must, among other things, "state with particularity

1  the grounds for seeking the order; and state the relief sought." *See also* S.D. Cal.
2  Civ. L.R. 7.1(f) (requiring that each request for a ruling from the court "must be
3  accompanied by a separate motion and notice of motion"). Plaintiffs' Notice of
4  Motion sought leave to modify the scheduling order to permit the filing of a motion
5  to amend the certification order. Dkt. 489 at 2 ("[P]laintiffs . . . move this Court to
6  modify the scheduling order <u>to file a motion</u> . . . ." (emphasis added)).

       Plaintiffs' proposed order, in contrast, actually seeks to *modify the certification order* itself—and, as such, is a violation of Rule 7(b) and this Court's Local Rules.

**OBJECTION #3**

**RULE: CHAMBERS RULES AT 2; S.D. CAL. CIV. L.R. 7.1**

**OBJECTION: PLAINTIFFS' "PROPOSED ORDER" IS AN UNAUTHORIZED SUR-REPLY FOR WHICH LEAVE OF COURT WAS NOT SOUGHT OR OBTAINED**

       Under this Court's rules, "parties must obtain leave of Court by filing an ex parte request before filing any sur-replies." Hon. Gonzalo P. Curiel Civ. Pretrial & Trial Proc. at 2; *see also* S.D. Cal. Civ. L.R. 7.1 (providing only for motion, opposition, and reply). Plaintiffs ignored this procedure entirely. Plaintiffs did not file an *ex parte* application to file a sur-reply, nor did they obtain leave of Court before submitting the sur-reply disguised as a proposed order.

       Plaintiffs fully briefed the issues presented in their motion. On July 22, 2016, the Court heard argument on these issues and took the matter under submission, noting that it was "unclear what clarification [was] being sought" and that the Court "d[id] not believe that it would be appropriate at this juncture to define or give some specific meaning to that term at this point." Dkt. 500 at 4:9–21.

       Plaintiffs' "proposed order" seeks to augment and revive arguments made at the hearing, which amounts to an improper sur-reply. *See, e.g.*, *Bealer v. Harris*, 2015 U.S. Dist. LEXIS 102051, at *2 (E.D. Cal. Aug. 4, 2015) (sur-reply is "an

additional reply to a motion filed after the motion has already been fully briefed");
*Daniels v. Comunity Lending, Inc.*, 2015 U.S. Dist. LEXIS 62852, at *10–11 (S.D. Cal. May 12, 2015); *E.E.O.C. v. Global Horizons, Inc.*, 287 F.R.D. 644, 648 (E.D. Wash. 2012) (striking "supplement" to a fully briefed motion for failure to seek leave).[1]

### OBJECTION #4

**RULE/AUTHORITY: DKT. 298 AT 4 & N.6; DKTS. 298, 418**

**OBJECTION: PLAINTIFFS' "PROPOSED ORDER" MISREPRESENTS THE COURT'S CERTIFICATION ORDER AND SEEKS TO EXPAND THE CLASS AFTER CLOSE OF DISCOVERY**

Plaintiffs' proposed order—while purporting to "simply" "clarify" the scope of the class trial—actually manifests a dramatic expansion of this case.

*First*, plaintiffs' proposed order seeks to certify a theory of fraud based on plaintiffs' allegation that "the New York State Education Department [NYSED] had warned Trump that it was unlawful to use the 'university' title." Kirman Decl., Ex. 2. <u>None</u> of that was part of this Court's certification order, which stated succinctly: "Plaintiffs allege TU and Donald Trump made the following common misrepresentations . . . (1) Trump University was an accredited university." Dkts. 298 at 4; 418 at 2.

Plaintiffs attempt to convert a case certified based on "common misrepresentations" into one based on an alleged "omission." Dkt. 298 at 4 & n.6.

---

[1] Before filing this objection, defendants asked plaintiffs to withdraw the inappropriate proposed order. Plaintiffs refused. Plaintiffs have taken the position that they effectively applied *ex parte* for leave to submit a sur-reply when, at the July 22 hearing, plaintiffs offered to submit a proposed order. At the conclusion of plaintiffs' presentation, the Court said, "thank you." Plaintiffs appear to interpret that exchange as the Court granting plaintiffs leave to file a sur-reply. Defendants hesitate to speak for the Court but respectfully contend the Court did not intend to [a] authorize plaintiffs to submit a proposed order more than two months after plaintiffs filed their motion and a month after the hearing; [b] permit plaintiffs to convert its motion for leave to file papers seeking an amendment into an order actually amending the certification order; or [c] deny defendants the opportunity to respond. *See* Declaration of David L. Kirman, Ex. 1.

1  *See generally* Dkts. 298, 418.  Plaintiffs introduced this new omission-based theory
2  of liability after close of discovery and defendants' pending motion for leave to file
3  a renewed motion for decertification demonstrated that plaintiffs' "accredited
4  university" misrepresentation theory of liability was flawed.  "Plaintiff[s] may not,
5  at the eleventh hour, attempt to snatch victory from the jaws of defeat by asserting a
6  new theory for relief."  *Rich v. Shrader*, 2013 WL 6495695, at *5 (S.D. Cal. Dec.
7  10, 2013), *aff'd*, 823 F.3d 1205 (9th Cir. 2016).

   Expanding the certification order as plaintiffs request would require the Court to certify a new, omission-based theory of liability.  Defendants have never had the opportunity to challenge—either on the pleadings, at certification, during discovery, or on summary judgment—plaintiffs' novel omission-based theory of liability.  Plaintiffs seek to convert a concrete misrepresentation about TU's accreditation status—the issue unambiguously certified by the Court—into a convoluted issue involving: (1) whether Mr. Trump was "substantively involved" in either live events or hiring TU employees, and (2) whether Mr. Trump had been "warned" and by whom "that it was unlawful to use the 'university' title."  Kirman Decl., Ex. 2.  These theories have not been scrutinized under Rule 23 and would create a series of mini-trials.  The parties would be required to present evidence concerning who "warned" Mr. Trump; whether that person had authority to do so; whether a letter from a regulator amounted to a "warning" sufficient to require disclosure to TU students; whether the "warning" was a final determination; among others.  As defendants neither conducted discovery directed toward this theory nor litigated its appropriateness, this would cause insurmountable prejudice to defendants.  *See Jefferson v. Chase Home Fin.*, 2008 WL 1883484, at *6 (N.D. Cal. Apr. 29, 2008) ("Courts . . . refuse to allow new theories where doing so would deprive the defendant the right to conduct discovery on the claim or to make pretrial motions regarding the theory of liability."); *Jimmie's Limousine Serv., Inc. v. City of Oakland*, 2005 WL 2000947, at *5 (N.D. Cal. 2005) ("Allowing new

theories of liability [months before trial] would prejudice defendants.").[2]

*Second*, plaintiffs' proposed order asks the Court to permit class counsel to "continue to represent the Class for all purposes until the Court approves the procedures for the damages phase, if any." Kirman Decl., Ex. 2. To the extent that by using the term "procedures for the damages phase," Plaintiffs are asking the Court to "maintain certification of the damages class," that would contradict the Court's certification order, violate the law, and be an improvident stealth motion for reconsideration. Dkt. 489-1 at 3.

Defendants have relied on the Court's complete decertification of damages in this case in formulating its trial and appellate strategy in this matter. Further, as defendants explained at length in their renewed motion for decertification, damages issues in this case—reliance on inapplicable FTC authority such as *Figgie* to justify an unprecedented full refund model and failure to offer any alternative damages theory that would be legally justified—compel decertification entirely, not recertification. *See In re First Am. Home Buyers Prot. Corp. Class Action Litig.*, 313 F.R.D. 578, 608–09 (S.D. Cal. 2016) (quoting *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 736 (9th Cir. 2007)); *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 989 (9th Cir. 2015) (the measure of restitution under California law is "the difference between what was paid and what a reasonable consumer

---

[2] At argument, plaintiffs argued that its patent expansion of the class certification order was not really an expansion because the language proposed is taken verbatim from the class notice. The law is clear: the language of the Court's certification order—not class notice designed to speak in lay terms to lay people—controls the scope of claims. *See Civil Rights Educ. & Enforcement Ctr. v. Hospitality Props. Trust*, 2016 WL 1534848, at *10 (N.D. Cal. Apr. 15, 2016) ("Pursuant to Fed. R. Civ. P. 23(c)(1)(B), '[a]n order that certifies a class action must define the class and the class claims, issues, or defenses . . . .'"); *Medlock v. Taco Bell Corp.*, 2014 WL 2154438, at *3 (E.D. Cal. May 22, 2014) ("[T]he claims which receive class treatment are defined by the order on class certification."); *see also Wachtel v. Guardian Life Ins. Co. of Am.*, 453 F.3d 179, 187–88 (3d Cir. 2006) (noting that a certification order defines the class). That is doubly true here where the portion of the class notice relied on by plaintiffs provided a generic description of both the *Cohen* and *Low* cases. *See* Dkt. 411-1 at 3.

would have paid at the time of purchase without the fraudulent or omitted information.").[3]

Dated:  August 24, 2016

Respectfully submitted,

O'MELVENY & MYERS LLP
DANIEL M. PETROCELLI
DAVID L. KIRMAN

By:   /s/ Daniel M. Petrocelli
         Daniel M. Petrocelli

Attorneys for Defendants
TRUMP UNIVERSITY, LLC and
DONALD J. TRUMP
E-mail: dpetrocelli@omm.com

---

[3] If plaintiffs' proposed order is granted, defendants will be entitled to seek appellate review of the expanded certification order and recertification of damages. *See Matz v. Household Int'l Tax Reduction Inv. Plan*, 687 F.3d 824, 826 (7th Cir. 2012) ("[A]n order materially altering a previous order granting or denying class certification is within the scope of Rule 23(f) even if it doesn't alter the previous order to the extent of changing a grant into a denial or a denial into a grant."); *Gene & Gene, L.L.C. v. BioPay, L.L.C.*, 624 F.3d 698, 705 (5th Cir. 2010) (reversing district court order recertifying class); *see also Carpenter v. Boeing Co.*, 456 F.3d 1183, 1191 (10th Cir. 2006); *Sheinberg v. Sorensen*, 606 F.3d 130, 132 (3d Cir. 2010).