DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
DAVID L. KIRMAN (S.B. #235175)
dkirman@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California  90067-6035
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

JILL A. MARTIN (S.B. #245626)
jmartin@trumpmational.com
TRUMP NATIONAL GOLF CLUB
One Trump National Drive
Rancho Palos Verdes, CA 90275
Telephone: (310) 202-3225
Facsimile: (310) 265-5522

Attorneys for Defendants
DONALD J. TRUMP and
TRUMP UNIVERSITY, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY LOW et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>                            Plaintiffs,<br><br>v.<br><br>TRUMP UNIVERSITY, LLC et al.,<br><br>                            Defendants. | Case No.  10-CV-0940-GPC(WVG)<br>Judge:  Hon. Gonzalo P. Curiel<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE ADMISSIBILITY OF TESTIMONY OF FORMER TU STUDENT-WITNESSES** |

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................ 1

II.    DEFENDANTS HAVE A CONSTITUTIONAL RIGHT TO
PRESENT THEIR DEFENSE AT A CLASS TRIAL .................................... 2

    A.    The Seventh Amendment of the U.S. Constitution ............................ 2

    B.    Federal Rule of Evidence 402 .................................................... 3

    C.    The Court's Certification Order Does Not "Relieve" Plaintiffs of
Their Burden of Proof, Nor Restrict Defendants From
Presenting Their Defense ......................................................... 4

    D.    The Testimony of Former Students of Trump University Is
Relevant to Contested Factual Issues ......................................... 7

        1.    Materiality ................................................................. 8

        2.    Uniform Representations .............................................. 10

        3.    Not Actionably False .................................................. 11

        4.    Reliance ................................................................... 12

    E.    *Waters* Is Distinguishable, an Outlier, and Pre-*Dukes* ...................... 14

III.    CONCLUSION ............................................................................ 16

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*AFL Telecomms. LLC v. SurplusEQ.com Inc.*,
   946 F. Supp. 2d 928 (D. Ariz. 2013) ..................................................................8

*Allison v. Citgo Petroleum Corp.*,
   151 F.3d 402 (5th Cir. 1998) ...........................................................................2

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ........................................................................................3

*Bachman v. Collier*,
   1977 U.S. Dist. LEXIS 17007 (D.D.C. 1977) .......................................................7

*Barnes v. District of Columbia*,
   924 F. Supp. 2d 74 (D.D.C. 2013) ............................................................2, 5, 6

*Beacon Theatres, Inc. v. Westover*,
   359 U.S. 500 (1959) ........................................................................................4

*Bogosian v. Gulf Oil Corp.*,
   1983 WL 1938 (E.D. Pa. Dec. 16, 1983) ............................................................7

*Bruhl v. Pricewaterhouse Coopers, Int'l*,
   2010 WL 5090207 (S.D. Fla. 2010) ..................................................................13

*Cabral v. Supple LLC*,
   608 F. App'x 482 (9th Cir. 2015) ..............................................................7, 10

*Chickadaunce v. Minott*,
   2014 U.S. Dist. LEXIS 141722 (S.D. Ind. Oct. 6, 2014) ......................................6

*Cohen v. Implant Innovations, Inc.*,
   259 F.R.D. 617 (S.D. Fla. 2008) ..........................................................10, 11, 12

*Cold Stone Creamery, Inc. v. Lenora Foods I, LLC*,
   332 F. App'x 565 (11th Cir. 2009) ....................................................................8

*Cmty. of Cent. Am. Refugees v. I.N.S.*,
   682 F. Supp. 1055 (N.D. Cal. 1988) ..................................................................6

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*,
  911 F.2d 242 (9th Cir. 1990) ............................................................................... 11

*Criswell v. W. Air Lines, Inc.*,
  514 F. Supp. 384 (C.D. Cal. 1981), *aff'd sub nom. Criswell v. W.
  Airlines, Inc.*, 709 F.2d 544 (9th Cir. 1983) ......................................................... 3

*Cruz v. Dollar Tree Stores, Inc.*,
  2011 WL 843956 (N.D. Cal. Mar. 8, 2011) ........................................................... 6

*Davis v. HSBC Bank Nev., N.A.*,
  691 F.3d 1152 (9th Cir. 2012) .............................................................................. 8

*Deposit Guar. Nat'l Bank v. Roper*,
  445 U.S. 326 (1980) ............................................................................................. 4

*Disorderly Kids, LLC v. Family Dollar Stores, Inc.*,
  2015 WL 11117073 (C.D. Cal. Dec. 17, 2015) .............................................. 13, 15

*Garlick v. Cty. of Kern*,
  2016 WL 1461841 (E.D. Cal. Apr. 14, 2016) ...................................................... 14

*Harriss v. Pan Am. World Airways, Inc.*,
  74 F.R.D. 24 (N.D. Cal. 1977) .............................................................................. 4

*Hathaway v. Runyon*,
  132 F.3d 1214 (8th Cir. 1997) .............................................................................. 3

*In re Homestore.com, Inc.*,
  2011 WL 291176 (C.D. Cal. Jan. 25, 2011) ........................................................ 14

*Ill. Union Ins. Co. v. Intuitive Surgical, Inc.*,
  2016 WL 1534786 (N.D. Cal. 2016) ..................................................................... 3

*Iorio v. Allianz Life Ins. Co. of N. Am.*,
  2008 U.S. Dist. LEXIS 118344 (S.D. Cal. July 8, 2008) ...................... 2, 6, 9, 12

*Jonasson v. Lutheran Child & Family Servs.*,
  115 F.3d 436 (7th Cir. 1997) .............................................................................. 15

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Knight v. Mill-Tel, Inc.*,
  2013 WL 3895341 (D. Kan. July 29, 2013)..............................................6

*Mirkin v. Wasserman*,
  5 Cal. 4th 1082 (1993)..........................................................................7, 10

*Morris v. Affinity Health Plan, Inc.*,
  928 F. Supp. 2d 805 (S.D.N.Y. 2013) ...................................................16

*In re Nassau Cnty. Strip Search Cases*,
  2009 WL 706252 (E.D.N.Y. Mar. 16, 2009) .............................................7

*In re Nat'l W. Life Ins. Deferred Annuities Litig.*,
  2013 WL 593414 ......................................................................................13

*Negrete v. Allianz Life Ins. Co. of N. Am.*,
  2013 WL 6535164 (C.D. Cal. Dec. 9, 2013) ...........................2, 3, 6, 10

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985) .................................................................................16

*Plascencia v. Lending 1st Mortg.*,
  2011 WL 5914278 (N.D. Cal. Nov. 28, 2011).......................2, 9, 10, 12

*Rollins, Inc. v. Butland*,
  951 So. 2d 860 (Fla. Dist. Ct. App. 2006)..............................................10

*Schagene v. Mabus*,
  2015 WL 251197 (S.D. Cal. Jan. 20, 2015) ......................................15, 16

*Skydive Ariz., Inc. v. Quattrocchi*,
  673 F.3d 1105 (9th Cir. 2012) ...............................................................8, 13

*Thornberry v. Delta Air Lines*,
  1978 WL 41 (N.D. Cal. 1978)....................................................................4

*United States v. Amaro*,
  613 F. App'x 600 (9th Cir. 2015)............................................................15

*United States v. Curtin*,
  489 F.3d 935 (9th Cir. 2007) .....................................................................3

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*United States v. Stanfill El*,
714 F.3d 1150 (9th Cir. 2013) ............................................................. 1

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) ............................................................. 2, 4, 5, 15

*Washington v. Samuels*,
2016 WL 3999990 (E.D. Cal. July 25, 2016) ..................................... 15

*Waters v. Int'l Precious Metals Corp.*,
172 F.R.D. 479 (S.D. Fla. 1996) .................................................. 14, 15

*Whiteway v. FedEx Kinkos Office & Print Servs.*,
2007 WL 1456046 (N.D. Cal. May 17, 2007) ................................. 2, 5

*Young v. Cnty. of Cook*,
2009 WL 2231782 (N.D. Ill. July 27, 2009) .............................. 3, 6, 15

## RULES

Fed. R. Civ. P. 23 ................................................................................ 4

Fed. R. Evid. 402 ............................................................................. 2, 3

Fed. R. Evid. 403 ......................................................................... 5, 15

## CONSTITUTIONAL PROVISIONS

U.S. Const. amend. VII ...................................................................... 1

DEFS.' BRIEF RE:
ABSENT CLASS MEMBER TESTIMONY
10-CV-0940-GPC (WVG)

## I.    INTRODUCTION

The Seventh Amendment of the United States Constitution guarantees a right to a jury trial.  U.S. Const. amend. VII; *United States v. Stanfill El*, 714 F.3d 1150, 1155 (9th Cir. 2013).  Defendants Trump University and Donald J. Trump have invoked their right to a jury.  Dkt. 482-6 at 101.  Plaintiffs seek to abridge defendants' rights.  The request is unprincipled and unsupported.

Under the guise of seeking to "streamline" the trial, plaintiffs ask the Court—three months before trial begins—for a blanket *in limine* order preventing defendants from presenting to the jury testimony from any former students of Trump University, except the class representatives plaintiffs tactically choose to call.  We are aware of no authority supporting such a position.  The law is expressly to the contrary—testimony of absent class members is routinely allowed in class trials.

Contrary to plaintiffs' rhetoric, the Court's order certifying the class and appointing Sonny Low and two others as typical representatives does not make other student testimony "immaterial," nor does it restrict the manner and method of proof available to defendants to defend themselves in this case.  Dkt. 488 at 12. Plaintiffs misconstrue the law, and their request, if granted, would convert a search for the truth into an unfair, one-sided, and indefensible process.  That would be a gross and reversible perversion of defendants' due process rights.

Certification notwithstanding, plaintiffs still must prove at trial, among other things, that defendants made uniform representations and that those representations were actionably false, material to the reasonable consumer, and relied upon by them.  Defendants intend to and have a right to disprove each of those elements of plaintiffs' case by, among other things, calling as trial witnesses individuals who attended Trump University seminars.  These former students will testify under oath about what they saw before attending Trump U., what they heard and saw while there, the context in which the information was received, the importance they

ascribed to certain things over others, and the reasons purchasing decisions were made—or not made.  This is what trials are for and what the Constitution assures.

No case from any jurisdiction has ever handcuffed defendants in the way plaintiffs seek here.  To the contrary, plaintiffs' request would:

1. Violate the Constitution, Federal Rule of Evidence 402, and *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), which held that a court's order certifying a class is a procedural order that does not relieve the plaintiff of their burden to prove all elements of its substantive case at trial to a jury;

2. Defy a line of cases, including *Whiteway v. FedEx Kinkos Office & Print Services*, 2007 WL 1456046, at *1–3 (N.D. Cal. May 17, 2007), *Barnes v. District of Columbia*, 924 F. Supp. 2d 74, 91–93 (D.D.C. 2013), *Negrete v. Allianz Life Insurance Co. of North America*, 2013 WL 6535164, at *20–21 (C.D. Cal. Dec. 9, 2013), *Iorio v. Allianz Life Insurance Co. of North America*, 2008 U.S. Dist. LEXIS 118344, at *96 (S.D. Cal. July 8, 2008), and *Plascencia v. Lending 1st Mortgage*, 2011 WL 5914278, at *1–2 (N.D. Cal. Nov. 28, 2011), which acknowledge the relevance of absent class member testimony at a class trial and recognize a class defendant's right to try his own case; and

3. Conflict with plaintiffs' own witness list in which they "reserve[d] the right to call at trial" 11 former students of Trump University who are not class representatives, *see* Ex. 1.[1]

Moreover, any ruling on the relevance of testimony of former TU students at this time would be premature.  Plaintiffs have not presented their case to the jury.  Their witnesses have not testified.  No exhibits have been admitted.  All we have is a generic description of what plaintiffs' witnesses—including absent class members—are expected to say.  Defendants have a right to respond to and rebut the actual evidence presented at trial.

## II.   DEFENDANTS HAVE A CONSTITUTIONAL RIGHT TO PRESENT THEIR DEFENSE AT A CLASS TRIAL.

### A.   The Seventh Amendment of the U.S. Constitution.

The Constitution affords defendants an inalienable right to present evidence

---

[1] All Exhibit references herein are to the Declaration of David L. Kirman.

DEFS.' BRIEF RE:
ABSENT CLASS MEMBER TESTIMONY
10-CV-0940-GPC (WVG)

and witnesses in their defense and to have a jury consider, evaluate, and decide all disputed material facts. *See Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 423 (5th Cir. 1998) ("Once the right to a jury trial attaches to a claim . . . [the right] extends to *all factual issues* necessary to resolving that claim." (emph. added)); *Criswell v. W. Air Lines, Inc.*, 514 F. Supp. 384, 393 (C.D. Cal. 1981) ("traditional right to jury trial" includes right to have jury decide "all issues of fact necessary to the recovery or non-recovery of damages"), *aff'd sub nom. Criswell v. W. Airlines, Inc.*, 709 F.2d 544 (9th Cir. 1983). As the Supreme Court said in *Anderson v. Liberty Lobby, Inc.*, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." 477 U.S. 242, 255 (1986). Defendants will be deprived of their rights if the Court does not permit the jury to consider critical testimony related to germane disputed issues before trial. *See, e.g., Ill. Union Ins. Co. v. Intuitive Surgical, Inc.*, 2016 WL 1534786, at *3–4 (N.D. Cal. 2016) ("[S]hould this court determine . . . factual issues on its own before a trial by jury, [party] would be denied his constitutional right to a jury trial."); *Hathaway v. Runyon*, 132 F.3d 1214, 1225 (8th Cir. 1997) ("While there was conflicting evidence about the work environment [in a case for hostile work environment], it was for the jury to resolve the conflicts, even if the district court believed that it might have decided the issues differently had it been the fact-finder." (citations omitted)).

## B.    Federal Rule of Evidence 402.

Likewise, Federal Rule of Evidence 402 "declares that '[a]ll relevant evidence is admissible, except as otherwise provided by [federal law].'" *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007) (emph. added) (quoting Fed. R. Evid. 402). Rule 402 applies to testimony of unnamed class members. *See Negrete v. Allianz Life Ins. Co. of N. Am.*, 2013 WL 6535164, at *21. (C.D. Cal. Dec. 9, 2013) (denying motion to exclude unnamed class members because *movant* failed to establish the proposed testimony was irrelevant); *Young v. Cnty. of Cook*, 2009

DEFS.' BRIEF RE:
ABSENT CLASS MEMBER TESTIMONY
10-CV-0940-GPC (WVG)

WL 2231782, at *1 (N.D. Ill. July 27, 2009) (holding there is "no basis in law for the proposition that an unnamed class member should not be permitted to testify at the trial of a class action"); *id.* ("There is likewise no basis for the proposition that unnamed class members are cumulative witnesses as a matter of law or that the purported 'atypicality' of their testimony is a basis under the Federal Rules of Evidence or otherwise to bar them from testifying.").

### C.   The Court's Certification Order Does Not "Relieve" Plaintiffs of Their Burden of Proof, Nor Restrict Defendants From Presenting Their Defense.

That plaintiffs have "cleared the Rule 23 hurdle," does not resolve the disputed elements of this case.  Dkt. 482-7 at 679.  Plaintiffs misunderstand the purpose and effect of an order certifying a case for class treatment.  Certification is procedural—it permits a case to be tried on a class-wide basis.  But it is not a substantive order, does not relieve plaintiffs of their burden of proof on contested fact issues, and does not circumscribe the defendant's ability to mount a defense.

As the Supreme Court has held, procedural rules, like Rule 23, cannot "abridge, enlarge or modify any substantive right" and must be construed to "preserve the right of trial by jury."  *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510–19 (1959).  For that reason, a certification order is purely a "procedural order"; it "carries no implication respecting the merits of the case."  *Harriss v. Pan Am. World Airways, Inc.*, 74 F.R.D. 24, 37 (N.D. Cal. 1977); *Thornberry v. Delta Air Lines*, 1978 WL 41, at *14 (N.D. Cal. 1978) (same); *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 332 (1980) ("[T]he right of a litigant to employ Rule 23 is a procedural right only, ancillary to the litigation of substantive claims.").

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), is the most recent pronouncement.  While a class certification decision may "involve[] considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action," nothing determined at the class certification stage relieves plaintiffs of their burden to prove the merits of their case.  *Id.* at 351–52.  For example, even though

DEFS.' BRIEF RE:
ABSENT CLASS MEMBER TESTIMONY
10-CV-0940-GPC (WVG)

plaintiffs may establish the elements of Rule 23 and proceed as a class and even though a "presumption" of reliance may apply under a "fraud on the market" theory, the facts underlying these findings "have to [be] prove[n] again at trial in order to make out their case *on the merits*." *Id.* at 351 n.6 (emph. added).

Not surprisingly, numerous cases have authorized defendants to introduce testimony to disprove key elements of plaintiffs' cases, including elements that were preliminarily decided by the court in connection with class certification.  In *Whiteway v. FedEx Kinkos Office & Print Services*, 2007 WL 1456046, at *1 (N.D. Cal. May 17, 2007), for example, the district court certified a class of FedEx managers to determine whether they were "executive exempt" employees under California wage and overtime law.  Before trial, plaintiffs sought to prohibit FedEx from calling absent class members and opt-out witnesses during trial, arguing, like plaintiffs here, that [a] class certification had been determined and Whiteway was determined to be a typical representative; and, therefore, [b] testimony from absent class member or opt out executives called by FedEx would be irrelevant, cumulative, and unnecessary. *Id.* at *2-3.  FedEx opposed, asserting that "if a jury is not allowed to hear evidence from anyone but representative plaintiff Whiteway, then FedEx will be denied its due process right to present a full defense to the claims asserted against it." *Id.*  In language that could have been written for this case, the Court stated: "it is for the parties to determine … how best to put forward their evidence and to effectively rebut the evidence offered by the other side." *Id.* "[I]f one side presents needlessly cumulative evidence," the court reasoned, "the other [party] may object under Federal Rule of Evidence 403." *Id.*

*Barnes v. District of Columbia*, 924 F. Supp. 2d 74 (D.D.C. 2013), also illustrates the principle that class certification does not eliminate contested fact issues from the case.  Plaintiffs in *Barnes* brought a civil rights case against the District of Columbia's jails, arguing the District's policy of over-detaining and strip-searching inmates was unconstitutional.  *See id.*  Plaintiffs sought to call as

witnesses the class representatives and other unnamed class members to describe their experiences at the jail.  Defendants opposed, arguing, like plaintiffs here, that testimony from absent class members would be "irrelevant," "time-consuming," "confusing, duplicative, and prejudicial." *Id.* at 91.  The court allowed the testimony.  "Unless the testimony is inadmissible under the Rules, [one party] cannot dictate the [other party's] trial strategy, or how they should present their evidence. . . . Five [class member] witnesses, briefly explaining their first-hand experiences, would not waste the Court's time." *Id.* at 92.

Negrete v. Allianz Life Ins. Co. of N. Am.*, 2013 WL 6535164, at *21 (C.D. Cal. Dec. 9, 2013), is another example.  The court certified a class of individuals who purchased annuities based on an alleged failure to disclose information.  At trial, plaintiffs sought to introduce testimony from the class representative and "absent class members" to show "that the alleged misrepresentations were in fact uniform." *Id.* at *21.  Defendants sought to exclude the testimony of the absent class members, arguing that because the court had certified the class, "plaintiffs should be limited to the testimony of the named plaintiff." *Id.* at *20.  The court refused to exclude the testimony of absent class members despite the fact that it had certified a class. *Id.* at *20–21; *accord Young*, 2009 WL 2231782, at *1; *Chickadaunce v. Minott*, 2014 U.S. Dist. LEXIS 141722, at *5–6 (S.D. Ind. Oct. 6, 2014) ("[t]hat discovery from absent class members is permissible implies that presentation of evidence about those class members is also appropriate.").

Lest there be doubt, courts across the country routinely permit testimony at trial from absent class members and/or opt outs. *See, e.g., Committee. of Cent. Am. Refugees v. I.N.S.*, 682 F. Supp. 1055, 1058 (N.D. Cal. 1988) ("At the trial of this action, plaintiffs offered the testimony of five named plaintiffs and class members, three by live testimony and two by deposition."); *Cruz v. Dollar Tree Stores, Inc.*, 2011 WL 843956, at *4 (N.D. Cal. Mar. 8, 2011) (granting discovery of absent class members so defendant could "determine precisely *which* class members

DEFS.' BRIEF RE:
ABSENT CLASS MEMBER TESTIMONY
10-CV-0940-GPC (WVG)

should testify at trial"); *Iorio v. Allianz Life Ins. Co. of N. Am.*, 2008 U.S. Dist. LEXIS 118344, at *96 (S.D. Cal. July 8, 2008) (acknowledging expected testimony of "absent class members"); *Knight v. Mill-Tel, Inc.*, 2013 WL 3895341, at *9 (D. Kan. July 29, 2013) (approving class notice that informed potential class members they "may be required to . . . testify under oath at a deposition, hearing, or trial;" defendant argued it would "likely subpoena many class members to testify as witnesses at trial"); *In re Nassau Cnty. Strip Search Cases*, 2009 WL 706252, at *2 (E.D.N.Y. Mar. 16, 2009) ("[E]ach party will be able to call up to ten fact witnesses from the class"); *Bogosian v. Gulf Oil Corp.*, 1983 WL 1938, at *1 (E.D. Pa. Dec. 16, 1983) ( "defendants may seek to call unnamed plaintiff-class members as trial witnesses"); *Bachman v. Collier*, 1977 U.S. Dist. LEXIS 17007, at *5–6 (D.D.C. 1977) ("list of class members whom plaintiff plans to call as witnesses at trial").

### D.   The Testimony of Former Students of Trump University Is Relevant to Contested Factual Issues.

Under the Court's certification order and the consumer fraud statutes invoked by plaintiffs, plaintiffs must prove at trial, among other things, that:

1. Uniformity.  Defendants uniformly represented that TU was an "accredited university" and that Mr. Trump "hand-picked" all instructors and mentors;

2. False.  Defendants' representations made were actionably false or misleading;

3. Materiality.  The alleged misrepresentations were material; and

4. Reliance.  Plaintiffs, as a class, relied on the alleged misrepresentations in making their purchasing decisions.

Dkt. 298 at 19–24; *see also Cabral v. Supple LLC*, 608 F. App'x 482, 483 (9th Cir. 2015) (In cases "based [on] alleged misrepresentations in advertising . . . it is critical that the misrepresentation . . . be made to all of the class members."); *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1095 (1993) (class-wide inference of reliance permitted only "when the *same* material misrepresentations have actually been communicated to each member of a class" (emph. added)).

As explained in further detail below, defendants intend to call as witnesses former students of Trump University—absent class members and opt outs—who will provide testimony relevant to each of these contested issues.

Critically, defendants' student-witnesses will also provide the jury with key testimony to rebut the evidence plaintiffs offer in their case-in-chief, which is nothing more than hypothetical at this stage of the litigation. The relevance of this testimony will be known only in the context of trial.

### 1. **Materiality.**

Materiality is an objective element in which the jury is asked to determine what is or is not meaningful to a reasonable consumer under the circumstances.[2] The Ninth Circuit has expressly rejected plaintiffs' contention that because materiality is "objective," it may only be proven through surveys or by experts. In *Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1110–11 (9th Cir. 2012), a district court granted summary judgment in favor of plaintiff on a false advertising claim. As to materiality, the court found that a consumer's testimony about the advertising was sufficient to establish it was material. Defendant appealed, arguing that the objective materiality standard had to be shown on a broader scale through survey evidence, not through individualized consumer testimony. The Ninth Circuit disagreed: "Although a consumer survey could also have proven materiality in this case, we decline to hold that it was the *only* way to prove materiality." *Id.* at 1111 (emph. added). Individual consumer testimony is probative of materiality

---

[2] *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012) ("A reasonable consumer is 'the ordinary consumer acting reasonably under the circumstances.'"); *see also Cold Stone Creamery, Inc. v. Lenora Foods I, LLC*, 332 F. App'x 565, 567 (11th Cir. 2009) (plaintiffs must prove that representations were "likely to deceive a consumer acting reasonably *in the same circumstances*" (emph. added)); *AFL Telecomms. LLC v. SurplusEQ.com Inc.*, 946 F. Supp. 2d 928, 938 (D. Ariz. 2013) (whether advertising is misleading should be assessed when "totality of the evidence in [the] case can be considered").

because it could prove or disprove "that consumers had been actually confused by [defendant]'s websites and advertising representations." *Id.*

Here, defendants challenge plaintiffs' assertion of materiality and intend to disprove materiality through, among other things, former students who attended, participated in, and benefitted from TU's programs and services. These former students will provide the jury with the context in which the alleged "accredited university" and "handpicked" representations occurred: Who said what? What was represented? When? How it was said? What surrounded it? Were questions asked? Were the representations augmented? What was important? Why?

Without disclosing our entire case, a few examples. Former TU student Marla Rains Colic is expected to testify that she knew the seminar was called "Trump University" but, in taken context, "[y]ou have to be pretty thick-skulled to think [TU] was a university. For goodness sa[k]es. I mean, a university is a four-year degree. I knew it was a business seminar." Ex. 2, Rains Colic Dep. at 105:6–106:12. Likewise, former TU students Mette Nielsen and Paul Canup are expected to testify that they heard the words "hand-picked instructors" but they did not believe Mr. Trump was "personally meeting and interviewing with the instructors" Ex. 3, Canup Dep. at 33:16–19, nor would such personal familiarity be "really important." Ex. 4, Nielsen Dep. at 68:17–70:23. It is hard to imagine testimony being more germane and probative on a contested issue.

*Plascencia,* 2011 WL 5914278, at *1–2, is on point. There, the court held that defendant could offer class member testimony to "defeat the [class-wide] presumption" of reliance by showing that the alleged misrepresentations were either not "uniformly given to class members" or were not material "on a class-wide basis." *Id.*; *accord Iorio,* 2008 U.S. Dist. LEXIS 118344, at *88–89. That is one of the many issues on which former student testimony is probative. Indeed, plaintiffs have reserved the right to call at trial 11 former students who supposedly will testify that "the promise of Donald Trump's personal involvement" was material in

DEFS.' BRIEF RE:
ABSENT CLASS MEMBER TESTIMONY
10-CV-0940-GPC (WVG)

deciding whether to enroll in Trump University in the first place.  *See* Ex. 1.

## 2.   **Uniform representations.**

Plaintiffs also must prove that defendants made the "core misrepresentations" uniformly to the class.[3]  Defendants' student-witnesses will testify that they were exposed to various and non-uniform marketing materials—some of which did not contain the alleged misrepresentations or contained representations that drastically varied.  *See, e.g.*, Ex. 4, Nielsen Dep. at 32:22–33:12, 33:21–34:2, 62:6–63:1 (never saw an advertisement or was told that TU was accredited; learned about TU from a pop-up advertisement online); Ex. 2, Rains Colic Dep. at 105:6–8 (never saw a representation that TU was an "accredited university," nor did TU ever represent to her that TU was accredited).  This testimony is relevant and admissible.

*Negrete* is again instructive.  2013 WL 6535164, at *20.  In that case, the district court refused to exclude testimony of absent class members because it was relevant to establish that "the alleged misrepresentations were in fact uniform" to the class.  *Id.* at *21.  Likewise, here, defendants seek to introduce testimony of absent class members to establish that the alleged misrepresentations were *not* uniform.  *See also Plascencia*, 2011 WL 5914278, at *2 (absent class member testimony permissible to show that "the incomplete disclosures were not uniform").

---

[3]  *See Cabral*, 608 F. App'x at 483; *Plascencia*, 2011 WL 5914278, at *2 (class-wide presumption of reliance contingent on proof that "all class members . . . received the same [fraudulent] representations"; "that is, the representations . . . must have been uniformly given to class members"); *Mirkin*, 5 Cal. 4th at 1095 (inference of reliance permitted only "when the same material misrepresentations have actually been communicated to each member of a class"); *Cohen v. Implant Innovations, Inc.*, 259 F.R.D. 617, 623–24 (S.D. Fla. 2008) ("Plaintiff's argument that causation may be proven by evidence of putative class members' receipt of the uniform written misrepresentations in the marketing materials is flawed, as the record demonstrates that Defendant did not make uniform representations."); *Rollins, Inc. v. Butland*, 951 So. 2d 860, 879 (Fla. Dist. Ct. App. 2006) (class-wide presumption of reliance does not arise under Florida law when there was "no proof" that each class member "reviewed or relied on the identical advertising").

3.     **Not Actionably False.**

Defendants also challenge plaintiffs' assertion that the "core" representations were actionably false.  Former students of TU are expected to testify they did not interpret the representations in a way that would render the statements false or deceptive.  Instead, students understood from context, not cherry-picked boastful statements, that TU was using marketing to promote and sell products.  For example, while the word "university" was used in some TU marketing, students understood it was not an accredited university, an elite university, like Wharton or UCLA, or even a university at all.  "It was pretty clear" to Michelle Gunn based on TU's marketing that the live event workshops were business seminars, not university classes.  Ex. 5, Gunn Dep. at 19 at 42:14–19.  Marla Rains Colic similarly observed: "[y]ou have to be pretty thick-skulled to think [TU] was a university."  Ex. 2, Rains Colic Dep. at 105:6–106:12; *see also* Ex. 3, Canup Dep. at 96:21–97:16 ("It was clear from the start that it was a number of different classes by experts in the field that didn't sound like a university environment. To me, it didn't.").

Students similarly did not interpret TU's advertising regarding the term "handpicked" as literally meaning Mr. Trump personally picked each and every instructor, but rather that there was a set of criteria applied to the selection of instructors consistent with Mr. Trump's guidance.  *See, e.g.*, Ex. 2, Rains Colic Dep. at 107:8–108:14 (did not expect that Mr. Trump "had personally selected any of the instructors or mentors"); Ex. 4, Nielsen Dep. at 68:17–25 (believed Mr. Trump's involvement was limited to his endorsement of TU).

If the jury were to credit this evidence, it could reasonably conclude that these statements were not actionable "misdescriptions of specific or absolute characteristics of a product" but, instead, were "vague or highly subjective" non-actionable puffery.  *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 244–46 (9th Cir. 1990) (internal citations omitted); *see Cohen* Dkt. 21 at

DEFS.' BRIEF RE:
ABSENT CLASS MEMBER TESTIMONY
10-CV-0940-GPC (WVG)

11 (denying motion to dismiss, stating "Defendant may seek to prove . . . [his] statements constituted mere puffery as factual matter.").

### 4. **Reliance.**

Student-witnesses also will provide testimony to challenge whether plaintiffs are entitled to a class-wide presumption of reliance, and whether the presumption is rebutted. At the July 22 hearing, plaintiffs advanced the argument that because the Court has determined a presumption of reliance applies in this and the *Cohen* case—a determination with which we respectfully disagree—then testimony from former students of Trump University is wholly irrelevant and immaterial. Once again, plaintiffs' position is unsupported and wrong. Indeed, this Court touched on this issue when, in describing the *Iorio* case, it observed that defendants are entitled to introduce evidence to "take on the basis for the presumption" of reliance in the first place; "that is, show that the statements weren't material and to assert that the statements weren't uniformly made." Ex. 6, 7-22-16 Tr. at 36; *see* Dkt. 298 at 21 ("individualized determinations as to reliance and causation are not required *as long as certain facts* exist to trigger the inferences and presumptions" (emph. added)).

Furthermore, defendants respectfully submit that testimony of former TU students could be generalized evidence necessary to rebut the presumption of reliance on a class-wide basis. While *Plascencia* held that, under the circumstances of that case, "the class-wide presumption cannot be *rebutted* by showing that individual absent class members did not rely upon the omissions," we respectfully submit the testimony here can be generalized. For example, a non-trivial number of actual TU students will swear under oath that they personally did not see or hear any alleged representation of "accredited university" or "hand-picked" by Mr. Trump, did not rely on any such representation; and, instead, they either did not purchase or purchased for other reasons. If the jury were to credit this evidence, it readily could conclude that class members *in general* did not rely on those two

1    alleged misstatements.  Such proof would be no different analytically—and,

2    frankly, more persuasive to some juries—than a "survey" of former class members

3    answering the same questions.  Even plaintiffs concede survey evidence advanced

4    by an "expert" would be admissible.  Ex. 6, 7-22-16 Tr. at 35–36.

5           This was the lesson in *Bruhl v. Pricewaterhouse Coopers, Int'l,* 2010 WL

6    5090207 (S.D. Fla. 2010), where the court stated that "[o]ne way for Defendants to

7    contest the claim of class reliance or the alleged reasonableness of the class's

8    reliance is to attempt to discover evidence from class members who either did not

9    consider or rely on the alleged misrepresentations."  *Id.* at *1.  This Court has

10   acknowledged *Bruhl* favorably, stating, "it may be that taking the depositions of

11   absent class members would result in evidence that would rebut an inference of

12   reliance on a classwide basis."  *In re Nat'l W. Life Ins. Deferred Annuities Litig.*,

13   2013 WL 593414, at *5–6 (distinguishing *Bruhl*, however, because it concerned

14   relevance of evidence, not class certification); *cf. Skydive Arizona*, 673 F.3d at 1111

15   (consumer survey evidence *could* prove class-wide materiality, but "it was not the

16   *only* way" since individual consumer testimony was relevant to the issue).

17          At a minimum, the Court must defer making a blanket ruling on the

18   admissibility of such testimony until plaintiffs present their case-in-chief *at trial*.

19   Nobody—not defendants, not plaintiffs, not the Court—can speculate what the

20   actual evidence will be.  Plaintiffs anticipate witnesses will say X or Y but, until the

21   testimony is given to the jury under oath, the parties and the Court do not know

22   what defendants will need to—and have the right to—rebut.  This uncertainty alone

23   requires the Court to defer exclusion of this evidence until its relevance can be

24   more readily determined.  *See Disorderly Kids, LLC v. Family Dollar Stores, Inc.*,

25   2015 WL 11117073, at *1 (C.D. Cal. Dec. 17, 2015) ("To exclude evidence on a

26   motion in limine, the evidence must be *clearly* inadmissible on *all potential*

27   *grounds*." (emph. added and citation omitted)); *Garlick v. Cty. of Kern*, 2016 WL

28   1461841, at *1 (E.D. Cal. Apr. 14, 2016) (Motions to "exclude broad categories of

evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises."); *In re Homestore.com, Inc.*, 2011 WL 291176, at *2 (C.D. Cal. Jan. 25, 2011) (same).

**E.      *Waters* Is Distinguishable, an Outlier, and Pre-*Dukes*.**

Plaintiffs cite *Waters v. International Precious Metals Corp.*, 172 F.R.D. 479, 489 (S.D. Fla. 1996), to support their position that defendants have been stripped of their constitutional right to call witnesses with probative evidence.  But *Waters* acknowledged that class defendants "<u>are</u> entitled to rebut the presumption [of reliance] on an individualized basis."  *Id.* at 486 (emph. added).  It is true that *Waters* excluded from Phase I certain testimony to rebut the presumption of reliance but that was because the court structured Phase I to be "on the common issues, *i.e.*, all issues *except reliance*."  *Id.* at 487 (emph. added).  "[S]ubsequent to the jury's verdict," the court held, it would "confer with the parties to develop an appropriate, manageable, and lawful procedure to allow the Defendants to present proof of non-reliance on an individual basis."  *Id.*  At some phase, therefore, defendants could introduce class member testimony to rebut the presumption.

Moreover, *Waters* is also distinguishable on another, equally important ground: the proposed class member testimony only concerned rebutting the presumption of reliance.  Here, in contrast, the former students will provide testimony germane to materiality, uniformity, falsity, and reliance.  Because defendants will call student-witnesses to testify regarding these issues, *Waters* has no bearing on this case.

Moreover, *Waters* (1996) was decided 15 years before *Dukes* (2011), where the Supreme Court made clear that class certification does not deprive defendants of their right to have a jury decide plaintiffs' claims.  564 U.S.at 351 n.6.  A class plaintiff must establish the propriety for class treatment at certification and must do so "again at trial in order to make out their case on the merits."  *Id.*  Accordingly, to the extent plaintiffs contend *Waters* stands for the proposition that a certification order removes certain disputed issues from jury consideration or abridges the way a

DEFS.' BRIEF RE:
ABSENT CLASS MEMBER TESTIMONY
10-CV-0940-GPC (WVG)

1  defendant can disprove plaintiff's case, *Dukes* plainly rejected that rationale.

2      Finally, *Waters* is an outlier.  We are not aware of any case jurisdiction like

3  it, nor has any case cited *Waters* for the proposition plaintiffs advance.  *See, e.g.*,

4  *Washington v. Samuels*, 2016 WL 3999990, at *1–2 (E.D. Cal. July 25, 2016)

5  (holding that plaintiff was "not entitled to an order limiting [the] testimony" of five

6  "percipient witnesses" in advance of trial, reasoning that plaintiff may cross

7  examine or "make any relevance objections *at trial*" (emph. added)); *Young*, 2009

8  WL 2231782, at *1 (refusing to exclude testimony of absent class members at trial,

9  but reserving the right "pursuant to Rule 403 to prevent the presentation of unduly

10  cumulative evidence *as the trial develops*" (emph. added)); *see also United States v.*

11  *Amaro*, 613 F. App'x 600, 602 (9th Cir. 2015) (affirming district court's decision to

12  "defer ruling [on admissibility of evidence] until trial" when the trial judge can

13  better estimate the impact of the evidence on the jury).  In fact, courts are clear that

14  district courts should exclude evidence before trial only when it is *clear* that "the

15  evidence [is] inadmissible on *all potential grounds*."  *Schagene v. Mabus*, 2015 WL

16  251197, at *1 (S.D. Cal. Jan. 20, 2015) (citation omitted); *see also Jonasson v.*

17  *Lutheran Child & Family Servs.*, 115 F.3d 436, 441 (7th Cir. 1997) (affirming

18  district court's refusal to exclude evidence before trial because "the evidence was at

19  least *potentially* relevant" to the proceedings (emph. added)).[4]

## III.   CONCLUSION

21      Defendants request that the Court deny plaintiffs' request for a blanket order

22  excluding testimony of former students of Trump U except class representatives.

---

25  [4]  The other two cases cited by defendants—*Phillips Petroleum Co. v. Shutts*, 472
U.S. 797, 810–11 (1985), and *Morris v. Affinity Health Plan, Inc.*, 928 F. Supp. 2d
26  805, 811–12 (S.D.N.Y. 2013)—are inapposite because they did not address the
relevance or admissibility of absent class member testimony at all.  Rather, they
27  stand for the unremarkable proposition that class members who opt out of a class
28  are no longer parties to the litigation and their claims are no longer at issue.  *See id.*

1

2     Dated:  August 26, 2016

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

O'MELVENY & MYERS LLP
DANIEL M. PETROCELLI
DAVID L. KIRMAN


By:      /s/ Daniel M. Petrocelli

Attorneys for Defendants
TRUMP UNIVERSITY, LLC and
DONALD J. TRUMP

DEFS.' BRIEF RE:
ABSENT CLASS MEMBER TESTIMONY
10-CV-0940-GPC (WVG)