# EXHIBIT B

DANIEL M. PETROCELLI (S.B. #97802)
  dpetrocelli@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Suite 800
Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

*Attorneys for Defendant
Sirius XM Radio Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLO & EDDIE, INC., a California corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SIRIUS XM RADIO INC., a Delaware corporation; and DOES 1 through 10,<br><br>Defendant. | Case No. CV 13-05693 PSG (GJSx)<br><br>Hon. Philip S. Gutierrez<br><br>**REPLY IN SUPPORT OF SIRIUS XM RADIO INC.'S *EX PARTE* APPLICATION TO CONTINUE TRIAL DATE** |

## I. INTRODUCTION

Sirius XM submits this short reply to correct the factual distortions in plaintiffs' opposition. Despite their unnecessary rhetoric and unjustified attacks on Sirius XM's counsel, plaintiffs fail to identify any real or specific prejudice that would result from a brief continuance of the trial date in this case. Plaintiffs make a passing statement that counsel and witnesses "have planned their schedules" based on the existing dates, Opp. at 2, but do not suggest that any attorney or witness would be unavailable on the dates Sirius XM proposed, or that plaintiffs would be harmed or even inconvenienced by a modest delay. This is not sufficient to overcome the real and irreparable prejudice to Sirius XM, as well as defendants in the *Trump University* case, if lead counsel were unable to adequately prepare for and try both cases.

## II. SIRIUS XM HAS SHOWN GOOD CAUSE FOR A CONTINUANCE AND WILL SUFFER SUBSTANTIAL PREJUDICE ABSENT RELIEF

As Sirius XM explained in its application, there is good cause for a continuance because Mr. Petrocelli cannot properly prepare for two class-wide jury trials at the same time and try them consecutively with no break in between. App. 6-10. Plaintiffs raise four arguments in response, none of which has merit.

First, plaintiffs claim there is no direct conflict between the trial dates in this case and *Trump University*. Opp. at 8. There is a possibility (if not a likelihood) that the trial in this case, which involves unique class-wide claims and issues, will go beyond the seven-day estimate—even if, as plaintiffs argue, trial were to consist "principally" of damages issues. *Id.*; App. at 6-7. If the trial goes even two days beyond that estimate, it would directly overlap with the *Trump University* trial.

Even if the trial in this case does conclude within seven days, that would only leave one court day for Mr. Petrocelli to prepare for the *Trump University* trial. That is not enough time to meaningfully prepare for that trial, which involves complex class-wide claims, a lead defendant who is a nominee in the presidential election this

REPLY RE: SIRIUS XM'S *EX PARTE*
APPLICATION TO CONTINUE TRIAL

1  November, pretrial hearing dates on November 10 and 18, 2016, and a complicated
2  jury selection process (which could begin as early as mid-November). *Id.* at 7.
3  Preparing for trial in both cases will require Mr. Petrocelli's full-time energy and
4  effort for a significant period of time leading up to trial so that he can develop trial
5  strategy, draft opening statements and closing arguments, prepare to select a jury and
6  examine key witnesses, work through evidentiary issues and motions, and conduct
7  other important pretrial work. *See* Petrocelli Decl. ¶¶ 10, 12.
8      Plaintiffs' contention that Sirius XM previously proposed a September 19,
9  2016 trial date in this case when, at the time, there was a possibility the *Trump*
10 *University* trial would be scheduled for August 2016, Opp. at 3, is irrelevant. Neither
11 of those trial dates was ever adopted, and even if they had been, there would not
12 necessarily have been a conflict with the trial dates over a month apart. Here, the
13 *Trump University* trial is scheduled to commence just *two court days* after the trial in
14 this case is estimated to conclude.
15     <u>Second</u>, plaintiffs assert that Mr. Petrocelli should have raised the scheduling
16 conflict two or three months earlier. But it was not clear until recently that there
17 would be an actual conflict, particularly because the parties in both cases have spent
18 the last few months litigating key issues that could have affected the trial dates. App.
19 at 3, 9-10. As Judge Curiel observed when Mr. Petrocelli raised the conflict two
20 weeks ago, "two and a half months out … in the law world … can be an eternity, so
21 a lot of things can change between now and then." Petrocelli Decl., Ex. E at
22 107:19-21. In any event, raising the conflict earlier may not have made a difference,
23 since the *Trump University* trial was scheduled for November 28, 2016 in view of the
24 unique circumstances presented by Mr. Trump's candidacy for president. App. at 9-
25 10.[1]

---

[1] Mr. Petrocelli did not "concede negligence," *cf.* Opp. at 9, as the parties'
correspondence makes clear. Rather, Sirius XM's counsel explained that Mr.
Petrocelli did not mention the trial date in this case at a May 6, 2016 conference in

- 2 -     REPLY RE: SIRIUS XM'S *EX PARTE*
    APPLICATION TO CONTINUE TRIAL

1   The case plaintiffs cite is inapposite. In *Knopick v. Downey*, 2014 WL
2   257315, at *3 (M.D. Pa. Jan. 23, 2014), defendant's motion for a continuance was
3   denied because the court concluded it was "simply the most recent in a long line of
4   attempts to push back the deadlines" in a long-running case that "ha[d] been
5   lingering for far too long." Here, Sirius XM only made one prior request to modify
6   the scheduling order (on different grounds), which was not granted. App. at 3, 10.

7   Third, plaintiffs cite various cases in which courts did not find good cause for
8   a continuance. Opp. at 10. In all of those cases, the scheduling conflict was
9   foreseeable and avoidable or the movant made no attempt at all to show good cause.
10  Here, Mr. Petrocelli raised the conflict and established good cause for a continuance
11  two-and-a-half months before the scheduled trial date and as soon as it became clear
12  the conflict would not resolve with the passage of time. Moreover, none of
13  plaintiffs' cases involved an attorney serving as lead counsel in back-to-back trials—
14  let alone class-wide jury trials requiring the level of pretrial work and preparation
15  that is called for in the two cases here. *Cf. United States v. Approximately $156,000*
16  *in United States Currency*, 2012 U.S. Dist. LEXIS 37782, *3 (E.D. Cal. Mar. 20,
17  2012) (denying joint stipulation that provided "no information" to support finding of
18  good cause); *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)
19  (denying leave to amend complaint where plaintiff had no explanation for why she
20  could not have alerted court of intent to amend earlier); *F.D.I.C. v. Cleveland*, 1992
21  WL 193506, at *1 (E.D. La. Aug. 3, 1992) (denying FDIC's motion for continuance
22  because "busy schedules of counsel and the FDIC's bureaucratic obstacles simply do
23  not establish good cause"); *Arnold v. Krause, Inc.*, 232 F.R.D. 58, 65 (W.D.N.Y.
24  2004) (denying request to modify case management order when counsel's excuse for

---

the *Trump University* case because the exchange with that court was not about trial counsel's schedules, but when would be an appropriate time to set that case for trial in view of the possibility that Mr. Trump might be elected President on November 8, 2016. Petrocelli Decl., Ex. D at 57-58.

- 3 -  REPLY RE: SIRIUS XM'S *EX PARTE* APPLICATION TO CONTINUE TRIAL

1 failing to conduct discovery was mistaken belief parties would settle early); *Lynch v. Waitman*, 1995 WL 7991, at *1 (S.D.N.Y. Jan. 10, 1995) (warning parties that failure to respond to discovery demands not sufficient grounds to enlarge discovery deadlines absent timely motion to compel); *Agile Sky All. Fund LP v. RBS Citizens, N.A.*, 2011 WL 378842, at *3 (D. Colo. Feb. 2, 2011) (denying joint motion to amend scheduling order where parties could have completed discovery in the time allowed with diligence).

Finally, plaintiffs claim in the introduction to their opposition (though not in their brief or supporting declaration) that a continuance would be prejudicial because counsel and witnesses have planned around the existing trial date and class notice specified a November 15, 2016 trial date. Opp. at 2. Notably, plaintiffs do not suggest that any attorney or witness would be unavailable on the dates Sirius XM proposed. To the extent absent class members wish to attend trial, the class website can easily be modified to reflect a new trial date. Plaintiffs do not claim they would be harmed by a brief delay. To the contrary, the Court recognized when staying the case pending resolution of Sirius XM's Rule 23(f) petition that a modest delay is not prejudicial since plaintiffs primarily seek monetary relief. Doc. 237 at 6.

On the other hand, Sirius XM and defendants in *Trump University* would face real and substantial prejudice if lead counsel were not able to meaningfully prepare for and try those cases. A continuance is plainly justified in these circumstances. *See* App. at 7-8 (collecting cases).

### III. SIRIUS XM HAS SHOWN THE NECESSITY FOR RELIEF ON AN *EX PARTE* BASIS

As Sirius XM has explained, *ex parte* relief is warranted because a regularly noticed motion could not be heard until October 31, 2016—the same day as the final pretrial conference and 15 days before trial—by which point the relief sought would be largely moot. App. at 11-12. Plaintiffs' arguments in response are unpersuasive.

- 4 -

REPLY RE: SIRIUS XM'S *EX PARTE* APPLICATION TO CONTINUE TRIAL

First, plaintiffs claim it is irrelevant that a regularly noticed motion could not be heard until October 31, 2016 because Sirius XM "does not ask the Court to modify any part of the schedule except the trial date." Opp. at 7. Not so. Sirius XM's application and proposed order request that the Court continue the trial and final pretrial conference dates, and under the Local Rules and the Court's Standing Order, *all* pretrial deadlines are keyed off those two dates. *See* Petrocelli Decl. ¶ 16 (noting that pretrial deadlines are based on trial and pretrial conference dates). By October 31, 2016, substantial trial preparations would be well under way in both cases and much of the requested relief—*i.e.*, the ability to stagger the pretrial and trial dates so Mr. Petrocelli can adequately prepare for both trials—will be moot.

Second, plaintiffs assert that attorneys other than Mr. Petrocelli can handle pretrial preparation in this case and *Trump University*. Opp. at 7. As lead trial counsel, Mr. Petrocelli is responsible not only for the majority of trial work, but for directing all aspects of trial preparation. Petrocelli Decl. ¶ 10. Absent a continuance and *ex parte* relief, Mr. Petrocelli will be unable to meaningfully participate in trial preparation or would have to miss key pretrial hearings in the *Trump University* case, to his clients' prejudice. *See, e.g.*, Local Rule 16-2 (requiring "lead trial counsel" to participate in pretrial conference); *Gates v. Cook*, 234 F.3d 221, 227 (5th Cir. 2000) (recognizing parties' fundamental right to counsel of choice in civil actions).

Third, plaintiffs complain that Sirius XM did not provide adequate notice of its application and refused to consider plaintiffs' request for an expedited briefing schedule. Opp. at 2 n.1, 5-7. This is false, as the correspondence confirms. Sirius XM's counsel notified plaintiffs' counsel of the grounds for its application 10 days before filing, and thereafter responded to counsel's questions, circulated the transcript from the August 26, 2016 hearing before the *Trump University* court, and when it became clear that plaintiffs would oppose Sirius XM's application and additional exchanges would be unproductive, confirmed that it would promptly

- 5 -　　REPLY RE: SIRIUS XM'S *EX PARTE* APPLICATION TO CONTINUE TRIAL

proceed with its application. Petrocelli Decl. ¶¶ 7, 9 & Ex. D. Plaintiffs *never* proposed or requested an expedited briefing schedule. Sirius XM made clear that it was proceeding based on the *ex parte* rules and would request that, to the extent the Court was inclined to hold a hearing, that hearing be scheduled for September 12, 2016 (the same date as the hearing on Sirius XM's summary judgment motion) for the convenience of both parties and the Court. *Id.*, Ex. D at 58. Plaintiffs never responded, asked for an alternative briefing schedule, or requested additional time to submit their opposition (to which Sirius XM would have agreed).

## IV. CONCLUSION

For all of the foregoing reasons, and those set forth in its *ex parte* application, Sirius XM respectfully requests that the Court grant its requested continuance.

Dated: September 6, 2016

Respectfully submitted,

By: /s/ *Daniel M. Petrocelli*
Daniel M. Petrocelli

*Attorneys for Sirius XM Radio Inc.*