DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
DAVID L. KIRMAN (S.B. #235175)
dkirman@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

JILL A. MARTIN (S.B. #245626)
jmartin@trumpnational.com
c/o TRUMP NATIONAL GOLF CLUB
One Trump National Drive
Rancho Palos Verdes, CA 90275
Telephone: (310) 202-3225
Facsimile: (310) 265-5522

Attorneys for Defendants
DONALD J. TRUMP and TRUMP UNIVERSITY, LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SONNY LOW et al., on Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

v.

TRUMP UNIVERSITY, LLC et al.,

Defendants.

Case No. 10-CV-0940-GPC(WVG)
Judge: Hon. Gonzalo P. Curiel

**CLASS ACTION**

**DEFENDANTS' *EX PARTE* APPLICATION FOR LEAVE TO FILE REPLY IN SUPPORT OF THE ADMISSIBILITY OF TESTIMONY OF FORMER TU STUDENT-WITNESSES**

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE THAT:**

Pursuant to Local Rule 83.3.g.2 and the Chambers Rules of this Court, defendants Donald J. Trump and Trump University, LLC ("defendants") hereby apply for an order confirming that, as the party directed to file moving papers, defendants may file a reply brief in support of their brief regarding the admissibility at trial of testimony from former students of Trump University.

On May 6, 2016, a pretrial conference was held at which time plaintiffs indicated their intent to seek to exclude testimony by any former TU students other than the class representatives. Dkt. 481 at 20:5–25. Defendants said they would oppose any such motion. *Id.* On August 2, 2016, the Court issued an order directing defendants to articulate their position first and directing plaintiffs to submit their position in opposition second. Dkt. 502. The order did not address the deadline for defendants to file a reply brief.

Defendants filed their position on August 26, Dkt. 505, and plaintiffs filed an opposition on September 9, Dkt. 509. Defendants now seek the Court's permission to respond. Attached as Exhibit B to the Declaration of Daniel M. Petrocelli is the reply brief defendants ask to submit.

Prior to filing, defense counsel notified plaintiffs' counsel of this *Ex Parte* Application. Declaration of Daniel M. Petrocelli ¶ 3. Plaintiffs' counsel notified defense counsel that they did not agree to the relief requested. Petrocelli Decl., Ex. A.

**BASIS FOR RELIEF SOUGHT**

Defendants seek the Court's permission to respond to plaintiffs' opposition brief seeking to bar all class member testimony in the upcoming trial. This is a crucial issue that directly affects defendants' right to a fair trial. There is ample cause to permit defendants to respond to plaintiffs' arguments and no prejudice to plaintiffs.

Background. At the May 6, 2016 hearing, plaintiffs indicated their intent to move to exclude from trial the testimony of any former TU students other than the class representatives. Dkt. 481 at 20:5–25. Defendants stated they would oppose any such motion *in limine*, if filed. *Id.* The Court subsequently directed defendants to articulate their position first and instructed plaintiffs to submit their position in opposition second. Dkt. 502. The order did not mention a reply. *Id.*

Defendants filed their brief on August 26. Dkt. 505. On September 9, plaintiffs filed an opposition brief. Plaintiffs responded to the arguments and authority cited by defendants and advanced new arguments, authorities, and evidence of their own. *See* Dkt. 509-1 (57 exhibits, including 50 declarations from absent class members). As the party the Court ordered to submit its position first, defendants believe they have a right to respond to plaintiffs' opposition. The Court's August 2 order, however, did not mention a reply brief or an opportunity for defendants to respond to plaintiff's position to exclude evidence. Accordingly, in an abundance of caution, defendants seek an order confirming that defendants may file a reply brief.

Good Cause. Good cause for a response exists for four reasons.

*First*, while it is plaintiffs who seek the blanket exclusion order, the Court ordered defendants to file their position first. Under the Civil Rules of the United States District Court for the Southern District of California, a party who brings or is ordered to bring moving papers typically is entitled to file a reply brief. S.D. Cal.

Civ. R. 7.1(e)(3), Civ. R. 7.1(h).

*Second*, in their opposition, plaintiffs advanced arguments, identified authorities, and submitted evidence to which defendants have not had the opportunity to respond. *See* Dkt. 509-1. Since plaintiffs have had the opportunity to respond to defendants' arguments and authority, a reply is defendants' only opportunity to respond to those of the plaintiffs.

*Third*, the procedural background here is unusual. The issue is one that, under other circumstances, would be addressed by a motion *in limine* filed by the party seeking to preclude evidence from being introduced at trial. For whatever reason, however, the Court did not force plaintiffs to use one of their limited motions *in limine* on this issue and, instead, directed defendants to file their position first.

*Fourth*, the underlying issue—the admissibility of former TU students' testimony—is of paramount importance, implicating defendants' constitutional rights and the integrity of the trial itself.

At bottom, the justification for granting relief here is that all parties and the Court will benefit from a full ventilation of these issues, and a full ventilation can only occur if defendants are permitted to file a reply brief. For the convenience of the Court, defendants submit a copy of the reply brief as Exhibit B to Mr. Petrocelli's declaration.

Dated: September 19, 2016

DANIEL M. PETROCELLI
DAVID L. KIRMAN
O'MELVENY & MYERS LLP

By: /s/Daniel M. Petrocelli
Daniel M. Petrocelli
Attorneys for Defendants
DONALD J. TRUMP and TRUMP UNIVERSITY, LLC