UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

TARLA MAKAEFF, BRANDON KELLER, ED OBERKROM
and PATRICIA MURPHY, on Behalf of Themselves
and all others Similarly Situated,

           Plaintiffs,

                 CASE NO.: 10 CV 0940 EIG (WVG)

  -against-

TRUMP UNIVERSITY, LLC (AKA TRUMP
ENTREPRENEUR INITIATIVE) a New York
Limited Liability Company, DONALD J. TRUMP,
and DOES 1 through 50, inclusive,

           Defendants.

----------------------------------------

VIDEOTAPED DEPOSITION of MICHAEL SEXTON

August 22, 2012

New York, New York

Reported by:
Eileen Mulvenna
CSR/RMR/CRR
Job No. 10003486

Exhibit 1
page 1

CONFIDENTIAL

Michael Sexton  Makaeff v. Trump University

```
          SEXTON - CONFIDENTIAL
 1
 2        Now, the court reporter has
 3   administered an oath to you.  Do you understand
 4   that you're here testifying as though you were in
 5   a court of law?
 6      A.   Yes, I do.
 7      Q.   Are you represented here by counsel
 8   today?
 9      A.   Yes, I am.
10      Q.   And who is your counsel?
11      A.   David Schneider.
12      Q.   And who is paying for your legal
13   representation today?
14           MR. SCHNEIDER:  That's not relevant.
15      And it's attorney-client privilege.
16           MS. JENSEN:  We may come back to
17      that one.
18   BY MS. JENSEN:
19      Q.   When were you first contacted about
20   this case?
21      A.   We received a mailing, I believe, in
22   the spring of 2010.
23      Q.   And did you receive that mailing
24   directly or did somebody else convey it to you?
25      A.   Somebody else conveyed it to me.  I
                                              Page 9
```

```
          SEXTON - CONFIDENTIAL
 1
 2   to give your best testimony today?
 3      A.   No.
 4      Q.   Any medications?
 5      A.   No.
 6      Q.   When I ask you a question today, I'm
 7   going to assume that you understand my question
 8   unless you specify otherwise.
 9           Is that fair?
10      A.   Yes.
11      Q.   If there's anything that you don't
12   understand, please ask me to rephrase.  I want to
13   make sure we have clear communications today.  So
14   by all means, please whatever I can do to help,
15   just let me know.
16           Whenever I ask you a question, I'm
17   entitled to your best recollection.  I'm entitled
18   to your best estimate.  So even if you don't have
19   it exact, information, I would prefer the most
20   exact facts you can give me and then beyond that
21   I'm entitled to your best estimation.
22           Is that fair?
23      A.   Understood.
24      Q.   Now, your attorney may, as he has
25   already, be making some objections throughout the
                                              Page 11
```

```
          SEXTON - CONFIDENTIAL
 1
 2   was traveling at the present time.
 3      Q.   Who conveyed that information to
 4   you?
 5      A.   Michael Bloom.
 6      Q.   And what did Michael Bloom say?
 7      A.   He called to let me know that we had
 8   been served with a lawsuit and briefly I think
 9   skimmed over the contents of the document.
10      Q.   Did he say anything else about the
11   lawsuit?
12      A.   No.
13      Q.   Did you say anything else to him
14   about the lawsuit?
15      A.   We talked about the contents of the
16   document, but -- and then obviously I instructed
17   him to make sure that our counsel was aware of
18   it.
19      Q.   Did you opine at all on the merit of
20   the lawsuit?
21      A.   At that time, no.
22      Q.   Did Michael Bloom?
23      A.   I don't believe so.
24      Q.   Is there anything about your health
25   that would interfere in any way with your ability
                                              Page 10
```

```
          SEXTON - CONFIDENTIAL
 1
 2   course of your deposition.  However, whenever he
 3   does make an objection, I'm still entitled to
 4   your answer unless you are directly instructed
 5   not to answer.
 6           Is that fair?
 7      A.   Okay.
 8      Q.   Also, at any point today if there's
 9   anything you need, if you need a break, let me
10   know.  The only exception there is please let
11   me -- if I have a pending question, please go
12   ahead and answer that question before we take the
13   break.
14           Is that fair?
15      A.   Yes.
16      Q.   Before we get into the substantive
17   portion of the deposition, is there anything that
18   you would like to ask me?  Do you have any
19   questions?
20      A.   No.
21           MS. JENSEN:  I'd like to mark as the
22      first exhibit in this deposition the notice
23      of taking videotaped deposition of Trump
24      University LLC pursuant to Federal Rule of
25      Civil Procedure 30(b)(6).
                                              Page 12
```