DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
DAVID L. KIRMAN (S.B. #235175)
dkirman@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

JILL A. MARTIN (S.B. #245626)
jmartin@trumpnational.com
TRUMP NATIONAL GOLF CLUB
One Trump National Drive
Rancho Palos Verdes, CA 90275
Telephone: (310) 202-3225
Facsimile: (310) 265-5522

Attorneys for Defendants Trump University, LLC and Donald J. Trump

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY LOW, J.R. EVERETT and JOHN BROWN, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRUMP UNIVERSITY, LLC, a New York Limited Liability Company and DONALD J. TRUMP,<br><br>Defendants. | Case No. 3:10-CV-0940-GPC-WVG<br>Judge: Hon. Gonzalo P. Curiel<br><br>**[CLASS ACTION]**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE CERTAIN STATEMENTS BY OR ABOUT DONALD TRUMP**<br><br>**MOTION *IN LIMINE* NO. 2**<br><br>Hearing: November 10, 2016<br>Time: 1:30 p.m.<br>Courtroom: 2d<br>Judge: Hon. Gonzalo P. Curiel |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 10, 2016 at 1:30 p.m., Defendants Trump University, LLC and Donald J. Trump ("Defendants") will and hereby do move for the exclusion of evidence based on Federal Rules of Evidence 401 and 403.[1] Defendants believe in good faith that class representative plaintiffs Sonny Low, Joann Everett, and John Brown ("Plaintiffs") intend to offer during Phase One of the trial set to begin on November 28, 2016 evidence and argument concerning statements by and about Mr. Trump made in the political process during the course of the presidential campaign.

This Motion is made on the grounds that such statements are both irrelevant to the issues in this case and highly prejudicial to Defendants. It is based on the Notice of Motion, the Memorandum of Points and Authorities thereto, the files in this action, and additional submissions and argument as may be presented at or before the hearing on this Motion.

Dated: October 20, 2016

O'MELVENY & MYERS LLP
DANIEL M. PETROCELLI
DAVID L. KIRMAN

By:   /s/ Daniel M. Petrocelli
         Daniel M. Petrocelli

Attorneys for Defendants
TRUMP UNIVERSITY, LLC and
DONALD J. TRUMP

---

[1] All Rule references are to the Federal Rules of Evidence unless otherwise noted.

DEFS.' MOT. *IN LIMINE* NO. 2 TO EXCLUDE
CERTAIN STATEMENTS BY DONALD TRUMP
10-CV-0940-GPC(WVG)

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Trump University ("TU") and Donald J. Trump move *in limine* to exclude from trial all evidence and argument relating to the events of the Presidential primaries and general election and campaign, including statements by or about Mr. Trump made or publicized while he was running for President of the United States.

## I. INTRODUCTION

Throughout the election process, candidates for the most powerful office in the world are subject to an extraordinary level of scrutiny, commentary, and debate. Their statements and actions are headline news every day. During the current Presidential campaign, Mr. Trump has been the focus of perhaps unprecedented media coverage and public interest. His politics, policies, opinions, and views have been reported virtually every day in every form of media over the past year. One hundred million people watched Mr. Trump in the Presidential debates. The media have reported on every aspect of Mr. Trump's life from his long background and history in business and his work in television, to his wife, daughters and sons, charitable foundation, taxes, and even the Miss Universe pageant.

Before trial begins in this case, prospective members of the jury will have the opportunity to cast their vote for President. It is in the ballot box where they are free to judge Mr. Trump based on all this and more. But it is in the jury box where they must judge him and this case *only* on evidence and argument relevant to the issues at hand. Plaintiffs have no right to cross those lines in an attempt to inflame and prejudice the jury, and it is the Court's duty to protect the integrity of the judicial process and defendants' right to a fair trial. That can only happen if extraneous, irrelevant, and prejudicial matters are excluded from the courtroom.

## II. EVIDENCE AND ARGUMENT AT ISSUE IN THIS MOTION

Defendants respectfully move to exclude evidence and argument relating to statements made by or about Mr. Trump outside of the adjudicative process,

including the following:

- Campaign speeches
- Statements at political rallies, including statements about this case
- Statements at debates
- Statements about individuals or entities unrelated to this litigation
- Campaign advertisements
- Tweets
- Statements by campaign surrogates
- Audio and video recordings made or publicized during the campaign
- Tax issues
- Comments about this case or the Court
- Donald J. Trump Foundation or other businesses owned or managed by Mr. Trump not part of this litigation, including Trump Organization
- Personal conduct accusations
- Other politicians, state attorneys general, or public servants
- Beauty pageants, casinos, and corporate bankruptcies
- Other litigation

### III. ARGUMENT

Evidence and argument relating to matters publicized during the presidential campaign, including statements by and about Mr. Trump, have no relevance to the issues before the jury and are otherwise inadmissible. Their intrusion into the trial carries an immediate and irreparable danger of extreme and irremediable prejudice to defendants, confusion of issues, and waste of time. The Court should exclude all such matters.

**A. Irrelevant (FRE 401)**

Under the Federal Rules, evidence is relevant only if it tends to make a fact more or less probable, and that fact is of consequence in determining the action.

1  Rule 401.  Neither criterion exists here.  Statements by or about Mr. Trump made or
2  publicized during the campaign or otherwise outside of the adjudicative process are
3  not probative on any issue in this case and are inadmissible as evidence.  *See id.*
4       Courts routinely exclude distracting and irrelevant evidence about public
5  figures as lacking probative value.  For example, in *Apple v. Samsung*, No. C-11-
6  01846 LHK, 2012 U.S. Dist. LEXIS 99945 (N.D. Cal. July 18, 2012), in a case
7  involving competing patent claims, the court excluded evidence and argument
8  about personal and professional information about Apple founder Steve Jobs,
9  noting:  "I don't see how this is relevant.  Under a 403 analysis, I don't think it
10 comes in.  *I really don't think this is a trial about Steve Jobs either way.*"  Kirman
11 Decl., Ex. 84 at 134:7-11 (emphasis added).[2]  Similarly, in *The Saturday Team, Inc.*
12 *v. Thien Thanh Thi Nguyen*, No. 2:07-cv-01794, (C.D. Cal. June 26, 2008), the
13 Court held that evidence and argument relating to the defendant's controversial
14 past, including her sexually suggestive photographs in men's magazines and reality
15 TV shows, were not "relevant to the specific claims at issue."  Ex. 82 at 4.  The
16 Court further held that, "to the extent that Defendant's public image is relevant,
17 Plaintiffs can establish that she was famous without, for example, showing the jury"
18 the controversial elements of her celebrity.  *Id.*
19      Here, the evidence and argument subject to this motion have no probative
20 value to the specific alleged misrepresentations during the class period—years
21 before Mr. Trump's candidacy for President.  Such evidence and argument should
22 be excluded.
23      **B.     Improper Character Evidence (FRE 404)**
24      Rule 404(a) prohibits the introduction of a civil defendant's character
25 evidence to prove an act in conformity with the defendant's character.  Rule
26 404(a)(1); *see also United States v. Lynch*, 437 F.3d 902, 913–915 (9th Cir. 2006).
27 Likewise, evidence of other wrongs or acts is inadmissible "to prove a person's

---

[2] Unless noted, "Ex." refer to exhibits attached to the Kirman Declaration.

character in order to show that on a particular occasion the person acted in accordance with the character." Rule 404(b)(1); *United States v. Curtin*, 489 F.3d 935, 944, (9th Cir. 2007).

Plaintiffs cannot articulate any relevant purposes for offering statements by or about Mr. Trump or other matters publicized during his campaign for the Presidency. *See Curtin*, 489 F.3d at 957–958; *United States v. Arambula-Ruiz*, 987 F.2d 599, 602–603, (9th Cir. 1993). Courts are required to ensure that the purpose for which the evidence is offered is more than just a sham for using it as proof of character. *See, e.g., United States v. Merriweather*, 78 F.3d 1070, 1074–1079 (6th Cir. 1996) (emphasizing the need for a cautious analysis of evidence of uncharged misconduct).

Rule 404(a) excludes this type of evidence for good reason:

> Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

*Cohn v. Papke*, 655 F.2d 191, 194 (9th Cir. 1981) (quoting Rule 404, Advisory Committee Notes on Proposed Rule). Excluding character evidence prevents the risk that the jury will punish defendants "despite what the evidence in the case shows actually happened." *Id.*; *see also United States v. Whittington*, 26 F.3d 456, 466 (4th Cir. 1994) (testimony that defendant had conducted her affairs "like a rat or a snake" was improperly admitted character evidence).

**C. Unduly Prejudicial (FRE 403)**

During the pretrial conference in this case, the Court recognized the significant risk of prejudice facing defendants as a result of the election campaign process:

> And we have seen that there have been some events that have coincided with the election campaign process, and I am sensitive to the fact that there could be events that the jury would learn about entering the courthouse or some other way that could unduly influence them and could prevent a fair trial from being delivered to all the parties."

Ex. 83 at 14:20–15:3. In view of the intensified media coverage and political events since then, this risk of prejudice is far greater today.

It is well established that evidence and argument focusing on character or controversial behavior is prejudicial and ought to be excluded from trial when it does not directly bear on the claims and defenses asserted. *See, e.g. U.S. v. McDermott*, 245 F.3d 133, 141–142 (2d Cir. 2001) (reversing defendant's conviction for criminal conspiracy on grounds that evidence that controversial and unflattering information about the defendant's girlfriend was prejudicial and should have been excluded at trial); *Douglass v. Hustler Magazine, Inc.*, 769 F.2d 1128, 1141–42 (7th Cir. 1985) (slide show of controversial photographs published in a men's magazine and presented to the jury at trial required reversal since the prejudicial effect "so clearly outweighed its probative value" as to require exclusion under Rule 403 of the Federal Rules of Evidence").

Courts have excluded evidence about another well-known entrepreneur's background and character on the grounds that it is prejudicial and plainly intended to cast a bad light on the defendant based on prior, unrelated publicity. *See, e.g.*, Ex. 84 at 134:7-11 (excluding evidence and testimony about Mr. Jobs under Rules 402 and 403). Courts also have excluded evidence and argument about a defendants' affiliations and political views, where the danger of prejudice outweighs any probative value. *See Lewis v. Sch. Dist. No. 70*, 05-CV-776-WDS, 2009 WL 928874, at *5 (S.D. Ill. Apr. 6, 2009) (excluding evidence and argument regarding any political party or political party affiliation of any litigant); *Richman v. Burgeson*, 98 C 7350, 2008 WL 2567132, at *8 (N.D. Ill. June 24, 2008) (excluding "hot button" issue of political patronage in Chicago on the grounds that any such

evidence has a high likelihood of being unfairly prejudicial); *cf. Reza v. Pearce*, 806 F.3d 497, 508 (9th Cir. 2015) (in racial discrimination case, affirming decision that evidence of a politician-defendant's friendship with a purported racist would be excluded under Rule 403, even if arguably probative).

Here, there is a grave danger—if not certainty—that the evidence and argument subject to this motion, if admitted, would cause irremediable prejudice and confusion. The Court must exercise extreme vigilance to prevent the passions and prejudices from a partisan political process from impairing the integrity of the trial.

## IV. CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court exclude all evidence and arguments relating to statements by or about Mr. Trump and other matters outside of this case.

Dated: October 20, 2016

Respectfully submitted,

O'MELVENY & MYERS LLP
DANIEL M. PETROCELLI
DAVID L. KIRMAN

By:   /s/ Daniel M. Petrocelli
         Daniel M. Petrocelli

Attorneys for Defendants
TRUMP UNIVERSITY, LLC and
DONALD J. TRUMP