ROBBINS GELLER RUDMAN & DOWD LLP
PATRICK J. COUGHLIN (111070)
patc@rgrdlaw.com
X. JAY ALVAREZ (134781)
jaya@rgrdlaw.com
JASON A. FORGE (181542)
jforge@rgrdlaw.com
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
DANIEL J. PFEFFERBAUM (248631)
dpfefferbaum@rgrdlaw.com
BRIAN E. COCHRAN (286202)
bcochran@rgrdlaw.com
JEFFREY J. STEIN (265268)
jstein@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
225 Broadway, Suite 2050
San Diego, CA 92101
Telephone: 619/342-8000

Class Counsel

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY LOW, J.R. EVERETT and JOHN BROWN, on Behalf of Themselves and All Others Similarly Situated,<br><br>      Plaintiffs,<br><br> vs.<br><br>TRUMP UNIVERSITY, LLC, a New York Limited Liability Company and DONALD J. TRUMP,<br><br>      Defendants. | No. 3:10-cv-0940-GPC(WVG)<br><br><u>CLASS ACTION</u><br><br>PLAINTIFFS' MOTION *IN LIMINE* NO. 6: MOTION TO EXCLUDE UNDISCLOSED WITNESSES, EXHIBITS, AND DEFENSES<br><br>DATE: November 10, 2016<br>TIME: 1:30 p.m.<br>CTRM: 2D<br>JUDGE: Hon. Gonzalo P. Curiel |

1198304_1

## I. INTRODUCTION

The first and last time defendants supplemented their Federal Rule of Civil Procedure 26(a)(1) disclosures in this case was over five years ago, on October 6, 2011. Discovery ended nearly two years ago, on December 19, 2014. Yet, beginning on February 19 of *this* year, and as recently as two weeks ago on October 6, defendants listed dozens of trial witnesses whom they withheld from their disclosures and dozens of trial exhibits that they withheld from discovery. Likewise, in his motion for summary judgment in the related *Cohen* case, defendant Donald J. Trump ("Trump") raised for the first time reliance-on-counsel arguments, despite his extensive assertion of attorney-client and work-product privileges throughout the litigation of both cases.

In order to avoid a trial by ambush in contravention of federal discovery rules, plaintiffs respectfully request that the Court prohibit defendants from: (1) calling at trial witnesses whom they failed to identify in their Rule 26(a)(1) disclosures; (2) offering into evidence documents that they withheld from discovery; and (3) directly or indirectly asserting any reliance on counsel – in testimony, exhibits, or argument.

## II. BACKGROUND

This case began with a complaint filed on April 30, 2010. *See* Dkt. 1. Pursuant to Rule 26(a)(1), discovery began on September 19, 2011, with the parties' exchange of initial disclosures. *See* Dkt. 80 at 1. Defendants supplemented their initial disclosures once, on October 6, 2011. *See* Dkt. 355-1, Ex. 12. Discovery lasted years, including extensive written requests, dozens of depositions, multiple motions to compel, and many court hearings and rulings. *See, e.g.*, Dkts. 83, 86, 87, 93, 95, 103, 111, 133, 183, 188, 201, 203, 333, 334, 343, 350, 352, 359, 360, 366. Discovery closed on December 19, 2014. Dkt. 349 at 1.

On February 2, 2015, defendants filed a motion for summary judgment, which the Court denied on November 18, 2015. Dkt. 423. On December 9, 2015, the Court

entered an order scheduling pretrial proceedings (Dkt. 434), and on February 8, 2016, it entered an order rescheduling these proceedings. Dkt. 442.

The Court set a February 19, 2016 deadline for the parties' pretrial disclosures pursuant to Rule 26(a)(3); a March 11, 2016 deadline for supplemental disclosures; and a May 6, 2016 final pretrial conference date. *See* Dkt. 442.

On February 19, 2016, defendants produced their Rule 26(a)(3) witness lists, and they included the following previously undisclosed witnesses:

| Table 1A |  |
| --- | --- |
| **Previously Undisclosed Witnesses Listed in Defendants' February 19, 2016 Rule 26(a)(3) Disclosures (Dkt. 450 at 2-3)** ||
| Dan Borbet | Paula Levand |
| Paul Canup | Gerald Martin |
| John Childers, Jr. | Steven Miller |
| Art Cohen | Meena Mohan |
| Marla Colic-Rains | Jason Nicholas |
| Christopher Goff | Mette Nielsen |
| Stephen Goff | Geoff Nowlin |
| Walter Grieves | Ronald Schnakenberg |
| Michelle Gunn | Keith Sperry |
| Amy H. | |

On March 11, 2016, defendants served on plaintiffs their objections to plaintiffs' Rule 26(a)(3) disclosures and they included the following previously undisclosed witnesses:

| Table 1B |
| --- |
| **Previously Undisclosed Witnesses Listed in Defendants' March 11, 2016 Objections to Plaintiffs' Rule 26(a)(3) Disclosures** |
| Wes Kennedy |
| Thomas Simjian |

On March 18, 2016, defendants served on plaintiffs their objections to plaintiffs' supplemental Rule 26(a)(3) disclosures and they included the following previously undisclosed witnesses:

| Table 1C |
|---|
| **Previously Undisclosed Witnesses Listed in Defendants' March 18, 2016 Objections to Plaintiffs' Supplemental Rule 26(a)(3) Disclosures** |
| Kevin Andrews<br>Joel Halley<br>Michael LaMonica |

At the May 6, 2016 final pretrial conference, the Court set a November 28, 2016 trial date, with no objection from either side, and that trial date was memorialized in an August 2, 2016 order. *See* Dkt. 502. On September 12, 2016, defendants filed an *ex parte* application to continue the trial date (Dkt. 510), which the Court denied on September 15, 2016. *See* Dkt. 513.

On October 6, 2016, exactly five years after their final supplemental disclosures, nearly two years after the close of discovery, and less than two months before trial, defendants added multiple witnesses to their trial witness lists whom they had withheld from their Rule 26(a)(1) disclosures, and multiple exhibits that they withheld throughout discovery (these were in addition to other documents that defendants withheld throughout discovery, yet previously listed among their trial exhibits). Specifically, defendants listed the following witnesses whom they had previously withheld from their disclosures:

| Table 2 ||
|---|---|
| **Previously Undisclosed Witnesses Listed in Defendants' October 6, 2016 Supplement to Their Rule 26(a)(3) Disclosures** ||
| **Exhibit A** | **Exhibit B** |
| Meredith McIver<br>Nicholas Perioux<br>Roger Schank | Daniel Berman<br>Aleshia Boerin-dlock<br>Jesus Castillo<br>Kissy Gordon<br>Charles Lee<br>Greg Leishman<br>Robert Mulack<br>Stephen Nesbit<br>Richard Nichilo<br>Scott Talhelm<br>David Wright |

In addition, defendants' trial exhibit lists include dozens of exhibits that they withheld throughout years of discovery ("Withheld Documents"), which are listed on Exhibit 1.[1]  Each of these exhibits was responsive to one or more of the following requests for production:

> No. 9    Scripts, PowerPoint presentations, manuals, forms, and all other written materials used in Trump University workshops, seminars, and courses, or used by Trump University instructors, representatives, or mentors.
>
> No. 39   All documents, including audio and video recordings, consisting of or relating to scripts, PowerPoint presentations, manuals, forms and all other materials used in Trump University seminars or used by Trump University instructors, representatives, or mentors.

Ex. 2 (pages 6 and 5 from Plaintiffs' First and Third Sets of Requests for Production, respectively).

## III.   APPLICABLE LEGAL STANDARDS

The federal discovery rules are designed to avoid trials by ambush. *See AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-CV-03393-YGR, 2015 WL 4040388, at *25 (N.D. Cal. July 1, 2015).  Rules 26 and 37 provide a "one-two" punch to protect parties against such ambush tactics.  "'Rule 37(c)(1) gives teeth to the [initial disclosure requirements of Rule 26(a)], by forbidding the use at trial of any information [or witness] that is not properly disclosed.'"  *Torres v. City of Los Angeles*, 548 F.3d 1197, 1212 (9th Cir. 2008).[2]  "[Rule 37(c) is] a 'self-executing,' 'automatic' sanction to 'provide a strong inducement for disclosure of material.'"  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  Given the rule's "wide latitude," "[c]ourts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded."  *Id.*

---

[1] All Exhibits cited herein are attached hereto unless otherwise noted.  Pursuant to the Court's August 2, 2016 Order (Dkt. 502), Plaintiffs have limited their attachments to this motion to 10 pages.  Plaintiffs are prepared to provide the Court with complete versions of any attached document or copies of any documents referenced herein upon request.

[2] Citations and footnotes are omitted and emphasis is added unless otherwise noted.

## IV. ARGUMENT

### A. Defendants Should Not Be Permitted to Call at Trial Witnesses They Failed to Identify in Their Pretrial Disclosures

The Court should forbid defendants from calling at trial the witnesses listed above in Tables 1 and 2 because they were not disclosed in defendants' Rule 26(a)(1) disclosures. Rule 26(a)(1) expressly requires each party to provide to the other party the ***name*** of each individual likely to have discoverable information ***that the disclosing party may use to support its claims or defenses***, and to update such disclosures. Fed. R. Civ. P. 26(a)(1).

Parties are forbidden from calling a witness who was not properly disclosed. *See Torres*, 548 F.3d at 1212. This rule applies even when it is clear that the party's adversary is aware of the witness, because "knowing who a witness is [is] far different than knowing that the other party intends to rely on their testimony." *Allegro Ventures, Inc. v. Almquist*, No. 11-CV-2009-L (WVG), 2014 WL 1871628, at *8 (S.D. Cal. May 8, 2014). Further, courts have consistently held that the use of a collective description or a generic category of persons in a party's Rule 26(a)(1) disclosures is patently insufficient and amounts to non-disclosure. *See, e.g.*, *Westmore v. Hyde*, No. 14-CV-861-WMC, 2016 WL 2771801, at *1-*2 (W.D. Wis. May 12, 2016) (it would "violate both the letter and spirit of Rule 26" to allow defendants to call as trial witnesses two individuals for whom only disclosure was "'unknown neighbors'" who "'could have relevant information related to these proceedings'"); *United States v. Town of Colorado City*, No. 3:12-CV-8123-HRH, 2014 WL 5431209, at *1 (D. Ariz. Oct. 27, 2014) ("Categorical disclosures [*e.g.*, 'representative of'] such as that employed here by defendant Colorado City risk returning the court and parties to the kind of 'trial by ambush' which preceded the federal rules."); *Smith v. Pfizer Inc.*, 265 F.R.D. 278, 283 (M.D. Tenn. 2010) (excluding as unidentified witnesses disclosed as "'[d]efendants' employees and representatives with knowledge as to the sale, promotion and/or marketing of Neurontin'"); *Labadie v. Dennis*, No. 1:07-cv-

480, 2008 WL 5411901, at *2 (W.D. Mich. Dec. 23, 2008) ("'all members of plaintiff's family'" and "'all investigating persons'" constitute patently insufficient disclosures).

Here, the rules and case unambiguously require the exclusion of the witnesses listed on Tables 1 and 2 whom defendants failed to disclose throughout years of discovery in this case. Even for those witnesses who plaintiffs listed in their initial disclosures or whom defendants deposed in the *Cohen* case, "knowing who a witness is [is] far different than knowing that the other party intends to rely on their testimony" in this case. *Allegro*, 2014 WL 1871628, at *8. Also, these are separate cases with separate claims, separate elements, separate class certification orders, and separate class representatives.

To plaintiffs' knowledge, none of the undisclosed witnesses in Table 1, who was a deponent in *Cohen*, will appear live at trial or is subject to process for plaintiffs to compel them to do so.[3] So unless these witnesses are excluded, their testimony would be presented at trial despite the fact that plaintiffs ***never***: (i) had the chance to cross-examine the witnesses ***in this case***; or (ii) with the required disclosure that defendants intend to rely on their testimony ***in this case***.[4] Accordingly, the Court should exclude from defendants' case all witnesses listed in Tables 1 and 2 above.[5]

---

[3] None of the Table 2 undisclosed witnesses has been deposed in either this case or the related *Cohen* case.

[4] Plaintiffs' opportunity to cross-examine for use in this case those undisclosed witnesses whom defendants deposed in *Cohen* was further circumscribed by the following warning from Magistrate Judge Gallo:

> All depositions taken in this action shall relate to this action only, and shall not be used to circumvent the discovery deadlines in the related action of [Low] v. Trump University, LLC; Case No. 10-CV-0940-GPC-WVG. If there are efforts to take advantage of the ability to conduct depositions in this action after the discovery deadlines have expired in the related action, the Court may issue an Order limiting the number of depositions.

*Cohen* Dkt. 58 at 1-2.

[5] The non-representative former students who comprise the majority of defendants'

### B. Defendants Should Not Be Permitted to Present at Trial Exhibits that They Withheld from Discovery

The same principles that foreclose undisclosed witnesses apply with equal force to trial exhibits withheld in discovery. "If either party failed to produce documents during discovery that were in his or her possession, custody or control, those documents may not be introduced at trial." *Miller v. Akanno*, No. 1:12-CV-01013-LJO-SKO (PC), 2015 WL 4616253, at *2 (E.D. Cal. July 30, 2015) (citing Fed. R. Civ. P. 34(b)); *Cosmos Jewelry, Ltd. v. Po Sun Hon Co.*, No. CV 03-753 CBM, 2006 WL 5105219, at *2 (C.D. Cal. Apr. 5, 2006) (excluding documents and jewelry samples whose "untimely production was neither substantially justified nor harmless").

In *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1027-28 (9th Cir. 2003), the Ninth Circuit upheld a district court's exclusion of an important document at trial because the defendants had failed to produce it before the discovery cut-off. *See id.* The court expressly rejected the defendants' excuse that "'there was a rash of discovery when we were involved in the case'":

> This does not constitute a "substantial justification" for not disclosing this document, and in the absence of such a justification the district court may validly exclude, as a discovery sanction, evidence not produced in discovery.

*Id.* at 1028 (citing Fed. R. Civ. P. 37(c)(1)); *see also Yeti*, 259 F.3d at 1106 ("[E]ven though Deckers never violated an explicit court order to produce the Vuckovich report and even absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a).").

---

undisclosed witnesses in Tables 1 and 2 should also be excluded for reasons plaintiffs have already explained in prior briefing. *See, e.g.*, Dkt. 509. If the Court allows trial testimony from any of these individuals, plaintiffs request the opportunity to conduct a two-hour deposition of any such witness prior to trial, including any of the *Cohen* deponents in Table 1. It would be fundamentally unfair if defendants were allowed to present at trial deposition testimony from any witness whom plaintiffs never had the chance to question about the specific claims at issue in this case.

1   Here, there is no question that the Withheld Documents were responsive to
2   plaintiffs' requests for production and that defendants failed to produce them before
3   the discovery cut-off.  There is also no evidence that defendants' withholding of these
4   documents was justified.  Further, their unjustified withholding prevented plaintiffs
5   from asking any witnesses about them at deposition, or from propounding any other
6   discovery about or based on them.  The Withheld Documents are also irrelevant to the
7   liability phase of this bifurcated trial.  *See* Plaintiffs' Motion *in Limine* No. 2, filed
8   concurrently.  Accordingly, defendants should be precluded from using or offering
9   into evidence at trial the Withheld Documents.

### C. The Court Should Preclude Defendants from Directly or Indirectly Invoking Any Reliance on Counsel

Defendant Trump has a tendency to pepper his testimony with non-responsive outbursts, and he often invokes "many people" as his source of information for these verbal spasms.  The following examples are typical:

> Q.   Do you recall whose idea it was to use your signature as part of the advertising?
>
> A.   I use it all the time. It's part of advertising. I don't think it's anything unique. So does a lot of other people in business. You use your signature, yeah. It's used consistently by many, many people in many, many big corporations in advertising.

Ex. 3 (DJT-Low Tr.) at 132:21-133:4.

> Q.   You have no idea what Steve Goff represented to students; correct?
>
> A.   I know you're in classes for hours and hours.· No, I don't know what they said to the various students.
>
> Q.   You don't know what Chris Goff –
>
> A.   Many people are very happy with the courses, I know that.

Ex. 4 (DJT-Cohen Tr.) at 186:10-17.

Trump has even certified interrogatory responses based, not on his actual knowledge, but rather based on what one or more of his many lawyers may have told

1  him – and then he refused to answer questions about what he was told based on an
2  invocation of the attorney-client privilege:

3  > Q. You say in here again, "I have been informed that these individual[s] include." Who informed you that these individuals –
4  > A. I think it was Mr. Garten and also maybe Mr. Sexton.
5  > Q. What did Mr. Garten inform –
6  > MR. PETROCELLI: Mr. Garten is a lawyer, so I'm going to object and instruct him not to answer.

8  *Id.* at 69:4-13.

9  Likewise, through discovery, defendants repeatedly withheld and redacted
10 documents based on assertions of the attorney-client privilege as to any aspect of
11 Trump University ("TU") with which any attorney had any involvement. Ex. 5
12 (sample page from *Low* privilege/redaction log). Nevertheless, in the *Cohen* case, on
13 April 22, 2016, Trump filed a statement of purported undisputed facts in support of his
14 motion for summary judgment, in which he repeatedly asserted so-called "facts" that
15 were essentially reliance-on-counsel arguments. *See, e.g.*, *Cohen* Dkt. 180-10,
16 "Undisputed Fact" No. 32 ("[Attorney] Hoppenfeld reviewed TU's advertising and
17 marketing materials to ensure they were legally compliant"), "Undisputed Fact" No.
18 33 ("Hoppenfeld assisted TU in developing compliance policies regarding TU live
19 events"); *see also id.*, "Undisputed Fact" Nos. 26-31.

20 In light of Trump's testimonial tendencies and his improper reliance-on-counsel
21 assertions in *Cohen*, plaintiffs wish to prevent such tactics at trial. Defendants'
22 expansive invocations of the attorney-client privilege with regard to any aspect of TU
23 in which any attorney was involved is sufficient to trigger the prohibition on using
24 attorney-client communications both as a sword and a shield. *See, e.g.*, *Columbia*
25 *Pictures Indus. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir.
26 2001) (affirming district court's *in limine* ruling precluding the defendant from relying
27 on advice of counsel at trial, after having previously invoked the privilege).
28

Accordingly, the Court should preclude defendants from directly or indirectly invoking at trial the involvement of or reliance on counsel regarding any aspect of TU.

## V.   CONCLUSION

For all the foregoing reasons, plaintiffs respectfully request that the Court prohibit defendants at trial from: (1) calling any witness who they failed to identify by name in their Rule 26(a)(1) disclosures, including the persons identified on Tables 1 and 2 above; (2) using or offering into evidence any document or item they withheld from discovery, including the Withheld Documents listed on Exhibit 1; and (3) directly or indirectly invoking at trial the involvement of or reliance on counsel regarding any aspect of TU.

DATED:  October 20, 2016

Respectfully submitted,
ROBBINS GELLER RUDMAN
   & DOWD LLP

s/ Jason A. Forge
JASON A. FORGE

ROBBINS GELLER RUDMAN
   & DOWD LLP
PATRICK J. COUGHLIN
X. JAY ALVAREZ
JASON A. FORGE
RACHEL L. JENSEN
DANIEL J. PFEFFERBAUM
BRIAN E. COCHRAN
JEFFREY J. STEIN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK
AARON M. OLSEN
225 Broadway, Suite 2050
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Class Counsel

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 20, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 20, 2016.

<u>s/ Jason A. Forge</u>
JASON A. FORGE

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:      jforge@rgrdlaw.com