DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
DAVID L. KIRMAN (S.B. #235175)
dkirman@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

JILL A. MARTIN (S.B. #245626)
jmartin@trumpnational.com
TRUMP NATIONAL GOLF CLUB
One Trump National Drive
Rancho Palos Verdes, CA 90275
Telephone: (310) 202-3225
Facsimile: (310) 265-5522

Attorneys for Defendants Trump University, LLC and Donald J. Trump

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SONNY LOW, J.R. EVERETT and JOHN BROWN, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRUMP UNIVERSITY, LLC, a New York Limited Liability Company and DONALD J. TRUMP,<br><br>Defendants. | Case No. 3:10-CV-0940-GPC-WVG<br>Judge: Hon. Gonzalo P. Curiel<br><br>**[CLASS ACTION]**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE EVIDENCE AND ARGUMENT RE: DAVID LAZARUS AND *LA TIMES***<br><br>**MOTION *IN LIMINE* NO. 3**<br><br>Hearing: November 10, 2016<br>Time: 1:30 p.m.<br>Courtroom: 2d<br>Judge: Hon. Gonzalo P. Curiel |

**TO PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 10, 2016 at 1:30 p.m., Defendants Trump University, LLC and Donald J. Trump ("defendants") will and hereby do move for the exclusion of evidence and argument based on the Court's certification order and Federal Rules of Evidence 401, 403, 701, and 802.[1] Defendants believe in good faith that class representative plaintiffs Sonny Low, Joann Everett, and John Brown ("plaintiffs") intend to offer into evidence during Phase One of the trial set to begin on November 28, 2016, evidence and argument concerning media coverage regarding Defendants, including the trial testimony of *Los Angeles Times* columnist David Lazarus and several publications from that newspaper.

This Motion is made on the grounds that all such evidence and argument (1) is not probative on any issue before the jury; (2) is unduly prejudicial and risks confusing the issues and wasting time; (3) is improper opinion testimony; and (4) is inadmissible hearsay not falling within an exception to the hearsay rule. It is based on the Notice of Motion, the Memorandum of Points and Authorities thereto, the files in this action, and additional submissions and argument as may be presented at or before the hearing on this Motion.

Dated: October 20, 2016

O'MELVENY & MYERS LLP
DANIEL M. PETROCELLI
DAVID L. KIRMAN

By: /s/ Daniel Petrocelli
Daniel M. Petrocelli
Attorneys for Defendant
DONALD J. TRUMP and
TRUMP UNIVERSITY, LLC

---

[1] All Rule references are to the Federal Rules of Evidence unless otherwise noted.

Defendants move *in limine* to exclude from trial the testimony of David Lazarus and plaintiffs' exhibits 185, 186, 187, and 1000.

## I. INTRODUCTION

David Lazarus is a columnist for the *Los Angeles Times* ("*Times*"). Kirman Decl., Ex. 12 (PX185) at 1.[2] He is not a class member. He did not attend any of the live events or programs described in the class definition. He did not pay any money to TU. He did not attend any event or overlap with any of the class representatives. Rather, as part of his column, Lazarus attended a free, 90-minute "preview" in Los Angeles in 2007—more than a year before any of the named plaintiffs attended any TU preview or other live event. *Id.* Mr. Lazarus then wrote a column in the *Times* expressing opinions critical of the TU preview he attended. *Id.* at 2. According to Lazarus, Mr. Trump expressed disappointment and frustration with Lazarus's article in telephone calls with Lazarus and his boss and insisted the Times publish a letter Trump wrote for readers. Ex. 13 (PX186) at 1. In 2016, Lazarus claimed that Trump tried to have him fired. Ex. 14 (PX187) at 1.

Although Lazarus has nothing relevant to add to the issues in this case, plaintiffs identified the columnist on their trial witness list and seek to introduce three *Times* articles written by him: (1) "Trump Spins in Foreclosure Game," dated December 12, 2007 ("PX185"); (2) "Trump's a Grump About Column on His 'Priceless' Tips," dated December 16, 2007 ("PX186"); and (3) "Donald Trump Tried to Get Me Fired After I Wrote About Trump University," dated March 9, 2016 ("PX187"). *See* Exs. 12–14. Plaintiffs also listed as a trial exhibit a letter to the editor attributed to Mr. Trump, which the *Times* published on December 13, 2007 ("PX1000"). *See* Ex. 15.

None of this evidence is admissible. Neither Lazarus's anticipated trial testimony nor any of trial exhibits mentions or relates to the two certified alleged

---

[2] Unless noted, "Ex." refers to exhibits attached to the Kirman Declaration.

misrepresentations or any of the named class representatives. None of it bears on any fact of consequence in this case. Rather, plaintiffs seek to poison the jury by introducing as "evidence" the negative opinions of a business columnist who disapproved of the preview he attended and who is critical of Mr. Trump. This irrelevant opinion and hearsay evidence has no probative value, and its introduction would be highly inflammatory, confusing, and prejudicial.

## II.     EVIDENCE AT ISSUE IN THIS MOTION

**Anticipated Trial Testimony.** Lazarus was not deposed in this litigation. Plaintiffs described Lazarus and his anticipated trial testimony as follows:

> Los Angeles Times reporter attended Stephen Goff Preview seminar in 2007, and wrote in a December 2007 column that it was just a two-hour sales pitch for Trump University's $1,500 Fulfillment Seminar. Shortly thereafter, Mr. Trump called him and threatened to "sue your ass off." Trump then submitted a letter he wanted the Los Angeles Times to print in extra-large print.

Ex. 91 at 4.

**PX185.** This article describes Lazarus's attendance at the free TU preview, his telephone interviews with Michael Sexton and Mr. Trump, and his conversation with the preview instructor and other attendees. The article begins by describing the foreclosure market as "profit[ing] from other people's misfortune." Ex. 12 (PX185) at 1. It then states Lazarus's opinions about the attendees, the information taught at the free preview compared to other real estate seminars, and the riskiness of educating customers about the foreclosure investing, which Lazarus likened to "the same sort of recklessness that got us into the sub-prime mess in the first place." *Id*. at 2–3.

**PX186.** This article describes a telephone conversation between Lazarus and Mr. Trump, who purportedly threatened to sue over inaccuracies in PX185, and a separate conversation that Mr. Trump had with Lazarus's supervisor. Ex. 13 (PX186) at 1. The article then restates opinions from the first article. *Id*. at 1–2.

**PX187.** This article was printed in March 2016, nearly a decade after Lazarus attended a TU preview, and recounts the Better Business Bureau ("BBB")'s description of its rating for TU as well as Lazarus's personal opinion about Mr. Trump's honesty. It also recaps the prior articles. Ex. 14 (PX187) at 1–2.

**PX1000.** This letter to the editor is attributed to Mr. Trump and addressed to the Business Editor of the *Times*. It disputes Lazarus's claim that Mr. Trump's "primary claim to fame" is hosting *The Apprentice*. *See* Ex. 15 (PX1000) at 1. Like Lazarus's articles, it makes no mention of any of the certified misrepresentations in this case. *Id.*

## III. ARGUMENT

### A. Lazarus's Testimony Should Be Excluded at Trial

#### 1. Lazarus's Testimony Is Irrelevant

Lazarus's testimony lacks probative value and should be excluded.

The class that this Court certified consists of "[a]ll persons who purchased a Trump University three-day live 'Fulfillment' workshop and/or a 'Elite' program ('Live Events') in California, New York, and Florida, and have not received a full refund." Decert. Order (ECF No. 418) at 2. Lazarus did not attend any Live Event meeting that description; instead, he attended a free, 90-minute preview in 2007, over a year before any named plaintiff attended a TU event. *See* Ex. 12 (PX185) at 1. Lazarus has no personal knowledge whatsoever about what occurred at the workshops and paid events that are at issue in this case, and therefore his opinions are irrelevant.

*Dulin v. Bd. of Commissioners of Greenwood Leflore Hosp.*, No. 07-CV-194, 2009 WL 2922984 (N.D. Miss. Sept. 8, 2009), is on point. In *Dulin*, the plaintiff alleged he was fired after advocates at a Voter's League meeting pressured his employer to replace him with an African American. *Id.* at *1. The defendant

1  moved to exclude from trial the testimony and editorials of newspaper editors who
2  had attended *other* Voter's League meetings and described the racism and pressure
3  of advocates there. *Id*. at *11. The court excluded this evidence, finding that the
4  newspaper editors "were not in attendance at the Voter's League meeting in
5  question" and therefore their "editorial opinions lack probative value on the present
6  claims." *Id*. at *12. The Court also found that "[t]estimony of previous Voter's
7  League meetings and their observations about the influence of advocates or racism
8  are not relevant and would only serve to confuse and mislead the jury." *Id.*
9       Lazarus's anticipated trial testimony has no relation to the misrepresentations
10 that plaintiffs' allege here—that "Trump University was an accredited university"
11 and that "students would be taught by real estate experts, professors and mentors
12 hand-selected by Mr. Trump." Decert. Order at 2. Instead, Lazarus's anticipated
13 testimony is that the free preview he attended was a "sales pitch" and that Mr.
14 Trump threatened to sue him. Because this testimony has no bearing to the issues
15 that will actually be before the jury in this case, it is inadmissible. *See Dulin*, 2009
16 WL 2922984, at *11–12. And because Lazarus's opinions about the free preview
17 he attended are irrelevant, his testimony about Mr. Trump's reaction to Lazarus's
18 opinions are doubly-irrelevant and therefore also inadmissible. *See id.*

### 2. Lazarus's Testimony Is Unduly Prejudicial

20     Even if Lazarus's testimony were relevant, it would still be inadmissible
21 because it is unduly prejudicial and risks confusing the issues and wasting time.
22     First, it would be unduly prejudicial for the jury to be hear the opinions of a
23 non-class member who has no personal knowledge of the live events or issues in
24 this case. *See id.*; *Thomas v. Bombardier Recreational Prods., Inc.*, No. 08-cv-730,
25 2010 WL 4188308, at *1 (M.D. Fl. Oct. 20, 2010) (finding that the probative value
26 of media coverage is outweighed by the danger of unfair prejudice because, *inter*
27 *alia*, the media coverage did not address the specific products at issue in the case).
28

1     Second, Lazarus's opinion about the value of the free preview he attended
2 and Mr. Trump's alleged threat to sue him creates a substantial risk of confusing the
3 jury into thinking that (1) the free preview that Lazarus attended is one of the TU
4 events at issue in this case, which it is not, and (2) that Lazarus's criticisms and
5 opinions about that preview—namely, that it was simply a sales pitch for the paid
6 TU workshop—are among the misrepresentations that Plaintiffs allege in this case,
7 which they are not. *See Dulin*, 2009 WL 2922984, at *12 (excluding testimony and
8 editorials of newspaper editors because their "[t]estimony of previous Voter's
9 League meetings and their observations about the influence of advocates or racism
10 are not relevant and would only serve to confuse and mislead the jury.")

11     Third, Lazarus's testimony would lead to undue waste of time both in
12 presenting and challenging Lazarus's testimony. *See Smithfield Foods, Inc. v.*
13 *United Food and Commercial Workers Int'l Union,* No. 07-cv-641, 2008 WL
14 4610305, at *2 (E.D. Va. Oct. 14, 2008) (excluding a newspaper article because its
15 "vivid and editorial nature" was inflammatory and "the introduction of the Article
16 would inevitably lead to a lengthy attempt by [plaintiff] to discredit the contents of
17 the article, creating delay and potentially confusing the jury").

### B.   PX185 Should Be Excluded From Trial

#### 1.   PX185 Is Inadmissible Hearsay (FRE 801)

20     Newspaper articles are "classic, inadmissible hearsay." *Roberts v. City of*
21 *Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005); *see also Larez v. City of Los*
22 *Angeles*, 946 F.2d 630, 642 (9th Cir. 1991) (articles are "*a fortiori*, statements made
23 out-of-court where they were not subject to the rigors of cross-examination").
24 Federal courts in California routinely exclude newspaper articles on hearsay
25 grounds. *See, e.g., In re Oracle Corp. Securities Litig.*, 2009 WL 1709050, at *8
26 (N.D. Cal. June 19, 2009) (holding newspaper articles offered to prove fraudulent
27 statements are inadmissible hearsay), *aff'd*, 627 F.3d 376 (9th Cir. 2010); *Johnson*
28

1  *v. Poway Unified Sch. Dist.*, 2008 WL 5657801, at *1 (S.D. Cal. Sept. 4, 2008)
2  ("Newspaper articles have been held inadmissible hearsay as to their content.");
3  *Green v. Baca*, 226 F.R.D. 624, 638 (C.D. Cal. 2005) (finding *Times* articles
4  "clearly constitute hearsay").

5      Lazarus's anticipated testimony establishes that PX185 is offered for the
6  truth of the matter asserted—that Lazarus "attended Stephen Goff Preview seminar
7  in 2007, and wrote in a December 2007 column that it was just a two-hour sales
8  pitch for Trump University's $1,500 Fulfillment Seminar." *See* Ex. 91 at 4. It
9  therefore is inadmissible hearsay. *See Larez*, 946 F.2d at 642.

10      *Dulin* again is instructive here. In addition to the newspaper editorials
11  describing other Voter's League meetings, the plaintiff sought to introduce as trial
12  evidence a newspaper article describing the meeting at issue in the litigation. The
13  court held that the article was "classic, inadmissible hearsay" (quoting *Roberts*, 397
14  F.3d at 295), because it was offered to establish causation and motivation, which
15  require admissible evidence. *Dulin* at *3, *11.

16      To the extent PX185 describes non-parties' statements, it is inadmissible
17  hearsay within hearsay. *See Green*, 226 F.R.D. at 638 ("[T]o the extent the articles
18  quote statements by other individuals, and those statements are offered for the truth
19  of the matter asserted, they constitute double hearsay."). The quotations from Mr.
20  Trump's interview also "involve a serious hearsay problem," as they are Lazarus's
21  out-of-court statements offered for the truth of the matter asserted: that Mr. Trump
22  made the quoted statement. *See Larez*, 946 F.2d at 642; *see also Apple, Inc. v.
23  Motorola, Inc.*, No. 11-cv-8540 (N.D. Ill. May 31, 2012) (Posner, J.) (excluding
24  blog post quoting Steve Jobs because it "is being offered the truth of the matter
25  asserted: that he asked Jobs [a question] and this is how Jobs replied"); *Stewart v.
26  Wachowski*, 574 F. Supp. 2d 1074, 1090 (C.D. Cal. 2005) ("Even when the actual
27  statements quoted in a newspaper article constitute nonhearsay, or fall within a
28  hearsay exception, their repetition in the newspaper creates a hearsay problem.");

*In re Cirrus Logic Sec. Litig.*, 946 F. Supp. 1446, 1469 (N.D. Cal. 1996) ("It is plainly unfair to hold defendants liable for the reporting of their statements by third parties without independent corroboration of the accuracy of the reported statements.").[3]

### 2. PX185 Is Improper Opinion Testimony (FRE 701)

PX185 is inadmissible under Rule 701 because is improper opinion testimony by a lay witness. The article consists almost entirely of Lazarus's editorializing comments on a wide range of topics, from the morality of foreclosure investing to the value of the TU preview as compared to other real estate seminars—which Lazarus does not claim to have attended—or the riskiness of foreclosure investing, which Lazarus likened to "the same sort of recklessness that got us into the sub-prime mess in the first place." Ex. 12 (PX185) at 2–3. Consequently, PX185 is inadmissible lay opinion and must be excluded from trial. *See Abrams v. Ciba Specialty Chems. Corp.*, 663 F. Supp. 2d 1220, 1234 n.18 (S.D. Ala. 2009) (journalist's lay opinion on source of pollution is improper and inadmissible.)

### 3. PX185 Is Irrelevant and Prejudicial (FRE 401, 403)

Like Lazarus's testimony, PX185 is inadmissible because it is irrelevant to the claims in the case, is unduly prejudicial, and risks confusing the issues and

---

[3] No hearsay exception applies to PX185. In *Larez*, the Ninth Circuit held that the potentially applicable hearsay exception was the residual exception now found in Rule 807, which did not apply because (1) articles are not the most probative evidence that could be procured on the point for which they are offered and (2) the offering party failed "to take testimony from, and particularly to allow the cross-examination of, the reporters who repeated [the defendant's] comments." 946 F.2d at 642, 644; *see also Green*, 226 F.R.D. at 639 (holding that the hearsay problem in Larez cannot be cured by calling the reporters to testify at trial and further that the articles lacked circumstantial guarantees of trustworthiness because the offering party "[had] not offered evidence from independent sources corroborating the information recited in the articles" or shown "that defendant does not dispute the statements attributed to him in the articles").

1  wasting time. *See supra* § III.A.1–2. If admitted, defendants would be required to
2  rebut its irrelevant opinions—including Lazarus's view that foreclosure investing is
3  "tak[ing] advantage of other people's misfortune" and whether programs like TU
4  "represent the same sort of recklessness that got us in the sub-prime mess in the
5  first place." *See* Ex. 12 (PX185) at 2.

### C. PX186 Is Hearsay, Contains Improper Opinions, And is Irrelevant and Unduly Prejudicial (FRE 801, 701, 401, 403)

PX186 is another statement made out of court without being subject to the rigors of cross-examination, and hence is "classic, inadmissible hearsay." *Roberts*, 397 F.3d at 295; *Larez*, 946 F.3d at 642. Plaintiffs' summary of Lazarus's testimony establishes that the article is offered to prove that, after PX185 was printed, "Mr. Trump called [Lazarus] and threated [sic] to "sue your ass off." *See* Ex. 91 at 4. PX186 also purports to describe a conversation between Mr. Trump and Lazarus, a separate conversation between Mr. Trump and Lazarus's boss, and "dozens of e-mails" that Lazarus received from unnamed individuals. Ex. 13 (PX186) at 1–2. These descriptions are hearsay as they are offered to prove Mr. Trump or others made those statements. *See Larez*, 946 F.2d at 642; *Stewart*, 574 F. Supp. 2d at 1090; *In re Cirrus Logic Sec. Litig.*, 946 F. Supp. at 1469.

PX also 186 is inadmissible under Rule 701 because it restates the improper opinion testimony of a lay witness, including that "real estate professionals say it's all too easy for novices to lose their shirts in the foreclosure market" and that foreclosure investing "involve[s] getting a better price for someone's housing than the seller was able to get, which is more like helping yourself." Ex. 13 (PX186) at 1–2; *Abrams*, 663 F. Supp. 2d at 1234 n.18.

Finally, PX186 is admissible because it lacks probative value and is unduly prejudicial. *See supra* § III.A.1–2. Plaintiffs' attempts to focus the jury on Mr. Trump's alleged threat to sue Lazarus is a transparent attempt to inflame the jury against defendants. *See Smithfield Foods, Inc.,* 2008 WL 4610305, at *2.

### D. PX187 Is Hearsay, Contains Improper Opinions, And is Irrelevant and Unduly Prejudicial (FRE 801, 701, 401, 403)

Like PXs 185 and 186, PX187 is an out-of-court statement made without cross-examination, and hence "classic, inadmissible hearsay." *Roberts*, 397 F.3d at 295; *Larez*, 946 F.3d at 642. Plaintiffs offer PX187 for the truth of the matter asserted—that the BBB received numerous complaints from unnamed TU customers and the reason why its rating of TU changed over time. Ex. 14 (PX187) at 1–2. It also contains double- and triple-hearsay, including Lazarus's description of the BBB's description of unnamed TU customers' descriptions of their complaints, as well as Lazarus's description of numerous emails he received from former TU customers. As such, it is inadmissible. *See Larez*, 946 F.2d at 642; *supra*, § III.B.1.

Moreover, from its first sentence mentioning "the icky mess that is Trump University," to its gratuitous comments regarding Mr. Trump, PX187 exhibits Lazarus's habit of strewing editorializing comments throughout his articles. *See* Ex. 14 (PX187) at 1–2. It therefore must be excluded under Rule 701 and 702. See *supra*, § III.B.2.

Finally, PX187 must be excluded because its focus is on the BBB's rating system and its rating of TU over time, which is completely irrelevant to any issue in this case. *See* MIL No. 4. Moreover, the allegation that Mr. Trump tried to get Lazarus fired—which is not substantiated by Mr. Trump's alleged statements in this article or prior ones—is not relevant to any fact in this case and would only serve to inflame the jury against defendants, which is why plaintiffs seek to have it admitted. *See supra*, § III.B.3-4.

### E. PX1000 Is Irrelevant and Unduly Prejudicial.

PX1000 is a letter to the editor, attributed to Mr. Trump, that the *Times* printed on December 13, 2007. PX1000 should be excluded because it is irrelevant and prejudicial. It does not address any misrepresentations alleged by plaintiffs or

any other issue in this case.  Instead, as Lazarus recognized in PX186, it disputes Lazarus's statement that Mr. Trump's "primary claim to fame" is hosting *The Apprentice*.  *See* Ex. 15 (PX1000) at 2.  This is wholly irrelevant.  Moreover, PX1000's admission would prejudice defendants, confuse the issues, and waste time, as Mr. Trump would find it necessary to defend and prove the statements in the letter, including his worldwide success and reputation as a real estate developer.  *See Smithfield Foods, Inc.*, 2008 WL 4610305, at *2; *Thomas*, 2010 WL 4188308, at *1.

### F.     Other Media Coverage of TU Also Should Be Excluded

The Court should also exclude from trial references to any other media coverage of TU that plaintiffs may try to admit.  Newspaper articles and media coverage are "classic, inadmissible hearsay," even when purportedly quoting defendants.  *See Roberts*, 397 F.3d at 295; *Larez*, 946 F.2d at 642; *see also supra*, § III.B.1-4.

## IV.    CONCLUSION

Defendants request the Court exclude the testimony of David Lazarus, PX185, PX186, PX187, PX1000, and any other media coverage of TU from trial.

Dated:  October 20, 2016            Respectfully submitted,

O'MELVENY & MYERS LLP
DANIEL M. PETROCELLI
DAVID L. KIRMAN

By:    /s/ Daniel M. Petrocelli
            Daniel M. Petrocelli

Attorneys for Defendants
DONALD J. TRUMP and
TRUMP UNIVERSITY, LLC