ROBBINS GELLER RUDMAN & DOWD LLP
PATRICK J. COUGHLIN (111070)
patc@rgrdlaw.com
X. JAY ALVAREZ (134781)
jaya@rgrdlaw.com
JASON A. FORGE (181542)
jforge@rgrdlaw.com
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
DANIEL J. PFEFFERBAUM (248631)
dpfefferbaum@rgrdlaw.com
BRIAN E. COCHRAN (286202)
bcochran@rgrdlaw.com
JEFFREY J. STEIN (265268)
jstein@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
225 Broadway, Suite 2050
San Diego, CA 92101
Telephone: 619/342-8000

Class Counsel

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY LOW, J.R. EVERETT and JOHN BROWN, on Behalf of Themselves and All Others Similarly Situated,<br><br>            Plaintiffs,<br><br>      vs.<br><br>TRUMP UNIVERSITY, LLC, a New York Limited Liability Company and DONALD J. TRUMP,<br><br>            Defendants. | No. 3:10-cv-0940-GPC(WVG)<br><br>CLASS ACTION<br><br>PLAINTIFFS' MOTION *IN LIMINE* NO. 5: MOTION TO EXCLUDE EVIDENCE AND ARGUMENT RELATED TO THE COURT'S CLASS ACTION ORDERS<br><br>DATE:    November 10, 2016<br>TIME:    1:30 p.m.<br>CTRM:   2D<br>JUDGE:  Hon. Gonzalo P. Curiel |

1198394_1

## I. INTRODUCTION

Pursuant to Federal Rules of Evidence ("FRE") 402, 403 and 802, and Federal Rule of Civil Procedure ("Rule") 16(c)(2), plaintiffs move to exclude argument and evidence seeking to challenge this Court's (multiple) prior orders certifying this action as a class action for purposes of liability or any of the pre-requisite factors thereunder, including commonality and predominance.

The Court previously determined this case was appropriate for class treatment and, therefore, certified liability issues for trial pursuant to Rule 23. *See* Dkts. 298, 418. Defendants have refused to accept this holding and their efforts to undermine it have been repeatedly rebuffed by this Court based on the "substantial evidence" that common liability issues predominate over individualized ones. *See, e.g.*, Dkts. 380, 482, 506. Nevertheless, defendants apparently plan to make the trial a referendum on the Court's class certification orders. *See, e.g.*, Defs' Proposed Pretrial Order ("Defs' Proposed PTO") at 4, 5 n.5, 10 n.18; Dkt. 505 at 10, 12-14. However, whether a case is appropriate for class treatment is an issue of law to be decided by the trial court and outside the province of the jury. *See Gomez v. Tyson Foods, Inc.*, No. 8:08-CV-21, 2013 U.S. Dist. LEXIS 188822, at *6-*7 (D. Neb. Mar. 13, 2013) (at trial a party "should not be allowed to raise issues regarding Rule 23 certification that have been determined as a matter of law"). Argument and evidence related to the propriety of the Court's class certification decisions have no relevance to any common issue of liability and will only confuse the issues, mislead the jury, and needlessly prolong the trial. As a result, such evidence and arguments should be excluded.

## II. BACKGROUND

Phase 1 of trial is limited to common liability issues only. *See* Dkt. 506 at 2. The Court previously found as a matter of law that a "class action has the ability to determine on a class wide basis whether misrepresentations were made and whether they were material." *See* Dkt. 298 at 15. In granting class certification under Rule 23, the Court found "[c]lass treatment of the claims will allow these common issues to be

decided efficiently and economically." *Id*. Central to the Court's ruling was its finding that Trump University, LLC ("TU") "made common misrepresentations to all of the class members." *Id*. at 23. The Court based this decision on its review of "substantial evidence" that "the TU multi-media promotional campaign was uniform, highly orchestrated, concentrated and focused on its intended audience." *Id*. at 22 & n.13. The effect of this ruling is to allow plaintiffs to prove (to the extent applicable to their respective claims) class-wide causation and reliance at trial by way of proving the materiality of the alleged misrepresentations. *Id*. at 22-26.

Later, defendants challenged the Court's order in a motion to decertify the Class. *See* Dkt. 380. In partially denying defendants' motion, the Court reiterated that it had already "found that issues of liability are common and can be decided based on common proof." *See* Dkt. 418 at 19. Unwilling to accept this ruling, defendants filed a motion for leave to file a renewed decertification motion, arguing yet again that "class members were not uniformly exposed to the alleged 'core' misrepresentations" and that "individual issues of reliance, causation, and materiality predominate." *See* Dkt. 506 at 4. Again denying defendants' attempts to undo certification on liability issues, the Court held that "both arguments were extensively considered by the Court in its previous certification orders." *Id*.

### III. EVIDENCE AND ARGUMENT AT ISSUE

Plaintiffs move to exclude any argument regarding the satisfaction of the Rule 23 prerequisites or the propriety of the Court's class certification decisions, including the Court's determination that the alleged misrepresentations were uniformly made to the Class. In addition, plaintiffs move to exclude the following four categories of evidence that have no relevance to common liability issues, but which defendants have indicated they will use to challenge the Court's class certification decisions;

indeed, numerous exhibits within these categories have previously been cited in connection with defendants' never-ending campaign for decertification:[1]

- <u>Testimony of Non-Representative TU Customers</u>

Plaintiffs seek to exclude the following non-representative TU customers on defendants' proposed witness lists, who are irrelevant to any liability issue and are expected to testify about their individualized, subjective experiences: (i) Paul Canup; (ii) Marla Colic-Rains; (iii) Michelle Gunn; (iv) Amy H.; (v) Paula Levand; (vi) Tarla Makaeff; (vii) Meena Mohan; (viii) Mette Nielsen; (ix) Nicholas Perioux; (x) Kevin Andrews; (xi) Walter Grieves; (xii) Joe Halley; (xiii) Wes Kennedy; (xiv) Michael LaMonica; (xv) Dwin Ngo; (xvi) Thomas Simjian; (xvii) Daniel Berman; (xviii) Aleshia Boerin-dlock; (xix) Jesus Castillo; (xx) Kissy Gordon; (xxi) Charles Lee; (xxii) Greg Leishman; (xxiii) Robert Mulack; (xxiv) Stephen Nesbit; (xxv) Richard Nichilo; (xxvi) Scott Talhelm; (xxvii) David Wright; and (xxviii) Art Cohen. *See* Defs' Proposed PTO, Exs. A, B.

Defendants have made their intent clear that these witnesses will primarily be used to collaterally attack this Court's certification rulings by injecting issues regarding their subjective, individualized experiences at trial. For example, the following is defendants' description of the anticipated testimony from Marla Colic-Rains, which illustrates the type of testimony defendants hope to elicit from these non-representative student witnesses at trial:

> Marla Rains Colic is a former TU student who knew at the time she was taking TU courses that TU was not an accredited university but rather a business seminar. She also understood that TU was one of many companies under Defendant's umbrella of companies and did not expect Defendant to be personally involved in the company. Based on Defendant's reputation, she expected excellence, and that is what she believed she received at TU. She worked hard to apply the techniques she learned and was successful in her investments.

---

[1] Further information regarding these categories of evidence, including the ways in which defendants have previously used many of their proposed trial exhibits in their attempts to oppose class certification, is provided in Appendix A, submitted herewith.

*See* Defs' Proposed PTO, Ex. A at 1.

- TU Customer Declarations

Plaintiffs seek to exclude the following declarations of TU customers: (i) Declaration of Charles Lee (Defs' Trial Ex. 4653); (ii) Declaration of Jesus Castillo (Defs' Trial Ex. 4654); (iii) Declaration of Kissy Gordon (Defs' Trial Ex. 4655); (iv) Declaration of Gregory Leishman (Defs' Trial Ex. 4656); (v) Declaration of Stephen Nesbit (Defs' Trial Ex. 4657); (vi) Declaration of Robert Mulack (Defs' Trial Ex. 4658); (vii) Declaration of Scott Talhelm (Defs' Trial Ex. 4659); and (viii) Declaration of David Wright, Jr. (Defs' Trial Ex. 4660).[2]

Defendants intend to offer these declarations as evidence of the individualized, subjective experiences of TU customers in an attempt to challenge this Court's class certification rulings. Notably, each of these declarants is also among the witnesses defendants may call at trial to similarly testify about their irrelevant subjective experiences at TU. *See* Defs' Proposed PTO, Exs. A, B.

- Paid TU Course Materials

Defendants intend to submit hundreds of exhibits of paid TU course materials, such as workbooks, handouts and class transcripts, to argue that TU courses varied from class to class in an attempt to challenge this Court's class certification rulings. *See* Defs' Proposed PTO, Exs. C, D.[3]

---

[2] Further information regarding these declarations provided in Appendix A.

[3] Defendants' failure to provide a trial exhibit list in good faith that identifies the exhibits that they actually intend to use at trial in accordance with Local Rules 16.1(f)(2)(c) and 16.1(f)(4)(c) and this Court's pretrial order (Dkt. 442 at 1-2) has made it virtually impossible for plaintiffs to identify every paid TU course material that should be excluded pursuant to this motion. For the Court's convenience, plaintiffs have provided numerous examples of these exhibits in Appendix A, several of which defendants have relied on in their prior briefing opposing class certification. However, these examples are not meant to be exhaustive. No doubt by design, defendants overloaded their trial exhibit list with more than 1,100 exhibits, including hundreds of exhibits only recently added in "supplemental" submissions. As a result, plaintiffs have been forced to identify by category the exhibits in defendants' overlong exhibit list that should be excluded. Plaintiffs therefore respectfully request that all

- TU Customer Evaluations, "Surveys" and Testimonials

Defendants intend to submit TU customer evaluations, "surveys" and testimonials to argue that TU customers had varying experiences at TU and varied interactions with TU personnel in an attempt to challenge this Court's class certification rulings. *See* Defs' Proposed PTO, Exs. C, D.[4]

## IV. ARGUMENT

### A. Evidence and Argument Regarding the Satisfaction of the Rule 23 Prerequisites or the Propriety of the Court's Class Certification Decisions Should Be Excluded

A party "should not be allowed to raise issues regarding Rule 23 certification that have been determined as a matter of law." *Gomez*, 2013 U.S. Dist. LEXIS 188822, at *7. Accordingly, any evidence or argument addressing, directly or indirectly, whether the Class should have been certified should be excluded as irrelevant. *See, e.g.*, *Wargnier v. Nat'l City Mortg., Inc.*, No. 09cv2721-GPC-BGS, 2013 U.S. Dist. LEXIS 102376, at *5 (S.D. Cal. July 22, 2013) ("'[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'");[5] *Bassilios v. City of Torrance*, No. CV 14-03059-AB (JEMx), 2016 U.S. Dist. LEXIS 47430, at *8 (C.D. Cal. Jan. 14, 2016) (reasoning that the court's prior finding was the "law of the case" and that evidence relating to the matter already decided by the court was thus irrelevant and inadmissible at trial); *Lorillard Tobacco Co. v. Yazan's Serv. Plaza, Inc.*, No. 05-70804, 2007 U.S. Dist. LEXIS 45612, at *21-*27 (E.D. Mich. June 25, 2007) (granting plaintiff's motion *in limine* to exclude any evidence regarding a legal issue

---

paid TU course materials be excluded, as defendants should not be rewarded for burying similarly objectionable documents among their more than 1,100 exhibits.

[4] Illustrative examples and further information for these exhibits is provided in Appendix A. For the same reasons as stated in n.3, *supra*, plaintiffs respectfully request that all TU customer evaluations, "surveys" and testimonials be excluded.

[5] Citations and footnotes are omitted and emphasis is added unless otherwise noted.

1  that had already been decided by the court because its admission would amount to
2  "rehash[ing] the argument in the hopes of gaining a second bite at the apple").

3  Further, the propriety of class certification is a legal question for the Court and
4  outside the province of the jury.  As Rule 23 expressly states, it is the "***court***" which is
5  tasked with "find[ing] that the questions of law or fact common to class members
6  predominate" and that "a class action is superior." *See* Rule 23(b)(3).  Following this
7  mandate, the Ninth Circuit has long held that the decision of whether to certify a class
8  is a matter "within the ***trial court's*** discretion." *Yamamoto v. Omiya*, 564 F.2d 1319,
9  1325 (9th Cir. 1977); *see also Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712
10 (9th Cir. 2010) ("The decision to grant or deny class certification is within the ***trial***
11 ***court's*** discretion.").  The Supreme Court has likewise held that "the right of a litigant
12 to employ Rule 23 is a ***procedural*** right only, ancillary to the litigation of substantive
13 claims." *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 332 (1980).  Thus, a jury
14 has no authority to review or overturn the Court's determination that this case satisfies
15 the standards of Rule 23 for class certification.

16 Defendants have made clear that they plan to collaterally attack the Court's
17 class certification orders at trial in a misleading sideshow to the common liability
18 issues properly before the jury.  For example:

- Defendants have proposed having the jury decide whether the predicate for class action treatment exists.  *See, e.g.*, Defs' Proposed PTO at 4; Dkt. 505 at 10, 12-14.

- Defendants intend to offer evidence that TU marketing materials varied in an attempt to challenge the Court's certification holdings that the alleged misrepresentations were uniformly made to the Class.  *Compare, e.g.*, Defs' Trial Exs. 4416, 4492, 4530-4535, *with* Dkt. 482-2 at 2-4, 5 n.7, 7 n.8.

- Defendants intend to offer the testimony and declarations of a few outlier TU customers regarding their subjective individualized experiences in an attempt to challenge the Court's predominance and bifurcation findings.

*See, e.g.*, Appendix A at II.A, II.B; Dkt. 482-2 at 4-9, 14-16; Dkt. 505 at 8-14.

- Defendants intend to introduce paid TU course materials to argue that TU courses varied from class to class in an attempt to challenge the Court's predominance and bifurcation findings. *See, e.g.*, Appendix A at II.C.

- Defendants intend to introduce TU customer evaluations, "surveys" and testimonials to argue that TU customers had varied experiences in an attempt to challenge the Court's predominance and bifurcation findings. *See, e.g.*, Appendix A at II.D.

Such evidence and arguments, which are obviously aimed at undermining the Court's class certification orders, have no place at trial. Defendants should not be allowed to accomplish in practice what they have been repeatedly denied as a matter of law. *See, e.g.*, *Gomez*, 2013 U.S. Dist. LEXIS 188822, at *7 (granting motion *in limine* to exclude evidence regarding propriety of class certification); *On the House Syndication, Inc. v. Fed. Express Corp.*, 203 F.R.D. 452, 455 (S.D. Cal. 2001) (finding that allowing evidence of "individual issues of reliance and knowledge" would amount to an "improper challenge" of the trial court's prior certification decisions), *aff'd in part and rev'd in part*, 79 F. App'x 247 (9th Cir. 2003).

As the court in *Gomez* (an employment class action) held in granting a motion *in limine* to exclude evidence and argument regarding class certification issues, whether class members are "similarly situated" for Rule 23 purposes "***is an issue for the court, not a jury***," and one which the court, as here, had "already . . . determined." 2013 U.S. Dist. LEXIS 188822, at *6; *see also Lopez v. Tyson Foods, Inc.*, No. 8:06CV459, 2011 U.S. Dist. LEXIS 50638, at *16 (D. Neb. May 11, 2011) (granting motion *in limine* to exclude argument or evidence concerning class certification); *Schenek v. FSI Futures Inc.*, No. 94 Civ. 6345 (CSH), 1998 U.S. Dist. LEXIS 11562, at *11 n.6 (S.D.N.Y. July 28, 1998) ("[T]he question whether to certify a class is one of law, resting in the district court's discretion."). While the Court may reassess the

1  propriety of its own decision to certify a class, *see* Rule 23(c)(1)(C), it is not the jury's
2  role to do so.  Thus, any argument pertaining to the propriety of the Court's decision
3  to certify the Class should be excluded as irrelevant under FRE 402.

4        The evidence is also irrelevant in light of the Court's prior holdings that liability
5  in this case is to be determined by reference to objective standards and does not
6  require "individualized proof."  *See* Dkt. 298 at 19-26.  Instead, during Phase 1 of
7  trial, the evidence should be limited to that "properly generalized to the whole class."
8  *In re Nat'l Western Life Ins. Deferred Annuities Litig.*, No. 3:05-cv-1018-GPC-WVG,
9  2013 U.S. Dist. LEXIS 20314, *17 (S.D. Cal. Feb. 14, 2013); *see also Plascencia v.*
10 *Lending 1st Mortg.*, No. C 07-4485 OW, 2011 U.S. Dist. LEXIS 136078, at *7-*8
11 (N.D. Cal. Nov. 28, 2011) (evidence "not relevant" to common issues if not
12 generalized to the whole class).  Evidence seeking to show variance between TU
13 customers and TU classes cannot be generalized to the whole Class, and allowing such
14 individualized evidence at trial would effectively "destroy the representative nature of
15 the case."  *Waters v. Int'l Precious Metals Corp.*, 172 F.R.D. 479, 486-89 (S.D. Fla.
16 1996) (excluding individualized evidence as "irrelevant" "in light of the Court's
17 decision to restrict the trial to common issues only").

18       Evidence as to individual TU customer's subjective experiences and beliefs is
19 also irrelevant to the objective liability standards applicable to Phase 1 of trial.  *See,*
20 *e.g.*, Dkt. 472 at 9 ("[U]nder California law, the test for reliance and causation focus
21 on the materiality of the widely made representation versus the subjective and
22 personalized experience of one class member.").  Defendants' proffered evidence on
23 class certification issues is by definition subjective and individualized and thus
24 irrelevant and inadmissible in the Class phase of proceedings.[6]

25

---

[6] Defendants may predictably recite their oft repeated refrain, relying on a misreading of *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), that allowing the case to proceed as a class action will somehow undermine their constitutional rights. However, courts have "'routinely adopted the approach advocated by plaintiffs in which the first phase of the proceedings focuses exclusively on classwide claims,'"

1 Evidence and arguments attacking class certification should also be excluded
2 under FRE 403 because the probative value (to the extent any exists) would be
3 substantially outweighed by the risk of unfair prejudice, confusion of issues and
4 misleading the jury.  As noted above, the evidence is not relevant to any common
5 liability issues and would instead transform the trial from a class action into a series of
6 individual mini-trials.  It would also substantially risk jurors applying improper
7 liability standards, as they would be asked to focus on the subjective experiences of
8 this or that witness and the degree to which similar pieces of evidence may differ,
9 rather than the objective standards for liability applicable in Phase 1 of trial.
10 Furthermore, the substantive liability questions that the jury is tasked with answering
11 may be overshadowed by irrelevant evidence tending to prove or disprove the
12 procedural questions posed by Rule 23; questions not for the jury, but squarely within
13 the province of – and already decided by – the Court.

14 The declarations of TU customers should additionally be excluded as classic
15 hearsay under FRE 802.  "Documents prepared for purposes of litigation lack the
16 guarantee of trustworthiness that Rule 807 requires." *Leeds LP v. United States*, No.
17 08cv100 BTM (BLM), 2010 U.S. Dist. LEXIS 53530, at *7 (S.D. Cal. June 1, 2010)
18 (excluding declarations prepared in litigation as inadmissible hearsay).[7]

19 Finally, class certification evidence and arguments should be excluded under
20 the Court's discretion to manage issues for trial under Rule 16(c)(2), as their
21 introduction would present a sideshow to substantive liability questions and needlessly
22 prolong the trial. "[E]fficiency and economy of litigation" are "a principal purpose of
23 the [class action] procedure." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553

---

finding such an approach fully "consistent with the Seventh Amendment." *Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492, 543-44 (N.D. Cal. 2012).

[7] Plaintiffs have also moved to exclude the testimony of non-representative TU customers on grounds that the testimony is irrelevant, unduly prejudicial and improper in light of this Court's prior rulings and the limited nature of Phase 1 of trial. *See* Dkt. 509.

(1974). The Court has repeatedly extolled the virtues of efficiency in finding superiority under Rule 23(b)(3). *See* Dkts. 298 at 34 & 418 at 18. These efficiencies would be lost if defendants were allowed to unnecessarily complicate evidence and arguments at trial by focusing attention on the availability of the class action device rather than the substantive liability of defendants.

## V. CONCLUSION

Plaintiffs respectfully request that the Court grant their motion *in limine* to exclude evidence and arguments regarding the Court's class certification findings for the reasons stated herein.

DATED: October 20, 2016              Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP

                                     s/ Brian E. Cochran
                                    BRIAN E. COCHRAN

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
X. JAY ALVAREZ
JASON A. FORGE
RACHEL L. JENSEN
DANIEL J. PFEFFERBAUM
BRIAN E. COCHRAN
JEFFREY J. STEIN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK
AARON M. OLSEN
225 Broadway, Suite 2050
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

Class Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 20, 2016.

          s/ Brian E. Cochran
BRIAN E. COCHRAN

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:     bcochran@rgrdlaw.com

3:10-cv-0940-GPC(WVG)

## Mailing Information for a Case 3:10-cv-00940-GPC-WVG Low v. Trump University, LLC et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Xavier Jay Alvarez**
  jaya@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Brian E. Cochran**
  bcochran@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Patrick J Coughlin**
  patc@rgrdlaw.com,e_file_sd@rgrdlaw.com,susanm@rgrdlaw.com

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com,nadiak@zhlaw.com

- **Jason A Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jeffrey L. Goldman**
  jgoldman@bbwg.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,winkyc@zhlaw.com,nadiak@zhlaw.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,lmix@rgrdlaw.com,llendzion@rgrdlaw.com,e_file_sd@rgrdlaw.com,hbrown@rgrdlaw.com,mbacci@rgrdlaw.com,JayA@rgrdlaw.com,KLavelle

- **David Lee Kirman**
  dkirman@omm.com,awyman@omm.com,tmoore@omm.com,iyanniello@omm.com,hleewong@omm.com,sbrown@omm.com

- **Jill Ann Martin**
  jmartin@trumpnational.com,lvincent@trumpnational.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Maureen E. Mueller**
  mmueller@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Aaron M. Olsen**
  aarono@zhlaw.com,winkyc@zhlaw.com

- **Daniel M. Petrocelli**
  dpetrocelli@omm.com

- **Daniel Jacob Pfefferbaum**
  dpfefferbaum@rgrdlaw.com

- **Jeffrey J. Stein**
  JStein@rgrdlaw.com

- **Helen Irene Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`