DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
DAVID L. KIRMAN (S.B. #235175)
dkirman@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California  90067-6035
Telephone:   (310) 553-6700

JILL A. MARTIN (S.B. #245626)
jmartin@trumpnational.com
TRUMP NATIONAL GOLF CLUB
One Trump National Drive
Rancho Palos Verdes, CA 90275
Telephone: (310) 202-3225

Attorneys for Defendants Trump University, LLC
and Donald J. Trump

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SONNY LOW et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRUMP UNIVERSITY, LLC et al.,<br><br>Defendants. | Case No.  10-CV-0940-GPC(WVG)<br>Judge:  Hon. Gonzalo P. Curiel<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION  TO EXCLUDE EVIDENCE RELATED TO TU INSTRUCTORS' BANKRUPTCY PROCEEDINGS**<br><br>**MOTION *IN LIMINE* NO. 8.**<br><br>Hearing: November 10, 2016<br>Time:  1:30 p.m.<br>Courtroom: 2d<br>Judge: Hon. Gonzalo P. Curiel |

1  **PLEASE TAKE NOTICE** THAT ON NOVEMBER 10, 2016 AT 1:30 p.m., Defendants Trump University, LLC ("TU") and Donald J. Trump ("Defendants") will and hereby do move for the exclusion of evidence based on Federal Rules of Evidence Nos. 401, 402, 403, 801, 802, and 803.  Plaintiffs intend to offer into evidence during Phase One of the trial set to begin on November 28, 2016, evidence and argument that certain former instructors of TU had filed for bankruptcy protection.

This Motion is made on the grounds that evidence related to instructors' bankruptcy proceedings is irrelevant and unduly prejudicial and misleading.

This Motion is based on the Notice of Motion, the Memorandum of Points and Authorities thereto, the files in this action, and additional submissions and argument as may be presented at or before the hearing on this Motion.  Defendants ask this Court for an order directing plaintiffs' counsel to caution, warn, and instruct their witnesses to follow the same order.

Dated:  October 20, 2016

O'MELVENY & MYERS LLP
DANIEL M. PETROCELLI
DAVID L. KIRMAN


By:    /s/ Daniel M. Petrocelli

Attorneys for Defendants
TRUMP UNIVERSITY, LLC and
DONALD J. TRUMP

DEFS.' NOT OF MOT. IN LIMINE TO
PRECLUDE INSTRUCTORS'
BANKRUPTCY PROCEEDINGS
10-CV-0940-GPC (WVG)

## I. INTRODUCTION

In prior pleadings and in the media, plaintiffs have made arguments about bankruptcy filings by certain instructors retained by Trump University ("TU"). Any such evidence and arguments have nothing to do with the two certified representations. Whether an instructor had filed for bankruptcy does not tend to prove or disprove whether TU was an "accredited university" or whether TU students received business education from Donald Trump's "handpicked" experts. Dkt. 298 at 4. Such irrelevant and highly prejudicial evidence must be excluded under Rules 401 and 403.

## II. EVIDENCE IN DISPUTE

The inadmissible evidence related to individual instructors' bankruptcy filings consists of statements within instructors' applications for employment (*see, e.g.,* Ex. 97 (PX 385)), legal and administrative records related to bankruptcy (*see, e.g.*, Ex. 96 (PX 180)), and testimony regarding individual instructors' bankruptcy filings and proceedings. *See* Appendix A.[1] For example, Exhibit 97 (PX 385) is an application for employment signed on September 15, 2009 by Troy Peterson, a former TU instructor and mentor, in which he indicated that he had "during the fifteen year period immediately preceding the date of [his application]" filed for bankruptcy or reorganized due to insolvency. On the attached addendum to his application, Mr. Peterson wrote the number of his bankruptcy case and indicated that it was filed in Florida and was "necessary to fully shut down retail real estate and mortgage operations and related debts that were incurred due to the collapse of local market." Each of these exhibit excerpts and any argument based on an

---

[1] Unless noted, "Ex." refers to exhibits attached to the Kirman Declaration. The Plaintiffs Exhibits offered in Appendix A are examples of irrelevant and prejudicial bankruptcy related documents that should be excluded. There may be similar exhibits among plaintiff's other exhibits that fit the parameters of the motion. Defendants reserve the right to object and move to exclude those exhibits and instructor bankruptcy related testimony at the time of trial.

instructor's past bankruptcy filing must be excluded on grounds of relevance and undue prejudice, as explained below.

### III.   ARGUMENT

Pursuant to this Court's certification order, plaintiffs allege consumer fraud based on two "core" alleged misrepresentations: that TU "was an accredited university" and "students would be taught by real estate experts, professors and mentors hand-selected by Mr. Trump." Dkt. 298 at 4. The trial concerns whether the two certified alleged representations were made uniformly to the class and throughout the class period; actionable; false; relied upon; material; and caused injury. *See, e.g., Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (UCL, FAL, CLRA); *Wurtz v. Rawlings Co.*, LLC, 2014 WL 4961422, at *8 (E.D.N.Y. Oct. 3, 2014) (N.Y. Gen. Bus. L. § 349); *Cold Stone Creamery, Inc. v. Lenora Foods I, LLC*, 332 Fed. App'x 565, 567 (11th Cir. 2009) (FDUTPA); *Joseph v. Liberty Nat'l Bank*, 873 So. 2d 384, 388 (2004) (Florida MLA). Evidence related to former TU instructors' applications for bankruptcy protection and those proceedings does not tend to prove or disprove any fact pertinent to whether class members were reasonably misled regarding alleged "handpicked" and "accredited university" representations.

### A.   Irrelevant (FRE 401)

<u>Irrelevant to "Accredited University."</u>  Whether a TU instructor previously sought or obtained protection from bankruptcy has no bearing whatsoever on whether TU represented itself as an "accredited university" or whether it was, in fact, accredited. Plaintiffs do not appear to claim otherwise, nor does such a connection make sense. People from all walks of life have sought protection from bankruptcy. There are professors at accredited universities who have filed for bankruptcy. Simply put, there is no logical connection between proof of an instructor's or mentor's prior bankruptcy and the question of whether TU

1   represented itself as accredited or whether it was, in fact, accredited.

2   <u>Irrelevant to "Handpicked."</u>  Instead, plaintiffs appear to argue that an
3   instructor's prior bankruptcy is relevant to the so-called "handpicked"
4   representation.  The theory appears to be that: [a] defendants represented instructors
5   had been handpicked by Donald Trump; [b] Donald Trump would not have
6   handpicked someone who had gone through a bankruptcy; therefore [c] a prior
7   bankruptcy of an instructor tends to prove the handpicked representation is false.

8   This is demonstrably wrong.  Defendants did not represent—and never
9   would have represented—that none of its instructors had been through a
10  bankruptcy.  To the contrary, some instructors were hired, in part, because they had
11  been through a bankruptcy and achieved success through real estate investing.
12  These instructors could relate with students by sharing personal inspirational stories
13  about how they "pulled themselves up by the bootstraps" and reached financial
14  stability through real estate investing.  Their personal "pulled myself by the
15  bootstraps" through real estate investing stories are compelling and motivating.  Put
16  simply, plaintiffs' argument that "handpicked" and prior bankruptcy are mutually
17  exclusive is flatly wrong.  Defendants never claimed otherwise and no plaintiff—
18  named representative or otherwise—says he or she was misled about an instructor's
19  prior bankruptcy history.

20  **B.   Prejudice Substantially Outweighs Probative Value (FRE 403)**
21  Even if instructors' personal bankruptcy history had some tangential
22  relevance (it does not), the confusion and prejudicial effect of introducing it is
23  great.  *See* FED. R. EVID. 403.
24  Arguments regarding instructors' bankruptcy proceedings are prejudicial in
25  that they are intended only to portray the defendants in a generally poor light, and
26  by suggesting that TU retained unqualified instructors just because they had a
27  bankruptcy filing.  *See, e.g.*, *E.E.O.C. v. New Breed Logistics*, 2013 WL 10129246,
28

- 3 -

DEFS.' MOT. IN LIMINE TO PRECLUDE
INSTRUCTORS' BANKRUPTCY
PROCEEDINGS
10-CV-0940-GPC (WVG)

1  at *1-2 (W.D. Tenn. Apr. 26, 2013) (granting motion *in limine* to exclude irrelevant
2  evidence of a person's bankruptcy filings and finding the argument of relevance
3  "tenuous at best, and disingenuous at worst").  Plaintiffs presumably want to
4  capitalize on the social stigma of bankruptcy and suggest to the jury that TU
5  instructors were generally unreliable or unqualified people.  *See, e.g., Jarrett v.*
6  *McDowell Trucking, Inc.*, 2006 WL 908032 (N. D. Ill. Apr. 5, 2006) (granting
7  motion *in limine* to exclude evidence as to plaintiff's bankruptcy filing that
8  defendants sought to introduce as evidence regarding plaintiff's character for
9  truthfulness).  Courts have recognized the personal stigma associated with filing for
10 bankruptcy—which is why plaintiffs want to introduce the evidence in the first
11 place.  *See, e.g.*, *In re Hudson*, 859 F.2d 1418, 1427 (9th Cir. 1988)
12 (acknowledging the "stigma of bankruptcy"); *In re Cummings*, 595 Fed. Appx. 707,
13 709 (9th Cir. 2015) (same).

14      Admission of such evidence will require defendants to explain what the
15 instructor did to get his life on track, how he became successful, and how he
16 intended to utilize his personal experience to energize and motivate TU students,
17 thereby causing needless time and risking juror confusion, to defendants' prejudice.
18 *See, e.g., Freeman v. Astrue*, 405 Fed. Appx. 148, 151-152 (9th Cir. 2010)
19 (affirming trial court's decision to avoid a "series of mini-trials").

20 **IV.   CONCLUSION**

21      Since TU instructors' bankruptcy has no impact on the certified issues in this
22 case and merely serves to bias the jury against TU, defendants respectfully request
23 that the Court exclude irrelevant, misleading, and highly prejudicial documents and
24 testimony related to individual instructors' and mentors' bankruptcy filings.

| | |
|---|---|
| Dated: October 20, 2016 | O'MELVENY & MYERS LLP<br>DANIEL M. PETROCELLI<br>DAVID L. KIRMAN<br><br>By:  /s/ Daniel M. Petrocelli<br><br>Attorneys for Defendants<br>TRUMP UNIVERSITY, LLC and<br>DONALD J. TRUMP |

# APPENDIX A

1. **Exs. 97-98 (PX 385, 386)** (Trump University Questionnaire filled-out by Troy Peterson)
2. **Ex. 95 (PX 131)** at 00003 (Trump University Questionnaire for Steve Goff)
3. **Ex. 96 (PX 180)** (Voluntary Petition for Bankruptcy for Stephen Goff, filed in the U.S. Bankruptcy Court for the Southern District of Texas, Case No. 07-32579 with Exhibit D, Schedules A-J, Statements and Disclosure thereto (S. Goff 14))
4. **Ex. 99 (PX 897)** (Voluntary Petition for Bankruptcy for Geoffrey Barnard Nowlin filed in United State Bankruptcy Court District of Arizona, No. 2:13-bk-20593-EPB (Dkt. No. 1) (Nowlin P-2))
5. **Ex. 100 (PX 910)** (Certified Copies from National Archives and Records Administration of documents from In re Troy L. Peterson, No. 96-15056 (E.D. Cal. Bankr.))
6. **Ex. 93 (PX 917)** (Certified Copies from National Archives and Records Administration of documents from In re Robert L. Steenson, No. 97-01646-6J3 (M.D. Fla. Bankr.))
7. **Ex. 94 (PX 1038)** (Docket for Robert L. Steenson and Kathleen V. Steenson Bankruptcy, No. 6:97bk01646 (M.D. Fla. Bankr.))