UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY LOW, J.R. EVERETT and JOHN BROWN, on Behalf of Themselves and All Others Similarly Situated,<br><br>                              Plaintiffs,<br>v.<br><br>TRUMP UNIVERSITY, LLC, a New York Limited Liability Company, and DONALD J. TRUMP,<br><br>                              Defendants. | Case No.: 3:10-cv-00940-GPC-WVG<br><br>**ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION TO STRIKE THE OMNIBUS DECLARATION OF DAVID L. KIRMAN**<br><br>**[ECF No. 536.]** |

      On October 21, 2016, Plaintiffs filed an Ex Parte Application to Strike the Omnibus Declaration of David K. Kirman in Support of Defendants Trump University's and Donald J. Trump's Motions in Limine (Nos. 1–8) (Dkt. 534), and Exhibits Thereto. ("Ex Parte Application," Dkt. No. 536.) Defendants opposed the Ex Parte Application on October 23, 2016. (Dkt. No. 538.) Plaintiffs replied on October 24, 2016. (Dkt. No. 539.)

      On August 2, 2016, the Court issued a Jury Trial Preparation and Scheduling Order. (Dkt. No. 502.) In relevant part, the Court limited all motions in limine, attachments to any motion in limine, and oppositions thereto to ten pages in length. (*Id*.

at 2.)[1] Defendants filed an Omnibus Declaration of David L. Kirman in Support of Defendants Trump University's and Donald J. Trump's Motions in Limine (Nos. 1–8). ("Declaration," Dkt. No. 534.) The Declaration contained, *inter alia*, 99 exhibits containing the evidence that Defendants seek to exclude from trial.[2] (Dkt. No. 538 at 2.) The length of these exhibits far exceed the limit set by the Court. (Dkt. No. 534.)

Plaintiffs request that the Court strike the Declaration and the exhibits thereto, as well as disregard arguments based on these exhibits when ruling on Defendants' motions in limine. (Dkt. No. 536 at 3–4.) Defendants oppose Plaintiffs' request and maintain that they submitted these exhibits to ensure that the Court could review the material subject to Defendants' fourth, sixth, and seventh motions in limine. (Dkt. No. 538 at 2.) In the alternative, Defendants request leave to file an amended declaration. (*Id.* at 5.)

Because the length of Defendants' exhibits far exceeds the limit set by the Court, the Court **GRANTS** Plaintiffs' request to strike the Declaration and the exhibits thereto. However, the Court **DENIES** Plaintiffs' request to disregard arguments based on the stricken exhibits in ruling on Defendants' motions in limine. *See, e.g.*, *Doan v. Astrue*, No. CIV 04CV2039 DMS RBB, 2009 WL 3246776, at *3–4 (S.D. Cal. Oct. 6, 2009) (striking excess pages from the defendant's supplemental briefing while considering and ruling on the merits of the defendant's position). The Court **GRANTS** Defendants leave to file an amended declaration in support of their motions in limine that comports with the page limits outlined in the Court's Jury Trial Preparation and Scheduling Order.

**IT IS SO ORDERED.**

Dated: October 24, 2016

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] Citations are based upon CM/ECF pagination.
[2] Defendants also filed six exhibits consisting of court documents and four exhibits consisting of articles about the Better Business Bureau. (Dkt. No. 538 at 2–3.) According to Defendants, the former six exhibits were provided for the Court's convenience only, and the latter four exhibits were not cited in Defendants' motions in limine. (*Id.*)