ROBBINS GELLER RUDMAN & DOWD LLP
PATRICK J. COUGHLIN (111070)
patc@rgrdlaw.com
X. JAY ALVAREZ (134781)
jaya@rgrdlaw.com
JASON A. FORGE (181542)
jforge@rgrdlaw.com
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
DANIEL J. PFEFFERBAUM (248631)
dpfefferbaum@rgrdlaw.com
BRIAN E. COCHRAN (286202)
bcochran@rgrdlaw.com
JEFFREY J. STEIN (265268)
jstein@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
225 Broadway, Suite 2050
San Diego, CA  92101
Telephone:  619/342-8000

Class Counsel

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY LOW, J.R. EVERETT and JOHN BROWN, on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> TRUMP UNIVERSITY, LLC, a New York Limited Liability Company and DONALD J. TRUMP, <br><br> Defendants. | No. 3:10-cv-0940-GPC(WVG) <br><br> <u>CLASS ACTION</u> <br><br> PLAINTIFFS' SUBMISSION OF THE PROPOSED JURY INSTRUCTIONS FOR PHASE 1 OF TRIAL[1] |

---

[1]    By agreement, the parties have limited their proposed jury instructions to Phase 1. Also, the parties reserve the right to add, supplement, modify, or withdraw proposed jury instructions, objections thereto, and/or the authorities cited in support of proposed instructions or objections, based on (but not limited to) pre-trial and trial rulings, the presentation of evidence, and developments in the law.

Pursuant to this Court's September 15, 2016 Order (Dkt. 513 at 2-3), plaintiffs respectfully submit the following proposed jury instructions, along with the parties' objections and relevant authorities thereto.

Plaintiffs regret that the parties were unable to provide the Court with a joint filing. From the start of this process, plaintiffs did their best to make sure this submission was a joint one, making numerous compromises and working steadily with defense counsel to agree upon joint instructions and verdict forms. Plaintiffs' accommodations included agreeing to push back the deadline for the parties' initial exchange of draft instructions and verdict forms, at defendants' request, by nearly 48 hours, from last Friday afternoon at 5:00 p.m. until Sunday afternoon at 4:00 p.m. *See* Attachment A. After the parties' initial exchange on Sunday afternoon, plaintiffs endeavored to reach agreements with defendants and exchange relevant authorities and objections where they could not, a process in which the parties engaged until late this afternoon. *See* Attachment B. Even when defendants sent edits to the special verdict forms at 4:48 p.m., after defendants' own self-imposed deadline, plaintiffs kept their end of the bargain by filing the special verdict forms jointly with the Court, without unilaterally withholding authorization for any late-made changes. *See* Dkt. 543.

Nevertheless, defendants failed to respond in kind. Instead, defendants attempted to unilaterally limit plaintiffs' ability to respond to newly-cited authorities. *See* Attachment A. Specifically, defendants refused to authorize this filing after plaintiffs corrected defendants' last-minute misrepresentation of a prior order of this Court, among other changes. *See, e.g.*, Plfs' Objections to Defs' Disputed Proposed Jury Instructions Nos. 27f, 27g, 29c, 30b, *infra* (correcting defendants' misleading attempts to change "materiality" to "[puffery]" in *Cohen v. Trump*, No. 3:13-cv-2519-GPC-WVG, 2016 U.S. Dist. LEXIS 101247, at *25 (S.D. Cal. Aug. 2, 2016)). In the hopes of salvaging the filing and avoiding a separate submission, plaintiffs offered to allow defendants to revise their objections to reflect any concerns they had, but

defendants unfortunately refused.  *See* Attachment C.  Plaintiffs remain ready and willing to collaborate with defendants and reach agreement to the extent possible, but cannot do so on their own.

To the extent that defendants make further changes to their proposed jury instructions, authorities, or objections beyond what plaintiffs have received to date, or otherwise submit an argumentative brief, plaintiffs reserve their right to respond.

1

**COVER SHEET**

2

UNITED STATES DISTRICT COURT
3
SOUTHERN DISTRICT OF CALIFORNIA

4

5  SONNY LOW, J.R. EVERETT and    )   No. 3:10-cv-0940-GPC(WVG)
JOHN BROWN, on Behalf of    )
6  Themselves and All Others Similarly  )
Situated,    )
7    )
   )
8                  Plaintiffs,    )
   )
9    vs.    )
   )
10  TRUMP UNIVERSITY, LLC, a New  )
York Limited Liability Company and  )
11  DONALD J. TRUMP,    )
   )
12             Defendants.  )
_____ )

13

**JURY INSTRUCTIONS**
14

15     DATED: _____

16

_____
17     HON. GONZALO P. CURIEL
UNITED STATES DISTRICT JUDGE
18

19

20

21

22

23

24

25

26

27

28

# JOINT PROPOSED JURY INSTRUCTION NO. 1

## DUTY OF JURY
### (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT THE BEGINNING OF TRIAL)

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1200806_1                                          3:10-cv-0940-GPC(WVG)

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §1.1A. at 4 (2007 ed., updated June 2016).

GIVEN AS REQUESTED      _____
GIVEN AS MODIFIED      _____
REFUSED      _____
WITHDRAWN      _____

_____
HON. GONZALO P. CURIEL
United States District Judge

## JOINT PROPOSED JURY INSTRUCTION NO. 2

### DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §1.1(C), at 6 (2007 ed., updated June 2016).

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

_____
HON. GONZALO P. CURIEL
United States District Judge

# PLAINTIFFS' DISPUTED PROPOSED JURY INSTRUCTION NO. 3a

## CLAIMS AND DEFENSES

To help you follow the evidence that you are about to see and hear during trial, I will give you a brief summary of the positions of the parties:

The people who brought this case are called "plaintiffs." The plaintiffs here are John Brown, J.R. Everett, and Sonny Low. The companies and individuals being sued in this case are called the "defendants." Here, the defendants are Trump University, LLC and Donald J. Trump. After this lawsuit was filed, Trump University changed its name to Trump Entrepreneur Initiative, so you may hear it referred to by either name.

Plaintiffs John Brown, J.R. Everett, and Sonny Low are residents of California, Florida, and New York who purchased Trump University live seminars and in-person mentorships. Plaintiffs assert that defendants Donald J. Trump and Trump University violated state law in California, Florida and New York by advertising a unique opportunity to learn from Donald J. Trump's "handpicked" experts at a legitimate "university," when, in truth: (1) Trump never met, or considered the qualifications of, Trump University's live seminar instructors or mentors; and (2) the New York State Education Department had warned Trump that it was unlawful to use the "university" title, but he continued doing so. The plaintiffs have the burden of proving these claims.

Defendants dispute these claims and contend it was known and understood by Trump University students that it was not an "accredited university" and that references to "handpicked" were not misleading or material.

## AUTHORITY:

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §1.2, at 7 (2007 ed., updated June 2016). The Court's class certification order confirms that the gravamen of plaintiffs' class claims is defendants' false or misleading advertising of "Trump University" live events through "various forms of recognizable signs" (*e.g.*, the term "university," "Ivy League quality," school crest, etc.) of an accredited (*i.e.*, legitimate or lawful) university (*see* Dkt. 298 at 8-9; TU-DONNELLY0000001-20 at 16 (Marketing Guidelines) and Donald Trump's handpicked instructors (Dkt. 298 at 5-6). With respect to the university aspect of the case, the class certification order acknowledges plaintiffs' proposed common proof

that the New York State Education Department pressed TU to cease any claim of being a "university." *See* Dkt. 298 at 9. Recently, the Court reaffirmed that, even if plaintiffs were "unfamiliar with the technical term 'accredited,' [they] understood TU to have undergone the same 'processes . . . to be called a legitimate university' involving 'standards and qualifications' as other accredited universities." Dkt. 506 at 6. Accordingly, any instruction or special verdict form should refer to the "university" name rather than defendants' overly-restrictive "accredited university" terminology to avoid confusing the jury about the scope of plaintiffs' class claims.

GIVEN AS REQUESTED     _____

GIVEN AS MODIFIED     _____

REFUSED     _____

WITHDRAWN     _____


_____
HON. GONZALO P. CURIEL
United States District Judge

**DEFENDANTS' OBJECTIONS:**

Defendants object to this instruction on the ground that it includes an argumentative statement of the case.

1200806_1     3:10-cv-0940-GPC(WVG)

## **PLAINTIFFS' DISPUTED PROPOSED JURY INSTRUCTION NO. 3b**

## **CLASS ACTION**

This is a class action.  A class action is a lawsuit brought by one or more people called "plaintiffs" who bring their claims personally as well as on behalf of other people with similar legal claims against the same defendants.  Together, they are called the "Class."

A class action allows the claims of many people to be resolved in one trial, rather than having each person sue defendants in separate trials.  That saves our court system time, and saves the parties time and money for legal fees and expenses.  In this case, thousands of people purchased Trump University live events throughout California, Florida, and New York, including senior citizens in California and Florida. I have ordered that all these Class members' claims will proceed to the trial together on the issues of defendants' liability for their claims.

During this portion of the trial, you will only be asked to determine whether or not defendants are liable for the claims.  You will not need to determine damages or the amount of money that anyone lost, if at all, as a result of defendants' conduct.

**AUTHORITY:**

Neither side's proposal is overly argumentative or prejudicial, but plaintiffs' proposal is preferable because it provides important context tailored to this particular class action and explains that this phase of the trial will be limited to liability issues. *See* Fed. R. Civ. P. 23; Dkts. 298 & 418.

GIVEN AS REQUESTED _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____


_____
HON. GONZALO P. CURIEL
United States District Judge

**DEFENDANTS' OBJECTIONS:**

Defendants object to this instruction on the grounds that it is unnecessary and argumentative. In the event the Court finds that an instruction defining "class action" for the jury is necessary, defendants propose the following:

This is a class action. A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims. All these people together are called a "class." Sonny Low, J.R. Everett, and John Brown bring this action as the class representatives.

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately. All members of the class will be bound by the result of this trial.

**AUTHORITIES:**

CACI § 115 "Class Action" Defined (Plaintiff Class) (MODIFIED);

1200806_1                                    3:10-cv-0940-GPC(WVG)

## DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 3a
## CLAIMS AND DEFENSES

The positions of the parties can be summarized as follows:

Plaintiffs John Brown, J.R. Everett, and Sonny Low are residents of New York, Florida, and California who purchased Trump University live seminars and programs. Plaintiffs claim that defendants Trump University and Donald J. Trump violated consumer fraud and advertising statutes in New York, Florida and California by misrepresenting in its advertising that Trump University was an "accredited university" and that its instructors and mentors were "handpicked" by Mr. Trump. Defendants dispute these claims on various grounds including that these alleged statements were not misleading or material.

Defendants deny those claims and contend that it was known and understood by Trump University students that it was not an "accredited university" and that references to "handpicked" were not misleading or

**AUTHORITIES:**

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 101.04 (6th ed. 2012) (MODIFIED).

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

Defendants' statement of the case is argumentative and unduly restricts the scope of plaintiffs' claims. Plaintiffs' proposed statement of the case derives from the mutually-agreed upon Class Notice that has already been authorized by the Court.

1200806_1

# PLAINTIFFS' DISPUTED PROPOSED JURY INSTRUCTION NO. 4

## BURDEN OF PROOF

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §1.3, at 8 (2007 ed., updated June 2016).

GIVEN AS REQUESTED        _____

GIVEN AS MODIFIED         _____

REFUSED                   _____

WITHDRAWN                 _____


_____
HON. GONZALO P. CURIEL
United States District Judge

**DEFENDANTS' OBJECTIONS:**

Defendants object to this instruction on the ground that it fails to note that plaintiffs have the burden of proof to prove every element of their claims. In addition, this instruction fails to define "preponderance of the evidence." Defendants request that defendants' disputed proposed instructions Nos. 4(a) and 4(b) be given instead.

# DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 4a
## PREPONDERANCE OF THE EVIDENCE

Plaintiffs have the burden in a civil action, such as this, to prove every essential element of plaintiffs' claim by a preponderance of the evidence. If plaintiffs should fail to establish any essential element of plaintiffs' claim by a preponderance of the evidence, you should find for defendants as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**AUTHORITIES:**

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 104.01 (6th ed. 2012) (MODIFIED).

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

This instruction is unnecessary in light of Plaintiffs' Proposed Jury Instruction No. 4 and not derived from the *Manual of Model Civil Jury Instructions for the*

*District Courts of the Ninth Circuit*, §1.3, at 8 (2007 ed., updated June 2016).  This instruction is also inaccurate and misleading because it makes an unnecessary and uninformative distinction between "essential" and "non-essential" elements, whereas defendants may be found liable for certain of plaintiffs' claims on alternative grounds. *See, e.g.*, Cal. Civ. Code §1770(a).

# DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 4b

## BURDEN OF PROOF

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it. In this case, plaintiffs have the burden of proving each and every element of their case, by a preponderance of the evidence.

**AUTHORITIES:**

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 101.41 (6th ed. 2012) (MODIFIED).

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

This instruction is unnecessary and duplicative in light of Plaintiffs' Proposed Jury Instruction No. 4, it is not derived from the *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §1.3, at 8 (2007 ed., updated June 2016).

## DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION 5a

## INSTRUCTIONS APPLY TO EACH PARTY

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

**AUTHORITIES:**

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 103.10 (6th ed. 2012).

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

This instruction is unnecessary, confusing, and not derived from the *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007 ed., updated June 2016).

# DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION 5b

## MULTIPLE DEFENDANTS

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. Neither defendant is to be prejudiced should you find against the other. Unless otherwise stated, all instructions I give you govern the case as to each defendant.

**AUTHORITIES:**

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 103.14 (6th ed. 2012).

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____


_____
HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

This instruction is unnecessary, confusing, and not derived from the Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2007 ed., updated June 2016).

## JOINT PROPOSED JURY INSTRUCTION NO. 6

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts of which I [have decided][will decide] to take judicial notice.

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §1.6, at 11 (2007 ed., updated June 2016).

GIVEN AS REQUESTED        _____
GIVEN AS MODIFIED         _____
REFUSED                   _____
WITHDRAWN                 _____


_____
HON. GONZALO P. CURIEL
United States District Judge

# PLAINTIFFS' DISPUTED PROPOSED JURY INSTRUCTION NO. 7

## STIPULATIONS OF FACT

The parties have agreed to the following facts to be placed in evidence, which you should treat as having been proved:

1. Plaintiffs are "consumers."

2. Plaintiff Sonny Low is a resident of San Diego County, California.

3. Plaintiff Sonny Low was born on November 15, 1941.

4. Sonny Low became a California "senior citizen" prior to his purchase of a Trump University live event.

5. Plaintiff J.R. Everett is a resident of Tampa, Florida.

6. J.R. Everett became a Florida "senior citizen" prior to her purchase of a Trump University live event.

7. Defendant Donald J. Trump is, and always has been, a "person" for the purposes of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §1761(c).

8. Defendant Trump University, LLC was, at all relevant times, a "person" for the purposes of the CLRA.

9. Trump University live events are "services."

10. Trump University live events are "consumer-oriented."

11. This lawsuit was filed on April 30, 2010.

12. A New York state court has determined that defendants operated Trump University without a license.

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §2.2, at 28 (2007 ed., updated June 2016).

GIVEN AS REQUESTED     _____

GIVEN AS MODIFIED     _____

REFUSED     _____

WITHDRAWN     _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**DEFENDANTS' OBJECTIONS:**

Defendants object to this instruction on the grounds that the parties have not yet reached agreement on the facts to which they will stipulate. Defendants commit that they will continue to work together with plaintiffs in good faith to reach an agreement regarding stipulated facts prior to trial.

## PLAINTIFFS' DISPUTED PROPOSED JURY INSTRUCTION NO. 8

## JUDICIALLY NOTICED FACTS

The Court has ordered the following facts to be placed in evidence, which you should treat as having been proved:

[insert any judicially-noticed facts]

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §2.3, at 29 (2007 ed., updated June 2016).

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**DEFENDANTS' OBJECTIONS:**

Defendants object to this instruction on the ground that it is premature.  The Court has not ordered that any facts be placed into evidence.

# JOINT PROPOSED JURY INSTRUCTION NO. 9

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits [may be] [were] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)    Anything you may [see or hear] [have seen or heard] when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §1.7, at 12 (2007 ed., updated June 2016).

GIVEN AS REQUESTED    _____
GIVEN AS MODIFIED    _____
REFUSED    _____
WITHDRAWN    _____

_____
HON. GONZALO P. CURIEL
United States District Judge

# JOINT PROPOSED JURY INSTRUCTION NO. 10

## EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

The testimony you [are about to hear] [have just heard] may be considered only for the limited purpose of [describe purpose] and not for any other purpose.

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §1.8, at 13 (2007 ed., updated June 2016).

GIVEN AS REQUESTED        _____
GIVEN AS MODIFIED         _____
REFUSED                   _____
WITHDRAWN                 _____

_____
HON. GONZALO P. CURIEL
United States District Judge

## JOINT PROPOSED JURY INSTRUCTION NO. 11

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be what we call either "direct" or "circumstantial." Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you as jurors to decide how much weight to give to any evidence.

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §1.9, at 14 (2007 ed., updated June 2016).

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

_____
HON. GONZALO P. CURIEL
United States District Judge

# JOINT PROPOSED JURY INSTRUCTION NO. 12

## INFERENCE DEFINED

During the trial, you may have heard attorneys use the term "inference," and in their arguments they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiffs may have asked you to draw one set of inferences, while the defense asked you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw – but not required to draw – from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

**AUTHORITY:**

4-75 Hon. Leonard Sand, et al., *Modern Federal Jury Instructions – Civil* ¶75.01 – Instruction 75.01 & Comment (2012).

GIVEN AS REQUESTED      _____

GIVEN AS MODIFIED      _____

REFUSED      _____

WITHDRAWN      _____

_____

HON. GONZALO P. CURIEL

United States District Judge

# JOINT PROPOSED JURY INSTRUCTION NO. 13

## RULING ON OBJECTIONS

There are rules of evidence that control what testimony and documents can be received into evidence during the trial. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received into evidence. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §1.10, at 15 (2007 ed., updated June 2016).

GIVEN AS REQUESTED      _____
GIVEN AS MODIFIED      _____
REFUSED      _____
WITHDRAWN      _____

_____
HON. GONZALO P. CURIEL
United States District Judge

## JOINT PROPOSED JURY INSTRUCTION NO. 14

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony of a witness to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;

2.  the witness's memory;

3.  the witness's manner while testifying;

4.  the witness's interest in the outcome of the case;

5.  any bias or prejudice that the witness may have;

6.  whether other evidence contradicted the witness's testimony;

7.  the reasonableness of the witness's testimony in light of all the evidence in the case; and

8.  any other factors that bear on believability or credibility.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

1200806_1                                    3:10-cv-0940-GPC(WVG)

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §1.11, at 16 (2007 ed., updated June 2016).

GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____

_____
HON. GONZALO P. CURIEL
United States District Judge

# JOINT PROPOSED JURY INSTRUCTION NO. 15

## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness that was taken before trial. The witness is placed under oath to tell the truth and the lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial because they live far away or for any other reason, the deposition of that person may be used at the trial.

You should consider any deposition testimony presented during trial in lieu of live testimony in the same way as if the witness had been present here in the courtroom to testify.

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §2.4, at 30 (2007 ed., updated June 2016).

GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____


_____
HON. GONZALO P. CURIEL
United States District Judge

**JOINT PROPOSED JURY INSTRUCTION NO. 16**

**TRANSCRIPT OF RECORDING IN ENGLISH**

You [are about to [hear] [watch]] [have heard] [watched] a recording that has been received in evidence. Please listen to it very carefully. Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you [hear] [heard] something different from what [appears] [appeared] in the transcript, what you heard is controlling. [After] [Now that] the recording has been played, the transcript will be taken from you.

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §2.5, at 31 (2007 ed., updated June 2016). Plaintiffs intend to offer transcribed recordings as evidence. *See, e.g.*, Pls' Trial Exs. 843 (Sexton Depo.), 196 (Harris CNN interview).

GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____

_____
HON. GONZALO P. CURIEL
United States District Judge

# JOINT PROPOSED JURY INSTRUCTION NO. 17

## IMPEACHMENT EVIDENCE – WITNESS

The evidence that a witness has lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give the testimony of the witness and for no other purpose.

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §2.9, at 35 (2007 ed., updated June 2016).

GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____


_____
HON. GONZALO P. CURIEL
United States District Judge

## JOINT PROPOSED JURY INSTRUCTION NO. 18

### CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §2.14, at 40 (2007 ed., updated June 2016).

GIVEN AS REQUESTED    _____
GIVEN AS MODIFIED     _____
REFUSED               _____
WITHDRAWN             _____


_____
HON. GONZALO P. CURIEL
United States District Judge

# JOINT PROPOSED JURY INSTRUCTION NO. 19

## CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §2.15, at 41 (2007 ed., updated June 2016).

GIVEN AS REQUESTED        _____
GIVEN AS MODIFIED         _____
REFUSED                   _____
WITHDRAWN                 _____


_____
HON. GONZALO P. CURIEL
United States District Judge

## JOINT PROPOSED JURY INSTRUCTION NO. 20a

## JUROR CONDUCT

As far as your own conduct during the trial, I must caution you that you are not to discuss this case either among yourselves or with anyone else during the trial.

You must not permit any third person to discuss this case in your presence, and if anyone does so, despite your telling them not to, you should report that fact to me. I understand that it is a normal human tendency to want to talk with people with whom one comes into contact; however, please do not, during the time you serve on this jury, speak, whether in or out of the courtroom, with any of the parties or their lawyers or any witnesses. By this I mean not only do not speak about the case but also do not speak at all even to pass the time of day. In no other way can all the parties be assured of the absolute impartiality they are entitled to expect from you as jurors.

It is important that this trial is treated seriously and that the jury maintain proper decorum in the courtroom. Please refrain from talking to each other while we are on the record. Please do not react with any comments or other audible response to any questions asked by counsel or answers given by the witnesses.

In fairness to the parties to this lawsuit, you should keep an open mind throughout the trial, reaching your conclusion only during your final deliberations after all the evidence is in and you have heard the attorneys' closing arguments and my instructions on the law. You will then be in a position to intelligently and fairly exchange your views with other jurors as you deliberate upon the verdict to be submitted to you.

- Since you will be deciding this case solely on the evidence received along with my instructions on the law, you must not make any independent investigation of the facts or the law.

- Do not research any information that you personally think might be helpful to you in understanding the issues presented.

- Do not investigate this case on your own in any manner, shape or form.

- Do not read any newspaper reports or listen to any news reports on radio, television or on the Internet.

- Do not consult dictionaries, computers, websites or other reference materials for additional information.

- Do not seek information regarding the public records of any party, witness or lawyer in this case. Any information you obtain outside the courtroom could be misleading, inaccurate, or incomplete. Relying on this information is unfair because the parties would not have the opportunity to refute, explain or correct it.

- Do not communicate with anyone about this trial or your experience as a juror while you are serving on this jury.

- Do not use a computer, cell phone, or other electronic device with communication capabilities to share any information about this case. For example, do not communicate by blog, email, text message, Twitter, Facebook status update, or in any other way, on or off the computer.

- Do not permit anyone to communicate with you. If anyone does so despite your telling the person not to, you should report that to me. I appreciate that it is tempting when you go home in the evening to discuss this case with another member of your household or friends, but you may not do so. This case must be decided by you the jurors, based on the evidence presented in the courtroom. People not serving on this jury have not heard the evidence, and it is improper for them to influence your deliberations and decision in this case. After this trial is completed, you are free to communicate with anyone in any manner.

These rules are intended to assure that jurors remain impartial throughout the trial. If any juror has reason to believe that another juror has violated these rules, you should report that to me. If jurors do not comply with these rules, it would result in a new trial involving additional time and significant expense to the parties and the taxpayers.

**AUTHORITIES:**

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 101.12 (6th ed. 2012) (MODIFIED).

GIVEN AS REQUESTED    _____
GIVEN AS MODIFIED    _____
REFUSED    _____
WITHDRAWN    _____


_____
HON. GONZALO P. CURIEL
United States District Judge

**JOINT PROPOSED JURY INSTRUCTION NO. 20b**

**JUROR USE OF ELECTRONIC TECHNOLOGY—BEFORE TRIAL**

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, Blackberries, the Internet and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, including Facebook, Google+, My Space, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

**AUTHORITIES:**

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 101.13 (6th ed. 2012).

GIVEN AS REQUESTED    _____
GIVEN AS MODIFIED    _____
REFUSED    _____
WITHDRAWN    _____

_____
HON. GONZALO P. CURIEL
United States District Judge

# JOINT PROPOSED JURY INSTRUCTION NO. 21

## PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §1.13, at 19 (2007 ed., updated June 2016).

GIVEN AS REQUESTED    _____

GIVEN AS MODIFIED    _____

REFUSED    _____

WITHDRAWN    _____

_____

HON. GONZALO P. CURIEL
United States District Judge

## **JOINT PROPOSED JURY INSTRUCTION NO. 22**

### **NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §1.14, at 20 (2007 ed., updated June 2016).

GIVEN AS REQUESTED      _____
GIVEN AS MODIFIED      _____
REFUSED      _____
WITHDRAWN      _____


_____
HON. GONZALO P. CURIEL
United States District Judge

<u>**JOINT PROPOSED JURY INSTRUCTION NO. 23**</u>

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. It is important that you watch the witness testify so that you can assess his or her demeanor and credibility.

When you leave, your notes should be left in a sealed envelope in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §1.15, at 21 (2007 ed., updated June 2016).

GIVEN AS REQUESTED     _____

GIVEN AS MODIFIED     _____

REFUSED     _____

WITHDRAWN     _____

 

_____

HON. GONZALO P. CURIEL
United States District Judge

## JOINT PROPOSED JURY INSTRUCTION NO. 24

### BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] our best to keep the number and length of these conferences to a minimum. I [may] [did] not always granted an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion about the case, a party or attorney, or of what your verdict should be.

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §1.17, at 24 (2007 ed., updated June 2016).

GIVEN AS REQUESTED        _____
GIVEN AS MODIFIED         _____
REFUSED                   _____
WITHDRAWN                 _____


_____
HON. GONZALO P. CURIEL
United States District Judge

# PLAINTIFFS' DISPUTED PROPOSED JURY INSTRUCTION NO. 25

## OUTLINE OF TRIAL

The trial will proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiffs will then present evidence, and counsel for the defendants may cross-examine.  Then the defendants may present evidence, and counsel for the plaintiffs may cross-examine.  Finally, the plaintiffs will get an opportunity to put on rebuttal evidence.

After all the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make their closing arguments.

After that, you will go to the jury room to deliberate and decide your verdict.

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §1.18, at 25 (2007 ed., updated June 2016).

GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____


_____
HON. GONZALO P. CURIEL
United States District Judge

**DEFENDANTS' OBJECTIONS:**

Defendants object to this instruction on the ground that it is premature.  In light of (1) the Court's order that this trial proceed in two phases; (2) plaintiffs' motion in limine No. 1, and (3) other pretrial rulings the Court may make, this instruction may not accurately describe the order of trial in this case..

# PLAINTIFFS' DISPUTED PROPOSED JURY INSTRUCTION NO. 26

## LIABILITY OF A CORPORATION

Under the law, a corporation is considered to be a person. A corporation acts through its employees, independent contractors, agents, directors, and officers. Therefore, a corporation is responsible for the acts of its employees, independent contractors, agents, directors, and officers performed within the scope of authority.

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §4.2, at 56 (2007 ed., updated June 2016).

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**DEFENDANTS' OBJECTIONS:**

Defendants object to this instruction on the ground that it misleadingly states that a corporation is "responsible" for the acts of its employees, thereby implying liability. Defendants request that defendants' disputed proposed instruction No. 26 be given instead.

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 26**

## CONSIDERATION OF THE EVIDENCE—CORPORATE PARTY'S AGENTS AND EMPLOYEES

A corporation may act only through natural persons who are its agents or employees. Generally, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

**AUTHORITIES:**

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 103.31 (6th ed. 2012).

GIVEN AS REQUESTED       _____
GIVEN AS MODIFIED       _____
REFUSED       _____
WITHDRAWN       _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

This instruction is not derived from the *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007 ed., updated June 2016). Plaintiffs believe Instruction No. 26 is more appropriate, which is derived directly from the *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §4.2, at 56 (2007 ed., updated June 2016).

**PLAINTIFFS' DISPUTED PROPOSED JURY INSTRUCTION NO. 27a**

## CALIFORNIA CONSUMERS LEGAL REMEDIES ACT
### (CAL. CIV. CODE §1750, ET SEQ.)

Plaintiff Sonny Low claims that defendants violated the California Consumers Legal Remedies Act, which is also referred to as the "CLRA." The CLRA is to be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

To establish liability for this claim, plaintiffs must prove the following are more likely to be true than not true:

1.      Defendants:

(a)      Represented that Donald J. Trump handpicked the instructors for Trump University's live events; and/or

(b)      Advertised the live events under the "Trump University" name, while omitting that the New York State Education Department had warned defendants that it was unlawful to do so.

2.      At least one of defendants' representations was misleading or false, and/or their omission rendered their statement misleading.

3.      Defendants' representation and/or omission was a substantial factor in causing plaintiffs to purchase one or more Trump University live events.

4.      Defendants' representation and/or omission was material to the reasonable consumer.

A representation is material if (1) a reasonable consumer would attach importance to its existence or nonexistence in determining whether to purchase Trump University's services, or (2) defendants knew or had reason to know that a consumer was likely to regard the matter as important in his or her purchase decision.

An omission is material if (1) a reasonable consumer would have regarded what was not disclosed to him or her as having significantly altered the total mix of

information he or she took into account in deciding whether to purchase Trump University's services, or (2) defendants knew or had reason to know that a consumer was likely to regard the matter as important in deciding whether to purchase Trump University's services.

A reasonable consumer is an ordinary consumer acting reasonably under the circumstances, and is neither the most nor least sophisticated consumer.

A defendant is individually liable under the CLRA if he or she participated in, or controlled, the marketing scheme.

**AUTHORITY:**

Cal. Civ. Code §§1760, 1770(a)(5), (7), (9); *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1107 (9th Cir. 2013) (materiality standard); Ex. 1 at 31-34 (*Allen v. Hyland's, Inc.*, No. CV 12-1150-DMG (MANx), Jury Instructions, Dkt. 425 (C.D. Cal. Sept. 18, 2015) (elements)); Dkt. 298 at 22-23; Dkt. 423 at 29-31 (quoting Cal. Civ. Code §1760); *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §18.2, at 431 (2007 ed., updated June 2016) (materiality of omission standard); *Lanovaz v. Twinings N. Am., Inc.*, No. C-12-02646-RMW, 2014 U.S. Dist. LEXIS 57535, at *13-14 (N.D. Cal. Apr. 24, 2014); *Alaburda v. Thomas Jefferson Sch. of Law*, No. 37-2011-00091898-CU-FR-CTL, 2012 Cal. Super. LEXIS 3092, at *5-*8 (Nov. 29, 2012); *Dorfman v. Nutramax Labs., Inc.*, No. 13cv0873 WQH (RBB), 2013 U.S. Dist. LEXIS 136949, at *40 (S.D. Cal. Sep. 23, 2013). The Court's class certification order confirms that the gravamen of plaintiffs' class claims is defendants' false or misleading advertising of "Trump University" live events through "various forms of recognizable signs" (*e.g.*, the term "university," "Ivy League quality," school crest, etc.) of an accredited (*i.e.*, legitimate or lawful) university (*see* Dkt. 298 at 8-9; TU-DONNELLY0000001-20 at 16 (Marketing Guidelines) and Donald Trump's handpicked instructors (Dkt. 298 at 5-6).

Defendants raise numerous objections, but each are baseless. For example, defendants claim that the jury should have to determine whether defendants are "persons," but the parties have already stipulated to this fact. *See* Defs' Proposed Pretr. Or., Ex. G.

Further, defendants' claim that plaintiffs are introducing an "omissions" theory misrepresents the record. Indeed, the operative complaint specifically alleges defendants made "misrepresentations and **omissions**." *See, e.g.*, Dkt. 128 ¶166 (emphasis added). As the Court recognized in its certification order, this case involves not just false representations but also "misleading" representations. *See* Dkt. 298 at 15, 19-21, 24. Regardless, it is well established that an omission may render a statement misleading under the CLRA. *See Horosny v. Burlington Coat Factory of Cal., LLC*, No. CV 15-05005 SJO (MRWx), 2015 U.S. Dist. LEXIS 179419, at *20 (C.D. Cal. Oct. 26, 2015) ("Plaintiffs have sufficiently alleged that Burlington's omission of a qualifying disclosure was misleading within the meaning of the UCL and the FAL. For the same reasons, the omission is misleading within the meaning of the CLRA.").

With respect to the university aspect of the case, the class certification order acknowledges plaintiffs' proposed common proof that the New York State Education Department pressed TU to cease any claim of being a "university." *See id.* at 9. Recently, the Court reaffirmed that, even if plaintiffs were "unfamiliar with the technical term 'accredited,' [they] understood TU to have undergone the same 'processes . . . to be called a legitimate university' involving 'standards and qualifications' as other accredited universities." Dkt. 506 at 6. Accordingly, any instruction or special verdict form should refer to the "university" name rather than defendants' overly restrictive "accredited university" terminology to avoid confusing the jury about the scope of plaintiffs' class claims and unfairly prejudice plaintiffs.

Plaintiffs' proposed instruction uses plain language and tracks real-life examples of instructions used for CLRA claims in federal court, whereas defendants' proposed instructions do not. Courts prefer instructions with "concise, simple terms" over alternate "wordy" versions. *United States v. Tasis*, 696 F.3d 623, 627 (6th Cir. 2012). Further, defendants' proposed instructions seek to impermissibly introduce damages issues inappropriate for Phase 1 of trial. *See, e.g.*, Dkt. 418 at 19.

GIVEN AS REQUESTED    _____
GIVEN AS MODIFIED    _____
REFUSED    _____
WITHDRAWN    _____

_____
HON. GONZALO P. CURIEL
United States District Judge

## DEFENDANTS' OBJECTIONS:

Defendants object to this instruction on the grounds that it is argumentative and misstates the elements of a claim for violation of the California Consumer Legal Remedies Act ("CLRA"). First, plaintiffs' preamble that "[t]he CLRA is to be liberally construed and applied to promote its underlying purposes" is argumentative commentary. Second, plaintiffs' instruction: (1) makes no reference to the specific subprovisions of the CLRA plaintiffs are alleged to have violated; (2) does not require the jury to find that plaintiffs were "consumers," that defendants were "persons," and that defendants provided "goods" or "services"; (3) does not require the jury to find reliance—either classwide or as to Sonny Low; (4) does not instruct the jury that a presumption of classwide reliance can arise if plaintiffs establish that defendants' alleged misrepresentations were material and made on a classwide basis throughout the class period; and (5) does not require the jury to find that members of the class (or Sonny Low) suffered injury; e.g., that a reasonable consumer with full knowledge of the facts would not have paid any money for the Fulfillment or Gold Elite Programs because they would have considered them worthless. See Cal. Civ. Code § 1750, *et seq.*; *Cohen v DIRECTV, Inc.*, 178 Cal. App. 4th 966, 973 (2009) ("[T]here is no doubt that per the CLRA actual reliance must be established."); *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1069 (9th Cir. 2014) ("[T]he CLRA demands that each potential class member have both an actual injury and show that the injury was caused by the challenged practice."); *Comcast v. Behrend*, 133 S.Ct. 1426, 1433 (2013) ("[A]t the class-certification stage (as at trial), any model supporting a plaintiff's damages case must be consistent with its liability case"); *Forrand v. Federal Exp. Corp.*, 2013 WL 1793951, at *3 (C.D. Cal. 2013) (noting that under *Comcast* "a plaintiff must

bring forth a measurement method that can be applied classwide *and* that ties the plaintiff's legal theory to the impact of the defendant's allegedly illegal conduct."); Dkt. 418 (Decertification Order) at 4, 8, 14 ("[T]he Court finds it appropriate to consider whether Plaintiffs' *full-recovery* (also referred to as '*full refund*') measure of damages may be applied in the instant case . . . Plaintiffs counter that what Defendants provided was *worthless*, and thus the *full-refund* theory is consistent with their theory of liability—namely, that the 'student-victims got *none* of what they paid for' . . . Plaintiffs assert that absent Donald Trump's secrets, the 'university education was *worthless*. Plaintiffs' damage model seeks *full recovery* of all funds paid for the alleged *worthless* program.") (emphasis added).

In addition, plaintiffs' instruction improperly seeks to recast this case as an "omission" case. In the Court's class certification order it certified two specific representations: (1) that Trump University was an "accredited" university; and (2) that Donald Trump "hand-picked" Trump University real estate experts, professors, and mentors. See Dkt. 298 (Certification Order), at 20 ("A review of the record reveals substantial evidence of common misrepresentations made to all putative class members. *These representations are* (1) Trump University was an accredited university; (2) students would be taught by real estate experts, professors and mentors that were hand-picked by Donald Trump.") (emphasis added). The Court reiterated its definition of the alleged misrepresentations in its order granting in part and denying in part defendants' motion to decertify classes. Dkt. 418 (Decertification Order), at 2 ("Plaintiffs allege TU and Donald Trump made the following core misrepresentations: (1) Trump University was an accredited university; [and] (2) students would be taught by real estate experts, professors and mentors hand-selected by Mr. Trump"). Plaintiffs should not be permitted to recast the theory of their case on the eve of trial, nor should they be permitted to submit uncertified representations to the jury. See Fed. R. Civ. P. 23(c)(1)(B) ("An order that certifies a class action must *define the class and the class claims, issues, or defenses* . . .") (emphasis added); *Stiller v. Costco Wholesale Corp.*, 298 F.R.D. 611, 614 (S.D. Cal. 2014) (Curiel, J.) (noting that Rule 23(c)(1)(B) requires a district court to "define the class and the class claims, issues, or defenses" in its certification order).

Defendants also object to plaintiffs' definition of materiality in this instruction on the grounds that it confusingly includes two alternative definitions of materiality. Plaintiffs' definition also improperly shifts the focus in evaluating materiality onto defendants' knowledge and intent as opposed to the impact of defendants' alleged misrepresentations on a reasonable consumer. And plaintiffs' definition improperly includes a standard for materiality that applies to "omission" cases. As already stated, plaintiffs should not be permitted to recast this case as an "omission" case. The definition of materiality set forth in defendants' disputed proposed instruction No. 27(f) should be used instead.

For the foregoing reasons, defendants' request that their proposed instruction No. 27(a) be given as an alternative to this instruction.

1

## PLAINTIFFS' DISPUTED PROPOSED JURY INSTRUCTION NO. 27b

2

## NO INTENT TO DEFRAUD REQUIRED

3      To find in favor of plaintiffs, you do not need to find that defendants intended to

4  defraud them. It is sufficient if defendants, or their agents, employees or independent

5  contractors, engaged in a prohibited business act or practice that was intended to result

6  or did result in the sale of a good or service to a consumer.

7  **AUTHORITY:**

8      Cal. Civ. Code §1770(a); *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 591
   (9th Cir. 2012) (no scienter requirement); Dkt. 298 at 19-20 (liability focuses on
9  defendants' "conduct" and whether reasonably consumer would likely be deceived).

10  GIVEN AS REQUESTED        _____
    GIVEN AS MODIFIED         _____
11  REFUSED                   _____
12  WITHDRAWN                 _____

13

14                                        _____
                                          HON. GONZALO P. CURIEL
15                                        United States District Judge

16  **DEFENDANTS' OBJECTIONS:**

17      Defendants object to plaintiffs' proposed instruction on the ground that it
    misstates the law , is unnecessary, and is prejudicial. This instruction does not state or
18  define an element of plaintiffs' CLRA claim and is likely to confuse the jury because
    the instruction suggests that the jury may find liability on the sole basis that
19  "defendants, or their agents, employees or independent contractors, engaged in a
    prohibited business act or practice that was intended to result or did result in the sale
20  of a good or service to a consumer." This is not the law.

21      Moreover, this instruction misstates the standard for individual liability under
    the CLRA. Under the CLRA, an individual defendant cannot be held liable unless
22  they participated in the alleged misrepresentation. *See Dorfman v. Nutramax
    Laboratories, Inc.*, 2013 WL 5353043, at *14 (S.D. Cal. Sept. 23, 2013) ("[U]nder the
23  CLRA, a defendant's liability must be based upon participation or control in the
    alleged unlawful advertising scheme.").

24

25

26

27

28

# PLAINTIFFS' DISPUTED PROPOSED JURY INSTRUCTION NO. 27c

## NO ACTUAL DECEPTION REQUIRED

To find in favor of plaintiffs, it is sufficient if defendants' act or practice was likely to mislead a reasonable consumer acting reasonably under the circumstances.

**AUTHORITY:**

*Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 680 (2006) ("Conduct that is 'likely to mislead a reasonable consumer' . . . violates the CLRA). The Court has previously held, "individualized determinations as to reliance and causation are not required" in this case. Dkt. 298 at 21-22; *see also, e.g.*, *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1070 (9th Cir. 2014) ("[I]f a 'material misrepresentation ha[s] been made to the entire class, an inference of reliance arises as to the class.'"); Dkt. 298 at 19 (no need to show consumers "'actually deceived'"). ). As this is a class action, there is no requirement to prove individual reliance. *See* Dkt. 298 at 20 n.12. Further, defendants' objections attempt to smuggle damages into Phase 1 of trial under the guise of "injury" which is inappropriate. *See* Dkt. 418 at 19 (phase 1 limited to liability only). As this is a class action, there is no requirement to prove individual reliance. *See* Dkt. 298 at 20 n.12.

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**DEFENDANTS' OBJECTIONS:**

Defendants object to this instruction on the ground that it misstates the law. To establish a claim under the CLRA, plaintiffs must prove that the named plaintiff and each class member relied on defendants' alleged misrepresentations to their detriment—in other words, that they were deceived. *See Cohen v DIRECTV, Inc.*, 178 Cal. App. 4th 966, 973 (2009) ("[T]here is no doubt that per the CLRA actual reliance must be established."); *Buckland v. Threshold Enter., Ltd.*, 155 Cal. App. 4th 798, 807 (2007) (unpublished) ("A plaintiff asserting fraud by misrepresentation is obliged to plead and prove actual reliance, that is, to 'establish a complete causal relationship between the alleged misrepresentations and the harm claimed to have resulted therefrom.' ") (quoting *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1092 (1993)); *see also Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1069 (9th Cir. 2014) ("[T]he CLRA demands that each potential class member have both an actual injury and show that the injury was caused by the challenged practice.").

Plaintiffs must also prove materiality and fact-of-injury. *See Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1069 (9th Cir. 2014) ("[T]he CLRA demands that each potential class member have both an actual injury and show that the injury was caused by the challenged practice."); *Winans v. Emeritus Corp.*, 2014 WL 3421115,

at *2 (N.D. Cal. Jul. 14, 2014) ("In order to prove a California Legal Remedies Act ('CLRA') claim, as Plaintiff brings here, Plaintiff must prove at least that Defendant made a misrepresentation or omission of information and that the misrepresentation or omission was 'material' ").   As written, the instruction erroneously implies that, to find in favor of plaintiffs, all the jury must do is find that "defendants' act or practice was likely to mislead a reasonable consumer acting reasonably under the circumstances."

## **DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 27a**

## **CALIFORNIA CONSUMER LEGAL REMEDIES ACT**

Plaintiff Sonny Low alleges on behalf of himself and all California class members that defendants violated certain provisions of California's Consumer Legal Remedies Act, commonly referred to as the CLRA. The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer."

Plaintiffs allege that defendants violated three specific provisions of the CLRA:

Subsection 5: this provision prohibits representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have.

Subsection 7: this provision prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

Subsection 9: this provision prohibits advertising goods or services with intent not to sell them as advertised.

To establish a violation of these provisions, plaintiffs must prove each of the following by a preponderance of the evidence:

First: Plaintiffs were "consumers" as that term is defined under the CLRA;

Second: Each of defendants Trump University and Donald Trump was a "person" as that term is defined under the CLRA;

Third: Each of defendants Trump University ("TU") and Mr. Trump engaged in a transaction intended to result or which resulted in the sale or lease of "goods" or "services" as those terms are defined under the CLRA;

Fourth: Defendants falsely represented to all persons who purchased a Trump University three-day live "Fulfillment" workshop or "Elite" program in California:

(a) that Trump University was an accredited university; or

(b) that Donald J. Trump "hand-picked" Trump University real estate experts, professors, and instructors;

Fifth: Defendants' alleged representations were material;

Sixth: Sonny Low and each member of the California class saw or heard defendants' alleged misrepresentations prior to making their decision to purchase Trump University's fulfillment seminar and mentorship training;

Seventh: Sonny Low and each member of the California class relied on defendants' alleged misrepresentations in making their decision to purchase a Trump University "Live Event";

Eighth: Sonny Low and each member of the California class suffered damage as a result of defendants' alleged misrepresentations.

You must evaluate each of these elements separately as to each defendant. If you find that plaintiffs have not demonstrated any of these elements by a preponderance of the evidence you must find for that defendant as to this claim.

**AUTHORITIES:**

Cal. Civ. Code. § 1750, et. seq.; *Mass. Mutual Life Ins. Co. v. Super. Ct.*, 97 Cal. App. 4th 1282, 1292 (2002) (holding that recovery in a CLRA action requires that plaintiffs "show not only that a defendant's conduct was deceptive but that the deception caused them harm."); *In re Steroid Prod. Cases*, 181 Cal. App. 4th 145, 152 (2010) (noting that "[t]o recover [under the CLRA] . . . each class member must demonstrate, or it must be inferable classwide, that the alleged injury was material."); *Gentges v. Trend Micro Inc.*, 2012 WL 2792442, at *7 (N.D. Cal. Jul. 9, 2012) ("The UCL requires that a named class representative must demonstrate "actual reliance" to have standing to sue—i.e., the plaintiff must show that the defendant's misrepresentation or nondisclosure was an immediate cause of the plaintiff's injury-producing conduct. The same holds true for claims under the CLRA.") (internal quotations omitted) (citing *Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 1366–67 (2010)); *Christopher Lewert v. Boiron, Inc., et al.*, Case No. CV 11-10803-AB-JPR, Dkt. 441 (C.D. Cal. Jun. 6, 2016) (Court's Instructions to Jury) (instructing jury that, in order to find for plaintiffs as to CLRA claim, jury must find that defendants' alleged representations were false); *Cohen v. DIRECTV, Inc.*, 178 Cal. App. 4th 966, 973 (2009) ("An inference of classwide reliance cannot be made when there is *no showing that representations were made uniformly to all members of the class*.") (emphasis added); *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 571 (C.D. Cal. 2014) ("plaintiffs are entitled to a classwide inference of reliance if they can show (1) that uniform misrepresentations were made to the class, and (2) that those misrepresentations were material."); *Plascencia v. Lending 1st Mortg.*, 2011 WL 5914278, at *2 (N.D. Cal. Nov. 28, 2011) ("Defendants, of course, may attempt to rebut [the presumption of reliance] *at trial* . . . by showing that the incomplete disclosures were not uniform . . . .") (emphasis added); *Negrete v. Allianz Life Ins. Co. of N. Amer.*, 2013 WL 6535164, at *21 (C.D. Cal. Dec. 9, 2013) (denying motion *in limine* to exclude testimony of absent class members because such testimony may "be relevant to show, among other things, that the alleged misrepresentations were in fact uniform").

GIVEN AS REQUESTED    _____

GIVEN AS MODIFIED    _____

REFUSED    _____

WITHDRAWN    _____

_____

HON. GONZALO P. CURIEL

United States District Judge

**PLAINTIFFS' OBJECTIONS:**

The Court should use Plaintiffs' Proposed Jury Instruction No. 27a because it more closely adheres to the statutory standards and prior real-life examples of jury instructions that were used in class action trials in federal court. *See* Ex. 1 at 31-34 (*Allen v. Hyland's, Inc.*, No. CV 12-1150-DMG (MANx), Jury Instructions, Dkt. 425 (C.D. Cal. Sept. 18, 2015)). Plaintiffs also object to this instruction for the following reasons:

*Additional Elements*. Plaintiffs agree with defendants that "[c]ertification is procedural" and does not modify the parties' substantive rights. *See* Dkt. 505 at 4. The corollary is that certification does not modify the elements plaintiffs must prove at trial. For that reason, plaintiffs do not need to prove any fact with respect to absent class members, including individualized reliance at trial or that defendants made uniform misrepresentations or omissions to every Class member. *See id.* at 10. Requiring plaintiffs to prove all Class members were exposed to the misrepresentations is inconsistent with the representative nature of the trial and would improperly turn class certification considerations into a substantive issue of fact for the jury, rather than a procedural ruling by the Court made under Rule 23. As the court in *Plascencia* held, its prior language that uniformity could be rebutted at trial "was not well phrased," and instead defendants could only "proffer such evidence only with respect to the particular class members who are named as the class representatives." No. C 07-4485 CW, 2011 U.S. Dist. LEXIS 136078, at *8 (N.D. Cal. Nov. 28, 2011); *see also In re Nat'l W. Life Ins. Deferred Annuities Litig.*, No. 3:05-cv-1018-GPC-WVG, 2013 U.S. Dist. LEXIS 20314, at *15-*16 (S.D. Cal. Feb. 14, 2013) (in class action evidence is irrelevant if it cannot be "properly generalized to the class as a whole"). Verdict forms from past class action trials ask whether defendants made misleading representations, whether they were material, and whether they caused harm, without any uniformity determinations. *See, e.g.*, Dkt. 509-1, Exs. 52-56. Defendants fail to reconcile their position with contrary examples, instead citing only *Cohen*, which is inapposite because it dealt with the court's determination of uniformity at the class certification stage. *Cohen v. DIRECTV, Inc.*, 178 Cal. App. 4th 966, 973 (2009).

*Uncontested Elements*. In an effort to clutter the jury's analysis with statutory definitions, defendants suggest the jury should decide whether each defendant was a "person," but the parties have agreed both defendants fit this definition. Further, defendants ask the jury to decide whether students are "consumers" and whether the live events constituted "goods" or "services" but these issues are not up for reasonable debate. *See Alaburda v. Thomas Jefferson Sch. of Law*, No. 37-2011-00091898-CU-FR-CTL, 2012 Cal. Super. LEXIS 3092, at *5-*8 (Cal. Super. Ct. Nov. 29, 2012) (finding that purchasers of education qualify as "consumers" of "services" under the CLRA). Courts prefer instructions with "concise, simple terms" over alternate "wordy" versions. *United States v. Tasis*, 696 F.3d 623, 627 (6th Cir. 2012).

*Confusion*. "[S]ufficiently confusing jury instructions may violate due process." *Lewis v. Woodford*, No. CIV-S-02-0013 FCD GGH DP, 2007 U.S. Dist. LEXIS 4846, at *161 (E.D. Cal. Jan. 23, 2007). Defendants' instructions are confusing in multiple ways: (1) Defendants are improperly attempting to constrict

plaintiffs' claims to a hyper-technical definition of "accredited." Dkt. 489-1 at 5-6. But the Court's class certification order confirms that the gravamen of plaintiffs' class claims is defendants' false or misleading advertising of "Trump University" live events through "various forms of recognizable signs" (*e.g.*, the term "university," "Ivy League quality," school crest, etc.) of an accredited (*i.e.*, legitimate or lawful) university (*see* Dkt. 298 at 8-9; TU-DONNELLY0000001-20 at 16 (Marketing Guidelines) and Donald Trump's handpicked instructors (Dkt. 298 at 5-6). With respect to the university aspect of the case, the class certification order acknowledges plaintiffs' proposed common proof that the New York State Education Department pressed TU to cease any claim of being a "university." *See* Dkt. 298 at 9. Recently, the Court reaffirmed that, even if plaintiffs were "unfamiliar with the technical term 'accredited,' [they] understood TU to have undergone the same 'processes . . . to be called a legitimate university' involving 'standards and qualifications' as other accredited universities." Dkt. 506 at 6. Accordingly, any instruction or special verdict form should refer to the "university" name rather than defendants' overly restrictive "accredited university" terminology to avoid confusing the jury about the scope of plaintiffs' class claims and unfairly prejudice plaintiffs. Defendants contend that plaintiffs can only prove reliance by demonstrating that every class member relied on the misrepresentations, but this is contrary to this Court's explicit orders and the law. *See* Dkt. 423 at 24 (limiting reliance requirement to class representatives and citing *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009)). (2) Further, as the Court has previously held, "individualized determinations as to reliance and causation are not required" in this case. Dkt. 298 at 21-22; *see also, e.g.*, *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1070 (9th Cir. 2014) ("[I]f a 'material misrepresentation ha[s] been made to the entire class, an inference of reliance arises as to the class.'") (citation omitted). Plaintiffs may prove causation and reliance by proving the materiality of the misrepresentations and do not need to do so on an individual basis for each Class Member.

***Statutory Interpretation***. Defendants' preamble neglects to instruct the jury to "liberally construe" the CLRA, even though the language is written into the statute. Cal. Civ. Code §1760. It also recites lengthy legalese from subsections 5, 7, and 9, which have no bearing on the jury's considerations and are typically omitted from CLRA jury instructions. *See, e.g.*, Ex. 1 at 31-34 (*Allen v. Hyland's, Inc.*, No. CV 12-1150-DMG (MANx), Jury Instructions, Dkt. 425 (C.D. Cal. Sept. 18, 2015)).

***Damages***. Defendants inappropriately include a damages element, which this Court has expressly reserved for Phase 2 of trial. Dkt. 418 at 19. What, if any, value plaintiffs received for their purchases is a question expressly reserved for Phase 2. Any blurring of these lines would reverse the Court's months-long order on bifurcation, destroy the corresponding efficiencies, and even potentially prejudice the decertified damages claims of thousands of class members.

## DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 27b

## CALIFORNIA CONSUMER LEGAL REMEDIES ACT—CONSUMER

The CLRA defines a "consumer" as an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes.

**AUTHORITIES:**

Cal. Civ. Code § 1761(d).

GIVEN AS REQUESTED        _____
GIVEN AS MODIFIED         _____
REFUSED                   _____
WITHDRAWN                 _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

Courts prefer instructions with "concise, simple terms" over alternate "wordy" versions. *United States v. Tasis*, 696 F.3d 623, 627 (6th Cir. 2012). The parties should stipulate to this element, as there is no reasonable argument that plaintiffs were not "consumers." *See Alaburda v. Thomas Jefferson Sch. of Law*, No. 37-2011-00091898-CU-FR-CTL, 2012 Cal. Super. LEXIS 3092, at *5-*8 (Cal. Super. Ct. Nov. 29, 2012) (finding that purchasers of education qualify as "consumers" of "services" under the CLRA). Jury instructions from similar cases do not include this instruction. *See, e.g.*, Ex 1 at 31-34 (*Allen v. Hyland's, Inc.*, No. CV 12-1150-DMG (MANx), Jury Instructions, Dkt. 425 (C.D. Cal. Sept. 18, 2015)).

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 27c**

**CALIFORNIA CONSUMER LEGAL REMEDIES ACT—GOODS AND SERVICES**

The CLRA defines "goods" as tangible property bought or leased for use primarily for personal, family, or household purposes, including certificates or coupons exchangeable for these goods, and including goods that, at the time of the sale or subsequently, are to be so affixed to real property as to become a part of real property, whether or not they are severable from the real property. The CLRA defines "services" as work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods."

**AUTHORITIES:**

Cal. Civ. Code § 1761(a), (b).

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

_____

HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

Courts prefer instructions with "concise, simple terms" over alternate "wordy" versions. *United States v. Tasis*, 696 F.3d 623, 627 (6th Cir. 2012). The parties should stipulate to this element, as there is no reasonable argument that the live events were not "services." *See Alaburda v. Thomas Jefferson Sch. of Law*, No. 37-2011-00091898-CU-FR-CTL, 2012 Cal. Super. LEXIS 3092, at *5-*8 (Cal. Super. Ct. Nov. 29, 2012) (finding that purchasers of education qualify as "consumers" of "services" under the CLRA). Jury instructions from similar cases do not include this instruction. *See, e.g.*, Ex 1 at 31-34 (*Allen v. Hyland's, Inc.*, No. CV 12-1150-DMG (MANx), Jury Instructions, Dkt. 425 (C.D. Cal. Sept. 18, 2015)).

**<u>DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 27d</u>**

**CALIFORNIA CONSUMER LEGAL REMEDIES ACT—PERSON**

The CLRA defines a "person" as an individual, partnership, corporation, limited liability company, association, or other group, however organized.

**AUTHORITIES:**

Cal. Civ. Code § 1761(c).

GIVEN AS REQUESTED      _____
GIVEN AS MODIFIED      _____
REFUSED      _____
WITHDRAWN      _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

Courts prefer instructions with "concise, simple terms" over alternate "wordy" versions. *United States v. Tasis*, 696 F.3d 623, 627 (6th Cir. 2012). The parties have already stipulated that each defendant is a "person" under the CLRA, so this instruction is unnecessary. *See* Defs' Proposed Pretr. Or., Ex. G.

# DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 27e

## FALSITY

Plaintiffs contend that defendants' alleged representations that Trump University was an "accredited university" and that Donald J. Trump "hand-picked" Trump University real estate experts, professors, and instructors were false. A statement cannot be false unless it makes a specific and measurable claim that is capable of being proven false by reference to objective fact. For example, the statement that a particular soft drink has "fewer than 10 grams of sugar" may be proven true or false by reference to the actual amount of sugar in the soft drink.

Also, a statement is not false unless plaintiffs establish by a preponderance of the evidence that a significant portion of the people to whom the statement was directed would have been misled by the statement. It is not sufficient that some individuals might conceivably be misled by a statement.

## AUTHORITIES:

*Christopher Lewert v. Boiron, Inc., et al.*, Case No. CV 11-10803-AB-JPR, Dkt. 441 (C.D. Cal. Jun. 6, 2016) (Court's Instructions to Jury) (instructing jury that, in order to find for plaintiffs as to CLRA claim, jury must find that defendants' alleged representations were false); *Allen v. Hyland's, Inc.*, Case No. CV 12-1150-DMG-MAN, Dkt. 425 (C.D. Cal. Sept. 18, 2015) (Court's Instructions to Jury) (instructing jury that, in order to find for plaintiffs as to CLRA claim, jury must find that defendants' alleged representations were false); *Ebner v. Fresh, Inc.*, --- F.3d ---, 2016 WL 5389307, at *5 (9th Cir. Mar. 17, 2016) ("Plaintiff's claims under the California consumer protection statutes are governed by the 'reasonable consumer' test. Under this standard, Plaintiff must 'show'that 'members of the public are likely to be deceived. This requires more than a mere possibility that [defendant's] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. Rather, the reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'") (internal quotations and citations omitted); *Welk v. Beam Suntory Import Co.*, 124 F. Supp. 3d 1039, 1043 (S.D. Cal. 2015) ("[t]o be actionable as an affirmative misrepresentation, a statement must make a specific and measureable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact.").

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

Defendants' proposed instruction is inaccurate, incomplete, and contrary to law because the CLRA prohibits misleading statements as well as false ones. *See, e.g., Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 680 (2006). The "specific and measurable" language proposed by defendants is contained nowhere in the statute and erroneous. Plaintiffs' proposed language in proposed Instruction 30(c) is simpler and achieves the same purpose: "To find in favor of plaintiff, it is sufficient if defendants' act or practice was likely to mislead a reasonable consumer acting reasonably under the circumstances." *See supra*. Plaintiffs' proposed language better reflects the relevant standards. *See Ebner v. Fresh, Inc.*, No. 13-56644, 2016 WL 5389307, at *5 (9th Cir. Mar. 17, 2016) ("Plaintiff's claims under the California consumer protection statutes are governed by the 'reasonable consumer' test."). Tellingly, the only example instructions provided by defendants do not have a separate instruction for falsity. *See* Ex. 2 at 6 (*Christopher Lewert v. Boiron, Inc.*, No. CV 11-10803-AB-JPR, Jury Instructions, Dkt. 441 (C.D. Cal. Jun. 6, 2016)) (Court's Instructions to Jury). Unsurprisingly, a case search on Lexis for defendants' exemplary phrase "fewer than 10 grams of sugar" produced zero results.

## DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 27f

## CALIFORNIA CONSUMER LEGAL REMEDIES ACT—MATERIALITY

For purposes of the CLRA, a representation is not actionable unless it is "material." A representation is material if a reasonable person under the circumstances would have attached importance to the existence or nonexistence of the representation in making a purchasing decision. The reasonable person is neither overly sophisticated, nor unduly wary. He or she is an ordinary person with knowledge of all information made available to people like him or her. A statement that an ordinary person under the circumstances would regard as puffery (see next instruction) is not material.

**AUTHORITIES:**

*Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1226 (9th Cir. 2015) ("Materiality is judged from the perspective of a reasonable consumer"); In re Tobacco II Cases, 46 Cal. 4th 298, 327 (2009) ("A misrepresentation is judged to be 'material' if 'a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question.'); *Kim Allen v. Hyland's, Inc.*, 2015 WL 12564307 (C.D. Cal. Sep. 18., 2015) (Court's Instructions to Jury) ("A reasonable consumer is the ordinary consumer acting reasonably under the circumstances, and is neither the most nor least sophisticated consumer."); *Chapman v. Skype, Inc.*, 220 Cal.App.4th 217, 226 (Ct. App. 2013) (noting that a "reasonable consumer . . . is neither the most vigilant and suspicious of advertising claims nor the most unwary and unsophisticated, but instead is the ordinary consumer within the target population."); *In re Apple & AT&TM Antitrust Litig.*, 596 F. Supp. 2d 1288, 1310–11 (N.D. Cal. 2008) ("Materiality depends on a plaintiff showing that had the omitted information been disclosed, a reasonable consumer would have been aware of it and behaved differently.") (internal quotations and citations omitted); *see also Cohen v. Trump*, 2014 WL 690513, at *7 (S.D. Cal. Feb. 21, 2014) ("Defendant may seek to prove . . . puffery as a factual matter"); *Cohen v. Trump*. 2016 WL 4098221, at *9 (S.D. Cal. Aug. 2, 2016)(whether a representation "was material [or puffery] is a question of fact best decided by the jury.").

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

The lengthy definition of a reasonable person is redundant, unnecessary, and confusing, particularly as to the knowledge aspect of the proposed instruction. *See United States v. Tasis*, 696 F.3d 623, 627 (6th Cir. 2012) (citing preference for instructions with "concise, simple terms" over alternate "wordy" versions). The definition of "puffery" is subsumed by the definition of "material," so it is unnecessary to distinguish between them. *See In re Energy Recovery Sec. Litig.*, No. 15-cv-00265-EMC, 2016 U.S. Dist. LEXIS 9781, at \*58 (N.D. Cal. Jan. 27, 2016) (defining "'puffery'" as statements the law deems "so amorphous as to be immaterial"). Puffery instructions are rarely, if ever given. *See* Ex. 1 at 31-34 (*Allen v. Hyland's, Inc.*, No. CV 12-1150-DMG (MANx), Jury Instructions, Dkt. 425 (C.D. Cal. Sept. 18, 2015)) (CLRA class action without puffery instruction) (citation omitted); *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1108 (2004) ("'[I]t is error to give, and proper to refuse, instructions that unduly overemphasize issues, theories or defenses either by repetition or singling them out or making them unduly prominent although the instruction may be a legal proposition.'") (citation omitted). Indeed, defendants do not provide any examples of a CLRA case where the court gave a puffery instruction. Further, whether an ad is "mere puffery" is a legal question, *see Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008), and one that the Court resolved at the motion to dismiss stage. *See* Dkts. 69 at 6 & 70 at 6 n.1. The fact that defendants had to misleadingly insert in brackets the word "puffery" to this Court's prior order where instead the opinion only states "materiality" proves that puffery adds nothing to the analysis and the attempt to insert the issue as a separate inquiry for trial is improper. *See Cohen v. Trump*, No. 3:13-cv-2519-GPC-WVG, 2016 U.S. Dist. LEXIS 101247, at \*25 (S.D. Cal. Aug. 2, 2016) (the actual quote: "At best, Defendant's evidence as to the "university" representation demonstrates that whether the representation of TU as a "university" was material is a question of fact best decided by the jury.").

## <u>DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 27g</u>

## PUFFERY

As mentioned, a statement that an ordinary person under the circumstances would regard as puffery is not material. Puffery is a statement that is vague, generalized, or subjective, or that cannot be proven either true or false.

**AUTHORITIES:**

*Wiliams v. Gerber Prods. Co.*, 439 F. Supp. 2d 1112, 1115 (S.D. Cal. 2006) ("Advertisements that amount to 'mere' puffery are not actionable because no reasonable consumer relies on puffery") (citing *Cook Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 245 (9th Cir.1990)); *Salters v. Beam Suntory, Inc.*, 2015 WL 2124939, at *3 (N.D. Fla. May 1, 2015) (finding that statements which constituted puffery could not support claims under the FDUTPA and Florida MAL); *Sitt v. Nature's Bounty, Inc.*, 2016 WL 5372794, at *11 n.12 (E.D.N.Y. Sep. 26, 2016) ("Puffery is not actionable under [§] 349.") (quoting *Verizon Directories Corp. v. Yellow Book USA, Inc.*, 309 F. Supp. 2d 401, 405 (E.D.N.Y. 2004)); *Coastal Abstract Serv., Inc. v. First Amer. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999) (holding that statement constituted non-actionable puffing where "[i]t was not a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact."); *Lipton v. Nature Co.*, 71 F.3d 464, 474 (2d. Cir. 1995) ("Subjective claims about products, which cannot be proven either true or false, are not actionable under the Lanham Act."); *Salters*, 2015 WL 2124939, at *3 ("In sum, no reasonable person would understand 'handmade' in this context to mean literally made by hand . . . If "handmade" is understood to mean something else—some ill-defined effort to glom onto a trend toward products like craft beer—the statement is the kind of puffery that cannot support claims of this kind."); *Welk v. Beam Suntory Import Co.*, 124 F.Supp.3d 1039, 1044 (S.D. Cal. 2015) ("[I]f Jim Beam uses the term 'handcrafted' to appeal to consumers' loose association of the term with 'higher quality manufacturing and high-end products,' as [plaintiff] suggests, then it isn't 'specific and measurable.' Instead it's 'generalized, vague, and unspecified' and therefore inactionable as 'mere puffery.'") (citations omitted); *see also Cohen v. Trump*, 2014 WL 690513, at *7 (S.D. Cal. Feb. 21, 2014) ("Defendant may seek to prove . . . puffery as a factual matter"); *Cohen v. Trump*. 2016 WL 4098221, at *9 (S.D. Cal. Aug. 2, 2016)(whether a representation "was material [or puffery] is a question of fact best decided by the jury.").


GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____

2

3

_____

HON. GONZALO P. CURIEL

United States District Judge

4

**PLAINTIFFS' OBJECTIONS:**

5

    Defendants improperly engraft additional elements onto plaintiffs' claims.

6

Puffery should not be an independent instruction because the definition of "puffery" is subsumed by the definition of "material," and thus it is unnecessary to distinguish

7

between them. *See In re Energy Recovery Sec. Litig.*, No. 15-cv-00265-EMC, 2016 U.S. Dist. LEXIS 9781, at *58 (N.D. Cal. Jan. 27, 2016) (defining "puffery" as

8

statements the law deems "so amorphous as to be immaterial"). For this reason, puffery instructions are rarely, if ever given. *See* Ex. 1 at 31-34 (*Allen v. Hyland's,*

9

*Inc.*, No. CV 12-1150-DMG (MANx), Jury Instructions, Dkt. 425 (C.D. Cal. Sept. 18, 2015)) (CLRA class action without puffery instruction); *Munoz v. City of Union City*,

10

120 Cal. App. 4th 1077, 1108 (2004) ("'[I]t is error to give, and proper to refuse, instructions that unduly overemphasize issues, theories or defenses either by repetition

11

or singling them out or making them unduly prominent although the instruction may be a legal proposition.'") (citation omitted). Indeed, defendants do not provide any

12

examples of a CLRA case in which the court gave a puffery instruction. Further, whether an ad is "mere puffery" is a legal question, *see Newcal Indus., Inc. v. Ikon*

13

*Office Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008), and one that the Court resolved at the motion to dismiss stage. *See* Dkts. 69 at 6 & 70 at 6 n.1. The fact that defendants had

14

to misleadingly insert in brackets the word "puffery" to this Court's prior order where instead the opinion only states "materiality" proves that puffery adds nothing to the

15

analysis and the attempt to insert the issue as a separate inquiry for trial is improper. *See Cohen v. Trump*, No. 3:13-cv-2519-GPC-WVG, 2016 U.S. Dist. LEXIS 101247,

16

at *25 (S.D. Cal. Aug. 2, 2016) (the actual quote: "At best, Defendant's evidence as to the "university" representation demonstrates that whether the representation of TU

17

as a "university" was material is a question of fact best decided by the jury.").

18

19

20

21

22

23

24

25

26

27

28

# DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 27h

## CALIFORNIA CONSUMER LEGAL REMEDIES ACT—ACTUAL RELIANCE AS TO THE NAMED PLAINTIFF

To establish a claim for violation of the CLRA, plaintiff Sonny Low must prove by a preponderance of the evidence that he actually relied on defendants' alleged misrepresentations. Actual reliance means that defendants' alleged misrepresentations were an immediate cause of Sonny Low's decision to purchase a Trump University "Live Event" and that without such misrepresentations he would not, in all reasonable probability, have purchased a Trump University "Live Event."

## AUTHORITIES:

*Gentges v. Trend Micro Inc.*, 2012 WL 2792442, at *7 (N.D. Cal. Jul. 9, 2012) ("The UCL requires that a named class representative must demonstrate 'actual reliance' to have standing to sue—i.e., the plaintiff must show that the defendant's misrepresentation or nondisclosure was an immediate cause of the plaintiff's injury-producing conduct. The same holds true for claims under the CLRA.") (internal quotations omitted) (citing *Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 1366–67 (2010)); *In re Tobacco II Cases*, 46 Cal. 4th 298, 328 (2009) ("a plaintiff must allege that the defendant's misrepresentations were an *immediate cause* of the injury-causing conduct") (emphasis added); *Hodson v. Mars, Inc.*, 1623 F. Supp. 3d 1016, 1023 (N.D. Cal. 2016) ("A plaintiff may prove reliance by showing that the defendant's misrepresentation or nondisclosure was an immediate cause of the plaintiff's injury-producing conduct. He may accomplish that by showing that in its absence the plaintiff in all reasonable probability would not have engaged in the injury-producing conduct."); *Salazar v. Honest Tea, Inc.*, 2015 WL 7017050, at *4 (E.D. Cal. Nov. 12, 2015) ("Actual reliance under the California consumer protection statutes is construed in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions.") (*citing In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009)); *5 Witkin, Summary of Cal. Law* (10th), Actual Reliance—General § 808 ("[To demonstrate actual reliance] it must appear that the representation was an immediate cause of his conduct which alters his legal relations, and that without such representation, he would not, in all reasonable probability, have entered into the contract or other transaction.").

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

The Court should use plaintiffs' Instruction No. 27a because it more closely adheres to the actual statutory standards and prior real-life examples of jury instructions that were used in class action trials in federal court. *See* Ex. 1 at 31-34 (*Allen v. Hyland's, Inc.*, No. CV 12-1150-DMG (MANx), Jury Instructions, Dkt. 425 (C.D. Cal. Sept. 18, 2015)). Further, defendants' "immediate cause" instruction directly conflicts with this Court's prior order, which states:

> However, the plaintiff need not show "that those misrepresentations were the sole or even the decisive cause of the injury-producing conduct." *In re Tobacco II Cases*, [207 P.3d 20, 40 (Cal. 2009)]. Further, where "a plaintiff alleges exposure to a long-term advertising campaign, the plaintiff is not required to plead with an unrealistic degree of specificity that the plaintiff relied on particular advertisements or statements." *Id.* "[A] presumption, or at least an inference, of reliance arises wherever there is a showing that a misrepresentation was material." *Id.* at 39.

Dkt. 423 at 24.

# DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 27i

## PRESUMPTION OF RELIANCE AS TO ALL CLASS MEMBERS

If you find that Sonny Low, John Brown, and/or J.R. Everett relied on defendants' alleged misrepresentations, you will also be asked to determine whether the class members those plaintiffs represent relied on the alleged misrepresentations.

Plaintiffs may establish a presumption that class members relied on defendants' alleged misrepresentations if they prove by a preponderance of the evidence: (1) that defendants' alleged misrepresentations were uniformly communicated to all class members; and (2) that defendants' representations that Trump University was an accredited university and that Donald J. Trump "hand-picked" Trump University real estate experts, professors, and instructors were material. I have already instructed you as to what "material" means, and I will also instruct you as to what "uniformly communicated" means.

If plaintiffs establish a presumption of reliance, that presumption is rebuttable if defendants prove by a preponderance of the evidence that not all class members actually relied upon the alleged misrepresentations. If you find that defendants rebutted the presumption with such evidence, you must not find that class members relied on the alleged misrepresentations.

## AUTHORITIES:

Cal. Civ. Code. § 1750, et. seq.; *Mass. Mutual Life Ins. Co. v. Super. Ct.*, 97 Cal. App. 4th 1282, 1292 (2002) (holding that recovery in a CLRA action requires that plaintiffs "show not only that a defendant's conduct was deceptive but that the deception caused them harm."); *In re Steroid Prod. Cases*, 181 Cal. App. 4th 145, 152 (2010) (noting that "[t]o recover [under the CLRA] . . . each class member must demonstrate, or it must be inferable classwide, that the alleged injury was material."); *Gentges v. Trend Micro Inc.*, 2012 WL 2792442, at *7 (N.D. Cal. Jul. 9, 2012) ("The UCL requires that a named class representative must demonstrate "actual reliance" to have standing to sue—i.e., the plaintiff must show that the defendant's misrepresentation or nondisclosure was an immediate cause of the plaintiff's injury-producing conduct. The same holds true for claims under the CLRA.") (internal quotations omitted) (*citing Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1366–67 (2010)); *Christopher Lewert v. Boiron, Inc., et al.*, Case No. CV 11-10803-AB-JPR, Dkt. 441 (C.D. Cal. Jun. 6, 2016) (Court's Instructions to Jury) (instructing jury that, in order to find for plaintiffs as to CLRA claim, jury must find that defendants' alleged representations were false); *Cohen v. DIRECTV, Inc.*, 178 Cal. App. 4th 966, 973 (2009) ("An inference of classwide reliance cannot be made when

there is no showing that representations were made uniformly to all members of the class.") (emphasis added); *In re Coca-Cola Prods. Marketing and Sales Practices Litig.*, 2016 WL 2930964, at *4 (N.D. Cal. May 19, 2016) ("If an omission is material, the fact that one would have behaved differently can be presumed, or at least inferred. However, a plaintiff cannot use that presumption, if the evidence establishes an actual lack of reliance."); *In re Brazilian Blowout Litig.*, 2011 WL 10962891, at *8 (C.D. Cal. Apr. 12, 2011) ("[R]eliance may be presumed as to the entire Class if Defendant's misrepresentations or omissions were material. Defendant, of course, may rebut that presumption or inference . . .")"; *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 571 (C.D. Cal. 2014) ("plaintiffs are entitled to a classwide inference of reliance if they can show (1) that uniform misrepresentations were made to the class, and (2) that those misrepresentations were material."); *Plascencia v. Lending 1st Mortg.*, 2011 WL 5914278, at *2 (N.D. Cal. Nov. 28, 2011) ("Defendants, of course, may attempt to rebut [the presumption of reliance] at trial by introducing evidence that particular class members were either aware of the loan terms or would have purchased the loans even if the terms were clearly disclosed in the documents" or "by showing that the incomplete disclosures were not uniform or would not be material to a reasonable person" or "by introducing evidence specific to the named Plaintiffs."; *Negrete v. Allianz Life Ins. Co. of N. Amer.*, 2013 WL 6535164, at *21 (C.D. Cal. Dec. 9, 2013) (denying motion *in limine* to exclude testimony of absent class members because such testimony may "be relevant to show, among other things, that the alleged misrepresentations were in fact uniform"); *see also* Dkt. 298, Court's Order Granting in Part and Denying in Part Plaintiffs' Motion to Certify Class, at 24 ("[W]ith small differences in wording, all three states [California, New York and Florida] appear to employ the same causation and reliance standard [in their unfair trade and competition laws].") (citing *Keegan v. Am. Honda Motor Co., Inc.*, 284 F.R.D. 504, 541 (C.D. Cal. 2012)).

GIVEN AS REQUESTED      _____

GIVEN AS MODIFIED       _____

REFUSED                    _____

WITHDRAWN              _____

_____

HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

Defendants improperly engraft additional elements on plaintiffs' claims. Plaintiffs agree with defendants that "[c]ertification is procedural" and does not modify the parties' substantive rights. *See* Dkt. 505 at 4. The corollary is that certification does not modify the elements plaintiffs must prove at trial. For that reason, plaintiffs do not need to prove at trial that defendants made uniform misrepresentations or omissions to every Class member. *See id.* at 10. Requiring plaintiffs to prove all Class members were exposed to the misrepresentations is inconsistent with the representative nature of the trial and would improperly turn class certification considerations into a substantive issue of fact for the jury, rather than a procedural ruling by the Court made under Rule 23. Verdict forms from past class action trials ask whether defendants made misleading representations, whether they were material, and whether they caused harm, without any uniformity determinations. *See* Dkt. 509-1, Exs. 52-56.

Further, the question of whether the class action prerequisites are appropriate is a legal question, outside the province of the jury. As Rule 23 expressly states, it is the "court" which is tasked with "find[ing] that the questions of law or fact common to class members predominate" and that "a class action is superior." *See* Fed. R. Civ. P. 23(b)(3). Following this mandate, the Ninth Circuit has long held that the decision of whether to certify a class is a matter "within the trial court's discretion." *Yamamoto v. Omiya*, 564 F.2d 1319, 1325 (9th Cir. 1977); *see also Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010) ("The decision to grant or deny class certification is within the trial court's discretion."). The Supreme Court has likewise held, "the right of a litigant to employ Rule 23 is a procedural right only, ancillary to the litigation of substantive claims." *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 332 (1980). Thus, a jury has no authority to review or overturn the Court's determination that this case satisfies Rule 23's standards for class certification. Court has already found that that "the TU multi-media promotional campaign was uniform, highly orchestrated, concentrated and focused on its intended audience" based on "substantial evidence." *See* Dkt. 298 at 22. As the court in *Plascencia* held, its prior language that uniformity could be rebutted at trial "was not well phrased," and instead defendants could only "proffer such evidence only with respect to the particular class members who are named as the class representatives." No. C 07-4485 CW, 2011 U.S. Dist. LEXIS 136078, at *8 (N.D. Cal. Nov. 28, 2011); *see also In re Nat'l W. Life Ins. Deferred Annuities Litig.*, No. 3:05-cv-1018-GPC-WVG, 2013 U.S. Dist. LEXIS 20314, at *15-*16 (S.D. Cal. Feb. 14, 2013) (in class action evidence is irrelevant if it cannot be "properly generalized to the class as a whole").

The only factual predicate for classwide reliance is materiality. Dkt. 298 at 22-23 ("'[R]eliance on the alleged misrepresentations may be inferred as to the entire class if the named plaintiff can show that material misrepresentations were made to the class members.'") (citation omitted). Defendants attempt to add a "uniformity" element, but the Court already decided this issue at the class certification stage. *Id.* at 22. Defendants fail to reconcile their position with contrary examples. *See* Ex. 1 at 31-34 (*Allen v. Hyland's, Inc.*, No. CV 12-1150-DMG (MANx), Jury Instructions, Dkt. 425 (C.D. Cal. Sept. 18, 2015)) (CLRA class action without uniformity instruction). Instead, they cite *Cohen*, which is inapposite because it dealt with the court's determination of uniformity at the class certification stage. *See Cohen v. DIRECTV, Inc.*, 178 Cal. App. 4th 966, 973 (2009). Defendants also incorrectly contend that they may rebut a presumption of reliance by demonstrating that certain class members did not actually rely on the misrepresentations, but this is contrary to this Court's explicit orders and the applicable case law. *See* Dkt. 423 at 24 (citing *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009), and limiting reliance requirement to class representatives).

## DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 27j

## CALIFORNIA CONSUMER LEGAL REMEDIES ACT—UNIFORMLY COMMUNICATED

In order to find a presumption that all class members relied on defendants' alleged misrepresentations you must find that those representations were uniformly communicated to all class members. This means that all class members saw or heard the same representations without material variation. Where a defendant has made representations in such a manner that class members may have seen all, some, or none of those representations, those representations have not been uniformly communicated to all class members.

## AUTHORITIES:

*Cohen v. DIRECTV, Inc.*, 178 Cal. App. 4th 966, 973 (2009) ("[A]n inference of classwide reliance cannot be made when there is no showing that representations were made uniformly to all members of the class."); *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1095 (1993) ("[A]ctual reliance can be proved on a class-wide basis when each class member has read or heard *the same misrepresentations*[.]") (emphasis added); *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1255 (2d Cir. 2002) ("Only if class members received materially uniform misrepresentations can generalized proof be used to establish any element of the fraud."); *Campion v. Old Republic Home Protection Co., Inc.*, 272 F.R.D. 517, 536 (S.D. Cal. 2011) ("Where a class of consumers may have seen all, some, or none of the advertisements that form the basis of a plaintiff's suit, an inference of common reliance or liability is not permitted."); *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 571 (C.D. Cal. 2014) ("plaintiffs are entitled to a classwide inference of reliance if they can show (1) that uniform misrepresentations were made to the class, and (2) that those misrepresentations were material."); *Plascencia v. Lending 1st Mortg.*, 2011 WL 5914278, at *2 (N.D. Cal. Nov. 28, 2011) ("Defendants, of course, may attempt to rebut [the presumption of reliance] *at trial* . . . by showing that the incomplete disclosures were not uniform . . . .") (emphasis added); *Negrete v. Allianz Life Ins. Co. of N. Amer.*, 2013 WL 6535164, at *21 (C.D. Cal. Dec. 9, 2013) (denying motion *in limine* to exclude testimony of absent class members because such testimony may "be relevant to show, among other things, that the alleged misrepresentations were in fact uniform").

GIVEN AS REQUESTED      _____
GIVEN AS MODIFIED      _____
REFUSED      _____
WITHDRAWN      _____

———————————————————

HON. GONZALO P. CURIEL

United States District Judge

**PLAINTIFFS' OBJECTIONS:**

Defendants improperly engraft additional elements on plaintiffs' claims. Plaintiffs agree with defendants that " [c]ertification is procedural" and does not modify the parties' substantive rights. *See* Dkt. 505 at 4. The corollary is that certification does not modify the elements plaintiffs must prove at trial. For that reason, plaintiffs do not need to prove at trial that defendants made uniform misrepresentations or omissions to every Class member. *See id*. at 10. Requiring plaintiffs to prove all Class members were exposed to the misrepresentations is inconsistent with the representative nature of the trial and would improperly turn class certification considerations into a substantive issue of fact for the jury, rather than a procedural ruling by the Court made under Rule 23. Verdict forms from past class action trials ask whether defendants made misleading representations, whether they were material, and whether they caused harm, without any uniformity determinations. *See* Dkt. 509-1, Exs. 52-56.

Further, the question of whether the class action prerequisites are appropriate is a legal question, outside the province of the jury. As Rule 23 expressly states, it is the "court" which is tasked with "find[ing] that the questions of law or fact common to class members predominate" and that "a class action is superior." *See* Fed. R. Civ. P. 23(b)(3). Following this mandate, the Ninth Circuit has long held that the decision of whether to certify a class is a matter "within the trial court's discretion." *Yamamoto v. Omiya*, 564 F.2d 1319, 1325 (9th Cir. 1977); *see also Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010) ("The decision to grant or deny class certification is within the trial court's discretion."). The Supreme Court has likewise held, "the right of a litigant to employ Rule 23 is a procedural right only, ancillary to the litigation of substantive claims." *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 332 (1980). Thus, a jury has no authority to review or overturn the Court's determination that this case satisfies Rule 23's standards for class certification. Court has already found that that "the TU multi-media promotional campaign was uniform, highly orchestrated, concentrated and focused on its intended audience" based on "substantial evidence." Dkt. 298 at 22.

Defendants attempt to add a "uniformity" element, even though the Court already decided this issue at the class certification stage. Dkt. 298 at 22. Having cleared the Rule 23 hurdle, the only question for trial is whether defendants' misrepresentations and omissions were material. *Id.*; *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1022 (9th Cir. 2011) ("But '[c]ausation, on a class-wide basis, may be established by *materiality*.'") (alteration and emphasis in original) (citations omitted). This is an objective inquiry: "a misrepresentation is deemed material 'if a "reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question."'" *In re Steroid Hormone Prod. Cases*, 181 Cal. App. 4th 145, 157 (2010). Requiring plaintiffs to prove all Class members were exposed to the misrepresentations is inconsistent with the representative nature of the trial and would improperly turn class certification considerations into a substantive issue of fact for the jury. Defendants cite no case where the jury was required to decide this issue. Instead, they cite only cases where the *courts* duly determined uniformity *before trial*. *See Cohen v. DIRECTV, Inc.*, 178 Cal. App. 4th 966, 973 (2009); *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1095 (1993); *Moore v.*

*PaineWebber, Inc.*, 306 F.3d 1247, 1255 (2d Cir. 2002) (not assessing CLRA or any other California law); *Campion v. Old Republic Home Protection Co., Inc.*, 272 F.R.D. 517, 536 (S.D. Cal. 2011). As the court in *Plascencia* held, its prior language that uniformity could be rebutted at trial "was not well phrased," and instead defendants could only "proffer such evidence only with respect to the particular class members who are named as the class representatives." No. C 07-4485 CW, 2011 U.S. Dist. LEXIS 136078, at *8 (N.D. Cal. Nov. 28, 2011); *see also In re Nat'l W. Life Ins. Deferred Annuities Litig.*, No. 3:05-cv-1018-GPC-WVG, 2013 U.S. Dist. LEXIS 20314, at *15-*16 (S.D. Cal. Feb. 14, 2013) (in class action evidence is irrelevant if it cannot be "properly generalized to the class as a whole").

# DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 27k

## INDIVIDUAL LIABILITY—DONALD J. TRUMP

Donald Trump is not responsible for representations made by Trump University or other representatives of Trump University unless plaintiffs prove by a preponderance of evidence that Mr. Trump personally, directly, and actively participated in making false and material representations on which class members relied.

**AUTHORITIES:**

*Dorfman v. Nutramax Laboratories, Inc.*, 2013 WL 5353043, at *14 (S.D. Cal. Sept. 23, 2013) ("[U]nder the CLRA, a defendant's liability must be based upon participation or control in the alleged unlawful advertising scheme."); *Rensin v. State*, 18 So. 3d 572, 575 n.2 (Fla. Dist. Ct. App. 1st Dist. 2009) ("[I]t has long been the law in Florida that in order to proceed against an individual using a FDUTPA violation theory an aggrieved party must allege that the individual was a direct participant in the improper dealings.") (quoting *KC Leisure, Inc. v. Haber*, 972 So. 2d 1069, 1074 (Fla. 5th Dist. Ct. App. 2008)); *Mayfield v. Asta Funding*, Inc., 95 F. Supp. 3d 685, 701 (S.D.N.Y. 2015) ("This Court has already found that the Complaint sufficiently states a claim under § 349. Thus, the inquiry is whether Plaintiffs have sufficiently pleaded the individual Defendants' personal involvement in prohibited conduct.").

GIVEN AS REQUESTED      _____

GIVEN AS MODIFIED      _____

REFUSED      _____

WITHDRAWN      _____

_____

HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

The Court should reject defendants' attempt to engraft on plaintiffs' claim a higher standard for liability than is required under the case law. California law requires only "'participation or control in the alleged unlawful advertising scheme.'" *Dorfman v. Nutramax Labs., Inc.*, No. 13cv0873 WQH (RBB), 2013 U.S. Dist. LEXIS 136949, at *40 (S.D. Cal. Sep. 23, 2013) (citation omitted). Similarly, New York law holds officers and directors of companies liable for fraud if "'they participate in it or have actual knowledge of it.'" *People v. Coal. Against Breast Cancer, Inc.*, 134 A.D.3d 1081, 1082, (N.Y. App. Div. 2015) (citation omitted). And Florida law holds individuals liable when they "'participated directly in the deceptive practices or acts or . . . possessed the authority to control them.'" *Bookworld Trade, Inc. v. Daughters of St. Paul, Inc.*, 532 F. Supp. 2d 1350, 1364 (M.D. Fla. 2007) (citation omitted).

Further, the Court should reject defendants' reference to reliance by non-representative class members. Plaintiffs agree with defendants that "[c]ertification is procedural" and does not modify the parties' substantive rights. *See* Dkt. 505 at 4. The corollary is that certification does not modify the elements plaintiffs must prove at trial. Requiring plaintiffs to prove all Class Members individually relied on the misrepresentations or were exposed to the misrepresentations or omissions is inconsistent with this Court's class certification orders (*e.g.*, Dkt. 298 at 20 n.12) and the representative nature of the trial and would improperly turn class certification considerations into a substantive issue of fact for the jury. Defendants cite no case where the jury was required to decide this issue. Instead, they cite only cases where the ***courts*** duly determined uniformity ***before trial***. *See Cohen v. DIRECTV, Inc.*, 178 Cal. App. 4th 966, 973 (2009); *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1095 (1993); *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1255 (2d Cir. 2002) (not assessing CLRA or any other California law); *Campion v. Old Republic Home Protection Co., Inc.*, 272 F.R.D. 517, 536 (S.D. Cal. 2011).

Having cleared the Rule 23 hurdle, the only question for the jury is whether defendants' misrepresentations and omissions were material. *Id.*; *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1022 (9th Cir. 2011) ("But '[c]ausation, on a class-wide basis, may be established by materiality.'") (alteration and emphasis in original). This is an objective inquiry: "a misrepresentation is deemed material 'if a "reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question.""' *In re Steroid Hormone Prod. Cases*, 181 Cal. App. 4th 145, 157 (2010) (citation omitted).

## DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 27l

## CALIFORNIA CONSUMER LEGAL REMEDIES ACT—INJURY

If you find by a preponderance of the evidence (1) that defendants made the representation that Trump University was an "accredited university" and/or that Donald Trump "hand-picked" its instructors, and (2) that such representations were false, and (3) that the representations were material, and (4) that plaintiffs relied on the representations, you must then determine whether plaintiffs were injured. Plaintiffs contend that plaintiffs' injury is that the Fulfillment and Gold Elite Programs they purchased were worthless. In determining whether plaintiffs have established their burden to prove that the Fulfillment and Gold Elite Programs were worthless, plaintiffs have the burden to show by a preponderance of the evidence that a reasonable consumer with knowledge that TU was not an "accredited university" and/or that Donald Trump did not "handpick" any instructors would not have paid any money for the Fulfillment or Gold Elite Programs.

**AUTHORITIES:**

*Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1069 (9th Cir. 2014) ("[T]he CLRA demands that each potential class member have both an actual injury and show that the injury was caused by the challenged practice."); *Brazil v. Dole Packaged Foods, LLC*, Case No. 14-17480, at *6 (9th Cir. Sept. 30, 2016) ("The district court correctly limited damages to the difference between the prices customers paid and the value of the fruit they bought—in other words, the 'price premium' attributable to Dole's 'All Natural Fruit' labels . . . Under these rules, a plaintiff cannot be awarded a full refund unless the product she purchased was worthless . . . Brazil has not proven Dole's products were worthless."); *Caldera v. J.M. Smucker Co.*, 2014 WL 1477400 (C.D. Cal. Apr. 15, 2014) ("Restitution based on a full refund would only be appropriate if not a single class member received any benefit from the products."); *In re POM Wonderful, LLC*, 2014 WL 1225184, at *3 & n.2 (C.D. Cal. Mar. 25, 2014) ("The Full Refund model depends on the assumption that not a single consumer received a single benefit from Defendants' [products]."); *Red v. Kraft Foods, Inc.*, 2012 WL 8019257, at *11 (C.D. Cal. Apr. 12, 2012) "(The Court this cannot prove Plaintiff's proposal that Kraft disgorge the full profits earned from sales of the Products within the class period, as Plaintiffs received some benefit from the Products and thus awarding class members full refunds on their purchases would constitute non-restitutionary disgorgement."); Dkt. 418 (Decertification Order) at 4, 8, 14 ("[T]he Court finds it appropriate to consider whether Plaintiffs' *full-recovery* (also referred to as '*full refund*') measure of damages may be applied in the instant case . . . Plaintiffs counter that what Defendants provided was *worthless*, and thus the *full-refund* theory is consistent with their theory of liability – namely, that the 'student-victims got *none* of what they paid for: not Trump, not his 'secrets,' not his 'hand-picked' professors, not a yearlong mentorships with a Trump 'certified' expert, and

certainly not anything approaching a university. . . .  Plaintiff asserts that absent Donald Trump's secrets, the 'university education was *worthless*.  Plaintiffs' damage model seeks *full recovery* of all funds paid for the alleged *worthless* program.") (emphasis added); *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 131 (proper measure of restitution is "the difference between what the plaintiff paid and the value of what the plaintiff received").

GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

This instruction is improper as it relates to damages, which the Court has expressly reserved for Phase 2 of trial.  Dkt. 418 at 19.  Defendants' case citations confirm that their proposed jury instruction relates solely to damages.  *See, e.g.*, *Brazil v. Dole Packaged Foods, LLC*, No. 14-17480, 2016 U.S. App. LEXIS 17733, at *6, *8 (9th Cir. Sep. 30, 2016) (opinion discussing whether pursuant to "full refund" theory of damages plaintiffs could "***calculate damages*** on a class-wide basis" under facts of case).  Defendants' proposed instruction is thus inconsistent with this Court's order that it will "proceed with the liability phase of the class trial first."  Dkt. 418 at 19.

Further, as the Court has previously held, "individualized determinations as to reliance and causation are not required" in this case.  Dkt. 298 at 21-22; *see also, e.g.*, *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1070 (9th Cir. 2014) ("[I]f a 'material misrepresentation ha[s] been made to the entire class, an inference of reliance arises as to the class.'") (citation omitted).  Plaintiffs may prove causation and reliance by proving the materiality of the misrepresentations and do not need to do so on an individual basis for each Class Member.

## PLAINTIFFS' DISPUTED PROPOSED JURY INSTRUCTION NO. 28a

### CALIFORNIA FINANCIAL ELDER ABUSE
#### (Cal. Welf. & Inst. Code §15610.30)

Plaintiff Sonny Low claims that defendants violated California's financial elder abuse law by taking financial advantage of him.

To establish liability on this claim, plaintiff must prove the following are more likely to be true than not true:

1.    That defendants obtained or retained (or assisted in obtaining or retaining) plaintiff's money from his purchase of the live events.

2.    That plaintiff was 65 years of age or older at the time.

3.    That defendants:

(a)    obtained or retained plaintiff's money for a wrongful use because defendants knew or should have known that their misleading advertising of Trump University was likely to be financially harmful to plaintiff; and/or

(b)    obtained or retained (or assisted in obtaining or retaining) plaintiff's money from the purchase of the live events by undue influence.

## AUTHORITY:

*Judicial Council of California Civil Jury Instructions (CACI)* 3100 (2016); *Intrieri v. Superior Court*, 117 Cal. App. 4th 72, 82 (2004). Plaintiffs' proposed jury instruction tracks the statutory language, this Court's prior orders and is alleged in the operative complaint. *See, e.g.*, Dkt. 128, ¶¶205-213; Dkt. 298 at 25 (elder abuse claim includes "undue influence"). Defendants have never objected on the ground of undue influence previously, despite it being laid out in the pretrial order. The claim is "premised on the same acts as the UCL violations," and thus does not have a separate causation element. Dkt. 298 at 26.

GIVEN AS REQUESTED    _____
GIVEN AS MODIFIED    _____
REFUSED    _____
WITHDRAWN    _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**DEFENDANTS' OBJECTIONS:**

Defendants object to this instruction on the grounds that it is untethered from plaintiffs' allegations in this action and includes a standard for elder abuse that is not alleged in the operative complaint. Plaintiffs' instruction does not require a finding that defendants made any representations or that those representations were false. Plaintiffs' instruction also fails to instruct the jury on the meaning of "for a wrongful use" or "with an intent to defraud"—the two theories of elder abuse alleged in the Third Amended Complaint ("TAC"). See TAC ¶ 209 ("At all relevant times, Defendants took and/or assisted in the taking of property from Plaintiff Low and all California Class Members who are aged 65 or older for its own *wrongful use and/or with intent to defraud.*") (emphasis added). Instead, plaintiffs' instruction improperly refers to "undue influence." *See* Defendants' objection to plaintiffs' disputed proposed instruction No. 31b, incorporated here by reference. Lastly, plaintiffs' instruction deviates from the pattern instruction, CACI § 3100, by omitting the causation element of a claim for violation of the California Elder Abuse Act.

For the foregoing reasons, defendants request that defendants' disputed proposed instruction No. 28a be given instead.

## PLAINTIFFS' DISPUTED PROPOSED JURY INSTRUCTION NO. 28b

## UNDUE INFLUENCE

"Undue influence" means excessive persuasion that overcomes another person's free will and causes the person to do something or to not do something that causes an unfair result. In determining whether defendants exerted undue influence on plaintiff, you must consider all of the following:

1. Plaintiff's vulnerability: Factors to consider may include, but are not limited to, age, incapacity, illness, disability, injury, impaired mental abilities, emotional distress, isolation, or dependency, and whether defendant knew or should have known of plaintiff's vulnerability.

2. Defendant's apparent authority: Factors to consider may include, but are not limited to, defendant's position as an adviser or expert.

3. The actions or tactics that defendants used: Actions or tactics used may include, but are not limited to, using affection or coercion.

4. The unfairness of the result: Factors to consider may include, but are not limited to, the economic consequences to plaintiff. Evidence of an unfair result, without more, is not enough to prove undue influence.

## AUTHORITY:

*Judicial Council of California Civil Jury Instructions (CACI)* 3117; Cal. Civ. Code §1751. Contrary to defendants' outrageous claim, plaintiffs' Third Amended Class Action Complaint ("TAC") includes a claim for financial elder abuse based on "undue influence." The TAC alleges "Defendants' conduct constitutes financial abuse under Cal. Welf. & Inst. Code §15657.5, *et seq.*, as defined in Cal. Welf. & Inst. Code §15610.30." TAC, ¶208. The definition in Cal. Welf. & Inst. Code §15610.30 plainly states "'Financial abuse' of an elder or dependent adult occurs when a person . . . obtains, or retains, or assists in . . . obtaining, or retaining, real or personal property of an elder or dependent adult *by undue influence*." The TAC also alleges that "Defendants manipulated Plaintiff Low and California Class Members aged 65 or older into purchasing Trump University Seminars." TAC, ¶210. The Court also certified this claim for liability. Dkt. 298 at 25.

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**DEFENDANTS' OBJECTIONS:**

Defendants object to this instruction on the ground that it is irrelevant. Plaintiffs' Third Amended Complaint only alleges that defendants violated the California Elder Abuse Act by obtaining or retaining plaintiffs' property for a wrongful use and/or with the intent to defraud. See TAC ¶ 209. The Third Amended Complaint does not allege that defendants obtained or retained plaintiffs' property by "undue influence." In addition, plaintiffs have not alleged, and there is no evidence to support, any of the predicate elements for undue influence, e.g., incapacity, illness, disability, injury, impaired mental abilities, emotional distress, isolation or dependency.

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 28a**

## CALIFORNIA ELDER ABUSE AND DEPENDENT ADULT CIVIL PROTECTION ACT

Sonny Low claims on behalf of himself and all California class members who were 65 years of age or older at the time of the conduct that defendants violated the Elder Abuse and Dependent Adult Civil Protection Act by taking financial advantage of them. To establish this claim, plaintiffs must prove by a preponderance of the evidence all of the following:

1. That, as a result of the alleged misrepresentations, defendants obtained or retained Sonny Low's property and the property of other California class members who were 65 years of age or older at the time of the conduct, or assisted in obtaining or retaining such property;

2. That Sonny Low and other California class members were 65 years of age or older at the time of the conduct;

3. That defendants obtained or retained Sonny Low's property or assisted in obtaining or retaining Sonny Low's property and the property of other California class members who were 65 years of age or older at the time of the conduct, for a wrongful use or with the intent to defraud;

4. That Sonny Low was harmed; and

5. That defendants' conduct was a substantial factor in causing Sonny Low's harm, and harm to other California class members who were 65 years of age or older at the time of the conduct.

One way plaintiffs can prove that defendants obtained or retained the property for a wrongful use is by proving that defendants knew or should have known that their conduct was likely to be harmful to Sonny Low or other California class members who were 65 years of age or older at the time of the conduct.

Defendants acted with an intent to defraud if they made the alleged misrepresentations for the purpose of inducing plaintiffs to rely on those misrepresentations. It is not enough that defendants should have realized that their conduct was likely to induce plaintiffs' reliance; rather, plaintiffs must prove by a preponderance of the evidence that defendants specifically intended when they made the alleged misrepresentations that plaintiffs would rely on those representations.

## AUTHORITIES:

CACI § 3100, Financial Abuse—Essential Factual Elements (Welf. & Inst. Code, § 15610.30) (MODIFIED); Cal. Civ. Jur. Instructions (BAJI), 12.31 Fraud and Deceit—Intentional Misrepresentation (MODIFIED); 5 Witkin, Summary 10th Torts (2005) § 802 Intent to Defraud—In General ("The representation must be made with the intent to defraud the plaintiff, that is, to induce his or her reliance."); *Conrad v. Bank of Amer.*, 45 Cal. App. 4th 133, 157 (1996) ("[T]he defendant must intend to induce a particular act of the plaintiff and is not liable in fraud for unintended consequences.").

GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED          _____

REFUSED          _____

WITHDRAWN          _____

_____
HON. GONZALO P. CURIEL
United States District Judge

## PLAINTIFFS' OBJECTIONS:

The Court should adopt plaintiffs' jury instruction because the heading refers to financial elder abuse, which is tethered to the fact here, and adheres to the representative nature of the claim. Contrary to defendants' proposed instruction, plaintiffs must only prove financial elder abuse as to the named plaintiff and Class representative, Sonny Low. Defendants inappropriately seek to expand plaintiffs' burden to "all California class members who were 65 years of age or older at the time of the conduct."

Plaintiffs agree with defendants that "[c]ertification is procedural" and does not modify the parties' substantive rights. *See* Dkt. 505 at 4. The corollary is that certification does not modify the elements plaintiffs must prove at trial. Requiring plaintiffs to prove this claim individually with respect to all class members is inconsistent with the representative nature of the trial and would improperly turn class certification considerations into a substantive issue of fact for the jury.

The instruction also misleadingly refers to "property," when this case is about money. *See Abbit v. ING USA Annuity & Life Ins. Co.*, No. 13cv2310-GPC-WVG, 2015 U.S. Dist. LEXIS 154811, at *35 (S.D. Cal. Nov. 16, 2015) (elder abuse shown where defendant "took money from a subclass of elders").

Defendants' instruction also neglects to inform the jury that plaintiffs can establish the defendants' third element by proving that defendants took Low's money "by undue influence." *Judicial Council of California Civil Jury Instructions (CACI)* 3100 (2016) ("CACI") (Cal. Welf. & Inst. Code, §15610.30).

The claim is "premised on the same acts as the UCL violations," and thus does not have a separate causation or . Dkt. 298 at 26. Also, defendants' definition of "intent to defraud" is inaccurate, unnecessary, and unsupported by their case law. Their only case, *Conrad v. Bank of Am.*, 45 Cal. 4th 133, 157 (1996), does not involve elder abuse or the CLRA, and only provides an obvious definition ("[i]ntent to

defraud" occurs when the defendants "intend to induce a particular act"). Indeed, "intent" is commonly understood and does not require a definition, which is why CACI did not provide one. *See* CACI §3117 (defining related term "Undue Influence").

Defendants seek to add a vague element that "Plaintiff was harmed," which is not found in the statute and has been criticized by courts. *See, e.g.*, *Bonfigli v. Strachan*, 192 Cal. App. 4th 1302, 1316 (2011) (explaining trial court's concern with the lack of definition of "harm" in CACI 3100). Moreover, this language is not consistent with this Court's Orders (*See* Dkt. 298 at 25) nor *California Jury Instructions Civil* (Spring ed. 2016) ("BAJI"), which does not include the "harm" or substantial cause elements. *See* BAJI 7.43, at 421.

Defendants' fourth and fifth elements inappropriately relate to damages, which this Court has expressly reserved for Phase 2 of trial. Dkt. 418 at 19; Dkt. 502 at 1. Any blurring of these lines would reverse the Court's months-long order on bifurcation, destroy the corresponding efficiencies, and even potentially prejudice the decertified damages claims of thousands of class members.

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 28b**

**CALIFORNIA ELDER ABUSE AND DEPENDENT ADULT CIVIL PROTECTION ACT—SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**AUTHORITIES:**

CACI § 430, Causation: Substantial Factor.

GIVEN AS REQUESTED      _____
GIVEN AS MODIFIED      _____
REFUSED      _____
WITHDRAWN      _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

This instruction inappropriately relates to damages, which this Court reserved for Phase 2 of trial. Dkt. 418 at 19; Dkt. 502 at 1. The claim is "premised on the same acts as the UCL violations," and thus does not have a separate causation element. Dkt. 298 at 26. Moreover, this language is not consistent with *California Jury Instructions Civil* (Spring ed. 2016) ("BAJI"), which does not include the substantial cause element. *See* BAJI 7.43, at 421.

**PLAINTIFFS' DISPUTED PROPOSED JURY INSTRUCTION NO. 29a**

**NEW YORK DECEPTIVE PRACTICES ACT §349**
**(N.Y. Gen. Bus. Law §349)**

Plaintiff John Brown claims that defendants violated N.Y. Gen. Bus. Law §349, which is also referred to as the New York Deceptive Practices Act. The purpose of this law is to protect consumers from deceptive practices by sellers of goods and services. Consumers have the right to an honest marketplace where trust prevails between buyer and seller. This law provides consumer protection by declaring as unlawful deceptive acts and practices in the conduct of any business, trade, or commerce or in providing a service in New York.

To establish this claim, plaintiff must prove that the following are more likely to be true than not true:

1.      Defendants' marketing, promotion and/or advertisement of Trump University was directed at the consumer public at large.

2.      Defendants marketed, promoted and/or advertised:

(a)      Donald J. Trump handpicked the instructors for Trump University's live events; and/or

(b)      The live events under the "Trump University" name, while omitting that the New York State Education Department had warned defendants that it was unlawful to do so.

3.      Defendants' marketing, promotion and/or advertisement of Trump University was deceptive or misleading in a material way.

4.      Defendants' representation or omission caused plaintiff to part with money.

A representation or omission is deceptive if it is likely to mislead a reasonable consumer acting reasonably under the circumstances. A representation or omission is material if it is substantial or important enough to influence the party to whom it is made. For a representation to be proved false, you do not have to conclude that any

specific statement was false. Instead, the question is whether taking all the circumstances of a transaction together, there was a false representation. If the words or acts are reasonably capable of two interpretations, one true, the other false, and are spoken or done with the intention that they be understood in the false sense, you should consider them false.

A defendant officer or directors is individually liable under the New York Deceptive Practices Act if he or she participated in, or had actual knowledge of, the deceptive or misleading marketing.

**AUTHORITY:**

N.Y. Gen. Bus. Law §349; 2 *New York Pattern Jury Instructions - Civil*, PJI 3:20, §IV, at 214-16 (2d ed. 2012); Ex. 3 at 30-34 (*Barkley v. Olympia Mortg. Co.*, 1:04-cv-00845-KAM-RLM, Jury Instructions, Dkt. 564 (E.D.N.Y. May 31, 2011)); Dkt. 298 at 23-24; *People v. Coal. Against Breast Cancer, Inc.*, 134 A.D.3d 1081, 1082 (N.Y. App. Div. 2015); Dkt. 298 at 24.

The Court's class certification order confirms that the gravamen of plaintiffs' class claims is defendants' false or misleading advertising of "Trump University" live events through "various forms of recognizable signs" (*e.g.*, the term "university," "Ivy League quality," school crest, etc.) of an accredited (*i.e.*, legitimate or lawful) university (*see* Dkt. 298 at 8-9; TU-DONNELLY0000001-20 at 16 (Marketing Guidelines) and Donald Trump's handpicked instructors (Dkt. 298 at 5-6).

With respect to the university aspect of the case, the class certification order acknowledges plaintiffs' proposed common proof that the New York State Education Department pressed TU to cease any claim of being a "university." *See* Dkt. 298 at 9. Recently, the Court reaffirmed that, even if plaintiffs were "unfamiliar with the technical term 'accredited,' [they] understood TU to have undergone the same 'processes . . . to be called a legitimate university' involving 'standards and qualifications' as other accredited universities." Dkt. 506 at 6. Accordingly, any instruction or special verdict form should refer to the "university" name rather than defendants' overly restrictive "accredited university" terminology to avoid confusing the jury about the scope of plaintiffs' class claims and unfairly prejudice plaintiffs.

The operative complaint specifically alleges defendants made "misrepresentations and ***omissions***." *See, e.g.*, Dkt. 128, ¶166 (emphasis added). As the Court recognized in its certification order, this case involves not just false representations but also "misleading" representations. *See* Dkt. 298 at 15, 19-21, 24.

Further, defendants' attempts to import damages in guise of "injury" into the liability phase inappropriate. *See* Dkt. 418 at 19 (phase 1 limited to liability only). As this is a class action, there is no requirement to prove individual reliance. *See* Dkt. 298 at 20 n.12.

Plaintiffs' proposed instruction uses plain language and tracks real-life examples of instructions used for Section 349 claims in federal court, whereas defendants' proposed instructions do not. Courts prefer instructions with "concise,

simple terms" over alternate "wordy" versions. *United States v. Tasis*, 696 F.3d 623, 627 (6th Cir. 2012). Further, defendants' proposed instructions seek to impermissibly introduce class certification issues inappropriate for phase 1. *See, e.g.*, Dkt. 418 at 19

GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____


_____
HON. GONZALO P. CURIEL
United States District Judge

**DEFENDANTS' OBJECTIONS:**

Defendants object to this instruction on the ground that it is argumentative and misstates the elements of a claim for violation of New York Gen. Bus. Law § 349. First, plaintiffs' preamble that "[t]he purpose of this law is to protect consumers from deceptive practices by sellers of goods and services" and that "[c]onsumers have the right to an honest marketplace where trust prevails between buyer and seller" is argumentative commentary. Second, plaintiffs' instruction fails to instruct the jury that they must find that defendants' conduct was "consumer-oriented" and occurred in New York. *See Koch v. Greenberg*, 14 Supp. 3d 247, 261 (S.D.N.Y. 2014), *aff'd*, 626 F. App'x 335 (2d Cir. 2015) ("A successful GBL § 349 claim requires that a plaintiff prove, by a preponderance of the evidence, that (1) the defendant has engaged in an act or practice that is deceptive or misleading in a material way; (2) the plaintiff has been injured by reason thereof; and (3) *the deceptive act or practice is consumer oriented*.") (emphasis added); *Morrissey v. Nextel Partners, Inc.*, 72 A.D.3d 209, 216-17 (N.Y. App. Div. 3d Dep't 2010) ("General Business Law § 349 requires the deceptive transaction to have occurred in New York and, therefore, no viable claim under the statute would lie for potential class members from outside the state who were victimized by defendant's practices.").

Second, plaintiffs' instruction misstates the requirement that plaintiffs must demonstrate injury. Plaintiffs state that the jury must find that plaintiffs "parted with money"; however, New York law requires not just that that plaintiff have "parted with money," but also that the plaintiff has suffered actual injury such as by paying a "price premium." See *Small v. Lorillard Tobacco Co., Inc.*, 94 N.Y. 2d 43, 56 (1999) (holding that "consumers who buy a product that they would not have purchased, absent a manufacturer's deceptive commercial practices" have not suffered an injury under N.Y. Gen. Bus. Law § 349); *Braynina v. TJX Companies, Inc.*, 2016 WL 5374134, at *10 (S.D.N.Y. Sep. 26, 2010) ("In the wake of [*Lorillard Tobacco*], an actual injury claim under §§ 349 and 350 typically requires a plaintiff to allege that, on account of a materially misleading practice, she purchased a product and did not receive the full value of her purchase. This may be in the form of an overpayment or 'price premium' ").

Lastly, defendants object to plaintiffs' inclusion of the following language: " If the words or acts are reasonably capable of two interpretations, one true, the other false, and are spoken or done with the intention that they be understood in the false sense, you should consider them false." Plaintiffs have cited no authority supporting the inclusion of the proposed language and, in any event, such language goes beyond

the purpose of the instruction, which is to instruct the jury on the elements of plaintiffs' N.Y. Gen. Bus. Law § 349 claim.

For the foregoing reasons, defendants request that defendants' disputed proposed instruction No. 29a be given instead.

**PLAINTIFFS' DISPUTED PROPOSED JURY INSTRUCTION NO. 29b**

**NO INTENT TO DEFRAUD REQUIRED**

To find liability for the N.Y. Gen. Bus. Law §349 claim, it is not required that defendants intended to violate the New York Deceptive Practices Act, or intended to defraud or deceive plaintiff. It is sufficient for you to find in plaintiff's favor if defendants, or their agents or employees or independent contractors, engaged in the prohibited conduct.

**AUTHORITY:**

N.Y. Gen. Bus. Law §349; 2 *New York Pattern Jury Instructions - Civil*, PJI 3:20, §IV, at 216 (2d ed. 2012); *Claridge v. N. Am. Power & Gas, LLC*, No. 15-cv-1261 (PKC), 2015 U.S. Dist. LEXIS 117693, at *9 (S.D.N.Y. Sept. 2, 2015) (no scienter required); *Valentine v. Quincy Mut. Fire Ins. Co.*, 123 A.D. 3d 1011, 1015 (N.Y. App. Div. 2014) ("[i]ntent to defraud and justifiable reliance by the plaintiff are not elements of the statutory claim"); *see also* Dkt. 298 at 24 (objective standard of deceptive acts and practices).

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**DEFENDANTS' OBJECTIONS:**

Defendants object to this instruction on the ground that it is unnecessary and prejudicial. Plaintiffs' instruction does not state or define an element of plaintiffs' section 349 claim and is likely to confuse the jury because the instruction suggests that the jury may find liability on the sole basis that defendants "engaged in the prohibited conduct." Moreover, this instruction misstates the standard for individual liability under New York Gen. Bus. Law § 349. Under section 349, an individual defendant cannot be held liable unless they were personally involved in the alleged misrepresentations. *See Mayfield v. Asta Funding, Inc.*, 95 F. Supp. 3d 685, 701 (S.D.N.Y. 2015) ("This Court has already found that the Complaint sufficiently states a claim under § 349. Thus, the inquiry is whether Plaintiffs have sufficiently pleaded the individual Defendants' personal involvement in prohibited conduct.").

# PLAINTIFFS' DISPUTED PROPOSED JURY INSTRUCTION NO. 29c

## NO ACTUAL DECEPTION REQUIRED

To find liability for the N.Y. Gen. Bus. Law §349 claim, it is not required that defendants actually deceived plaintiff, or that plaintiff actually relied on defendants' misleading advertisements or statements. You may find in plaintiff's favor if defendants' act or practice was likely to mislead a reasonable consumer acting reasonably under the circumstances, as I mentioned above.

**AUTHORITY:**

N.Y. Gen. Bus. Law §349; 2 *New York Pattern Jury Instructions - Civil*, PJI 3:20, §IV, at 216 (2d ed. 2012); *Valentine v. Quincy Mut. Fire Ins. Co.*, 123 A.D. 3d 1011, 1015 (N.Y. App. Div. 2014) ("Intent to defraud and justifiable reliance by the plaintiff are not elements of the statutory claim"); Dkt. 298 at 23-24.

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**DEFENDANTS' OBJECTIONS:**

Defendants object to this instruction on the ground that it is unnecessary and prejudicial. Plaintiffs' instruction does not state or define an element of plaintiffs' claims and is likely to confuse the jury because the instruction suggests that the jury may find liability on the sole basis that defendants' "act or practice was likely to mislead a reasonable consumer acting reasonably under the circumstances."

# DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 29a

## NEW YORK GEN B. LAW. § 349

Plaintiff John Brown contends on behalf of himself and all members of the New York class that defendants engaged in deceptive trade practices in violation of New York's General Business Law Section 349 by representing that Trump University was an "accredited university" and that Donald J. Trump "hand-picked" Trump University real estate experts, professors, and instructors. In order to prevail on this claim, plaintiffs must prove each and every one of the following elements as to each defendant by a preponderance of the evidence:

First: Defendants engaged in "consumer-oriented" conduct.

Second: Defendants' alleged representations that Trump University was an accredited university or that Donald J. Trump "hand-picked" Trump University real estate experts, professors, and instructors were materially misleading;

Third: Plaintiff John Brown and each member of the New York class sustained an injury as a result of defendants' conduct; and

Fourth: Defendants' conduct occurred in New York.

You must evaluate each of these elements separately as to each defendant. If you find that plaintiffs have not proved any of these elements by a preponderance of the evidence, you must find for that defendant as to this claim.

**AUTHORITIES:**

N.Y. Gen. B. Law § 349; *Koch v. Greenberg*, 14 Supp. 3d 247, 261 (S.D.N.Y. 2014), aff'd, 626 F. App'x 335 (2d Cir. 2015) ("A successful GBL § 349 claim requires that a plaintiff prove, by a preponderance of the evidence, that (1) the defendant has engaged in an act or practice that is deceptive or misleading in a material way; (2) the plaintiff has been injured by reason thereof; and (3) the deceptive act or practice is consumer oriented.") (internal quotations and citations omitted); *Ovitz v. Bloomberg L.P.*, 18 N.Y. 3d 753, 759 (2012) ("It is well settled that a prima facie showing requires allegations that a defendant is engaging in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof.") (internal quotations and citations omitted); *Morrissey v. Nextel Partners, Inc.*, 72 A.D.3d 209, 216-17 (N.Y. App. Div. 3d Dep't 2010) ("General Business Law § 349 requires the deceptive transaction to have occurred in New York and, therefore, no viable claim under the statute would lie for potential class members from outside the state who were victimized by defendant's practices.").

GIVEN AS REQUESTED      _____
GIVEN AS MODIFIED       _____
REFUSED                 _____
WITHDRAWN               _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

Plaintiffs object to this instruction for the following reasons:

*Omitted Instructions* . Defendants instructions omit three instructions crucial to a §349 claim. First, they fail to instruct the jury to consider the entire mix of circumstances together when deciding falsity. *See, e.g.*, Ex. 3 at 30-34 (*Barkley v. Olympia Mortg. Co.*, No. 1:04-cv-00875 KAM-RLM, Jury Instructions, Dkt. 564 (E.D.N.Y. May 31, 2011)). Second, they fail to inform the jury that liability does not depend on defendants' intent to defraud plaintiffs. 2 *New York Pattern Jury Instructions - Civil*, PJI 3:20, §IV, at 216 (2d ed. 2012); *Valentine v. Quincy Mut. Fire Ins. Co.*, 123 A.D. 3d 1011, 1015 (N.Y. App. Div. 2014) (intent to defraud not required). Finally, they fail to inform the jury that defendants' liability does not depend on whether John Brown was actually deceived. 2 *New York Pattern Jury Instructions – Civil*, PJI 3:20, §IV, at 216 (2d ed. 2012); *Valentine*, 123 A.D. 3d at 1015 (reliance by plaintiff not required); Dkt. 298 at 23-24.

*Additional Elements*. Defendants' instruction requires the jury to find"[d]efendants' conduct occurred in New York," but this is undisputed. *See* Defs' Trial Ex. 2893 (John Brown evaluation listing "Training Location: New York, NY"). *See United States v. Tasis*, 696 F.3d 623, 627 (6th Cir. 2012) (indicating preference for instructions with "concise, simple terms" over alternate "wordy" versions).

Moreover, plaintiffs agree with defendants that "[c]ertification is procedural" and does not modify the parties' substantive rights. *See* Dkt. 505 at 4. The corollary is that certification does not modify the elements plaintiffs must prove at trial. For that reason, plaintiffs do not need to prove individualized reliance at trial or that defendants made uniform misrepresentations or omissions to every Class member. *See id.* at 10. Requiring plaintiffs to prove all Class members were exposed to the misrepresentations is inconsistent with the representative nature of the trial and would improperly turn class certification considerations into a substantive issue of fact for the jury, rather than a procedural ruling by the Court made under Rule 23. Verdict forms from past class action trials ask whether defendants made misleading representations, whether they were material, and whether they caused harm, without any uniformity determinations. *See, e.g.*, Dkt. 509, Exs. 52-56.

*Confusion*. "[S]ufficiently confusing jury instructions may violate due process." *Lewis v. Woodford*, No. CIV-S-02-0013 FCD GGH DP, 2007 U.S. Dist. LEXIS 4846, at *161 (E.D. Cal. Jan. 23, 2007). Defendants' instructions are confusing in multiple ways: (1) Defendants are improperly attempting to constrict plaintiffs' claims to a hyper-technical definition of "accredited." Dkt. 489-1 at 5-6. But the Court's class certification order confirms that the gravamen of plaintiffs' class claims is defendants' false or misleading advertising of "Trump University" live

events through "various forms of recognizable signs" (*e.g.*, the term "university," "Ivy League quality," school crest, etc.) of an accredited (*i.e.*, legitimate or lawful) university (*see* Dkt. 298 at 8-9; TU-DONNELLY0000001-20 at 16 (Marketing Guidelines) and Donald Trump's handpicked instructors (Dkt. 298 at 5-6). With respect to the university aspect of the case, the class certification order acknowledges plaintiffs' proposed common proof that the New York State Education Department pressed TU to cease any claim of being a "university." *See* Dkt. 298 at 9. Recently, the Court reaffirmed that, even if plaintiffs were "unfamiliar with the technical term 'accredited,' [they] understood TU to have undergone the same 'processes . . . to be called a legitimate university' involving 'standards and qualifications' as other accredited universities." Dkt. 506 at 6. Accordingly, any instruction or special verdict form should refer to the "university" name rather than defendants' overly restrictive "accredited university" terminology to avoid confusing the jury about the scope of plaintiffs' class claims and unfairly prejudice plaintiffs. (2) Defendants contend that plaintiffs can only prove reliance by demonstrating that every class member relied on the misrepresentations, but this is contrary to this Court's explicit orders and the law. *See* Dkt. 423 at 24 (limiting reliance requirement to class representatives and citing *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009)).

**Statutory Interpretation**. Defendants' preamble neglects to instruct the jury on the purpose of the law. *See* N.Y. Gen. Bus. Law §349; *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 744 (N.Y. 1995); *see, e.g.*, Ex. 3 at 30-34 (*Barkley v. Olympia Mortg. Co.*, No. 1:04-cv-00875 KAM-RLM, Jury Instructions, Dkt. 564 (E.D.N.Y. May 31, 2011)).

**Damages**. Defendants inappropriately include a damages element, which this Court has expressly reserved for Phase 2 of trial. Dkt. 418 at 19; Dkt. 502 at 1. What, if any, value plaintiff received for his purchases is a question expressly reserved for Phase 2. Any blurring of these lines would reverse the Court's months-long order on bifurcation, destroy the corresponding efficiencies, and even potentially prejudice the decertified damages claims of thousands of class members.

<u>**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 29b**</u>

**NEW YORK GEN B. LAW. § 349—CONSUMER-ORIENTED**

Conduct is consumer-oriented if defendants' acts are directed to consumers and the acts or practices have a broader impact on consumers at large.

**AUTHORITIES:**

2 New York Pattern Jury Instructions—Civil, PJI 3:20 ("[A] plaintiff must show that the complained-of acts or practices have a broad impact on consumers at large"); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995) (noting that to demonstrate that conduct is "consumer-oriented" under section 349, plaintiffs "must demonstrate that the acts or practices have a broader impact on consumers at large.").

GIVEN AS REQUESTED      _____

GIVEN AS MODIFIED      _____

REFUSED      _____

WITHDRAWN      _____

_____

HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

The phrase "broader impact" is not consistent with the pattern jury instructions or controlling case law and should be excluded. *See* 2 *New York Pattern Jury Instructions – Civil*, PJI 3:20, §IV, at 216 (2d ed. 2012) ("Conduct is sufficiently consumer-oriented if it constitutes a standard or routine practice that potentially affects similarly situated consumers."). This instruction is also unnecessary because courts routinely find that representations from educational companies to prospective students are by definition consumer oriented. *See Yu v. Vassar Coll.*, 97 F. Supp. 3d 448, 482 (S.D.N.Y. 2015); *Alter v. Audio-Rite Corp.*, No. 150154/2010, 2011 N.Y. Misc. LEXIS 6995, at *2-*3 (N.Y. Sup. Ct. Nov. 15, 2011). Courts prefer instructions with "concise, simple terms" over alternate "wordy" versions. *See United States v. Tasis*, 696 F.3d 623, 627 (6th Cir. 2012).

# DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 29c

## NEW YORK GEN B. LAW. § 349—MATERIALLY MISLEADING

For purposes of New York General Business Law section 349, a representation is not actionable unless it is "materially misleading." A representation is materially misleading if it is likely to mislead a reasonable person and would be important to that individual in making a purchasing decision. The reasonable person is neither overly sophisticated, nor unduly wary. He or she is an ordinary person with knowledge of all information made available to people like him or her. A statement that an ordinary person under the circumstances would regard as puffery (see previous instruction) is not materially misleading.

**AUTHORITIES:**

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 1003 (S.D. Cal. 2014) ("An act, practice, or advertisement is considered misleading if it is 'likely to mislead a reasonable consumer acting reasonably under the circumstances.' ") (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y. 2d 20, 26 (1995)); *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 404 (S.D.N.Y. 2010) ("To determine whether an act or practice is materially misleading, a court looks to whether it could mislead a reasonable consumer acting reasonably under the circumstances.") (internal quotations and citations omitted); *see also Cohen v. Trump*, 2014 WL 690513, at *7 (S.D. Cal. Feb. 21, 2014) ("Defendant may seek to prove . . . puffery as a factual matter"); *Cohen v. Trump*. 2016 WL 4098221, at *9 (S.D. Cal. Aug. 2, 2016) (whether a representation "was material [or puffery] is a question of fact best decided by the jury.").

GIVEN AS REQUESTED      _____
GIVEN AS MODIFIED      _____
REFUSED      _____
WITHDRAWN      _____

                 _____
                 HON. GONZALO P. CURIEL
                 United States District Judge

**PLAINTIFFS' OBJECTIONS:**

The lengthy definition of a reasonable person is redundant and unnecessary. *See United States v. Tasis*, 696 F.3d 623, 627 (6th Cir. 2012) (citing preference for instructions with "concise, simple terms" over alternate "wordy" versions). The definition of "puffery" is subsumed by the definition of "material," so it is unnecessary to distinguish between them. *See In re Energy Recovery Sec. Litig.*, No. 15-cv-00265-EMC, 2016 U.S. Dist. LEXIS 9781, at *58 (N.D. Cal. Jan. 27, 2016)

1200806_1           3:10-cv-0940-GPC(WVG)

(defining "'puffery'" as statements the law deems "so amorphous as to be immaterial"). Puffery instructions are rarely, if ever given. *See, e.g.*, Ex. 3 at 30-34 (*Barkley v. Olympia Mortg. Co.*, No. 1:04-cv-00875 KAM-RLM, Jury Instructions, Dkt. 564 (E.D.N.Y. May 31, 2011) (§349 jury instructions without a puffery instruction). Indeed, defendants do not provide any examples of a §349 case where the court gave a puffery instruction. Further, whether an ad is "mere puffery" is a legal question, *see Newcal Indus. v. Ikon Office Sol.*, 513 F. 3d 1038, 1053 (9th Cir. 2008), and one that the Court resolved at the motion to dismiss stage. *See* Dkts. 69 at 6 & 70 at 6 n.1. The fact that defendants had to misleadingly insert in brackets the word "puffery" to this Court's prior order where instead the opinion only states "materiality" proves that puffery adds nothing to the analysis and the attempt to insert the issue as a separate inquiry for trial is improper. *See Cohen v. Trump*, No. 3:13-cv-2519-GPC-WVG, 2016 U.S. Dist. LEXIS 101247, at *25 (S.D. Cal. Aug. 2, 2016) (the actual quote: "At best, Defendant's evidence as to the "university" representation demonstrates that whether the representation of TU as a "university" was material is a question of fact best decided by the jury.").

## DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 29d

## NEW YORK GEN B. LAW. § 349—INJURY

In order to prevail on their claim under New York General Business Law section 349, plaintiff John Brown and each member of the New York class must prove by a preponderance of the evidence that defendants' alleged misrepresentations caused them an injury. To satisfy this element, it is not enough merely that defendants' alleged misrepresentations caused them to purchase Trump University "Live Events" that they otherwise would not have purchased. Rather, plaintiffs must prove by a preponderance of the evidence that, as a result of Defendants' alleged misrepresentations, they suffered an actual injury, such as by paying a price premium.

**AUTHORITIES:**

*Small v. Lorillard Tobacco Co., Inc.*, 94 N.Y. 2d 43, 56 (1999) (holding that "consumers who buy a product that they would not have purchased, absent a manufacturer's deceptive commercial practices" have not suffered an injury under N.Y. Gen. Bus. Law § 349); *Rodriguez v. It's Just Lunch, Int'l.*, 2010 WL 685009, at *9 (S.D.N.Y. Feb. 23, 2010) ("[c]onsumers who buy a product that they would not have purchased, absent a manufacturer's deceptive commercial practices, have not suffered an injury cognizable under NYGBL § 349.") (citing *Lorillard Tobacco*, 94 N.Y. 2d at 56); *Braynina v. TJX Companies, Inc.*, 2016 WL 5374134, at *10 (S.D.N.Y. Sep. 26, 2010) (In the wake of [*Lorillard Tobacco*], an actual injury claim under §§ 349 and 350 typically requires a plaintiff to allege that, on account of a materially misleading practice, she purchased a product and did not receive the full value of her purchase. This may be in the form of an overpayment or 'price premium,' whereby a plaintiff pays more than she would have but for the deceptive practice.") (internal quotations and citations omitted).

GIVEN AS REQUESTED      _____
GIVEN AS MODIFIED       _____
REFUSED       _____
WITHDRAWN       _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

Defendants' instruction relates exclusively to damages, which this Court has expressly reserved for Phase 2 of trial. Dkt. 418 at 19; Dkt. 502 at 1. What, if any, value plaintiffs received for his purchases is a question expressly reserved for Phase 2. Any blurring of these lines would reverse the Court's months-long order on

1   bifurcation, destroy the corresponding efficiencies, and even potentially prejudice the decertified damages claims of thousands of class members.

2

3       Moreover, plaintiffs agree with defendants that "[c]ertification is procedural" and does not modify the parties' substantive rights. *See* Dkt. 505 at 4. The corollary is that certification does not modify the elements plaintiffs must prove at trial. For that reason, plaintiffs do not need to prove individualized reliance at trial or that defendants made uniform misrepresentations or omissions to every Class member. *See id.* at 10. Requiring plaintiffs to prove all Class members were exposed to the misrepresentations is inconsistent with the representative nature of the trial and would improperly turn class certification considerations into a substantive issue of fact for the jury, rather than a procedural ruling by the Court made under Rule 23. Verdict forms from past class action trials ask whether defendants made misleading representations, whether they were material, and whether they caused harm, without any uniformity determinations. *See, e.g.*, Dkt. 509, Exs. 52-56.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFFS' DISPUTED PROPOSED JURY INSTRUCTION NO. 30a

## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (Fla. Stat. §501.201, *et seq.*)

Plaintiff J.R. Everett claims that defendants violated the Florida Deceptive and Unfair Trade Practices Act. The Florida Deceptive and Unfair Trade Practices Act is to be liberally construed and applied to promote its purpose, which is to protect consumers from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in commerce.

To establish this claim, plaintiff must prove the following are more likely to be true than not true:

1.　Defendants marketed, promoted and/or advertised:

(a)　Donald J. Trump handpicked the instructors for Trump University's live events;

(b)　The live events under the "Trump University" name, while omitting that the New York State Education Department had warned defendants that it was unlawful to do so.

2.　Defendants' marketing, promotion and/or advertising of Trump University was unfair or deceptive.

3.　Defendants' marketing, promotion and/or advertising of Trump University was likely to mislead a consumer acting reasonably in the circumstance.

A defendant is individually liable under the Florida Deceptive and Unfair Trade Practices Act if he or she participated in, or controlled, the unfair or deceptive acts or practices.

## AUTHORITY:

Fla. Stat. §501.202; *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007); Dkt. 298 at 24; Dkt. 423 at 38; *Bookworld Trade, Inc. v. Daughters of St. Paul, Inc.*, 532 F. Supp. 2d 1350, 1364 (M.D. Fla. 2007); Ex. 5 at 30 (*Chow v. Chau*, No. 09-21893-CIV-HOEVELER, Jury Instructions, Dkt. 350 (S.D. Fla. Feb. 23, 2012))(describing "unconscionable, unfair, or deceptive act or practice" as "an extremely broad concept."). The Court's class certification order confirms that the gravamen of plaintiffs' class claims is defendants' false or misleading advertising of "Trump University" live events through "various forms of recognizable signs" (*e.g.*,

the term "university," "Ivy League quality," school crest, etc.) of an accredited (*i.e.*, legitimate or lawful) university (*see* Dkt. 298 at 8-9; TU-DONNELLY0000001-20 at 16 (Marketing Guidelines) and Donald Trump's handpicked instructors (Dkt. 298 at 5-6). With respect to the university aspect of the case, the class certification order acknowledges plaintiffs' proposed common proof that the New York State Education Department pressed TU to cease any claim of being a "university." *See* Dkt. 298 at 9. Recently, the Court reaffirmed that, even if plaintiffs were "unfamiliar with the technical term 'accredited,' [they] understood TU to have undergone the same 'processes . . . to be called a legitimate university' involving 'standards and qualifications' as other accredited universities." Dkt. 506 at 6. Accordingly, any instruction or special verdict form should refer to the "university" name rather than defendants' overly restrictive "accredited university" terminology to avoid confusing the jury about the scope of plaintiffs' class claims and unfairly prejudice plaintiffs.

The operative complaint specifically alleges defendants made "misrepresentations and **omissions**." *See, e.g.*, Dkt. 128 ¶166 (emphasis added). As the Court recognized in its certification order, this case involves not just false representations but also "misleading" representations. *See* Dkt. 298 at 15, 19-21, 24.

Further, defendants' attempts to import damages in guise of "injury" into the liability phase inappropriate. *See* Dkt. 418 at 19 (phase 1 limited to liability only). As this is a class action, there is no requirement to prove individual reliance. *See* Dkt. 298 at 20 n.12. Plaintiffs' proposed instruction tracks the statutory language and is appropriate, whereas defendants' proposed alternative instructions do not. Further, defendants' proposed instructions seek to impermissibly introduce damages issues inappropriate for phase 1. *See* Dkt. 418 at 19

GIVEN AS REQUESTED       _____

GIVEN AS MODIFIED        _____

REFUSED                  _____

WITHDRAWN                _____


_____

HON. GONZALO P. CURIEL
United States District Judge

**DEFENDANTS' OBJECTIONS:**

Defendants object to this instruction on the grounds that it is argumentative and misstates the elements of a claim for violation of the Florida Deceptive and Unfair Trade Practices Act. First, plaintiffs' preamble that the FDUTPA "is to be liberally construed and applied to promote its purpose" is argumentative commentary. Second, plaintiffs' instruction fails to instruct the jury that they must find (1) that plaintiffs suffered "actual damages"; and (2) the defendants' alleged misconduct was the "legal cause" of plaintiffs' injury. *Mouzon v. Radiancy, Inc.*, 85 F. Supp. 3d 361, 378 (D.D.C. 2015) ("Under [the Florida Deceptive and Unfair Trade Practices Act], a litigant must demonstrate three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.").

In addition, plaintiffs' instruction improperly seeks to recast this case as an "omission" case. In the Court's class certification order it certified two specific representations: (1) that Trump University was an "accredited" university; and (2) that

Donald Trump "hand-picked" Trump University real estate experts, professors, and mentors. See Dkt. 298 (Certification Order), at 20 ("A review of the record reveals substantial evidence of common misrepresentations made to all putative class members. *These representations are* (1) Trump University was an accredited university; (2) students would be taught by real estate experts, professors and mentors that were hand-picked by Donald Trump.") (emphasis added). The Court reiterated its definition of the alleged misrepresentations in its order granting in part and denying in part defendants' motion to decertify classes. Dkt. 418 (Decertification Order), at 2 ("Plaintiffs allege TU and Donald Trump made the following core misrepresentations: (1) Trump University was an accredited university; [and] (2) students would be taught by real estate experts, professors and mentors hand-selected by Mr. Trump"). Plaintiffs should not be permitted to recast the theory of their case on the eve of trial, nor should they be permitted to submit uncertified representations to the jury. See Fed. R. Civ. P. 23(c)(1)(B) ("An order that certifies a class action must *define the class and the class claims, issues, or defenses* . . .") (emphasis added); *Stiller v. Costco Wholesale Corp.*, 298 F.R.D. 611, 614 (S.D. Cal. 2014) (Curiel, J.) (noting that Rule 23(c)(1)(B) requires a district court to "define the class and the class claims, issues, or defenses" in its certification order).

For the foregoing reasons, defendants request that defendants' disputed proposed instruction No. 30a be given instead.

**<u>PLAINTIFFS' DISPUTED PROPOSED JURY INSTRUCTION NO. 30b</u>**

**UNFAIR ACT OR PRACTICE DEFINED**

An unfair act or practice is one that offends established public policy and is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. For example, exaggerated advertising claims are considered unfair and deceptive under the Florida Deceptive and Unfair Trade Practices Act.

**AUTHORITY:**

*Urling v. Helms Exterminators, Inc.*, 468 So. 2d 451, 453 (Fla. Dist. Ct. App. 1985); Ex. 5 at 30 (*Chow v. Chau*, No. 09-21893-CIV-HOEVELER, Jury Instructions, Dkt. 350 (S.D. Fla. Feb. 23, 2012)). In the Third Amended Class Action Complaint ("TAC"), plaintiffs alleged "[d]efendants' practices are unfair because they offend established public policy and are unethical, oppressive, unscrupulous and/or substantially injurious to consumers." TAC, ¶219. This instruction also tracks the statutory language and this Court's prior class certification order. *See* Dkt. 298 at 24 (FDUTPA includes "unfair practices").

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**DEFENDANTS' OBJECTIONS:**

Defendants object to this instruction on the ground that it improperly attempts to expand this case to include "unfair practices." As made clear in the Court's class certification order, Dkt. 298, this case is limited to two specific misrepresentations. Accordingly, the "unfair practices" prong of the FDUTPA is inapplicable in this case. Instead, the jury should be instructed only as to the definition of a "deceptive practice." *See Lombardo v. Johnson & Johnson Consumer Co., Inc.*, 124 F. Supp. 3d 1283, 1287 (S.D. Fla. 2015) ("[D]eception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.") (emphasis added).

**PLAINTIFFS' DISPUTED PROPOSED JURY INSTRUCTION NO. 30c**

**NO INTENT TO DEFRAUD REQUIRED**

To find liability for the Florida Deceptive and Unfair Trade Practices Act claim, it is not required that defendants intended to violate the Act, or intend to deceive plaintiff. It is sufficient for you to find in plaintiff's favor if defendants, or their agents or employees or independent contractors, engaged in the prohibited conduct.

**AUTHORITY:**

*Gavron v. Weather Shield Mfg.*, 819 F. Supp. 2d 1297, 1302 (S.D. Fla. 2011) (FDUTPA "focuses on whether an act is deceptive, not whether a defendant knew that the allegedly violative conduct was occurring."); Dkt. 298 at 24.

GIVEN AS REQUESTED      _____
GIVEN AS MODIFIED        _____
REFUSED                          _____
WITHDRAWN                    _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**DEFENDANTS' OBJECTIONS:**

Defendants object to this instruction on the ground that it is unnecessary and prejudicial. Plaintiffs' instruction does not state or define an element of plaintiffs' claims and is likely to confuse the jury because the instruction suggests that the jury may find liability on the sole basis that defendants, or one of defendants' employees or agents, engaged in prohibited conduct. Moreover, this instruction misstates the standard for individual liability under FDUTPA. Under FDUTPA an individual defendant cannot be held liable unless they were a direct participant in the alleged misrepresentations. See *Rensin v. State*, 18 So. 3d 572, 575 n.2 (Fla. Dist. Ct. App. 1st Dist. 2009) ("[I]t has long been the law in Florida that in order to proceed against an individual using a FDUTPA violation theory an aggrieved party must allege that the individual was a direct participant in the improper dealings.") (quoting *KC Leisure, Inc. v. Haber*, 972 So. 2d 1069, 1074 (Fla. 5th Dist. Ct. App. 2008)).

**PLAINTIFFS' DISPUTED PROPOSED JURY INSTRUCTION NO. 30d**

**NO ACTUAL DECEPTION REQUIRED**

To find in favor of plaintiff, it is not required that defendants actually deceived plaintiff. It is sufficient for you to find in plaintiff's favor if defendants' representation, omission, act or practice was likely to mislead a consumer acting reasonably in the circumstances, to the consumer's detriment.

**AUTHORITY:**

*Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007); Ex. 5 at 30 (*Chow v. Chau*, No. 09-21893-CIV-HOEVELER, Jury Instructions, Dkt. 350 (S.D. Fla. Feb. 23, 2012));; Dkt. 298 at 24; Dkt. 423 at 38.

GIVEN AS REQUESTED _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**DEFENDANTS' OBJECTIONS:**

Defendants object to this instruction as it is unnecessary and prejudicial. Plaintiffs' instruction does not state or define an element of plaintiffs' claims and is likely to confuse the jury because the instruction suggests that the jury may find liability on the sole basis that defendants' "representation, omission, act or practice was likely to mislead a consumer acting reasonably in the circumstances."

## **DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 30a**

### **FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

Plaintiff J.R. Everett claims on behalf of herself and all members of the Florida class that defendants engaged in deceptive practices, in violation of a Florida law known as the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

For plaintiffs to prevail on this claim, you must find that they proved each and every one of the following elements as to each defendant by a preponderance of the evidence:

> First: Defendants have engaged in a deceptive practice by falsely representing that Trump University was an "accredited university" and that Donald J. Trump "hand-picked" Trump University real estate experts, professors, and instructors;

> Second: Defendants' deceptive practice was the legal cause of an injury to Ms. Everett and each of the Florida class members; and

> Third: Plaintiff J.R. Everett and each of the Florida class members suffered actual damages.

You must evaluate each of these elements separately as to each defendant. If you find that plaintiffs have not demonstrated any of these elements by a preponderance of the evidence, you must find for that defendant as to this claim.

**AUTHORITIES:**

Fla. Stat. § 501.201, et seq.; 3-65 Florida Forms of Jury Instruction § 65.80(MODIFIED); *Rollins Inc. v. Butland*, 951 So. 2d 860, 869 (Fl. Ct. App. 2006) ("[A] consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages."); *Mouzon v. Radiancy, Inc.*, 85 F. Supp. 3d 361, 378 (D.D.C. 2015) ("Under [the Florida Deceptive and Unfair Trade Practices Act], a litigant must demonstrate three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.").

GIVEN AS REQUESTED     _____

GIVEN AS MODIFIED     _____

REFUSED     _____

WITHDRAWN     _____

_____

HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

Plaintiffs object to this instruction for the following reasons:

*Omitted Instructions*. Defendants' instructions omit three instructions crucial to a FDUTPA claim. First, they fail to define the legal term unfair act or practice. *See Urling v. Helms Exterminators, Inc.*, 468 So. 2d 451, 453 (Fla. Dist. Ct. App. 1st Dist. 1985); Ex. 5 at 30 (*Chow v. Chau*, No. 09-21893-CIV-HOEVELER, Jury Instructions, Dkt. 350 (S.D. Fla. Feb. 23, 2012)). Second, they fail to inform the jury that liability does not depend on defendants' intent to defraud plaintiffs. *See Gavron v. Weather Shield Mfg.*, 819 F. Supp. 2d 1297, 1302 (S.D. Fla. 2011). Third, they fail to inform the jury that defendants' liability does not depend on whether J.R. Everett was actually deceived. *See Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007); Ex. 5 at 30 (*Chow v. Chau*, No. 09-21893-CIV-HOEVELER, Jury Instructions, Dkt. 350 (S.D. Fla. Feb. 23, 2012)); Dkt. 298 at 24; Dkt. 423 at 38.

*Additional Elements.* Plaintiffs agree with defendants that "[c]ertification is procedural" and does not modify the parties' substantive rights. *See* Dkt. 505 at 4. The corollary is that certification does not modify the elements plaintiffs must prove at trial. For that reason, plaintiffs do not need to prove individualized reliance at trial or that defendants made uniform misrepresentations or omissions to every Class member. *See id.* at 10. Requiring plaintiffs to prove all Class members were exposed to the misrepresentations is inconsistent with the representative nature of the trial and would improperly turn class certification considerations into a substantive issue of fact for the jury, rather than a procedural ruling by the Court made under Rule 23. Verdict forms from past class action trials ask whether defendants made misleading representations, whether they were material, and whether they caused harm, without any uniformity determinations. *See, e.g.*, Dkt. 509, Exs. 52-56.

*Confusion*. "[S]ufficiently confusing jury instructions may violate due process." *Lewis v. Woodford*, No. CIV-S-02-0013 FCD GGH DP, 2007 U.S. Dist. LEXIS 4846, at *161 (E.D. Cal. Jan. 23, 2007). Defendants' instructions are confusing in multiple ways: (1) Defendants are improperly attempting to constrict plaintiffs' claims to a hyper-technical definition of "accredited." Dkt. 489-1 at 5-6. But the Court's class certification order confirms that the gravamen of plaintiffs' class claims is defendants' false or misleading advertising of "Trump University" live events through "various forms of recognizable signs" (*e.g.*, the term "university," "Ivy League quality," school crest, etc.) of an accredited (*i.e.*, legitimate or lawful) university (*see* Dkt. 298 at 8-9; TU-DONNELLY0000001-20 at 16 (Marketing Guidelines) and Donald Trump's handpicked instructors (Dkt. 298 at 5-6). With respect to the university aspect of the case, the class certification order acknowledges plaintiffs' proposed common proof that the New York State Education Department pressed TU to cease any claim of being a "university." *See* Dkt. 298 at 9. Recently, the Court reaffirmed that, even if plaintiffs were "unfamiliar with the technical term 'accredited,' [they] understood TU to have undergone the same 'processes . . . to be called a legitimate university' involving 'standards and qualifications' as other accredited universities." Dkt. 506 at 6. Accordingly, any instruction or special verdict form should refer to the "university" name rather than defendants' overly restrictive "accredited university" terminology to avoid confusing the jury about the scope of plaintiffs' class claims and unfairly prejudice plaintiffs. (2) Contrary to defendants' proposed instruction, plaintiffs must only prove financial injury to the Class representative, J.R. Everett. Defendants inappropriately seek to expand plaintiffs' burden to "each of the Florida class members," which cuts against the representative nature of a class action. (3) Defendants' over-technical "legal cause" definition is designed to distract the jury from their real task: determine whether

defendants' misrepresentations were material. This Court has found that under the FDUTPA – like the CLRA – "'[c]ausation, on a classwide basis, may be established by materiality.'" Dkt. 298 at 22-23 (citation omitted). A misrepresentation is material when it "'is likely to mislead the consumer acting reasonably in the circumstances.'" Dkt. 423 at 38 (citation omitted).

***Statutory Interpretation***. Defendants' preamble neglects to instruct the jury to construe the FDUTPA liberally, even though that language is included in the statute. *See* Fla. Stat. §501.202 (2016); Ex. 5 at 30 (*Chow v. Chau*, No. 09-21893-CIV-HOEVELER, Jury Instructions, Dkt. 350 (S.D. Fla. Feb. 23, 2012)) (describing "unconscionable, unfair, or deceptive act or practice" as "an extremely broad concept.").

***Damages***. Defendants inappropriately include a damages element, which this Court has expressly reserved for Phase 2 of trial. Dkt. 418 at 19. Any blurring of these lines would reverse the Court's months-long order on bifurcation, destroy the corresponding efficiencies, and even potentially prejudice the decertified damages claims of thousands of class members.

1200806_1

## DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 30b

## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT— DECEPTIVE PRACTICE

To prevail on their claim under the FDUTPA, plaintiffs must prove by a preponderance of the evidence that defendants engaged in a deceptive practice. A practice is deceptive if it is probable—as opposed to merely possible—that the practice would deceive a reasonable person in the same circumstances. A reasonable person is neither overly sophisticated, nor unduly wary. He or she is an ordinary person with knowledge of all information made available to people like him or her. A statement that an ordinary person under the circumstances would regard as puffery (see previous instruction) is not likely to deceive a reasonable person.

## AUTHORITIES:

*Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007) ("[The FDUTPA] requires a showing of "probable, not possible, deception" that is "likely to cause injury to a reasonable relying consumer."); *Morris v. ADT Sec. Servs.*, 580 F. Supp. 2d 1305, 1310-11 (S.D. Fla. 2008) ("A Plaintiff can sustain an action under the statute if a reasonable consumer acting in the same circumstances would likely be deceived by a company's business practice."); *Beale v. Biomet, Inc.*, 492 F. Supp. 2d 1360, 1372 (S.D. Fla. Jun. 15, 2007) ("A deceptive practice is one that is likely to mislead consumers.") (internal quotations and citations omitted); *Lombardo v. Johnson & Johnson Consumer Co., Inc.*, 124 F. Supp. 3d 1283, 1287 (S.D. Fla. 2015) ("[D]eception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment."); *see also Cohen v. Trump*, 2014 WL 690513, at *7 (S.D. Cal. Feb. 21, 2014) ("Defendant may seek to prove . . . puffery as a factual matter"); *Cohen v. Trump.* 2016 WL 4098221, at *9 (S.D. Cal. Aug. 2, 2016)(whether a representation "was material [or puffery] is a question of fact best decided by the jury.").

GIVEN AS REQUESTED      _____

GIVEN AS MODIFIED      _____

REFUSED      _____

WITHDRAWN      _____

_____

HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

The lengthy definition of a reasonable person is redundant and unnecessary. *See United States v. Tasis*, 696 F.3d 623, 627 (6th Cir. 2012) (citing preference for instructions with "concise, simple terms" over alternate "wordy" versions). It also conflicts with instructions courts have used in similar cases. *See, e.g.,* Ex. 5 at 30 (*Chow v. Chau*, No. 09-21893-CIV-HOEVELER, Jury Instructions, Dkt. 350 (S.D. Fla. Feb. 23, 2012)). The definition of "puffery" is subsumed by the definition of "material," so it is unnecessary to distinguish between them. *See In re Energy Recovery Sec. Litig.*, No. 15-cv-00265-EMC, 2016 U.S. Dist. LEXIS 9781, at *58 (N.D. Cal. Jan. 27, 2016) (defining "'puffery'" as statements the law deems "so amorphous as to be immaterial"). Puffery instructions are rarely, if ever given. *See* 3-65 *Florida Forms of Jury Instruction* §65.80 (2016) (form jury instruction without mention of puffery). Indeed, defendants do not provide any examples of a FDUTPA case where the court gave a puffery instruction. Further, whether an ad is "mere puffery" is a legal question, *see Newcal Indus. v. Ikon Office Sol.*, 513 F. 3d 1038, 1053 (9th Cir. 2008), and one that the Court resolved at the motion to dismiss stage. *See* Dkts. 69 at 6 & 70 at 6 n.1. The fact that defendants had to misleadingly insert in brackets the word "puffery" to this Court's prior order where instead the opinion only states "materiality" proves that puffery adds nothing to the analysis and the attempt to insert the issue as a separate inquiry for trial is improper. *See Cohen v. Trump*, No. 3:13-cv-2519-GPC-WVG, 2016 U.S. Dist. LEXIS 101247, at *25 (S.D. Cal. Aug. 2, 2016) (the actual quote: "At best, Defendant's evidence as to the "university" representation demonstrates that whether the representation of TU as a "university" was material is a question of fact best decided by the jury.").

<u>**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 30c**</u>

**FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT— ACTUAL DAMAGES**

In order to prevail on their claim for violation of the FDUTPA, plaintiff J.R. Everett and each Florida class member must prove by a preponderance of the evidence that they suffered actual damages. "Actual damages" are the difference between the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered. In other words, plaintiffs must prove by a preponderance of the evidence that as a result of defendants' alleged misrepresentations they paid a price premium for Trump University "Live Events."

**AUTHORITIES:**

*Dorestin v. Hollywood Imports, Inc.*, 45 So.3d 819, 824 (Fla. 4th DCA 2010) ("Proof of actual damages is necessary to sustain a FDUTPA claim"); *XTec, Inc. v. Hembree Consulting Servs., Inc.*, ---F. Supp. 3d---, 2016 WL 1702223, at *13 (S.D. Fla. Apr. 28, 2016) (same); *Creative Amer. Educ. LLC v. Learning Experience Sys., LLC*, 2015 WL 4655087, at *46 (S.D. Fla. Jul. 31, 2015) (same); *Beale v. Biomet, Inc.*, 492 F. Supp. 2d 1360, 1374 n.12 (S.D. Fla. Jun. 15, 2007) ("The standard for determining the actual damages recoverable under FDUTPA is well-defined in the case law: [T]he measure of actual damages is the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered."); *Marty v. Anheuser–Busch Companies, LLC*, 43 F.Supp.3d 1333, 1346 (S.D. Fla. 2014) ("[U]nder Florida law, a plaintiff who alleges that he or she has paid a premium price for a product as a result of a defendant's misrepresentation has pled damages under FDUTPA.").

GIVEN AS REQUESTED     _____

GIVEN AS MODIFIED     _____

REFUSED     _____

WITHDRAWN     _____

_____

HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

Defendants' instruction relates exclusively to damages, which this Court has expressly reserved for Phase 2 of trial. Dkt. 418 at 19; Dkt. 502 at 1. Any blurring of these lines would reverse the Court's months-long order on bifurcation, destroy the corresponding efficiencies, and even potentially prejudice the decertified damages

claims of thousands of class members. The Court acknowledged defendants' cited case – *H & J Paving of Fla., Inc. v. Nextel, Inc.*, 849 So. 2d 1099, 1101(Fla. Dist. Ct. App. 2003) – before making this determination. Dkt. 418 at 16-17.

Moreover, plaintiffs agree with defendants that "[c]ertification is procedural" and does not modify the parties' substantive rights. *See* Dkt. 505 at 4. The corollary is that certification does not modify the elements plaintiffs must prove at trial. For that reason, plaintiffs do not need to prove individualized reliance at trial or that defendants made uniform misrepresentations or omissions to every Class member. *See id.* at 10. Requiring plaintiffs to prove all Class members were exposed to the misrepresentations is inconsistent with the representative nature of the trial and would improperly turn class certification considerations into a substantive issue of fact for the jury, rather than a procedural ruling by the Court made under Rule 23. Verdict forms from past class action trials ask whether defendants made misleading representations, whether they were material, and whether they caused harm, without any uniformity determinations. *See, e.g.*, Dkt. 509, Exs. 52-56.

# DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 30d

## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT—LEGAL CAUSE

A deceptive practice is a "legal cause" of injury if it directly and in natural and continuous sequence produces or contributes substantially to producing damage, so that it can reasonably be said that, but for the deceptive trade act or practice, the damage would not have occurred.

**AUTHORITIES:**

Fla. Standard Jury Instructions 401.12, Legal Cause (MODIFIED); *State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.*, 2009 WL 1240510 (M.D. Fla. Feb. 5, 2009) (Court's Instructions to Jury) ("A party's unfair and deceptive business practice is a legal cause of damage if it directly and in natural and continuous sequence produces or contributes substantially to producing damage, so that it can reasonably be said that, but for the deceptive or unfair business practice, the damage would not have occurred.").

GIVEN AS REQUESTED      _____

GIVEN AS MODIFIED      _____

REFUSED      _____

WITHDRAWN      _____

_____

HON. GONZALO P. CURIEL

United States District Judge

**PLAINTIFFS' OBJECTIONS:**

Defendants' over-technical "legal cause" definition is erroneous, confusing and may distract the jury from their real task: determine whether defendants' misrepresentations were material. This Court has found that under the FDUTPA – like the CLRA – "'[c]ausation, on a classwide basis, may be established by materiality.'" Dkt. 298 at 22-23 (citation omitted). Thus, there is no separate requirement for plaintiffs to prove "legal" causation. A misrepresentation is material when it "'is likely to mislead the consumer acting reasonably in the circumstances.'" Dkt. 423 at 38 (citation omitted). An irrelevant causation definition will not assist the jury, and it has not been used in similar cases. *See, e.g.*, Ex. 5 at 30 (*Chow v. Chau*, No. 09-21893-CIV-HOEVELER, Jury Instructions, Dkt. 350 (S.D. Fla. Feb. 23, 2012)).

## PLAINTIFFS' DISPUTED PROPOSED JURY INSTRUCTION NO. 31a

### FLORIDA MISLEADING ADVERTISING LAW
#### (Fla. Stat. §817.41)

Plaintiff J.R. Everett claims that defendants violated the Florida Misleading Advertising Law, which is also called the "FMAL."

To establish this claim, plaintiff must prove that all of the following are more likely to be true than not true:

1. Defendants made or disseminated (or caused to be made or disseminated) before the public of the state of Florida, or any portion thereof, an advertisement:

  (a) Donald J. Trump handpicked the instructors for Trump University's live events;

  (b) Under the "Trump University" name, while omitting that the New York State Education Department had warned defendants it was unlawful to do so.

2. Defendants' advertisement was misleading.

3. Defendants knew or should have known it was misleading.

4. Defendants intended the advertisement to induce another to act upon it.

5. Plaintiff justifiably relied on the misleading advertisement.

Misleading advertisement includes any statement made, or disseminated, in oral, written, or printed form or otherwise, to or before the public, or any portion thereof, which are known, or through the exercise of reasonable care or investigation could or might have been ascertained, to be untrue or misleading, and which were so made or disseminated with the intent or purpose, either directly or indirectly, of selling or services of any nature whatsoever, professional or otherwise.

### AUTHORITY:

Fla. Stat. §817.41(1); Dkt. 423 at 34-35; Ex. 4 at 25-27 (*Chandler v. Mem'l Healthcare Grp., Inc.*, No. 16-2009-CA-013207, Jury Instructions (Fla. Duval Cty. Ct., Jan. 20, 2012)); *Samuels v. King Motor Co. of Fort Lauderdale*, 782 So. 2d 489, 497 (Fla. Dist. Ct. App. 2001); Dkt. 298 at 24. The Court's class certification order confirms that the gravamen of plaintiffs' class claims is defendants' false or misleading advertising of "Trump University" live events through "various forms of recognizable signs" (*e.g.*, the term "university," "Ivy League quality," school crest, etc.) of an accredited (*i.e.*, legitimate or lawful) university (*see* Dkt. 298 at 8-9; TU-

DONNELLY0000001-20 at 16 (Marketing Guidelines) and Donald Trump's handpicked instructors (Dkt. 298 at 5-6).

Further, defendants' claim that plaintiffs are introducing an "omissions" theory misrepresents the record. Indeed, the operative complaint specifically alleges defendants made "misrepresentations and **omissions**." *See, e.g.*, Dkt. 128 ¶166 (emphasis added). As the Court recognized in its certification order, this case involves not just false representations but also "misleading" representations. *See* Dkt. 298 at 15, 19-21, 24.

With respect to the university aspect of the case, the class certification order acknowledges plaintiffs' proposed common proof that the New York State Education Department pressed TU to cease any claim of being a "university." *See id.* at 9. Recently, the Court reaffirmed that, even if plaintiffs were "unfamiliar with the technical term 'accredited,' [they] understood TU to have undergone the same 'processes . . . to be called a legitimate university' involving 'standards and qualifications' as other accredited universities." Dkt. 506 at 6. Accordingly, any instruction or special verdict form should refer to the "university" name rather than defendants' overly restrictive "accredited university" terminology to avoid confusing the jury about the scope of plaintiffs' class claims and unfairly prejudice plaintiffs.

Plaintiffs' proposed instruction uses plain language and tracks real-life examples of instructions used for FMAL claims, whereas defendants' proposed instructions do not. Courts prefer instructions with "concise, simple terms" over alternate "wordy" versions. *United States v. Tasis*, 696 F.3d 623, 627 (6th Cir. 2012). Further, defendants' proposed instructions seek to impermissibly introduce class certification issues inappropriate for Phase 1. *See, e.g.*, Dkt. 418 at 19.

GIVEN AS REQUESTED     _____

GIVEN AS MODIFIED     _____

REFUSED     _____

WITHDRAWN     _____

_____

HON. GONZALO P. CURIEL
United States District Judge

**DEFENDANTS' OBJECTIONS:**

Defendants object to this instruction on the ground that it misstates the elements of a claim for violation of the Florida Misleading Advertising Law. Specifically, plaintiffs' instruction fails to instruct the jury that they must find that defendants' alleged misconduct caused plaintiffs to suffer an injury. *See Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F. Supp. 2d 1314, 1322 (M.D. Fla. 2007) ("A consumer party may state a claim for statutory misleading advertising under Florida law by pleading that the party relied on some identifiable alleged misleading advertising plus . . . (d) the plaintiff suffered injury in justifiable reliance on the representation.").

In addition, plaintiffs' instruction improperly seeks to recast this case as an "omission" case. In the Court's class certification order it certified two specific representations: (1) that Trump University was an "accredited" university; and (2) that Donald Trump "hand-picked" Trump University real estate experts, professors, and

mentors. *See* Dkt. 298 (Certification Order), at 20 ("A review of the record reveals substantial evidence of common misrepresentations made to all putative class members. *These representations are* (1) Trump University was an accredited university; (2) students would be taught by real estate experts, professors and mentors that were hand-picked by Donald Trump.") (emphasis added). The Court reiterated its definition of the alleged misrepresentations in its order granting in part and denying in part defendants' motion to decertify classes. Dkt. 418 (Decertification Order), at 2 ("Plaintiffs allege TU and Donald Trump made the following core misrepresentations: (1) Trump University was an accredited university; [and] (2) students would be taught by real estate experts, professors and mentors hand-selected by Mr. Trump"). Plaintiffs should not be permitted to recast the theory of their case on the eve of trial, nor should they be permitted to submit uncertified representations to the jury. *See* Fed. R. Civ. P. 23(c)(1)(B) ("An order that certifies a class action must *define the class and the class claims, issues, or defenses . . .*") (emphasis added); *Stiller v. Costco Wholesale Corp.*, 298 F.R.D. 611, 614 (S.D. Cal. 2014) (Curiel, J.) (noting that Rule 23(c)(1)(B) requires a district court to "define the class and the class claims, issues, or defenses" in its certification order).

For the foregoing reasons, defendants request that defendants' disputed proposed instruction No. 31c be given instead.

# PLAINTIFFS' DISPUTED PROPOSED JURY INSTRUCTION NO. 31b

## PRESUMPTION OF RESPONSIBILITY

Under Florida law, there is a rebuttable presumption that the person named in or obtaining the benefits of any misleading advertisement or any such sale is responsible for such misleading advertisement or unlawful sale.

**AUTHORITY:**

Fla. Stat. §817.41(4) ("There shall be a rebuttable presumption that the person named in or obtaining the benefits of any misleading advertisement or any such sale is responsible for such misleading advertisement or unlawful sale.").

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

 

_____
HON. GONZALO P. CURIEL
United States District Judge

**DEFENDANTS' OBJECTIONS:**

Defendants object to this instruction on the ground that it is unnecessary and prejudicial. Plaintiffs' instruction does not state or define an element of plaintiffs' claims and is likely to confuse the jury because the instruction suggests that the jury may find liability on the sole basis that defendants were "named in" or obtained "the benefits of any misleading advertisement." This instruction also misstates the standard for individual liability under the Florida MAL. Under the Florida MAL, a defendant may not be liable unless they, *inter alia*, (1) made the alleged misrepresentations at issue; (2) knew of their falsity; and (3) intended that the representation would induce others to act and rely on it. *See Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F. Supp. 2d 1314, 1322 (M.D. Fla. 2007) ("A consumer party may state a claim for statutory misleading advertising under Florida law by pleading that the party relied on some identifiable alleged misleading advertising plus . . . (a) the representor made a misrepresentation of a material fact; (b) the representor knew or should have known of the falsity of the statement; (c) the representor intended that the representation would induce another to rely and act on it . . .").

<u>**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 31a**</u>

**FLORIDA MISLEADING ADVERTISING LAW**

Plaintiff J.R. Everett contends on behalf of herself and all Florida class members that defendants' conduct with respect to Trump University violated a Florida law known as the Misleading Advertising Law ("MAL"). In order to prevail on this claim, plaintiffs must prove each and every one of the following elements by a preponderance of the evidence as to each defendant:

<u>First</u>: Defendants made or disseminated misleading advertising in which they made a misrepresentation of material fact by falsely representing that Trump University was an "accredited university" or that Donald J. Trump "hand-picked" Trump University real estate experts, professors, and instructors;

<u>Second</u>: That defendants knew or should have known that their alleged representations were false;

<u>Third</u>: That defendants intended that the alleged representations would induce another to rely and act on it; and

<u>Fourth</u>: That plaintiff J.R. Everett and each Florida class member suffered injury in justifiable reliance on defendants' alleged representations.

You must evaluate each of these elements separately as to each defendant. If you find that plaintiffs have not proved any of these elements by a preponderance of the evidence, you must find for that defendant as to this claim.

**AUTHORITIES:**

Fla. Stat. § 817.41 ("It shall be unlawful for any person to make or disseminate or cause to be made or disseminated before the general public of the state, or any portion thereof, any misleading advertisement"); *Smith v. Mellon Bank*, 957 F.2d 856 (11th Cir. 1992) ("In order to prove a violation of Section 817.41, Florida law requires the plaintiff to prove reliance on the alleged misleading advertising, as well as each of the other elements of the common law tort of fraud in the inducement. . . . [R]eliance by a party claiming fraud must be reasonable and justified under the circumstances.") (internal citations omitted); *Joseph v. Liberty Nat'l Bank*, 873 So. 2d 384, 388 (Fla. 5th DCA 2004) ("in order to state a cause of action for fraud in the inducement a plaintiff must allege that (a) the representor made a misrepresentation of a material fact; (b) the representor knew or should have known of the falsity of the statement; (c) the representor intended that the representation would induce another to rely and act on it; and (d) the plaintiff suffered injury in justifiable reliance on the representation[.]") (internal citations omitted).

GIVEN AS REQUESTED      _____
GIVEN AS MODIFIED       _____
REFUSED                 _____
WITHDRAWN               _____


_____
HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

Plaintiffs object to this instruction for the following reasons:

***Omitted Instructions***.  Defendants' instruction fails to inform the jury that there is a rebuttable presumption that the person named in or obtaining the benefits of any misleading advertisement or sale is responsible for it. Fla. Stat. §817.41(4).

***Additional Elements.***  Plaintiffs agree with defendants that "[c]ertification is procedural" and does not modify the parties' substantive rights.  *See* Dkt. 505 at 4.  The corollary is that certification does not modify the elements plaintiffs must prove at trial.  For that reason, plaintiffs do not need to prove individualized reliance at trial or that defendants made uniform misrepresentations or omissions to every Class member.  *See id.* at 10.  Requiring plaintiffs to prove all Class members were exposed to the misrepresentations is inconsistent with the representative nature of the trial and would improperly turn class certification considerations into a substantive issue of fact for the jury, rather than a procedural ruling by the Court made under Rule 23.  Verdict forms from past class action trials ask whether defendants made misleading representations, whether they were material, and whether they caused harm, without any uniformity determinations.  *See, e.g.*, Dkt. 509, Exs. 52-56.

***Confusion***.  "[S]ufficiently confusing jury instructions may violate due process."  *Lewis v. Woodford*, No. CIV-S-02-0013 FCD GGH DP, 2007 U.S. Dist. LEXIS 4846, at *161 (E.D. Cal. Jan. 23, 2007).  Defendants' instructions are confusing in multiple ways:  (1) Defendants should also be prevented from re-litigating reliance as to each Class member, as the Court has already held that, "[w]ith small differences in wording," Florida employs "the same causation and reliance standard [in its unfair trade and competition laws]" as California and New York. Dkt. 298 at 24 (quoting *Keegan v. Am. Honda Motor Co., Inc.*, 284 F.R.D. 504, 541 (C.D. Cal. 2012)).  Plaintiffs may prove causation and reliance by proving the materiality of the misrepresentations. (2) Defendants are improperly attempting to constrict plaintiffs' claims to a hyper-technical definition of "accredited."  Dkt. 489-1 at 5-6.  But the Court's class certification order confirms that the gravamen of plaintiffs' class claims is defendants' false or misleading advertising of "Trump University" live events through "various forms of recognizable signs" (*e.g.*, the term "university," "Ivy League quality," school crest, etc.) of an accredited (*i.e.*, legitimate or lawful) university (*see* Dkt. 298 at 8-9; TU-DONNELLY0000001-20 at 16 (Marketing Guidelines)) and Donald Trump's handpicked instructors (Dkt. 298 at 5-6).  With respect to the university aspect of the case, the class certification order acknowledges plaintiffs' proposed common proof that the New York State Education Department pressed TU to cease any claim of being a "university."  *See* Dkt. 298 at 9.  Recently, the Court reaffirmed that, even if plaintiffs were "unfamiliar with the technical term 'accredited,' [they] understood TU to have undergone the same 'processes . . . to be

called a legitimate university' involving 'standards and qualifications' as other accredited universities." Dkt. 506 at 6. Accordingly, any instruction or special verdict form should refer to the "university" name rather than defendants' overly restrictive "accredited university" terminology to avoid confusing the jury about the scope of plaintiffs' class claims and unfairly prejudice plaintiffs.

***Statutory Interpretation***. Defendants inappropriately modified the first element to remove statutory language imposing liability if (a) defendants "cause to be made" a misleading advertisement, or (b) "any portion" of an advertisement is misleading. Fla. Stat. §817.41(1). The instructions should include these important phrases.

***Damages***. Defendants inappropriately include a damages element, which this Court has expressly reserved for Phase 2 of trial. Dkt. 418 at 19; Dkt. 502 at 1.

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 31b**

## FLORIDA MISLEADING ADVERTISING LAW—JUSTIFIABLE RELIANCE

Justifiable reliance means that plaintiffs' reliance on defendants' alleged representations was reasonable under the circumstances and with knowledge of all available information. A plaintiff may rely on a representation even though he could have discovered through a reasonable investigation that it was false. However, a plaintiff may not rely on a representation if he knows it to be false or its falsity is obvious to him. A plaintiff may not justifiably rely on a statement that an ordinary person under the circumstances would regard as puffery (see previous instruction).

## AUTHORITIES:

*Smith v. Mellon Bank*, 957 F.2d 856, 858 (11th Cir. 1992) ("The law is clear that reliance by a party claiming fraud must be reasonable and justified under the circumstances."); *Besett v. Basnett*, 389 So. 2d 995, 998 (Fla. 1980) ("We hold that a recipient may rely on the truth of a representation, even though its falsity could have been ascertained had he made an investigation, unless he knows the representation to be false or its falsity is obvious to him.").

GIVEN AS REQUESTED      _____
GIVEN AS MODIFIED       _____
REFUSED                 _____
WITHDRAWN               _____


_____
HON. GONZALO P. CURIEL
United States District Judge

## PLAINTIFFS' OBJECTIONS:

Defendants should be prevented from re-litigating reliance as to each Class member, as the Court has already held that, "[w]ith small differences in wording," Florida employs "the same causation and reliance standard [in its unfair trade and competition laws]" as California and New York. Dkt. 298 at 24 (quoting *Keegan v. Am. Honda Motor Co., Inc.*, 284 F.R.D. 504, 541 (C.D. Cal. 2012)). Plaintiffs do not need to prove individualized reliance. *See* Dkt. 298 at 20 n.12. Plaintiffs may prove causation and reliance by proving the materiality of the misrepresentations. Also, the definition of "puffery" is subsumed by the definition of "material," so it is unnecessary to distinguish between them. *See In re Energy Recovery Sec. Litig.*, No. 15-cv-00265-EMC, 2016 U.S. Dist. LEXIS 9781, at *58 (N.D. Cal. Jan. 27, 2016) (defining "'puffery'" as statements the law deems "so amorphous as to be immaterial"). Puffery instructions are rarely, if ever, given. *See* Ex. 4 at 25-27 (*Chandler v. Mem'l Healthcare Grp., Inc.*, No. 16-2009-CA-013207, Jury Instructions

1  (Fla. Duval Cty. Ct. Jan. 20, 2012)) (FMAL action without puffery instruction).
2  Indeed, defendants do not provide any examples of a FMAL case where the court gave a puffery instruction. Further, whether an ad is "mere puffery" is a legal question, *see Newcal Indus. v. Ikon Office Sol.*, 513 F. 3d 1038, 1053 (9th Cir. 2008),
3  and one that the Court resolved at the motion to dismiss stage. *See* Dkts. 69 at 6 & 70 at 6 n.1.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 31c

### FLORIDA MISLEADING ADVERTISING LAW—MISLEADING ADVERTISING

"Misleading advertising" is defined as oral, written or printed statements which are known, or through the exercise of reasonable care or investigation could or might have been ascertained, to be untrue or misleading.

**AUTHORITIES:**

Fla. Stat. § 817.40(5) ("The phrase 'misleading advertising' includes any statements made, or disseminated, in oral, written, electronic, or printed form or otherwise, to or before the public, or any portion thereof, which are known, or through the exercise of reasonable care or investigation could or might have been ascertained, to be untrue or misleading . . .").

GIVEN AS REQUESTED    _____
GIVEN AS MODIFIED    _____
REFUSED    _____
WITHDRAWN    _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

This definition is unnecessary and prejudicial. The instruction also improperly focuses the "misleading" element on defendants' state of mind, whereas under Florida law whether something is misleading "requires a showing of probable, not possible, deception that is likely to cause injury to a reasonable relying consumer." Dkt. 298 at 24. *See United States v. Tasis*, 696 F.3d 623, 627 (6th Cir. 2012) (citing preference for instructions with "concise, simple terms" over alternate "wordy" versions).

## JOINT PROPOSED JURY INSTRUCTION NO. 35

## JURY CHARGE – DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §3.1, at 46 (2007 ed., updated June 2016).

GIVEN AS REQUESTED      _____
GIVEN AS MODIFIED      _____
REFUSED      _____
WITHDRAWN      _____

_____
HON. GONZALO P. CURIEL
United States District Judge

# JOINT PROPOSED JURY INSTRUCTION NO. 32a

## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a

fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

**AUTHORITY:**

Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2007 ed. updated 6/2016), at 3.2.

GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____


_____
HON. GONZALO P. CURIEL
United States District Judge

## JOINT PROPOSED JURY INSTRUCTION NO. 32b

## JUROR USE OF ELECTRONIC COMMUNICATION TECHNOLOGIES

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

**AUTHORITIES:**

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 103.04 (6th ed. 2012).

GIVEN AS REQUESTED      _____
GIVEN AS MODIFIED      _____
REFUSED      _____
WITHDRAWN      _____

_____
HON. GONZALO P. CURIEL
United States District Judge

## JOINT PROPOSED JURY INSTRUCTION NO. 33

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not permitted to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged by the Court. Do not disclose any vote count in any note to the Court.

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §3.3, at 48 (2007 ed., updated June 2016).

GIVEN AS REQUESTED        _____
GIVEN AS MODIFIED         _____
REFUSED                   _____
WITHDRAWN                 _____


_____
HON. GONZALO P. CURIEL
United States District Judge

# PLAINTIFFS' DISPUTED PROPOSED JURY INSTRUCTION NO. 34

## RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached [unanimous] [majority] agreement on a verdict, your presiding juror will fill in the form that has been given to you by selecting the applicable boxes, sign and date it, and advise the Court that you are ready to return to the courtroom.

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §3.5, at 50 (2007 ed., updated June 2016).

GIVEN AS REQUESTED      _____
GIVEN AS MODIFIED       _____
REFUSED                 _____
WITHDRAWN               _____


_____
HON. GONZALO P. CURIEL
United States District Judge

**DEFENDANTS' OBJECTIONS:**

Defendants object to this instruction as it is ambiguous and incomplete. Defendants request that defendants' disputed proposed instruction No. 34 be given instead.

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 34**

**ELECTION OF FOREPERSON—SPECIAL VERDICT**

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court.

A special verdict form has been prepared for your convenience. You will take this form to the jury room.

Each of the interrogatories or questions calls for a "Yes" or "No" answer. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided opposite each question. As you will note from the wording of the questions, it will not be necessary to consider or answer certain questions unless you have answered a previous question "yes." The jury verdict form instructs you whether or not to answer each question; you must follow those instructions.

When you are finished filling out the special verdict form, the foreperson will then date and sign the special verdict as so completed; and you will then return with it to the courtroom.

**AUTHORITIES:**

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 106.05 (6th ed. 2012) (MODIFIED).

GIVEN AS REQUESTED    _____
GIVEN AS MODIFIED     _____
REFUSED                  _____
WITHDRAWN          _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

This instruction is overly wordy and complicated and is not derived from *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*,

§3.5, at 50 (2007 ed., updated June 2016).  Courts prefer instructions with "concise, simple terms" over alternate "wordy" versions.  *United States v. Tasis*, 696 F.3d 623, 627 (6th Cir. 2012).

# PLAINTIFFS' DISPUTED PROPOSED JURY INSTRUCTION NO. 35
## DEADLOCKED JURY

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a [unanimous] verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors. During your deliberations, you should be willing to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now return to the jury room and continue your deliberations.

**AUTHORITY:**

*Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, §3.7, at 52 (2007 ed., updated June 2016).

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**DEFENDANTS' OBJECTIONS:**

   Defendants object to this instruction as there is no indication that such an instruction is necessary in this case.

# DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 36

## JUDGE'S QUESTIONS TO WITNESSES

During the trial, I may sometimes ask a witness questions.  Please do not assume that I have any opinion about the subject matter of my questions.

**AUTHORITIES:**

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 101.30 (6th ed. 2012).

GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____


_____
HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

Unnecessary and not derived from the Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2007 ed., updated June 2016).

## DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 37
## GENERAL INTRODUCTION

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**AUTHORITIES:**

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 103.01 (6th ed. 2012).

GIVEN AS REQUESTED      _____
GIVEN AS MODIFIED       _____
REFUSED                 _____
WITHDRAWN               _____


_____
HON. GONZALO P. CURIEL
United States District Judge

1

**PLAINTIFFS' OBJECTIONS:**

2
      Unnecessary and not derived from the Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2007 ed., updated June 2016).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 38**

**COURT'S COMMENTS NOT EVIDENCE**

The law permits me to comment on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you, as jurors are the sole judges of the facts and are not bound by my comments or opinions.

**AUTHORITIES:**

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 103.33 (6th ed. 2012).

GIVEN AS REQUESTED        _____
GIVEN AS MODIFIED         _____
REFUSED                   _____
WITHDRAWN                 _____


_____
HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

Unnecessary and not derived from the Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2007 ed., updated June 2016).

**DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 39**

**QUESTIONS NOT EVIDENCE**

If a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

**AUTHORITIES:**

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 103.34 (6th ed. 2012).

GIVEN AS REQUESTED      _____
GIVEN AS MODIFIED      _____
REFUSED      _____
WITHDRAWN      _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

Unnecessary and not derived from the Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2007 ed., updated June 2016).

# DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 40

## PRESUMPTION OF REGULARITY

Unless outweighed by evidence to the contrary, you may find an official duty has been regularly performed, private transactions have been fair and regular, the ordinary course of business or employment has been followed, things have happened according to the ordinary course of nature and the ordinary habits of life, and the law has been obeyed.

**AUTHORITIES:**

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 104.21 (6th ed. 2012).

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

Unnecessary, inappropriate, prejudicial and not derived from the *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007 ed., updated June 2016). The instruction is not applicable to the claims to be tried and evidence in this case.

# JOINT PROPOSED JURY INSTRUCTION NO. 41
## NOTICE OR KNOWLEDGE—DUTY OF INQUIRY

If it appears from the evidence in the case a person had information that would lead a reasonably prudent person to make inquiry through which that person would surely learn the facts, then this person may be found to have had actual knowledge of those facts, the same as if the person had made such inquiry and had actually learned such facts. The law charges a person with notice and knowledge of whatever that person would have learned, on making such inquiry as it would have been reasonable to expect the person to make under the circumstances.

Knowledge or notice may also be established by circumstantial evidence. If it appears that a certain condition has existed for a substantial period of time, and that the person had regular opportunities to observe the condition, then you may draw the inference that the person had knowledge of the condition.

**AUTHORITIES:**

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 104.24 (6th ed. 2012).

GIVEN AS REQUESTED      _____
GIVEN AS MODIFIED       _____
REFUSED                   _____
WITHDRAWN            _____

_____
HON. GONZALO P. CURIEL
United States District Judge

## DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 42

## ORAL STATEMENTS OR ADMISSIONS

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person alleged to have made the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

**AUTHORITIES:**

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 104.53 (6th ed. 2012).

GIVEN AS REQUESTED      _____
GIVEN AS MODIFIED      _____
REFUSED      _____
WITHDRAWN      _____


_____
HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

Unnecessary, confusing and not derived from the Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2007 ed., updated June 2016).

# JOINT PROPOSED JURY INSTRUCTION NO. 43

## ALL AVAILABLE WITNESSES OR EVIDENCE NEED NOT BE PRODUCED

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

AUTHORITIES: Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 105.11 (6th ed. 2012).

GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____


_____
HON. GONZALO P. CURIEL
United States District Judge

1200806_1                              3:10-cv-0940-GPC(WVG)

## DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 44

## VERDICT FORMS—JURY'S RESPONSIBILITY

Nothing said in these instructions and nothing in the special verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

**AUTHORITIES:**

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 106.07 (6th ed. 2012) (MODIFIED).

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

_____
HON. GONZALO P. CURIEL
United States District Judge

**PLAINTIFFS' OBJECTIONS:**

This instruction is unnecessary, confusing and not derived from the *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007 ed., updated June 2016).

DATED: October 28, 2016

Respectfully submitted,

ROBBINS GELLER RUDMAN
& DOWD LLP
PATRICK J. COUGHLIN
X. JAY ALVAREZ
JASON A. FORGE
RACHEL L. JENSEN
DANIEL J. PFEFFERBAUM
BRIAN E. COCHRAN
JEFFREY J. STEIN

_____
s/ Rachel L. Jensen
RACHEL L. JENSEN

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Class Counsel

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 28, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 28, 2016.

s/ Rachel L. Jensen
RACHEL L. JENSEN

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: rachelj@rgrdlaw.com

## Mailing Information for a Case 3:10-cv-00940-GPC-WVG Low v. Trump University, LLC et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Xavier Jay Alvarez**
  jaya@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Brian E. Cochran**
  bcochran@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Patrick J Coughlin**
  patc@rgrdlaw.com,e_file_sd@rgrdlaw.com,susanm@rgrdlaw.com

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com,nadiak@zhlaw.com

- **Jason A Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jeffrey L. Goldman**
  jgoldman@bbwg.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,winkyc@zhlaw.com,nadiak@zhlaw.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,lmix@rgrdlaw.com,llendzion@rgrdlaw.com,e_file_sd@rgrdlaw.com,hbrown@rgrdlaw.com,mbacci@rgrdlaw.com,JayA@rgrdlaw.com,KLavelle

- **David Lee Kirman**
  dkirman@omm.com,awyman@omm.com,tmoore@omm.com,iyanniello@omm.com,hleewong@omm.com,sbrown@omm.com

- **Jill Ann Martin**
  jmartin@trumpnational.com,lvincent@trumpnational.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Maureen E. Mueller**
  mmueller@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Aaron M. Olsen**
  aarono@zhlaw.com,winkyc@zhlaw.com

- **Daniel M. Petrocelli**
  dpetrocelli@omm.com

- **Daniel Jacob Pfefferbaum**
  dpfefferbaum@rgrdlaw.com

- **Jeffrey J. Stein**
  JStein@rgrdlaw.com

- **Helen Irene Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)