# EXHIBIT 1

Exhibit 1
page 1

FILED
CLERK, U.S. DISTRICT COURT

Sept. 18, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: _____KT_____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM ALLEN, et al., on behalf of themselves, all others similarly situated and the general public,<br><br>     Plaintiffs,<br><br>  v.<br><br>HYLAND'S, INC., et al.,<br><br>     Defendants. | Case No.: CV 12-1150-DMG (MANx)<br><br>**JURY INSTRUCTIONS** |

-1-

Exhibit 1
page 2

# INSTRUCTION NO. 26

## California Consumer Legal Remedies Act, Civil Code Section 1770(a)

Plaintiffs allege Defendants violated provisions of California's Consumer Legal Remedies Act.

To establish this claim, Plaintiffs must prove by a preponderance of the evidence the following:

1. Defendants made representations about benefits of the products on the packaging;

2. The representations were false because the products at issue cannot relieve symptoms as represented;

3. Defendants' representations were material to the reasonable consumer; and

4. Defendants' representations were a substantial factor in causing Plaintiffs' harm.

Exhibit 1
page 3

# INSTRUCTION NO. 27

## Materiality

You will be asked to evaluate whether representations on the labels of Defendants' products are material to a reasonable consumer's decision to purchase Defendants' homeopathic products. A representation is material if a reasonable consumer would attach importance to its existence or nonexistence in determining his or her choice of action in the transaction in question.

Exhibit 1
page 4

# INSTRUCTION NO. 28

## Reasonable Consumer Standard

A reasonable consumer is the ordinary consumer acting reasonably under the circumstances, and is neither the most nor least sophisticated consumer.

Exhibit 1
page 5

# INSTRUCTION NO. 29

## Substantial Factor

You will be asked to evaluate whether certain conduct by Defendants was a substantial factor in causing Plaintiffs' alleged harm. A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of harm.

Exhibit 1
page 6

# EXHIBIT 2

Exhibit 2
page 7

FILED
CLERK, U.S. DISTRICT COURT

June 16, 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ IV _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEWERT, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOIRON, INC. and BOIRON, USA, INC.,<br><br>Defendants. | Case No. CV 11-10803-AB (JPRx)<br><br><br>**CLOSING JURY INSTRUCTIONS** |

The following sets forth the Court's concluding jury instructions which will guide your consideration of the evidence in this case.

Dated: June 16, 2016

_____

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

Exhibit 2
page 8

**6.  CALIFORNIA CONSUMER LEGAL REMEDIES ACT, CIVIL CODE §§ 1750, *ET SEQ.***

Plaintiff alleges that Defendants violated provisions of California's Consumer Legal Remedies Act, also known as the CLRA.  To establish this claim, Plaintiff must provide affirmative evidence to prove each of the following, by a preponderance of the evidence:

1.  Defendants represented that Oscillo relieves flu-like symptoms;

2.  Defendants' representations that Oscillo relieves flu-like symptoms were false;

3.  Plaintiff Christopher Lewert purchased Oscillo in reliance on Defendants' representations that Oscillo relieves flu-like symptoms;

4.  The members of the class that Plaintiff represents purchased Oscillo in reliance on Defendants' representations that Oscillo relieves flu-like symptoms; and

5.  Plaintiff Christopher Lewert, and the members of the class he represents, were harmed by Defendants' representations that Oscillo relieves flu-like symptoms.

Plaintiff may prove that the class members relied on Defendants' representations by establishing that Defendants' representations that Oscillo relieves flu-like symptoms were material to the reasonable consumer.

A reasonable consumer is an ordinary consumer acting reasonably under the circumstances, and is neither the most nor least sophisticated consumer.

A representation is material if a reasonable consumer would attach importance to its existence or nonexistence in determining whether to purchase Defendants' product.

Exhibit 2
page 9

# EXHIBIT 3

Exhibit 3
page 10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SANDRA C. BARKLEY,

        Plaintiff,

    -against-                04-cv-875 (KAM) (RLM)

UNITED HOMES, LLC, UNITED PROPERTY GROUP,
LLC, YARON HERSHCO, GALIT NETWORK, LLC,
OLYMPIA MORTGAGE CORP., and BENJAMIN
TURNER,

        Defendants.
----------------------------------------X
MARY LODGE,

        Plaintiff,

    -against-                05-cv-187 (KAM) (RLM)

UNITED HOMES, LLC, UNITED PROPERTY GROUP,
LLC, YARON HERSHCO, GALIT NETWORK, LLC,
OLYMPIA MORTGAGE CORP., BAYVIEW LOAN
SERVICING, LLC, BAYVIEW ASSET MANAGEMENT,
LLC, U.S. BANK, N.A., AS TRUSTEE FOR
BAYVIEW ASSET-BACKED SECURITIES TRUST
SERIES 2007-30, and BAYVIEW FINANCIAL
MANAGEMENT CORP.,

        Defendants.
----------------------------------------X
DEWITT MATHIS,

        Plaintiff,

    -against-                05-cv-4386 (KAM) (RLM)

UNITED HOMES, LLC, UNITED PROPERTY GROUP,
LLC, YARON HERSHCO, GALIT NETWORK, LLC,
and ALLIANCE MORTGAGE BANKING CORP.,

        Defendants.
----------------------------------------X

Exhibit 3
page 11

homes on grossly unfavorable terms to plaintiffs at least in part because of their race. Plaintiffs claim that at least one defendant took action on the plan, and that the plan caused them injury – leaving them with unsound homes and unaffordable, unfair mortgages. Plaintiffs allege that while there was no explicit written agreement between the conspiring parties, the common nature of their actions as well as statistical evidence proves the conspiracy.

26. **Summary of Laws Underlying Plaintiffs' Claims**

The plaintiffs claim that, through their actions, each of the defendants has violated Section 349 of New York's General Business Law, has committed fraud and conspired to commit fraud against the plaintiffs, has violated their rights under the federal anti-discrimination statutes 42 U.S.C. Sections 1981, 1982, and 1985(3), their rights under the Fair Housing Act, 42 U.S.C. Sections 3604 and 3605, and their rights under Title 8 of the New York City Administrative Code, including N.Y.C. Admin. Code Sections 8-107.5 and 8-107.6.

I will now give you a more detailed explanation of each claim.

27. **New York General Business Law Section 349**

Each plaintiff seeks to recover actual damages that were caused by a violation of Section 349 of the New York

Exhibit 3
page 12

General Business Law by the United Homes defendants, Yaron Hershco, Olympia and Alliance.  The purpose of Section 349 of the New York General Business Law is to protect consumers from deceptive practices by sellers of goods and services.  Consumers have the right to an honest market place where trust prevails between buyer and seller. The law provides consumer protection by declaring as unlawful deceptive acts and practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state.

In order to recover for a violation of New York General Business Law Section 349, a plaintiff must prove by a preponderance of the evidence three elements:

First, that a defendant's challenged acts or practices were directed at the consumer public at large;

Second, that the acts or practices were deceptive or misleading in a material way; and

Third, that the plaintiff suffered an injury as a result of these acts.

In this case, you do not have to consider the first part of this test.  You must simply consider whether the acts or practices of the United Homes defendants, or Yaron Hershco, Olympia were misleading in a material way, and whether the plaintiffs sustained injury as a result of these acts.

Exhibit 3
page 13

Plaintiffs claim that the United Homes defendants, Yaron Hershco, and Olympia violated Section 349 of the New York General Business Law by engaging in deceptive acts and practices in connection with the plaintiffs' home purchases and financing transactions.

### a. First Element: Directed at Public At Large

As I mentioned before, this first element is not at issue in this trial. You may consider this element proven.

### b. Second Element: "Deceptive Practices" and "Misleading in a Material Way"

You must decide whether the defendants' acts or practices were deceptive or misleading in a material way. A representation or omission is deceptive if it is likely to mislead a reasonable consumer acting reasonably under the circumstances. A representation or omission is material if it is so substantial or important as to influence the party to whom it is made.

For a representation to be proved false, you do not have to conclude that any specific statement was false. Instead, the question is whether taking all the circumstances of a transaction together, there was a false representation. If the words or acts are reasonably capable of two interpretations, one true, the other false, and are spoken or done with the intention

32

Exhibit 3
page 14

that they be understood in the false sense, you should consider them false.

### c. Third Element: Injury to Plaintiffs

If you find the acts or practices were deceptive or misleading in a material way, you must next decide whether a plaintiff was injured because of these acts by the United Homes defendants, Yaron Hershco, or Olympia.

### d. Damages

If you find that a plaintiff did sustain injury as a result of the violation of New York General Business Law section 349, you must next decide the amount of money the plaintiff lost as a result of defendants' actions.

The law governing deceptive practices permits you to award up to $1,000 to each plaintiff against each defendant for each act or practice that you have found was deceptive or misleading in a material way. Under General Business Law section 349(h), a plaintiff may recover the greater of $50 or actual damages and also may recover triple damages, up to $1,000, if the defendant knowingly or willfully violated the statute. In addition, a plaintiff may seek punitive damages.

### e. Punitive Damages

If you find that a plaintiff did sustain injury as a result of defendants' violations of New York General Business Law

Exhibit 3
page 15

section 349, you may also choose to award the plaintiff punitive damages. In order to determine if punitive damages are appropriate, you must decide if the conduct of the party being held liable evidences a high degree of moral culpability, or whether the conduct is so flagrant as to transcend mere carelessness, or whether the conduct constitutes willful or wanton negligence or recklessness.

## 28. Fraud and Conspiracy to Defraud

Now I will instruct you on the plaintiffs' claim that they were defrauded by the defendants. The plaintiffs seek to recover damages that they claim were caused by a fraud committed by the individual defendants. The plaintiffs also claim that they were injured by a larger conspiracy entered into by the defendants to defraud them. If you find that the defendants defrauded the plaintiffs, you may then determine whether the defendants conspired to defraud the plaintiffs.

In order to recover for fraud, the plaintiffs must prove, by clear and convincing evidence, the following elements:

First, that the defendant made representations of fact to the plaintiff; you must decide whether each defendant made the representations of fact that each plaintiff claims they did;

Second, that the representations were false;

Exhibit 3
page 16

# EXHIBIT 4

Exhibit 4
page 17



3



FILED

JAN 20 2012

CLERK CIRCUIT COURT

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO. 16-2009-CA-013207
DIVISION: CV-D

GEORGE CLAY CHANDLER, AMANDA
CHANDLER, as GEORGE CLAY
CHANDLER'S wife, ALEXANDRA
BLAKE CHANDLER, and BRYAN
ADAM CHANDLER, by and through
his parent and guardian, CAROLINE
CHANDLER,

      Plaintiffs,

vs.

MEMORIAL HEALTHCARE GROUP, INC. d/b/a
MEMORIAL HOSPITAL,

      Defendants.

_____/

## PARTIES' JURY INSTRUCTIONS

The following are the jury instructions in the above matter.

1

Exhibit 4
page 18

The next issue you must decide on the CHANDLER claims against Defendant are:

817 Claim

Whether, Memorial Hospital made or disseminated or caused to be made or disseminated before

the public any misleading advertisement which was a legal cause of the loss, injury, or damage to

Clay Chandler.

25

Exhibit 4
page 19

I instruct you that for the Chapter 817 claim:

You shall presume that the person named in or obtaining the benefits of any misleading advertisement or any such sale is responsible for such misleading advertisement or unlawful sale, unless the person named in or obtaining the benefits of the misleading advertisement overcomes the presumption with the greater weight of the evidence.

The phrase "misleading advertising" includes any statements made, or disseminated, in oral, written, or printed form or otherwise, to or before the public, or any portion thereof, which are known, or through the exercise of reasonable care or investigation could or might have been ascertained, to be untrue or misleading, and which are or were so made or disseminated with the intent or purpose, either directly or indirectly, of selling or disposing of real or personal property, services of any nature whatever, professional or otherwise, or to induce the public to enter into any obligation relating such property or services.

Exhibit 4
page 20

The issues for you to decide on Clay Chandler's claim for fraudulent misrepresentation are:

First, whether Memorial made a false statement concerning a material fact;

Second, whether Memorial knew the statement was false when it made it or made the statement knowing it did not know whether it was true or false;

Third, whether Memorial intended that another would rely on the false statement; and

Fourth, whether Clay Chandler relied on the false statement.

Clay Chandler may rely on a false statement, even though its falsity could have been discovered if Clay Chandler had made an investigation. However, Clay Chandler may not rely on a false statement if he knew it was false or its falsity was obvious to him.

27

Exhibit 4
page 21

# EXHIBIT 5

Exhibit 5
page 22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21893-CIV-HOEVELER


MICHAEL CHOW, *et al.*,

     Plaintiffs,

v.

PHILIPPE CHAU, *et al.*,

     Defendants.

_____/


## INSTRUCTIONS TO THE JURY

Members of the Jury:

     I will now explain to you the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions -- what we call your deliberations.

     In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone. In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted in

1

Exhibit 5
page 23

The Plaintiffs also claim the Defendants violated a Florida law that is known as the Deceptive and Unfair Trade Practices Act. For this claim, the Plaintiffs must prove the following facts by a preponderance of the evidence:

1. **The Defendant engaged in an unconscionable, unfair or deceptive act or practice in the conduct of their restaurant business;**

2. **The act or practice was likely to deceive a consumer acting reasonably under the circumstances; and**

3. **As a result, the Plaintiffs suffered actual damages.**

An "unconscionable, unfair, or deceptive act or practice" is one that offends established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. This is an extremely broad concept, and may include conduct such as infringing on the Plaintiffs' trademark, trade name or trade dress, misappropriation of trade secrets, misappropriation of other confidential information, and passing off one's services as those of someone associated or affiliated with the Plaintiffs.

If you find that each of the elements on which the Plaintiffs have the burden of proof has been proved, your verdict should be for the Plaintiffs on this claim. If, on the other hand, the Plaintiffs have failed to prove all of the elements set forth above, your verdict should be for the Defendants.

Exhibit 5
page 24