DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
DAVID L. KIRMAN (S.B. #235175)
dkirman@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA  90067-6035
Telephone:  (310) 553-6700
Facsimile:  (310) 246-6779

JILL A. MARTIN (S.B. #245626)
jmartin@trumpnational.com
TRUMP NATIONAL GOLF CLUB
One Trump National Drive
Rancho Palos Verdes, CA  90275
Telephone:  (310) 202-3225
Facsimile:  (310) 265-5522

Attorneys for Defendant
DONALD J. TRUMP and
TRUMP UNIVERSITY, LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SONNY LOW et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRUMP UNIVERSITY, LLC et al.,<br><br>Defendants. | Case No. 10-CV-0940-GPC(WVG)<br><br>**[CLASS ACTION]**<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 4 RE: LIVE TRIAL TESTIMONY VIA CONTEMPORANEOUS VIDEO TRANSMISSION FROM A DIFFERENT LOCATION**<br><br>Hearing: November 10, 2016<br>Time:  1:30 p.m.<br>Courtroom:  2d<br>Judge:  Hon. Gonzalo P. Curiel |

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I.   INTRODUCTION ................................................................................................ 1

II.  ARGUMENT ....................................................................................................... 2

   A.   Live Testimony By Video ......................................................................... 2

   B.   PX196 | The CNN Video ........................................................................... 6

III. CONCLUSION ................................................................................................. 11

# TABLE OF AUTHORITIES

Page

**CASES**

*Air Turbine Tech., Inc. v. Atlas Copco AB*,
  410 F.3d 701 (Fed. Cir. 2005) ...................................................................................5

*Draper v. Rosario*,
  No. 14-16340, 2016 U.S. App. LEXIS 16412 (9th Cir. Sep. 7,
  2016) ......................................................................................................................2, 3

*Hernandez v. Hernandez*,
  No. 1:13-cv-01625-MJS (PC), 2015 U.S. Dist. LEXIS 79439 (E.D.
  Cal. June 18, 2015) ....................................................................................................3

*Lyons v. Leonhardt*,
  No. 3:05-CV-400 JCM (VPC), 2013 U.S. Dist. LEXIS 101212 (D.
  Nev. July 19, 2013) ................................................................................................3, 5

*Prideaux v. Tyson Foods, Inc.*,
  387 F. App'x 474 (5th Cir. 2010) ...............................................................................5

*Randolph v. Nix,*
  No. 1:12-cv-00392-LJO-MJS (PC), 2016 U.S. Dist. LEXIS 73442
  (E.D. Cal. June 6, 2016) .............................................................................................3

*Saenz v. Reeves*,
  No. 1:09-cv-00557- BAM (PC), 2013 WL 1636045 (E.D. Cal. Apr.
  16, 2013) .....................................................................................................................3

*United States v. Bonds*,
  608 F.3d 495 (9th Cir. 2010) ......................................................................................9

*United States v. Boone*,
  229 F.d 1231 (9th Cir. 2000) ......................................................................................9

*United States v. Exec. Recycling, Inc.*,
  No. 11-cr-00376-WJM, 2012 U.S. Dist. LEXIS 171084 (D. Colo.
  Dec. 2, 2012) ............................................................................................................10

*United States v. Jayyousi*,
  657 F.3d 1085 (11th Cir. 2011) ................................................................................10

# TABLE OF AUTHORITIES
(continued)

**Page**

*United States v. Leal-Del Carmen*,
   697 F.3d 964 (9th Cir. 2012) ............................................................................. 10

*United States v. Mann*,
   590 F.2d 361 (1st Cir. 1978) ............................................................................... 7

*United States v. Nesmith*,
   29 F. App'x 681 (2d Cir. 2002) ........................................................................... 7

*United States v. Shryock*,
   342 F.3d 948 (9th Cir. 2003) ............................................................................. 10

*United States v. Weekes*,
   611 F.3d 68 (1st Cir. 2010) ................................................................................. 7

*Williamson v. United States*,
   512 U.S. 594 (1994) ........................................................................................ 6, 7

## OTHER AUTHORITIES

FED. R. CIV. P. 43, Advisory Committee's Notes (1996) ........................................... 3

FED. R. EVID. 803, Advisory Committee's Notes ...................................................... 6

Kate Lobosco and Drew Griffin,
   Trump University's 'top' instructor's job was to sell, not teach,
   CNN Money (July 13, 2016, 12:44 PM),
   http://money.cnn.com/2016/07/13/news/trump-university/ ................................ 1

## RULES

FED. R. CIV. P. 43 ................................................................................................. 1, 3

FED. R. CIV. P. 43(a) ................................................................................................. 3

FED. R. EVID. 403 ................................................................................................ 2, 10

FED. R. EVID. 801(d)(2) ........................................................................................... 10

FED. R. EVID. 804(b)(3) ............................................................................................. 2

FED. R. EVID. 807 ...................................................................................................... 2

FED. R. EVID. 807(a) ................................................................................................. 9

- iii -

DEFENDANTS' OPP. TO PLS.' MIL NO. 4
RE: LIVE TRIAL TESTIMONY VIA
CONTEMPORANEOUS VIDEO
TRANSMISSION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' Motion *In Limine* No. 4 seeks: [a] an order granting a "Video Protocol" that would allow more than two dozen unnamed witnesses and one identified witness to testify not in-person from the witness stand in the courtroom, but by video from unspecified locations across the country; and [b] an order allowing plaintiffs to play for the jury a heavily-edited excerpt of an "investigative report" the news broadcaster CNN conducted in 2016.[1]

Plaintiffs come nowhere close to meeting the "good cause," "compelling circumstances," and "appropriate safeguards" requirements of Rule 43 to justify the exceptional step of allowing trial witnesses to testify by video over defendants' objection.  FED. R. CIV. PRO. 43.

- For the two dozen (or more) unnamed witnesses plaintiffs threaten to call by video, Plaintiffs' Motion *in Limine* ("Mot.") at 8, the request must be denied since the Court has no basis to determine whether the requirements of Rule 43 have been met.  The Court does not even know the identities of the witnesses or the circumstances that might justify plaintiffs' extraordinary request.

- With respect to the one witness identified by plaintiffs—James Harris— plaintiffs do not establish their heavy Rule 43 burden.  Indeed, the request should be denied out of hand because plaintiffs submitted <u>no</u> evidentiary support whatsoever to substantiate plaintiffs' contention that "good cause," "compelling circumstances," and "adequate safeguards" exist.  There is no declaration of Mr. Harris, no affidavit of his attorney or plaintiffs' attorney, and no correspondence.  Moreover, plaintiffs failed to apprise the Court of the fact that, when they sought leave to reopen discovery in *Cohen* for the purpose of examining Harris, the Magistrate Judge denied the request because of plaintiffs' "lack of diligence in securing Mr. Harris' deposition before the close of discovery."  Dkt. 128

---

[1] Kate Lobosco and Drew Griffin, Trump University's 'top' instructor's job was to sell, not teach, CNN Money (July 13, 2016, 12:44 PM), http://money.cnn.com/2016/07/13/news/trump-university/.

at 6.

Plaintiffs' "alternative" request is to play for the jury an edited, cropped, out-of-context "investigative report" conducted by CNN that contains editorial commentary from a CNN anchor and unsworn statements by former independent contractor James Harris, which plaintiffs seek to introduce for their truth. Mot. 6-7 & Ex. 1. The CNN video is obviously hearsay and, contrary to plaintiffs' self-serving characterizations of the statements reflected in the transcript, is not subject to the "statement against interest," "residual," or any other hearsay exception. FED. R. EVID. 804(b)(3), 807. Furthermore, the video his highly prejudicial and has no probative value. FED. R. EVID. 403.

## II.   ARGUMENT

### A.   <u>Live Testimony By Video</u>

Plaintiffs ask the Court to authorize them to call more than two dozen people to testify live for the jury but not from the courtroom. These witnesses, plaintiffs say, should be allowed to testify by video pursuant to something called a "Video Protocol." Plaintiffs identify only one witness—James Harris—by name. The others constitute unnamed "TU customers with experiences consistent with those of the representative plaintiffs and other class members…" Mot. 8. Both the generic and specific request should be denied.

<u>The Law</u>. Our system is predicated on parties confronting witnesses live and juries being able to assess witnesses in person, eye to eye, live at trial. *Draper v. Rosario*, 2016 U.S. App. LEXIS 16412, at *21 (9th Cir. Sep. 7, 2016) ("[T]he importance of presenting live testimony in court cannot be forgotten.")  (citations omitted). Testifying out of court—even through a live video feed—is the exception, not the rule. *Randolph v. Nix,* 2016 U.S. Dist. LEXIS 73442, at *4 (E.D. Cal. June 6, 2016) ("In-person witness testimony is the rule and creating an exception to that rule may only be permitted [under the factors of Rule 43(a).])".

1  Consistent with these constitutionally-based principles, Federal Rule of Civil
2  Procedure 43 provides that a witness's testimony "must be taken in open court."
3  FED. R. CIV. P. 43(a). Narrow exceptions may be made to allow for testimony via
4  contemporaneous transmission from a different location but only where the moving
5  party establishes "good cause in compelling circumstances and with appropriate
6  safeguards." *Id.*

7  Good cause is not established merely by "showing that it is inconvenient for
8  the witness to attend the trial." FED. R. CIV. P. 43, Advisory Committee's Notes
9  (1996); *Hernandez v. Hernandez*, 2015 U.S. Dist. LEXIS 79439, at *8 (E.D. Cal.
10  June 18, 2015) (citing Rule 43 committee notes). Rather, typically there must be
11  unavailability due to "unexpected reasons, such as accident or illness" where the
12  witness cannot travel but "remains able to testify from a different place." FED. R.
13  CIV. P. 43, Advisory Committee's Notes (1996); *Robinson v. Adams*, 2015 U.S.
14  Dist. Lexis 9303, at *17-18 (E.D. Cal. Jan. 27, 2015) (citing Rule 43 committee
15  notes and denying request for witnesses to testify via videoconference). Another
16  example of good cause is where testifying live at trial puts the witness in grave
17  physical danger. *See Draper*, 2016 U.S. App. LEXIS 16412 at *21 (approving
18  testimony via video transmission where prisoners who threatened witness may be
19  suspicious of his absence); *Saenz v. Reeves*, 2013 WL 1636045, at *2-3 (E.D. Cal.
20  Apr. 16, 2013) (permitting video testimony where witness was "in fear for his
21  safety" if required to attend in person).

22  Plaintiffs do not meet this exceptional standard. In fact, plaintiffs submitted
23  no evidence of any kind to substantiate the good cause required under Rule 43.

24  <u>Unnamed Witnesses</u>. Plaintiffs do not identify the "dozens (or hundreds)" of
25  potential witnesses whom they threaten to call live at trial.[2] Plaintiffs only state,

---

[2] We note that plaintiffs have not identified "hundreds" of people on their list so it is not clear to whom they may be referring—or if this is just a hollow threat

without any case law or authority, that they are entitled to combat defendants' introduction of the testimony of 25 former TU students with "a proportional number of TU customers with experiences consistent with those of representative plaintiffs and other class members by a nearly 600-to-1 ratio." Mot. 8. This request for a blanket order must be denied because plaintiffs have not even tried to establish the requisite good cause showing. They have not identified by name the witnesses who would be subject to the "Video Protocol." Without knowing who the specific witness is and what cause supposedly exists to permit video testimony (including whether defendants object), the Court does not have a basis to make a ruling. At minimum, the Court must defer ruling until plaintiffs identify the witnesses and establish through evidence the "good cause" warranting a departure from the centuries-old rule of requiring in-person trial testimony.

<u>James Harris</u>. Plaintiffs do identify one witness—James Harris—whom they seek to examine by video. The request must be denied.

Plaintiffs submitted no evidence to substantiate their attorneys' argument that good cause exists to call Mr. Harris by video. Plaintiffs did not provide a declaration from Mr. Harris or his counsel. There is no affidavit from plaintiffs' counsel referencing supposed communications or reasons for the request. Plaintiffs submitted no written correspondence with Mr. Harris or anyone else. Plaintiffs did not even offer an explanation <u>why</u> Mr. Harris cannot appear live. There is literally nothing to their good cause showing except the *ipse dixit* of counsel that he possesses "very important" information at the "crux" of this case. Mot. 3.

Further, plaintiffs omitted key procedural history in this case. Plaintiffs tell the Court they were unfairly denied the opportunity to depose Harris because he initially evaded service and did not appear at a prior deposition. Mot. 3. What

---

manufactured as a ground to deny defendants' their constitutional right to challenge elements of the claims through actual people who took business seminars from TU.

plaintiffs did not disclose is that the reason the Magistrate Judge in *Cohen* declined plaintiffs request to reopen discovery was because plaintiffs failed to act diligently and had acted inappropriately Cohen v. Donald Trump, Case No. 3:13-cv-02519-GPC(WVGx), Dkt. 128 at 6 (S.D. Cal. Aug. 19, 2015):

- "[T]he facts demonstrate a lack of diligence [by plaintiffs] in securing Mr. Harris' deposition before the close of fact discovery." *Id.*
- Plaintiffs were aware of Mr. Harris' potential testimony and his history of elusive behavior but waited until three months into the discovery phase of *Cohen* to issue a deposition subpoena. *Id.* at 5.
- Plaintiffs made untimely motions for contempt after Mr. Harris' nonappearance at his scheduled deposition and failed to notify the court or defendants that they were continuing to pursue Mr. Harris' deposition after the close of discovery. *Id.* at 5-6.
- Five days after the court denied plaintiffs' request to reopen discovery to allow for Mr. Harris' deposition, plaintiffs entered into a joint stipulation with Mr. Harris and failed to disclose the court's ruling to him. *Id.* at 5.

This is the opposite of "good cause" and "compelling circumstances" that would justify departing from the rule of live testimony.

Courts across the country routinely reject parties' attempts to dispense with the live testimony requirement. *See, e.g.*, *Prideaux v. Tyson Foods, Inc.*, 387 Fed. App'x 474, 479 (5th Cir. 2010) (affirming district court's refusal to allow video testimony where moving party only alleged he had difficulty locating his primary witness); *Air Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d 701, 714 (Fed. Cir. 2005) (finding no abuse of discretion where district court denied video testimony and affirming that such a matter is "expressly reserved to the sound discretion of the trial court"). Because plaintiffs fail to establish the necessary good cause in compelling circumstances for any of their proposed witnesses to testify via video,

the Court should deny their request.[3]

### B. PX196 | The CNN Video

As an "alternative[]" form of relief—that is, if the Court declines plaintiffs' invitation to violate Rule 43 and permit video testimony without a showing of good cause—plaintiffs say "the Court should allow plaintiffs to introduce the Harris CNN Video Admission into evidence at trial." Mot. 6.

What plaintiffs call "the CNN Video Admission" is actually PX196, a highly-editorialized, cropped, self-selected video of a CNN "investigative report" conducted by CNN reporter Drew Griffin that contains, in between Griffin's commentary and the commentary of an "UNIDENTIFIED SPEAKER", questions from Griffin and clipped answers from James Harris. Plaintiffs concede PX196 is an out-of-court statement being offered for the truth of the matter and, absent an exception to the hearsay rule, would not be admissible at trial. *See* Mot. 6 (PX196 "qualifies for a hearsay exception"). Plaintiffs identify two possible exceptions: statement against interest (Rule 804(b)(3)) and the residual exception (Rule 807). Neither exception applies.

1. Rule 804(b)(3) | Statement Against Interest. Rule 804 allows exceptions to the hearsay rule upon the theory that under appropriate circumstances, including the deponent's unavailability plus independent indicia of reliability, out of court statements may be admitted into evidence. FED. R. EVID. 804, Advisory Committee's Notes. However, no such guarantees of trustworthiness exist here. The hearsay rule exists to protect against the hazards of out-of-court statements. *See Williamson v. United States*, 512 U.S. 594, 598 (1994) (noting that hazards

---

[3] The lone case cited by plaintiffs—*Lyons v. Leonhardt*, 2013 U.S. Dist. LEXIS 101212 (D. Nev. July 19, 2013), at *27—is readily distinguishable because, in that case, "all parties agree[d] that testimony should be presented by transmission," which was a key factor under the Rule 43 commentary. Here, of course, both parties do not agree.

include issues with sincerity, perception, memory, and narration). The traditional trial safeguards minimize these dangers through "the oath, the witness' awareness of the gravity of the proceedings, the jury's ability to observe the witness' demeanor, and most importantly, the right of the opponent to cross-examine." *Id.* Plaintiffs cannot meet either of the elements of the Rule 804(b)(3) hearsay exception.

      a.    <u>Unavailable</u>. For Rule 804 to apply, plaintiffs must establish that the declarant—presumably Mr. Harris, although PX196 contains other speakers as well—is "unavailable." Plaintiffs do not address Mr. Harris' alleged unavailability, but we presume they will argue he is "absent from the trial or hearing and the statement's proponent has not been able, <u>by process or other reasonable means</u>, to procure the declaration's attendance <u>or testimony</u>, in the case of a hearsay exception under" Rule 804(b)(3). FED. R. EVID. 804(a)(5) (emphasis added). Plaintiffs had the opportunity to obtain Harris' testimony by deposition. Had they examined Harris, his deposition would be admissible at trial just like any other testimony. Plaintiffs failed to secure his testimony and, as the Magistrate Judge found, it was due to "a lack of diligence [by plaintiffs] in securing Mr. Harris' deposition before the close of fact discovery." *Cohen* Dkt. 128 at 6. In other words, plaintiffs had a reasonable opportunity to secure Harris' testimony and they exercised a "lack of diligence" in doing so. Courts reject efforts to introduce out-of-court statements of declarants where the propounding party failed to exercise diligence in securing the testimony through discovery. *See, e.g.*, *United States v. Mann*, 590 F.2d 361, 367 (1st Cir. 1978) (where an absent witness is beyond the court's jurisdiction, the proponent must show "diligent effort on its part to secure the (witness') voluntary return to testify"); *United States v. Weekes*, 611 F.3d 68, 71 (1st Cir. 2010) (affirming district court's finding that witness was not unavailable where proponent failed to meet the "relatively high" standard of showing good faith

1 effort to procure witness); *United States v. Nesmith*, 29 Fed. App'x 681, 684 (2d
2 Cir. 2002) (approving district court's finding that witness was not unavailable
3 where proponent "made some efforts to locate the witness, [but] they were not
4 extensive").

5   b.   <u>Not Against Interest</u>.  Even if plaintiffs could establish that
6 Harris is "unavailable" for purposes of Rule 804(a), they fail to show that PX196
7 constitutes a "statement against interest" for purposes of Rule 804(b)(3).

8   As an initial matter, PX196 contains numerous editorial and highly
9 prejudicial statements by the reporter and an unidentified speaker.  For instance, an
10 unidentified speaker says:  "James Harris admits his main job wasn't to teach real
11 estate, it was to sell real estate seminars, always with the goals of hooking his
12 audience into buying more classes" and "Chris [referring to another CNN reporter],
13 did Donald Trump even know James Harris?  The answer seems to be no."  PX 198
14 at 8.  These editorial comments by a reporter obviously have no place in this trial.

15   Plaintiffs appear to argue <u>Mr. Harris's statements</u> fit within the statement
16 against interest because Mr. Harris "essentially confessed to lying to his clients
17 about the TU products he was peddling."  Mot. at 7.  This is a gross distortion and
18 utterly ignores the Mr. Harris's statements that he had "never seen that
19 [document]," "d[id]n't have any recollection of that," and "[was] not prepared to
20 answer those questions today."  Indeed, while plaintiffs' counsel apparently
21 believes "there is no way that Mr. Harris would have made these statements unless
22 he believed them to be true" because they "undermine his ability to ever sell a
23 product again to a consumer," they wholly ignore the statement *on the very exhibit*
24 *they seek to introduce* that:

25   As for James Harris, he has moved on to a new venture posting
    easy money work-from-home videos on the internet, <u>and yes, he</u>
26   <u>is touting his success at Trump University as one of the reasons</u>
    <u>you can continue to trust him.</u>  (PX198 at 8; Mot. Ex. 1)
27

28

- 8 -

DEFENDANTS' OPP. TO PLS.' MIL NO. 4
RE: LIVE TRIAL TESTIMONY VIA
CONTEMPORANEOUS VIDEO
TRANSMISSION

1  These circumstances—CNN investigative report; reporter editorializing; lack of recollection; and "touting success" as a "reason to trust"—do not remotely establish indicia of trustworthiness sufficient to meet Rule 804's exacting standard.[4]

Rule 807 | Residual Hearsay Exception. PX196 plainly does not fall under the Rule 807 residual hearsay exception. Rule 807 applies only when the propounding party is able to show that: (1) the statement has "equivalent circumstantial guarantees of trustworthiness," (2) it is offered as evidence of a material fact, (3) it is more probative on the subject than other evidence the proponent can obtain through reasonable efforts, and (4) admitting it serves the interests of justice. FED. R. EVID. 807(a). Furthermore, the propounding party is required to give ample notice of intent to use the statement "so that the [opposing] party has a fair opportunity to meet it." *Id.* The Ninth Circuit has held that Rule 807 should be used "only in exceptional circumstances." *United States v. Bonds*, 608 F.3d 495, 501 (9th Cir. 2010). There is nothing exceptional about these circumstances.

Once again, because plaintiffs failed to exercise reasonable diligence in securing Mr. Harris' trial testimony by deposition, *Cohen* Dkt. 128, it would be a disservice to justice to allow plaintiffs to introduce PX196. Moreover, for the reasons explained above, neither the CNN reporter's statements nor Mr. Harris' reflect "equivalent circumstantial guarantees of trustworthiness." This is one news source's "investigative report" with editorializing. Mr. Harris said repeatedly he

---

[4] Plaintiffs' citation to *United States v. Boone*, 229 F.3d 1231, 1234 (9th Cir. 2000), only underscores our point. There, plaintiffs established that the declarant was unavailable under Rule 804(a) and, further, the incriminating statements were made by a boyfriend to his girlfriend in a "private setting" that was secretly taped. Those circumstances provided independent indicia of reliability. Here, in contrast, according to PX 196 itself, Mr. Harris agreed to speak to a national audience to "tout his success at Trump University" as "one of the reasons you can continue to trust him."

was not familiar with documents shown to him or that he did not recall things being asked of him.  Mr. Harris also "touted his success at Trump University as one of the reasons you can continue to trust him."  In *United States v. Shryock*, the Ninth Circuit found that the residual hearsay exception did not apply to a statement where declarant "was merely exculpating himself."  342 F.3d 948, 982 (9th Cir. 2003).

Even the case plaintiffs cite supports the finding that there is no residual hearsay exception here.  In *United States v. Leal-Del Carmen*, the Ninth Circuit admitted videotaped evidence under Rule 807.  697 F.3d 964, 974 (9th Cir. 2012).  It found sufficient circumstantial guarantees of trustworthiness because the videotaped interview was *taken under oath.  See id.*  Mr. Harris obviously was not under oath before CNN.

Plaintiffs' other cases—*United States v. Exec. Recycling, Inc.,* 2012 U.S. Dist. LEXIS 171084 (D. Colo. Dec. 2, 2012), and *United States v. Jayyousi,* 657 F.3d 1085 (11th Cir. 2011)—are readily distinguishable.  In *Exec. Recycling*, the court allowed limited portions of a *60 Minutes* episode.  2012 U.S. Dist. LEXIS 171084 at *7.  It found that the interview segment was admissible as nonhearsay because it contained the prior statements of one of the defendants.  *Id.*  This is not the case here.  Mr. Harris is not a party to this case, and the CNN Interview is not offered against him.  *See* Fed. R. Evid. 801(d)(2).

In the obviously unique case of *Jayyousi*, the Eleventh Circuit allowed the government to introduce a televised interview with Osama Bin Laden *not for its truth* but expressly for the purpose of establishing the defendants' states of mind.  657 F.3d 1085, 1108.  Plaintiffs here, in contrast, seek to introduce PX196 for its truth—going so far as to call it the "CNN Video <u>Admission</u>."  Mot. 4.

3.  <u>Rule 403</u>.  Even if the video were subject to an exception, the extreme and unfair prejudice of introducing it easily outweighs any conceivable value.  Fed. R. Evid. 403.  This is again demonstrated by plaintiffs' own case.  *See Exec.*

*Recycling, Inc.*, 2012 U.S. Dist. LEXIS 171084 at *9 (excluding television segment where video was "edited and spliced together" and included commentary that was prejudicial to objecting party).

## III. CONCLUSION

The Court should deny plaintiffs' Motion *in Limine* No. 4.

Dated: November 1, 2016  O'MELVENY & MYERS LLP

By: /s/ Daniel M. Petrocelli
      Daniel M. Petrocelli

Attorneys for Defendants
TRUMP UNIVERSITY, LLC and
DONALD J. TRUMP

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2016, I caused the foregoing to be electronically filed with the clerk of the court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 1, 2016, at Los Angeles, California

/s/ Daniel M. Petrocelli
DANIEL M. PETROCELLI