ROBBINS GELLER RUDMAN & DOWD LLP
PATRICK J. COUGHLIN (111070)
patc@rgrdlaw.com
X. JAY ALVAREZ (134781)
jaya@rgrdlaw.com
JASON A. FORGE (181542)
jforge@rgrdlaw.com
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
DANIEL J. PFEFFERBAUM (248631)
dpfefferbaum@rgrdlaw.com
BRIAN E. COCHRAN (286202)
bcochran@rgrdlaw.com
JEFFREY J. STEIN (265268)
jstein@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
225 Broadway, Suite 2050
San Diego, CA 92101
Telephone: 619/342-8000

Class Counsel

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY LOW, J.R. EVERETT and JOHN BROWN, on Behalf of Themselves and All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>TRUMP UNIVERSITY, LLC, a New York Limited Liability Company and DONALD J. TRUMP,<br><br>　　　　　　　　　　Defendants. | No. 3:10-cv-0940-GPC(WVG)<br><br>CLASS ACTION<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2: DEFENDANTS' MOTION TO EXCLUDE CERTAIN STATEMENTS BY OR ABOUT DONALD TRUMP<br><br>DATE:　　November 10, 2016<br>TIME:　　1:30 p.m.<br>CTRM:　　2D<br>JUDGE:　 Hon. Gonzalo P. Curiel |

1201907_1

## I. INTRODUCTION

Donald Trump's dizzying array of objectively false, contradictory, and self-defeating statements have left him so flummoxed he is demanding that the Court create a new category of immunity to protect him from himself. As a key witness in a case about his deception of others, Trump's representations, acts (or lack thereof), and credibility will be among the most important issues for the jury to determine. Trump wants to rig the deck by hiding from the jury his own words. All of them – no matter how probative they are of his credibility or how clearly they relate to the elements. The statements are so numerous Trump does not even try to identify them: all "evidence and arguments relating to the events of the Presidential primaries and general election and campaign, including statements by or about Mr. Trump made or publicized while he was running for President of the United States." *See* Dkt. 524 at 1. For this reason alone, the Court should summarily deny Trump's motion *in limine* No. 2 ("MIL No. 2"). No Court has ever provided the kind of blanket immunity Trump demands.

Whether Trump admitted the falsity of his handpicked representation (which he did) while running for President or celebrating Cinco de Mayo, there is no basis in the law to exclude such an admission. Likewise, if Trump made a series of objectively false statements, there is no basis in the law to prevent plaintiffs from confronting Trump with such statements. Trump's demand cannot be reconciled with the Federal Rules of Evidence ("FRE") and the decades of cases applying them. Because his motion sweeps with such an indiscriminately wide brush, there is not a single statement for the Court to consider, and Trump has only himself to blame. Plaintiffs' counsel are officers of the Court, and will conduct their cross-examination within the boundaries of the FRE. That is the only assurance to which Trump is entitled. The Court should deny Trump's motion and simply apply the FRE to whatever objections defendants raise to any given question at trial, when reference can be made to actual evidence and argument.

## II. ARGUMENT

### A. Trump's Motion Should Be Denied Outright for Vagueness

For a motion *in limine*, "blanket rulings affecting broad categories of evidence are premature" and "are better considered on a case-by-case basis at trial." *Med. Instrumentation & Diagnostics Corp. v. Elekta AB*, No. CV-97-2271-RHW, 2002 U.S. Dist. LEXIS 28726, at *9 (S.D. Cal. Jan. 14, 2002).

Trump's motion should be denied because he has not even bothered to specify what evidence and argument it encompasses. As drafted, Trump's request is practically boundless. Defendants seek to exclude every statement by or about Trump or this case and every piece of evidence publicized in the media since Trump began his presidential run, evidence defendants acknowledge relates to "***every aspect of Mr. Trump's life***."[1]  *See* Dkt. 524 at 1. Defendants do not specify, or even provide examples of, exactly what evidence by or about Trump or his campaign they seek to exclude, do not specify the applicable time period, and as result fail to even attempt to explain why any particular piece of evidence is irrelevant, unfairly prejudicial, or amounts to improper character evidence. *See id.* at 1-6. Plaintiffs and the Court are left to guess as to the true extent of Trump's requested relief and to speculate as to possible bases that may relate to unidentified items of evidence. By casting such an overbroad net, defendants hope to ensnare even admissible evidence with a sweeping ruling that would inflict maximum collateral damage on plaintiffs' ability to put on their case-in-chief, impeach witnesses, or rebut evidence. *See* §§II.B-II.C, *infra*.

The unworkable lack of specificity in Trump's requested relief and the injustice it invites are reason alone to deny his motion. *See Christmas v. City of Chi.*, 691 F. Supp. 2d 811, 819-20 (N.D. Ill. 2010) (denying motion to exclude purportedly "highly publicized" misconduct allegations for failure to specify what evidence was covered by the motion). Obviously, plaintiffs' counsel must comport themselves within the

---

[1] Emphasis added and citations and footnotes omitted and unless otherwise noted.

1  boundaries of the FRE and the cases applying them, and the Court always maintains
2  discretion over evidentiary issues as they arise during trial, but the vagueness and
3  overbreadth of Trump's MIL No. 2 preclude any ruling on it other than denial.

### B. There Is No "Campaign-Based" Exclusion in the FRE

Rather than identify specific evidence, Trump's motion asks the Court to create by fiat a broad new exception excluding even highly probative and otherwise admissible evidence so long as it "relates" to a presidential campaign. Such a blanket rule of exclusion does not exist, conflicts with the FRE that do exist, and would prove manifestly unjust and unworkable. *See, e.g.*, *United States v. Gray*, No. 3:09 CR 182, 2010 U.S. Dist. LEXIS 91939, at *3-*4 (N.D. Ohio Sept. 3, 2010) (denying motion to exclude evidence regarding reelection campaign as it would exclude potentially relevant evidence). Trump's primary case citation, *Apple v. Samsung*, No. C-11 01846 (N.D. Cal.), only confirms the complete dearth of support for his position. *See* Dkt. 524 at 3, 5. Trump relies on nothing more than a soundbite from a hearing on an undescribed sealed motion *in limine* about unspecified information related to Steve Jobs from a case to which Jobs was not a party, that involved no representations by Jobs, and in which Jobs' credibility was not at issue. *Apple v. Samsung*, No. C-11 01846), Dkt. 1323 (Apple's trial brief) at 1 (N.D. Cal. July 25, 2012) ("Samsung is on trial because it made a deliberate decision to copy Apple's iPhone and iPad."); *id.*, Dkt. 1322 (Samsung's trial brief) at 1 ("In this lawsuit, Apple seeks to stifle legitimate competition and limit consumer choice to maintain its historically exorbitant profits."). Unlike the *Apple-Samsung* trial, **Trump is an individual defendant in this case**, and this case is primarily about Trump's representations, actions (or lack thereof), and credibility.

Similarly inapposite is the other case Trump cites (Dkt. 524 at 3): *The Saturday Team, Inc. v. Thien Thanh Thi Nguyen,* No. 2:07-cv-01794 (C.D. Cal.), which "involve[d] [Tila] Tequila's alleged breach of a recording agreement." *Id.*, Dkt. 64 at 2. Trump's MIL No. 2 fails to acknowledge that the motion *in limine* in *Saturday*

1 *Team* was very specific as to the evidence it sought to exclude: "Ms. Tequila's
2 avowed bisexuality, nude photographs, and obscenity-filled songs . . . ." *Id*. at 5.
3 There is no analogy whatsoever between the Tila Tequila motion *in limine*, which
4 identified the specific evidence at issue, and Trump's MIL No. 2, which covers all
5 possible topics of all statements Trump has made over the past year-and-a-half, and
6 focuses on the media or context in which he made such statements (*e.g.*, "Tweets,"
7 "Comments about this case," "Audio and video recordings made or publicized during
8 the campaign," etc. (Dkt. 524 at 2)), rather than actual statements.  Trump's repeated
9 resort to the tactic of grabbing no-context soundbites from disparate cases only
10 highlights the absurdity of his request for blanket immunity protection and confirms
11 that no actual rules or cases support it.

12 As they have demonstrated throughout this litigation, plaintiffs have no desire
13 to politicize this case.  *See, e.g.*, Dkt. 518 at 5-8.  On the other hand, Trump has
14 repeatedly done so.  *See, e.g.*, *Cohen* Dkt. 211 at 11 (finding Trump "has placed the
15 integrity of these court proceedings at issue").  As such, there is no legal or logical
16 basis for the Court to defy the FRE and decades of caselaw by creating the new
17 category of *per se* inadmissible "campaign" evidence that Trump demands.

18     **C.**     **Relevant Evidence Is Admissible**

19 Trump's motion seeks to exclude evidence relevant to plaintiffs' case-in-chief,
20 and, likely, to impeachment and rebuttal.  Again, Trump chose not to identify in his
21 MIL No. 2 a single statement or document he wants the Court to exclude, and
22 plaintiffs are not going to outline for Trump their cross-examination of him.

23 Evidence is relevant if "it has any tendency to make a fact more or less probable
24 than it would be without the evidence" and "the fact is of consequence in determining
25 the action."  FRE 401.  And relevant evidence is admissible.  FRE 402.  Another
26 "'basic rule of evidence provides that prior inconsistent statements may be used to
27 impeach the credibility of a witness.'"  *United States v. Bao*, 189 F.3d 860, 865-66
28 (9th Cir. 1999) (collecting cases); *see also Grunewald v. United States*, 353 U.S. 391,

418, (1957) ("It is, of course, an elementary rule of evidence that prior statements may be used to impeach the credibility of . . . an ordinary witness.").

Plaintiffs and defendants agree that Phase 1 of trial is narrowly focused on Trump's "alleged misrepresentations during the Class Period." *See* Dkt. 524 at 2-3. However, Trump's focus on a litany of media and contexts, without identifying a single specific statement he seeks to exclude, renders nonsensical his irrelevance contention. The fact that Trump happened to have made an unidentified statement in a tweet provides no basis whatsoever for the Court to make a relevance determination. A defendant could confess a crime in a tweet, but that would not render the confession inadmissible. Nor should the Court, or plaintiffs, have to do Trump's work for him. He chose not to identify a single statement he wishes to exclude, and neither the Court nor plaintiffs should attempt to fill in this gigantic blank by identifying examples of inadmissible and admissible statements.

Moreover, despite FRE 607's mandate that "[a]ny party . . . may attack [a] witness's credibility," Trump's motion would eviscerate plaintiffs' right to present such evidence. In the course of the campaign, news organizations have collected and publicized practically every known Trump falsehood over the years, bringing all such statements within the gambit of Trump's motion. Trump's penchant for dishonesty is so all-encompassing that the fact-checker news organization PolitiFact "couldn't settle on just one," and instead awarded Trump's entire campaign the "2015 Lie of the Year."[2] Trump cannot be allowed to bar from trial, without reference to a single specific statement or grounding in precedent, his own well-documented mélange of misrepresentations, falsehoods and flip-flops, as such statements are textbook impeachment evidence appropriate for trial.

---

[2] Angie Drobnic Holan, Linda Qui, *2015 Lie of the Year: the campaign misstatements of Donald Trump*, http://www.politifact.com/truth-o-meter/article/2015/dec/21/2015-lie-year-donald-trump-campaign-misstatements/ (last visited Oct. 30, 2016).

Defendants have made no effort to separate the relevant wheat from the irrelevant chafe, inviting the Court to erroneously exclude relevant evidence before it is even identified. In fact, the few subjects that Trump vaguely describes confirm that his motion seeks to exclude relevant evidence, starting with the subject of "this case." Dkt. 524 at 2. The Court need go no further than that to see that this is not a motion brought in good faith. Below are a few additional examples to further prove the point:

### 1. *Donald J. Trump Foundation Or Other Businesses Owned Or Managed By Mr. Trump Not Part Of This Litigation, Including Trump Organization*

Trump's bald characterization of broad categories of people and entities as "unrelated to this litigation" does not make them so. *See* Dkt. 524 at 2. For example, Trump Organization ("Trump Org.") is relevant to this case in multiple respects. Some of the most critical emails concerning the "fictitious office" gambit that TU ran on the NYSED are emails: (1) between Sexton and Trump Org. employees; and (2) among Trump Org. employees. *See* Exs. 1-2.[3] In addition, Trump Org. money men were responsible for monitoring all of TU's expenditures, and as Trump Org.'s CFO Alan Weisselberg put it, TU was just another investment for Trump and the goal was to maximize profits. *See Cohen* Dkt. 220-1, Ex. C at 47:21-48:1, 62:23-63:9, 111:7-15. This evidence is probative of Trump's failure to handpick TU's Live Events' instructors because, in contrast to using his money men at Trump Org. to maximize TU's profitability, Trump did not use any of his real experts at Trump Org. to teach TU's Live Events or review TU's curriculum. *See Cohen* Dkt. 254-1, Ex. 2 at 43:10-44:21, 169:11-23, 310:3-24. These are just two examples, but two are all it should take to demonstrate why defendants' request for a sweeping exclusion of all evidence concerning, or references to, Trump Org. is entirely unjustified.

---

[3] Pursuant to the Court's August 2, 2016 Order (Dkt. 502), plaintiffs have limited their attachments to this opposition to 10 pages. Plaintiffs are prepared to provide the Court with complete versions of any attached document or copies of any documents referenced herein upon request. All references to "Ex. __" are to the exhibits attached hereto.

### 2. *Other Politicians, State Attorney Generals Or Public Servants; Statements By Campaign Surrogates*

Similarly, Trump's attempt to exclude all statements by "public servants" (whatever that may mean) may improperly limit relevant evidence. *See* Dkt. 524 at 2. For example, the NYSED found Trump had unlawfully called itself a "university." *See* Ex. 3. Likewise, the Better Business Bureau ("BBB") recorded student complaints that TU falsely portrayed itself as an "accredited" university. *See* Ex. 4. Clearly, both items are relevant to show that Trump's representation that TU was a legitimate university were misleading and material when made. Evidence within this category may also be relevant for impeachment purposes, a point colorfully illustrated by Trump's publicized lies about TU's BBB rating.[4]

### 3. *Beauty Pageants, Casinos And Corporate Bankruptcies; Other Litigation; Statements About Individuals Or Entities Unrelated To This Litigation*

As with Trump's other categories of evidence, there is currently no way to determine whether any and "all" evidence regarding Trump's corporate bankruptcies, casinos, beauty pageants, other litigation and statements about other individuals – which could encompass practically Trump's entire professional life – should be excluded from trial for any purpose. *See* Dkt. 524 at 2. For example, some such evidence may be relevant for impeachment.[5] However, defendants have utterly failed to specify what evidence their motion seeks to exclude and the basis for any such exclusion, and it is not for plaintiffs to divine what defendants may have meant by their motion. *See, e.g.*, *Util. Trailer Sales of Kan. City, Inc. v. MAC Trailer Mfg., Inc.*, No. 09-2023-JPO, 2010 U.S. Dist. LEXIS 48089, at *7-*8 (D. Kan. May 14, 2010)

---

[4] *See, e.g.*, Christina Wilkie, *Better Business Bureau: Trump Lied About Trump University Rating*, http://www.huffingtonpost.com/entry/trump-university-better-business-bureau_us_56df236fe4b0000de4064879 (last visited Oct. 30, 2016).

[5] *See, e.g.*, *Reports: Donald Trump lied about gaming and Florida casinos*, http://www.cbsnews.com/news/reports-trump-caught-in-lie-about-gaming-and-florida-casinos/ (last visited Oct. 30, 2016).

(denying motion *in limine* where moving party failed to "specify the legal basis" and meet burden of demonstrating "the evidence is inadmissible on any relevant ground").

### D.   The Evidence Is Not Unfairly Prejudicial

Under FRE 403, relevant evidence may be excluded if its probative value is "substantially outweighed" by the danger of "unfair prejudice" and similar risks. However, "[a]ll evidence which tends to establish the guilt of a defendant is, in one sense, prejudicial to that defendant, but that does not mean that such evidence should be excluded." *United States v. Bailleaux*, 685 F.2d 1105, 1111 (9th Cir. 1982). To the contrary, the rule only concerns "'***unfair*** prejudice,'" which must "'substantially outweigh'" any probative value to warrant exclusion. *Id.* (emphasis in original).

Defendants argue that Trump's own words and actions – no matter how relevant to the claims to be tried – should be excluded on prejudice grounds. *See* Dkt. 524 at 4-6. Although defendants once again fail to provide any specifics, it is clear from the broad categories defendants seek to exclude, exampled above, that they mean "prejudice" in the sense of harmful to their defense. In an example of life imitating art, defendants pull a page from a recent *Saturday Night Live* skit, in which Alec Baldwin's Trump made essentially the same argument in a parody of a presidential debate:

> Trump:   Because frankly, this whole thing is rigged.  Even the media.  Every day I turn on the news and all of the newscasters are making me look so bad.
>
> Moderator:  And how are we doing that?
>
> Trump:   By taking all of the things I say, and all of the things I do, and putting them on TV.[6]

The joke, of course, is that Trump is complaining not that his words and actions are being ***unfairly*** portrayed, but that they are being accurately portrayed. The same is true for Trump's MIL No. 2, which does not identify a single statement that was not

---

[6] *Donald Trump vs. Hillary Clinton Third Debate Cold Open – SNL*, YouTube (Oct. 23, 2016), available at https://www.youtube.com/watch?v=-kjyltrKZSY (last visited Oct. 30, 2016).

tweeted, recorded, or repeated accurately. Simply because evidence tends to undercut Trump's defense or ability to appear as a credible witness cannot warrant its exclusion under FRE 403. *See, e.g.*, *U.S.A. v. Boyajian*, No. CR 09-933(A)-CAS, 2012 U.S. Dist. LEXIS 132709, at *62 (C.D. Cal. Sep. 17, 2012) ("Unfair prejudice is prejudice stemming from the ***non-probative*** aspects of the evidence.").

Nor can the fact that Trump is a public figure subject to media scrutiny render every statement by or about him or publicized within the last year-and-a-half "unfairly prejudicial." *Scott v. Infostaf Consulting, Inc.*, No. 09-1175, 2011 U.S. Dist. LEXIS 23578, at *8-*9 (W.D. Pa. Mar. 9, 2011) (denying motion to exclude "otherwise relevant and admissible testimony solely based on [the witness's] public stature"). FRE 403 requires a probative-prejudice balancing that is simply impossible to perform in the abstract and without reference to any specific evidence. *See United States v. Evans*, 728 F.3d 953, 964 (9th Cir. 2013). Without knowing what the evidence is, the Court cannot assess its relevance let alone any risk of unfair prejudice.[7] *See United States v. LeMay*, 260 F.3d 1018, 1023, 1030 (9th Cir. 2001) (upholding finding that the "'appropriate [403] balancing test [was] . . . best left for trial,'" as "district judges must carefully evaluate the potential inflammatory nature of the proffered testimony, and balance it with that which the jury has already heard, the relevance of the evidence, the necessity of introducing it, and all the other relevant factors").

The only unfairness that ***can*** be readily identified in connection with Trump's motion is his attempt to seek broad immunity because of his decision to run for president, pursuit of the limelight, and incendiary comments and behavior. Trump's motion should be denied.

---

[7] The breadth of Trump's motion and its complete lack of specificity distinguishes the relief Trump seeks from other cases in which courts were able to perform the appropriate balancing test. *See, e.g.*, *United States v. McDermott*, 245 F.3d 133, 141-42 (2d Cir. 2001) ("A proper Rule 403 analysis requires a realistic balancing, not an examination of far-reaching possibilities.").

### E. The Evidence Is Not Improper Character Evidence

Trump cites to his unspecified "character" traits, "wrongs," and "acts" that would purportedly be covered by his hopelessly broad motion to argue the motion should be granted under FRE 404. *See* Dkt. 524 at 3-4. Again, plaintiffs and the Court are left to wonder what specific evidence Trump is talking about, and Trump's motion should be denied for this reason alone.

In addition, to the extent any evidence implicated by Trump's motion is covered by FRE 404, he completely ignores the well-established exceptions to the rule. *See* FRE 404(a)(3). For example, under FRE 608(a), reputation and opinion evidence regarding a witness's "character for truthfulness or untruthfulness" may be admissible. Similarly, under FRE 608(b), extrinsic evidence of a specific instance of conduct may be introduced on cross-examination for impeachment purposes. Under FRE 404(b)(2), even evidence of prior bad acts may be admissible for non-character purposes, which Trump's own case citations make clear "is ***a rule of inclusion – not exclusion***." *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007). In short, the broad categories of evidence cited in Trump's motion may include evidence completely outside of FRE 404, subject to FRE 404, or that falls within one of the many FRE 404 exceptions, or, most likely, all of the above. Without any specifics, the Court has no way of sensibly ruling on FRE 404 grounds, other than to deny Trump's motion in its entirety.

## III. CONCLUSION

For the reasons provided herein, plaintiffs respectfully request that the Court deny Trump's motion to exclude all evidence by or about Trump or publicized during his presidential campaign.

DATED: November 1, 2016                   Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP

s/ Brian E. Cochran
BRIAN E. COCHRAN

| | |
|---|---|
| 1 | |
| 2 | PATRICK J. COUGHLIN |
| | X. JAY ALVAREZ |
| 3 | JASON A. FORGE |
| | RACHEL L. JENSEN |
| 4 | DANIEL J. PFEFFERBAUM |
| | BRIAN E. COCHRAN |
| 5 | JEFFREY J. STEIN |
| | 655 West Broadway, Suite 1900 |
| 6 | San Diego, CA  92101 |
| | Telephone:  619/231-1058 |
| 7 | 619/231-7423 (fax) |
| 8 | ZELDES HAEGGQUIST & ECK, LLP |
| | AMBER L. ECK |
| 9 | AARON M. OLSEN |
| | 225 Broadway, Suite 2050 |
| 10 | San Diego, CA  92101 |
| | Telephone:  619/342-8000 |
| 11 | 619/342-7878 (fax) |
| 12 | Class Counsel |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 1, 2016.

s/ Brian E. Cochran
BRIAN E. COCHRAN

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:       bcochran@rgrdlaw.com

**Mailing Information for a Case 3:10-cv-00940-GPC-WVG Low v. Trump University, LLC et al**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Xavier Jay Alvarez**
  jaya@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Brian E. Cochran**
  bcochran@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Patrick J Coughlin**
  patc@rgrdlaw.com,e_file_sd@rgrdlaw.com,susanm@rgrdlaw.com

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com,nadiak@zhlaw.com

- **Jason A Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jeffrey L. Goldman**
  jgoldman@bbwg.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,winkyc@zhlaw.com,nadiak@zhlaw.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,lmix@rgrdlaw.com,llendzion@rgrdlaw.com,e_file_sd@rgrdlaw.com,hbrown@rgrdlaw.com,mbacci@rgrdlaw.com,JayA@rgrdlaw.com,KLavelle

- **David Lee Kirman**
  dkirman@omm.com,awyman@omm.com,tmoore@omm.com,iyanniello@omm.com,hleewong@omm.com,sbrown@omm.com

- **Jill Ann Martin**
  jmartin@trumpnational.com,lvincent@trumpnational.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Maureen E. Mueller**
  mmueller@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Aaron M. Olsen**
  aarono@zhlaw.com,winkyc@zhlaw.com

- **Daniel M. Petrocelli**
  dpetrocelli@omm.com

- **Daniel Jacob Pfefferbaum**
  dpfefferbaum@rgrdlaw.com

- **Jeffrey J. Stein**
  JStein@rgrdlaw.com

- **Helen Irene Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)