ROBBINS GELLER RUDMAN & DOWD LLP
PATRICK J. COUGHLIN (111070)
patc@rgrdlaw.com
X. JAY ALVAREZ (134781)
jaya@rgrdlaw.com
JASON A. FORGE (181542)
jforge@rgrdlaw.com
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
DANIEL J. PFEFFERBAUM (248631)
dpfefferbaum@rgrdlaw.com
BRIAN E. COCHRAN (286202)
bcochran@rgrdlaw.com
JEFFREY J. STEIN (265268)
jstein@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
225 Broadway, Suite 2050
San Diego, CA 92101
Telephone: 619/342-8000

Class Counsel

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY LOW, J.R. EVERETT and JOHN BROWN, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRUMP UNIVERSITY, LLC, a New York Limited Liability Company and DONALD J. TRUMP,<br><br>Defendants. | No. 3:10-cv-0940-GPC(WVG)<br><br><u>CLASS ACTION</u><br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 6: DEFENDANTS' MOTION TO EXCLUDE EVIDENCE RELATED TO STUDENTS' FINANCIAL CONDITION<br><br>DATE: November 10, 2016<br>TIME: 1:30 p.m.<br>CTRM: 2D<br>JUDGE: Hon. Gonzalo P. Curiel |

1202697_1

# I. INTRODUCTION

Consistent with the Court's orders on class certification and bifurcation, the parties generally agree that the scope of this upcoming Phase 1 of trial should be narrow. Dkt. 527 at 3 (defendants' Motion *in Limine* No. 6 ("MIL No. 6")); *see also* Dkt. 418 at 19. Defendants' MIL No. 6, however, sweeps too broadly by seeking to exclude from Phase 1 even evidence related to the class representatives' financial circumstances, who are the only student-victims from whom the jury should hear testimony. *See generally* Dkt. 509.

Although plaintiffs will not belabor the evidence about their financial circumstances, defendants' motion is so hopelessly vague that it may preclude even fundamentally-relevant evidence, including whether the class representatives paid for the TU Live Events at issue. Such evidence also supports the class representatives' reliance on defendants' representations. Plaintiffs paid defendants much of the money they had – and even money that they had to borrow. The fact that plaintiffs were willing to go out on such a thin financial limb demonstrates that they relied on the promise of learning from Trump's handpicked experts at a legitimate university. The jury needs to understand that, relative to plaintiffs' finances, this was a very significant expenditure, and not one into which they would have entered lightly. This is the most objective indication of the class representatives' reliance, and the only way the jury can assess the relative significance of this investment is if plaintiffs provide a window into their financial circumstances when they enrolled. Given the importance of this evidence, defendants' objections concerning the class representatives are not well taken.

But defendants' MIL No. 6 seems more concerned about evidence from non-representative former students. *See* Dkt. 527 at 4-5 ("Hearsay," "Internal Student Records," and "Statements By Non-Class Representatives"). Provided that such individuals are excluded from trial, plaintiffs have no intention of offering evidence about their financial circumstances, rendering moot the majority of defendants'

1  motion.  If, however, the Court changes this to a non-representative trial, the
2  admissibility of non-representative-students' finances will depend on whatever
3  parameters the Court sets for such a trial.

## II. ARGUMENT

### A. Evidence Regarding the Class Representatives' Financial Circumstances Is Admissible

Defendants' MIL No. 6 is overbroad to the extent it seeks to exclude evidence regarding the class representatives' financial circumstances.  Such evidence cannot be categorically barred as it would exclude, without justification, evidence probative of several elements of plaintiffs' claims.

For a motion *in limine*, "blanket rulings affecting broad categories of evidence are premature" and "are better considered on a case-by-case basis at trial."  *Med. Instrumentation & Diagnostics Corp. v. Elekta AB*, No. CV-97-2271-RHW, 2002 U.S. Dist. LEXIS 28726, at *9 (S.D. Cal. Jan. 14, 2002).  Here, defendants seek to exclude all "evidence of students' financial condition consist[ing] of statements by students regarding their own personal financial problems and any other testimony and evidence referring to individual students' financial circumstances."  Dkt. 527 at 1.  Defendants give only a handful of examples of the exhibits they seek to exclude, only one of which relates to a class representative.  *See* Dkt. 527 at 7 (Appendix A (Pltfs' Trial Ex. 583)).  Thus, as discussed further below, defendants' MIL No. 6 primarily concerns evidence related to non-representative TU customers, which plaintiffs agree should be excluded from Phase 1 so long as all similar evidence is also excluded.  *See* §II.B, *infra*.

However, MIL No. 6 is so broad that it would potentially preclude even fundamentally-relevant evidence, such as how class representatives purchased TU products.  *See, e.g.*, Cal. Civ. Code §1770(a) (CLRA entails "a transaction . . . which results in the sale or lease of goods or services"); *Stearns v. Ticketmaster Corp.*, 655

1  F.3d 1013, 1021 (9th Cir. 2011) (UCL requires plaintiff to be "relieved of money in
2  the transactions").

3  Likewise, this evidence is relevant to proving the class representatives' reliance.
4  *See* Dkt. 423 at 24 ("To have standing to bring a class action under the UCL based on
5  fraud or the FAL, the class representatives must show 'actual reliance' on a
6  misrepresentation.").[1]  That the class representatives were willing to invest such
7  significant sums of money, and even money they had to borrow, is highly probative of
8  their reliance on the promise of learning from Trump's handpicked experts at a
9  legitimate university.

10  The lone class representative-related exhibit that defendants identify in their
11  MIL No. 6 proves the point.  In it, class representative John Brown emailed TU
12  employee Tiffany Brinkman that his "trust in Trump" was leading him to enroll in TU
13  at great personal financial risk:  "I am scared to put out so much money, Tiffany.  It's
14  going to max all three of my cards, I have little remaining in savings . . . ***I'm putting***
15  ***all my trust in Trump***."  Ex. 1[2] (Pltfs' Trial Ex. 583) at TU 135715.  Clearly, evidence
16  that Brown trusted Trump so much that he would max out multiple credit cards just to
17  enroll in a TU Live Event is relevant to whether he relied on defendants' misleading
18  statements regarding what that event offered.  The evidence's probative value would
19  far outweigh any of its unfairly prejudicial effects.  *United States v. Hankey*, 203 F.3d
20  1160, 1172 (9th Cir. 2000) ("'Relevant evidence is inherently prejudicial; but it is
21  only unfair prejudice, substantially outweighing probative value, which permits
22  exclusion of relevant matter under Rule 403.'").  There are other ways the evidence

---

[1] Unlike for the class representatives, reliance is not a requirement that must be shown as to absent class members on an individual basis. *See, e.g.*, Dkt. 298 at 20 n.12 ("[T]he California Supreme Court has held that plaintiffs need not show individualized reliance to assert violations of California's UCL and FAL.").

[2] Pursuant to the Court's August 2, 2016 Order (Dkt. 502), plaintiffs have limited their attachments to this opposition to 10 pages.  Plaintiffs are prepared to provide the Court with complete versions of any attached document or copies of any documents referenced herein upon request.  All references to "Ex. __" are attached hereto.

1  may be relevant and, thus, should not be excluded wholesale. *See, e.g.*, Dkt. 298 at 25
2  (element of California elder abuse statute looks to whether a person taking property
3  "knew or should have known that this conduct is likely to be harmful to the elder or
4  dependent adult").

5        Further, as it relates to the class representatives, the evidence is not hearsay
6  because they will testify at trial. *See* Fed. R. Evid. 803(c).  Moreover, because
7  defendants fail to specify all the exhibits to which they object on hearsay grounds, and
8  because plaintiffs cannot read their minds, it is impossible to respond on an exhibit-
9  by-exhibit basis beyond the one class-representative exhibit defendants' motion
10 identifies.  This lone exhibit, Plaintiffs' Trial Exhibit 583, is admissible under the
11 hearsay exception for then-existing mental and emotional condition. *See* Fed. R. Evid.
12 803(3).  The email conveys Brown's then-existing emotion and mental state when
13 forking over such a large sum of money to TU: "I am scared to put out so much
14 money . . . . I'm putting all my trust in Trump . . . . I'm really frightened, and the
15 pressure is pretty intense." Ex. 1 at TU 135715; *see also Brady v. Grendene USA,*
16 *Inc.*, No. 3:12-cv-0604-GPC-KSC, 2014 U.S. Dist. LEXIS 157254, at *10 (S.D. Cal.
17 Nov. 6, 2014) (statements "describing [plaintiffs'] confusion or intent, i.e., state of
18 mind" are admissible under Fed. R. Evid. 803(3).

19       The bottom line as to defendants' motion is that this evidence cannot be
20 excluded categorically because it unquestionably encompasses evidence that is
21 relevant to one or more of plaintiffs' claims.

22     **B.**    **Evidence Regarding Non-Representative Student-Victims Should Be Excluded**
23
24       Unlike evidence related to the class representatives, which is relevant to proving
25 the liability elements of plaintiffs' class claims, all non-representative student-victim
26 evidence should be excluded under the Court's prior orders certifying liability issues
27 in Phase 1 and reserving damages issues for Phase 2.  *See, e.g.*, Dkt. 418 at 19.
28

1  As defendants acknowledge, this case is relatively "simple" and the Court has 2 "streamlined" Phase 1 to liability issues only. *See* Dkt. 522 at 1; *see also* Dkt. 298 at 3 14. Under applicable consumer statutes, liability will focus on whether it was 4 misleading for defendants to: (1) represent that Trump "handpicked" TU instructors; 5 and (2) to portray TU as a legitimate "university." *See id.*; *see also* Dkt. 418 at 7-8. 6 Defendants argue that "[t]he personal financial condition of individual students who 7 purchased TU products does not tend to prove or disprove any fact pertinent to 8 whether class members were reasonably misled regarding alleged 'handpicked' and 9 'accredited university' representations." Dkt. 527 at 4.

10  Plaintiffs agree that the individual financial circumstances of non-representative 11 former TU customers are not relevant to Phase 1. However, this same rationale 12 applies to all evidence offered to demonstrate the subjective, individualized 13 experience of any particular non-representative student. *See generally* Dkt. 509. 14 Defendants cannot keep out evidence tending to show former TU customers were 15 taken advantage of in Phase 1, but keep in evidence tending to show the opposite. 16 Evidence of whether student-victims received valuable instruction, or enjoyed their 17 classes, or ultimately made money in real estate must also be excluded for all of the 18 reasons defendants identify.

19  As the Court has held, in this case "issues of liability are common and can be 20 decided based on common proof." Dkt. 418 at 19. "[T]he test for reliance and 21 causation focus on the materiality of the widely made representation versus the 22 subjective and personalized experience of one class member." Dkt. 472 at 9. 23 Therefore, liability "may be found without any individualized proof of deception and 24 solely on the basis a defendant's conduct was likely to deceive customers." Dkt. 298 25 at 19-20. Likewise, the materiality of a representation does not depend on students' 26 subjective experiences, but whether a "'reasonable man would attach importance to its 27 existence or nonexistence in determining his choice of action in the transaction in 28 question.'" *Id.* at 22-23 (quoting *Stearns*, 655 F.3d at 1022). The Court has repeatedly

reaffirmed these holdings, including most recently in denying defendants leave to file a renewed decertification motion. There, the Court rejected arguments that the uniformity of the misrepresentations, reliance, causation, or materiality would require individualized inquiries, noting that these arguments "were extensively considered by the Court in its previous certification orders." Dkt. 506 at 4.

Defendants' MIL No. 6 appears to be primarily focused on evidence related to non-representative students' individual experiences. For example, of the four exhibits that defendants identify in the Appendix to MIL No. 6, three relate to the non-representatives, and not one appears on plaintiffs' "Expect to Call [at] Trial List." *See* Dkt. 527 at 7 (Appendix A). As defendants point out, evidence from former students is irrelevant to liability issues, not susceptible to common proof, invites Federal Rule of Evidence 403 dangers, and is composed almost entirely of hearsay or, as in the case of defendants' "98% Approval Rating," double hearsay or worse. *See* Dkt. 527 at 1-6; *see also* Dkt. 509; Dkt. 520 at 2-4; Dkt. 523; Dkt. 530. Plaintiffs do not intend to offer any of this evidence during Phase 1, assuming the Court maintains the representative nature of the trial and excludes all such evidence. *See* Dkt. 509. Thus, to the extent that defendants' MIL No. 6 relates to non-representative evidence, it should be denied as moot.

However, if the Court decides that this will not be a representative trial, but rather one focused on the circumstances, beliefs and experiences of a few non-representative student-victims among the several thousand who attended the TU Live Events, then plaintiffs must be allowed to offer their own evidence within whatever bounds the Court may set. Admission and exclusion of evidence cannot be allowed to unfairly present the jury with a "one-sided picture." *See United States v. Waters*, 627 F.3d 345, 357 (9th Cir. 2010) (holding it was an abuse of discretion to allow "imbalance in the evidence").

Currently, without reference to specific evidence, there is no way of saying categorically whether all evidence related to the non-financial circumstances of non-

1  representative student-victims should be excluded. Some non-representative
2  evidence, such as the 98% approval rating or student "testimonials," would clearly be
3  inadmissible (*see supra* at 6) even if the Court dramatically expands the scope of
4  Phase 1 to allow non-representative and individualized evidence and damages issues.
5  *See* Dkt. 520 at 2-4; Dkt. 523. On the other hand, some such evidence may be
6  admissible, but we have not been litigating a non-representative case for years so we
7  have no evidentiary boundaries for such a trial. Therefore, even in the event the Court
8  allows non-representative student-victim evidence into Phase 1, defendants' motion
9  should be denied as premature.

## III.  CONCLUSION

For all the foregoing reasons, plaintiffs respectfully request that defendants' MIL No. 6 be denied.

DATED: November 1, 2016          Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP


             s/ Daniel J. Pfefferbaum
           DANIEL J. PFEFFERBAUM

PATRICK J. COUGHLIN
X. JAY ALVAREZ
JASON A. FORGE
RACHEL L. JENSEN
DANIEL J. PFEFFERBAUM
BRIAN E. COCHRAN
JEFFREY J. STEIN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK
AARON M. OLSEN
225 Broadway, Suite 2050
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Class Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 1, 2016.

 s/ Daniel J. Pfefferbaum
DANIEL J. PFEFFERBAUM

ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:    dpfefferbaum@rgrdlaw.com

## Mailing Information for a Case 3:10-cv-00940-GPC-WVG Low v. Trump University, LLC et al

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Xavier Jay Alvarez**
  jaya@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Brian E. Cochran**
  bcochran@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Patrick J Coughlin**
  patc@rgrdlaw.com,e_file_sd@rgrdlaw.com,susanm@rgrdlaw.com

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com,nadiak@zhlaw.com

- **Jason A Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jeffrey L. Goldman**
  jgoldman@bbwg.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,winkyc@zhlaw.com,nadiak@zhlaw.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,lmix@rgrdlaw.com,llendzion@rgrdlaw.com,e_file_sd@rgrdlaw.com,hbrown@rgrdlaw.com,mbacci@rgrdlaw.com,JayA@rgrdlaw.com,KLavelle

- **David Lee Kirman**
  dkirman@omm.com,awyman@omm.com,tmoore@omm.com,iyanniello@omm.com,hleewong@omm.com,sbrown@omm.com

- **Jill Ann Martin**
  jmartin@trumpnational.com,lvincent@trumpnational.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Maureen E. Mueller**
  mmueller@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Aaron M. Olsen**
  aarono@zhlaw.com,winkyc@zhlaw.com

- **Daniel M. Petrocelli**
  dpetrocelli@omm.com

- **Daniel Jacob Pfefferbaum**
  dpfefferbaum@rgrdlaw.com

- **Jeffrey J. Stein**
  JStein@rgrdlaw.com

- **Helen Irene Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)