DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
DAVID L. KIRMAN (S.B. #235175)
dkirman@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California  90067-6035
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

JILL A. MARTIN (S.B. #245626)
jmartin@trumpnational.com
c/o TRUMP NATIONAL GOLF CLUB
One Trump National Drive
Rancho Palos Verdes, CA 90275
Telephone:  (310) 202-3225
Facsimile:   (310) 265-5522

Attorneys for Defendants
DONALD J. TRUMP and
TRUMP UNIVERSITY, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY LOW et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRUMP UNIVERSITY, LLC et al.,<br><br>Defendants. | Case No.  10-CV-0940-GPC(WVG)<br>Judge:  Hon. Gonzalo P. Curiel<br><br>**CLASS ACTION**<br><br>**DEFENDANTS'** *EX PARTE* **APPLICATION TO STRIKE PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' MOTIONS** *IN LIMINE* **(DKT. 560), AND EXHIBITS THERETO**<br><br>DATE:     *EX PARTE*<br>TIME:     *EX PARTE*<br>COURT:  2D<br>JUDGE:   HON. CURIEL |

**TO: THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 83.3.g.2 and the Court's standing orders, defendants Donald J. Trump and Trump University, LLC ("defendants") hereby apply for an order striking plaintiffs' Request for Judicial Notice of Certain State Statutes and Regulations (Dkt. 560). This *ex parte* application is based on the points and authorities herein and the declaration of David L. Kirman.[1]

### PLAINTIFFS' "REQUEST FOR JUDICIAL NOTICE" VIOLATES THE COURT'S ORDER GOVERNING MOTIONS *IN LIMINE*

A. <u>Unauthorized Reply</u>

The Court set forth a very clear schedule for motions *in limine*. Motions were due October 20. Oppositions "must be filed and served on or before November 1, 2016." "<u>No replies</u> shall be filed."

> The Court sets a hearing on motions in limine for November 10, 2016, at 1:30 p.m. Each side is allowed a maximum of eight motions in limine. All motions in limine must be filed and served on or before October 20, 2016. Written oppositions to motions in limine, if any, must be filed and served on or before November 1, 2016. No replies shall be filed. Each motion in limine and each opposition thereto shall be limited to ten pages in length. Attachments to any motion in limine or opposition thereto shall also be limited to ten pages in length.

Dkt. 502 at 2.

Plaintiffs have circumvented the Court's directive through a so-called "Request for Judicial Notice." Plaintiffs identify and provide copies of four new "authorities" that they contend are "pertinent" to "pending pretrial motions," and

---

[1] In accordance with Civil Local Rule 83.3(g)(2), defense counsel contacted plaintiffs' counsel prior to the filing of this application and notified them of it. Kirman Decl. ¶ 3.

- 1 -

DEFS.' *EX PARTE* APPLICATION TO STRIKE PLS.' REQUEST FOR JUDICIAL NOTICE.
10-CV-0940-GPC(WVG)

they specifically cite defendants' motion *in limine* no. 5.  Dkt. 560 at 2 (citing to defendants' motion *in limine* no. 5).  However, <u>none</u> of the authorities in the Request for Judicial Notice was cited, referenced, or discussed in any of plaintiffs' oppositions, including plaintiffs' opposition to defendants' motion *in limine* no. 5.  Plaintiffs' request, therefore, is an attempt to amplify and augment their opposition with authorities they did not include or address in their opposition.

Aware of the proscription against replies and unauthorized filings, plaintiffs seek to sidestep it by submitting the authorities via a "Request for Judicial Notice."  The Court's Order cannot be so easily circumvented.  Plaintiffs' opposition to defendants' motion *in limine* no. 5 discusses and cites statutes (Dkt. 558 at 2, 3)— just <u>not</u> the statutes and regulations that plaintiffs now ask the Court to judicially notice.[2]  Plaintiffs did not seek leave to file supplemental briefing or other papers.  Their unauthorized Request for Judicial Notice should be stricken.

### B. Attachment Exceeds 10 Pages

Plaintiffs' Request for Judicial Notice also violates the Court's instruction to limit all attachments to motions *in limine* and opposition to 10 pages.  Plaintiffs submitted 9 pages in support of their opposition to Defendants' motion *in limine* no. 5.  *See* Dkt. 558-1.  Their request for judicial notice asks the Court to notice eight additional pages of exhibits.  *See* Dkt. 560-1 at 1-8.

Plaintiffs try to obscure this violation of the Court's Order by saying the request is pertinent to "several pending pretrial motions."  The citation following that sentence says the "authorities" they seek to have noticed are "pertinent" to

---

[2] It also bears noting that, to our knowledge, plaintiffs have never raised these supposed "pertinent" authorities in any pleading, motion, or hearing during this litigation.  *See* Dkt. 001 (First Amended Complaint); Dkt. 010 (Second Amended Complaint); Dkt. 041 (Third Amended Complaint); Dkt. 128 (motion for class certification); Dkt. 489 (proposed pretrial order); or in their proposed jury instructors and special verdict forms.

- 2 -

DEFS.' *EX PARTE* APPLICATION TO STRIKE PLS.' REQUEST FOR JUDICIAL NOTICE.
10-CV-0940-GPC(WVG)

1  "e.g.," Docket 529, which is defendants' motion *in limine* no. 5.  But plaintiffs
2  already submitted nine pages of attachments in support of that opposition.  As
3  plaintiffs themselves argued when moving to strike court documents defendants
4  submitted with their motions, "[t]he Court should not allow [plaintiffs] to disregard
5  its clear order to [defendants'] detriment."  Dkt. 536 at 3; *see also* Dkt. 541 (court
6  order granting plaintiffs' *ex parte* application to strike).[3]

7  Judging by the misleading label on their filing, plaintiffs are likely to argue
8  that their submission is neither a "reply" nor "an attachment."  This is specious.  To
9  the extent plaintiffs contend the California regulation and Florida statute are "facts"
10 or "law" relevant to the motions *in limine*, they were required to include those
11 authorities in their opposition and in their attachments.  They did neither, and they
12 cannot backdoor this new submission via a request for judicial notice.  *See, e.g.*,
13 *Rosenberg v. Renal Advantage, Inc.*, 2013 WL 3205426, at *12 (S.D. Cal. Jun. 24,
14 2013) (Curiel, J.) (refusing to consider untimely notice of supplemental authority).

15 Plaintiffs' last-minute reliance on these new authorities raises issues
16 defendants have had no opportunity to address, which underscores why "judicial
17 notice" is unjustified here.  To the extent the Court denies this application,
18 defendants must be afforded the right to respond in writing to these new authorities.
19 For these reasons, the request for judicial notice must be stricken.

---

[3] This Court limited each side to a "maximum of eight motions *in limine*." Plaintiffs also circumvented this directive by combining six separate motions *in limine* into a single motion. Dkt 518. Defendants address this issue in our opposition to plaintiffs' motion *in limine* no. 1. Dkt. 553.

Dated:  November 8, 2016

                    DANIEL M. PETROCELLI
                    DAVID L. KIRMAN
                    O'MELVENY & MYERS LLP

By:    /s/Daniel M. Petrocelli
       Daniel M. Petrocelli
Attorneys for Defendants
DONALD J. TRUMP and TRUMP UNIVERSITY, LLC

- 4 -

DEFS.' *EX PARTE* APPLICATION TO STRIKE PLS.' REQUEST FOR JUDICIAL NOTICE.
10-CV-0940-GPC(WVG)