DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
DAVID MARROSO (S.B. #211655)
dmarroso@omm.com
DAVID L. KIRMAN (S.B. #235175)
dkirman@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California 90067–6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

JILL A. MARTIN (S.B. #245626)
jmartin@trumpnational.com
c/o TRUMP NATIONAL GOLF CLUB
One Trump National Drive
Rancho Palos Verdes, CA 90275
Telephone: (310) 202-3225
Facsimile: (310) 265-5522

Attorneys for Defendants
DONALD J. TRUMP and
TRUMP UNIVERSITY, LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SONNY LOW, J.R. EVERETT, and JOHN BROWN, on Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

v.

TRUMP UNIVERSITY, LLC et al.,

Defendants.

Case No. 10-CV-0940-GPC (WVG)
Judge: Hon. Gonzalo P Curiel

**CLASS ACTION**

**REPLY IN SUPPORT OF DEFENDANTS' *EX PARTE* APPLICATION TO CONTINUE TRIAL DATE**

DATE: EX PARTE
TIME: EX PARTE
COURT: 2D
JUDGE: HON. CURIEL

Defendants Donald J. Trump and Trump University, LLC ("defendants") submit this brief reply in support of their *ex parte* application for a trial continuance in recognition of the unique circumstances of this case.

1. Defendants' application seeks a short continuance and a procedure for taking the trial testimony of President-Elect Trump. Plaintiffs say the request is unnecessary since the President-Elect has been deposed and supposedly "has no new testimony to offer." Dkt. 568 at 2, 5-6. This is incorrect. The deposition examinations were *only* cross-examination by plaintiffs; they contain no examination by counsel for defendants. The President-Elect should be afforded the right to offer direct testimony at trial and the opportunity to do so when he is not devoting all his focus, time, and energy on the transition process.[1]

2. Plaintiffs argue that defendants' request is not a motion for short continuance, but actually a motion to "reopen discovery." Dkt. 568 at 2 ("This sole basis for Trump's *ex parte* application is his desire to seek additional testimony. From himself. This is, therefore, a request to reopen discovery.") This also is incorrect. If plaintiffs never deposed the President-Elect, he would still have the right to provide testimony at trial. We proposed a methodology for preserving the <u>trial testimony</u> of President-Elect Trump in a manner that would ensure no further delays of trial in *Low* or *Cohen*.

3. Next, plaintiffs assert the current predicament resulted from "tactical decisions" that did not "pan[] out." Dkt. 568 at 2. Plaintiffs' citations to cases involving decisions not to depose *opposing party* witnesses have no application here. *Id.* (citing *George v. Ford Motor Co.*, 2007 WL 2398806, at *11-12 (S.D.N.Y. Aug. 17, 2007)). President-Elect Trump sat for multiple days of deposition by plaintiffs' lawyers. Dkt. 568 at 3-4 (acknowledging 10 hours of

[1] Although we seek a date after the inauguration, if required by the Court, President-Elect Trump will make himself available for trial examination in January 2017, thereby not diverting him from the transition process at an important juncture.

testimony in response to questions from plaintiffs in *Low* and *Cohen*). The fact that he was not examined by his own lawyers provides no basis to deny his right to offer direct testimony at trial. It is no answer to say—as plaintiffs insistently do—that the President-Elect may waive his right to offer testimony and avoid the situation entirely. Dkt. 568 at 7 ("Trump can choose between testifying live or submitting his prior deposition testimony. Neither option would prejudice his defense.").[2]

4. Plaintiffs do not address the *Cohen* trial at all, refusing to acknowledge the inevitability that President-Elect Trump would have to provide trial testimony not once, but twice—despite the substantial overlap in the two cases.[3] This result is wholly unwarranted and irreconcilable with the Supreme Court's directive from *Clinton* and the other cases cited in defendants' application. *Clinton v. Jones*, 520 U.S. 681, 709 (1997); *see also id* at 723 ("A Constitution that separates powers in order to prevent one branch of Government from significantly threatening the workings of another could not grant a single judge more than a very limited power to second-guess a President's reasonable determination (announced in open court) of his scheduling needs, nor could it permit the issuance of a trial scheduling order that would significantly interfere with the President's discharge of his duties—in a private civil damages action the trial of which might be postponed without the plaintiff suffering enormous harm.") (Breyer, J., concurring). Thus, a court "must

[2] Plaintiffs' two citations are easily distinguished and underscore the lack of logic in their position. In *EEOC v. Product Fabricators, Inc.*, 285 F.R.D. 418 (D. Minn. 2012), defendants deposed plaintiff Breaux for a few hours and concluded the deposition. Subsequently, they asked the court to re-open discovery to depose Mr. Breaux again, claiming they did not know about shoulder pain when they took the first deposition. *Id.* at 422. The court denied the request for lack of "good cause." *Id.* at 423. In *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002), plaintiff sought to modify a scheduling order claiming that "he was not sent a copy of the scheduling order" until some of the discovery dates had passed. The district court denied the request and the Ninth Circuit affirmed because plaintiff did not seek to modify the scheduling order for *four months* after receiving notice. *Id.* The four-month delay was not diligent. Of course, neither of these routine cases has the slightest to do with the circumstances here.

[3] Indeed, the same plaintiffs' counsel filed *Cohen* after this Court denied them leave in this case to amend the complaint to add a RICO cause of action. Dkt. 271.

balance the constitutional weight of the interest to be served [in the litigation] against the dangers of intrusion on the authority and functions of the Executive Branch." *Nixon v. Fitzgerald*, 457 U.S. 731, 754 (1982).

5. Plaintiffs cite no authority for their contention that "proceeding to trial does not implicate separation of powers doctrine," nor do plaintiffs address, much less refute, the fact that Congress made clear the President-Elect's unhindered transition into the office of President is a matter of great public importance:

> The national interest requires that such transitions in the office of President be accomplished so as to assure continuity in the faithful execution of the laws and in the conduct of the affairs of the Federal Government, both domestic and foreign. ***Any disruption occasioned by the transfer of the executive power could produce results detrimental to the safety and well-being of the United States and its people*.**"

Presidential Transition Act of 1963, Pub. L. No. 88-277, § 2, 78 Stat. 153, 153-154 (codified at 3 U.S.C. § 102 note) (1964) (emphasis added).

6. Contrary to plaintiffs' contention, we do not seek absolute or indefinite immunity for President-Elect Trump. Dkt. 568 at 9 & n.4. Nothing in defendants' application suggests such a position. Defendants request a brief continuance to allow the President-Elect to focus on the enormous responsibility of transitioning to the most demanding and important office in our government. We have proposed a sensible solution for taking and preserving the President-Elect's trial testimony for both the *Low* and *Cohen* cases. This is the same procedure that has been followed in other cases involving the President. As the court explained in *United States v. Fromme* regarding President Gerald Ford's testimony:

> In recognition of the high office of the President and being mindful of the inconvenience and burden the subpoena will impose upon him, the court will not require the President to come to court to present his testimony, but rather, will 'bring' the court to the President . . . . It is appropriate in the instant case to take a deposition of the President, on video tape, at a place and time of his choosing . . . . At such a deposition, attorneys for the

> Government will be present as will the co-counsel for the defendant. Examination and cross-examination will be conducted and the responses and demeanor of the witness will be preserved for the jury. To facilitate the hearing and to assure that the trial in this matter may commence on November 4, 1975, as presently scheduled, a United States District Judge will preside at the taking of the deposition.

405 F. Supp. 578, 583 (E.D. Cal. 1975).

7. Finally, plaintiffs introduced no evidence whatsoever to establish prejudice. There is no declaration from any of the named plaintiffs or from counsel. Plaintiffs did not identify any documents or other evidence that will become unavailable in the next few months. There is no indication that Mr. Low is in poor health.

Conclusion

The fundamental failing of plaintiffs' position is their unwillingness to acknowledge the extraordinary circumstances and important prudential considerations present here. The time-honored deference and guidance given by the courts fully apply here. We respectfully request that the Court grant our application.

DATED: November 14, 2016

O'MELVENY & MYERS LLP
DANIEL M. PETROCELLI
DAVID MARROSO
DAVID L. KIRMAN

/s/ Daniel M. Petrocelli
Daniel M. Petrocelli

1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 553-6700
Fax: (310) 246-6779

Attorneys for Defendants