DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
DAVID MARROSO (S.B. #211655)
dmarroso@omm.com
DAVID L. KIRMAN (S.B. #235175)
dkirman@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California 90067–6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

JILL A. MARTIN (S.B. #245626)
jmartin@trumpnational.com
c/o TRUMP NATIONAL GOLF CLUB
One Trump National Drive
Rancho Palos Verdes, CA 90275
Telephone: (310) 202-3225
Facsimile: (310) 265-5522

Attorneys for Defendants
PRESIDENT-ELECT
DONALD J. TRUMP and
TRUMP UNIVERSITY, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY LOW, J.R. EVERETT, and JOHN BROWN, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRUMP UNIVERSITY, LLC et al.,<br><br>Defendants. | Case No. 10-CV-0940-GPC (WVG)<br>Judge: Hon. Gonzalo P Curiel<br><br>**CLASS ACTION**<br><br>**DEFENDANTS'** ***EX PARTE*** **APPLICATION FOR FURTHER INFORMATION REGARDING JURY SELECTION**<br><br>DATE: EX PARTE<br>TIME: EX PARTE<br>COURT: 2D<br>JUDGE: HON. CURIEL |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that defendants President-Elect Donald J. Trump and Trump University, LLC ("defendants"), by and through their counsel of record, will and hereby do apply to the Court *ex parte* for an order clarifying the Court's process in how the prospective jurors were summoned and selected.

On November 15, 2016, defendants' counsel contacted plaintiffs' counsel and notified them of defendants' intention to file the present application. Declaration of Daniel Petrocelli ("Petrocelli Decl.") ¶ 2; *see also* S.D. Cal. L.R. 83.3(g)(2). This application is based on the attached memorandum of points and authorities and the Declaration of Daniel Petrocelli filed concurrently herewith.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THE COURT SHOULD CLARIFY ITS PROSPECTIVE JUROR PRE-SELECTION PROCESS

At the November 10, 2016 hearing in this matter, the Court informed the parties that a panel of approximately 100 prospective jurors would be prepared to serve on a jury for four weeks. *See* Petrocelli Decl. Ex. 1 at 99:6–11, 103:11–17. The Court stated:

> Well, at this point, we will have inquired of the jury whether or not they would be able to serve on a four-week trial. I gave them a time limit. That was an overestimate just in case it went that long. But at this time, we have a jury panel that has advised us that they are prepared to serve for four weeks, so I am hoping that we won't have to address hardships.

*Id.* at 103:11–17. Defendants respectfully request that the Court provide further information regarding how the prospective jurors were summoned and selected.

Under the Jury Selection and Service Act, parties are entitled to "a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. A party to a civil lawsuit may move to stay the proceedings prior to *voir dire* on the basis that the district court has substantially failed to comply with this mandate. *Id.* § 1867(c). To assist parties in preparing motions to stay under section 1867(c), the Act mandates that parties "shall be allowed to inspect, reproduce, and copy" "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process." *Id.* § 1867(f). Indeed, federal courts have interpreted this provision as giving litigants "essentially an *unqualified* right to inspect jury lists." *Test v. United States*, 420 U.S. 28, 30 (1975) (emphasis added); *accord United States v. Studley*, 783 F.2d 934, 938 (9th Cir. 1986) (same).[1] Without such access, "a party almost invariably would be

---

[1] *See also EEOC v. Evans Fruit Co.*, 2013 U.S. Dist. LEXIS 102675, at *4 (E.D. Wash. July 22, 2013) (same); *United States v. Layton*, 632 F. Supp. 176, 178 (same); *United States v. Brown*, 2007 WL 186532, at *1–2 (D. Vt. Jan. 18, 2007) ("[Defendant] is clearly entitled, under the [Jury Selection and Service Act], to jury

unable to determine whether he has a potentially meritorious jury challenge." *Test*, 420 U.S. at 30.

In *Hirst v. Gertzen*, 676 F.2d 1252, 1256 (9th Cir. 1982), for example, the Ninth Circuit considered an argument by civil rights plaintiffs that "the entire procedure used in the Great Falls District to select petit jurors invidiously discriminated against Native Americans." Plaintiffs argued that "intentional racial discrimination intruded at the point in the selection process when juror excuses were granted." *Id.* at 1259. In rejecting this claim, the court noted that this claim could "easily be documented from information contained in the returned questionnaires, which list not only the race of the prospective juror, but also any excuses from jury service requested by a prospective juror, and any excuses granted." *Id.* The court reasoned that these questionnaires and related documents were "*all available for [plaintiffs'] inspection upon appropriate motion*" under section 1867(f). *Id.* at 1259–60 (emphasis added); *accord United States v. Williams*, 2007 WL 1223449, at *6 (D. Haw. Apr. 23, 2007) (granting defendant access to records related to jury selection on § 1867(f) motion based on defendant's "essentially [] unqualified right to inspect jury lists").

Defendants specifically request the following information and documents:
- process for summoning prospective jurors;
- any lists and identifying information of prospective jurors pre-screened for hardship, excluded for hardship, and prequalified for jury service in this case.
- any questionnaire used or questions asked of the prospective jurors;
- who conducted the screening and criteria used;
- information regarding randomization before and after screening;
- any documents used in the screening process;

---

lists and to all available information on the jury selection procedures used in this District.").

- any transcript from the prequalification process; and
- any information provided to jurors regarding the name or nature of the case.

## II. CONCLUSION

For the reasons stated above, defendants respectfully request that the Court provide the parties with the information requested herein regarding jury selection.

DATED:  November 16, 2016

O'MELVENY & MYERS LLP
DANIEL M. PETROCELLI
DAVID MARROSO
DAVID L. KIRMAN

                    /s/ Daniel M. Petrocelli
                    Daniel M. Petrocelli

1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 553-6700
Fax: (310) 246-6779

Attorneys for Defendants