# Exhibit 1

```
 1                    UNITED STATES DISTRICT COURT

 2                 FOR THE SOUTHERN DISTRICT OF CALIFORNIA

 3

 4   SONNY LOW, ET AL.,              .
                                     . Docket
 5             Plaintiffs,           . No. 10-cv-0940-GPC(WVG)
                                     .
 6                  v.               .
                                     .
 7   TRUMP UNIVERSITY, LLC,          . November 10, 2016
     ET AL.,                         . 1:30 p.m.
 8                                   .
               Defendants.           . San Diego, California
 9   . . . . . . . . . . . . . . . .

10
                    TRANSCRIPT OF MOTIONS IN LIMINE HEARING
11                BEFORE THE HONORABLE GONZALO P. CURIEL
                       UNITED STATES DISTRICT JUDGE
12

13                       A-P-P-E-A-R-A-N-C-E-S

14   For the Plaintiffs:    Robbins Geller Rudman & Dowd LLP
                            655 West Broadway, Suite 1900
15                          San Diego, California 92101
                            By:  JASON A. FORGE, ESQ.
16                               RACHEL L. JENSEN, ESQ.
                                 PATRICK J. COUGHLIN, ESQ.
17                               DANIEL J. PFEFFERBAUM, ESQ.
                                 AARON M. OLSEN, ESQ.
18                               BRIAN E. COCHRAN, ESQ.
                            - and -
19                          Zeldes Haeggquist & Eck, LLP
                            225 Broadway, Suite 2050
20                          San Diego, California 92101
                            By:  AMBER LEE ECK, ESQ.
21

22   For the Defendants:    O'Melveny & Myers LLP
                            1999 Avenue of the Stars, Suite 700
23                          Los Angeles, California 90067
                            By:  DANIEL M. PETROCELLI, ESQ.
24                               DAVID L. KIRMAN, ESQ.
                                 DAVID MARROSO, ESQ.
25                               WALLACE MOORE ALLAN, ESQ.
     ///
```

EXHIBIT 1

1

```
 1                A-P-P-E-A-R-A-N-C-E-S (CONTINUED)

 2   Also for the Defendants:
                              JILL ANN MARTIN, ESQ.
 3                            Trump National Golf Club, Los Angeles
                              One Trump National Drive
 4                            Rancho Palos Verdes, California 90275

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22   Court Reporter:          Chari L. Possell, RPR, CRR
                              333 West Broadway, Suite 420
23                            San Diego, California 92101
                              chari_possell@casd.uscourts.gov
24

25   Reported by Stenotype, Transcribed by Computer
```

EXHIBIT 1
2

1   that shows that these misrepresentations were a substantial
2   factor in the plaintiffs' purchasing decision, and the issues
3   of "handpicked by Mr. Trump" being a statement that was relied
4   on will be supported by evidence just like this; that Mr. Brown
5   was maxing out three credit cards and explaining to an employee
6   of Trump University that he was doing that because he was
7   putting his trust in Mr. Trump.
8          And you have also noted, Your Honor, that you would
9   reserve any relevancy or 403 considerations for trial if there
10  were any particular issues on precise documents, so I think
11  your tentative is -- should stand.
12             THE COURT:  All right.  Thank you.
13         All right.  So there's a number of these that I am going
14  to look at a little bit closer, and we will issue our final
15  order on this probably next Monday afternoon.  And at this
16  point, let's address jury instructions.
17         I reviewed them, and it's clear to me that the parties are
18  miles apart as to what the substantive elements, what the
19  substantive instructions are with respect to our cause of
20  action, and in fact so far apart that, at this point, what I am
21  prepared to do -- much as I did with the motions in limine -- I
22  am going to provide you all with tentative jury instructions,
23  and then we will have a jury instruction conference, and then I
24  will let both of you weigh in as to your position on my
25  instructions.  But at this point, we are not even close enough

EXHIBIT 1
3

1  where it would make sense for us to kind of try to arrive
2  either at a consensus or be able to pare down the number of
3  disagreements on this.  So that's why I said a minute ago we
4  are not going to be talking about jury instructions today.
5      And at this point, let me bring up or move to the trial.
6      At this point, we are scheduled to begin November 28th.
7  And just so you know, this is what I have on tap.  The jury
8  will be arriving on the morning of the 28th.  They will receive
9  a jury orientation.  Then I will end up addressing the full
10 jury, the panel, and at this time we expect upwards of 100 or
11 more prospective jurors who will fill out the questionnaires.
12 Before they do that, I am going to address them and impress
13 upon them the importance of them being forthright, being honest
14 about their positions and the importance of them not having
15 contact with anyone about their possible service as a juror in
16 this case, and directing them not to talk amongst themselves,
17 not to tell anyone that they are even being considered as a
18 juror in this case.  And I am going to take those extra
19 precautions because I want to make sure that from the point
20 that they even see these questionnaires that they know what
21 their obligations are.  And that won't take that long.
22      But after I make that statement, that admonishment,
23 provide that admonishment, then they will have an hour to an
24 hour and a half or so to fill out the jury questionnaires, and
25 then we are going to have them copied for each side.  And so we

EXHIBIT 1
4

1  will make about seven copies.  We will provide three copies per
2  side.  And then I will give you a couple of hours or so to
3  review those answers to the questionnaires.  And then we will
4  convene in court in order to address the answers and to address
5  whether or not there are certain jurors that we can at that
6  point all agree cannot be fair jurors in our case.  And my plan
7  is that we will be here until the cows come home.  We are going
8  to be here until we finish that process on Monday, Monday
9  evening.
10      And then on Tuesday morning, the jury -- which will have
11 been excused on Monday after they completed their
12 questionnaires, again with an admonishment -- will then return
13 on Tuesday morning.  We will hopefully be in a position to be
14 able to identify which jurors aren't going to be needed over
15 here so they aren't going to make the walk over here,
16 hopefully.  My goal is we will have enough prospective jurors
17 that we will be able to come up with nine jurors.  The law only
18 requires six.  There's been a request for 12.  I am going to
19 use nine.
20      And then we will be take all the steps we can to ensure we
21 protect those jurors from outside influences so that they can
22 participate in the jury deliberations and we can have six at
23 the point jury deliberations begin.
24      And so it's my expectation that we will begin with trial
25 on Wednesday.

EXHIBIT 1
5

1      And going back to jury selection, I am prepared to give
2 each side attorney-conducted voir dire.  And I haven't
3 decided -- it will be between an hour and two hours.
4      To the extent that we have selected a jury on Tuesday
5 before 2:00 or 3:00 p.m., my plan as of this moment is to have
6 opening statements on Tuesday, but that's not etched in stone.
7 We will see where things are and how we all feel.  But my aim
8 is certainly to begin the trial by Wednesday morning.
9      And then with respect to the length of the trial, given
10 the current state of the rulings, of the motions in limine, I
11 am prepared to have the evidence concluded by the 13th or
12 14th -- I will be more precise when we start the trial -- and
13 with the aim that the jury will have this case on the 14th or
14 15th.  And that's how I see the case playing out as of this
15 moment.
16      For the media, we will be posting our rules, listing our
17 accommodations that we will be making.  We do intend to have an
18 overflow courtroom, and that at this point will be next door,
19 which is courtroom 2C.  That will be outfitted with additional
20 chairs in the well, and hopefully we will be able to
21 accommodate all the individuals.  But we will be reserving
22 certain seating for the media and then certain seating for the
23 public.  We will have a protocol as to how it is that people
24 will line up.  And so we are trying to accommodate the needs of
25 the media in order to permit access to the court, permit

EXHIBIT 1
6

```
 1   reporting regarding this important trial.
 2        And so at this time, I think that's all I have.
 3        We do have the issue about Judge Miller.  Does the
 4   plaintiff wish to meet with the Judge Miller for settlement
 5   discussions?
 6             MR. FORGE:  Sure, Your Honor.  I echo the Court's
 7   comments.  We hold Judge Miller in the highest esteem.  And we
 8   have spoken, and despite how aggressive we are on both sides,
 9   we get along well outside of court.
10             THE COURT:  Is that true, Mr. Petrocelli?
11             MR. PETROCELLI:  It is.  And we will both put our
12   best efforts into it.
13        May I address some of your comments, Your Honor?
14             THE COURT:  Yes.
15             MR. PETROCELLI:  As the Court's -- has the Court
16   already finalized the jury questionnaire?  I haven't seen one
17   yet.
18             THE COURT:  You know what?  I was prepared to give
19   the one that you had jointly agreed upon, although, to be
20   frank, there's been quite a few of these motions in limine that
21   I have been addressing and simultaneously trying to anticipate
22   the protocols as to the media and public, so I have had a lot
23   on my plate.  But I will look at those on Monday, and I don't
24   expect that I am going be adding that much, I wouldn't think.
25   And so I will make sure that you all have copies of the final
```

EXHIBIT 1
7

1  jury questionnaires by Tuesday.
2          MR. PETROCELLI:  Is the overflow, by the way, audio
3  only, or audio and video?
4          THE COURT:  It's going to be both, audio and video.
5  And we will have two cameras, one directed at the witness
6  stand, and then a second would be positioned in a way that it
7  will capture the attorneys and perhaps the Court.  But it will
8  make sure that the jurors are not shown.
9          MR. PETROCELLI:  Is Your Honor intending to examine
10 the jurors for hardship?
11         THE COURT:  Well, at this point, we will have
12 inquired of the jury whether or not they would be able to serve
13 on a four-week trial.  I gave them a time limit.  That was an
14 overestimate just in case it went that long.  But at this time,
15 we have a jury panel that has advised us that they are prepared
16 to serve for four weeks, so I am hoping that we won't have to
17 address hardships.
18         MR. PETROCELLI:  I would like the Court to at least
19 take into account two requests that we, on the defense, are
20 making.  One is that we get an overnight with the jury
21 questionnaires so that we get the copies and we can go back to
22 our offices and study them and come back in the next morning.
23         Second, that we would request the opportunity --
24         THE COURT:  Overnight, versus just providing them on
25 e-mail?

EXHIBIT 1
8

1       MR. PETROCELLI:  No.  In other words, as I understood
2  the Court, you are going to make the copies and give them to
3  us, and maybe we have an hour or two, and we have to come back
4  in.  And I wanted the benefit to have them overnight.
5       THE COURT:  What do you mean?  The answers?
6       MR. PETROCELLI:  Yeah, the --
7       THE COURT:  They are not going to answer them until
8  Monday morning.
9       MR. PETROCELLI:  I meant after they answer them and
10  you copy them and you hand out the copies --
11       THE COURT:  And you will be here.
12       MR. PETROCELLI:  -- then we would not resume jury
13  selection until the next morning.  That's what I am asking.  So
14  that we have the rest of the afternoon and the evening -- as I
15  understand it, we are going to get how many questionnaires?
16  About 100?
17       THE COURT:  Yeah.  Yeah.
18       MR. PETROCELLI:  So it is a lot of material to digest
19  and review.  So I just thought we would have the benefit of
20  more time -- both sides, that is, of course -- to review that
21  material.
22     Apologies if I was unclear.
23       THE COURT:  It was me.  I misunderstood you.  When
24  you said overnight, I thought you meant overnight the jury
25  questionnaire that I was going to finalize.  I thought you were

EXHIBIT 1
9

1  talking about that.
2      Mr. Coughlin?
3          MR. COUGHLIN:  I don't think we need that time, but
4  we are not opposed to it.
5      I had something else to bring up.
6      You had one more?
7          MR. PETROCELLI:  One more.
8      The second issue, Your Honor, is we would ask for the
9  right to conduct individual voir dire outside the presence of
10 other jurors given the unique circumstances in this case, and I
11 have done that on other occasions where we put the -- some of
12 these folks are going to be -- it may become clear just from
13 the questionnaires and the answers to the questionnaires
14 whether maybe both sides and Court can agree some people can be
15 excused.
16     And then we have them coming in in a particular order; is
17 that correct?  So it will be --
18         THE COURT:  They will be -- by the way, I didn't
19 mention this, but they will be identified by number.  They will
20 not be identified by name.
21         MR. AMES:  Correct.  By number.  Right.
22     So starting with the first person, let's say -- Juror
23 Number 1, right?  We would like the opportunity to have the
24 voir dire of the jurors conducted outside the presence of the
25 other jurors.  So for example, you put Juror Number 1 on the

EXHIBIT 1
10

```
 1                     C-E-R-T-I-F-I-C-A-T-I-O-N
 2
 3            I hereby certify that I am a duly appointed,
 4   qualified and acting official Court Reporter for the United
 5   States District Court; that the foregoing is a true and correct
 6   transcript of the proceedings had in the aforementioned cause;
 7   that said transcript is a true and correct transcription of my
 8   stenographic notes; and that the format used herein complies
 9   with rules and requirements of the United States Judicial
10   Conference.
11            DATED:  November 14, 2016, at San Diego,
12   California.
13
14                           /s/   Chari L. Possell
                             _____
15                           Chari L. Possell
                             CSR No. 9944, RPR, CRR
16
17
18
19
20
21
22
23
24
25
```

EXHIBIT 1
11