ROBBINS GELLER RUDMAN & DOWD LLP
PATRICK J. COUGHLIN (111070)
patc@rgrdlaw.com
X. JAY ALVAREZ (134781)
jaya@rgrdlaw.com
JASON A. FORGE (181542)
jforge@rgrdlaw.com
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
DANIEL J. PFEFFERBAUM (248631)
dpfefferbaum@rgrdlaw.com
BRIAN E. COCHRAN (286202)
bcochran@rgrdlaw.com
JEFFREY J. STEIN (265268)
jstein@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
225 Broadway, Suite 2050
San Diego, CA 92101
Telephone: 619/342-8000

Class Counsel

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY LOW, J.R. EVERETT and JOHN BROWN, on Behalf of Themselves and All Others Similarly Situated,<br><br>  Plaintiffs,<br><br>  vs.<br><br>TRUMP UNIVERSITY, LLC, a New York Limited Liability Company and DONALD J. TRUMP,<br><br>  Defendants. | No. 3:10-cv-0940-GPC(WVG)<br><br>CLASS ACTION<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION FOR FURTHER INFORMATION REGARDING JURY SELECTION<br><br>DATE:  *Ex Parte*<br>TIME:  *Ex Parte*<br>CTRM:  2D<br>JUDGE: Hon. Gonzalo P. Curiel |

1207723_1

1  Defendants' request for juror information asks too much too late. If defendants
2 had a genuine interest in the composition of the jury pool they could have raised the
3 issue with the Court anytime in the more than six years since this case was filed.
4 Instead, defendants have waited until the eve of trial to request a far more broad and
5 intrusive collection of juror information than is typically provided even in criminal
6 cases. Defendants have also failed to identify any actual issues or concerns that their
7 application would address. Instead, defendants' primary objective appears to be to
8 stay this case before trial.

9  As defendants' own case citations make clear, "[t]he statute" expressly "limit[s]
10 inspection to '***reasonable times***.'" *Test v. United States*, 420 U.S. 28, 30 n.4 (1975)
11 (quoting 28 U.S.C. §1867(f)).[1] "The right to discover defects in jury selection
12 procedures must be balanced against the need for prompt and efficient use of federal
13 judicial resources." *United States v. Bogard*, 846 F.2d 563, 567-68 (9th Cir. 1988).
14 Consequently, "[t]he decision to establish a reasonable deadline for pretrial motions,
15 including a motion to inspect jury records, reflects a proper balance." *Id.* at 568; *see
16 also United States v. Hurd*, 549 F.2d 118, 120 (9th Cir. 1977) (finding denial of
17 motion to inspect jury list as untimely "was clearly appropriate"); *Guam v. Palomo*,
18 511 F.2d 255, 258 (9th Cir. 1975) (finding "denial of the motion to inspect [juror
19 records] as untimely was proper").[2]

20  The Court set the deadline for all pretrial motions, other than motions *in limine*
21 or to amend or join parties, for February 20, 2015. *See* Dkt. 349 at 2. Defendants'

---

[1] Citations and footnotes are omitted and emphasis is added unless otherwise noted.

[2] Defendants' own cases are in agreement. *See, e.g., United States v. Studley*, 783 F.2d 934, 938 (9th Cir. 1986) (finding "attempt to challenge jury selection is now untimely"); *EEOC v. Evans Fruit Co.*, No. CV-10-3033-LRS, 2013 U.S. Dist. LEXIS 102675, at *12 (E.D. Wash. July 22, 2013) (finding "Plaintiffs-Intervenors did not comply with the timeliness requirement of the JSSA" and are therefore "foreclosed from making such a challenge to the jury which was selected and are not entitled to discovery for that purpose"); *United States v. Layton*, 632 F. Supp. 176, 178 (N.D. Cal. 1986) ("nothing in the Jury Selection Act that suggests that a criminal defendant may challenge minor aspects of proposed jury selection procedures in the abstract, before such procedures are used to select that defendant's grand or petit jury").

1  application to inspect jury records comes more than 20 months after this deadline and
2  just over one week before trial.  Granting defendants' application at this late date
3  would squander precious Court and party resources and distract from the all-
4  encompassing task of preparing this case for trial. Defendants' application should be
5  denied on this basis alone.

6  Further, under the statute, defendants must first demonstrate that the
7  information is "necessary" to show "a substantial failure to comply" with the Jury
8  Selection Act, 28 U.S.C. §1861 *et seq.* (the "Act").  *See* 28 U.S.C. §1867(c), (f).
9  Defendants have not attempted to demonstrate these predicate facts, nor can they.  As
10 the Seventh Circuit held in denying a similar request: "The defendant has not shown
11 why more is needed than what is already available or why the statutory prohibition of
12 disclosure needs to be breached."  *United States v. Davenport*, 824 F.2d 1511, 1515
13 (7th Cir. 1987).  Nor can defendants show that routine jury selection procedures in this
14 District fail to comply with the Act, let alone "substantially" so.  "Voter lists take in a
15 cross section of the community of sufficient magnitude to satisfy the Act in the
16 absence of some particular circumstance or scheme undermining the worthy purposes
17 of the Act."  *Id*.  It is defendants' burden to "set forth any 'substantial failure to
18 comply.'"  *Id*.  Defendants have submitted no evidence demonstrating a need for the
19 information, let alone a substantial failure to comply with the Act in this District, and
20 their application should be denied for this independent reason.  *See United States v.*
21 *Hernandez-Estrada*, 749 F.3d 1154, 1170 (9th Cir. 2014) (affirming finding Southern
22 District of California jury selection process does not substantially violate the Act),
23 *cert denied*, __U.S.__, 135 S. Ct. 709 (2014); *United States v. Cosme*, No. 10CR3044
24 WQH, 2011 U.S. Dist. LEXIS 127657, at *16 (S.D. Cal. Nov. 2, 2011) (denying

25
26
27
28

1  motion to dismiss on basis that jury selection processes in Southern District of
2  California violates the Act).[3]

3  Finally, defendants seek access to far broader information than they would be
4  entitled to even if their application was timely and properly supported. As the panel in
5  *Davenport* held, such open-ended requests "lack any bona fide basis" and amount to
6  "a frivolous exploration." 824 F.2d at 1515. Even criminal defendants are not
7  afforded routine access to materials such as juror questionnaires, which contain
8  "prospective jurors' home addresses and other personal information." *Id*. The panel
9  continued:

> To give the defendant an absolute right of routine access to all materials would be an amendment of the Act. The defendant may be seeking those forms as an aid for voir dire examination purposes, but that is not the purpose of the questionnaires. If these completed judicial jury forms were released to defendants generally there would exist the possibility of substantial abuse of the information the forms contain, which could have serious consequences for individual jurors and the system.

14  *Id*.

15  Here, the risk to prospective jurors and the fairness of the proceedings if
16  identifying juror information is released is potentially more serious than in *Davenport*.
17  The Court has repeatedly recognized the importance of protecting the integrity of the
18  jury pool given the unique circumstances of this case, including by protecting
19  prospective juror anonymity. *E.g.*, Dkt. 573-2, Ex. 1 at 105:18-20. Allowing
20  defendants access to sweeping juror information would needlessly undermine those
21  protections.

22  Defendants' late filing and failure to demonstrate the requisite need suggests
23  their application is aimed primarily at delaying trial. *See United States v. Vann*, No.
24  CR 08-00244 SBA, 2012 U.S. Dist. LEXIS 175739, at *6 n.2 (N.D. Cal. Dec. 10,

---

[3] This fact distinguishes this case from *Hirst v. Gertzen*, 676 F.2d 1252 (9th Cir. 1982), where no Native Americans were selected for a 60-person jury pool in an area where Native Americans constituted 6.36% of the population.

1 | 2012) (denying request for jury records as "untimely" and "little more than another
2 | dilatory tactic . . . to delay the proceedings"). Defendants' request should be denied.

DATED:  November 17, 2016

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
PATRICK J. COUGHLIN
X. JAY ALVAREZ
JASON A. FORGE
RACHEL L. JENSEN
DANIEL J. PFEFFERBAUM
BRIAN E. COCHRAN
JEFFREY J. STEIN


s/ Brian E. Cochran
BRIAN E. COCHRAN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK
AARON M. OLSEN
225 Broadway, Suite 2050
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Class Counsel

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 17, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 17, 2016.

        s/ Brian E. Cochran
BRIAN E. COCHRAN

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:    bcochran@rgrdlaw.com

1207723_1

3:10-cv-0940-GPC(WVG)

## Mailing Information for a Case 3:10-cv-00940-GPC-WVG Low v. Trump University, LLC et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Wallace Moore Allan**
  tallan@omm.com

- **Xavier Jay Alvarez**
  jaya@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Brian E. Cochran**
  bcochran@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Patrick J Coughlin**
  patc@rgrdlaw.com,e_file_sd@rgrdlaw.com,susanm@rgrdlaw.com

- **Amber Lee Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com,nadiak@zhlaw.com

- **Jason A Forge**
  jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jeffrey L. Goldman**
  jgoldman@bbwg.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,winkyc@zhlaw.com,nadiak@zhlaw.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,lmix@rgrdlaw.com,llendzion@rgrdlaw.com,e_file_sd@rgrdlaw.com,hbrown@rgrdlaw.com,mbacci@rgrdlaw.com,JayA@rgrdlaw.com,KLavelle

- **David Lee Kirman**
  dkirman@omm.com,awyman@omm.com,tmoore@omm.com,iyanniello@omm.com,hleewong@omm.com,sbrown@omm.com

- **David Marroso**
  dmarroso@omm.com

- **Jill Ann Martin**
  jmartin@trumpnational.com,lvincent@trumpnational.com

- **Thomas R. Merrick**
  tmerrick@rgrdlaw.com

- **Maureen E. Mueller**
  mmueller@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Aaron M. Olsen**
  aarono@zhlaw.com,winkyc@zhlaw.com

- **Daniel M. Petrocelli**
  dpetrocelli@omm.com

- **Daniel Jacob Pfefferbaum**
  dpfefferbaum@rgrdlaw.com

- **Jeffrey J. Stein**
  JStein@rgrdlaw.com

- **Helen Irene Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)