```
 1                    UNITED STATES DISTRICT COURT

 2              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

 3


 4   SONNY LOW, ET AL.,             .
                                    . Docket
 5              Plaintiffs,         . No. 10-cv-0940-GPC(WVG)
                                    .
 6                   v.             .
                                    .
 7   TRUMP UNIVERSITY, LLC,         . November 18, 2016
     ET AL.,                        . 1:43 p.m.
 8                                  .
                Defendants.         . San Diego, California
 9   . . . . . . . . . . . . . . . .


10
                     TRANSCRIPT OF MOTION HEARING
11            BEFORE THE HONORABLE GONZALO P. CURIEL
                  UNITED STATES DISTRICT JUDGE
12


13                     A-P-P-E-A-R-A-N-C-E-S
     For the Plaintiffs:    Robbins Geller Rudman & Dowd LLP
14                          655 West Broadway, Suite 1900
                            San Diego, California 92101
15                          By:  JASON A. FORGE, ESQ.
                                 RACHEL L. JENSEN, ESQ.
16                               PATRICK J. COUGHLIN, ESQ.

17   For the Defendants:    O'Melveny & Myers LLP
                            1999 Avenue of the Stars, Suite 700
18                          Los Angeles, California 90067
                            By:  DANIEL M. PETROCELLI, ESQ.
19                               DAVID L. KIRMAN, ESQ.
                                 DAVID MARROSO, ESQ.
20                          – and –
                            JILL ANN MARTIN, ESQ.
21                          Trump National Golf Club, Los Angeles
                            One Trump National Drive
22                          Rancho Palos Verdes, California 90275

23   Court Reporter:        Chari L. Possell, RPR, CRR
                            333 West Broadway, Suite 420
24                          San Diego, California 92101
                            chari_possell@casd.uscourts.gov
25   Reported by Stenotype, Transcribed by Computer
```

1              SAN DIEGO, CALIFORNIA; NOVEMBER 18, 2016; 1:43 P.M.

2                              -o0o-

3              THE CLERK:  Calling Item Number 18 on the calendar,

4    Case Number 10-cv-940, Low v. Trump University, on for motion

5    hearing.

6              THE COURT:  Appearances, please.

7              MR. FORGE:  Good afternoon, Your Honor.  Jason Forge,

8    Rachel Jensen, and Patrick Coughlin for plaintiffs.

9              MS. JENSEN:  Good afternoon.

10             THE COURT:  Good afternoon.

11             MR. PETROCELLI:  Good afternoon, Your Honor.  Daniel

12   Petrocelli, with Jill Martin, David Marroso, and David Kirman,

13   for President-elect Donald Trump and Trump University.

14             THE COURT:  All right.  Good afternoon to you all.

15        We are here on a motion hearing; however, at this time, I

16   have received news from Judge Miller.  Back on November 10, I

17   directed the parties to arrange with Judge Miller to engage in

18   settlement negotiations, and it is my understanding that Judge

19   Miller began that process a couple of days ago, and he reports

20   that the parties have entered into a settlement agreement which

21   not only settles the instant case -- that is, Low v. Trump

22   University -- but also the pending case of Cohen v. Donald J.

23   Trump, in 13-cv-2519.  And in addition, I have been advised

24   that the settlement contemplates resolving the litigation in

25   New York that has been filed by the Attorney General,

1  Mr. Schneiderman.

2      And as a result, at this point, what I am prepared to do

3  is confirm that the parties have in fact entered into a

4  Memorandum of Agreement and ensure that we have the signatories

5  who are authorized to bind the parties in this litigation, and

6  to the extent that the Court concludes there is a binding

7  Memorandum of Understanding or Agreement, then the Court will

8  turn to scheduling follow-up proceedings regarding class

9  settlement because this is a class action; any settlement of

10 the class action has to go through a proceeding to ensure that

11 the settlement proposed is fair, appropriate, and reasonable.

12      So with that, let me turn to the agreements that I have

13 been provided.  There are two.  One relates to a Memorandum of

14 Agreement, and it appears that it focuses on the Attorney

15 General and attorneys for Michael Sexton.

16      And, Mr. Petrocelli, it is my understanding that this

17 agreement has been signed off on by Jeffrey Goldman on behalf

18 of Michael Sexton; is that correct?

19          MR. PETROCELLI:  Yes, Your Honor.

20          THE COURT:  And also Charles Spada, on behalf of

21 Michael Sexton, and I understand both of those gentlemen have

22 been authorized to sign on behalf of Mr. Sexton?

23          MR. PETROCELLI:  Yes.  Charlie -- Charles T. Spada

24 signed on behalf of Michael Sexton, and Jeffrey Goldman signed

25 on behalf of all other respondents except Michael Sexton.

1          THE COURT:  I see.  In the letter itself, it makes

2   reference to Mr. Sexton.  But Mr. Goldman was also, then,

3   authorized to sign for Trump University, Trump Enterprise

4   Institute --

5          MR. PETROCELLI:  Correct, Your Honor.

6          THE COURT:  -- and Mr. Trump, to the extent

7   necessary?

8          MR. PETROCELLI:  Yes, Your Honor.

9          THE COURT:  And then Jane Azia is noted as the Bureau

10  Chief for the Consumer Frauds & Protection section of the

11  Attorney General's office, and I understand she has been given

12  authority to bind the Attorney General?

13         MR. PETROCELLI:  Yes, Your Honor.

14         THE COURT:  Is there anything else that we need to

15  address with respect to that agreement?

16         MR. PETROCELLI:  No, Your Honor.

17         THE COURT:  So let me turn to the settlement terms

18  sheet in our cases.  It appears to be a six-page document, and

19  at page 5, there are signatures, and a signature line for

20  Rachel J. Jensen.

21      Ms. Jensen, that is your signature?

22         MS. JENSEN:  Yes, Your Honor, on behalf of the

23  plaintiffs.

24         THE COURT:  And then, Mr. Petrocelli, your signature

25  is also on this settlement terms sheet; is that correct?

1          MR. PETROCELLI:  Yes, on behalf of defendants.

2          THE COURT:  And you have been authorized to sign on

3    behalf of President-elect Mr. Trump?

4          MR. PETROCELLI:  I am, Your Honor.

5          THE COURT:  So let me inquire, then, of the operative

6    terms of this agreement.

7       Mr. Forge, can you provide those?

8          MR. FORGE:  Sure, Your Honor.

9       Your Honor, the principal terms of the agreement are the

10   payment of $25 million, 21 of which will effectively stay in

11   this case and in the Cohen case, 4 million of which will go to

12   the New York Attorney General, and that will cover not only

13   victims who are outside of this class but also administrative

14   fees because, as Your Honor, I am sure, is aware, there's a lot

15   of effort that goes into notifying class members and notifying

16   individual students and making sure that all the claims are

17   processed promptly and the people are refunded their money.

18       There is a $1 million allocation for the expenses of the

19   case; however, the attorney's fees for representing the class

20   have all been waived by the counsel for the class members, and

21   both firms that have represented the class throughout both of

22   these cases have agreed to represent them on a pro bono basis.

23   So by doing that, and with the contributions from the

24   defendants and President-elect Trump, we were able to maximize

25   the recovery for all the class members, so that everyone who

1   submits -- who wants their money back will get at least -- will

2   get over half of their money back and upwards of that.  So both

3   sides really put in a lot of effort to make sure that this is a

4   real resolution.  People are going to be getting real money

5   back on this resolution, Your Honor, and the attorneys will not

6   be making money on this deal.  It will all go to the students.

7           THE COURT:  Ms. Jensen, is that an accurate

8   recitation of the operative terms in this agreement?

9           MS. JENSEN:  Yes, Your Honor.  The plaintiffs are

10  very pleased to be able to pay off their credit cards now and

11  move on with their lives.  So yes.

12          THE COURT:  Mr. Petrocelli, the terms that were

13  recited in the record, is that your understanding of the

14  agreement?

15          MR. PETROCELLI:  That is a generally accurate

16  summary.

17          THE COURT:  Are there any other terms that you would

18  like to place on the record at this time?

19          MR. PETROCELLI:  No, Your Honor.

20          THE COURT:  So then, at this time, it appears that

21  this agreement has been entered into by individuals with

22  authority to bind the parties in this action.  The Court

23  concludes it was entered knowingly, voluntarily, with a full

24  understanding of the terms.  And at this time, based upon these

25  facts and these conclusions, the Court will take off calendar,

1  will vacate, the trial date which is currently scheduled for

2  November 28, 2016.

3      In addition, the Court will dismiss without prejudice the

4  pending motions, and those are a motion to continue trial and

5  also a motion for further information regarding jury selection.

6      As I stated at the outset, given that this is a class

7  action, any settlement has to go through the process of being

8  reviewed by the Court.  The class members have to be given

9  opportunity to object, to the extent that they have any

10  objection, and then issues regarding opt-outs has to be

11  addressed by the Court.

12      So, towards that end, have the parties formulated a

13  schedule as to when they propose that the motion for

14  preliminary approval would be filed?

15          MR. FORGE:  Your Honor, I think 30 days will give us

16  enough time.

17          THE COURT:  30 days from today to file the motion?

18          MR. FORGE:  Yes, Your Honor.  If that is convenient

19  for the Court, that would give the parties enough time.

20          THE COURT:  Yes.  All right.  So you can file it then

21  within 30 days, and then it will provide a -- so you will file

22  it within 30 days, and then afterwards, you will ask for a

23  motion hearing how many weeks after that?

24          MR. FORGE:  Your Honor, I believe it would probably

25  be -- Your Honor, I think it will be 30 to 60 days.  We will

1   talk to the defense and figure out what would be the most

2   appropriate period --

3            THE COURT:  All right.

4            MR. FORGE:  -- but I think we can count on the

5   outside of 60 days and maybe as soon as 30.

6            THE COURT:  Okay.  So then today is November 18.  I

7   will direct you to file the motion on or before December 19th,

8   and then you can contact our chambers with respect to a date

9   for a hearing on the preliminary approval.  And to the extent

10  that the Court does give preliminary approval, then we will

11  have a schedule with respect to notice to class members, and

12  then a schedule as to a final approval hearing.

13       At this time, is there anything else that we need to

14  address?

15           MR. FORGE:  No, Your Honor, not from plaintiffs.

16           THE COURT:  Mr. Petrocelli?

17           MR. PETROCELLI:  Just briefly, Your Honor.

18           THE COURT:  Yes.

19           MR. PETROCELLI:  This settlement agreement I

20  understand will be made public?

21           THE COURT:  I expect that it will be.  The class

22  members themselves are entitled to notice of the conditions,

23  the terms of the settlement.  And so to the extent that they

24  will be notified regarding the terms of the settlement, I can't

25  imagine that there is any way to -- or any reason to seal this

```
 1   agreement.

 2            MR. PETROCELLI:  No.  And we agree with that.  And

 3   plaintiffs' counsel did give a general accurate overview.

 4        As the agreement provides, the defendants, including

 5   President-elect Trump, are entering into this agreement, of

 6   course, without any acknowledgment or admission of fault or

 7   liability, and that's expressly set forth in the agreement.  I

 8   wanted to mention that.

 9        But I also want to thank Your Honor for all the hard work

10   that you have put into this case over the long time that you

11   have presided over it.  I have not been involved except for the

12   last year, but we do appreciate your commitment and your hard

13   work to working through this case and this litigation.

14        We want to thank Judge Miller for his great efforts in

15   working with us and helping us to achieve a good resolution all

16   around for everyone, Your Honor.

17        I want to also acknowledge the efforts of plaintiffs'

18   lawyers, Mr. Forge, Mr. Coughlin, Ms. Jensen, and their team.

19   They were very professional in working with us and very

20   cooperative.

21        And last but not least, Your Honor, I would like to thank

22   my team, not only the lawyers at counsel table but I have a

23   large group of people sitting here in the courtroom who have

24   moved down to San Diego and set up shop here.

25            THE COURT:  I am sorry to hear that they have to move
```

1   back.  I am sure they are sorry to hear that.

2         MR. PETROCELLI:  And they -- you know, many of them

3   are young lawyers who have never been to a trial and were

4   waiting eagerly for this trial to occur.  But I really

5   appreciate all the hard work that they put into this and the

6   personal sacrifices that they made.

7       You know, there's an old saying that we lawyers have that

8   nobody is happy in a settlement.  I don't think that's true in

9   this case, Your Honor.  I think this is a settlement that we

10  all can be happy about and look forward to and put the history

11  behind us and move forward.  I know that's certainly the view

12  of President-elect Trump, who is keenly interested in tackling

13  the problems of our country and moving forward, and this is a

14  good part of that, Your Honor.

15      So we appreciate all your hard work on this case.  Thank

16  you.

17        THE COURT:  Thank you, Mr. Petrocelli.

18      And Mr. Forge, given his thanking his staff, I would be

19  remiss if I didn't give you that opportunity as well.

20        MR. FORGE:  I appreciate that, Your Honor.  And as

21  the case with Mr. Petrocelli, we wouldn't be here, we wouldn't

22  have achieved this result, if not for the hard work of the

23  people sitting here.  Amber Eck is right here.  She's been here

24  since day one in this case, and she knows what a long and tough

25  road this has been.

1          We have, across the board here, Jeff Stein, Brian Cochran,

2     Daniel Pfefferbaum, Chuck McCue, Michael Torres -- about the

3     greatest guy you could ever have to help you out, getting ready

4     for trial in a support capacity, knows pretty much everything

5     about every courtroom presentation device and technique.  And

6     like I said, we wouldn't be here if it wasn't for their hard

7     work, and we do really appreciate that.

8          But more importantly than all of us, we have some class

9     representatives who, you know -- as Your Honor is aware, these

10    are folks who put a lot of money into this school, and money

11    that really mattered to them, and they have hung in there

12    throughout a number of years.  And I am talking about John

13    Brown, J.R. Everett, Sonny Low, and Art Cohen.  And these are

14    four people who could have turned away at any time and just

15    walked away and let somebody else carry the ball over the goal

16    line.  And they stuck in there.  And they did that on a very

17    conscientious basis because it's something they believed in,

18    and we believed in them.

19         So I echo Mr. Petrocelli's comments about the Court.  I

20    can't say enough about how much I commend and admire the grace

21    and decorum you have shown us throughout these proceedings.

22    Outside of this court, things have been pretty ugly, quite

23    frankly, and we have never seen any hint of that impacting

24    Your Honor.  There were times we were hoping we would get a

25    ruling, maybe, but no, there was no bias shown to either side.

1   And Your Honor has just really set a great example for all of

2   us and the lawyers on both sides.

3       And I do want to pay my respects also to the job that the

4   defense team did here and to their clients as well.  I mean,

5   President-elect Trump, as Your Honor knows, could have dragged

6   this out for years, and he didn't.  And I do think that is a

7   very positive sign for all of us, that we are moving forward in

8   a much more productive and cooperative path.

9       So thank you, Your Honor.

10          THE COURT:  Thank you, Mr. Forge.

11      And I guess I would be remiss if I didn't express my

12  appreciation for my staff.  I have had a number of law clerks

13  who have worked on this over the course of the last three

14  years.  Some of them can't be here today with us.  But I think

15  that this is a proper occasion to acknowledge the efforts of

16  counsel and my staff, at the same time recognizing that we are

17  not done yet.  We still have work to do.  The Court still has

18  work to do.  The Court has to make sure that the settlement

19  proposed is fair, that it's adequate, that it's reasonable.

20  And just like with every other issue that's come before the

21  Court, I will look at the facts, I will apply the law as I

22  understand it, and I will decide what the answers are to the

23  remaining questions.

24      But having said that, this does represent an important

25  development, stage, day with respect to not just this

 1  litigation but hopefully with respect to this country and

 2  beginning a healing process that this country very sorely

 3  needs.  With that, we will await the motion for preliminary

 4  approval of the settlement, and that will conclude these

 5  proceedings.  Thank you all very much.

 6          MR. FORGE:  Thank you, Your Honor.

 7          MS. JENSEN:  Thank you, Your Honor.

 8          MR. PETROCELLI:  Thank you, Your Honor.

 9        (End of proceedings at 2:01 p.m.)

10                        -o0o-

11                C-E-R-T-I-F-I-C-A-T-I-O-N

12

13          I hereby certify that I am a duly appointed,

14  qualified and acting official Court Reporter for the United

15  States District Court; that the foregoing is a true and correct

16  transcript of the proceedings had in the aforementioned cause;

17  that said transcript is a true and correct transcription of my

18  stenographic notes; and that the format used herein complies

19  with rules and requirements of the United States Judicial

20  Conference.

21          DATED:  November 28, 2016, at San Diego,

22  California.

23

                              /s/  Chari L. Possell
24                            _____
                              Chari L. Possell
25                            CSR No. 9944, RPR, CRR