# EXHIBIT 1

ROBBINS GELLER RUDMAN & DOWD LLP
PATRICK J. COUGHLIN (111070)
patc@rgrdlaw.com
X. JAY ALVAREZ (134781)
jaya@rgrdlaw.com
JASON A. FORGE (181542)
jforge@rgrdlaw.com
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
DANIEL J. PFEFFERBAUM (248631)
dpfefferbaum@rgrdlaw.com
BRIAN E. COCHRAN (286202)
bcochran@rgrdlaw.com
JEFFREY J. STEIN (265268)
jstein@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
225 Broadway, Suite 2050
San Diego, CA  92101
Telephone:  619/342-8000

Class Counsel

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY LOW, J.R. EVERETT and JOHN BROWN, on Behalf of Themselves and All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>         vs.<br><br>TRUMP UNIVERSITY, LLC, a New York Limited Liability Company and DONALD J. TRUMP,<br><br>                              Defendants. | No. 3:10-cv-00940-GPC(WVG)<br><br><u>CLASS ACTION</u><br><br>STIPULATION OF CLASS ACTION SETTLEMENT |

[Caption continued on following page.]

1208072_5

1 | ART COHEN, Individually and on Behalf of All Others Similarly Situated, | ) | No. 3:13-cv-02519-GPC-WVG
2 | | ) | CLASS ACTION
3 |                              Plaintiff, | ) |
4 |         vs. | ) |
5 | DONALD J. TRUMP, | ) |
6 |                              Defendant. | ) |

1    Subject to the Court's approval, the Parties hereby stipulate and agree that, in

2    consideration for the promises and covenants in this Agreement, and upon the

3    occurrence of the Effective Date, these Actions shall be fully resolved, settled and

4    compromised upon the terms and conditions contained herein.

5    **I.    RECITALS**

6    WHEREAS, from 2007 through May 23, 2010, defendants sold and provided

7    thousands of Live Events under the Trump University moniker throughout the United

8    States, including nearly 6,000 (net of refunds) three-day introductory seminars at an

9    average price of $1,495, and approximately 1,000 (net of refunds) Elite packages and

10   in-person mentorships, which ranged from $9,995 to $34,995.

11   WHEREAS, on April 30, 2010, a class action complaint was filed in the *Low*

12   Action against Trump University for violations of state consumer laws and financial

13   elder abuse, seeking refunds and other relief.  *See Low* Dkt. 1.

14   WHEREAS, on May 26, 2010, Trump University filed a counterclaim against

15   former class representative Tarla Makaeff for defamation.  *See Low* Dkt. 4.

16   WHEREAS, on December 16, 2010, Donald J. Trump was named as an

17   individual defendant in the *Low* Action.  *See Low* Dkt. 41.

18   WHEREAS, on October 18, 2013, a class action complaint was filed in the

19   *Cohen* Action against Donald J. Trump for violation of the Racketeer Influenced and

20   Corrupt Organizations Act, seeking refunds and other relief.  *See Cohen* Dkt. 1.

21   WHEREAS, on February 21, 2014, the Court certified a class of California,

22   Florida, and New York Trump University Live Event purchasers in the *Low* Action.

23   *See Low* Dkt. 298.

24   WHEREAS, on October 27, 2014, the Court certified a nationwide class of

25   Trump University Live Event purchasers in the *Cohen* Action.  *See Cohen* Dkt. 53.

26   WHEREAS, on June 17, 2014, on remand after appeal to the Ninth Circuit

27   Court of Appeals, the Court granted Makaeff's anti-SLAPP motion to strike Trump

28

1   University's counterclaim in the *Low* Action and subsequently awarded Class Counsel
2   $790,083.40 in attorneys' fees and $8,695.81 in costs. *See Low* Dkts. 328, 404.

3   WHEREAS, on September 18, 2015, the Court decertified damages issues in
4   *Low* and bifurcated liability and damages for purposes of trial. *See Low* Dkt. 418.

5   WHEREAS, on September 21, 2015, the Court ordered a joint class notice
6   ("Notice of Pendency") to be disseminated to all Class Members in the Actions,
7   providing an opportunity to "opt-out" and ordering that "[a]ny Class Member who
8   does not send a completed, signed request for exclusion to the Notice Administrator
9   post-marked on or before the Opt-Out Deadline will be deemed to be a Member of the
10  Class for all purposes and bound by all further orders and judgments of the Court."
11  *Low* Dkt. 419; *Cohen* Dkt. 130.

12  WHEREAS, on November 16, 2015, the Opt-Out Deadline expired in both
13  Actions. *Low* Dkt. 419 at 11; *Cohen* Dkt. 130 at 10.

14  WHEREAS, on August 2, 2016, the Court issued an order setting a
15  November 28, 2016 trial date in the *Low* Action. *See Low* Dkt. 502.

16  WHEREAS, on November 18, 2016, the Parties executed a term sheet, setting
17  forth the basic terms of settlement between Plaintiffs, on behalf of themselves and the
18  Class, and Defendants.

19  WHEREAS, in reaching agreement on terms of settlement, the Parties engaged
20  in arm's-length negotiations under the auspices of the Honorable Jeffrey T. Miller of
21  the United States District Court for the Southern District of California.

22  WHEREAS, taking into account the costs, burden, and uncertainty inherent in
23  any litigation, Plaintiffs and Defendants have each concluded that it is desirable and
24  beneficial that the Actions be fully and finally settled and terminated in the manner
25  and upon the terms and conditions set forth in this Agreement.

26  WHEREAS, in the course of the litigation, Class Counsel extensively
27  investigated the facts and law relating to Plaintiffs' class claims in the Actions,

28

1    including briefing over 150 motions, reviewing tens of thousands of documents,
2    taking and defending 65 depositions, and consulting with experts.

3         WHEREAS, Plaintiffs and Class Counsel have concluded that the Settlement is
4    fair, reasonable, adequate and in the best interests of the Class.

5         WHEREAS, Defendants deny all of the claims and contentions in the Actions,
6    any wrongdoing, any liability to Plaintiffs or any Class Members, and any and all
7    alleged wrongdoing or liability arising out of or relating to any of the conduct,
8    statements, acts or omissions alleged in the *Low* and *Cohen* Actions (and believe there
9    are meritorious defenses and legal challenges to Plaintiffs' claims, as a class, as well
10   as to their underlying merits).  Defendants further deny that they threatened or
11   attempted to commit any wrongful act or violation of law or duty alleged in the
12   Actions, and contend that they have acted properly in all regards in connection with
13   the Plaintiffs and the Class Members.

14        WHEREAS, Defendants acknowledge that Plaintiffs' and the Class Members'
15   claims were brought and litigated at all times in good faith and in accordance with
16   Federal Rule of Civil Procedure 11, and all other federal laws and rules of
17   professional responsibility, and the Parties will request a Final Approval Order and
18   Final Judgment reflecting that the Parties and their respective counsel have conducted
19   themselves in good faith throughout the litigation.

20        NOW, THEREFORE, this Agreement is entered into by and among the Parties,
21   by and through their respective counsel and representatives, and the Parties agree that:
22   (1) upon the Effective Date, the Actions and all Released Claims shall be settled and
23   compromised as between Plaintiffs and the Class on the one hand, and Defendants on
24   the other; and (2) upon the Court's entry of a Final Approval Order, a Final Judgment
25   shall dismiss the Actions with prejudice and release all Released Claims.

26   **II.    DEFINITIONS**

27        For purposes of this Agreement, the following terms shall have the meanings
28   set forth below, unless otherwise noted:

1          1.      "Actions" means the two related class actions that are pending before the

2   Honorable Gonzalo P. Curiel and the Honorable William V. Gallo:  *Low, et al. v.*

3   *Trump University LLC and Donald J. Trump*, No. 10-cv-00940-GPC-WVG (S.D.

4   Cal.) ("*Low* Action") and *Cohen v. Donald J. Trump*, No. 13-cv-02519-GPC-WVG

5   (S.D. Cal.) ("*Cohen* Action").

6          2.      "Agreement" means this Stipulation of Class Action Settlement,

7   including all the attached Exhibits, which are an integral part of the Agreement and

8   incorporated in their entirety by reference.

9          3.      "Award" means the monetary relief provided to an Eligible Class

10  Member from the Net Settlement Fund.

11         4.      "CAFA Notice" means the notice of this Settlement to the appropriate

12  federal and state officials, as provided by the Class Action Fairness Act, 28 U.S.C.

13  §1715 ("CAFA").

14         5.      "Claims Deadline" means the date by which Class Members are required

15  to submit their Claim Form, which the Parties will request to be seventy-five (75)

16  calendar days after entry of the Preliminary Approval Order.

17         6.      "Claim Form" means the form to be submitted by a Class Member to the

18  Settlement Administrator in the form of Exhibit A3 hereto, subject to Court approval.

19         7.      "Class" or "Class Members" mean all persons who purchased a Trump

20  University Live Event in the United States from 2007 through May 23, 2010, and who

21  have not yet received a full refund.  Excluded from the Class are Defendants, their

22  representatives and employees, their affiliates and any entity in which Defendants

23  have a controlling interest, as well as all judges assigned to the Actions, and their

24  immediate family members.

25         8.      "Class Notices" means the forms of notice to Class Members,

26  substantially in the forms of Exhibits A1-A2 hereto, specifically the Long-form Notice

27  and the Summary Notice, which inform Class Members of: (i) the substantive terms of

28  this Agreement; (ii) the process by which Class Members may file a Claim Form for

1  an Award from the Net Settlement Fund; (iii) the process by which Class Members

2  may object; (iv) the date, time, and location of the Final Approval Hearing; and (v) the

3  terms of any application(s) for Service Awards.

4      9.    "Class Notice Date" means the deadline for the mailing and emailing of

5  the Long-form Notice to all reasonably-identified Class Members and the Summary

6  Notice to be published in the USA Today, which the Parties will request to be fifteen

7  (15) calendar days after entry of the Preliminary Approval Order.

8      10.    "Class Counsel" means Robbins Geller Rudman & Dowd LLP

9  ("RGRD") and Zeldes Haeggquist & Eck, LLP ("ZHE"), and any individual who is a

10  partner of, member of, employee of and/or in any way affiliated with, these law firms.

11      11.    "Class Representatives" means all five current and former Court-

12  appointed class representatives in the Actions.  *See Low* Dkt. 298; *Cohen* Dkt. 53.

13      12.    "Court" means the United States District Court for the Southern District

14  of California, the Honorable Gonzalo P. Curiel presiding.

15      13.    "Defendants" means Trump University and Donald J. Trump.

16      14.    "Defendants' Counsel" shall mean the following counsel of record for

17  Defendants: O'Melveny & Myers LLP and Jill A. Martin.

18      15.    "Effective Date" means three (3) business days after the date by which all

19  of the events and conditions in ¶XI.2 of this Agreement have been met or occurred.

20      16.    "Eligible Class Member" means a Class Member who has submitted a

21  timely, valid Claim Form and is entitled to an Award.

22      17.    "Escrow Agent" means Robbins Geller Rudman & Dowd LLP.

23      18.    "Final" means when the last of the following occurs: (i) the expiration of

24  the time to file a motion to alter or amend the Final Judgment and Order Approving

25  Settlement under Federal Rule of Civil Procedure 59(e) without any such motion

26  having been filed; (ii) the time in which to appeal the Final Judgment and Final

27  Approval Order has passed without any appeal having been taken; and (iii) if a motion

28  to alter or amend the Final Judgment and Final Approval Order is filed or if an appeal

1   is taken, immediately after the final determination of that motion or appeal so that it is
2   no longer subject to any further judicial review or appeal whatsoever, whether by
3   reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the
4   appeal or otherwise in such a manner as to permit the consummation of the
5   Settlement, in accordance with the terms and conditions of this Agreement.  For
6   purposes of this paragraph, an "appeal" shall include any petition for a writ of
7   certiorari or other writ that may be filed in connection with approval or disapproval of
8   this Settlement.   Any appeal or proceeding seeking subsequent judicial review
9   pertaining solely to Service Awards shall not in any way delay or affect the time set
10  forth above for the Final Judgment and Final Approval Order to become Final, or
11  otherwise preclude the Final Judgment and Final Approval Order from becoming
12  Final.

13          19.    "Final Approval Hearing" means the hearing at which the Court will
14  determine the fairness, adequacy, and reasonableness of the Settlement.

15          20.    "Final Approval Order" means the order to be entered by the Court,
16  substantially in the form of Exhibit B hereto, approving the Settlement as fair,
17  adequate, and reasonable, and issuing such other findings and determinations as the
18  Court deems necessary and appropriate to implement the Agreement.

19          21.    "Guaranteeing Defendant" means Donald J. Trump who, by and through
20  this Agreement, guarantees payment of the full Settlement Amount by the Due Date
21  should the Paying Defendant fail to pay the full Settlement Amount by the Due Date.

22          22.    "Live Events" means all live in-person seminars and in-field mentorships
23  in the United States from 2007 through May 23, 2010, inclusive, like the 3-day
24  "Fulfillment" seminar and any "Elite" program offered by Trump University.

25          23.    "Long-form Notice" means the full notice to be mailed and emailed to all
26  reasonably-identifiable Class Members and posted on the Settlement Website and
27  Class Counsel's websites, substantially in the form of Exhibit A1 hereto.

28

24.    "MOA" means the November 18, 2016 Memorandum of Agreement entered into by the parties and filed in the action styled, *The People of the State of New York by Eric T. Schneiderman, et al. v. The Trump Entrepreneur Initiative LLC, f/k/a Trump University LLC, et al.*, Dkt. No. 310 (Index No. 451463/13).

25.    "Net Purchase Amount" means the total amount paid for all Trump University Live Events by an Eligible Class Member, minus all refunds that he or she received, if any, for such Live Events.

26.    "Net Settlement Fund" means the Settlement Fund, less moneys paid to the NYAG, Taxes and Tax Expenses, and Service Awards.

27.    "Notice and Administration Expenses" means all costs and expenses incurred by the Settlement Administrator to administer the Class Notice program and Settlement Fund pursuant to this Agreement and all other applicable Court orders.  All Notice and Administration Expenses shall be paid from the amount payable to the NYAG.

28.    "NYAG" means the New York Attorney General.

29.    "NYAG Action" means the action brought by the NYAG, styled:  *The People of the State of New York by Eric T. Schneiderman, et al. v. The Trump Entrepreneur Initiative LLC, f/k/a Trump University LLC, et al.* (Index No. 451463/13) (filed Aug. 24, 2013).

30.    "Objection Date" means the date set forth in the Preliminary Approval Order by which a Class Member must file and serve an objection to the Settlement.

31.    "Party" means Plaintiffs or Defendants, and "Parties" means Plaintiffs and Defendants collectively.

32.    "Paying Defendant" means Trump University.

33.    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof,

and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

34. "Plaintiffs" means John Brown, Art Cohen, J.R. Everett, and Sonny Low.

35. "Preliminary Approval Order" means the Court order preliminarily approving this Settlement, substantially in the form of Exhibit A hereto.

36. "Released Claims" means any and all manner of claims, actions, causes of action, cross-claims, counter-claims, charges, demands, judgments, executions, suits, obligations, dues, debts, sums of money, accounts, reckonings, bonds, bills, promises, damages, losses, specialties, setoffs, rights of recovery, agreements, decrees, matters, issues, controversies, or liabilities of any kind, nature or description whatsoever, whether direct, derivative or brought in any other capacity, whether class or individual, known or unknown, suspected or unsuspected, asserted or unasserted, accrued or unaccrued, foreseen or unforeseen, fixed or contingent, liquidated or not liquidated, in law or equity, or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, interest, penalties, fines, debts, expenses, attorneys' fees, and damages, and liabilities of any nature whatsoever (including joint and several), directly or indirectly, that Released Plaintiffs and Class Members or Released Defendants have or could have asserted in the Actions or that arise from or relate to either the same transactional nucleus of facts or the initiation, prosecution, or resolution of the Actions themselves.  Provided, however, that Plaintiffs and Defendants will retain the right to enforce this Agreement, Preliminary and Final Approval Orders, Final Judgment, and other orders or judgments issued by the Court relating to Class Notice or the Settlement, or other related documents.

37. "Released Defendants" means Defendants and each of their current, former or future subsidiaries, affiliates, divisions, related companies, controlling persons, employees, representatives, officers, directors, owners, members, shareholders, parents, families, children, partners, joint venturers, insurers, creditors,

1  agents, attorneys, heirs, executors, administrators, estates, predecessors, successors,

2  and assigns.

3      38.   "Released Plaintiffs and Class Members" means every current and former

4  plaintiff, each Class Member, Class Counsel, and to the full extent permissible under

5  law, each of their current, former or future subsidiaries, affiliates, divisions, related

6  companies, controlling persons, employees, representatives, officers, directors,

7  shareholders, parents, families, children, partners, joint venturers, insurers, creditors,

8  agents, attorneys, heirs, executors, administrators, estates, predecessors, successors,

9  and assigns.

10      39.   "Releasing Defendants" means Defendants and each of their current,

11  former or future subsidiaries, affiliates, divisions, related companies, controlling

12  persons, employees, representatives, officers, directors, owners, members,

13  shareholders, parents, families, children, partners, joint venturers, insurers, creditors,

14  agents, attorneys, heirs, executors, administrators, estates, predecessors, successors,

15  and assigns.

16      40.   "Releasing Plaintiffs and Class Members" means every current and

17  former plaintiff, each Class Member, Class Counsel, and to the full extent permissible

18  under law, each of their current, former or future subsidiaries, affiliates, divisions,

19  related companies, parents, families, children, partners, joint venturers, insurers,

20  creditors, agents, successors, assigns, and other than in their individual capacities their

21  controlling persons, representatives, officers, directors, employees, shareholders,

22  attorneys, heirs, executors, and administrators.

23      41.   "Service Awards" means the amounts awarded to the Class

24  Representatives in recognition of their time and effort in pursuing the Actions and

25  fulfilling his or her obligations and responsibilities as a class representative.  Service

26  Awards shall be paid from the Settlement Fund and are in addition to any Awards

27  provided for Class Members under the terms of this Agreement.

28      42.   "Settlement" means the terms embodied by this Agreement.

43.     "Settlement Administrator" means the Better Business Bureau of Metropolitan New York.

44.     "Settlement Amount" means the non-reversionary payment of $25 million ($25,000,000.00) by Paying Defendant and guaranteed by Guaranteeing Defendant as full compensation to Plaintiffs and the Class Members for the Released Claims, including $4 million ($4,000,000.00) payable to the NYAG pursuant to the MOA, which amount includes all Notice and Administration Expenses.

45.     "Settlement Fund" means the Settlement Amount, plus all interest and accretions thereto.

46.     "Settlement Website" means the Internet website to be established by the Settlement Administrator to provide information to Class Members and the public about this Agreement.

47.     "Summary Notice" means the short-form notice to be published in the national edition of USA Today, substantially in the form of Exhibit A2 hereto.

48.     "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority.

49.     "Trump University" means Trump Entrepreneur Initiative LLC ("TEI") and the entity formerly known as Trump University LLC.

50.     "Unknown Claims" means all Released Claims which any Plaintiff, Defendant, or Class Member do not know or suspect to exist in his, her, or its favor at the time of the release, which if known by him, her, or it, might have affected his, her, or its decision not to object to this Settlement or release of the Released Defendants or Released Plaintiffs and Class Members.  With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, the Parties shall, to the fullest extent permitted by law, fully, finally, and forever expressly waive and relinquish with respect to the Released Claims, any and all provisions, rights, and

benefits of §1542 of the California Civil Code and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to §1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." Cal. Civ. Code §1542.

## III. AWARDS TO ELIGIBLE CLASS MEMBERS

1.     Class Members will have the ability to submit a Claim Form for an Award based on their total Net Purchase Amount.  If the total Net Purchase Amount from all valid Claim Forms exceeds the amount of the Net Settlement Fund, the Net Settlement Fund will be distributed on a *pro rata* basis to Eligible Class Members.

2.     Only Class Members who submit timely and valid Claim Forms shall be eligible for an Award.  To be valid, a Claim Form in the form of Exhibit A3 hereto must be submitted to the Settlement Administrator on or before the Claims Deadline by regular First Class mail, fax, electronic mail, or via the Settlement Website.  In addition, upon request by the Settlement Administrator, the Class Member must provide documentation of his or her purchase of a Trump University Live Event.  All Class Members who fail to timely submit a valid Claim Form by the Claims Deadline shall be forever barred from receiving any Award pursuant to this Agreement, but will in all other respects be subject to and bound by the provisions of this Agreement, the Releases contained herein, the Final Approval Order, and the Final Judgment. Notwithstanding the Claims Deadline, Class Counsel shall have the discretion (but not the obligation) to accept late-submitted Claim Forms for processing by the Settlement Administrator so long as the distribution of Awards to Eligible Class Members is not materially delayed thereby.

3.     Awards will be paid from the Net Settlement Fund to all Eligible Class Members, calculated as follows:  Each Eligible Class Member shall receive an Award

1  equal to the percentage of the Net Settlement Fund that each Eligible Class Member's

2  Net Purchase Amount bears to the total of all Net Purchase Amounts.  Payment in this

3  manner shall be deemed conclusive against all Eligible Class Members.

4        4.      The Parties will request that the Court set the Claims Deadline to expire

5  seventy-five (75) days after entry of the Preliminary Approval Order.

6        5.      In administering the Net Settlement Fund, the Settlement Administrator

7  shall act in good faith and make reasonable efforts to determine whether a Claim Form

8  is valid and payable in accordance with this Agreement and the Court's settlement-

9  related orders.  That determination shall be based on (i) the information provided on

10  the Claim Form; (ii) the documentation provided by Defendants; and (iii) any

11  documentation provided by the Class Member, upon request.  The Settlement

12  Administrator shall have discretion to review and approve Claim Forms with the

13  objectives of efficiency and effecting substantial justice to the Parties and Class

14  Members, based on documentation provided by Defendants about Trump University

15  Live Event purchases and refunds.  Where no such documentation is available from

16  Defendants to verify purchase, the claimant will be asked to provide documentary

17  verification of his or her purchase to be deemed an Eligible Class Member.  The

18  Settlement Administrator shall have the right to contact Class Members to complete or

19  validate their Claim Forms, even after the Claims Deadline has expired.  The validity

20  of a Claim Form and amount of any Award will be assessed based on the totality of

21  the information and documentation provided by Defendants and the claimant.

22        6.      The inability of a Class Member to provide details about a purchase or

23  refund will not *per se* invalidate a Claim Form, but will be assessed with other factors

24  for purposes of validation.  If a timely-submitted Claim Form is rejected by the

25  Settlement Administrator as deficient in some material respect (for example, the Class

26  Member failed to sign the Claim Form, or there is no documentation establishing that

27  the claimant is a Class Member), the Settlement Administrator shall notify the

28  claimant in writing to give the claimant the chance to remedy any deficiencies,

including a follow-up telephone call, if necessary.  The Settlement Administrator will also provide the claimant with Class Counsel's contact information to seek Class Counsel's assistance.  Class Members shall have fifteen (15) calendar days from notification of the deficiency to cure the deficiency.

7.     If a claimant wishes to dispute the rejection of a Claim Form or the calculation of his or her Award (if any), he or she may so notify the Settlement Administrator and produce any supporting information or documentation requested by the Settlement Administrator.  The Settlement Administrator will evaluate the information or documentation submitted by the claimant, consult with Class Counsel, and make the decision as to whether the claim should be rejected.  The determination by the Settlement Administrator will be final and binding.  The Class Member will be notified in writing of the results of the disputed claim by the Settlement Administrator.

8.     If after the Award check stale date (*i.e.*, more than ninety (90) days from the Award check's issue date), there is a balance remaining in the Net Settlement Fund, due to any Award checks being undeliverable or not being cashed, the Settlement Administrator shall distribute such remaining funds by way of additional *pro rata* Award checks to Eligible Class Members who cashed their prior Award checks in an equitable and economical fashion.  The Settlement Administrator shall use its best efforts to distribute any remaining Net Settlement Fund within ninety (90) days after the stale date to all Eligible Class Members who cashed their prior checks. This process shall continue until the Net Settlement Fund is exhausted.  Within ten (10) calendar days of exhausting the Net Settlement Fund, the Settlement Administrator will provide written notice to the Parties' Counsel of the same.

9.     The Escrow Agent shall cause to be filed all required federal, state, and local information returns which may be required with respect to payments made to Eligible Class Members as consistent with Treas. Reg. §1.468B-2(1) and described in ¶IV.C.1.d and shall secure such certificates from such Eligible Class Members as it may determine may be required in order to file such information returns.

## IV.   SETTLEMENT FUND

### A.   Payment to the Escrow Account

1.     On or before January 18, 2017, the Paying Defendant shall pay the Settlement Amount into an escrow account controlled and maintained by the Escrow Agent (the "Escrow Account"), subject to continuing Court oversight for the purpose of resolving or satisfying the claims in the Actions.  The deadline for the Paying Defendant's payment to the Escrow Account is called the "Due Date."  The Escrow Account will be a segregated account containing the Settlement Amount, plus any accrued interest.  Funds may only be withdrawn from the Escrow Account in accordance with this Agreement or any other Court order.

2.     At least fifteen (15) calendar days prior to the Due Date, Plaintiffs shall provide Defendants with ACH instructions for paying the Settlement Amount into the Escrow Account and a completed form W-9.

3.     Within seven (7) calendar days of payment as set forth in Paragraph 1 above, the Escrow Agent shall pay $4,000,000.00 to the NYAG.  Within fourteen (14) calendar days of paying all Notice and Administration Expenses, monetary relief for non-Plaintiffs, and those non-Class Members who were TEI students, along with any civil penalties or costs to the NYAG, the NYAG shall notify Class Counsel of any remainder and cause such amount to be paid into the Escrow Account distributed to Eligible Class Members.

4.     As a condition precedent and material inducement to Plaintiffs to enter into this Agreement, Guaranteeing Defendant hereby unconditionally, irrevocably, and absolutely guarantees to Plaintiffs full payment of the Settlement Amount by the Due Date should the Paying Defendant fail to pay the full Settlement Amount by the Due Date.  Plaintiffs may enforce this guaranty without prior enforcement against Paying Defendant.  Defendants' Counsel warrant that they are agents of Guaranteeing Defendant and duly authorized to enter into this Agreement, which constitutes a legal, valid, and binding guaranty enforceable against Guaranteeing Defendant as though

personally executed and delivered by him.  Defendants' Counsel and Guaranteeing Defendant agree time is of the essence for this Agreement.

**B.    The Escrow Agent**

1.    Upon receipt, the Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶IV.A.1 in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Defendants shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Agreement, by an order of the Court, or with the written agreement of Defendants' Counsel.

3.    Subject to further order(s) and/or directions by the Court, or as provided in the Agreement, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Agreement.  The Released Defendants shall bear no responsibility for, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

4.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Agreement and/or further order(s) of the Court.

**C.    Taxes**

1.    Qualified Settlement Fund

(a)     The Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  It is intended that all transfers by the Defendants to the Settlement Fund will satisfy the "all events test" and the "economic performance" requirement of §461(h)(1) of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, (the "Code") and Treas. Reg. §1.461-1(a)(2).  As such, the Defendants shall not be taxed on the income of the Settlement Fund.  The Settlement Fund shall be taxed on its modified gross income, excluding the sums, or cash equivalents of things, transferred to it.  In computing the Settlement Fund's modified gross income, deductions shall be allowed for, *inter alia*, administrative costs and other incidental deductible expenses incurred in connection with the operation of the Settlement Fund, including, without limitation, state and local taxes, and legal, accounting, and actuarial fees relating to the operation of the Settlement Fund.  All such computations of the Settlement's modified gross income, as well as any exclusions or deductions thereto, shall be compliant and consistent with Treas. Reg. §1.468B-2(b)(1)–(4).

(b)     In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this Agreement, including, if appropriate, (i) the "relation-back election" (as defined in Treas. Reg. §1.468B-1(j)(2)) to treat the Settlement Fund as coming into existence as a qualified settlement fund as of the earliest permitted date or (ii) an election to apply settlement fund rules as described in Treas. Reg. §1.468B-5(b)(2).  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(c)     For the purpose of §1.468B of the Code, the "transferor" shall be the Paying Defendant or the Guaranteeing Defendant in the event he must pay part or

1   all of the Settlement Amount.  The transferor shall supply to the Escrow Agent the

2   statement required by Treas. Reg. §1.468B-3(e) by February 15 of the year following

3   the calendar year in which the transfer of the Settlement Amount is made to the

4   Settlement Fund.

5        (d)    For the purpose of §1.468B of the Code, the "administrator" shall

6   be the Escrow Agent.  The Escrow Agent shall apply for an employer identification

7   number for the Settlement Fund pursuant to Internal Revenue Service Form SS-4, and

8   in accordance with Treas. Reg. §1.468B-2(k)(4).  The Escrow Agent shall timely and

9   properly file all informational and other tax returns as are necessary or advisable with

10  respect to the Settlement Fund (including, without limitation, the returns described in

11  Treas. Reg. §1.468B-2(k)).  Furthermore, in accordance with the provisions of Treas.

12  Reg. §1.468B-2(l), the Escrow Agent shall cause to be filed all required federal, state,

13  and local information returns as are necessary or advisable with respect to any

14  payments made to Eligible Class Members.  The Escrow Agent may retain certified

15  public accountants and legal counsel to consult with and advise the Escrow Agent (as

16  well as the Settlement Administrator) with respect to the preparation of any and all

17  appropriate income tax returns, information returns, or compliance withholding

18  requirements.

19       (e)    The Escrow Agent shall be empowered to take all such actions as it

20  deems necessary to ensure that the Settlement Fund is treated as a "qualified

21  settlement fund" under §468B of the Code.  Further, the Escrow Agent may request

22  that the Settlement Administrator petition the Court to amend, either in whole or in

23  part, any administrative provision of this Agreement, which causes unanticipated tax

24  consequences or liabilities inconsistent with the foregoing.

25       (f)    In accordance with Treas. Reg. §1.468B-2(j), the taxable year of

26  the Settlement Fund shall be the calendar year and the Settlement Fund shall use an

27  accrual method of accounting, within the meaning of §446(c) of the Code.

28

(g)     All (1) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendants or Released Plaintiffs and Class Members or their respective counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (2) expenses and costs incurred in connection with the operation and implementation of this section of the Agreement (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing, or failing to file, the returns described in this paragraph) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Defendants and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  The Escrow Agent shall indemnify and hold each of the Released Defendants and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Class Members any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Defendants nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses.  The Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph of the Agreement.

2.      Released Defendants are not and will not be obligated to compute, estimate or pay any taxes on behalf of any Plaintiff, any Class Member, Class Counsel, and/or the Settlement Administrator.

3.      This Settlement is non-recapture.  As of the Effective Date, Defendants, and/or any other Person funding the Settlement on a Defendant's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

**D.    Termination of Settlement**

1.      In the event that the Agreement is not approved by the Court in substantially the form agreed-upon herein, or otherwise fails to become effective, the Escrow Agent will: (i) immediately cease incurring costs reimbursable from the Settlement Fund, and (ii) refund the Settlement Fund to Paying Defendant, including all accrued interest thereon, less any amounts paid to the NYAG and Taxes or Tax Expenses paid, incurred, or due and owing in connection with the Settlement within thirty (30) calendar days of written notice by Defendants' Counsel, and pursuant to written instructions from Defendants' Counsel in accordance with ¶XIII.1 herein.

**V.    ADMINISTRATION OF THE SETTLEMENT FUND**

1.      Subject to the supervision and direction of the Court and Class Counsel, the Settlement Administrator shall (i) process Claim Forms and calculate Awards to Eligible Class Members based on the information provided by Class Members in their Claim Forms, including any documentation provided by Class Members, and records provided by the Parties; and (ii) distribute the Net Settlement Fund to Eligible Class Members.

2.      The Settlement Fund shall be applied as follows:

(a)    Payment of Awards to all Eligible Class Members;

(b)    Payment to the NYAG, which includes Notice and Administration Expenses;

(c)    Payment of Taxes and Tax Expenses; and

(d)     Payment of Service Awards.

3.     Released Defendants shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Settlement Fund, the determination, administration, or calculation of Awards, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.  Plaintiffs, Class Members, and Class Counsel release Released Defendants from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

4.     No Person shall have any claim against Plaintiffs, Class Counsel or the Settlement Administrator, or any other Person designated by Class Counsel, based on the amount of an Award, or the determination, calculation, or distribution thereof made substantially in accordance with this Agreement and the Settlement contained herein, or further order(s) of the Court.

5.     The Settlement Administrator shall assist with various administrative tasks, including, without limitation, (i) mailing or arranging for the mailing and emailing of the Long-form Notice; (ii) handling returned mail and email not delivered to Class Members; (iii) attempting to obtain updated postal and/or email address information for Class Members and for any Notice returned without a forwarding address or an expired forwarding address; (iv) making any additional mailings as necessary or appropriate to administer the Net Settlement Fund; (v) the publishing of the Summary Notice in the national edition of USA Today; (vi) answering inquiries from Class Members; (vii) receiving and maintaining on behalf of the Court and the Parties any Class Member correspondence; (viii) establishing the Settlement Website that posts this Agreement, the Long-form Notice, and other Settlement-related documents; (ix) establishing a toll-free telephone number that will provide Settlement-related information to Class Members; (x) distributing Awards to all Eligible Class Members; (xi) maintaining an accounting of all expenditures from the Settlement

1   Fund and Awards to all Eligible Class Members; and (xii) otherwise assisting with the

2   administration of the Class Notice and this Agreement.

3   **VI.   PRELIMINARY APPROVAL**

4       1.    As soon as reasonably practicable after the execution of this Agreement,

5   the Parties shall file this Agreement with the Court and move the Court for

6   preliminary approval, including issuance of a proposed Preliminary Approval Order,

7   substantially in the form of Exhibit A hereto.

8       2.    Not later than ten (10) days after the filing of this Agreement with the

9   Court, Defendants' Counsel shall serve notice of this Agreement in accordance with

10  CAFA.

11  **VII.   NOTICE OF CLASS SETTLEMENT**

12      1.    The Settlement Administrator shall disseminate the Class Notices and

13  Claim Form substantially in the forms of Exhibits A1-A3 hereto and in accordance

14  with the terms of the Court's Preliminary Approval Order.  In Fall 2015, Notices of

15  Pendency of Class Action were sent to Class Members in the Actions, providing a

16  right to opt out of one or both Actions by November 16, 2015.  Because all individuals

17  who did not opt out are deemed to be Class Members for all purposes, the Parties

18  agree that no new opportunity to opt out will be provided as a part of this Settlement.

19      2.    Class Counsel shall post the Long-form Notice and Claim Form on their

20  firm websites.  The Released Defendants shall refer inquiring Class Members to the

21  Settlement Administrator, the toll-free number, and the Settlement Website.

22      3.    Defendants agree to take reasonable efforts to answer any questions that

23  Class Counsel and the Settlement Administrator have about the purchase and/or

24  refund data provided by Defendants for ninety (90) days following entry of the

25  Preliminary Approval Order.

26      4.    The Settlement Administrator shall provide additional information and

27  reports to the Court, Class Counsel, and Defendants' Counsel upon request.

28

5.     Within thirty (30) calendar days of notifying the Parties that the Net Settlement Fund has been fully exhausted, *i.e.*, all outstanding Award checks have been cashed, and confirmation by the Parties of the same, the Settlement Administrator shall destroy the Class Member records and shall certify in writing to Class Counsel and Defendants' Counsel that it has done so.

**VIII.  OBJECTIONS**

1.     Any Class Member who intends to object to the fairness of the Settlement or the request for Service Awards must do so in writing on or before the Objection Date, which the Parties will request as seventy-five (75) days after entry of the Preliminary Approval Order, and in accordance with all the requirements set forth in the Preliminary Approval Order.

2.     The Parties shall request that any Class Member who fails to comply with the Preliminary Approval Order shall waive and forfeit any and all rights that he or she may have to be heard, appear separately, and/or to object, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments, including, but not limited to, the release of the Released Claims.

3.     The Parties shall request that any person filing an objection shall, by doing so, submit himself or herself to the exclusive jurisdiction and venue of the Court, and shall agree to be subject to discovery by the Parties with respect to both the objection and any objections to other class action settlements lodged by the objector.

**IX.   *PRO BONO* REPRESENTATION AND SERVICE AWARDS**

1.     Class Counsel have agreed to provide their legal services to Plaintiffs and the Class on a *pro bono* basis, including all litigation expenses incurred in the Actions.

2.     Each Class Representative has contributed a great deal of time and effort over the years assisting in the prosecution of the Actions.  By way of example, each Class Representative gathered documents in response to Defendants' requests for the production of documents, prepared and sat for one or more depositions, participated in settlement conferences, reviewed pleadings, prepared for trial, and provided

information and input as requested throughout the Actions.  Accordingly, Plaintiffs will apply for Service Awards of fifteen thousand dollars ($15,000.00) for each Class Representative, which Service Award shall be in addition to any Award to which the Class Representative may otherwise be entitled under the terms of this Agreement.

3.     The Court's denial of Service Awards in the amount requested by Plaintiffs shall not negate any other provisions of this Agreement, which provisions shall remain fully effective and enforceable.  Within five (5) business days of the Effective Date, any Court-ordered Service Awards shall be paid from the Settlement Fund to the respective Class Representative.

## X.     MUTUAL RELEASES

1.     Plaintiffs acknowledge that Defendants are entering into this Agreement without any admission of wrongdoing, liability, or fault whatsoever, and that Defendants have denied and continue to deny, each and all of the claims and contentions alleged by the Plaintiffs against them.  Plaintiffs acknowledge that Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged or that could have been alleged in the Actions, including, but not limited to, any suggestion that they have committed or attempted to commit any violations of law or breached any duty owed to Plaintiffs or the Class.  Plaintiffs acknowledge that Defendants also have denied and continue to deny, *inter alia*, the allegations that Plaintiffs or the Class have suffered any injury as a result of Defendants' conduct or omissions for which Plaintiffs or the Class are legally entitled to any relief from Defendants, or that Plaintiffs or the Class were harmed by any conduct or omissions by Defendants that were or could have been alleged in the Actions.

2.     Defendants acknowledge that Plaintiffs' and the Class Members' claims were brought and litigated at all times in good faith and in accordance with Federal Rule of Civil Procedure 11, and all other relevant federal statutes and the rules of professional responsibility.  The Parties will request a Final Approval Order and Final

1  Judgment reflecting that the Parties and their respective counsel have conducted

2  themselves in good faith throughout the litigation.

3      3.     Upon the Effective Date, the Agreement shall be the sole and exclusive

4  remedy for any and all Released Claims, including Unknown Claims, of all Releasing

5  Plaintiffs and Class Members and Releasing Defendants against all Released Plaintiffs

6  and Class Members and Released Defendants.   No Released Plaintiff or Class

7  Member, or Released Defendant shall be subject to liability of any kind to any

8  Releasing Plaintiffs and Class Members and Releasing Defendants with respect to any

9  Released Claim.  Upon the Effective Date, and subject to fulfillment of all of the

10  terms of this Agreement, each and every Releasing Plaintiffs and Class Members and

11  Releasing Defendants shall be permanently barred and enjoined from initiating,

12  asserting and/or prosecuting any Released Claim, including any Unknown Claim,

13  against the Released Plaintiffs and Class Members and Released Defendants in any

14  court or any forum.

15      4.     On the Effective Date, the Releasing Plaintiffs and Class Members will

16  release all Released Claims against the Released Defendants.  Each of the Releasing

17  Plaintiffs and Class Members shall be deemed to have, and by operation of the

18  Judgment shall have, fully, finally, and forever released, relinquished, and discharged

19  each Released Defendant from all claims (including Unknown Claims) arising out of,

20  relating to, or in connection with the institution, prosecution, assertion, settlement or

21  resolution of the Actions or the Released Claims.  Releasing Plaintiffs and Class

22  Members, by virtue of the Class Notices, acknowledge that they have been informed

23  by their legal counsel of Section 1542 of the California Civil Code and expressly

24  waive and relinquish any rights or benefits available to them under this statute.

25      5.     On the Effective Date, each of the Releasing Defendants will release all

26  Released Claims against the Released Plaintiffs and Class Members, including Class

27  Counsel.  Each of the Releasing Defendants shall be deemed to have, and by operation

28  of the Judgment shall have, fully, finally, and forever released, relinquished, and

discharged Released Plaintiffs and Class Members, including Class Counsel, from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Actions or the Released Claims.  Releasing Defendants acknowledge that they have been informed by Defense Counsel of Section 1542 of the California Civil Code and expressly waive and relinquish any rights or benefits available to them under this statute.

6. In exchange for the mutual releases set forth in this Agreement, upon the Effective Date, including full payment of the Settlement Amount, Plaintiffs will dismiss with prejudice the Defendants from the Actions.

7. The Parties agree that the Court shall retain exclusive and continuing jurisdiction over the Parties and the Class Members to interpret and enforce the terms, conditions, and obligations under this Agreement.

## XI.   CONDITIONS OF SETTLEMENT

1. This Agreement is subject to and conditioned upon the issuance by the Court of the Final Approval Order and Final Judgment, substantially in the forms attached hereto as Exhibits B-C.

2. The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a) The Settlement Amount is deposited into the Escrow Account;

(b) The Court enters the Preliminary Approval Order;

(c) The Court enters a Final Approval Order and Final Judgment; and

(d) The Court's Final Approval Order and Final Judgment are Final.

3. Upon the Effective Date, any and all remaining interest or right of the Released Defendants in, or to, the Settlement Fund, if any, shall be absolutely and forever extinguished.  If the conditions specified in ¶XI.2 are not met, then the Settlement shall be terminated subject to ¶IV.D.1 of this Agreement unless Class Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.

## XII.   REPRESENTATIONS AND WARRANTIES

1.     Each Defendant represents and warrants:  (i) that it has the requisite corporate power and authority to execute, deliver and perform the Agreement and to consummate the transactions contemplated hereby; (ii) that the execution, delivery and performance of the Agreement and the consummation by it of the actions contemplated herein have been duly authorized by necessary corporate action on the part of Defendants; and (iii) that the Agreement has been duly and validly executed and delivered by Defendants and constitutes its legal, valid and binding obligation.

2.     Guaranteeing Defendant warrants and represents that he is not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time the Agreement is executed.  In the event of a final order of a Court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Amount, or any portion thereof, by or on behalf of the Paying Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction under Title 11 of the United States Code (Bankruptcy) or applicable state law and any portion thereof is required to be refunded and such amount is not promptly deposited in the Settlement Fund, then the guaranty provided by Guaranteeing Defendant in this Agreement shall become immediately due and owing.

3.     Plaintiffs represent and warrant that they are entering into the Agreement on behalf of themselves and as representatives of the Class, of their own free will and without the receipt of any consideration other than what is provided in the Agreement or disclosed to, and authorized by, the Court.  Plaintiffs represent and warrant that they have reviewed the terms of the Agreement in consultation with Class Counsel and believe them to be fair and reasonable, and will not object to the Agreement.

4.     Each undersigned counsel for the Parties represents and warrants that they are fully authorized to execute the Agreement on behalf of their clients.  This Agreement shall be fully binding on each of the Parties as though personally executed and delivered by him, her, or it.

5.      The Parties warrant and represent that no promise, inducement or consideration for the Agreement has been made, except those set forth herein.

6.       The Parties warrant that, whether or not consummated, this Agreement and the Exhibits hereto, and any associated or supporting documents or filings, shall not be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession, or an admission by Plaintiffs, or Defendants:  (i) whether the Actions were appropriate for class certification; (ii) the validity of any allegation or claim that has been, could have been or in the future might be asserted against any of the Defendants; (iii) the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in the Actions or in any other civil, criminal, or administrative action or other proceeding; (iv) the truth of any fact alleged; (v) liability, negligence, fault, or wrongdoing of any kind; and (vi) the existence or scope of any damages.

## XIII.  TERMINATION OF THIS AGREEMENT

1.      Any Party may terminate this Agreement by providing written notice to the other Parties hereto within ten (10) business days of any of the following events:

(a)      The Court declines to approve the Settlement; or

(b)      The Court enters a Final Approval Order or a Final Judgment that does not conform in material respects to Exhibits B-C, respectively, or is reversed, vacated, or modified in any material respect by another court.

2.      In the event that this Agreement terminates for any reason, all Parties shall be restored to their respective positions as they existed on November 18, 2016. Upon termination, ¶IV.D.1 of this Agreement shall survive and be binding on the Parties, but this Agreement shall otherwise be null and void.  In the event that this Agreement is terminated, Defendants shall be entitled to any tax refund owing to the Settlement Fund.  At the request of Defendants, the Escrow Agent or its designee shall apply for any such refund and pay the proceeds, after deduction of any fees or

expenses incurred in connection with such application(s) for a refund, to the Defendants.

## XIV.  MISCELLANEOUS PROVISIONS

1.      Entire Agreement:  The Agreement, including all Exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the Agreement and shall supersede any previous proposals, negotiations, agreements, representations, settlement term sheets, communications and understandings among the Parties with respect to the subject matter of the Agreement.  The Parties acknowledge, stipulate and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation or undertaking concerning any part or all of the subject matter of this Agreement has been made or relied upon except as set forth expressly herein.  The Agreement may not be changed, modified, or amended, except in a writing signed by Class Counsel and Defendants' Counsel and, if required, approved by the Court.  The Parties contemplate that the Exhibits to the Agreement may be modified by subsequent agreement of the Parties or by the Court.

2.      Governing Law:  The Agreement shall be construed under and governed by the laws of California, applied without regard to laws applicable to choice of law.

3.      Execution in Counterparts:  The Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Signatures scanned to PDF and sent by e-mail shall be treated as original signatures and shall be binding.

4.      Notices:  Whenever this Agreement requires or contemplates that one of the Parties shall or may give notice to the other, notice shall be provided in writing by first class U.S. Mail and email to:

1

***If to Plaintiffs or to Class Counsel***:

2
3
4
5

Rachel L. Jensen
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
561/231-7423 (fax)
Email: rachelj@rgrdlaw.com

6

***If to Defendants or to Defendants' Counsel***:

7
8
9
10

David L. Kirman
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, CA 90067–6035
Telephone: 310/ 553-6700
310/246-6779 (fax)
Email: dkirman@omm.com

11     5.     Stay of Proceedings:   Upon the execution of this Agreement, all

12   proceedings in the Actions shall remain stayed until further order of the Court, except

13   for proceedings that may be necessary to implement the Agreement, its Exhibits, or

14   comply with or effectuate the terms of this Agreement.

15     6.     Good Faith: The Parties and their respective counsel agree that they will

16   act in good faith and will not engage in any conduct that could frustrate the purpose of

17   this Agreement.  The Parties will not make any public statement that disparages the

18   Settlement.  Defendants will not discourage the filing of any claims allowed under this

19   Agreement.  Class Counsel shall, consistent with their obligations to the Class, make

20   reasonable efforts to encourage Class Members to participate in this Settlement.

21     7.     Best Efforts: The Settlement summarized in this Agreement is subject to

22   and contingent upon the negotiation, execution, and Court approval of this and other

23   documents relating to the Settlement reflecting the terms of this Agreement and other

24   additional material terms, as appropriate.  The Parties will work in good faith and with

25   best efforts to negotiate and execute such an Agreement and other related documents.

26   The Parties further agree, subject to Court approval as needed, to reasonable

27   extensions of time to carry out any of the provisions of the Agreement.

28

8.      Binding on Successors:  The Agreement shall be binding upon, and inure to the benefit of the heirs, successors and assigns of the Released Plaintiffs and Class Members and Released Defendants.

9.      Arm's-Length Negotiations:   The determination of the terms and conditions contained herein and the drafting of the provisions of this Agreement have been by mutual understanding after negotiation, with consideration by, and participation of, the Parties and their counsel.  This Agreement shall not be construed against any Party on the basis that it was the drafter or participated in the drafting. Any statute or rule of construction that ambiguities are to be resolved against the drafting party shall not be employed in the implementation of this Agreement and the Parties agree that the drafting of this Agreement has been a mutual undertaking.

10.      Waiver:  The waiver by one Party of any provision or breach of the Agreement shall not be deemed a waiver of any other provision or breach of the Agreement.  The failure of a Party to insist on strict adherence to any provision of this Agreement shall not constitute a waiver or thereafter deprive such Party of the right to insist upon strict adherence.

11.      Exhibits:  All Exhibits to this Agreement are material and integral parts hereof, and are incorporated by reference as if fully rewritten herein.

12.      Implementation Before Effective Date:  The Parties may, but have no obligation whatsoever to, agree in writing to implement the Agreement or any portion of it after the entry of the Final Judgment, but prior to the Effective Date.

13.      The headings in this Agreement are inserted merely for the purpose of convenience and are not intended to affect the interpretation of the Agreement.

14.      Retain Jurisdiction: The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Agreement and all Exhibits thereto, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Agreement embodied in this Agreement.

15.     The Parties believe that this Agreement is a fair, adequate and reasonable settlement of the Actions, and they have arrived at this Settlement through arm's-length negotiations, taking into account all relevant factors, present and potential.

IN WITNESS WHEREOF, each of the Parties has caused the Agreement to be executed on his or her behalf by duly authorized attorneys, dated December 19, 2016.

DATED:  December 19, 2016

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
X. JAY ALVAREZ
JASON A. FORGE
RACHEL L. JENSEN
DANIEL J. PFEFFERBAUM
BRIAN E. COCHRAN
JEFFREY J. STEIN


s/ Rachel L. Jensen
RACHEL L. JENSEN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK
AARON M. OLSEN
225 Broadway, Suite 2050
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Class Counsel

DATED:  December 19, 2016

O'MELVENY & MYERS LLP
DANIEL M. PETROCELLI
DAVID MARROSO
DAVID L. KIRMAN


s/ Daniel M. Petrocelli
DANIEL M. PETROCELLI

1999 Avenue of the Stars
Los Angeles, California 90067–6035
Telephone:  310/ 553-6700
310/246-6779 (fax)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JILL A. MARTIN
c/o TRUMP NATIONAL GOLF CLUB
One Trump National Drive
Rancho Palos Verdes, CA 90275
Telephone:  310/202-3225
310/265-5522 (fax)

Attorneys for Defendants
DONALD J. TRUMP and
TRUMP UNIVERSITY, LLC

## INDEX OF EXHIBITS TO STIPULATION OF CLASS ACTION SETTLEMENT

| DOCUMENT | EXHIBIT | PAGE |
|---|---|---|
| Findings and Order Preliminarily Approving Settlement, Directing Issuance of Notice, and Setting of Fairness Hearing | A | 1-13 |
| Long-form Notice | A1 | 14-21 |
| Summary Notice | A2 | 22-25 |
| Claim Form | A3 | 26-27 |
| Final Approval Order | B | 28-37 |
| Final Judgment | C | 38-45 |

# EXHIBIT A

1217167_2



1
2
3
4
5
6
7
8
9
10
11
12
13
14              UNITED STATES DISTRICT COURT
15            SOUTHERN DISTRICT OF CALIFORNIA
16   SONNY LOW, J.R. EVERETT and          )   No. 3:10-cv-00940-GPC(WVG)
     JOHN BROWN, on Behalf of             )
17   Themselves and All Others Similarly  )   CLASS ACTION
     Situated,                            )
18                                        )   FINDINGS AND ORDER
                           Plaintiffs,    )   PRELIMINARILY APPROVING
19                                        )   SETTLEMENT, DIRECTING
             vs.                          )   ISSUANCE OF NOTICE, AND
20                                        )   SETTING OF FAIRNESS HEARING
     TRUMP UNIVERSITY, LLC, a New         )
21   York Limited Liability Company and   )
     DONALD J. TRUMP,                     )
22                                        )
                           Defendants.    )
23   _____ )
     [Caption continued on following page.]
24
25
26
27
28

1217167_2

Exhibit A

- 2 -

| | | |
|---|---|---|
| 1 | ART COHEN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) |
| 2 | | No. 3:13-cv-02519-GPC-WVG |
| 3 | Plaintiff, | ) ) ) CLASS ACTION |
| 4 | vs. | ) |
| 5 | DONALD J. TRUMP, | ) ) |
| 6 | Defendant. | ) ) |
| 7 | | ) |

1   ART COHEN, Individually and  on
2   Behalf of All Others Similarly Situated,
3                         Plaintiff,
4        vs.
5   DONALD J. TRUMP,
6                         Defendant.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

No. 3:13-cv-02519-GPC-WVG

CLASS ACTION

1217167_2

Exhibit A

– 3 –

1    On December 19, 2016, the Parties in these related Actions pending before this

2  Court entered into a Stipulation of Class Action Settlement ("Agreement"), after

3  arm's-length settlement negotiations overseen by the Honorable Jeffrey T. Miller.[1]

4  The Parties now jointly move this Court, pursuant to Federal Rule of Civil Procedure

5  ("Rule") 23(e), for an order preliminarily approving the classwide settlement of these

6  Actions upon the terms and conditions set forth in the Agreement.

7    After carefully considering the Agreement, including the accompanying

8  Exhibits; the Parties' legal briefings; and the applicable law, the Court finds that:

9    1.    Pursuant to Rule 23, the Court has certified two overlapping classes of

10  Trump University Live Event purchasers in these Actions.  Specifically, in the *Low*

11  *Action*, the Court certified a class comprised of "All persons who purchased a Trump

12  University three-day live "Fulfillment" workshop and/or a "Elite" program ("Live

13  Events") in California, New York and Florida, and have not received a full refund,"

14  divided into five subclasses.  *See Low* Dkt. 298 at 35-36.  The Court also appointed

15  Plaintiffs John Brown, J.R. Everett, and Sonny Low (as well as former plaintiff

16  Makaeff) to serve as class representatives and appointed RGRD and ZHE to serve as

17  Class Counsel.  *See id.* at 36.  In the *Cohen* Action, the Court certified a class

18  comprised of "All persons who purchased Live Events from Trump University

19  throughout the United States from January 1, 2007 to the present." *Cohen* Dkt. 53 at

20  22-23.  The Court also  appointed Plaintiff Art Cohen to serve as a class representative

21  and appointed RGRD and ZHE to serve as Class Counsel.  *See id.* at 23.

22    2.    On September 21, 2015, this Court approved a joint Notice of Pendency

23  to be disseminated individually by Epiq Systems, Inc. to potential Class Members in

24  both Actions, providing an opportunity for Class Members to "opt-out" and ordering

25  that "[a]ny Class Member who does not send a completed, signed request for

26

27  _____

[1]    Unless otherwise defined, all terms used herein have the same meanings as set forth in the Agreement.

28

1   exclusion to the Notice Administrator post-marked on or before the Opt-Out Deadline

2   will be deemed to be a Member of the Class for all purposes and bound by all further

3   orders and judgments of the Court." *Low* Dkt. 419; *Cohen* Dkt. 130.

4        3.     On August 2, 2016, the Court issued an order setting a November 28,

5   2016 jury and bench trial date in the *Low* Action.  *See Low* Dkt. 502.

6        4.     On November 18, 2016, the Parties entered into a Settlement Term Sheet,

7   setting forth the basic terms of classwide settlement in the Actions.

8        5.     On December 19, 2016, the Parties executed the Agreement.

9        6.     The Court has now reviewed the Agreement and determined the proposed

10  Settlement to be fair, reasonable, adequate and within the range of possible approval.

11  The proposed Settlement does not improperly grant preferential treatment to any

12  segment of the Class.  The proposed Settlement is sufficient to warrant sending notice

13  to Class Members about the Settlement.   The procedures for establishing and

14  administering the benefits provided by the proposed Settlement and for notice to Class

15  Members satisfy Rule 23 and due process.

16       7.     The Court preliminarily finds that the Settlement resulted from arm's-

17  length negotiations among experienced counsel for the Parties, which was overseen by

18  the Honorable Jeffrey T. Miller, was concluded only after Plaintiffs and Defendants

19  conducted their own investigations and undertook extensive analyses of the factual

20  and legal issues raised by the claims and defenses, and falls within the range of

21  possible approval.  The Court preliminarily finds that the Settlement raises no obvious

22  reasons to doubt its fairness and provides a reasonable basis for presuming that the

23  Settlement satisfies the requirements of Rule 23(e) and due process.  Accordingly, the

24  Court hereby preliminarily approves the Settlement, subject to further consideration at

25  the Final Approval Hearing.

26       8.     The Court has reviewed the Class Notices, including the individual

27  emailing and mailing of the Long-form Notice and Claim Form to all Class Members

28  who can be reasonably identified, the posting of the Long-form Notice on the

1  Settlement Website and Class Counsel's websites, and publication of the Summary

2  Notice in the national edition of USA Today.  The Court has determined that these

3  forms of notice, which are consistent with the notice plan approved by the Court for

4  the Notice of Pendency:

5        (a)     constitute the best practicable notice under the circumstances;

6        (b)     are reasonably calculated to apprise Class Members of the terms of

7  the Settlement and of their right to participate in it or object;

8        (c)     are reasonable and constitute due, adequate, and sufficient notice to

9  all persons entitled to receive notice; and

10        (d)     meet all applicable requirements of Rule 23, the United States

11  Constitution, and its Amendments.

12       **Accordingly, IT IS HEREBY ORDERED that**:

13       9.     The Motion for Preliminary Approval is **GRANTED**. The Court

14  preliminarily approves the Settlement.  All defined terms in the foregoing findings and

15  this Order shall have the same meanings as in the Agreement, unless otherwise noted.

16       10.    On or before January 18, 2017 (the "Due Date"), the Paying Defendant

17  shall pay the amount of $25,000,000.00 (the "Settlement Amount") into the Escrow

18  Account.  Should the Paying Defendant fail to pay the Settlement Amount by the Due

19  Date, Guaranteeing Defendant shall complete payment of the Settlement Amount by

20  the Due Date.

21       11.    This Court shall hold a Final Approval Hearing on _____**, at** _____

22  **[one hundred (100) calendar days from this Order]**, in Courtroom 2D of the United

23  States District Court for the Southern District of California, located at 221 West

24  Broadway, San Diego, California 92101, to determine: (a) whether the Settlement of

25  the Actions on the terms and conditions provided for in the Agreement is fair,

26  reasonable and adequate to Class Members and should be finally approved by the

27  Court; (b) whether a judgment should be entered; and (c) whether Service Awards

28  should be awarded to the Court-appointed Class Representatives, and if so, in what

1   amount.  The Court may postpone the Final Approval Hearing and will provide notice

2   of any such postponement on the Settlement Administrator's website without further

3   notice to Class Members.

4       12.     The Better Business Bureau of Metropolitan New York ("Settlement

5   Administrator") is hereby appointed to supervise and administer the Class Notice

6   procedure and administer the Settlement Fund as provided for in the Agreement,

7   under the direction and supervision of Class Counsel and the Court.

8       13.     The Settlement Administrator is directed to compile a list of names and

9   addresses of purchasers of Trump University programs as they appear in the Parties'

10  records.

11      14.     The Settlement Administrator shall treat the records of Class Members as

12  confidential and shall not disclose these records to any person or entity except as

13  authorized by Court order.  The Settlement Administrator shall use these records

14  solely for the purposes of providing direct notice to Class Members, verifying Claim

15  Forms, and calculating Awards.  No copies of files containing these records may be

16  made, nor may these records be utilized by the Settlement Administrator for any other

17  purpose.  Within thirty (30) calendar days of notifying the Parties that the Net

18  Settlement Fund has been exhausted, and confirmation by the Parties of the same, the

19  Settlement Administrator shall destroy the Class Member records and shall certify in

20  writing to Class Counsel and Defendants' Counsel that it has done so.

21      15.     The Settlement Administrator is directed to update and monitor the

22  Settlement Website (trumpuniversitylitigation.com), posting all Settlement-related

23  documents, including the Agreement, the Long-form Notice and this Order; listing a

24  mailing address and the toll-free telephone number below; and providing for the

25  online submission of Claim Forms.

26      16.     The Settlement Administrator shall update and monitor the toll-free

27  telephone number, (866) 841-7311, where Class Members may call for additional

28  information.

17.     The Proposed Class Notices and Claim Form (attached as Exhibits A1-A3 hereto) are approved for dissemination to Class Members.  The Parties are authorized to make non-substantive changes to the Class Notices and Claim Form, as long as they are acceptable to both Parties, to reflect deadlines, mailing addresses, and similar information, or to format the notice for printing.

18.     The Settlement Administrator is ordered to send through U.S. First-Class mail (and email to the extent available), within **fifteen (15) calendar days of this Order**, the Long-form Notice and Claim Form, substantially in the forms attached as Exhibits A1 and A3 hereto, to all potential Class Members whose contact information is available in the records provided by the Parties.  Among other things, the Long-form Notice shall provide the Settlement Website and a mailing address and toll-free telephone number.  Upon request, the Settlement Administrator shall also mail and/or email the Long-form Notice and/or Claim Form to Class Members.

19.     The Settlement Administrator is ordered to publish on one occasion in the national edition of USA Today the Summary Notice, substantially in the form attached as Exhibit A2 hereto, within **fifteen (15) calendar days of this Order**, which will give those who did not receive the Long-form Notice and Claim Form by mail an opportunity to request them.

20.     No later than **seven (7) calendar days prior to the Final Approval Hearing**, Class Counsel shall obtain from the Settlement Administrator, and file with the Court, an affidavit attesting that Class Notice was effectuated pursuant to and consistent with this Order, specifying the dates that the Long-form Notice was disseminated to Class Members and that Summary Notice was published, including a copy of the Summary Notice as published.

21.     Class Members who wish to participate in the Settlement shall complete and submit Claim Forms in accordance with the instructions contained therein.  All Claim Forms must be postmarked or submitted electronically within **seventy-five (75) calendar days of this Order ("Claims Deadline")**.  Any Class Member who does

1217167_2

Exhibit A

- 8 -

1  not timely submit a Claim Form within the time provided, shall be forever barred from

2  sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise

3  ordered by the Court, but will in all other respects be subject to and bound by the

4  provisions of the Agreement, the releases contained therein, this Order, the Final

5  Judgment, and the Final Approval Order.  Notwithstanding the foregoing, Class

6  Counsel shall have the discretion (but not the obligation) to accept late-submitted

7  Claim Forms for processing so long as distribution of the Net Settlement Fund to

8  Eligible Class Members is not materially delayed thereby.

9      22.    The Settlement Administrator shall review and process each Claim Form

10  to determine whether it qualifies for an Award, and in what amount, in accordance

11  with terms of the Agreement.  Claim Forms that do not meet the submission

12  requirements may be rejected.  Prior to rejecting a Claim Form, in whole or in part,

13  the Settlement Administrator shall communicate with the claimant in writing to give

14  the claimant the chance to remedy any deficiencies in the Claim Form submitted,

15  including an opportunity to provide documentation of the Live Event purchase.

16      23.    Any Class Member who intends to object to the fairness of the Settlement

17  must do so in writing.  The written objection must be filed with the Clerk of the

18  United States District Court for the Southern District of California, 333 West

19  Broadway, Suite 420, San Diego, California 92101, and served on counsel for the

20  Parties identified in the Long-form Notice such that it is received by counsel no later

21  than **seventy-five (75) calendar days from this Order ("Objection Date")**.  The

22  written objection must include: (a) the name, address, and telephone number of the

23  objector; (b) a statement that shows membership in the Class; (c) a statement of

24  whether the objector intends to appear at the Final Approval Hearing, either in person

25  or through his, her, or its counsel; (d) a statement of the objection and the grounds

26  supporting the objection; (e) copies of any papers, briefs, or other documents upon

27  which the objection is based; and (f) the objector's signature.  Any Class Member who

28  files and serves a written objection by the Objection Date may appear at the Final

1    Approval Hearing, either in person or through counsel hired at his or her expense, to

2    object to any aspect of the Settlement.  Class Members or their attorneys who intend

3    to make an appearance at the Final Approval Hearing must serve a notice of intention

4    to appear on the Parties' counsel identified in the Long-form Notice, and file the

5    notice of intention to appear with the Court, no later than the Objection Date, or as the

6    Court may otherwise direct.  Any Class Member who does not make his or her

7    objection in the manner provided herein shall be deemed to have waived and forfeited

8    any and all rights that he or she may have to be heard, appear separately and/or to

9    object, and shall be bound by all the terms of this Order and the Agreement and by all

10   proceedings, subsequent orders and judgments, including, but not limited to, the

11   release of the Released Claims.

12        24.    Any person filing an objection shall, by doing so, submit himself or

13   herself to the exclusive jurisdiction and venue of this Court, and shall agree to be

14   subject to discovery with respect to the objection and prior objections to class action

15   settlements lodged, subject to this Court's or the Magistrate Judge's approval.

16        25.    Given that the Court has already ordered the dissemination of individual

17   Notices of Pendency by U.S. First-Class Mail to all identifiable Class Members (and

18   publication in the national edition of USA Today), with an opportunity to opt out and

19   the express provision that any Class Member who did not timely opt out "will be

20   deemed to be a Member of the Class *for all purposes* and bound by all further orders

21   and judgments of the Court" (*Low* Dkt. 419 at 11; *Cohen* Dkt. 130 at 11 (emphasis

22   added)), Class Members will not be given another opportunity to "opt-out."

23        26.    The motion for final approval and any application(s) for Service Awards

24   shall be filed and served within **sixty (60) calendar days of this Order**.  Any replies

25   to any objections shall be filed and served at least **seven (7) calendar days prior to**

26   **the Final Approval Hearing**.

27        27.    Defendants shall bear no responsibility for any application for Service

28   Awards, and such matters will be considered separately from the fairness,

1217167_2

- 7 -                          3:10-cv-00940-GPC(WVG)

1   reasonableness, and adequacy of the Settlement.  At or after the Final Approval
2   Hearing, the Court shall determine whether any application for Service Awards to
3   Court-appointed Class Representatives shall be approved.

4       28.    Robbins Geller Rudman & Dowd LLP shall be appointed as Escrow
5   Agent.  The Escrow Agent shall maintain the Escrow Account as a segregated account
6   containing the Settlement Amount, plus any accrued interest.  Upon receipt, the
7   Escrow Agent shall invest the Settlement Amount as provided for in the Agreement.
8   All risks related to the investment of the Settlement Fund in accordance with the
9   investment guidelines set forth in the Agreement shall be borne by the Settlement
10  Fund, and the Released Defendants shall have no responsibility for, interest in, or
11  liability whatsoever with respect to investment decisions or the actions of the Escrow
12  Agent, or any transactions executed by the Escrow Agent.  The Escrow Agent shall
13  not disburse the Settlement Fund except as provided in the Agreement, by an order of
14  the Court, or with the written agreement of Defendants' Counsel.  All funds held by
15  the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court,
16  and shall remain subject to the jurisdiction of the Court, until such time as such funds
17  shall be distributed pursuant to the Agreement and/or further order(s) of the Court.

18      29.    All reasonable expenses incurred in identifying and notifying Class
19  Members, as well as administering the Settlement Fund, shall be paid in accordance
20  with the terms set forth in the Agreement.

21      30.    In the event the Settlement is not finally approved by the Court, is
22  terminated pursuant to the terms set forth in the Agreement, or otherwise fails to
23  become effective for any reason, the Escrow Agent will: (i) immediately cease
24  incurring costs reimbursable from the Settlement Fund; and (ii) refund the Settlement
25  Fund to Paying Defendant, including all accrued interest thereon, less moneys paid to
26  the NYAG and Taxes and Tax Expenses paid, incurred, or due and owing in
27  connection with the Settlement within thirty (30) calendar days of written notice by

28

1  Defendants' Counsel and pursuant to written instructions from Defendants' Counsel

2  as provided for in the Agreement.

3        31.    Neither the Agreement, nor any of its terms or provisions, nor any of the

4  negotiations or proceedings connected with the Settlement, whether or not

5  consummated, shall be construed as an admission or concession of any kind by any of

6  the Parties.  Whether or not consummated, this Agreement and the Exhibits hereto,

7  and any associated or supporting documents or filings, shall not be construed as,

8  offered in evidence as, received in evidence as, and/or deemed to be, evidence of a

9  presumption, concession, or an admission by Plaintiffs, or Defendants:  (i) whether the

10  Actions were appropriate for class certification; (ii) the validity of any allegation or

11  claim that has been, could have been or in the future might be asserted against any of

12  the Defendants; (iii) the deficiency of any claim or defense that has been, could have

13  been, or in the future might be asserted in the Actions or in any other civil, criminal,

14  or administrative action or other proceeding; (iv) the truth of any fact alleged;

15  (v) liability, negligence, fault, or wrongdoing of any kind; (vi) the existence or scope

16  of any damages.

17        32.    The Court retains exclusive and continuing jurisdiction over the Parties

18  and the Class Members to consider all further motions and applications arising out of,

19  or connected with, the Agreement or related Settlement matters.  The Court may

20  approve the Settlement with such modifications as may be agreed to by the Parties, if

21  appropriate, without further notice to the Class.  The Court shall also retain

22  jurisdiction with respect to the implementation and enforcement of the terms of the

23  Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes

24  of implementing and enforcing the Settlement embodied in the Agreement.

25        33.    All Class Members shall be bound by all determinations and judgments

26  of the Court in the Actions concerning the Settlement and related matters, whether

27  favorable or unfavorable to the Class.

28

1217167_2

- 9 -        3:10-cv-00940-GPC(WVG)

34.     All proceedings in the Actions shall be stayed until further order of the Court, except for proceedings that may be necessary to enforce or implement the Agreement, its Exhibits, or comply with or effectuate the terms and conditions of the Agreement.

35.     Pending final determination of whether the proposed Settlement should be approved, neither Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

# O R D E R

IT IS SO ORDERED.

DATED: _____        _____
                                HONORABLE GONZALO P. CURIEL
                                UNITED STATES DISTRICT JUDGE

# EXHIBIT A1

1217164_2

LEGAL NOTICE FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

# If you purchased a Trump University in-person seminar or mentorship, you could get a payment from a class action settlement.

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

- This settlement will provide significant payments to anyone in the United States who purchased Trump University in-person seminar or mentorship ("Live Events") from 2007 through May 23, 2010, and has not received a full refund.

- The settlement resolves two class action lawsuits by certain former Trump University students who alleged that Trump University and Donald J. Trump ("Trump") made certain misrepresentations about the Live Events; it avoids the cost and risks from continuing the lawsuits, including the risk that no money would ever be paid; and it pays a portion of the settlement to class members like you.

- Your legal rights are affected whether you act, or don't act.  To receive a portion of the settlement, you must submit a claim form.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THESE LAWSUITS | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get a payment.  Claim forms must be postmarked or submitted via fax, email, or online at www.trumpuniversitylitigation.com by _____, 2017. |
| OBJECT | Write to the Court about why you do not like the settlement by _____, 2017. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement.  Requests to speak must be received by the Court and counsel for the parties in the lawsuits by _____, 2017. |
| DO NOTHING | Get no payment.  Give up your rights. |

- These rights and options—and the Court-ordered deadlines to exercise them—are explained further in this notice.
- The Court in charge of these lawsuits still has to decide whether to approve the settlement.  Payments will only be made if the Court approves the settlement and after any court appeals are resolved.  Please be patient.

1

1217164_2

Exhibit A1

- 15 -

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**.................................................................................................................PAGE _

     1.      Why should I read this notice?
     2.      What are these lawsuits about?
     3.      What is a class action and who is involved?
     4.      Why is there a settlement?

**WHO IS IN THE SETTLEMENT?**.......................................................................................PAGE _

     5.      How do I know if I am a part of the settlement?
     6.      Are there exceptions to being included?
     7.      I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**.............................................................PAGE _

     8.      What does the settlement provide?
     9.      How much will my payment be?

**HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM**.............................................PAGE _

     10.    How can I get a payment?
     11.    When will I get my payment?
     12.    What if I don't want a payment?
     13.    Can I sue defendants for the same thing later?

**THE LAWYERS REPRESENTING YOU**................................................................................PAGE _

     14.    Do I have a lawyer in this case?
     15.    How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**..................................................................................PAGE _

     16.    How do I tell the Court that I don't like the settlement?

**THE COURT'S FINAL APPROVAL HEARING**......................................................................PAGE _

     17.    When and where will the Court decide whether to approve the settlement?
     18.    Do I have to come to the hearing?
     19.    May I speak at the hearing?

**IF YOU DO NOTHING**.......................................................................................................PAGE _

     20.    What happens if I do nothing at all?

**GETTING MORE INFORMATION**.......................................................................................PAGE _

     21.    Are there more details about the settlement?
     22.    How do I get more information?

**QUESTIONS?  CALL 1-866-841-7311 OR VISIT www.trumpuniversitylitigation.com**

1217164_2

Exhibit A1

## BASIC INFORMATION

**1.  Why should I read this Notice?**

If you or someone in your family purchased a Trump University Live Event, which includes in-person seminars and in-field mentorships like the 3-day "Fulfillment" seminar and any "Bronze", "Silver" or "Gold Elite" programs (including an in-person mentorship), within the United States from 2007 through May 23, 2010, and have not received a full refund, you are a Class Member.

The Court sent you this notice because you have a right to know about a proposed settlement of two class action lawsuits, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves the settlement and, after objections and appeals are resolved, an administrator will make the payments that the settlement allows.  The Settlement Website will be updated to inform Class Members of the progress of the settlement.

**This explains the settlement, your rights, what payments are available, and how to get them.**

The Honorable Gonzalo P. Curiel of the United States District Court for the Southern District of California is overseeing these two related class actions.  The lawsuits are known as *Cohen v. Donald J. Trump*, Case No. 3:13-cv-02519 (the "Cohen (Nationwide) Action") and *Low, et al. v. Trump University, LLC, et al.*, Case No. 3:10-cv-00940 (the "Low (California/Florida/New York) Action").  Together, these lawsuits are called the "Actions."

**2.  What are these lawsuits about?**

Plaintiff in the Cohen (Nationwide) Action alleges that Donald J. Trump made certain misrepresentations about the Trump University Live Events in violation of federal law.  Plaintiffs in the Low (California/Florida/New York) Action, a related case, allege that Trump University and Trump made similar misrepresentations about the Live Events in violation of state laws.  Plaintiffs' claims were brought and litigated in good faith.

Trump and Trump University deny any and all allegations of wrongdoing and liability, and none of the alleged wrongdoing or liability of any kind has been established through the course of these Actions or this settlement.

**3.  What is a class action and who is involved?**

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who have similar claims.  In the Cohen (Nationwide) Action, it is Art Cohen.  In the Low (California/Florida/New York) Action, it is John Brown, J.R. Everett, and Sonny Low.  All the former students are a "Class" or "Class Members." The people who sue are called the "Plaintiffs." The companies and/or individuals that are being sued are called the "Defendants," which are Trump University and Donald J. Trump in the Low (California/Florida/New York) Action, and Donald J. Trump in the Cohen (Nationwide) Action.  One court resolves the issues for all Class Members – except for those people who previously chose to exclude themselves from the Class on or before November 16, 2015, pursuant to a prior order of the Court.

**4.  Why is there a settlement?**

The Court did not decide in favor of plaintiffs or defendants.  The Low (California/Florida/New York) Action was set for trial on November 28, 2016.  Plaintiffs and Defendants recognize the risks involved in proceeding through trial.  While believing in the merits of their cases, both sides agreed to a settlement.  That way, both sides avoid the cost and risks of trial, and Class Members will get substantial payments.  In settling, defendants

1217164_2

Exhibit A1

- 17 -

admit no wrongdoing or liability, and no wrongdoing or liability of any kind has been established on the merits through the Actions or this settlement.  Based upon their investigation and years of work, plaintiffs and the Court-appointed attorneys for the Class Members think this is a very good outcome for Class Members.

## WHO IS IN THE SETTLEMENT?

To see if you can get a payment, you first have to decide whether you are a Class Member.

**5.  How do I know if I am a part of the settlement?**

If you fit this description, you are a Class Member:  Anyone who purchased a Trump University Live Event in the United States from 2007 through May 23, 2010, and has not received a full refund.  "Live Events" include any in-person seminar and/or "Bronze," "Silver" or "Gold Elite" programs, including an in-person mentorship.  You are **NOT** part of the class action settlement if you only purchased a live event from Trump Institute, Trump Entrepreneur Initiative, Trump Education, Trump University in Canada, or any other Trump entity other than Trump University.  You are also **NOT** part of the settlement if you only purchased an online course or phone coaching from Trump University.

**6.  Are there exceptions to being included?**

If you did not purchase at least one Live Event from Trump University in the United States, you are *not* a Class Member.  If you purchased only online classes or phone coaching from Trump University, you are *not* a Class Member.  If you only purchased a seminar from Trump Entrepreneur Initiative on or after May 24, 2010, you are *not* a Class Member, but you may be able to participate in a settlement reached by the New York Attorney General.  *See* www.ag.ny.gov for further details.  If you only purchased a seminar or mentorship from Trump Institute or Trump University in Canada, you are *not* a Class Member.  You cannot be part of the settlement if you are a defendant, or defendant's representative or employee, affiliates, or any entity in which a defendant has a controlling interest, or a judge assigned to the Actions, or an immediate family member of such a judge.

**7.  I'm still not sure if I am included.**

If you are still not sure whether you are part of the settlement, you can get free help at www.trumpuniversitylitigation.com, www.rgrdlaw.com, or www.zhlaw.com, calling 866-841-7311 or writing the Court-appointed lawyers at the addresses in question 16.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**8.  What does the settlement provide?**

An agreement was reached to settle the Actions, along with an action brought by the New York Attorney General ("NYAG"), titled *The People of the State of New York by Eric T. Schneiderman, et al. v. The Trump Entrepreneur Initiative LLC, f/k/a Trump University LLC, et al.* (Index No. 451463/13) ("NYAG Action"), for $25 million.  If approved by the Court, a "Settlement Fund" will be created to provide payments to Class Members on a *pro rata* basis.  $4 million will go to settle the NYAG Action, to be used for the administration of monetary relief, notice and administration costs and/or penalties.  Money not distributed by the NYAG will be distributed *pro rata* to Class Members.

**QUESTIONS?  CALL 1-866-841-7311 OR VISIT www.trumpuniversitylitigation.com**

1217164_2

Exhibit A1

- 18 -

**9.  How much will my payment be?**

Your payment will depend on how many Class Members submit Claim Forms, how much you spent on Trump University Live Events, and whether you previously received a refund.  The Net Settlement Fund is currently estimated at nearly $21 million and the total estimated purchases of all Trump University Live Events in the United States is less than $40 million so we currently estimate that Class Members will receive a significant portion of what they paid, less any refunds.

If you already received a full refund, you are not entitled to more money in the settlement.  But if you only received a partial refund, you may claim the remainder of what you paid, even though your share will be reduced by whatever refund you already received.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

**10.  How can I get a payment?**

To receive a payment, you must submit a Claim Form by mail, fax, email, or online at www.trumpuniversitylitigation.com.  A Claim Form is attached to the bottom of this notice. Additional Claim Forms are available online or by calling the number below.

The Claim Form asks you to provide information about each Trump University Live Event you purchased, including the date, location, amount paid and refund received, if any.  If you do not know the exact information, please provide your best estimate.  You must submit a Claim Form to get any payment from the settlement. Inaccuracies in the information you provide will not automatically disqualify you from receiving a payment; however, it may take longer to process your claim.  Claim Forms must be submitted or postmarked no later than _____, 2017.

**11.  When will I get my payment?**

The Court will hold a hearing on _____, **2017 at [___] a.m./p.m.**, to decide whether or not to approve the settlement.  Even if the Court approves the settlement, there may be appeals.  It's always uncertain whether and when appeals can be resolved, and resolving them can take time, perhaps more than a year.  The Settlement Website will be updated to inform Class Members of the progress of the settlement.  Please be patient.

**12.  What if I don't want a payment?**

If you do not wish to receive a payment, do not submit a Claim Form.

**13.  Can I sue defendants for the same thing later?**

Unless you already chose to "opt-out" of the settlement in response to the Notice of Pendency, you cannot sue Trump University or Trump for the same conduct in another lawsuit.  The Court previously ordered that notice be provided to potential Class Members to allow them an opportunity to opt-out.  The deadline to opt-out of the Actions was on November 16, 2015.  A full statement of the released claims is set forth in the Stipulation of Class Action Settlement posted on the Settlement Website.  Go to trumpuniversitylitigation.com for details.

**QUESTIONS?  CALL 1-866-841-7311 OR VISIT www.trumpuniversitylitigation.com**

1217164_2

Exhibit A1

- 19 -

## THE LAWYERS REPRESENTING YOU

**14.   Do I have a lawyer in this case?**

The Court appointed the law firms of Robbins Geller Rudman & Dowd LLP and Zeldes Haeggquist & Eck, LLP, in San Diego, California, to represent you as "Class Counsel."  You do not need to hire your own lawyer because Class Counsel have been, and continues to, work on your behalf in these Actions.  But, if you want your own lawyer, you will have to pay that lawyer.  For example, you can ask him or her to appear in Court for you at the fairness hearing if you want someone other than Class Counsel to speak for you.

**15.   How will the lawyers be paid?**

Class Counsel have agreed to provide their legal services to plaintiffs and the Class Members on a *pro bono* basis and not seek payment for their work so as to maximize the recovery of Class Members.  More information about these firms, their practices, and their lawyers is available at www.rgrdlaw.com and www.zhlaw.com.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

**16.   How do I tell the Court that I don't like the settlement?**

If you're a Class Member, you can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter saying that you object to the settlement in *Cohen v. Donald J. Trump*, Case No. 3:13-cv-02519 and *Low, et al. v. Trump University, LLC, et al.*, Case No. 3:10-cv-00940.  Your written objection must include: (a) your name, address, and telephone number; (b) a statement about what Live Events you purchased and any refunds you received; (c) a statement whether you intend to appear at the Final Approval Hearing, either in person or through your own attorney; (d) a description of your objection and the reasons supporting your objection; (e) copies of any papers upon which your objection is based; and (f) your signature.  Mail the objection to these three places so it is received no later than _____, **2017**:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court | Rachel Jensen | David Kirman |
| United States District Court | Robbins Geller Rudman & | O'Melveny & Myers LLP |
| Southern District of California | Dowd LLP | 1999 Avenue of the Stars |
| 333 West Broadway | 655 W. Broadway | 8th Floor |
| Suite 420 | Suite 1900 | Los Angeles, CA 90067 |
| San Diego, CA 92101 | San Diego, CA 92101 | |

## THE COURT'S FINAL APPROVAL HEARING

**17.   When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing at ____ **a.m./p.m. on** _____, **2017**, in Courtroom 2D of the United States District Court for the Southern District of California, located at 221 West Broadway, San Diego, CA 92101.  At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing on or before the deadline.  The Court may also decide whether to approve service awards for Court-

**QUESTIONS?  CALL 1-866-841-7311 OR VISIT www.trumpuniversitylitigation.com**

1217164_2

appointed class representatives.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.

## 18.  Do I have to come to the hearing?

No.  Class Counsel will answer any questions the Court may have about the settlement.  But, you may come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mail your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

## 19.  May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Cohen v. Donald J. Trump*, Case No. 3:13-cv-02519 and *Low, et al. v. Trump University, LLC, et al.*, Case No. 3:10-cv-00940." Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention to Appear must be received by **[DATE]** and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses in question 16, above.

# IF YOU DO NOTHING

## 20.  What happens if I do nothing at all?

If you do nothing, you'll get no money.  Unless you already "opted-out" or excluded yourself from one or both Actions, you cannot start your own lawsuit, continue with a lawsuit, or be part of any other lawsuit against defendants Trump University or Donald J. Trump about the legal issues in this case ever again.

# GETTING MORE INFORMATION

## 21.  Are there more details about the settlement?

This notice summarizes the proposed settlement.  More details are in the Stipulation of Class Action Settlement and the Court's orders, which are available online at www.trumpuniversitylitigation.com.

## 22.  How do I get more information?

You can find important documents from the Actions, including a Claim Form, at www.trumpuniversitylitigation.com.  You may also speak to someone about the case by calling 866-841-7311, or by writing to [INSERT BBB ADDRESS].

**PLEASE DO NOT CALL OR WRITE THE COURT FOR INFORMATION OR ADVICE.**

DATED: December __, 2016             BY ORDER OF THE U.S. DISTRICT COURT FOR
                                     THE SOUTHERN DISTRICT OF CALIFORNIA

**QUESTIONS?  CALL 1-866-841-7311 OR VISIT www.trumpuniversitylitigation.com**

1217164_2

Exhibit A1

- 21 -

# EXHIBIT A2

1212501_3

## LEGAL NOTICE

**If you purchased a Trump University live seminar or in-person mentorship, you may be entitled to a payment from a class action settlement.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

This notice is about a proposed settlement of two class action lawsuits, and how you may be able to get a payment. In the lawsuits, plaintiffs, a group of former students, alleged that Trump University and Donald J. Trump ("Trump") made certain misrepresentations in the marketing of in-person seminars and mentorships ("Live Events"). Plaintiffs sought full refunds. Mr. Trump and Trump University, the defendants in these Actions, deny any and all allegations of wrongdoing and liability in both Actions, and none of the alleged wrongdoing or liability has been established through the course of these lawsuits or this settlement. Plaintiffs' claims were brought and litigated in good faith.

A proposed settlement of $25 million will end these lawsuits, as well as a New York Attorney General ("NYAG") lawsuit, and purchasers of Trump University Live Events can expect payments of a significant portion of what they paid, minus any refunds. The Court will have a hearing on the fairness, reasonableness and adequacy of this proposed settlement on **[DATE]** at **[TIME]**.

The lawsuits are known as *Cohen v. Donald J. Trump*, Case No. 3:13-cv-02519 and *Low, et al. v. Trump University, LLC, et al.*, Case No. 3:10-cv-00940. The Honorable Gonzalo P. Curiel of the United States District Court for the Southern District of California is overseeing these class actions.

### WHAT DO THE LAWSUITS CLAIM?

**The *Cohen* Action**: A former Trump University student (called a "plaintiff") sued Donald J. Trump (called a "defendant") on behalf of himself and other students in the United States, alleging that Mr. Trump misleadingly marketed Trump University Live Events in violation of federal law.

**The *Low* Action**: In a related case, former Trump University students sued Trump University and Trump on behalf of themselves and other California, Florida, and New York students who purchased a Trump University Live Event, alleging similar conduct in violation of state laws.

*Cohen* and *Low* are called the "Actions."

### WHAT ARE THE TERMS OF THE SETTLEMENT?

An $25 million agreement has been reached to settle the Actions, plus to settle a case by the New York Attorney General, titled *The People of the State of New York by Eric T. Schneiderman, et al. v. The Trump Entrepreneur Initiative LLC, f/k/a Trump University LLC, et al.* (Index No. 451463/13) ("NYAG Action"). A "Settlement Fund" will provide nearly $21 million in payments to Trump University Live Events students in the United States (called "class members") on a *pro rata* basis. $4 million will go to the NYAG Action, to be used for monetary relief to non-class members and former students of Trump Entrepreneur Initiative ("TEI"), notice and administration costs, and/or penalties or other costs. Any NYAG funds left over will be returned to the Settlement Fund and paid to class members in the Actions.

1212501_3

Exhibit A2

- 23 -

Throughout these Actions and their settlement, Mr. Trump and Trump University have denied and continue to deny any and all allegations of wrongdoing and liability. None of the alleged wrongdoing or liability of any kind has been established through the course of these Actions or this settlement. Plaintiffs' claims were brought and litigated in good faith.

Class Counsel are providing all of their legal services *pro bono* in order to maximize the recovery to you and other class members. Plaintiffs will seek service awards of up to $15,000 for each Court-appointed class representative for their years of time and effort on behalf of you and other class members. These amounts will be paid from the Settlement Fund.

On **[DATE]**, after reviewing the proposed settlement, the Court preliminarily approved it and ordered notice be given to class members. On **[DATE]**, the Court will hold a Final Approval Hearing to decide the fairness, reasonableness and adequacy of the settlement, consider any written objections of class members, hear from any objecting class members who timely request to speak at the hearing, and evaluate the request for service awards.

### WHAT ARE YOUR OPTIONS?

To receive a *pro rata* payment from the Settlement Fund, you must fill out a claim form and submit it by mail, fax, email, or online at www.trumpuniversitylitigation.com. You will be asked to provide information about each Trump University Live Event purchased and any refund received. If you do not know the exact information, provide your best estimate. **You must submit a claim form to get a payment**. Inaccuracies in the information you provide will not automatically disqualify you from receiving a payment, but may take longer to process

your claim. You may also be asked to provide documentation of your purchase. **If you do not submit a claim form, you will not receive any money.**

Alternatively, you may ask the Court to deny approval of the settlement by filing an objection. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no payments will be sent out to you or any other class member. You may also ask to speak at the Final Approval Hearing about the fairness of the settlement. Objections or requests to speak must be received by the Court and counsel on or before **[DATE]**.

If you do nothing, you will not receive a payment from the Settlement Fund. A full statement of the released claims is in the Stipulation of Class Action Settlement posted on the Settlement Website. Go to trumpuniversitylitigation.com for details.

### WHO REPRESENTS ME IN THE LAWSUITS?

The Court decided that the law firms of Robbins Geller Rudman & Dowd LLP and Zeldes Haeggquist & Eck, LLP, both based in San Diego, California, are qualified to represent you and all other class members. These firms are called "Class Counsel." These law firms are experienced in handling similar class action cases. More information about these firms, their practices, and their lawyers' experience is available at www.rgrdlaw.com and www.zhlaw.com.

Detailed information about the claims in these Actions, releases, the Court's rulings, and your rights and options is available at **www.trumpuniversitylitigation.com**.

PLEASE DO NOT CALL THE COURT OR THE COURT CLERK'S OFFICE TO

Exhibit A2

- 24 -

INQUIRE ABOUT THIS SETTLEMENT
OR THE CLAIM PROCESS.

# EXHIBIT A3

# TRUMP UNIVERSITY SETTLEMENT CLAIM FORM

Fill in the information and sign the declaration by hand or electronically, if submitting online. This Form must be postmarked or submitted by fax, email, or at www.trumpuniversitylitigation.com by _____, 2017. If mailing, send to: [BBB ADDRESS]. Make sure the Form is as complete as possible before submitting.

## ABOUT YOU
(Please Do Not use Pencil or Red Ink):

Last Name                                        First Name

Address

City                                State        Zip Code

Email Address (if you have one):

Telephone Number (Daytime):

## ABOUT YOUR PURCHASE

Provide as much detail as you can about each purchase and any refund received.  If you purchased more than one seminar or mentorship, please copy this Claim Form and attach additional pages for each purchase.

**PURCHASE 1**

Name of Seminar/Mentorship/Workshop          Name of Speaker/Instructor/Mentor

Date(s) of Purchase or Attendance          $ _____ Price Paid

City                State        Zip Code

Date of Refund (if any)          $ _____ Amount of Refund

**PURCHASE 2**

Name of Seminar/Mentorship/Workshop          Name of Speaker/Instructor/Mentor

Date(s) of Purchase or Attendance          $ _____ Price Paid

City                State        Zip Code

Date of Refund (if any)          $ _____ Amount of Refund

I affirm that I purchased one or more in-person seminar(s) or mentorship(s) from Trump University in the United States from 2007 through May 23, 2010, and have not yet received a full refund.  I declare under penalty of perjury that the information I provided on this Form is true and correct, to the best of my recollection.  I understand that the Settlement Administrator may ask me to provide documentation of my purchase(s) in order to be eligible for a payment from the settlement.  I understand that I am bound by the terms of any judgment in these actions and may not bring a separate lawsuit for these claims.

Executed this ____ day of _____, 20___, at _____,_____ (city, state).

_____
(Signature)

**THIS CLAIM FORM MUST BE POSTMARKED OR SUBMITTED BY _____, 2017.**
**QUESTIONS?   CALL 1-866-841-7311 OR VISIT www.trumpuniversitylitigation.com**

1212704_2

# EXHIBIT B

1212498_3



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17    UNITED STATES DISTRICT COURT

18    SOUTHERN DISTRICT OF CALIFORNIA

19    SONNY LOW, J.R. EVERETT and        )   No. 3:10-cv-00940-GPC(WVG)
      JOHN BROWN, on Behalf of           )
20    Themselves and All Others Similarly )   CLASS ACTION
      Situated,                          )
                                         )   FINAL APPROVAL ORDER
21                          Plaintiffs,  )
                                         )
22          vs.                          )
                                         )
23    TRUMP UNIVERSITY, LLC, a New       )
      York Limited Liability Company and )
24    DONALD J. TRUMP,                   )
                                         )
25                          Defendants.  )
                                         )
26    [Caption continued on following page.]

27

28

1212498_3

| | |
|---|---|
| 1   ART COHEN, Individually and on | )   No. 3:13-cv-02519-GPC-WVG |
| 2   Behalf of All Others Similarly Situated, | ) |
|   | )   <u>CLASS ACTION</u> |
| 3                    Plaintiff, | ) |
| 4      vs. | ) |
| 5   DONALD J. TRUMP, | ) |
| 6                    Defendant. | ) |
| 7 | ) |

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1212498_3

On _____, this Court entered its Order: (1) preliminarily approving class action settlement, (2) directing distribution of the Class Notice, and (3) setting a Fairness Hearing ("Preliminary Approval Order").

The Court has now considered: (1) the memorandum submitted in support of the Motion for Final Approval of Class Action Settlement ("Final Approval Motion"); (2) the declarations and exhibits submitted in support of the Final Approval Motion;; (3) the declarations and exhibits submitted in support of the Service Award Motion; (4) the Stipulation of Class Action Settlement, including its Exhibits (collectively, "Agreement"); (5) the entire record in these Actions, including, but not limited to, the Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion"), and the declarations and exhibits submitted in support thereof; (6) the oral presentations at the Fairness Hearing; (7) the Court's findings and conclusions contained in its Preliminary Approval Order; (8) this Court's experiences and observations while presiding over these Actions, and the Court's file herein; and (9) the relevant law.

Due and adequate notice having been given to all papers filed, oral presentations provided at the Fairness Hearing, proceedings in the Actions, and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1.      The Motion for Final Approval of Class Action Settlement is hereby **GRANTED**.

2.      **Incorporation of Documents**.  This Order finally approving the class action settlement ("Final Approval Order") incorporates and makes part hereof: (a) the Agreement; and (b) the Court's findings of fact and conclusions of law in its Preliminary Approval Order.  All defined terms in this Final Approval Order shall have the same meanings as in the Agreement.

3.      All preliminary findings of fact and conclusions of law contained in the Court's Preliminary Approval Order are hereby made final.

4.      **Jurisdiction**.  The Court has personal jurisdiction over all the Parties and the Class Members and has subject matter jurisdiction over these Actions, including, without limitation, jurisdiction over all the claims and counterclaims that were or could have been asserted in the Actions; exclusive and continuing jurisdiction to approve and enforce the Agreement, including exhibits thereto; and jurisdiction to dismiss these Actions on the merits and with prejudice.

5.      **Class Notices**.  The Court finds that the distribution of the Class Notices was undertaken by the Settlement Administrator in accordance with the terms of the Agreement and the Preliminary Approval Order.  Further, the Court finds that the Class Notices:  (a) constituted the best practicable notice to Class Members under the circumstances; (b) were reasonably calculated, under the circumstances, to apprise Class Members of: (i) the terms of the Agreement; (ii) their right to object to any aspect of the proposed Settlement (including the fairness, reasonableness or adequacy of the proposed Settlement or the requested Service Awards); and (iii) their right to appear at the Fairness Hearing, either on their own or through counsel hired at their own expense; (c) constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and (d) fully satisfied the requirements of the Federal Rules of Civil Procedure ("Rules"), including Rule 23(e); the United States Constitution, including the Due Process Clause; the California Constitution; the Civil Local Rules of the United States District Court for the Southern District of California; and all other applicable law.

6.      **Class Member Objections**.  Full and fair notice of Class Members' rights to object to the proposed Settlement and to appear at the Fairness Hearing in support of such an objection has been provided in the form and manner required by the Agreement, the Preliminary Approval Order, the requirements of Due Process, and all other applicable law.  The deadline for objection expired on **[DATE]**.  [There were __ objections to the Settlement, but the Court has overruled each as failing to undermine the fairness, reasonableness, and adequacy of the Settlement as a whole.]

7.     **Findings and Conclusions**.  The Court finds that the Settlement was not the product of collusion or any other indicia of unfairness, is fair, reasonable, and adequate to Class Members in light of the circumstances, individual damages proceedings, and likely duration of the litigation (including appellate proceedings), and the risks involved in establishing liability, damages, and in maintaining the Actions as class actions, through trial and appeal.  The Court finds that the Settlement represents a fair and complete resolution of all claims asserted in a representative capacity on behalf of the Class Members and should fully and finally resolve all such claims.  In support of these findings and conclusions, the Court further finds:

(a)     There is no evidence of collusion.  The proposed Settlement, as set forth in the Agreement, resulted from intensive, arm's-length negotiations overseen by the Honorable Jeffrey T. Miller.  The Actions were extensively and vigorously litigated (as further described below), prior to any settlement.  The fact that Class Counsel are providing all their legal services to Plaintiffs and the Class Members on a *pro bono* basis further bolsters the Court's finding.

(b)     The Settlement provides Class Members with an excellent monetary recovery, permitting each Class Member to submit a Claim Form for a substantial payment calculated based on their total Net Purchase Amount.  The Court has considered the realistic range of outcomes in these Actions, including the amounts that Class Members might receive if they prevailed at trial and/or after individual damages proceedings, the strength and weaknesses of the claims and defenses, the complex legal issues involved, the extenuating circumstances and passage of time, the risk that Class Members could receive less than the relief provided for in the Settlement, and the risk that Class Members could receive nothing if the case were to be concluded by a trial (which required a unanimous jury verdict), and then likely and lengthy appeals.  The amount offered by the Settlement is amply fair, reasonable, and adequate in view of all these factors.

- 3 -                         3:10-cv-00940-GPC(WVG)

(c)     Before reaching the proposed Settlement, Plaintiffs and Defendants fully and vigorously litigated their claims and defenses in extensive proceedings before this Court.  A detailed procedural history of the Actions is set forth in the Court's docket in the Actions, and is described in the declarations in support of the Motion for Final Approval of Class Action Settlement.  Class Counsel briefed over 150 motions in the Actions, reviewed tens of thousands of documents, attended dozens of hearings, took and defended 65 depositions, consulted with experts, and prepared to go to trial in the *Low* Action.  The Parties briefed multiple class certification and decertification motions and multiple motions for summary judgment. Class Counsel ably litigated these Actions over the course of six-and-a-half-years.

(d)     Based upon the vigorous litigation of relevant legal issues before this Court and extensive investigation of the underlying facts in discovery, Plaintiffs and Defendants were fully informed of the legal bases for the claims and defenses herein, and capable of balancing the risks of continued litigation (both before this Court and on appeal) and the benefits of the proposed Settlement.

(e)     The Class is and was at all times adequately represented by Plaintiffs and Class Counsel, including in entering into and implementing the Settlement, and has satisfied the requirements of Rule 23, and applicable law.  Class Counsel submit that they have competently prosecuted all causes of action, claims, theories of liability, and remedies reasonably available to Class Members.  Further, both Class Counsel and Defendants' Counsel are highly-experienced lawyers with specialized knowledge in complex class action litigation.   Class Counsel and Defendants' Counsel are capable of properly assessing the risks, expenses, and duration of continued litigation, including at trial and on appeal.  Class Counsel submit that the Settlement is fair, reasonable and adequate for the Class Members.

(f)     Defendants deny all allegations of wrongdoing and disclaim any liability with respect to any and all claims alleged by Plaintiffs and the Class in the Actions, including the propriety of class certification.  There has been no adverse

determination against any Defendant on the merits of the claims asserted by Plaintiffs, and Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Plaintiffs against them.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged or that could have been alleged in the Actions, including, but not limited to, any suggestion that they have committed or attempted to commit any violations of law or breached any duties owed to Plaintiffs or the Class.  The Defendants also have denied and continue to deny, *inter alia*, the allegations that the Plaintiffs or the Class have suffered any injury as a result of Defendants' conduct or omissions for which Plaintiffs or the Class are legally entitled to any relief from Defendants, or that Plaintiffs or the Class were harmed by any conduct or omissions by Defendants that were or could have been alleged in the Actions.

(g)     Defendants acknowledge, however, that Plaintiffs' and the Class Members' claims were brought and litigated at all times in good faith and in accordance with Rule 11, and all other relevant federal statutes and the rules of professional responsibility.

(h)     This Final Approval Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the Parties.  This Final Approval Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, and Defendants specifically deny any such fault, breach, liability or wrongdoing.  This Order and Judgment shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement agreement is terminated.

1    (i)    As addressed above, through the mailing, emailing, and

2   publication of the Class Notices in the form and manner ordered by the Court, Class

3   Members have received the best practicable notice of the Settlement, the Fairness

4   Hearing, and of their rights and options, including their rights to participate in the

5   Settlement, object to the Settlement, and/or to appear at the Fairness Hearing in

6   support of a properly submitted objection, and of the binding effect of the Orders and

7   Judgment in this Action, whether favorable or unfavorable, on all Class Members.

8   The Class Notices fully satisfied all notice requirements under the law, including the

9   Rules and Due Process rights under the U.S. Constitution and California Constitution.

10   (j)    The response of the Class Members to the Settlement, including

11   the monetary relief provided thereunder, after full, fair, and effective notice thereof,

12   strongly favors final approval of the Settlement.  Out of the [___] Class Notices that

13   were mailed to the Class Members, only [__] objections were received.  [The Court

14   has considered the objection(s) of [Class Member] and finds the objection to be

15   without merit because _____.  Therefore, the objection(s) are overruled in

16   their entirety.]

17   (k)    Section 1715(b) of CAFA requires settling defendants to "serve

18   upon the appropriate State official of each State in which a class member resides and

19   the appropriate Federal official," a specified group of documents describing the

20   settlement.  Pursuant to §1715(d), Final Approval cannot be issued earlier than 90

21   days after notice is given under §1715(b).  Defendants served the necessary

22   documents upon the appropriate officials no later than December [__], 2016.  This

23   order is signed more than 90 days after the service of the documents by Defendants.

24   Therefore, the Court finds that Defendants are in full compliance with the CAFA, 28

25   U.S.C. §1715.

26   8.    **Implementation of Settlement**.    The Parties and the Settlement

27   Administrator are directed to implement the Agreement according to its terms and

28   conditions.  The Parties are authorized for purposes of implementing the Agreement,

1212498_3

- 6 -                    3:10-cv-00940-GPC(WVG)

1    without further approval from the Court, to agree to and to adopt such non-substantive

2    amendments, modifications and expansions of the Agreement and the exhibits thereto

3    that are consistent with this Final Approval Order and the Court's Final Judgment and

4    do not limit the rights of the Class Members under the Agreement.  Any substantive

5    amendments, modifications, and/or expansions of the Agreement and the exhibits

6    thereto shall require prior approval by the Court.

7        9.    **Attorneys' Fees and Expenses**.  The Court commends Class Counsel for

8    their *pro bono* representation of Plaintiffs and Class Members.  The fact that Class

9    Counsel have decided to forego any potential entitlement to attorneys' fees and

10   litigation costs has inured to benefit Plaintiffs and the Class Members.

11       10.   **Dismissal of Action**.  The Actions, including the individual claims of

12   Plaintiffs and Class claims resolved therein, will be dismissed on the merits and with

13   prejudice pursuant to the Court's separately-entered Final Judgment.

14       IT IS SO ORDERED.

15   DATED: _____          _____

16                                 HONORABLE GONZALO P. CURIEL
                                   UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

1212498_3

- 7 -                          3:10-cv-00940-GPC(WVG)

Exhibit B

- 37 -

# EXHIBIT C

1212500_3

Exhibit C

- 38 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16          UNITED STATES DISTRICT COURT
17          SOUTHERN DISTRICT OF CALIFORNIA
18  SONNY LOW, J.R. EVERETT and          )   No. 3:10-cv-00940-GPC(WVG)
    JOHN BROWN, on Behalf of             )
19  Themselves and All Others Similarly  )   CLASS ACTION
    Situated,                            )
20                                       )   FINAL JUDGMENT
                      Plaintiffs,        )
21                                       )
             vs.                         )
22                                       )
    TRUMP UNIVERSITY, LLC, a New         )
23  York Limited Liability Company and   )
    DONALD J. TRUMP,                     )
24                                       )
                      Defendants.        )
25  _____)

[Caption continued on following page.]

26
27
28

1212500_3

Exhibit C

- 39 -

| | |
|---|---|
| 1 | ART COHEN, Individually and on )   No. 3:13-cv-02519-GPC-WVG |
| 2 | Behalf of All Others Similarly Situated, )   CLASS ACTION |
| 3 | Plaintiff, ) |
| 4 | vs. ) |
| 5 | DONALD J. TRUMP, ) |
| 6 | Defendant. ) |
| 7 | |

1212500_3

Exhibit C

- 40 -

1    WHEREAS, Plaintiffs and Defendants have entered into an Agreement, dated

2  December 19, 2016, to settle these Actions;[1]

3    WHEREAS, on December 19, 2016, the Parties jointly moved this Court,

4  pursuant to Federal Rule of Civil Procedure ("Rule") 23(e), for an order preliminarily

5  approving the classwide settlement of these Actions upon the terms and conditions set

6  forth in the Agreement;

7    WHEREAS, on _____, the Court entered its Findings and Order

8  Preliminarily Approving Settlement, Directing Issuance of Notice, and Setting of

9  Fairness Hearing ("Preliminary Approval Order"), preliminarily approving the

10  Settlement, ordering Class Notice about the Settlement to be disseminated to Class

11  Members, and scheduling a fairness hearing for _____, 2017 at __ a.m./p.m.

12  (the "Fairness Hearing"), providing Class Members with an opportunity to object to

13  the proposed Settlement and be heard;

14    WHEREAS, on _____, 2017, the Parties filed a Motion for Final

15  Approval of Class Action Settlement and supporting documents ("Final Approval

16  Motion");

17    WHEREAS, on _____, 2017, Plaintiffs filed a Motion for Service Awards

18  and supporting documents (the "Service Award Motion");

19    WHEREAS, after the Parties filed supporting memoranda and other evidence,

20  the Court held the Fairness Hearing on _____, 2017, to determine whether

21  to grant final approval to the proposed Settlement; and

22    WHEREAS, on _____, 2017, the Court granted the Final Approval

23  Motion, finding the Agreement to be fair, reasonable, and adequate, and granted the

24  Service Award Motion ("Final Approval Order").

25

26

27  _____

[1] Capitalized terms in this Final Judgment shall have the same meaning as the same
28  defined terms in the Agreement.

- 1 -              3:10-cv-00940-GPC(WVG)

Exhibit C

- 41 -

1    Now, therefore, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED**
2    as follows:

3    1.    **Incorporation of Other Documents**.  This Final Judgment incorporates
4    and makes a part hereof:

5    (a)    the Agreement filed with this Court on December 19, 2016, and
6    the exhibits attached thereto;

7    (b)    the Court's findings of fact and conclusions of law entered on the
8    record at the Fairness Hearing on _____, 2017; and

9    (c)    the Court's findings of fact and conclusions of law contained in the
10   Preliminary Approval Order and the Final Approval Order.

11   2.    **Jurisdiction**.  The Court has personal jurisdiction over all Parties and
12   Class Members and has subject matter jurisdiction over these Actions, including,
13   without limitation, jurisdiction over all the claims asserted in the Actions and all
14   Released Claims; jurisdiction to approve and enforce the Agreement and the exhibits
15   thereto; and jurisdiction to dismiss these Actions on the merits and with prejudice.

16   3.    **Release**.  The Mutual Releases set forth in Section X of the Agreement is
17   incorporated herein and effective as of the date of this Final Judgment.

18   4.    **Permanent Injunction**.  Effective as of the date of the Final Approval
19   Order, this Judgment is binding on all Parties and all Class Members and extinguishes
20   all Released Claims of Releasing Plaintiffs and Class Members and Releasing
21   Defendants that were released pursuant to the Agreement.  All Releasing Plaintiffs
22   and Class Members and Releasing Defendants are hereby permanently barred and
23   enjoined from:

24   (a)    filing, commencing, prosecuting, maintaining, intervening in,
25   participating in, conducting, or continuing litigation or otherwise, or from receiving
26   any benefits from any lawsuit, administrative, or regulatory proceeding or order in any
27   jurisdiction, based on, or relating to the Released Claims;

28

Exhibit C

- 42 -

1          (b)     filing, commencing, or prosecuting a lawsuit as a class action, a

2    separate class, or group for purposes of pursuing a putative class action (including by

3    seeking to amend a pending complaint to include class allegations or by seeking class

4    certification in a pending action in any jurisdiction) on behalf of Class Members,

5    arising out of, based on, or relating to the claims, causes of action, facts and/or

6    circumstances relating thereto, the Released Claims; and

7          (c)     organizing or soliciting the participation of any Class Member in a

8    separate class or group for purposes of pursuing a putative class action, or any claim

9    or lawsuit, in any jurisdiction arising out of, or relating to, the Released Claims.

10        5.     **Enforcement of Settlement**.  Nothing in this Final Judgment shall

11   preclude any action to enforce the terms of the Agreement or any exhibit thereto.  This

12   Final Judgment, the Final Approval Order, and the Agreement may be filed in any

13   action against or by Released Plaintiffs and Class Members or Released Defendants to

14   support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith

15   settlement, judgment bar or reduction, full faith and credit, or any other theory of

16   claim preclusion, issue preclusion or similar defense or counterclaim to the extent

17   allowed by law.

18        6.     **No Admission of Liability**.  Neither this Final Judgment, the Final

19   Approval Order, nor the Agreement, nor any other document referred to therein, nor

20   any action taken to carry out this Final Judgment, the Final Approval Order, or the

21   Agreement is admissible as evidence for any purpose against Defendants in any

22   pending or future litigation involving the Parties, nor may it be construed as, or may

23   be used as an admission, concession, or declaration by or against Defendants of the

24   validity of any claim, nor any fault, wrongdoing, breach, or liability whatsoever, and

25   Defendants specifically deny any such actual or potential fault, wrongdoing or

26   liability.  Each of the Final Judgment, Final Approval Order, and Agreement shall not

27   be construed or used as an admission, concession, declaration, or waiver by any party

28   of any arguments, defenses, or claims he, she, or it may have, including, but not

1  limited to, any objections by Defendants to class certification, in the event that the

2  Agreement is terminated.

3       7.    The Court finds that, during the course of the Actions, the Parties, Class

4  Counsel, and Defendants' Counsel at all times complied with the requirements of Rule

5  11 and all applicable rules of professional conduct.

6       8.    **Modification**.  The Parties are authorized, without further approval from

7  the Court, to agree to and adopt such amendments, modifications, and expansions of

8  the Agreement and all exhibits attached thereto that are consistent with the Final

9  Judgment, and that do not limit the rights of Class Members under the Agreement.

10 Without further order of the Court, the Parties may agree to reasonable extensions of

11 time to carry out any of the provisions of the Agreement.

12      9.    **Service Awards**.  Any order regarding Service Awards shall in no way

13 disturb or affect this Final Judgment and shall be considered separate and apart from

14 this Final Judgment.

15     10.    **Retention of Jurisdiction**.  Without affecting the finality of this

16 Judgment in anyway, this Court expressly retains exclusive and ongoing jurisdiction

17 as to all matters relating to the administration, consummation, enforcement and

18 interpretation of the Agreement, including, but not limited to, the funding, guarantee,

19 and administration of the Settlement Fund, and of this Final Judgment, and for any

20 other necessary purpose, including:

21     (a)    enforcing the terms and conditions of the Agreement and resolving

22 any disputes, claims, or causes of action that, in whole or in part, are related to or arise

23 out of the Mutual Releases, Released Claims, Settlement, Final Approval Order, or

24 this Final Judgment;

25     (b)    entering such additional orders as may be necessary or appropriate

26 to protect or effectuate this Final Judgment, the Final Approval Order, and

27 Agreement, dismissing all claims on the merits and with prejudice, and permanently

28 enjoining the Releasing Plaintiffs and Class Members and Releasing Defendants from

1212500_3

    - 4 -    3:10-cv-00940-GPC(WVG)

Exhibit C

- 44 -

1    initiating or pursuing related proceedings, or to ensure the fair and orderly

2    administration of this Settlement; and

3              (c)    entering any other necessary or appropriate orders to protect and

4    effectuate this Court's retention of continuing jurisdiction.

5       11.    **Dismissal of Action**.  The Actions, including the individual claims of

6    Plaintiffs and Class claims resolved in them, are hereby dismissed on the merits and

7    with prejudice without fees or costs to any Party, except as provided in the

8    Agreement.

9       12.    There being no just reason for delay, the Court, in the interests of justice,

10   expressly directs the Clerk of the Court to immediately enter this Final Judgment, and

11   hereby decrees that, upon entry it be deemed a final judgment.

12       IT IS SO ORDERED.

13   DATED: _____          _____

14                                      HONORABLE GONZALO P. CURIEL
                                        UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit C

- 45 -