1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                   SOUTHERN DISTRICT OF CALIFORNIA
8

9  | SONNY LOW, J.R. EVERETT and JOHN | Case No.:  3:10-cv-00940-GPC-WVG
10 | BROWN, on Behalf of Themselves and | Case No.:  3:13-cv-02519-GPC-WVG
   | All Others Similarly Situated, |
11 |                                 Plaintiffs, | **ORDER:**
12 | v. |
13 | TRUMP UNIVERSITY, LLC, a New | **(1) GRANTING JOINT MOTION**
14 | York Limited Liability Company, and | **FOR PRELIMINARY APPROVAL OF**
   | DONALD J. TRUMP, | **CLASS ACTION SETTLEMENT;**
15 |                                 | **(2) DIRECTING ISSUANCE OF**
   |                                 Defendants. | **NOTICE; AND**
16 |                                 | **(3) SETTING FINAL APPROVAL**
17 |                                 | **HEARING**
   | ART COHEN, Individually and on Behalf |
18 | of All Others Similarly Situated, | **[10cv940, ECF No. 583.]**
19 |                                 Plaintiff, | **[13cv2519, ECF No. 281.]**
20 | v. |
21 | DONALD J. TRUMP, |
22 |                                 Defendant. |
23

24       On December 19, 2016, the Parties in the above-captioned, related actions

25 (collectively, "Actions"; individually, "*Low*" and "*Cohen*") pending before this Court

26 entered into a Stipulation of Class Action Settlement ("Agreement"), after arm's-length

27
28

settlement negotiations overseen by the Honorable Jeffrey T. Miller.[1]  (*Low*, Dkt. No. 583-1; *Cohen*, Dkt. No. 281-1.)  The Parties now jointly move this Court, pursuant to Federal Rule of Civil Procedure ("Rule") 23(e), for an order (1) preliminarily approving the classwide settlement of these Actions upon the terms and conditions set forth in the Agreement, (2) directing dissemination of the Class Notices to Class Members, and (3) setting a date and time for a final approval hearing.  (*Low*, Dkt. No. 583 at 8; *Cohen*, Dkt. No. 281 at 8.[2])

## LEGAL STANDARD

The Ninth Circuit adheres to a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."  *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).  "The initial decision to approve or reject the settlement under Fed. R. Civ. P. 23(e) is committed to the sound discretion of the trial judge."  *Id.* at 1291.

Rule 23(e) "requires the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable."  *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).  In making this determination, a district court must consider a number of factors, including, but not limited to:

> the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Staton*, 327 F.3d at 959 (internal citation and quotation marks omitted).  Moreover, "the settlement may not be the product of collusion among the negotiating parties."  *In re*

---

[1]  Unless otherwise defined, all terms used herein have the same meanings as set forth in the Agreement.
[2]  All citations to the record are based upon the pagination generated by the CM/ECF system.

1  *Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000), *as amended* (June 19,
2  2000).

3       Because some of these factors—including the Class Members' reactions and
4  governmental participation—cannot be fully assessed until the Court conducts a final
5  fairness hearing, "a full fairness analysis is unnecessary at this stage." *Alberto v. GMRI,*
6  *Inc.*, 252 F.R.D. 652, 665 (E.D. Cal. 2008) (internal citation and quotation marks
7  omitted).  Rather, "[t]he Court's task at the preliminary approval stage is to determine
8  whether the settlement falls 'within the range of possible approval.'" *Hart v. Colvin*, No.
9  15-CV-00623-JST, 2016 WL 6611002, at *4 (N.D. Cal. Nov. 9, 2016) (quoting *In re*
10 *Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007)).  In examining
11 "overall fairness," the Court must review the proposed settlement "as a whole, rather than
12 the individual component parts." *Id.* (quoting *Hanlon*, 150 F.3d at 1026).  A court lacks
13 "the ability to delete, modify or substitute certain provisions.  The settlement must stand
14 or fall in its entirety." *Hanlon*, 150 F.3d at 1026 (internal citations and quotation marks
15 omitted).

## DISCUSSION

### I.   The Amount Offered in Settlement

16
17
18       A settlement is not judged against only the amount that might have been recovered
19 had the plaintiff prevailed at trial; nor must the settlement provide full recovery of the
20 damages sought to be fair and reasonable.  *Linney v. Cellular Alaska P'ship*, 151 F.3d
21 1234, 1242 (9th Cir. 1998).  "Naturally, the agreement reached normally embodies a
22 compromise; in exchange for the saving of cost and elimination of risk, the parties each
23 give up something they might have won had they proceeded with litigation." *Officers for*
24 *Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 624 (9th
25 Cir. 1982) (quoting *United States v. Armour & Co.*, 402 U.S. 673, 681 (1971)).  "It is
26 well-settled law that a cash settlement amounting to only a fraction of the potential
27 recovery will not per se render the settlement inadequate or unfair." *Id.* at 628.

28

Here, $25 million will be paid into an Escrow Account to fund the Settlement. (*Low*, Dkt. No. 583-1 ¶¶ IV.A.1, II.21, IV.A.4; *Cohen*, Dkt. No. 281-1 ¶¶ IV.A.1, II.21, IV.A.4.)  $4 million of that fund will be paid to the New York Attorney General to settle the action pending in New York state court.  (*Low*, Dkt. No. 583-1 ¶ IV.3; *Cohen*, Dkt. No. 281-1 ¶ IV.3.)  The remaining $21 million of the Settlement Fund (net of Service Awards,[3] Taxes, and Tax Expenses for the Escrow Account) will be distributed to Eligible Class Members on a *pro rata* basis.  (*Low*, Dkt. No. 583-1 ¶¶ II.26, III.1; *Cohen*, Dkt. No. 281-1 ¶¶ II.26, III.1.)  Eligible Class Members will receive payments estimated to amount to 50% of what they spent on the Trump University Live Events, less any refunds received.  (*Low*, Dkt. No. 583 at 11; *Cohen*, Dkt. No. 281 at 11.)  Moreover, Eligible Class Members may potentially recover more than 50% of what they spent: if any money remains in the Net Settlement Fund after the initial distribution, the Settlement Administrator will make additional *pro rata* distributions to Eligible Class Members who have cashed their Award checks, until the Net Settlement Fund is exhausted.  (*Low*, Dkt. No. 583-1 ¶ III.8; *Cohen*, Dkt. No. 281-1 ¶ III.8.)  Notably, none of the amount offered in settlement will inure to Class Counsel's benefit.  Class Counsel will not seek any legal fees or costs; instead, they are foregoing payment and providing their legal services *pro bono*.  (*Low*, Dkt. No. 583-1 ¶ IX.1; *Cohen*, Dkt. No. 281-1 ¶ IX.1.)

As the Parties point out, courts have approved settlements with recovery rates far lower than provided for in the instant Settlement.  *See, e.g.*, *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 256 (N.D. Cal. 2015) (finding amount offered in settlement weighed in favor of preliminary approval where the "common fund represent[ed] between 27 percent and 11 percent of the total potential recovery").  In light of the multiple risks of continued litigation, the complexity of individualized damages determinations, and the likelihood of delay of any recovery, (*see infra* Part II), the Court

---

[3]  Plaintiffs intend to seek Service Awards of up to $15,000 for each Court-appointed class representative in the Actions. (*Low*, Dkt. No. 583-1 ¶ IX.2; *Cohen*, Dkt. No. 281-1 ¶ IX.2.)

preliminarily finds that the estimated amount of recovery that Eligible Class Members will receive is fair, adequate, and reasonable.

Accordingly, the Court concludes that the amount offered in settlement weighs in favor of preliminary approval of the Settlement.

## II. The Strength of Plaintiffs' Case; the Risk, Expense, Complexity, and Likely Duration of Further Litigation, and the Delay of Further Litigation; and the Risk of Maintaining Class Action Status Throughout the Trial

Settlement is favored where a case is "complex and likely to be expensive and lengthy to try." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009). Here, the Parties recognize numerous risks of continuing to litigate the Actions. (*Low*, Dkt. No. 583 at 16; *Cohen*, Dkt. No. 281 at 16.) While both Parties remain confident in the strength of their positions, Class Counsel acknowledges a number of risks and the potential for delay of further litigation. (*Id.*) First, Class Counsel acknowledges the risk that Plaintiffs may be unable to obtain a jury verdict against Defendants in *Low* or in *Cohen*. (*Id.*) Class Counsel also acknowledges that even if they obtained a favorable verdict on liability in *Low*, Class Members would face the risk, expense, and delay of having to litigate their damages individually, a process which could have taken years. (*Id.*) The possibility of lengthy appeals following the damages proceedings would delay any recovery for Class Members for even more time. (*Id.*) Finally, the possibility that the Court would decertify *Cohen* in whole or in part presented further risks and delays. (*Id.*)

In sum, the risk and delay factors weigh in favor of preliminary approval of the Settlement.

## III. The Extent of Discovery and the Stage of the Proceedings

Where a "case is near trial, and the parties have conducted extensive discovery" and thoroughly litigated the issues, the extent of discovery and the stage of the proceedings weigh in favor of the proposed settlement. *Cervantez v. Celestica Corp.*, No. EDCV 07-729-VAP, 2010 WL 2712267, at *4 (C.D. Cal. July 6, 2010). Here, the Parties

took extensive discovery (including, *inter alia*, sixty-five depositions) for four years.  The Court ruled on motions for class certification and summary judgment in both Actions and on a motion for decertification in *Low*.  (*See Low*, Dkt. Nos. 298, 418, 423; *Cohen*, Dkt. Nos. 53, 268.)  The Court ruled on numerous substantive and procedural motions *in limine* in *Low*.  (*Low*, Dkt. No. 572.)  The liability phase of trial in *Low* was slated to begin on November 28, 2016, merely ten days after the Parties settled the Actions.  (*Low*, Dkt. Nos. 502, 577.)

Accordingly, the extent of discovery and the stage of the proceedings weigh in favor of preliminary approval of the Settlement.

## IV.    The Experience and Views of Counsel

Where "[b]oth Parties are represented by experienced counsel," the recommendation of experienced counsel to adopt the terms of the proposed settlement "is entitled to great deal of weight."  *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1174 (S.D. Cal. 2007).  In particular, "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness."  *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (internal citation and quotation marks omitted).

Both Parties are represented by experienced, able counsel.  Class Counsel—Robbins Geller Rudman & Dowd LLP ("RGRD") and Zeldes Haeggquist & Eck, LLP ("ZHE")—have significant experience prosecuting class actions and handling complex litigation.  (*Low*, Dkt. No. 583 at 17–18; *Cohen*, Dkt. No. 281 at 17–18.)  Counsel on both sides believe that the Settlement provides a fair, adequate, and reasonable recovery for Class Members.  (*Id.*)  Accordingly, this factor weighs in favor of preliminary approval of the Settlement.

## FINDINGS

After carefully considering the Agreement and accompanying Exhibits, the Parties' moving papers; and the applicable law, the Court finds that:

1.    Pursuant to Rule 23, the Court has certified two overlapping classes of Trump University Live Event purchasers in these Actions.  Specifically, in the *Low*

Action, the Court certified a class comprised of "All persons who purchased a Trump University three-day live 'Fulfillment' workshop and/or a 'Elite' program ('Live Events') in California, New York and Florida, and have not received a full refund," divided into five subclasses. (*Low*, Dkt. No. 298 at 35–36.) The Court also appointed Plaintiffs John Brown, J.R. Everett, and Sonny Low (as well as former Plaintiff Tarla Makaeff) to serve as class representatives and appointed Robbins Geller Rudman & Dowd LLP ("RGRD") and Zeldes Haeggquist & Eck, LLP ("ZHE") to serve as Class Counsel. (*Id.* at 36.) In the *Cohen* Action, the Court certified a class comprised of "All persons who purchased Live Events from Trump University throughout the United States from January 1, 2007 to the present." (*Cohen*, Dkt. No. 53 at 22–23.) The Court also appointed Plaintiff Art Cohen to serve as class representative and appointed RGRD and ZHE to serve as Class Counsel. (*Id.* at 23.)

2. On September 21, 2015, this Court approved a joint Notice of Pendency to be disseminated individually by Epiq Systems, Inc. to potential Class Members in both Actions, providing an opportunity for Class Members to opt out and ordering that "[a]ny Class Member who does not send a completed, signed request for exclusion to the Notice Administrator post-marked on or before the Opt-Out Deadline will be deemed to be a Member of the Class for all purposes and bound by all further orders and judgments of the Court." (*Low*, Dkt. No. 419 at 11; *Cohen*, Dkt. No. 130 at 10–11.)

3. On August 2, 2016, the Court issued an order setting a November 28, 2016 jury and bench trial date in the *Low* Action. (*Low*, Dkt. No. 502.)

4. On November 18, 2016, the Parties entered into a Settlement Term Sheet, setting forth the basic terms of classwide settlement in the Actions. (*Low*, Dkt. No. 580 at 2–7; Dkt. No. 577.)

5. On December 19, 2016, the Parties executed the Agreement. (*Low*, Dkt. No. 583-1 at 34–35; *Cohen*, Dkt. No. 281-1 at 34.)

6. The Court has now reviewed the Agreement and determined the proposed Settlement to be fair, reasonable, adequate, and within the range of possible approval.

The proposed Settlement does not improperly grant preferential treatment to any segment of the Class.  The proposed Settlement is sufficient to warrant sending notice to Class Members about the Settlement.  The procedures for establishing and administering the benefits provided by the proposed Settlement and for notice to Class Members satisfy the requirements of Rule 23 and due process.

7.     The Court preliminarily finds that the Settlement resulted from arm's-length negotiations among experienced counsel for the Parties, overseen by the Honorable Jeffrey T. Miller.  The Court preliminarily finds that the Settlement was concluded only after Plaintiffs and Defendants conducted their own investigations and undertook extensive analyses of the factual and legal issues raised by the claims and defenses, and falls within the range of possible approval.  The Court preliminarily finds that the Settlement raises no obvious reasons to doubt its fairness and provides a reasonable basis for presuming that the Settlement satisfies the requirements of Rule 23(e) and due process.

8.     The Court has reviewed the Class Notices, including the individual emailing and mailing of the Long-form Notice and Claim Form to all Class Members who can be reasonably identified, the posting of the Long-form Notice on the Settlement Website and Class Counsel's websites, and publication of the Summary Notice in the national edition of *USA Today*.  The Court has determined that these forms of notice, which are consistent with the notice plan approved by the Court for the Notice of Pendency:

(a)     constitute the best practicable notice under the circumstances;

(b)     are reasonably calculated to apprise Class Members of the terms of the Settlement and of their right to participate in it or object;

(c)     are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and

(d)     meet all applicable requirements of Rule 23, the United States Constitution, and its Amendments.

1    Accordingly, **IT IS HEREBY ORDERED** that:

2    1.    The Joint Motions for Preliminary Approval of Class Action Settlement are

3   **GRANTED**.  (*Low*, Dkt. No. 583; *Cohen*, Dkt. No. 281.)  The Court

4   **PRELIMINARILY APPROVES** the Settlement, subject to further consideration at the

5    Final Approval Hearing.  All defined terms in the foregoing findings and this Order shall

6    have the same meanings as in the Agreement, unless otherwise noted.

7    2.    On or before January 18, 2017 (the "Due Date"), the Paying Defendant shall

8    pay the amount of $25,000,000.00 (the "Settlement Amount") into the Escrow Account.

9    Should the Paying Defendant fail to pay the Settlement Amount by the Due Date, the

10   Guaranteeing Defendant shall complete payment of the Settlement Amount by the Due

11   Date.

12   3.    This Court shall hold a Final Approval Hearing on **March 30, 2017 at 1:00**

13   **p.m.** in Courtroom 2D of the United States District Court for the Southern District of

14   California, located at 221 West Broadway, San Diego, California 92101, to determine:

15   (a) whether the Settlement of the Actions on the terms and conditions provided for in the

16   Agreement is fair, reasonable, and adequate to Class Members and should be finally

17   approved by the Court; (b) whether a judgment should be entered; and (c) whether

18   Service Awards should be awarded to the Court-appointed Class Representatives, and if

19   so, in what amount.  The Court may postpone the Final Approval Hearing and will

20   provide notice of any such postponement on the Settlement Administrator's website

21   without further notice to Class Members.

22   4.    The Better Business Bureau of Metropolitan New York ("Settlement

23   Administrator") is hereby appointed to supervise and administer the Class Notice

24   procedure and administer the Settlement Fund as provided for in the Agreement, under

25   the direction and supervision of Class Counsel and the Court.

26   5.    The Settlement Administrator is directed to compile a list of names and

27   addresses of purchasers of Trump University programs as they appear in the Parties'

28   records.

6.      The Settlement Administrator shall treat the records of Class Members as confidential and shall not disclose these records to any person or entity except as authorized by Court order.  The Settlement Administrator shall use these records solely for the purposes of providing direct notice to Class Members, verifying Claim Forms, and calculating Awards.  No copies of files containing these records may be made, nor may these records be utilized by the Settlement Administrator for any other purpose.  Within thirty (30) calendar days of notifying the Parties that the Net Settlement Fund has been exhausted, and confirmation by the Parties of the same, the Settlement Administrator shall destroy the Class Member records and shall certify in writing to Class Counsel and Defendants' Counsel that it has done so.

7.      The Settlement Administrator is directed to update and monitor the Settlement Website (trumpuniversitylitigation.com), posting all Settlement-related documents, including the Agreement, the Long-form Notice and this Order; listing a mailing address and the toll-free telephone number below; and providing for the online submission of Claim Forms.

8.      The Settlement Administrator shall update and monitor the toll-free telephone number, (866) 841-7311, where Class Members may call for additional information.

9.      The Proposed Class Notices and Claim Form (attached as Exhibits A1–A3 hereto) are approved for dissemination to Class Members.  The Parties are authorized to make non-substantive changes to the Class Notices and Claim Form, as long as they are acceptable to both Parties, to reflect deadlines, mailing addresses, and similar information, or to format the notice for printing.

10.      The Settlement Administrator is ordered to send through U.S. First-Class mail (and email to the extent available), within **fifteen (15) calendar days of this Order**, the Long-form Notice and Claim Form, substantially in the forms attached as Exhibits A1 and A3 hereto, to all potential Class Members whose contact information is available in the records provided by the Parties.  Among other things, the Long-form Notice shall

provide the Settlement Website and a mailing address and toll-free telephone number. Upon request, the Settlement Administrator shall also mail and/or email the Long-form Notice and/or Claim Form to Class Members.

11.     The Settlement Administrator is ordered to publish on one occasion in the national edition of *USA Today* the Summary Notice, substantially in the form attached as Exhibit A2 hereto, within **fifteen (15) calendar days of this Order**, which will give those who did not receive the Long-form Notice and Claim Form by mail an opportunity to request them.

12.     No later than **seven (7) calendar days prior to the Final Approval Hearing**, Class Counsel shall obtain from the Settlement Administrator, and file with the Court, an affidavit attesting that Class Notice was effectuated pursuant to and consistent with this Order, specifying the dates that the Long-form Notice was disseminated to Class Members and that Summary Notice was published, including a copy of the Summary Notice as published.

13.     Class Members who wish to participate in the Settlement shall complete and submit Claim Forms in accordance with the instructions contained therein.  All Claim Forms must be postmarked or submitted electronically within **seventy-five (75) calendar days of this Order ("Claims Deadline")**.  Any Class Member who does not timely submit a Claim Form within the time provided, shall be forever barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Agreement, the releases contained therein, this Order, the Final Judgment, and the Final Approval Order.  Notwithstanding the foregoing, Class Counsel shall have the discretion (but not the obligation) to accept late-submitted Claim Forms for processing so long as distribution of the Net Settlement Fund to Eligible Class Members is not materially delayed thereby.

14.     The Settlement Administrator shall review and process each Claim Form to determine whether it qualifies for an Award, and in what amount, in accordance with

terms of the Agreement.  Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim Form, in whole or in part, the Settlement Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any deficiencies in the Claim Form submitted, including an opportunity to provide documentation of the Live Event purchase.

15.     Any Class Member who intends to object to the fairness of the Settlement must do so in writing.  The written objection must be filed with the Clerk of the United States District Court for the Southern District of California, 333 West Broadway, Suite 420, San Diego, California 92101, and served on counsel for the Parties identified in the Long-form Notice such that it is received by counsel no later than **seventy-five (75) calendar days from this Order ("Objection Date")**.  The written objection must include: (a) the name, address, and telephone number of the objector; (b) a statement that shows membership in the Class; (c) a statement of whether the objector intends to appear at the Final Approval Hearing, either in person or through his, her, or its counsel; (d) a statement of the objection and the grounds supporting the objection; (e) copies of any papers, briefs, or other documents upon which the objection is based; and (f) the objector's signature.  Any Class Member who files and serves a written objection by the Objection Date may appear at the Final Approval Hearing, either in person or through counsel hired at his or her expense, to object to any aspect of the Settlement.  Class Members or their attorneys who intend to make an appearance at the Final Approval Hearing must serve a notice of intention to appear on the Parties' counsel identified in the Long-form Notice, and file the notice of intention to appear with the Court, no later than the Objection Date, or as the Court may otherwise direct.  Any Class Member who does not make his or her objection in the manner provided herein shall be deemed to have waived and forfeited any and all rights that he or she may have to be heard, appear separately and/or to object, and shall be bound by all the terms of this Order and the Agreement and by all proceedings, subsequent orders and judgments, including, but not limited to, the release of the Released Claims.

16.     Any person filing an objection shall, by doing so, submit himself or herself to the exclusive jurisdiction and venue of this Court, and shall agree to be subject to discovery with respect to the objection and prior objections to class action settlements lodged, subject to this Court's or the Magistrate Judge's approval.

17.     Given that the Court has already ordered the dissemination of individual Notices of Pendency by U.S. First-Class Mail to all identifiable Class Members (and publication in the national edition of *USA Today*), with an opportunity to opt out and the express provision that any Class Member who did not timely opt out "will be deemed to be a Member of the Class *for all purposes* and bound by all further orders and judgments of the Court" (*Low*, Dkt. No. 419 at 11; *Cohen*, Dkt. No. 130 at 11 (emphasis added)), Class Members will not be given another opportunity to opt out.

18.     The motion for final approval and any application(s) for Service Awards shall be filed and served within **sixty (60) calendar days of this Order**.  Any replies to any objections shall be filed and served at least **seven (7) calendar days prior to the Final Approval Hearing**.

19.     Defendants shall bear no responsibility for any application for Service Awards, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  At or after the Final Approval Hearing, the Court shall determine whether any application for Service Awards to Court-appointed Class Representatives shall be approved.

20.     Robbins Geller Rudman & Dowd LLP shall be appointed as Escrow Agent. The Escrow Agent shall maintain the Escrow Account as a segregated account containing the Settlement Amount, plus any accrued interest.  Upon receipt, the Escrow Agent shall invest the Settlement Amount as provided for in the Agreement.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in the Agreement shall be borne by the Settlement Fund, and the Released Defendants shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by

the Escrow Agent.  The Escrow Agent shall not disburse the Settlement Fund except as provided in the Agreement, by an order of the Court, or with the written agreement of Defendants' Counsel.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Agreement and/or further order(s) of the Court.

21.   All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid in accordance with the terms set forth in the Agreement.

22.   In the event the Settlement is not finally approved by the Court, is terminated pursuant to the terms set forth in the Agreement, or otherwise fails to become effective for any reason, the Escrow Agent will: (i) immediately cease incurring costs reimbursable from the Settlement Fund; and (ii) refund the Settlement Fund to Paying Defendant, including all accrued interest thereon, less moneys paid to the NYAG and Taxes and Tax Expenses paid, incurred, or due and owing in connection with the Settlement within thirty (30) calendar days of written notice by Defendants' Counsel and pursuant to written instructions from Defendants' Counsel as provided for in the Agreement.

23.   Neither the Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with the Settlement, whether or not consummated, shall be construed as an admission or concession of any kind by any of the Parties. Whether or not consummated, this Agreement and the Exhibits hereto, and any associated or supporting documents or filings, shall not be construed as, offered  in  evidence  as, received  in evidence  as, and/or deemed to be, evidence of a presumption, concession, or an admission by Plaintiffs, or Defendants:  (i) whether the Actions were appropriate for class certification; (ii) the validity of any allegation or claim that has been, could have been or in the future might be asserted against any of the Defendants; (iii) the deficiency of any claim or defense that has been, could have been, or in the future might be asserted

in the Actions or in any other civil, criminal, or administrative action or other proceeding; (iv) the truth of any fact alleged; (v) liability, negligence, fault, or wrongdoing of any kind; (vi) the existence or scope of any damages.

24.     The Court retains exclusive and continuing jurisdiction over the Parties and the Class Members to consider all further motions and applications arising out of, or connected with, the Agreement or related Settlement matters.  The Court may approve the Settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.  The Court shall also retain jurisdiction with respect to the implementation and enforcement of the terms of the Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Agreement.

25.     All Class Members shall be bound by all determinations and judgments of the Court in the Actions concerning the Settlement and related matters, whether favorable or unfavorable to the Class.

26.     All proceedings in the Actions shall be stayed until further order of the Court, except for proceedings that may be necessary to enforce or implement the Agreement, its Exhibits, or comply with or effectuate the terms and conditions of the Agreement.

27.     Pending final determination of whether the proposed Settlement should be approved, neither Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

**IT IS SO ORDERED.**

Dated:  December 20, 2016

Hon. Gonzalo P. Curiel
United States District Judge