UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY LOW, J.R. EVERETT and JOHN BROWN, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRUMP UNIVERSITY, LLC, a New York Limited Liability Company, and DONALD J. TRUMP,<br><br>Defendants. | Case No.: 3:10-cv-00940-GPC-WVG<br>Case No.: 3:13-cv-02519-GPC-WVG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR APPEAL BOND**<br><br>**[10cv940, ECF No. 624.]**<br>**[13cv2519, ECF No. 318.]** |
| ART COHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>Defendant. | |

On May 24, 2017, Plaintiffs in the above-captioned, related actions (collectively, "Actions"; individually, "*Low*" and "*Cohen*") moved the Court for an order requiring Objector Sherri B. Simpson ("Objector" or "Simpson") to pay an appeal bond. (*Low*,
1

Dkt. No. 624; *Cohen*, Dkt. No. 318.)[1] The motion has been fully briefed. (*Low*, Dkt. Nos. 626, 631; *Cohen*, Dkt. Nos. 322, 326.) The Court finds the motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **GRANTS IN PART and DENIES IN PART** Plaintiffs' motion for an appeal bond.

## RELEVANT PROCEDURAL BACKGROUND[2]

On December 19, 2016, the Parties entered into a Stipulation of Class Action Settlement ("Agreement"), after arm's-length settlement negotiations overseen by the Honorable Jeffrey T. Miller. (*Low*, Dkt. No. 583; *Cohen*, Dkt. No. 281.) On December 20, 2016, the Court, after determining the proposed Settlement to be fair, reasonable, adequate, and within the range of possible approval, entered an Order (1) preliminarily approving the Settlement, (2) directing dissemination of the Class Notice, and (3) setting a final approval hearing. (*Low*, Dkt. No. 584; *Cohen*, Dkt. No. 282.)

On December 29, 2016, Defendants effectuated the notice required by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b), to all appropriate federal and state officials. (*See Low*, Dkt. No. 585; *Cohen*, Dkt. No. 283). On January 4, 2017, the Better Business Bureau of Metropolitan New York ("Settlement Administrator") mailed and emailed the Long-form Notice and Claim Form to 8,253 potential Class Members and published the Summary Notice in *USA Today*. (*See Low*, Dkt. No. 589-3, Declaration of Edward A. Wulff in Support of Joint Motion for Final Approval of Class Action Settlement ("Wulff Decl.") ¶¶ 6, 11; *Cohen*, Dkt. No. 294-3, Wulff Decl. ¶¶ 6, 11.)

On January 17, 2017, Trump University's ("TU's") successor entity, Trump Entrepreneur Initiative ("TEI"), paid the full $25 million Settlement Amount to the

---

[1] All citations to the record are based upon the pagination generated by the CM/ECF system.
[2] The Parties recounted at length the procedural history of the Actions in their joint motion for preliminary approval. (*See Low*, Dkt. No. 583 at 8–10; *Cohen*, Dkt. No. 281 at 8–10.) The Court will limit its recitation of the Actions' procedural history to relevant background for purposes of this Order.

Escrow Agent.  (*See Low*, Dkt. No. 589-2, Declaration of Rachel L. Jensen in Support of Joint Motion for Final Approval of Class Action Settlement ("Jensen Decl.") ¶ 14; *Cohen*, Dkt. No. 294-2, Jensen Decl. ¶ 14.)  The Escrow Agent distributed $4 million to the New York Attorney General ("NYAG") for settlement of the NYAG action pursuant to the Agreement and the Memorandum of Agreement.  (*See id.*)  The remaining $21 million has been invested and is earning interest for the benefit of Class Members.  (*See id.*)

The Claims Deadline and Objection Date expired on March 6, 2017.  The Settlement Administrator received a total of 4,090 Claim Forms from potential Class Members submitted or postmarked by March 6, 2017.  (*Low*, Dkt. No. 612-2, Reply Declaration of Edward A. Wulff ("Wulff Reply Decl.") ¶ 5; *Cohen*, Dkt. No. 301-2, Wulff Reply Decl. ¶ 5.)  Sherri B. Simpson filed the only procedurally valid objection to the Settlement.  (*Low*, Dkt. Nos. 592–97.)

The Court held a final approval hearing on March 30, 2017.  (*Low*, Dkt. No. 617; *Cohen*, Dkt. No. 304.)  Amber Eck, Jason Forge, Patrick Coughlin, Rachel Jensen, Daniel Pfefferbaum, and Jeffrey Stein appeared on behalf of Plaintiffs.  (*Id.*)  David Kirman, Daniel Petrocelli, and Jill Martin appeared on behalf of Defendants.  (*Id.*)  Gary Friedman and Ilann Maazel appeared on behalf of objector Sherri B. Simpson.  (*Id.*)

On March 31, 2017, the Court granted the Parties' joint motion for final approval of the Settlement, granted Plaintiffs' motion for approval of class representative awards, and overruled Simpson's objection.  (*Low*, Dkt. No. 618; *Cohen*, Dkt. No. 305.)  Final judgment was entered on the same day.  (*Low*, Dkt. No. 619; *Cohen*, Dkt. No. 306.)

On May 1, 2017, Simpson filed a notice of appeal to the Ninth Circuit.  (*Low*, Dkt. No. 621; *Cohen*, Dkt. No. 309.)  Simpson appeals from this Court's Orders granting the Parties' joint motion for final approval of the Settlement and entering final judgment in *Low* and *Cohen*.  (*Id.*)

Plaintiffs filed the instant motion for an appeal bond on May 24, 2017.  (*Low*, Dkt. No. 624; *Cohen*, Dkt. No. 318.)  Simpson responded to Plaintiffs' motion on June 7,

| | |
|---|---|
| 1 | 2017. (*Low*, Dkt. No. 626; *Cohen*, Dkt. No. 322.) Plaintiffs replied on June 14, 2017. |
| 2 | (*Low*, Dkt. No. 631; *Cohen*, Dkt. No. 326.) |
| 3 | On May 30, 2017, while the instant motion was being briefed, the Ninth Circuit |
| 4 | granted in part Plaintiffs' unopposed motion to expedite Simpson's pending appeal. |
| 5 | (*Low*, Dkt. No. 625; *Cohen*, Dkt. No. 321.) The appellate briefing is set to conclude on |
| 6 | July 26, 2017, and the case will be calendared as soon as possible upon completion of the |
| 7 | briefing. (*Id.*) |

## LEGAL STANDARD

Federal Rule of Appellate Procedure 7 ("Rule 7") provides that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The district court has discretion to determine the amount of a bond. *See Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 955 (9th Cir. 2007).

## DISCUSSION

Plaintiffs initially sought an order requiring Simpson to post a bond totaling $220,833. (*Low*, Dkt. No. 624-1 at 9.)[3] The Ninth Circuit granted in part Plaintiffs' unopposed motion to expedite Simpson's appeal after Plaintiffs filed the instant motion for an appeal bond. Plaintiffs now seek $147,388. (*Low*, Dkt. No. 631 at 14.) The amount consists of two parts: (1) payment of Federal Rule of Appellate Procedure 39(e) ("Rule 39(e)") and 28 U.S.C. § 1920 taxable costs and (2) the additional administrative expenses of maintaining the Settlement and servicing the Class during the pendency of Simpson's appeal. (*Low*, Dkt. No. 624-1 at 9.) Plaintiffs seek $500 to cover Rule 39(e) and 28 U.S.C. § 1920 costs, (*id.* at 18–19), and $146,888 to cover the additional administrative costs that will be incurred during the appeal, (*Low*, Dkt. No. 631 at 14). Plaintiffs contend that an appeal bond is justified, given Simpson's financial ability to

---

[3] Citations to the briefing filed in *Low* incorporate by reference citations to the identical briefing filed in *Cohen*.

4

post a bond, the risk of nonpayment Simpson poses, and the likelihood that Simpson will lose the appeal. (*Id.* at 12–18.)

Simpson does not dispute that an appeal bond is justified and does not object to posting a bond to cover Rule 39(e) costs. (*Low*, Dkt. No. 626 at 15.) Simpson objects only to covering the administrative costs of maintaining the Settlement during her appeal. (*Id.*)

## I. Need for Bond

In the absence of express guidance from either Rule 7 or the Ninth Circuit, district courts have evaluated three factors in determining whether an appeal bond is necessary: (1) the appellant's financial ability to post bond; (2) the risk that the appellant will not pay the costs if the appellant loses the appeal; and (3) an assessment of the likelihood that the appellant will lose the appeal and be subject to costs. *See Schulken v. Washington Mut. Bank*, No. 09-CV-02708-LHK, 2013 WL 1345716, at *4 (N.D. Cal. Apr. 2, 2013) (citing cases).

Simpson does not dispute the need for an appeal bond. All three factors weigh in favor of an appeal bond. First, Plaintiffs argue that Simpson, a lawyer with her own private practice, has the financial ability to post a bond. (*Low*, Dkt. No. 624-1 at 13.) Simpson does not provide any information to the contrary, beyond briefly indicating that the total amount Plaintiffs request exceeds the upper bounds of her ability to pay.[4] The Court finds that Simpson is financially able to pay an appeal bond. Second, district courts in California have recognized that collecting costs from out-of-state appellants may be difficult. *See Schulken*, 2013 WL 1345716, at *5 (citing cases). Simpson, a resident of Florida, lives outside the jurisdiction of this Court and the Ninth Circuit and thus poses a greater risk of nonpayment if she loses her appeal. Finally, the Court has already addressed at length Simpson's arguments regarding a further opportunity to opt out of the Settlement. (*Low*, Dkt. No. 618; *Cohen*, Dkt. No. 305.) Having rejected

---

[4] In a footnote, Simpson states that she "lacks the ability to post a $220,000 bond, or anything close." (*Low*, Dkt. No. 626 at 15 n.9.)

5

Simpson's objection for the reasons detailed in the Court's March 31, 2017 Order, (*see id.*), the Court finds it likely that Simpson will lose the appeal and be subject to costs. Accordingly, the Court concludes that all three factors weigh in favor of setting an appeal bond.

## II. Amount of Bond

### A. Rule 39(e) Costs

Rule 39(e) provides:

> The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:
> (1) the preparation and transmission of the record;
> (2) the reporter's transcript, if needed to determine the appeal;
> (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and
> (4) the fee for filing the notice of appeal.

Fed. R. App. P. 39(e). 28 U.S.C. § 1920 lists the following as taxable costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Simpson does not oppose posting a bond for the costs enumerated above. Plaintiffs seek $500 to cover taxable costs, including the costs of obtaining transcripts, supplementing the record, and physically preparing and distributing the appellate briefs. The Court accordingly **GRANTS IN PART** Plaintiffs' motion and orders the inclusion of $500 to cover taxable costs in Simpson's appeal bond.

////

6

3:10-cv-00940-GPC-WVG
3:13-cv-02519-GPC-WVG

## B. Settlement Administration Costs

In *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007), the Ninth Circuit "h[e]ld that the term 'costs on appeal' in Rule 7 includes all expenses defined as 'costs' by an applicable fee-shifting statute, including attorney's fees." 499 F.3d at 958; *see also In re Magsafe Apple Power Adapter Litig.*, 571 F. App'x 560, 563 (9th Cir. 2014) ("The district court may not include in an appeal bond any expenses beyond those referenced in Fed. R. App. P. 39 unless such expenses may be shifted pursuant to another statute.").

Here, Plaintiffs have not cited an applicable fee-shifting statute to justify inclusion of settlement administration costs in Simpson's appeal bond. *See Schulken v. Washington Mut. Bank*, No. 09-CV-02708-LHK, 2013 WL 1345716, at *7–8 (N.D. Cal. Apr. 2, 2013) (Koh, J.) (rejecting plaintiffs-appellees' request for "'administrative costs' of addressing settlement delay, including the costs of corresponding with class members, ensuring that class members' contact information remains current, maintaining the settlement website, and paying the claims administrator for its services," due to plaintiffs-appellees' failure to identify any precedent or statute authorizing administrative expenses as "costs" under Rule 7); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 8:10ML02151 JVS FMOX, 2013 WL 5775118, at *3 (C.D. Cal. Oct. 21, 2013) (concluding that *Azizian* "precludes inclusion of increased settlement administration costs in the amount of a bond imposed on appeal" absent an applicable fee-shifting statute); *accord Tennille v. W. Union Co.*, 774 F.3d 1249, 1254–56 (10th Cir. 2014) (holding that absent a rule or statute permitting plaintiffs to recover such costs, an appeal bond cannot cover the cost of notifying class members of objectors' appeals and the cost of maintaining the settlement during the pendency of the appeals). Rather, Plaintiffs cite to decisions wherein courts have included settlement administration expenses in appeal bonds without identifying applicable fee-shifting statutes, as required

by *Azizian*.[5] *See, e.g.*, *Miletak v. Allstate Ins. Co.*, No. C 06-03778 JW, 2012 WL 3686785, at *2 (N.D. Cal. Aug. 27, 2012) (imposing appeal bond including settlement administration expenses without identifying any fee-shifting statute authorizing such expenses as "costs" under Rule 7); *Redwen v. Sino Clean Energy, Inc.*, No. CV 11-3936 PA (SSX), 2013 WL 12128684, at *2 (C.D. Cal. Dec. 20, 2013) (same). Indeed, some of the decisions Plaintiffs rely upon do not even cite to *Azizian*. *See, e.g.*, *Dennings v. Clearwire Corp.*, 928 F. Supp. 2d 1270 (W.D. Wash. 2013); *In re Wal-Mart Wage & Hour Employment Practices Litig.*, No. 2:06CV00225-PMPPAL, 2010 WL 786513 (D. Nev. Mar. 8, 2010).

Plaintiffs identify Cal. Civ. Proc. Code § 1032 and Cal. Civ. Proc. Code § 1033.5 as applicable fee-shifting statutes. (*Low*, Dkt. No. 624-1 at 25–26.) However, Plaintiffs provide no authority explaining why California statutes would apply in Simpson's case. Simpson, a Florida resident, is not a member of the California subclasses certified by the Court in *Low*.[6] (*See Low*, Dkt. No. 298 at 35–36.) Even if California law applies, Plaintiffs have not provided authority demonstrating that they would be "prevailing parties" under Cal. Civ. Proc. Code § 1032(a)(4) in the event they successfully defend against Simpson's appeal. Nor have Plaintiffs substantiated their position that the settlement administration expenses fall within the purview of "[f]ees of expert witnesses ordered by the court" under Cal. Civ. Proc. Code § 1033.5(a)(8).

The sole Florida statute Plaintiffs identify also does not provide grounds for including settlement administration expenses in Simpson's appeal bond. Fla. Stat. Ann. § 501.211(3) provides:

---

[5] *Swenson v. Bushman Inv. Properties, Ltd.*, No. 1:10-CV-00175-EJL, 2013 WL 6491105 (D. Idaho Dec. 9, 2013), and *Embry v. ACER Am. Corp.*, No. C 09-01808 JW, 2012 WL 2055030 (N.D. Cal. June 5, 2012), do not appear to address the issue of settlement administration expenses.

[6] The fact that the Court awarded discretionary costs to former lead plaintiff Tarla Makaeff in *Low* is irrelevant, given that Makaeff was a California resident and a member of a California subclass. Moreover, Makaeff was not an objector; rather, she prevailed in an anti-SLAPP suit authorized by California law.

8

> In any action brought under this section, upon motion of the party against whom such action is filed alleging that the action is frivolous, without legal or factual merit, or brought for the purpose of harassment, the court may, after hearing evidence as to the necessity therefor, require the party instituting the action to post a bond in the amount which the court finds reasonable to indemnify the defendant for any damages incurred, including reasonable attorney's fees.

Fla. Stat. Ann. § 501.211(3). Plaintiffs have not explained how this statute, which speaks in terms of parties defending against Florida Deceptive and Unfair Trade Practices Act lawsuits ("the party against whom such action is filed"), applies to the instant situation. Nor have Plaintiffs fleshed out how the phrase "any damages incurred" necessarily includes costs, or how it squares with the prohibition on including delay damages in an appeal bond. *C.f.* Schulken, 2013 WL 1345716, at *7 (observing that the court may not include delay expenses in an appeal bond if they are more accurately characterized as delay damages (citing *Fleury v. Richemont N. Am., Inc.*, No. C-05-4525 EMC, 2008 WL 4680033, at *8 (N.D. Cal. Oct. 21, 2008)).

Finally, Plaintiffs' citation to Local Rule 65.1.2 is unavailing. The rule specifies that a bond must be "authorized by law." CivLR 65.1.2(a). In the absence of an applicable fee-shifting statute, including settlement administration expenses in Simpson's appeal bond would not be authorized by law. *See Azizian*, 499 F.3d at 958; *In re Magsafe Apple Power Adapter Litig.*, 571 F. App'x at 563.

Plaintiffs have not identified a statute showing that the administrative costs of maintaining the Settlement may properly be included in Simpson's appeal bond. The Court accordingly **DENIES IN PART** Plaintiffs' motion for an appeal bond.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** Plaintiffs' motion for an appeal bond. Simpson is directed to post an appeal bond of $500 to cover taxable costs within seven (7) days of entry of this Order.

/ / / /

/ / / /

9

**IT IS SO ORDERED.**

Dated: June 19, 2017

Hon. Gonzalo P. Curiel
United States District Judge